KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
BRIAN L. FERRALL - # 160847
bferrall@kvn.com
DAVID J. SILBERT - # 173128
dsilbert@kvn.com
MICHAEL S. KWUN - # 198945
mkwun@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br>             Plaintiff, <br><br>     v. <br><br> ARISTA NETWORKS, INC., <br><br>             Defendant. | Case No. 3-14-CV-05344-BLF <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)** <br><br> Date:     July 2, 2015 <br> Time:    9:00 a.m. <br> Judge:   Honorable Beth Labson Freeman <br> Dept.:    Courtroom 3 <br><br> Date Filed: December 5, 2014 |

# NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on July 2, 2015 at 9:00 a.m., or on such other date to be set by the Court, at 280 South 1st Street, San Jose, California, in Courtroom 3, before the Honorable Beth Labson Freeman, Defendant Arista Networks, Inc. ("Arista") will, and hereby does, move this Court to dismiss Plaintiff Cisco Systems, Inc.'s ("Cisco") allegations of willful patent infringement and pre-suit indirect patent infringement in its Amended Complaint.

Arista brings this motion under Federal Rules of Civil Procedure 12(b)(6) on the ground that Cisco's Amended Complaint fails to state a claim upon which relief can be granted as to willful patent infringement and pre-suit indirect patent infringement.  This motion seeks entry of an order granting Arista's Motion to Dismiss and is based on the following Memorandum of Points and Authorities filed concurrently herewith, on all pleadings and papers on file or to be filed in the above-entitled action, arguments of counsel and any other matters that may properly come before the Court for its consideration.

Dated:  March 25, 2015                                  KEKER & VAN NEST LLP

                                               By:    /s/ *Robert A. Van Nest*
                                                      ROBERT A. VAN NEST

                                                      Attorneys for Defendant ARISTA
                                                      NETWORKS, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Arista Networks, Inc. ("Arista"), by and through its undersigned counsel, respectfully moves this Court to dismiss Plaintiff Cisco Systems, Inc.'s ("Cisco") allegations of willful patent infringement and pre-suit indirect patent infringement in its Amended Complaint.

### I.  SUMMARY OF ARGUMENT

Cisco's Amended Complaint does not properly state a claim for willful patent infringement. Post-filing knowledge of patents-in-suit is insufficient to give rise to a claim for willful infringement. Cisco's Amended Complaint fails to allege facts sufficient to support any inference that Arista knew of the patents-in-suit before Cisco filed the original Complaint in this action.

The Amended Complaint also does not properly state a claim for indirect patent infringement based on pre-suit conduct. An essential element of induced or contributory infringement is knowledge of the patents at issue. Cisco fails to plead that Arista had any knowledge of the patents-in-suit before it filed the original Complaint, and only alleges that Arista had knowledge of the patents once Cisco initiated this action.

Accordingly, Arista respectfully requests that Cisco's claims of willful infringement, and pre-suit induced (35 U.S.C. § 271(b)) and contributory (35 U.S.C. § 271(c)) infringement be dismissed.

### II.  FACTUAL BACKGROUND

Cisco filed the Complaint in this action against Arista on December 5, 2014, alleging direct infringement of Cisco's copyrighted works and of U.S. Patent Nos. 7,047,526 and 7,953,886 (collectively "patents-in-suit"). On February 13, 2014, Arista filed its Answer. On March 6, 2015, Cisco filed the Amended Complaint against Arista, adding claims of willful infringement, infringement by inducement, and contributory infringement.[1] *See, e.g.,* Amended

---

[1] Cisco should have filed a motion pursuant to Federal Rule of Procedure 15(d) requesting to add its willfulness and indirect infringement claims since they depend upon conduct occurring after the filing of the original Complaint. *See* Fed. R. Civ. Pro. 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.").

Compl. ¶¶ 67-80.  The Amended Complaint alleges that Arista learned of the patents-in-suit "at least as of December 5, 2014, when Cisco filed its original complaint in this matter."  *Id.* ¶¶ 70, 77.  Cisco fails to allege that Arista knew of the patents-in-suit at any time before this case was filed.

### III.  ARGUMENT

#### A.  Legal Standard for a Rule 12(b)(6) Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, if accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To satisfy this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).  Moreover, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679 (citing *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has failed to show that the pleader is entitled to relief and it should therefore be dismissed. *Id.* at 679.

#### B.  The Amended Complaint Fails to State a Claim for Willful Infringement

Cisco purports to state a claim for willful infringement against Arista. *See* Amended Compl., Prayer for Relief, ¶ 8.  "To willfully infringe a *patent*, the patent must exist and one must have knowledge of it." *State Industries, Inc. v. A.O. Smith Corp.*, 751 F.2d 1226. 1236 (Fed. Cir. 1985) (emphasis in original).  Generally, willfulness depends on an accused infringer's pre-litigation conduct. *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) (en banc).  Accordingly, courts in this district and elsewhere have dismissed willful infringement claims brought in amended complaints where the plaintiff fails to allege that the defendant had pre-suit knowledge of the patents at issue. *See, e.g., LML Holdings, Inc. v. Pac. Coast Distrib. Inc.,* No. 11-CV-06173 YGR, 2012 U.S. Dist. LEXIS 75843, *14-18 (N.D. Cal. May 30, 2012)

("Knowledge of the Patents at Issue from service of the initial complaint does not warrant imposition of enhanced damages for willful conduct based solely upon post-filing conduct."); *Avocet Sports Tech., Inc. v. Garmin Int'l., Inc.*, No. C 11-04049 JW, 2012 U.S. Dist. LEXIS 51650, *11-13 (N.D. Cal. Mar. 22, 2012) (dismissing a willful infringement claim where plaintiff failed to allege that defendant had knowledge of the patent at issue prior to the filing of the complaint); *McRO, Inc. v. Namco Bandai Games Am., Inc.*, 23 F. Supp. 3d 1113, 1123-25 (C.D. Cal. 2013) (same).

Here, Cisco's willful infringement allegations are insufficient because they do not plead any facts showing Arista's knowledge of the patents-in-suit prior to the service of the original Complaint. *See LML Holdings, Inc.*, 2012 U.S. Dist. LEXIS 75843, at *17 ("LML cannot cite a single case in which the fact that a suit was filed was grounds for a finding that an infringer's post-filing conduct alone of willfulness."). Cisco merely alleges that Arista had knowledge of the patents-in-suit "at least of December 5, 2014, *when Cisco filed its original complaint* in this matter." Amended Compl. ¶¶ 70, 77 (emphasis added). Accordingly, the Court should dismiss Cisco's willfulness claims and strike the prayer for enhanced damages based on that allegation.

### C. The Amended Complaint Fails to State a Claim for Pre-Suit Indirect Infringement

"Liability for induced or contributory infringement under [35 U.S.C.] § 271(b) or (c) requires 'knowledge that the induced acts constitute patent infringement.'" *SynQuo, Inc. v. Artesyn Tech., Inc.*, 709 F.3d 1365, 1379 (Fed. Cir. 2013) (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068 (2011) (hereinafter *Global-Tech*)). This includes, in part, actual "knowledge of the existence of the patent that is infringed." *Global-Tech*, 131 S. Ct. at 2068. Accordingly, a defendant cannot be held liable for pre-filing indirect infringement where it had no pre-filing knowledge of the patents-in-suit. *See id.; see also SynQor, Inc.,* 709 F.3d at 1379; *Grecia v. VUDU, Inc.*, No. C-14-1220-EMC, 2015 U.S. Dist. LEXIS 16256, *8-9 (N.D. Cal. Feb. 9, 2015) ("[T]here can be no inducement prior to knowledge of the patent. . . . Thus, [defendant's] post-complaint knowledge of the patent can at most support a claim for post-filing conduct.") (internal citations omitted)).

As set forth above, the Amended Complaint fails to allege that Arista was aware of the

patents-in-suit before the original Complaint was filed.  Instead, the Amended Complaint merely alleges that that Arista had "actual knowledge of the [patents-in-suit] at least of December 5, 2014, when Cisco filed its original complaint in this matter." Amended Compl. ¶¶ 70, 77. Cisco's only other allegation regarding knowledge is that "Arista has infringed, and continues to infringe, has contributed to and continues to contribute to acts of infringement, and/or has actively and knowingly induced and continues to actively and knowingly induce the infringement." *Id.* ¶¶ 69, 76.  This is conclusory and vague, and therefore insufficient. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Accordingly, the Amended Complaint does not state a plausible claim for indirect infringement before the original Complaint was filed, and the pre-suit induced and contributory infringement claims should therefore be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, Arista's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) should be granted.

Dated:  March 25, 2015                                         KEKER & VAN NEST LLP

By:   /s/ *Robert A. Van Nest*
ROBERT A. VAN NEST

Attorneys for Defendant ARISTA NETWORKS, INC.