KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
BRIAN L. FERRALL - # 160847
bferrall@kvn.com
DAVID J. SILBERT - # 173128
dsilbert@kvn.com
MICHAEL S. KWUN - # 198945
mkwun@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br>            Plaintiff, <br><br>     v. <br><br> ARISTA NETWORKS, INC., <br><br>            Defendant. | Case No. 5:14-CV-05344-BLF <br><br> **REPLY IN SUPPORT OF ARISTA NETWORKS, INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)** <br><br> Date:      July 2, 2015 <br> Time:     9:00 a.m. <br> Judge:    Honorable Beth Labson Freeman <br> Dept.:     Courtroom 3 <br><br> Date Filed: December 5, 2014 <br><br> Trial Date: Not set. |

REPLY IN SUPPORT OF ARISTA NETWORKS, INC.'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(B)(6)
Case No. 5:14-CV-05344-BLF

935724.01

## I. SUMMARY OF ARGUMENT

Cisco Systems, Inc.'s ("Cisco") opposition to Arista Networks, Inc.'s ("Arista") motion to dismiss attempts to distract the Court from the legally insufficient and impermissibly vague allegations of Cisco's Amended Complaint. That pleading alleges that Arista willfully infringed the patents-in-suit by selling EOS+, which Cisco further alleges is "a new version" of Arista's operating system, released five days after Cisco filed its original Complaint. *See* Am. Compl. (Dkt. 37) ¶ 58. As Arista explained in its opening papers, a long line of Northern District of California decisions have dismissed willful infringement claims brought in amended complaints where there is no allegation of pre-suit knowledge of the patents-in-suit—such as this case. Cisco strenuously argues that these cases cannot be applied here because EOS+ is a "new product" with "new infringing functionality." Cisco's contention must be rejected. To let a plaintiff add willfulness allegations on the basis of post-suit conduct whenever it can be alleged that there has been any change to the defendant's existing product would be to allow willfulness allegations in every patent suit. "Given the uncertainties that surround patent validity, and the challenges of predicting litigation outcomes generally, such a rule would not comport with reality." *Vasudevan Software, Inc. v. TIBCO Software Inc.*, No. 11-CV-06638 RS, 2012 WL 1831543, at *5 (N.D. Cal. May 18, 2012)

Arista also moved to dismiss Cisco's Amended Complaint to the extent it alleges pre-suit indirect infringement. The Amended Complaint alleged that Arista indirectly infringed Cisco's patents for an undefined time-period. *See* Am. Compl. ¶¶ 69, 76. In an attempt to clarify its pleading, Cisco now concedes that it is not alleging pre-suit indirect infringement. Cisco cannot, however, correct its impermissibly vague allegations through its opposition.

Consequently, Cisco's allegations of willful infringement, based only on post-suit conduct, must be dismissed, as must its allegations of pre-suit induced infringement.

## II. ARGUMENT

### A. Because Cisco's allegations are based entirely on post-suit conduct, the Amended Complaint fails to state a claim for willful infringement.

Cisco does not dispute that the willful patent infringement claims in its Amended

1

REPLY IN SUPPORT OF ARISTA NETWORKS, INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)
Case No. 5:14-CV-05344-BLF

935724.01

Complaint are based entirely on allegations about Arista's conduct *after* the initiation of this action. The Amended Complaint alleges that Arista had actual knowledge of the two patents-in-suit at least as of December 5, 2014, "when Cisco filed its original complaint in this matter." Am. Compl. ¶¶ 70, 77. As the sole basis for its willfulness claims, the Amended Complaint further alleges that "five days after Cisco filed its complaint and the day after the complaint was served on Arista, Arista released a new *version* of EOS, dubbed 'EOS+'" and that "EOS/EOS+ *retains* the infringing features and functionality of EOS." *Id.* ¶ 58 (emphases added). Cisco's Amended Complaint therefore alleges continuing infringement by Arista due to the introduction of a new version of an existing product in the days after this suit was initiated. As explained in Arista's opening papers, mere allegations of continued infringing conduct after the filing of a patent lawsuit are not enough to state a claim for willful infringement. Mot. to Dismiss at 3–4.

Recognizing—too late—that the factual allegations in its Amended Complaint are insufficient, Cisco's opposition brief tries to run from its own allegations. Unlike its pleading, in its opposition Cisco argues that "Arista's launch of EOS+ represents the public release of a new *product*" and that it includes "*new* infringing functionality," citing an Arista press release and other press coverage of the release of EOS+. *See* Opp'n at 4–7 (emphases added).[1] Those arguments are not part of Cisco's pleading however, and should be ignored at this stage. "In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (emphasis in original) (citation omitted). "Review is limited to the contents of the complaint, and exhibits attached thereto." *LML Holdings, Inc. v. Pac. Coast Distrib. Inc*., No. 11-CV-06173 YGR, 2012 WL 1965878, at *2 (N.D. Cal. May 30, 2012). The complaint plainly characterizes EOS+ as a new version of EOS that retains the infringing features of EOS, not a new product with new infringing functionality.

---

[1] Cisco also attempts to bolster its allegations of willful patent infringement by arguing that Arista's CEO has "admitt[ed] Arista's copyright infringement." Opp'n at 2. This argument is an inflammatory (and inaccurate) red herring. Arista's motion to dismiss concerns only Cisco's claims of willful and indirect *patent* infringement, not its copyright cause of action. Consequently, Cisco's recitation of facts regarding its copyright claims is irrelevant.

2
REPLY IN SUPPORT OF ARISTA NETWORKS, INC.'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(B)(6)
Case No. 5:14-CV-05344-BLF

935724.01

1    But even if the Court could properly consider all of the extraneous information in Cisco's opposition regarding EOS+,[2] and even if EOS+ were a new Arista product, Cisco's willful infringement claims would fail.  Those claims are still based exclusively on post-lawsuit conduct, which cannot be the sole basis for an allegation of willful infringement, as decisions in this District have repeatedly confirmed.  *See*, *e.g.*, *Radware, Ltd. v. A10 Networks, Inc.*, No. 13-CV-02021-RMW, 2013 WL 5373305, at *6 (N.D. Cal. Sept. 24, 2013) ("The court concludes that Radware 'should not be allowed to accrue enhanced damages based solely on [A10's] post-filing conduct.') (citing *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) (hereinafter *Seagate*); *EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*, No. 12-CV-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. Oct. 1, 2012) ("Unlike with indirect infringement, allegations of post-filing knowledge are generally insufficient to make out a case for willful infringement.") (citing *Seagate*); *LML Holdings*, 2012 WL 1965878, at *6 ("Knowledge of the Patents at Issue from service of the initial complaint does not warrant imposition of enhanced damages for willful conduct based solely upon post-filing conduct."); *but see OpenTV, Inc. v. Apple, Inc.*, No. 14-CV-01622-HSG, 2015 WL 1535328, at *7–8 (N.D. Cal. April 6, 2015); *Potter Voice Techs., LLC v. Apple Inc.*, 24 F. Supp. 3d 882, 887–88 (N.D. Cal. 2014).  These decisions squarely hold that once a lawsuit is filed and lawyers are involved, allegations of post-suit knowledge of the existence of the patents-in-suit are simply not enough to state a claim for willful infringement.

   Cisco does not cite a single case holding that a different rule applies where the defendant launches a new product after the filing of a lawsuit.  If Cisco were correct that it could amend to add willfulness allegations on the basis of a product launch, the rule applied in *Radware*, *LML*, and *EON* would be rendered meaningless.  Such an exception would swallow the rule, as it will always be possible for a plaintiff to argue that a new version of the accused product is a brand new product, and thus add willfulness allegations in an amended pleading.  As Judge Seeborg explained in a case involving allegations of post-filing willfulness:

---

[2] Arista notes that the press release and press reports attached as exhibits to Cisco's opposition papers actually contradict Cisco's bare contention that EOS+ is a "new product;" they describe EOS+ as "a new version of [Arista's] operating system."  *See* Quentin Hardy, *Arista's Chief Executive Counters Cisco Lawsuit*, The New York Times, Dec. 10, 2014.

3
REPLY IN SUPPORT OF ARISTA NETWORKS, INC.'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(B)(6)
Case No. 5:14-CV-05344-BLF

935724.01

> To permit [the plaintiff] to proceed in this fashion would invite claims of willfulness in ***every patent suit***, as a matter of course, and regardless of the facts. Given the uncertainties that surround patent validity, and the challenges of predicting litigation outcomes generally, such a rule would not comport with reality.

*Vasudevan Software*, 2012 WL 1831543, at *5 (emphasis added); *see also McRO, Inc. v. Namco Bandai Games Am., Inc.*, 23 F. Supp. 3d 1113, 1125 (C.D. Cal. 2013) ("It would eviscerate *Seagate* if a plaintiff could file an amended complaint alleging willfulness immediately after the original complaint was served.").

The three out-of-district decisions Cisco cites, from Delaware, Minnesota, and the Eastern District of Texas, fail to consider the impact of new product or version launches after the filing of an initial patent infringement complaint. Instead, they merely repudiate the rule already adopted in this District in *Radware*, *LML*, *EON*, and *Vasudevan* that post-filing conduct cannot be the sole basis for a willfulness allegation. *See Clouding IP, LLC v. Amazon.com, Inc.*, No. 12-CV-641-LPS, 2013 WL 2293452, at *4–5 (D. Del. May 24, 2013); *Birchwood Labs., Inc. v. Battenfeld Techs., Inc.,* No. 09-CV-3555 MJD/JJK, 2012 WL 2045757, at *23 (D. Minn. May 21, 2012); *Affinity Labs of Texas, LLC v. Alpine Elecs. of Am., Inc.*, No. 9:08-CV-171, 2009 WL 9091275, at *3–4 (E.D. Tex. Sept. 2, 2009). For that reason, Cisco's cited case law adds nothing useful here.

The reasoning in the case on which Cisco most heavily relies, *Clouding IP*, has also been criticized by a more recent decision from the District of Delaware. *Callwave Commc'ns LLC v. AT&T Mobility LLC*, No. 12-CV-1701-RGA, 2014 WL 5363741, at *1 (D. Del. Jan. 28, 2014). There, the court explained that, while it agreed that "there was not much difference conceptually between sending a letter pre-suit and the filing of a complaint to put an alleged infringer on notice," a pre-suit letter has the benefit of allowing the parties to resolve the conflict ***prior*** to litigation. *Id.* As the court further observed:

> There is a benefit to society if the matter is resolved without a suit. Once a suit is filed, however, ***the only thing a willfulness allegation in an amended complaint does is allow the Plaintiff to raise the stakes*** . . . . [I]t seems to me the better course is generally not to allow allegations of willfulness based solely on conduct post-dating the filing of the original complaint.

*Id.* (emphasis added); *see also McRO*, 23 F. Supp. 3d at 1124–25 (rejecting the reasoning of *Clouding IP* because "the Federal Circuit has spoken clearly about the availability of willfulness

4

REPLY IN SUPPORT OF ARISTA NETWORKS, INC.'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(B)(6)
Case No. 5:14-CV-05344-BLF

935724.01

1  in the absence of prelitigation knowledge of the asserted patents").

2  The rule laid out in *Radware*, *LML*, *EON*, and *Vasudevan* is straightforward: a plaintiff
3  cannot amend a complaint to state allegations of willful infringement based solely on post-suit
4  conduct.  The Court should follow that rule and reject Cisco's attempt to create an exception that
5  would invite plaintiffs to file amended complaints alleging willfulness in every patent case.

   **B.   Because Cisco concedes that it is not alleging pre-suit indirect infringement,
6       the Court should dismiss Cisco's pre-suit induced and contributory
7       infringement claims.**

8  Cisco concedes that it is not alleging pre-suit indirect infringement.  *See* Opp'n at 10
9  ("Cisco is not now alleging pre-suit indirect infringement by Arista . . . .").  Yet its Amended
10 Complaint is ambiguous as to the timing of Arista's alleged indirect infringement.  *See* Am.
11 Compl. ¶ 69 ("Arista has infringed, and continues to infringe, has contributed to and continues to
12 contribute to acts of infringement, and/or has actively and knowingly induced and continues to
13 actively and knowingly induce the infringement of one or more claims of the '526 patent . . . .");
14 ¶ 76 ("Arista has infringed, and continues to infringe, has contributed to and continues to
15 contribute to acts of infringement, and/or has actively and knowingly induced and continues to
16 actively and knowingly induce the infringement of one or more claims of the '886 patent . . . .").
17 Because "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a
18 motion to dismiss," *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984),
19 the Court should dismiss Cisco's pre-suit induced and contributory infringement claims.
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

5
REPLY IN SUPPORT OF ARISTA NETWORKS, INC.'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(B)(6)
Case No. 5:14-CV-05344-BLF

935724.01

### III. CONCLUSION

For the foregoing reasons, Arista's motion to dismiss Cisco's allegations of willful patent infringement and pre-suit indirect patent infringement with prejudice should be granted.

Respectfully submitted,

Dated:  April 15, 2015                                KEKER & VAN NEST LLP


By:  /s/ *Robert A. Van Nest*
ROBERT A. VAN NEST
BRIAN L. FERRALL
DAVID J. SILBERT
MICHAEL S. KWUN
Attorneys for Defendant ARISTA NETWORKS, INC.

6
REPLY IN SUPPORT OF ARISTA NETWORKS, INC.'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(B)(6)
Case No. 5:14-CV-05344-BLF

935724.01