1   Kathleen Sullivan (SBN 242261)
    kathleensullivan@quinnemanuel.com
2   QUINN EMANUEL URQUHART &
    SULLIVAN LLP
3   51 Madison Avenue, 22nd Floor
    New York, NY 10010
4   Telephone: (212) 849-7000
    Facsimile: (212) 849-7100
5
    Sean S. Pak (SBN 219032)
6   seanpak@quinnemanuel.com
    John M. Neukom (SBN 275887)
7   johnneukom@quinnemanuel.com.
    QUINN EMANUEL URQUHART &
8   SULLIVAN LLP
    50 California Street, 22nd Floor
9   San Francisco, CA 94111
    Telephone: (415) 875-6600
10  Facsimile: (415) 875-6700

11  Steven Cherny (admitted pro hac vice)
    steven.cherny@kirkland.com
12  KIRKLAND & ELLIS LLP
    601 Lexington Avenue
13  New York, New York 10022
    Telephone: (212) 446-4800
14  Facsimile: (212) 446-4900

15  [Additional counsel listed on signature page]

16  Attorneys for Plaintiff Cisco Systems, Inc.

                                        KEKER & VAN NEST LLP
                                        ROBERT A. VAN NEST - # 84065
                                        rvannest@kvn.com
                                        BRIAN L. FERRALL - # 160847
                                        bferrall@kvn.com
                                        DAVID J. SILBERT - # 173128
                                        dsilbert@kvn.com
                                        MICHAEL S. KWUN - # 198945
                                        mkwun@kvn.com
                                        633 Battery Street
                                        San Francisco, CA 94111-1809
                                        Telephone:    415 391 5400
                                        Facsimile:    415 397 7188

                                        *Attorneys for Defendant Arista Networks, Inc.*

17

18                          **UNITED STATES DISTRICT COURT**

19              **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

20

21  CISCO SYSTEMS, INC.,                CASE NO. 5:14-cv-5344-BLF

22          Plaintiff,                  **JOINT CASE MANAGEMENT
                                        STATEMENT**
23          vs.
                                        **DEMAND FOR JURY TRIAL**
24  ARISTA NETWORKS, INC.,

25          Defendant.

26

27

28

1   Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 16-9, the

2   Standing Order for All Judges of the Northern District of California, and the Standing Order for

3   Judge Beth Labson Freeman, Plaintiff Cisco Systems, Inc. ("Plaintiff" or "Cisco") and Defendant

4   Arista Networks, Inc. ("Defendant" or "Arista") jointly submit this Case Management Statement.

5   **1.    Jurisdiction and Service**

6   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  The

7   parties are not aware of any issues with respect to personal jurisdiction or venue.  All parties have

8   been served.

9   **2.    Background**

10  *Cisco's Statement*

11  Cisco's claims in this case concern Arista's deliberate misappropriation of Cisco's

12  intellectual property.  On December 5, 2014, Cisco filed its original complaint in this action,

13  alleging that Arista has infringed multiple copyrights ("Copyrights-in-Suit") and U.S. Patent Nos.

14  7,047,526 and 7,953,886 (collectively, "Patents-in-Suit").  (Dkt. 1.)  Cisco amended its complaint

15  on March 6, 2015 to add allegations relating to Arista's willful and indirect infringement of the

16  Patents-in-Suit.  (Dkt. 37.)

17  Cisco's copyright claims primarily concern the "command-line interface" ("CLI") of its

18  Internetwork Operating System ("IOS") software program.  (*Id.* at ¶ 25 (identifying specific

19  copyrighted versions of IOS and related operating systems)).  Cisco alleges that Arista's

20  Extensible Operating System ("EOS") has copied extensively from Cisco's copyrighted operating

21  system, including the verbatim copying of 500 multi-word command expressions—which Arista

22  admits in its Answer.  (*See id.* at ¶ 53; Dkt. 36 at ¶ 53.)  Cisco also alleges that Arista copied—

23  again verbatim—copyrighted documentation for the IOS CLI, including even grammatical errors

24  contained in Cisco's manuals.  (Dkt. 37 at ¶¶ 54-57.)  Cisco further alleges that Arista has willfully

25  and deliberately copied Cisco's CLI, including the Copyrights-in-Suit, so that it can mimic Cisco's

26  CLI and compete more effectively for Cisco's customers.  (*Id.* at ¶¶ 40-58.)

27  Cisco's patent allegations concern U.S. Patent Nos. 7,047,526 and 7,953,886 (collectively,

28  "Patents-in-Suit"), both of which are implemented with Cisco's CLI.  (*See id.* at ¶¶ 31-39.)  U.S.

1   Patent No. 7,047,526 claims methods, devices, and systems for using generic commands to access

2   commands in specific formats.  U.S. Patent No. 7,953,886 claims methods, devices, and systems

3   for translating input from outside a router into corresponding CLI commands.  Cisco alleges that

4   certain Arista products infringe the Patents-in-Suit.  (Dkt. 37 at ¶¶ 69, 76.)  Cisco further alleges

5   that Arista has willfully and deliberately copied Cisco's CLI, including the Patents-in-Suit, so that

6   it can mimic Cisco's CLI and compete more effectively for Cisco's customers.  (*Id.* at ¶¶ 40-58.)

7        Cisco took legal action against Arista when senior members of Arista's management team

8   boasted of their deliberate mimicry of Cisco's CLI.  For example, Arista's CEO, a former Cisco

9   executive named Jayshree Ullal, confirmed that Arista's CLI is similar to Cisco's CLI, explaining

10  that "[w]here we don't have to invent, we don't."  She explained that to "compete with Cisco

11  directly in the enterprise in a conventional way" would have taken "15 years and 15,000

12  engineers"—a cost which Arista avoided by copying Cisco's intellectual property.  And Arista's

13  CTO, another former Cisco employee named Kenneth Duda, has explained that the similarity

14  between Cisco's CLI and Arista's CLI has "been very helpful for our customers to be able to adopt

15  [Arista's] products," so much so that 80% of Arista's customers describe the similarity with Cisco's

16  CLI as an important aspect of Arista's product offerings.  Cisco will not let this calculated and

17  deliberate misappropriation of its intellectual property go unchallenged.

18       *Arista's Statement*

19       This action is not about protecting Cisco's intellectual property. Rather, it is an effort to

20  debilitate a company that is disrupting Cisco's long-standing dominant market position with better

21  technology.

22       More than ten years ago, Arista Networks began to develop an alternative to the Cisco

23  network routers and switches that had dominated (and continue to dominate) the market.  Arista's

24  products would be driven by a completely new operating system, developed from scratch, that

25  offered a fresh, open, programmable and modular architecture in contrast to the closed, proprietary

26  systems used by legacy vendors such as Cisco. Arista introduced its first product, a 10 Gigabit

27  Ethernet switch, with Arista's EOS, more than six years ago. Although EOS's architecture was

28  radically different than Cisco's, Arista openly advertised that its switches could be configured and

monitored using well-known "industry standard" CLI commands that were commonly used with Cisco routers. Since then, Arista has invested hundreds of millions of dollars and hundreds of thousands of employee hours in improving its products and growing its business, earning some of the most prestigious awards in the industry along the way. Until December 2014, when it filed this action, Cisco never suggested that it claimed copyright protection in the set of functional commands that most of the industry uses.  Arista contends that this is because there is no protectable expression in those commands.  If there were, Cisco would have raised an objection long ago—either to Arista or to the other companies who also use those commands.

### 3.    Legal Issues

Subject to and without waiving their respective positions and arguments, the parties assert that some of the disputed issues include, without limitation, the following:

- Whether Arista infringed the Copyrights-in-Suit;

- Whether Arista infringed the Patents-in-Suit, directly and/or indirectly;

- Whether Arista's infringement of the Copyrights-in-suit and/or Patents-in-Suit was willful;

- Appropriate damages for Arista's alleged infringement of the Copyrights-in-suit and/or Patents-in-Suit;

- Whether Arista should be enjoined from further infringement of the Copyrights-in-suit and/or Patents-in-Suit;

- Whether this case is exceptional under 35 U.S.C. § 285;

- Whether any of Cisco's CLI commands alleged to have been copied are copyrightable.

- Whether Cisco's complaint states a claim upon which relief can be granted;

- Whether any use Arista made of Cisco's Copyrights-in-Suit was a fair use;

- Whether any of Cisco's claims are barred by the equitable doctrines of laches (for the patent claims), acquiescence, estoppel, and/or waiver;

- Whether Cisco's requested relief is barred, in whole or in part, by Cisco's unclean hands;

- Whether Cisco's copyright claims are barred in whole or in part by Cisco's alleged misuse of the Copyrights-in-Suit;

- Whether any of the claims of the Patents-in-Suit are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112;

- Whether prosecution history estoppel precludes Cisco from asserting infringement of the Patents-in-Suit under the doctrine of equivalents; and

- Whether Cisco's copyright claims are barred in whole or in part by *scenes a faire*, the merger doctrine, and/or any other limits on the scope of protection for the works at issue.

### 4.    Motions

On March 25, 2015, Arista filed a motion to dismiss portions of Cisco's amended complaint.  (Dkt. 39.)  Cisco filed its opposition on April 8, 2015.  (Dkt. 41.)  Arista filed its reply on April 15, 2015.  (Dkt. 42.)  That motion is set to be heard on July 2, 2015 at 9:00 a.m.

No other motions are currently pending.

### 5.    Amendment of Pleadings

The parties do not presently anticipate further amending their pleadings, but reserve their rights to do so as the case develops.  A proposed date by which pleadings shall be amended is included in each party's scheduling Appendix.

### 6.    Evidence Preservation

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information.  On March 17, 2015, the parties met and conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure regarding reasonable and proportionate steps to preserve evidence related to the issues reasonably evident in this action.

### 7.    Disclosures

On March 31, 2015, the parties exchanged initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure.

### 8.    Discovery

#### 8.1    Scope of Discovery

The parties will require discovery regarding the legal and factual issues identified in Sections 1 and 2 above.  The parties do not believe that limitation of discovery to particular issues is warranted.

*Cisco's Statement*

Cisco believes that the issues relating to its copyright claim have been narrowed considerably by Arista's admissions in its Answer and in public statements that Arista uses Cisco's copyrighted IOS CLI commands and that it copied Cisco's copyrighted IOS documentation.  Given this narrowed scope, Cisco believes that the parties can complete discovery relating to Cisco's copyright claim in short order and prepare that claim for trial.

*Arista's Statement*

Having filed two district court cases and two cases in the International Trade Commission, asserting 14 different patents and 20 copyrighted works purporting to embody 500 CLI commands, and attacking most of Arista's product line, Cisco plainly would like nothing more than to overwhelm its much smaller opponent with a rush to trial.  But Cisco offers no explanation supporting its contention that its copyright claim has been "narrowed considerably."  In fact, Cisco has done nothing to narrow the key copyright issues in the case concerning ownership, novelty, merger, similarity (or not) of *protectable expression*, fair use, and other legal issues.  Meanwhile, the patent claims are also in their infancy.  Other than the tactical advantage Cisco hopes to get by overwhelming Arista with its multifront war, there is no rationale to deny Arista the time and opportunity to take full discovery to defend against these claims.

### 8.2    Discovery Taken to Date

Cisco served a set of written discovery requests, including requests for production, interrogatories, and requests for admission on March 26, 2015.  Arista served requests for production on March 27, 2015, and interrogatories on April 10, 2015.

*Cisco's Statement*

Discovery also has begun in the ITC investigations identified in Section 10 below.  Cisco anticipates that discovery in the ITC investigations will significantly overlap with discovery in this case.  The ITC investigations concern many of the same Arista products that are accused of infringement in this case.  Furthermore, many of the Cisco products that embody the Copyrights-in-Suit and Patents-in-Suit in this case similarly embody the patents at issue in the ITC investigations.  Cisco therefore proposes that the parties enter a cross-use agreement to facilitate

1   the efficient use of discovery material from the ITC investigations in this case and vice-versa.[1]

2   The duplicative production of documents and other information in this case and the ITC

3   investigations would be needlessly wasteful.

4          *Arista Statement*

5          To avoid negotiating with Arista to identify documents relevant to the parties' claims *in

6   this case*, Cisco proposes injecting all the discovery from two separate ITC investigations,

7   asserting 12 different patents, into this district court case.  In fact, a blanket cross-use agreement

8   would force Arista to expend significant time and effort sorting through a large volume of

9   irrelevant documents to identify the limited number relevant to this action.  Further, Cisco has

10  provided no basis for its claim that discovery in the ITC investigations will overlap with discovery

11  in this case, as it has not yet even identified which copyrighted works it is asserting in this action.

12          8.3      Proposed Limitations or Modification of the Discovery Rules

13          The parties do not believe any changes should be made in the timing, form, or requirement

14  for disclosures under Rule 26(a) of the Federal Rules of Civil Procedure, which disclosures have

15  been served.

16          The parties do not propose any other changes in the limitations on discovery imposed by

17  the Federal Rules of Civil Procedure or the Local Rules for this Court.

18          8.4      Stipulated ESI Discovery Order

19          The parties are negotiating a stipulation addressing the disclosure of each party's

20  electronically stored information and the format in which it should be produced.

21          8.5      Privileged Information

22          The parties agree that, pursuant to Fed. R. Evid. 502(d), the production of a privileged or

23  work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege

24  or protection from discovery in this case or in any other federal or state proceeding.  For example,

---

26          [1]  Because Arista thus far has been unwilling to agree to cross-use of documents produced in
27  the ITC cases in this case, Cisco also served a request for production seeking the documents Arista
    produced at the ITC.  Arista has not produced documents responsive to this request.

28

1    the mere production of a privileged or work-product-protection document in which case as part of

2    a mass production is not itself a waiver in this case or in any other federal or state proceeding.

3         The parties have agreed to enter into a protective order pursuant to Fed. R. Civ. P. 26(b)(5)

4    and reserve rights to assert privilege under that rule.

5         **9.**    **Class Actions**

6         This case is not a class action.

7         **10.**    **Related Cases**

8         Cisco and Arista are engaged in three other proceedings relating to allegations that Arista

9    is infringing Cisco's intellectual property:  *In re Certain Network Devices, Related Software and*

10   *Components Thereof (I)* (U.S.I.T.C. Inv. No. 337-TA-944), *In re Certain Network Devices,*

11   *Related Software and Components Thereof (II)* (U.S.I.T.C. Inv. No. 337-TA-945), and *Cisco*

12   *Systems, Inc. v. Arista Networks, Inc.* (N.D. Cal. Case No. 3:14-cv-5343).  Those cases involve

13   allegations that Arista is infringing twelve Cisco patents other than the Patents-in-Suit.  Case No.

14   3:14-cv-5343 has been stayed pending resolution of the ITC investigations.

15        **11.**    **Relief**

16        Cisco seeks the following relief:

17          •   A declaration that Arista has infringed the Copyrights-in-Suit;

18          •   A declaration that Arista has infringed the Patents-in-Suit;

19
20          •   An injunction forbidding Arista and those acting with Arista from infringing the Copyrights-in-Suit;

21
22          •   An injunction forbidding Arista and those acting with Arista from infringing the Patents-in-Suit;

23
24          •   Damages for Arista's infringement of the Copyrights-in-Suit, together with costs and interest, including Cisco's lost profits, Arista's profits, and/or statutory damages enhanced due to Arista's willful infringement;

25
26          •   Damages for Arista's infringement of the Patents-in-Suit, together with costs and interest, including at least a reasonable royalty for the use of Cisco's Patents-in-Suit made by Arista and/or Cisco's lost profits and treble damages for Arista's willful infringement;

27
28          •   An award of Cisco's reasonable attorneys' fees, expenses and costs under 17 U.S.C. § 505;

- A declaration that this case is 'exceptional' under 35 U.S.C. § 285, and an award of Cisco's reasonable attorneys' fees, expenses and costs; and

- Such other relief as the Court shall deem appropriate.

Arista seeks the following relief:

- An order entering judgment in Arista's favor and against Cisco on all causes of action alleged in Cisco's Amended Complaint;

- Arista's reasonable attorneys' fees and costs incurred in connection with this action; and

- For such other relief as the Court deems just.

### 12.    Settlement and ADR

The parties met and conferred regarding an ADR plan for the case on March 17, 2015. The parties have stipulated to participating in private mediation using a mutually acceptable provider to be negotiated.  The parties believe that ADR is most likely to be productive following (1) completion of claim construction and (2) production of financial information by Arista, and therefore the parties jointly request that no ADR deadline be set before those events occur.

### 13.    Consent to Magistrate Judge for All Purposes

The parties have not consented to a Magistrate Judge for all purposes.

### 14.    Other References

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15.    Narrowing of Issues

*Cisco's Statement*

Cisco requests that the trial in this action be bifurcated, such that Cisco's copyright claim would be tried before Cisco's patent claims.  Arista has admitted, in its Answer and in public statements by its senior executives, that Arista used Cisco's copyrighted IOS CLI command expressions and product documentation in Arista's products.  It is not disputed that Arista did so without obtaining a license from Cisco.  As a result, the issues in dispute with respect to Cisco's copyright claim are quite narrow.  Trial on Cisco's copyright claim may therefore proceed expeditiously.  Trying Cisco's copyright claim separately from its patent claims would also

1    promote clarity, as the jury will not be required to distinguish between Cisco's copyright and

2    patent claims.  Cisco's proposed case schedule, included in Appendix A, reflects this bifurcated

3    proceeding.  Arista's proposed case schedule, on the other hand, reflects Arista's intent to drag this

4    case out as long as possible, so that it may continue infringing Cisco's intellectual property in the

5    interim.

6        *Arista's Statement*

7        Arista disagrees with Cisco's suggestion that the Court bifurcate this case.  First, if Cisco

8    believed its patent and copyright claims were so distinct, it was free to bring them in separate

9    suits.  In fact, simultaneous to filing this suit Cisco filed a suit alleging infringement of twelve

10   other patents, to which it could have easily added the two patents at issue here.  Instead it

11   combined the patent and copyright claims, likely in an effort to forum shop the applicable court of

12   appeal:  by attaching patent claims, Cisco has selected the Federal Circuit as the appeals court for

13   this case, even though its copyright claims are governed by Ninth Circuit substantive law.  Having

14   made those tactical choices, Cisco should not now be able to force the Court into a burdensome

15   trial procedure that contradicts those choices.

16       Furthermore, Cisco's copyright claim will not be anywhere near ready for trial in January

17   2016, as Cisco suggests.  Arista does not admit that it used Cisco's allegedly copyrighted CLI

18   commands, and does not agree that the issues in this dispute are narrow.  Cisco has attached over

19   20 copyrights to its complaint, all of which concern proprietary source code that has never been

20   produced, and all of unknown length but likely to be millions of lines of code each.  It is not

21   known to Arista how, or if, the 500 asserted CLI commands appear in those copyrighted works.

22   Therefore the case raises an extremely complex set of allegations, all of which must be assessed

23   against the defenses of no copyrightability, merger, *scenes a faire* among others.  Moreover, there

24   are important equitable defenses since, until last December, Cisco never even suggested that it

25   claimed copyright protection in the set of functional commands that most of the industry used.

26   Cisco itself has referred to these commands as the "industry standard", and several other

27   companies use many of the same CLI commands.

28

1    Accordingly, Cisco's proposed bifurcation and accelerated trial schedule is impractical,

2  unjustified, and unfair.  It will complicate the Court's docket and prejudice Arista's defense.

3  Arista's proposed case scheduled, which tracks the Local Rules and this Court's standard

4  scheduling procedures and thus hardly reflects an attempt to "drag out" this case, is included in

5  Appendix B.

6    **16.    Expedited Trial Procedure**

7    The parties are not amenable to the Expedited Trial Procedure of General Order No. 64

8  Attachment A.

9    **17.    Scheduling**

10    The parties' respective scheduling proposals are attached hereto as Appendix A and

11  Appendix B.

12    **18.    Trial**

13    This case will be tried to a jury.  The parties expect the trial to last two to three weeks.

14    **19.    Disclosure of Non-Party Interested Entities or Persons**

15    Both parties have filed the Certification of Interested Entities or Persons required by Civil

16  Local Rule 3-15.

17    Cisco restates that Cisco has no parent corporation, and no publicly held corporation owns

18  10% or more of Cisco's stock.  Cisco further states that as of this date, other than the named

19  parties and their shareholders, there are no persons or entities known to have either a financial

20  interest in the subject matter in controversy or in a party to the proceeding, or any other kind of

21  interest that could be substantially affected by the outcome of this proceeding.

22    Arista restates that Arista has no parent corporation, and no publicly held corporation owns

23  10% or more of Arista's stock.  Arista further states that as of this date, other than the named

24  parties and their shareholders, there are no persons or entities known to have either a financial

25  interest in the subject matter in controversy or in a party to the proceeding, or any other kind of

26  interest that could be substantially affected by the outcome of this proceeding.

27

28

20. **Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. **Patent Local Rule 2-1 Topics**

21.1    Modification of Disclosure Obligations

The parties' proposed schedules for disclosures required by the Patent Local Rules are set forth in Appendix A and Appendix B respectively.

21.2    Claim Construction Discovery

The parties' proposed schedules for claim construction disclosures and discovery are set forth in Appendix A and Appendix B, respectively.  If either party offers a declaration from an expert witness in support of its claim construction briefing, the other party shall be permitted to depose that expert within fourteen (14) days of being served with that declaration, notwithstanding any limitations on other claim construction discovery.

21.3    Claim Construction Hearing

The parties do not presently believe that live testimony will be necessary at the claim construction hearing.  Nevertheless, the parties reserve the right to offer such testimony in the event that it becomes necessary.  The parties expect that the claim construction hearing can be concluded within a half-day.

21.4    Technology Tutorial

The parties suggest that they each provide a tutorial on the technology at issue in this case approximately one week prior to the claim construction hearing.

1   DATED:  May 7, 2015                          Respectfully submitted,

2

3                                                /s/ Sean S. Pak

4                                                Kathleen Sullivan (SBN 242261)
                                                 kathleensullivan@quinnemanuel.com
5                                                QUINN EMANUEL URQUHART &
                                                 SULLIVAN LLP
6                                                51 Madison Avenue, 22nd Floor
                                                 New York, NY 10010
7                                                Telephone: (212) 849-7000
                                                 Facsimile: (212) 849-7100
8
                                                 Sean S. Pak (SBN 219032)
9                                                seanpak@quinnemanuel.com
                                                 John M. Neukom (SBN 275887)
10                                               johnneukom@quinnemanuel.com.
                                                 Matthew D. Cannon (SBN 252666)
11                                               matthewcannon@quinnemanuel.com
                                                 QUINN EMANUEL URQUHART &
12                                               SULLIVAN LLP
                                                 50 California Street, 22nd Floor
13                                               San Francisco, CA 94111
                                                 Telephone: (415) 875-6600
14                                               Facsimile: (415) 875-6700

15                                               Mark Tung (SBN 245782)
                                                 marktung@quinnemanuel.com
16                                               QUINN EMANUEL URQUHART &
                                                 SULLIVAN LLP
17                                               555 Twin Dolphin Drive, 5th Floor
                                                 Redwood Shores, CA 94065
18                                               Telephone: (650) 801-5000
                                                 Facsimile: (650) 801-5100
19
                                                 Steven Cherny (admission pro hac vice
20                                               pending)
                                                 steven.cherny@kirkland.com
21                                               KIRKLAND & ELLIS LLP
                                                 601 Lexington Avenue
22                                               New York, New York 10022
                                                 Telephone: (212) 446-4800
23                                               Facsimile: (212) 446-4900

24                                               Adam R. Alper (SBN 196834)
                                                 adam.alper@kirkland.com
25                                               KIRKLAND & ELLIS LLP
                                                 555 California Street
26                                               San Francisco, California  94104
                                                 Telephone: (415) 439-1400
27                                               Facsimile: (415) 439-1500

28                                               Michael W. De Vries (SBN 211001)

                                     -12-                    Case No. 5:14-cv-5344-BLF

1    michael.devries@kirkland.com
     KIRKLAND & ELLIS LLP
2    333 South Hope Street
     Los Angeles, California 90071
3    Telephone: (213) 680-8400
     Facsimile: (213) 680-8500
4
     *Attorneys for Plaintiff Cisco Systems, Inc.*
5
6    DATED:  May 7, 2015                    Respectfully submitted,
7
                                            */s/ Robert A. Van Nest*
8
                                            KEKER & VAN NEST LLP
9                                           ROBERT A. VAN NEST - # 84065
                                            rvannest@kvn.com
10                                          BRIAN L. FERRALL - # 160847
                                            bferrall@kvn.com
11                                          DAVID J. SILBERT - # 173128
                                            dsilbert@kvn.com
12                                          MICHAEL S. KWUN - # 198945
                                            mkwun@kvn.com
13                                          633 Battery Street
                                            San Francisco, CA 94111-1809
14                                          Telephone:    415 391 5400
                                            Facsimile:    415 397 7188
15                                          *Attorneys for Defendant Arista Networks, Inc.*

16                          **ATTORNEY ATTESTATION**

17        I hereby attest, pursuant to Local Rule 5-1(i)(3), that the concurrence in the filing of this

18   document has been obtained from the signatory indicated by the "conformed" signature (/s/) of

19   Robert A. Van Nest within this e-filed document.

20

21                              */s/ Sean S. Pak*

22

23

24

25

26

27

28

**Appendix A – Cisco's Proposed Schedule**

| Event | Cisco's Proposed Date |
|---|---|
| Last day to serve Disclosure of Asserted Claims and Infringement Contentions and produce documents (Patent L.R. 3-1, 3-2) | May 28, 2015 |
| Last day to serve Invalidity Contentions and produce documents (Patent L.R. 3-3, 3- 4) | July 13, 2015 |
| Fact discovery cut-off – copyright | July 17, 2015 |
| Last day for parties to exchange proposed terms for construction (Patent L.R. 4-1) | July 27, 2015 |
| Last day to file and serve motion to amend pleadings | July 24, 2015 |
| Last day to disclose experts and exchange opening expert reports - copyright | July 31, 2015 |
| Last day to exchange rebuttal expert reports - copyright | August 14, 2015 |
| Last day for parties to exchange preliminary claim constructions and extrinsic evidence (Patent L.R. 4-2) | August 17, 2015 |
| Expert discovery cut-off - copyright | August 28, 2015 |
| Last day to file dispositive motions - copyright | September 10, 2015 |
| Last day for parties to file Joint Claim Construction and Prehearing Statement (Patent L.R. 4-3) | September 11, 2015 |
| Last day to complete claim construction discovery (Patent L.R. 4-4) | October 12, 2015 |
| Hearing on dispositive motions - copyright | October 15, 2015 |
| Last day for Cisco to file opening claim construction brief (Patent L.R. 4-5) | October 26, 2015 |
| Last day for Arista to file responsive claim construction brief (Patent L.R. 4-5) | November 9, 2015 |
| Last day for Cisco to file reply claim construction brief (Patent L.R. 4-5) | November 16, 2015 |
| Technical tutorial | November 23, 2015 |
| Claim construction hearing (Patent L.R. 4-6) | November 30, 2015 |

| Event | Cisco's Proposed Date |
|---|---|
| Last day to meet and confer before the final Pretrial Conference – copyright (Standing Order re Final Pretrial Conference – Jury Trial Sec. A) | December 31, 2015 |
| Joint Pretrial Statement and Order Due – copyright (Standing Order re Final Pretrial Conference – Jury Trial Sec. B) | January 7, 2016 |
| Motions *in Limine* Due – copyright (Standing Order re Final Pretrial Conference – Jury Trial Sec. B.4) | January 7, 2016 |
| Oppositions to Motions *in Limine* Due – copyright (Standing Order re Final Pretrial Conference – Jury Trial Sec. B.4) | January 14, 2016 |
| Jury Materials Due – copyright (Standing Order re Final Pretrial Conference – Jury Trial Sec. B.5) | January 14, 2016 |
| Trial Briefs Due – copyright (Standing Order re Final Pretrial Conference – Jury Trial Sec. B.5) | January 18, 2016 |
| Last day to disclose advice of counsel (Patent L.R. 3-7) | *50 days after claim construction order* |
| Pre-trial conference – copyright | January 21, 2016, 2:30 p.m. |
| Jury Trial – copyright | January 25, 2016 |
| Fact discovery cut-off – patent | February 5, 2016 |
| Last day to disclose experts and exchange opening expert reports – patent | February 19, 2016 |
| Last day to exchange rebuttal expert reports – patent | March 18, 2016 |
| Expert discovery cut-off – patent | April 8, 2016 |
| Last day to file dispositive motions – patent | April 21, 2016 |
| Hearing on  dispositive motions – patent | May 26, 2016 |
| Last day to meet and confer before the final Pretrial Conference – patent (Standing Order re Final Pretrial Conference – Jury Trial Sec. A) | August 4, 2016 |
| Joint Pretrial Statement and Order Due – patent (Standing Order re Final Pretrial Conference – Jury Trial Sec. B) | August 11, 2016 |

| Event | Cisco's Proposed Date |
|---|---|
| Motions *in Limine* Due – patent (Standing Order re Final Pretrial Conference – Jury Trial Sec. B.4) | August 11, 2016 |
| Oppositions to Motions *in Limine* Due – patent (Standing Order re Final Pretrial Conference – Jury Trial Sec. B.4) | August 18, 2016 |
| Jury Materials Due – patent (Standing Order re Final Pretrial Conference – Jury Trial Sec. B.5) | August 18, 2016 |
| Trial Briefs Due – patent (Standing Order re Final Pretrial Conference – Jury Trial Sec. B.5) | August 22, 2016 |
| Pre-trial conference – patent | August 25, 2016, 2:30 p.m. |
| Jury Trial  – patent | August 29, 2016 |

1

**Appendix B – Arista's Proposed Schedule**

2

| Event | Arista's Proposed Date |
|---|---|
| Initial Case Management Conference | May 14, 2015 |
| Infringement Contentions Under Patent L. R. 3-1 | May 28, 2015—14 days after Initial CMC Conference Under Patent L.R. 3-1. |
| Invalidity Contentions Under Patent L. R. 3-3 | July 13, 2015—45 days after service of the Infringement Contentions Under Patent L.R. 3-3. |
| Exchange Proposed Claims Terms Under Patent L. R. 4-1 | July 27, 2015—14 days after service of the Invalidity Contentions Under Patent L.R. 4-1. |
| Exchange Preliminary Claim Constructions and Extrinsic Evidence Under Patent L. R. 4-2 | August 17, 2015—21 days after exchange of Proposed Claim Terms Under Patent L.R. 4-2. |
| Deadline to file Amended Pleadings without leave of Court | September 7, 2015 |
| Joint Claim Construction and Prehearing Statement Under Patent L. R. 4-3 | September 11, 2015—60 days after service of the Invalidity Contentions Under Patent L.R. 4-3. |
| End of Claim Construction Discovery Under Patent L. R. 4-4 | October 12, 2015—30 days after service and filing of the Joint Claim Construction and Prehearing Statement Under Patent L.R. 4-4. |

| Event | Arista's Proposed Date |
|---|---|
| Opening Claim Construction Brief | October 26, 2015—45 days after serving and filing the Joint Claim Construction and Prehearing Statement Under Patent L.R. 4-5(a). |
| Responsive Claim Construction Brief | November 9, 2015—14 days after service of the Opening Claim Construction Brief Under Patent L.R. 4-5(b). |
| Reply Claim Construction Brief | November 16, 2015—7 days after service of the Responsive Claim Construction Brief Under Patent L.R. 4-5(c). |
| Tutorial/Claim Construction Hearing | November 30, 2015, subject to the convenience of the Court's calendar—two weeks after submission of the Reply Claim Construction Brief Under Patent L.R. 4-6. |
| Deadline to Service Advice of Counsel Information Under Patent L.R. 3-7 | 50 days after Claim Construction Ruling. |
| Close of Fact Discovery | The later of April 25, 2016, or 16 weeks after Claim Construction Ruling. |
| Expert Reports Due | The later of May 23, 2016, or 20 weeks after Claim Construction Ruling. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Event | Arista's Proposed Date |
|---|---|
| Expert Rebuttal Reports Due | The later of June 20, 2016, or 24 weeks after Claim Construction Ruling. |
| Close of Expert Discovery | The later of July 11, 2016, or 27 weeks after Claim Construction Ruling. |
| Deadline for Dispositive Motions | The later of August 1, 2016, or 30 weeks after Claim Construction Ruling. |
| Opposition Briefs Due | The later of August 29, 2016, or 34 weeks after Claim Construction Ruling. |
| Reply Briefs Due | The later of September 19, 2016, or 37 weeks after Claim Construction Ruling. |
| Hearing on Dispositive Motions | The later of October 10, 2016, or 40 weeks after Claim Construction Ruling. |
| Last day to meet and confer before the final Pretrial Conference (Standing Order re Final Pretrial Conference – Jury Trial Sec. A) | November 7, 2016 |
| Joint Pretrial Statement and Order Due (Standing Order re Final Pretrial Conference – Jury Trial Sec. B) | November 14, 2016 |
| Motions *in Limine* Due (Standing Order re Final Pretrial Conference – Jury Trial Sec. B.4) | November 21, 2016 |
| Oppositions to Motions *in Limine* Due (Standing Order re Final Pretrial Conference – Jury Trial Sec. B.4) | December 12, 2016 |

| Event | Arista's Proposed Date |
|---|---|
| Jury Materials Due (Standing Order re Final Pretrial Conference – Jury Trial Sec. B.5) | December 12, 2016 |
| Trial Briefs Due (Standing Order re Final Pretrial Conference – Jury Trial Sec. B.5) | December 19, 2016 |
| Pre-trial conference | January 9, 2017, or at the Court's convenience. |
| Jury Trial | January 23, 2017 |