UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS INC,<br><br>Plaintiff,<br><br>v.<br><br>ARISTA NETWORKS, INC.,<br><br>Defendant. | Case No. 14-cv-05344-BLF<br><br>**ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS, WITH LEAVE TO AMEND**<br><br>[Re: ECF 39] |

In this copyright and patent infringement suit, Defendant moves to dismiss two portions of Plaintiff's First Amended Complaint ("FAC"): (1) allegations of pre-suit indirect patent infringement, and (2) allegations of post-Complaint willful patent infringement. The parties appeared for oral argument on the motion on July 2, 2015. For the reasons stated on the record and further articulated below, the Court GRANTS Defendant's partial motion to dismiss, with leave to amend.

As to allegations of pre-suit indirect patent infringement, Plaintiff concedes in its opposition that it is not seeking damages for pre-suit indirect infringement, only post-Complaint indirect infringement. *See* Opp. at 10 ("Cisco's indirect infringement allegations are presently limited to infringement occurring after Arista received notice of Cisco's patents by virtue of the original complaint in this case."). As such, the Court GRANTS Defendant's motion on this ground. The Court gives Plaintiff leave to amend to clarify that the damages it seeks for indirect infringement are based only on conduct occurring after the initial Complaint in this action was filed. *See, e.g.*, *In re Bill of Lading Transmission Processing Sys. Patent Litig.*, 681 F.3d 1323, 1345 (Fed. Cir. 2012).

Plaintiff's FAC also alleges post-suit willful patent infringement. The original Complaint in this action was filed on December 5, 2014, and was served on Defendant on December 9, 2014.

1    Plaintiff's original Complaint alleged that Arista's Extensible Operating System ("EOS")
2    infringed upon two Cisco patents, the '526 Patent and the '886 Patent. *See* Compl., ECF 1 at ¶¶
3    66-75. In the FAC, Plaintiff adds an allegation that on December 10, 2014, "Arista released a new
4    version of EOS, dubbed "EOS+." EOS/EOS+ retains the infringing features and functionality of
5    EOS," which Plaintiff contends give rise to a claim for willful infringement. *See* FAC, ECF 37 ¶
6    58.
7          Plaintiff argues in its briefing that the factual pleadings in the FAC, including its
8    incorporation by reference of statements made by Arista in a press release touting EOS+ in
9    footnote 12 of paragraph 58, make out a claim for willful infringement because they show
10   plausibly that Arista brought a new product to market despite having been put on notice of its
11   infringing conduct by virtue of the filing and service of the original Complaint. *See* Opp. at 10
12   ("Arista willingly chose to launch publicly what it described as a major new product offering after
13   receiving notice of Cisco's patent infringement claims from the filing of Cisco's original
14   complaint."). Defendant argues in response that Plaintiff has not pled the existence of a new
15   product, but instead infringement based on a new version of *an existing product*, and that the
16   Federal Circuit's ruling in *In re Seagate Technology, LLC*, 497 F.3d 1360 (Fed. Cir. 2007) and
17   cases in this district interpreting *Seagate* preclude a willful infringement claim based upon such
18   continuing conduct. *See, e.g.*, *LML Holdings, Inc. v. Pac. Coast Distrib. Inc.*, 2012 WL 1965878,
19   at *5 (N.D. Cal. May 30, 2012) ("Circumstances where an infringer's post-filing conduct was
20   found to be willful involved some *material change* that could create an objectively high likelihood
21   of infringing a valid patent . . . . Otherwise, the accused infringer must have pre-filing knowledge
22   of the patents at issue before the patentee can accrue enhanced damages based on post-filing
23   willful conduct.") (emphasis added).
24         The fact pattern in this action – the filing of a Complaint alleging infringement, and
25   thereafter the filing of an FAC alleging willfulness due to Defendant's release of a new infringing
26   product – is something more than what was at issue in *Seagate* and its progeny. Relying on this,
27   Plaintiff at oral argument encouraged the Court to adopt a three-prong "bright line" test to
28   determine when a party could seek damages for willful infringement when there is conduct that

2

goes beyond continuing to sell existing accused products while defending the suit. Plaintiff suggests the following elements: (1) that defendant engaged in conduct "in the world," and not just merely defensive litigation conduct, (2) that the defendant brought a "new product" to market, and (3) that the plaintiff could have filed a separate complaint asserting damages based on this new conduct. *See, e.g.*, Hearing Tr. at 11-15.[1]

The Court defers consideration of Plaintiff's proffered test because it is not necessary to adjudicate this motion. The Court finds that Plaintiff has failed to allege sufficient facts to meet its own "bright line" test and the complaint lacks sufficient factual allegations to distinguish this case from the holdings in *Seagate,* 497 F.3d 1360, *LML Holdings*, 2012 WL 1965878, and *Vasudevan Software v. TIBCO Software, Inc.*, 2012 WL 1831543 (N.D. Cal. May 18, 2012). Moreover, the Court shares Defendant's expressed concern that such an exception would swallow the rule set forth in *Seagate*. Especially in regard to software products where updates and revisions are commonplace and frequent in a rapidly evolving market, one could expect that during the course of litigation most software products would have to be revised or die. An exception allowing excessive damages for post-complaint conduct might have the same effect sought to be avoided under *Seagate*. Upon amended pleadings, the Court would be willing to revisit this issue. At this stage, however, allegations summarizing Arista's puffery in sales and marketing materials is not enough. Plaintiff must therefore plead that a defendant's conduct did more than continue selling the alleged infringing product.

The Court therefore GRANTS Defendant's partial motion to dismiss. Any second amended complaint must be filed **no later than July 23, 2015**.

**IT IS SO ORDERED.**

Dated: July 9, 2015

BETH LABSON FREEMAN
United States District Judge

---

[1] The Court observes that consideration of the new "bright line" test applied to software products is made difficult by the seeming blurry line that separates a "new" product from a new "version" of an old product, or just an update to address "bugs" in the current version of the accused product. It is not, after all, a situation where Arista launched an entirely new item, such as a toaster that contains the same allegedly infringing features as the accused product identified in the complaint.