KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
BRIAN L. FERRALL - # 160847
bferrall@kvn.com
DAVID SILBERT - # 173128
dsilbert@kvn.com
MICHAEL S. KWUN - # 198945
mkwun@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., | Case No. 5:14-cv-05344-BLF (PSG) |
| Plaintiff, | **ARISTA NETWORKS, INC.'S RESPONSE TO CISCO SYSTEMS, INC.'S SECOND AMENDED COMPLAINT** |
| v. | |
| ARISTA NETWORKS, INC., | Judge:    Hon. Beth Labson Freeman |
| Defendant. | Date Filed: December 5, 2014 |
| | Trial Date: August 1, 2016 |

Defendant Arista Networks, Inc. ("Arista") hereby responds to the Second Amended Complaint filed by Plaintiff Cisco Systems, Inc. ("Cisco") as follows:

More than ten years ago, Arista Networks began to develop an alternative to the Cisco Systems network routers and switches that had dominated (and continue to dominate) the market. Arista's products would be driven by a completely new operating system, developed from scratch, that offered a fresh, open, programmable and modular architecture in contrast to the closed, proprietary systems used by legacy vendors such as Cisco. Arista introduced its first product, a 10 Gigabit Ethernet switch, with Arista's Extensible Operating System ("EOS"), more than six years ago. Although EOS's architecture was radically different than Cisco's, Arista openly advertised that its switches could be configured and monitored using well-known "industry standard" command-line interface ("CLI") commands that were commonly used with Cisco routers. Since then, Arista has invested hundreds of millions of dollars and hundreds of thousands of employee hours in improving its products and growing its business, earning some of the most prestigious awards in the industry along the way. Until December 2014, Cisco never suggested that it claimed copyright protection in the set of functional commands that most of the industry uses.

This litigation is not about protecting copyrightable expression in commonly used CLI commands. There is no such protectable expression, and if there were Cisco would have raised an objection long ago—either to Arista or to the other companies who also use those commands. Rather, this litigation is an effort to debilitate a company that is disrupting Cisco's long-standing dominant position in this market with better technology. Instead of competing with Arista in the market, Cisco hopes to damage it with costly, but baseless, litigation.

## **INTRODUCTION**

1. Arista is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore denies them.

2. Arista admits that certain of its employees and members of its Board of Directors were at one time employed by Cisco. Arista denies any remaining allegations of paragraph 2.

3. Arista admits that it sells networking products. Arista denies any remaining allegations of paragraph 3.

4. Arista admits that a March 20, 2014 article in *Fortune* attributes the following quote to Jayshree Ullal: "Since I helped build the enterprise, I would never compete with Cisco directly in the enterprise in a conventional way. It makes no sense. It would take me 15 years and 15,000 engineers, and that's not a recipe for success." Arista denies that the quote included the bracketed language or placed emphasis on any words, as appears in Cisco's Second Amended Complaint. Arista also denies that Cisco is using the quote in context or that the implication is the one that Cisco intends to draw from it. Arista denies any remaining allegations of paragraph 4.

5. Arista admits that OptumSoft filed a complaint against Arista. Arista denies any remaining allegations of paragraph 5.

6. Arista admits that a CLI is a set of commands used in operating technology products. Arista denies any remaining allegations of paragraph 6.

7. Arista admits that a February 22, 2013 article in *Network World* attributes the following quote to Ms. Ullal: "The training is very easy and a Cisco CCIE expert would be able to use Arista right away, because we have similar command-line interfaces and operational look and feel. Where we don't have to invent, we don't. Where we had to invest for these specific use cases we do, so most often it's a use case or a project." Arista denies that the quote placed emphasis on any words, as appears in Cisco's Second Amended Complaint. Arista denies that Cisco is using the quote in context or that the implication is the one that Cisco intends to draw from it. Arista denies any remaining allegations of paragraph 7.

8. Arista admits that a post on Arista's blog, dated November 13, 2013, attributed the following quotes to Kenneth Duda: "Lesson 5. Provide familiar interfaces to ease adoption"; "Learning the lesson from others' attempts at integrating Linux into switching, we wrote a standard CLI that runs on top of Sysdb. It retains the familiar management commands . . . ."; and "The remaining 80% tell us they appreciate the way they can leverage their deep IOS experience, as they can easily upgrade an aging Catalyst infrastructure to Arista." Arista denies that the

1  quotes included the bracketed language or placed emphasis on any words, as appears in Cisco's
2  Second Amended Complaint. Arista admits that, in a video posted to Arista's blog, Mr. Duda
3  stated that: "It turns out that you don't have to choose. You can actually have it both ways. You
4  can have a true Linux environment and all of the familiar management interfaces, standard CLI,
5  standard SNMP stack, OMI, if you prefer to manage that way. All of these different management
6  interfaces are simply user processes riding on top of the same system B and Linux 4 as all the rest
7  of the software. And we've found it's been very helpful for our customers to be able to rapidly
8  adopt our products and integrate them into their environments. It's been very helpful that our
9  switches provide a familiar management interface so their existing tools and processes, screen
10 scraping, automation, continue to work just as they did before." Arista denies that the quote set
11 forth in paragraph 8 of Cisco's Second Amended Complaint accurately reflects Mr. Duda's
12 statement. Arista also denies that Cisco is using any of the quotes set forth in paragraph 8 in
13 context or that the implication is the one that Cisco intends to draw from it. Arista denies any
14 remaining allegations of paragraph 8.
15         9.      Arista denies the allegations of paragraph 9.
16         10.     Arista denies the allegations of paragraph 10.
17         11.     Arista denies the allegations of paragraph 11, and specifically denies the allegation
18 that any of Arista's actions harm innovation.
19         12.     Arista denies the allegations of paragraph 12.

### I.    NATURE OF THE ACTION

21         13.     Arista admits that the Second Amended Complaint purports to allege infringement
22 under the copyright and patent laws of the United States. Arista denies any remaining allegations
23 of paragraph 13.

### II.   THE PARTIES

25         14.     Arista is without knowledge or information sufficient to form a belief as to the
26 truth of the allegations of paragraph 14, and therefore denies them.
27         15.     Arista admits that it is a Delaware Corporation with a principal place of business at
28 5453 Great America Parkway, Santa Clara, California 95054.

### III. JURISDICTION

16. Arista admits that 28 U.S.C. §§ 1331 and 1338 confer jurisdiction upon this Court as to claims arising under the copyright and patent laws and claims arising under the law of the United States. Arista denies any remaining allegations of paragraph 16.

17. Arista admits that this Court has personal jurisdiction over it. Arista admits that it conducts business within the State of California and within the Northern District of California. Arista denies any remaining allegations of paragraph 17.

### IV. VENUE

18. Arista admits that venue is proper in the Northern District of California. Arista denies any remaining allegations of paragraph 18.

### V. INTRADISTRICT ASSIGNMENT

19. Arista admits the allegations of paragraph 19.

### VI. GENERAL ALLEGATIONS

20. Arista is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and therefore denies them.

21. Arista is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21, and therefore denies them.

22. Arista is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, and therefore denies them.

23. Arista is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, and therefore denies them.

24. Arista is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24, and therefore denies them.

25. Arista admits that what appear to be copies of certificates of registration numbers TXu-1-036-057, TX 5-531-435, TXu-1-048-569, TXu-1-036-063, TXu 1-036-062, TXu-1-057-804, TXu1-036-064, TXu-1-057-805, TXu 1-036-066, TXu-1-057-807, TXu 1-036-065, TXu-1-057-806, TXu-1-188-975, TXu 1-259-162, TX 7-938-524, TX 7-938-525, TX 7-937-159, TX 7-938-341, TXu-1-237-896, TXu-1-270-592, TXu-1-336-997, TXu-1-344-750, TXu-1-592-305,

1  TX 7-933-364, TX 7-933-353, TX 7-937-240, TX 7-937-234, TX 7-940-713, TX 7-940-718, TX
2  7-940-727, TX 7-940-722 issued by the U.S. Copyright Office are attached to Cisco's Second
3  Amended Complaint as Exhibits 3–28.  Arista is without knowledge or information sufficient to
4  form a belief as to the truth of the remaining allegations of paragraph 25, and therefore denies
5  them.
6         26.     Arista is without knowledge or information sufficient to form a belief as to the
7  truth of the allegations of paragraph 26, and therefore denies them.
8         27.     Arista admits that a CLI is "the user interface by which users of Cisco products
9  communicate with the product in order to configure and manage the product."  Arista denies any
10 remaining allegations of paragraph 27.
11        28.     Arista admits that a software developer has options when developing an operating
12 system.  Arista denies any remaining allegations of paragraph 28.
13        29.     Arista is without knowledge or information sufficient to form a belief as to the
14 truth of the allegations of paragraph 29, and therefore denies them.
15        30.     Arista is without knowledge or information sufficient to form a belief as to the
16 truth of the allegations of paragraph 30, and therefore denies them.
17        31.     Arista is without knowledge or information sufficient to form a belief as to the
18 truth of the allegations of paragraph 31, and therefore denies them.
19        32.     Arista admits that U.S. Patent No. 7,046,526 ("the '526 patent"), on its face, is
20 entitled "Generic Command Interface for Multiple Executable Routines" and bears an issuance
21 date of May 16, 2006.  Arista further admits that what appears to be a copy of the '526 patent is
22 attached to Cisco's Second Amended Complaint as Exhibit 29.  Arista is without knowledge of
23 information sufficient to form a belief as to the truth of any remaining allegations of paragraph
24 32, and therefore denies them.
25        33.     Arista is without knowledge or information sufficient to form a belief as to the
26 truth of the allegations of paragraph 33, and therefore denies them.
27        34.     Arista denies the allegations of paragraph 34.
28

35.   Arista is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35, and therefore denies them.

36.   Arista admits that U.S. Patent No. 7,953,886 ("the '886 patent"), on its face, is entitled "Method and System of Receiving and Translating CLI Command Data Within a Routing System" and bears an issuance date of May 31, 2011.  Arista further admits that what appears to be a copy of the '886 patent was attached to Cisco's Second Amended Complaint as Exhibit 30.  Arista is without knowledge of information sufficient to form a belief as to the truth of any remaining allegations of paragraph 36, and therefore denies them.

37.   Arista is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37, and therefore denies them.

38.   Arista denies the allegations of paragraph 38.

39.   Arista is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39, and therefore denies them.

40.   Arista admits that Andreas Bechtolsheim previously worked as Vice President and General Manager of Cisco's Gigabit Switching Unit.  Arista admits that Mr. Duda previously worked as a software engineer in Cisco's Gigabit Business Unit.  Arista admits that Ms. Ullal previously worked as Senior Vice President of Cisco's Data Center, Switching and Services Group.  Arista admits that Doug Gourlay previously worked as Vice President of Cisco's Datacenter Marketing Group.  Arista denies any remaining allegations of paragraph 40.

41.   Arista denies the allegations of paragraph 41, and specifically denies that Arista copied Cisco's technologies.

42.   Arista denies the allegations of paragraph 42, and specifically denies that Arista copied Cisco's technologies.

43.   Arista denies the allegations of paragraph 43, and specifically denies that Arista copied Cisco's technologies.

44.   Arista denies the allegations of paragraph 44, and specifically denies all allegations of copyright and patent infringement.

45. Arista admits that a March 20, 2014 article in *Fortune* attributes the following quote to Ms. Ullal: "Since I helped build the enterprise, I would never compete with Cisco directly in the enterprise in a conventional way. It makes no sense.  It would take me 15 years and 15,000 engineers, and that's not a recipe for success."  Arista denies that the quote placed emphasis on any words, as appears in Cisco's Second Amended Complaint.  Arista denies that Cisco is using the quote in context and that the implication is the one that Cisco intends to draw from it.  Arista denies any remaining allegations of paragraph 45.

46. Arista admits that a February 22, 2013 article in *Network World* attributes the following quote to Ms. Ullal: "The training is very easy and a Cisco CCIE expert would be able to use Arista right away, because we have similar command-line interfaces and operational look and feel.  Where we don't have to invent, we don't.  Where we had to invest for these specific use cases we do, so most often it's a use case or a project."  Arista denies that the quote placed emphasis on any words, as appears in Cisco's Second Amended Complaint.  Arista denies that Cisco is using the quote in context and that the implication is the one that Cisco intends to draw from it.  Arista denies any remaining allegations of paragraph 46.

47. Arista admits that a post on Arista's blog, dated November 13, 2013, attributed the following quotes to Mr. Duda: "Lesson 5.  Provide familiar interfaces to ease adoption"; "Learning the lesson from others' attempts at integrating Linux into switching, we wrote a standard CLI that runs on top of Sysdb. It retains the familiar management commands . . . ."; and "The remaining 80% tell us they appreciate the way they can leverage their deep IOS experience, as they can easily upgrade an aging Catalyst infrastructure to Arista."  Arista denies that the quotes placed emphasis on any words or included the words in brackets, as appears in Cisco's Second Amended Complaint.  Arista denies that Cisco is using any of these quotes in context and that the implication is the one that Cisco intends to draw from it.  Arista denies any remaining allegations of paragraph 47.

48. Arista admits that, in a video posted to Arista's blog, Mr. Duda stated that: "It turns out that you don't have to choose. You can actually have it both ways.  You can have a true Linux environment and all of the familiar management interfaces, standard CLI, standard SNMP

stack, OMI, if you prefer to manage that way. All of these different management interfaces are simply user processes riding on top of the same system B and Linux 4 as all the rest of the software. And we've found it's been very helpful for our customers to be able to rapidly adopt our products and integrate them into their environments. It's been very helpful that our switches provide a familiar management interface so their existing tools and processes, screen scraping, automation, continue to work just as they did before." Arista also admits that, when Mr. Duda was asked, "But if they just want to take the switch, just as they're used to, take it out of the box, plug in your console, whatever, SSH in, it's no different," he responded, "Yeah, you can have it both ways, that's right." Arista denies that the quotes included the bracketed language or placed emphasis on any words, as appears in Cisco's Second Amended Complaint. Arista denies that Cisco is using these quotes in context and that the implication is the one that Cisco intends to draw from it. Arista denies the remaining allegations of paragraph 48.

49. Arista admits that a white paper Arista released, entitled "EOS: An Extensible Operating System", states: "The familiar EOS command-line interface (CLI) avoids retraining costs, and EOS' single release train simplifies software upgrade deployment." Arista denies that the quote placed emphasis on any words, as appears in Cisco's Second Amended Complaint. Arista denies that Cisco is using this quote in context and that the implication is the one that Cisco intends to draw from it. Arista denies the remaining allegations of paragraph 49.

50. Arista denies the allegations of paragraph 50, and specifically denies that Arista has infringed or is liable for infringement of Cisco's copyrights.

51. Arista denies the allegations of paragraph 51.

52. Arista denies the allegations of paragraph 52.

53. Arista denies the allegations of paragraph 53.

54. Arista admits that it uses the command modes and prompts identified under the subheading "Arista EOS Command Modes" in paragraph 54. Arista denies any remaining allegations of paragraph 54.

55. Arista admits that it provides customers with user manuals and guides. Arista denies any remaining allegations of paragraph 55.

56.  Arista denies the allegations of paragraph 56.

57.  Arista denies the allegations of paragraph 57.

58.  Arista admits that it published on December 10, 2014 a post on its website entitled, "Arista Introduces EOS+: Platform For Software Driven Cloud Networking."  Arista denies any remaining allegations of paragraph 58.

59.  Arista admits that the EOS+ platform includes EOS SDK, vEOS, EOS applications and EOS consulting services.  Arista denies any remaining allegations of paragraph 59.

60.  Arista denies the allegations of paragraph 60.

61.  Arista admits that it published on December 9, 2014 a previously-recorded video in which Mr. Duda discussed EOS+.  Arista denies any remaining allegations of paragraph 61.

62.  Arista admits that the EOS+ platform includes EOS SDK.  Arista denies any remaining allegations of paragraph 62.

63.  Arista denies the allegations of paragraph 63.

64.  Arista denies the allegations of paragraph 64.

65.  Arista admits that the EOS+ platform includes EOS applications.  Arista denies any remaining allegations of paragraph 65.

## VII.  COUNT I – COPYRIGHT INFRINGEMENT

66.  Arista incorporates by references its responses to the allegations of paragraph 1 through 65 above as its response to paragraph 66 of Cisco's Second Amended Complaint.

67.  Arista denies the allegations of paragraph 67, and specifically denies that Arista has infringed or is liable for infringement of Cisco's copyrights identified in paragraph 67.

68.  Arista denies the allegations of paragraph 68.

69.  Arista denies the allegations of paragraph 69.

70.  Arista denies the allegations of paragraph 70.

71.  Arista denies the allegations of paragraph 71.

72.  Arista denies the allegations of paragraph 72.

73.  Arista denies the allegations of paragraph 73.

## VIII. COUNT II – INFRINGEMENT OF THE '526 PATENT

74. Arista incorporates by references its responses to the allegations of paragraph 1 through 73 above as its response to paragraph 74 of Cisco's Second Amended Complaint.

75. Arista admits that the '526 patent, on its face, bears an issuance date of May 16, 2006. Arista denies any remaining allegations of paragraph 75.

76. Arista denies the allegations of paragraph 76, and specifically denies Arista has infringed or is liable for infringement of any valid and enforceable claim of the '526 patent.

77. Arista denies the allegations of paragraph 77.

78. Arista denies the allegations of paragraph 78.

79. Arista denies the allegations of paragraph 79.

80. Arista denies the allegations of paragraph 80.

## IX. COUNT III – INFRINGEMENT OF THE '886 PATENT

81. Arista incorporates by references its responses to the allegations of paragraph 1 through 80 above as its response to paragraph 81 of Cisco's Second Amended Complaint.

82. Arista admits that the '866 patent, on its face, bears an issuance date of May 31, 2011. Arista denies any remaining allegations of paragraph 82.

83. Arista denies the allegations of paragraph 83, and specifically denies Arista has infringed or is liable for infringement of any valid and enforceable claim of the '886 patent.

84. Arista denies the allegations of paragraph 84.

85. Arista denies the allegations of paragraph 85.

86. Arista denies the allegations of paragraph 86.

87. Arista denies the allegations of paragraph 87.

## X. PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by Cisco to which no response is required. Arista denies that Cisco is entitled to any of the requested relief and denies any allegations contained in the Prayer for Relief to which a response is required.

Arista denies each and every allegation of Cisco's Second Amended Complaint not specifically admitted or otherwise responded to above. Arista specifically denies that Arista has

infringed or is liable for infringement of any valid and enforceable copyrights or patents of Cisco. Arista further specifically denies that Cisco is entitled to any relief whatsoever of any kind against Arista as a result of any act of Arista or any person or entity acting on behalf of Arista.

## XI. DEFENSES

Arista asserts the following defenses in response to Cisco's Second Amended Complaint. By asserting these defenses, Arista does not concede that it bears the burden of proof with respect to any of them. All defenses are pled in the alternative and do not constitute an admission of liability or that Cisco is entitled to any relief whatsoever.  Arista also reserves the right to assert additional defenses and/or counterclaims as additional facts are learned or present themselves during discovery or otherwise during the course of these proceedings.

### First Defense—Failure to State a Claim for Relief

1. Cisco's Second Amended Complaint fails to state a claim upon which relief can be granted, including, but not limited to, failure to meet the standard for pleading set by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

### Second Defense—Non-infringement of Copyrights

2. Arista does not infringe and has not infringed the copyrights-in-suit.

### Third Defense—Non-infringement of Patents

3. Arista does not infringe and has not infringed (not directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of the patents-in-suit as properly construed.

### Fourth Defense—Fair Use

4. Any alleged use Arista made of Cisco's copyrighted material was a fair use that is not actionable.

### Fifth Defense—Laches, Acquiescence, Estoppel, and/or Waiver

5. One or more of Cisco's claims are barred by one or more of the equitable doctrines of laches, acquiescence, estoppel, and/or waiver.

### Sixth Defense—Unclean Hands

6. Cisco's requested relief is barred, in whole or in part, by Cisco's unclean hands.

### Seventh Defense—Copyright Misuse

7. Cisco's claims are barred in whole or in part because it has misused its copyright to secure an exclusive right or limited monopoly not granted by the Copyright Office and which is contrary to public policy to grant.

### Eighth Defense—Invalidity of Patents

8. Some or all of the claims of the '526 and '886 patents are invalid under the Patent Act, 35 U.S.C. §§ 1, *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Ninth Defense—Prosecution History Estoppel

9. Cisco is estopped by reason of prosecution history estoppel from asserting infringement of the '526 and '886 patents under the doctrine of equivalents.

### Tenth Defense—Copyright Protection Unavailable

10. Cisco's claims are barred in whole or in part by scenes a faire, the merger doctrine, and/or other limits on the scope of protection available for the works at issue.

### Eleventh Defense—Equitable Relief Unavailable

11. Cisco is barred from obtaining any equitable relief from Arista because any alleged injury to Cisco is neither immediate nor irreparable, Cisco has an adequate remedy at law, and granting equitable relief would not be in the public interest.

### Twelfth Defense—Abandonment

12. Cisco's claims are barred in whole or in part because its course of action and inaction, over a number of years, constitutes an abandonment of its copyright.

//

//

//

//

//

//

WHEREFORE, Arista requests that the Court enter judgment in its favor and award it reasonable attorneys' fees and costs and such other relief as may be just.

Dated:  August 10, 2015                         KEKER & VAN NEST LLP

                                    By:  */s/ Robert A. Van Nest*
                                         ROBERT A. VAN NEST
                                         BRIAN L. FERRALL
                                         DAVID SILBERT
                                         MICHAEL S. KWUN

                                         Attorneys for Defendant ARISTA
                                         NETWORKS, INC.