KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
BRIAN L. FERRALL - # 160847
bferrall@kvn.com
DAVID J. SILBERT - # 173128
dsilbert@kvn.com
MICHAEL S. KWUN - # 198945
mkwun@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>              Plaintiff,<br><br>       v.<br><br>ARISTA NETWORKS, INC.,<br><br>              Defendant. | Case No. 3-14-CV-05344-BLF<br><br>**DECLARATION OF KATHERINE LLOYD-LOVETT IN SUPPORT OF MOTION TO COMPEL INTERROGATORY RESPONSES**<br><br>Date:         October 27, 2015<br>Time:        10:00 a.m.<br>Judge:       Honorable Paul Grewal<br>Dept.:        Courtroom 5<br><br>Date Filed: December 5, 2014 |

I, Katherine M. Lloyd-Lovett, declare as follows:

1.     I am an attorney licensed to practice law in the State of California and am an associate of the law firm of Keker & Van Nest LLP, counsel for Defendant Arista Networks, Inc. ("Defendant") in the above-captioned matter. I am admitted to practice before this Court. I make this declaration based on personal knowledge and if called as a witness, I could and would testify competently to the same as stated herein.

2.     Attached hereto as **Exhibit A** is a true and correct copy of a December 5, 2014 blog post published on the Cisco Blog by Mark Chandler, the General Counsel of Cisco, entitled "Protecting Innovation."

3.     Attached hereto as **Exhibit B** is a true and correct copy of Exhibit 1 to Cisco's Complaint in this matter, which lists approximately 500 CLI commands that Cisco alleges Arista copied.

4.     Attached hereto as **Exhibit C** is a true and correct copy of the "Virtual Router Redundancy Protocol" Request for Comments (2338), dated April 1998 and published by the Internet Engineering Task Force, also known as the "IETF."

5.     Attached hereto as **Exhibit D** is a true and correct copy of the of the parties' Joint Case Management Statement, dated May 7, 2015.

6.     Attached hereto as **Exhibit E** is a true and correct copy of Arista's First Set of Interrogatories to Cisco, dated April 10, 2015, including Arista's Interrogatory 5.

7.     Attached hereto as **Exhibit F** is a true and correct copy of Cisco's Second Supplemental Objections and Responses to Defendant Arista Network's First Set of Interrogatories, served on September 1, 2015. These responses reflect Cisco's objections and first, second, and third set of responses to Arista's Interrogatory 5.

8.     Cisco first served objections and responses to Arista's First Set of Interrogatories, including Arista's Interrogatory 5, on May 14, 2015.

9.     I participated in a meet and confer call on July 13, 2015, with counsel for Cisco regarding the parties' respective discovery requests and responses. During that call, Matthew Cannon, counsel for Cisco, said that Cisco's answer to Interrogatory 5 reflected Cisco's belief

that none of the CLI commands were derived from some source that already existed. My colleague Brian Ferrall, counsel for Arista, clarified that "derivation" was not limited to information about a prior source for CLI commands, but rather was intended to cover basic facts about the origin and creation of the command. Mr. Cannon suggested that Cisco would supplement the response by producing documents regarding authorship. Mr. Ferrall explained that producing documents pursuant to Federal Rule of Civil Procedure 33(d) would not suffice since it would seem very unlikely that a description of the creation and origin of each command would be found in a document. Mr. Ferrall also clarified that Arista would accept, for the time being, a response to Interrogatory 5 that was limited to the CLI Commands asserted in Exhibit 1 to Cisco's complaint.

10. Attached hereto as **Exhibit G** is a true and correct copy of a letter my colleagues and I received from Mr. Cannon on July 20, 2015.

11. Cisco first supplemented its response to Interrogatory 5 on August 7, 2015. On August 11 and 18, 2015, I participated in two meet and confer calls with counsel for Cisco during which my colleagues and I explained that Cisco's response to Interrogatory 5 remained inadequate. On August 18, Cisco's counsel Sean Pak agreed to provide a supplemental response to Interrogatory 5 by September 1, 2015, identifying the "key" individuals who developed Cisco's CLI commands. My colleague Ajay Krishnan explained that Arista needed to know *all* of the CLI command authors' names, not just those of the "key" authors, but agreed to consider Cisco's supplemental response before moving to compel a full response to Interrogatory 5.

12. Cisco again supplemented its response to Interrogatory 5 on September 1, 2015. Its new response identified one individual, Kirk Lougheed, as "knowledgeable regarding the CLI command expressions and the process" by which the CLI commands were created.

13. Attached hereto as **Exhibit H** is a true and correct copy of Arista's Second Set of Interrogatories to Cisco, dated July 24, 2015.

14. Attached hereto as **Exhibit I** is a true and correct copy of Cisco's Objections and Responses to Arista's Second Set of Interrogatories, served August 27, 2015, which includes Cisco's response to Interrogatory 16.

15. A staff member working under my direction performed a rough count of the number of pages in the documents identified in Cisco's response to Interrogatory 16 and reported that there were more than 350,000 pages in that set. A word search on those documents turned up no hits for "Lougheed."

16. On August 31, I participated in a meet and confer call with Cisco's counsel. During that call, my colleagues and I asked Mr. Cannon and Peter Klivans, counsel for Cisco, whether the documents identified in Cisco's response to Interrogatory 16 included the name of even *one* author of even *one* Cisco CLI command. Mr. Cannon said that he did not know.

17. On September 3, 2015, I wrote a letter to Mr. Cannon requesting a meet and confer no later than September 4 regarding Interrogatories 5 and 16 and requesting that Cisco let us know if it was willing to stipulate to an expedited briefing schedule on a motion to compel responses to those requests. On September 15, 2015, I participated in a meet and confer call with Cisco's counsel regarding Interrogatories 5 and 16. Messrs. Cannon and Klivans stated that Mr. Lougheed was not the author of all of the CLI commands and that Cisco could not say what, if any, commands he authored. Messrs. Cannon and Klivans could not provide any specifics about what, if anything, Cisco had done to collect the basic bibliographic information and derivation narrative for all of the asserted commands. They stated that they were still gathering information in order to respond to Interrogatories 5 and 16 but would not commit to produce all of the information sought by the interrogatories or to supplement prior to October 5. They further stated that key individuals were unavailable to provide more information due to a hearing in the International Trade Commission between Arista and Cisco, but would not identify any specific witness both critical to collecting responsive information and unavailable because of that hearing. Mr. Ferrall stated that Arista would seek expedited hearing on a motion to compel a complete response. Mr. Klivans stated that Cisco would oppose expedited briefing on that motion.

18. To date, I have participated in six meet and confer calls with Cisco's counsel regarding Interrogatory 5, Interrogatory 16, or both interrogatories.

//

//

1  I declare under penalty of perjury under the laws of the State of California that the
2  foregoing is true and correct and that this declaration was executed on September 17, 2015, in
3  San Francisco, California.

4
5              /s/ Katherine M. Lloyd-Lovett
               KATHERINE M. LLOYD-LOVETT