# EXHIBIT E

```
KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
BRIAN L. FERRALL - # 160847
bferrall@kvn.com
DAVID J. SILBERT - # 173128
dsilbert@kvn.com
MICHAEL S. KWUN - # 198945
mkwun@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   415 391 5400
Facsimile:   415 397 7188
```

Attorneys for Defendant ARISTA NETWORKS, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARISTA NETWORKS, INC., <br><br> Defendant. | Case No. 5-14-CV-05344-BLF <br><br> **DEFENDANT ARISTA NETWORKS, INC.'S FIRST SET OF INTERROGATORIES** <br><br> Date Filed:  December 5, 2014 <br><br> Trial Date:  Not set. |

DEFENDANT ARISTA NETWORKS, INC. FIRST SET OF INTERROGATORIES TO PLAINTIFF CISCO SYSTEMS, INC.
Case No. 5-14-CV-05344-BLF

935635.01

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Arista Networks, Inc. ("Arista") requests that Plaintiff Cisco Systems, Inc. ("Cisco") answer in writing and under oath the following Interrogatories within thirty days of service hereof.

## DEFINITIONS AND INSTRUCTIONS

The following Interrogatories are to be read, interpreted, and answered with reference to the following definitions and instructions.

## DEFINITIONS

1. "Cisco," "you," and "your" means Cisco Systems, Inc., including all agencies, divisions, instrumentalities, establishments, and branches thereof; all of its agents, employees, directors, officers, predecessors in interest, successors in interest, parents and subsidiaries; and anyone acting on their behalf.

2. "Arista" refers to Defendant Arista Networks, Inc., including all agencies, divisions, instrumentalities, establishments, and branches thereof; all of its agents, employees, directors, officers, predecessors in interest, successors in interest, parents and subsidiaries; and anyone acting on their behalf.

3. "CLI Command" means any expression that is used or recognized as a command in a command line interface.

4. "Network Management Product" means any product used to monitor, configure, or otherwise manage network devices and/or their associated firmware and software, including without limitation Your CiscoWorks Networks Compliance Monitor product and all device drivers that it supports.

5. "Asserted Patents" refers to U.S. Patent No. 7,047,526 ("the '526 patent") and U.S. Patent No. 7,953,886 ("the '886 patent").

6. "Asserted Claim" means any claim of the Asserted Patents.

7. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning

1

DEFENDANT ARISTA NETWORKS, INC. FIRST SET OF INTERROGATORIES TO PLAINTIFF CISCO SYSTEMS, INC.
Case No. 5-14-CV-05344-BLF

935635.01

of this term. Any comment or notation appearing on any document, and not a part of the original text, is to be considered a separate "document."

8. "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

9. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

10. When used with respect to a natural person, "identify" means that you are required to provide the following information: name; last known business address; last known residence address; last known telephone number; names of the employers or businesses with whom the person is or was associated; and the person's title, position, and duties at the time relevant to the identification.

11. When used with respect to a person that is not a natural person, "identify" means that you are required to provide, to the extent applicable, the same information required as if the entity were a natural person, and to state the nature of the entity (e.g., partnership, corporation, etc.).

12. When used with respect to a document, "identify" means that you are required to provide, to the extent applicable, the (i) type of document; (ii) date of the document; (iii) author(s), addressee(s) and recipient(s); and (iv) any Bates number assigned to the document in this action.

13. "Relating to" means relating to, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

14. "All," "any," and "each" shall each be construed as encompassing any and all.

15. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

2
DEFENDANT ARISTA NETWORKS, INC. FIRST SET OF INTERROGATORIES TO PLAINTIFF CISCO SYSTEMS, INC.
Case No. 5-14-CV-05344-BLF

935635.01

16. All pronouns shall be construed to refer to the masculine, feminine, or neuter gender, in singular or plural, as in each case makes the request more inclusive.

17. The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

The following instructions shall apply to each of the Interrogatories herein:

1. In answering the following Interrogatories, furnish all available information, including information in your possession, custody, or control. If you cannot fully respond to the following Interrogatories after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each Interrogatory that cannot be responded to fully and completely. In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the Interrogatory cannot be answered fully and completely; and state what knowledge, information or belief Cisco has concerning the unanswered portion of any such Interrogatories.

2. If any information requested is claimed to be privileged or otherwise immune from discovery, please provide all information falling within the scope of the Interrogatory which is not privileged, and for each item of information contained in a document to which a claim of privilege is made, identify such information with sufficient particularity for purposes of a motion to compel, such identification to include at least the following:

(a) For documents: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

(b) For oral communications: (i) the name of the person making the communication and the names of persons present while the communications was made and, where not apparent, the relationship of the persons present to the person making the communications; (ii) the date and place of communications; and (iii) the general subject matter of the communications.

3. Cisco's obligation to respond to these Interrogatories is continuing and its responses are to be supplemented to include subsequently acquired information in accordance

3

935635.01

with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

State in detail Cisco's factual bases for each allegation of damage or harm that Cisco claims to have suffered as a result of any act or omission of Arista.

**INTERROGATORY NO.2:**

Identify with specificity every similarity that Cisco contends is a basis for its claim of copyright infringement, including the source material in Cisco's copyrighted work(s) that Cisco contends is the source of the similarity; the material in the allegedly infringing work(s) that Cisco contends reflects the similarity, and why Cisco contends that the source material is protected by copyright.

**INTERROGATORY NO. 3:**

State in detail Cisco's factual bases for its claim that any copyright infringement by Arista (or for which Cisco claims Arista is liable) was willful.

**INTERROGATORY NO. 4:**

State in detail Cisco's factual bases for each element of indirect copyright infringement, specifically including an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement.

**INTERROGATORY NO. 5:**

State in detail the derivation of each CLI Command used by Cisco, including without limitation all CLI Commands that You contend Arista has unlawfully copied.

**INTERROGATORY NO. 6:**

Identify with specificity each copyrighted work (by copyright and registration number) that You contend Arista has unlawfully copied.

**INTERROGATORY NO. 7:**

Identify with specificity each Arista CLI Command that You contend infringes any copyrighted work identified in your response to Arista's Interrogatory No. 6, identify which work(s) it infringes, and explain in detail how each infringes.

4

DEFENDANT ARISTA NETWORKS, INC. FIRST SET OF INTERROGATORIES TO PLAINTIFF CISCO SYSTEMS, INC.
Case No. 5-14-CV-05344-BLF

935635.01

**INTERROGATORY NO. 8:**

Identify with specificity any and all CLI Command(s) that were used by anyone other than You before such CLI Command(s) were used by You, and identify who used those CLI Command(s) before You used them.

**INTERROGATORY NO. 9:**

Identify and describe all facts that support Your description of any CLI Command(s) used by Cisco as "industry standard", "industry" Command(s), "standard" Command(s), "common" Command(s) or other descriptions acknowledging or reflecting that others besides Cisco use the Command(s), and describe in detail why Cisco used such descriptions.

**INTERROGATORY NO. 10:**

State in detail facts supporting Your contention in the December 5, 2014 "Protecting Innovation" post on the Cisco Blog that "Arista has copied more than 500 Cisco multi-command expressions, while networking products from HP, Brocade, Alcatel-Lucent, Juniper Networks and Extreme each only have a small fraction of overlapping CLI commands."

**INTERROGATORY NO. 11:**

Identify with specificity all facts that support Your contention that Arista products and services infringe the Asserted Patents, including but not limited to identifying any and all facts, witnesses, evidence, communications and documents that You believe support that contention.

**INTERROGATORY NO. 12:**

Identify with specificity all products, services, methods or instrumentalities that You believe have ever embodied, implemented, and/or practiced any Asserted Claim of the Asserted Patents.

**INTERROGATORY NO. 13:**

For each Asserted Claim of the Asserted Patents, describe in detail all facts relating to its conception and reduction to practice, including, but not limited to: Identifying the date of conception; the date of reduction to practice of its subject matter, all acts You contend represent diligence occurring between the dates of conception and reduction to practice; each person involved in such conception, diligence, and/or reduction to practice; where the invention was first

5

DEFENDANT ARISTA NETWORKS, INC. FIRST SET OF INTERROGATORIES TO PLAINTIFF CISCO SYSTEMS, INC.
Case No. 5-14-CV-05344-BLF

935635.01

reduced to practice; when, where, and to whom the invention was first disclosed; and identifying each person, including third parties, who worked on the development of the alleged invention(s) claimed in the asserted claim, describing each person's role (e.g., producer, developer, tester, technician, researcher, etc.), the dates and places each such person assisted, supervised, or was otherwise so involved, and the identity of all documents evidencing conception, diligence and reduction to practice.

**INTERROGATORY NO. 14:**

Identify and describe in detail all the manners or techniques by which each claim of the Asserted Patents improved upon the prior art, added functionality that did not exist in the prior art, or provided a variation on or upgrade of the prior art, and for each such claimed improvement, added functionality, variation, or upgrade, state whether Cisco contends it was a non-obvious or unpredictable improvement, addition of functionality, variation, or upgrade, and why.

**INTERROGATORY NO. 15:**

If You seek to recover lost profits by way of any claim in this matter, identify with specificity all bases on which You seek such recovery, including but not limited to identifying any and all facts, witnesses, evidence, communications and documents that You believe support Your claim for such recovery.

Dated: April 10, 2015                                KEKER & VAN NEST LLP

                                                     By:  /s/ Robert A. Van Nest
                                                          ROBERT A. VAN NEST
                                                          BRIAN L. FERRALL
                                                          DAVID J. SILBERT
                                                          MICHAEL S. KWUN

                                                          Attorneys for Defendant ARISTA
                                                          NETWORKS, INC.

6
DEFENDANT ARISTA NETWORKS, INC. FIRST SET OF INTERROGATORIES TO PLAINTIFF CISCO SYSTEMS, INC.
Case No. 5-14-CV-05344-BLF

935635.01

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On April 10, 2015, I served the following document(s):

**DEFENDANT ARISTA NETWORKS, INC.'S FIRST SET OF INTERROGATORIES**

☑ by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

Sean Sang-Chul Pak
John M. Neukom
Quinn Emanuel Urquhart & Sullivan LLP
50 California Street, Floor 22
San Francisco, CA 94111
Tel:    (415) 875-6320
Fax:    (415) 875-6700
seanpak@quinnemanuel.com
johnneukom@quinnemanuel.com
Cisco-Arista@quinnemanuel.com

Adam R. Alper
Kirkland & Ellis LLP
555 California Street
San Francisco, CA 94104
Tel:    (415) 439-1476
Fax:    (415) 439-1500
aalper@kirkland.com

Kathleen Marie Sullivan
Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Avenue, 22nd Floor
New York, NY 10022
Tel:    (212)0 849-7000
kathleensullivan@quinnemanuel.com

Mark Yeh-Kai Tung
Quinn Emanuel Urquhart & Sullivan LLP
555 Twin Dolphin Drive, 5th floor
Redwood Shores, CA 94065
Tel:    (650) 801-5000
marktung@quinnemanuel.com

Michael W. De Vries
Kirkland & Ellis LLP
333 South Hope Street, 29th floor
Los Angeles, CA 90071
Tel:    (213) 680-8590
Fax:    (213) 680-8500
michael.devries@kirkland.com
Cisco-AristaCopyrightTeam@kirkland.com

Steven C. Cherny
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
Tel:    (212) 446-4800
Fax:    (212) 446-6460
Steven.cherny@kirkland.com

1
PROOF OF SERVICE

925937.01

1  Executed on April 10, 2015, at San Francisco, California.

2  I declare under penalty of perjury under the laws of the State of California that the above is true
   and correct.

*[signature: Patty Lemos]*

Patty Lemos

2

PROOF OF SERVICE

925937.01