# EXHIBIT F

| | |
|---|---|
| Kathleen Sullivan (SBN 242261) | Steven Cherny (admitted *pro hac vice*) |
| kathleensullivan@quinnemanuel.com | steven.cherny@kirkland.com |
| QUINN EMANUEL URQUHART & SULLIVAN LLP | KIRKLAND & ELLIS LLP |
| 51 Madison Avenue, 22nd Floor | 601 Lexington Avenue |
| New York, NY 10010 | New York, New York 10022 |
| Telephone: (212) 849-7000 | Telephone: (212) 446-4800 |
| Facsimile: (212) 849-7100 | Facsimile: (212) 446-4900 |
| | |
| Sean S. Pak (SBN 219032) | Adam R. Alper (SBN 196834) |
| seanpak@quinnemanuel.com | adam.alper@kirkland.com |
| John M. Neukom (SBN 275887) | KIRKLAND & ELLIS LLP |
| johnneukom@quinnemanuel.com. | 555 California Street |
| QUINN EMANUEL URQUHART & SULLIVAN LLP | San Francisco, California   94104 |
| 50 California Street, 22nd Floor | Telephone: (415) 439-1400 |
| San Francisco, CA 94111 | Facsimile: (415) 439-1500 |
| Telephone: (415) 875-6600 | |
| Facsimile: (415) 875-6700 | Michael W. De Vries (SBN 211001) |
| | michael.devries@kirkland.com |
| Mark Tung (SBN 245782) | KIRKLAND & ELLIS LLP |
| marktung@quinnemanuel.com | 333 South Hope Street |
| QUINN EMANUEL URQUHART & SULLIVAN LLP | Los Angeles, California 90071 |
| 555 Twin Dolphin Drive, 5th Floor | Telephone: (213) 680-8400 |
| Redwood Shores, CA 94065 | Facsimile: (213) 680-8500 |
| Telephone: (650) 801-5000 | |
| Facsimile: (650) 801-5100 | |

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| CISCO SYSTEMS, INC., | ) | CASE NO.   5:14-cv-05344-BLF |
| Plaintiff, | ) | |
| v. | ) | **PLAINTIFF CISCO SYSTEMS, INC.'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT ARISTA NETWORKS, INC.'S FIRST SET OF INTERROGATORIES** |
| ARISTA NETWORKS, INC., | ) | |
| Defendant. | ) | |

1    Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Cisco
2 Systems, Inc. ("Cisco"), by counsel, hereby provides its second supplemental objections and
3 responses to Defendant Arista Networks, Inc.'s ("Arista's") First Set of Interrogatories, which
4 were served on Cisco on April 10, 2015 (the "Interrogatories").

5                              **GENERAL OBJECTIONS**

6    Cisco makes the following general objections to Arista's Interrogatories, which apply to
7 each interrogatory regardless of whether the general objections are specifically incorporated into
8 the specific objections and responses below.

9    1.   Cisco is responding to each interrogatory as it interprets and understands each
10 interrogatory with respect to the issues in this Litigation.   If Arista asserts a different
11 interpretation of any interrogatory, Cisco reserves the right to supplement or amend its responses
12 or objections.

13   2.   Cisco objects to each interrogatory to the extent it is inconsistent with or seeks to
14 impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Civil and
15 Patent Local Rules of the Northern District of California, and any orders governing this Litigation.

16   3.   Cisco objects to the definitions of "Cisco," "You," and "Your," to the extent that
17 the definitions are overly broad and purport to require Cisco to provide information that is not
18 within the possession, custody, or control of Cisco.

19   4.   Cisco objects to Arista's definition of "Asserted Patents" and "Asserted Claim" to
20 the extent that Arista's use of those terms in its interrogatories to Cisco renders certain of Arista's
21 Interrogatories as constituting multiple discrete subparts that are in fact multiple, separate
22 interrogatories.

23   5.   Cisco objects to the definitions of "CLI Command" and "Network Management
24 Product" to the extent that these terms are vague and ambiguous with respect to their scope and
25 application as used by Arista, rendering these terms at least potentially unclear with respect to
26 what particular devices are intended to be incorporated thereby, and further on the grounds that
27 use of the terms in Arista's Interrogatories renders those interrogatories overbroad and unduly
28 burdensome to the extent that the discovery sought by such interrogatories is not reasonably tied to

1  Cisco's claims or Arista's defenses in this Litigation. Cisco further objects to the use of these
2  terms in Arista's Interrogatories to the extent that such interrogatories are not reasonably
3  calculated to lead to the discovery of admissible evidence.

4      6.    Cisco objects to the definition of "Relating to" as vague and ambiguous and overly
5  broad, unduly burdensome, and further to the extent that interrogatories using such terms are not
6  reasonably calculated to lead to the discovery of admissible evidence.

7      7.    Cisco objects to the definition of "Identify" and the instructions set out in
8  Paragraphs 10–12 as overly broad, unduly burdensome, and further to the extent that
9  interrogatories using such terms are not reasonably calculated to lead to the discovery of
10  admissible evidence. Cisco further objects to these definitions and instructions to the extent that
11  the burden of deriving or ascertaining the requested information is substantially the same for
12  Arista as it is for Cisco.

13      8.    Cisco objects to each and every interrogatory as overly broad, unduly burdensome,
14  cumulative, and duplicative to the extent it seeks identification of "any," "each," or "all"
15  documents of a specified type or nature, when a subset of such documents will provide the
16  requested information. Cisco objects generally to each and every interrogatory as overly broad,
17  vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible
18  evidence, to the extent that it seeks information regarding "any," "each," or "all" persons, entities,
19  objects, or events.

20      9.    Cisco objects to the "Definitions" and "Instructions" of the Interrogatories to the
21  extent they alter the plain meaning of any specific interrogatory and render the interrogatory
22  vague, ambiguous, and overbroad.

23      10.    Cisco objects to each interrogatory to the extent that it is unlimited in temporal
24  and/or geographic scope, or to the extent it would require Cisco to provide information or
25  documents in violation of an applicable foreign law or regulation.

26      11.    Cisco objects to each interrogatory to the extent that it is overbroad, unduly
27  burdensome, and/or calls for provision of information or documents that are neither relevant to
28

1  any claim or defense in this litigation nor reasonably likely to lead to the discovery of admissible
2  evidence.
3      12.    Cisco objects to each interrogatory to the extent that it calls for production of
4  information or documents that are not within the possession, custody, or control of Cisco, or to the
5  extent the interrogatory seeks information that may not be disclosed pursuant to a protective order
6  or non-disclosure agreement, or calls for Cisco to prepare documents and/or things that do not
7  already exist.
8      13.    Cisco objects to each interrogatory to the extent that it calls for production of
9  information or documents that are publicly available or equally available to Arista, and therefore
10 are of no greater burden for Arista to obtain than for Cisco to obtain.
11     14.    Cisco objects to each interrogatory as overbroad and unduly burdensome to the
12 extent that it is not limited to a time frame relevant to this Litigation or seeks information or
13 documents not within the applicable scope of this Litigation.
14     15.    Cisco objects to each interrogatory to the extent it seeks information or documents
15 that Cisco is not permitted to disclose pursuant to confidentiality obligations to third parties or
16 court order.   Cisco will provide such responsive, relevant, and non-privileged information and/or
17 produce documents in accordance with the Protective Order governing this Litigation and after
18 complying with its obligations to the third party and/or court.
19     16.    Cisco objects to each interrogatory to the extent it seeks information, documents,
20 and/or things protected from disclosure by the attorney-client privilege, work-product doctrine,
21 common-interest privilege, and/or any other applicable privilege, immunity, doctrine, or
22 protection, including without limitation in connection with the common interest doctrine
23 (collectively, as used herein, "privileged").   Nothing contained in these objections and responses
24 should be considered a waiver of any attorney-client privilege, work-product protection, or any
25 other applicable privilege or doctrine, including in connection with the common interest doctrine.
26 Cisco does not intend to provide information or produce documents that would divulge any
27 privileged information.   Any such disclosure is inadvertent and shall not be deemed a waiver of
28 any applicable privilege or immunity.

1    17.     Cisco objects to Arista's Interrogatories to the extent that their subparts exceed the
2  number of interrogatories permitted under the Federal Rules of Civil Procedure, including Rule
3  33(a)(1), the Civil and Patent Local Rules of the Northern District of California, and any orders
4  governing this Litigation.

5    18.     Cisco objects to each interrogatory to the extent that it is vague, ambiguous, or
6  confusing due to Arista's failure to define terms or failure to describe the information or
7  documents sought with reasonable particularity.

8    19.     Cisco objects to the factual characterizations of Arista's Interrogatories. By
9  responding, Cisco does not accept or admit any of Arista's factual characterizations.

10   20.     Terms or phrases with specific legal significance appear in many of Arista's
11 Interrogatories. Neither Cisco's objections and responses, nor the provision of information or
12 production of documents in response to any interrogatory, are an admission or indication that such
13 information and documents are relevant to any legal theory, or that any of the legal terms used
14 have any applicability in their legal sense to any information or documents produced by Cisco in
15 response to the Interrogatories.

16   21.     Cisco objects to these Interrogatories on relevance and burden grounds to the extent
17 they are not limited in temporal scope, or to the extent that time period specified encompasses
18 time periods not relevant to this Litigation, or to the extent the requests are not limited in
19 geographic scope.

20   22.     Cisco objects to the Interrogatories as overly broad and unduly burdensome to the
21 extent they call for the provision of information or production of documents of technical
22 information, or otherwise, including source code, in connection with Cisco's products, where such
23 information or documents are either duplicative of other documents or information that will be
24 produced and/or are not relevant to this Litigation and Cisco's products relevant to this Litigation.
25 Cisco further objects to the Interrogatories to the extent that they call for the provision of
26 information or production of documents of technical information, or otherwise, including source
27 code, in connection with Cisco's products, where such information and documents are not
28

1  necessary to understand the relevant structure, function, and operation of Cisco's products relevant
2  to this Litigation.
3      23.    Cisco objects to each interrogatory as premature to the extent it calls for documents
4  or information that is the subject of later disclosure deadlines in this Litigation and/or expert
5  reports and testimony, including as set forth in Rule 26(a)(2) of the Federal Rules of Civil
6  Procedure, the Patent Local Rules of the Northern District of California, and the Case
7  Management Order to be entered in this Litigation.
8      24.    Any Cisco response that it will provide information or produce documents should
9  not be construed to mean that responsive information or documents in fact exist; only that, if such
10 relevant, non-privileged, non-objectionable information or documents exist, are in Cisco's
11 possession, custody, or control, and are located after a reasonable search of the location or
12 locations where responsive information or documents are likely to be located, such information or
13 documents will be produced in a timely manner.
14     25.    Cisco further reserves all rights to supplement its responses to Arista's
15 Interrogatories in compliance with the Federal Rules of Civil Procedure, including under Rule
16 26(e), as well as the Civil and Patent Local Rules of the Northern District of California and any
17 orders governing this Litigation, and as Cisco's investigation and discovery proceeds in this
18 Litigation.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 2:**

Identify with specificity every similarity that Cisco contends is a basis for its claim of copyright infringement, including the source material in Cisco's copyrighted work(s) that Cisco contends is the source of the similarity; the material in the allegedly infringing work(s) that Cisco contends reflects the similarity, and why Cisco contends that the source material is protected by copyright.

**RESPONSE TO INTERROGATORY NO. 2:**

Cisco incorporates by reference its General Objections as though fully set forth herein. Cisco further objects to this interrogatory as irrelevant and not calculated to lead to the discovery of admissible evidence to the extent it calls for evidence pertaining to specific similarities between Cisco's copyrighted works and Arista's accused products. Cisco further objects to this interrogatory to the extent that it calls for information that is publicly available, equally available to Arista, and/or in Arista's control, and therefore is of no greater burden for Arista to obtain than for Cisco to obtain. Cisco further objects to this interrogatory as compound. Cisco also objects to this interrogatory as undefined, vague, ambiguous, overbroad, and unduly burdensome in its use of the terms "with specificity," "every similarity," "why Cisco contends that the source material is protected by copyright." Cisco further objects to this interrogatory as premature contention discovery, especially in light of Arista's failure to produce information regarding its accused products, including source code. Cisco further objects to this interrogatory on the grounds that it prematurely seeks expert testimony. Cisco further objects to this interrogatory to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work-product, or that is protected by any other applicable privilege, protection, or immunity, including without limitation in connection with the common interest doctrine.

Subject to and without waiver of its general and specific objections, Cisco incorporates by reference, as if fully set forth herein, its operative complaint and all documents cited therein, including Cisco's copyright registrations as well as any subsequent amendments thereto. Cisco further responds, pursuant to Fed. R. Civ. P. 33(d), that Cisco will produce documents containing information responsive to this interrogatory, which information may be obtained from the documents by Arista as easily as by Cisco.

In addition to the examples set forth in Exhibits 1 and 2 to Cisco's operative complaint, Cisco identifies in Exhibit A similarities between Cisco's copyrighted works and Arista products. Each of the Cisco works cited in Exhibit A is protected by copyright because each of these works constitutes an original work of authorship fixed in a tangible medium of expression. Each Cisco work in Exhibit A contains expressive content, which is the subject of copyright protection.

1  Further, each Cisco document cited in Exhibit A was first published in the United States and was
2  authored by at least one author who is a national or domiciliary of the United States.  *See, e.g.,*
3  Cisco copyright registrations attached to Cisco's operative complaint. Cisco has complied with all
4  applicable statutory formalities related to these copyrighted works.  Additionally, because many
5  of the Cisco works cited in Exhibit A were deposited with copyright registrations within five years
6  of publication, the certificate of registration for these documents constitutes prima facie evidence
7  of the validity of the underlying copyrights.  *See, e.g.,* Cisco copyright registrations attached to
8  Cisco's operative complaint.  For the remainder of the Cisco works cited in Exhibit A, the
9  copyright registration certificates constitute evidence of the validity of Cisco's copyrights.
10        Cisco's discovery efforts in this case are ongoing, and Cisco reserves the right to further
11  supplement this response in light of facts learned during discovery, including information
12  regarding Arista's accused products and expert discovery.
13
14  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**
15        Subject to and without waiver of its general and specific objections, Cisco further responds
16  as follows:
17        The similarity between Cisco's copyrighted works and Arista's accused products is also
18  evidenced by Arista's copying of numerous multi-word command expressions from Cisco's
19  copyrighted works.  Each of those command expressions identified by Cisco in its copyrighted
20  works represents an original, creative expression.  Attached as Exhibit B is a more
21  comprehensive listing of the multiword command expressions from Cisco's copyrighted works
22  that were copied by Arista, as well as the version(s) of Arista's infringing works that contain these
23  protected elements.
24        Arista also has copied Cisco's copyrighted command hierarchies.  The organization of
25  Cisco's command expressions represents an original, creative contribution to Cisco's copyrighted
26  works.  Because Cisco's command expressions are organized hierarchically, the copying of
27  Cisco's command expressions, described in Exhibit B, itself reflects Arista's copying of Cisco's
28  command hierarchies.

1    Arista has also copied Cisco's command modes and prompts, which also represent original
2 and creative contributions to Cisco's copyrighted works. For example, Cisco's copyrighted
3 works include "EXEC," "Privileged EXEC," "Global configuration," and "Interface
4 configuration" modes, the names of which are duplicated in Arista's infringing products, using
5 substantially similar prompts. Attached as Exhibit C is a more comprehensive listing of the
6 command modes and prompts from Cisco's copyrighted works that were copied by Arista, as well
7 as the version(s) of Arista's infringing works that contain these protected elements.

8    Because the burden of finding each of these command expressions, command hierarchies,
9 and command modes and prompts in the copyrighted works and the infringing works is the same
10 for Arista as it is for Cisco, pursuant to Fed. R. Civ. P. 33(d), Cisco identifies the following
11 documents as containing responsive information:

12    IOS v. 11.0: Source Code, CSI-CLI-00403865.
13    IOS v. 11.1: Source Code, CSI-CLI-00403866.
14    IOS v. 11.2: Source Code, CSI-CLI-00403867.
15    IOS v. 11.3: Source Code, CSI-CLI-00403868.
16    IOS v. 12.0: Source Code, CSI-CLI-00403869.
17    IOS v. 12.1: Source Code, CSI-CLI-00403870.
18    IOS v. 12.2: Source Code, CSI-CLI-00403871.
19    IOS v. 12.3: Source Code, CSI-CLI-00403872, CSI-CLI-00403874.
20    IOS v. 12.4: Source Code, CSI-CLI-00403873.
21    IOS v. 15.0: Source Code, CSI-CLI-00054598 – CSI-CLI-00074027, CSI-CLI-00216957 –
22 CSI-CLI-00217612, CSI-CLI-00223197 – CSI-CLI-00224078, CSI-CLI-00226300 – CSI-CLI-
23 00226709, CSI-CLI-00267773 – CSI-CLI-00268938, CSI-CLI-00271385 – CSI-CLI-00271914,
24 CSI-CLI-00274107 – CSI-CLI-00274387, CSI-CLI-00275376 – CSI-CLI-00276837, CSI-CLI-
25 00314732 – CSI-CLI-00314943, CSI-CLI-00316210 – CSI-CLI-00317412, CSI-CLI-00317634 –
26 CSI-CLI-00317847, CSI-CLI-00318351 – CSI-CLI-00318532, CSI-CLI-00319252 – CSI-CLI-
27 00321189, CSI-CLI-00324036 – CSI-CLI-00324389, CSI-CLI-00325497 – CSI-CLI-00325713,
28

1  CSI-CLI-00332893 – CSI-CLI-00345450, CSI-CLI-00348572 – CSI-CLI-00348689, CSI-CLI-00350066 – CSI-CLI-00351948.

IOS v. 15.1: Source Code, CSI-CLI-00034689 – CSI-CLI-00054565, CSI-CLI-00223197 – CSI-CLI-00224078, CSI-CLI-00226300 – CSI-CLI-00226414, CSI-CLI-00226710 – CSI-CLI-00227953, CSI-CLI-00267773 – CSI-CLI-00268938, CSI-CLI-00314422 – CSI-CLI-00314731, CSI-CLI-00314944 – CSI-CLI-00316209, CSI-CLI-00317413 – CSI-CLI-00317633, CSI-CLI-00317848 – CSI-CLI-00318350, CSI-CLI-00318533 – CSI-CLI-00319251, CSI-CLI-00319765 – CSI-CLI-00325376, CSI-CLI-00325497 – CSI-CLI-00325713, CSI-CLI-00333135 – CSI-CLI-00333809, CSI-CLI-00337967 – CSI-CLI-00338200, CSI-CLI-00338481 – CSI-CLI-00338696, CSI-CLI-00338941 – CSI-CLI-00339290, CSI-CLI-00345451 – CSI-CLI-00354832.

IOS v. 15.2: Source Code, CSI-CLI-00024968 – CSI-CLI-00034688, CSI-CLI-00074028 – CSI-CLI-00074113, CSI-CLI-00091773 – CSI-CLI-00091888, CSI-CLI-00098678 – CSI-CLI-00099910, CSI-CLI-00101493 – CSI-CLI-00101653, CSI-CLI-00102320 – CSI-CLI-00102428, CSI-CLI-00102615 – CSI-CLI-00102827, CSI-CLI-00104206 – CSI-CLI-00104306, CSI-CLI-00105599 – CSI-CLI-00105706, CSI-CLI-00106165 – CSI-CLI-00106403, CSI-CLI-00107100 – CSI-CLI-00107198, CSI-CLI-00108121 – CSI-CLI-00110637, CSI-CLI-00142102 – CSI-CLI-142151, CSI-CLI-00145892 – CSI-CLI-00145912, CSI-CLI-00146305 – CSI-CLI-00146361, CSI-CLI-00146494 – CSI-CLI-00146672, CSI-CLI-00150117 – CSI-CLI-00150301, CSI-CLI-00151700 – CSI-CLI-00151794, CSI-CLI-00153045 – CSI-CLI-00154056, CSI-CLI-00154957 – CSI-CLI-00154967, CSI-CLI-00161254 – CSI-CLI-00161264, CSI-CLI-00162423 – CSI-CLI-00162433, CSI-CLI-00162764 – CSI-CLI-00163054, CSI-CLI-00163297 – CSI-CLI-00163575, CSI-CLI-00163892 – CSI-CLI-00163997, CSI-CLI-00167730 – CSI-CLI-00168576, CSI-CLI-00168785 – CSI-CLI-00170897, CSI-CLI-00171210 – CSI-CLI-00171263, CSI-CLI-00173118 – CSI-CLI-00173146, CSI-CLI-00227954 – CSI-CLI-00228224, CSI-CLI-00236536 – CSI-CLI-00237167, CSI-CLI-00237495 – CSI-CLI-00239781, CSI-CLI-00241096 – CSI-CLI-00248137, CSI-CLI-00276838 – CSI-CLI-00288213, CSI-CLI-00288322 – CSI-CLI-00289855, CSI-CLI-00292982 – CSI-CLI-00294561.

1    IOS v. 15.4: Source Code, CSI-CLI-00074114 – CSI-CLI-00091772, CSI-CLI-00091889 – CSI-CLI-00098677, CSI-CLI-00217613 – CSI-CLI-00223196 – CSI-CLI-00224078, CSI-CLI-00224079 – CSI-CLI-00226299, CSI-CLI-00276838 – CSI-CLI-00277169, CSI-CLI-00289856 – CSI-CLI-00310345, CSI-CLI-00325714 – CSI-CLI-00332892.

    IOS XR v. 3.0: Source Code, CSI-CLI-00359263 – CSI-CLI-00362850.

    IOS XR v. 3.2: Source Code, CSI-CLI-00362851 – CSI-CLI-00370474.

    IOS XR v. 3.3: Source Code, CSI-CLI-00370475 – CSI-CLI-00380671.

    IOS XR v. 3.4: Source Code, CSI-CLI-00380672 – CSI-CLI-00389727.

    IOS XR v. 3.5: Source Code, CSI-CLI-00389728 – CSI-CLI-00403864.

    IOS XR v. 4.3: Source Code, CSI-CLI-00099911 – CSI-CLI-00101492, CSI-CLI-00101654 – CSI-CLI-00102319, CSI-CLI-00102429 – CSI-CLI-00102614, CSI-CLI-00102828 – CSI-CLI-00104205, CSI-CLI-00104307 – CSI-CLI-00105598, CSI-CLI-00105707 – CSI-CLI-00106164, CSI-CLI-00106404 – CSI-CLI-00107099, CSI-CLI-00107199 – CSI-CLI-00108120, CSI-CLI-00102732 – CSI-CLI-00127155, CSI-CLI-00137956 – CSI-CLI-00142101, CSI-CLI-00142214 - CSI-CLI-00142101 – CSI-CLI-00143091, CSI-CLI-00143160 – CSI-CLI-00145891, CSI-CLI-00145913 – CSI-CLI-00146304, CSI-CLI-00146362 – CSI-CLI-00146493, CSI-CLI-00146673 – CSI-CLI-00150166, CSI-CLI-00150302 – CSI-CLI-00151699, CSI-CLI-00151795 – CSI-CLI-00153044, CSI-CLI-00154057 – CSI-CLI-00154956, CSI-CLI-00154968 – CSI-CLI-00161253, CSI-CLI-00161265 – CSI-CLI-00162422, CSI-CLI-00162434 – CSI-CLI-00162763, CSI-CLI-00163998 – CSI-CLI-00167729, CSI-CLI-00168577 – CSI-CLI-00168784, CSI-CLI-00170898 – CSI-CLI-00171209, CSI-CLI-00171264 – CSI-CLI-00173117, CSI-CLI-00173147 – CSI-CLI-00173412.

    IOS XR v. 5.2: Source Code, CSI-CLI-00110638 – CSI-CLI-00123731, CSI-CLI-00127156 – CSI-CLI-00137955, CSI-CLI-00142152 – CSI-CLI-00142213, CSI-CLI-00143092 – CSI-CLI-00143159, CSI-CLI-00163055 – CSI-CLI-00163296, CSI-CLI-00163576 – CSI-CLI-00163891, CSI-CLI-00189310 – CSI-CLI-00191711.

    IOS XE v. 2.1: Source Code, CSI-CLI-00229755 – CSI-CLI-00236535, CSI-CLI-00268939 – CSI-CLI-00271384, CSI-CLI-00271915 – CSI-CLI-00274106, CSI-CLI-00274388 –

1  CSI-CLI-00276837, CSI-CLI-00313895 – CSI-CLI-00314421, CSI-CLI-00325377 – CSI-CLI-
2  00325496.
3      IOS XE v. 3.5: Source Code, CSI-CLI-00180764 – CSI-CLI-00189309, CSI-CLI-
4  00228225 – CSI-CLI-00229754, CSI-CLI-00236536 – CSI-CLI-00236768, CSI-CLI-00237168 –
5  CSI-CLI-00237494, CSI-CLI-00237785 – CSI-CLI-00237793, CSI-CLI-00239782 – CSI-CLI-
6  00241095, CSI-CLI-00248138 – CSI-CLI-00267772, CSI-CLI-00277170 – CSI-CLI-00277359,
7  CSI-CLI-00288214 – CSI-CLI-00288321, CSI-CLI-00288673 – CSI-CLI-00289121, CSI-CLI-
8  00310346 – CSI-CLI-00313894.
9      NX-OS v. 4.0: Source Code, CSI-CLI-00054566 – CSI-CLI-00054597, CSI-CLI-
10 00191712 – CSI-CLI-00192226, CSI-CLI-00202929 – CSI-CLI-00207082.
11     NX-OS v. 5.0: Source Code, CSI-CLI-00173413 – CSI-CLI-00176459, CSI-CLI-
12 00196923 – CSI-CLI-00197194, CSI-CLI-00197411 – CSI-CLI-00197600, CSI-CLI-00199585 –
13 CSI-CLI-00200362, CSI-CLI-00201361 – CSI-CLI-00201380, CSI-CLI-00201823 – CSI-CLI-
14 00201848, CSI-CLI-00207083 – CSI-CLI-00212262, CSI-CLI-00216926 – CSI-CLI-00216955.
15     NX-OS v. 5.2: Source Code, CSI-CLI-00176460 – CSI-CLI-00178217, CSI-CLI-
16 00196489 – CSI-CLI-00196922, CSI-CLI-00197195 – CSI-CLI-00197410, CSI-CLI-00197601 –
17 CSI-CLI-00199584, CSI-CLI-00200363 – CSI-CLI-00201360, CSI-CLI-00201381 – CSI-CLI-
18 00201822, CSI-CLI-00201849 – CSI-CLI-00202928.
19     NX-OS v. 6.2: Source Code, CSI-CLI-00178218 – CSI-CLI-00180763, CSI-CLI-
20 00192227 – CSI-CLI-00196488, CSI-CLI-00212263 – CSI-CLI-00216925.
21     EOS 4.0.1: Source Code, CSI-CLI-00007244 – CSI-CLI-00007472.
22     EOS 4.6.2: Source Code, CSI-CLI-00006858 – CSI-CLI-00007243.
23     EOS 4.10.0: Source Code, CSI-CLI-00007841 – CSI-CLI-00008984.
24     EOS 4.11.1.2: Source Code, CSI-CLI-00010517 – CSI-CLI-00011972.
25     EOS 4.12.4: Source Code, CSI-CLI-00014141 – CSI-CLI-00016000.
26     EOS 4.13.6F: Source Code, CSI-CLI-00016001 – CSI-CLI-00018140.
27     EOS 4.13.7M: Source Code, CSI-CLI-00011973 – CSI-CLI-00014140.
28     EOS 4.14.3F: Source Code, CSI-CLI-00018146 – CSI-CLI-00020377.

1  EOS 4.14.5F: Source Code, CSI-CLI-00000084 – CSI-CLI-00002331.

2  EOS 4.14.6M: Source Code, CSI-CLI-00004616 – CSI-CLI-00006857.

3  EOS 4.15.0F: Source Code, CSI-CLI-00002332 – CSI-CLI-00004615.

Cisco's discovery efforts in this case are ongoing, and Cisco reserves the right to further supplement this response in light of facts learned during discovery, including information regarding Arista's accused products (including source code and other non-public materials) and expert discovery.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Subject to and without waiver of its general and specific objections, Cisco further responds as follows:

Arista has copied Cisco's copyrighted command hierarchy and the structure, sequence and organization of Cisco's command expressions.   Cisco's command expressions are organized hierarchically such that certain groups and sub-groups of command expressions can be identified. For example, paragraph 52 of Cisco's Second Amended Complaint for Copyright and Patent Infringement (Dkt. 64) identify various command hierarchies (e.g., "aaa" command hierarchy, "bgp" command hierarchy, "clear" command hierarchy, "dot1x" command hierarchy, "ip" command hierarchy, "ipv6" command hierarchy, "neighbor" command hierarchy, "show" command hierarchy, "snmp-server" command hierarchy, "spanning-tree" command hierarchy, "vrrp" command hierarchy, and other command expressions and hierarchies).   Within a given command hierarchy, all of the commands start with the same word; for example, all of the commands within the "aaa" command hierarchy start with "aaa."   The Second Amended Complaint further identifies sub-hierarchies within a command hierarchy (e.g., "ip dhcp" sub-hierarchy, "ip igmp" sub-hierarchy, "ip msdp" sub-hierarchy, "ip ospf" sub-hierarchy, "ip pim" sub-hierarchy, "ipv6 nd" sub-hierarchy, "ipv6 ospf" sub-hierarchy, "show interfaces" sub-hierarchy, "show ipv6" sub-hierarchy).   Within a given command sub-hierarchy, all of the commands start with the same two words; for example, all of the commands within the "ip dhcp"

1  sub-hierarchy start with "ip dhcp." There can be further sub-hierarchies within a given sub-
2  hierarchy. One way to demonstrate the hierarchy and organization of Cisco's command
3  expressions visually is through the use of a tree structure. An example tree structure of a portion
4  of the "ip" command hierarchy is provided in Exhibit D. Arista's copied commands are
5  organized into the same hierarchies and sub-hierarchies and have the same tree structure.

6  Arista also has copied Cisco's command responses and their organization. Cisco's
7  command responses constitute original, creative contributions to Cisco's copyrighted works.
8  Attached as Exhibit E is a listing of some command responses from Cisco's copyrighted works
9  that were copied by Arista, as well as the version(s) of Arista's infringing works that contain these
10 protected elements. In addition, Arista has copied the non-literal elements of Cisco's command
11 responses, including their structure, sequence and organization as also shown in Exhibit E. The
12 command responses identified in Exhibit E are exemplary only, as Cisco's investigation is
13 ongoing.

14 Cisco's discovery efforts in this case are ongoing, and Cisco reserves the right to further
15 supplement this response in light of facts learned during discovery, including information
16 regarding Arista's accused products (including screenshots, source code and other non-public
17 materials) and expert discovery.

18
19
20 **INTERROGATORY NO. 5:**
21 State in detail the derivation of each CLI Command used by Cisco, including without
22 limitation all CLI Commands that You contend Arista has unlawfully copied.
23
24 **RESPONSE TO INTERROGATORY NO. 5:**
25 Cisco incorporates by reference its General Objections as though fully set forth herein.
26 Cisco further objects to this interrogatory as irrelevant and not calculated to lead to the discovery
27 of admissible evidence to the extent it (1) calls for evidence pertaining to specific similarities
28 between Cisco's copyrighted works and individual CLI commands copied by Arista, (2) seeks

1  information not relevant to the copyrightability of Cisco's works-in-suit, and (3) seeks information
2  regarding acts not at issue in this suit.   Cisco further objects to the characterization in this
3  interrogatory that any Cisco CLI command was derived.   Cisco further objects to this
4  interrogatory to the extent that it calls for information that is publicly available or equally
5  available to Arista, and therefore is of no greater burden for Arista to obtain than for Cisco to
6  obtain.   Cisco also objects to this interrogatory as undefined, vague, ambiguous, overbroad, and
7  unduly burdensome in its use of the terms "derivation," "each CLI command used by Cisco," and
8  "all CLI Commands that You contend Arista has unlawfully copied."   Cisco further objects to
9  this interrogatory to the extent it seeks information that is protected by the attorney-client
10 privilege, that constitutes attorney work-product, or that is protected by any other applicable
11 privilege, protection, or immunity, including without limitation in connection with the common
12 interest doctrine.
13         Subject to and without waiver of its general and specific objections, and to the extent this
14 interrogatory can be understood, Cisco responds that after conducting a reasonable search it is not
15 presently aware of any information responsive to this interrogatory.   Cisco's discovery efforts in
16 this case are ongoing, and Cisco reserves the right to further supplement this response in light of
17 facts learned during discovery.
18
19 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**
20         Subject to and without waiver of its general and specific objections, Cisco further responds
21 as follows:
22         Cisco's command line interface (CLI) allows users the option of entering commands at a
23 command line prompt, rather than only using configuration files.   Commands for Cisco's CLI
24 include those used to set parameters and others that are used to monitor the state of a machine,
25 device, program or process.   Over time, as additional functionality for Cisco's switches and
26 routers was developed, corresponding commands were introduced into CLI by developers at
27 Cisco.   Because Cisco's CLI was the result of a collective effort of multiple engineers, there is no
28 single employee who was the origin of all of the commands within Cisco's CLI.   Information

1  relating to the timing of introduction of individual commands, as well as additional details, can be
2  found in or ascertained from Cisco's manuals and internal documents.   Pursuant to Fed. R. Civ.
3  P. 33(d), Cisco refers to CSI-CLI-00358160 - CSI-CLI-00359262.   Cisco also incorporates by
4  reference the Bates ranges provided in Cisco's Supplemental Response to Interrogatory No. 2.
5        Cisco's discovery efforts in this case are ongoing, and Cisco reserves the right to further
6  supplement this response in light of facts learned during discovery, including information
7  regarding Arista's accused products and expert discovery.
8
9  **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**
10        Subject to and without waiver of its general and specific objections, Cisco further responds
11  as follows:
12        Kirk Lougheed is knowledgeable regarding the CLI command expressions and the process
13  by which the CLI command expressions were created.
14        Cisco's discovery efforts in this case are ongoing, and Cisco reserves the right to further
15  supplement this response in light of facts learned during discovery.
16
17
18
19
20
21
22
23
24
25
26
27
28

| | | |
|---|---|---|
| 1 | DATED:   September 1, 2015 | Respectfully submitted, |
| 2 | | |
| 3 | | */s/ Sean S. Pak* |
| 4 | | Kathleen Sullivan (SBN 242261) |
| | | kathleensullivan@quinnemanuel.com |
| 5 | | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| 6 | | 51 Madison Avenue, 22nd Floor |
| | | New York, NY 10010 |
| 7 | | Telephone: (212) 849-7000 |
| | | Facsimile: (212) 849-7100 |
| 8 | | Sean S. Pak (SBN 219032) |
| | | seanpak@quinnemanuel.com |
| 9 | | John M. Neukom (SBN 275887) |
| | | johnneukom@quinnemanuel.com. |
| 10 | | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| 11 | | 50 California Street, 22nd Floor |
| | | San Francisco, CA 94111 |
| 12 | | Telephone: (415) 875-6600 |
| | | Facsimile: (415) 875-6700 |
| 13 | | |
| 14 | | Mark Tung (SBN 245782) |
| | | marktung@quinnemanuel.com |
| 15 | | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| | | 555 Twin Dolphin Drive, 5th Floor |
| 16 | | Redwood Shores, CA 94065 |
| | | Telephone: (650) 801-5000 |
| 17 | | Facsimile: (650) 801-5100 |
| 18 | | Steven Cherny (admitted *pro hac vice*) |
| | | steven.cherny@kirkland.com |
| 19 | | KIRKLAND & ELLIS LLP |
| | | 601 Lexington Avenue |
| 20 | | New York, New York 10022 |
| | | Telephone: (212) 446-4800 |
| 21 | | Facsimile: (212) 446-4900 |
| 22 | | Adam R. Alper (SBN 196834) |
| | | adam.alper@kirkland.com |
| 23 | | KIRKLAND & ELLIS LLP |
| | | 555 California Street |
| 24 | | San Francisco, California   94104 |
| | | Telephone: (415) 439-1400 |
| 25 | | Facsimile: (415) 439-1500 |
| 26 | | Michael W. De Vries (SBN 211001) |
| | | michael.devries@kirkland.com |
| 27 | | KIRKLAND & ELLIS LLP |
| | | 333 South Hope Street |
| 28 | | Los Angeles, California 90071 |

Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

# PROOF OF SERVICE

I hereby certify that, at the date entered below and per the agreement of the parties, I caused a true and correct copy of the foregoing to be served by transmission via the email addresses below:

| | |
|---|---|
| Juanita R. Brooks<br>brooks@fr.com<br>Fish & Richardson P.C.<br>12390 El Camino Real<br>San Diego, CA 92130-2081 | Brian L. Ferrall<br>BFerrall@kvn.com<br>Michael S. Kwun<br>mkwun@kvn.com<br>David J. Silbert<br>dsilbert@kvn.com |
| Kelly C. Hunsaker<br>hunsaker@fr.com<br>Fish & Richardson PC<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063 | Robert Van Nest<br>rvannest@kvn.com<br>Arista-KVN@kvn.com<br>Keker & Van Nest LLP<br>633 Battery Street<br>San Francisco, CA 94111-1809 |
| Ruffin B. Cordell<br>cordell@fr.com<br>Lauren A. Degnan<br>degnan@fr.com<br>Michael J. McKeon<br>mckeon@fr.com<br>Fish & Richardson PC<br>1425 K Street NW<br>11th Floor<br>Washington, DC 20005 | |

I declare under penalty of perjury that the foregoing is true and correct.   Executed on September 1, 2015, at Berkeley, California.

*/s/ Matthew D. Cannon*
Matthew D. Cannon