# EXHIBIT G

**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 | FAX (415) 875-6700

WRITER'S INTERNET ADDRESS
matthewcannon@quinnemanuel.com

July 20, 2015

VIA E-MAIL

Elizabeth McCloskey
Keker & Van Nest
633 Battery Street
San Francisco, CA 94111
EMcCloskey@kvn.com

Re:   Meet and Confer Session
      Case No. 5:14-cv-05344-BLF

Dear Lizzy:

I write to memorialize our meet and confer call of Monday, July 13.

**Arista's Responses to Cisco's Requests for Admission**

Cisco explained that Arista's responses to Cisco's Requests for Admission Nos. 1-6 and 8-10 are incomplete. Arista's failure to definitively admit or deny the facts in question—despite having access to those facts—is insufficient. Cisco requested that Arista agree to supplement those responses on or before July 20. Arista agreed to supplement their responses by July 24.

**Arista's Responses to Cisco's Interrogatories**

Cisco also explained why it believes that Arista's responses to its interrogatories are incomplete, and why supplemental responses to each should be provided. I will address each in turn.

Interrogatory No. 1 seeks basic identifying information regarding Arista's accused products. Instead of responding substantively, Arista provided a series of baseless objections. Cisco indicated that Arista should be able to provide identifying information for at least the accused products identified in Cisco's infringement contentions. Arista responded that it will provide an answer in a few days for the hardware and software Accused Products. Arista did not agree to

provide a narrative response with respect to the "EOS Documentation". We understand that Arista will provide a supplemental response on or before July 24, 2015.

With respect to Interrogatory No. 2, Cisco explained that Arista has identified no reason why it cannot provide information regarding the operating system installed on each accused product sold by Arista, or the time period(s) during which each version was sold. Arista responded that the documents they intend to produce will include this information. Cisco explained that documents themselves may be insufficient to show public availability and requested a timeline of release dates. We understand that you are continuing to investigate whether you can provide additional information. Please provide an update as to that investigation by July 24.

With respect to Interrogatory No. 3, which seeks financial information regarding Arista's accused products, Cisco requested that Arista provide a timeline by which it would make its production. Arista stated that it would produce in due course. Arista suggested a mutual exchange of damages documents at approximately the end of the summer. Cisco confirms that schedule is acceptable. We propose exchanging damages documents on August 31.

With respect to Interrogatory No. 5, Cisco explained that Arista's reliance on Rule 33(d) is improper, given that Arista already knows what its employees copied from Cisco's IOS documentation, who was responsible for that copying, and what happened to them. Cisco therefore asked Arista whether it would provide a narrative response. Cisco also asked Arista when it would produce documents regarding its handling of the copying of Cisco's IOS documentation. Arista agreed it would supplement its interrogatory response by July 24.

With respect to Interrogatory No. 6, Cisco requested that Arista identify the commands that its present answer suggests are the same as commands used by Cisco and/or other participants in the industry. Arista stated that this request is equally burdensome to Arista and Cisco; Cisco asserted that Arista's own statements suggest they use identical CLI commands, and Cisco seeks the basis for those statements. Arista refused to supplement its response, and the parties are at impasse on this issue.

With respect to Interrogatory No. 7, which seeks information regarding the Cisco products, documents, and information in Arista's possession, Cisco asked when Arista would be able to perform a search that would enable it to respond to Cisco's interrogatory. Arista stated it has may be able to provide a supplemental response with respect to public documentation regarding Cisco's products on or before July 24. Cisco maintains that Arista must conduct a reasonable search to determine what Cisco materials are in Arista's possession—and not provide some truncated response limited to published documents—but we will revisit this issue after Arista provides its supplemental response.

With respect to Interrogatory No. 8, we asked whether Arista will search for and provide information regarding its employees who were formerly employed by Cisco. Arista responded it does not track this information, and it would be impossible to gather. Arista suggested they could accommodate this request for senior management. Arista agreed to supplement their response with respect to senior management. Cisco maintains that Arista should be able to gather responsive information and provide a more comprehensive response, but we will revisit this issue after we receive Arista's supplementation.

With respect to Interrogatory No. 9, Cisco stated that Arista should provide a substantive response, explaining the development of its products. Arista responded that it would provide a substantive response limited to the accused functionality in accused products.

**Cisco's Responses to Arista's Discovery Requests**

At the outset of the discussion of Cisco's responses to Arista's discovery requests, Cisco observed that Arista's demands were not well-taken for at least two reasons. First, having produced no documents and virtually nothing of substance in response to Cisco's interrogatories and requests for admission, Arista is in no position to complain about the adequacy of Cisco's discovery responses. Second, that Arista delayed responding to Arista's discovery correspondence until it could write its own "me, too" discovery letters is the sort of gamesmanship that courts generally deplore. We hope that Arista will conduct itself more reasonably going forward.

**Cisco's Responses to Arista's Interrogatories**

With respect to Interrogatory No. 1, Cisco clarified that the Exhibit A in its response is a superset of similarities between Cisco's copyrighted works and Arista's infringing works that are identified in the complaint—Cisco will continue updating this Exhibit as its investigation continues.

With respect to Interrogatory No. 2, Arista demanded a table identifying specific similarities between Cisco copyrighted works and Arista's infringing products. We will provide a supplemental response to this interrogatory, although our supplementation of this interrogatory will likely take place after July 24, given its scope. Moreover, we anticipate that further supplementation will be required once Arista produces information regarding its accused products.

With respect to Interrogatory No. 5, Arista demanded a written explanation of how each CLI command was created. Cisco will provide a supplemental response to this interogatory.

With respect to Interrogatory No. 6, Cisco confirmed the list of copyrighted works in its response is complete.

With respect to Interrogatory No. 7, Arista stated that it wants Cisco to identify all infringing commands in Arista's accused products. Cisco explained that Arista's interrogatory is incoherent. It misapprehends the nature of copyright infringement because the relevant question is whether Arista has infringed Cisco's copyrights, which cover works, not just individual command expressions. Cisco will be supplementing its response to Interrogatory No. 2, which includes listing all command expressions that demonstrate the substantial similarity between Cisco's copyrighted works and Arista's infringing works. Interrogatory No. 7, to the extent it seeks relevant information, is duplicative of Interrogatory No. 2.

With respect to Interrogatory No. 8, Cisco stated it conducted a reasonable search and was not aware of any responsive information. Cisco also stated the mechanics of its search for responsive information are protected by the work product doctrine. Arista suggested that others used CLI commands before Cisco, and that Cisco should conduct a more fulsome investigation.

As required by the Federal Rules of Civil Procedure, Cisco will supplement its response if it discovers additional responsive information.

With respect to Interrogatory No. 9, Cisco stated it conducted a reasonable search and was not aware of any responsive information.  Cisco also stated the mechanics of the search are protected by the work product doctrine.  As required by the Federal Rules of Civil Procedure, Cisco will supplement its response if it discovers additional responsive information.

With respect to Interrogatory No. 10, Cisco agreed to provide publicly available materials under FRCP Rule 33(d).

With respect to Interrogatory Nos. 11-15, Cisco stated that it will provide supplemental responses as additional information is learned during discovery.

With respect to Interrogatory No. 15 specifically, Cisco stated that it is unreasonable for Arista to demand information regarding Cisco's lost profits when Arista has produced no documents regarding its sales and marketing efforts (or, for that matter, on any other subject).  Regardless, Cisco agreed to confer internally regarding its current evidence of lost profits and will inform Arista of its intent to or not to supplement its response at a later date.  Cisco will provide a supplemental response to Interrogatory No. 15 by July 24.

**Cisco's Responses to Arista's Requests for Production**

With respect to Cisco's responses to Arista's requests for production, Cisco explained that it would be making another sizable production within the next week to ten days.  As a result, Cisco believes any discussion of its responses to Arista's document requests would be premature—especially in light of the fact that Arista has not produced a single document in this case.  Cisco suggested that the parties revisit document production issues once Arista has had a chance to review its production; Arista rejected this suggestion.

Arista's demands largely centered around the semantic wording of Cisco's responses; for example, Arista insisted that Cisco clarify whether it agrees to produce any responsive documents if such documents can be located.  Cisco agreed to amend its responses to Requests For Production 1, 11, 12, 40, 50, 52, 55, 56, 59, 60, 61, 62, 65, and 66 in order to make these semantic clarifications.

With respect to Request For Production No. 2, Cisco stated it will be producing documents on authorship on Thursday.  Arista asserted that documents "sufficient to show" authorship are insufficient to respond to this Request For Production.  Cisco agreed to conduct further investigation and will clarify its response.

With respect to Requests For Production Nos. 5-6, Cisco stated it plans on producing third-party manuals.  Cisco suggested supplementing this response if further investigation unearths additional responsive documents.

With respect to Requests For Production Nos. 7-8, Cisco agreed to amend its response to clarify that it will produce documents that relate to non-litigation-derived knowledge.

With respect to Requests For Production Nos. 9-10, Arista asserted that the potential capability of the Cisco Network Compliance Manager to administer third-party devices is relevant to "almost all defenses", including unclean hands and copyrightability. Cisco explained that it could not understand how a product that is not alleged to be an embodiment could be relevant to the case. Arista offered to meet and confer separately on this issue. Cisco is available to discuss it on July 27.

With respect to Request For Production No. 14, Cisco clarified that references to individual commands are incoherent, as the individual commands are a component of a larger copyrighted work. Arista agreed to consider narrowing this request.

With respect to Request For Production No. 15, Cisco agreed to conduct a reasonable search for documents that describe Cisco's IOS CLI as an industry standard, but it does not represent that it has any responsive documents.

With respect to Request For Production No. 17, Cisco agreed to amend to clarify the language "in the market(s) relevant to this Litigation" in its current response.

With respect to Request For Production No. 19, Cisco stated it cannot agree to a blanket keyword search across each of the tens of thousands of Cisco employees' documents. Cisco suggested tabling discussion on Request For Production 19 until an ESI search protocol is agreed-upon. Arista stated it cannot narrow its request.

With respect to Requests For Production 22-26, Cisco stated it does not license individual commands or the CLI independent of other products. Arista clarified it seeks whether Cisco has ever licensed the IOS CLI. Cisco will confer internally, and inform Arista of its intent to or not to amend its response at a later date.

With respect to Request For Production 30, Cisco asserted this request, as worded, requires Cisco to search across all Cisco documents. Cisco suggests tabling this discussion until an ESI search protocol is determined.

With respect to Requests For Production 31, 37, and 43, Cisco asserted that responsive documents are privileged (except as to documents regarding the facts underlying Cisco's reasonable royalty damages, which will be produced). Arista requested these documents be logged per the parties agreement. Cisco agreed that it would log privileged materials in a manner consistent with the parties' agreement and the Federal Rules of Civil Procedure.

With respect to Request For Production 39, Cisco will confer internally about the feasibility of responding to this interrogatory.

With respect to Requests For Production 45 and 47, Arista clarified that it seeks draft license agreements that have been shared with third-parties.

With respect to Request For Production 48, Cisco agreed to produce licenses to the asserted patents but otherwise objects to this request as overbroad.

With respect to Request For Production 57, Arista agreed to narrow the scope of the request at a later date.

With respect to Request For Production 67, Cisco stated these documents are not relevant or likely to lead to relevant evidence. Cisco is continuing to evaluate the relevance of this request and will further inform Arista of its intent to supplement its response (or not) at a later date.

With respect to Request For Production 68, Cisco agreed to investigate further and inform Arista of its intent to supplement its response (or not) at a later date.

Very truly yours,

*/s/ Matthew D. Cannon*

Matthew D. Cannon

cc: Counsel of Record