# EXHIBIT I

1  Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
2  QUINN EMANUEL URQUHART &
SULLIVAN LLP
3  51 Madison Avenue, 22nd Floor
New York, NY 10010
4  Telephone: (212) 849-7000
Facsimile: (212) 849-7100
5
Sean S. Pak (SBN 219032)
6  seanpak@quinnemanuel.com
John M. Neukom (SBN 275887)
7  johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
8  SULLIVAN LLP
50 California Street, 22nd Floor
9  San Francisco, CA 94111
Telephone: (415) 875-6600
10  Facsimile: (415) 875-6700

11  Mark Tung (SBN 245782)
marktung@quinnemanuel.com
12  QUINN EMANUEL URQUHART &
SULLIVAN LLP
13  555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
14  Telephone: (650) 801-5000
Facsimile: (650) 801-5100

15

16  *Attorneys for Plaintiff Cisco Systems, Inc.*

Steven Cherny (admitted *pro hac vice*)
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

17                **UNITED STATES DISTRICT COURT**

18               **NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| 19  CISCO SYSTEMS, INC., | ) | CASE NO.  5:14-cv-05344-BLF |
| 20          Plaintiff, | ) | |
| 21      v. | ) | **PLAINTIFF CISCO SYSTEMS, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT ARISTA NETWORKS, INC.'S SECOND SET OF INTERROGATORIES** |
| 22  ARISTA NETWORKS, INC., | ) | |
| 23          Defendant. | ) | |
| 24 | ) | |

25

26

27

28

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Cisco Systems, Inc. ("Cisco"), by counsel, hereby provides its objections and responses to Defendant Arista Networks, Inc.'s ("Arista's") Second Set of Interrogatories, which were served on Cisco on July 24, 2015 (the "Interrogatories").

## GENERAL OBJECTIONS

Cisco makes the following general objections to Arista's Interrogatories, which apply to each interrogatory regardless of whether the general objections are specifically incorporated into the specific objections and responses below.

1.      Cisco is responding to each interrogatory as it interprets and understands each interrogatory with respect to the issues in this Litigation.  If Arista asserts a different interpretation of any interrogatory, Cisco reserves the right to supplement or amend its responses or objections.

2.      Cisco objects to each interrogatory to the extent it is inconsistent with or seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Civil and Patent Local Rules of the Northern District of California, and any orders governing this Litigation.

3.      Cisco objects to the definitions of "Cisco," "You," and "Your," to the extent that the definitions are overly broad and purport to require Cisco to provide information that is not within the possession, custody, or control of Cisco.

4.      Cisco objects to Arista's definition of "Asserted Patents" and "Asserted Claim" to the extent that Arista's use of those terms in its interrogatories to Cisco renders certain of Arista's Interrogatories as constituting multiple discrete subparts that are in fact multiple, separate interrogatories.

5.      Cisco objects to the definitions of "CLI Command" and "Network Management Product" to the extent that these terms are vague and ambiguous with respect to their scope and application as used by Arista, rendering these terms at least potentially unclear with respect to what particular devices are intended to be incorporated thereby, and further on the grounds that use of the terms in Arista's Interrogatories renders those interrogatories overbroad and unduly burdensome to the extent that the discovery sought by such interrogatories is not reasonably tied to Cisco's claims or Arista's defenses in this Litigation.  Cisco further objects to the use of these

terms in Arista's Interrogatories to the extent that such interrogatories are not reasonably calculated to lead to the discovery of admissible evidence.

6.    Cisco objects to the definition of "Relating to" as vague and ambiguous and overly broad, unduly burdensome, and further to the extent that interrogatories using such terms are not reasonably calculated to lead to the discovery of admissible evidence.

7.    Cisco objects to the definition of "Identify" and the instructions set out in Paragraphs 10–12 as overly broad, unduly burdensome, and further to the extent that interrogatories using such terms are not reasonably calculated to lead to the discovery of admissible evidence. Cisco further objects to these definitions and instructions to the extent that the burden of deriving or ascertaining the requested information is substantially the same for Arista as it is for Cisco.

8.    Cisco objects to each and every interrogatory as overly broad, unduly burdensome, cumulative, and duplicative to the extent it seeks identification of "any," "each," or "all" documents of a specified type or nature, when a subset of such documents will provide the requested information. Cisco objects generally to each and every interrogatory as overly broad, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding "any," "each," or "all" persons, entities, objects, or events.

9.    Cisco objects to the "Definitions" and "Instructions" of the Interrogatories to the extent they alter the plain meaning of any specific interrogatory and render the interrogatory vague, ambiguous, and overbroad.

10.    Cisco objects to each interrogatory to the extent that it is unlimited in temporal and/or geographic scope, or to the extent it would require Cisco to provide information or documents in violation of an applicable foreign law or regulation.

11.    Cisco objects to each interrogatory to the extent that it is overbroad, unduly burdensome, and/or calls for provision of information or documents that are neither relevant to any claim or defense in this litigation nor reasonably likely to lead to the discovery of admissible evidence.

12.    Cisco objects to each interrogatory to the extent that it calls for production of information or documents that are not within the possession, custody, or control of Cisco, or to the extent the interrogatory seeks information that may not be disclosed pursuant to a protective order or non-disclosure agreement, or calls for Cisco to prepare documents and/or things that do not already exist.

13.    Cisco objects to each interrogatory to the extent that it calls for production of information or documents that are publicly available or equally available to Arista, and therefore are of no greater burden for Arista to obtain than for Cisco to obtain.

14.    Cisco objects to each interrogatory as overbroad and unduly burdensome to the extent that it is not limited to a time frame relevant to this Litigation or seeks information or documents not within the applicable scope of this Litigation.

15.    Cisco objects to each interrogatory to the extent it seeks information or documents that Cisco is not permitted to disclose pursuant to confidentiality obligations to third parties or court order.  Cisco will provide such responsive, relevant, and non-privileged information and/or produce documents in accordance with the Protective Order governing this Litigation and after complying with its obligations to the third party and/or court.

16.    Cisco objects to each interrogatory to the extent it seeks information, documents, and/or things protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, and/or any other applicable privilege, immunity, doctrine, or protection, including without limitation in connection with the common interest doctrine (collectively, as used herein, "privileged").  Nothing contained in these objections and responses should be considered a waiver of any attorney-client privilege, work-product protection, or any other applicable privilege or doctrine, including in connection with the common interest doctrine. Cisco does not intend to provide information or produce documents that would divulge any privileged information.  Any such disclosure is inadvertent and shall not be deemed a waiver of any applicable privilege or immunity.

17.    Cisco objects to Arista's Interrogatories to the extent that their subparts exceed the number of interrogatories permitted under the Federal Rules of Civil Procedure, including Rule

33(a)(1), the Civil and Patent Local Rules of the Northern District of California, and any orders governing this Litigation.

18.     Cisco objects to each interrogatory to the extent that it is vague, ambiguous, or confusing due to Arista's failure to define terms or failure to describe the information or documents sought with reasonable particularity.

19.     Cisco objects to the factual characterizations of Arista's Interrogatories.  By responding, Cisco does not accept or admit any of Arista's factual characterizations.

20.     Terms or phrases with specific legal significance appear in many of Arista's Interrogatories.  Neither Cisco's objections and responses, nor the provision of information or production of documents in response to any interrogatory, are an admission or indication that such information and documents are relevant to any legal theory, or that any of the legal terms used have any applicability in their legal sense to any information or documents produced by Cisco in response to the Interrogatories.

21.     Cisco objects to these Interrogatories on relevance and burden grounds to the extent they are not limited in temporal scope, or to the extent that time period specified encompasses time periods not relevant to this Litigation, or to the extent the requests are not limited in geographic scope.

22.     Cisco objects to the Interrogatories as overly broad and unduly burdensome to the extent they call for the provision of information or production of documents of technical information, or otherwise, including source code, in connection with Cisco's products, where such information or documents are either duplicative of other documents or information that will be produced and/or are not relevant to this Litigation and Cisco's products relevant to this Litigation. Cisco further objects to the Interrogatories to the extent that they call for the provision of information or production of documents of technical information, or otherwise, including source code, in connection with Cisco's products, where such information and documents are not necessary to understand the relevant structure, function, and operation of Cisco's products relevant to this Litigation.

23.     Cisco objects to each interrogatory as premature to the extent it calls for documents or information that is the subject of later disclosure deadlines in this Litigation and/or expert reports and testimony, including as set forth in Rule 26(a)(2) of the Federal Rules of Civil Procedure, the Patent Local Rules of the Northern District of California, and the Case Management Order entered in this Litigation.

24.     Any Cisco response that it will provide information or produce documents should not be construed to mean that responsive information or documents in fact exist; only that, if such relevant, non-privileged, non-objectionable information or documents exist, are in Cisco's possession, custody, or control, and are located after a reasonable search of the location or locations where responsive information or documents are likely to be located, such information or documents will be produced in a timely manner.

25.     Cisco further reserves all rights to supplement its responses to Arista's Interrogatories in compliance with the Federal Rules of Civil Procedure, including under Rule 26(e), as well as the Civil and Patent Local Rules of the Northern District of California and any orders governing this Litigation, and as Cisco's investigation and discovery proceeds in this Litigation.

## RESPONSES TO INTERROGATORIES

## INTERROGATORY NO. 16:

For each CLI Command listed in Cisco's Second Amended Complaint (including exhibits) and each command hierarchy listed in Cisco's Second Amended Complaint (including exhibits), and each command mode and prompt listed in Cisco's Second Amended Complaint (including exhibits), identify: (i) the author or originator of such Command, command hierarchy, command mode and prompt, (ii) the date of such authorship or creation, (iii) the document(s) in which such Command, command hierarchy, command mode or prompt was first fixed in any tangible medium of expression, (iv) the document(s) in which such Command, command hierarchy, command mode or prompt was first published, and (v) the first Cisco product (including version number) that used or responded to each CLI Command, command hierarchy, command mode or prompt.

**RESPONSE TO INTERROGATORY NO. 16:**

Cisco incorporates by reference its General Objections as though fully set forth herein. Cisco further objects to this interrogatory as compound and unduly burdensome, as it calls for thousands of pieces of information. Cisco further objects to this interrogatory as irrelevant and not calculated to lead to the discovery of admissible evidence to the extent it seeks information not relevant to the copyrightability of Cisco's works-in-suit and seeks information regarding acts not at issue in this suit. Cisco further objects to this interrogatory to the extent that it calls for information that is publicly available or equally available to Arista, and therefore is of no greater burden for Arista to obtain than for Cisco to obtain. Cisco also objects to this interrogatory as undefined, vague, ambiguous, overbroad, and unduly burdensome in its use of the terms "each CLI command," "each command hierarchy," "each command mode and prompt," and "identify." Cisco further objects to this interrogatory to the extent it calls for a legal conclusion. Cisco also objects to this interrogatory to the extent that it is cumulative and duplicative of other discovery sought by Arista, including at least Interrogatory No. 5. Cisco further objects to this interrogatory to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work-product, or that is protected by any other applicable privilege, protection, or immunity, including without limitation in connection with the common interest doctrine.

Subject to and without waiver of the foregoing general and specific objections, Cisco responds as follows:

Cisco incorporates by reference its response to Arista's Interrogatory No. 5 as if fully set forth herein. Because the burden of identifying the information sought by this interrogatory is the same for Arista as it is for Cisco, pursuant to Fed. R. Civ. P. 33(d), Cisco identifies the following documents as containing responsive information:

IOS v. 11.0: Source Code, CSI-CLI-00403865, CSI-CLI-00356391 - CSI-CLI-00356394, CSI-CLI-00356395 - CSI-CLI-00356398.

IOS v. 11.1: Source Code, CSI-CLI-00403866, CSI-CLI-00356385 - CSI-CLI-00356388, CSI-CLI-00356588 - CSI-CLI-00356591, CSI-CLI-00356500 - CSI-CLI-00356501, CSI-CLI-00356562 - CSI-CLI-00356563.

IOS v. 11.2: Source Code, CSI-CLI-00403867, CSI-CLI-00356578 - CSI-CLI-00356581, CSI-CLI-00356496 - CSI-CLI-00356499.

IOS v. 11.3: Source Code, CSI-CLI-00403868, CSI-CLI-00356538 - CSI-CLI-00356541, CSI-CLI-00356446 - CSI-CLI-00356549, CSI-CLI-00356582 - CSI-CLI-00356587, CSI-CLI-00356576 - CSI-CLI-00356577.

IOS v. 12.0: Source Code, CSI-CLI-00403869, CSI-CLI-00356520 - CSI-CLI-00356523, CSI-CLI-00356516 - CSI-CLI-00356519, CSI-CLI-00356550 - CSI-CLI-00356555, CSI-CLI-00356484 - CSI-CLI-00356485.

IOS v. 12.1: Source Code, CSI-CLI-00403870, CSI-CLI-00356512 - CSI-CLI-00356515, CSI-CLI-00356572 - CSI-CLI-00356575, CSI-CLI-00356490 - CSI-CLI-00356495, CSI-CLI-00356506 - CSI-CLI-00356507.

IOS v. 12.2: Source Code, CSI-CLI-00403871, CSI-CLI-00356508 - CSI-CLI-00356511, CSI-CLI-00356506 - CSI-CLI-00356508, CSI-CLI-00356556 - CSI-CLI-00356561, CSI-CLI-00356536 - CSI-CLI-00356537.

IOS v. 12.3: Source Code, CSI-CLI-00403872, CSI-CLI-00403874, CSI-CLI-00356524 - CSI-CLI-00356527,  CSI-CLI-00356542 - CSI-CLI-00356545.

IOS v. 12.4: Source Code, CSI-CLI-00403873, CSI-CLI-00356486 - CSI-CLI-00356489, CSI-CLI-00356705 - CSI-CLI-00356705.

IOS v. 15.0: Source Code, CSI-CLI-00054598 – CSI-CLI-00074027, CSI-CLI-00216957 – CSI-CLI-00217612, CSI-CLI-00223197 – CSI-CLI-00224078, CSI-CLI-00226300 – CSI-CLI-00226709, CSI-CLI-00267773 – CSI-CLI-00268938, CSI-CLI-00271385 – CSI-CLI-00271914, CSI-CLI-00274107 – CSI-CLI-00274387, CSI-CLI-00275376 – CSI-CLI-00276837, CSI-CLI-00314732 – CSI-CLI-00314943, CSI-CLI-00316210 – CSI-CLI-00317412, CSI-CLI-00317634 – CSI-CLI-00317847, CSI-CLI-00318351 – CSI-CLI-00318532, CSI-CLI-00319252 – CSI-CLI-00321189, CSI-CLI-00324036 – CSI-CLI-00324389, CSI-CLI-00325497 – CSI-CLI-00325713, CSI-CLI-00332893 – CSI-CLI-00345450, CSI-CLI-00348572 – CSI-CLI-00348689, CSI-CLI-00350066 – CSI-CLI-00351948, CSI-CLI-00356480 - CSI-CLI-00356483, CSI-CLI-00356564 - CSI-CLI-00356567.

1        IOS v. 15.1: Source Code, CSI-CLI-00034689 – CSI-CLI-00054565, CSI-CLI-00223197 –

2   CSI-CLI-00224078, CSI-CLI-00226300 – CSI-CLI-00226414, CSI-CLI-00226710 – CSI-CLI-

3   00227953, CSI-CLI-00267773 – CSI-CLI-00268938, CSI-CLI-00314422 – CSI-CLI-00314731,

4   CSI-CLI-00314944 – CSI-CLI-00316209, CSI-CLI-00317413 – CSI-CLI-00317633, CSI-CLI-

5   00317848 – CSI-CLI-00318350, CSI-CLI-00318533 – CSI-CLI-00319251, CSI-CLI-00319765 –

6   CSI-CLI-00325376, CSI-CLI-00325497 – CSI-CLI-00325713, CSI-CLI-00333135 – CSI-CLI-

7   00333809, CSI-CLI-00337967 – CSI-CLI-00338200, CSI-CLI-00338481 – CSI-CLI-00338696,

8   CSI-CLI-00338941 – CSI-CLI-00339290, CSI-CLI-00345451 – CSI-CLI-00354832, CSI-CLI-

9   00356502 - CSI-CLI-00356505, CSI-CLI-00356532 - CSI-CLI-00356535.

10        IOS v. 15.2: Source Code, CSI-CLI-00024968 – CSI-CLI-00034688, CSI-CLI-00074028 –

11   CSI-CLI-00074113, CSI-CLI-00091773 – CSI-CLI-00091888, CSI-CLI-00098678 – CSI-CLI-

12   00099910, CSI-CLI-00101493 – CSI-CLI-00101653, CSI-CLI-00102320 – CSI-CLI-00102428,

13   CSI-CLI-00102615 – CSI-CLI-00102827, CSI-CLI-00104206 – CSI-CLI-00104306, CSI-CLI-

14   00105599 – CSI-CLI-00105706, CSI-CLI-00106165 – CSI-CLI-00106403, CSI-CLI-00107100 –

15   CSI-CLI-00107198, CSI-CLI-00108121 – CSI-CLI-00110637, CSI-CLI-00142102 – CSI-CLI-

16   142151, CSI-CLI-00145892 – CSI-CLI-00145912, CSI-CLI-00146305 – CSI-CLI-00146361,

17   CSI-CLI-00146494 – CSI-CLI-00146672, CSI-CLI-00150117 – CSI-CLI-00150301, CSI-CLI-

18   00151700 – CSI-CLI-00151794, CSI-CLI-00153045 – CSI-CLI-00154056, CSI-CLI-00154957 –

19   CSI-CLI-00154967, CSI-CLI-00161254 – CSI-CLI-00161264, CSI-CLI-00162423 – CSI-CLI-

20   00162433, CSI-CLI-00162764 – CSI-CLI-00163054, CSI-CLI-00163297 – CSI-CLI-00163575,

21   CSI-CLI-00163892 – CSI-CLI-00163997, CSI-CLI-00167730 – CSI-CLI-00168576, CSI-CLI-

22   00168785 – CSI-CLI-00170897, CSI-CLI-00171210 – CSI-CLI-00171263, CSI-CLI-00173118 –

23   CSI-CLI-00173146, CSI-CLI-00227954 – CSI-CLI-00228224, CSI-CLI-00236536 – CSI-CLI-

24   00237167, CSI-CLI-00237495 – CSI-CLI-00239781, CSI-CLI-00241096 – CSI-CLI-00248137,

25   CSI-CLI-00276838 – CSI-CLI-00288213, CSI-CLI-00288322 – CSI-CLI-00289855, CSI-CLI-

26   00292982 – CSI-CLI-00294561, CSI-CLI-00356528 - CSI-CLI-00356531, CSI-CLI-00356697 -

27   CSI-CLI-00356700.

28

IOS v. 15.4: Source Code, CSI-CLI-00074114 – CSI-CLI-00091772, CSI-CLI-00091889 – CSI-CLI-00098677, CSI-CLI-00217613 – CSI-CLI-00223196 – CSI-CLI-00224078,  CSI-CLI-00224079 – CSI-CLI-00226299, CSI-CLI-00276838 – CSI-CLI-00277169, CSI-CLI-00289856 – CSI-CLI-00310345, CSI-CLI-00325714 – CSI-CLI-00332892, CSI-CLI-00356657 - CSI-CLI-00356660, CSI-CLI-00356653 - CSI-CLI-00356656.

IOS XR v. 3.0: Source Code, CSI-CLI-00359263 – CSI-CLI-00362850, CSI-CLI-00356665 - CSI-CLI-00356668, CSI-CLI-00356618 - CSI-CLI-00356621.

IOS XR v. 3.2: Source Code, CSI-CLI-00362851 – CSI-CLI-00370474, CSI-CLI-00356661 - CSI-CLI-00356664, CSI-CLI-00356701 - CSI-CLI-00356704.

IOS XR v. 3.3: Source Code, CSI-CLI-00370475 – CSI-CLI-00380671, CSI-CLI-00356689 - CSI-CLI-00356692, CSI-CLI-00356642 - CSI-CLI-00356645.

IOS XR v. 3.4: Source Code, CSI-CLI-00380672 – CSI-CLI-00389727, CSI-CLI-00356634 - CSI-CLI-00356637, CSI-CLI-00356638 - CSI-CLI-00356641.

IOS XR v. 3.5: Source Code, CSI-CLI-00389728 – CSI-CLI-00403864, CSI-CLI-00356685 - CSI-CLI-00356688, CSI-CLI-00356614 - CSI-CLI-00356617.

IOS XR v. 4.3: Source Code, CSI-CLI-00099911 – CSI-CLI-00101492, CSI-CLI-00101654 – CSI-CLI-00102319, CSI-CLI-00102429 – CSI-CLI-00102614, CSI-CLI-00102828 – CSI-CLI-00104205, CSI-CLI-00104307 – CSI-CLI-00105598, CSI-CLI-00105707 – CSI-CLI-00106164, CSI-CLI-00106404 – CSI-CLI-00107099, CSI-CLI-00107199 – CSI-CLI-00108120, CSI-CLI-00102732 – CSI-CLI-00127155, CSI-CLI-00137956 – CSI-CLI-00142101, CSI-CLI-00142214 - CSI-CLI-00142101 – CSI-CLI-00143091, CSI-CLI-00143160 – CSI-CLI-00145891, CSI-CLI-00145913 – CSI-CLI-00146304, CSI-CLI-00146362 – CSI-CLI-00146493, CSI-CLI-00146673 – CSI-CLI-00150166, CSI-CLI-00150302 – CSI-CLI-00151699, CSI-CLI-00151795 – CSI-CLI-00153044, CSI-CLI-00154057 – CSI-CLI-00154956, CSI-CLI-00154968 – CSI-CLI-00161253, CSI-CLI-00161265 – CSI-CLI-00162422, CSI-CLI-00162434 – CSI-CLI-00162763, CSI-CLI-00163998 – CSI-CLI-00167729, CSI-CLI-00168577 – CSI-CLI-00168784, CSI-CLI-00170898 – CSI-CLI-00171209, CSI-CLI-00171264 – CSI-CLI-00173117, CSI-CLI-00173147 –

CSI-CLI-00173412, CSI-CLI-00356681 - CSI-CLI-00356684, CSI-CLI-00356649 - CSI-CLI-00356652.

IOS XR v. 5.2: Source Code, CSI-CLI-00110638 – CSI-CLI-00123731, CSI-CLI-00127156 – CSI-CLI-00137955, CSI-CLI-00142152 – CSI-CLI-00142213, CSI-CLI-00143092 – CSI-CLI-00143159, CSI-CLI-00163055 – CSI-CLI-00163296, CSI-CLI-00163576 – CSI-CLI-00163891, CSI-CLI-00189310 – CSI-CLI-00191711, CSI-CLI-00356626 - CSI-CLI-00356629, CSI-CLI-00356602 - CSI-CLI-00356605.

IOS XE v. 2.1: Source Code, CSI-CLI-00229755 – CSI-CLI-00236535, CSI-CLI-00268939 – CSI-CLI-00271384, CSI-CLI-00271915 – CSI-CLI-00274106, CSI-CLI-00274388 – CSI-CLI-00276837, CSI-CLI-00313895 – CSI-CLI-00314421, CSI-CLI-00325377 – CSI-CLI-00325496, CSI-CLI-00356693 - CSI-CLI-00356696, CSI-CLI-00356606 - CSI-CLI-00356609.

IOS XE v. 3.5: Source Code, CSI-CLI-00180764 – CSI-CLI-00189309, CSI-CLI-00228225 – CSI-CLI-00229754, CSI-CLI-00236536 – CSI-CLI-00236768, CSI-CLI-00237168 – CSI-CLI-00237494, CSI-CLI-00237785 – CSI-CLI-00237793, CSI-CLI-00239782 – CSI-CLI-00241095, CSI-CLI-00248138 – CSI-CLI-00267772, CSI-CLI-00277170 – CSI-CLI-00277359, CSI-CLI-00288214 – CSI-CLI-00288321, CSI-CLI-00288673 – CSI-CLI-00289121, CSI-CLI-00310346 – CSI-CLI-00313894, CSI-CLI-00356610 - CSI-CLI-00356613, CSI-CLI-00356630 - CSI-CLI-00356633.

NX-OS v. 4.0: Source Code, CSI-CLI-00054566 – CSI-CLI-00054597, CSI-CLI-00191712 – CSI-CLI-00192226, CSI-CLI-00202929 – CSI-CLI-00207082, CSI-CLI-00356646 - CSI-CLI-00356648, CSI-CLI-00356622 - CSI-CLI-00356625.

NX-OS v. 5.0: Source Code, CSI-CLI-00173413 – CSI-CLI-00176459, CSI-CLI-00196923 – CSI-CLI-00197194, CSI-CLI-00197411 – CSI-CLI-00197600, CSI-CLI-00199585 – CSI-CLI-00200362, CSI-CLI-00201361 – CSI-CLI-00201380, CSI-CLI-00201823 – CSI-CLI-00201848, CSI-CLI-00207083 – CSI-CLI-00212262, CSI-CLI-00216926 – CSI-CLI-00216955, CSI-CLI-00356599 - CSI-CLI-00356601, CSI-CLI-00356677 - CSI-CLI-00356680.

NX-OS v. 5.2: Source Code, CSI-CLI-00176460 – CSI-CLI-00178217, CSI-CLI-00196489 – CSI-CLI-00196922, CSI-CLI-00197195 – CSI-CLI-00197410, CSI-CLI-00197601 –

1  CSI-CLI-00199584, CSI-CLI-00200363 – CSI-CLI-00201360, CSI-CLI-00201381 – CSI-CLI-

2  00201822, CSI-CLI-00201849 – CSI-CLI-00202928, CSI-CLI-00356596 - CSI-CLI-00356598,

3  CSI-CLI-00356673 - CSI-CLI-00356676.

4       NX-OS v. 6.2: Source Code, CSI-CLI-00178218 – CSI-CLI-00180763, CSI-CLI-

5  00192227 – CSI-CLI-00196488, CSI-CLI-00212263 – CSI-CLI-00216925, CSI-CLI-00356593 -

6  CSI-CLI-00356595, CSI-CLI-00356669 - CSI-CLI-00356672.

7       Cisco's discovery efforts in this case are ongoing, and Cisco reserves the right to further

8  supplement this response in light of facts learned during discovery.

9

10

11  **INTERROGATORY NO. 17:**

12       Identify each and every document in your possession relating to any non-Cisco CLI,

13  including the custodian of each document and how Cisco came to be in possession of each

14  document.

15

16  **RESPONSE TO INTERROGATORY NO. 17:**

17       Cisco incorporates by reference its General Objections as though fully set forth herein.

18  Cisco further objects to this interrogatory as irrelevant and not calculated to lead to the discovery

19  of admissible evidence to the extent it (1) calls for evidence pertaining to products of third parties

20  not at issue in this suit, (2) seeks information not relevant to the copyrightability of Cisco's works-

21  in-suit, and (3) seeks information regarding acts not at issue in this suit.  Cisco also objects to this

22  interrogatory on the grounds that it is overly broad and unduly burdensome to the extent that it is

23  not limited in time or in any other way.  Cisco also objects to this interrogatory as undefined,

24  vague, ambiguous, overbroad, and unduly burdensome in its use of the terms "non-Cisco CLI" and

25  "came to be in possession."  Cisco further objects to this interrogatory to the extent that it calls for

26  information that is publicly available or equally available to Arista, and therefore is of no greater

27  burden for Arista to obtain than for Cisco to obtain.  Cisco also objects to this interrogatory to the

28  extent that it is cumulative and duplicative of other discovery sought by Arista, including at least

1  Interrogatory Nos. 8 and 10.  Cisco further objects to this interrogatory to the extent it seeks

2  information that is protected by the attorney-client privilege, that constitutes attorney work-

3  product, or that is protected by any other applicable privilege, protection, or immunity, including

4  without limitation in connection with the common interest doctrine.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   DATED:  August 27, 2015                    Respectfully submitted,

2

3                                               /s/ Sean S. Pak

4                                               Kathleen Sullivan (SBN 242261)
                                                kathleensullivan@quinnemanuel.com
5                                               QUINN EMANUEL URQUHART &
                                                SULLIVAN LLP
6                                               51 Madison Avenue, 22nd Floor
                                                New York, NY 10010
7                                               Telephone: (212) 849-7000
                                                Facsimile: (212) 849-7100

8                                               Sean S. Pak (SBN 219032)
                                                seanpak@quinnemanuel.com
9                                               John M. Neukom (SBN 275887)
                                                johnneukom@quinnemanuel.com.
10                                              QUINN EMANUEL URQUHART &
                                                SULLIVAN LLP
11                                              50 California Street, 22nd Floor
                                                San Francisco, CA 94111
12                                              Telephone: (415) 875-6600
                                                Facsimile: (415) 875-6700

13

14                                              Mark Tung (SBN 245782)
                                                marktung@quinnemanuel.com
15                                              QUINN EMANUEL URQUHART &
                                                SULLIVAN LLP
                                                555 Twin Dolphin Drive, 5th Floor
16                                              Redwood Shores, CA 94065
                                                Telephone: (650) 801-5000
17                                              Facsimile: (650) 801-5100

18                                              Steven Cherny (admitted *pro hac vice*)
                                                steven.cherny@kirkland.com
19                                              KIRKLAND & ELLIS LLP
                                                601 Lexington Avenue
20                                              New York, New York 10022
                                                Telephone: (212) 446-4800
21                                              Facsimile: (212) 446-4900

22                                              Adam R. Alper (SBN 196834)
                                                adam.alper@kirkland.com
23                                              KIRKLAND & ELLIS LLP
                                                555 California Street
24                                              San Francisco, California  94104
                                                Telephone: (415) 439-1400
25                                              Facsimile: (415) 439-1500

26                                              Michael W. De Vries (SBN 211001)
                                                michael.devries@kirkland.com
27                                              KIRKLAND & ELLIS LLP
                                                333 South Hope Street
28                                              Los Angeles, California 90071

Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

1

**PROOF OF SERVICE**

2        I hereby certify that, at the date entered below and per the agreement of the parties, I

3  caused a true and correct copy of the foregoing to be served via email to the email addresses

4  below:

5        Juanita R. Brooks              Brian L. Ferrall

        brooks@fr.com               blf@kvn.com

6        Fish & Richardson P.C.        Michael S. Kwun

        12390 El Camino Real         mkwun@kvn.com

7        San Diego, CA 92130-2081     David J. Silbert

                                       djs@kvn.com

8        Kelly C. Hunsaker           Robert Van Nest

9        hunsaker@fr.com            rvannest@kvn.com

        Fish & Richardson PC         Keker & Van Nest LLP

10       500 Arguello Street, Suite 500    633 Battery Street

11       Redwood City, CA 94063       San Francisco, CA 94111-1809

12       Ruffin B. Cordell

        cordell@fr.com

13       Lauren A. Degnan

        degnan@fr.com

14       Michael J. McKeon

        mckeon@fr.com

15       Fish & Richardson PC

        1425 K Street NW

16       11th Floor

17       Washington, DC 20005

18

19        I declare under penalty of perjury that the foregoing is true and correct.  Executed on

20  August 27, 2015, at Berkeley, California.

21                                 */s/ Matthew D. Cannon*

22                                 Matthew D. Cannon

23

24

25

26

27

28