| | |
|---|---|
| Kathleen Sullivan (SBN 242261) | Steven Cherny (admitted *pro hac vice*) |
| kathleensullivan@quinnemanuel.com | steven.cherny@kirkland.com |
| QUINN EMANUEL URQUHART &SULLIVAN LLP | KIRKLAND & ELLIS LLP |
| 51 Madison Avenue, 22nd Floor | 601 Lexington Avenue |
| New York, NY 10010 | New York, New York 10022 |
| Telephone: (212) 849-7000 | Telephone: (212) 446-4800 |
| Facsimile: (212) 849-7100 | Facsimile: (212) 446-4900 |
| | Adam R. Alper (SBN 196834) |
| Sean S. Pak (SBN 219032) | adam.alper@kirkland.com |
| seanpak@quinnemanuel.com | KIRKLAND & ELLIS LLP |
| John M. Neukom (SBN 275887) | 555 California Street |
| johnneukom@quinnemanuel.com | San Francisco, California 94104 |
| QUINN EMANUEL URQUHART &SULLIVAN LLP | Telephone: (415) 439-1400 |
| 50 California Street, 22nd Floor | Facsimile: (415) 439-1500 |
| San Francisco, CA 94111 | Michael W. De Vries (SBN 211001) |
| Telephone: (415) 875-6600 | michael.devries@kirkland.com |
| Facsimile: (415) 875-6700 | KIRKLAND & ELLIS LLP |
| | 333 South Hope Street |
| Mark Tung (SBN 245782) | Los Angeles, California 90071 |
| marktung@quinnemanuel.com | Telephone: (213) 680-8400 |
| QUINN EMANUEL URQUHART &SULLIVAN LLP | Facsimile: (213) 680-8500 |
| 555 Twin Dolphin Drive, 5th Floor | |
| Redwood Shores, CA 94065 | |
| Telephone: (650) 801-5000 | |
| Facsimile: (650) 801-5100 | |

*Attorneys for Plaintiff CISCO SYSTEMS, INC.*

ROBERT A. VAN NEST (SBN 84065)
rvannest@kvn.com
BRIAN L. FERRALL (SBN 160847)
bferrall@kvn.com
DAVID SILBERT (SBN 173128)
dsilbert@kvn.com
MICHAEL S. KWUN (SBN 198945)
mkwun@kvn.com
AJAY S. KRISHNAN (SBN 222476)
akrishnan@kvn.com
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

*Attorneys for Defendant ARISTA NETWORKS, INC.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., | CASE NO. 5:14-cv-05344-BLF |
| Plaintiff, | **JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT UNDER PATENT LOCAL RULE 4-3** |
| v. | |
| ARISTA NETWORKS, INC., | |
| Defendant. | |

Pursuant to Patent Local Rule 4-3 and the Court's Scheduling Order, Plaintiff Cisco Systems, Inc. ("Cisco") and Defendant Arista Networks, Inc. ("Arista") hereby submit this Joint Claim Construction and Prehearing Statement regarding U.S. Patent Nos. 7,047,526 ("the '526 patent") and 7,953,886 ("the '886 patent") .

I.  **CONSTRUCTION OF THOSE CLAIM TERMS, PHRASES, OR CLAUSES ON WHICH THE PARTIES AGREE**

The Parties have met and conferred and have narrowed the number of disputed terms.  The remaining disputed terms are set forth herein.

II. **EACH PARTY'S PROPOSED CONSTRUCTION OF EACH DISPUTED CLAIM TERM, PHRASE, OR CLAUSE, TOGETHER WITH AN IDENTIFICATION OF INTRINSIC AND OTHER EVIDENCE**

Exhibits A and B, attached hereto, identify the disputed claim terms.  Exhibit A contains Cisco's proposed constructions for each disputed claim term and intrinsic and other evidence in support; Exhibit B contains Arista's proposed constructions for each disputed claim term and intrinsic and other evidence in support.

III. **MOST SIGNIFICANT TERMS**

The parties identify the following ten claim terms, or groups of claim terms, as the most significant at this time to resolution of the case.  Where the parties have listed groups of claim terms, the parties believe there is a single dispute that will resolve construction of the grouped claim terms:

**'526 Patent**

1. "management programs" (claims 1, 10, 14, and 23) (claim dispositive);
2. "generic command" (claims 1, 2, 5, 6, 8, 10, 13, 14, 15, 18, 19, 21, 23, and 26) (claim dispositive);

1

**'886 Patent**

3. "wherein the input command is configured in an extensible markup language (XML) format having a CLI syntax with CLI keywords sequenced according to configuration rules for CLI commands" (claims 1 and 6);

4. "receiving, with a command line interface (CLI) parser" (claims 1, 2, 4, 7, and 9).

### A.   Cisco's Further Identification of Terms

Cisco further identifies the following terms as most significant:

1. "extensible markup language (XML)" (claims 1 and 6);

2. "command parse tree" (claims 1-3, 10-12, 14-16);

3. "parsing the output message to identify at least one CLI token" (claims 1 and 6).

### B.   Arista's Further Identification of Terms

Arista further identifies the following terms as most significant:

**'526 Patent**

1. "the command parse tree having elements each specifying at least one corresponding generic command component and a corresponding at least one command action value" (claims 1-26);

2. "the validating step including identifying one of the elements as a best match relative to the generic command" (claims 1-26);

3. "recursively traversing the command parse tree based on an order of the input command words" (claims 3-7, 12-13, 16-20).

## IV.   THE ANTICIPATED LENGTH OF TIME NECESSARY FOR THE CLAIM CONSTRUCTION HEARING

Should the Court order a separate hearing on claim construction, the parties believe that at least four hours will be necessary.

## V.   POSSIBLE WITNESSES AT THE CLAIM CONSTRUCTION HEARING

### A.   Cisco's Position

2

Should the Court order a separate hearing on claim construction, Cisco may call Professor Kevin C Almeroth.[1]  With respect to each disputed term, Cisco may provide testimony from the disclosed expert to provide tutorial background regarding the technology at issue, to address the meaning and subject matter of the asserted patent claims as they would be understood by those of ordinary skill in the art at the time any patents were filed, to address the proper construction of various claim terms in light of the intrinsic and extrinsic evidence and/or the meaning of the term to one of ordinary skill in the art, to rebut claim construction positions taken by Arista and/or any of its experts, and to otherwise assist the Court.  Prof. Almeroth's testimony may include opinions on the level of ordinary skill in the art; on "extensible markup language (XML)," where Prof. Almeroth may opine that Cisco's construction is appropriate in light of the intrinsic and extrinsic evidence and that the term, as used in the '886 patent and recited in the claims, should not be limited to "one of the versions of the XML standard published by the W3C organization," as proposed by Arista; and on "parsing the output message to identify at least one CLI token," where Prof. Almeroth may opine that in light of the intrinsic and extrinsic evidence, one of ordinary skill in the art would understand "one CLI token" to mean "one unit of CLI characters in a sequence," as proposed by Cisco, and not necessarily "correspond[ing] to a CLI keyword or parameter," as proposed by Arista.  Professor Almeroth's testimony may also rebut Arista's anticipated arguments that "generic command" and "the validating step including identifying one of the elements as a best match relative to the generic command" are indefinite to one of ordinary skill in the art.

B.     Arista's Position

Arista hereby objects to Cisco's proposed expert witness, Kevin Almeroth.  In its Exchange of Preliminary Claim Constructions and Extrinsic Evidence, Cisco did not identify any particular opinions—or even any claim terms—to which Professor Almeroth would testify.  *See* Patent L.R. 4-2 (requiring a "listing of any opinions" to be rendered by an expert).  Rather, Cisco

---

[1] Cisco disclosed its intent to rely on testimony from Professor Almeroth as claim construction evidence in its Patent Rule 4-2(b) disclosure.

3

asserted broadly that its expert may testify at the claim construction hearing or provide tutorial information, without disclosing any specific opinions.  Arista therefore objected to Professor Almeroth during the meet-and-confer period, and Cisco then provided the above disclosure, which identifies three broad topics that Professor Almeroth may testify about, but again, does not disclose any specific opinions.  Accordingly, Arista objects to the use of any testimony from Professor Almeroth, but reserves its right, should Cisco be permitted to rely on testimony from Professor Almeroth, to provide testimony of a rebuttal expert on the same subject matter.

## VI.    CONSTRUCTION OF THE CLAIM TERM "INTERNETWORK OPERATING SYSTEM (IOS) COMMAND LINE INTERFACE (CLI) PARSER SUBSYSTEM"

### A.    Cisco's Position

The term "internetwork operating system (IOS) command line interface (CLI) parser subsystem" appears in claims 2, 4, 7, and 9 of the '886 patent, which were added in Cisco's supplemental infringement contentions dated Sept. 11, 2015.[2]  Cisco timely supplemented its infringement contentions to disclose its infringement theories with respect to claims 2-4 and 7-9 of the '886 patent.  The factual basis for Cisco's infringement theories with respect to these claims is derived primarily from Cisco's review of Arista's source code, which was not made available by Arista until after the infringement contentions were initially due on June 4, 2015.  Therefore, Cisco had good cause to supplement its infringement contentions to assert claims 2-4 and 7-9.  Additionally, in anticipation of evidence of infringement that may be found during Cisco's source code review, the disputed term itself was timely disclosed in Cisco's Patent L.R. 4-1 and 4-2 disclosures.  Therefore, Arista has been properly placed on notice that this term is at issue.

---

[2]  At the same time, pursuant to Patent L.R. 4-2(c), and in an effort to narrow the number of claim terms in dispute in advance of the Joint Claim Construction and Prehearing Statement and to streamline the case, Cisco dropped claims 11 and 15.

4

### B. Arista's Position

Arista hereby objects to Cisco's identification of the term "internetwork operating system (IOS) command line interface (CLI) parser subsystem" for claim construction. The term is not present in any of the claims that Cisco has properly alleged that Arista infringes. Rather, the term appears in claims 2, 4, 7, and 9 of the '886 Patent. Cisco made no mention of these claims until one week before the due date for this Statement, when Cisco listed six new claims in exhibits that accompanied its amended infringement contentions.[3] These six new claims—which Cisco unilaterally added without seeking leave from the Court and without conferring with Arista—are not and should not be part of the case. Therefore, while Arista proposes a construction of "internetwork operating system (IOS) command line interface (CLI) parser subsystem" so as not to waive the issue, Arista objects to the construction of the term.

---

[3] The parties mutually agreed that Cisco would amend its infringement contentions to provide further detail about the existing claims. Neither party mentioned using the amended contentions as a vehicle for asserting additional claims.

5

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED: Sept. 18, 2015 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
|  | By: */s/ Mark Tung* |

| | |
|---|---|
| Steven Cherny | Kathleen Sullivan (SBN 242261) |
| (admitted *pro hac vice*) | kathleensullivan@quinnemanuel.com |
| steven.cherny@kirkland.com | QUINN EMANUEL URQUHART &SULLIVAN LLP |
| KIRKLAND & ELLIS LLP | 51 Madison Avenue, 22nd Floor |
| 601 Lexington Avenue | New York, NY 10010 |
| New York, New York 10022 | Telephone: (212) 849-7000 |
| Telephone: (212) 446-4800 | Facsimile: (212) 849-7100 |
| Facsimile: (212) 446-4900 | |
| | Sean S. Pak (SBN 219032) |
| Adam R. Alper (SBN 196834) | seanpak@quinnemanuel.com |
| adam.alper@kirkland.com | John M. Neukom (SBN 275887) |
| KIRKLAND & ELLIS LLP | johnneukom@quinnemanuel.com |
| 555 California Street | QUINN EMANUEL URQUHART &SULLIVAN LLP |
| San Francisco, California 94104 | 50 California Street, 22nd Floor |
| Telephone: (415) 439-1400 | San Francisco, CA 94111 |
| Facsimile: (415) 439-1500 | Telephone: (415) 875-6600 |
| | Facsimile: (415) 875-6700 |
| Michael W. De Vries (SBN 211001) | |
| michael.devries@kirkland.com | Mark Tung (SBN 245782) |
| KIRKLAND & ELLIS LLP | marktung@quinnemanuel.com |
| 333 South Hope Street | QUINN EMANUEL URQUHART &SULLIVAN LLP |
| Los Angeles, California 90071 | 555 Twin Dolphin Drive, 5th Floor |
| Telephone: (213) 680-8400 | Redwood Shores, CA 94065 |
| Facsimile: (213) 680-8500 | Telephone: (650) 801-5000 |
| | Facsimile: (650) 801-5100 |
| | |
| | *Attorneys for Plaintiff Cisco Systems, Inc.* |

DATED: Sept. 18, 2015          Respectfully submitted,


By  /s/ Ajay S. Krishnan
ROBERT A. VAN NEST (SBN 84065)
rvannest@kvn.com
BRIAN L. FERRALL (SBN 160847)
bferrall@kvn.com
DAVID SILBERT (SBN 173128)
dsilbert@kvn.com
MICHAEL S. KWUN (SBN 198945)
mkwun@kvn.com
AJAY S. KRISHNAN (SBN 222476)
akrishnan@kvn.com
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Defendant ARISTA NETWORKS, INC.

7

CASE NO. 5:14-cv-05344-BLF
JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT UNDER PATENT LOCAL RULE 4-3

990264.01

**CERTIFICATION OF CONCURRENCE FROM ALL SIGNATORIES**

I, David J. Rosen, am the ECF user whose ID and password are being used to file this Motion to Dismiss. In compliance with N.D. Cal. Civ. L.R. 5-1(i)(3), I hereby attest that I have obtained the concurrence of each signatory to this document.

> */s/ David J. Rosen*
> DAVID J. ROSEN