Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Mark Tung (SBN 245782)
marktung@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven Cherny *(admission pro hac vice pending)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ARISTA NETWORKS, INC., <br><br> Defendant. | CASE NO. 5:14-cv-5344-BLF <br><br> **CISCO'S OPPOSITION TO ARISTA'S MOTION TO SHORTEN TIME ON BRIEFING AND HEARING SCHEDULE FOR ARISTA'S MOTION TO COMPEL INTERROGATORY RESPONSES** <br><br> Date Filed:    December 5, 2014 <br><br> **DEMAND FOR JURY TRIAL** |

After failing to meet and confer in good faith and refusing to discuss with Cisco the burden and marginal relevance of the discovery at issue in Arista's Motion to Compel, Arista now seeks to further burden both the Court and the parties with a baseless Motion to Shorten Time. Defendant Arista Networks, Inc. ("Arista") blatantly and systematically copied Plaintiff Cisco Systems, Inc. ("Cisco")'s copyrighted command-line interface ("CLI"), popularized in Cisco's market-leading network devices, and technical documentation, right down to the typos. Indeed, internal Arista documents produced in this action leave no doubt about Arista's intentional, systematic duplication of Cisco's CLI to compete directly and unfairly against Cisco using Cisco's own copyrighted works and technology. Not surprisingly, Arista would prefer that this case be about anything other than its deliberate copying of Cisco's intellectual property. Arista's Motion to Compel Interrogatory Responses (Dkt. 66) and related Motion to Shorten Time (Dkt. 69) represent an attempt to divert attention from its willful copyright (and patent) infringement. There is no basis to expedite resolution of Arista's Motion to Compel Interrogatory Responses (Dkt. 66), which never should have been filed in the first place, and Cisco respectfully requests that Arista's Motion to Shorten Time be denied.

As Cisco's opposition to Arista's Motion to Compel will lay out in greater detail, the granular information sought by Arista is not relevant. Cisco is not alleging that Arista merely copied a series of command expressions made up of a few words each. Rather, as Cisco alleged and as Arista's documents make clear, Arista copied the entire user experience of Cisco's IOS so that Arista could target Cisco's customers. Arista's wholesale copying of Cisco's CLI includes not only command expressions, but also the arrangement of those command expressions, command modes and prompts, command responses, and product documentation. Arista's focus on individual command expressions ignores the breadth of Arista's copying and the substance of Cisco's allegations.

Arista also mischaracterizes both its discovery requests and the course of the parties' communications in filing the instant Motion to Shorten Time and its underlying Motion to Compel. Arista improperly seeks onerous discovery that reflects a distortion of copyright law, demanding an exhausting investigation in addition to the reasonable supplementation that Cisco

has already agreed to provide.  *See* Cannon Decl. Ex. 1.  More specifically, Arista seeks an order forcing Cisco to investigate and identify ***thousands*** of individual pieces of information, including the names of every Cisco engineer who worked on each of the hundreds of elements of Cisco's copyrighted works that Arista deliberately copied.[1]  *See, e.g.*, Dkt. 66 at 9-11.  The information sought by Arista is not "fundamental bibliographic information."  To the contrary, identifying the information sought by Arista would be extremely burdensome for Cisco, and Arista has not justified the burden of identifying the information it seeks.  Nevertheless, Cisco was (and remains) willing to provide the vast majority of the information sought by Arista—the relevance of the remainder being far outweighed by its burden.  Arista did not become aware of Cisco's position, however, because it did not complete the meet-and-confer process before filing its Motion to Compel.

Arista has been unwilling to discuss the burden this discovery would impose or any analysis of its proportionality.  In fact, when the parties met and conferred on Tuesday, September 15, 2015, counsel for Arista refused to discuss the burden that identifying thousands of individual pieces of information would entail, the information that Cisco could reasonably provide in a supplemental response, or the (at best) marginal relevance of any additional information.  *See* Cannon Decl. Ex. 1 at 1-2.  Instead, counsel for Arista insisted that the parties discuss the motions to compel and shorten time that Arista has now filed.  *See id.*  Arista's rush to the courthouse does not warrant briefing its Motion to Compel on an expedited schedule.

Even if Arista's underlying Motion to Compel had merit—which it does not—Arista certainly has not explained why it must be heard on an expedited basis.  Arista did not identify a single case deadline that would be threatened if its motion was heard on the ordinary calendar.  Even if this Court denies Arista's Motion to Shorten Time, as it should, Arista's underlying

---

[1]  Arista asserts that what it wants to know is "who is the author" of Cisco's copyrighted works, but that information was included in Cisco's copyright registration certificates produced with Cisco's complaint.  What Arista actually wants to know is the name of every employee who worked on Cisco's works, which is a far more burdensome request with no direct relevance to the issues in this case.

1  Motion to Compel is calendared to be heard on October 27, 2015—*four months* before the close
2  of fact discovery.  *See* Dkt. 51 at 2.  And Arista did not attempt to explain why that timing would
3  be insufficient to complete any appropriate fact discovery if it were to succeed on its Motion to
4  Compel.  Indeed, Arista has not sought either a 30(b)(6) corporate deposition on the topics in
5  question or a deposition of the senior engineer that Cisco has identified as a person most
6  knowledgeable about the information requested by those interrogatories.  There is no emergency
7  to warrant an expedited motion where Arista has declined to obtain information from available
8  sources.  In other words, Arista has failed to offer any legally cognizable reason why its Motion to
9  Compel should be heard on an expedited basis.  Arista's failure to identify "the substantial harm or
10 prejudice that would occur if the Court did not change the time" is fatal to its motion.  *See* Civil
11 L.R. 6-3(a)(3).

12        Arista's request that its Motion to Compel be heard on an expedited basis is also
13 inconsistent with Arista's own conduct in this matter.  First, Arista has repeatedly failed to provide
14 information and documents requested by Cisco, including interrogatories that seek information
15 regarding the development of Arista's accused products and their infringing functionality.  Arista
16 claims that such requests are too burdensome, and that more time is required for Arista to respond.
17 *See, e.g.*, Cannon Decl. Ex. 2 at 23 ("If Cisco insists on accusing over 500 different CLI
18 commands in this litigation, it must provide a reasonable amount of time for Arista to investigate
19 and provide responses to discovery relating to those hundreds of commands."), 25 (asserting that
20 an interrogatory seeking the development history of Arista's accused products is "unreasonable
21 and unduly burdensome" because it would "ask Arista to identify every person who has ever been
22 involved 'in the creation, development or maintenance of the Accused Products'").  Unlike Arista,
23 Cisco has attempted to repeatedly meet and confer in good faith before bringing these issues to the
24 Court.  Second, Arista has not pursued the information it now seeks to compel with any urgency.
25 Cisco served its initial response to Interrogatory No. 5 on May 14, and supplemental responses on
26 August 7 and September 1.  Because that interrogatory only requested the derivation of Cisco's
27 CLI commands, Cisco answered that question in its initial interrogatory response: the Cisco CLI
28 commands are original to Cisco, not derived from another source.  *See* Cannon Decl. Ex. 3. at 13-

15. After Arista realized that its initial interrogatory apparently did not request the granular information that Arista now seeks, it then served Interrogatory No. 16 on July 24, 2015. Cisco timely responded on August 27, 2015, and the parties had their first "meet-and-confer" on September 15, 2015, which Arista treated instead as simply a formality to filing a hasty motion to compel rather than a legitimate discovery discussion aimed at finding a workable resolution. To the extent Arista's request for that information is now urgent—and Arista has failed to explain why it is—such urgency is the product of Arista's delay. By its own admission, Arista waited to file its motion for "more than ten weeks" from the time Arista thought the dispute over Interrogatory No. 5 was ripe. *See* Dkt. 69 at 2. Arista also waited for more than ten weeks after Cisco served its initial response to Interrogatory No. 5 before even serving its Interrogatory No. 16. If this information were so crucial to Arista's case that Arista could not proceed unless it was produced, Arista should and would have moved to compel weeks ago. Having chosen to delay moving to compel so that it could serve additional interrogatories, Arista should not now be entitled to cut short Cisco's time to prepare its response to Arista's unfounded Motion to Compel.

      Moreover, shortening time on Arista's Motion to Compel also would have the unfortunate consequence of rewarding Arista for cutting short the parties' efforts to meet and confer. *See* Cannon Decl. Ex. 1 at 1-2. Arista should have engaged in a real discussion with Cisco about the burdens of the requested details and their marginal relevance, and been willing to explore those issues and discuss potential compromises to resolving this dispute. Having refused to negotiate regarding Cisco's objections or the information it is seeking as is required by Civil Local Rule 37-1(a), Arista should not be permitted to further deviate from ordinary procedures by forcing Cisco to prepare a response to Arista's Motion to Compel on shortened timing.

      Accordingly, Arista's Motion to Shorten Time should be denied, so that Cisco has a full and fair opportunity to respond to Arista's Motion to Compel.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: September 22, 2015 | Respectfully submitted, |
| 3 | | |
| 4 | | */s/ John M. Neukom* |
| 5 | | Kathleen Sullivan (SBN 242261)<br>kathleensullivan@quinnemanuel.com |
| 6 | | QUINN EMANUEL URQUHART & SULLIVAN LLP<br>51 Madison Avenue, 22nd Floor |
| 7 | | New York, NY 10010<br>Telephone: (212) 849-7000 |
| 8 | | Facsimile: (212) 849-7100 |
| 9 | | Sean S. Pak (SBN 219032)<br>seanpak@quinnemanuel.com |
| 10 | | John M. Neukom (SBN 275887)<br>johnneukom@quinnemanuel.com. |
| 11 | | Matthew D. Cannon (SBN 252666)<br>matthewcannon@quinnemanuel.com |
| 12 | | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| 13 | | 50 California Street, 22nd Floor<br>San Francisco, CA 94111 |
| 14 | | Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700 |
| 15 | | |
| 16 | | Mark Tung (SBN 245782)<br>marktung@quinnemanuel.com |
| 17 | | QUINN EMANUEL URQUHART & SULLIVAN LLP<br>555 Twin Dolphin Drive, 5th Floor |
| 18 | | Redwood Shores, CA 94065<br>Telephone: (650) 801-5000 |
| 19 | | Facsimile: (650) 801-5100 |
| 20 | | Steven Cherny *(admission pro hac vice pending)* |
| 21 | | steven.cherny@kirkland.com<br>KIRKLAND & ELLIS LLP |
| 22 | | 601 Lexington Avenue<br>New York, New York 10022 |
| 23 | | Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900 |
| 24 | | |
| 25 | | Adam R. Alper (SBN 196834)<br>adam.alper@kirkland.com |
| 26 | | KIRKLAND & ELLIS LLP<br>555 California Street |
| 27 | | San Francisco, California 94104<br>Telephone: (415) 439-1400 |
| 28 | | Facsimile: (415) 439-1500 |

1  Michael W. De Vries (SBN 211001)
   michael.devries@kirkland.com
2  KIRKLAND & ELLIS LLP
   333 South Hope Street
3  Los Angeles, California 90071
   Telephone: (213) 680-8400
4  Facsimile: (213) 680-8500

5  *Attorneys for Plaintiff Cisco Systems, Inc.*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28