# EXHIBIT 2

KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
BRIAN L. FERRALL - # 160847
bferrall@kvn.com
DAVID SILBERT - # 173128
dsilbert@kvn.com
MICHAEL S. KWUN - # 198945
mkwun@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>            Plaintiff,<br><br>      v.<br><br>ARISTA NETWORKS, INC.,<br><br>            Defendant. | Case No. 5:14-cv-05344-BLF (PSG)<br><br>**DEFENDANT ARISTA NETWORKS, INC.'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF CISCO SYSTEM INC.'S FIRST SET OF INTERROGATORIES<br>(NOS. 1, 5, 6, 9, 10, 12, 13)**<br><br>Judge:       Hon. Beth Labson Freeman<br><br>Date Filed:  December 5, 2014 |

**CONTAINS CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER**

DEFENDANT ARISTA NETWORKS, INC.'S SECOND SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1, 5, 6, 9, 10, 12, 13)
CASE NO. 5:14-CV-05344-BLF (PSG)

985395.01

1. ███████████████████████████████
2. ███████████████████████████████████
3. ███████████████████████████████████
4. ███████████████████████████████████
5. ████████████████████████
6. ████████████████████████████
7. ██████████████

**INTERROGATORY NO. 6:**

Identify each command in EOS CLI that is identical to a command in Cisco IOS CLI.

**RESPONSE TO INTERROGATORY NO. 6:**

Arista incorporates its General Objections above as though set forth in this response. Arista objects to this interrogatory to the extent it seeks information that is already in the possession, custody, or control of Cisco, or that is publicly available. Arista also objects to this interrogatory as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Arista further objects to this interrogatory as premature given that discovery in this action has only recently begun, and Arista's investigation in this matter is ongoing.

Subject to and without waiving the foregoing general and specific objections, Arista responds as follows:

Arista's switches are configured and monitored using well-known "industry standard" CLI commands. Some of the commands are also used by Cisco. Until December 2014, when it filed this action, Cisco never suggested that it claimed copyright protection in commands that it and most of the industry uses.

Arista's investigation is ongoing. Arista reserves the right to supplement and/or amend this response with additional information.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

Arista incorporates its General Objections above as though set forth in this response. Arista objects to this interrogatory to the extent it seeks information that is already in the

22
DEFENDANT ARISTA NETWORKS, INC.'S SECOND SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1, 5, 6, 9, 10, 12, 13)
CASE NO. 5:14-CV-05344-BLF (PSG)

985395.01

possession, custody, or control of Cisco, or that is publicly available. Arista also objects to this interrogatory as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. For example, Cisco has not defined what the term "identical" means as used in this interrogatory, and it is unclear to Arista how two different CLI commands supported by two different vendor operating systems could be "identical" when the commands have, for example, different command parameters and prefixes, are implemented using different source code written in different languages, and/or support different equipment having different features and functionality.

Moreover, this interrogatory on its face purports to encompass all EOS CLI commands, regardless of whether such commands have been identified and/or accused it in this litigation. There are thousands of CLI commands supported by EOS that have not been accused by Cisco, and it would be overbroad, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence for Arista to analyze thousands of non-accused CLI commands and thousands of IOS CLI commands to respond to this interrogatory. Furthermore, it is Cisco's burden—not Arista's—to investigate the merits of Cisco's copyright claims.

Arista further objects to this interrogatory as premature given that Cisco only recently supplemented its interrogatory responses with respect to its copyright claims (many of which remain deficient), and Arista's investigation in this matter is ongoing. In addition, Cisco has refused to narrow its copyright assertions and continues to accuse over 500 different CLI commands of copyright infringement. If Cisco insists on accusing over 500 different CLI commands in this litigation, it must provide a reasonable amount of time for Arista to investigate and provide responses to discovery relating to those hundreds of commands.

Subject to and without waiving the foregoing general and specific objections, Arista supplements its response as follows:

Arista's switches are configured and monitored using well-known "industry standard" CLI commands. Some of the commands are also used by Cisco. Until December 2014, when it filed this action, Cisco never suggested that it claimed copyright protection in commands that it and most of the industry uses. Based upon Arista's investigation to date, which is ongoing, none

23
DEFENDANT ARISTA NETWORKS, INC.'S SECOND SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1, 5, 6, 9, 10, 12, 13)
CASE NO. 5:14-CV-05344-BLF (PSG)

985395.01

of the CLI commands accused by Cisco of copyright infringement in this lawsuit is identical to a command in Cisco IOS CLI.  For example, the accused CLI commands supported by EOS differ in syntax from commands supported by Cisco IOS, and may use different command prefixes (*e.g.*, EOS CLI command reference guides show "no" and "default" as separate command prefixes for many commands, while IOS CLI command reference guides may not) and/or use an entirely different set of command parameters (*e.g.*, compare "clear ip bgp [*ACTION*] [*RESET_TYPE*] [*DATA_FLOW*] [*VRF_INSTANCE*]" in EOS with "clear ip bgp {* | all | *autonomous-system-number* | *neighbor-address* | peer-group *group-name*} [in [prefix-filter] | out | slow | soft [in [prefix-filter] / out | slow]]" in IOS).  These syntax differences between EOS and IOS commands are shown in the respective command reference manuals for EOS and IOS, and often reflect differences in functionality between vendor equipment (*e.g.*, the "clear ip bpg" example above includes a "slow" parameter in the IOS command syntax which, per Cisco's command reference manual, "[c]lears slow-peer status forcefully and moves it to original update group"; the "clear ip bpg" EOS command syntax example does not have a parameter that triggers that function).  Furthermore, the source code for parsing the command, the source code for implementing the command's underlying functionality, and programming language(s) underlying each accused EOS CLI command is different from the source code and programming language(s) used to parse and implement each IOS CLI command.  For at least these reasons, none of the accused commands in EOS CLI is identical to a command in Cisco IOS CLI.

Arista's analysis of the over 500 accused CLI commands is ongoing.  Arista will further supplement this interrogatory response, if appropriate, before the close of fact discovery.

**INTERROGATORY NO. 9:**

Describe in detail the development history for every version of the Accused Products, including the identity of all Persons involved in the creation, development, or maintenance of the Accused Products.

**RESPONSE TO INTERROGATORY NO. 9:**

Arista incorporates its General Objections above as though set forth in this response. . Arista objects to this interrogatory as overbroad, unduly burdensome, and not reasonably

24

DEFENDANT ARISTA NETWORKS, INC.'S SECOND SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1, 5, 6, 9, 10, 12, 13)
CASE NO. 5:14-CV-05344-BLF (PSG)

985395.01

calculated to lead to the discovery of admissible evidence. The request appears to ask Arista to identify every person who has ever been involved "in the creation, development, or maintenance" of the Accused Products, where "Accused Product" is defined as "Accused '526 Product(s), Accused '886 Product(s), EOS, EOS CLI, EOS Documentation, and EOS Product(s)." Most of this information would be irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, it is unreasonable and unduly burdensome to ask Arista to collect this information. Arista further objects to this interrogatory as vague and ambiguous, including by its use of the phrase "development history", "Accused Product", "creation", "development" and "maintenance". Arista also objects to this interrogatory to the extent that it attempts or purports to require disclosure of information and/or documents containing proprietary, confidential, and/or private information. Finally, Arista objects to this interrogatory as premature given that discovery in this action has only recently begun, and Arista's investigation in this matter is ongoing.

Without waiving any of the general and specific objections stated above, but specifically subject to them, Arista responds that it is willing to meet and confer with Cisco to determine the relevance and appropriate scope of this interrogatory, if any.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

Arista incorporates its General Objections above as though set forth in this response. Arista objects to this interrogatory as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The request appears to ask Arista to identify every person who has ever been involved "in the creation, development, or maintenance" of the Accused Products, where "Accused Product" is defined as "Accused '526 Product(s), Accused '886 Product(s), EOS, EOS CLI, EOS Documentation, and EOS Product(s)." Most of this information would be irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, it is unreasonable and unduly burdensome to ask Arista to collect this information. Arista further objects to this interrogatory as vague and ambiguous, including by its use of the phrase "development history", "Accused Product", "creation", "development" and "maintenance". Arista also objects to this interrogatory to the extent that it

1  attempts or purports to require disclosure of information and/or documents containing
2  proprietary, confidential, and/or private information.  Finally, Arista objects to this interrogatory
3  as premature given that discovery in this action has only recently begun, and Arista's
4  investigation in this matter is ongoing.

5      Subject to and without waiving the foregoing general and specific objections, Arista
6  responds as follows:

7      Arista is an American success story. At the time of its founding in 2004, the data center
8  switching market was at a crossroads. Cisco had achieved market dominance in data-center
9  switching with almost 80 percent market share. Cisco's products, however, were based on 1990's
10 architectures that were ill-suited to address the requirements of large-scale Internet companies
11 and cloud services providers that were becoming the economic engine of the new economy.
12 Arista's founders focused Arista's efforts on the development of a new kind of network switch
13 software that was fully programmable, highly modular, and based on open standards.

14     Arista started from a clean sheet of paper and invested over 1,000 person-years building a
15 new, open software architecture that was the antithesis of the traditional closed, proprietary
16 system used by legacy vendors such as Cisco. The result was Arista's Extensible Operating
17 System ("EOS"), the most programmable and resilient network operating system in the industry.
18 In 2008, Arista started shipping its first switch product implementing its award winning EOS,
19 which powers every single Arista product today.

20     Headquartered in Santa Clara, California, Arista now employs over 750 people in the
21 United States and provides its solutions to over 3,000 customers.  The following individuals,
22 among other Arista employees, were involved in the creation, development, or maintenance of
23 Arista's products: Andy Bechtolsheim; Kenneth Duda; Anshul Sadana; Jeff Raymond; Hugh
24 Holbrook; Christophe Metivier; Jeffrey Hirschman; Adam Sweeney; Andre Pech; Gagnan
25 Arneja; Mansour Karam; and Benoit Sigoure.

26 **INTERROGATORY NO. 10:**

27     Explain in detail all factual and legal bases for any contention by You that You have not
28 infringed Cisco's copyrights in Cisco IOS, including Cisco IOS CLI, and Cisco IOS

26
DEFENDANT ARISTA NETWORKS, INC.'S SECOND SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1, 5, 6, 9, 10, 12, 13)
CASE NO. 5:14-CV-05344-BLF (PSG)

985395.01

1  Federal Rule of Civil Procedure 26(a)(2), and to the extent it prematurely calls for a legal
2  conclusion.  Arista further objects to this interrogatory as premature given that Cisco only
3  recently supplemented its interrogatory responses with respect to its copyright claims (many of
4  which remain deficient), and Arista's investigation in this matter is ongoing.  In addition, Cisco
5  has refused to narrow its copyright assertions and continues to accuse over 500 different CLI
6  commands of copyright infringement.  If Cisco insists on accusing over 500 different CLI
7  commands in this litigation, it must provide a reasonable amount of time for Arista to investigate
8  and provide responses to discovery relating to those hundreds of commands.

Subject to and without waiving the foregoing general and specific objections, Arista responds as follows:

Cisco's claims are barred in whole or in part by *scenes a faire*, the merger doctrine, and/or other limits on the scope of protection available for the works at issue.  Arista also incorporates by reference its responses to Interrogatory Nos. 10 and 12 as though fully set forth in this response.

Fact discovery is ongoing and Arista is continuing to investigate and analyze the facts relating to this interrogatory.  Additionally, Cisco has not yet provided creation, fixation, and authorship information regarding its copyright assertions for each of the CLI commands, command hierarchies, command modes, and command responses.  Arista will continue to amend and supplement its response as appropriate.

Dated: September 18, 2015                KEKER & VAN NEST LLP

By:  /s/ *Elizabeth K. McCloskey*
     ELIZABETH K. McCLOSKEY

     Attorneys for Defendant ARISTA
     NETWORKS, INC.,

DEFENDANT ARISTA NETWORKS, INC.'S SECOND SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1, 5, 6, 9, 10, 12, 13)
CASE NO. 5:14-CV-05344-BLF (PSG)

985395.01

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On September 18, 2015, I served the following document(s):

**DEFENDANT ARISTA NETWORKS, INC.'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF CISCO SYSTEM INC.'S FIRST SET OF INTERROGATORIES (NOS. 1, 5, 6, 9, 10, 12, 13)**

☒   by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

| | |
|---|---|
| Sean Sang-Chul Pak<br>John M. Neukom<br>Quinn Emanuel Urquhart & Sullivan LLP<br>50 California Street, Floor 22<br>San Francisco, CA 94111<br>Tel:   (415) 875-6320<br>Fax:  (415) 875-6700<br>seanpak@quinnemanuel.com<br>johnneukom@quinnemanuel.com<br>Cisco-Arista@quinnemanuel.com | Adam R. Alper<br>Kirkland & Ellis LLP<br>555 California Street<br>San Francisco, CA 94104<br>Tel:   (415) 439-1476<br>Fax:  (415) 439-1500<br>aalper@kirkland.com |
| Kathleen Marie Sullivan<br>Quinn Emanuel Urquhart & Sullivan LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10022<br>Tel:   (212)0 849-7000<br>kathleensullivan@quinnemanuel.com | Mark Yeh-Kai Tung<br>Quinn Emanuel Urquhart & Sullivan LLP<br>555 Twin Dolphin Drive, 5th floor<br>Redwood Shores, CA 94065<br>Tel:   (650) 801-5000<br>marktung@quinnemanuel.com |
| Michael W. De Vries<br>Kirkland & Ellis LLP<br>333 South Hope Street, 29th floor<br>Los Angeles, CA 90071<br>Tel:   (213) 680-8590<br>Fax:  (213) 680-8500<br>michael.devries@kirkland.com<br>Cisco-AristaCopyrightTeam@kirkland.com | Steven C. Cherny<br>Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>Tel:   (212) 446-4800<br>Fax:  (212) 446-6460<br>Steven.cherny@kirkland.com |

37
DEFENDANT ARISTA NETWORKS, INC.'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1, 5, 6, 9, 10, 12, 13)
CASE NO. 5:14-CV-05344-BLF (PSG)

985395.01

Executed on September 18, 2015, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

                                   */s/ Patty Lemos*
                                   PATTY LEMOS

38
DEFENDANT ARISTA NETWORKS, INC.'S SECOND SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1, 5, 6, 9, 10, 12, 13)
CASE NO. 5:14-CV-05344-BLF (PSG)

985395.01