# EXHIBIT 9

KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
BRIAN L. FERRALL - # 160847
bferrall@kvn.com
DAVID SILBERT - # 173128
dsilbert@kvn.com
MICHAEL S. KWUN - # 198945
mkwun@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>            Plaintiff,<br><br>      v.<br><br>ARISTA NETWORKS, INC.,<br><br>            Defendant. | Case No. 5:14-cv-05344-BLF (PSG)<br><br>**DEFENDANT ARISTA NETWORKS, INC.'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF CISCO SYSTEM INC.'S FIRST SET OF INTERROGATORIES**<br>**(NOS. 1, 5, 6, 9, 10, 12, 13)**<br><br>Judge:       Hon. Beth Labson Freeman<br><br>Date Filed:  December 5, 2014 |

**CONTAINS CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

DEFENDANT ARISTA NETWORKS, INC.'S SECOND SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1, 5, 6, 9, 10, 12, 13)
CASE NO. 5:14-CV-05344-BLF (PSG)

985395.01

1   Arista intends to produce documents from which information responsive to this
2   interrogatory may be obtained, to the extent that Arista maintains such information in the ordinary
3   course of business and identifies it after a reasonable search.  Arista will then, pursuant to Federal
4   Rule of Civil Procedure 33(d), supplement its response to this interrogatory to identify by Bates
5   number the documents containing responsive information.
6   This response contains **CONFIDENTIAL** information subject to the Stipulated
7   Protective Order in this litigation.

8   **INTERROGATORY NO. 6:**
9   Identify each command in EOS CLI that is identical to a command in Cisco IOS CLI.
10  **RESPONSE TO INTERROGATORY NO. 6:**
11  Arista incorporates its General Objections above as though set forth in this response.
12  Arista objects to this interrogatory to the extent it seeks information that is already in the
13  possession, custody, or control of Cisco, or that is publicly available.  Arista also objects to this
14  interrogatory as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated
15  to lead to the discovery of admissible evidence.  Arista further objects to this interrogatory as
16  premature given that discovery in this action has only recently begun, and Arista's investigation
17  in this matter is ongoing.
18  Subject to and without waiving the foregoing general and specific objections, Arista
19  responds as follows:
20  Arista's switches are configured and monitored using well-known "industry standard"
21  CLI commands.  Some of the commands are also used by Cisco.  Until December 2014, when it
22  filed this action, Cisco never suggested that it claimed copyright protection in commands that it
23  and most of the industry uses.
24  Arista's investigation is ongoing.  Arista reserves the right to supplement and/or amend
25  this response with additional information.
26  **FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**
27  Arista incorporates its General Objections above as though set forth in this response.
28  Arista objects to this interrogatory to the extent it seeks information that is already in the

22
DEFENDANT ARISTA NETWORKS, INC.'S SECOND SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1, 5, 6, 9, 10, 12, 13)
CASE NO. 5:14-CV-05344-BLF (PSG)

985395.01

possession, custody, or control of Cisco, or that is publicly available.  Arista also objects to this interrogatory as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  For example, Cisco has not defined what the term "identical" means as used in this interrogatory, and it is unclear to Arista how two different CLI commands supported by two different vendor operating systems could be "identical" when the commands have, for example, different command parameters and prefixes, are implemented using different source code written in different languages, and/or support different equipment having different features and functionality.

Moreover, this interrogatory on its face purports to encompass all EOS CLI commands, regardless of whether such commands have been identified and/or accused it in this litigation.  There are thousands of CLI commands supported by EOS that have not been accused by Cisco, and it would be overbroad, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence for Arista to analyze thousands of non-accused CLI commands and thousands of IOS CLI commands to respond to this interrogatory.  Furthermore, it is Cisco's burden—not Arista's—to investigate the merits of Cisco's copyright claims.

Arista further objects to this interrogatory as premature given that Cisco only recently supplemented its interrogatory responses with respect to its copyright claims (many of which remain deficient), and Arista's investigation in this matter is ongoing.  In addition, Cisco has refused to narrow its copyright assertions and continues to accuse over 500 different CLI commands of copyright infringement.  If Cisco insists on accusing over 500 different CLI commands in this litigation, it must provide a reasonable amount of time for Arista to investigate and provide responses to discovery relating to those hundreds of commands.

Subject to and without waiving the foregoing general and specific objections, Arista supplements its response as follows:

Arista's switches are configured and monitored using well-known "industry standard" CLI commands.  Some of the commands are also used by Cisco.  Until December 2014, when it filed this action, Cisco never suggested that it claimed copyright protection in commands that it and most of the industry uses.  Based upon Arista's investigation to date, which is ongoing, none

23
DEFENDANT ARISTA NETWORKS, INC.'S SECOND SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1, 5, 6, 9, 10, 12, 13)
CASE NO. 5:14-CV-05344-BLF (PSG)

985395.01

of the CLI commands accused by Cisco of copyright infringement in this lawsuit is identical to a command in Cisco IOS CLI.  For example, the accused CLI commands supported by EOS differ in syntax from commands supported by Cisco IOS, and may use different command prefixes (*e.g.*, EOS CLI command reference guides show "no" and "default" as separate command prefixes for many commands, while IOS CLI command reference guides may not) and/or use an entirely different set of command parameters (*e.g.*, compare "clear ip bgp [*ACTION*] [*RESET_TYPE*] [*DATA_FLOW*] [*VRF_INSTANCE*]" in EOS with "clear ip bgp {* | all | *autonomous-system-number* | *neighbor-address* | peer-group *group-name*} [in [prefix-filter] | out | slow | soft [in [prefix-filter] / out | slow]]" in IOS).  These syntax differences between EOS and IOS commands are shown in the respective command reference manuals for EOS and IOS, and often reflect differences in functionality between vendor equipment (*e.g.*, the "clear ip bpg" example above includes a "slow" parameter in the IOS command syntax which, per Cisco's command reference manual, "[c]lears slow-peer status forcefully and moves it to original update group"; the "clear ip bpg" EOS command syntax example does not have a parameter that triggers that function).  Furthermore, the source code for parsing the command, the source code for implementing the command's underlying functionality, and programming language(s) underlying each accused EOS CLI command is different from the source code and programming language(s) used to parse and implement each IOS CLI command.  For at least these reasons, none of the accused commands in EOS CLI is identical to a command in Cisco IOS CLI.

Arista's analysis of the over 500 accused CLI commands is ongoing.  Arista will further supplement this interrogatory response, if appropriate, before the close of fact discovery.

**INTERROGATORY NO. 9:**

Describe in detail the development history for every version of the Accused Products, including the identity of all Persons involved in the creation, development, or maintenance of the Accused Products.

**RESPONSE TO INTERROGATORY NO. 9:**

Arista incorporates its General Objections above as though set forth in this response. . Arista objects to this interrogatory as overbroad, unduly burdensome, and not reasonably

24
DEFENDANT ARISTA NETWORKS, INC.'S SECOND SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1, 5, 6, 9, 10, 12, 13)
CASE NO. 5:14-CV-05344-BLF (PSG)

985395.01

1  calculated to lead to the discovery of admissible evidence.  The request appears to ask Arista to
2  identify every person who has ever been involved "in the creation, development, or maintenance"
3  of the Accused Products, where "Accused Product" is defined as "Accused '526 Product(s),
4  Accused '886 Product(s), EOS, EOS CLI, EOS Documentation, and EOS Product(s)."  Most of
5  this information would be irrelevant and not reasonably calculated to lead to the discovery of
6  admissible evidence.  Accordingly, it is unreasonable and unduly burdensome to ask Arista to
7  collect this information.  Arista further objects to this interrogatory as vague and ambiguous,
8  including by its use of the phrase "development history", "Accused Product", "creation",
9  "development" and "maintenance".  Arista also objects to this interrogatory to the extent that it
10  attempts or purports to require disclosure of information and/or documents containing
11  proprietary, confidential, and/or private information.  Finally, Arista objects to this interrogatory
12  as premature given that discovery in this action has only recently begun, and Arista's
13  investigation in this matter is ongoing.
14      Without waiving any of the general and specific objections stated above, but specifically
15  subject to them, Arista responds that it is willing to meet and confer with Cisco to determine the
16  relevance and appropriate scope of this interrogatory, if any.

17  **FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

18      Arista incorporates its General Objections above as though set forth in this response.
19  Arista objects to this interrogatory as overbroad, unduly burdensome, and not reasonably
20  calculated to lead to the discovery of admissible evidence.  The request appears to ask Arista to
21  identify every person who has ever been involved "in the creation, development, or maintenance"
22  of the Accused Products, where "Accused Product" is defined as "Accused '526 Product(s),
23  Accused '886 Product(s), EOS, EOS CLI, EOS Documentation, and EOS Product(s)."  Most of
24  this information would be irrelevant and not reasonably calculated to lead to the discovery of
25  admissible evidence.  Accordingly, it is unreasonable and unduly burdensome to ask Arista to
26  collect this information.  Arista further objects to this interrogatory as vague and ambiguous,
27  including by its use of the phrase "development history", "Accused Product", "creation",
28  "development" and "maintenance".  Arista also objects to this interrogatory to the extent that it

attempts or purports to require disclosure of information and/or documents containing proprietary, confidential, and/or private information. Finally, Arista objects to this interrogatory as premature given that discovery in this action has only recently begun, and Arista's investigation in this matter is ongoing.

Subject to and without waiving the foregoing general and specific objections, Arista responds as follows:

Arista is an American success story. At the time of its founding in 2004, the data center switching market was at a crossroads. Cisco had achieved market dominance in data-center switching with almost 80 percent market share. Cisco's products, however, were based on 1990's architectures that were ill-suited to address the requirements of large-scale Internet companies and cloud services providers that were becoming the economic engine of the new economy. Arista's founders focused Arista's efforts on the development of a new kind of network switch software that was fully programmable, highly modular, and based on open standards.

Arista started from a clean sheet of paper and invested over 1,000 person-years building a new, open software architecture that was the antithesis of the traditional closed, proprietary system used by legacy vendors such as Cisco. The result was Arista's Extensible Operating System ("EOS"), the most programmable and resilient network operating system in the industry. In 2008, Arista started shipping its first switch product implementing its award winning EOS, which powers every single Arista product today.

Headquartered in Santa Clara, California, Arista now employs over 750 people in the United States and provides its solutions to over 3,000 customers. The following individuals, among other Arista employees, were involved in the creation, development, or maintenance of Arista's products: Andy Bechtolsheim; Kenneth Duda; Anshul Sadana; Jeff Raymond; Hugh Holbrook; Christophe Metivier; Jeffrey Hirschman; Adam Sweeney; Andre Pech; Gagnan Arneja; Mansour Karam; and Benoit Sigoure.

**INTERROGATORY NO. 10:**

Explain in detail all factual and legal bases for any contention by You that You have not infringed Cisco's copyrights in Cisco IOS, including Cisco IOS CLI, and Cisco IOS

26
DEFENDANT ARISTA NETWORKS, INC.'S SECOND SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1, 5, 6, 9, 10, 12, 13)
CASE NO. 5:14-CV-05344-BLF (PSG)

985395.01

Documentation.

**RESPONSE TO INTERROGATORY NO. 10:**

Arista incorporates its General Objections above as though set forth in this response. Arista objects to this interrogatory to the extent it seeks improperly to shift the burden of proof. It is Cisco's burden to prove infringement, not Arista's burden to prove non-infringement. Arista objects to this interrogatory on grounds that it is premature and improper because Cisco has not yet identified which copyrighted works it is asserting in this action, in particular with respect to which features or aspects Arista allegedly infringes. Arista objects to this request to the extent it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, work product doctrine, or any other common law or statutory privilege or protection. Arista objects to this interrogatory as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Arista further objects to the request to "explain" factual bases as vague and ambiguous. In addition, Arista objects to this interrogatory to the extent it prematurely calls for expert opinion in advance of the disclosure required by Federal Rule of Civil Procedure 26(a)(2). Arista objects to this interrogatory to the extent it prematurely calls for a legal conclusion. Finally, Arista objects to this request as premature given that discovery in this action has only recently begun, and Arista's investigation in this matter is ongoing.

Subject to and without waiving the foregoing general and specific objections, Arista responds as follows:

Arista states that Cisco bears the burden of proving infringement in this case, and has not yet provided disclosures that purport to establish infringement of any of Cisco's copyrights in Cisco IOS. After Cisco does so, Arista will provide its response in the appropriate form and at the appropriate time. Arista further states that it is continuing to investigate and analyze the facts relating to this interrogatory and will provide a more detailed response as discovery proceeds.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

Arista incorporates its General Objections above as though set forth in this response. Arista objects to this interrogatory to the extent it seeks improperly to shift the burden of proof. It

27

DEFENDANT ARISTA NETWORKS, INC.'S SECOND SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1, 5, 6, 9, 10, 12, 13)
CASE NO. 5:14-CV-05344-BLF (PSG)

985395.01

is Cisco's burden to prove infringement, not Arista's burden to prove non-infringement.

Arista further objects to this interrogatory on grounds that it is premature and improper because Cisco, despite its recent interrogatory supplementation, has still not identified with sufficient clarity which copyrighted works it is asserting in this action with respect to which features or aspects Arista allegedly infringes.  For example, Cisco has not identified every alleged "command hierarchy" that it accuses Arista of copying, and the specific copyrighted work(s) that purportedly extend copyright protection over each such "command hierarchy."  Rather, Cisco has only provided one exemplary diagram of a so-called "command hierarchy," and did not identify any copyrighted work(s) that purportedly extends protection over that "hierarchy."  Similarly, Cisco has failed to identify any of the alleged authors for each of the 500+ IOS CLI commands over which it asserts copyright protection in this litigation, and has similarly failed to identify the date that each such CLI command was allegedly first fixed in a tangible form of expression.  Arista therefore objects to this interrogatory as improper given that Cisco, as the purported copyright holder, has still not provided Arista with basic authorship and creation date information for each CLI command, command hierarchy, command response, and command mode over which it asserts copyright protection.

Arista further objects to this request to the extent it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, work product doctrine, or any other common law or statutory privilege or protection.  Arista also objects to this interrogatory as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence, and in particular, objects to the request to "explain" factual bases as vague and ambiguous.  In addition, Arista objects to this interrogatory to the extent it prematurely calls for expert opinion in advance of the disclosure required by Federal Rule of Civil Procedure 26(a)(2), and to the extent it prematurely calls for a legal conclusion.  Arista further objects to this interrogatory as premature given that Cisco only recently supplemented its interrogatory responses with respect to its copyright claims (many of which remain deficient), and Arista's investigation in this matter is ongoing.  In addition, Cisco has refused to narrow its copyright assertions and continues to accuse over 500 different CLI

28

DEFENDANT ARISTA NETWORKS, INC.'S SECOND SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1, 5, 6, 9, 10, 12, 13)
CASE NO. 5:14-CV-05344-BLF (PSG)

985395.01

1  commands of copyright infringement. If Cisco insists on accusing over 500 different CLI
2  commands in this litigation, it must provide a reasonable amount of time for Arista to investigate
3  and provide responses to discovery relating to those hundreds of commands.
4      Subject to and without waiving the foregoing general and specific objections, Arista
5  responds as follows:
6      Arista states that Cisco bears the burden of proving infringement in this case, and Cisco
7  has not yet provided sufficient disclosures that purport to establish infringement of Cisco's
8  copyrights in Cisco IOS. Moreover, Cisco's failure to sufficiently identify the author(s) and
9  creation date(s) for each alleged copyrighted work, and the author(s) and creation date(s) for each
10 allegedly infringed CLI command, command hierarchy, command mode, and command response,
11 prejudices and hinders Arista's ability to defend against Cisco's allegations. Once Cisco provides
12 this information relating to its asserted copyrighted work(s), Arista will provide further responses
13 in the appropriate form and at the appropriate time.
14     Arista nevertheless asserts that it does not infringe Cisco's copyrights in Cisco IOS,
15 including Cisco IOS CLI, and Cisco IOS Documentation, for at least the following reasons:

- The copyrighted work(s) and/or asserted elements thereof are not original works of authorship by Cisco and are therefore not protected under copyright law.
- The copyrighted work(s) and/or asserted elements thereof are mandated by and/or customary to the networking industry in which the relevant products and operating systems are used, and are therefore not protected under copyright law, including under the *scenes a faire* doctrine. Most if not all of the disputed CLI commands use words and phrases that are customary to the networking industry based on industry standards, the vocabulary and culture of the relevant user group, and syntaxes that existed in many legacy products and operating systems that pre-date the Cisco IOS CLI.
- The asserted elements of the copyrighted work(s) are the only way, or one of only a few ways, to express an idea, procedure, method, system, process, concept, and/or principle, and are therefore not protected under copyright law, including under the merger doctrine. For example, most if not all of the disputed CLI commands use the

29
DEFENDANT ARISTA NETWORKS, INC.'S SECOND SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1, 5, 6, 9, 10, 12, 13)
CASE NO. 5:14-CV-05344-BLF (PSG)

985395.01

only acceptable syntax, or one of a limited number of acceptable syntaxes, for the networking community based on the vocabulary and culture of that community. Furthermore, most if not all of the disputed CLI commands use the only acceptable syntax, or one of a limited number of acceptable syntaxes, to express industry-standard and/or technical concepts, functionality, settings, and parameters.

- The copyrighted work(s) and/or asserted elements thereof relating to CLI functionality are functional and factual, and not creative.
- Cisco's assertions of copyright protection are barred by estoppel, waiver, and/or copyright misuse at least because Cisco participated in the development of industry standards (*e.g.* IETF and/or IEEE standards) without notifying the industry that it intended to assert copyright protection over the use of common, customary, and/or standardized technical terms, settings, features, functionality, and parameters in the operation of a CLI on networking equipment. Cisco has also permitted numerous other companies to openly use the same or similar CLI commands supported by IOS without asserting copyright protection over such use. Cisco has also repeatedly represented and acknowledged to the networking industry that the IOS CLI is an "industry standard." Cisco's attempt to use copyright law for anti-competitive purposes and to prevent customers from configuring and operating Arista network devices is copyright misuse.
- Cisco's copyright assertions improperly attempt to extend copyright protection over ideas, procedures, methods, systems, processes, concepts, and/or principles that are not subject to protection under the copyright laws.
- Cisco's copyright assertions are barred by the doctrine of unclean hands. Cisco's own use, for commercial purposes, of other vendors' CLI commands in its network control, management, and orchestration products, for the purported purpose of fostering multi-vendor interoperability and making it easier to manage multi-vendor networks, bars its copyright assertions against Arista in this litigation.
- Cisco's copyright assertions are barred by the doctrine of fair use. There are

30
DEFENDANT ARISTA NETWORKS, INC.'S SECOND SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1, 5, 6, 9, 10, 12, 13)
CASE NO. 5:14-CV-05344-BLF (PSG)

985395.01

substantial differences between the accused Arista EOS and Cisco IOS operating systems, including different features and functionality, different source code, different programming languages, and different performance metrics. The syntax of each accused CLI command and the parameters and functionality each command supports are also different between EOS and IOS. Moreover, the copyrighted work(s) and/or asserted elements thereof relating to CLI functionality are functional and factual, and not creative. Additionally, the disputed CLI commands comprise only a small fraction of the copyrighted work(s) at issue in this litigation.

Fact discovery is ongoing and Arista is continuing to investigate and analyze the facts relating to this interrogatory. Additionally, Cisco has not yet provided creation, fixation, and authorship information regarding its copyright assertions for each of the CLI commands, command hierarchies, command modes, and command responses. Arista will continue to amend and supplement its response as appropriate.

**INTERROGATORY NO. 12:**

Explain in detail all factual and legal bases for Your contention that any use Arista made of Cisco's copyrighted material was a fair use.

**RESPONSE TO INTERROGATORY NO. 12:**

Arista incorporates its General Objections above as though set forth in this response. Arista objects to this interrogatory to the extent it seeks information that is already in the possession, custody, or control of Cisco, or that is publicly available. Arista objects to this request to the extent it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, work product doctrine, or any other common law or statutory privilege or protection. Arista further objects to the request to "explain" factual bases as vague and ambiguous. In addition, Arista objects to this interrogatory to the extent it prematurely calls for expert opinion in advance of the disclosure required by Federal Rule of Civil Procedure 26(a)(2). Arista objects to this request to the extent it prematurely calls for a legal conclusion. Arista further objects to this request as premature given that discovery in this action has only recently begun, and Arista's investigation in this matter is ongoing.

31
DEFENDANT ARISTA NETWORKS, INC.'S SECOND SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1, 5, 6, 9, 10, 12, 13)
CASE NO. 5:14-CV-05344-BLF (PSG)

985395.01

1  Federal Rule of Civil Procedure 26(a)(2), and to the extent it prematurely calls for a legal
2  conclusion.  Arista further objects to this interrogatory as premature given that Cisco only
3  recently supplemented its interrogatory responses with respect to its copyright claims (many of
4  which remain deficient), and Arista's investigation in this matter is ongoing.  In addition, Cisco
5  has refused to narrow its copyright assertions and continues to accuse over 500 different CLI
6  commands of copyright infringement.  If Cisco insists on accusing over 500 different CLI
7  commands in this litigation, it must provide a reasonable amount of time for Arista to investigate
8  and provide responses to discovery relating to those hundreds of commands.

9       Subject to and without waiving the foregoing general and specific objections, Arista
10  responds as follows:

11       Cisco's claims are barred in whole or in part by *scenes a faire*, the merger doctrine, and/or
12  other limits on the scope of protection available for the works at issue.  Arista also incorporates
13  by reference its responses to Interrogatory Nos. 10 and 12 as though fully set forth in this
14  response.

15       Fact discovery is ongoing and Arista is continuing to investigate and analyze the facts
16  relating to this interrogatory.  Additionally, Cisco has not yet provided creation, fixation, and
17  authorship information regarding its copyright assertions for each of the CLI commands,
18  command hierarchies, command modes, and command responses.  Arista will continue to amend
19  and supplement its response as appropriate.

22  Dated:  September 18, 2015                    KEKER & VAN NEST LLP

23                                                By:  /s/ *Elizabeth K. McCloskey*
24                                                     ELIZABETH K. McCLOSKEY

25                                                Attorneys for Defendant ARISTA
                                                  NETWORKS, INC.,

# PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On September 18, 2015, I served the following document(s):

**DEFENDANT ARISTA NETWORKS, INC.'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF CISCO SYSTEM INC.'S FIRST SET OF INTERROGATORIES (NOS. 1, 5, 6, 9, 10, 12, 13)**

☑ by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

| | |
|---|---|
| Sean Sang-Chul Pak<br>John M. Neukom<br>Quinn Emanuel Urquhart & Sullivan LLP<br>50 California Street, Floor 22<br>San Francisco, CA 94111<br>Tel:   (415) 875-6320<br>Fax:   (415) 875-6700<br>seanpak@quinnemanuel.com<br>johnneukom@quinnemanuel.com<br>Cisco-Arista@quinnemanuel.com | Adam R. Alper<br>Kirkland & Ellis LLP<br>555 California Street<br>San Francisco, CA 94104<br>Tel:   (415) 439-1476<br>Fax:   (415) 439-1500<br>aalper@kirkland.com |
| Kathleen Marie Sullivan<br>Quinn Emanuel Urquhart & Sullivan LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10022<br>Tel:   (212)0 849-7000<br>kathleensullivan@quinnemanuel.com | Mark Yeh-Kai Tung<br>Quinn Emanuel Urquhart & Sullivan LLP<br>555 Twin Dolphin Drive, 5th floor<br>Redwood Shores, CA 94065<br>Tel:   (650) 801-5000<br>marktung@quinnemanuel.com |
| Michael W. De Vries<br>Kirkland & Ellis LLP<br>333 South Hope Street, 29th floor<br>Los Angeles, CA 90071<br>Tel:   (213) 680-8590<br>Fax:   (213) 680-8500<br>michael.devries@kirkland.com<br>Cisco-AristaCopyrightTeam@kirkland.com | Steven C. Cherny<br>Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>Tel:   (212) 446-4800<br>Fax:   (212) 446-6460<br>Steven.cherny@kirkland.com |

985395.01

Executed on September 18, 2015, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

　　　　　　　　　　　　　　　　　　　　/s/ Patty Lemos
　　　　　　　　　　　　　　　　　　　　PATTY LEMOS

38
DEFENDANT ARISTA NETWORKS, INC.'S SECOND SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES (NOS. 1, 5, 6, 9, 10, 12, 13)
CASE NO. 5:14-CV-05344-BLF (PSG)

985395.01