# EXHIBIT 11



633 Battery Street
San Francisco, CA 94111-1809
415 391 5400
kvn.com

**Katherine M. Lloyd-Lovett**
(415) 676-2233
KLloyd-Lovett@kvn.com

September 3, 2015

Matthew D. Cannon
Quinn Emanuel Urquhart & Sullivan LLP
50 California Street
San Francisco, CA 94111

Re: *Cisco Systems, Inc. v. Arista Networks, Inc.*
Case No. 5:14-cv-05344-BLF

Dear Matt:

I write to follow up on Cisco's second supplemental responses to Arista's Interrogatories Nos. 2 and 5 and Cisco's responses to Arista's Interrogatories Nos. 16 and 17. Cisco's responses are deficient for the reasons discussed below. Please provide your availability for a telephone call this week to discuss these issues.

**Interrogatory No. 2**

As we have explained in numerous letters, emails, and telephone calls, this interrogatory asks Cisco to identify with specificity *every* similarity of which Cisco is currently aware and that Cisco contends is a basis for its claim of copyright infringement. Cisco's second supplemental response is qualified in several respects, and the substance of the response is described as exemplary. At this stage of the case, these qualifiers are unacceptable. We will preclude Cisco from expanding its allegations beyond the specific "hierarchies" and command responses identified absent a showing that such information was only available in a confidential Arista document produced in this case. If you contend that Cisco is entitled to amend these responses to expand the nature of your copyright infringement claims for any other reason, please explain promptly so that we can have this issue resolved by the Court.

**Interrogatories Nos. 5 and 16**

On August 19, after numerous meet and confer efforts, Sean Pak agreed to provide by September 1 a supplemental response to Interrogatory No. 5 that identified, at the very least, the key individuals who developed what Sean referred to as the "core" CLI commands used by Cisco. While we maintained our position that we need to know *all* of the CLI command authors, we agreed to see the response Sean proposed first.

Matthew D. Cannon
September 3, 2015
Page 2

We were disappointed, then, to receive your supplemental response, which identifies only one person, Kirk Lougheed, as "knowledgeable regarding the CLI command expressions and the process by which CLI command expressions were created." Unless Mr. Lougheed is the only person at Cisco who authored any of the asserted commands, hierarchies, or responses over which Cisco claims copyright, this response is entirely insufficient.

Related to Interrogatory No. 5, Interrogatory No. 16 asks Cisco to identify a number of specific facts for each CLI Command, command hierarchy, and command mode and prompt listed in Cisco's Second Amended Complaint, including the author of those commands, hierarchies, modes, and prompts and the documents in which those commands, hierarchies, modes, and prompts were first fixed or published. In response, Cisco relies on Rule 33(d) and identifies tens of thousands (if not hundreds of thousands) of pages of documents. When we asked you during our August 31, 2015 meet and confer call whether this mass of documents identifies *any* author of even *one* CLI command, you were unable to respond. From a brief review, none of those documents contains the information requested by this interrogatory.

It is not Arista's job to determine from Mr. Lougheed or others who authored the material you assert was copied or the circumstances of its creation; that is Cisco's obligation in discovery. Likewise, it is not Arista's obligation to attempt to discern basic bibliographic information about the asserted copyrighted material from tens of thousands of undifferentiated pages of Cisco documents. Cisco has had ten months to gather this basic information about its own case, and we can wait no longer. We are prepared to seek relief from the Court to compel a complete answer to these interrogatories. Please let us know if you are willing to stipulate to an expedited briefing schedule for that motion.

**Interrogatory No. 17**

This interrogatory asks Cisco to identify each and every document in its possession relating to any non-Cisco CLI, including the custodian of each document and how Cisco came to be in possession of each document. Cisco responds with a long litany of objections, none of which have merit, and refuses to answer the request. This request is highly relevant to Arista's defenses in this matter. As we have explained repeatedly, any knowledge by Cisco of use by others of CLI Commands used by Cisco directly bears on the issues in this case. To the extent Cisco finds the term "non-Cisco CLI" to be vague or ambiguous, we can clarify that that term is intended to embrace any command-line interface material (whether manuals or guides, CLI command sets, parser code, etc.) used in a product not developed or sold by Cisco. Please confirm that Cisco will respond to this request on a rolling basis as it produces documents in this litigation.

Matthew D. Cannon
September 3, 2015
Page 3

\* \* \*

Arista continues to reserve all rights with respect to the discovery requests discussed above. We look forward to hearing from you as soon as possible concerning your availability to meet and confer.

Very truly yours,

*/s/Katherine M. Lloyd-Lovett*

Katherine M. Lloyd-Lovett

KML:ltm

984025.01