# EXHIBIT 12

quinn emanuel trial lawyers | san francisco
50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 | FAX (415) 875-6700

WRITER'S INTERNET ADDRESS
matthewcannon@quinnemanuel.com

September 21, 2015

VIA E-MAIL

Katherine Lloyd-Lovett
Keker & Van Nest
633 Battery Street
San Francisco, CA 94111
KLloyd-Lovett@kvn.com

Re:  Arista's Improper Motion to Compel
     Case No. 5:14-cv-05344-BLF

Dear Katie:

I write in response to our discussion on Tuesday, September 15 regarding Cisco's responses to Arista's Interrogatories Nos. 5 and 16, as well as Arista's improper filing of a motion to compel on September 17 and a motion to shorten time on September 18. Arista's motion to compel was premature and improper given that the parties did not complete the meet-and-confer process required by Local Rule 37-1(a).

As a threshold matter, Arista's motion to compel reflects a distortion of the copyright law as well as the infringement allegations made in this matter. Arista's deliberate copying of Cisco's copyrighted works includes numerous elements from those works: hundreds of Cisco's command expressions, command modes and prompts, command responses, product documents, and the arrangement of the same. There can be no question that Arista copied Cisco's creative expressions in an attempt to unfairly compete with Cisco's popular products. Hoping to change this simple truth, Arista's motion to compel is largely full of rhetoric rather than a sincere request for judicial resolution of a discovery dispute, and would have the Court focus on individual command expressions that are components of those copyrighted works.

Procedurally, Arista's motion to compel significantly misrepresents the course of the parties' negotiations and Cisco's positions. Arista claims that "Cisco has never articulated its burden" in responding to Arista's Interrogatories. (Mot. at 13.) But Arista does not tell the Court that,

quinn emanuel urquhart & sullivan, llp
LOS ANGELES | NEW YORK | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

when Cisco tried to explain the burden that Arista's Interrogatory No. 16 would impose during the parties' only meet-and-confer call on that interrogatory, Arista's counsel Brian Ferrall stated that he was "not interested" in hearing about Cisco's burden—insisting instead that the parties engage in a precipitous discussion of a motion to shorten time on its ill-conceived motion to compel.

Arista has simply ignored Cisco's well-founded objections to Arista's Interrogatories No. 5 and No. 16 and rushed to file an improper motion to compel. Arista's interrogatories seek ***thousands*** of pieces of information and would greatly exceed the number of interrogatories permitted under the rules. Cisco has identified over five hundred elements from its copyrighted works that Arista has copied into its infringing works. For each of those elements, Arista would have Cisco identify: (1) the individual(s) responsible for developing that element; (2) the date on which each element was created; (3) the identity of the work in which each element was first fixed; (4) the work in which the element was first published; and (5) the first product that employed that work. Arista's request for thousands of individual, distinct pieces of information far exceeds the number of permissible interrogatories. This is just one example of a "burden" issue—that your colleague Mr. Farrell said Arista counsel was "not interested" in discussing when counsel for Cisco attempted a good-faith meet-and-confer on the topic: identifying every employee who was responsible for developing each of Cisco's command expressions copied by Arista and the date on which each command expression was first "fixed" (just two of five categories of information that Arista requests in a single interrogatory across more than 500 command expressions) is a massive imposition that far outweighs its import to the issues in this case.

Moreover, as we explained in our response to Arista's Interrogatory No. 5, teams of Cisco employees developed the command expressions that have been incorporated into Cisco's proprietary operating systems—including the copyrighted works-in-suit—over many years. Some of the command expressions copied by Arista in its infringing works were first created by Cisco employees nearly 30 years ago. Cisco therefore identified a person most knowledgeable about the process by which the CLI in these works was created, Kirk Lougheed, who also recalls creating many of the commands—and the overarching command structure—that Arista copied. But to positively identify all of the individual Cisco employee(s) who worked on each of the hundreds of command expressions at issue in this case due to Arista's copying would require unearthing pertinent source code branches from long-since unused code repositories, attempting to identify individuals who worked on those code branches, and interviewing those individuals (if they can be found) to determine what information (if any) they recall about the development of each expression decades ago. The investment of time and money that such an undertaking would require is staggering, and the burden of such an effort outweighs any potential relevance of those granular details to this lawsuit.

Indeed, Arista has not explained why such information would be necessary. As you are aware, the copyrighted works-in-suit and their constituent elements were registered with the Copyright Office, which examined Cisco's applications and granted certificates of registration. Those registrations are presumptively valid. Moreover, they explain that Cisco's employees created the works-in-suit as works made for hire, making Cisco the author of any material they created. As a result, the names of individual Cisco employees responsible for every single Cisco command expression copied by Arista are irrelevant to the questions before the Court in this lawsuit.

2

While Arista vaguely asserts in its motion to compel that the names of each employee somehow relate to issues of copyrightability and fair use (a position that Arista never took during the parties' meet-and-confers to explain the relevance of its interrogatories), Arista has failed to provide any basis to explain how the individual employee names are relevant to those issues. Indeed, while Arista suggests that certain individual words may have existed in the industry prior to their inclusion in Cisco's works, it fails to acknowledge that each of the relevant command expressions are multi-word commands, not to mention that Cisco is asserting not just that Arista copied individual words or even individual command expressions but instead that Arista copied entire libraries and taxonomies of such command expressions.  As I trust Arista is aware, it is black-letter copyright law that a creative arrangement of words is copyrightable—to hold otherwise would, for example, rob all books of copyright protection as they are merely collections of previously used words.

Arista also has ignored that Cisco ***offered to supplement*** its response to Interrogatory No. 16 earlier than October 5.  Despite Arista's refusal to meet and confer in good faith, and notwithstanding its well-founded objections, Cisco will supplement its response to Interrogatory No. 16 no later than September 29, 2015.  Cisco's supplemental response will include the following information for each Cisco command expression identified in Cisco's response to Arista's Interrogatory No. 2, to the extent such information exists and can be located with reasonable effort:

> (1) the version of Cisco's operating system(s) in which each command was introduced;
> (2) the date on which that version of the operating system was publicly released; and
> (3) the hardware platform(s) supported by that operating system.

In the event that Arista intends to pursue its unfounded motion to compel information beyond that which Cisco has agreed to produce, please provide authority supporting the appropriateness of such a burdensome request.

Cisco has been and remains willing to negotiate reasonable solutions to the parties' discovery disputes without involving the Court.  We hope that you will join us in that process by withdrawing your motion, to avoid needlessly wasting scarce party and judicial resources on an over-hasty motion to compel and ancillary papers.  On a related point, we hope that Arista will withdraw its motion to shorten time. That latter motion was entirely premature and unnecessary.

Very truly yours,

*/s/ Matthew D. Cannon*

Matthew D. Cannon