# EXHIBIT 13


633 Battery Street
San Francisco, CA 94111-1809

415 391 5400

kvn.com

Elizabeth K. McCloskey
415-676-2269
emccloskey@kvn.com

September 22, 2015

Matthew D. Cannon
Quinn Emanuel Urquhart & Sullivan LLP
50 California Street
San Francisco, CA 94111

Re:   *Cisco Systems, Inc. v. Arista Networks, Inc.*
      Case No. 5:14-cv-05344-BLF

Dear Matt:

    I write in response to your letter of September 21, 2015 regarding Arista's pending motion to compel and administrative motion to shorten time. If Cisco submits your letter to the Court, we expect Cisco to include this response as well.

    Arista cannot agree to withdraw the pending motion to compel and motion to shorten time for the reasons stated in those motions. We disagree with your assertion that Arista's motion to compel was premature and improper. The details of the parties' meet-and-confer efforts, and Cisco's refusal to provide adequate responses to Arista's Interrogatories Nos. 5 and 16, are set forth in Arista's motion to compel and speak for themselves. Arista strongly desires to resolve these discovery issues without the Court's involvement, but Cisco's belated proposed supplementation proves why our motion was necessary: Cisco still refuses to provide a basic description of the origins of the allegedly protectable expressions in the asserted works, and refuses to identify an author of any of the asserted CLI commands.[1]

    Finally, we reject your argument that Cisco's copyrighted works, and basic information about the creation and authorship of the relevant portions of those works, are somehow immune

---

[1] As we explained in our telephonic meet and confer of a week ago, if Cisco is unable to determine the author(s) of a particular CLI command, Cisco can and should state that specifically for each such command in its discovery responses. But Arista will be entitled to challenge such responses if Cisco fails to conduct an adequate investigation into the authorship and creation of the asserted CLI commands, and Arista will seek to preclude Cisco from presenting any evidence of its creation of such CLI commands at trial.

Matt Cannon
September 22, 2015
Page 2

from discovery because of burden, or otherwise.  Cisco cannot allege that Arista copied over 500 CLI commands purportedly deserving of copyright protection, but then claim that it is far too burdensome to identify the author of each command and how each command was created.  Investigating the circumstances of the creation of the purportedly protectable expression in a copyright work is due diligence that Cisco should have completed before filing this lawsuit, and is a valid area of discovery in a copyright case.  Among other things, Arista is entitled to test whether each asserted CLI command is original.  Indeed, the fact that Cisco apparently has not identified in its copyright registration the "teams of Cisco employees" who purportedly created the protectable expression makes this discovery all the more important.

If Cisco will not abide by its discovery obligations relating to its copyright assertions, then Arista has no choice but to seek relief from the Court, and promptly.

Very truly yours,

KEKER & VAN NEST LLP

Elizabeth K. McCloskey

990581