UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., | Case No. 3-14-CV-05344-BLF |
| Plaintiff, | **ORDER GRANTING MOTION TO COMPEL** |
| v. | |
| ARISTA NETWORKS, INC., | **(Re: Docket No. 66)** |
| Defendant. | |

Late last year, Plaintiff Cisco Systems, Inc. brought this suit, alleging that Defendant Arista Networks, Inc. had infringed 26 of Cisco's copyrighted works.[1] Earlier this year, Arista served interrogatories on Cisco seeking information about the origin and creation of those copyrighted works.[2] Dissatisfied with Cisco's responses, Arista moves to compel further responses to interrogatories nos. 5 and 16. After considering the parties' arguments, the court GRANTS Arista's motion.

**I.**

At issue are Cisco's responses to two of Arista's interrogatories, nos. 5 and 16. In interrogatory no. 5, Arista seeks "the derivation of each [command line interface] Command used by Cisco, including without limitation all CLI Commands that You contend Arista has unlawfully

---

[1] *See* Docket No. 1.

[2] *See* Docket No. 66 at 6.

1

Case No. 5:14-cv-05344-BLF
ORDER GRANTING MOTION TO COMPEL

copied."[3]  Due to claimed confusion about the meaning of "derivation," Cisco initially responded that it was "not presently aware of any responsive information."[4]  Through the meet and confer process, Arista clarified that this interrogatory sought basic facts about the origin and creation of each CLI command.[5]  Cisco then provided a supplemental, narrative response identifying documents about Cisco's creative process.[6]  Because this response also did not provide the bibliographic information that Arista sought, Cisco provided a second supplemental response that identified Kirk Lougheed as a person most knowledgeable about Cisco's development process for command expressions.[7]  This response also did not provide the information that Arista required.

While the back-and-forth over interrogatory no. 5 continued, Arista propounded interrogatory no. 16, which specified in more detail the bibliographic information that Arista sought.  Interrogatory no. 16 seeks the following information regarding each CLI Command, command hierarchy, and command mode and prompt listed in Cisco's second amended complaint:

> (i) the author or originator of such Command, command hierarchy, command mode and prompt, (ii) the date of such authorship or creation, (iii) the document(s) in which such Command, command hierarchy, command mode or prompt was first fixed in any tangible medium of expression, (iv) the document(s) in which such Command, command hierarchy, command mode or prompt was first published, and (v) the first Cisco product (including version number) that used or responded to each CLI Command, command hierarchy, command mode or prompt.[8]

Cisco's initial response only identified documents showing that Cisco owned the copyrighted works[9] and did not provide the detailed authorial information that Arista sought.  After further meet and confer failed to resolve the dispute, Arista filed its pending motion.

---

[3] Docket No. 67-5 at 4.

[4] Docket No. 66 at 6.

[5] *See* Docket No. 66 at 6.

[6] *See* Docket No. 76-3.

[7] *See* Docket No. 66 at 7.

[8] Docket No. 67-8 at 4.

[9] *See* Docket No. 76-3 at 12.

**II.**

The court has jurisdiction under 28 U.S.C. §§ 1331.  The matter was referred to the undersigned pursuant to Fed. R. Civ. P. 72(a).

The Federal Rules of Civil Procedure allow for broad discovery, allowing parties to obtain discovery regarding any information "reasonably calculated to lead to the discovery of admissible evidence."[10]  District courts have broad discretion to determine relevancy for discovery purposes,[11] and the burden is on the party resisting discovery to show "that the discovery should not be allowed."[12]  When considering whether the burden of proposed discovery outweighs its likely benefit, the court must consider the burden against "the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."[13]

**III.**

Applying these standards to the record before the court, the motion to compel is granted as follows.

***First***, Arista's interrogatories nos. 5 and 16 seek information that is plainly relevant to defenses in a copyright action.  The interrogatories seek information regarding the authorship and source of the disputed works, which is necessary to contesting the works' originality.  Originality is the "*sine qua non* of copyright."[14]  "To qualify for copyright protection, a work must be original to the author."[15]  The information that Arista requests is relevant to the inquiry of originality, because information as to the authorship of the disputed works, the dates of creation, the documents in which they were first fixed or published, and the first Cisco product in which

---

[10] Fed R. Civ. P. 26(b)(1).

[11] *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

[12] *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012).

[13] Fed R. Civ. P. 26(b)(2)(C)(iii).
[14] *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991).

[15] *Id.*

they were used is reasonably calculated to lead to the discovery of witnesses for deposition and testimony as to whether, for example, a CLI "was independently created by the author (as opposed to copied from other works)."[16]

*Second*, while the burden of responding to the interrogatories may be substantial, that burden must be weighed against the nature of Cisco's claim. Cisco asserted 26 copyrighted works, including over 500 CLI commands, hierarchies, and prompts. To the extent that investigating and producing information on those works' creation creates a large burden, that burden is one of Cisco's own making. The information sought by Arista is directly relevant to the issues at stake in this lawsuit, and the hardship created by the interrogatories therefore is not "unreasonable in the light of the benefits to be secured from the discovery."[17]

## IV.

Arista's motion to compel responses to interrogatories nos. 5 and 16 is GRANTED. No later than October 14, 2015, Cisco shall supplement its responses to interrogatories nos. 5 and 16 in compliance with this order.

**SO ORDERED.**

Dated: September 30, 2015

PAUL S. GREWAL
United States Magistrate Judge

---

[16] *Id.*

[17] *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1032 (E.D. Cal. 2010).