KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
BRIAN L. FERRALL - # 160847
bferrall@kvn.com
DAVID SILBERT - # 173128
dsilbert@kvn.com
MICHAEL S. KWUN - # 198945
mkwun@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>                              Plaintiff,<br><br>       v.<br><br>ARISTA NETWORKS, INC.,<br><br>                              Defendant. | Case No. 5:14-cv-05344-BLF (PSG)<br><br>**DEFENDANT ARISTA'S MOTION TO AMEND SCHEDULING ORDER OR, ALTERNATIVELY, TO STAY PATENT CLAIMS PENDING *INTER PARTES* REVIEW**<br><br>Date:         February 18, 2016<br>Time:        9:00 a.m.<br>Judge:      Hon. Beth Labson Freeman<br>Dept.:       Courtroom 3<br><br>Date Filed: December 5, 2014<br><br>Trial Date: August 1, 2016 |

**TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION ................................................................................1
I.     INTRODUCTION ......................................................................................................1
II.    NATURE OF THE CASE ..........................................................................................3
III.   PROCEDURAL HISTORY........................................................................................4
IV.  ARISTA MOVES FOR A FIVE-MONTH CONTINUANCE....................................7
V.    ARISTA MOVES IN THE ALTERNATIVE TO STAY THE PATENT CLAIMS ..........8
VI.  CONCLUSION.........................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Advanced Micro Devices, Inc. v. LG Elecs., Inc.*
   No. 14-CV-01012-SI, 2015 WL 545534 (N.D. Cal. Feb. 9, 2015) ......................................... 9

*Coho Licensing LLC v. Glam Media*
   No. C 14-01576 JSW, 2014 WL 4681699 (N.D. Cal. Sept. 17, 2014)..................................... 9

*Delphix Corp. v. Actifio, Inc.*
   No. 13-CV-04613-BLF, 2014 WL 6068407 (N.D. Cal. Nov. 13, 2014)............................ 7, 8, 9

*DSS Tech. Mgmt., Inc. v. Apple, Inc.*
   No. 14-CV-05330-HSG, 2015 WL 1967878 (N.D. Cal. May 1, 2015)..................................... 9

*Evolutionary Intelligence, LLC v. Facebook, Inc*
   No. C 13-4202 SI, 2014 WL 261837 (N.D. Cal. Jan. 23, 2014).......................................... 9, 10

*Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*
   No. C-13-4513-RMW, 2014 WL 819277 (N.D. Cal. Feb. 28, 2014)....................................... 9

*Finjan, Inc. v. Symantec Corp.*
   No. 14-CV-02998-HSG, 2015 WL 5915369 (N.D. Cal. Oct. 9, 2015) ............................... 9, 10

*Hewlett-Packard Co. v. ServiceNow, Inc.*
   No. 14-CV-00570-BLF, 2015 WL 1737920 (N.D. Cal. Apr. 9, 2015) .................................... 7

*Johnson v. Mammoth Recreations, Inc.*
   975 F.2d 604 (9th Cir. 1992) .................................................................................................. 7

*Noyes v. Kelly Servs.*
   488 F.3d 1163 (9th Cir. 2007) ................................................................................................ 7

*Orr v. Bank of Am., NT & SA*
   285 F.3d 764 (9th Cir. 2002) .................................................................................................. 7

*Pragmatus AV, LLC v. Facebook, Inc.*
   No. 11-CV-02168-EJD, 2011 WL 4802958 (N.D. Cal. Oct. 11, 2011) .............................. 9, 10

*Riverbed Tech., Inc. v. Silver Peak Sys., Inc.*
   No. C 13-02980 JSW, 2014 WL 1647399 (N.D. Cal. Mar. 14, 2014) .................................... 9

*Sec. People, Inc. v. Ojmar US, LLC*
   No. 14-CV-04968-HSG, 2015 WL 3453780 (N.D. Cal. May 29, 2015).................................. 9

*Software Rights Archive, LLC v. Facebook, Inc.*
   No. C-12-3970 RMW, 2013 WL 5225522 (N.D. Cal. Sept. 17, 2013)........................... 8, 9, 10

*Williamson v. Google, Inc.*
   No. 15-cv-00966-BLF, Dkt. No. 116 (Oct. 8, 2015) ............................................................... 9

**Federal Statutes**

35 U.S.C. § 315(e)(2) .................................................................................................................. 8

**Federal Rules**

Fed. R. Civ. P. 16 ....................................................................................................................... 7

Fed. R. Civ. P. 16(b)(4) .............................................................................................................. 7

1002620

**NOTICE OF MOTION AND MOTION**

Notice is hereby given to Plaintiff Cisco Systems, Inc. that Defendant Arista Networks, Inc. hereby moves the Court pursuant to Federal Rule of Civil Procedure 16(b)(4) and Civil Local Rule 16-2(d) to amend the Scheduling Order in this matter, Dkt. No. 51, or, alternatively, to stay the patent claims pending the Patent Trial and Appeal Board's decision whether to institute *inter partes* review of the patents-in-suit.  This motion is noticed for February 18, 2016, in Courtroom 3, 5th Floor, 280 South 1st Street, San Jose, California[1]; Arista agrees to waive oral argument, however, to expedite resolution of this motion prior to the claim construction tutorial and hearing, respectively scheduled for January 29 and February 5, 2016.

I.    **INTRODUCTION**

Arista moves to continue the trial and interim court deadlines by approximately five months.  Two developments in this case necessitate Arista's request.  First, Cisco resisted providing core discovery into Cisco's copyright claims, and now that it has begun to provide that discovery, it is clear that completing discovery into those claims will be far more time-consuming than Cisco originally represented, or than Arista originally believed.  Arista will not have sufficient time under the current schedule to complete that discovery and prepare its defenses.  Second, Arista has filed a petition with the Patent Trial and Appeal Board (PTAB) of the U.S. Patent and Trademark Office to institute *inter partes* review (IPR) of one of the asserted patents, and will shortly file a petition for review of the second patent.  Continuing the current schedule for claim construction and subsequent deadlines will save the Court and the parties from unnecessary (or premature) efforts on claim construction, expert discovery, and dispositive motions.

At the initial case management conference in May, Cisco argued that its copyright claims were practically ready for trial.  Partly in reliance on those representations, the Court set an expedited schedule that left no room for error, including a trial date of August 1, 2016, and a discovery cut-off of February 26, only nine months after the initial case management conference.

---

[1] Counsel for Arista attests, pursuant to Civil Local Rule 16-2(d)(2), that it has conferred with counsel for Cisco in an effort to reach agreement about the matter and that Cisco opposes Arista's motion.

Discovery into Cisco's claims has shown Cisco's promises to the Court were not true. Since the initial CMC, what discovery Cisco has provided has substantially *expanded* the discovery necessary to prepare this case for trial. For months, Cisco refused to provide detailed information about the origins of the over five hundred individual commands in which it claims copyright protection. Cisco would not say how these commands were "created" or who created them, forcing Arista to bring a motion to compel, which Judge Grewal granted on September 30. Dkt. No. 83.

That discovery is foundational, since Arista disputes that Cisco can claim copyright in individual several-word phrases that appear to be based largely on standard technical terms. Cisco's court-ordered response revealed the vastness of the discovery ahead. It revealed some *137* different authors, and those only accounted for a *subset* of all the asserted commands; Cisco is still investigating (or does not even know) who authored 159 commands. Thus, more than halfway through the discovery period, Arista is learning for the first time that there are well over one hundred potential witnesses who will speak to the purported "originality" of the asserted commands and their relation to prior art commands or technology standards. Even if Arista deposes only a portion of those witnesses, it would have to take a deposition every day for the remainder of the discovery period in order to complete discovery on time. And that does not even include discovery relating to Arista's defenses of fair use, waiver, and estoppel or copyright misuse.[2]

Arista's IPR petitions provide the Court with an independent reason to adjust the case schedule. As the Court knows, IPR can result in canceled claims, or short of that, amended claims or an altered prosecution history. Here, the PTAB must decide whether to institute the currently-filed IPR by no later than May 4, 2016, but the claim construction hearing is currently scheduled for February and dispositive motions are due in March. By extending the case schedule, the Court can avoid a claim construction hearing, expert discovery, and dispositive

---

[2] Discovery into Cisco's patent claims is also behind schedule. Cisco did not make its inventors available for deposition within the claim construction discovery cut off. Santacana Decl. ¶ 9. And, among other things, Cisco has failed fully to respond to discovery into how Cisco's products purportedly practice one of the patents, which is important to claim construction. *Id.* ¶¶ 11–12.

motions that may all be rendered moot by the PTAB.

Subject to the Court's schedule, Arista proposes the following revised schedule:

- Technology tutorial and claim construction hearing (if necessary): June 2016
- Fact discovery cut-off: July 2016
- Opening expert reports: July/August 2016
- Dispositive motion hearing: October 2016
- Trial: January 2017

Alternatively, if the Court is not inclined to postpone all case deadlines, Arista requests that the Court stay the patent claims pending the IPRs and set a further case management conference for mid-January 2016, at which time the Court and the parties can reassess the status of the copyright claims.

## II.     NATURE OF THE CASE

Arista Networks was founded over ten years ago to develop an alternative to Cisco's industry-dominant network routers and switches. Arista released its first product in 2008—a 10 Gigabit Ethernet switch powered by Arista's Extensible Operating System (EOS). Though EOS's architecture is radically different from Cisco's, Arista openly advertised that its switches could be configured using some commands from the "industry-standard" command line interface (CLI) used with Cisco hardware. After years of growth, Arista went public in April 2014. Eight months later, and without any warning, Cisco filed this case asserting for the first time that Arista infringed Cisco's copyright due to the similarities of some of those commands. Dkt. No. 1. It also asserted claims of infringement of U.S. Patent Nos. 7,047,526 and 7,953,886. *Id.*

CLI commands are short statements (generally two to five words) that engineers use to configure network hardware and settings. In this case, Cisco claims it has a copyright interest in commands as simple as "clock set," "ip address," and "show hosts." It also claims it has a protectable interest in the way the commands are grouped into "hierarchies," the prompts and responses EOS gives before and after a command is entered, and the EOS user modes. Cisco does not claim, however, that any of the source code in Arista's EOS was copied from Cisco.

Arista denies that Cisco can claim protectable expression in the commands, "hierarchies," prompts, responses, or modes. Among other defenses Arista asserts is that the material is not original or not protectable expression because it derived either from other non-Cisco command

sets or from industry standards such as the Internet Engineering Task Force (IETF) or IEEE. Arista also asserts that Cisco abandoned or waived any copyright protection, or is estopped from asserting it, because (among other things) Cisco acquiesced in Arista's and others' use of industry-standard CLI for years, and Cisco's assertion of copyright now amounts to copyright misuse.  Finally, Arista maintains that its use of the commands, prompts, etc. is fair use.

Cisco's two asserted CLI patents appear to be designed primarily to secure appellate jurisdiction in the Federal Circuit for Cisco's copyright claims.[3]  Arista asserts invalidity and non-infringement defenses for each asserted patent claim.

### III. PROCEDURAL HISTORY

The Court held an initial case management conference on May 14, 2015, at which Cisco urged the Court to set an early trial on the copyright claims because "Cisco believes that the parties can complete discovery relating to Cisco's copyright claim in short order and prepare that claim for trial."  Dkt. No. 43 at 5.  In reliance on Cisco's representations, the Court set a brisk case schedule, "with the understanding that we'll all work together to massage those dates as time goes on."  CMC Tr., Dkt. No. 49 at 9–12, 19; *see* Case Mgmt. Order, Dkt. No. 46.  The schedule sets a claim construction hearing on February 5, a fact discovery cut-off of February 26, opening expert reports on March 3, a dispositive motion hearing on May 5, and a trial date of August 1. Dkt. Nos. 50, 51.  Even at the outset, the schedule made for challenging case management issues, since expert reports—and perhaps even dispositive motion papers—would likely need to be exchanged without the benefit of the Court's claim construction, necessitating revisions or supplements.

In the more than five months since the initial case management conference, Cisco has done more to frustrate, rather than fulfill, its prediction of how the copyright case would unfold. Even though Cisco had alleged that its asserted works were "original, expressive works," developed by "thousands of engineers," Second Am. Compl., Dkt. 64 ¶¶ 20, 28, Cisco would not

---

[3] Cisco asserted twelve other patents against Arista in this Court and at the ITC at the same time it filed this case.  *Cisco Systems, Inc. v. Arista Networks, Inc.*, No. 3:14-cv-5343 (N.D. Cal. filed Dec. 5, 2014); *In re Certain Network Devices, Related Software and Components Thereof (I)* (U.S.I.T.C. Inv. No. 337-TA-944), *In re Certain Network Devices, Related Software and Components Thereof (II)* (U.S.I.T.C. Inv. No. 337-TA-945).  Rather than asserting the two patents-in-suit together with the twelve others at the ITC, it chose to assert them here.

tell Arista who those engineers were, or how the commands were created. Arista propounded interrogatories seeking that information in April, and more specific ones in July, but by the end of September, Cisco had only identified *one CLI author*, who was responsible for only thirty-six of the over five hundred asserted commands. Judge Grewal granted Arista's motion to compel this information, reasoning that (1) Arista's interrogatories sought "plainly relevant" information because originality is the *sine qua non* of copyright, and that (2) Cisco's burden objection was "one of Cisco's own making" because it decided to assert twenty-six copyrighted works and over five hundred CLI commands, hierarchies, prompts, and user modes. Dkt. No. 83 at 3–4.

On October 14, over four months after Cisco's original responses were due, Cisco identified 137 unique authors for 355 of the 514 commands. Santacana Decl., Exs. A, B. There is no known way to test Cisco's claims to the "creativity" of these commands other than to investigate the circumstances of each author's creation of his or her respective commands. Towards that end, Arista intends to begin to depose the authors as soon as Cisco can complete production of their relevant documents. But that apparently will not begin until at least mid-November, and perhaps later. *Id.* ¶ 6. Meanwhile, for 159 commands (31%), Cisco says its investigation is "ongoing," and it intends to discuss on November 13 how that investigation is proceeding and when it may complete the responses that Judge Grewal ordered by October 14. *Id.* ¶ 7.

Meanwhile Cisco has provided no origin information at all about its alleged "hierarchies," despite Judge Grewal's Order. *See, e.g.*, Compl., Dkt. No. 1 ¶¶ 52, 54; Santacana Decl. ¶ 7. And Cisco's allegations of what Arista allegedly copied are still evolving. Cisco provided a non-exhaustive list of examples of allegedly copied command responses just eight weeks ago. *Id.* ¶ 8.

If necessary, Arista should presumptively be permitted to depose every individual author identified by Cisco because, in its own words, Cisco has been "perfectly clear with the Court . . . that Cisco does believe it's entitled to copyright protection on each of these multi-word commands." Motion to Compel Tr., Dkt. No. 82 at 21:14–17; *see also id.* at 22:6–10 ("I think it's fair to address the individuals, especially given that . . . we do consider each of these expressions to be copyright protected."). Nevertheless, even if Arista took depositions of only a fraction of

the authors, it would be a Herculean task. Assuming, for example, forty author depositions and fifteen others (including of patent inventors and Rule 30(b)(6) witnesses)[4], accounting for the holidays, and given that the first deposition of an author cannot realistically take place until early December, Arista would have eleven weeks to take fifty-five depositions—that's one deposition a day for nearly three months, allowing no flexibility for witness schedules, scheduling conflicts, or further discovery delays. And this impossibly difficult schedule does not even account for the authors of 159 commands that Cisco has yet to identify. Moreover, for Arista to digest that discovery in order to prepare expert reports and dispositive motions on the current schedule would be highly prejudicial to its defense. In short, the current schedule gives Cisco an enormous advantage by greatly constraining Arista from being able to defend each command allegation, as Cisco insists on fashioning its case.

Cisco's non-responsiveness on patent discovery has also strained the current schedule. Although claim construction discovery should have been completed by October 19, Dkt. No. 51, Cisco waited four weeks before responding to Arista's request for deposition dates for the inventors of the asserted patents, and could not offer any of those inventors, together with their corresponding document productions, within the discovery period. *Id.* ¶ 9. In fact, the first inventor deposition will take place, at the earliest, on November 5, 2015, seventeen days after the formal close of claim construction discovery. *Id.* ¶ 10. In addition, despite months of efforts, Cisco still has not provided a claim chart indicating how its own products use the claimed '526 invention, which could be critically important for the claim construction effort that is to begin now. *Id.* ¶¶ 11–12.

Arista filed on November 4, 2015, an IPR petition for each asserted claim of the '526 patent, and is about to file an IPR petition for the '886 patent. *Id.* ¶ 13 & Ex. C. The IPRs are driven in substantial part by the breadth of the patents as evidenced by Cisco's preliminary infringement contentions, first served on June 5, and its proposed claim constructions, served on August 24. The IPR rules provide that the PTAB must decide whether to institute *inter partes*

---

[4] Arista must take discovery into its other copyright defenses, such as the circumstances by which Cisco chose not to assert these copyright claims for years despite Arista's public use of its CLI commands and Cisco's own statements promoting its CLI command sets as "industry standards."

review within six months of the notice of filing—for the '526 patent, no later than May 2, 2016.

## IV. ARGUMENT

### A. A five-month continuance of discovery and subsequent case deadlines is necessary.

Arista moves to continue all case deadlines by approximately five months.  The Court may, in its discretion, modify its pretrial scheduling order upon a showing of good cause.  Fed. R. Civ. P. 16(b)(4); *see Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002).  A party can demonstrate good cause if it can show that the current case deadlines "cannot reasonably be met despite [its] diligence."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).  An opposing party's unreasonable delay in producing discovery will also satisfy the good cause standard.  *See, e.g.*, *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 (9th Cir. 2007).

The Court should continue the schedule both because of the delays and vast expansion of discovery in the copyright case and because of the pending IPR petitions.

*First*, as described above, since the May CMC, Cisco first resisted core foundational discovery that is essential to developing Arista's copyright defenses, and then, when it began to provide that discovery, revealed a far more daunting set of discovery that must be conducted to prepare Arista's defenses.  None of those developments was contemplated at the CMC.  Maintaining the current case schedule in light of them would unduly prejudice Arista.

*Second*, a five-month continuance will allow the PTAB to decide whether to initiate Arista's IPRs before the Court must construe the asserted claims and decide dispositive motions.  In two similar cases, this Court concluded a stay was appropriate.   In *Delphix Corp. v. Actifio, Inc.*, No. 13-CV-04613-BLF, 2014 WL 6068407, at *2–3 (N.D. Cal. Nov. 13, 2014), the Court stayed a patent case for five months to await the PTAB's institution decision because doing so would "conserve judicial resources and avoid inconsistent results."  *Id.* at *2.  In *Hewlett-Packard Co. v. ServiceNow, Inc.*, No. 14-CV-00570-BLF, 2015 WL 1737920, at *3 (N.D. Cal. Apr. 9, 2015), this Court continued the technology tutorial and *Markman* hearing dates for the same reason.

Over the last three fiscal years, the PTAB has instituted IPR proceedings for more than

70% of all petitions.  *See* PTAB Statistics p. 7, available at http://www.uspto.gov/sites/default/files/documents/2015-09-30%20PTAB.pdf.  Many petitions are then settled, but for those instituted IPR proceedings that result in a final written decision, 87% of the cases result in a change or cancellation to at least some claims.  *Id.* at 9.  It is therefore highly likely that Arista's IPR petitions will significantly affect, if not eliminate, the need for some or all of claim construction and dispositive motions.  A short, five-month continuance of the case deadlines will avoid the unnecessary duplication of effort that could result from forging ahead before the PTAB acts.  That same continuance will serve the additional purpose of accounting for discovery delays.

*Finally*, Arista's proposed, short continuance will not unduly prejudice Cisco.  The savings and improved efficiency from a continuance will inure to Cisco's benefit also, since it should not want to be precluded from introducing evidence at trial because it failed (without excuse, or even seeking permission) to comply with the deadlines of Judge Grewal's discovery order.  Nor should it want to expend the effort of completing claim construction on claims that are canceled or amended.

Moreover, the eight years during which Cisco sat on its copyright and patent rights while watching Arista's conduct accused here belies any actual prejudice it would suffer from the continuance Arista seeks.  *Software Rights Archive, LLC v. Facebook, Inc.*, No. C-12-3970 RMW, 2013 WL 5225522, at *5 (N.D. Cal. Sept. 17, 2013) (delay "without specific examples of prejudice resulting therefrom," does not constitute undue prejudice; staying patent case pending PTAB's decision whether to institute IPR).

Finally, the modest continuance Arista seeks would still result in a trial barely more than two years after filing of the complaint.  This is a more-than-reasonable timeline for a case involving twenty-six copyrighted works, over five hundred asserted copyright commands, each of which is subject to multiple challenges and defenses, and two patents.

**B.    Alternatively, the Court should stay the patent claims and revisit the remainder of the case schedule in January.**

Should the Court not continue the entire case, Arista asks the Court at least to stay the patent claims pending the PTAB's decision whether to institute IPR proceedings.  All of the relevant factors weigh in favor of a stay in this case—the stage of the proceedings, whether IPR

will simplify the issues, and whether a stay will unduly prejudice the patentee. *See Delphix*, 2014 WL 6068407, at *2 (listing factors).

*First*, as discussed above, this case is still in its early stages. No depositions have been taken (despite Arista's prior request for inventor depositions), few documents have been produced (other than pre-existing ITC productions), and claim construction briefing is only just beginning. Several courts that have granted short stays pending the PTAB's decision whether to institute IPR proceedings have found similar procedural circumstances weigh in favor of a stay. *See Delphix*, 2014 WL 6068407, at *2 (granting stay pending PTAB decision whether to institute IPR just before claim construction briefing); *see also Finjan, Inc. v. Symantec Corp.*, No. 14-CV-02998-HSG, 2015 WL 5915369, at *2 (N.D. Cal. Oct. 9, 2015) (same, after claim construction hearing); *Advanced Micro Devices, Inc. v. LG Elecs., Inc.*, No. 14-CV-01012-SI, 2015 WL 545534, at *1 (N.D. Cal. Feb. 9, 2015) (same, before claim construction); *Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*, No. C-13-4513-RMW, 2014 WL 819277, at *3 (N.D. Cal. Feb. 28, 2014) (same, where some discovery had been taken and parties had discovery disputes, but major deadlines had not passed); *Software Rights Archive*, 2013 WL 5225522, at *3 (same, before claim construction and after one witness was deposed); *Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-CV-02168-EJD, 2011 WL 4802958, at *2 (N.D. Cal. Oct. 11, 2011) (same, where there had been "no material progress" in the litigation). This Court also recently found on the eve of claim construction briefing that, despite some discovery, the case was in an early enough stage to stay pending instituted IPR proceedings. *See Williamson v. Google, Inc.*, No. 15-cv-00966-BLF, Dkt. No. 116 (Oct. 8, 2015).

*Second*, a stay pending the PTAB's institution decision is a good bet for simplifying the issues. There are numerous examples, in addition to those already cited above, of courts granting pre-institution stays. *See, e.g.*, *Sec. People, Inc. v. Ojmar US, LLC*, No. 14-CV-04968-HSG, 2015 WL 3453780, at *1 (N.D. Cal. May 29, 2015); *DSS Tech. Mgmt., Inc. v. Apple, Inc.*, No. 14-CV-05330-HSG, 2015 WL 1967878, at *1 (N.D. Cal. May 1, 2015); *Coho Licensing LLC v. Glam Media*, No. C 14-01576 JSW, 2014 WL 4681699, at *1 (N.D. Cal. Sept. 17, 2014); *Riverbed Tech., Inc. v. Silver Peak Sys., Inc.*, No. C 13-02980 JSW, 2014 WL 1647399, at *1

(N.D. Cal. Mar. 14, 2014); *Evolutionary Intelligence, LLC v. Facebook, Inc*, No. C 13-4202 SI, 2014 WL 261837, at *3 (N.D. Cal. Jan. 23, 2014).  The prevailing view in this District is that pre-institution stays stand a good chance of simplifying the issues in the case, and "any concern that the motions are premature is alleviated by the short time frame of the initial stay and the Court's willingness to reevaluate the stay if the *inter partes* review is not instituted for all of the asserted claims." *Id.*

*Third*, Cisco has no claim of undue prejudice here.  *See Software Rights Archive*, 2013 WL 5225522, at *5; WL 4802958, at *3.  As discussed above, Cisco waited years to file this suit and chose to assert the patents here and not at the ITC, where it could have received expedited relief.  Moreover, Arista was as diligent as possible in filing its IPR petitions, preparing them promptly after Cisco revealed its claim construction positions this summer.  Courts generally find that filing IPR petitions within the one-year statutory period allowed by the PTAB is sufficiently diligent.  *See, e.g.*, *Finjan*, 2015 WL 5915369, at *3.  Arista surpasses that standard considerably.

## V.     CONCLUSION

For the foregoing reasons, Arista asks the Court to continue all case deadlines by approximately five months. In the alternative, Arista requests that the Court at least stay the patent case pending the PTAB's institution decision and set a case management conference for mid-January to assess the schedule for the remainder of the case.

Respectfully submitted,

Dated:  November 4, 2015          KEKER & VAN NEST LLP

By:  /s/ *Brian L. Ferrall*
     BRIAN L. FERRALL

     Attorney for Defendant ARISTA NETWORKS, INC.

**Appendix A — Arista's Proposed Revised Schedule**

| Event | Current Schedule | Arista's Proposed Revised Schedule |
|---|---|---|
| Complete Claim Construction Discovery | October 19 | February 2016 |
| Cisco's Opening Claim Construction Brief | November 2 | March |
| Arista's Responsive Claim Construction Brief | November 16 | March |
| Cisco's Reply Claim Construction Brief | November 23 | April |
| Technical Tutorial | January 29, 2016 | June |
| Claim Construction Hearing | February 5 | June |
| Close of Fact Discovery (Except Damages) | February 26 | July |
| Expert Reports | March 3 | July/August |
| Expert Rebuttal Reports | March 17 | August |
| Expert Discovery Cut-off | March 24 | September |
| Deadline for Dispositive Motions | March 31 | September |
| Opening Expert Reports (Damages) | April 8 | September |
| Expert Rebuttal Reports (Damages) | April 29 | October |
| Hearing on Dispositive Motions | May 5 | October |
| Expert Discovery Cut-off (Damages) | May 13 | November |
| Final Pretrial Conference | July 7 | December |
| Trial Briefs | July 25 | December |
| Trial | August 1 | January 2017 |