Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Steven Cherny *(admitted pro hac vice)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

[Additional counsel listed on signature page]

ATTORNEYS FOR PLAINTIFF CISCO SYSTEMS, INC.

KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
BRIAN L. FERRALL - # 160847
bferrall@kvn.com
DAVID SILBERT - # 173128
dsilbert@kvn.com
MICHAEL S. KWUN - # 198945
mkwun@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

ATTORNEYS FOR DEFENDANT ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ARISTA NETWORKS, INC.,<br><br>Defendant. | Case No. 5:14-cv-05344-BLF (PSG)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge:    Hon. Beth Labson Freeman<br>CMC Date: November 5, 2015<br>Date Filed: December 5, 2014<br>Trial Date: August 1, 2016 |

1
JOINT CASE MANAGEMENT STATEMENT
Case No. 5:14-cv-05344-BLF (PSG)

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California, the San Jose Judges' Standing Order, and the General Civil Standing Order for Judge Beth Labson Freeman, Plaintiff Cisco Systems, Inc. ("Plaintiff" or "Cisco") and Defendant Arista Networks, Inc. ("Defendant" or "Arista") jointly submit this Case Management Statement.  The parties file this statement now in order to address developments in the case that have arisen in the last several days or that will arise within the next week.

### 1. Case Schedule

Arista will file today a motion to continue the deadlines and trial in this case by approximately five months, or in the alternative, to stay the patent claims.  Arista submits that developments that have arisen since the initial case management conference warrant the continuance.[1]

Cisco will respond as appropriate to Arista's motion, but does not believe that anything in this case has changed, as might justify Arista's proposed delay.   Cisco respectfully requests that the Court maintain the current trial schedule and the discovery limits that both parties had negotiated as part of the first CMC.

*Arista's Position*

As explained in detail in Arista's motion, two developments necessitate modifying the

---

[1] Arista's specific proposed amendment to the case schedule is as follows:

| Event | Current Schedule | Arista's Proposed Schedule |
|---|---|---|
| Deadline for PTAB to issue institution decision | | **May 2016** |
| Technical tutorial and claim construction hearing | January 29, 2016 and February 26, 2016 | **June 2016** |
| Fact discovery cut-off (except damages) | February 26, 2016 | **July 2016** |
| Opening expert reports | March 3, 2016 | **July 2016** |
| Opening expert reports (damages) | April 8, 2016 | **September 2016** |
| Dispositive motion hearing | May 5, 2016 | **October 2016** |
| Trial | August 1, 2016 | **January 2017** |

case schedule. First, copyright and patent discovery have met with significant delays and proven to be broader than Arista originally expected, making it impossible for Arista to complete discovery under the current deadlines without unduly prejudicing its defense. Second, Arista is filing a petition with the Patent Trial and Appeal Board (PTAB) of the United States Patent and Trademark Office to institute *inter partes* review (IPR) of one of the asserted patents, and will shortly file an IPR petition for the second asserted patent. The original case schedule was ambitious and the Court recognized that it may need to "massage [the] dates as time goes on." CMC Tr., Dkt. No. 49 at 9–12. The proposed continuance will allow the parties to complete discovery and relieve the Court from doing unnecessary claim construction in light of the IPRs, while still bringing this case to trial expeditiously.

At the initial case management conference in May, Cisco represented that an accelerated schedule was justified because Cisco's claims were simple and would require little discovery. Five months later—and only after Judge Grewal ordered Cisco to provide basic information about its copyright claims, Dkt. No. 83—we are now learning the true breadth of Cisco's case. Cisco clarified to Judge Grewal that it is asserting that *each* of more than five hundred asserted commands are individually protected. And only two weeks ago Cisco revealed 137 unique authors; and that does not even cover authorship for 159 of the asserted commands. Arista has argued from the outset that the asserted commands are not copyrightable expression, but it is only now apparent that facts concerning the "creation" of these commands are within the heads of well over 100 *different* individuals.

Relatedly, the parties have a dispute over the appropriate number of depositions. In light of the 137 authors that Cisco has already disclosed, and Cisco's position that use of any one of the five hundred asserted commands constitutes an infringement—to say nothing of damages discovery, discovery on Cisco's patent claims, discovery on Arista's copyright defenses, and other defenses—Arista proposed that the deposition limit in this case should be raised to 60 per side. While Arista will certainly endeavor to minimize the number of depositions it takes, the recently revealed breadth of Cisco's case warrants a significant increase to the number of depositions. Cisco rejected this proposal. Cisco contends, implausibly, that even though Judge

Grewal compelled Cisco to identify its CLI authors and found that information "plainly relevant" and "reasonably calculated to lead to the discovery of witnesses for deposition and testimony," Arista need not actually depose the persons with knowledge of these commands. Dkt. No. 83 at 3–4. For Cisco to maintain this position, which Judge Grewal has already effectively rejected, makes no sense. Given where the case stands today, a significant increase in the number of depositions is warranted.

Arista's IPR petitions provide an independent ground to amend the scheduling order. The PTAB is required to decide whether to institute the IPRs by early May 2016. If it does, the IPRs will simplify the patent case significantly because the PTAB may cancel the asserted claims, or at least, amend them, and even if it does not, the IPR proceedings will alter the prosecution history. It does not make sense to proceed with claim construction, expert discovery, and dispositive motions in light of the potential streamlining that the IPRs would accomplish. *See, e.g.*, *Hewlett-Packard Co. v. ServiceNow, Inc.*, No. 14-CV-00570-BLF, 2015 WL 1737920, at *3 (N.D. Cal. Apr. 9, 2015) (continuing technology tutorial and *Markman* dates to await PTAB's institution decision "[b]ecause those resources could be expended to no purpose depending upon the PTAB's IPR and CBM determinations"); *Delphix Corp. v. Actifio, Inc.*, No. 13-CV-04613-BLF, 2014 WL 6068407, at *2–3 (N.D. Cal. Nov. 13, 2014) (staying patent case five months to await PTAB's institution decision in order to "conserve judicial resources and avoid inconsistent results"); *see also Advanced Micro Devices, Inc. v. LG Elecs., Inc.*, No. 14-CV-01012-SI, 2015 WL 545534, at *1 (N.D. Cal. Feb. 9, 2015) (granting stay pending PTAB's institution decision just before claim construction). The proposed continuance of case deadlines would therefore avoid substantial inefficiency.[2]

### ***Cisco's Position***

There is no "good cause" for Arista's proposed modification to the Stipulated Scheduling

---

[2] It would make sense for the Court to continue the claim construction briefing schedule until May as well. Indeed, Arista proposed such a continuance of the briefing schedule to Cisco before Cisco filed its opening claim construction brief, but Cisco rejected the proposal. Given that Cisco has proceeded to file its opening claim construction brief, Arista is willing to complete the briefing at this time. Arista notes, however, that additional briefing may be necessary as the IPR process proceeds and the file histories of the patents-in-suit evolve.

Order (Dkt. 51) in this case. *See* Fed. R. Civ. P. 16(b)(4). Nothing has changed about this case that would warrant delay. Fact discovery in this case does not close until February 26, 2016, allowing Arista ample time to complete any reasonable scope of discovery. Arista's purported justifications for its proposed delays are unfounded.

Cisco's original complaint detailed Arista's copying of Cisco's copyrighted command line interface ("CLI") in painstaking detail. *See* Dkt. 1. Contrary to Arista's assertions, the breadth of Cisco's case has not changed since it was filed on December 5, 2014. In its original complaint, Cisco identified the 26 copyrighted works that Arista has infringed and attached the registration certificates for each work. *See id.* at ¶ 25, Exs. 3-28. Those *same* 26 works are at issue today. Cisco's original complaint also identified approximately 500 command expressions that Arista copied. *See id.* at ¶¶ 51-53, Ex. 1. And those *same* command expressions are at issue today.

Despite the fact that the scope of Cisco's copyright infringement allegations remains unchanged, Arista claims that it has only recently discovered the breadth of Cisco's case and now requires additional time for discovery. That assertion is untenable for multiple reasons. First, Arista was well aware of the extent of its own copying. In fact, in its original answer, Arista plainly admitted using the 500+ command expressions identified in Cisco's original complaint. *See* Dkt. 36 at ¶ 53 ("Arista admits that it use the IOS command expressions included in Exhibit 1 to Cisco's complaint."). Further, as Arista's Chief Technology Officer has touted publicly and as confirmed by numerous documents produced from Arista's files: "Our customers come very well trained, big staffs of people, who understand that particular CLI. We actually ***copied it slavishly***." *See* http://packetpushers.net/podcast/podcasts/show-45-arista-eos-software-architecture/ (audio recording at 00:54:43 – 00:55:04) (last visited Nov. 4, 2015). There can be no dispute that Arista systematically copied Cisco's copyrighted CLI and related materials in order to make it easier for Cisco customers to switch to Arista's competing products. That central fact remains as true today as it was the day Cisco filed suit. It should not come as a surprise that Arista would like to delay as long as possible the day that its unauthorized copying of Cisco's copyrighted works is tried to a jury before this Court. For the same reasons that the Court rejected Arista's attempts to delay trial at the first CMC, Cisco respectfully submits that the Court should maintain the current trial

schedule. *See* Dkt. 51.

Second, Cisco's ***original*** complaint also made clear that Arista was infringing copyrighted works created over many years by many engineers—*i.e.*, works made for hire, by numerous individuals, on Cisco's behalf. *See* Dkt. 1 at ¶¶ 20-30, Exs. 3-28. This is not new information to Arista as its counsel proclaims. In fact, virtually the entire Arista executive team—including the CEO, CTO, and numerous technical and marketing executives—had worked at Cisco and were aware of the creative effort that went into the creation of Cisco's CLI over many years of research and development and certainly were aware that Cisco's CLI involved contributions from many employees . *See, e.g.*, Dkt. 1 at ¶ 2. Moreover, multiple software engineers at Arista worked on CLI development while they had been employed by Cisco prior to joining Arista. Despite Cisco's clear disclosure of its claims, and Arista's deep familiarity with the CLI development history, Arista expressly agreed that no modification of the Federal Rules of Civil Procedure (including the 10-deposition limit of Rule 30) was warranted in this case. *See* Dkt. 43 at § 8.3. From day one, Arista knew that Cisco's CLI was the result of many engineers working over many years to add various command expressions, and there is no reason to revisit that determination now.

Even if Arista could (counterfactually) claim ignorance as to the breadth of this case, its claim that it needs sixty depositions, and a concomitant delay of the case schedule, is meritless. Arista's only justification for taking ***six times*** the number of depositions provided by Rule 30 is that it claims to need to question a massive number of engineers to investigate the originality of each copied command. But Arista ignores that originality is a low bar and this level of deposition discovery could never be justified under any rational application of the rules of procedure. *See, e.g.*, *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 345 (1991) ("To be sure, the requisite level of creativity is extremely low; even a slight amount will suffice."). And although Cisco reasonably objected to the scope of Arista's discovery requests, Cisco has already provided ***thousands*** of documents and detailed responses regarding the creation of each of its copyrighted command expressions. *See* Cisco's October 14, 2015 Second Supplemental Response to Arista's Interrogatory No. 16. In so doing, Cisco identified key personnel who are

knowledgeable about the process by which Cisco created its copyrighted works. Arista has since requested the deposition of just one such individual, and has not yet bothered to take even one 30(b)(6) or fact deposition relevant to CLI. Arista has no need to depose this many people who participated in the development of Cisco's CLI over nearly thirty years. Arista's suggestion that it needs 60 depositions plainly demonstrates a desire to manufacture delay. Nor can Arista contend otherwise in light of the extensive information Cisco has already provided and Arista's failure to follow up on that information.

Like any copyright case involving large companies and a large number of copyrighted works, it is no surprise that hundreds of employees would have some tangential connection to the disputed issues. That does not justify the massive departure from the discovery limits rationally imposed by the federal rules, and as noted not one thing has changed about the scope of Cisco's copyright case since the original schedule was set. There is no reason to deviate from the parties' prior agreement to apply the deposition limits set forth in Rule 30 within the existing case schedule.

Arista's request to delay Cisco's patent claims rests is equally unfounded. At the original CMC, Arista objected to Cisco's proposal to put the patent and copyright claims on separate tracks. Now, after this case has been pending for **more than ten months**—after detailed infringement and invalidity contentions have been exchanged and the opening *Markman* brief has been filed—Arista proposes that the patent case be stayed in its entirety, on the grounds that Arista has recently filed one request for *inter partes* review ("IPR") of one of Cisco's asserted patents (Cisco just received this IPR today), and may do so for the other asserted patent at some point in the future. But claim construction and discovery are already underway, and a decision by the Patent Office about **whether or not to initiate an IPR**—and on what clams, if any—is at least six months away by Arista's own admission. And even if an IPR were instituted, a final decision by the PTAB would be at least twelve months beyond that. Courts in this District have routinely denied requests for a stay in similarly speculative circumstances. *See, e.g.*, *Adaptix, Inc. v. HTC Corp.*, No. 5:14-cv-02359-PSG, 2015 U.S. Dist. LEXIS 103503, at *17 (N.D. Cal. Aug 5, 2015) ("Courts in this district have routinely refused to grant a stay pending IPR where a case is past the

early stages of proceedings."); *Hewlett-Packard Co. v. ServiceNow, Inc.*, No. 14-cv-0057-BLF, 2015 U.S. Dist. LEXIS 47754 (N.D. Cal. Apr. 9, 2015); *Sage Electrochromics, Inc. v. View, Inc.*, No. 12-cv-06441-JST, 2015 U.S. Dist. LEXIS 1056 (N.D. Cal. Jan. 5, 2015). Cisco's patent claims and its copyright claims both relate to Cisco's CLI, yet Arista's IPRs will not affect Cisco's copyright claims. Staying the patent claims therefore will result in no meaningful savings for the parties during discovery. Moreover, Arista and Cisco are direct competitors; delaying trial only enables Arista to further profit from its infringement—at Cisco's expense. Given the speculative and ultimately limited impact of any potential IPRs, and the intervening harm to Cisco, Arista's announcement that it will seek IPRs does not warrant a stay.

Arista waited ***more than ten months*** after learning of Cisco's asserted patents even to request an IPR. Especially now that claim construction and extensive discovery is underway, there is no reason to delay proceedings on Cisco's patent claims based on the speculation that the Patent Office could potentially take action that could narrow this case on some claims sometime in the future.

### 2. Inventor Depositions

#### *Arista's Position*

Cisco did not comply with this Court's scheduling order. As part of claim construction discovery, Arista requested depositions of the named inventors of both patents-in-suit on September 14, 2016—five weeks before the claim construction discovery deadline, and shortly before the parties adopted their final claim construction positions. Cisco offered only a single inventor deposition within the claim construction discovery cut-off, and that deposition was offered on less than four days' notice in Pensacola, Florida, and before Cisco completed its production of relevant documents for the deposition. Indeed, to date, Cisco has not identified when it will complete its production of inventor-related documents.[3] Although Arista's

---

[3] Cisco's attempt to blame Arista for delays in requesting these documents is unreasonable. Cisco has insisted on a ***mutual*** identification of a limited number (15) of relevant custodians for ***both*** the patent and copyright claims. It was Cisco that dragged its feet in meeting and conferring on this mutual exchange. Moreover, Cisco refused to identify its relevant CLI authors for the copyright claims—a position that Judge Grewal ultimately repudiated. It was not until Cisco was compelled to identify these witnesses that Arista could reasonably determine which Cisco custodians' files should be searched.

1  responsive claim construction brief is due on November 16, none of the requested depositions
2  have been taken; only some of them have been scheduled. Inventor Jeffrey Wheeler's deposition
3  has been scheduled for November 12, in Virginia, just two business days before Arista's opposing
4  claim construction brief would be due. Arista seeks to depose at least Mr. Jung Tjong on the '886
5  patent, but just yesterday Cisco withdrew his proposed deposition date.[4]

6  Arista's claim construction briefing should receive the benefit of these depositions that
7  were requested nearly two months ago. Arista therefore requests that the claim construction
8  briefing scheduling be amended such that Arista's opposition will be due five business days after
9  the last of the currently requested inventor depositions; Cisco's reply would be due five business
10 days thereafter.

### *Cisco's Position*

12 The scheduling of inventor depositions provides no basis for changing the case schedule.
13 Testimony by inventors, as with most forms of extrinsic evidence, is only marginally relevant to
14 claim construction. Nevertheless, Cisco has worked diligently to respond to Arista's shifting
15 demands concerning inventor depositions and Arista's prerequisites therefor.

16 The parties have already scheduled the depositions Arista claims are necessary for claim
17 construction. Arista has repeatedly indicated that it was not interested in deposing, for purposes
18 of claim construction, all of the named inventors on each of Cisco's two asserted patents. Instead,
19 Arista stated its intent to take the deposition of one inventor from each patent. The deposition
20 chosen by Arista of one inventor of U.S. Patent No. 7,047,526, Jeffrey Wheeler, is currently
21 scheduled for November 12. The deposition of one inventor of U.S. Patent No. 7,953,886,
22 Prakash Bettadapur, was scheduled for this week (on November 6), but Arista canceled that

---

[4] Although Cisco makes a different inventor, Mr. Bettadapur, available for deposition on November 6, Cisco has no relevant emails from Mr. Bettadapur prior to 2008 (*i.e.*, more than three years after the filing of the patent application), and no emails at all from him prior to 2005 (Cisco claims the patent was conceived and reduced to practice by December 2003). Therefore, Arista has elected to depose Mr. Tjong, whose emails have not been deleted (and Arista is willing to forego depositions of other '886 inventors for the time being). Cisco's suggestion that Arista delayed requesting Mr. Tjong's documents is misleading because it was only on October 15 that Cisco first revealed that it did not have any custodial documents for the first-named inventor on the '886 patent, Anil Bhansal.

deposition without explanation on November 4.[5]  Arista simply declared that it "does not intend to proceed with Mr. Bettadapur's deposition on Friday" while "reserv[ing its] right to do so at a later date."  Depositions of named inventors on both of Cisco's patents could have been completed before Arista's claim construction brief is due.  Notwithstanding that fact, Cisco has agreed to stipulate to a two-day extension for Arista's claim construction brief (and Cisco's reply thereto), so that Arista would have six days to consider the Wheeler deposition in formulating its claim construction brief.  No additional depositions or delay can be justified.

Any delay in scheduling inventor depositions is a product of Arista's delay in requesting them.  Cisco served its complaint—asserting the same two patents that remain at issue today—on December 5, 2014.  *See* Dkt. 1.  The inventors are identified on the face of the patents.  *See id.* at Exs. 29-30.  Discovery began in March, and on June 1, 2015, the Court adopted the parties' stipulated October 19, 2015 claim construction discovery cutoff.  *See* Dkt. 51.  Yet Arista delayed from the start of discovery in March 2015 until September 14, 2015, before it requested any inventor depositions as part of claim construction discovery.  And it was not until October 5 that Arista identified the inventors from whom it sought production of electronically stored information ("ESI") and not until October 12 before Arista proposed the first set of search terms that Cisco was to use in producing the inventors' ESI.[6]  Arista did not include Mr. Jung Tjong— the named inventor on the '886 patent whose documents and deposition it now claims to require before completing its claim construction brief—in either of these disclosures.  Mr. Tjong's documents were not sought by Arista until October 16.  In any event, Cisco has addressed all of Arista's requests.  Arista does not explain why it should be permitted to delay the case schedule in light of its failure to diligently pursue claim construction discovery it now claims is essential.

To justify delaying claim construction, Arista attempts to shift the blame for scheduling

---

[5]  In this statement, Arista claims that it canceled Mr. Bettadapur's deposition because he had no relevant emails dated earlier than 2008.  But  Cisco has produced the responsive ESI that Mr. Bettadapur does possess, as well as non-privileged documents authored by Mr. Bettadapur that relate to Cisco's patents and were stored on shared servers.

[6]  Arista's claim that it somehow needed information about Cisco's *copyright* allegations before it could request documents from the named inventors of Cisco's *patents* makes no sense.  Had Arista been serious about taking inventor depositions before the close of claim construction, it could have requested those depositions months earlier than it did.

inventor depositions to Cisco. But Arista ignores that on October 12 Cisco offered two depositions of inventors before the close of claim construction discovery—dates that Arista refused. Arista also does not dispute that there was an inventor deposition previously scheduled for November 6. And Arista omits the other efforts Cisco has undertaken to ensure that Arista has the information it purports to need prior to serving its claim construction brief, including: (1) accelerating document production for inventors (in response to search terms provided by Arista only recently); (2) supplementing interrogatory responses regarding the patented inventions; and (3) expediting production of a privilege log.

Cisco has gone to great lengths to accommodate Arista's shifting inventor deposition demands. There was a deposition of an inventor from each asserted patent on calendar in advance of the due date for Arista's claim construction brief. There is no reason for delay to accommodate inventor depositions.

### 3. Claim Construction Hearing

The Court's September 22, 2015 Order setting a case management conference on November 5, 2015, noted that the parties' Joint Claim Construction Statement "appears to indicate that the parties believe the Court may not have a separate hearing on claim construction," and asked the parties to discuss the claim construction hearing at the case management conference. Dkt. No. 72; *see also* Dkt. No. 70, at 2 (Joint Claim Construction Statement).

#### *Arista's Position*

Arista has understood since the initial case management conference that the Court would permit a technology tutorial for January 29 and a separate *Markman* hearing for February 26. In this case, a claim construction hearing separate from the technology tutorial would best aid the Court in construing the asserted claims.

The parties have not resolved their dispute, however, over the presentation of expert testimony at the claim construction hearing. *See id.* at 2–3. Arista objects to Cisco's proposed expert witness, Kevin Almeroth, because his opinions were not disclosed in accordance with Patent Rule 4-2(b), which required Cisco to disclose a "description of the substance of [Almeroth's] proposed testimony that includes a listing of any opinions to be rendered in

11
JOINT CASE MANAGEMENT STATEMENT
Case No. 5:14-cv-05344-BLF (PSG)

02099-00004/7377898.1
1002519

connection with claim construction." By contrast, Cisco's entire disclosure read:

> Cisco may provide testimony from [Almeroth] to provide tutorial background regarding the technology at issue, to address the meaning and subject matter of the asserted patent claims as they would be understood by those of ordinary skill in the art at the time any patents were filed, to address the proper construction of various claim terms in light of the intrinsic and extrinsic evidence and/or the meaning of the term to one of ordinary skill in the art, to rebut claim construction positions taken by Arista and/or any of its experts, and to otherwise assist the Court in construing the asserted patents.

*See* Cisco Rule 4-2(b) Disclosure, attached hereto as Ex. A, at 1–2. After Arista objected, Cisco disclosed for the first time in the Joint Claim Construction Statement the claim terms about which Almeroth would testify, but still withheld any "description of the substance" of the opinions. To make matters worse, two days ago, with its opening claim construction brief, Dkt. No. 91, Cisco filed a declaration from Almeroth that opines on additional claim terms (*i.e.*, claim terms beyond those that Cisco identified in the Joint Claim Construction Statement), and that cites to extrinsic evidence that Cisco never previously disclosed or produced.

Arista objects to Almeroth's proposed testimony as improper, undisclosed extrinsic evidence. Arista requests that the Court strike any opinions of Almeroth. In the event that the Court permits Cisco to rely on Almeroth's opinions, Arista requests that the Court amend the briefing schedule to permit Arista to depose Almeroth and to submit rebuttal expert opinion, as Arista requested in the Joint Claim Construction Statement. Dkt. No. 70 at 4.

### *Cisco's Position*

Cisco adequately disclosed the substance of Dr. Almeroth's claim construction discovery in both its preliminary disclosures of its claim construction positions and the parties' Joint Claim Construction Statement. Because that testimony was adequately disclosed in advance, there is no cause for delaying the case schedule to accommodate it or Arista's objections to it.

Cisco disclosed that it may rely on Dr. Almeroth's testimony in support of its claim construction positions in its disclosure of Preliminary Claim Constructions and Extrinsic Evidence on August 24, 2015. Cisco provided further information regarding Dr. Almeroth's anticipated testimony in the parties' Joint Claim Construction and Prehearing Statement on September 18, 2015. (Dkt. 70 at 3.) That disclosure identified, in detail, the claim terms and

1  subject matter on which Dr. Almeroth would testify.  There is no basis for striking that
2  declaration.  Indeed, expert testimony on claim construction has been admitted in this District
3  even when it was disclosed later and in less detail than the circumstances here.  *See Reflex*
4  *Packaging, Inc. v. Lenovo, Inc.*, No. C 10-01002 JW, 2011 WL 7295479, at *2 (N.D. Cal. Apr. 7,
5  2011) (denying motion to strike expert testimony on claim construction where it was undisclosed
6  in preliminary claim constructions and disclosed in summary fashion in joint claim construction
7  statement).
8        Notwithstanding Cisco's compliance with the local rules, to ameliorate any potential
9  prejudice to Arista, Cisco can make Dr. Almeroth available on November 13 (schedule
10 permitting) or November 23 for a four-hour deposition regarding his claim construction
11 declaration.  There is no reason for any further disruption to the case calendar.

DATED:  November 4, 2015                    Respectfully submitted,

/s/   Sean S. Pak

Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
Matthew D. Cannon (SBN 252666)
matthewcannon@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Mark Tung (SBN 245782)
marktung@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor

Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven Cherny *(admission pro hac vice pending)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

DATED: November 4, 2015                     Respectfully submitted,


                                            */s/   Robert A. Van Nest*

                                            KEKER & VAN NEST LLP
                                            ROBERT A. VAN NEST - # 84065
                                            rvannest@kvn.com
                                            BRIAN L. FERRALL - # 160847
                                            bferrall@kvn.com
                                            DAVID J. SILBERT - # 173128
                                            dsilbert@kvn.com
                                            MICHAEL S. KWUN - # 198945
                                            mkwun@kvn.com
                                            633 Battery Street
                                            San Francisco, CA 94111-1809
                                            Telephone:     415 391 5400
                                            Facsimile:     415 397 7188

                                            *Attorneys for Defendant Arista Networks, Inc.*

02099-00004/7377898.1
1002519

## ATTORNEY ATTESTATION

I hereby attest, pursuant to Local Rule 5-1(i)(3), that the concurrence in the filing of this document has been obtained from the signatory indicated by the "conformed" signature (/s/) of Sean S. Pak within this e-filed document.

/s/     *Robert A. Van Nest*