# REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

1  KEKER & VAN NEST LLP
   ROBERT A. VAN NEST - # 84065
2  rvannest@kvn.com
   BRIAN L. FERRALL - # 160847
3  bferrall@kvn.com
   DAVID SILBERT - # 173128
4  dsilbert@kvn.com
   MICHAEL S. KWUN - # 198945
5  mkwun@kvn.com
   633 Battery Street
6  San Francisco, CA 94111-1809
   Telephone:    415 391 5400
7  Facsimile:    415 397 7188

8  Attorneys for Defendant ARISTA NETWORKS, INC.

9  UNITED STATES DISTRICT COURT

10  NORTHERN DISTRICT OF CALIFORNIA

11  SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>                      Plaintiff,<br><br>     v.<br><br>ARISTA NETWORKS, INC.,<br><br>                      Defendant. | Case No. 5:14-cv-05344-BLF (PSG)<br><br>**DEFENDANT ARISTA'S PROPOSED DISCOVERY PLAN**<br><br>Date:      February 18, 2016<br>Time:      9:00 a.m.<br>Judge:     Hon. Beth Labson Freeman<br>Dept.:     Courtroom 3<br><br>Date Filed:  December 5, 2014<br><br>Trial Date:  August 1, 2016 |

---

DEFENDANT ARISTA'S PROPOSED DISCOVERY PLAN
Case No. 5:14-cv-05344-BLF (PSG)

1004147

Pursuant to the Court's request, Arista submits the following discovery plan. On October 14, 2015, Cisco partially complied with Judge Grewal's order, Dkt. No. 83, revealing for the first time that over 130 *different* individuals were responsible for authoring just a subset of the "expressions" Cisco asserts in this case. As a result, and because the scope of the case has expanded in other ways as well, Arista proposes adjusting the discovery limits to allow for 25 depositions for the time being, with the expectation that, should Cisco continue to maintain that each of over 500 commands constitute individual copyright-protectable expression, Arista will require approximately 60 depositions in total. Arista proposes that the Court set a conference in late January to assess the state of deposition discovery and determine how many additional depositions beyond 25 are warranted, if the parties are unable to agree on a revised limit. Arista also proposes raising the total number of permitted interrogatories to 30 per side, covering both the copyright and patent claims.

**I.     DEPOSITIONS**

Federal Rule of Civil Procedure 30(a)(2) provides that a court shall grant leave to exceed the ten deposition default limit "to the extent consistent with the principles" of Rule 26(b)(2). A party seeking leave of court must make a "particularized showing" why the discovery is necessary. *See C&C Jewelry Mfg., Inc. v. West*, 2011 U.S. Dist. LEXIS 24706, * 2 (N.D. Cal. 2011) (citations omitted). Under Rule 26(b)(2)(c), a court must limit discovery only if it determines (1) the discovery sought is cumulative or duplicative, or can better be obtained from some another source; (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; and (3) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the "needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Here, as set forth below, the complexity of the case, the amount in controversy, and the breadth of the issues in dispute justify exceeding the presumptive limit to allow Arista to take the following depositions:[1]

---

[1] Arista notes that these estimates are based on information it currently possesses, and therefore are subject to change as discovery progresses.

| Depositions | |
|---|---|
| Subject Area | Number of Depositions |
| Authors of allegedly protectable expression | 40 |
| Alleged "lost sales" on copyright claim | 3 |
| Patent inventors | 4 |
| Fair use | 1 |
| Copyright misuse/equitable defenses | 3 |
| Prior art (copyright and patent) | 5 |
| 30(b)(6) depositions (including damages (copyright and patent), commercial success, equitable defenses) | 4 |
| Total: | 60 |

**Authors of Allegedly Protectable Expression**: Cisco contends that it is entitled to separate copyright protection on each of the 514 CLI commands it accuses Arista of unlawfully using. As set forth in Exhibit A, however, those commands—which include, e.g., "show users," "ip address," "clock set," and other terms—appear to have been derived largely or entirely from pre-existing standards and conventions. Unlike in patent law, however, the defense of lack of originality in copyright depends on whether the alleged protected expression is "original *to the author*." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991) (emphasis added). Thus, in a copyright case, only by taking discovery of the author can one learn whether the author independently created the expression or derived it from another work. Similarly, if the alleged Cisco authors here claim that they independently originated expressions that mimic pre-existing industry standards, Arista should be entitled to test those claims through deposition.

Judge Grewal recognized this need to take discovery from the CLI authors as a basis for Arista's motion to compel the authorship information. Dkt. No. 83 at 3-4 (quoting *Feist*, 499 U.S. at 345) ("[I]nformation as to the authorship of the disputed works . . . is reasonably calculated to lead to the *discovery of witnesses for deposition and testimony* as to whether, for example, a CLI 'was independently created by the author (as opposed to copied from other works).'") (emphasis added); *see also* Ex. B (9/30/2015 Hearing Tr.) at 14:10-13 (Judge Grewal: "[I]t's really the perspective of the creator or putative creator that triggers the need to understand

who came up with what command and to be able to ask questions about that during deposition . . . .").

As noted, Cisco's still incomplete Court-ordered interrogatory response served on October 14 identified 137 unique authors for 355 of the 514 asserted CLI commands. Cisco did not provide any authorship information for the remaining 159 commands (**31%** of the total number), nor has it yet provided such information for the other allegedly protectable expressions it accuses Arista of unlawfully using—command modes, prompts, "hierarchies," and responses. See Ex. C.

Although Cisco's theory of the case warrants discovery of all the authors that Cisco has identified to date and has yet to identify, Arista does not believe it is practical to depose all of them. Rather, Arista currently expects that if it were to depose approximately 40 authors it could cover a sufficient number of the individually-asserted commands to put on a full defense. It's likely that some of these depositions could be relatively brief, while others would last a full seven hours, but each would nevertheless count as a single deposition under Arista's proposal.

Based upon the Court's guidance at the recent Case Management Conference, and from the information Cisco did provide and other discovery Arista has taken, Arista has identified ten authors whose depositions Arista seeks to take as a starting point. The chart below explains the relevance of each author to Arista's defenses. Arista has also identified an additional fifteen individuals it would seek to depose next.[2] Arista expects that these depositions will demonstrate the importance of the alleged authors' testimony, and will allow the parties and Court to evaluate how discovery into the remainder of the asserted commands can proceed.

| CLI Command Deponent | Number of Commands "Authored" | Relevance of Deponent |
|---|---|---|
| Kavasseri, Ram | 7 | "Authored" commands include industry standards ("show snmp host"). |
| Kon, Ronnie | 2 | "Authored" commands include "clock set" and "clock timezone." |
| Liu, Tong | 5 | "Authored" commands were apparently derived from IEEE |

---

[2] Ardica, Massimiliano ("author" of 5 commands); Bacthu, Nataraj (8); Benvenuti, Christian (10); Critchfield, Graham (8); Florea, Dan (5); Hefferman, Andy (5); Johnson, Richard (4); Pham, Edward (5); Ponnapalli, V.N. Ramesh (7); Nambekkam, Saci (5); Satz, Greg (5); Scott, Frederick (5); Troan, Ole (16); Westfield, Bill (5); Wu, Ishan (5).

| CLI Command Deponent | Number of Commands "Authored" | Relevance of Deponent |
|---|---|---|
| | | standard 1588 and legacy commands from third parties. |
| Lougheed, Kirk | 36 | Identified by Cisco as a primary author. "Authored" commands include "ip address," "show hosts," and "boot system." |
| Marques, Pedro | 14 | "Authored" commands include industry standards ("clear ipv6 neighbors" and "ipv6 address"). |
| Patil, Devadas | 12 | "Authored" commands include industry standards ("show lldp" and "show lldp neighbors") |
| Roy, Abhay | 21 | "Authored" commands include industry standards ("ospf," "bfd," and "ipv6"). Also serves as Chair of the Internet Engineering Task Force (IETF) "OSPF Working Group." |
| Slattery, Terry | Unknown | Referred to as a "principal architect" of Cisco's CLI. |
| Truong, David | 24 | "Authored" commands include industry standards ("ipv6 host" and "show ip msdp peer"). |
| Wei, Liming | 4 | "Authored" commands include industry standards ("ip igmp last-member-query interval" and "ip pim rp-hash"). |

*Alleged Lost Sales*: In the table above, Arista proposes to take three depositions relating to lost sales. This is merely an estimate, however, because even though Cisco pled lost profits in its Complaint in December 2014 (Dkt. 1 at 23-24 ¶¶ 7, 9), it still has not identified the sales that it alleges it lost due to Arista's alleged infringement. Indeed, Cisco has withheld this information until now even though Cisco's own documents demonstrate that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Thus, Arista has estimated three depositions on lost sales as a starting point. Arista notes, however, that if Cisco intends to allege a large number of lost sales, many more depositions may be necessary to determine whether each such customer chose Arista over Cisco due to Arista's superior performance and design (and not, as Cisco alleges, due to the use of Cisco's alleged intellectual property); whether each such customer preferred other switch vendors over Cisco if they could not purchase from Arista; and other information.

*Patent Inventors*: Arista deposed one patent inventor yesterday, who disagreed with several of Cisco's proposed claim constructions, and is deposing another today. There are six

1  named inventors in total on the patent. Barring unforeseen complications, Arista does not intend
2  to depose them all, but intends to depose two more should the Court not stay the patent case.
3  Should Cisco identify additional inventors as trial witnesses, Arista would also seek those
4  inventors' depositions.

5       *Fair Use*: Arista proposes, as a starting point, to take a single deposition relating to its fair
6  use defense. This deposition may focus on Cisco's own sale of products that use numerous
7  competitors' CLI commands (including Arista's) without a license from those competitors,
8  apparently demonstrating Cisco's belief that such use was permissible and not a violation of
9  others' IP rights. Fair use is an extremely important issue in this case, however, and additional
10 depositions may well be necessary.

11      *Copyright Misuse and Equitable Defenses:* Arista proposes to take, at the outset, just one
12 deposition relating to its copyright misuse defense and other equitable defenses. Those defenses,
13 however, will figure prominently as the case progresses. The discovery produced thus far shows
14 that Cisco targeted Arista **six years** before filing this suit.
15 
16      Ex. G at 2,     Only after
17 those efforts failed did Cisco decide to assert a copyright claim over CLI commands that Cisco
18 itself had described as the "de facto industry standard"[3] and had encouraged the industry to
19 implement widely. Arista's equitable defenses are also based on the fact that Cisco was fully
20 aware of Arista's (and others') use of the accused CLI commands for years before it decided to
21 file suit. Arista thus anticipates that it will need to depose several witnesses relating to these
22 defenses, including the people behind these strategies.

23      *Prior Art*: Arista estimates it will need to take at least three depositions of third parties
24 relating to the alleged protectability of Cisco's asserted CLI commands and other expressions,
25 including depositions of networking-industry witnesses who can testify about the use of
26 expressions at issue. In addition, should the Court not stay the patent case, Arista currently

---

[3] In discovery provided just yesterday, Cisco admitted that its description of the CLI commands it uses as the "industry standard" is "clearly meant to convey the popularity of Cisco's CLI." Ex. I at 30.

1  expects to take two depositions of third parties to establish invalidating system prior art to the
2  asserted patents. Arista notes that, should Cisco force Arista to take depositions to establish the
3  authenticity of prior-art or third party documentation, a substantial number of additional
4  depositions may be necessary.

5  *Federal Rule of Civil Procedure 30(b)(6)*: In addition to fact witness depositions, Arista
6  proposes to limit Rule 30(b)(6) depositions to four days of testimony (twenty-eight hours) for
7  each party, encompassing the copyright claims, patent claims, all of Arista's defenses, and
8  damages.

9  **II.    INTERROGATORIES**

10  To date, Arista has served nineteen interrogatories, and Cisco has served sixteen. Cisco's
11  refusal to provide full responses has already forced Arista to bring one motion to compel. The
12  parties have engaged in protracted meet-and-confer over other interrogatories, and several major
13  questions remain unanswered, including how Cisco claims it practices the patents (which in turn
14  would help explain why Cisco's own prior products do not invalidate them, as they appear to do
15  under Cisco's claim constructions); which sales, if any, Cisco claims it lost to Arista due to
16  allegedly unlawful conduct; and what aspects of the asserted CLI material Cisco claims is
17  copyrightable, and how. Given the breadth of Cisco's claims and the difficulty Arista has had in
18  obtaining reasonable responses to its interrogatories, Arista proposes that the Court increase the
19  interrogatory limit by five, to a total of thirty interrogatories. Arista believes it can complete
20  necessary discovery with thirty interrogatories, but depending on subsequent development in the
21  case, may seek more in the future.

22  **III.   PRODUCTION OF DOCUMENTS**

23  Since April, the parties have been engaged in frequent meet and confer discussions
24  focused on the scope of document discovery and the production of custodial and non-custodial
25  electronically stored information ("ESI"). Beginning in June and July, the parties started
26  producing non-custodial ESI. Thus far, including ITC documents, Arista has produced a total of
27  300,101 documents; Cisco has provided a total of 285,542 documents.
28

The parties agreed to use search terms to locate custodial documents responsive to the parties' requests for production. *See* Dkt. No. 48. On October 16, the parties exchanged complete lists of search terms to be applied to all ESI. Both parties then tested the custodial search terms. Cisco determined that Arista's terms "hit" on a reasonable number of documents, but Arista found that Cisco's terms produced unreasonably high hit counts: several of Cisco's terms, tested on only a subset of the custodial data, hit on over 500,000 documents—more than Arista produced in total for both pending ITC investigations between the parties. The parties are negotiating how to narrow Cisco's search terms. Once the terms are resolved, Arista will produce responsive custodial documents.

Dated: November 12, 2015                         KEKER & VAN NEST LLP

                                                 By:   /s/ *Brian L. Ferrall*
                                                       BRIAN L. FERRALL

                                                       Attorney for Defendant ARISTA
                                                       NETWORKS, INC.