# EXHIBIT I

| | |
|---|---|
| Kathleen Sullivan (SBN 242261)<br>kathleensullivan@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100<br><br>Sean S. Pak (SBN 219032)<br>seanpak@quinnemanuel.com<br>John M. Neukom (SBN 275887)<br>johnneukom@quinnemanuel.com.<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>Mark Tung (SBN 245782)<br>marktung@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100 | Steven Cherny (admitted *pro hac vice*)<br>steven.cherny@kirkland.com<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br><br>Adam R. Alper (SBN 196834)<br>adam.alper@kirkland.com<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, California 94104<br>Telephone: (415) 439-1400<br>Facsimile: (415) 439-1500<br><br>Michael W. De Vries (SBN 211001)<br>michael.devries@kirkland.com<br>KIRKLAND & ELLIS LLP<br>333 South Hope Street<br>Los Angeles, California 90071<br>Telephone: (213) 680-8400<br>Facsimile: (213) 680-8500 |

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>ARISTA NETWORKS, INC.,<br><br>      Defendant. | CASE NO. 5:14-cv-05344-BLF<br><br>**PLAINTIFF CISCO SYSTEMS, INC.'S SIXTH SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT ARISTA NETWORKS, INC.'S FIRST SET OF INTERROGATORIES (9 AND 10)** |

1  burdensome in its use of the terms "used by anyone other than You," "used by You," and "who
2  used those CLI Command(s) before You used them."  Cisco further objects to this interrogatory to
3  the extent it seeks information that is protected by the attorney-client privilege, that constitutes
4  attorney work-product, or that is protected by any other applicable privilege, protection, or
5  immunity, including without limitation in connection with the common interest doctrine.
6  　　　　Subject to and without waiver of its general and specific objections, and to the extent this
7  interrogatory can be understood, Cisco responds that after conducting a reasonable search it is not
8  presently aware of any information responsive to this interrogatory.  Cisco's discovery efforts in
9  this case are ongoing, and Cisco reserves the right to further supplement this response in light of
10 facts learned during discovery, including information regarding Arista's accused products.
11
12 **INTERROGATORY NO. 9:**
13 　　　　Identify and describe all facts that support Your description of any CLI Command(s) used
14 by Cisco as "industry standard", "industry" Command(s), "standard" Command(s), "common"
15 Command(s) or other descriptions acknowledging or reflecting that others besides Cisco use the
16 Command(s), and describe in detail why Cisco used such descriptions.
17
18 **RESPONSE TO INTERROGATORY NO. 9:**
19 　　　　Cisco incorporates by reference its General Objections as though fully set forth herein.
20 Cisco further objects to this interrogatory as irrelevant and not calculated to lead to the discovery
21 of admissible evidence to the extent it (1) seeks information not relevant to the copyrightability of
22 Cisco's works-in-suit, and (2) seeks information regarding acts not at issue in this suit.  Cisco
23 further objects to this interrogatory on the grounds that it assumes facts that are not in evidence,
24 including that Cisco has ever described "any CLI Command(s) used by Cisco as 'industry
25 standard', 'industry' Command(s), 'standard' Command(s), [or] 'common' Command(s)" or
26 otherwise stated "that others besides Cisco use the Command(s)."  Cisco also objects to this
27 interrogatory as undefined, vague, ambiguous, overbroad, and unduly burdensome in its use of the
28 terms "Your description," "any CLI Command(s) used by Cisco," and "why Cisco used such

1  descriptions." Cisco further objects to this interrogatory to the extent it seeks information that is
2  protected by the attorney-client privilege, that constitutes attorney work-product, or that is
3  protected by any other applicable privilege, protection, or immunity, including without limitation
4  in connection with the common interest doctrine.

5        Subject to and without waiver of its general and specific objections, and to the extent this
6  interrogatory can be understood, Cisco responds that after conducting a reasonable search it is not
7  presently aware of any information responsive to this interrogatory, other than statements
8  concerning Arista's infringement of Cisco's copyrighted works. With respect to the latter, Cisco
9  incorporates by reference, as if fully set forth herein, its operative complaint and all documents
10 cited therein, as well as its response to Interrogatory No. 2 above. Cisco's discovery efforts in this
11 case are ongoing, and Cisco reserves the right to further supplement this response in light of facts
12 learned during discovery, including information regarding Arista's accused products.

13

14 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

15       Subject to and without waiver of its general and specific objections, Cisco further responds
16 as follows:

17       Arista has only identified a few instances of documents that use the term "standard" in
18 connection with Cisco CLI. To the extent Cisco employees or representatives have referred in
19 those documents to Cisco's CLI as "standard" or "industry standard," such references are clearly
20 meant to convey the popularity of Cisco's CLI in Cisco's industry-leading products, and do not
21 relate to any industry standards setting organizations.

22       Further, Arista's assertions about these descriptions have no bearing on Arista's liability
23 for copying Cisco's works: "[T]o the extent [an accused infringer] suggests that it was entitled to
24 copy the [copyrighted materials] because they had become the effective industry standard, we are
25 unpersuaded. [The accused infringer] cites no authority for its suggestion that copyrighted works
26 lose protection when they become popular, and we have found none. In fact, the Ninth Circuit has
27 rejected the argument that a work that later becomes the industry standard is uncopyrightable."
28 *Oracle America, Inc. v. Google Inc.*, 750 F.3d 1339, 1372 (Fed. Cir. 2014).

1   Cisco's investigation of the subject matter of this interrogatory is ongoing.  Cisco therefore
2   reserves the right to supplement this response as additional information becomes available.

**INTERROGATORY NO. 10:**

State in detail facts supporting Your contention in the December 5, 2014 "Protecting Innovation" post on the Cisco Blog that "Arista has copied more than 500 Cisco multi-command expressions, while networking products from HP, Brocade, Alcatel-Lucent, Juniper Networks and Extreme each only have a small fraction of overlapping CLI commands."

**RESPONSE TO INTERROGATORY NO. 10:**

Cisco incorporates by reference its General Objections as though fully set forth herein. Cisco further objects to this interrogatory as irrelevant and not calculated to lead to the discovery of admissible evidence to the extent it seeks information regarding acts not at issue in this suit. Cisco also objects to this interrogatory as undefined, vague, ambiguous, overbroad, and unduly burdensome in its use of the terms "Your contention" and "the Cisco Blog."  Cisco further objects to the characterization in this interrogatory that the quote contained in Interrogatory No. 10 is Cisco's contention.  Cisco further objects to this interrogatory to the extent that it calls for information that is publicly available or equally available to Arista, and therefore is of no greater burden for Arista to obtain than for Cisco to obtain.  Cisco further objects to this interrogatory on the grounds that it seeks information that is not within Cisco's possession, custody, or control and is not reasonably available to Cisco.  Cisco further objects to this interrogatory to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work-product, or that is protected by any other applicable privilege, protection, or immunity, including without limitation in connection with the common interest doctrine.

Subject to and without waiver of its general and specific objections, Cisco incorporates by reference, as if fully set forth herein, its operative complaint and all documents cited therein. Cisco further responds, pursuant to Fed. R. Civ. P. 33(d), that Cisco will produce documents containing information responsive to this interrogatory regarding third-party systems, which

| | | |
|---|---|---|
| 1 | DATED: November 11, 2015 | Respectfully submitted, |
| 2 | | |
| 3 | | /s/ Sean S. Pak |
| 4 | | Kathleen Sullivan (SBN 242261)<br>kathleensullivan@quinnemanuel.com |
| 5 | | QUINN EMANUEL URQUHART &<br>SULLIVAN LLP |
| 6 | | 51 Madison Avenue, 22nd Floor<br>New York, NY 10010 |
| 7 | | Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100 |
| 8 | | Sean S. Pak (SBN 219032) |
| 9 | | seanpak@quinnemanuel.com<br>John M. Neukom (SBN 275887) |
| 10 | | johnneukom@quinnemanuel.com.<br>QUINN EMANUEL URQUHART & |
| 11 | | SULLIVAN LLP<br>50 California Street, 22nd Floor |
| 12 | | San Francisco, CA 94111<br>Telephone: (415) 875-6600 |
| 13 | | Facsimile: (415) 875-6700 |
| 14 | | Mark Tung (SBN 245782)<br>marktung@quinnemanuel.com |
| 15 | | QUINN EMANUEL URQUHART &<br>SULLIVAN LLP |
| 16 | | 555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065 |
| 17 | | Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100 |
| 18 | | Steven Cherny (admitted *pro hac vice*) |
| 19 | | steven.cherny@kirkland.com<br>KIRKLAND & ELLIS LLP |
| 20 | | 601 Lexington Avenue<br>New York, New York 10022 |
| 21 | | Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900 |
| 22 | | Adam R. Alper (SBN 196834) |
| 23 | | adam.alper@kirkland.com<br>KIRKLAND & ELLIS LLP |
| 24 | | 555 California Street<br>San Francisco, California  94104 |
| 25 | | Telephone: (415) 439-1400<br>Facsimile: (415) 439-1500 |
| 26 | | Michael W. De Vries (SBN 211001) |
| 27 | | michael.devries@kirkland.com<br>KIRKLAND & ELLIS LLP |
| 28 | | 333 South Hope Street<br>Los Angeles, California 90071 |

Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

# PROOF OF SERVICE

I hereby certify that, at the date entered below and per the agreement of the parties, I caused a true and correct copy of the foregoing to be served by transmission via electronic mail, made available to counsel at the email addresses below:

| | |
|---|---|
| Juanita R. Brooks<br>brooks@fr.com<br>Fish & Richardson P.C.<br>12390 El Camino Real<br>San Diego, CA 92130-2081 | Brian L. Ferrall<br>blf@kvn.com<br>Michael S. Kwun<br>mkwun@kvn.com<br>David J. Silbert<br>djs@kvn.com |
| Kelly C. Hunsaker<br>hunsaker@fr.com<br>Fish & Richardson PC<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063 | Robert Van Nest<br>rvannest@kvn.com<br>Keker & Van Nest LLP<br>633 Battery Street<br>San Francisco, CA 94111-1809 |
| Ruffin B. Cordell<br>cordell@fr.com<br>Lauren A. Degnan<br>degnan@fr.com<br>Michael J. McKeon<br>mckeon@fr.com<br>Fish & Richardson PC<br>1425 K Street NW<br>11th Floor<br>Washington, DC 20005 | |

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 11, 2015, at San Francisco, California.

*/s/ Peter Klivans*
Peter Klivans