1  Kathleen Sullivan (SBN 242261)
   kathleensullivan@quinnemanuel.com
2  QUINN EMANUEL URQUHART &
   SULLIVAN LLP
3  51 Madison Avenue, 22nd Floor
   New York, NY 10010
4  Telephone: (212) 849-7000
   Facsimile: (212) 849-7100
5
   Sean S. Pak (SBN 219032)
6  seanpak@quinnemanuel.com
   John M. Neukom (SBN 275887)
7  johnneukom@quinnemanuel.com.
   QUINN EMANUEL URQUHART &
8  SULLIVAN LLP
   50 California Street, 22nd Floor
9  San Francisco, CA 94111
   Telephone: (415) 875-6600
10 Facsimile: (415) 875-6700

11 Mark Tung (SBN 245782)
   marktung@quinnemanuel.com
12 QUINN EMANUEL URQUHART &
   SULLIVAN LLP
13 555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, CA 94065
14 Telephone: (650) 801-5000
   Facsimile: (650) 801-5100

   Steven Cherny *(admitted pro hac vice)*
   steven.cherny@kirkland.com
   KIRKLAND & ELLIS LLP
   601 Lexington Avenue
   New York, New York 10022
   Telephone: (212) 446-4800
   Facsimile: (212) 446-4900

   Adam R. Alper (SBN 196834)
   adam.alper@kirkland.com
   KIRKLAND & ELLIS LLP
   555 California Street
   San Francisco, California 94104
   Telephone: (415) 439-1400
   Facsimile: (415) 439-1500

   Michael W. De Vries (SBN 211001)
   michael.devries@kirkland.com
   KIRKLAND & ELLIS LLP
   333 South Hope Street
   Los Angeles, California 90071
   Telephone: (213) 680-8400
   Facsimile: (213) 680-8500

15

16 *Attorneys for Plaintiff Cisco Systems, Inc.*

17

18                     **UNITED STATES DISTRICT COURT**

19            **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

20

| | |
|---|---|
| 21  CISCO SYSTEMS, INC., | CASE NO. 5:14-cv-5344-BLF |
| 22         Plaintiff, | **DECLARATION OF MATTHEW D. CANNON IN SUPPORT OF ARISTA NETWORKS, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL (DKT. 107)** |
| 23      vs. | |
| 24  ARISTA NETWORKS, INC., | |
| 25         Defendant. | **DEMAND FOR JURY TRIAL** |

26

27

28

**DECLARATION OF MATTHEW D. CANNON**

I, Matthew D. Cannon, declare as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate with the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Plaintiff Cisco Systems, Inc. ("Cisco"). I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Arista Networks, Inc.'s ("Arista's") Administrative Motion to File Documents Under Seal, Dkt. 107 ("Sealing Motion") in connection with Arista's Proposed Discovery Plan, Dkt. 108 ("Plan") in connection with its Motion to Amend Scheduling Order or, in the Alternative, to Stay Patent Claims Pending *Inter Partes* Review, Dkt. 93 ("Arista's Brief"). I make this declaration in accordance with Civil Local Rule 79-5(e) on behalf of Cisco to confirm that the information contained in the documents referenced in the Sealing Motion should be sealed.

3. Arista's Brief and Plan are non-dispositive. In this context, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamkana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003)). In addition, Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law"( *i.e.*, is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id*.

4. Pursuant to Civil L.R. 79-5(e), good cause exists to seal the documents identified in the Sealing Motion, also set forth below, because the information sought to be sealed reflects confidential information that "give[s] [Cisco] an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Restatement of Torts* § 757, cmt b).:

| Document | Portions to Be Filed Under Seal |
|---|---|
| Defendant Arista's Proposed Discovery Plan ("Plan") | Page 4, lines 19 and 20; Page 5, lines 14 through 16. |
| Exhibit D to the Declaration of Elizabeth K. McCloskey in Support of Defendant Arista's Proposed Discovery Plan ("Exhibit D") | Entire |
| Exhibit E to the Declaration of Elizabeth K. McCloskey in Support of Defendant Arista's Proposed Discovery Plan ("Exhibit E") | Entire |
| Exhibit F to the Declaration of Elizabeth K. McCloskey in Support of Defendant Arista's Proposed Discovery Plan ("Exhibit F") | Entire |
| Exhibit H to the Declaration of Elizabeth K. McCloskey in Support of Defendant Arista's Proposed Discovery Plan ("Exhibit H") | Entire |

5.      Exhibit D is a copy of an internal Cisco business communication produced by Cisco in ITC Investigation Nos. 337-TA-944 and 337-TA-945 and designated as "Confidential Business Information." Under the Stipulated Protective Order governing this litigation, Dkt. 53 at 6 fn. 1, this document is deemed to have been produced in this case as "Highly Confidential – Attorneys' Eyes Only Information." Exhibit D comprises Cisco's confidential business information regarding, *inter alia*, sales (including sales leads, strategies, and campaigns), accounts, products, valuations, competitors, and the gathering of information regarding all of the foregoing. Specifically, Exhibit D contains a discussion of factors that Cisco utilizes in analyzing

the markets for its products.  Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may engage in sales activities and gather information regarding the same less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitor's to learn Cisco's strategies for making sales and for gathering information in furtherance of the same, and in turn adopt and/or counteract those strategies.  This would "harm [Cisco's] competitive standing."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

6. Exhibit E is a copy of an internal Cisco business communication produced by Cisco in ITC Investigation Nos. 337-TA-944 and 337-TA-945 and designated as "Confidential Business Information."  Under the Stipulated Protective Order governing this litigation, Dkt. 53 at 6 fn. 1, this document is deemed to have been produced in this case as "Highly Confidential – Attorneys' Eyes Only Information."  Exhibit E comprises Cisco's confidential business information regarding, *inter alia*, sales (including sales leads, strategies, and campaigns), customers, accounts, products, valuations, competitors, and the gathering of information regarding all of the foregoing.  Specifically, this includes information regarding Cisco's sales initiatives and specific customer proposals. Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may identify prospective customers, engage in sales activities, and gather information regarding the same less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitor's to learn of Cisco's customers, and Cisco's strategies for making sales and for gathering information in furtherance of the same, and allowing competitors to in turn target Cisco's customers, and adopt and/or counteract Cisco's strategies.  This would "harm [Cisco's] competitive standing."  *Nixon*, 435 U.S. at 598.

7. Exhibit F is a copy of an internal Cisco business communication produced by Cisco in ITC Investigation Nos. 337-TA-944 and 337-TA-945 and designated as "Confidential Business Information."  Under the Stipulated Protective Order governing this litigation, Dkt. 53 at 6 fn. 1, this document is deemed to have been produced in this case as "Highly Confidential – Attorneys'

Eyes Only Information." Exhibit F comprises Cisco's confidential business information regarding, *inter alia*, marketing, messaging, product strategies, sales, including sales strategies and campaigns, customers, accounts, and pricing. Exhibit F includes detailed information regarding Cisco's strategic planning, including product roadmaps and marketing initiatives. Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may engage in marketing and sales activities and identify prospective customers less optimally than Cisco. *Elec. Arts*, 298 F. App'x at 569. Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitor's to learn the identity of Cisco's customers and Cisco's marketing, sales, and product strategies, and allowing competitors to in turn target Cisco's customers and adopt and/or counteract Cisco's strategies. This would "harm [Cisco's] competitive standing." *Nixon*, 435 U.S. at 598.

8.  Exhibit H is a copy of an internal Cisco business communication produced by Cisco in ITC Investigation Nos. 337-TA-944 and 337-TA-945 and designated as "Confidential Business Information." Under the Stipulated Protective Order governing this litigation, Dkt. 53 at 6 fn. 1, this document is deemed to have been produced in this case as "Highly Confidential – Attorneys' Eyes Only Information." Exhibit H comprises Cisco's confidential business information regarding, *inter alia*, Cisco's assessment of competitors and strategies for addressing the same. Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may engage in competition and assessment the same less optimally than Cisco. *Elec. Arts*, 298 F. App'x at 569. Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitor's to learn Cisco's assessments and strategies for addressing the same and in turn adopt and/or counteract those strategies. This would "harm [Cisco's] competitive standing." *Nixon*, 435 U.S. at 598.

9.  The portion of Arista's Plan to be sealed quotes confidential information from Exhibits D, E, F, and H regarding Cisco's sales and prospective sales, and competition regarding the same. Thus, this portion similarly comprises Cisco's confidential business information, the confidentiality of which provides Cisco an "opportunity to obtain an advantage over competitors,"

and which would harm Cisco's business if disclosed to Cisco's competitors. *Elec. Arts*, 298 F. App'x at 569.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed in Berkeley, California, on November 16, 2015.

                                                */s/ Matthew D. Cannon*
                                                Matthew D. Cannon (Bar No. 252666)