# EXHIBIT 10

```
 1                   IN THE UNITED STATES DISTRICT COURT

 2                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

 3                            SAN JOSE DIVISION

 4


 5
        CISCO SYSTEMS, INC.,            )  CV-14-5344-BLF
 6                                      )
                      PLAINTIFF,        )  SAN JOSE, CALIFORNIA
 7                                      )
                 VS.                    )  SEPTEMBER 30, 2015
 8                                      )
        ARISTA NETWORKS, INC.,          )  PAGES 1-38
 9                                      )
                      DEFENDANT.        )
10                                      )

11

12                        TRANSCRIPT OF PROCEEDINGS
                     BEFORE THE HONORABLE PAUL S. GREWAL
13                       UNITED STATES MAGISTRATE JUDGE

14


15       A P P E A R A N C E S:

16       FOR THE PLAINTIFF:   QUINN EMANUEL
                              BY:   JOHN NEUKOM
17                                  MATTHEW CANNON
                              50 CALIFORNIA STREET, FLOOR 22
18                            SAN FRANCISCO, CA 94111

19       FOR THE DEFENDANT:   KEKER & VAN NEST, LLP
                              BY:   BRIAN FERRALL
20                                  KATHERINE LLOYD-LOVETT
                              633 BATTERY STREET
21                            SAN FRANCISCO, CA 94111

22                  APPEARANCES CONTINUED ON THE NEXT PAGE

23       OFFICIAL COURT REPORTER:   SUMMER FISHER, CSR, CRR
                                    CERTIFICATE NUMBER 13185
24


25          PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
                   TRANSCRIPT PRODUCED WITH COMPUTER
```

1       BACK TO THEIR ALLEGATIONS THOUGH, WHICH IS REALLY WHAT
2   DRIVES THIS MOTION.  AS I SAID, THERE ARE ALLEGATIONS ABOUT
3   THESE COMMANDS, AND THEIR ALLEGATIONS ARE, VERY EXPLICITLY,
4   THAT THESE COMMANDS WERE PART OF A CREATIVE PROCESS BY CISCO
5   ENGINEERS OVER THE COURSE OF TWO-PLUS DECADES.
6       THEY CREATE A PROCESS, THOSE ARE CISCO'S WORDS FROM THE
7   COMPLAINT.  I QUOTED PARAGRAPH 27 AND 28 OF THE COMPLAINT, BUT
8   IF YOU LOOK AT CISCO'S OPPOSITION THAT THEY FILED YESTERDAY,
9   THIS SAME POINT IS REPEATED.
10      IN FACT, IF YOU LOOK AT PAGE 2 OF THEIR OPPOSITION, YOU SEE
11  THE FACTUAL BACKGROUND, THE CISCO HISTORY OF DEVELOPMENT OF ITS
12  COPYRIGHTED WORKS, RIGHT.  AND THIS IS TO BE EXPECTED, IT'S A
13  LITTLE BACKGROUND OF THE CASE AND THAT'S GREAT.  IT IS
14  ESSENTIALLY A LITTLE PREVIEW OF THEIR OPENING STATEMENT AT
15  TRIAL.  YOU CAN SEE IT, RIGHT.
16      "CISCO'S ENGINEERS," I'M QUOTING FROM LINE 16.
17      "CISCO'S ENGINEERS CREATED AN ELABORATE ARRANGEMENT OF
18  ORIGINAL COMMAND EXPRESSIONS, INCLUDING THE MULTIWORD COMMAND
19  EXPRESSIONS AT ISSUE HERE THAT COULD BE ENTERED INTO THE CLI."
20      DOWN TO LINE 25, "CISCO'S ENGINEERS MADE CREATIVE CHOICES
21  ABOUT HOW COMMAND EXPRESSIONS WOULD BE ARRANGED AND THE SYNTAX
22  THOSE COMMAND EXPRESSIONS WOULD EMPLOY."
23      THAT'S GOING TO BE ITS OPENING STATEMENT.  SURELY, SURELY
24  WE ARE ENTITLED TO UNDERSTAND WHAT THOSE CREATIVE CHOICES WERE.
25      AND THAT'S ALL THIS MOTION IS ABOUT.  IF CISCO KNOWS THAT

| | |
|---|---|
| 1 | FORWARD. |
| 2 | MR. FERRALL: OF COURSE IT'S GOING TO. |
| 3 | I WILL SAY THIS, FIRST OF ALL, OF COURSE THE DISCOVERY THAT |
| 4 | MR. NEUKOM ADDRESSED IS NOT RIPE.  BUT WE HAVE RESPONDED TO, |
| 5 | ALREADY, TO SOME VERY BURDENSOME ITEM-BY-ITEM FOR ALL ACCUSED |
| 6 | PRODUCTS TYPE DISCOVERY. |
| 7 | ALL ACCUSED PRODUCTS INCLUDES EVERY VERSION, EVERY VERSION |
| 8 | OF ARISTA SOFTWARE RELEASED, EVERY VERSION OF SWITCHWARE |
| 9 | RELEASED.  I THINK IT'S FAIR TO SAY IT'S ALMOST ARISTA'S ENTIRE |
| 10 | BUSINESS ACCUSED IN THIS CASE.  AND THAT'S MANY, MANY PRODUCTS, |
| 11 | MANY RELEASES OF SOFTWARE. |
| 12 | WE'VE PROVIDED RESPONSES ON THAT BASIS ALREADY.  NO DOUBT |
| 13 | WE ARE GOING TO HAVE MORE OF THAT. |
| 14 | BUT I JUST DON'T SEE, UNLESS CISCO WANTS TO AMEND THEIR |
| 15 | CLAIM AND SAY NO, NOW WE ARE ONLY GOING TO TALK ABOUT THE |
| 16 | TAXONOMY AND EACH INDIVIDUAL COMMAND IS NOT ASSERTED, WELL THEN |
| 17 | FINE, WE'VE GOT A MUCH SMALLER CASE TO DEAL WITH. |
| 18 | BUT THAT'S NOT THE CASE WE HAVE RIGHT NOW. |
| 19 | THE COURT: I HAVE ONE OTHER QUESTION, PERHAPS I |
| 20 | SHOULD HAVE ASKED EARLIER. |
| 21 | AT THE VERY BEGINNING OF OUR CONVERSATION TODAY YOU |
| 22 | EXPLAINED TO ME THE DIFFERENT CASES AND THEIR SUBJECT MATTER. |
| 23 | AM I RIGHT THEN IN UNDERSTANDING THAT THE TWO, WHAT I WILL |
| 24 | CALL, NOT YOU, BUT WHAT I WILL CALL THE CLI RELATED PATENTS AT |
| 25 | ISSUE IN THIS CASE ARE PRESENTLY THE SUBJECT OF LITIGATION IN |