# EXHIBIT 17

**quinn emanuel** trial lawyers | san francisco
50 California Street, 22nd Floor, San Francisco, California 94111-4788 | TEL (415) 875-6600 | FAX (415) 875-6700

WRITER'S INTERNET ADDRESS
peterklivans@quinnemanuel.com

October 30, 2015

VIA E-MAIL

Elizabeth McCloskey
Keker & Van Nest
633 Battery Street
San Francisco, CA 94111
EMcCloskey@kvn.com

Re:   Arista's Discovery Responses
      Case No. 5:14-cv-05344-BLF

Dear Lizzy:

I write to follow up on certain of the parties' recent meet and confers and related communications.

**Follow-up to October 23, 2015 Meet and Confer**
**Arista's Request for Production Nos. 5 and 6** – Cisco confirms that its document searches and productions are being carried out in a way that documents responsive to these requests but related to third parties are not being affirmatively excluded.

**Arista's Request for Production No. 18** – At the meet and confer, Arista proposed narrowing this request to: "All documents relating to Your knowledge of *the accused features of* Arista's products and/or services" (additional language in italics). In light of this narrowing, Cisco agrees to amend its response as follows: "Cisco incorporates by reference its current response to this request and further states: Subject to and without waiver of its general and specific objections, Cisco will produce non-privileged documents responsive to this request, to the extent such documents exist, are within Cisco's possession, custody or control, and can be located in a reasonable search of the location or locations most likely to contain responsive documents."

**Huawei materials** – We are still reviewing the materials in order to respond to your request.

**Document retention policies** – Cisco does not have non-privileged written document retention policies.  To the extent Arista seeks this information through other forms of discovery (e.g., by interrogatory or deposition), Cisco will fulfill its obligations to diligently provide any non-privileged information responsive to the request.

**Arista's Request for Production No. 114** – Cisco confirms that to the extent it locates additional documents responsive to this request that have not already been produced it will produce them.

**Arista's Request for Production No. 116** – Cisco agrees to amend its response as follows: "Cisco incorporates by reference its current response to this request and further states:  Subject to and without waiver of its general and specific objections, Cisco will produce non-privileged documents responsive to this request, to the extent such documents exist, are within Cisco's possession, custody or control, and can be located in a reasonable search of the location or locations most likely to contain responsive documents."

**Arista's Production of Documents**
To follow up on the parties' correspondence of August 18, 2015 and October 20, 2015, Cisco understands that with respect to the requests identified in the August 18, 2015 letter for which Arista agrees to produce documents, Arista is currently preparing for production responsive documents and will be producing such documents within a reasonable time period, i.e. by the beginning of November.  With respect to other requests, Cisco has the following concerns and requests for confirmation:

1. Please clarify why Arista is limiting its production of *Optumsoft* pleadings to "non-privileged" pleadings.  Because Arista and Optumsoft are adverse parties, this limitation appears to be a *non sequitur*.  Specifically, please confirm whether Arista is withholding any *Optumsoft* pleadings on this basis.

2. Please confirm that Arista's production of the *Optumsoft* deposition transcripts will include the exhibits to the transcripts and that the exhibits will be produced in a logical fashion (i.e., sequentially after the transcripts and in order).

3. Please confirm whether Arista is withholding any *Optumsoft* written discovery on the basis that it is not "relevant to the development of EOS."

4. Cisco's Request for Production No. 5 – Please confirm that Arista is applying the narrowing only to non-custodial documents and not to the custodian searches, which are carried out with keyword searching.

5. Cisco's Request for Production No. 8 – Please confirm that Arista's production of documents responsive to Request for Production No. 8 will be included in Arista's upcoming production during the week of November 2.

6. Cisco's Request for Production No. 14 – Cisco will agree to narrow the request to:  "All Communications, Documents, Source Code and Things Concerning the Accused Products *that relate to Arista's use of any CLI command identified in Cisco's Amended Complaint(s) or Cisco's Response to Arista's Interrogatory No. 16.*"

7. Cisco's Request for Production No. 16 – Cisco will agree to narrow the request to: "Documents sufficient to identify each Accused Product *that uses any CLI command identified in Cisco's Amended Complaint(s) or Cisco's Response to Arista's Interrogatory No. 16.*"

8. Cisco's Request for Production Nos. 21, 54, 61 – Please confirm that Arista will not be withholding any documents responsive to these requests that are located as a result of Arista's other custodian and non-custodian searches.

9. Cisco's Request for Production Nos. 49 and 50 – Please see my correspondence of October 20, 2015.

10. Cisco's Request for Production No. 59 – Cisco understands that Arista contends that documents relating to Arista's intellectual property rights relating to the accused products are not relevant.

11. Cisco's Request for Production Nos. 63, 64, and 65 – Documents relating to customer feedback, marketing, training materials, competitive advantage and the like for the accused products are relevant to Cisco's indirect infringement and copyright claims, as well as a *Georgia-Pacific* reasonable royalty analysis. Arista has not put forth why similar documents are relevant to Cisco's products. Please provide a basis as to why such documents would be relevant.

12. Cisco's Request for Production Nos. 66 and 67 – Documents relating to Arista's efforts to raise capital are relevant to Cisco's patent and copyright claims if such documents refer to Cisco or IOS. For example, such documents would be potentially relevant to the value that Arista places on its use of Cisco's CLI commands. Accordingly, Cisco will narrow No. 66 to: "All Communications and Documents Concerning efforts to raise capital from outside investors or to obtain other source of financing for Arista, *to the extent such Communications or Documents mention or relate to Cisco or IOS*." Similarly, Cisco will narrow No. 67 to: "All Communications, including presentations, with any of Your investors or potential investors Related to Your business, Products, or services, *to the extent such Communications or Documents mention or relate to Cisco or IOS*." Please confirm Arista will produce documents in response to these narrowed requests.

13. Cisco's Request for Production No. 69 – Cisco agrees to Arista's proposal.

14. Cisco's Request for Production No. 70 – Please confirm that Arista will produce any financial condition-related documents responsive to this request that mention or refer to Cisco or IOS.

15. Cisco's Request for Production No. 75 – Arista's production in response to this request must include documents relating to "uses any Cisco technology," not simply "infringes any of the Asserted Patents." Please confirm this understanding.

16. Cisco's Requests for Production No. 83 – Cisco agrees to Arista's proposed narrowing.

**Cisco's Interrogatory Nos. 10, 12, and 13**
Cisco understands that Arista's supplemental responses of November 10, 2015 will provide all information currently in Arista's possession, custody, or control and will not be limited to boilerplate, non-substantive responses consisting solely of objections.  If this is understanding is incorrect, please let us know immediately so that the parties may seek the Courts' assistance in resolving this dispute.

**Email of October 27, 2015 regarding inventor depositions**
Arista's email of October 27, 2015 regarding inventor discovery does not reflect the parties' discussions.  As stated at the October 23, 2015 meet and confer, as acknowledged in Mr. Santacana's letter of October 26, 2015 and as further discussed at the meet and confer earlier today:

- Cisco agreed to provide a privilege log on November 3, 2015 that will include any documents withheld on the basis of privilege and that potentially relate to conception, reduction to practice, diligence, or other patentability-related documents.

- Cisco confirmed the production of conception and reduction to practice documents prior to any inventor depositions.

- Cisco further explained in detail the sources of Cisco's document searches, which included: 1) non-custodial documents authored by the inventors; 2) custodial documents for the inventors requested by Arista for whom Cisco has custodial data (Messrs. Tjong and Bettadapur); 3) internal prosecution files; 4) the inventors themselves.

- Cisco previously confirmed, as Mr. Santacana stated, "You confirmed that the source(s) of documents relating to conception and reduction to practice that Cisco previously produced as part of its patent disclosures under the Local Patent Rules were also searched for documents responsive to Arista's patent-related document requests, and that any responsive, non-privileged documents located in those repositories will be produced." Mr. Santacana further stated, "You also confirmed that Cisco did not withhold any responsive, non-privileged documents found in the same location that Cisco found the documents it produced under the Local Patent Rules."  These statements are correct.

- Cisco agreed to supplement its responses to Arista's Interrogatory Nos. 13 and 14 by November 2, 2015.

Therefore, there is no basis for the allegations made in the October 27, 2015 email regarding inventor depositions.  For example, it is not correct that Cisco has simply asserted work product protection over its searches.  Rather, Cisco's position, as before, is simply that attorney-client communications regarding discovery are covered by the attorney-client privilege and/or work product doctrine, but as the above confirms, Cisco has provided more than sufficient non-work product, non-privileged information for Arista to understand the scope of Cisco's searches.[1]  As confirmed again at today's meet and confer, Cisco has searched the known locations as identified above.  Cisco has also diligently produced custodian documents (or explained that no data is

---

[1]  With respect to your query about the dates of Mr. Bettadapur's documents, Cisco did not limit the earliest date for the search for and production of any inventor documents.

available) for any custodian requested by Arista (subject to the parties' agreed framework for ESI discovery). Finally, Cisco is either producing or logging all located documents that are potentially relevant to Arista's discovery requests.[2]

Very truly yours,

*/s/ Peter Klivans*

Peter Klivans

---

[2] To the extent information about additional locations surfaces, such as at a deposition, Cisco will of course meet and confer in good faith with Arista to resolve any resulting issues.