# EXHIBIT 22

1  KEKER & VAN NEST LLP
   ROBERT A. VAN NEST - # 84065
2  rvannest@kvn.com
   BRIAN L. FERRALL - # 160847
3  bferrall@kvn.com
   DAVID J. SILBERT - # 173128
4  dsilbert@kvn.com
   MICHAEL S. KWUN - # 198945
5  mkwun@kvn.com
   633 Battery Street
6  San Francisco, CA 94111-1809
   Telephone:   415 391 5400
7  Facsimile:   415 397 7188

8  Attorneys for Defendant ARISTA NETWORKS, INC.

9               UNITED STATES DISTRICT COURT
10              NORTHERN DISTRICT OF CALIFORNIA
11                       SAN JOSE

12 | CISCO SYSTEMS, INC.,              | Case No. 5:14-cv-05344-BLF (PSG)
13 |        Plaintiff,                 | **DEFENDANT ARISTA NETWORKS, INC.'S SECOND SET OF**
14 |    v.                             | **INTERROGATORIES (NOS. 16-17)**
15 | ARISTA NETWORKS, INC.,            | Date Filed:  December 5, 2014
16 |        Defendant.                 | Trial Date:  Not set.

DEFENDANT ARISTA NETWORKS, INC. SECOND SET OF INTERROGATORIES TO PLAINTIFF
CISCO SYSTEMS, INC. (NOS. 16-17)
Case No. 5:14-cv-05344-BLF (PSG)

963231.01

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Arista Networks, Inc. ("Arista") requests that Plaintiff Cisco Systems, Inc. ("Cisco") answer in writing and under oath the following Interrogatories within thirty days of service hereof.

## DEFINITIONS AND INSTRUCTIONS

The following Interrogatories are to be read, interpreted, and answered with reference to the following definitions and instructions.

## DEFINITIONS

1. "Cisco," "you," and "your" means Cisco Systems, Inc., including all agencies, divisions, instrumentalities, establishments, and branches thereof; all of its agents, employees, directors, officers, predecessors in interest, successors in interest, parents and subsidiaries; and anyone acting on their behalf.

2. "Arista" refers to Defendant Arista Networks, Inc., including all agencies, divisions, instrumentalities, establishments, and branches thereof; all of its agents, employees, directors, officers, predecessors in interest, successors in interest, parents and subsidiaries; and anyone acting on their behalf.

3. "CLI Command" means any word or combination of words that is used or recognized as a command in a command line interface.

4. "Network Management Product" means any product used to monitor, configure, or otherwise manage network devices and/or their associated firmware and software, including without limitation Your CiscoWorks Networks Compliance Monitor product and all device drivers that it supports (or has ever supported), the Tail-f Network Control System (NCS) and all network element drivers (NEDs) that it supports (or has ever supported), and the Cisco Network Service Orchestrator (NSO) enabled by Tail-f, and all NEDs that it supports (or has ever supported).

5. "Asserted Patents" refers to U.S. Patent No. 7,047,526 ("the '526 patent") and U.S. Patent No. 7,953,886 ("the '886 patent").

6. "Asserted Claim" means any claim of the Asserted Patents.

1
DEFENDANT ARISTA NETWORKS, INC. SECOND SET OF INTERROGATORIES TO PLAINTIFF
CISCO SYSTEMS, INC. (NOS. 16-17)
Case No. 5:14-cv-05344-BLF (PSG)

963231.01

7. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term. Any comment or notation appearing on any document, and not a part of the original text, is to be considered a separate "document."

8. "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

9. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

10. When used with respect to a natural person, "identify" means that you are required to provide the following information: name; last known business address; last known residence address; last known telephone number; names of the employers or businesses with whom the person is or was associated; and the person's title, position, and duties at the time relevant to the identification.

11. When used with respect to a person that is not a natural person, "identify" means that you are required to provide, to the extent applicable, the same information required as if the entity were a natural person, and to state the nature of the entity (e.g., partnership, corporation, etc.).

12. When used with respect to a document, "identify" means that you are required to provide, to the extent applicable, the (i) type of document; (ii) date of the document; (iii) author(s), addressee(s) and recipient(s); and (iv) any Bates number assigned to the document in this action.

13. "Relating to" means relating to, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

14. "All," "any," and "each" shall each be construed as encompassing any and all.

2
DEFENDANT ARISTA NETWORKS, INC. SECOND SET OF INTERROGATORIES TO PLAINTIFF
CISCO SYSTEMS, INC. (NOS. 16-17)
Case No. 5:14-cv-05344-BLF (PSG)

963231.01

15. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

16. All pronouns shall be construed to refer to the masculine, feminine, or neuter gender, in singular or plural, as in each case makes the request more inclusive.

17. The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

The following instructions shall apply to each of the Interrogatories herein:

1. In answering the following Interrogatories, furnish all available information, including information in your possession, custody, or control. If you cannot fully respond to the following Interrogatories after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each Interrogatory that cannot be responded to fully and completely. In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the Interrogatory cannot be answered fully and completely; and state what knowledge, information or belief Cisco has concerning the unanswered portion of any such Interrogatories.

2. If any information requested is claimed to be privileged or otherwise immune from discovery, please provide all information falling within the scope of the Interrogatory which is not privileged, and for each item of information contained in a document to which a claim of privilege is made, identify such document with sufficient particularity for purposes of a motion to compel, such identification to include at least the following:

(a) For documents: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

(b) For oral communications: (i) the name of the person making the communication and the names of persons present while the communications was made and, where not apparent, the relationship of the persons present to the person making the communications; (ii) the date and

3
DEFENDANT ARISTA NETWORKS, INC. SECOND SET OF INTERROGATORIES TO PLAINTIFF
CISCO SYSTEMS, INC. (NOS. 16-17)
Case No. 5:14-cv-05344-BLF (PSG)

963231.01

place of communications; and (iii) the general subject matter of the communications.

3. Cisco's obligation to respond to these Interrogatories is continuing and its responses are to be supplemented to include subsequently acquired information in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

**INTERROGATORY NO. 16:**

For each CLI Command listed in Cisco's Second Amended Complaint (including exhibits) and each command hierarchy listed in Cisco's Second Amended Complaint (including exhibits), and each command mode and prompt listed in Cisco's Second Amended Complaint (including exhibits), identify: (i) the author or originator of such Command, command hierarchy, command mode and prompt, (ii) the date of such authorship or creation, (iii) the document(s) in which such Command, command hierarchy, command mode or prompt was first fixed in any tangible medium of expression, (iv) the document(s) in which such Command, command hierarchy, command mode or prompt was first published, and (v) the first Cisco product (including version number) that used or responded to each CLI Command, command hierarchy, command mode or prompt.

**INTERROGATORY NO. 17:**

Identify each and every document in your possession relating to any non-Cisco CLI, including the custodian of each document and how Cisco came to be in possession of each document.

Dated:  July 24, 2015

KEKER & VAN NEST LLP

By: /s/ Eli M.

ROBERT A. VAN NEST
BRIAN L. FERRALL
DAVID J. SILBERT
MICHAEL S. KWUN

Attorneys for Defendant ARISTA NETWORKS, INC.

4

DEFENDANT ARISTA NETWORKS, INC. SECOND SET OF INTERROGATORIES TO PLAINTIFF
CISCO SYSTEMS, INC. (NOS. 16-17)
Case No. 5:14-cv-05344-BLF (PSG)

963231.01

| | |
|---|---|
| 1 | PROOF OF SERVICE |

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On July 24, 2015, I served the following document(s):

**DEFENDANT ARISTA NETWORKS, INC.'S SECOND SET OF INTERROGATORIES (NOS. 16-17)**

☑ by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

| | |
|---|---|
| Sean Sang-Chul Pak<br>John M. Neukom<br>Quinn Emanuel Urquhart & Sullivan LLP<br>50 California Street, Floor 22<br>San Francisco, CA  94111<br>Tel:     (415) 875-6320<br>Fax:    (415) 875-6700<br>seanpak@quinnemanuel.com<br>johnneukom@quinnemanuel.com<br>Cisco-Arista@quinnemanuel.com | Adam R. Alper<br>Kirkland & Ellis LLP<br>555 California Street<br>San Francisco, CA  94104<br>Tel:     (415) 439-1476<br>Fax:    (415) 439-1500<br>aalper@kirkland.com |
| Kathleen Marie Sullivan<br>Quinn Emanuel Urquhart & Sullivan LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10022<br>Tel:     (212)0 849-7000<br>kathleensullivan@quinnemanuel.com | Mark Yeh-Kai Tung<br>Quinn Emanuel Urquhart & Sullivan LLP<br>555 Twin Dolphin Drive, 5th floor<br>Redwood Shores, CA  94065<br>Tel:     (650) 801-5000<br>marktung@quinnemanuel.com |
| Michael W. De Vries<br>Kirkland & Ellis LLP<br>333 South Hope Street, 29th floor<br>Los Angeles, CA 90071<br>Tel:     (213) 680-8590<br>Fax:    (213) 680-8500<br>michael.devries@kirkland.com<br>Cisco-AristaCopyrightTeam@kirkland.com | Steven C. Cherny<br>Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, NY  10022<br>Tel:     (212) 446-4800<br>Fax:    (212) 446-6460<br>Steven.cherny@kirkland.com |

5

DEFENDANT ARISTA NETWORKS, INC. SECOND SET OF INTERROGATORIES TO PLAINTIFF
CISCO SYSTEMS, INC. (NOS. 16-17)
Case No. 5:14-cv-05344-BLF (PSG)

963231.01

Executed on July 24, 2015, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*/s/ Patty Lem*

6

DEFENDANT ARISTA NETWORKS, INC. SECOND SET OF INTERROGATORIES TO PLAINTIFF
CISCO SYSTEMS, INC. (NOS. 16-17)
Case No. 5:14-cv-05344-BLF (PSG)