KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
rvannest@kvn.com
BRIAN L. FERRALL - #160847
bferrall@kvn.com
DAVID SILBERT - #173128
dsilbert@kvn.com
MICHAEL S. KWUN - #198945
mkwun@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:      415 397 7188

Attorneys for Defendant
ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARISTA NETWORKS, INC., <br><br> Defendant. | Case No. 5:14-cv-05344-BLF (PSG) <br><br> **DECLARATION OF EDUARDO E. SANTACANA IN SUPPORT OF CISCO'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL (ECF NO. 113)** <br><br> Judge:      Hon. Beth Labson Freeman <br><br> Date Filed: December 5, 2014 <br><br> Trial Date: August 1, 2016 |

DECLARATION OF EDUARDO E. SANTACANA IN SUPPORT OF
CISCO'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (PSG)

1007167

I, EDUARDO E. SANTACANA, declare:

1. I am an attorney licensed to practice law in the State of California and am an associate with the law firm of Keker & Van Nest LLP, located at 633 Battery Street, San Francisco, California 94111, counsel for Defendant Arista Networks, Inc. ("Arista") in the above-referenced action. Unless otherwise stated, the facts I set forth in this declaration are based on my personal knowledge or knowledge I obtained through my review of corporate records or other investigation. If called to testify as a witness, I could and would testify competently to such facts under oath.

2. I submit this declaration in support of the Administrative Motion to File Under Seal Confidential Information in Opposition to Arista's Motion to Amend Scheduling Order or, Alternatively, to Stay Patent Claims Pending *Inter Partes* Review ("Motion to Seal") filed by Plaintiff Cisco Systems, Inc. ("Cisco") (ECF No. 113). I have reviewed Cisco's Motion to Seal and the Civil Local Rules of this Court governing such motions, and submit this supporting declaration under Civil L.R. 79-5(e).

3. Cisco's Motion to Seal seeks to file under seal documents and information submitted in its Opposition to Arista's Motion to Amend Scheduling Order or, Alternatively, to Stay Patent Claims Pending *Inter Partes* Review (ECF Nos. 93 (Motion); 114 (Opposition)), which is a non-dispositive motion. Because Cisco's Motion to Seal relates to a non-dispositive motion, the documents and information that the parties request to file under seal are not subject to a strong presumption of public access. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Rather, the "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure applies to the material that Cisco's Motion to Seal seeks to withhold from public view. *Id.* at 1179. Civil Local Rule 79-5 further requires that a party seeking to seal information and documents "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id*. I submit this declaration to provide additional facts in support of Cisco's Motion to Seal, and to provide facts establishing that the "good cause" standard has been met.

1

DECLARATION OF EDUARDO E. SANTACANA IN SUPPORT OF
CISCO'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (PSG)

1007167

4. Cisco submitted the Declaration of Mark Tung in support of its Motion to Seal ("Tung Declaration") (ECF No. 113-1) and a highlighted copy of Cisco's opposition brief (per Civil L.R. 79-5(d)(1)(D)) indicating the specific text within the brief that should be sealed (ECF No. 113-3). Paragraph 4 of the Tung Declaration lists, in table format, the material that Cisco seeks to file under seal. I address those materials listed in the Tung Declaration below, starting with the redacted exhibits and ending with the proposed redactions to Cisco's opposition brief. Per the instructions provided on the Northern District of California's website, this declaration is drafted so that it does not contain confidential information and does not need to be filed under seal. *See* http://www.cand.uscourts.gov/ecf/underseal.

5. There is good cause to seal Exhibit 6 to the Tung Declaration (ECF No. 113-5) in its entirety. Exhibit 6 is an internal, confidential email communication between several Arista employees that reveals specific non-public research and development activities regarding aspects of the accused Arista products, and confidential conclusions drawn from those efforts. The earliest email in the chain discusses proposes specific configurations of a particular feature in an Arista product and proposals for implementing that particular feature based on the results of confidential research and development activities. Arista considers the details and results of its non-public research and development activities to be highly confidential. All subsequent emails in the chain provide further commentary on the research and development information discussed in the earliest email, and reveal confidential customer feedback and opinions that Arista obtained from particular Arista customers. Arista considers information obtained in confidence from customers regarding product preferences and improvements to be highly confidential competitive information that provides competitive advantages to Arista, and further believes that the public disclosure of such information would cause competitive harm to Arista.

6. In addition, Exhibit 6 to the Tung Declaration (ECF No. 113-5) was previously submitted and sealed in its entirety in connection with a discovery motion submitted to Judge Grewal. Judge Grewal, applying the legal standard recited above, ordered that exhibit sealed when Cisco attached it as Exhibit 6 to the Cannon Declaration in support of Cisco's opposition to Arista's Motion to Compel Interrogatory Responses. ECF No. 86 (Order sealing ECF No. 76-9 in

2

DECLARATION OF EDUARDO E. SANTACANA IN SUPPORT OF
CISCO'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (PSG)

1007167

its entirety).  For these reasons, there is good cause to seal Exhibit 6 to the Tung Declaration in its entirety under the "good cause" standard applicable to non-dispositive motions.

7. There is good cause to seal Exhibit 8 to the Tung Declaration (ECF No. 113-7) in its entirety.  Exhibit 8 is an excerpt from a longer internal Arista email chain that discusses Arista's highly confidential testing, research, and development efforts relating to the Arista EOS (Extensible Operating System), and includes proprietary, non-public Arista source code relating to Arista's internal testing infrastructure.  The excerpt attached as Exhibit 8 to the Tung Declaration includes portions of proprietary Python source code for Arista's testing infrastructure, which Arista maintains as highly confidential.  Arista believes that the disclosure of Arista proprietary and confidential source code relating to its internal testing, research, and development efforts would cause competitive harm to Arista if disclosed publicly to Arista's competitors.  Arista's proprietary source code relating to its testing infrastructure, if made public, could allow competitors to take unfair advantage of Arista's investments in the research, development, and testing of its products.

8. For purposes of a motion to seal, a "trade secret" is "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569–70 (9th Cir. 2008) (nonprecedential) (quoting Restatement (First) of Torts § 757 cmt. b (1939)) (applying the Restatement's definition of trade secret in the record-sealing context); *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (adopting the Restatement's definition of trade secret).  Arista's confidential source code meets the definition of a "trade secret" for the pending motion to seal.  *See Agency Solutions.com, LLC v. TriZetto Grp., Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011) ("[S]ource code is undoubtedly a trade secret[.]").  Therefore, there is good cause to seal the confidential source code disclosed in Exhibit 8 to the Tung Declaration, which extends halfway down the first page of Exhibit 8.

9. There is also good cause to seal the remainder of Exhibit 8 to the Tung Declaration.  The remaining portion of Exhibit 8 discusses confidential research and development activities of Arista engineers regarding aspects of the accused Arista products, and the discoveries

3

DECLARATION OF EDUARDO E. SANTACANA IN SUPPORT OF
CISCO'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (PSG)

1007167

1  stemming from those research activities.  Arista treats the details and results of its research and
2  development activities as highly confidential and sensitive information.  It would cause
3  substantial competitive harm to Arista if such non-public details of its research and development
4  activities were publicly disclosed to Arista's competitors, as such disclosure would provide
5  competitors with insights into how Arista allocates its research and development resources, its
6  research and development priorities and procedures, and would also reveal certain results of those
7  efforts, all of which are considered by Arista to be highly confidential.  There is therefore good
8  cause to seal the non-source code portions of Exhibit 8 to the Tung Declaration.

9       10.    Moreover, Exhibit 8 to the Tung Declaration (ECF No. 113-7) was previously
10 submitted and sealed in its entirety in connection with a discovery motion submitted to Judge
11 Grewal.  Judge Grewal, applying the legal standard recited above, ordered that exhibit sealed
12 when Cisco attached it as Exhibit 4 to the Cannon Declaration in support of Cisco's opposition to
13 Arista's Motion to Compel Interrogatory Responses.  ECF No. 86 (Order Sealing 76-5 in its
14 entirety).  For these reasons, there is good cause to seal Exhibit 8 to the Tung Declaration in its
15 entirety under the "good cause" standard applicable to non-dispositive motions.

16      11.    Finally, there is good cause to seal the highlighted portions of the annotated copy
17 of Cisco's opposition brief (ECF No. 113-3).  The highlighted portions of Cisco's opposition
18 brief are narrowly tailored to prevent disclosure of the specific confidential research,
19 development, and customer-feedback information revealed in Exhibits 6 and 8 to the Tung
20 Declaration.  For the reasons stated in my discussion of Exhibits 6 and 8 above, there is good
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28

4
DECLARATION OF EDUARDO E. SANTACANA IN SUPPORT OF
CISCO'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (PSG)

1007167

cause to seal the highlighted portions of Cisco's opposition brief under the "good cause" standard applicable to non-dispositive motions.

Executed November 23, 2015, at San Francisco, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ Eduardo E. Santacana*
EDUARDO E. SANTACANA

5
DECLARATION OF EDUARDO E. SANTACANA IN SUPPORT OF
CISCO'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (PSG)

1007167