UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS INC,<br><br>  Plaintiff,<br><br>  v.<br><br>ARISTA NETWORKS, INC.,<br><br>  Defendant. | Case No. 14-cv-05344-BLF<br><br>**ORDER GRANTING DEFENDANT'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

      Defendant moves to file under seal Exhibits D, E, F, and H to the Declaration of Elizabeth K. McCloskey in support of Defendant's Proposed Discovery Plan and portions of Defendant's Proposed Discovery Plan which reference the information contained in these exhibits. ECF 107. Defendant indicates that it moves to file these documents under seal because the information contained in this exhibits was designated "Confidential" by Plaintiff pursuant to the protective order. Defendant indicates that it "takes no position" on whether the "foregoing documents should be filed under seal."

      "Unless a particular court record is one 'traditionally kept secret,'" a "strong presumption in favor of access" to judicial records "is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal a judicial record bears the burden of overcoming this presumption by articulating "compelling reasons" for sealing. *Id.* The Ninth Circuit has carved out an exception for materials attached to non-dispositive motions, applying the lower "good cause" standard for sealing such documents. *Id.* at 1179-80. Good cause may exist to seal documents that are "privileged, contain trade secrets, contain confidential research, development or commercial information, or if disclosure of the information might harm a litigant's competitive standing." *Dugan v. Lloyds TSB Bank, PLC*, 2013 WL 1435223, at *2 (N.D.

1  Cal. Apr. 9, 2013).  A party must make a "particularized showing" [of good cause] for each

2  individual document it seeks to seal. *See Kamakana*, 447 F.3d 1172, 1180. "[B]road allegations of

3  harm, unsubstantiated by specific examples or articulated reasoning," are insufficient.  *In re High-*

4  *Tech Employee Antitrust Litig.*, 2013 WL 163779, at *2 (N.D. Cal. Jan. 15, 2013) (*citing Beckman*

5  *Indus. Inc. v. Int'l Ins. Co.*, 996 F.2d 470, 476 (9th Cir. 1992)).

6  In this District, parties seeking to seal judicial records must furthermore follow Civil L.R.

7  79-5, which requires, *inter alia*, that a sealing request be "*narrowly tailored* to seek sealing *only* of

8  sealable material."  Civil L.R. 79-5(b) (emphasis added).  Where the submitting party seeks to file

9  under seal a document designated confidential by another party, the burden of articulating

10 compelling reasons for sealing is placed on the designating party.  *Id.* at 79-5(e).

11 Pursuant to Civil Local Rule 79-5(e), Plaintiff submitted the declaration Matthew Cannon

12 in support of the sealing request.  ECF 111.  According to Plaintiff, Exhibits D, E, F, and H are

13 copies of internal business communications that contain Plaintiff's confidential business

14 information regarding sales, accounts, products, valuations, and competitors.  The disclosure of

15 this information has the potential to harm Plaintiff's business by allowing competitor's to learn the

16 identity of Plaintiff's customers and Plaintiff's marketing, sales, and product strategies.  Because

17 these exhibits contain sealable material, Defendant's request to seal these exhibits and portions of

18 the Proposed Discovery Plan that reference these exhibits is appropriate under Civil Local Rule

19 79-5.  The Court has reviewed Defendant's redactions and finds them to be narrowly tailored,

20 consistent with the requirements of Civil Local Rule 79-5(d)(1)(C).  As such, Defendant's motion

21 to seal is GRANTED.

22 **IT IS SO ORDERED.**

23 Dated: November 24, 2015

_____
BETH LABSON FREEMAN
United States District Judge