UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS INC, <br><br> Plaintiff, <br><br> v. <br><br> ARISTA NETWORKS, INC., <br><br> Defendant. | Case No. 14-cv-05344-BLF <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO FILE UNDER SEAL CONFIDENTIAL INFORMATION IN OPPOSITION TO DEFENDANT'S MOTION TO AMEND SCHEDULING ORDER OR, ALTERNATIVELY, TO STAY PATENT CLAIMS PENDING *INTER PARTES* REVIEW** |

Plaintiff moves to file under seal portions of its opposition to Defendant's Motion to Amend Scheduling Order or, Alternatively, to Stay Patent Claims Pending *Inter Partes* Review and Exhibits 6 and 8 to the Declaration of Mark Tung in Support of Plaintiff's opposition. ECF 113. Plaintiff also seeks to seal portions of its amended opposition to Defendant's Motion. ECF 116. Plaintiff indicates that it moves to file these documents under seal because the information contained in these exhibits was designated "Highly Confidential" by Defendant pursuant to the protective order.

"Unless a particular court record is one 'traditionally kept secret,'" a "strong presumption in favor of access" to judicial records "is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal a judicial record bears the burden of overcoming this presumption by articulating "compelling reasons" for sealing. *Id.* The Ninth Circuit has carved out an exception for materials attached to non-dispositive motions, applying the lower "good cause" standard for sealing such documents. *Id.* at 1179-80. Good cause may exist to seal documents that are "privileged, contain trade secrets, contain confidential research, development or commercial information, or if disclosure of the information might harm a litigant's competitive standing." *Dugan v. Lloyds TSB Bank, PLC*, 2013 WL 1435223, at *2 (N.D.

Cal. Apr. 9, 2013). A party must make a "particularized showing" [of good cause] for each individual document it seeks to seal. *See Kamakana*, 447 F.3d 1172, 1180. "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning," are insufficient. *In re High-Tech Employee Antitrust Litig.*, 2013 WL 163779, at *2 (N.D. Cal. Jan. 15, 2013) (*citing Beckman Indus. Inc. v. Int'l Ins. Co.*, 996 F.2d 470, 476 (9th Cir. 1992)).

In this District, parties seeking to seal judicial records must furthermore follow Civil L.R. 79-5, which requires, *inter alia*, that a sealing request be "*narrowly tailored* to seek sealing *only* of sealable material." Civil L.R. 79-5(b) (emphasis added). Where the submitting party seeks to file under seal a document designated confidential by another party, the burden of articulating compelling reasons for sealing is placed on the designating party. *Id.* at 79-5(e).

Pursuant to Civil Local Rule 79-5(e), Defendant submitted the declaration Eduardo Santacana in support of the sealing request. ECF 121, 122. According to Defendant, Exhibits 6 and 8 are copies of internal and confidential e-mail communications between several of Defendant's employees that reveal non-public research and development activities and confidential conclusions drawn from those efforts. Exhibit 8 also includes portions of proprietary source code for Defendant's testing infrastructure. The portions of Plaintiff's opposition that Defendant seeks to seal discuss confidential research, development, and customer-feedback information disclosed in Exhibits 6 and 8. The disclosure of this information could cause competitive harm to Defendant. Because these exhibits contain sealable material, Plaintiff's request to seal these exhibits and portions of the opposition and amended opposition is appropriate under Civil Local Rule 79-5. The Court has reviewed Plaintiff's redactions and finds them to be narrowly tailored, consistent with the requirements of Civil Local Rule 79-5(d)(1)(C). As such, Plaintiff's motion to seal is GRANTED.

**IT IS SO ORDERED.**

Dated: November 24, 2015

_____
BETH LABSON FREEMAN
United States District Judge

2