KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
BRIAN L. FERRALL - # 160847
bferrall@kvn.com
DAVID SILBERT - # 173128
dsilbert@kvn.com
MICHAEL S. KWUN - # 198945
mkwun@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>               Plaintiff,<br><br>     v.<br><br>ARISTA NETWORKS, INC.,<br><br>               Defendant. | Case No. 5:14-cv-05344-BLF (PSG)<br><br>**REPLY IN SUPPORT OF ARISTA'S MOTION TO AMEND SCHEDULING ORDER OR, ALTERNATIVELY, TO STAY PATENT CLAIMS PENDING *INTER PARTES* REVIEW**<br><br>Judge:     Hon. Beth Labson Freeman<br><br>Date Filed: December 5, 2014<br><br>Trial Date: August 1, 2016 |

# INTRODUCTION

Cisco's opposition ignores a fundamental truth about this case: ***if a command that Cisco asserts is not worthy of protection by copyright, Arista is free to use it***. Arista must have the opportunity to develop a defense for each alleged copyright-protectable expression that Cisco claims Arista infringes. Cisco is the master of its complaint, and it chose to assert that each of 514 two- to four- word phrases are distinctly protectable. Indeed, as currently asserted, even if hundreds of the 514 commands prove not worthy of copyright protection because, for example, Cisco was inspired by others' use of the phrases, Cisco still claims that it can prohibit Arista from using each remaining command. Cisco confirmed as much in Judge Grewal's Court just two months ago.

The *quid pro quo* for Cisco having defined its claim in both a broad and a granular manner is that Cisco must be forthcoming with discovery that is commensurate with this claim. That is precisely what Judge Grewal concluded when he compelled Cisco to provide information about the creation of each asserted command (after Cisco had refused to do so for four months). Today, Cisco stands *in violation* of Judge Grewal's order and still has not revealed how many additional witnesses (beyond the 149 already identified) have percipient knowledge about the creation of 133 commands, or who they are. Despite this failure on Cisco's part, and although Cisco has barely begun to produce custodial documents for these witnesses, it insists that the Court should maintain a case schedule that was based upon Cisco's false representation that discovery into the copyright claim could be completed "in short order" and that trial on that claim could proceed "expeditiously." Jt. CMC Stmt., Dkt. No. 43 at 5, 9. It cannot.

Cisco's opposition reveals its sharp-elbows tactics: trickle out its own discovery, maintain the fast-case schedule it had asked for before revealing how many authors were involved, and thereby prevent Arista from taking discovery into many aspects of Cisco's purposefully multi-faceted case. This Court should not endorse the Cisco plan, however. Arista seeks nothing more than a fair opportunity to defend itself. To that end, Arista requests a continuance of the trial date to the November 28, 2016 opening in the Court's calendar discussed at the November 5, 2015 case management conference. Cisco cannot complain that a four-month delay causes any

prejudice given that Cisco waited six years before filing this suit. Arista provides an amended proposed schedule in the Appendix.[1]

**ARGUMENT**

**I.    Arista should be allowed to take discovery that is commensurate with Cisco's claims.**

**A.    Because Cisco insists that each command is a separate "expression" worthy of protection, Arista requires discovery directed to each asserted command.**

When it suits Cisco's business or legal needs, it does not miss the chance to emphasize all of the different commands, modes, prompts, hierarchies, and responses at issue in this case. *See, e.g.*, SAC, Dkt. No. 64 ¶¶ 42–44 (alleging "voluminous" and "extensive" unlawful copying). And yet, when Arista seeks discovery on each asserted command, Cisco complains that delving into the authorship of each command is "out-of-line with the significance of such individual expressions to this case."[2] Am. Opp., Dkt. No. 117 at 13–14. Cisco cannot have it both ways.

In fact, before Judge Grewal, Cisco had the chance to narrow or reformulate its claim to streamline the case, but instead Cisco reiterated its individual-command theory: "Cisco *does believe* it's entitled to copyright protection on *each* of these multi-word commands." Mot. to Compel Hrg. Tr., Dkt. No. 108-4 at 21:15–17 (emphasis added). When Judge Grewal asked how Cisco intended to litigate the "taxonomy" of the asserted commands "without addressing the individual components," Cisco responded: "I think it's fair to address the individuals, especially given that, as I have said, Cisco has been clear . . . that we do consider each of these expressions to be copyright protected." *Id.* at 22:4–10. Consequently, and over Cisco's staunch objection, Judge Grewal ordered discovery regarding each command because it was "reasonably calculated to lead to the *discovery of witnesses for deposition* and testimony as to whether" the commands were independently created by those authors "as opposed to copied from other works." Order, Dkt. No. 83 at 3–4 (internal quotation marks omitted) (emphasis added). Judge Grewal added

---

[1] In addition to discovery delays caused by Cisco, Arista's two filed IPR petitions (the '886 IPR petition was filed on November 24, 2015) threaten to render moot much of the Court's claim construction efforts. For that reason, Arista proposes a schedule that avoids that eventuality while meeting the Court's open November 28 trial date. *See* Appendix.

[2] Oddly, Cisco also argues that this case is not about the 514 commands "*alone*." Am. Opp., Dkt. No. 117 at 13:23 (emphasis added). That Cisco *also* alleges other protected expression is hardly grounds to deny discovery about the asserted commands.

1  that the burden of this discovery "is one of Cisco's own making."[3] *Id.* at 4:8.

### B. It would be highly prejudicial to force Arista to complete its discovery of liability issues by the end of February.

In the three months that remain in the discovery period, Arista cannot complete the discovery it needs to defend itself against assertions based on 514 commands, dozens of hierarchies, various modes and prompts, command responses, and two asserted patents. There is no alternative means of challenging the originality of the asserted commands than to depose the only percipient witnesses knowledgeable about the "creation" of these short phrases. ███ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████ To complete the investigation of even one-third of the authors of the commands as well as the depositions of witnesses on the patents and other defenses would require a deposition almost every working day from December through February. And even that schedule assumes Cisco's prompt production of custodial documents, which Cisco has not even promised, much less delivered. Cisco's schedule is not fair case management; it is punitive and severely undermines Arista's ability to investigate, research, and prepare for these depositions, which in turn could determine whether Cisco has a viable claim.

Cisco offers no justification for this punitive schedule other than the fact that the current case management order does not alter the default ten-deposition limit. But that schedule was based upon Cisco's representation to the Court that its copyright claim could be ready for trial on a fast track basis, and before it revealed that over one hundred individuals were responsible for the commands. Cognizant of the Court's worry about excessive deposition discovery, Arista has proposed as an interim measure that it take 25 depositions and then meet and confer about the

---

[3] Although extrinsic evidence of similar commands pre-dating Cisco's IOS are *relevant* to the originality of the asserted commands, the subjective view of the author and his or her purported creative process is essential evidence. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991). ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████

3
REPLY IN SUPPORT OF MOTION TO AMEND SCHEDULING ORDER
Case No. 5:14-cv-05344-BLF (PSG)

need and timing of remaining depositions.

## II. Cisco has offered no excuse for its past discovery delays nor its *current violation* of Judge Grewal's Order compelling interrogatory responses.

Although Arista never agreed that this case could be prepared for trial by August 2016 under any circumstance, Cisco has made the task of completing discovery even more difficult by first preventing, and now continuing to frustrate Arista from learning the identity of the Cisco employees who made the "creative choices" Cisco touts in its complaint. SAC, Dkt. No. 64 at ¶ 28. Even today, over a month after Judge Grewal's deadline for fully completing this discovery, Cisco still has not identified the relevant employees for 133 of the 514 asserted commands. Just two days ago, Cisco added 12 names to its list of authors, but also *removed* the individuals it had previously listed for 25 CLI commands. Santacana Decl., ¶ 5. Cisco has refused to provide a date by which it will fully comply with Judge Grewal's Order.

This latest response also proves why Arista could not proceed with these depositions earlier. Although Arista took the deposition of Mr. Lougheed last week, *after* that deposition Cisco disclosed for the first time that Mr. Lougheed is the author of all the IOS hierarchies, modes, and prompts, and four additional CLI commands. *Id.* ¶ 6. (For these and other reasons, Arista will seek further time to depose Mr. Lougheed.) If Cisco is still learning of Mr. Lougheed's role, even though he is purportedly the most knowledgeable person regarding the CLI commands, Cisco is likely weeks or more away from learning about the role of over a hundred other authors, many of which are no longer Cisco employees. Cisco's claim that Arista should have taken more depositions earlier does not make sense

Despite Arista's filing of the instant motion and Cisco's promises at the last case management conference that Cisco would be responsive in discovery, Nov. 5 CMC Tr., Dkt. No. 106 at 29:23–31:11, Cisco continues to frustrate discovery efforts. For example, over two weeks ago, Arista proposed alternative custodians for ESI collection because Cisco stated that it had no data for six of Arista's proposed custodians; only yesterday, Cisco revealed that it had no information for nine more proposed custodians, forcing Arista to make new selections. Santacana Decl., ¶ 7. Cisco has not completed custodial production for any witness other than Mr. Lougheed and two inventors, despite having agreed to Arista's search terms weeks ago. *Id.* ¶ 8.

1   And just yesterday, Cisco revealed that nine of ten requested CLI-related deponents have
2   departed Cisco, and Cisco is only now beginning to contact them.  *Id.* ¶ 9.
3          Not many litigants blame their opponents for discovery delays while they alone stand in
4   violation of a discovery order, yet that is precisely Cisco's position.  Cisco *still* has not fully
5   responded to Court-ordered interrogatories, *still* has not produced custodial documents essential
6   for author depositions, and *still* opposes any more than ten depositions.  Cisco has no grounds to
7   continue to demand a fast-track schedule while it cannot provide basic discovery in a timely
8   manner.

**III.    Cisco's claims of prejudice from a short continuance ring hollow when it waited over six years to bring this suit.**

Cisco does not and cannot dispute that its competitive intelligence teams followed Arista's growth for six years or more while the company decided, for one reason or another, not to even mention possible legal claims against Arista.  *See* ███████████████████████████████████████████████████████████████████████████████████████████████████  Cisco did not need confidential information to bring its claims, as evidenced by its public complaint.  Whatever Cisco's motivations for waiting so long before suing, they were important enough to let Arista operate freely for six years.  Cisco has no grounds to claim now that a four-month continuance would cause undue prejudice.

For similar reasons, there is no undue prejudice from the stay of the patent case Arista seeks.  Arista only seeks as much time as is needed to see the PTAB's institution decision.  Many courts, including this one, have granted short stays to do the same.  *See* Dkt. No. 93 at 11–13.  Cisco only addresses this Court's decision in *Hewlett-Packard Co. v. ServiceNow, Inc.*, No. 14-cv-0057-BLF, 2015 WL 1737920, at *3 (N.D. Cal. Apr. 9, 2015), which it misreads.  In that case, this Court continued the tutorial and *Markman* hearings until after the PTAB's institution decision "[b]ecause those resources could be expended to no purpose."  Arista seeks nothing more here for the time being; the Court can evaluate a longer stay should the PTAB institute IPR.

## CONCLUSION

For the foregoing reasons, Arista requests that the Court amend the scheduling order in this case to conform to the schedule proposed in the Appendix.

Dated: November 25, 2015					KEKER & VAN NEST LLP

						By:	*/s/ Brian L. Ferrall*
							BRIAN L. FERRALL

							Attorney for Defendant ARISTA NETWORKS, INC.

**Appendix— Arista's Amended Proposed Schedule**

| Event | Current Schedule | Arista's Proposed Revised Schedule |
|---|---|---|
| PTAB IPR Institution Decisions | May 4 and 24, 2015 | May 4 and 24, 2015 |
| Technical Tutorial | January 29, 2016 | May |
| Claim Construction Hearing | February 5 | May |
| Close of Fact Discovery (Except Damages) | February 26 | June |
| Expert Reports | March 3 | June |
| Expert Rebuttal Reports | March 17 | July |
| Expert Discovery Cut-off | March 24 | July |
| Deadline for Dispositive Motions | March 31 | August |
| Opening Expert Reports (Damages) | April 8 | August |
| Expert Rebuttal Reports (Damages) | April 29 | August |
| Hearing on Dispositive Motions | May 5 | September |
| Expert Discovery Cut-off (Damages) | May 13 | September |
| Final Pretrial Conference | July 7 | November |
| Trial Briefs | July 25 | November |
| Trial | August 1 | November 28, 2016 |