| | |
|---|---|
| Kathleen Sullivan (SBN 242261)<br>kathleensullivan@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100<br><br>Sean S. Pak (SBN 219032)<br>seanpak@quinnemanuel.com<br>John M. Neukom (SBN 275887)<br>johnneukom@quinnemanuel.com.<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>Mark Tung (SBN 245782)<br>marktung@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100 | Steven Cherny *(admitted pro hac vice)*<br>steven.cherny@kirkland.com<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br><br>Adam R. Alper (SBN 196834)<br>adam.alper@kirkland.com<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, California  94104<br>Telephone: (415) 439-1400<br>Facsimile: (415) 439-1500<br><br>Michael W. De Vries (SBN 211001)<br>michael.devries@kirkland.com<br>KIRKLAND & ELLIS LLP<br>333 South Hope Street<br>Los Angeles, California 90071<br>Telephone: (213) 680-8400<br>Facsimile: (213) 680-8500 |

*Attorneys for Plaintiff Cisco Systems, Inc.*

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ARISTA NETWORKS, INC.,<br><br>　　　　Defendant. | CASE NO. 5:14-cv-5344-BLF<br><br>**DECLARATION OF MATTHEW D. CANNON IN SUPPORT OF ARISTA NETWORKS, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL (DKT. 126)**<br><br>**DEMAND FOR JURY TRIAL** |

**DECLARATION OF MATTHEW D. CANNON**

I, Matthew D. Cannon, declare as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate with the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Plaintiff Cisco Systems, Inc. ("Cisco"). I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Arista Networks, Inc.'s ("Arista's") Administrative Motion to File Documents Under Seal, Dkt. 126 ("Sealing Motion") in connection with Arista's Reply in Support of Arista's Motion to Amend Scheduling Order or, Alternatively, to Stay Patent Claims Pending *Inter Partes* Review, Dkt. 127 ("Arista's Brief"). I make this declaration in accordance with Civil Local Rule 79-5(e) on behalf of Cisco to confirm that information contained in the documents referenced in the Sealing Motion should be sealed.

3. Arista's Brief and the supported motion are non-dispositive. In this context, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamkana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003)). In addition, Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law"( *i.e.*, is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id*.

4. Pursuant to Civil L.R. 79-5(e), good cause exists to seal documents identified in the Sealing Motion, also set forth below, because the information sought to be sealed reflects confidential information that "give[s] [Cisco] an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Restatement of Torts* § 757, cmt b):

| Document | Portions to Be Filed Under Seal |
|---|---|
| Reply in Support of Arista's Motion to Amend Scheduling Order or, Alternatively, to Stay Patent Claims Pending *Inter Partes* Review ("Brief") | Page 5, lines 12-14. |

5. The portion of Arista's Brief to be sealed quotes confidential information from Exhibits E, F, and H to the Declaration of Elizabeth K. McCloskey in support of Defendant's Proposed Discovery Plan (the "Sealed Exhibits"). The Court previously ruled that the Sealed Exhibits contain sealable material and granted Arista's request to seal the Sealed Exhibits and quoted portions from the Sealed Exhibits in Defendant's Proposed Discovery plan. Dkt. 123. The information quoted from the Sealed Exhibits in Arista's Brief comprises Cisco's confidential business information, including information regarding Cisco's competitors and competitive strategy. Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may engage in competition less optimally than Cisco. *Elec. Arts*, 298 F. App'x at 569. Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitor's to learn Cisco's competition strategies, and in turn adopt and/or counteract those strategies. This would "harm [Cisco's] competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

6. Arista also seeks to seal Exhibit A to the Declaration of Eduardo E. Santacana in Support of Reply Re: Motion to Amend Scheduling Order or, Alternatively, to Stay Patent Claims Pending *Inter Partes* Review ("Exhibit A"), as well as portions of Arista's Brief citing Exhibit A. Exhibit A comprises excerpts from the transcript of the deposition of Kirk Lougheed taken on November 20, 2015 in this matter. Although the deposition transcript has been designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," and Cisco maintains this designation for the remainder of the deposition transcript, Cisco does not contend the specific excerpts comprising Exhibit A contain confidential information. As a result, Cisco does not believe that either Exhibit A or the portions of Arista's Brief at Page 3, lines 7-10 and lines 26-28

1  should be filed under seal. For the sake of clarity, Cisco's position with respect to Arista's Sealing
2  Motion is set forth below:

| Document | Portions to Be Filed Under Seal | Portions Not to Be Sealed |
|---|---|---|
| Reply in Support of Arista's Motion to Amend Scheduling Order or, Alternatively, to Stay Patent Claims Pending *Inter Partes* Review ("Brief") | Page 5, lines 12-14. | Remainder, including Page 3, lines 7-10 and lines 26-28. |
| Exhibit A | None | All |

11  I declare under penalty of perjury under the laws of the State of California that the
12  foregoing is true and correct, and that this declaration was executed in Berkeley, California, on
13  November 30, 2015.

  /s/ Matthew D. Cannon
  Matthew D. Cannon (Bar No. 252666)