UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS INC,<br><br>Plaintiff,<br><br>v.<br><br>ARISTA NETWORKS, INC.,<br><br>Defendant. | Case No. 14-cv-05344-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO FILE DOCUMENTS UNDER SEAL** |

Defendant moves to file under seal Exhibit A to the declaration of Eduardo E. Santacana in support of Defendant's Reply to its Motion to Amend Scheduling Order or, Alternatively, to Stay Patent Claims Pending *Inter Partes Review* and portions of its Reply brief that reference information contained in Exhibit A, as well as information previously sealed by the Court. ECF 126. Defendant indicates that it moves to file these documents under seal because the information contained in these exhibits was designated "Highly Confidential" by Plaintiff.

"Unless a particular court record is one 'traditionally kept secret,'" a "strong presumption in favor of access" to judicial records "is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal a judicial record bears the burden of overcoming this presumption by articulating "compelling reasons" for sealing. *Id.* The Ninth Circuit has carved out an exception for materials attached to non-dispositive motions, applying the lower "good cause" standard for sealing such documents. *Id.* at 1179-80. Good cause may exist to seal documents that are "privileged, contain trade secrets, contain confidential research, development or commercial information, or if disclosure of the information might harm a litigant's competitive standing." *Dugan v. Lloyds TSB Bank, PLC*, 2013 WL 1435223, at *2 (N.D. Cal. Apr. 9, 2013). A party must make a "particularized showing" [of good cause] for each individual document it seeks to seal. *See Kamakana*, 447 F.3d 1172, 1180. "[B]road allegations of

harm, unsubstantiated by specific examples or articulated reasoning," are insufficient. *In re High-Tech Employee Antitrust Litig.*, 2013 WL 163779, at *2 (N.D. Cal. Jan. 15, 2013) (*citing Beckman Indus. Inc. v. Int'l Ins. Co.*, 996 F.2d 470, 476 (9th Cir. 1992)).

In this District, parties seeking to seal judicial records must furthermore follow Civil L.R. 79-5, which requires, *inter alia*, that a sealing request be "*narrowly tailored* to seek sealing *only* of sealable material." Civil L.R. 79-5(b) (emphasis added). Where the submitting party seeks to file under seal a document designated confidential by another party, the burden of articulating compelling reasons for sealing is placed on the designating party. *Id.* at 79-5(e).

Pursuant to Civil Local Rule 79-5(e), Plaintiff submitted the declaration of Matthew D. Cannon. ECF 130. According to Plaintiff, Defendant's Reply brief at page 5, lines 12-14 contains information regarding Plaintiff's confidential business information including information about its competitors and competitive strategy. The disclosure of this information could cause competitive harm to Plaintiff. With respect to the remaining portions of the Reply brief and Exhibit A, Plaintiff indicates that these excerpts do not contain confidential information. Because the Reply brief at page 5, lines 12-14 contains sealable material, Defendant's request to seal this excerpt is appropriate under Civil Local Rule 79-5. The Court has reviewed Defendant's redactions and finds them to be narrowly tailored, consistent with the requirements of Civil Local Rule 79-5(d)(1)(C). As such, Defendant's motion to seal is GRANTED with respect to the Reply brief at page 5, lines 12-14. The Court DENIES Defendant's motion to seal the remaining portions of the Reply brief and Exhibit A.

Under Civil Local Rule 79-5(e)(2), Defendant may file the unredacted papers no earlier than four days, and no later than ten days, after the filing of this order. Under Civil Local Rule 79-5(f)(2), the materials in question will not be considered by the Court unless Defendant files unredacted versions within seven days after the filing of this order.

**IT IS SO ORDERED.**

Dated: December 2, 2015

_____
BETH LABSON FREEMAN
United States District Judge