| | |
|---|---|
| 1 | KEKER & VAN NEST LLP |
| 2 | ROBERT A. VAN NEST - # 84065<br>rvannest@kvn.com |
| 3 | BRIAN L. FERRALL - # 160847<br>bferrall@kvn.com |
| 4 | DAVID SILBERT - # 173128<br>dsilbert@kvn.com |
| 5 | MICHAEL S. KWUN - # 198945<br>mkwun@kvn.com |
| 6 | 633 Battery Street<br>San Francisco, CA 94111-1809 |
| 7 | Telephone:    415 391 5400<br>Facsimile:    415 397 7188 |
| 8 | Attorneys for Defendant ARISTA NETWORKS, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>ARISTA NETWORKS, INC.,<br><br>        Defendant. | Case No. 5:14-cv-05344-BLF (PSG)<br><br>**DEFENDANT ARISTA NETWORKS, INC.'S MOTION TO STRIKE DECLARATION OF KEVIN ALMEROTH (DKT. NO. 91-1) SUBMITTED IN SUPPORT OF PLAINTIFF CISCO SYSTEMS, INC.'S OPENING CLAIM CONSTRUCTION BRIEF**<br><br>Claim Construction Hearing: Mar. 18, 2016 |

**NOTICE OF MOTION AND MOTION**

Notice is hereby given to Plaintiff Cisco Systems, Inc. that Defendant Arista Networks, Inc. hereby moves to strike the Declaration of Dr. Kevin Almeroth (Dkt. No. 91-1), which Plaintiff submitted in support of its Opening Claim Construction brief (Dkt. No. 91). This motion is noticed for March 18, 2016, the date of the Court's Claim Construction Hearing in Courtroom 3, 5th Floor, 280 South 1st Street, San Jose, California.

**I.   INTRODUCTION**

Defendant Arista Networks, Inc. ("Arista") moves to strike the Declaration of Dr. Kevin Almeroth (Dkt. No. 91-1), which Plaintiff Cisco Systems, Inc. ("Cisco") submitted in support of its Opening Claim Construction brief (Dkt. No. 91). Cisco failed to disclose Dr. Almeroth's opinions by the deadline imposed by this Court's Scheduling Order (Dkt. No. 51) and Patent Local Rule 4-2(b) (requiring disclosure of all extrinsic evidence, including expert opinions, at the time proposed constructions are exchanged).

Cisco failed to identify *any* extrinsic evidence from Dr. Almeroth by the deadline established by the Court and the Local Rules. After that deadline, Cisco identified three topics on which Dr. Almeroth would opine, but still failed to provide adequate disclosure of his opinions. And when Cisco finally submitted its Opening Claim Construction Brief, it relied on Dr. Almeroth's opinions on two claim terms that Cisco had never previously identified (*i.e.*, beyond the three already belatedly identified terms), and cited to extrinsic evidence that Cisco never previously identified or produced. Cisco's late disclosures warrant exclusion of the Almeroth Declaration (Dkt. No. 91-1) ("Almeroth Decl.").

**II.   FACTS**

The Scheduling Order set a deadline of August 24, 2015 for the parties to exchange their preliminary claim constructions and extrinsic evidence pursuant to Patent Local Rule 4-2. (Dkt. No. 51) at 1. On that day, Cisco identified no opinions by Dr. Almeroth on which it would rely. Instead, its entire disclosure regarding Dr. Almeroth, read:

> Cisco may provide testimony from [Almeroth] to provide tutorial background regarding the technology at issue, to address the meaning and subject matter of the asserted patent claims as they would be understood by those of ordinary skill in the

1

ARISTA'S MOTION TO STRIKE THE DECLARATION OF KEVIN ALMEROTH
Case No. 5:14-cv-05344-BLF (PSG)

1009591.01

> art at the time any patents were filed, to address the proper construction of various claim terms in light of the intrinsic and extrinsic evidence and/or the meaning of the term to one of ordinary skill in the art, to rebut claim construction positions taken by Arista and/or any of its experts, and to otherwise assist the Court in construing the asserted patents.

*See* (Dkt. No. 95-1 (Cisco Rule 4-2(b) Disclosure) at 1–2).

On September 18, 2015, after Arista notified Cisco that it had failed to timely disclose any opinions from Dr. Almeroth as required by the Local Rules and the Court's Scheduling Order, Cisco disclosed for the first time in the Joint Claim Construction Statement the claim terms about which Almeroth "may" testify, but still withheld any description of the substance of the opinions. (Dkt. No. 70 at 3). For instance, Cisco stated that "Almeroth's testimony may include opinions on the level of ordinary skill in the art," without identifying what level of skill Dr. Almeroth intended to endorse. (*Id.*) With regard to the '526 patent, Cisco stated that Dr. Almeroth "may also rebut Arista's anticipated arguments that 'generic command'…[is] indefinite," without disclosing what Dr. Almeroth's opinion would be. (*Id.*) Similarly, with regard to the '886 patent, Cisco stated that Dr. Almeroth "may opine" in favor of Cisco's constructions for the terms "XML" and "parsing the output message to identify at least one CLI token," without identifying Dr. Almeroth's specific opinions. (*Id.*) Arista again objected to this partial disclosure as late and inadequate. (*Id.* at 3-4).

On November 2, 2015 when Cisco filed its Opening Claim Construction Brief, Cisco submitted an accompanying declaration from Dr. Almeroth that went beyond even the broadest reading of Cisco's belated and inadequate disclosure in two key respects. *First*, Dr. Almeroth opined on two terms relating to the '526 patent that Cisco had never previously identified: "management programs" and "recursively traversing the command parse tree based on an order of the input command words." Almeroth Decl. at 18-19 & 22-24. *Second*, Dr. Almeroth's declaration relied on numerous sources of extrinsic evidence that Cisco never previously identified or produced. *Id.* at ¶ 41 (quoting Kenneth B. Sall, *XML Family of Specifications: A Practical Guide* (2002), which was never produced); ¶¶ 42 & 43 (citing to pages from the W3C website, and attaching those same pages at Appendix C); ¶ 80 (quoting from Rubio-Sanchez *et al.*, *A Gentle Introduction to Mutual Recursion* (2008), and attaching the article at Appendix D).

In the parties' case management statement filed on November 4, 2015, Arista once again raised the issue of Cisco's inadequate disclosure regarding Dr. Almeroth's opinions and sought to strike the Almeroth Declaration. (Dkt. No. 95 at 12). At the CMC, the Court advised Arista to address the issue in the context of briefing claim construction, and that the parties would have to "take their chances on whether it's in or out." (Dkt. No. 106 at 34:21-22). Accordingly, on November 23, 2015, Arista deposed Dr. Almeroth while reserving its rights to strike the Almeroth Declaration.

### III. ARGUMENT

The entirety of the Almeroth Declaration (Dkt. No. 91-1) should be stricken due to Cisco's violation of this Court's Scheduling Order and Patent Local Rule 4-2. Rule 4-2(b) provides that, along with preliminary claim constructions, a party must:

> [D]esignate any supporting extrinsic evidence including, without limitations, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses. **Extrinsic evidence shall be identified by production number or by producing a copy if not previously produced. With respect to any supporting witnesses, percipient or expert, the identifying party shall also provide a description of the substance of that witness' proposed testimony that includes a listing of any opinions to be rendered in connection with claim construction.**

Patent L.R. 4-2(b) (emphasis added). This rule ensures that a party has sufficient disclosure of the relevant evidence regarding claim construction *before* it commits to binding claim construction positions. There is no question that Cisco's August 24, 2015 disclosure pursuant to Rule 4-2(b) violated this rule because it did not include "a description of the substance of [Almeroth's] proposed testimony," or a "listing of any opinions to be rendered." *Id.* Additionally, Arista did not have any fair disclosure of the substance of Dr. Almeroth's testimony by its deadline for submitting proposed constructions, and was therefore prejudiced. Accordingly, the Almeroth declaration should be stricken in its entirety.

Importantly, Cisco's belated disclosure on September 18, 2015 did nothing to cure Cisco's rule violation or reduce the prejudice to Arista. *First*, Cisco's September 18, 2015 disclosure came on the same day that Arista was expected to commit to binding claim construction positions. Relatedly, Arista was not at liberty to just ignore the case deadlines and add new rebuttal extrinsic evidence or expert testimony, as Cisco apparently feels entitled to do.

Accordingly, Cisco's late disclosure did not reduce any prejudice to Arista.

*Second*, even Cisco's belated September 18 disclosure failed to comply with Rule 4-2(b). For some topics Cisco identified in that disclosure, Cisco did not provide ***any*** disclosure of what Dr. Almeroth's opinions would be. *See* (Dkt. No. 70-0 at 3) (stating that Dr. Almeroth "may also rebut Arista's anticipated arguments that 'generic command'…[is] indefinite"). But even for those two claim terms where Cisco disclosed that Dr. Almeorth "may" support Cisco's proposed constructions, Cisco's disclosures do not constitute a "description of the substance" of Almeroth's opinions, as Rule 4-2(b) requires. At most, Cisco supplied a "listing of . . . opinions," which certainly must be "included" in the "description of the substance of that witness' proposed testimony," but which does not constitute a complete description. Patent L.R. 4-2(b). To serve its intended purpose, Rule 4-2(b) requires a description that is at least sufficiently specific to inform the opposing side whether it needs to alter its proposed construction or to submit additional extrinsic evidence or expert testimony. By contrast, Cisco's September 18 disclosure provided no information at all.

Cisco has also sought to rely on *Reflex Packaging v. Lenovo* to justify its conduct, but that case should not apply here. No. C 10-01002 JW, 2011 WL 7295479, at *2 (N.D. Cal. Apr. 7, 2011). In *Reflex Packaging*, the court excused a late and abbreviated disclosure of an expert's anticipated opinions—but did so in a situation where the party moving to strike the expert's opinions supplied a similarly abbreviated disclosure for its own expert. *Id.* (noting that, among other things, the "similarity between Defendant's disclosure and the disclosure which Defendant contents was insufficient, support[s] a finding that Plaintiff adequately disclosed the expert testimony it intended to use"). What was good for the goose may have been good for the gander in *Reflex Packaging*, but the circumstances here are different. Only Cisco has ignored the Local Rules and the Court's Scheduling Order. Moreover, it has not attempted to show—and presumably could not show—that it was incapable of properly disclosing Dr. Almeroth's opinions in the exercise of ordinary diligence, and its delay has prejudiced Arista.

Moreover, while Cisco improperly failed to disclose any of Dr. Almeroth's opinions, it has absolutely no justification for submitting with Dr. Almeroth's declaration:  (1) opinions that

go beyond the scope of Cisco's September 18 disclosure (Almeroth Decl., ¶¶ 59-62 & 71-80); or (2) previously undisclosed extrinsic evidence (*id.*, ¶¶ 41-43 & 80). Accordingly, in all events, the Court should strike at least these portions of Dr. Almeroth's opinions.

## IV. CONCLUSION

For the foregoing reasons, the Court should strike the Almeroth Declaration in its entirety, or, barring that, at least as to ¶¶ 41-43, 59-62, and 71-80.

Dated:  December 7, 2015                                    KEKER & VAN NEST LLP

                                        By:   */s/ Robert A. Van Nest*
                                              ROBERT A. VAN NEST

                                              Attorneys for Defendant ARISTA
                                              NETWORKS, INC.