Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Mark Tung (SBN 245782)
marktung@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven Cherny *(admitted pro hac vice)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ARISTA NETWORKS, INC., <br><br> Defendant. | CASE NO. 5:14-cv-5344-BLF <br><br> **DECLARATION OF KENNETH K. SUH IN SUPPORT OF ARISTA NETWORKS, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL (DKT.141)** <br><br> **DEMAND FOR JURY TRIAL** |

**DECLARATION OF KENNETH K. SUH**

I, Kenneth K. Suh, declare as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate with the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Plaintiff Cisco Systems, Inc. ("Cisco"). I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Arista Networks, Inc.'s ("Arista's") Administrative Motion to File Documents Under Seal, Dkt. 141 ("Sealing Motion") in connection with Arista's Responsive Claim Construction Brief, Dkt. 142 ("Arista's Brief"). I make this declaration in accordance with Civil Local Rule 79-5(e) on behalf of Cisco to confirm that certain information contained in the documents referenced in the Sealing Motion should be sealed.

3. Arista's Brief is non-dispositive. In this context, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamkana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003)). In addition, Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id*.

4. Arista seeks to seal portions of Arista's Brief that quote Exhibit 1 to the Declaration of David J. Rosen in support of Arista Networks, Inc.'s Responsive Claim Construction Brief. Exhibit 1 comprises of excerpts of the deposition transcript of Jeffrey Wheeler taken on November 12, 2015, in this matter. The deposition transcript has been designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

5. Certain portions of Arista's Brief that quote Exhibit 1, listed below, contain Cisco confidential information. Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may engage in competition less

1  optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this information to
2  Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitor's to
3  learn Cisco's competition strategies, and in turn adopt and/or counteract those strategies.  This
4  would "harm [Cisco's] competitive standing."  *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589,
5  598 (1978).

6      6. Pursuant to Civil L.R. 79-5(e), good cause exists to seal documents identified in the
7  Sealing Motion that are set forth below because the information sought to be sealed reflects
8  confidential information that "give[s] [Cisco] an opportunity to obtain an advantage over
9  competitors who do not know or use it."  *In re Elec. Arts, Inc*., 298 F. App'x 568, 569 (9th Cir.
10  2008) (quoting *Restatement of Torts* § 757, cmt b).  The information relates to Cisco proprietary
11  documents or processes:

| Document | Portions to Be Filed Under Seal |
|---|---|
| Arista's Responsive Claim Construction Brief | Page 6, lines 25-27.<br>Page 12, lines 4-7 and 7-12. |
| Exhibit 1 | Page 126, line 1-127:14.[1]<br>Page 127, lines 15-25.<br>Page 144, lines 1-12.<br>Page. 145, lines 12-25.<br>Page 231, line 12-page 234, line 9.<br>Page 235, line 15-page 236, line 1.<br>Page 237, line 1-page 241, line 16.[2]<br>Page 233, lines 1-13. |

---

[1] Not cited to in Arista's Brief, but marked as redacted in Ex. 1.

[2] Arista's Brief cites to Ex. 1 at 238:1-241:16, but Ex. 1 further marked as redacted 237:1-25.

7. Although not cited by Arista's Brief, a portion of Exhibit 1 contains personal information regarding a third-party witness. The information is confidential and thus, good cause exists to seal this information. For the sake of clarity, Cisco's position with respect to Arista's Sealing Motion as to this portion of Exhibit 1 is set forth below:

| Document | Portions To Be Filed Under Seal |
|---|---|
| Exhibit 1 | Page 7, lines 24-25. |

8. Arista also seeks to seal three other excerpts of Exhibit 1, page 86, lines 14-18; page 88, line 22-page 89, line 11; and page 144, line 24-page 145, line 11, as well as portions of Arista's Brief citing to these specific excerpts. Although the deposition transcript has been designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," and Cisco maintains this designation for the remainder of the deposition transcript, Cisco does not contend these specific excerpts of Exhibit 1 contain confidential information. As a result, Cisco does not believe that the portions of Arista's Brief at page 6, lines 2-15 and page 20, lines 26-28, or the excerpts of Exhibit 1 cited therein should be filed under seal. For the sake of clarity, Cisco's position with respect to Arista's Sealing Motion as to Exhibit 1 is set forth below:

| Document | Portions That Should Not Be Sealed |
|---|---|
| Arista's Responsive Claim Construction Brief | Page 6, lines 1-15. Page 20, lines 26-28. |
| Exhibit 1 | Page 86, lines 14-18. Page 88, line 22-page 89, line 11. Page 144, line 24-line 145, line 11. |

1     9. Arista also seeks to seal Exhibit 2 to the Declaration of David J. Rosen in support of Arista Networks, Inc.'s Responsive Claim Construction Brief ("Exhibit 2"), as well as portions of Arista's Brief citing Exhibit 2. Exhibit 2 comprises excerpts from the transcript of the deposition of Kevin C. Almeroth taken on November 23, 2015 in this matter. Arista's only basis for moving to seal Exhibit 2 and portions of Arista's Brief citing Exhibit 2 is that "Cisco designated the Almeroth deposition as 'Highly Confidential – Attorneys' Eyes Only.'" (Dkt. 141). However, neither Cisco nor Arista designated the transcript of the deposition of Kevin C. Almeroth as Highly Confidential – Attorneys' Eyes Only. The designation appearing on the transcript appears to be an error by the court reporter. As a result, Cisco does not believe that Exhibit 2 or the portions of Arista's Brief at Page 6, lines 18-23 should be filed under seal. For the sake of clarity, Cisco's position with respect to Arista's Sealing Motion as to Exhibit 2 is set forth below:

| Document | Portions That Should Not Be Sealed |
|---|---|
| Arista's Responsive Claim Construction Brief | Page 6, lines 18-23 |
| Exhibit 2 | Entire exhibit. |

10. Arista also seeks to seal Exhibit 9 to the Declaration of David J. Rosen in support of Arista Networks, Inc.'s Responsive Claim Construction Brief ("Exhibit 9"), as well as portions of Arista's Brief citing Exhibit 9. Exhibit 9 comprises excerpts from the transcript of the deposition of Jung Tjong taken on November 11, 2015, in this matter. The deposition transcript has been designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." Although not cited by Arista's Brief, portions of Exhibit 9 contains personal information regarding a third-party witness. The information is confidential and thus, good cause exists to seal this information. For the sake of clarity, Cisco's position with respect to Arista's Sealing Motion as to this portion of Exhibit 9 is set forth below:

| Document | Portions to be Filed Under Seal |
|---|---|
| Exhibit 9 | Page 8, lines 19-21. |

11. Moreover, while Cisco maintains this designation for the remainder of the deposition transcript, Cisco does not contend the specific excerpts of Exhibit 9 that are cited in Arista's Brief contain confidential information. As a result, Cisco does not believe that the portions of Arista's Brief at page 20, lines 26-28 or the excerpts of Exhibit 9 cited therein (Exhibit 9, page 21, lines 9-11) should be filed under seal. For the sake of clarity, Cisco's position with respect to Arista's Sealing Motion as to Exhibit 9 is set forth below:

| Document | Portions That Should Not Be Sealed |
|---|---|
| Arista's Responsive Claim Construction Brief | Page 20, lines 26-28. |
| Exhibit 9 | Page 21, lines 9-11. |

12. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed in Chicago, Illinois on December 11, 2015.

                                      */s/ Kenneth K. Suh*
                                      Kenneth K. Suh (Bar No. 283591)