UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS INC,<br><br>    Plaintiff,<br><br>    v.<br><br>ARISTA NETWORKS, INC.,<br><br>    Defendant. | Case No.  14-cv-05344-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO FILE DOCUMENTS UNDER SEAL** |

Defendant moves to file under seal Exhibits 1, 2, and 9 to the declaration of David J. Rosen in support of Defendant's Responsive Claim Construction Brief and portions of the Responsive Claim Construction Brief that quotes these documents. ECF 141. Exhibit 1 is excerpts from the deposition transcript of Jeffrey Wheeler, Exhibit 2 is excerpts from the deposition transcript of Kevin C. Almeroth, and Exhibit 9 is excerpts from the deposition transcript of Jung Tjong. *Id*. Defendant indicates that it moves to file these documents under seal because the information contained in these exhibits was designated "Highly Confidential – Attorneys' Eyes Only" by Plaintiff. *Id*.

"Unless a particular court record is one 'traditionally kept secret,'" a "strong presumption in favor of access" to judicial records "is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal a judicial record bears the burden of overcoming this presumption by articulating "compelling reasons" for sealing. *Id.* The Ninth Circuit has carved out an exception for materials attached to non-dispositive motions, applying the lower "good cause" standard for sealing such documents. *Id.* at 1179-80. Good cause may exist to seal documents that are "privileged, contain trade secrets, contain confidential research, development or commercial information, or if disclosure of the information might harm a

litigant's competitive standing." *Dugan v. Lloyds TSB Bank, PLC*, 2013 WL 1435223, at *2 (N.D. Cal. Apr. 9, 2013). A party must make a "particularized showing" [of good cause] for each individual document it seeks to seal. *See Kamakana*, 447 F.3d 1172, 1180. "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning," are insufficient. *In re High-Tech Employee Antitrust Litig.*, 2013 WL 163779, at *2 (N.D. Cal. Jan. 15, 2013) (*citing Beckman Indus. Inc. v. Int'l Ins. Co.*, 996 F.2d 470, 476 (9th Cir. 1992)).

In this District, parties seeking to seal judicial records must furthermore follow Civil L.R. 79-5, which requires, *inter alia*, that a sealing request be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b) . Where the submitting party seeks to file under seal a document designated confidential by another party, the burden of articulating compelling reasons for sealing is placed on the designating party. *Id.* at 79-5(e).

Pursuant to Civil Local Rule 79-5(e), Plaintiff submitted the declaration of Kenneth K. Suh. ECF 148. According to Plaintiff, a portion of Exhibit 1 contains confidential information about its competition strategies or personal information about a third-party witness. *Id*. at ¶¶ 5, 7. Plaintiff argues that the disclosure of this information has the significant to cause it competitive harm. Id. at ¶ 5. Plaintiff notes that Exhibit 2 does not contain confidential information and appears to have been inadvertently marked "Highly Confidential." *Id*. at ¶ 9. Finally, Plaintiff indicates that a portion of Exhibit 9 contains confidential personal information about a third-party witness. *Id*. at ¶ 10. The Court has reviewed Plaintiff's proposed redactions and finds them to be narrowly tailored, consistent with the requirements of Civil Local Rule 79-5(d)(1)(C). As such, Defendant's motion to seal is GRANTED IN PART AND DENIED IN PART as indicated in the following table:

| Document | Ruling |
|---|---|
| Defendant's Responsive Claim Construction Brief | GRANTED as to Page 6, lines 25-27 and Page 12, lines 4-7 and 7-12.<br><br>DENIED as to Page 6, lines 1-15; Page 6, lines 18-23; and Page 20, lines 26-28. |
| Exhibit 1 | GRANTED as to Page 7, lines 24-25; Page 126, line 1-127:14; Page 127, lines 15-25; Page 144, lines 1-12; Page 145, lines 12-25; Page 231, line 12-page 234, line 9; Page 235, line 15-page 236, line 1; Page |

| | 237, line 1-page 241, line 16; and Page 233, lines 1-13.<br><br>DENIED as to Page 86, lines 14-18; Page 88, line 22-page 89, line 11; and Page 144, line 24-line 145, line 11. |
|---|---|
| Exhibit 2 | DENIED |
| Exhibit 9 | GRANTED as to Page 8, lines 19-21.<br><br>DENIED as to Page 21, lines 9-11. |

Under Civil Local Rule 79-5(f)(3), the materials in question will not be considered by the Court unless Defendant files revised redacted versions of the documents within seven days after the filing of this order.

**IT IS SO ORDERED.**

Dated: December 14, 2015

_____
BETH LABSON FREEMAN
United States District Judge