# EXHIBIT 2

```
 1              UNITED STATES DISTRICT COURT

 2            NORTHERN DISTRICT OF CALIFORNIA

 3                 SAN JOSE DIVISION

 4

 5   CISCO SYSTEMS, INC.,       )

 6              Plaintiff,   )

 7         vs.              ) Case No.

 8    ARISTA NETWORKS, INC.,   ) 5:14-cv-05344-BLF (PSG)

 9              Defendant.   )

10   _____)

11

12     HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

13

14     VIDEOTAPED DEPOSITION OF KEVIN C. ALMEROTH

15              San Francisco, California

16              Monday, November 23, 2015

17                    Volume I

18

19

20   Reported by:

21   CARLA SOARES

22   CSR No. 5908

23   Job No. 2189099

24

25   Pages 1 - 145
```

Page 1

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1              UNITED STATES DISTRICT COURT

2              NORTHERN DISTRICT OF CALIFORNIA

3                  SAN JOSE DIVISION

4

5    CISCO SYSTEMS, INC.,        )

6              Plaintiff,   )

7         vs.                )  Case No.

8     ARISTA NETWORKS, INC.,    )  5:14-cv-05344-BLF (PSG)

9              Defendant.    )

10   _____)

11

12

13

14         VIDEOTAPED DEPOSITION OF KEVIN

15   C. ALMEROTH, Volume I, taken on behalf of Defendant,

16   at 633 Battery Street, San Francisco, California,

17   beginning at 9:23 a.m., and ending at 1:41 p.m., on

18   Monday, November 23, 2015, before CARLA SOARES,

19   Certified Shorthand Reporter No. 5908.

20

21

22

23

24

25

                                        Page 2

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1    APPEARANCES:

2

3    For the Plaintiff and the Witness:

4        QUINN EMANUEL URQUHART & SULLIVAN, LLP

5        BY:  MARK TUNG, Ph.D., Attorney at Law

6        555 Twin Dolphin Drive, 5th Floor

7        Redwood Shores, California 94065

8        650.801.5016

9        marktung@quinnemanuel.com

10

11

12   For the Defendant:

13        KEKER & VAN NEST LLP

14        BY:  DAVID J. SILBERT, Attorney at Law

15        BY:  DAVID J. ROSEN, Attorney at Law

16        633 Battery Street

17        San Francisco, California 94111

18        415.391.5400

19        bferrall@kvn.com

20        drosen@kvn.com

21

22   ALSO PRESENT:

23        Sean Grant, Video Operator

24

25

                                        Page 3

```
1                        INDEX

2    WITNESS

3    KEVIN C. ALMEROTH                         EXAMINATION

4    Volume I

5        BY MR. SILBERT                                  7

6

7                       EXHIBITS

8    NUMBER               DESCRIPTION              PAGE

9    Exhibit 44  Plaintiff Cisco Systems, Inc.'s     13

10               Preliminary Claim Constructions

11               And Extrinsic Evidence

12

13   Exhibit 45  Document labeled "Exhibit A"        17

14

15   Exhibit 46  Declaration of Kevin C. Almeroth    21

16               Submitted in Support of Plaintiff

17               Cisco Systems, Inc's Opening Claim

18               Construction Brief

19

20   Exhibit 47  Document entitled "Microsoft        38

21               Computer Dictionary, Fifth Edition"

22

23   Exhibit 48  Plaintiff Cisco Systems, Inc.'s     90

24               Opening Claim Construction Brief

25
```

Page 4

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1                          EXHIBITS

2    NUMBER                 DESCRIPTION                    PAGE

3

4    Exhibit 49   Document labeled "Exhibit 7"              91

5

6    Exhibit 50   Document entitled "Microsoft             142

7                 Computer Dictionary, Fifth Edition"

8

9

10

11                   REFERENCED EXHIBITS

12                     (Not attached)

13              Exhibit          Page

14                 1              40

15                26             107

16

17

18

19

20

21

22

23

24

25

Veritext Legal Solutions
866 299-5127

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1           San Francisco, California

2           Monday, November 23, 2015

3                9:23 a.m.

4

5           P R O C E E D I N G S                    08:28:35

6           THE VIDEO OPERATOR:  Good morning.  We're

7     on the record.  The time is 9:23 a.m., and the date

8     is November 23rd, 2015.  This begins the videotaped

9     deposition of Kevin C. Almeroth.

10          My name is Sean Grant, here with our court    09:23:36

11    reporter, Carla Soares.  We're here from Veritext

12    Legal Solutions at the request of counsel for

13    defendant.

14          This deposition is being held at Keker

15    & Van Nest LLP in San Francisco, California.  The    09:23:46

16    caption of this case is Cisco Systems, Inc., versus

17    Arista Networks, Inc., Case No. 5:14-cv-05344-BLF.

18          Please note that audio- and

19    video-recording will take place unless all parties

20    have agreed to go off the record.  Microphones are    09:24:06

21    sensitive and may pick up whispers, private

22    conversations, or cellular interference.

23          At this time, will counsel please identify

24    themselves and state whom they represent.

25          MR. SILBERT:  David Silbert from Keker    09:24:17

Page 6

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1    input and output of the black box," correct?         13:07:54

 2         A   Yes.

 3         Q   So for a command to be an abstraction of a

 4    tool's specific command, does it need to suppress

 5    specific details about how the tool's specific        13:08:05

 6    command is implemented?

 7         A   That would be one example of how you can

 8    provide an abstraction.

 9         Q   What are other ways that you could provide

10    an abstraction?                                       13:08:14

11         A   You can provide an abstraction that makes

12    a command more understandable and is more

13    understandable as compared to the commands that are

14    used with a specific management program.

15            So part of the motivation that's described    13:08:36

16    in the background of the '526 is the idea that in

17    some instances, the user interface is terse or not

18    particularly user friendly, and so you can provide

19    an abstraction over those commands by providing

20    commands that are more consistent or user friendly,   13:08:53

21    especially if they are something that can be used

22    across one or more management programs.

23         Q   Do you have the '526 patent in front of

24    you, Exhibit 26?

25         A   Yes.                                          13:09:14
```

Page 125

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1       Q    Would you look, please, at columns 5 and          13:09:21

2    6?   This is appendix part A of the patent.

3       A    Yes.

4       Q    Do you see this table that has the column

5    "Functional Item" on the left, and then "New Syntax"      13:09:31

6    in the middle, and "Old Command Line/Syntax" on the

7    right?

8       A    Yes.

9       Q    Do you understand that the "New Syntax"

10    column in this table is supposed to represent            13:09:42

11    generic commands?

12       A    I'm trying to see where it talks about

13    Appendix A.

14          The short answer is I don't recall

15    specifically what it says about the appendix so I        13:10:25

16    need to double-check.  If there's some place you

17    want to point me to, I can look at that.

18       Q    Okay.  Well, that's okay.  If you can look

19    at the appendix, take -- for example, about a

20    quarter of the way down in the middle column under       13:10:51

21    "New Syntax," it says, "Watch H323 entries."

22          Do you see that?

23       A    Yes.

24       Q    And then to the right of that under the

25    "Old Command Line/Syntax," it says, "H323 view."        13:11:04

Page 126

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1              Do you see that?                        13:11:12

 2        A    I do.

 3        Q    Which one of those in your mind is a

 4   generic command?

 5        A    I have to see what the specification is   13:11:19

 6   describing as to what the table is.

 7        Q    Can you tell the answer without reading

 8   the specification?

 9              I mean, if you just look at those two

10   commands, are you able to tell which one is a        13:11:32

11   generic command?

12        A    Without context, just looking at the

13   commands by themselves doesn't necessarily tell you

14   what's generic versus not.

15              The idea that you have new syntax versus   13:11:52

16   old command line/syntax would suggest that the new

17   syntax is potentially more of a generic command.

18              But again, in some instances, it's helpful

19   to look at the basis for where the new syntax came

20   from.  Maybe, maybe not.  But that's --              13:12:13

21   understanding the context is potentially

22   informative, which is why I was looking for that in

23   the specification.

24        Q    Okay.  But is it possible that both of

25   those commands that I pointed to, "Watch H323        13:12:30
```

Page 127

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1          Do you see that?                              13:35:16

2      A    I do.

3      Q    And so your testimony is, in the case of

4    traversing a tree, at least, the definition here is

5    one way to implement recursion but not the only way    13:35:28

6    to implement recursion?

7      A    That's correct.

8          MR. SILBERT:  Okay.  Let's take a short

9    break.  I think maybe we're finished.

10          THE VIDEO OPERATOR:  Going off the record,    13:35:50

11    the time is 1:36 p.m.

12          (Recess 1:36 p.m. - 1:40 p.m.)

13          THE VIDEO OPERATOR:  Back on the record.

14    The time is 1:40 p.m.

15          MR. SILBERT:  Dr. Almeroth, thank you very    13:40:40

16    much for your time.  Pending any redirect by your

17    counsel, I have no further questions at this time.

18          MR. TUNG:  I just want to reserve the

19    right under the Federal Rules to submit errata.

20          I have no questions.                          13:40:52

21          THE VIDEO OPERATOR:  This concludes the

22    videotaped deposition of Dr. Kevin Almeroth.  We're

23    off the record at 1:41 p.m.  Thank you.

24          (TIME NOTED:  1:41 p.m.)

25          --o0o--                                        13:40:59

Page 143

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1          I, KEVIN C. ALMEROTH, do hereby declare

2    under penalty of perjury that I have read the

3    foregoing transcript; that I have made any

4    corrections as appear noted, in ink, initialed by

5    me, or attached hereto; that my testimony as

6    contained herein, as corrected, is true and correct.

7          EXECUTED this _____ day of _____,

8    2015, at _____, _____.

9                (City)                (State)

10

11

12

13          _____

14               KEVIN C. ALMEROTH

15

16

17

18

19

20

21

22

23

24

25

Veritext Legal Solutions
866 299-5127

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1    I, the undersigned, a Certified Shorthand

2    Reporter of the State of California, do hereby

3    certify:

4    That the foregoing proceedings were taken

5    before me at the time and place herein set forth;

6    that any witnesses in the foregoing proceedings,

7    prior to testifying, were administered an oath; that

8    a record of the proceedings was made by me using

9    machine shorthand which was thereafter transcribed

10   under my direction; that the foregoing transcript is

11   a true record of the testimony given.

12   Further, that if the foregoing pertains to

13   the original transcript of a deposition in a Federal

14   Case, before completion of the proceedings, review

15   of the transcript [x] was [ ] was not requested.

16   I further certify I am neither financially

17   interested in the action nor a relative or employee

18   of any attorney or any party to this action.

19   IN WITNESS WHEREOF, I have this date

20   subscribed my name.

21

22   Dated: 12/3/2015

23

24   CARLA SOARES

25   CSR No. 5908

Page 145