| | |
|---|---|
| Kathleen Sullivan (SBN 242261)<br>kathleensullivan@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100<br><br>Sean S. Pak (SBN 219032)<br>seanpak@quinnemanuel.com<br>John M. Neukom (SBN 275887)<br>johnneukom@quinnemanuel.com.<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>Mark Tung (SBN 245782)<br>marktung@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100 | Steven Cherny *(admitted pro hac vice)*<br>steven.cherny@kirkland.com<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br><br>Adam R. Alper (SBN 196834)<br>adam.alper@kirkland.com<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, California 94104<br>Telephone: (415) 439-1400<br>Facsimile: (415) 439-1500<br><br>Michael W. De Vries (SBN 211001)<br>michael.devries@kirkland.com<br>KIRKLAND & ELLIS LLP<br>333 South Hope Street<br>Los Angeles, California 90071<br>Telephone: (213) 680-8400<br>Facsimile: (213) 680-8500 |

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>            Plaintiff,<br><br>      vs.<br><br>ARISTA NETWORKS, INC.,<br><br>            Defendant. | CASE NO. 5:14-cv-5344-BLF<br><br>**CISCO'S OPPOSITION TO ARISTA NETWORK INC.'S MOTION TO STRIKE [THE] DECLARATION OF KEVIN ALMEROTH (DKT. NO. 91-1) SUBMITTED IN SUPPORT OF PLAINTIFF CISCO SYSTEMS, INC.'S OPENING CLAIM CONSTRUCTION BRIEF**<br><br>Date:     March 18, 2015<br>Dept.:    Courtroom 5<br><br>**DEMAND FOR JURY TRIAL** |

02099-00004/7503147.7

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff Cisco Systems, Inc. ("Cisco") opposes Arista Network, Inc.'s ("Arista") Motion to Strike the Declaration of Kevin Almeroth ("Motion") (Dkt.144). Arista seeks an order striking Professor Almeroth's Declaration and three publicly available documents he cites in his declaration because it contends that Cisco failed to disclose the substance of Professor Almeroth's testimony. Arista's Motion is without merit and should be denied.

Cisco properly disclosed its intent to rely on Professor Almeroth's testimony for its claim construction positions. Indeed, Arista admits that it was aware of Cisco's intent to rely on Almeroth's testimony for every disputed claim term no later than August 24, 2015. Moreover, Arista's Motion fails to articulate any way in which it was prejudiced by Cisco's alleged insufficient disclosure. Given Cisco's timely disclosure of its intent to rely on Professor Almeroth, the real question raised by Arista's Motion is why it has never proposed a practical solution, such as a rebuttal expert or changes to its claim construction positions. Had Arista done so, the parties could have met and conferred in good faith or sought the Court's guidance months ago, instead Arista did nothing more than state that it reserved its right to later object. This Motion is more about tactics than addressing any alleged violation of the rules or prejudice to Arista. Accordingly, Arista's Motion should be denied.

## II. ARGUMENTS

Motions to strike generally are disfavored and "should be denied unless the matter has no logical connection to the controversy at issue and may prejudice one or more of the parties to the suit." *Reflex Packaging, Inc. v. Lenovo (U.S.), Inc.,* No. C 10-01002 JW, 2011 WL 7295479, at *2 (N.D. Cal. Apr. 7, 2011) (denying motion to strike expert declaration in support of claim constriction positions) (internal citations omitted).

### A. Cisco Properly Disclosed Its Intent to Rely on Professor Almeroth's Testimony

Cisco properly and sufficiently disclosed Professor Almeroth's testimony. *See, e.g., Reflex Packaging,* 2011 WL 7295479, at *2. The crux of Arista's argument is that Cisco's disclosures failed to provide a description of the substance or summarize the content of Professor Almeroth's testimony. (Motion at 2.)

Arista is wrong.  The *Reflex Packaging* court expressly rejected the same argument, holding that a plaintiff's disclosure that it intended to use the opinion of its expert that, to one of ordinary skill in the art in the field of the asserted patent, the terms at issue would have the meaning attributed to it by the Plaintiff, "support[s] a finding that Plaintiff adequately disclosed the expert testimony it intended to use." *Reflex Packaging,* 2011 WL 7295479, at *2.  Further, the plaintiff in *Reflex Packaging* disclosed its intent to rely on expert testimony *after* its Patent Local Rule 4-2(b) statement.  In contrast, Arista admits that Cisco timely disclosed, on August 24, 2015, that it may rely on Almeroth's testimony for "<u>each [disputed] term</u>…and to address the <u>meaning</u> and subject matter of the asserted patent claims as they would be understood by those of ordinary skill in the art at the time any patents were filed, to address the proper construction of various claim terms in light of the intrinsic and extrinsic evidence and/or the meaning of the term to one of ordinary skill in the art, to rebut claim construction positions taken by Arista and/or any of its experts, and to otherwise assist the Court in construing the asserted patents."  (Dkt. No. 95-1 (Cisco's P.L.R. 4-2 Disclosure) at 1-2) (emphasis added).  Thus, Cisco properly disclosed its intent to rely on Professor Almeroth' s testimony ***more than three months prior*** to the deadline for Arista's responsive claim construction brief.

Likewise, the parties' P. L.R. 4-3 Statement, filed on September 18, 2015, disclosed that "Cisco may provide testimony from the disclosed expert …to address the meaning and subject matter of the asserted patent claims as they would be understood by those of ordinary skill in the art at the time any patents were filed, to address the proper construction of various claim terms in light of the intrinsic and extrinsic evidence and/or the meaning of the term to one of ordinary skill in the art, to rebut claim construction positions taken by Arista and/or any of its experts, and to otherwise assist the Court."  (Dkt. No. 70 at 3.)  Although not required, Cisco further disclosed that, as to the '886 patent, it may rely on Professor Almeroth's testimony for: the level of ordinary skill in the art and the terms "extensible markup language (XML)" and "one CLI token."  (*Id.*)  As to the '526 patent, Cisco further disclosed that it may rely on Professor Almeroth's testimony to rebut Arista's arguments as that the "generic command" and "the validating step including identifying one of the elements as a best match relative to the generic command" are indefinite to one of ordinary skill in the art.  (*Id.*)

Therefore, Cisco disclosed *even more detail* about Professor Almeroth's forthcoming testimony than required by the Patent Local Rules.

Arista's attempt to distinguish *Reflex Packaging* is unpersuasive. Although that court noted that the moving party's own disclosures had a similar level of detail as the non-moving party's, the court's decision undertook an historical analysis of the Patent Local Rules and found they now require "a less detailed description" to reserve the right to use expert testimony in connection with claim construction. *Reflex Packaging,* 2011 WL 7295479, at *2. And as noted above, Cisco provided Arista far more and far earlier disclosure than the plaintiff in *Reflex Packaging*.

### B. Arista Did Not Suffer Any Prejudice

Arista's Motion also should be denied because Arista was not prejudiced. Indeed, Arista's Motion fails to identify any prejudice it allegedly suffered as a result of Cisco's reliance on Professor Almeroth's testimony or the three pieces of publicly available documents about which Arista now complains. At most, Arista's Motion vaguely suggests that it may have changed its own claim construction positions, but Arista does not suggest what those different positions may be. (Motion at 3 ("Cisco's September 18, 2015 disclosure came on the same day that Arista was expected to commit to binding claim construction positions.").) And if Arista truly believed the disclosure was insufficient or needed more specificity to frame its own constructions (although one assumes Arista had already done so when it pled that the claims are neither infringed nor valid), Arista should have proposed practical solutions, such as using a rebuttal expert or altering their own constructions, instead of merely using boilerplate language to reserve their right to later object.

Arista cannot credibly contend it was prejudiced by Cisco's reliance on Professor Almeroth's testimony, or Professor Almeroth's citation to three publicly available documents. The Court allowed the parties to set their own claim construction discovery and briefing schedule. (Dkt. 106 at 23:18-24.) Accordingly, Arista had ample time to address and test the substance of Professor Almeroth's declaration and the three publicly available documents cited by Professor Almeroth. *See, e.g., Aylus Networks, Inc. v. Apple, Inc.,* No. 3:13-cv-04700-EMC, Dkt. 82, Civil

Minutes (Oct. 20, 2014) (denying motion to strike expert declaration and documents cited by the expert declaration but not previously disclosed, as described by Dkts. 69, 77, and 79).

Arista had five weeks after Cisco filed its opening claim construction brief to prepare its responsive brief; three weeks after receiving Professor Almeroth's declaration and supporting exhibits to conduct expert discovery, including a deposition; and two weeks after deposing Professor Almeroth to file its responsive claim construction brief.

Arista had ample opportunity to prepare for and depose Professor Almeroth, and rebut his testimony. Arista could have, and did, question Professor Almeroth about every disputed claim term in his declaration. Arista's responsive claim construction brief cites to Professor Almeroth's declaration and deposition testimony in multiple places. (Dkt. 142 at 6, 8, and 11). Moreover, Arista voluntarily ended its examination of Professor Almeroth after only half a day on the record, not taking the entire time offered by Cisco, and notably covered none of the three documents that Arista now seeks to exclude. Arista had ample time to question Professor Almeroth about his declaration and cited exhibits, and voluntarily chose not to ask about documents it now seeks to exclude. Likewise, Arista could have but chose not to address any of these documents in its responsive claim construction brief. Arista's litigation conduct belies its contention that it was prejudiced by Professor Almeroth's testimony or those three documents.

## II.   **CONCLUSION**

Cisco properly disclosed Professor Almeroth's testimony and, separately, Arista cannot specify any prejudice it suffered because Arista had sufficient time and opportunity to conduct expert discovery and depose Professor Almeroth.

Accordingly, Arista's Motion should be denied.

DATED:  December 21, 2015                      Respectfully submitted,

*/s/ Sean S. Pak*

Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP

51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
Matthew D. Cannon (SBN 252666)
matthewcannon@quinnemanuel.com
Jason Liu (SBN 301104)
jasonliu@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Mark Tung (SBN 245782)
marktung@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Kenneth K. Suh (SBN 283591, TX Bar No. 24070701, IL Bar No. 6319520)
kennethsuh@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
500 W Madison Street #2450
Chicago, IL 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

Steven Cherny *(admission pro hac vice pending)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

1  Michael W. De Vries (SBN 211001)
   michael.devries@kirkland.com
2  KIRKLAND & ELLIS LLP
   333 South Hope Street
3  Los Angeles, California 90071
   Telephone: (213) 680-8400
4  Facsimile: (213) 680-8500

5  *Attorneys for Plaintiff Cisco Systems, Inc.*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28