KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
BRIAN L. FERRALL - # 160847
bferrall@kvn.com
DAVID SILBERT - # 173128
dsilbert@kvn.com
AJAY S. KRISHNAN - # 222476
akrishnan@kvn.com
DAVID J. ROSEN - # 296139
drosen@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., | Case No. 5:14-cv-05344-BLF (PSG) |
| Plaintiff, | **DEFENDANT ARISTA NETWORKS, INC.'S REPLY IN SUPPORT OF MOTION TO STRIKE DECLARATION OF KEVIN ALMEROTH** |
| v. | |
| ARISTA NETWORKS, INC., | Claim Construction Hrg:  March 18, 2016 |
| Defendant. | |

Cisco's opposition distorts the Patent Local Rules, neglects important facts, and omits any explanation for why Cisco failed to timely disclose the opinions of Dr. Almeroth and the evidence on which he relied. Accordingly, the Court should strike the Almeroth Declaration.

Cisco contends that it satisfied the requirements of Patent Local Rule 4-2(b) on August 24, when Cisco disclosed that "it may rely on Almeroth's testimony for 'each disputed term . . . and to address the meaning and subject matter of the asserted patent claims as they would be understood by those of ordinary skill in the art at the time any patents were filed, to address the proper construction of various claim terms in light of the intrinsic and extrinsic evidence and/or the meaning of the term to one of ordinary skill in the art, to rebut claim construction positions taken by Arista and/or any of its experts, and to otherwise assist the Court in construing the asserted claims.'" (Dkt. No. 153, Opp. at 2). In other words, Cisco disclosed that Dr. Almeroth might testify about any issue relevant to the construction of any asserted claim term. Such a statement does not amount to "a description of *the substance* of [the] witness' proposed testimony," as the Patent Local Rules require. *See* P.L.R. 4-2 (emphasis added). Indeed, if such a meaningless disclosure satisfied the Patent Local Rule, the Rule would have no purpose or effect, and litigants in this District would stop making meaningful disclosures altogether.[1]

Cisco also notes that its disclosures in its P.L.R. 4-3 statement—filed nearly one month after its P.L.R. 4-2 statement—provided more detail because they identified claim terms about which Dr. Almeroth would opine. But even that belated disclosure failed to identify two claim terms that Dr. Almeroth ultimately discussed in his declaration, and failed to disclose three pieces of extrinsic evidence that Dr. Almeroth cited in his declaration. (*See* Dkt. No. 144 at 2). Cisco repeatedly stresses that the extrinsic evidence was "publicly available." (Opp. at 1, 3). But

---

[1] In support of its interpretation of Patent Local Rule 4-2, Cisco cites a single case: *Reflex Packaging, Inc. v. Lenovo (U.S.), Inc.*, No. C 10-01002 JW, 2011 WL 7295479 (N.D. Cal. Apr. 7, 2011). But in *Reflex Packaging*, the court read the local patent rules in light of the moving party's similarly sparse disclosure: "The Court finds that both the removal of the 'meaningful deposition' language from the Patent Local Rules, *as well as the similarity between Defendant's disclosure and the disclosure which Defendant contends was insufficient*, support a finding that Plaintiff adequately disclosed the expert testimony it intended to use in the Joint Claim Construction Statement." *Id.* at *2 (emphasis added). Here, by contrast, only Cisco failed to disclose the substance of a witness's proposed testimony.

1
DEFENDANT ARISTA NETWORKS, INC.'S REPLY IN SUPPORT OF MOTION
TO STRIKE DECLARATION OF KEVIN ALMEROTH
Case No. 5:14-cv-05344-BLF (PSG)

1015101.01

extrinsic evidence related to claim construction—which, according to P.L.R. 4-2, includes "dictionaries" and "treatises"—is usually available to the public. The Patent Local Rules do not excuse the withholding of extrinsic evidence just because it could be found among the mass of public information.

In the end, Cisco's argument appears to be that the Court should forgive Cisco's failure to comply with the Patent Local Rules because Arista must show that it was prejudiced by Cisco's conduct. Although Cisco's constructions are no more plausible after considering Dr. Almeroth's testimony, Arista plainly was prejudiced because Cisco developed and submitted new evidence after the parties committed to binding claim construction positions, whereas Arista was not free to do so. Moreover, Cisco's contention that "Arista should have proposed practical solutions" (Opp. at 3) to cure *Cisco's* rule violation is unreasonable on its face, and unsupported by any law. Cisco's suggested "practical solution" is for Arista to announce that its current claim construction positions are incorrect and to submit new constructions instead. Not only is that suggestion implausible, but it also demonstrates the prejudice that is created when one party adheres to the Court's deadlines and the other does not.

In any event, the Patent Local Rules do not impose a burden of showing prejudice to enforce their deadlines. On the contrary, the Rules establish a schedule for patent-related disclosures so that the parties do not have to constantly quibble about what constitutes a timely disclosure and what may or may not be prejudicial. If one party is adhering to the rules and the other is not, the party that follows the rules—the party that mutually exchanges extrinsic evidence on schedule instead of waiting to see what the other party discloses—is prejudiced. *See Largan Precision Co. v. Fujifilm Corp.*, No. C 10-01318 SBA, 2012 WL 4097719, at *4 (N.D. Cal. Sept. 17, 2012) (finding "inherent prejudice" to a defendant because the plaintiff failed to timely disclose the opinions of a claim-construction expert).

Instead, as the party that violated the Patent Local Rules, Cisco should bear the burden of showing that it had good cause for violating them—but Cisco has not even tried to do so. Accordingly, the Court should strike the Almeroth Declaration in its entirety or, in the alternative, at least as to ¶¶ 41-43, 59-62, and 71-80.

2
DEFENDANT ARISTA NETWORKS, INC.'S REPLY IN SUPPORT OF MOTION
TO STRIKE DECLARATION OF KEVIN ALMEROTH
Case No. 5:14-cv-05344-BLF (PSG)

1015101.01

Dated: December 28, 2015

KEKER & VAN NEST LLP

By: /s/ *Robert A. Van Nest*
ROBERT A. VAN NEST
BRIAN L. FERRALL
DAVID SILBERT
AJAY S. KRISHNAN
DAVID J. ROSEN

Attorneys for Defendant ARISTA NETWORKS, INC.