| | |
|---|---|
| KEKER & VAN NEST LLP<br>ROBERT A. VAN NEST - # 84065<br>BRIAN L. FERRALL - # 160847<br>DAVID SILBERT - # 173128<br>MICHAEL S. KWUN - #198945<br>ASHOK RAMANI - # 200020<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:   (415) 391-5400<br>Email:  rvannest@kvn.com;<br>bferrall@kvn.com; dsilbert@kvn.com;<br>mkwun@kvn.com, aramani@kvn.com | SUSAN CREIGHTON, SBN 135528<br>SCOTT A. SHER, SBN 190053<br>VICTORIA L. JEFFRIES, *PHV To Be Submitted*<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>1700 K Street NW, Fifth Floor<br>Washington, D.C., 20006-3817<br>Telephone:  (202) 973-8800<br>Email:  screighton@wsgr.com;<br>ssher@wsgr.com; vjeffries@wsgr.com |

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK, *PHV To Be Submitted*
DAVID H. REICHENBERG, *PHV To Be Submitted*
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>       Plaintiff,<br><br>    v.<br><br>ARISTA NETWORKS, INC.,<br><br>       Defendant. | Case No. 5:14-cv-05344-BLF (PSG)<br><br>**DEFENDANT ARISTA'S ADMINISTRATIVE MOTION TO FILE ALLEGEDLY PROTECTED MATERIAL UNDER SEAL PURSUANT TO LOCAL RULE 79.5(E)**<br><br>Judge:      Hon. Beth Labson Freeman<br><br>Date Filed: December 5, 2014<br><br>Trial Date: November 21, 2016 |

1   Pursuant to Civil Local Rules 7-11 and 79-5(d)—and in accordance with its obligations under the Stipulated Protective Order—Defendant Arista Networks, Inc. ("Arista") respectfully files this administrative motion to seal.

Arista files this motion not because it believes the redacted documents and excerpts are sealable under this Court's rules and precedent, but because Plaintiff Cisco Systems, Inc. ("Cisco") has designated them CONFIDENTIAL or HIGHLY CONFIDENTIAL under the Stipulated Protective Order.  (Indeed, as explained in more detail in the accompanying memorandum, Arista does *not* believe that these materials contain sensitive business information that would justify keeping them under seal.)  Specifically, that Order prevents Arista from filing the following portions of its motion and counterclaims in the public record until this Court has had a chance to assess whether they ought to be permanently sealed:

- In Arista's Motion for Leave to Amend Response to Add Counterclaims ("Motion for Leave"), the redacted portions at 1:10–11, 1:12–14, 2:11–12, 2:13–14 and 2:19–20 contain excerpts from documents that Cisco has designated CONFIDENTIAL or HIGHLY CONFIDENTIAL ("Cisco Designated Material");
- In Arista's Counterclaims, the redacted portions at ¶¶ 3, 19, 21, 24–25, 27, 31–33, 64, 66, 72, 74, 80–81, 83, 85, 90, 96, 110–11, 113, 120–21, 124, 128 and 130 either cite from or rely on information contained in Cisco Designated Material; and
- Exhibits A–H to Arista's Counterclaims, which are or contain Cisco Designated Material.

This administrative motion is based on the accompanying Memorandum of Points and Authorities and the Declaration of David Silbert filed concurrently herewith.

Redacted versions of Arista's Motion for Leave and its Counterclaims are attached hereto and filed publicly.  Unredacted versions of these documents will be conditionally filed under seal with the Court and served on counsel for Plaintiff.

1
DEFENDANT ARISTA'S ADMINISTRATIVE MOTION TO FILE ALLEGEDLY
PROTECTED MATERIAL UNDER SEAL PURSUANT TO LOCAL RULE 79.5(E)
Case No. 5:14-cv-05344-BLF (PSG)

1020466

**MEMORANDUM OF POINTS AND AUTHORITIES**

In support of the counterclaims that Arista seeks leave to file today, it quotes and attaches as exhibits a set of documents that bear witness to Cisco's monopolistic and anticompetitive behavior. Arista files this administrative motion to seal because the Stipulated Protective Order ("SPO") requires that it do so,[1] but—as both the SPO and this district's local rules make clear—the burden falls on Cisco to "*establish*[] that *all* of the designated material is sealable." Civil L.R. 79-5(e)(1) (emphases added); *see also* SPO, § 14.4 ("Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.").

That burden is steep, because courts in the Ninth Circuit have a *strong* preference that the public should have access to their dockets:

> Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." [. . .] This right is justified by the interest of citizens in "keep[ing] a watchful eye on the workings of public agencies." [. . .] Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point.

*Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citations omitted) (alterations in original).

Courts in this district weigh sealing requests according to two different measures: "good cause" (for non-dispositive motions) and a stricter "compelling reasons" standard (for dispositive motions). The documents at issue here—and, in particular, the excerpts highlighted in Arista's pleadings—support and form part of Arista's counterclaims. As a result, they should not be sealed unless there are "compelling reasons" to keep them from the public. *In re NVIDIA Corp. Derivative Litig.*, No. C 06-06110 SBA, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008) ("[W]hen a plaintiff invokes the Court's authority by filing a complaint, the public has a right to know who is invoking it, and towards what purpose, and in what manner. Thus, the Court concludes a request to seal all or part of a complaint must meet the 'compelling reasons' standard

---

[1] *See* Dkt. 53 (SPO), § 14.4 ("[A] party may not file in the public record in this action any Protected Material. A party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.").

2
DEFENDANT ARISTA'S ADMINISTRATIVE MOTION TO FILE ALLEGEDLY
PROTECTED MATERIAL UNDER SEAL PURSUANT TO LOCAL RULE 79.5(E)
Case No. 5:14-cv-05344-BLF (PSG)

1020466

1  and not the 'good cause' standard."); *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK,
2  2013 WL 5366963, at *2 (N.D. Cal. Sept. 25, 2013) ("The Ninth Circuit has not explicitly stated
3  the standard—good cause or compelling reasons—that applies to the sealing of a complaint, but
4  this Court and other courts have held that the compelling reasons standard applies because a
5  complaint is the foundation of a lawsuit.") (citations omitted).

6  Under even the most liberal tests, these quotations and documents should not be sealed
7  unless they are "privileged, protectable as a trade secret or otherwise entitled to protection under
8  the law"—and even then, "[t]he request must be narrowly tailored to seek sealing *only* of sealable
9  material." Civil L.R. 79-5(b) (emphasis added).[2] The "***good cause***" standard requires a
10 "particularized showing" that "specific prejudice or harm will result" if the information is
11 disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th
12 Cir. 2002) (internal quotation marks and citation omitted); *see also Beckman Indus., Inc. v. Int'l
13 Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) ("Broad allegations of harm, unsubstantiated by
14 specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."). And to
15 demonstrate "'***compelling reasons***' sufficient to outweigh the public's interest in disclosure,"
16 Cisco would need to show that:

17 . . . "court files might have become a vehicle for improper
    purposes" such as the use of records to gratify private spite,
18 promote public scandal, circulate libelous statements, or release
    trade secrets. [. . .] The mere fact that production of records may
19 lead to a litigant's embarrassment, incrimination, or exposure to
    further litigation will not, without more, compel the court to seal
20 its records.

21 *Kamakana*, 447 F.3d at 1179 (internal citations omitted).

22 It is difficult to see how the Cisco Designated Material quoted in and attached to Arista's

23 ---

24 [2] When the parties negotiated the stipulated protective order, they agreed that a CONFIDENTIAL
    designation was only appropriate for documents that "contain trade secrets, proprietary research,
25 development, and/or technical information that is not publicly available; sensitive financial,
    business, or commercial information that is not publicly available; and other information required
26 by law or agreement to be kept confidential." SPO, § 2.2. The standard for "HIGHLY
    CONFIDENTIAL – ATTORNEYS' EYES ONLY" material is stricter: "extremely sensitive
27 'Confidential Information or Items' that [are] highly proprietary or highly sensitive such that
    disclosure could harm the competitive interests of the Producing Party or a Non-Party that
28 provided the information to the Producing Party on a confidential basis." *Id.* at § 2.7.

3
DEFENDANT ARISTA'S ADMINISTRATIVE MOTION TO FILE ALLEGEDLY
PROTECTED MATERIAL UNDER SEAL PURSUANT TO LOCAL RULE 79.5(E)
Case No. 5:14-cv-05344-BLF (PSG)

1020466

counterclaims could meet any of these standards.  Cisco presumably will argue that the documents contain business strategy.  But the redacted excerpts (all of which Cisco has designated CONFIDENTIAL or HIGHLY CONFIDENTIAL) are more accurately described as generalized observations of the effect of competing with Arista on Cisco's business, not particularized strategy or tactics; and they certainly do not contain any technical or product trade secrets.[3]  *See, e.g.*, Countercls., ¶¶ 3, 21, 31–33, 66, 110, 113, 124; Ex. F at 2; Ex. G at 5.  Even if Cisco could somehow demonstrate that these documents once contained highly confidential information, the documents are now so dated that their sensitivity has long since faded.  *See, e.g.*, Exs. F–G (designated CONFIDENTIAL or HIGHLY CONFIDENTIAL despite their age).

None of these documents—and, in particular, none of the excerpts quoted in Arista's counterclaims—rely on or reveal any of Cisco's "sensitive financial, business, or commercial information."[4]  As a result, they cannot rise to the level of "trade secrets"; they are not privileged; and they should not be shielded from the public unless Cisco can identify and demonstrate some "compelling reason" to do so.  (Even if this Court were only to apply the "good cause" standard, Cisco would still need to make a "particularized showing" that "specific prejudice or harm will result" from disclosure of these documents.)  If anything, the "compelling reasons" in this case counsel in favor of disclosure: evidence that Cisco was engaging in unreasonable, anticompetitive business practices affecting a critical segment of the economy is the kind of material that *ought* to be seen by the public—not *hidden* from it.  *See, e.g.*, Countercls. at ¶¶ 64, 80, 90, 120, 121.

Given the courts' well-established commitment to public disclosure, Arista respectfully requests that the Court keep these documents under seal only until it ultimately ***denies*** this administrative motion.  In the alternative, even if Cisco were able to demonstrate that certain

---

[3] In California, trade secrets are defined as information that "derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use."  Cal. Civ. Code § 3426.1(d)(1).

[4] They also do not seem to fall within the parties' SPO definitions, but even if they did, that alone would not provide a basis for sealing these materials.  *Kamakana*, 447 F.3d at 1183 ("Although the magistrate judge 'expressly approved and entered the protective order,' the order contained no good cause findings as to specific documents that would justify reliance by the United States. [. . .] Thus, the claimed reliance on the order is not a 'compelling reason' that rebuts the presumption of access.") (internal citations omitted).

4
DEFENDANT ARISTA'S ADMINISTRATIVE MOTION TO FILE ALLEGEDLY
PROTECTED MATERIAL UNDER SEAL PURSUANT TO LOCAL RULE 79.5(E)
Case No. 5:14-cv-05344-BLF (PSG)

1020466

1  portions of these documents meet the high standard for sealing, the Court should unseal all other
2  portions, including, without limitation, the quotations contained in Arista's counterclaims.

4  Dated: January 25, 2016                    Respectfully submitted,

                                              KEKER & VAN NEST LLP

                                              WILSON SONSINI GOODRICH & ROSATI


                                         By:  */s/ Robert A. Van Nest*
                                              ROBERT A. VAN NEST


                                              Attorneys for Defendant
                                              ARISTA NETWORKS, INC.

5
DEFENDANT ARISTA'S ADMINISTRATIVE MOTION TO FILE ALLEGEDLY
PROTECTED MATERIAL UNDER SEAL PURSUANT TO LOCAL RULE 79.5(E)
Case No. 5:14-cv-05344-BLF (PSG)

1020466