| | |
|---|---|
| KEKER & VAN NEST LLP | SUSAN CREIGHTON, SBN 135528 |
| ROBERT A. VAN NEST - # 84065 | SCOTT A. SHER, SBN 190053 |
| BRIAN L. FERRALL - # 160847 | VICTORIA L. JEFFRIES, *PHV To Be* |
| DAVID SILBERT - # 173128 | *Submitted* |
| MICHAEL S. KWUN - #198945 | WILSON SONSINI GOODRICH & ROSATI |
| ASHOK RAMANI - # 200020 | Professional Corporation |
| 633 Battery Street | 1700 K Street NW, Fifth Floor |
| San Francisco, CA 94111-1809 | Washington, D.C., 20006-3817 |
| Telephone: (415) 391-5400 | Telephone: (202) 973-8800 |
| Email: rvannest@kvn.com; | Email: screighton@wsgr.com; |
| bferrall@kvn.com; dsilbert@kvn.com; | ssher@wsgr.com; vjeffries@wsgr.com |
| mkwun@kvn.com, aramani@kvn.com | |

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK, *PHV To Be Submitted*
DAVID H. REICHENBERG, *PHV To Be Submitted*
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Email: jjacobson@wsgr.com; cpak@wsgr.com; dreichenberg@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., | Case No. 5:14-cv-05344-BLF (PSG) |
| Plaintiff, | **ARISTA NETWORKS, INC.'S MOTION FOR LEAVE TO AMEND RESPONSE TO ADD COUNTERCLAIMS** |
| v. | |
| ARISTA NETWORKS, INC., | Hearing Date: May 26, 2016 |
| Defendant. | 9:00 a.m. |
| | Judge: Hon. Beth Labson Freeman |
| | Date Filed: December 5, 2014 |
| | Trial Date: November 21, 2016 |
| | **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |

## NOTICE OF MOTION AND MOTION

Notice is hereby given to Plaintiff Cisco Systems, Inc. that Defendant Arista Networks, Inc. ("Arista") moves the Court pursuant to Federal Rule of Civil Procedure 15(a)(2) for leave to amend Arista's Response to Cisco's Second Amended Complaint in this matter to add counterclaims, attached hereto as Exhibit 1. This motion is noticed for May 26, 2016, at 9:00 a.m., in Courtroom 3, 5th Floor, 280 South 1st Street, San Jose, California.[1]

### I.   INTRODUCTION

Based on information it has identified in discovery, Arista seeks leave to amend its answer to add counterclaims against Cisco for violating the Sherman Act and California's Unfair Competition Law. In Cisco's own words, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. But discovery has revealed that Cisco has embarked on a deliberate scheme to use its monopoly power illegally to suppress competition. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Cisco attempted to limit competition in the Ethernet switch market by reversing a long-standing policy of encouraging industry standard usage of CLI commands, and instead claiming copyright over those commands after competitors and customers relied upon Cisco's industry standard treatment for over a decade. Cisco also imposed illegal penalties on customers who did not exclusively buy switches from Cisco.

Discovery into Arista's antitrust claims will overlap to some extent with discovery into Cisco's copyright infringement claims, but the antitrust claims will also involve independent discovery into Cisco's monopolistic conduct. Arista does not request that the Court modify the current trial calendar to accommodate its counterclaims; if it is necessary to try Arista's claims on a different schedule, Arista is amenable to the Court setting a separate case calendar for these counterclaims. Consequently, Arista's motion will not prejudice Cisco, nor delay the trial of this

---

[1] Counsel for Arista hereby attests, pursuant to Civil Local Rule 16-2(d)(2), that Arista has conferred with counsel for Cisco in an effort to reach agreement about the matter and that Cisco opposes Arista's motion.

action. Alternatively, if the Court prefers, Arista is amenable to filing its antitrust claims as a separate action and relating them to the instant case pursuant to Civil Local Rule 3-12.

## II.     BACKGROUND

Cisco enjoys thirteen times the market share of its closest rival in the North American Ethernet switch market, and six times the market share of its closest rival in the high-speed Ethernet switch market. Arista was founded to provide Ethernet switch customers with the option of a faster, more efficient, more affordable networking solution. Soon after its founding, Arista began to grow market share.

As discussed more fully in Arista's proposed counterclaims, filed concurrently herewith, after Cisco continued to lose market share to Arista despite spending nearly a billion dollars on an internal "Arista killer" team, it decided to adopt an ███████████████████████ ███████████████████████████. Acknowledging the additional competitive threat it would face from a growing Arista, Cisco ███████████████████████ ███████████████████████████████████. That effort failed, but Cisco embarked on another anticompetitive strategy.

For years, Cisco characterized the command-line interface (CLI) commands found in its IOS operating system as industry standards. Cisco made similar representations to standard-setting bodies. Network engineers spend time and money learning those commands, and, ███████████████████████████████████████████████████████ ███████████████████████████████████. Cisco also knew for years that its competitors, including Arista and others, used those commands as well, such that network engineers could easily choose between competing switches without having to learn new commands. Yet after encouraging customers and competitors for years to use commands incorporated into Cisco's IOS CLI—leading the industry to believe the commands were in the public domain—after facing a competitive threat from Arista, Cisco changed position. Cisco claimed copyright in those commands to attempt to use the settled expectations it had nurtured in the industry generally and particularly among customers as a barrier to competition with Cisco.

In addition, Cisco has been charging its customers penalties on its SMARTnet

maintenance and service contracts if the customers choose to use competitors' hardware. These penalties far exceed any additional cost for Cisco and are so onerous that they render associated price of equipment sales below cost. *See Cascade Health Solutions v. PeaceHealth*, 515 F.3d 883 (9th Cir. 2008).

Taken together, Cisco's conduct harms consumers and stifles more innovative and efficient technology, and recently discovered Cisco documents demonstrate that its conduct was part of a deliberate scheme to harm competition. Arista's investigation into Cisco's anticompetitive conduct revealed material information underlying its counterclaims after the pleading amendment deadline of September 7, 2015. Santacana Decl. ¶ 4. Arista now seeks leave to amend its answer to add counterclaims for violation of federal and state antitrust law.

### III.  LEGAL STANDARD

Arista's motion is governed by Federal Rule of Civil Procedure 16(b)(4) relating to modification of a case schedule because it is made after the September 7, 2015 deadline for amending pleadings set by the Court in its Scheduling Order. *See* Dkt. No. 51 (Scheduling Order); *Clear-View Techs., Inc. v. Rasnick*, No. 13-CV-02744-BLF, 2014 WL 4370809, at *2 (N.D. Cal. Sept. 3, 2014). The good cause standard "primarily considers the diligence of the party seeking the amendment." *Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 13-CV-03999-BLF, 2014 WL 6626227, at *1 (N.D. Cal. Nov. 20, 2014) (internal quotation marks omitted) (granting leave to amend answer after pleading amendment deadline where defendant discovered relevant facts during discovery). A party seeking amendment demonstrates good cause by showing that (1) it diligently assisted the Court in creating a workable Rule 16 order, (2) modification of the scheduling order is necessary notwithstanding its diligence "because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference," and (3) it was diligent in seeking amendment "once it became apparent that it could not comply with the order." *Clear-View*, 2014 WL 4370809, at *2 (internal quotation marks omitted).

The Court should also consider Rule 15(a)(2)'s standard for amendment of pleadings in determining whether to amend the Scheduling Order, as it must in deciding whether to allow

Arista's proposed amendment.  Rule 15(a)(2) provides that a "court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Rule 15(a)(2) "should be interpreted with extreme liberality."  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (internal quotation marks omitted).  Indeed, the goal of Rule 15 in particular, and the Federal Rules in general, is to ensure that cases are decided on the merits, not on "mere technicalities."  *See Foman v. Davis*, 371 U.S. 178, 181 (1962).  The Court considers five factors in determining whether to grant leave to amend: bad faith, undue delay, undue prejudice, futility of amendment, and whether the pleading was previously amended.  *Tenerelli v. Lockheed Martin Space Sys. Co.*, No. 15-CV-00012-BLF, 2015 WL 5610011, at *2 (N.D. Cal. Sept. 24, 2015) (citing *In re Western States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (granting leave to amend to add counterclaims where defendant learned relevant facts during discovery)).

## IV.     ARGUMENT

The Rule 15 and 16 standards for amendment of pleadings lead to the same result in this case.  Arista has diligently investigated the facts underlying its claims, but it was only after the amendment deadline that Arista became aware of certain evidence in support of the antitrust and unfair competition allegations in the proposed counterclaims.  The liberal amendment policy of Rule 15 and the goal of ensuring cases are decided on the merits weigh in favor of permitting Arista's proposed amendment.  And Cisco cannot claim any undue prejudice or delay, since amendment will not affect the trial of Cisco's claims in this case.

### A.     Arista's counterclaims are premised on recently revealed information produced by Cisco in discovery.

Arista has good cause for moving for leave to amend outside the pleading amendment window.  Arista could not have known at the time of the Rule 16 scheduling conference that documents would be uncovered through discovery that would confirm these counterclaims.  *See Clear-View*, 2014 WL 4370809, at *2 (granting defendant leave to amend answer after pleading amendment deadline due to change in plaintiff's claims).  Arista diligently pursued an investigation of the facts underlying its counterclaims.  Cisco began producing documents in this

case on July 21, 2015, and in total has thus far produced over 350,000 documents.[2] Santacana Decl. ¶ 3. Counsel for Arista began reviewing that large volume of information promptly, as well as investigating Cisco's conduct generally, and first discovered the documents cited in the proposed counterclaims in November, *after* the close of the pleading amendment deadline. *Id.* ¶ 4. Indeed, some of the documents upon which Arista's proposed counterclaims rely were produced for the first time after that September 7 deadline. *Id.* ¶ 5.

Counsel for Arista then promptly consulted with antitrust counsel regarding potential antitrust claims against Cisco and began preparing a counterclaim. *Id.* ¶ 6; *see* Dkt. Nos. 104, 105. Arista now seeks leave to file its counterclaims promptly after discovering material information underlying Arista's counterclaims during its investigation of Cisco's conduct. Courts in this district have found good cause for extending the pleading amendment deadline in similar circumstances. *See Finjan,* 2014 WL 6626227, at *2 (granting leave to amend answer under Rule 16 "good cause" standard due to disclosure of new facts during discovery); *LifeScan Scotland, Ltd. v. Shasta Techs.*, LLC, No. 11-CV-04494-WHO, 2013 WL 4777179, at *2 (N.D. Cal. Sept. 6, 2013) (granting defendants leave to add counterclaims under Rule 16 "good cause" standard due to disclosure of new facts during discovery, even though defendants had "suspicions" of misconduct).

Arista's request is particularly reasonable here because Arista does not seek a change to the case schedule to accommodate these counterclaims; instead, Arista is amenable to the Court setting its antitrust claims on a separate case schedule and for separate trial so as to allow both parties adequate time to prepare the case. The Ninth Circuit has affirmed a "good cause" grant of leave to amend after the pleading amendment deadline where the moving party's request "created no meaningful case management issues and did not infringe on the efficient adjudication of the

---

[2] Many of those same documents had been produced by Cisco to Arista in the parallel ITC investigations, but documents produced in the ITC investigation cannot be used in any other action. Moreover, counsel for Arista did not discover or identify the significance of the documents relied upon here until after their production in this case because the ITC investigations relate to patent infringement, not copyright, and do not relate to CLI commands. As such, Arista's counsel had no cause to find the needles in the haystack (Cisco produced over 180,000 documents totaling over 2 million pages in the ITC cases) while preparing the ITC defense.

litigation." *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 984 (9th Cir. 2011) (internal quotation marks and alterations omitted).

For the same reasons, Arista also satisfies the standard under Rule 15 for leave to amend the pleadings. In *Tenerelli*, for example, this Court granted a defendant leave to add counterclaims after relevant facts underlying the defendant's counterclaims came to light during discovery. 2015 WL 5610011, at *3. The plaintiff argued that the defendant unduly delayed four months from the discovery of the relevant facts to move for leave to amend. The Court rejected that argument, reasoning that delay alone is an insufficient ground for denial of leave to amend; only delay combined with other factors, such as bad faith or an "inability to sufficiently explain" a delay merit a finding of *undue* delay. *Id.* Because the defendant moved within a reasonable time after discovery of the relevant facts and "sufficiently explained the duration between its learning of the potential counterclaims and its seeking leave to amend," the defendant's motion was timely. *Id.* at *4.

### B.  Cisco will suffer no prejudice—much less undue prejudice—from Arista's amendment.

Arista's motion causes no prejudice to Cisco. Arista seeks to add its counterclaims in this case because there is some overlap in evidence between its antitrust claims and the claims Cisco asserts in this litigation, achieving judicial efficiency. Arista's counterclaims will, however, require new discovery into Cisco's anticompetitive conduct. For that reason, Arista is amenable to trying the counterclaims separately and setting the counterclaims on a separate case schedule with separate discovery limits; that will allow both parties adequate time to investigate Arista's claims. This obviates any claim by Cisco that adding the counterclaims will cause it any prejudice, much less undue prejudice, since amendment will not affect Cisco's claims any more than if Arista had filed its counterclaims as a separate action.

Indeed, "[n]either delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice." *Tenerelli* 2015 WL 5610011, at *3 (internal quotation marks omitted). For example, in *Tenerelli*, this Court granted leave to amend to add counterclaims based on facts that came to

light during discovery, even though the discovery period was ending only eight days later. The Court reasoned that the discovery period could be extended, if necessary, to accommodate the added claims. 2015 WL 5610011, at *3. The Court also noted the judicial inefficiency of requiring the defendant to file its counterclaim as a separate action, resulting in nothing more than relation to the original case. *Id.*

Here, Arista would be entitled to the additional discovery in a separate action anyway, and it does not seek to delay the proceedings to pursue it if the Court allows amendment here. Cisco has no claim either of undue prejudice or undue delay, especially because the period for amending the pleadings expired very recently.

## V.     CONCLUSION

Because Arista recently discovered Cisco's anticompetitive campaign, and because Arista's proposed amendment will cause Cisco no prejudice, Arista has shown good cause for moving for leave to amend its answer to add counterclaims, and granting such leave is in the interests of justice.

Dated: January 25, 2016                              Respectfully submitted,

KEKER & VAN NEST LLP

WILSON SONSINI GOODRICH & ROSATI

By:   */s/ Robert A. Van Nest*
      ROBERT A. VAN NEST

Attorneys for Defendant and Counterclaimant
ARISTA NETWORKS, INC.