| | |
|---|---|
| Kathleen Sullivan (SBN 242261)<br>kathleensullivan@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100 | Steven Cherny *(admitted pro hac vice)*<br>steven.cherny@kirkland.com<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900 |
| Sean S. Pak (SBN 219032)<br>seanpak@quinnemanuel.com<br>John M. Neukom (SBN 275887)<br>johnneukom@quinnemanuel.com.<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700 | Adam R. Alper (SBN 196834)<br>adam.alper@kirkland.com<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, California 94104<br>Telephone: (415) 439-1400<br>Facsimile: (415) 439-1500<br><br>Michael W. De Vries (SBN 211001)<br>michael.devries@kirkland.com<br>KIRKLAND & ELLIS LLP<br>333 South Hope Street<br>Los Angeles, California 90071<br>Telephone: (213) 680-8400<br>Facsimile: (213) 680-8500 |
| Mark Tung (SBN 245782)<br>marktung@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100 | |

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>        Plaintiff,<br><br>  vs.<br><br>ARISTA NETWORKS, INC.,<br><br>        Defendant. | CASE NO. 5:14-cv-5344-BLF<br><br>**DECLARATION OF MATTHEW D. CANNON IN SUPPORT OF ARISTA'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>**DEMAND FOR JURY TRIAL** |

**DECLARATION OF MATTHEW D. CANNON**

I, Matthew D. Cannon, declare as follows:

1.  I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate with the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Plaintiff Cisco Systems, Inc. ("Cisco"). I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2.  I make this declaration in support of Defendant Arista's Administrative Motion to File Allegedly Protected Material Under Seal Pursuant to Local Rule 79.5(e), Dkt. 162 ("Sealing Motion") in connection with Arista Networks, Inc.'s ("Arista's") Motion for Leave to Amend Response to Add Counterclaims ("Arista's Brief" or "Brief"). I make this declaration in accordance with Civil Local Rule 79-5(e) on behalf of Cisco to attest that the majority of the information contained in the documents referenced in the Sealing Motion should be sealed.

3.  Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law"( *i.e.*, is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id*. Generally, materials related to non-dispositive motions may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamkana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003)). For pleadings attached to a non-dispositive motion, however, this Court has held that the party seeking sealing must provide "compelling reasons" to justify sealing. *See Delphix Corp. v. Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 415520, at *1 (N.D. Cal. Aug. 20, 2014). "Compelling reasons" exist to seal information that, if disclosed, would damage a party's ability to compete in the marketplace. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008).

4.  Cisco's review and assessment of Arista's sealing proposals have been complicated by the volume of missing and/or incorrect citations contained in Arista's Brief and supporting

1 papers. For example, Arista's Brief does not include citations for any of the passages that Arista
2 proposes sealing. Nevertheless, Cisco has endeavored to identify the information Arista cited and
3 respond accordingly, but has been unable to ascertain the source of some of that information.
4 Cisco reserves the right to revisit its analysis in the event that Arista clarifies the citations in its
5 Brief.

6      5. Many passages in its Brief and Exhibit 1 that Arista proposes for sealing should not
7 be sealed. Cisco is not asking the Court to seal passages of Arista's Brief or Exhibit 1 that reflect
8 Arista's attorney argument, rather than statements or information that are actually contained in
9 Cisco's documents. Additionally, some passages that need not be sealed include citations to
10 exhibits that Cisco has de-designated under the protective order. And one passage even appears to
11 cite Arista information.

12      6. But while Arista's Motion to Seal is over-inclusive, some narrowly-tailored
13 redactions to Arista's Brief, Exhibit 1 thereto, and certain of the Exhibits to Arista's proposed
14 counterclaims are appropriate. Some of the documents that Arista discusses in and attaches to its
15 Brief and Exhibit 1 contain confidential information regarding Cisco's operations to which
16 Cisco's competitors are not entitled unfettered access.

17      7. Pursuant to Civil Local Rule 79-5(e), Cisco identifies those portions of Arista's
18 filings that it believes should and should not be sealed in the table below:

| Document | Portion(s) | Seal? | Justification |
|---|---|---|---|
| Arista's Brief | p. 1 ln. 10-11 | Seal | Apparently quotes CSI-CLI-01335895. See paragraph 8 below. |
| | p. 1 ln. 12-14 | Seal | Quotes Exhibit A. See paragraph 11 below. |
| | p. 2 ln. 11-12 | Seal | Quotes Exhibit A. See paragraph 11 below. |
| | p. 2 ln. 13-14 | Seal | Quotes Exhibit A. See paragraph 11 below. |
| | p. 2 ln. 19-20 ("internally, Cisco . . . relevant market") | Do not seal | Arista attorney argument. |
| Exhibit 1 (Arista's Response to Cisco's Second Amended Complaint; Arista's | p. 13 ln. 12 ("Cisco knows what is at stake.") | Do not seal | Arista attorney argument. |
| | p. 13 ln. 12-14 | Seal | Apparently quotes CSI-CLI-01335895. See paragraph 8 below. |
| | p. 13 ln. 15-16 | Seal | Quotes Exhibit A. See paragraph 11 below. |

| Document | Portion(s) | Seal? | Justification |
|---|---|---|---|
| Counterclaims for Antitrust and Unfair Competition) | p. 16 ln. 18 ("Cisco's own . . . to Cisco.") | Do not seal | Arista attorney argument. |
| | p. 16 ln. 18-21 | Seal | Apparently quotes Exhibit C. See paragraph 13 below. |
| | p. 16 ln. 21-23 ("As one . . . treads nearby.") | Do not seal | Quotes Exhibit B. See paragraph 12 below. |
| | p. 17 at ln. 9-11 | Seal | Quotes Exhibit C. See paragraph 13 below. |
| | p. 17 ln. 11-12 ("That strategy . . . in 2014.") | Do not seal | Arista attorney argument. |
| | p. 18 ln. 9-10 | Seal | Cites unidentified Cisco documents. See paragraph 10 below. |
| | p. 18 ln. 15-17 ("As Cisco's . . . into scripts.") | Do not seal | Quotes Exhibit D. See paragraph 14 below. |
| | p. 18 ln. 18 ("This was no accident.") | Do not seal | Arista attorney argument. |
| | p. 19 ln. 10 ("Cisco knew that its") | Do not seal | Arista attorney argument. |
| | p. 19 ln. 12-14 | Seal | Apparently quotes Exhibit F. See 16 paragraph below. |
| | p. 19 ln. 14-17 ("And Cisco . . . Cisco environments.") | Do not seal | Quotes Exhibit E. See paragraph 15 below. |
| | p. 19 ln. 17-18 | Seal | Quotes Exhibit F. See paragraph 16 below. |
| | p. 19 ln. 19 ("those") | Do not seal | Arista attorney argument. |
| | p. 21 ln. 4 ("barrier to entry") | Do not seal | Arista attorney argument. |
| | p. 21 ln. 23-24 | Seal | Apparently quotes Exhibit F. See paragraph 16 below. |
| | p. 22 ln. 3-5 | Seal | Apparently quotes Exhibit A. See paragraph 11 below. |
| | p. 22 ln. 5 ("Below is . . . is aware.") | Do not seal | Arista attorney argument. |
| | p. 29 ln. 18-23 | Do not seal | Arista attorney argument and quotations from Exhibit D. See paragraph 14 below. |
| | p. 30 ln. 2 | Seal | Apparently quotes Exhibit A. See paragraph 11 below. |
| | p. 31 ln. 19-20 | Seal | Cites unidentified Cisco documents. See paragraph 10 below. |
| | p. 32 ln. 3-5 | Seal | Quotes Exhibit G. See paragraph 17 below. |
| | p. 34 ln.11 ("Cisco was . . . rival firms.") | Do not seal | Arista attorney argument. |
| | p. 34 ln. 11-13 | Seal | Apparently quotes CSI-CLI-01133437. See paragraph 9 below. |
| | p. 34 ln. 13-14 ("Arista was . . . also knew.") | Do not seal | Arista attorney argument. |

| Document | Portion(s) | Seal? | Justification |
|---|---|---|---|
| | p. 34 ln. 14-15 | Seal | Quotes Exhibit H. See paragraph 18 below. |
| | p. 34 ln. 16-18 ("Cisco also . . . engineering awareness.") | Do not seal | Apparently quotes Arista public documents. |
| | p. 34 ln. 19-20 ("Not only . . . industry-standard CLI.") | Do not seal | Arista attorney argument. |
| | p. 35 ln. 7 ("as Cisco knew") | Do not seal | Arista attorney argument. |
| | p. 35 ln. 23 ("Not only . . . show that") | Do not seal | Arista attorney argument. |
| | p. 38 ln. 2-3 ("Cisco's internal . . . its conduct") | Do not seal | Arista attorney argument. |
| | p. 39 ln. 28 to p. 40 ln. 1 ("It explicitly . . . company documents.") | Do not seal | Arista attorney argument. |
| | p. 43 ln. 16-17 | Seal | Apparently quotes CSI-CLI-01335895. See paragraph 8 below. |
| | p. 43 ln. 24 ("as Cisco . . . its documents") | Do not seal | Arista attorney argument. |
| | p. 44 ln. 18 ("huge investment . . . described it") | Do not seal | Apparently quotes Exhibit D. See paragraph 14 below. |
| | p. 46 ln. 9-11 | Seal | Quotes Exhibit F. See paragraph 16 below. |
| | p. 46 ln. 13 ("those barriers to entry") | Do not seal | Arista attorney argument. |
| | p. 47 ln. 3-5 | Seal | Quotes Exhibit A. See paragraph 11 below. |
| | p. 48 ln. 3-4 ("As one . . . treads nearby.") | Do not seal | Quotes Exhibit B. See paragraph 12 below. |
| | p. 48 ln. 27-28 | Seal | Apparently quotes Exhibit A. See paragraph 11 below. |
| | p. 49 ln. 22 ("As Cisco knew") | Do not seal | Arista attorney argument. |
| Exhibit A to Arista's Counterclaims ("Exhibit A") | Entire | Seal | Confidential and commercially sensitive Cisco information. See paragraph 11 below. |
| Exhibit B to Arista's Counterclaims ("Exhibit B") | Personal e-mail addresses | Seal | Personal privacy. |
| | All other content | Do not seal | Non-confidential personal communication. See paragraph 12 below. |
| Exhibit C to Arista's Counterclaims ("Exhibit C") | Entire | Seal | Confidential and commercially sensitive Cisco information. See paragraph 13 below. |
| Exhibit D to Arista's Counterclaims ("Exhibit D") | Entire | Do not seal | Public document. See paragraph 14 below. |

| Document | Portion(s) | Seal? | Justification |
|---|---|---|---|
| Exhibit E to Arista's Counterclaims ("Exhibit_E") | Entire | Do not seal | Public document. See paragraph 15 below. |
| Exhibit F to Arista's Counterclaims ("Exhibit_F") | Entire | Seal | Confidential and commercially sensitive Cisco information. See paragraph 16 below. |
| Exhibit G to Arista's Counterclaims ("Exhibit_G") | Entire | Seal | Confidential and commercially sensitive Cisco information. See paragraph 17 below. |
| Exhibit H to Arista's Counterclaims ("Exhibit_H") | Entire | Seal | Confidential and commercially sensitive Cisco information. See paragraph 18 below. |

8.   Several of Arista's proposed redactions appear to be based on quotations from a document produced by Cisco in this case beginning with Bates number CSI-CLI-01335895. This document describes Cisco's assessment of the marketplace, its product development and marketing plans, and its predictions for how the marketplace will evolve—all of which is confidential information that Cisco's competitors could use in attempts to damage Cisco's ability to compete in the marketplace. The passages quoting from this document should therefore be sealed.

9.   One of Arista's proposed redactions appears to be based on quotations produced by Cisco in this case beginning with Bates number CSI-CLI-01133437. This document, including the passages quoted in Exhibit 1, contains a discussion among Cisco engineers regarding the merits of Cisco's products. Disclosure of this information would "harm [Cisco's] competitive standing," because competitors could exploit such information in their own product development and/or marketing plans. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

10.   Some of Arista's proposed redactions refer to documents that Cisco has designated as confidential under the Protective Order, but which Arista does not quote or specifically identify, and which documents Cisco has not been able to identify. *See* Exhibit 1 at p. 18 ln. 9-10; p. 31 ln. 19-20. Cisco asks that these passages be sealed provisionally, pending clarification by Arista of the Cisco information to which these passages refer.

11. Exhibit A is a copy of an internal Cisco business communication produced by Cisco in ITC Investigation Nos. 337-TA-944 and 337-TA-945 and designated as "Confidential Business Information." Under the Stipulated Protective Order governing this litigation, Dkt. 53 at 6 fn. 1, this document is deemed to have been produced in this case as "Highly Confidential – Attorneys' Eyes Only Information." Exhibit A is an internal email thread that contains Cisco's confidential business information regarding, *inter alia*, Cisco's assessment of the marketplace and its strategies for marketing its products within the marketplace. Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" because its public disclosure would provide competitors with a roadmap to Cisco's marketing strategies within various market segments. *See Elec. Arts*, 298 F. App'x at 569. Cisco therefore requests that Exhibit A, and related passages in Arista's briefing, be sealed.

12. Exhibit B is a personal communication between a Cisco employee and a departing colleague. Cisco has de-designated this document under the protective order in this case and does not seek sealing of it, except for the personal email addresses of the individuals who are corresponding. A version of this exhibit with those personal email addresses redacted is attached hereto as Proposed Redacted Exhibit B. Cisco does not seek sealing of any passages in Arista's briefing that quote or discuss Exhibit B.

13. Exhibit C is a copy of an internal Cisco business communication produced by Cisco in ITC Investigation Nos. 337-TA-944 and 337-TA-945 and designated as "Confidential Business Information." Under the Stipulated Protective Order governing this litigation, Dkt. 53 at 6 fn. 1, this document is deemed to have been produced in this case as "Highly Confidential – Attorneys' Eyes Only Information." Exhibit C comprises Cisco's confidential business information regarding, *inter alia*, its product development plans, marketing strategies, and market assessment. Disclosing this information to Cisco's competitors would harm Cisco's business by tipping Cisco's competitors off as to Cisco's future operations plans, affording those competitors an unfair opportunity to pre-empt Cisco's efforts. This would "harm [Cisco's] competitive standing." *Nixon*, 435 U.S. at 598. Cisco therefore requests that Exhibit C, and related passages in Arista's briefing, be sealed.

14. Exhibit D is a public document. Cisco has de-designated this document under the protective order in this case and does not seek sealing of it. A revised version of the document, which omits any confidentiality legend, is attached hereto as Revised Exhibit D. Cisco does not seek sealing of any passages in Arista's briefing that discuss Exhibit D.

15. Exhibit E is a public document. Cisco has de-designated this document under the protective order in this case and does not seek sealing of it. A revised version of the document, which omits any confidentiality legend, is attached hereto as Revised Exhibit E. Cisco does not seek sealing of any passages in Arista's briefing that discuss Exhibit E.

16. Exhibit F is a copy of excerpts from an internal Cisco business communication produced by Cisco in ITC Investigation Nos. 337-TA-944 and 337-TA-945 and designated as "Confidential Business Information." Under the Stipulated Protective Order governing this litigation, Dkt. 53 at 6 fn. 1, this document is deemed to have been produced in this case as "Highly Confidential – Attorneys' Eyes Only Information." Exhibit F comprises Cisco's confidential business information regarding, *inter alia*, Cisco's product marketing, including features that differentiate Cisco's products from those of its competitors. Disclosure of this information would "harm [Cisco's] competitive standing" by giving Cisco's competitors access to Cisco's confidential marketing and product plans. *See Nixon*, 435 U.S. at 598. Exhibit F, and the passages of Arista's briefing that quote from it, should therefore be sealed.

17. Exhibit G is a copy of an internal Cisco business communication produced by Cisco in this litigation and designated "Highly Confidential – Attorneys' Eyes Only Information." under the Stipulated Protective Order governing this litigation, Dkt. 53. Exhibit G comprises Cisco's confidential business information regarding, *inter alia*, its product development plans relating to enhancements for Cisco's IOS software. The specific slide contained in Exhibit G appears to depict one portion of an internal analysis of Cisco's product development. Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" by preserving Cisco's ability to continue developing its products without fear that competitors will attempt to capitalize on Cisco's assessment of its product development needs.

1  *See Elec. Arts*, 298 F. App'x at 569. Cisco therefore requests that the Court seal Exhibit G and
2  related passages in Arista's briefing.

3      18.    Exhibit H is a copy of an internal Cisco business communication produced by
4  Cisco in ITC Investigation Nos. 337-TA-944 and 337-TA-945 and designated as "Confidential
5  Business Information." Under the Stipulated Protective Order governing this litigation, Dkt. 53 at
6  6 fn. 1, this document is deemed to have been produced in this case as "Highly Confidential –
7  Attorneys' Eyes Only Information." Exhibit H comprises Cisco's confidential business
8  information regarding, *inter alia*, its internal assessment of Arista's products and Arista's product
9  development strategy. Disclosing this information to Cisco's competitors would harm Cisco's
10 business by identifying to competitors Cisco's assessment of the relative strengths and weaknesses
11 of products in the market, which competitors could exploit in their own product development or
12 marketing plans. As a result, Cisco requests that Exhibit H and passages that quote it should be
13 sealed.

14     19.    For the sake of clarity, Cisco has appended a Proposed Redacted Brief that reflects
15 the redactions to Arista's Brief that Cisco respectfully requests the Court approve. Cisco similarly
16 has attached proposed redacted versions of Exhibit 1 and Exhibit B, and revised versions of
17 Exhibits D and E.

1   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed in San Francisco, California, on January 29, 2016.

*/s/ Matthew D. Cannon*
Matthew D. Cannon (Bar No. 252666)