Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Mark Tung (SBN 245782)
marktung@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven Cherny (admitted pro hac vice)
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Attorneys for Plaintiff Cisco Systems, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ARISTA NETWORKS, INC.,<br><br>Defendant. | CASE NO. 5:14-cv-5344-BLF<br><br>**DECLARATION OF MATTHEW D. CANNON IN SUPPORT OF CISCO'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CONFIDENTIAL INFORMATION IN CISCO'S OPPOSITION TO ARISTA'S MOTION FOR LEAVE TO AMEND RESPONSE TO ADD COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

## <u>DECLARATION OF MATTHEW D. CANNON</u>

I, Matthew D. Cannon, declare as follows:

1.      I am an attorney licensed to practice in the State of California and am admitted to practice before this Court.  I am an associate with the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Plaintiff Cisco Systems, Inc. ("Cisco").  I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2.      I make this declaration in support of Cisco's Administrative Motion to File under Seal Confidential Information ("Sealing Motion") in Cisco's Opposition to Arista's Motion for Leave to Amend Response to Add Counterclaims ("Cisco's Brief").

3.      Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law"( *i.e.*, is "sealable"). Civil L.R. 79-5(b).  The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id*.  Generally, materials related to non-dispositive motions may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamkana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co*., 331 F.3d 1122, 1138 (9th Cir. 2003)).  For pleadings attached to a non-dispositive motion, however, this Court has held that the party seeking sealing must provide "compelling reasons" to justify sealing. *See Delphix Corp. v. Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 415520, at *1 (N.D. Cal. Aug. 20, 2014).  "Compelling reasons" exist to seal information that, if disclosed, would damage a party's ability to compete in the marketplace. *See In re Elec. Arts, Inc*., 298 F. App'x 568, 569 (9th Cir. 2008).

4.      Pursuant to Civil L.R. 79-5(e), Cisco requests to seal the document identified herein only because the information sought to be sealed has been directly designated by Defendant Arista Networks, Inc. ("Arista") as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 53):

| Document | Portions to Be Filed Under Seal |
|---|---|
| Cisco's Opposition to Arista's Motion for Leave to Amend Response to Add Counterclaims | As highlighted in the version filed herewith, portions of pages: 4 and 8. |
| Exhibit A to the Declaration of Matthew D. Cannon in Support of Cisco's Opposition to Arista's Motion for Leave to Amend Response to Add Counterclaims ("Exhibit A") | Entire. |

5. Cisco's Brief contains quotations from a document produced by Arista. That document is included as Exhibit A to the Declaration of Matthew D. Cannon in Support of Cisco's Opposition to Arista's Motion for Leave to Amend Response to Add Counterclaims. Arista designated this document as "Confidential Business Information" in ITC Investigation Nos. 337-TA-944 and 337-TA-945. Under the Stipulated Protective Order governing this litigation, Dkt. 53 at 6 fn. 1, this document is deemed to have been produced in this case as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." Accordingly, Cisco has narrowly redacted only those portions of its Brief containing information so designated by Arista. Specifically, Cisco has redacted the descriptions of and quotations from this Arista document in Cisco's brief. Redacted and unredacted highlighted versions of Cisco's Brief are attached hereto.

6.    Cisco will serve a copy of this declaration on Arista the same day it is filed.  Cisco expects that Arista will file the required supporting declaration in accordance with Civil Local Rule 79-5(e), as necessary, to confirm that the information contained in the above-referenced document should be sealed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed in San Francisco, California, on February 8, 2016.


*/s/ Matthew D. Cannon*
Matthew D. Cannon (Bar No. 252666)

## <u>SIGNATURE ATTESTATION</u>

Pursuant to Civ. L.R. 5-1(i)(3), the undersigned hereby attests under penalty of perjury that concurrence in the filing of this document has been obtained from the signatory indicated by the "conformed" signature (/s/) of registered ECF User Matthew D. Cannon (Bar No. 252666).

*/s/ Sean S. Pak*
Sean S. Pak (Bar No. 219032)

CANNON DECLARATION
Case No. 5:14-cv-05344-BLF