KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
rvannest@kvn.com
BRIAN L. FERRALL - #160847
bferrall@kvn.com
DAVID SILBERT - #173128
dsilbert@kvn.com
MICHAEL S. KWUN - #198945
mkwun@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant
ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARISTA NETWORKS, INC., <br><br> Defendant. | Case No. 5:14-cv-05344-BLF (PSG) <br><br> **DECLARATION OF EDUARDO E. SANTACANA IN SUPPORT OF CISCO'S ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL (ECF NOS. 183 & 185)** <br><br> Judge:      Hon. Beth Labson Freeman <br><br> Date Filed: December 5, 2014 <br><br> Trial Date: November 21, 2016 |

DECLARATION OF EDUARDO E. SANTACANA IN SUPPORT OF
CISCO'S ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL (ECF NOS. 183 & 185)
Case No. 5:14-cv-05344-BLF (PSG)

1026633

I, Eduardo E. Santacana, declare:

1. I am an attorney licensed to practice law in the State of California and am an associate with the law firm of Keker & Van Nest LLP, located at 633 Battery Street, San Francisco, California 94111, counsel for Defendant Arista Networks, Inc. ("Arista") in the above-referenced action. Unless otherwise stated, the facts I set forth in this declaration are based on my personal knowledge or knowledge I obtained through my review of corporate records or other investigation. If called to testify as a witness, I could and would testify competently to such facts under oath.

2. I submit this declaration in support of Cisco's Administrative Motion to File Under Seal Confidential Information in Cisco's Opposition to Arista's Motion for Leave to Amend Response to Add Counterclaims ("Motion to Seal"), filed by Plaintiff Cisco Systems, Inc. ("Cisco") on February 8, 2016 (ECF No. 183).

3. I also submit this declaration in support of Cisco's Administrative Motion to File Under Seal Confidential Information in Cisco's *Corrected* Opposition to Arista's Motion for Leave to Amend Response to Add Counterclaims ("Corrected Motion to Seal"), filed by Cisco on February 8, 2016 (ECF No. 185). Cisco's Corrected Motion to Seal was filed a few hours after its original Motion to Seal. Because the confidential information sought to be sealed by Cisco's Motion to Seal and Corrected Motion to Seal is identical, I submit this single declaration to address both motions.

4. I have reviewed Cisco's Motion to Seal, Corrected Motion to Seal, and the Civil Local Rules of this Court governing such motions, and submit this supporting declaration under Civil Local Rule 79-5(e).

5. Cisco's Motion to Seal and Corrected Motion to Seal seek to file under seal documents and information submitted in Cisco's Opposition (and Corrected Opposition) to Arista's Motion for Leave to Amend Response to Add Counterclaims (ECF Nos. 163 (Motion), 183 (Opposition), 185 (Corrected Opposition)), which is a non-dispositive motion. Because Cisco's Motion to Seal and Corrected Motion to Seal relate to a non-dispositive motion, the documents and information that the parties request to file under seal are not subject to a strong

1

DECLARATION OF EDUARDO E. SANTACANA IN SUPPORT OF
CISCO'S ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL (ECF NOS. 183 & 185)
Case No. 5:14-cv-05344-BLF (PSG)

1026633

presumption of public access. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Rather, the "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure applies to the material that Cisco's Motion to Seal and Corrected Motion to Seal seek to withhold from public view.[1] *Id.* at 1179. Civil Local Rule 79-5 further requires that a party seeking to seal information and documents "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id*.

6. I submit this declaration to provide additional facts in support of Cisco's Motion to Seal and Corrected Motion to Seal, and to provide facts establishing that the "good cause" standard has been met.

7. Cisco submitted the Declaration of Matthew Cannon in support of its Motion to Seal ("Cannon Declaration") (ECF No. 183-1) and a highlighted copy of Cisco's opposition brief (per Civil L.R. 79-5(d)(1)(D)) indicating the specific text within the brief that should be sealed (ECF No. 183-3).

8. Cisco submitted the Declaration of Matthew Cannon in support of its Corrected Motion to Seal ("Corrected Cannon Declaration") (ECF No. 185-1) and a highlighted copy of Cisco's *corrected* opposition brief (per Civil L.R. 79-5(d)(1)(D)) indicating the specific text within the brief that should be sealed (ECF No. 185-3).

9. Paragraph 4 of the Cannon Declaration and Corrected Cannon Declaration lists, in table format, the material that Cisco seeks to file under seal. The material listed in the Corrected Cannon Declaration is duplicative of the material listed in the original Cannon Declaration. I address those materials below, starting with the redacted exhibits and ending with the proposed redactions to Cisco's opposition brief and corrected opposition brief. Per the instructions

---

[1] In contrast, the documents cited in Arista's proposed pleadings support and form part of Arista's counterclaims and are therefore subject to the stricter "compelling reasons" standard. *See, e.g.*, *Dunbar v. Google, Inc.*, No. 5:12-CV-003305-LHK, 2013 WL 4428853, at *2 (N.D. Cal. Aug. 14, 2013) (applying the good cause standard to the defendant's requests to seal portions of the briefing associated with the plaintiff's motion for leave to amend and the compelling reasons standard to the defendant's request to seal the plaintiff's proposed amended complaint).

2
DECLARATION OF EDUARDO E. SANTACANA IN SUPPORT OF
CISCO'S ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL (ECF NOS. 183 & 185)
Case No. 5:14-cv-05344-BLF (PSG)

1026633

1 provided on the Northern District of California's website, this declaration is drafted so that it does
2 not contain confidential information and does not need to be filed under seal. *See*
3 http://www.cand.uscourts.gov/ecf/underseal.

4    10.    There is good cause to seal Exhibit A to the Cannon Declaration (ECF No. 183-5),
5 which reveals highly confidential details of Arista's proposed customer support plan, the rationale
6 behind the proposed plan, and the reasons why Arista believes its approach to customer support
7 differs from competitors and provides it with a competitive advantage.

8    11.    More specifically, Exhibit A, entitled "Customer Support and Operation Plan," is
9 an "Arista Internal Document" (or "AID") created by Arista's current Senior Vice President of
10 Customer Engineering. Access to Exhibit A is limited to Arista personnel, and Arista maintains
11 the document as highly confidential information. The document reveals details of non-public
12 research and development activities regarding the customer support offerings of Arista's
13 competitors, Arista's confidential assessments of the strengths and weaknesses of those offerings,
14 and Arista's own highly confidential strategy (and underlying rationale) for its service contract
15 pricing, the most advantageous warranty and support periods, the breadth of support that should
16 be provided by its support contracts, how Arista will handle trial periods, and Arista's proposed
17 approach to product warranties, repairs, support, returns (RMAs), and end-of-life policies. As the
18 document itself repeatedly notes, the plan sets forth proposals and the competitive rationale for
19 Arista's customer support plan, all of which is highly confidential competitive information to
20 Arista. Arista considers this information to provide it with substantial competitive advantages,
21 and believes that the public disclosure of such information would cause competitive harm to
22 Arista. Moreover, the details of Arista's customer support strategy are irrelevant to, and not
23 discussed in, Cisco's opposition brief. For these reasons, there is good cause to seal Exhibit A to
24 the Cannon Declaration under the standard applicable to non-dispositive motions.

25    12.    The highlighted portions of the unredacted copies of Cisco's opposition brief (ECF
26 No. 183-3) and Cisco's corrected opposition brief (ECF No. 185-3) do not reveal Arista's highly
27 confidential competitive information, and merely reflect Cisco's counsel's interpretation of the
28

3
DECLARATION OF EDUARDO E. SANTACANA IN SUPPORT OF
CISCO'S ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL (ECF NOS. 183 & 185)
Case No. 5:14-cv-05344-BLF (PSG)

1026633

1  document.  Arista does not seek to file the highlighted portions of Cisco's opposition brief and
2  corrected opposition brief under seal.

4        Executed February 12, 2016, at San Francisco, California.
5        I declare under penalty of perjury under the laws of the United States of America that the
6  foregoing is true and correct.

                Eduardo E. Santacana

1026633