| | |
|---|---|
| KEKER & VAN NEST LLP<br>ROBERT A. VAN NEST - # 84065<br>BRIAN L. FERRALL - # 160847<br>DAVID SILBERT - # 173128<br>MICHAEL S. KWUN - #198945<br>ASHOK RAMANI - # 200020<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone: (415) 391-5400<br>Email: rvannest@kvn.com;<br>bferrall@kvn.com; dsilbert@kvn.com;<br>mkwun@kvn.com, aramani@kvn.com | SUSAN CREIGHTON, SBN 135528<br>SCOTT A. SHER, SBN 190053<br>VICTORIA L. JEFFRIES,<br>*PHV To Be Submitted*<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>1700 K Street NW, Fifth Floor<br>Washington, D.C., 20006-3817<br>Telephone: (202) 973-8800<br>Email: screighton@wsgr.com;<br>ssher@wsgr.com; vjeffries@wsgr.com |

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK, *PHV To Be Submitted*
DAVID H. REICHENBERG, *PHV To Be Submitted*
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Email: jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>      Plaintiff,<br><br>    v.<br><br>ARISTA NETWORKS, INC.,<br><br>      Defendant. | Case No. 5:14-cv-05344-BLF (PSG)<br><br>**DEFENDANT ARISTA'S ADMINISTRATIVE MOTION TO FILE ALLEGEDLY PROTECTED MATERIAL UNDER SEAL PURSUANT TO LOCAL RULE 79.5(E)**<br><br>Judge: Hon. Beth Labson Freeman<br><br>Date Filed: December 5, 2014<br><br>Trial Date: November 21, 2016 |

Pursuant to Civil Local Rules 7-11 and 79-5(d)—and in accordance with its obligations under the Stipulated Protective Order—Defendant Arista Networks, Inc. ("Arista") respectfully files this administrative motion to seal.

Arista files this motion not because it believes the redacted document and excerpts are sealable under this Court's rules and precedent, but because Plaintiff Cisco Systems, Inc. ("Cisco") has designated them CONFIDENTIAL or HIGHLY CONFIDENTIAL under the Stipulated Protective Order.  (Indeed, as explained before and in the accompanying memorandum, Arista does not believe that these materials contain sensitive business information that would justify keeping them under seal.)  Specifically, that Order prevents Arista from filing the following portions of its reply brief in the public record until this Court has had a chance to assess whether they ought to be permanently sealed:

- In Arista's Reply Brief in support of its Motion for Leave to Amend Response to Add Counterclaims ("Reply Brief"), the redacted portions at 1:5–8, 3:2–6 and 4:23–27 contain excerpts from documents that Cisco has designated CONFIDENTIAL or HIGHLY CONFIDENTIAL ("Cisco Designated Material");
- Exhibit A to the Declaration of Andrea Nill Sanchez, which is Cisco Designated Material.

This administrative motion is based on the accompanying Memorandum of Points and Authorities and the Declaration of Nicholas D. Marais filed concurrently herewith.

A redacted version of Arista's Reply Brief is attached hereto and filed publicly. Unredacted versions of these documents will be conditionally filed under seal with the Court and served on counsel for Plaintiff.

1

DEFENDANT ARISTA'S ADMINISTRATIVE MOTION TO FILE ALLEGEDLY
PROTECTED MATERIAL UNDER SEAL PURSUANT TO LOCAL RULE 79.5(E)
Case No. 5:14-cv-05344-BLF (PSG)

1031384

## MEMORANDUM OF POINTS AND AUTHORITIES

In support of Arista's Reply Brief, it quotes and attaches as Exhibit A documents that Cisco has designated "HIGHLY CONFIDENTIAL." Arista files this administrative motion to seal because the Stipulated Protective Order ("SPO") requires that it do so,[1] but—as both the SPO and this district's local rules make clear—the burden falls on Cisco to "*establish*[] that *all* of the designated material is sealable." Civil L.R. 79-5(e)(1) (emphases added); *see also* SPO, § 14.4 ("Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.").

That burden is steep, because courts in the Ninth Circuit have a *strong* preference that the public should have access to their dockets:

> Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." ... This right is justified by the interest of citizens in "keep[ing] a watchful eye on the workings of public agencies." ... Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point.

*Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citations omitted) (alterations in original).

Courts in this district weigh sealing requests according to two different measures: "good cause" (for non-dispositive motions) and a stricter "compelling reasons" standard (for dispositive motions). In this case, different standards apply to different documents:

### A.     Compelling Reasons

Where Arista's Reply Brief quotes from documents that support and form part of Arista's proposed counterclaims (*see* Reply Brief at 3:2–6 and 4:23–27), those excerpts should not be sealed unless there are "***compelling reasons***" to keep them from the public. *In re NVIDIA Corp. Derivative Litig.*, No. C 06-06110 SBA, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008) ("[W]hen a plaintiff invokes the Court's authority by filing a complaint, the public has a right to know who is invoking it, and towards what purpose, and in what manner. Thus, the Court

---

[1] *See* Dkt. 53 (SPO), § 14.4 ("[A] party may not file in the public record in this action any Protected Material. A party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.").

2
DEFENDANT ARISTA'S ADMINISTRATIVE MOTION TO FILE ALLEGEDLY
PROTECTED MATERIAL UNDER SEAL PURSUANT TO LOCAL RULE 79.5(E)
Case No. 5:14-cv-05344-BLF (PSG)

concludes a request to seal all or part of a complaint must meet the 'compelling reasons' standard and not the 'good cause' standard."); *In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5366963, at *2 (N.D. Cal. Sept. 25, 2013) ("The Ninth Circuit has not explicitly stated the standard—good cause or compelling reasons—that applies to the sealing of a complaint, but this Court and other courts have held that the compelling reasons standard applies because a complaint is the foundation of a lawsuit.") (citations omitted). To demonstrate "compelling reasons" sufficient to outweigh the public's interest in disclosure, Cisco must show that "court files might have become a vehicle for improper purposes such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. ... The mere fact that production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (internal citations omitted).

As to those portions of Arista's Reply Brief that quote its proposed counterclaims—as with the counterclaims and their exhibits—Arista has previously set forth its position: none of those excerpts or documents constitute "sensitive financial, business, or commercial information;" nor do they rise to the level of "trade secrets"; nor are they privileged. They should not be shielded from the public. *See, e.g.*, Dkt. 162 (Arista's Jan. 25 Admin. Mot.), 3:1–5:2.

**B.    Good Cause**

By contrast, **Exhibit A** to the Declaration of Andrea Nill Sanchez—and related quotations in Arista's Reply Brief (*see* Reply Brief at 1:5–9)—do not form part of Arista's counterclaims. Instead, they form part of a non-dispositive motion (Arista's Motion for Leave) and must meet the Rule 26 "***good cause***" standard.[2] The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (internal quotation marks and citation omitted); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d

---

[2] For this reason, Arista needs to meet only the "good cause" standard to justify sealing its own documents, which Cisco filed under seal in connection with its opposition brief. *See generally* Dkt. 190 (Declaration of Eduardo Santacana) at 2 n.1.

3
DEFENDANT ARISTA'S ADMINISTRATIVE MOTION TO FILE ALLEGEDLY
PROTECTED MATERIAL UNDER SEAL PURSUANT TO LOCAL RULE 79.5(E)
Case No. 5:14-cv-05344-BLF (PSG)

1031384

1  470, 476 (9th Cir. 1992) ("Broad allegations of harm, unsubstantiated by specific examples or

2  articulated reasoning, do not satisfy the Rule 26(c) test.").

3       Arista takes no position as to whether Exhibit A can or should be sealed, but notes again

4  that, under even the most liberal tests, documents should only ever be sealed if they are

5  "privileged, protectable as a trade secret or otherwise entitled to protection under the law"—and

6  even then, "[t]he request must be narrowly tailored to seek sealing *only* of sealable material."

7  Civil L.R. 79-5(b) (emphasis added).[3]

9  Dated: February 16, 2016            Respectfully submitted,

11                           KEKER & VAN NEST LLP

12                           WILSON SONSINI GOODRICH & ROSATI

14                           By: */s/ Robert A. Van Nest*
                               ROBERT A. VAN NEST

16                           Attorneys for Defendant
17                           ARISTA NETWORKS, INC.

---

[3] When the parties negotiated the stipulated protective order, they agreed that a CONFIDENTIAL designation was only appropriate for documents that "contain trade secrets, proprietary research, development, and/or technical information that is not publicly available; sensitive financial, business, or commercial information that is not publicly available; and other information required by law or agreement to be kept confidential." SPO, § 2.2. The standard for "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material is stricter: "extremely sensitive 'Confidential Information or Items' that [are] highly proprietary or highly sensitive such that disclosure could harm the competitive interests of the Producing Party or a Non-Party that provided the information to the Producing Party on a confidential basis." *Id.* at § 2.7.

4
DEFENDANT ARISTA'S ADMINISTRATIVE MOTION TO FILE ALLEGEDLY
PROTECTED MATERIAL UNDER SEAL PURSUANT TO LOCAL RULE 79.5(E)
Case No. 5:14-cv-05344-BLF (PSG)

1031384