| | |
|---|---|
| KEKER & VAN NEST LLP | SUSAN CREIGHTON, SBN 135528 |
| ROBERT A. VAN NEST - # 84065 | SCOTT A. SHER, SBN 190053 |
| BRIAN L. FERRALL - # 160847 | VICTORIA L. JEFFRIES, |
| DAVID SILBERT - # 173128 | *PHV To Be Submitted* |
| MICHAEL S. KWUN - #198945 | WILSON SONSINI GOODRICH & ROSATI |
| ASHOK RAMANI - # 200020 | Professional Corporation |
| 633 Battery Street | 1700 K Street NW, Fifth Floor |
| San Francisco, CA 94111-1809 | Washington, D.C., 20006-3817 |
| Telephone:   (415) 391-5400 | Telephone:  (202) 973-8800 |
| Email:  rvannest@kvn.com; | Email:  screighton@wsgr.com; |
| bferrall@kvn.com; dsilbert@kvn.com; | ssher@wsgr.com; vjeffries@wsgr.com |
| mkwun@kvn.com, aramani@kvn.com | |

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK, *PHV To Be Submitted*
DAVID H. REICHENBERG,
*PHV To Be Submitted*
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARISTA NETWORKS, INC., <br><br> Defendant. | Case No. 5:14-cv-05344-BLF (PSG) <br><br> **REPLY BRIEF IN SUPPORT OF ARISTA NETWORKS, INC.'S MOTION FOR LEAVE TO AMEND RESPONSE TO ADD COUNTERCLAIMS** <br><br> Date:         February 25, 2016 <br> Time:        9:00 a.m. <br> Judge:       Hon. Beth Labson Freeman <br><br> Date Filed: December 5, 2014 <br> Trial Date:  November 21, 2016 <br><br> **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |

REPLY BRIEF IN SUPPORT OF ARISTA NETWORKS, INC.'S MOTION FOR LEAVE TO AMEND
RESPONSE TO ADD COUNTERCLAIMS
Case No. 5:14-cv-05344-BLF (PSG)

1025221

I.  **INTRODUCTION**

Cisco's complaint that permitting Arista's antitrust counterclaims into this case would impose a "clearly prejudicial" schedule adjustment is belied by Cisco's actions. There is no dispute that Cisco knew about Arista's alleged copyright violations for *over six years* but, instead of acting to vindicate its rights, Cisco sat on them. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Nill Sanchez Decl. Ex. A. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *Id*. Thus, Cisco cannot now be heard to claim prejudice.

Arista has worked diligently to understand, substantiate, and file its counterclaims. It was impossible for Arista to "reasonably foresee[]" that documents Cisco turned over as recently as *November* would reveal a monopolistic scheme crafted to shut out competitors and punish its own customers. Once Arista found and reviewed these documents—from among the *millions* of pages Cisco has produced—it immediately investigated these allegations, satisfied its Rule 11 obligations, and diligently sought leave to file its antitrust counterclaims.

Judicial economy would suggest that Arista's claims proceed in this case as counterclaims, particularly given the overlap with Arista's defenses to Cisco's copyright cause of action. Or, if the Court prefers, Arista can file its counterclaims in a separate action, as Cisco urges. Either way, the claims should proceed on the merits.

II.  **ARGUMENT**

Arista has met all three of the good-cause requirements: (1) modification of the scheduling order is necessary "because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference," (2) Arista diligently sought to amend "once it became apparent that it could not comply with the order," and (3) Arista has diligently assisted the Court in creating a workable Rule 16 order.[1] *See Clear-View*

---

[1] Once a court determines that the Rule 16 "good cause" standard is met, it "will then consider the permissibility of amendment under Rule 15." *Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 13-CV-03999-BLF, 2014 WL 6626227, at *2 (N.D. Cal. Nov. 20, 2014) (citation omitted). Because Cisco relies exclusively on Rule 16, Arista rests on its discussion of Rule 15 in its opening brief.

1
REPLY BRIEF IN SUPPORT OF ARISTA NETWORKS, INC.'S MOTION FOR LEAVE TO AMEND
RESPONSE TO ADD COUNTERCLAIMS
Case No. 5:14-cv-05344-BLF (PSG)

1025221

*Techs., Inc. v. Rasnick*, No. 13-CV-02744-BLF, 2014 WL 4370809, at *2 (N.D. Cal. Sept. 3, 2014) (internal quotation marks and citation omitted).

### A. Arista discovered information documenting Cisco's monopolistic scheme that it could not have reasonably foreseen at the time of the Rule 16 conference.

The parties submitted their proposed scheduling order on May 29, 2015, Dkt. 50, and this Court entered the order on June 1. Dkts. 50–51. Arista could not have reasonably foreseen at that early stage what subsequent discovery would later reveal. Specifically, Arista learned of a deliberate scheme undertaken by Cisco to maintain its monopoly power by: (1) *promoting reliance* on CLI commands as the "industry standard," *see* Countercls. ¶¶ 25, 74 (citing Exs. D, G); (2) *profiting from the effects* of inducing the industry into acquiescence, *see* Countercls. ¶ 80 (citing Ex. H); and (3) *capitalizing on the "barrier to entry"* it created by reneging on its former representations, *see* Countercls. ¶¶ 3, 19, 27, 120 (citing Exs. A, B, E, F). It is true that, since the inception of the case, Arista has asserted that CLI commands are the "industry standard" and that "Cisco [previously] never suggested that it claimed copyright protection" in them, *see* Dkt. 36 at 1, but it was not until Arista began reviewing Cisco's recently-produced documents that it learned that the industry's reliance on CLI commands, together with Cisco's decade-long lag in claiming exclusive rights to them, was neither accidental nor fortuitous.

As Cisco itself notes, the parties have "*produced millions of pages of documents.*" *See* Dkt. 186 at 3 (emphasis added). Cisco's opposition neglects to mention that it did not even produce the relevant documents cited by the counterclaims until July 21, 2015 and that it has produced a total of over 350,000 documents, amounting to millions of pages.[2] *See* Nill Sanchez Decl. ¶¶ 3, 5. Cisco's opposition also omits the fact that it did not produce several of the documents relied on by the counterclaims until *after* the close of the pleading amendment

---

[2] Cisco's argument that several of the exhibits on which Arista relies were produced in related ITC proceedings fails. Cisco's opposition ignores the previously established—and determinative—fact that those documents cannot be used in any other action. *See* Dkt. 163 at 5 n.2. Even if that were not the case, it would be unreasonable to expect Arista's present counsel to wade through the over 180,000 documents—totaling over one million pages—from ITC investigations that have nothing to do with CLI commands. Nill Sanchez Decl. ¶ 3.

2
REPLY BRIEF IN SUPPORT OF ARISTA NETWORKS, INC.'S MOTION FOR LEAVE TO AMEND
RESPONSE TO ADD COUNTERCLAIMS
Case No. 5:14-cv-05344-BLF (PSG)

1025221

deadline.³  *Id.* at ¶ 6.  Nor does Cisco's response account for the significance of those documents. For example, Exhibit G to the counterclaims—produced in late October—▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  *See* Countercls. ¶ 74; *see also* Nill Sanchez Decl. ¶ 6.  A▮▮▮▮▮▮▮▮▮▮▮▮▮▮—also produced after the amendment deadline—▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Countercls. ¶ 80; *see also* Nill Sanchez Decl. ¶ 6.  Meanwhile, Cisco still claims that the Exhibits are *non-public* and confidential, thereby effectively conceding that Arista could not reasonably have figured out the information contained therein before the September cutoff.  *See* Dkt. 178 at 5, 8.

The mere filing of Cisco's lawsuit on December 5, 2014 was insufficient to provide a "readily apparent" basis for Arista's counterclaims.  *See* Dkt. 186 at 7.  At the time, Arista did not have access to discovery demonstrating that Cisco was engaging in a deliberate course of exclusionary conduct.  Likewise, only when Arista had the opportunity to review the documents that Cisco began producing in late July did it have reason to connect Cisco's SMARTnet bundling practices to an expansive and deliberate anticompetitive campaign.

**B.    Arista diligently investigated the facts underlying its claims and promptly sought to amend the scheduling order.**

Upon discovery of the material documents, antitrust counsel promptly made appearances of record on behalf of Arista and investigated potential antitrust counterclaims.  Dkt. No. 163-2. ¶ 6. Once that investigation confirmed antitrust violations, Arista drafted and filed the instant motion, along with its proposed counterclaims.  *Id.*  In contrast, to satisfy Cisco's unrealistic notion of "diligence," Arista would have had to review an average of 3,750 documents per day (totaling over one million pages), identify the key excerpts, investigate the theories at issue here, and prepare its counterclaims all over the course of *less than two months,* a claim that is ironic in light of Cisco's six-year wait in bringing its copyright claims.  *See* Nill Sanchez Decl. ¶ 4.

Moreover, Rule 11(b) imposes an obligation on counsel to file pleadings and motions that

---

³ As to the documents that the counterclaims rely on that were produced *before* the September 7 deadline, Arista did not discover them until November, despite its best efforts.  Dkt. No. 163-2 ¶ 4.

3
REPLY BRIEF IN SUPPORT OF ARISTA NETWORKS, INC.'S MOTION FOR LEAVE TO AMEND
RESPONSE TO ADD COUNTERCLAIMS
Case No. 5:14-cv-05344-BLF (PSG)

1025221

contain claims "warranted by existing law" and factual contentions at least likely to have "evidentiary support." As the counterclaims' detailed allegations illustrate, Arista painstakingly investigated and confirmed its allegations, which requires substantial time and effort even after discovering the evidence. This is not a case in which a party has "fail[ed] to heed repeated signals," "wait[ed] until the eleventh hour for tactical reasons," or "act[ed] carelessly or in bad faith." *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944-SC, 2014 WL 4954634, at *2 (N.D. Cal. Oct. 1, 2014) (internal citation and quotation marks omitted).

### C. Arista diligently assisted the Court in creating a workable schedule.

Cisco argues that there is no "good explanation" for why it did not disclose its intentions to file counterclaims while negotiating an Amended Scheduling Order. Dkt. 186 at 9. This argument makes no practical sense, for three reasons.

*First*, at the time of the Amended Scheduling Order, Arista had not finalized its counterclaims or decision to seek leave, and Cisco cannot reasonably believe that its adversary ought to have "mention[ed] that they might want to bring antitrust counterclaims." *Id.* at 8. *Second*, knowledge of Arista's potential counterclaims would not have changed the outcome because the schedule negotiations were dictated by the trial date the Court provided for the copyright and patent claims, regardless of whether Arista's motion for leave had yet been filed, let alone granted by the Court. *Finally*, it is unreasonable to think that Cisco would have agreed to some alternative schedule if Arista had only mentioned that it "might want to bring counterclaims" before seeing the counterclaims themselves.

### D. Cisco will suffer no prejudice given the evidentiary overlap and various options for trying Arista's counterclaims.

What Cisco decries as "severe[] prejudice[e]" is in reality just inconvenience, as illustrated by the tardiness with which Cisco has prosecuted its own case. ████████ ████████████████████████████████████████████████████ Countercls. ¶ 80, and yet proceeded to wait *six years* before asserting any copyright claims. As recently as 2012, ████ ████████████████████████████████████████████████████████████ ████████. *See* Nill Sanchez Decl. Ex. A.

4
REPLY BRIEF IN SUPPORT OF ARISTA NETWORKS, INC.'S MOTION FOR LEAVE TO AMEND
RESPONSE TO ADD COUNTERCLAIMS
Case No. 5:14-cv-05344-BLF (PSG)

There are a variety of avenues available to the parties and the Court to ensure that Cisco will suffer no prejudice from Arista's amendment.

*First*, as Arista's motion for leave proposes, the Court could combine all of the claims in this action to promote judicial efficiency, given that there is considerable overlap between Cisco's claims and aspects of Arista's counterclaims. Some of the discovery already conducted will be relevant to both sides' claims, as will discovery that has yet to take place. *Compare, e.g.* SAC ¶ 6 *with* Countercls. ¶ 25; SAC Answer at 11-12 *with* Countercls. ¶ 76. This option is neither prejudicial nor unfair given Cisco's decision not to pursue these claims for so long. Given the overlap with the copyright issues already in the case, Arista believes that the addition of the counterclaims would add only a few days to the length of trial; therefore, if the Court could identify a window for trial in mid-2017 (even if double-set), any prejudice to Cisco would be reduced even further.

*Second*, Arista remains amenable to the Court setting its antitrust claims on a separate case schedule and trial. However, Arista respects this Court's view that judicial efficiency may require a single, joint trial. *See* Hr'g Tr. 18:6–7 Jan. 28, 2016.

*Third*, Arista remains willing to file these claims as a separate action that should be related back to this case for discovery and case-management purposes. In response to an inquiry from Arista, Cisco has just confirmed that it would not challenge that action as a compulsory counterclaim or raise any protective-order objection by virtue of use of documents produced in this action. Nill Sanchez Decl. Ex. B.

Ultimately, the *prejudice* that *Arista* would suffer from not being able to hold Cisco accountable for its monopolistic, anticompetitive conduct far outweighs the *inconvenience* that *Cisco* would experience by allowing Arista to proceed with its counterclaims.

## III.   CONCLUSION

In light of the recent and unforeseeable discovery of Cisco's anticompetitive campaign, Arista has demonstrated diligence in creating a workable Rule 16 order and seeking leave to amend its answer to the add counterclaims. Because Arista has shown "good cause," and because Cisco will suffer no prejudice as a result of Arista's amendment, the motion should be granted.

5

REPLY BRIEF IN SUPPORT OF ARISTA NETWORKS, INC.'S MOTION FOR LEAVE TO AMEND RESPONSE TO ADD COUNTERCLAIMS
Case No. 5:14-cv-05344-BLF (PSG)

1025221

Dated: February 16, 2015

Respectfully submitted,

KEKER & VAN NEST LLP

WILSON SONSINI GOODRICH & ROSATI

By: */s/ Robert A. Van Nest*
ROBERT A. VAN NEST

Attorneys for Defendant and Counterclaimant
ARISTA NETWORKS, INC.

6
REPLY BRIEF IN SUPPORT OF ARISTA NETWORKS, INC.'S MOTION FOR LEAVE TO AMEND
RESPONSE TO ADD COUNTERCLAIMS
Case No. 5:14-cv-05344-BLF (PSG)

1025221