UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS INC,<br><br>  Plaintiff,<br><br>  v.<br><br>ARISTA NETWORKS, INC.,<br><br>  Defendant. | Case No. 14-cv-05344-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO SEAL**<br><br>[Re: ECF 162] |

Before the Court is Defendant's administrative motion to file under seal portions and exhibits in connection with Defendant's Motion for Leave to Amend Response to Add Counterclaims. ECF 162. For the reasons stated below, the motion is GRANTED IN PART and DENIED IN PART.

I.  **LEGAL STANDARD**

Unless a particular court record is one 'traditionally kept secret,'" a "strong presumption in favor of access" to judicial records "is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal judicial records relating to a dispositive motion bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79. This standard is invoked "even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1179 (citing *Foltz*, 331 F.3d at 1136). Compelling reasons for sealing court files generally exist when such "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade

secrets." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.

In this District, parties seeking to seal judicial records must furthermore follow Civil Local Rule 79-5, which requires, *inter alia*, that a sealing request be "*narrowly tailored* to seek sealing *only* of sealable material." Civil L.R. 79-5(b) (emphasis added). Where the submitting party seeks to file under seal a document designated confidential by another party, the burden of articulating compelling reasons for sealing is placed on the designating party. *Id.* 79-5(e).

## II.  DISCUSSION

The Court has reviewed Defendant's sealing motion and the parties' respective declarations in support thereof. The Court finds the parties have articulated compelling reasons to seal certain portions of most of the submitted documents. The proposed redactions are also narrowly tailored. Consistent with the declaration submitted by Cisco, the designating party, the Court's rulings on the sealing request are set forth in the tables below:

| Identification of Documents to be Sealed | Description of Documents | Court's Order |
|---|---|---|
| Arista's Brief p. 1 ln. 10-11 | Quotes CSI-CLI-01335895; Contains Cisco's assessment of marketplace, its product development, marketing plans, marketplace predictions; Disclosure would result in competitive injury | GRANTED |
| Arista's Brief: p. 1 ln. 12-14, p. 2 ln. 11-12, p. 2 ln. 13-14 | Quotes Exhibit A, internal Cisco business communication containing Cisco's assessment of the marketplace and strategies for marketing its products; Disclosure would give competitors "roadmap" to Cisco's marketing strategies | GRANTED |
| Arista's Brief p. 2 ln. 19-20 ("internally, Cisco . . . relevant market") | Arista attorney argument | DENIED |

2

| | | |
|---|---|---|
| Exhibit 1 (Arista's Response to Cisco's Second Amended Complaint; Arista's Counterclaims for Antitrust and Unfair Competition)<br><br>p. 13 ln. 12 ("Cisco knows what is at stake.") | Arista attorney argument | DENIED |
| Exhibit 1 p. 13 ln. 12-14 | Quotes CSI-CLI-01335895; Contains Cisco's assessment of marketplace, its product development, marketing plans, marketplace predictions; Disclosure would result in competitive injury | GRANTED |
| Exhibit 1 p. 13 ln. 15-16 | Quotes Exhibit A, internal Cisco business communication containing Cisco's assessment of the marketplace and strategies for marketing its products; Disclosure would give competitors "roadmap" to Cisco's marketing strategies | GRANTED |
| Exhibit 1 p. 16 ln. 18 ("Cisco's own . . . to Cisco.") | Arista attorney argument | DENIED |
| Exhibit 1:<br>p. 16 ln. 18-21, p. 17 at ln. 9-11 | Quotes Exhibit C; Contains Cisco's confidential internal business communication regarding its product development plans, marketing strategies, and market assessment; Disclosure would lead to competitive harm | GRANTED |
| Exhibit 1 p. 16 ln. 21-23 ("As one . . . treads nearby."); personal email addresses | Quotes Exhibit B; Contains personal communication between Cisco employee and departing employee, including personal email addresses | GRANTED IN PART as to the personal email addresses; DENIED IN PART to the remaining content of the communication |
| Exhibit 1 p. 17 ln. 11-12 ("That strategy . . . in 2014.") | Arista attorney argument | DENIED |
| Exhibit 1 p. 18 ln. 9-10 | Cites unidentified Cisco documents and designated by Cisco as confidential | DENIED because supporting declaration did not provide any reasons to seal |
| Exhibit 1 p. 18 ln. 15-17 ("As Cisco's . . . into scripts.") | Quotes Exhibit D, a public document | DENIED |

3

| | | |
|---|---|---|
| Exhibit 1 p. 18 ln. 18 ("This was no accident.") | Arista attorney argument | DENIED |
| Exhibit 1 p. 19 ln. 10 ("Cisco knew that its") | Arista attorney argument | DENIED |
| Exhibit 1:<br>p. 19 ln. 12-14, p. 19 ln. 17-18 | Quotes Exhibit F; Contains Cisco's confidential internal business communication regarding Cisco's product marketing and how Cisco's products differ from competitors; Disclosure would result in competitive harm to Cisco | GRANTED |
| Exhibit 1 p. 19 ln. 14-17 ("And Cisco . . . Cisco environments.") | Quotes Exhibit E, a public document. | DENIED. |
| Exhibit 1 p. 19 ln. 19 ("those") | Arista attorney argument. | DENIED |
| Exhibit 1 p. 21 ln. 4 ("barrier to entry") | Arista attorney argument. | DENIED |
| Exhibit 1 p. 21 ln. 23-24 | Quotes Exhibit F; Contains Cisco's confidential internal business communication regarding Cisco's product marketing and how Cisco's products differ from competitors; Disclosure would result in competitive harm to Cisco | GRANTED |
| Exhibit 1 p. 22 ln. 3-5 | Quotes Exhibit A, internal Cisco business communication containing Cisco's assessment of the marketplace and strategies for marketing its products; Disclosure would give competitors "roadmap" to Cisco's marketing strategies | GRANTED |
| Exhibit 1 p. 22 ln. 5 ("Below is . . . is aware.") | Arista attorney argument. | DENIED |
| Exhibit 1 p. 29 ln. 18-23 | Arista attorney argument and quotations from Exhibit D, a public document. | DENIED |

4

| | | |
|---|---|---|
| Exhibit 1 p. 30 ln. 2 | Quotes Exhibit A, internal Cisco business communication containing Cisco's assessment of the marketplace and strategies for marketing its products; Disclosure would give competitors "roadmap" to Cisco's marketing strategies | GRANTED |
| Exhibit 1 p. 31 ln. 19-20 | Cites unidentified Cisco documents and designated by Cisco as confidential | DENIED because supporting declaration did not provide any reasons to seal |
| Exhibit 1 p. 32 ln. 3-5 | Quotes Exhibit G; Contains Cisco business communication regarding an internal analysis of its product development plans relating to Cisco's IOS software; disclosure would result in competitive harm | GRANTED |
| Exhibit 1 p. 34 ln.11 ("Cisco was . . . rival firms.") | Arista attorney argument | DENIED |
| Exhibit 1 p. 34 ln. 11-13 | Quotes CSI-CLI-01133437; Contains internal communication between Engineers at Cisco discussing merits of Cisco's products; Disclosure would result in competitive harm to Cisco | GRANTED |
| Exhibit 1 p. 34 ln. 13-14 ("Arista was . . . also knew.") | Arista attorney argument | DENIED |
| Exhibit 1 p. 34 ln. 14-15 | Quotes Exhibit H; Contains Cisco's confidential internal business communication regarding an internal assessment of Arista's products and Arista's development strategies; Disclosure would result in competitive harm | GRANTED |
| Exhibit 1 p. 34 ln. 16-18 ("Cisco also . . . engineering awareness.") | Apparently quotes Arista public documents | DENIED |
| Exhibit 1 p. 34 ln. 19-20 ("Not only . . industry-standard CLI.") | Arista attorney argument | DENIED |

| | | |
|---|---|---|
| Exhibit 1 p. 35 ln. 7 ("as Cisco knew") | Arista attorney argument | DENIED |
| Exhibit 1 p. 35 ln. 23 ("Not only . . . show that") | Arista attorney argument | DENIED |
| Exhibit 1 p. 38 ln. 2-3 ("Cisco's internal . . . its conduct") | Arista attorney argument | DENIED |
| Exhibit 1 p. 39 ln. 28 to p. 40 ln. 1 ("It explicitly . . . company documents.") | Arista attorney argument | DENIED |
| Exhibit 1 p. 43 ln. 16-17 | Quotes CSI-CLI-01335895; Contains Cisco's assessment of marketplace, its product development, marketing plans, marketplace predictions; Disclosure would result in competitive injury | GRANTED |
| Exhibit 1 p. 43 ln. 24 ("as Cisco . . . its documents") | Arista attorney argument. | DENIED |
| Exhibit 1 p. 44 ln. 18 ("huge investment . . . described it") | Quotes Exhibit D, a public document | DENIED |
| Exhibit 1 p. 46 ln. 9-11 | Quotes Exhibit F; Contains Cisco's confidential internal business communication regarding Cisco's product marketing and how Cisco's products differ from competitors; Disclosure would result in competitive harm to Cisco | GRANTED |
| Exhibit 1 p. 46 ln. 13 ("those barriers to entry") | Arista attorney argument. | DENIED |
| Exhibit 1 p. 47 ln. 3-5 | Quotes Exhibit A, internal Cisco business communication containing Cisco's assessment of the marketplace and strategies for marketing its products; Disclosure would give competitors "roadmap" to Cisco's marketing strategies | GRANTED |
| Exhibit 1 p. 48 ln. 3-4 ("As one . . . treads nearby.") | Quotes Exhibit B; Contains personal communication between Cisco employee and | DENIED |

| | | |
|---|---|---|
| | departing employee. | |
| Exhibit 1 p. 48 ln. 27-28 | Quotes Exhibit A, internal Cisco business communication containing Cisco's assessment of the marketplace and strategies for marketing its products; Disclosure would give competitors "roadmap" to Cisco's marketing strategies | GRANTED |
| Exhibit 1 p. 49 ln. 22 ("As Cisco knew") | Arista attorney argument. | DENIED |
| Exhibit A to Arista's Counterclaims ("Exhibit A") in its entirety | Contains confidential internal Cisco business communication containing Cisco's assessment of the marketplace and strategies for marketing its products; Disclosure would give competitors "roadmap" to Cisco's marketing strategies | GRANTED |
| Exhibit B to Arista's Counterclaims ("Exhibit B"); Personal e-mail addresses | Personal privacy. | GRANTED |
| Exhibit B to Arista's Counterclaims ("Exhibit B"); All other content | Non-confidential personal communication. See paragraph 12 below. | DENIED |
| Exhibit C to Arista's Counterclaims ("Exhibit C") | Contains Cisco's confidential internal business communication regarding its product development plans, marketing strategies, and market assessment; Disclosure would lead to competitive harm | GRANTED |
| Exhibit D to Arista's Counterclaims ("Exhibit D") | Public document | DENIED |
| Exhibit E to Arista's Counterclaims ("Exhibit E") | Public document | DENIED |
| Exhibit F to Arista's Counterclaims ("Exhibit F") | Contains Cisco's confidential internal business communication regarding Cisco's product marketing and how Cisco's products differ | GRANTED |

7

| | | |
|---|---|---|
| | from competitors; Disclosure would result in competitive harm to Cisco | |
| Exhibit G to Arista's Counterclaims ("Exhibit G") | Contains Cisco business communication regarding an internal analysis of its product development plans relating to Cisco's IOS software; disclosure would result in competitive harm | GRANTED |
| Exhibit H to Arista's Counterclaims ("Exhibit H") | Contains Cisco's confidential internal business communication regarding an internal assessment of Arista's products and Arista's development strategies; Disclosure would result in competitive harm | GRANTED |

### III.   ORDER

For the foregoing reasons, the sealing motion at ECF 162 is GRANTED IN PART and DENIED IN PART. Under Civil Local Rule 79-5(e)(2), for any request that has been denied because the party designating a document as confidential or subject to a protective order has not provided sufficient reasons to seal, the submitting party must file the unredacted (or lesser redacted) documents into the public record no earlier than 4 days and no later than 10 days form the filing of this order.

**IT IS SO ORDERED.**

Dated: February 17, 2016

_____
BETH LABSON FREEMAN
United States District Judge