1

2

3                          **UNITED STATES DISTRICT COURT**

4                        **NORTHERN DISTRICT OF CALIFORNIA**

5                                **SAN JOSE DIVISION**

6

7    CISCO SYSTEMS INC,                           Case No.  14-cv-05344-BLF

                    Plaintiff,
8

9           v.                                    **ORDER DENYING DEFENDANT'S
                                                  MOTION TO SEAL**
10   ARISTA NETWORKS, INC.,
                                                  [Re:  ECF 180]
     Defendant.
11

12

13          Before the Court is Defendant's administrative motion to file under seal portions of

14   Defendant's Supplemental Proposed Discovery Plan.  ECF 180.  For the reasons stated below, the

15   motion is DENIED.

16   **I.    LEGAL STANDARD**

17          Unless a particular court record is one 'traditionally kept secret,'" a "strong presumption in

18   favor of access" to judicial records "is the starting point."  *Kamakana v. City & Cnty. of Honolulu*,

19   447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d

20   1122, 1135 (9th Cir. 2003)).  A party seeking to seal judicial records relating to a dispositive

21   motion bears the burden of overcoming this presumption by articulating "compelling reasons

22   supported by specific factual findings that outweigh the general history of access and the public

23   policies favoring disclosure."  *Id.* at 1178-79.  This standard is invoked "even if the dispositive

24   motion, or its attachments, were previously filed under seal or protective order."  *Id.* at 1179

25   (citing *Foltz*, 331 F.3d at 1136).  Compelling reasons for sealing court files generally exist when

26   such "'court files might have become a vehicle for improper purposes,' such as the use of records

27   to gratify private spite, promote public scandal, circulate libelous statements, or release trade

28   secrets."  *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  However,

United States District Court
Northern District of California

1    "[t]he mere fact that the production of records may lead to a litigant's embarrassment,

2    incrimination, or exposure to further litigation will not, without more, compel the court to seal its

3    records." *Kamakana*, 447 F.3d at 1179.

4         In this District, parties seeking to seal judicial records must furthermore follow Civil Local

5    Rule 79-5, which requires, *inter alia*, that a sealing request be "*narrowly tailored* to seek sealing

6    *only* of sealable material." Civil L.R. 79-5(b) (emphasis added). Where the submitting party

7    seeks to file under seal a document designated confidential by another party, the burden of

8    articulating compelling reasons for sealing is placed on the designating party. *Id.* 79-5(e).

9    **II.   DISCUSSION**

10        Defendant moves to seal portions of its Supplemental Proposed Discovery Plan because of

11   its reference to deposition transcripts that are marked confidential by Plaintiff. Declaration of

12   Eduardo Santacana, ECF 180-1. As the designating party, Plaintiff filed a declaration indicating

13   that the statements sought to be sealed by Defendant are attorney argument rather than witness

14   testimony or confidential information. Declaration of Matthew Cannon, ECF 189. As a result,

15   Plaintiff does not seek sealing of those statements. *Id*. Accordingly, the Court DENIES

16   Defendant's motion to seal.

17   **III.   ORDER**

18        For the foregoing reasons, the sealing motion at ECF 180 is DENIED. Under Civil Local

19   Rule 79-5(e)(2), for any request that has been denied because the party designating a document as

20   confidential or subject to a protective order has not provided sufficient reasons to seal, the

21   submitting party must file the unredacted (or lesser redacted) documents into the public record no

22   earlier than 4 days and no later than 10 days form the filing of this order.

23        **IT IS SO ORDERED.**

24   Dated: February 17, 2016

25                                              _____
                                                BETH LABSON FREEMAN
26                                              United States District Judge

27

28

United States District Court
Northern District of California

2