# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS INC,<br><br>Plaintiff,<br><br>v.<br><br>ARISTA NETWORKS, INC.,<br><br>Defendant. | Case No. 14-cv-05344-BLF<br><br>**ORDER REGARDING DEFENDANT ARISTA'S SUPPLEMENTAL PROPOSED DISCOVERY PLAN**<br><br>[Re: ECF 181] |

Before the Court is Defendant Arista Networks, Inc.'s supplemental proposed discovery plan. ECF 181. On December 4, 2015, the Court allowed the parties to conduct up to twenty depositions total plus 30(b)(6) depositions. ECF 137. That order was without prejudice to Arista seeking additional discovery upon a showing of good cause. *Id*. On January 28, 2016, the Court held a case management conference during which Arista sought an additional twenty depositions per side, for a total of forty depositions per side. ECF 161 at 2. Pursuant to the Court's request, on February 5, 2016, Arista filed a supplemental proposed discovery plan explaining its reasons for needing an additional twenty depositions. ECF 181. On February 16, 2016, Plaintiff Cisco Systems Inc. filed its opposition. ECF 197.

## I. BACKGROUND

As of February 5, 2016, Arista has conducted the following five depositions of individuals who authored Cisco's CLI command expressions: (1) Anthony Li; (2) Tong Liu; (3) Kirk Lougheed; (4) Abhay Roy; and (5) Terry Slattery. Mot. 2-3, ECF 181. Arista also deposed Jung Tjong, one of the named inventors of the '886 patent and Jeffrey Wheeler, one of the named inventors of the '526 patent. *Id*. at 3. Arista also noticed an additional eleven depositions. *Id*. at 4. Four of these depositions involve CLI authors: (1) Ram Kavasseri; (2) Pedro Marques; (3)

1  Devadas Patil; and (4) Gregory Satz. *Id.* Six of the noticed depositions involve competitors: (1)
2  Avaya; (2) Brocade; (3) Dell; (4) Juniper Networks; (5) Hewlett-Packard; and (6) Lenovo. *Id.*
3  The final noticed deposition involves Stanford University, Cisco founder Kirk Lougheed's former
4  place of employment. *Id.*

5        Arista now seeks to increase the number of depositions by an additional twenty
6  depositions. Mot., ECF 180-4. According to Arista, it would use its remaining depositions to
7  depose the following twenty-two individuals: (1) nine individuals from a list of eighteen CLI
8  authors; (2) Fred Baker, the former Chair of the Internet Engineering Task Force and a Cisco
9  employee who has written several industry standards; (3) Phillip Remaker, an individual who
10 played a substantial role in developing Cisco's CLI command expressions; (4) three competitors
11 that use a command line interface; (5) two additional named patent inventors, one from the '886
12 patent and one from the '526 patent; (6) two to three individuals who were on Cisco's internal
13 teams devoted to competing with Arista; (7) one to two sales and marketing individuals related to
14 Cisco's alleged lost sales; and (8) two Cisco personnel who are knowledgeable about Cisco's
15 products Tail-f and Network Compliance Manager. *Id.* at 5-7.

16 **II.   LEGAL STANDARDS**

17       Under Fed. R. Civ. P. 30(a)(2), parties are limited to ten depositions per side but Fed. R.
18 Civ. P. 26(b)(2) provides that "the court may alter the limits…on the number of depositions
19 [allowed] under Rule 30." A party seeking to exceed the presumptive number of depositions must
20 make a particularized showing of the need for additional discovery. *Century Aluminum Co. v.*
21 *AGCS Marine Ins. Co.*, Case No. 11-cv-02514-YGR(NC), 2012 WL 2357446, at *2 (N.D. Cal.
22 June 14, 2012).

23       In determining whether to increase the number of depositions, the Court considers whether
24 (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some
25 other source that is more convenient, less burdensome, or less expensive; (2) the party seeking
26 discovery has had ample opportunity by discovery in the action to obtain the information sought;
27 or (3) the proposed discovery is outside the scope permitted by Rule 26(b)(1). Fed. R. Civ. P.
28 26(b)(2). Rule 26(b)(1) allows parties to "obtain discovery regarding any nonprivileged matter

that is relevant to any party's claim or defense and proportional to the needs of the case…" Fed. R. Civ. P. 26(b)(1).

## III. DISCUSSION

### A. Additional CLI Authors

Arista seeks to depose nine additional CLI authors from a list of eighteen individuals. Mot.5, ECF 180-4. According to Arista, it expects each author will testify about the commands they authored and whether those commands stem from industry standards, common usage, or software systems that pre-date Cisco's founding. *Id*. Arista also believes that some authors may deny Cisco's claims that they authored certain commands. *Id*. Cisco argues that Arista's request is cumulative and of little relevance. Opp. 3, ECF 196-2.

The Court finds Arista has failed to show a particularized need to depose nine additional CLI authors. Arista has already deposed five CLI authors and noticed depositions for four additional CLI authors. While Arista has explained what it hopes to obtain from deposing an additional nine CLI authors, Arista has not shown how these depositions are not duplicative and cumulative of the information it obtained from the five depositions it already conducted and the four depositions it will conduct of CLI authors. Accordingly, the Court DENIES Arista's request to take an additional nine depositions.

### B. Fred Baker

Arista notes that Mr. Baker is a former Chair of the Internet Engineering Task Force and a Cisco employee who has written several industry standard-setting documents that are relevant to the asserted commands. Mot. 5, ECF 180-4. Cisco argues that Arista has not explained how Mr. Baker is relevant or necessary to this action. Opp. 8, ECF 196-2.

The Court agrees with Cisco. It is not clear how the deposition of Mr. Baker is relevant to Arista's defense of this suit. The Court therefore DENIES Arista's request to take an additional deposition.

### C. Phillip Remaker

Arista claims Cisco has repeatedly maintained that the only two individuals relevant to the authorship of its CLI commands are Kirk Lougheed and Mr. Remaker. Mot. 5-6, ECF 180-4.

1   According to Arista, Cisco has claimed Mr. Remaker played a substantial role in the development
2   of Cisco's CLI and command syntax. *Id*. at 6. Cisco argues that Mr. Remaker's deposition would
3   be cumulative of Arista's depositions of the other CLI authors. Opp. 3, ECF 196-2.
4       The Court finds Arista has shown a particularized need to depose Mr. Remaker. Since Mr.
5   Remaker played a substantial role in the development of the CLI commands and has been put forth
6   by Cisco as a key individual to depose, the Court GRANTS Arista's request for an additional
7   deposition.

    **D.    Competitors**

9       Arista seeks to depose three competitors, D-Link, Edge-Core, and Extreme, on the grounds
10  that these depositions are relevant to its defenses of estoppel, laches, fair use, and misuse. Mot. 6,
11  ECF 180-4. Arista claims that each competitor uses a command line interface that includes many
12  of the same commands asserted by Cisco in this action. *Id*. Cisco argues that these third parties,
13  and the third party competitors that Arista already noticed for deposition, are not relevant to
14  whether Arista copied Cisco's CLI. Opp. 6-8, ECF 196-2.
15      The Court finds Arista has not shown a particularized need for the depositions of D-Link,
16  Edge-Core, and Extreme. Arista has already noticed depositions for six competitors and it is not
17  clear to the Court, nor has Arista explained, how the depositions of D-Link, Edge-Core, and
18  Extreme would not be duplicative or cumulative. Accordingly, the Court DENIES Arista's
19  request for an additional three depositions.

    **E.    Additional Patent Inventors**

21      Arista requests to take the depositions of Prakash Bettadapur, one of the named inventors
22  of the '886 patent, and Paul Mustoe, one of the named inventors of the '526 patent. Mot. 6, ECF
23  180-4. Based on its deposition of Jeffrey Wheeler, the first named inventor of the '526 patent,
24  Arista believes it is necessary to depose Mr. Mustoe. *Id*. According to Arista, during Mr.
25  Wheeler's deposition, Mr. Wheeler deferred questions to Mr. Mustoe. *Id*. at 3. Cisco argues that
26  Arista has already deposed Mr. Tjong, the other named inventor of the '886 patent and Mr.
27  Bettadapur's deposition would be duplicative. Opp. 9, ECF 196-2. Cisco does not address the
28  request to depose Mr. Mustoe. *Id*.

The Court finds Arista has not shown a particularized need for the deposition of Mr. Bettadapur. Arista has not explained why his deposition would not be duplicative or cumulative of Mr. Tjong's deposition. However, the Court finds Arista has shown a particularized need to depose Mr. Mustoe based on its deposition of Mr. Wheeler. Accordingly, the Court GRANTS Arista's request for one additional deposition.

### F. Competitive Personnel

Arista seeks to depose two to three individuals from Cisco's internal teams devoted to competing with Arista. Mot. 6, ECF 180-4. According to Arista, this testimony will be relevant to Arista's estoppel, laches, fair use, and misuse defenses and to Cisco's damages and request for injunctive relief. *Id*. Cisco argues that Arista has not shown why it needs to depose more than one individual on this subject, and that any depositions beyond one would be duplicative or cumulative. Opp. 9, ECF 196-2.

The Court finds Arista has shown a particularized need to depose one individual from Cisco's internal team devoted to Arista. However, Arista has not shown why it needs more than one deposition or how additional depositions would not be duplicative or redundant. Accordingly, the Court GRANTS IN PART Arista's request and allows Arista one additional deposition.

### G. Sales Marketing Personnel

Arista would like to depose one to two individuals relating to Cisco's lost sales. Mot. 6, ECF 180-4. Cisco argues that Arista has not shown why it needs more than one deposition on this topic. Opp. 9, ECF 196-2.

The Court agrees with Cisco. Arista has shown a particularized need to depose one sales and marketing individual. However, Arista has not shown why it needs more than one deposition or how additional depositions would not be cumulative. Accordingly, the Court GRANTS IN PART Arista's request and allows Arista one additional deposition.

### H. Tail-f & Network Compliance Manager Personnel

Arista seeks to depose two individuals knowledgeable about Cisco's products Tail-f and Network Compliance Manager. Mot. 6-7, ECF 180-4. According to Arista, these products are relevant to its estoppel, fair use, and misuses defenses. *Id*. at 7. Cisco argues that these products

5

are not relevant to its allegations that Arista copied Cisco's CLI.  Opp. 9, ECF 196-2.

As with competitive personnel, and sales and marketing personnel, the Court finds Arista has shown a particularized need to depose one individual knowledgeable about Tail-f and Network Compliance Manager.  However, Arista has not shown why it needs more than one deposition or how additional depositions would not be redundant.  Accordingly, the Court GRANTS IN PART Arista's request and allows Arista one additional deposition.

## IV.     ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Arista's motion for leave to take additional depositions is GRANTED IN PART AND DENIED IN PART.  Arista may take an additional five depositions in excess of the twenty depositions previously allowed.  In equity, the Court also allows Cisco to take an additional five depositions.  As a result, both parties are allowed 25 depositions total plus 30(b)(6) depositions.

**IT IS SO ORDERED.**

Dated: February 17, 2016

_____
BETH LABSON FREEMAN
United States District Judge