UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS INC,<br>    Plaintiff,<br>v.<br>ARISTA NETWORKS, INC.,<br>    Defendant. | Case No. 14-cv-05344-BLF<br><br>**ORDER DENYING ARISTA'S MOTION FOR LEAVE TO AMEND RESPONSE TO ADD COUNTERCLAIMS**<br><br>[Re: ECF 163] |

Based on information it learned from discovery, Defendant Arista Networks, Inc. seeks to amend its answer to assert counterclaims against Plaintiff Cisco Systems Inc. for violating the Sherman Act and California's Unfair Competition Law. Mot. 1, ECF 163. Cisco opposes Defendant's motion because of undue delay and prejudice. Opp. 5-6, ECF 185-3. For the reasons stated below, the Court DENIES Arista's motion for leave to amend its response to add counterclaims.

## I. BACKGROUND

Cisco filed suit alleging Arista infringed Cisco's copyrights and patents. Second Amended Complaint ("SAC"), ECF 64. The copyright claims involve allegations that Arista's Extensible Operating System copied Cisco's copyrighted Internetwork Operating System. SAC ¶¶ 66-73.

The patent allegations concern U.S. Patent Nos. 7,047,526 and 7,953,886, which are implemented in the command-line interface of Cisco's Internetwork Operating System. *Id.* at ¶¶ 74-87. The Court held a case management conference on May 14, 2015, ECF 44 and shortly after set a case schedule, ECF 51. According to the case schedule, the last day to amend the pleadings without leave of Court was September 7, 2015. *Id.* at 1. Arista now seeks leave to amend its answer to assert counterclaims against Cisco for violating the Sherman Act and California's Unfair Competition Law. Mot., 162-5. Cisco opposes the motion. Opp., ECF 185-3.

## II.  LEGAL STANDARD

A request for leave to amend the pleadings after the deadline for amendments to the pleadings is governed by Fed. R. Civ. P. 16(b). *Johnson v. Mammoth Recreations, Inc..*, 975 F.2d 604, 608-09 (9th Cir. 1992). Under Rule 16(b), a scheduling order "may be modified only for good cause." Fed. R. Civ. P. 16(b). Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)' s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. While the "good cause" standard focuses on diligence, "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion." *Id.*

## III.  DISCUSSION

Arista seeks leave to amend its answer to assert counterclaims alleging violations of the Sherman Act and California Unfair Competition Law after the deadline to amend the pleadings has passed. Mot., ECF 185-3. Arista argues that it has good cause to amend its answer because it did not become aware of the documents cited in its proposed counterclaims until November 2015. *Id.* at 5. According to Arista, Cisco began producing hundreds of thousands of documents in July 2015. *Id.* at 4-5. While Arista promptly reviewed these documents, it did not first discover the documents cited in its proposed counterclaims until November 2015, after the September 7, 2015 deadline to amend the pleadings had passed. *Id.* at 5. Arista claims it diligently consulted with antitrust counsel to investigate Cisco's conduct and once that investigation confirmed antitrust violations, Arista promptly filed this motion to amend its answer. Reply 3, ECF 191-5.

According to Arista, Cisco will not suffer any prejudice because Arista is amenable to (1) combining the proposed counterclaims with Cisco's claims and having the trial set in mid-2017, (2) having the Court set the antitrust claims on a separate schedule with a separate trial date, or (3) filing these claims as a separate action and moving to relate that action back to this case for discovery and case-management purposes.[1] *Id*. at 5.

Cisco counters that Arista was not diligent in seeking to amend its answer. Opp. 6, ECF 185-3. According to Cisco, Arista's proposed counterclaims are based on facts that Arista knew prior to the deadline to amend the pleadings. *Id*. First, Arista's allegations that Cisco committed its intellectual property to the public domain but changed its mind when faced with competition was something Arista would have known about once Cisco filed this lawsuit. *Id*. 6-7. Second, Arista never argued that it did not know of the facts underlying its proposed counterclaims involving Cisco's alleged bundling of a Cisco service with Cisco switches prior to the deadline to amend the pleadings,. *Id*. at 7-8. Cisco also notes that Arista did not promptly inform the Court of its potential counterclaims given that an amended scheduling order was entered on January 19, 2016 and Arista filed this motion just six days later. *Id*. at 8. Finally, Cisco argues that amending the case schedule would cause significant prejudice. *Id*. at 9. If Arista was allowed to amend its answer to add antitrust counterclaims, Cisco argues its trial date faces a year and a half delay. *Id*. at 9-10.

The Court finds Arista has produced sufficient evidence of its diligence in pursuing its antitrust counterclaims. While Arista may have had a potential idea of the underlying basis for its antitrust counterclaims, it did not discover the relevant documents cited by the counterclaims until after the deadline to amend the pleadings had passed. As Fed. R. Civ. P. 11(b) indicates, counsel is required to file pleadings and motions that contain factual contentions likely to have "evidentiary support." Once Arista found specific documents to support allegations of antitrust violations, it promptly sought the advice of antitrust counsel, investigated the counterclaims, and

---

[1] Arista notes that under this third option, Cisco has confirmed that it would not challenge a separately filed action containing antitrust claims as involving a compulsory counterclaim or raise any protective-order objection by virtue of the documents produced in this action. Reply 5, ECF 191-5.

filed this motion.

However, the Court's inquiry does not end there. "In these days of heavy caseloads, trial courts ... set schedules and establish deadlines to foster the efficient treatment and resolution of cases." *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). The Court's initial scheduling order set trial for August 2016. ECF 132. The Court continued the trial after Arista asserted it needed more time to conduct discovery. *Id*. Although Arista was not obligated to, Arista never indicated it may need to extend the number of trial days allotted to this case. After consulting with the parties, the Court agreed to move the trial from August 2016 to November 2016 because moving the trial by weeks would yield very little prejudice to Cisco. *Id*. If Arista's antitrust counterclaims are added, the complexity of this case would increase drastically and the Court has not reserved an adequate amount of time to have this trial in November 2016. Given the Court's current trial schedule, the Court would not be able to schedule a trial involving copyright, patent, and antitrust claims until the end of March 2018. A year and a half delay would severely prejudice Cisco. *See Wells Fargo Bank, N.A. v. Renz*, 2010 WL 2867615, at *3 (N.D. Cal. July 20, 2010) (denying motion to amend under Rule 15's more liberal standard because it would delay the trial and prejudice the parties).

Although Cisco would be significantly prejudiced if Arista was allowed to amend its pleading to assert these counterclaims in this action, that does not mean Arista cannot bring these claims at all. As Arista suggests, it could file a separate action asserting these antitrust claims. Reply 5, ECF 191-5. This would allow Arista's antitrust claims to be set on a separate schedule with a separate trial date and minimize any prejudice. If Arista files a motion to relate, the Court will consider the merits of the motion at that time. This approach also avoids the complications that may arise with discovery and other disputes if the antitrust counterclaims are added to this action but set on a separate trial schedule. As a result, in light of Arista's willingness to file its antitrust claims as a separate action and the significant prejudice that would result if the antitrust claims were filed in this action, the Court DENIES Arista's motion.

4

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Arista's motion to amend its answer to assert counterclaims is DENIED. If it wishes, Arista may file its antitrust claims as a separate action.

**IT IS SO ORDERED.**

Dated: February 18, 2016

_____
BETH LABSON FREEMAN
United States District Judge