UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS INC,<br><br>Plaintiff,<br><br>v.<br><br>ARISTA NETWORKS, INC.,<br><br>Defendant. | Case No. 14-cv-05344-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART CISCO'S ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>[Re: ECF 183, 185] |

Before the Court is Cisco's administrative motions to file under seal confidential information in Cisco's opposition t Arista's motion for leave to amend its response to add counterclaims. ECF 183, ECF 185.[1] For the reasons stated below, the motion is GRANTED IN PART AND DENIED IN PART.

**I.  LEGAL STANDARD**

There is a "strong presumption in favor of access" to judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal judicial records bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79. Compelling reasons for sealing court files generally exist when such "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). However,

---

[1] ECF 185 is the corrected version of ECF 183. Since the information sought to be sealed is the same in both filings, the Court addresses them together.

"[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. Ultimately, "[w]hat constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court." *Ctr. for Auto Safety v. Chrslyer Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

"Despite this strong preference for public access, [the Ninth Circuit has] carved out an exception," *id*. at 1097, for judicial records attached to motions that are "tangentially related to the merits of a case," *id*. at 1101. Parties moving to seal such records need only make a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1138).

In this District, parties seeking to seal judicial records must furthermore follow Civil Local Rule 79-5, which requires, *inter alia*, that a sealing request be "*narrowly tailored* to seek sealing *only* of sealable material." Civil L.R. 79-5(b) (emphasis added). Where the submitting party seeks to file under seal a document designated confidential by another party, the burden of articulating compelling reasons for sealing is placed on the designating party. *Id.* 79-5(e).

**II.   DISCUSSION**

Cisco moves to seal Exhibit A to Cisco's opposition to Arista's motion for leave to amend its response to add counterclaims and portions of the opposition brief that quote Exhibit A. ECF 183 at 2; ECF 185 at 2. Cisco seeks to seal these documents because Arista designated this information as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." Cannon Decl. ¶ 4, ECF 183-1; Cannon Decl. ¶ 4, ECF 185-1. As the designating party, Arista filed a declaration indicating that Exhibit A contains confidential details of Arista's proposed customer support plan, reveals details about non-public research and development activities, and reveals details about Arista's competitive strategy. Santacana Decl. ¶¶ 10-11, ECF 190. However, according to Arista, the portions of the opposition brief that Cisco seeks to redact "do not reveal Arista's highly confidential competitive information, and merely reflect Cisco's counsel's interpretation of the document." *Id*. at ¶ 12. Arista does not seek to seal this information.

It is not entirely clear whether a motion to amend a pleading is more than tangentially

2

related to the merits of the case. Under the Ninth Circuit's prior dispositive/non-dispositive approach to sealing motions, district courts generally applied the "good cause" standard to motions to amend the pleadings. *See Real Action Paintball v. Advanced Tactical Ordance Sys., LLC*, Case No. 14-cv-02435-MEJ, 2015 WL 1534049, at *3 (N.D. Cal. April 2, 2015). Nonetheless, in this case, Arista's reasons for sealing Exhibit A meets both the "good cause" and "compelling reasons" standards. The Court also finds the request to seal to be narrowly tailored. Accordingly, the Court GRANTS Cisco's motion to seal Exhibit A and DENIES Cisco's motion to seal portions of its opposition brief.

### III.   ORDER

For the foregoing reasons, the sealing motions at ECF 183 and ECF 185 are GRANTED IN PART AND DENIED IN PART. Under Civil Local Rule 79-5(e)(2), for any request that has been denied because the party designating a document as confidential or subject to a protective order has not provided sufficient reasons to seal, the submitting party must file the unredacted (or lesser redacted) documents into the public record no earlier than 4 days and no later than 10 days form the filing of this order.

**IT IS SO ORDERED.**

Dated: February 19, 2016

_____
BETH LABSON FREEMAN
United States District Judge