| | |
|---|---|
| Kathleen Sullivan (SBN 242261)<br>kathleensullivan@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100<br><br>Sean S. Pak (SBN 219032)<br>seanpak@quinnemanuel.com<br>John M. Neukom (SBN 275887)<br>johnneukom@quinnemanuel.com.<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>Mark Tung (SBN 245782)<br>marktung@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100 | Steven Cherny *(admitted pro hac vice)*<br>steven.cherny@kirkland.com<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br><br>Adam R. Alper (SBN 196834)<br>adam.alper@kirkland.com<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, California 94104<br>Telephone: (415) 439-1400<br>Facsimile: (415) 439-1500<br><br>Michael W. De Vries (SBN 211001)<br>michael.devries@kirkland.com<br>KIRKLAND & ELLIS LLP<br>333 South Hope Street<br>Los Angeles, California 90071<br>Telephone: (213) 680-8400<br>Facsimile: (213) 680-8500 |

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>  Plaintiff,<br><br>  vs.<br><br>ARISTA NETWORKS, INC.,<br><br>  Defendant. | CASE NO. 5:14-cv-5344-BLF<br><br>**DECLARATION OF MATTHEW D. CANNON IN SUPPORT OF ARISTA'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL (DKT. 191)**<br><br>**DEMAND FOR JURY TRIAL** |

**DECLARATION OF MATTHEW D. CANNON**

I, Matthew D. Cannon, declare as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate with the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Plaintiff Cisco Systems, Inc. ("Cisco"). I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Defendant Arista's Administrative Motion to File Allegedly Protected Material Under Seal Pursuant to Local Rule 79.5(e), Dkt. 191 ("Sealing Motion") in connection with Arista Networks, Inc.'s ("Arista's") reply in support of Arista's Motion for Leave to Amend Response to Add Counterclaims ("Arista's Brief" or "Brief"). I make this declaration in accordance with Civil Local Rule 79-5(e) on behalf of Cisco to attest that the majority of the information contained in the documents referenced in the Sealing Motion should be sealed.

3. Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law"( *i.e.*, is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id*. Generally, materials related to non-dispositive motions may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamkana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co*., 331 F.3d 1122, 1138 (9th Cir. 2003)). For pleadings attached to a non-dispositive motion, however, this Court has held that the party seeking sealing must provide "compelling reasons" to justify sealing. *See Delphix Corp. v. Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 415520, at *1 (N.D. Cal. Aug. 20, 2014). "Compelling reasons" exist to seal information that, if disclosed, would damage a party's ability to compete in the marketplace. *See In re Elec. Arts, Inc*., 298 F. App'x 568, 569 (9th Cir. 2008).

4. Pursuant to Civil Local Rule 79-5(e), Cisco identifies those portions of Arista's filings that it believes should and should not be sealed in the table below:

| Document | Portion(s) | Seal? | Justification |
|---|---|---|---|
| Arista's Brief | p. 1 ln. 5-8 | Seal | Quotes Exhibit A to Arista's Brief. See paragraph 5 below. |
| | p. 3 ln. 2-4 | Seal | Quotes Exhibit G to Arista's proposed counterclaims. See paragraph 6 below. |
| | p. 3 ln. 4-6 | Seal | Quotes Exhibit H to Arista's proposed counterclaims. See paragraph 7 below. |
| | p. 4 ln. 23-24 | Seal | Quotes Exhibit H to Arista's proposed counterclaims. See paragraph 7 below. |
| | p. 4 ln. 25-27 | Seal | Quotes Exhibit A to Arista's Brief. See paragraph 5 below. |
| Exhibit A to Nill Sanchez Decl. ("Exhibit A") | Entire | Seal | Confidential and commercially sensitive Cisco information. See paragraph __ below. |

5. Several of Arista's proposed redactions are based on quotations from Exhibit A to the Declaration of Andrea Nill Sanchez in Support of Arista's Motion for Leave to Amend Response to Add Counterclaims. This document, including the passages quoted in Arista's Brief, is an internal Cisco email chain discussing confidential customer research performed on Cisco's behalf, which includes assessment of and strategies for responding to competitive pressures. Disclosure of this information would "harm [Cisco's] competitive standing," because competitors could exploit such information in their own product development and/or marketing plans. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Cisco therefore requests that the Court seal Exhibit A and related passages in Arista's briefing.

6. One of Arista's proposed redactions appears to be based on quotations from Exhibit G to Arista's proposed counterclaims. *See* Arista's Brief at 3:2-4 (citing proposed counterclaims at ¶ 74). Exhibit G is a copy of an internal Cisco business communication produced by Cisco in this litigation and designated "Highly Confidential – Attorneys' Eyes Only Information." under the Stipulated Protective Order governing this litigation, Dkt. 53. Exhibit G comprises Cisco's confidential business information regarding, *inter alia*, its product development plans relating to enhancements for Cisco's IOS software. The specific slide contained in Exhibit G appears to

depict one portion of an internal analysis of Cisco's product development.  Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" by preserving Cisco's ability to continue developing its products without fear that competitors will attempt to capitalize on Cisco's assessment of its product development needs.  *See Elec. Arts*, 298 F. App'x at 569.  The Court previously sealed Exhibit G and references thereto that were contained in Arista's opening brief in support of its motion for leave to amend.  Dkt. 200.  Cisco requests that the Court similarly seal the passages in Arista's Brief that discuss this Exhibit.

7. Two of Arista's proposed redactions appear to be based on quotations from Exhibit H to Arista's proposed counterclaims.  *See* Arista's Brief at 3:4-6, 4:23-24 (citing proposed counterclaims at ¶ 80).  Exhibit H is a copy of an internal Cisco business communication produced by Cisco in ITC Investigation Nos. 337-TA-944 and 337-TA-945 and designated as "Confidential Business Information."  Under the Stipulated Protective Order governing this litigation, Dkt. 53 at 6 fn. 1, this document is deemed to have been produced in this case as "Highly Confidential – Attorneys' Eyes Only Information."  Exhibit H comprises Cisco's confidential business information regarding, *inter alia*, its internal assessment of Arista's products and Arista's product development strategy.  Disclosing this information to Cisco's competitors would harm Cisco's business by identifying to competitors Cisco's assessment of the relative strengths and weaknesses of products in the market, which competitors could exploit in their own product development or marketing plans.  The Court previously sealed Exhibit H and references thereto that were contained in Arista's opening brief in support of its motion for leave to amend.  Dkt. 200.  Cisco requests that the Court similarly seal the passages in Arista's Brief that discuss this Exhibit.

1  I declare under penalty of perjury under the laws of the State of California that the
2 foregoing is true and correct, and that this declaration was executed in San Francisco, California,
3 on February 22, 2016.

                                          */s/ Matthew D. Cannon*
                                          Matthew D. Cannon (Bar No. 252666)