<div style="text-align:center">

1

2

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

</div>

4

| | |
|---|---|
| CISCO SYSTEMS INC, <br><br>      Plaintiff, <br><br>      v. <br><br> ARISTA NETWORKS, INC., <br><br>      Defendant. | Case No. 14-cv-05344-BLF <br><br> **ORDER GRANTING ARISTA'S ADMINISTRATIVE MOTION TO FILE MATERIAL UNDER SEAL** <br><br> [Re:  ECF 191] |

5

6

7

8

9

10     Before the Court is Arista's administrative motion to file material under seal.  ECF 191.

11 For the reasons stated below, the motion is GRANTED.

12 **I.     LEGAL STANDARD**

13     There is a "strong presumption in favor of access" to judicial records.  *Kamakana v. City &*

14 *Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto.*

15 *Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  A party seeking to seal judicial records bears the

16 burden of overcoming this presumption by articulating "compelling reasons supported by specific

17 factual findings that outweigh the general history of access and the public policies favoring

18 disclosure."  *Id.* at 1178-79.  Compelling reasons for sealing court files generally exist when such

19 "'court files might have become a vehicle for improper purposes,' such as the use of records to

20 gratify private spite, promote public scandal, circulate libelous statements, or release trade

21 secrets."  *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  However,

22 "[t]he mere fact that the production of records may lead to a litigant's embarrassment,

23 incrimination, or exposure to further litigation will not, without more, compel the court to seal its

24 records."  *Kamakana*, 447 F.3d at 1179.  Ultimately, "[w]hat constitutes a 'compelling reason' is

25 'best left to the sound discretion of the trial court."  *Ctr. for Auto Safety v. Chrslyer Grp., LLC*,

26 809 F.3d 1092, 1097 (9th Cir. 2016).

27     "Despite this strong preference for public access, [the Ninth Circuit has] carved out an

28 exception," *id*. at 1097, for judicial records attached to motions that are "tangentially related to the

<div style="writing-mode:vertical-rl">United States District Court<br>Northern District of California</div>

United States District Court
Northern District of California

1    merits of a case," *id*. at 1101.  Parties moving to seal such records need only make a

2    "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure

3    26(c).  *Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1138).

4          In this District, parties seeking to seal judicial records must furthermore follow Civil Local

5    Rule 79-5, which requires, *inter alia*, that a sealing request be "*narrowly tailored* to seek sealing

6    *only* of sealable material."  Civil L.R. 79-5(b) (emphasis added).  Where the submitting party

7    seeks to file under seal a document designated confidential by another party, the burden of

8    articulating compelling reasons for sealing is placed on the designating party.  *Id.* 79-5(e).

9    ## II.  DISCUSSION

10          Arista moves to seal portions of the reply brief in support of its motion for leave to amend

11    its response to add counterclaims and Exhibit A to the Declaration of Andrea Nil Sanchez.  ECF

12    191 at 1.  This information has been designated confidential or highly confidential by Cisco.  *Id*.

13    As the designating party, Cisco filed a declaration indicating that this material contains

14    confidential customer research, product development plans, and internal assessments of Arista's

15    products and strategy.  Cannon Declaration at ¶¶ 5-7, ECF 209.  According to Cisco, the

16    disclosure of this information would harm Cisco's business.  *Id*.  The Court finds the sealing

17    request to be narrowly tailored.  Accordingly, the Court GRANTS Arista's motion to seal.

18    ## III.  ORDER

19          For the foregoing reasons, the sealing motion at ECF 191 is GRANTED  Under Civil

20    Local Rule 79-5(e)(2), for any request that has been denied because the party designating a

21    document as confidential or subject to a protective order has not provided sufficient reasons to

22    seal, the submitting party must file the unredacted (or lesser redacted) documents into the public

23    record no earlier than 4 days and no later than 10 days form the filing of this order.

24          **IT IS SO ORDERED.**

25    Dated: March 1, 2016

26          _____

27          BETH LABSON FREEMAN
      United States District Judge

28