UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS INC,<br><br>Plaintiff,<br><br>v.<br><br>ARISTA NETWORKS, INC.,<br><br>Defendant. | Case No. 14-cv-05344-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART CISCO'S ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>[Re: ECF 196] |

Before the Court is Cisco's administrative motion to file under seal confidential information in Cisco's response to Arista's supplemental proposed discovery plan. ECF 196. For the reasons stated below, the motion is GRANTED IN PART AND DENIED IN PART.

### I. LEGAL STANDARD

There is a "strong presumption in favor of access" to judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal judicial records bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79. Compelling reasons for sealing court files generally exist when such "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment,

incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. Ultimately, "[w]hat constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Ctr. for Auto Safety v. Chrslyer Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

"Despite this strong preference for public access, [the Ninth Circuit has] carved out an exception," *id*. at 1097, for judicial records attached to motions that are "tangentially related to the merits of a case," *id*. at 1101. Parties moving to seal such records need only make a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1138).

In this District, parties seeking to seal judicial records must furthermore follow Civil Local Rule 79-5, which requires, *inter alia*, that a sealing request be "*narrowly tailored* to seek sealing *only* of sealable material." Civil L.R. 79-5(b) (emphasis added). Where the submitting party seeks to file under seal a document designated confidential by another party, the burden of articulating compelling reasons for sealing is placed on the designating party. *Id.* 79-5(e).

## II.   DISCUSSION

The Court has reviewed Cisco's sealing motion and Arista's and non-party Juniper's declarations in support thereof. The Court finds the parties have articulated compelling reasons to seal certain portions of most of the submitted documents. The proposed redactions are also narrowly tailored. Consistent with the declarations submitted by Arista and Juniper, the designating parties, the Court's rulings on the sealing request are set forth in the tables below:

| Identification of Documents to be Sealed | Description of Documents | Court's Order |
|---|---|---|
| Cisco's Response to Arista's Supplemental Proposed Discovery Plan ("Cisco's Brief"), pages: 3 at lines 17-19; 6 at lines 16-18 and lines 21-25; 7 at lines 19-21. | Arista does not oppose the public filing of this document. | DENIED. |
| Cisco's Brief pages: 6 at line 26 through 7 at line 2 | Discusses confidential development of Juniper's proprietary software. | GRANTED. |
| Exhibit 5 to the Declaration of Matthew D. Cannon in Support of Cisco's Response to Arista's Proposed Supplemental | Arista does not oppose the public filing of this document. | DENIED. |

| | | |
|---|---|---|
| Discovery Plan ("Exhibit 5") | | |
| Exhibit 6 to the Declaration of Matthew D. Cannon in Support of Cisco's Response to Arista's Proposed Supplemental Discovery Plan ("Exhibit 6") | Exhibit 6, page 177 at lines 8-24 contains sensitive internal Arista business information. Arista does not oppose the public filing of the balance of Exhibit 6. | GRANTED as to page 177, lines 8-24 and DENIED as to balance of Exhibit 6. |
| Exhibit 7 to the Declaration of Matthew D. Cannon in Support of Cisco's Response to Arista's Proposed Supplemental Discovery Plan ("Exhibit 7") | Arista does not oppose the public filing of this document. | DENIED. |
| Exhibit 9 to the Declaration of Matthew D. Cannon in Support of Cisco's Response to Arista's Proposed Supplemental Discovery Plan ("Exhibit 9") | Arista does not oppose the public filing of this document. | DENIED. |
| Exhibit 10 to the Declaration of Matthew D. Cannon in Support of Cisco's Response to Arista's Proposed Supplemental Discovery Plan ("Exhibit 10") | Deposition transcript that discusses confidential development of Juniper's proprietary software. | GRANTED. |
| Exhibit 12 to the Declaration of Matthew D. Cannon in Support of Cisco's Response to Arista's Proposed Supplemental Discovery Plan ("Exhibit 12") | Internal Arista e-mail chain that discusses confidential competitive intelligence. | GRANTED. |
| Exhibit 13 to the Declaration of Matthew D. Cannon in Support of Cisco's Response to Arista's Proposed Supplemental Discovery Plan ("Exhibit 13") | Internal Arista e-mail chain that discusses confidential communications relating to software development and business strategy. | GRANTED. |
| Exhibit 14 to the Declaration of Matthew D. Cannon in Support of Cisco's Response to Arista's Proposed Supplemental Discovery Plan ("Exhibit 14") | Internal Arista e-mail chain that discusses confidential communications relating to software development and business strategy. | GRANTED. |
| Exhibit 15 to the Declaration of Matthew D. Cannon in Support of Cisco's Response to Arista's Proposed Supplemental Discovery Plan ("Exhibit 15") | Internal Arista document that discusses confidential communications relating to software development. | GRANTED. |
| Exhibit 17 to the Declaration of Matthew D. Cannon in Support of Cisco's Response to Arista's Proposed Supplemental Discovery Plan ("Exhibit 17") | Internal Arista e-mail chain that discusses confidential communications relating to software development. | GRANTED. |

### III.   ORDER

For the foregoing reasons, the sealing motion at ECF 196 is GRANTED IN PART AND DENIED IN PART.  Under Civil Local Rule 79-5(e)(2), for any request that has been denied

1  because the party designating a document as confidential or subject to a protective order has not
2  provided sufficient reasons to seal, the submitting party must file the unredacted (or lesser
3  redacted) documents into the public record no earlier than 4 days and no later than 10 days form
4  the filing of this order.

**IT IS SO ORDERED.**

Dated: March 3, 2016

_____
BETH LABSON FREEMAN
United States District Judge

4