1 | KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
BRIAN L. FERRALL - # 160847
DAVID SILBERT - # 173128
MICHAEL S. KWUN - #198945
ASHOK RAMANI - # 200020
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    (415) 391-5400
Email:  rvannest@kvn.com;
bferrall@kvn.com; dsilbert@kvn.com;
mkwun@kvn.com, aramani@kvn.com

SUSAN CREIGHTON, SBN 135528
SCOTT A. SHER, SBN 190053
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C., 20006-3817
Telephone:  (202) 973-8800
Email:  screighton@wsgr.com;
ssher@wsgr.com

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ARISTA NETWORKS, INC.,<br><br>Defendant. | Case No. 5:14-cv-05344-BLF (PSG)<br><br>**ADMINISTRATIVE MOTION FOR CLARIFICATION OF COURT'S PRIOR ORDERS RELATING TO DEPOSITION LIMITS (Re: ECF Nos. 132, 137, 203)**<br><br>Judge:       Hon. Beth Labson Freeman<br><br>Date Filed:  December 5, 2014<br><br>Trial Date:  November 21, 2016 |

ADMINISTRATIVE MOTION FOR CLARIFICATION OF COURT'S PRIOR ORDERS
RELATING TO DEPOSITION LIMITS
Case No. 5:14-cv-05344-BLF (PSG)

1049752

## I. INTRODUCTION

Pursuant to Civil Local Rule 7-11, Defendant Arista Networks, Inc. respectfully submits this administrative motion for clarification of the Court's prior Orders relating to deposition limits, ECF Nos. 132, 137, 203. Specifically, Arista seeks an order clarifying that the Court's February Order granting five additional depositions to each party did not constrain how Arista can allocate its initial twenty depositions, nor did it amount to a protective order prohibiting the deposition of any particular individual—in other words, that just like Cisco, Arista can allocate its depositions based on Arista's assessment of priorities and the most current information available to it. ECF No. 203. If the Court believes it would be helpful, Arista is happy to elaborate its position during a telephonic conference.

<u>Arista's request for clarification is urgent</u>. On April 4 and 7, Arista requested that Arista provide deposition dates for several Cisco witnesses. Contrary to Cisco's representations to the Court that it was "committed . . . to give the discovery that's necessary" to ensure the efficient resolution of this litigation, ECF No. 106 at 29:24–25, on the evening of April 12, Cisco refused to make four witnesses available because, according to Cisco, the Court's Orders do not allow Arista to depose those individuals. As of today, just fifteen days remain in the liability fact discovery period.

## II. BACKGROUND

The Court's December 3, 2015 Order increased Arista's deposition limit to twenty. ECF No. 132. Upon Cisco's request, but without any showing of need, the Court clarified that the twenty-deposition limit applied also to Cisco. ECF No. 137. Neither Order addressed how Arista should allocate its first twenty depositions, nor did they state how Cisco should do so.

Arista then requested twenty additional depositions. ECF No. 161. In discussing this request at a Case Management Conference, the Court noted: "nobody cares who your [first] 20 [deponents] are. That's your choice." ECF No. 179 at 11:14. But at the Court's request, Arista submitted a plan explaining the seven depositions it had taken, the eleven it had noticed, and its proposal for taking an additional twenty-two depositions, based upon the documents then-

1
ADMINISTRATIVE MOTION FOR CLARIFICATION OF COURT'S PRIOR ORDERS
RELATING TO DEPOSITION LIMITS
Case No. 5:14-cv-05344-BLF (PSG)

1049752

produced by Cisco. ECF No. 181.[1]  On February 17, 2016, the Court granted "an additional five depositions in excess of the twenty depositions previously allowed." ECF No. 203 at 6.

The Court's February Order addressed individuals or categories of persons who could be deposed among the additional five depositions, but did not issue any order regarding the previously allowed twenty. *Id.* at 3–6. Arista has since selected deponents under the understanding that it could allocate its initial twenty depositions in accordance with the needs of the case.

Since the February Order, Cisco has produced ***212,879*** documents, including ***133,889*** documents relating to the four witnesses Cisco now refuses to produce. Indeed, when the Court issued its February Order, Cisco was still withholding all custodial documents from the files of three of the witnesses Cisco now refuses to produce, even though Arista had requested their documents four months earlier.[2]

## III. ARGUMENT

Cisco's re-interpretation of the Court's Orders as restricting whom Arista (but *not* Cisco) can depose seeks to hamstring Arista's defense. By seeking leave to obtain an additional twenty depositions mid-discovery, Arista was not asking the Court to define the precise individuals Arista can depose while leaving Cisco free to depose whomever it chooses. In fact, Cisco did not

---

[1] *See also* ECF No. 108 at 1 n.1 ("Arista notes that these estimates are based on information it currently possesses, and therefore are subject to change as discovery progresses.").

[2] The four witnesses Cisco refuses to produce for deposition are CEO John Chambers, CLI author and former Cisco engineer Bill Westfield, Arista War Team manager Drago Sijan, and Cisco Director in charge of High Frequency Trading Strategies Deepak Malik. Based on Cisco's document production, each witness has knowledge that is highly relevant to Arista's defenses, such as, e.g., Cisco's characterization of the CLI it uses as "industry standard" in communications with customers and the public, and Cisco's longstanding knowledge of, and acquiescence to, the accused features.

As for the rest of Arista's depositions, in addition to the five CLI authors and two inventors Arista had deposed when its discovery plan was filed, Arista has deposed three other individuals—Messrs. Kavasseri, Patil, and Satz—and Juniper Networks. Arista has also asked for deposition dates for Soni Jiandani, John Hartingh, Carl Moberg, Pradeep Kathail, and Drew Pletcher. Arista has foregone several of the third-party depositions that it initially proposed, and seeks to depose Cisco employees and former employees who appear, from the document production to have personal involvement in and knowledge of relevant facts.

Finally, Arista has deposed Philip Remaker and is scheduling the deposition of Paul Mustoe, both of whom the Court counted among the additional five deponents in its February Order.

2
ADMINISTRATIVE MOTION FOR CLARIFICATION OF COURT'S PRIOR ORDERS
RELATING TO DEPOSITION LIMITS
Case No. 5:14-cv-05344-BLF (PSG)

1049752

even argue for such an order. Nor did the Court issue one; the Court's February Order did not purport to address how Arista could allocate its initial twenty depositions. It was directed to whether Arista had demonstrated the need for an additional twenty depositions (as Arista had requested), and awarded both Arista and Cisco an additional five.

Indeed, had Cisco attempted to turn Arista's motion for increased depositions into a motion for a protective order as to particular witnesses, Arista would have vehemently opposed it because Cisco had been stalling its document production, making it impossible for the Court or Arista even to evaluate such a motion. Cisco has produced hundreds of thousands of documents since then, and additional information has been revealed in other depositions and written discovery.

Moreover, Cisco's re-interpretation of these orders would result in a highly unfair imbalance between the parties. During meet and confer, Cisco demanded that Arista justify each deponent to Cisco on a case-by-case basis in order for Cisco to judge how the depositions should be allocated. Yet in the same meet-and-confer, Cisco made clear that it believes it can allocate its twenty-five depositions however it chooses. Indeed, without making any showing of good cause, Cisco asked the Court to allow it to take the same number of depositions as Arista, and the Court, "[i]n equity," agreed. ECF No. 203 at 6. Cisco's interpretation would not lead to "equity" at all, but rather to the absurd and unfair result that Cisco has unfettered rights to take twenty-five depositions, even though it never claimed to need them, while Arista's deposition rights are severely restricted, based on an expressly preliminary assessment of priorities, despite Arista's showing of good cause.

Dated: April 14, 2016                                KEKER & VAN NEST LLP


                                                    By:  */s/ Robert A. Van Nest*
                                                         ROBERT A. VAN NEST


                                                         Attorney for Defendant
                                                         ARISTA NETWORKS, INC.

3
ADMINISTRATIVE MOTION FOR CLARIFICATION OF COURT'S PRIOR ORDERS
RELATING TO DEPOSITION LIMITS
Case No. 5:14-cv-05344-BLF (PSG)

1049752