Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Mark Tung (SBN 245782)
marktung@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven Cherny *(admitted pro hac vice)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARISTA NETWORKS, INC., <br><br> Defendant. | CASE NO. 5:14-cv-05344 <br><br> **CISCO'S RESPONSE TO ARISTA'S ADMINISTRATIVE MOTION FOR CLARIFICATION OF COURT'S PRIOR ORDERS RELATING TO DEPOSITION LIMITS (RE: ECF NOS. 132, 137, 203)** <br><br> Judge:  Hon. Beth Labson Freeman <br> Date Filed: December 5, 2014 <br> Trial Date: November 21, 2016 |

## I. INTRODUCTION

The issue on this motion is whether Arista can tell the Court one thing, secure relief based on that representation to the Court, and then turn around a few months later and do something entirely different. Arista first persuaded this Court that it needed 20 depositions (twice the usual amount permitted in the Federal Rules of Civil Procedure) due to the large number of engineers associated with the creation of Cisco's copyrighted command-line-interface (CLI). (Dkt. 137.) Later, Arista asked the Court to permit even more depositions. (Dkt. 181.) In the discussions surrounding that requested relief, the Court required from Arista, and Arista presented, a proposed discovery plan naming the individual witnesses for all depositions Arista claimed were necessary, including the "first 20" depositions Arista planned to take. In providing this discovery plan to the Court, Arista represented that its selection of witnesses for the first 20 depositions were not "benchers" or placeholders, but were in fact individual deponents whose testimony Arista needed for particularized purposes. (1/28/16 Hr'g Tr. at 4:17-5:12.)

The Court did not grant Arista's request wholesale. (Dkt. 203.) Instead, the Court permitted very limited numbers of specific types of depositions from discrete categories of deponents identified in Arista's discovery plan. (*Id.*) This was not an unfettered expansion of the deposition limit; it was a very focused approach based on Arista's representations about the specific categories of witnesses it sought.

Now, however—months later—Arista is attempting to go back on its previous representations to the Court. Instead of numerous of its first 20 deponents, Arista seeks the depositions of Cisco employees Bill Westfield, Andrew Pletcher, Deepak Malik, Drago Sijan, John Chambers, and Pradeep Kathail, all of whom were identified in its Supplemental Proposed Discovery Plan as potential additional deponents (Dkt. 181 at 5-7), and all of whom are in categories of deponents that the Court specifically limited to a single deposition or none at all. (Dkt. 203 at 3, 5.) (Mr. Chambers is also the long-time CEO of Cisco, which presents additional issues related to "apex" deponents that Arista has not addressed in any motion.) Arista has already obtained ample deposition testimony in these categories, and scheduled its single additional deposition in each. Cisco therefore objects to Arista's attempts to circumvent the limits the Court placed on discovery in this case.

## II. BACKGROUND

In its original request to expand the number of depositions, Arista argued that it needed more than the presumptive limit primarily because there were numerous Cisco engineers associated with Cisco CLI creation that Arista needed to depose. (*See* Dkt. 95 at 3 (arguing for 60 depositions because of, first, "the 137 [CLI] authors that Cisco has already disclosed"). Based on this and other arguments, the Court permitted the original expansion from ten to 20 depositions. (Dkt. 132 at 1.)

Then, at the January 28, 2016 Case Management Conference, Arista requested even more depositions above the expanded limit on the basis that they were needed for various other reasons related to Arista's defenses. In response to that request, the Court noted "what I'm actually going to need is to be sure that the 20 I give you are the most valuable and these [extra requested depositions] are in addition." (1/28/16 Hr'g Tr. at 4:17-19.) This was because the Court wanted to ensure that Arista had not "used the first 20 as the benchers and then come in with your first string to say that you need them." (*Id.* at 4:19-21.) The showing the Court requested was "comparative," and it asked that Arista demonstrate its original 20 deponents "were as important or more and needed to be on that list." (*Id.* at 4:22-25.) The Court then specifically requested "a chart that identifies the first 20 [deponents]," as well as the additional requested deponents, because the Court wanted to "make sure you've chosen wisely for your first 20 and haven't stacked the deck." (*Id.* at 6:2-6.)

Cisco agreed, stating: "I think Your Honor is absolutely spot-on when asking for individualized justification for all of this." (*Id.* at 8:18-19.) Indeed, Cisco specifically requested to see Arista's chart setting out not only the additional depositions that Arista would like, but also "the first 20," and to be given an opportunity "to whatever request [Arista] makes to—from our perspective, to show why either we think the deposition is cumulative—[THE COURT: Yeah.]—why we don't think it's necessary to go beyond 20." (*Id.* at 10:18-24.) The Court responded: "I will let Mr. Pak argue that those in your top 20 don't belong there." (*Id.* at 11:10-11.)

In its subsequent submission, Arista identified the deponents it had already noticed and then argued for several additional, discrete categories of deponents, along with the purposes for which Arista sought such depositions. (*See generally* Dkt. 181 at 2-7.) Each of the individuals for which Arista now

seeks a deposition—Messrs. Westfield, Pletcher, Malik, Sijan, Chambers, and Kathail—were specifically proposed by Arista in that submission, and Arista specifically set out their potential relevance.  (*Id.* at 5-7.)

In it subsequent Order granting in part and denying in part Arista's requests to move the limit for depositions even further (beyond 20), the Court addressed each category of deponent identified by Arista and, for certain categories, permitted Arista a specifically-defined number of depositions from the proposed witnesses within that category.  As relevant to this motion, the Court's rulings with respect to CLI authors, "Competitive Personnel," and "Tail-f & Networks Compliance Manager Personnel" are particularly important.

First, with respect to additional CLI authors, the Court found that Arista failed to show a particularized need to depose any CLI authors beyond the five it had already taken and the four it had noticed as of late January.  (Dkt. 203 at 3.)  The Court also noted that Arista failed to show why the additional depositions Arista sought were not duplicative and cumulative of the information obtained from the numerous other CLI author depositions among the first 20 deponents.  (*Id.*)  On this basis, the Court declined to permit Arista additional CLI author depositions.  (*Id.*)  Mr. Westfield is one of the additional CLI authors Arista sought to depose.  (Dkt. 181 at 5.)

Second, with respect to "Competitive Personnel," the Court allowed one such deposition, but noted that Arista failed to show why it was necessary to depose more than one individual from this group.  The issue primarily came down to Arista's failure to establish why multiple depositions were not duplicative or redundant.  (*Id.* at 5.)  Following the Court's order, Arista noticed Soni Jiandani as its pick from the Competitive Personnel group.  That deposition is scheduled to occur shortly.  However, Arista has since also noticed the additional depositions of Messrs. Chambers, Sijan, Malik, and Pletcher, all of whom were also in the Competitive Personnel group.

Third and finally, Arista made a similarly deficient showing with respect to the need for more than one deposition of "Tail-f & Network Compliance Manager Personnel."  (*Id.* at 5-6.)  Arista's pick for this deposition was Carl Moberg, whose deposition should also occur shortly.  But now Arista wishes to also take the deposition of Mr. Kathail, despite the Court's explicit finding that Arista failed to

establish why doing so would not be redundant. (*Id.*)

In the meet and confer preceding Arista's motion, Cisco asked Arista to explain why it believed it could take these additional depositions despite the Court's order. Arista refused to provide an explanation. Nor did Arista explain whether it intended to forego several depositions from its "first 20" that have not yet occurred. Instead, despite Cisco's efforts to discuss the issue and avoid burdening the Court, Arista declared an impasse and filed its motion.

### III. ARGUMENT

#### A. Arista Committed to the Court That its "Top 20" Were Not "Benchers" Designed to Improperly Expand the Number of Total Depositions

At the January Case Management Conference, the Court was clear that Arista had to identify its first 20 deponents with specificity—not as placeholders, not subject to change—as a prerequisite to obtaining any additional depositions. Arista did so, and ***none*** of the extra individuals whom it now seeks to depose was in that "Top 20" list. But the Court was apparently right to worry that Arista would have a number of "benchers" in its Top 20 list, because Arista has now decided to forego a number of those deponents and instead seeks other depositions it did not adequately justify to the Court. Meanwhile, with the motion now before the Court, Arista insists that it should be permitted to take 25 depositions total and without regard to which individual witnesses it seeks to depose and/or in which category such witnesses fall. Granting Arista's current motion would in effect give Arista *carte blanche* to use up to 25 depositions without regard to which witnesses comprise that list, and without regard to Arista's ability to show a particularized need for such depositions—which is exactly the specter that this Court protected against by forcing Arista months ago to identify its first 20 deposition witnesses with particularity.

Cisco believes Arista should be limited to the discovery the Court actually permitted. Arista has already noticed its quota of individuals from the witness categories discussed in the Court's February 17 Order (*see* Dkt. 203 at 5-7). To the extent Arista has decided (now) not to take depositions from its first 20, that is its own prerogative. But Arista cannot now, at the eleventh hour near the end of discovery and without Court permission, unilaterally expand the scope of its depositions in this case to include

(now) a number of depositions and witnesses that it previously proposed and was denied.

In addition, and specifically with respect to Mr. Chambers, he is an "apex" deponent (having served as Cisco's CEO for decades), and Arista has made no showing that other discovery of lower-level employees has been, or will be, insufficient to obtain the facts it needs. *Affinity Labs of Texas v. Apple, Inc.*, 2011 WL 1753982, at *6 (N.D. Cal. May 9, 2011) ("Courts regularly require interrogatories, requests for admission, and depositions of lower level employees before allowing the deposition of an apex witness."); *see also In re Transpacific Passenger Air Transp. Antitrust Litig.*, 2014 WL 939287, at *5 (N.D. Cal. Mar. 6, 2014) ("Therefore, to safeguard against abuse, harassment, and undue burden, the court should consider whether and how the party seeking the deposition has attempted to use other less intrusive discovery methods, in addition to whether the deponent possesses unique, firsthand knowledge."). Should the Court revise its order to permit additional depositions of Competitive Personnel, Cisco may need to move for a protective order for this specific deponent.

### B.     Cisco's Post-February Productions Did Not Provide Sudden Revelations About the Potential Relevance of the Cisco Employees it Now Seeks to Depose

A final point is that, as the Court is aware, Cisco and Arista are engaged in numerous different disputes in several fora. In their disputes before the International Trade Commission, for example, Cisco has produced to Arista several million pages of documents overlapping with the vast majority of topics at issue in this particular lawsuit. Those productions include, among other things, nearly the entire files from Cisco's Arista-related repositories, including collections from an "Arista War Room" and "Arista Tiger Team." They also include numerous different documents that Arista has since relied on for its "industry standard" arguments in this lawsuit and its latter-filed antitrust lawsuit against Cisco. Cisco notes these facts because, contrary to what Arista argues in the instant motion, it is categorically incorrect that Arista supposedly learned of individuals or defense themes based only on recently-produced documents. (*See* Mot. at 2 (arguing that the documents Cisco produced since February are the reason Arista now seeks different depositions.)) Indeed, each of the individuals for whom Arista now seeks an improper additional deposition ***were specifically referenced in Arista's proposed discovery plan as potential deponents***. (*Compare* Mot. at 2 n. 2 (stating that Arista seeks to depose John

Chambers, Bill Westfield, Drago Sijan, Deepak Malik, Soni Jiandani, John Hartingh, Carl Moberg, Pradeep Kathail, and Drew Pletcher); *with* Dkt. 181 at 5-7 (identifying each individual as potential additional deponents).)  But the Court did not accept those proposals from Arista.

## IV. CONCLUSION

Cisco is prepared to discuss these issues further at the Court's convenience, but respectfully requests that the Court (a) not permit Arista to circumvent the limited categories of additional depositions the Court provided (one each of Competitive Personnel and Tail-f & Network Compliance Manager Personnel), and (b) hold Arista to its representations that the "first 20" deponents on its list were, in fact, its actual intended deponents rather than "benchers" used as placeholders to obtain an expanded number of depositions in the future.

| | |
|---|---|
| DATED:  April 15, 2016 | Respectfully submitted, |
| | */s/ Sean S. Pak* |
| | Kathleen Sullivan (SBN 242261) |
| | kathleensullivan@quinnemanuel.com |
| | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| | 51 Madison Avenue, 22nd Floor |
| | New York, NY 10010 |
| | Telephone: (212) 849-7000 |
| | Facsimile: (212) 849-7100 |
| | |
| | Sean S. Pak (SBN 219032) |
| | seanpak@quinnemanuel.com |
| | John M. Neukom (SBN 275887) |
| | johnneukom@quinnemanuel.com. |
| | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| | 50 California Street, 22nd Floor |
| | San Francisco, CA 94111 |
| | Telephone: (415) 875-6600 |
| | Facsimile: (415) 875-6700 |
| | |
| | Mark Tung (SBN 245782) |
| | marktung@quinnemanuel.com |
| | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| | 555 Twin Dolphin Drive, 5th Floor |
| | Redwood Shores, CA 94065 |
| | Telephone: (650) 801-5000 |
| | Facsimile: (650) 801-5100 |
| | |
| | Steven Cherny (admitted *pro hac vice*) |
| | steven.cherny@kirkland.com |
| | KIRKLAND & ELLIS LLP |
| | 601 Lexington Avenue |
| | New York, New York 10022 |
| | Telephone: (212) 446-4800 |
| | Facsimile: (212) 446-4900 |
| | |
| | Adam R. Alper (SBN 196834) |
| | adam.alper@kirkland.com |
| | KIRKLAND & ELLIS LLP |
| | 555 California Street |
| | San Francisco, California  94104 |
| | Telephone: (415) 439-1400 |
| | Facsimile: (415) 439-1500 |
| | |
| | Michael W. De Vries (SBN 211001) |
| | michael.devries@kirkland.com |
| | KIRKLAND & ELLIS LLP |
| | 333 South Hope Street |
| | Los Angeles, California 90071 |

Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*