Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Mark Tung (SBN 245782)
marktung@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven Cherny *(admitted pro hac vice)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>             Plaintiff,<br><br>      vs.<br><br>ARISTA NETWORKS, INC.,<br><br>             Defendant. | CASE NO. 5:14-cv-5344-BLF (PSG)<br><br>**DECLARATION OF CATHERINE R. LACEY  IN SUPPORT OF CISCO SYSTEMS, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CONFIDENTIAL INFORMATION IN CISCO SYSTEMS, INC.'S  MOTION FOR PROTECTIVE ORDER**<br><br>**DEMAND FOR JURY TRIAL** |

# DECLARATION OF CATHERINE R. LACEY

I, Catherine R. Lacey, declare as follows:

1.      I am an attorney licensed to practice in the State of California and am admitted to practice before this Court.  I am an associate with the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Plaintiff Cisco Systems, Inc. ("Cisco").  I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2.      I make this declaration in support of Cisco's Administrative Motion to File Under Seal Confidential Information in connection with Cisco's Motion for Protective Order ("Cisco's Brief").  I make this declaration in accordance with Civil Local Rule 79-5(e) on behalf of Cisco to confirm that the information contained in the documents referenced in the Sealing Motion should be sealed.

3.      Cisco's Brief is non-dispositive.  In this context, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c).  *Kamkana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003)).  In addition, Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" ( *i.e.*, that the document is "sealable").  Civil L.R. 79-5(b).  The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id*.

4.      Pursuant to Civil L.R. 79-5(e), good cause exists to seal the documents identified in the Sealing Motion, also set forth below, because the information sought to be sealed reflects confidential information that "give[s] [Cisco] an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Restatement of Torts* § 757, cmt b).:

| Document | Portions to Be Filed Under Seal |
|---|---|
| Cisco's Motion for Protective Order | Highlighted portions of pages 4, 8-12. |
| Declaration of John Chambers in Support of Cisco's Motion for Protective Order | Highlighted portions of paragraphs 5, 6 and 7. |
| Exhibit 7 to the Declaration of Sara E. Jenkins in Support of Cisco's Motion for Protective Order ("Exhibit 7") | Highlighted portions of the email. |
| Exhibit 11 to the Declaration of Sara E. Jenkins in Support of Cisco's Motion for Protective Order ("Exhibit 11") | Entire |
| Exhibit 12 to the Declaration of Sara E. Jenkins in Support of Cisco's Motion for Protective Order ("Exhibit 12") | Entire |
| Exhibit 13 to the Declaration of Sara E. Jenkins in Support of Cisco's Motion for Protective Order ("Exhibit 13") | Entire |
| Exhibit 14 to the Declaration of Sara E. Jenkins in Support of Cisco's Motion for Protective Order ("Exhibit 14") | Entire |

| Document | Portions to Be Filed Under Seal |
|---|---|
| Exhibit 15 to the Declaration of Sara E. Jenkins in Support of Cisco's Motion for Protective Order ("Exhibit 15") | Entire |
| Exhibit 16 to the Declaration of Sara E. Jenkins in Support of Cisco's Motion for Protective Order ("Exhibit 16") | Entire |
| Exhibit 18 to the Declaration of Sara E. Jenkins in Support of Cisco's Motion for Protective Order ("Exhibit 18") | Entire (Confidentiality claimed by both Cisco and Arista Networks, Inc. ("Arista").) |

5. Exhibit 7 is a copy of an email between counsel for the parties which quotes from internal Cisco documents and testimony that has been designated as "Highly Confidential – Attorneys' Eyes Only Information." These documents and testimony are discussed in more detail in paragraphs 6-11, below. Exhibit 7 comprises Cisco's confidential business information regarding, *inter alia*, competition and related strategies. Specifically, this email includes information regarding Cisco's strategies for competing with Arista. Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may compete with Cisco and gather information regarding the same less optimally than Cisco. *Elec. Arts*, 298 F. App'x at 569. Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn of Cisco's strategies for making sales and for gathering information in furtherance of the same, and allowing competitors to in turn adopt and/or counteract Cisco's strategies. This would "harm [Cisco's] competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

6. Exhibit 11 is a copy of an internal Cisco business communication produced by Cisco in this matter and designated as "Highly Confidential – Attorneys' Eyes Only Information." Exhibit 11 comprises Cisco's confidential business information regarding, *inter alia*, competition and related strategies. Specifically, this email thread includes information regarding Cisco's strategies for competing with Arista. Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may compete with Cisco and gather information regarding the same less optimally than Cisco. *Elec. Arts*, 298 F. App'x at 569. Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn of Cisco's strategies for making sales and for gathering information in furtherance of the same, and allowing competitors to in turn adopt and/or counteract Cisco's strategies. This would "harm [Cisco's] competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

7. Exhibit 12 is a copy of an excerpt from an internal Cisco business communication produced by Cisco in ITC Investigation Nos. 337-TA-944 and 337-TA-945 and designated as "Confidential Business Information." Under the Stipulated Protective Order governing this litigation, Dkt. 53 at 6 fn. 1, this document is deemed to have been produced in this case as "Highly Confidential – Attorneys' Eyes Only Information." Exhibit 12 comprises Cisco's confidential business information regarding, *inter alia*, competition and related strategies. Specifically, this includes information regarding Cisco's strategies for competing with Arista. Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may compete with Cisco and gather information regarding the same less optimally than Cisco. *Elec. Arts*, 298 F. App'x at 569. Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn of Cisco's strategies for making sales and for gathering information in furtherance of the same, and allowing competitors to in turn adopt and/or counteract Cisco's strategies. This would "harm [Cisco's] competitive standing." *Nixon*, 435 U.S. at 598.

8. Exhibit 13 is a copy of an excerpt from an internal Cisco business presentation produced by Cisco in ITC Investigation Nos. 337-TA-944 and 337-TA-945 and designated as "Confidential Business Information." Under the Stipulated Protective Order governing this litigation, Dkt. 53 at 6 fn. 1, this document is deemed to have been produced in this case as "Highly Confidential – Attorneys' Eyes Only Information." Exhibit 13 comprises Cisco's confidential business information regarding, *inter alia*, competition, sales (including sales strategies), competitors, and the gathering of information regarding all of the foregoing. Specifically, Exhibit 13 contains a discussion of confidential research regarding Cisco and its competitors. Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may engage in sales activities and gather information regarding the same less optimally than Cisco. *Elec. Arts*, 298 F. App'x at 569. Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn Cisco's strategies for competing against them, and in turn adopt and/or counteract those strategies. This would "harm [Cisco's] competitive standing." *Nixon*, 435 U.S. at 598.

9. Exhibit 14 is a copy of an internal Cisco business communication produced by Cisco in this matter and designated as "Highly Confidential – Attorneys' Eyes Only Information." Exhibit 14 comprises Cisco's confidential business information regarding, *inter alia*, product strategies, sales, customers, accounts, competition and related strategies. Exhibit 14 contains detailed information regarding strategic planning and confidential customer interactions. Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may compete with Cisco and engage in marketing and sales less optimally than Cisco. *Elec. Arts*, 298 F. App'x at 569. Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn the identity of Cisco's customers and Cisco's competitive strategies, and allowing

competitors to in turn target Cisco's customers and adopt and/or counteract Cisco's strategies. This would "harm [Cisco's] competitive standing." *Nixon*, 435 U.S. at 598.

10. Exhibit 15 is a copy of an internal Cisco business communication produced by Cisco in this matter and designated as "Highly Confidential – Attorneys' Eyes Only Information." Exhibit 15 comprises Cisco's confidential business information regarding, *inter alia*, product strategies, sales, customers, accounts, competition, pricing and related strategies. Exhibit 15 contains detailed information regarding strategic planning and confidential customer interactions. Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" compete with Cisco and engage in marketing and sales less optimally than Cisco. *Elec. Arts*, 298 F. App'x at 569. Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn the identity of Cisco's customers and Cisco's pricing and competitive strategies, and allowing competitors to in turn target Cisco's customers and adopt and/or counteract Cisco's strategies. This would "harm [Cisco's] competitive standing." *Nixon*, 435 U.S. at 598.

11. Exhibit 16 is a copy of an excerpt of deposition transcript of Soni Jiandani, dated April 29, 2016, which has been designated as "Highly Confidential – Attorneys' Eyes Only Information" under the Protective Order in this matter. Dkt. 53. Exhibit 16 comprises Cisco's confidential business information regarding, *inter alia*, competitive strategies, sales strategies, product strategies, customers and accounts. Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may compete with Cisco and engage in marketing and sales less optimally than Cisco. *Elec. Arts*, 298 F. App'x at 569. Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn the identity of Cisco's customers and Cisco's pricing and competitive strategies, and allowing competitors to in turn target Cisco's customers and adopt and/or counteract Cisco's strategies. This would "harm [Cisco's] competitive standing." *Nixon*, 435 U.S. at 598.

12. Exhibit 18 is a copy of an excerpt of the rough deposition transcript of Doug Gourlay, dated May 20, 2016, which has been designated as "Highly Confidential – Attorneys' Eyes Only Information" under the Protective Order in this matter. Dkt. 53. Exhibit 18 comprises Cisco's confidential business information regarding, *inter alia*, competitive strategies, sales strategies, product strategies, customers and accounts. Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may compete with Cisco and engage in marketing and sales less optimally than Cisco. *Elec. Arts*, 298 F. App'x at 569. Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn the identity of Cisco's customers and Cisco's pricing and competitive strategies, and allowing competitors to in turn target Cisco's customers and adopt and/or counteract Cisco's strategies. This would "harm [Cisco's] competitive standing." *Nixon*, 435 U.S. at 598. Arista Networks, Inc., has also designated this transcript as Highly Confidential – Attorneys' Eyes Only Information" under the Protective Order.

13. The portions of Cisco's Brief to be sealed quote and discuss Cisco's confidential information from Exhibits 11-16 and 18 regarding Cisco's competitors and related competition, and Cisco's strategies regarding the same. Thus, these portions similarly comprise Cisco's confidential business information, the confidentiality of which provides Cisco an "opportunity to obtain an advantage over competitors," and which would harm Cisco's business if disclosed to Cisco's competitors. *Elec. Arts*, 298 F. App'x at 569.

14. The portions of the Declaration of John Chambers in Support of Cisco's Brief to be sealed discuss Cisco's confidential information from Exhibits 11-16 regarding Cisco's competitors and related competition, and Cisco's strategies regarding the same. Thus, these portions similarly comprise Cisco's confidential business information, the confidentiality of which provides Cisco an "opportunity to obtain an advantage over competitors," and which would harm Cisco's business if disclosed to Cisco's competitors. *Elec. Arts*, 298 F. App'x at 569.

1  I declare under penalty of perjury under the laws of the State of California that the
2  foregoing is true and correct, and that this declaration was executed in San Francisco, California,
3  on May 24, 2016.

                                  */s/ Catherine R. Lacey*
                                  Catherine R. Lacey

9
DECLARATION OF CATHERINE R. LACEY IN SUPPORT OF CISCO SYSTEMS, INC.'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (PSG)

**SIGNATURE ATTESTATION**

Pursuant to Civ. L.R. 5-1(i)(3), the undersigned hereby attests under penalty of perjury that concurrence in the filing of this document has been obtained from the signatory indicated by the "conformed" signature (/s/) of registered ECF User Catherine R. Lacey.

Dated: May 24, 2016        /s/ Amy H. Candido
                           Amy H. Candido