1   Kathleen Sullivan (SBN 242261)
    kathleensullivan@quinnemanuel.com
2   QUINN EMANUEL URQUHART &
    SULLIVAN LLP
3   51 Madison Avenue, 22nd Floor
    New York, NY 10010
4   Telephone: (212) 849-7000
    Facsimile: (212) 849-7100
5
    Sean S. Pak (SBN 219032)
6   seanpak@quinnemanuel.com
    Amy H. Candido (SBN 237829)
7   amycandido@quinnemanuel.com
    John M. Neukom (SBN 275887)
8   johnneukom@quinnemanuel.com.
    QUINN EMANUEL URQUHART &
9   SULLIVAN LLP
    50 California Street, 22nd Floor
10  San Francisco, CA 94111
    Telephone: (415) 875-6600
11  Facsimile: (415) 875-6700
12  Mark Tung (SBN 245782)
    marktung@quinnemanuel.com
13  QUINN EMANUEL URQUHART &
    SULLIVAN LLP
14  555 Twin Dolphin Drive, 5th Floor
    Redwood Shores, CA 94065
15  Telephone: (650) 801-5000
    Facsimile: (650) 801-5100
16

Steven Cherny (admitted pro hac vice)
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

17

18 **UNITED STATES DISTRICT COURT**

19 **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

20

21 CISCO SYSTEMS, INC.,

Plaintiff,

22 vs.

23 ARISTA NETWORKS, INC.,

24 Defendant.

25

26

27

28

CASE NO. 5:14-cv-5344-BLF (PSG)

**CISCO SYSTEMS, INC.'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER**

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

Date: June 28, 2016
Time: 10:00 a.m.
Place: Courtroom 5, 4th Floor
Judge: Hon. Paul S. Grewal

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 28, 2016 at 10:00 a.m., or as soon as the matter may be heard by the Honorable Paul S. Grewal in Courtroom 5, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, Plaintiff Cisco Systems, Inc.'s ("Cisco") will, and hereby does move this Court to issue a protective order pursuant to Federal Rule of Civil Procedure 26 to prevent Defendant Arista Networks, Inc. ("Arista") from taking the deposition of Cisco's Executive Chairman of the Board, John Chambers.  This motion is based on this notice of motion and supporting memorandum of points and authorities; the supporting declarations of John Chambers and Sara Jenkins; and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Under well-established law, before Arista may take the deposition of Cisco's Executive Chairman of the Board, John Chambers, Arista must satisfy two conditions.  *First*, Arista must show that Mr. Chambers has unique, personal knowledge that is relevant to this case.  *Second*, Arista must show that it has exhausted less burdensome means of discovery.  Arista can meet neither requirement here.  Most importantly, Arista has not identified any relevant facts or information that is uniquely held by Mr. Chambers.  Despite repeated requests from Cisco's counsel, Arista has not identified any such knowledge uniquely possessed by Mr. Chambers that is relevant to the claims or defenses at issue in this case and not repetitive of the knowledge of other non-apex witnesses.  Moreover, Arista has not even come close to exhausting the many less burdensome avenues available to it for obtaining the discovery it claims to need.  Because Arista cannot meet the conditional requirements for the deposition of an apex witness, a protective order should issue.

## II.  STATEMENT OF FACTS

General Overview of Cisco

Since 1984, Cisco has designed and sold broad lines of products and services, and delivered integrated solutions to develop and connect networks around the world, building the Internet.  Jenkins Decl. Ex. 1.  Cisco has over 70,000 employees in over 400 offices worldwide.  *Id.*.  In 2015, Cisco invested more than six billion dollars in research and development focused on creating the future of networking technologies.  *Id.*

Mr. Chambers' Career at Cisco

Mr. Chambers joined Cisco as Senior Vice President in January 1991 and began serving as a member of the Board in November 1993.  Chambers Decl. at ¶ 3.  He was promoted to Executive Vice President in June 1994.  *Id.*  He then assumed the roles of President and Chief Executive Officer in January 1995.  *Id.*  He served as President until November 2006, at which time he was appointed Chairman of the Board in addition to his CEO role.  *Id.*  Mr. Chambers

1    served as Chairman and CEO until July 2015, when he was appointed Executive Chairman of the

2    Board.  *Id.*

3         In his current role as Executive Chairman of the Board, Mr. Chambers' responsibilities

4    include building relationships with government and business leaders, shareholders, and Board

5    members.  *Id.* at ¶ 2.  He is an advisor to Cisco's CEO, Chuck Robbins, on various issues,

6    including the company's strategy, digital transformation, security, relationships and strategic

7    partnerships.  *Id.*

8         Mr. Chambers is not one of the inventors of the asserted patents in this case, nor did he

9    create any aspect of the asserted copyrighted works.  *Id.* at ¶ 4. ██████████████

10   ████████████████████████████████████████████████████████████████████

11   ████████████████████████████████████████████████████████████████████

12   ████████████████████████████████████████████████████████████████████

13   ████████████████████████████████ .  *Id.* at ¶¶ 5-7.

14        <u>Arista's Requests to Depose Mr. Chambers</u>

15        On February 5, 2016, Arista filed its Supplemental Proposed Discovery Plan, requesting an

16   additional twenty depositions and "detailing Arista's plans for the 40 depositions that Arista has

17   requested."  Dkt. 181 at 1.  In that Supplemental Proposed Discovery Plan, Arista requested to

18   depose "2-3 competitive personnel" from Cisco and stated that "Arista intends to select two to

19   three witnesses from the following group:  Andrew Pletcher, Brian Osoro, Cesar Obediente,

20   Cynthia Broderick, Deepak Malik, Drago Sijan, John Chambers, Lilian Quan, Soni Jiandani, and

21   Wayne Ogazaly."  *Id.* at 6.

22        On February 17, 2016, the Court ordered that Arista may take an additional 5 depositions.

23   Dkt. 203 at 6.  With respect to the competitive personnel category in which Arista listed John

24   Chambers, the Court found that "Arista has shown a particularized need why it needs to depose

25   ***one*** individual from Cisco's team devoted to Arista," but "Arista has not shown why it needs more

26   than one deposition or how additional depositions would not be duplicative or redundant."  *Id.* at 5

27   (emphasis added).

28

02099-00004/7992951.1                                4

1    On April 7, 2016, counsel for Arista wrote to counsel for Cisco, requesting among other

2    depositions, the deposition of John Chambers.  Jenkins Decl. Ex. 2.  On April 12, 2016, counsel

3    for Cisco responded to counsel for Arista regarding their recent deposition requests, including for

4    the deposition of John Chambers.  Jenkins Decl. Ex. 3.  In that letter, Cisco's counsel explained its

5    position that Arista was limited by Court order to taking the deposition of only *one* witness from

6    Cisco's internal teams devoted to competing with Arista, and that Arista had already notified

7    Cisco that it intended to take the deposition of Senior Vice President Soni Jiandani as its witness

8    in that category.  *Id.*

9    Counsel for Arista responded that same day, stating that Arista did not believe that the

10   Court's order limited Arista's choice of any deponent that it wanted to fill its twenty-five

11   deposition slots.  Jenkins Decl. Ex. 4.  Counsel for Cisco and Arista were unable to come to an

12   agreement on that issue and Arista filed a Motion for Clarification of the Court's prior orders to

13   clarify whether Arista was limited to using its depositions as Arista had set out in its Supplemental

14   Discovery Plan.  Dkt. 245.

15   At the Court's invitation, Dkt. 246, Cisco filed an opposition to Arista's Motion for

16   Clarification, making it clear that Cisco objected to the deposition of Mr. Chambers because

17   Arista was attempting to circumvent the limits the Court placed on discovery in this case and

18   because Mr. Chambers is an apex witness.  Dkt. 247 at 4.  In its Order, issued on April 15, 2016,

19   the Court disagreed with Cisco's understanding of the Court's discovery limits and stated that the

20   parties "are free to choose any deponents they wish to fill the initial 20 [deposition] slots."  Dkt.

21   249 at 1.  The Court did not address the apex issue regarding Mr. Chambers' deposition in its

22   Order.  *Id.*

23   On April 18, 2016, Arista notified Cisco that it was continuing to request the deposition of

24   Mr. Chambers.  Jenkins Decl. Ex. 5.  On April 19, 2016, Cisco's counsel objected to the request,

25   informing counsel for Arista that "Mr. Chambers does not have unique, first-hand, non-repetitive

26   and relevant knowledge of the facts at issue in this case" and requesting that Arista explain how it

27   claims to meet the test for the deposition of an apex witness.  Jenkins Decl. Ex. 6.

28

1    On May 4, 2016, Arista's counsel responded, citing five documents and deposition

2    testimony from Cisco Senior Vice President Soni Jiandani that it claimed established that Mr.

3    Chambers had unique and relevant knowledge.  Jenkins Decl. Ex. 7.  Each of the materials cited

4    by Arista addressed the subject of competition between Cisco and Arista.  *Id.*

5    On May 11, 2016, Arista's counsel sent counsel for Cisco a deposition notice for Mr.

6    Chambers, setting the deposition for May 27, 2016.  Jenkins Decl. Ex. 8.  On May 17, 2016,

7    Cisco's counsel informed Arista's counsel that Cisco had been investigating the documents that

8    Arista had cited in its May 4, 2016 email and requested a meet and confer call.  Jenkins Decl. Ex.

9    9.  Counsel for the parties spoke on May 17, 2016, but did not reach resolution.  Later that day,

10    Arista's counsel sent an email to Counsel for Cisco stating that if Cisco would not produce Mr.

11    Chambers for deposition, Arista expected Cisco would "file, pursuant to FRCP 26(c)(1), a motion

12    for a protective order."  Jenkins Decl. Ex. 10.  Counsel for the parties spoke on May 20, 2016,

13    during which call counsel for Arista indicated that Arista would not be interested in pursuing an

14    expedited schedule for Cisco's Motion for Protective Order.  Jenkins Decl. ¶ 22.  On May 22,

15    2016, counsel for Arista sent counsel for Cisco an email regarding the briefing schedule for this

16    motion, in which Arista's counsel asserted that, in his May 20, 2016 deposition, Doug Gourlay, a

17    former employee of both Arista and Cisco, provided testimony regarding "Chambers' personal

18    involvement in Cisco's competitive efforts against Arista."  Jenkins Decl. Ex. 17.

19    To date, Arista has already noticed, or taken, the depositions of Andrew Pletcher, Deepak

20    Malik, Drago Sijan, and Soni Jiandani, all of whom were listed as "competitive personnel" in

21    Arista's Supplemental Discovery Plan.  Jenkins Decl. at ¶ 18; Dkt. 203 at 5.  In addition, Arista

22    has taken the deposition of John Hartingh, a member of Cisco's team focused on competition with

23    Arista.  *Id.*  Moreover, in the ITC Investigations between Cisco and Arista, the deposition and trial

24    transcripts of which are subject to a cross-use agreement in this case, Arista deposed so-called

25    "competitive personnel" Soni Jiandani, Cesar Obediente, Andrew Pletcher, and Wayne Ogozaly,

26    and Soni Jiandani testified at the ITC hearings.  *Id.*  Although Arista claimed that it only desired to

27    take two to three depositions of "competitive personnel," and although the Court found that

28    "Arista has not shown why it needs more than one deposition or how additional [competitive

1  personnel] depositions would not be duplicative or redundant," Arista now demands the deposition

2  of Mr. Chambers, who would be Arista's **sixth** deponent in the "competitive personnel" category.

3  **III.    LEGAL STANDARD**

4      High-ranking executives are protected from harassing and unnecessary depositions.  Under

5  Rule 26(c) of the Federal Rules of Civil Procedure, "[t]he court may, for good cause, issue an

6  order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or

7  expense," including forbidding a deposition or limiting its scope.  The concern regarding

8  "annoyance, embarrassment, oppression, [and] undue burden" is amplified when a party seeks to

9  depose high-ranking executives at the top of a corporation's hierarchy.  Indeed, "[v]irtually every

10  court that has addressed deposition notices directed at an official at the highest level or 'apex' of

11  corporate management has observed that such discovery creates a tremendous potential for abuse

12  or harassment."  *Celerity, Inc. v. Ultra Clean Holding, Inc.*, 2007 WL 205067, at *3 (N.D. Cal.

13  Jan. 25, 2007).  Accordingly, courts impose two requirements before ordering the depositions of

14  high-ranking executives.  First, the executive must have "unique first-hand, non-repetitive

15  knowledge of facts at issue in the case."  *WebSideStory, Inc. v. NetRatings, Inc.*, 2007 WL

16  1120567, at *2 (S.D. Cal. April 6, 2007).  Second, the party seeking the deposition must "exhaust

17  other less intrusive discovery methods, such as interrogatories and depositions of lower level

18  employees."  *Id.*

19      When "high-level decision maker[s are] 'removed from the daily subjects of the litigation'

20  [and have] no unique personal knowledge of the facts at issue," depositions of those executives are

21  improper.  *Celerity*, 2007 WL 205067, at *3 (quoting *Baine v. General Motors Corp.*, 141 F.R.D.

22  332, 334 (M.D. Ala. 1991)); *see also First United Methodist Church of San Jose v. Atl. Mutual*

23  *Ins. Co.*, 1995 WL 566026 (N.D. Cal 1995) (noting that "[b]ecause of the potential for abuse by

24  plaintiffs," courts preclude depositions of high-level corporate officers "when the officer has no

25  first-hand knowledge of the facts of the case *or* where the officer's testimony would be

26  repetitive").

27      Even if an executive has unique first-hand knowledge, a party must first exhaust the

28  depositions of lower level employees and establish a need to depose the high-ranking executive.

1  *Affinity Labs of Tex. v. Apple, Inc.*, 2011 WL 1753982, at *6-7 (N.D. Cal. May 9, 2011) (granting

2  Apple's motion for a protective order and noting that "[c]ourts regularly require interrogatories,

3  requests for admission, and depositions of lower level employees before allowing the deposition

4  of an apex witness"); *Mehmet v. Paypal, Inc.*, 2009 WL 921637, at *2 (N.D. Cal. Apr. 3, 2009)

5  (granting protective order and noting that "[c]ourts generally refuse to allow the immediate

6  deposition of high-level executives, the so-called 'apex deponents,' before the depositions of

7  lower level employees with more intimate knowledge of the case").

8  **IV.    ARGUMENT**

9      **A.    MR. CHAMBERS' DEPOSITION IS NOT WARRANTED BECAUSE HE
            DOES NOT HAVE UNIQUE, NON-REPETITIVE, RELEVANT**

10          **KNOWLEDGE.**

11      As the Executive Chairman of the Board, and former CEO, Mr. Chambers' responsibilities

12  at Cisco have been significant.  However, Mr. Chambers does not have unique, non-repetitive

13  knowledge of issues relevant to this case.  Arista contends that Mr. Chambers has knowledge of

14  competition and competitive strategy between Arista and Cisco. ███████████████████

15  ████████████████████████████████████████████████████████████

16  *See* Chambers Decl. ¶ 5. ██████████████████████████████████

17  ████████████████████████████████████████████████████████

18  ███████████████████████ *See id.*  Moreover, Mr. Chambers is not an inventor of the

19  asserted patents, nor did he create any of the asserted copyrighted works.  *Id*. at ¶ 4. ████

20  ████████████████████████████████████████████████████████████

21  ██████████████████████████████. *Id*. at ¶ 7.  Cisco did not list Mr. Chambers

22  on its original or supplemental initial disclosures and will not call Mr. Chambers at trial if he is not

23  deposed.  Jenkins Decl. at ¶ 19.

24      Mr. Chambers' limited second-hand knowledge and potential attendance at meetings with

25  other Cisco executives is a stark contrast to the situation this Court addressed in *In re Google

26  Litig.*  2011 WL 4985279 (N.D. Cal. Oct. 19, 2011).  In that case, Larry Page was a named

27  inventor on seven patents at issue, he was involved in relevant licensing negotiations, Google's

28  discovery responses specifically referenced Larry Page and Sergey Brin's unique knowledge of

facts that were material to the case, and Google had listed both Messrs. Page and Brin on its initial disclosures. *Id.* at *2. Even so, this Court ruled that Mr. Page could only be subjected to a deposition for three hours and that Mr. Brin could not be deposed until such time as the plaintiff could demonstrate that he possessed unique knowledge. *Id.* Here, where Mr. Chambers has no similar connections to the facts at issue in this case, a deposition of Mr. Chambers is not warranted.

Arista argues that it is entitled to depose Mr. Chambers because he "was directly involved with Cisco's efforts to compete against Arista," citing five documents and one deposition excerpt related solely to competition between the two companies. Jenkins Decl. Ex. 7. The documents and testimony cited by Arista demonstrates that any knowledge that Mr. Chambers may have of competition between Cisco and Arista is ***not*** unique. Notably, while four of the five documents cited by Arista are emails, and there are over thirty-five authors and recipients of those emails, Mr. Chambers is not an author, recipient or copyee of a single one. *See.* Jenkins Decl. Exs. 11 to 15. Not surprisingly, Mr. Chambers does not recall having seen any of the documents before. Chambers Decl. at ¶ 6.

Arista's argument for Mr. Chambers' deposition is premised on a series of misconceptions and misinterpretations of various documents:



02099-00004/7992951.1

MOTION FOR PROTECTIVE ORDER
Case No. 5:14-cv-05344-BLF



23    <u>Deposition Testimony:</u>  The deposition testimony cited by Arista further demonstrates that

24  Mr. Chambers does not have any unique, non-repetitive knowledge regarding competition

25  between Cisco and Arista.  Soni Jiandani, a Senior Vice President at Cisco, testified

26

27

28                                                          *Cf. Doble v. Mega Life and Health*

02099-00004/7992951.1                                           11

1    *Ins. Co.*, 2010 WL 1998904, at *2 (N.D. Cal. May 18, 2010) (sending emails encouraging

2    employees to settle or stop negotiations with a specific insurance claimant "is not the level of

3    personal involvement which would justify deposition of the CEO").  Doug Gourlay, a former

4    employee of both Cisco and Arista, testified █████████████████████████████████

5    ████████████████████████████████████████████████████████████

6    ████████████████████████████████████████████████████████████

7    ████████████████████████████████████████████████████████████

8    ██████  Mr. Gourlay's testimony is pure conjecture, and does not establish that Mr. Chambers has

9    any unique, non-repetitive knowledge regarding competition between Cisco and Arista.

10   Therefore, Mr. Chambers should not be subject to a deposition until such time, if ever, that Arista

11   can establish that he has unique, non-repetitive, personal, first-hand knowledge of issues relevant

12   to the litigation.  *See In re Google Litig.*, 2011 WL 4985279 (N.D. Cal. Oct. 19, 2011).

13          **B.**      **MR. CHAMBERS' DEPOSITION IS NOT WARRANTED BECAUSE**
                        **ARISTA HAS NOT EXHAUSTED LESS BURDENSOME DISCOVERY.**

14          Instead of forcing one of Cisco's highest ranking executives to sit for a deposition to

15   question him about his limited, second-hand knowledge of competition with Arista -- an issue on

16   which there are numerous witnesses with direct, first-hand knowledge -- Arista should first be

17   required to depose the lower-ranking employees who actually prepared the reports and wrote the

18   emails that Arista has identified.  Cisco has, and is, providing Arista with more than sufficient

19   information from the persons most knowledgeable about the facts and circumstances related to this

20   case.  In addition to the twenty-five individual deponents that Arista has identified (Cisco is only

21   objecting to the deposition of Mr. Chambers), Arista also served a notice under FRCP 30(b)(6)

22   covering 133 topics.  Jenkins Decl. at ¶ 20.  Cisco has designated deponents for a large number of

23   these topics and is finalizing its designees for the remaining topics, subject to its objections.  *Id.*

24   Pursuant to Arista's Rule 30(b)(6) Notice, Cisco will be providing testimony on numerous topics

25   related to competition between Cisco and Arista.  *Id.*

26          Additionally, of the more than thirty-five people who either wrote or received the "key"

27   emails that Arista cited to try to show that Mr. Chambers has personal knowledge of competition

28

1   between the companies, Arista has only notified Cisco of its intent to depose three of them.

2   Jenkins Decl. at ¶ 21.  Of those, two depositions have already been taken, and the other one has

3   been scheduled.  *Id.*  If, after completing all other depositions and Arista's Rule 30(b)(6)

4   depositions, Arista is able to demonstrate that Mr. Chambers has unique, personal knowledge that

5   is relevant to this case that Arista could not have obtained during the depositions of lower level

6   employees, Arista could renew its request.  *See Celerity*, 2007 WL 205067, at *3 (noting that

7   granting a motion for a protective order "merely postpone[s]" apex depositions until a party can

8   "demonstrate that other less intrusive discovery methods . . . are inadequate.").

9   **V.     CONCLUSION**

10          For the foregoing reasons, Cisco respectfully requests this Court grant its motion and adopt

11  and enter its Proposed Protective Order.

12

13  Dated:  May 24, 2016                          Respectfully submitted,

14

                                                */s/ Amy H. Candido*_____
15
                                                Kathleen Sullivan (SBN 242261)
16                                              kathleensullivan@quinnemanuel.com
                                                QUINN EMANUEL URQUHART &
17                                              SULLIVAN LLP
                                                51 Madison Avenue, 22nd Floor
18                                              New York, NY 10010
                                                Telephone: (212) 849-7000
19                                              Facsimile: (212) 849-7100

20                                              Sean S. Pak (SBN 219032)
                                                seanpak@quinnemanuel.com
21                                              Amy H. Candido (SBN 237829)
                                                amycandido@quinnemanuel.com
22                                              John M. Neukom (SBN 275887)
                                                johnneukom@quinnemanuel.com.
23                                              QUINN EMANUEL URQUHART &
                                                SULLIVAN LLP
24                                              50 California Street, 22nd Floor
                                                San Francisco, CA 94111
25                                              Telephone: (415) 875-6600
                                                Facsimile: (415) 875-6700
26
                                                Mark Tung (SBN 245782)
27                                              marktung@quinnemanuel.com
                                                QUINN EMANUEL URQUHART &
28                                              SULLIVAN LLP

                                                              MOTION FOR PROTECTIVE ORDER
                                                              Case No. 5:14-cv-05344-BLF

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven Cherny *admitted pro hac vice*)
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

MOTION FOR PROTECTIVE ORDER
Case No. 5:14-cv-05344-BLF