# EXHIBIT 7
# REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

| | |
|---|---|
| **From:** | Elizabeth K. McCloskey <EMcCloskey@kvn.com> |
| **Sent:** | Wednesday, May 04, 2016 10:10 AM |
| **To:** | Amy Candido; John Neukom |
| **Cc:** | Cisco-Arista; 'Cisco-AristaCopyrightTeam@kirkland.com' (Cisco-AristaCopyrightTeam@kirkland.com); ARISTA-KVN |
| **Subject:** | RE: Cisco v. Arista (Hafeez & Pech Depositions) |

Amy,

We disagree -- John Chambers has unique, personal knowledge of facts critical to this action, including, but not limited to, facts related to Arista's defenses and damages case. Mr. Chambers has had an active role in Cisco's business operations, including operations relevant to this case. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

The purpose behind the apex doctrine is to prevent harassment of a high-level corporate official where he has little or no knowledge of facts relevant to an action. *Ray v. BlueHippo Funding, LLC*, 2008 U.S. Dist. LEXIS 92821, *7 (N.D. Cal. Nov. 6, 2008). This reasoning does not apply to Mr. Chambers. Accordingly, please confirm that Cisco will produce Mr. Chambers for a deposition.

Thanks,
Lizzy

**From:** Amy Candido [mailto:amycandido@quinnemanuel.com]
**Sent:** Tuesday, April 19, 2016 5:52 PM
**To:** Elizabeth K. McCloskey; John Neukom
**Cc:** Cisco-Arista; 'Cisco-AristaCopyrightTeam@kirkland.com' (Cisco-AristaCopyrightTeam@kirkland.com); ARISTA-KVN
**Subject:** RE: Cisco v. Arista (Hafeez & Pech Depositions)

Lizzy,

In your email, you state that Arista intends to proceed with the deposition of John Chambers, Cisco's Executive Chairman and former CEO. Unlike Arista's CEO, who was directly involved in and had unique knowledge regarding the events at issue in this case, Mr. Chambers does not have unique, first-hand, non-repetitive and relevant knowledge of the facts at issue in this case. Moreover, Arista has neither exhausted other less intrusive discovery methods nor shown that the discovery sought cannot be obtained from other sources. *See, e.g., Affinity Labs of Texas v. Apple, Inc.*, 2011 WL 1753982 (N.D. Cal. May 9, 2011); *Synthes USA, LLC v. Spinal Kinetics, Inc.*, 2011 WL 811731 (N.D. Cal. Mar. 2, 2011). Accordingly, please explain why Arista believes that it meets the test for an apex deposition or please withdraw your request for Mr. Chambers' deposition.

1

In addition, Arista has outstanding deposition subpoenas to third parties Pedro Marques, Avaya, Brocade, Dell, HP, Lenovo and Stanford University.  Please identify which, if any, of these witnesses Arista still intends to depose.  To the extent that Arista has had any deposition scheduling communications with these witnesses, please send us that correspondence and please copy us on that correspondence going forward.  If Arista no longer intends to depose these witnesses, please let us know that.

Regards,
Amy

---

**From:** Elizabeth K. McCloskey [mailto:EMcCloskey@kvn.com]
**Sent:** Monday, April 18, 2016 5:48 PM
**To:** John Neukom <johnneukom@quinnemanuel.com>; Amy Candido <amycandido@quinnemanuel.com>
**Cc:** Cisco-Arista <Cisco-Arista@quinnemanuel.com>; 'Cisco-AristaCopyrightTeam@kirkland.com' (Cisco-AristaCopyrightTeam@kirkland.com) <Cisco-AristaCopyrightTeam@kirkland.com>; ARISTA-KVN <ARISTA-KVN@kvn.com>
**Subject:** RE: Cisco v. Arista (Hafeez & Pech Depositions)

Jay,

Thanks.  We would like Mr. Pech's deposition to begin at 9:30am in San Francisco, and Mr. Hafeez's deposition to begin at 9:30am on the Peninsula.

During today's meet and confer, you asked that Arista provide a list of its liability-related 30(b)(6) topics. Those topics are: 1–7, 11–12, 14–32, 41–49, 52–58, 63, 67–77, 84–93, 110–112, and 132–133.  To complete its liability expert reports by May 6, Arista must obtain 30(b)(6) testimony on each of these topics before the close of liability fact discovery.

You also asked that Arista provide a list of the individuals for which we have requested deposition dates.  Those individuals are Soni Jiandani, John Chambers, Drago Sijan, John Hartingh, Carl Moberg, Bill Westfield, Pradeep Kathail, Andrew Pletcher, Deepak Malik.  With the exception of Mr. Hartingh, who we are willing to depose in May, Arista intends to proceed with each of these depositions before the close of liability fact discovery.

As we discussed earlier today, Arista is growing increasingly concerned about Cisco's failure to provide deposition dates for the above-listed witnesses, given the April 29 close of liability fact discovery.  Please let us know what Cisco proposes.

Thanks,
Lizzy

---

**From:** John Neukom [mailto:johnneukom@quinnemanuel.com]
**Sent:** Monday, April 18, 2016 2:30 PM
**To:** Elizabeth K. McCloskey; Amy Candido
**Cc:** Cisco-Arista; 'Cisco-AristaCopyrightTeam@kirkland.com' (Cisco-AristaCopyrightTeam@kirkland.com); ARISTA-KVN
**Subject:** RE: Cisco v. Arista (Hafeez & Pech Depositions)

Dear Lizzy,

Among other topics that we discussed on today's meet and confer, you asked me to confirm whether counsel for Cisco intended to accept the offered deposition dates for Hafeez and Pech. We accept those dates (I believe both offered for this Thursday). Please let us know the exact location you have in mind for each, and a start-time preference.

Thanks,
Jay

---

**From:** Elizabeth K. McCloskey [mailto:EMcCloskey@kvn.com]
**Sent:** Monday, April 18, 2016 11:26 AM
**To:** Amy Candido <amycandido@quinnemanuel.com>
**Cc:** Cisco-Arista <Cisco-Arista@quinnemanuel.com>; 'Cisco-AristaCopyrightTeam@kirkland.com' (Cisco-AristaCopyrightTeam@kirkland.com) <Cisco-AristaCopyrightTeam@kirkland.com>; ARISTA-KVN <ARISTA-KVN@kvn.com>
**Subject:** Re: Cisco v. Arista

Amy, 11:30 works for us. Please call 415-676-2269. Thanks.

On Apr 18, 2016, at 2:23 AM, Amy Candido <amycandido@quinnemanuel.com> wrote:

> Lizzy,
>
> Cisco is available to meet and confer with Arista at 11:30 a.m. on Monday regarding the discovery issues set forth in your email below, as well as the following four issues.
>
> First, while Cisco has already provided Rule 30(b)(6) witnesses on several topics and has designated witnesses and provided dates for additional topics, Arista has yet to provide even a single Rule 30(b)(6) witness on *any* topic in Cisco's notice to Arista. Rather, this past Wednesday, April 13, Arista identified its first Rule 30(b)(6) designee on any of Cisco's topics (Adam Sweeney) and offered him for the last two days of liability fact discovery. Arista has refused to designate a witness on the majority of Cisco's Rule 30(b)(6) topics related to liability, and has ignored Cisco's requests to meet and confer on the subject. Indeed, the reason why the parties have yet to meet and confer on Arista's Rule 30(b)(6) notice to Cisco is because every time Cisco requests that the parties also meet and confer regarding Cisco's Rule 30(b)(6) topics to Arista, Arista fails to follow through on its requested meet and confer.
>
> Second, by letters dated March 7, 8 and 21, 2016, Cisco requested confidentiality de-designations of the deposition transcripts of various Arista witnesses. Paragraph 6.2 of the Stipulated Protective Order requires the parties to meet and confer regarding such requests within 14 days. Despite your assurances that we would have Arista's response on our letters regarding at least the top three priority transcripts by early in the week of April 4, 2016, Cisco still has had no response. On April 8, 2016, Cisco requested Arista's grossly overdue response on all of the transcripts by the close of business on April 11, but again Arista has ignored Cisco's requests. Instead of responding to Cisco's de-designation requests – some of which are now overdue to meet and confer by as much as 28 days under the Protective Order – Arista devoted its resources to sending Cisco requests that Cisco de-designate confidentiality designations of deposition testimony. While Cisco will certainly consider Arista's requests, Cisco cannot wait any longer for a response on this issue and will be forced to raise this issue with the Court.
>
> Third, as raised in my March 31, 2016 letter, Cisco would like to depose any fact witnesses that Arista intends to call at trial that Cisco has not already deposed. Accordingly, please be prepared to meet and confer regarding the identification of any fact witnesses that you intend to call at trial that Cisco has not already deposed or that Cisco and Arista are not already in the process of scheduling for deposition.

Fourth, per Jay Neukom's email on Friday, please be prepared to discuss the list of witnesses that Arista intends to depose. As Jay noted, we need as much advance notice as possible to coordinate with our witnesses' schedules.

Please provide a dial in for the call at 11:30 a.m.

Thanks,
Amy

---

**From:** Elizabeth K. McCloskey [mailto:EMcCloskey@kvn.com]
**Sent:** Friday, April 15, 2016 11:43 AM
**To:** Cisco-Arista <Cisco-Arista@quinnemanuel.com>; 'Cisco-AristaCopyrightTeam@kirkland.com' (Cisco-AristaCopyrightTeam@kirkland.com) <Cisco-AristaCopyrightTeam@kirkland.com>
**Cc:** ARISTA-KVN <ARISTA-KVN@kvn.com>
**Subject:** Cisco v. Arista

Counsel,

On Tuesday, April 19, Arista intends to file a motion for relief with the Court concerning four issues. In light of the April 29 liability fact discovery cutoff, these issues are now urgent, and thus we will request an expedited briefing schedule.

First, Cisco has refused to produce its 30(b)(6) witness, designated on topics relating to the '526 patent, in the district in which it filed suit, as is required by law. Second, Cisco has refused to provide a date by which it intends to complete production of Tail-f documents, and the related custodial data of Mr. Moberg. Third, Cisco has designated a 30(b)(6) witness on topics related to the *Cisco v. Huawei* litigation, but has failed to take the steps necessary to ensure the production of relevant documents to Arista. Fourth, Cisco has refused to designate witnesses on the majority of Arista's 30(b)(6) topics related to liability, and instead has ignored many months of repeated requests by Arista for 30(b)(6) deposition dates.

If you would like to meet and confer regarding any of these issues today, or Monday before noon, we will make ourselves available. If we do not hear back from you by Monday at noon, we will consider these issues ripe for judicial review.

Thanks,
Lizzy

---

**Elizabeth K. McCloskey**
Attorney at Law

<image001.png>

415 676 2269 direct   |   vCard   |   emccloskey@kvn.com
633 Battery Street, San Francisco, CA 94111-1809   |   415 391 5400 main   |   kvn.com