UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CISCO SYSTEMS INC, <br><br> Plaintiff, <br><br> v. <br><br> ARISTA NETWORKS, INC., <br><br> Defendant. | Case No. 5:14-cv-05344-BLF <br><br> **ORDER GRANTING-IN-PART MOTION TO SEAL** <br><br> **(Re:  Docket No. 261)** |

    Before the court is one administrative motion to seal.[1]  "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[2]  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."[3]  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action"[4] bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.[5]

    However, "while protecting the public's interest in access to the courts, we must remain

---

[1] *See* Docket No. 261.

[2] *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)).

[3] *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[4] *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016).

[5] *Kamakana*, 447 F.3d at 1178-79.

1

Case No. 5:14-cv-05344-BLF
ORDER GRANTING-IN-PART MOTION TO SEAL

mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest."[6] Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access.[7] Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c).[8] This standard requires a "particularized showing"[9] that "specific prejudice or harm will result" if the information is disclosed.[10] "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.[11] A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed,[12] but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.[13]

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document

---

[6] *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013).

[7] *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action.").

[8] *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted).

[9] *Id.*

[10] *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).

[11] *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

[12] *See Kamakana,* 447 F.3d at 1179-80.

[13] *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

1  is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection

2  under the law."  "The request must be narrowly tailored to seek sealing only of sealable material,

3  and must conform with Civil L.R. 79-5(d)."[14]  "Within 4 days of the filing of the Administrative

4  Motion to File Under Seal, the Designating Party must file a declaration as required by subsection

5  79-5(d)(1)(A) establishing that all of the designated material is sealable."[15]

6  With these standards in mind, the court rules on the instant motions as follows:

| Docket No. | Document to be Sealed | Result | Reason/Explanation |
|---|---|---|---|
| 261-3 | Cisco's Motion for Protective Order | Designations highlighted at 9:18-28; 10:4-9; 10:11-17; 10:19-21; 10:23-11:2; 11:5-6 SEALED; remainder UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 261-5 | Declaration of John Chambers ISO Cisco's Motion for Protective Order | Designations highlighted at 3:1-3; 3:21-25 SEALED; remainder UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 261-7 | Ex. 7 to Jenkins Decl. ISO Cisco's Motion for Protective Order | Highlighted portions SEALED; remainder UNSEALED. | Sealed portions narrowly tailored to confidential business information. |
| 261-9 | Ex. 11 to Jenkins Decl. ISO Cisco's Motion for Protective Order | SEALED. | Narrowly tailored to confidential business information. |
| 261-11 | Ex. 12 to Jenkins Decl. ISO Cisco's Motion for Protective Order | SEALED. | Narrowly tailored to confidential business information. |

---

[14] Civ. L.R. 79-5(b).  In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version."  Civ. L.R. 79-5(d)(1)(d).

[15] Civ. L.R. 79-5(e)(1).

3
Case No. 5:14-cv-05344-BLF
ORDER GRANTING-IN-PART MOTION TO SEAL

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| 261-13 | Ex. 13 to Jenkins Decl. ISO Cisco's Motion for Protective Order | SEALED. | Narrowly tailored to confidential business information. |
| 261-15 | Ex. 14 to Jenkins Decl. ISO Cisco's Motion for Protective Order | SEALED. | Narrowly tailored to confidential business information. |
| 261-17 | Ex. 15 to Jenkins Decl. ISO Cisco's Motion for Protective Order | SEALED. | Narrowly tailored to confidential business information. |
| 261-19 | Ex. 16 to Jenkins Decl. ISO Cisco's Motion for Protective Order | 238:22-239:19; 240:1-11; 241:3-242:13; 247:17-23; 249:22-250:8 SEALED; remainder UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 261-21 | Ex. 18 to Jenkins Decl. ISO Cisco's Motion for Protective Order | ECF p. 6-11 SEALED; remainder UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |

**SO ORDERED.**

Dated: May 24, 2016

_____
PAUL S. GREWAL
United States Magistrate Judge