| | |
|---|---|
| Kathleen Sullivan (SBN 242261) <br> kathleensullivan@quinnemanuel.com <br> QUINN EMANUEL URQUHART & <br> SULLIVAN LLP <br> 51 Madison Avenue, 22nd Floor <br> New York, NY 10010 <br> Telephone: (212) 849-7000 <br> Facsimile: (212) 849-7100 <br><br> Sean S. Pak (SBN 219032) <br> seanpak@quinnemanuel.com <br> Amy H. Candido (SBN 237829) <br> amycandido@quinnemanuel.com <br> John M. Neukom (SBN 275887) <br> johnneukom@quinnemanuel.com. <br> QUINN EMANUEL URQUHART & <br> SULLIVAN LLP <br> 50 California Street, 22nd Floor <br> San Francisco, CA 94111 <br> Telephone: (415) 875-6600 <br> Facsimile: (415) 875-6700 <br><br> Mark Tung (SBN 245782) <br> marktung@quinnemanuel.com <br> QUINN EMANUEL URQUHART & <br> SULLIVAN LLP <br> 555 Twin Dolphin Drive, 5th Floor <br> Redwood Shores, CA 94065 <br> Telephone: (650) 801-5000 <br> Facsimile: (650) 801-5100 | Steven Cherny *(admitted pro hac vice)* <br> steven.cherny@kirkland.com <br> KIRKLAND & ELLIS LLP <br> 601 Lexington Avenue <br> New York, New York 10022 <br> Telephone: (212) 446-4800 <br> Facsimile: (212) 446-4900 <br><br> Adam R. Alper (SBN 196834) <br> adam.alper@kirkland.com <br> KIRKLAND & ELLIS LLP <br> 555 California Street <br> San Francisco, California  94104 <br> Telephone: (415) 439-1400 <br> Facsimile: (415) 439-1500 <br><br> Michael W. De Vries (SBN 211001) <br> michael.devries@kirkland.com <br> KIRKLAND & ELLIS LLP <br> 333 South Hope Street <br> Los Angeles, California 90071 <br> Telephone: (213) 680-8400 <br> Facsimile: (213) 680-8500 |

*Attorneys for Plaintiff Cisco Systems, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ARISTA NETWORKS, INC., <br><br> Defendant. | CASE NO. 5:14-cv-5344-BLF <br><br> **DECLARATION OF JOHN CHAMBERS IN SUPPORT OF CISCO SYSTEMS, INC.'S MOTION FOR PROTECTIVE ORDER** |

## DECLARATION OF JOHN CHAMBERS

I, John Chambers, declare as follows:

1. I make this declaration in support of the Motion for Protective Order filed by Cisco Systems, Inc. ("Cisco"). I make this declaration of personal knowledge, and if called and sworn as a witness, I could and would testify as set forth below.

2. I am currently Cisco's Executive Chairman of the Board and have held this position since July 2015. My responsibilities include building relationships with government and business leaders, shareholders, and Board members. I also serve as an advisor to the current CEO, Chuck Robbins, on various issues, including the company's strategy, digital transformation, security, relationships and strategic partnerships.

3. I first joined Cisco as Senior Vice President in January 1991 and began serving as a member of the Board in November 1993. I was promoted to Executive Vice President in June 1994. I then became President and Chief Executive Officer in January 1995. I served as President until November 2006, at which I time I was appointed Chairman of the Board in addition to my CEO role. I served as Chairman and CEO until July 2015, when I was appointed to my current position.

4. I was not involved in the creation of any aspect of the copyrighted works that are at issue in this case, nor was I an inventor of any of the inventions that resulted in the asserted patents.

5. When I was Cisco's CEO and Chairman, I would receive periodic briefings regarding competition in switching, including competition between Cisco and Arista, from Cisco executives. I also occasionally would be asked by our sales teams to participate in a phone call or meeting with a customer. As a general rule, members of the sales account team also would be present during these engagements.

6. I have reviewed five documents that I understand counsel for Arista asserts show that I have personal knowledge about issues involved in this case. I had not previously seen <u>any</u> of these documents before being shown them in connection with this declaration. My impressions of these documents are as follows:

1         a. ███████████████████████████████████

2 ████████████████████████████████████████████████████████████████████

3 ██████████████████████████████████████████████ However,

4 this email does not surprise me because, as CEO, my name was sometimes invoked in order to

5 impart a sense of urgency to a project.

6         b.    CSI-AN1-00056457:  I do not recall ever seeing this document before, and I

7 do not recall anything referred to as "Project Leapfrog."  (CSI-ANI-00056457.000001-2.) In

8 addition, I cannot determine which customer is referenced in the bullet point on page 5 that

9 mentions my name.  (CSI-ANI-00056457.000004.) While I met with financial services customers

10 in New York, as I did with other customers, members of Cisco's sales team would participate in

11 these meetings with me.

12         c.    CSI-CLI-03270753-57:  I have never seen this document before and, to the

13 best of my recollection, the specific meeting referenced in the document did not take place.  (CSI-

14 CLI-03270753.)  Moreover, I do not recall the strategy discussed in the document ever being

15 implemented, nor would I have agreed to follow such a strategy if it had been suggested to me.

16 While I met with Don Callahan on other occasions throughout my career, if business was being

17 discussed, an executive in the sales organization responsible for that customer would typically

18 participate in those meetings.

19         d. ███████████████████████████████████

20 ████████████████████████████████████████████████████████████████████

21 ██████████████████████████████████████████████████

22 ██████████████████████████████████████████████████

23 ████████████████████████████████████████████████████████████████████

24 ███████████████████████████████████████████████████████████████████

25 ████████████████████████████████████████

26         e.    CSI·CLI-03225919-22:  I have never seen this document before.  While I am

27 familiar generally that Microsoft is a large customer of Arista, I do not recall the specific deal

28 referenced in the document.  I do not recall being asked to "weigh in" with Becky Jacoby

3
DECLARATION OF JOHN CHAMBERS IN SUPPORT OF MOTION FOR PROTECTIVE ORDER
Case No. 5:14-cv-05344-BLF

regarding the early renewal of an agreement with Cisco IT. Nor do I recall following the approach proposed in this document.

7. My knowledge of the details of this lawsuit is limited to communications that I have had with counsel for Cisco.

8. I am not aware of any unique information that I have that is relevant to this litigation that could not be obtained from other Cisco employees.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed May 19, 2016, at 11:20 pm

_____
John Chambers