KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
BRIAN L. FERRALL - # 160847
DAVID SILBERT - # 173128
AJAY KRISHNAN - #222476
DAVID J. ROSEN - # 296139
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Email:  rvannest@kvn.com;
bferrall@kvn.com; dsilbert@kvn.com;
akrishnan@kvn.com, drosen@kvn.com

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

SUSAN CREIGHTON, SBN 135528
SCOTT A. SHER, SBN 190053
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C., 20006-3817
Telephone:  (202) 973-8800
Email:  screighton@wsgr.com;
ssher@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARISTA NETWORKS, INC., <br><br> Defendant. | Case No. 5:14-cv-05344-BLF (PSG) <br><br> **DEFENDANT ARISTA NETWORKS, INC.'S PARTIALLY UNOPPOSED MOTION TO STAY PATENT CLAIMS PENDING *INTER PARTES* REVIEW** <br><br> **No Hearing Requested** <br><br> Judge:     Hon. Beth Labson Freeman <br><br> Date Filed: December 5, 2014 <br><br> Trial Date: November 21, 2016 |

DEFENDANT ARISTA NETWORKS, INC.'S PARTIALLY UNOPPOSED MOTION FOR STAY
PENDING *INTER PARTES* REVIEW
Case No. 5:14-cv-05344-BLF (PSG)

1063429

1. **Notice of Motion.** Notice is hereby given to Plaintiff Cisco Systems, Inc. ("Cisco") that Defendant Arista Networks, Inc. ("Arista") will and hereby does move the Court to stay Cisco's claims of infringement of U.S. Patent Nos. 7,047,526 and 7,953,886 on the ground that the Patent Trial and Appeal Board ("PTAB") of the United States Patent and Trademark Office ("USPTO") has instituted *inter partes* review ("IPR") proceedings as to all of the asserted claims of the '886 patent and has issued a partial claim construction of the '526 patent claims. Cisco has indicated that it agrees to a stay of litigation as to the '886 patent, but opposes a stay with respect to the '526 patent. Per the Court's suggestion during the claim construction hearing, Arista agrees to waive oral argument so as to allow the Court to resolve these issues in an expedited manner. If the Court wishes to proceed with a hearing, it will take place in Courtroom 3, 5th Floor, 280 South 1st Street, San Jose, California.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

2. **Statement of relief sought.** Arista seeks an order staying Cisco's claims of patent infringement pending the final resolution of the instituted IPR. Alternatively, should the Court decide to stay only the '886 patent claims, Arista asks the Court to sever the claims of the '526 patent from the remaining copyright claims in this case and set a schedule for supplemental briefing of claim construction on the '526 patent claims in view of the PTAB order.

1
DEFENDANT ARISTA NETWORKS, INC.'S PARTIALLY UNOPPOSED MOTION FOR STAY
PENDING *INTER PARTES* REVIEW
Case No. 5:14-cv-05344-BLF (PSG)

1063429

## MEMORANDUM OF POINTS AND AUTHORITIES

In the past two weeks, the PTAB instituted *inter partes* review ("IPR") on all asserted claims of the '886 patent (Rosen Decl., Ex. B). Although the PTAB denied review of the claims of the '526 patent (Rosen Decl., Ex. A), in so doing it construed a claim element present in all asserted claims. In light of these developments, the case schedule for Cisco's patent claims should be revisited. Cisco and Arista agree that it would be sensible to stay the '886 patent pending the outcome of the instituted IPR.

Additionally, in the interest of efficiency, Arista requests (and Cisco opposes) a stay of the '526 patent claims as well. Staying the '526 claims would avoid piecemeal treatment of the patents, while allowing the parties to fully address the claim construction implications of the PTAB decision regarding that patent. With critical new claim construction intrinsic evidence regarding the '526 patent, there is not adequate time in the existing schedule to address this PTAB development and still allow the parties to exchange meaningful expert reports, take expert discovery, and file summary judgment motions on the '526 patent. Therefore, Arista proposes that the Court either stay the '526 patent claims together with the '886 patent claims, or alternatively, sever the '526 patent claims and set a new schedule for further claim construction briefing in view of the PTAB decision.

All factors weigh in favor of a stay. The case is at a stage where no claim construction order has issued, expert discovery has not commenced (and to the extent it begins, it will be without a claim construction), and summary judgment briefing has yet to occur. Staying all the patent claims would simplify the issues by eliminating a distraction from Cisco's copyright claims, which have been the primary driver of the case schedule. And Cisco would suffer no prejudice. With respect to the '526 patent, Cisco waited for six years to sue, was unable to testify that it currently practices the patent, and was unable to identify any customer demand stemming from its practice of the patent. On these facts, staying all of Cisco's patent claims would promote efficiency without prejudicing Cisco.

2
DEFENDANT ARISTA NETWORKS, INC.'S PARTIALLY UNOPPOSED MOTION FOR STAY
PENDING *INTER PARTES* REVIEW
Case No. 5:14-cv-05344-BLF (PSG)

1063429

**A.     The Court Should Exercise Its Discretion To Stay The Patent Claims Pending IPR.**

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

In determining whether to stay a patent case pending parallel USPTO proceedings, "Courts in this District examine three factors []: '(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party.'" *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014).

Here, each of the three factors favors entering a stay of all of Cisco's patent claims pending the outcome of the instituted IPR.

**1.     The stage of litigation weighs in favor of a stay.**

With respect to the first factor—the stage of the litigation—courts often consider the following sub-factors: "(1) whether parties have engaged in costly expert discovery and dispositive motion practice; (2) whether the court has issued its claim construction order; and (3) whether the court has set a trial date." *PersonalWeb Techs.*, 69 F. Supp. 3d at 1025-26; *see also Cypress Semiconductor Corp. v. LG Elecs., Inc.*, No. C 13-4034 SBA, 2014 WL 5477795, at *2 (N.D. Cal. Oct. 29, 2014) (citing same factors).

Although this Court has set a trial date, the other factors weigh in favor of a stay. To date, the parties have yet to exchange expert reports or engage in expert discovery. Under the case schedule, expert discovery will soon start (which is why Arista is concurrently filing an administrative motion to shorten time on briefing for this Motion). Moreover, the parties have not filed dispositive motions, which are due at the end of June. Finally, the Court has yet to issue its claim construction order. Indeed, the Court waited to issue a claim construction order

3
DEFENDANT ARISTA NETWORKS, INC.'S PARTIALLY UNOPPOSED MOTION FOR STAY
PENDING *INTER PARTES* REVIEW
Case No. 5:14-cv-05344-BLF (PSG)

1063429

precisely because it would be wasteful to do so in the event that the PTAB decided to institute review of the asserted claims.  *See* Tr. of Cl. Constr. Hrng. (Dkt. No. 239), at 6:18–22.

Because expert discovery has not yet begun, case dispositive motions will not be filed for several weeks, and the Court has not issued its claim construction order, this factor weighs in favor of a stay.

### 2. A stay will simplify the issues in question and trial of the case.

A stay will simplify and focus issues in this case, particularly because this case is dominated by Cisco's claims based on over twenty-five copyright registrations, from which it has abstracted some five-hundred several-word phrases to assert as protected "expression."  Staying Cisco's patent claims pending IPR will permit the Court, the parties, and the jury to focus on this case's complicated copyright issues.  Accordingly, this case presents the rare circumstance where the patent claims to be stayed are secondary to other, more significant causes of action.

Assuming that the Court approves a stay of the '886 patent claims (to which both parties agree), staying the '526 patent claims for the same period of time will—at the least—simplify the proceedings by avoiding piecemeal treatment of the patents.  It would be wasteful for the Court and the parties to litigate claim construction, expert discovery, and summary judgment as to the '526 patent, and then to repeat those stages in the case for the '826 patent.

Courts have discretion to stay all asserted patents even when one or more of those patents is not the subject of IPR.  *See, e.g.*, *Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*, No. C-13-03587, 2014 WL 4802426, at *3 (N.D. Cal. Sept. 26, 2014) (granting stay where "PTAB has denied petitions for inter partes review for all but 13 claims of one of the two patents-in-suit"); *Gentherm Canada, Ltd. v. IGB Auto., Ltd.*, No. 13-11536, 2015 WL 804657, at *1 (E.D. Mich. Feb. 26, 2015) (granting stay where "PTAB instituted IPR review of some or all of the asserted claims in four of the eleven patents"); *Serv. Solutions U.S., L.L.C. v. Autel.US Inc*, No. 13-10534, 2015 WL 401009, at *2 (E.D. Mich. Jan. 28, 2015) (granting stay where IPR involved "only one of the seven patents at issue "); *Intellectual Ventures II LLC v. SunTrust Banks, Inc,*, No. 13-CV-02454-WSD, 2014 WL 5019911, at *2 (N.D. Ga. Oct. 7, 2014) (granting stay where IPR

4
DEFENDANT ARISTA NETWORKS, INC.'S PARTIALLY UNOPPOSED MOTION FOR STAY
PENDING *INTER PARTES* REVIEW
Case No. 5:14-cv-05344-BLF (PSG)

1063429

instituted on only some claims from two of the five asserted patents).

In addition, now that the Court has guidance from the PTAB about the scope of the '526 patent, the parties need time to brief, and the Court needs time to consider, the impact of the PTAB's decision on the proper construction of the terms of the '526 patent.  But there is no time for that process in the current schedule.

Supplemental claim construction briefing is needed.  Given that the standard of claim construction at the PTAB is the "broadest reasonable interpretation" of the claims, Cisco should not be permitted to turn around and prove infringement based on an even broader interpretation here.  Although, as the Court noted during the Claim Construction Hearing, the PTAB uses a different standard of review than this Court, it is a logical and legal truth that a patent holder may not assert in district court an interpretation of a claim that is broader than what it asserted or obtained before the PTAB.  "The broadest reasonable interpretation of a claim term [under the PTAB standard] may be the same as or broader than the construction of a term under the *Phillips* standard. But it cannot be narrower." *Facebook, Inc. v. Pragmatus AV, LLC*, 582 F. App'x 864, 869 (Fed. Cir. 2014).  Therefore, Cisco's statements in its Patent Owner Preliminary Response, as well as the PTAB's acceptance of those statements as a basis for its decision, must—at a minimum—set the outer boundaries of the scope of the claims of the '526 patent.

To distinguish prior art at the PTAB, Cisco argued for, and received, a narrow reading of the '526 patent's "parse tree" limitations, which appear in every asserted claim.  Specifically, Cisco argued the '526 parse tree ***must*** be structured such that the system will execute commands for even partially valid inputs.  Cisco stated:

> While other parsing and translating systems, such as the one disclosed by Martinez-Guerra aimed to solve a similar problem, such systems addressed the problem using a different technique—a technique that did not use a command parse tree having elements where *each* element *specified a generic command component and at least one corresponding command action value*. As a result, systems such as Martinez-Guerra **could not execute a generic command for a partially valid input**—a novel aspect accomplished by the '526 patent, because of the unique command parse tree and its structure.

5
DEFENDANT ARISTA NETWORKS, INC.'S PARTIALLY UNOPPOSED MOTION FOR STAY
PENDING *INTER PARTES* REVIEW
Case No. 5:14-cv-05344-BLF (PSG)

1063429

(Dkt. No. 217, Ex. 1, at 8–9 (italics in original) (bolding and underlining added)); *see also id.* at 28 (arguing that the "translation function" of Martinez-Guerra is not a "command action value" as claimed because the "translation function" applies only to "a *complete* valid sequence of tokens," rather than to each individual command word ingested by the parser)(emphasis in original)).

In denying Arista's IPR petition, the PTAB accepted Cisco's representation:

> As to the translation function, Patent Owner notes, "in contrast to the '526 patent, each token ingested by Martinez-Guerra's parser does not have a corresponding translation function. Instead, Martinez-Guerra's translation functions are only applied once Martinez-Guerra's system determines that it has received the entirety of a complete valid sequence of tokens. (Martinez-Guerra, 9:40–43; 15:25–27.)" Prelim. Resp. 28. ***We agree***. Thus, Petitioner has not provided sufficient evidence that in the case of a valid translation there is a command action value at each element of the parse tree.

PTAB Decision (Ex. A) at 16 (emphasis added).

Supplemental claim construction briefing is also required because, in the course of denying institution, the PTAB determined that the prior art reference lacked the claimed "command action value," which the PTAB construed to mean "a value that can be used to identify a prescribed command is contained in each element of the parse tree." *Id.* at 12. Before this Court, Arista proposed a different construction of that phrase: "piece of data that uniquely represents the prescribed command," and Cisco proposed that this term—which is part of a larger claim phrase—has its "plain and ordinary meaning." (Dkt. No. 216, at 6). While this Court's construction may be narrower than the PTAB's construction, it cannot be broader. *See Facebook,* 582 F. App'x at 869. Therefore, to avoid the injustice of Cisco receiving a broader construction in district court than the construction it prevailed on at the PTAB, this Court should consider the reasoning and conclusions in the PTAB's decision.

The Court began the *Markman* hearing in this case by expressing concern that claim construction was premature. *See* Tr. of Cl. Constr. Hrng. (Dkt. No. 239), at 4:17–19. The Court was right. The PTAB's decision is relevant intrinsic evidence that did not exist when the parties submitted their claim construction briefs, and supplemental briefing is needed to evaluate the impact of that intrinsic evidence.

6
DEFENDANT ARISTA NETWORKS, INC.'S PARTIALLY UNOPPOSED MOTION FOR STAY
PENDING *INTER PARTES* REVIEW
Case No. 5:14-cv-05344-BLF (PSG)

1063429

But the already tight case schedule does not leave room for supplemental briefing and argument. Summary judgment filings are due at the end of June, and the parties will need the Court's claim construction order at least a couple of weeks before that time. Were the Court to stay the claims of the '526 patent along with those of the '886 patent, it would allow for the consideration of important intrinsic evidence that has not been briefed or argued.

If this intrinsic evidence is not considered, it could result in claim constructions, as well as a jury verdict relying on those constructions, that are in tension with the PTAB's basis for upholding the validity of the claims of the '526 patent. It would be unjust to disregard limitations that Cisco and the PTO used to distinguish prior art when adjudicating Cisco's infringement claims. *See Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1330 (Fed. Cir. 2003) ("It is axiomatic that claims are construed the same way for both invalidity and infringement.").

Because staying Cisco's patent claims would simplify and focus issues in this case, as well as provide time for considering the effects of the PTAB's decision on the construction of the claims of the '526 patent, the second factor supports a stay.

### 3. A stay would not unduly prejudice Cisco.

A stay of the patent claims pending resolution of the IPR proceeding would neither prejudice nor unfairly disadvantage Cisco. Of course, as to the '886 patent, there can be no prejudice where Cisco agrees to the stay. And Cisco's own conduct evidences a lack of urgency with regard to the '526 patent. The '526 patent issued in 2006, and yet Cisco did not bring suit on it until December 2014. Meanwhile, Cisco asserted twelve other patents against Arista in this Court and at the ITC at the same time it filed this case. *Cisco Systems, Inc. v. Arista Networks, Inc.*, No. 3:14-cv-5343 (N.D. Cal. filed Dec. 5, 2014); *In re Certain Network Devices, Related Software and Components Thereof (I)* (U.S.I.T.C. Inv. No. 337-TA-944), *In re Certain Network Devices, Related Software and Components Thereof (II)* (U.S.I.T.C. Inv. No. 337-TA-945). Rather than assert the '526 patent together with the twelve others at the ITC, Cisco chose to assert it here.

Moreover, the notion that Cisco might suffer irreparable harm from a delay in litigating the '526 patent claims is far-fetched on this record.  To show irreparable harm, Cisco must point to "some connection" between the patented features and the demand for the products that allegedly infringe the patent.  *See Apple Inc. v. Samsung Elecs.* Co., 809 F.3d 633, 642 (Fed. Cir. 2015).  But Cisco's 30(b)(6) witness was not even able to identify any customer demand stemming from the patented feature in its own products that allegedly practice the patent.  *See* Rosen Decl., Ex. C, at 68:21–70:13.  Without evidence of the connection between customer demand and the patented features, Cisco has a limited ability to show any causal nexus between the alleged infringement and any alleged irreparable harm.  *See Samsung*, 809 F.3d at 642.  Accordingly, staying the '526 patent claims will not prejudice Cisco.

## CONCLUSION

For the foregoing reasons, the Court should grant Arista's Motion to Stay Patent Claims Pending IPR.  Alternatively, if the Court decides not to stay all of Cisco's claims of patent infringement, the Court should sever the '526 patent claims and set a new schedule for further claim construction briefing in view of the PTAB decision.


Dated:  May 31, 2016                               KEKER & VAN NEST LLP

                                                   WILSON SONSINI GOODRICH & ROSATI


                                          By:     */s/ David Silbert*
                                                   ROBERT A. VAN NEST
                                                   BRIAN L. FERRALL
                                                   DAVID SILBERT
                                                   AJAY KRISHNAN
                                                   DAVID J. ROSEN

                                                   Attorneys for Defendant
                                                   ARISTA NETWORKS, INC.

8
DEFENDANT ARISTA NETWORKS, INC.'S PARTIALLY UNOPPOSED MOTION FOR STAY
PENDING *INTER PARTES* REVIEW
Case No. 5:14-cv-05344-BLF (PSG)

1063429