KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
BRIAN L. FERRALL - # 160847
DAVID SILBERT - # 173128
MICHAEL S. KWUN - #198945
ASHOK RAMANI - # 200020
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Email: rvannest@kvn.com; bferrall@kvn.com; dsilbert@kvn.com; mkwun@kvn.com, aramani@kvn.com

SUSAN CREIGHTON, SBN 135528
SCOTT A. SHER, SBN 190053
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C., 20006-3817
Telephone: (202) 973-8800
Email: screighton@wsgr.com; ssher@wsgr.com

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Email: jjacobson@wsgr.com; cpak@wsgr.com; dreichenberg@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CISCO SYSTEMS, INC.,

Plaintiff,

v.

ARISTA NETWORKS, INC.,

Defendant.

Case No. 5:14-cv-05344-BLF (PSG)

**DEFENDANT ARISTA NETWORKS, INC.'S MOTION TO COMPEL DISCOVERY RESPONSES**

Date: July 12, 2016
Time: 10:00 a.m.
Place: Courtroom 5, 4th Floor
Judge: Hon. Paul S. Grewal

Date Filed: December 5, 2014

Trial Date: November 21, 2016

**TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION ..... 1

MEMORANDUM OF POINTS AND AUTHORITIES ..... 2

I. BACKGROUND ..... 2

II. LEGAL STANDARD ..... 4

III. CISCO CONTINUES TO REFUSE TO ANSWER INTERROGATORIES ASKING FOR BASIC INFORMATION ABOUT CISCO'S COPYRIGHT CASE ..... 4

A. Cisco refuses to say where in the copyright-registered works the allegedly infringed expressions may be found. ..... 5

B. Cisco refuses to provide basic information about the works it alleges Arista infringed. ..... 9

IV. CONCLUSION ..... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Hallett v. Morgan*
296 F.3d 732 (9th Cir. 2002) .......... 4

*Landsberg v. Scrabble Crossword Game Players, Inc.*
736 F.2d 485 (1984).......... 6

*Loop AI Labs Inc v. Gatti*
No. 15-CV-00798-HSG(DMR), 2016 WL 2342128 (N.D. Cal. May 3, 2016).......... 4

*Matthew Enter., Inc. v. Chrysler Grp. LLC*
No. 13-CV-04236-BLF, 2015 WL 8482256 (N.D. Cal. Dec. 10, 2015) .......... 4

*O'Connor v. Boeing N. Am., Inc.*
185 F.R.D. 272 (C.D. Cal. 1999).......... 7, 8

*Rainbow Pioneer No. 44-18-04A v. Hawaii-Nevada Inv. Corp.*
711 F.2d 902 (9th Cir. 1983) .......... 7, 10

**Federal Statutes**

17 U.S.C. § 102(a) .......... 5

17 U.S.C. § 411(a) .......... 6

**Federal Rules**

Fed. R. Civ. P. 26.......... 4

Fed. R. Civ. P. 33.......... 7, 8, 10

Fed. R. Civ. P. 37.......... 4, 5

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on July 12, 2016 at 10:00 a.m., or on such other date to be set by the Court, at 280 South 1st Street, San Jose, California, in Courtroom 5, before the Honorable Paul Grewal, Defendant Arista Networks, Inc. ("Arista") will, and hereby does, move this Court to compel Plaintiff Cisco Systems, Inc.'s ("Cisco") to respond fully to Arista's Interrogatories 24 and 25.

Respectfully submitted,

Dated: June 3, 2016                KEKER & VAN NEST LLP

By:   /s/ *Brian L. Ferrall*
       BRIAN L. FERRALL

       Attorney for Defendant ARISTA
       NETWORKS, INC.,

**MEMORANDUM OF POINTS AND AUTHORITIES**

At every turn, Cisco has defined the scope of its copyright case as broadly as possible, including apparently claiming all (or most) sales Arista has made within the limitations period as "lost sales" for which Cisco is owed damages. Yet whenever Arista asks for basic discovery into the nature of Cisco's claims, Cisco balks, crying undue burden. It cannot have it both ways. This Court has already held that Cisco's prior burden objections are "of Cisco's own making," because it was Cisco that decided to assert twenty-six copyright-registered works and over 500 allegedly individually protectable CLI commands. Order Granting Arista's Motion to Compel, ECF No. 83 at 4. Unfortunately, Cisco has not gotten the message.

Arista moves to compel complete responses to two interrogatories that Cisco has refused to answer or answered evasively. Arista's interrogatories seek two types of information about the asserted copyright-registered works—where, in those works, is the text that Cisco alleges was unlawfully copied, and the overall size of those works relative to the allegedly copied portions. Cisco does not even attempt to dispute that these requests are relevant to Cisco's case; they plainly are. Instead, it asks Arista to do its legwork—and guess what its allegations would be—on the ground that it is too burdensome for Cisco, the sixtieth largest company in America, represented in this case by Quinn Emanuel, Kirkland & Ellis, Desmarais LLP, and Boies Schiller, to do so. Because it is Cisco's burden, not Arista's, to define its case and explain its own allegations, Arista respectfully asks the Court to compel complete responses to the interrogatories.

## I. Background[1]

Plaintiff Cisco has significant market share in the routing and Ethernet switching markets. Arista was founded in 2004 in order to pursue a new paradigm of Ethernet switches: one that would be more resilient, programmable, extensible, and better in numerous other ways than the switches being offered by Cisco and others. Arista's Extensible Operating System (EOS) uses a modular architecture and features many other innovations that distinguish it from Cisco's legacy

[1] Further background on the nature of this litigation may be found in Arista's first Motion to Compel, ECF No. 66 at 2–8.

Internetwork Operating System (IOS).  Arista's approach has found great success in several market segments; in particular, Arista has focused on the burgeoning data center market, where customers demand high performance.  Arista launched its first switch in 2008, and after years of growth, the company went public in 2014.

Cisco filed this suit in December 2015 alleging copyright and patent infringement. Compl., ECF No. 1.  With respect to copyright, Cisco alleges that Arista infringed twenty-six works registered with the U.S. Copyright Office.  2d Am. Compl. ¶¶ 25–30; Exs. 3–28.  The registered works are source code and "related documentation" for different versions of Cisco's network operating systems, including IOS.  Cisco's copyright infringement claim alleges that Arista's switches respond to certain command-line interface (CLI) commands that Cisco switches also respond to.  The asserted CLI commands are short phrases like "ip address" and "clock set." Network engineers enter those commands into a command-line interface similar to MS-DOS in order to monitor and configure switches.  Cisco asserts approximately 500 CLI commands (out of ten or twenty thousand such commands in a network-switch CLI), as well as four command modes and prompts, command responses (the output of the CLI after a command is entered), and command "hierarchies."

Cisco's claim of copyright protection over CLI commands like "ip address" and associated modes, prompts, and responses is dubious at best.  Even if the CLI commands were protectable by copyright—which they are not—many of them were taken directly from legacy systems before Cisco existed, standards published by standard bodies such as the Internet Engineering Task Force (IETF), or common industry parlance.  Moreover, for years, Cisco *encouraged* the Ethernet switch industry to use the very same commands it now says are protectable expressions, repeatedly holding them out as an "industry standard CLI," and touting the "industry standard" nature of its CLI as a selling point to prospective customers.  It is no surprise, therefore, that numerous Ethernet switch vendors (companies such as IBM, Dell, HP Enterprise, and Alcatel Lucent), have for years used hundreds (or more) of the same commands that Cisco now alleges it owns.  As such, Arista's defenses include, among other things, lack of copyright protection, fair use, equitable estoppel, and copyright misuse.

Under the operative scheduling order, liability fact discovery closed on May 27, 2016. ECF Nos. 253, 277. Pursuant to Civil Local Rule 37-1(a), counsel for Arista and Cisco conferred regarding the subjects of this motion to compel, but were not able to resolve their disputes. Santacana Decl. ¶ 8. Arista moves to compel pursuant to Federal Rule of Civil Procedure 37 and Civil Local Rule 37-3.

## II. Legal Standard

The Federal Rules of Civil Procedure provide for broad discovery, authorizing parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The recent amendment to Rule 26 "does not place on the party seeking discovery the burden of addressing all proportionality considerations." Fed. R. Civ. P. 26, Notes of Advisory Committee on Rules — 2015 Amendment. "Nor is the change intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional." *Id.* Instead, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery." *Id.*

District courts have broad discretion to determine relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries." *Loop AI Labs Inc v. Gatti*, No. 15-CV-00798-HSG(DMR), 2016 WL 2342128, at *3 (N.D. Cal. May 3, 2016) (internal quotation marks omitted) (applying amended Rule 26). Once the moving party establishes that the requested discovery is within the permissible scope of discovery, "the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *Id.* (internal quotation marks omitted); *see also Matthew Enter., Inc. v. Chrysler Grp. LLC,* No. 13-CV-04236-BLF, 2015 WL 8482256, at *1 (N.D. Cal. Dec. 10, 2015) (applying amended Rule 26).

## III. Cisco continues to refuse to answer interrogatories asking for basic information about Cisco's copyright case.

Cisco asserts that Arista infringed twenty-six copyrighted works registered by Cisco with

the U.S. Copyright Office. 2d Am. Compl., ECF No. 64 ¶ 25. But Cisco refuses to say where in those works the purportedly protectable and infringed expressions may be found. This is no small issue, as the answer is far from clear. Nor will Cisco provide basic details about the asserted works that are necessary for infringement and damages analyses. Instead, Cisco improperly points Arista to thousands of pages of deposited manuals and source code, and tells Arista to form its own conclusions. Cisco's interrogatory responses are "evasive [and] incomplete," and therefore "must be treated as a failure to . . . answer." Fed. R. Civ. P. 37(a)(4). Arista respectfully requests that the Court order Cisco to respond fully to Arista's Interrogatories 24 and 25 within one week.

**A. Cisco refuses to say where in the copyright-registered works the allegedly infringed expressions may be found.**

Cisco attached as Exhibit 1 to its Second Amended Complaint a list of the CLI "commands" that it alleges Arista copied. That list, however, does not appear in that form anywhere in Cisco's published documentation (so far as Arista knows). Rather, the "copied" commands are allegedly typed on a keyboard (or entered via a program) by systems operators to manage and configure Cisco and Arista switches. This begs the question that must be the starting point of any copyright case: what is the actual expression fixed in a tangible medium of expression that was allegedly copied? *See* 17 U.S.C. § 102(a). Without knowing the answer, it is impossible to tell, for example, whether the alleged copying was verbatim or a loose paraphrase, whether the allegedly infringed work was ever registered, and other fundamental issues in a copyright claim. And of course it is Cisco, the party asserting that its protectable expressions were copied, that must answer this question.

Cisco's twenty-six copyright registrations bear the titles of various versions of Cisco's IOS. *See* 2d Am. Compl., ECF No. 64, Exs. 3–28. Each work is registered as a derivative version of a prior software version. Each states that the registered material is "computer code" and (in most cases) "documentation." Naturally, Arista propounded Interrogatory 24 to ask Cisco to point to the pages or portions of the "computer code" and "documentation" that Arista allegedly infringed:

> For each CLI Command, mode, hierarchy, prompt, or command response that YOU contend Arista unlawfully copied, identify each and every asserted copyright-registered work in which such CLI Command, mode, hierarchy, prompt, or command response appears, including the registration number for the copyrighted work, the title of the registered computer code and the accompanying documentation, and the Bates number for the page of the filed deposit where the command appears in the copyright-registered work.

Santacana Decl., Ex. A, Interrogatory 24. Arista is entitled to that fundamental information for at least two reasons.

***First***, Cisco must register its copyrights before it can sue on them. 17 U.S.C. § 411(a). Cisco must therefore link the allegedly infringed expressions to the registered works in order to maintain its suit. To be clear, Cisco does *not* assert that Arista copied the entirety of the registered works, or anything remotely close to it; they are huge compilations of computer code and product documentation. Instead, Cisco alleges that Arista copied approximately 500 multi-word CLI commands that it says may be found in one or more of the registered works. Cisco listed those CLI commands in its complaint. *See* 2d Am. Compl, Ex. 1, ECF No. 64-1. In addition, Cisco alleges that Arista copied four CLI modes and prompts, various CLI command responses, and CLI "hierarchies." Cisco has thus identified the aspects of its software that it says Arista copied. But it must also point to where those expressions appear in a registered work (if in fact they do appear anywhere in a registered work) in order to maintain a claim for unlawful copying of those expressions.

***Second***, under copyright law, verbatim copying may be treated differently from, *e.g.*, paraphrasing, especially where the work is factual or functional in nature. *See, e.g.*, *Landsberg v. Scrabble Crossword Game Players, Inc.*, 736 F.2d 485, 488 (1984). But if Cisco is allowed to litigate this entire case while hiding the ball as to the specific expression fixed in a tangible form that it alleges was actually copied, then questions like this become impossible to answer. Moreover, so far as Arista knows, in many cases the short phrases that Cisco alleges that Arista copied may appear *nowhere* in a registered work. Cisco must therefore identify what *other* (presumably comparable) phrase Arista allegedly copied—or else admit that Arista did not copy any text from a registered work. Arista cannot be forced to guess what portion of a work Cisco contends it copied when the answer is ambiguous.

Cisco first responded to Interrogatory 24 on May 9, 2016, by directing Arista to its complaint and its responses to other interrogatories. Santacana Decl., Ex. B, Interrogatory 24. But neither the complaint nor those responses provided the sought-for information. Arista immediately notified Cisco that its response was inadequate. *Id.*, Ex. C. On the last day of liability fact discovery, May 27, Cisco supplemented its response. The supplemental response lists the twenty-six registered software versions alongside citations to the first and last pages of documentation related to each registered software version as well as the words "Source Code," without any more specific citations. *Id.*, Ex. D.[2] The response does not state whether any of the citations correspond to the materials deposited with the Copyright Office. Nor does it explain where, precisely, the allegedly infringed aspects of Cisco's software documentation and source code appear in the registered works.

Cisco's response also invokes Rule 33(d), and invites Arista to search all of Cisco's source code and its often voluminous documentation for the CLI commands, modes, prompts, and responses that Cisco itself has chosen to assert. Cisco, in essence, is asking Arista to find over five hundred short phrases that Cisco says Arista unlawfully copied in twenty-six samples of software that have millions of lines of source code and thousands of pages of documentation. Cisco's decision to "direct[] [Arista] to a mass of business records" in lieu of responding to the interrogatory is an "abuse of the [Rule 33(d)] option." Fed. R. Civ. P. 33, Notes of Advisory Committee on Rules — 1980 Amendment, Subdivision (c). Cisco is required to "specify where in the records the answers could be found." *Rainbow Pioneer No. 44-18-04A v. Hawaii-Nevada Inv. Corp.*, 711 F.2d 902, 906 (9th Cir. 1983); *see also* Fed. R. Civ. P. 33(d) (requiring Cisco to "specify[] the records that must be reviewed, in sufficient detail to enable [Arista] to locate and identify them as readily as [Cisco] could."). It is not good enough to engage in "wholesale dumping of documents," as Cisco has done here. *O'Connor v. Boeing N. Am., Inc.*, 185 F.R.D. 272, 277 (C.D. Cal. 1999). Cisco's repeated general citation to "Source Code" is hopelessly vague, and the cited documentation is often significantly voluminous. Cisco has not specified in

[2] Cisco's supplemental responses were then corrected on June 3 because the May 27 version was mis-numbered. Exhibit D to the Santacana declaration is the corrected June 3 version.

sufficient detail which portions of the business records contain the answers Arista seeks. *Id.* at 278 ("[W]hen voluminous documents are produced under Rule 33(d), they must be accompanied by indices designed to guide the searcher to the documents responsive to the interrogatories.").

Moreover, Cisco cannot rely on Rule 33(d) because the "burden of deriving or ascertaining the answer" is not "substantially the same for either party." Fed. R. Civ. P. 33(d). Interrogatory 24 asks Cisco for day-one information about its claims. Cisco knew or should have known where in the registered works the asserted material could be found before filing this case eighteen months ago. Moreover, insofar as the allegedly copied commands do *not* appear verbatim in the registered materials, Arista would have to guess what, specifically, Cisco contends was copied. It is not Arista's burden, nor should it be, to formulate Cisco's contentions for it.

This is not the first time Cisco has refused to provide basic information about its copyright claims on the grounds that the scope of its own case is so broad that it would be too burdensome to do so. Arista's Interrogatory 16 asked for basic bibliographic information, including the date of first publication and the purported "author" of each of the over 500 asserted CLI commands. After Cisco refused to provide that "plainly relevant" information, this Court ordered Cisco to do so. Order Granting Arista's Motion to Compel, ECF No. 83 at 3–4. The Court rejected Cisco's burden complaints because it was Cisco, not Arista, that decided to assert twenty-six copyrighted works and over 500 CLI commands. The Court explained that "[t]o the extent that investigating and producing information on those works' creation creates a large burden, that burden is one of Cisco's own making." *Id.* at 4.

Cisco has since tried to point to its responses to Interrogatory 16 as sufficient to answer Interrogatory 24. Not so. While Cisco's Interrogatory 16 response provides the date of first publication and the first software version to include each command, it does not link the commands to registered works. For example, Cisco says that "aaa accounting" was first used in Cisco IOS 10.3. Santacana Decl., Ex. E at 1. But Cisco has never registered IOS 10.3 with the Copyright Office. Did the words "aaa accounting" appear in the documentation and source code for IOS 11.0 that Cisco allegedly registered much later? Did they appear in later works? And if

not—for this example, and the hundreds of additional short phrases that Cisco asserts copyright over—what specific words did appear in a registered work, which Cisco claims to have copyrighted.

Even more complicated is a command like "show snmp host," which Cisco says was first accepted by Cisco IOS 12.4(12)T. *Id.* at 36. Cisco never registered version 12.4(12)T, which Cisco says was first distributed in 2007, long after IOS 12.0. And the first IOS version that Cisco registered after 2007 was version 15.0, which Cisco registered in 2014, seven years later. 2d Am. Compl., Ex. 12, ECF No. 64-17. Cisco should be required to point to the page of a registered work (or the line of a registered source code file) where the phrase "show snmp host" may be found—or if it can't be found, where another phrase can be, which Cisco alleges Arista copied. If it cannot do so, it cannot sue on "show snmp host."

As it currently stands, Cisco has asserted copyright infringement of over 500 CLI commands as well as modes, prompts, responses, and "hierarchies," while refusing to answer the simple question whether it registered any works that actually contain the phrases that were allegedly copied, and if so, where the expressions appear. Arista respectfully requests that Cisco be ordered to do so.

**B. Cisco refuses to provide basic information about the works it alleges Arista infringed.**

Arista's Interrogatory 25 similarly asks for basic information about Cisco's case. Cisco alleges that Arista's copying of IOS documentation and source code was "widespread," "flagrant," and "extensive." 2d Am. Compl., ECF No. 64 ¶¶ 6–7. Those allegations are clearly aimed at satisfying the "material amount" and "substantial similarity" elements of a prima facie copyright infringement claim. In order to make its case, Cisco must prove that Arista copied "a material amount of the plaintiffs' expression" and that the copied material is "substantially similar" to the original material. 3 Patry on Copyright § 9:59. Cisco has not identified the material that it alleges Arista copied. As discussed above, it has yet to answer Interrogatory 24, which asks Cisco to identify where in the original work the material may be found. It also has yet to answer Interrogatory 25, which asks Cisco to explain the overall size of the work—the denominator in the "material amount" fraction:

> For each copyright-registered work that Cisco alleges Arista unlawfully copied, identify the total number of commands, modes, hierarchies, prompts, responses, and lines of software code in the work.

Santacana Decl., Ex. A, Interrogatory 25. The information sought by Interrogatory 25 is also relevant to damages because it will help demonstrate the relative amount of "copied" material to the registered works as a whole.

Cisco's response to Interrogatory 25 cites to documentation for each registered work and a vague citation to "Source Code." *Id.*, Ex. D, Interrogatory 25. Relying on Rule 33(d), Cisco instructs Arista to pore through Cisco's documentation and source code and come up with an answer itself. As discussed above, that is an "abuse of the [Rule 33(d)] option." Fed. R. Civ. P. 33, Notes of Advisory Committee on Rules — 1980 Amendment, Subdivision (c). Cisco has not "specif[ied] where in the records the answers could be found." *Rainbow Pioneer*, 711 F.2d at 906. And the burden of deriving the answer is greater for Arista. Arista is less familiar with Cisco's documentation and source code, and pursuant to the Stipulated Protective Order, has limited access to Cisco's source code, which is kept at Cisco's offices.

Moreover, the underlying burden is entirely Cisco's. It is Cisco that must prove the denominator of the "material amount" fraction, not Arista. Indeed, during meet and confer efforts, Cisco took the position that counting the number of commands in its registered works is subjective, and that the parties disagree over what does and does not count as a command. Interrogatory 25 ensures that Cisco does not spring its view on that question at trial without first disclosing Cisco's position in discovery.

For these reasons, Arista respectfully requests that the Court order Cisco to disclose the total number of commands, modes, hierarchies, prompts, responses, and lines of software code in each asserted registered work.

//

//

//

//

//

## IV. Conclusion

For the foregoing reasons, Arista respectfully requests that the Court order Cisco to respond fully to Interrogatories 24 and 25 within one week.

Dated: June 3, 2016

KEKER & VAN NEST LLP

By: */s/ Brian L. Ferrall*
BRIAN L. FERRALL

Attorney for Defendant
ARISTA NETWORKS, INC.