# EXHIBIT D

Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Mark Tung (SBN 245782)
marktung@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven Cherny (admitted *pro hac vice*)
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARISTA NETWORKS, INC., <br><br> Defendant. | CASE NO. 5:14-cv-05344-BLF <br><br> **PLAINTIFF CISCO SYSTEMS, INC.'S CORRECTED SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT ARISTA NETWORKS, INC.'S INTERROGATORY NOS. 21, 24 & 25** |

**CONTAINS HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Cisco Systems, Inc. ("Cisco"), by counsel, hereby provides its objections and responses to Defendant Arista Networks, Inc.'s ("Arista's") Interrogatory Nos. 21, 24 and 25 (the "Interrogatories").

## **GENERAL OBJECTIONS**

Cisco makes the following general objections to Arista's Interrogatories, which apply to each interrogatory regardless of whether the general objections are specifically incorporated into the specific objections and responses below.

1. Cisco is responding to each interrogatory as it interprets and understands each interrogatory with respect to the issues in this Litigation. If Arista asserts a different interpretation of any interrogatory, Cisco reserves the right to supplement or amend its responses or objections.

2. Cisco objects to each interrogatory to the extent it is inconsistent with or seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Civil and Patent Local Rules of the Northern District of California, and any orders governing this Litigation.

3. Cisco objects to the definitions of "Cisco," "You," and "Your," to the extent that the definitions are overly broad and purport to require Cisco to provide information that is not within the possession, custody, or control of Cisco.

4. Cisco objects to Arista's definition of "Asserted Patents" and "Asserted Claim" to the extent that Arista's use of those terms in its interrogatories to Cisco renders certain of Arista's Interrogatories as constituting multiple discrete subparts that are in fact multiple, separate interrogatories.

5. Cisco objects to the definitions of "CLI Command" and "Network Management Product" to the extent that these terms are vague and ambiguous with respect to their scope and application as used by Arista, rendering these terms at least potentially unclear with respect to what particular devices are intended to be incorporated thereby, and further on the grounds that use of the terms in Arista's Interrogatories renders those interrogatories overbroad and unduly burdensome to the extent that the discovery sought by such interrogatories is not reasonably tied to

1  Cisco's claims or Arista's defenses in this Litigation.  Cisco further objects to the use of these
2  terms in Arista's Interrogatories to the extent that such interrogatories are not reasonably
3  calculated to lead to the discovery of admissible evidence.
4        6.      Cisco objects to the definition of "Relating to" as vague and ambiguous and overly
5  broad, unduly burdensome, and further to the extent that interrogatories using such terms are not
6  reasonably calculated to lead to the discovery of admissible evidence.
7        7.      Cisco objects to the definition of "Identify" and the definitions set out in
8  Paragraphs 5-7 as overly broad, unduly burdensome, and further to the extent that interrogatories
9  using such terms are not reasonably calculated to lead to the discovery of admissible evidence.
10 Cisco further objects to these definitions and instructions to the extent that the burden of deriving
11 or ascertaining the requested information is substantially the same for Arista as it is for Cisco.
12       8.      Cisco objects to each and every interrogatory as overly broad, unduly burdensome,
13 cumulative, and duplicative to the extent it seeks identification of "any," "each," or "all"
14 documents of a specified type or nature, when a subset of such documents will provide the
15 requested information.  Cisco objects generally to each and every interrogatory as overly broad,
16 vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible
17 evidence, to the extent that it seeks information regarding "any," "each," or "all" persons, entities,
18 objects, or events.
19       9.      Cisco objects to the "Definitions" and "Instructions" of the Interrogatories to the
20 extent they alter the plain meaning of any specific interrogatory and render the interrogatory
21 vague, ambiguous, or overbroad.
22       10.     Cisco objects to each interrogatory to the extent that it is overbroad, unduly
23 burdensome, and/or calls for provision of information or documents that are neither relevant to
24 any claim or defense in this litigation nor reasonably likely to lead to the discovery of admissible
25 evidence.
26      11.     Cisco objects to each interrogatory to the extent that it calls for production of
27 information or documents that are not within the possession, custody, or control of Cisco, or to the
28

extent the interrogatory seeks information that may not be disclosed pursuant to a protective order or non-disclosure agreement, or calls for Cisco to prepare documents and/or things that do not already exist.

12. Cisco objects to each interrogatory to the extent that it calls for production of information or documents that are publicly available or equally available to Arista, and therefore are of no greater burden for Arista to obtain than for Cisco to obtain.

13. Cisco objects to each interrogatory as overbroad and unduly burdensome to the extent that it is not limited to a time frame relevant to this Litigation or seeks information or documents not within the applicable scope of this Litigation.

14. Cisco objects to each interrogatory to the extent it seeks information or documents that Cisco is not permitted to disclose pursuant to confidentiality obligations to third parties or court order. Cisco will provide such responsive, relevant, and non-privileged information and/or produce documents in accordance with the Protective Order governing this Litigation and after complying with its obligations to the third party and/or court.

15. Cisco objects to each interrogatory to the extent it seeks information, documents, and/or things protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, and/or any other applicable privilege, immunity, doctrine, or protection, including without limitation in connection with the common interest doctrine (collectively, as used herein, "privileged"). Nothing contained in these objections and responses should be considered a waiver of any attorney-client privilege, work-product protection, or any other applicable privilege or doctrine, including in connection with the common interest doctrine. Cisco does not intend to provide information or produce documents that would divulge any privileged information. Any such disclosure is inadvertent and shall not be deemed a waiver of any applicable privilege or immunity.

16. Cisco objects to Arista's Interrogatories to the extent that their subparts exceed the number of interrogatories permitted under the Federal Rules of Civil Procedure, including Rule

33(a)(1), the Civil and Patent Local Rules of the Northern District of California, and any orders governing this Litigation.

17. Cisco objects to each interrogatory to the extent that it is vague, ambiguous, or confusing due to Arista's failure to define terms or failure to describe the information or documents sought with reasonable particularity.

18. Cisco objects to the factual characterizations of Arista's Interrogatories. By responding, Cisco does not accept or admit any of Arista's factual characterizations.

19. Terms or phrases with specific legal significance appear in many of Arista's Interrogatories. Neither Cisco's objections and responses, nor the provision of information or production of documents in response to any interrogatory, are an admission or indication that such information and documents are relevant to any legal theory, or that any of the legal terms used have any applicability in their legal sense to any information or documents produced by Cisco in response to the Interrogatories.

20. Cisco objects to these Interrogatories on relevance and burden grounds to the extent they are not limited in temporal scope, or to the extent that time period specified encompasses time periods not relevant to this Litigation, or to the extent the requests are not limited in geographic scope.

21. Cisco objects to the Interrogatories as overly broad and unduly burdensome to the extent they call for the provision of information or production of documents of technical information, or otherwise, including source code, in connection with Cisco's products, where such information or documents are either duplicative of other documents or information that will be produced and/or are not relevant to this Litigation and Cisco's products relevant to this Litigation. Cisco further objects to the Interrogatories to the extent that they call for the provision of information or production of documents of technical information, or otherwise, including source code, in connection with Cisco's products, where such information and documents are not necessary to understand the relevant structure, function, and operation of Cisco's products relevant to this Litigation.

22.     Cisco objects to each interrogatory as premature to the extent it calls for documents or information that is the subject of later disclosure deadlines in this Litigation and/or expert reports and testimony, including as set forth in Rule 26(a)(2) of the Federal Rules of Civil Procedure, the Patent Local Rules of the Northern District of California, and the Case Management Order entered in this Litigation.

23.     Any Cisco response that it will provide information or produce documents should not be construed to mean that responsive information or documents in fact exist; only that, if such relevant, non-privileged, non-objectionable information or documents exist, are in Cisco's possession, custody, or control, and are located after a reasonable search of the location or locations where responsive information or documents are likely to be located, such information or documents will be produced in a timely manner.

24.     Cisco further reserves all rights to supplement its responses to Arista's Interrogatories in compliance with the Federal Rules of Civil Procedure, including under Rule 26(e), as well as the Civil and Patent Local Rules of the Northern District of California and any orders governing this Litigation, and as Cisco's investigation and discovery proceeds in this Litigation.

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 21:**

Identify and describe in detail the factual and legal bases (including an identification of documents, if any, by Bates-stamp number, and witnesses knowledgeable about each fact) for your contention that Arista's alleged use of the asserted aspects of the copyrighted works does not constitute a "fair use" under 17 U.S.C. § 107, including all facts you contend are relevant to each of the following statutory factors:

(1)     the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;

(2)     the nature of the copyrighted work;

**INTERROGATORY NO. 24:**

For each CLI Command, mode, hierarchy, prompt, or command response that YOU contend Arista unlawfully copied, identify each and every asserted copyright-registered work in which such CLI Command, mode, hierarchy, prompt, or command response appears, including the registration number for the copyrighted work, the title of the registered computer code and the accompanying documentation, and the Bates number for the page of the filed deposit where the command appears in the copyright-registered work.

**RESPONSE TO INTERROGATORY NO. 24:**

Cisco incorporates by reference its General Objections as though fully set forth herein.

1  Cisco further objects to this interrogatory to the extent that it is cumulative and duplicative
2  of other discovery sought by Arista. Cisco also objects to this interrogatory as compound and
3  unduly burdensome, as it calls for numerous pieces of information. Cisco further objects to this
4  interrogatory as overbroad and unduly burdensome to the extent that it seeks information that is
5  neither relevant to any claim or defense in this litigation nor reasonably likely to lead to the
6  discoverability of admissible evidence. Cisco also objects to this interrogatory as undefined,
7  vague, ambiguous, overbroad, and unduly burdensome in its use of the terms "appears" and
8  "accompanying documentation." Cisco further objects to this interrogatory to the extent it seeks
9  information that is protected by the attorney-client privilege, that constitutes attorney work
10 product, or that is protected by any other applicable privilege, protection, or immunity.

11 Subject to and without waiver of the foregoing general and specific objections, Cisco
12 responds as follows:

13 Cisco has already provided information responsive to this interrogatory to Arista in its
14 responses to other interrogatories. Cisco incorporates by reference herein the operative complaint
15 in this case and all documents cited therein. Cisco furthermore incorporates by reference herein its
16 Responses to Interrogatory Nos. 2, 16, and 18.

17 Because the burden of locating the information sought by this interrogatory is the same for
18 Arista as it is for Cisco, pursuant to Fed. R. Civ. P. 33(d), Cisco identifies the documents cited and
19 referenced in Cisco's Responses to Interrogatory Nos. 2, 16, and 18, as well as the documents
20 cited and referenced in Cisco's operative complaint and the exhibits thereto.

21 Cisco's investigation is ongoing. Cisco will supplement its response to this interrogatory
22 based on its further investigation and based on expert discovery.

23

24 **CORRECTED SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 24:**

25 Subject to and without waiver of its general and specific objections, Cisco further responds
26 as follows:

27

28

1    Cisco objects to the terms "modes, hierarchies, prompts, responses" as vague, ambiguous,
2 and overbroad, and to the extent that these terms call for expert opinion or legal conclusions.
3    Because the burden of locating the information sought by this interrogatory is the same for
4 Arista as it is for Cisco, pursuant to Fed. R. Civ. P. 33(d), Cisco identifies the documents cited and
5 referenced in Cisco's Responses to Interrogatory Nos. 2, 6, 16, 18 and 19, as well as the
6 documents cited and referenced in Cisco's operative complaint and the exhibits thereto. Cisco
7 additionally identifies the following previously-produced business records from which this
8 information can be derived:

| Registered Work | Registration No. | Related Documents |
|---|---|---|
| Cisco IOS 11.0 | TXu 1-036-057 | CSI-CLI-00356391 - CSI-CLI-00356394; CSI-CLI-00356395 - CSI-CLI-00356398; CSI-CLI-00403865; Source Code |
| Cisco IOS 11.1 | TX 5-531-435; TXu1-048-569 | CSI-CLI-00356385 - CSI-CLI-00356388; CSI-CLI-00356588 - CSI-CLI-00356591; CSI-CLI-00356500 - CSI-CLI-00356501; CSI-CLI-00356562 - CSI-CLI-00356563 CSI-CLI-00403866; Source Code |
| Cisco IOS 11.2 | TXu1-036-063 | CSI-CLI-00356578 - CSI-CLI-00356581; CSI-CLI-00356496 - CSI-CLI-00356499; CSI-CLI-00403867; Source Code |
| Cisco IOS 11.3 | TXu1-036-062; TXu1-057-804 | CSI-CLI-00356538 - CSI-CLI-00356541; CSI-CLI-00356446 - CSI-CLI-00356549; CSI-CLI-00356582 - CSI-CLI-00356587; CSI-CLI-00356576 - CSI-CLI-00356577; CSI-CLI-00403868; Source Code |

| Registered Work | Registration No. | Related Documents |
|---|---|---|
| Cisco IOS 12.0 | TXu1-036-064; TXu1-057-805 | CSI-CLI-00356520 - CSI-CLI-00356523; CSI-CLI-00356516 - CSI-CLI-00356519; CSI-CLI-00356550 - CSI-CLI-00356555; CSI-CLI-00356484 - CSI-CLI-00356485; CSI-CLI-00403869; Source Code |
| Cisco IOS 12.1 | TXu1-036-066; TXu1-057-807 | CSI-CLI-00356512 - CSI-CLI-00356515; CSI-CLI-00356572 - CSI-CLI-00356575; CSI-CLI-00356490 - CSI-CLI-00356495; CSI-CLI-00356506 - CSI-CLI-00356507; CSI-CLI-00403870; Source Code |
| Cisco IOS 12.2 | TXu1-036-065; TXu1-057-806 | CSI-CLI-00356508 - CSI-CLI-00356511; CSI-CLI-00356568 - CSI-CLI-00356571; CSI-CLI-00356556 - CSI-CLI-00356561; CSI-CLI-00356536 - CSI-CLI-00356537; CSI-CLI-00403871; Source Code |
| Cisco IOS 12.3 | TXu1-188-975 | CSI-CLI-00356524 - CSI-CLI-00356527; CSI-CLI-00356524 - CSI-CLI-00356527; CSI-CLI-00403872; CSI-CLI-00403874; Source Code |
| Cisco IOS 12.4 | TXu1-259-162 | CSI-CLI-00356486 - CSI-CLI-00356489; CSI-CLI-00356705 - CSI-CLI-00356708; CSI-CLI-00403873; Source Code |
| Cisco IOS 15.0 | TX 7-938-524 | CSI-CLI-00356480 - CSI-CLI-00356483; CSI-CLI-00356564 - CSI-CLI-00356567; CSI-CLI-00054598 - CSI-CLI-00351948; Source Code |

| Registered Work | Registration No. | Related Documents |
|---|---|---|
| Cisco IOS 15.1 | TX 7-938-525 | CSI-CLI-00356502 - CSI-CLI-00356505; CSI-CLI-00356532 - CSI-CLI-00356535; CSI-CLI-00034689 - CSI-CLI-00354832; Source Code |
| Cisco IOS 15.2 | TX 7-937-159 | CSI-CLI-00356528 - CSI-CLI-00356531; CSI-CLI-00356697 - CSI-CLI-00356700; CSI-CLI-00024968 - CSI-CLI-00294561; Source Code |
| Cisco IOS 15.4 | TX 7-938-341 | CSI-CLI-00356657 - CSI-CLI-00356660; CSI-CLI-00356653 - CSI-CLI-00356656; CSI-CLI-00074114 - CSI-CLI-00332892; Source Code |
| Cisco IOS XR 3.0 | TXu1-237-896 | CSI-CLI-00356665 - CSI-CLI-00356668; CSI-CLI-00356618 - CSI-CLI-00356621; CSI-CLI-00359263 - CSI-CLI-00362850; Source Code |
| Cisco IOS XR 3.2 | TXu1-270-592 | CSI-CLI-00356661 - CSI-CLI-00356664; CSI-CLI-00356701 - CSI-CLI-00356704; CSI-CLI-00362851 - CSI-CLI-00370474; Source Code |
| Cisco IOS XR 3.3 | TXu1-336-997 | CSI-CLI-00356689 - CSI-CLI-00356692; CSI-CLI-00356642 - CSI-CLI-00356645; CSI-CLI-00370475 - CSI-CLI-00380671; Source Code |

| Registered Work | Registration No. | Related Documents |
|---|---|---|
| Cisco IOS XR 3.4 | TXu1-344-750 | CSI-CLI-00356634 - CSI-CLI-00356637; CSI-CLI-00356638 - CSI-CLI-00356641; CSI-CLI-00380672 - CSI-CLI-00389726; Source Code |
| Cisco IOS XR 3.5 | TXu1-592-305 | CSI-CLI-00356685 - CSI-CLI-00356688; CSI-CLI-00356614 - CSI-CLI-00356617; CSI-CLI-00389728 - CSI-CLI-00403864; Source Code |
| Cisco IOS XR 4.3 | TX 7-933-364 | CSI-CLI-00356681 - CSI-CLI-00356684; CSI-CLI-00356649 - CSI-CLI-00356652; CSI-CLI-00099911 - CSI-CLI-00173412; Source Code |
| Cisco IOS XR 5.2 | TX 7-933-353 | CSI-CLI-00356626 - CSI-CLI-00356629; CSI-CLI-00356602 - CSI-CLI-00356605; CSI-CLI-00110638 - CSI-CLI-00191711; Source Code |
| Cisco IOS XE 2.1 | TX 7-937-240 | CSI-CLI-00356693 - CSI-CLI-00356696; CSI-CLI-00356606 - CSI-CLI-00356609; CSI-CLI-00229755 - CSI-CLI-00325496; Source Code |
| Cisco IOS XE 3.5 | TX 7-937-234 | CSI-CLI-00356610 - CSI-CLI-00356613; CSI-CLI-00356630 - CSI-CLI-00356633; CSI-CLI-00180764 - CSI-CLI-00313894; Source Code |
| Cisco NX-OS 4.0 | TX 7-940-713 | CSI-CLI-00356646 - CSI-CLI-00356648; CSI-CLI-00356622 - CSI-CLI-00356625; CSI-CLI-00054566 - CSI-CLI-00054597; |

| Registered Work | Registration No. | Related Documents |
|---|---|---|
| | | CSI-CLI-00191712 - CSI-CLI-00207082; Source Code |
| Cisco NX-OS 5.0 | TX 7-940-718 | CSI-CLI-00356599 - CSI-CLI-00356601; CSI-CLI-00356677 - CSI-CLI-00356680; CSI-CLI-00173413 - CSI-CLI-00216955; Source Code |
| Cisco NS-OX 5.2 | TX 7-940-727 | CSI-CLI-00356596 - CSI-CLI-00356598; CSI-CLI-00356673 - CSI-CLI-00356676; CSI-CLI-00176460 - CSI-CLI-00202928; Source Code |
| Cisco NS-OX 6.2 | TX 7-940-722 | CSI-CLI-00356593 - CSI-CLI-00356595; CSI-CLI-00356669 - CSI-CLI-00356672; CSI-CLI-00178218 - CSI-CLI-00216925; Source Code |

Cisco's investigation of the subject matter of this interrogatory is ongoing. Cisco therefore reserves the right to supplement this response as additional information becomes available, including information that may be the subject of expert testimony and expert discovery.

**INTERROGATORY NO. 25:**

For each copyright-registered work that Cisco alleges Arista unlawfully copied, identify the total number of commands, modes, hierarchies, prompts, responses, and lines of software code in the work.

**RESPONSE TO INTERROGATORY NO. 25:**

Cisco incorporates by reference its General Objections as though fully set forth herein.

Cisco further objects to this interrogatory to the extent that it is cumulative and duplicative of other discovery sought by Arista. Cisco also objects to this interrogatory as compound and unduly burdensome, as it calls for numerous pieces of information. Cisco further objects to this interrogatory as overbroad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense in this litigation nor reasonably likely to lead to the discoverability of admissible evidence. Cisco further objects to this interrogatory to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege, protection, or immunity.

Subject to and without waiver of the foregoing general and specific objections, Cisco responds as follows:

Cisco has already provided information responsive to this interrogatory to Arista in its complaint and in its responses to other interrogatories. Cisco therefore incorporates by reference herein the operative complaint in this case and all documents cited therein. Cisco furthermore incorporates by reference herein its Responses to Interrogatory Nos. 2, 16, and 18.

Because the burden of locating the information sought by this interrogatory is the same for Arista as it is for Cisco, pursuant to Fed. R. Civ. P. 33(d), Cisco identifies the documents cited and referenced in Cisco's Responses to Interrogatory Nos. 2, 16, and 18, as well as the documents cited and referenced in Cisco's operative complaint and the exhibits thereto.

Cisco's investigation is ongoing. Cisco will supplement its response to this interrogatory based on its further investigation and based on expert discovery.

**CORRECTED SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 25:**

Subject to and without waiver of its general and specific objections, Cisco further responds as follows:

1   Cisco objects to the terms "modes, hierarchies, prompts, responses" as vague, ambiguous,
2   and overbroad, and to the extent that these terms call for expert opinion or legal conclusions.
3   Because the burden of locating the information sought by this interrogatory is the same for
4   Arista as it is for Cisco, pursuant to Fed. R. Civ. P. 33(d), Cisco identifies the documents cited and
5   referenced in Cisco's Responses to Interrogatory Nos. 2, 7, 16, 18, and 24, as well as the
6   documents cited and referenced in Cisco's operative complaint and the exhibits thereto.  Cisco
7   additionally identifies the following previously-produced business records from which this
8   information can be derived:

| Registered Work | Registration No. | Related Documents |
|---|---|---|
| Cisco IOS 11.0 | TXu 1-036-057 | CSI-CLI-00403865; Source Code |
| Cisco IOS 11.1 | TX 5-531-435; TXu1-048-569 | CSI-CLI-00403866; Source Code |
| Cisco IOS 11.2 | TXu1-036-063 | CSI-CLI-00403867; Source Code |
| Cisco IOS 11.3 | TXu1-036-062; TXu1-057-804 | CSI-CLI-00403868; Source Code |
| Cisco IOS 12.0 | TXu1-036-064; TXu1-057-805 | CSI-CLI-00403869; Source Code |
| Cisco IOS 12.1 | TXu1-036-066; TXu1-057-807 | CSI-CLI-00403870; Source Code |
| Cisco IOS 12.2 | TXu1-036-065; TXu1-057-806 | CSI-CLI-00403871; Source Code |
| Cisco IOS 12.3 | TXu1-188-975 | CSI-CLI-00403872; CSI-CLI-00403874; Source Code |
| Cisco IOS 12.4 | TXu1-259-162 | CSI-CLI-00403873; Source Code |
| Cisco IOS 15.0 | TX 7-938-524 | CSI-CLI-00054598 - CSI-CLI-00351948; Source Code |

| Registered Work | Registration No. | Related Documents |
|---|---|---|
| Cisco IOS 15.1 | TX 7-938-525 | CSI-CLI-00034689 - CSI-CLI-00354832; Source Code |
| Cisco IOS 15.2 | TX 7-937-159 | CSI-CLI-00024968 - CSI-CLI-00294561; Source Code |
| Cisco IOS 15.4 | TX 7-938-341 | CSI-CLI-00074114 - CSI-CLI-00332892; Source Code |
| Cisco IOS XR 3.0 | TXu1-237-896 | CSI-CLI-00359263 - CSI-CLI-00362850; Source Code |
| Cisco IOS XR 3.2 | TXu1-270-592 | CSI-CLI-00362851 - CSI-CLI-00370474; Source Code |
| Cisco IOS XR 3.3 | TXu1-336-997 | CSI-CLI-00370475 - CSI-CLI-00380671; Source Code |
| Cisco IOS XR 3.4 | TXu1-344-750 | CSI-CLI-00380672 - CSI-CLI-00389726; Source Code |
| Cisco IOS XR 3.5 | TXu1-592-305 | CSI-CLI-00389728 - CSI-CLI-00403864; Source Code |
| Cisco IOS XR 4.3 | TX 7-933-364 | CSI-CLI-00099911 - CSI-CLI-00173412; Source Code |
| Cisco IOS XR 5.2 | TX 7-933-353 | CSI-CLI-00110638 - CSI-CLI-00191711; Source Code |
| Cisco IOS XE 2.1 | TX 7-937-240 | CSI-CLI-00229755 - CSI-CLI-00325496; Source Code |
| Cisco IOS XE 3.5 | TX 7-937-234 | CSI-CLI-00180764 - CSI-CLI-00313894; Source Code |

| Registered Work | Registration No. | Related Documents |
|---|---|---|
| Cisco NX-OS 4.0 | TX 7-940-713 | CSI-CLI-00054566 - CSI-CLI-00054597; CSI-CLI-00191712 - CSI-CLI-00207082; Source Code |
| Cisco NX-OS 5.0 | TX 7-940-718 | CSI-CLI-00173413 - CSI-CLI-00216955; Source Code |
| Cisco NS-OX 5.2 | TX 7-940-727 | CSI-CLI-00176460 - CSI-CLI-00202928; Source Code |
| Cisco NS-OX 6.2 | TX 7-940-722 | CSI-CLI-00178218 - CSI-CLI-00216925; Source Code |

Cisco's investigation of the subject matter of this interrogatory is ongoing.  Cisco therefore reserves the right to supplement this response as additional information becomes available, including information that may be the subject of expert testimony and expert discovery.

DATED:  June 3, 2016                              Respectfully submitted,

*/s/  Sean S. Pak*

Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART & SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111

| | |
|---|---|
| 1 | Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700 |
| 2 | |
| | Mark Tung (SBN 245782) |
| 3 | marktung@quinnemanuel.com<br>QUINN EMANUEL URQUHART & |
| 4 | SULLIVAN LLP<br>555 Twin Dolphin Drive, 5th Floor |
| 5 | Redwood Shores, CA 94065<br>Telephone: (650) 801-5000 |
| 6 | Facsimile: (650) 801-5100 |
| 7 | Steven Cherny (admitted *pro hac vice*)<br>steven.cherny@kirkland.com |
| 8 | KIRKLAND & ELLIS LLP<br>601 Lexington Avenue |
| 9 | New York, New York 10022<br>Telephone: (212) 446-4800 |
| 10 | Facsimile: (212) 446-4900 |
| 11 | Adam R. Alper (SBN 196834)<br>adam.alper@kirkland.com |
| 12 | KIRKLAND & ELLIS LLP<br>555 California Street |
| 13 | San Francisco, California 94104<br>Telephone: (415) 439-1400 |
| 14 | Facsimile: (415) 439-1500 |
| 15 | Michael W. De Vries (SBN 211001)<br>michael.devries@kirkland.com |
| 16 | KIRKLAND & ELLIS LLP<br>333 South Hope Street |
| 17 | Los Angeles, California 90071<br>Telephone: (213) 680-8400 |
| 18 | Facsimile: (213) 680-8500 |
| 19 | *Attorneys for Plaintiff Cisco Systems, Inc.* |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

# **PROOF OF SERVICE**

I hereby certify that, at the date entered below, I caused a true and correct copy of the foregoing to be served by transmission via the email addresses below:

| | |
|---|---|
| Juanita R. Brooks<br>brooks@fr.com<br>Fish & Richardson P.C.<br>12390 El Camino Real<br>San Diego, CA 92130-2081 | Brian L. Ferrall<br>blf@kvn.com<br>Michael S. Kwun<br>mkwun@kvn.com<br>David J. Silbert<br>djs@kvn.com |
| Kelly C. Hunsaker<br>hunsaker@fr.com<br>Fish & Richardson PC<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063 | Robert Van Nest<br>rvannest@kvn.com<br>arista-kvn@kvn.com<br>Keker & Van Nest LLP<br>633 Battery Street<br>San Francisco, CA 94111-1809 |
| Ruffin B. Cordell<br>cordell@fr.com<br>Lauren A. Degnan<br>degnan@fr.com<br>Michael J. McKeon<br>mckeon@fr.com<br>Fish & Richardson PC<br>1425 K Street NW<br>11th Floor<br>Washington, DC 20005 | Susan Chreighton<br>screighton@wsgr.com<br>Scott Andrew Sher<br>ssher@wsgr.com<br>Wilson Sonsini Goodrich Rosati<br>1700 K Street<br>Washington, DC 20006 |

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 3, 2016, at San Francisco, California.

                                      */s/ Catherine R. Lacey*
                                      Catherine R. Lacey