Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Mark Tung (SBN 245782)
marktung@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven Cherny *(admitted pro hac vice)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ARISTA NETWORKS, INC.,<br><br>Defendant. | CASE NO. 5:14-cv-5344-BLF<br><br>**PLAINTIFF CISCO'S OPPOSITION TO "DEFENDANT ARISTA NETWORKS, INC.'S PARTIALLY UNOPPOSED MOTION TO STAY PATENT CLAIMS PENDING *INTER PARTES* REVIEW"**<br><br>Judge: Hon. Beth Labson Freeman<br>Date Filed: Dec. 5, 2014<br>Trial Date: Nov. 21, 2016 |

**I.    INTRODUCTION**

Plaintiff ("Cisco") commenced this lawsuit in December 2014, alleging that its direct competitor, Defendant ("Arista"), blatantly and unlawfully copied Cisco's technology, and asserting claims against Arista for copyright infringement and for infringement of U.S. Patent Nos. 7,047,526 and 7,953,886. *See* Docket No. 1. Currently, all of those claims (copyright and patent) are scheduled for a jury trial starting on November 21, 2016. *See* Docket No. 132 at 1.

In November 2015—almost a year after Cisco commenced suit—Arista petitioned the Patent Trial and Appeal Board ("PTAB") to institute *inter partes* reviews ("IPR") on both the '526 and '886 patents, seeking a determination that certain of those patents' claims are invalid. *See* Docket No. 234, Exhs. 1-4. On May 17, 2016, the PTAB rejected Arista's request for an IPR on the '526 patent. *See* Docket No. 273-1. On May 25, 2016, the PTAB granted Arista's request for an IPR on the '886 patent. *See* Docket No. 273-2. Thus, of the two patents currently in this case, the PTAB declined to institute an IPR for one and instituted an IPR for the other.

In light of those recent IPR decisions, both parties agree that this Court should stay litigation on the '886 patent until its IPR is complete. The parties also agree that Cisco's copyright claims should not be stayed and should remain scheduled for a jury trial in November 2016. The only issue before this Court is whether the '526 patent should proceed to trial alongside Cisco's copyright claims in November 2016 or should instead be stayed indefinitely with the '886 patent.

Cisco respectfully opposes in part Arista's motion (Docket No. 272 ("Motion to Stay")) and instead asks this Court to maintain the schedule for the '526 patent claims, and to permit Cisco to present its infringement claims under the '526 patent to the same jury that will hear Cisco's copyright claims. Unlike the '886 patent, the '526 patent is ***not*** subject to any IPR proceedings. *See* Docket No. 273-1. Furthermore, the '526 patent is distinct from the '886 patent (different patent "families," different specifications, different inventors, different priority dates, different claim language, different infringement theories and accused functionality in Arista

products, and different invalidity theories and prior art references from Arista).[1]  Because the '526 and '886 patents are so different, the IPR on the '886 patent could have no effect on the claim scope of the '526 patent or how that patent is tried to a jury in this case.  The IPR on the '886 patent therefore should not be used as an excuse to stay or delay the '526 patent claims.

Furthermore, as a matter of technology and subject matter, the '526 patent (and Arista's defenses to the '526 patent claims) should be presented to the same jury that will decide Cisco's copyright claims starting in November 2016.  To resolve Cisco's copyright claims, the jury will learn about the expressive content of (*inter alia*) Cisco's "command-line interface" ("CLI") as it exists rightfully in Cisco's products and unlawfully in Arista products. *See* Docket No. 40 (Second Amended Complaint) at paras. 6-9, 24-30 and 40-57.  To resolve Cisco's infringement claims under the '526 patent, the jury will learn about the underlying functionality of that same CLI—as that functionality is claimed by the '526 patent, embodied in Cisco products, and infringed by Arista products.  *See id.* at para. 76.  If one jury is tasked with learning about the copyrighted aspects of Cisco's CLI, and Arista's infringement of the same, it will be most efficient to educate the same jury about the patented aspects of the functionality underlying that same CLI, and Arista's infringement of the same.

Cisco explains below in greater detail why a stay of litigation on the '886 patent should have no effect on the schedule or the trial date for the '526 patent claims, including by reference to the three factors traditionally considered by courts of this District when faced with such a motion.  *See* II, *post*. And that is the most efficient case management decision for this Court: stay the parties' litigation on the '886 patent until the IPR on that patent is final, and permit the parties in

---

[1] *Compare* Docket No. 1-34 (showing the specification, named inventors, priority date and claim language for the '526 patent), *with* Docket No. 1-35 (showing the same categories of information for the '886 patent); *see also* Docket No. 1 at para. 68 (asserting the '526 patent against the "implementations of functionality underlying Arista's command-line interface" for various Arista switches); *id.* at para. 73 (asserting the '886 patent not against the implementations of functionality underlying Arista's command-line interface but instead against Arista's "Arista's CloudVision and/or eAPI functionality"); Neukom Decl., Exh. 3 (showing no overlap whatsoever between the prior art references elected by Arista to assert against the '526 versus the '886 patent).

1  the meantime to proceed to trial in November 2016 on Cisco's copyright and '526 patent claims.

2  If, however, this Court disagrees with Cisco and finds that a stay of litigation for the '886
3  patent (due to the PTAB's pending IPR on that patent) should also result in a stay of litigation and
4  a loss of a trial date for the '526 patent (despite no IPR for that unrelated patent), then Cisco is
5  prepared to streamline this case by dismissing its claims under the '886 patent pursuant to Fed. R.
6  Civ. P. 41(a)(2), and to do so with prejudice.  *See* III, *post*.  To be clear, Cisco does not seek this
7  outcome, and Cisco remains confident in the validity of the '886 patent and Arista's liability for
8  infringement.  But Cisco respectfully seeks its day in Court on its '526 patent claims without delay
9  and is willing to dismiss the '886 patent from this case if doing so is necessary to proceed to trial
10 on the '526 patent claims in November 2016.  If the '886 patent were dismissed from this case—
11 as Cisco is willing to do if necessary to preserve its trial date for the '526 patent and copyright
12 claims—then the pendency of an IPR on that patent would of course have no implications for the
13 schedule and trial date for the '526 claims remaining in the case.

14 Finally, Arista suggests in the alternative that litigation on the '526 patent should be
15 delayed for "supplemental claim construction briefing" based on the PTAB's adoption of Cisco's
16 arguments against an IPR on the '526 patent.  *See* Motion at 5-7.  That suggestion should be
17 rejected for numerous reasons.  *See* IV, *post*.  One reason:  Cisco's submission to the PTAB on the
18 '526 patent has already been filed with this Court, and thus is already available to the Court
19 without supplemental briefing.  *See* Docket No. 217, Exh. 1.  Another reason: Not only has
20 Cisco's PTAB submission on the '526 patent already been filed with this Court, the Court has
21 already stated that it will not consider that evidence.  It makes no sense to permit supplemental
22 briefing on evidence that the Court already determined it will not consider.  *See* 4/8/16 Tr. at 5:1-9
23 (Court: "I'm actually not inclined to consider this information at all because I feel it is being
24 submitted to PTAB under a different standard . . . . So I'm inclined to disallow any of it."); *id.* at
25 8:5-7 (Court, addressing Arista's request to consider (*inter alia*) Cisco's submission to the PTAB
26 on the '526 patent: "I don't feel that I'm compelled under the law to consider these supplemental
27 filings and I am going to decline to do that.").  Another reason:  Even if the Court were to permit

28

4
CISCO'S OPPOSITION TO ARISTA'S MOTION TO STAY PATENT CLAIMS
Case No. 5:14-cv-05344-BLF

supplemental briefing (on material that the Court has already determined it would not consider), that could be done easily, quickly, and certainly without disturbing the case schedule—for example, by ordering each side to file a ten-page supplemental brief in seven days' time.  In any event, supplemental briefing should not be used as an excuse by Arista to upend the case schedule and trial date for the '526 patent.

## II. CISCO'S CLAIMS ON THE '526 PATENT SHOULD PROCEED WITHOUT INTERRUPTION

The most efficient case management decision is (i) to stay litigation on the '886 patent, until after the PTAB's IPR proceeding on that patent is final, and (ii) to allow litigation on the '526 patent to proceed according to this Court's existing schedule for the case, meaning that the '526 patent should be tried to a jury alongside Cisco's copyright claims starting in November 2016.  This is for numerous reasons.  ***First***, the '526 patent is ***not*** subject to any IPR proceedings. Instead, the PTAB rejected all of Arista's proposed bases for an IPR review of the '526 patent. *See* Docket No. 273-1.

***Second***, the IPR proceedings on the '886 patent will have no effect on the '526 patent. These two patents are not "related," for example, they are not in the same patent "family." They have different inventors and conception and priority dates, different subject matter, and different claim language. *Compare* Docket No. 1-34, *with* Docket No. 1-35. They require different witnesses, different evidence and different arguments. Cisco's infringement theories on the two patents pertain to different functionality in Arista's products; while the '866 patent pertains to using an extensible markup language to transmit CLI commands—or what languages the parser "speaks"—the '526 patent relates to the underlying parser engine used to interpret user-entered CLI commands—or how the parser's brain "hears." Indeed, even where the two patents have been asserted against Arista products that use the same operating system—which Arista might argue superficially suggests an overlap in infringement theories—Cisco's infringement contentions show that the accused functionality (within those products) is entirely different between the '526 versus

'886 patent.[2] Likewise, Arista's invalidity defenses (and prior art references) between the two patents show *zero* overlap. *See id.* at Exh. 3 (Arista's "Preliminary Election of Asserted Prior Art," showing no overlap at all between the prior art references for the '526 versus '886 patent). Given the lack of overlap between these two patents, resolution of the IPR on the '886 patent (whether favorable to Cisco or Arista) will not affect, let alone "simplify," litigation on the '526 patent.

*Third*, given that the Court already has scheduled a jury trial on Cisco's copyright claims for November 2016, and given the related subject matter between Cisco's copyright claims (pertaining to the expressive content of Cisco's CLI software and documentation) and the '526 patent (directed to functionality underlying Cisco's CLI), it would be efficient and would preserve judicial resources to try those claims at the same time to the same jury.

*Fourth*—as explained immediately below—consideration of the three traditional factors for a stay of patent litigation pending an IPR weighs against a stay for the '526 patent.

### a. The First Factor (Stage Of The Litigation) Weighs Heavily Against Any Stay Of The '526 Patent

When resolving a motion to stay patent litigation pending an IPR, courts of this District first consider the stage of the litigation. Within that factor, the primary considerations are whether discovery has been completed and whether a trial date has been set. *See Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*, No. C-13-03587, 2014 WL 4802426, at *3 (N.D. Cal. Sep. 26, 2014) ("The court first examines the stage of the litigation. Considerations include whether discovery is complete and whether a trial date has been set."). Those considerations weigh heavily against a stay of the '526 patent, which is not subject to any IPR proceedings.

It is not surprising that discovery on the '526 patent is so far along at this point, given that Arista waited almost a full year after Cisco commenced this suit to file an IPR request for either of the patents in this case. *See* Docket No. 234, Exhs. 1-2. Indeed, the deadline for fact discovery on

---

[2] *Compare* Neukom Decl., Exh. 1 (Cisco's supplemented infringement contentions under the '526 patent for Arista products incorporating Arista's "EOS+" operating system), *with id.* at Exh. 2 (Cisco's supplemented infringement contentions under the '886 patent for Arista products incorporating Arista's "EOS+" operating system).

liability issues for the '526 patent passed ten days ago. *See* Docket No. 277 at 1.  The parties have already exchanged millions of pages of documents, plus source code and hardware, and conducted approx. 50 depositions.  Neukom Decl. at para. 2.  Further, the parties already have served their opening expert reports on the '526 patent incorporating that extensive discovery, and those reports show a massive investment by the parties in litigating the '526 patent.  *Id.* at para. 3. The only remaining discovery pertains to (i) damages for the '526 patent, and the deadline for that discovery is ***this week***; and (ii) expert depositions, which will occur in coming weeks. *See* Docket No. 277.

As to "whether a trial date has been set":  that factor also weighs against a stay of the '526 patent.  The '526 patent is already set for trial starting on November 21, 2016.  *See id.*

### b. The Second Factor (Whether A Stay Would Simplify The Case) Weighs Even More Heavily Against A Stay Of The '526 Patent

Arista argues that this Court should vacate the trial date for the '526 patent primarily because Cisco has agreed to stay its claims under the '886 patent and because Arista suggests that it would be sensible to try the two patents at the same time in the future.  But that suggestion ignores that these patents are distinct and that the IPR proceedings on the '886 will have no effect on the interpretation, scope or validity of the '526 patent.  *See ante*.  Cisco's claims and Arista's defenses on the '886 versus the '526 patent require different fact witnesses (including different named inventors), different infringement theories and evidence, and different invalidity theories and evidence.  There is therefore no risk of duplicative proceedings or "piecemeal" or inconsistent treatment of these patents even if they are tried separately.

Furthermore, Arista's case law authorities do not suggest anything to the contrary. ***First***, Arista has noted for this Court that a handful of other district courts have stayed litigation on all asserted patents when less than all of the asserted patent claims are subject to IPR proceedings.  And yet Arista failed to acknowledge that those courts justified their decisions to stay all patent claims (even for patents not subject to IPRs) by noting that the patents-in-suit were ***related***.[3]  In

---

[3] In *Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*, No. C-13-03587, 2014 WL 4802426 (N.D. Cal. Sept. 26, 2014), the court stayed litigation on two patents despite only one
(footnote continued)

1 such circumstances, staying litigation on all asserted patent claims despite only some of them
2 being subject to an IPR was efficient; even the patents not subject to any IPR proceedings
3 contained key claim terms that were under review by the PTAB by virtue of IPR proceedings on
4 related patents. Thus, all asserted patents could be affected by the outcome of pending IPRs. Here,
5 on the other hand, the '886 and '526 patents are not related and do not share claim language.
6 Given that, the usual efficiency and "simplification" arguments about staying all patent claims
7 pending IPRs on some but not all asserted patents (because the IPRs may effect claim scope for ***all***
8 patents-in-suit) do not apply here.

*Second,* none of Arista's cited case law deals with circumstances that are comparable to this case, in which the parties are litigating non-patent (copyright) claims in addition to the patent claims, and in which the parties agree that such non-patent claims should not be stayed. In every case law decision cited by Arista on this point, the lawsuits included only patent claims. Here, because the case includes non-patent claims that the parties have agreed to continue to litigate

---

patent being subject to an IPR. And yet the court noted that—unlike here—the two asserted patents were related and that litigating them together entailed obvious overlap of the sort that is not present here between the unrelated '886 and '526 patents. *See id.* at *4 ("Furthermore, the '682 Patent is a continuation of the '536 Patent at issue in the IPR. Consequently, the two patents share largely identical specifications, titles, figures, and key terms for construction. . . . There are numerous overlapping terms for claim construction between the '536 Patent and the '682 Patent."). Likewise, in *Gentherm Canada, Ltd. v. IGB Auto., Ltd.*, No. 13-11536, 2015 WL 804657 (E.D. Mich. Feb. 26, 2015), the court stayed litigation on all eleven asserted patents despite only four patents being subject to IPRs. And yet, in doing so, the court noted the defendant's argument that all eleven patents (whether subject to IPR proceedings or not) were related and shared the same subject matter. *Id.* at *2 ("Defendant argues that PTAB's resolution of the challenged claims will provide guidance on the unchallenged claims as well, since all eleven patents share similar subject matter and many of the patents share the same specifications and figures."). And in *Serv. Solutions U.S., L.L.C. v. Autel.US Inc et al*, No. 13-10534, 2015 WL 401009 (E.D. Mich. Jan. 28, 2015), the court ordered a stay of litigation on all seven asserted patents despite only one of those patents being subject to IPR proceedings. And yet the Court noted that the single patent subject to an IPR played a "central role" in the case. *Id.* at *2. Furthermore, reviewing the plaintiff's complaint in that case, and the seven asserted patents, makes clear that all seven patents were related and covered the same subject matter (tire monitoring tools). *Id.* at Docket No. 1 (filed Feb. 8, 2013). In the fourth case cited by Arista—not from this District—it appears the patentee (a non-practicing entity) asserted an array of related and unrelated patents.

1  without a stay or delay, even staying "all" patent claims will not create the efficiency of a case-
2  wide stay.  The parties are already litigating Cisco's copyright claims, and they should continue to
3  litigate the '526 patent (not subject to or even related to any IPR proceedings) at the same time.

        **c.**      **The Third Factor (Prejudice To Cisco) Also Weighs Against A Stay**

5  Arista asserts that Cisco will not be prejudiced by a stay on the '526 patent primarily by
6  arguing that "[t]he '526 patent issued in 2006, and yet Cisco did not bring suit on it until
7  December 2014." Motion at 7. Contrary to Arista's suggestion, Cisco (and this Court's resources)
8  would be prejudiced by a stay on the '526. *First*, Cisco and Arista are direct competitors, and
9  Arista's cited case law recognizes that such circumstances weigh against a stay of patent litigation
10 on the "prejudice" factor. *See Evolutionary Intelligence* at *5 (collecting and citing numerous
11 decisions from courts of this District holding that direct competition between the patentee and the
12 putative infringer shows potential prejudice and weighs against a stay pending IPR proceedings).
13 *Second*, because Arista waited a full year to file its IPR petitions on the two patents-ins-suit, this
14 case has advanced substantially—fact discovery closes this week, opening expert reports on the
15 '526 patent have already been served, and summary judgment motions are due this month. Given
16 that background, Cisco will be prejudiced, and this Court's resources will be needlessly taxed, if
17 forced to conduct additional discovery in the future and two separate jury trials (one on the
18 copyright claims and the second on the '526 patent claims) instead of one jury trial covering all
19 such claims. That is especially true here because of the related subject matter between Cisco's
20 copyright claims and the '526 patent claims as explained above.

21 **III.   IF THE COURT IS NOT PERSUADED TO ALLOW THE JURY TRIAL ON THE
22        '526 PATENT TO PROCEED ACCORDING TO THE CURRENT SCHEDULE
        PENDING AN IPR-RELATED STAY OF '886 PATENT, THEN CISCO WILL
23        DISMISS-WITH-PREJUDICE THE '886 PATENT**

24 For the reasons explained above, Cisco believes that the most efficient case management
25 decision for this Court is to stay the parties' litigation on the '886 patent (pending that patent's
26 IPR) and yet to permit Cisco to proceed to a jury trial on the '526 patent later this year, presenting
27 the '526 patent to the same jury that will decide Cisco's copyright claims. But if the Court is not

28

persuaded to adopt that case management proposal, then Cisco will dismiss its claims under the '886 patent pursuant to Fed. R. Civ. P. 41(a)(2), and with prejudice.

To be clear, Cisco remains steadfast that the claims of the '886 patent are valid; that those claims should survive IPR proceedings; that Arista is unlawfully infringing the '886 patent; and that Cisco should be permitted to assert the '886 patent against Arista in this Court after the IPR is final. Cisco's willingness to dismiss the '886 patent should not be interpreted to suggest otherwise.

That said, Cisco respectfully seeks to have its day in Court, without delay, on the '526 patent claims. Cisco seeks to do so starting November 21, 2016, pursuant to the Court's existing schedule for this case. If dismissing the '886 patent from this case is necessary to preserve the November 2016 trial date for the '526 patent, then Cisco is willing to do so.

If the '886 patent were dismissed from this case, then of course there is no room to debate for a stay of the '526 patent based on the pendency of an IPR on the '886 patent. The '886 patent will no longer be a part of this case. Cisco's copyright claims and '526 patent claims will remain, and both are scheduled for a jury trial in November 2016.

### IV. THE COURT SHOULD REJECT ARISTA'S REQUEST FOR DELAY AND SUPPLEMENTAL CLAIM CONSTRUCTION BRIEFING ON THE '526 PATENT

Arista's second reason for staying indefinitely a jury trial on the '526 patent is so that Arista may submit supplemental briefing regarding the PTAB's treatment (when rejecting Arista's IPR request for the '526 patent) of two claim terms from the '526 patent. Motion at 5-7. For many reasons, the Court should reject this obvious attempt by Arista to scramble the Court's schedule, to imperil the November 2016 trial date, and to get a "do over" on claim construction.

*First*, Arista ***already submitted*** to the Court—before claim construction argument, held April 8, 2016—Cisco's submissions to the PTAB regarding the scope of the '526 patent's claim language. *See* Docket No. 217, Exh. 1. Simply because the PTAB recently ***agreed*** with Cisco and rejected Arista's erroneous claim construction positions in seeking an IPR on the '526 patent does not change materially the evidence available to this Court. In any event, even if the Court desired to consider Cisco's PTAB positions on the '526 patent for claim construction purposes in this action, the entirety of Cisco's PTAB submission is already on the docket and supplemental

1  briefing is not necessary to present such materials to the Court.

2  ***Second***, while Arista already filed Cisco's PTAB submission on the '526 patent with this
3  Court, the Court has already indicated that it considers such evidence to be irrelevant to claim
4  construction in this case.  *See* 4/8/16 Tr. at 5:1-9; 8:5-7.  It therefore makes no sense to order
5  supplemental briefing to address evidence that the Court has already indicated it will not consider.

6  ***Third***, even if Arista were correct (*arguendo*) that this Court should consider for claim
7  construction purposes the PTAB's recent decision not to institute an IPR on the '526 patent, that
8  could be accomplished easily and without disturbing the case schedule and the trial date. For
9  example, if the Court would like additional briefing from the parties regarding the claim
10 construction implications (or lack thereof) of the PTAB's decision not to institute an IPR on the
11 '526 patent, each side could submit a ten-page brief in seven days' time.  Cisco respectfully
12 believes that no such briefing is required—and notes its agreement with the Court's previously
13 expressed view that the parties' contentions before the PTAB are irrelevant—but even if such
14 briefing were merited, it could be accomplished quickly and without disturbing the case schedule.

15 **V.    CONCLUSION**

16 Cisco respectfully asks the Court (i) to stay litigation on the '886 patent, pending the
17 PTAB's resolution of the IPR on that patent, and (ii) to decline Arista's request to stay litigation
18 on the '526 patent, thereby permitting Cisco's claims on the '526 patent and its copyright claims
19 to proceed according to the existing case schedule. In the alternative—if the Court is inclined to
20 stay litigation of the '526 patent in light of the PTAB's IPR on the '886 patent—then Cisco
21 represents to the Court that it will forthwith dismiss with prejudice its claims under the '886
22 patent, thereby ensuring that litigation on the copyright claims '526 patent may proceed regardless
23 any concerns about what happens after the IPR for the '886 patent is final.

24
25
26
27
28

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: June 6, 2016 | Respectfully submitted, |
| 3 | | */s/ John M. Neukom* |
| 4 | | Kathleen Sullivan (SBN 242261) |
| 5 | | kathleensullivan@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP |
| 6 | | 51 Madison Avenue, 22nd Floor<br>New York, NY 10010 |
| 7 | | Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100 |
| 8 | | |
| 9 | | Sean S. Pak (SBN 219032)<br>seanpak@quinnemanuel.com |
| 10 | | John M. Neukom (SBN 275887)<br>johnneukom@quinnemanuel.com. |
| 11 | | QUINN EMANUEL URQUHART &<br>SULLIVAN LLP |
| 12 | | 50 California Street, 22nd Floor<br>San Francisco, CA 94111 |
| 13 | | Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700 |
| 14 | | |
| 15 | | Mark Tung (SBN 245782)<br>marktung@quinnemanuel.com |
| 16 | | QUINN EMANUEL URQUHART &<br>SULLIVAN LLP |
| 17 | | 555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065 |
| 18 | | Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100 |
| 19 | | Steven Cherny *(admission pro hac vice pending)* |
| 20 | | steven.cherny@kirkland.com<br>KIRKLAND & ELLIS LLP |
| 21 | | 601 Lexington Avenue<br>New York, New York 10022 |
| 22 | | Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900 |
| 23 | | Adam R. Alper (SBN 196834) |
| 24 | | adam.alper@kirkland.com<br>KIRKLAND & ELLIS LLP |
| 25 | | 555 California Street<br>San Francisco, California 94104 |
| 26 | | Telephone: (415) 439-1400<br>Facsimile: (415) 439-1500 |
| 27 | | Michael W. De Vries (SBN 211001) |
| 28 | | michael.devries@kirkland.com |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

**SIGNATURE ATTESTATION**

I, Andrew Holmes, am the ECF user whose userid and password authorized the filing of this document. Under Civil L.R. 5-1(i)(3), I attest that John Neukom has concurred in this filing. Furthermore, I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/S/) within this e-filed document.

Dated: June 6, 2016                        */s/ Andrew M. Holmes*

                                                            Andrew M. Holmes