KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
BRIAN L. FERRALL - # 160847
DAVID SILBERT - # 173128
AJAY KRISHNAN - #222476
DAVID J. ROSEN - # 296139
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   (415) 391-5400
Email:  rvannest@kvn.com;
bferrall@kvn.com; dsilbert@kvn.com;
akrishnan@kvn.com, drosen@kvn.com

SUSAN CREIGHTON, SBN 135528
SCOTT A. SHER, SBN 190053
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C., 20006-3817
Telephone:  (202) 973-8800
Email:  screighton@wsgr.com;
ssher@wsgr.com

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br>  Plaintiff, <br><br> v. <br><br> ARISTA NETWORKS, INC., <br><br>  Defendant. | Case No. 5:14-cv-05344-BLF (NC) <br><br> **REPLY BRIEF IN SUPPORT OF DEFENDANT ARISTA NETWORKS, INC.'S PARTIALLY UNOPPOSED MOTION TO STAY PATENT CLAIMS PENDING *INTER PARTES* REVIEW** <br><br> **No Hearing Requested** <br><br> Judge:     Hon. Beth Labson Freeman <br><br> Date Filed: December 5, 2014 <br><br> Trial Date: November 21, 2016 |

REPLY BRIEF IN SUPPORT OF DEFENDANT ARISTA NETWORKS, INC.'S PARTIALLY
UNOPPOSED MOTION TO STAY PATENT CLAIMS PENDING *INTER PARTES* REVIEW
Case No. 5:14-cv-05344-BLF (NC)

1066076.03

## I. INTRODUCTION

In its Opposition, Cisco urges this Court to ignore the limiting interpretation of the '526 patent that Cisco itself advocated for, and the PTO adopted, to distinguish prior art in the IPR proceedings. (Dkt. 281 at 10-11.) Likewise, in his expert report on infringement served on Friday, Cisco's expert Kevin Jeffay apparently *disclaimed* that limiting interpretation, and proffered no infringement theory that would survive if Cisco's and the PTO's limitation were enforced (because he could not do so). Fundamental tenets of patent law and basic fairness call for consideration of Cisco's arguments and the PTO's construction (both of which are intrinsic evidence) when construing the claims. *See, e.g., Phillips v. AWH Corp.*, 415 F.3d 1303, 1317 (Fed. Cir. 2005) ("In addition to consulting the specification, we have held that a court should also consider the patent's prosecution history, if it is in evidence.") (en banc) (internal citation omitted). But under this case's accelerated schedule—which the Court set to accommodate Cisco's demand for an early trial on its copyright claim—there is no feasible way of doing so.

The chronology here is important. Cisco did not advance its limiting construction until after *Markman* briefing was completed. Thus, that limiting interpretation did not figure at all in the parties' pre-*Markman* exchanges or briefs (because it did not exist). Arista submitted Cisco's construction to the Court before the *Markman* hearing (*see* Dkt. No. 217), and the Court at that point declined to consider it, expressing concern that "claim construction is premature" at this stage and that the "ground has not stopped moving" in light of the IPR petitions. Tr. of Cl. Constr. Hrng. (Dkt No. 239), at 4:17-23. The ground eventually did stop moving under the '526 patent—i.e., the PTO ruled, and adopted the limiting interpretation that Cisco had advocated— after the *Markman* hearing, but the parties have never briefed or argued the significance of these events for claim construction in this case.

To do so now—even under the extraordinarily fast schedule that Cisco proposes—is impractical for both the parties and the Court if the '526 patent is to be tried in November. Even if the parties filed supplemental *Markman* briefs by June 15, and assuming that the Court dispensed with oral argument and issued its *Markman* ruling just seven days later (i.e., June 22), the parties' experts would then need to address the new constructions in supplemental reports, and

1

REPLY BRIEF IN SUPPORT OF DEFENDANT ARISTA NETWORKS, INC.'S PARTIALLY
UNOPPOSED MOTION TO STAY PATENT CLAIMS PENDING *INTER PARTES* REVIEW
Case No. 5:14-cv-05344-BLF (NC)

1066076.03

give depositions on these opinions, and the parties would then need to prepare summary judgment motions, all by June 30.[1]  And during that same time period, the parties must also (1) complete damages discovery, including taking or defending at least six fact-witness depositions; (2) work with their experts to prepare responsive reports on a shortened two-week turnaround (compared with the usual 30 days); (3) prepare their summary judgment motions on the copyright claim, which are due just over three weeks from today; (4) take and defend numerous expert depositions; and (5) litigate at least two (and likely more) discovery motions.

Moreover, there is no reason to try to force these events into the already highly compacted schedule.  Cisco's argument that the '526 patent must be tried with the copyright claim rings particularly hollow considering that *Cisco asked the Court to bifurcate the patent claims and copyright claim in the first case-management conference*.  See Tr. of 5/14/15 CMC (Dkt No. 49), at 3:3-23.  Cisco certainly cannot claim "prejudice" from a case-management approach that Cisco itself requested.  Nor can it cry "urgency" when it waited over six years to sue on the '526 patent.  The Court has set an accelerated trial date to accommodate Cisco's purported "urgency" to try its copyright claim.  Given recent events—in which Cisco played a major role—the '526 patent cannot reasonably fit into that schedule.  Accordingly, the Court should stay the '526 patent pending the conclusion of the '886 IPR, or in the alternative, bifurcate the claims and set a separate reasonable schedule to litigate the '526 issues.[2]

## II.     ARGUMENT

### A.     All of the Relevant Factors Weigh in Favor of a Stay

*First*, the stage of litigation weighs in favor of a stay.  The parties have not "engaged in costly expert discovery and dispositive motion practice," nor has the Court issued its clam construction order.  *See PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1025-26. (N.D. Cal. 2014).  While it is certainly true that expert discovery and dispositive motion practice

---

[1] This would be effectively impossible for Arista's expert, Dr. Jeffrey Chase, who is unavailable for a family vacation beginning June 25.

[2] Cisco may of course dismiss its '886 claim if it chooses (and, frankly, it should do so given that claim's weakness), but the Court should stay or sever the '526 claim regardless, because there is no practical way to fit it into the copyright case's accelerated schedule.

2
REPLY BRIEF IN SUPPORT OF DEFENDANT ARISTA NETWORKS, INC.'S PARTIALLY
UNOPPOSED MOTION TO STAY PATENT CLAIMS PENDING *INTER PARTES* REVIEW
Case No. 5:14-cv-05344-BLF (NC)

1066076.03

are fast approaching, that is reason to promptly stay the '526 claim—in order to conserve the Court's and the parties' resources, which are already stretched thin on the copyright claim.

*Second*, a stay will simplify the issues in question and trial of the case. *See PersonalWeb*, 69 F. Supp. 3d at 1025. Staying the patent claims will allow the jury to focus on the numerous and complex issues raised by Cisco's copyright claim, which still features over 500 allegedly individually protectable commands, along with various modes, "hierarchies," and other purportedly copyrightable expression. Cisco responds that the claims of the '526 patent are better paired with the "related subject matter" of the copyright claims, as opposed to the "unrelated" '886 patent. *See* Cisco Opp. (Dkt. 281) at 6:6-10, 8:4-8. But as noted, Cisco itself advocated *bifurcating* both patent claims and the copyright claim and trying them separately. *See* Tr. of 5/14/15 CMC (Dkt No. 49), at 3:3-23. And Cisco also sang a different tune at the May 14, 2015 CMC, when it explained the differences between its patent and its copyright claim—that the patents "were directed to the CLI functionality," whereas copyright "protects what you see on the screen." *Id.* at 7:13-18. Patent law is very different from copyright law and raises a host of additional issues. Bifurcating these claims makes eminent sense. *See, e.g.*, *Oracle v. Google*, Case No. 3:10-cv-03561-WHA (Dkt. 675) (Jan. 1, 2012) at 2-3 (bifurcating the patent and copyright issues in the first *Oracle v. Google* trial).

*Third,* a stay will not prejudice Cisco. Although Cisco emphasizes that Cisco and Arista are "direct competitors," that fact alone does not weigh against a stay. On the contrary, "courts in this district 'require evidence to substantiate an argument that direct competition will result in prejudice to the non-moving party.'" *Finjan, Inc. v. Symantec Corp.*, 139 F. Supp. 3d 1032, 1037-38 (N.D. Cal. 2015) (*quoting Cypress Semiconductor Corp. v. GSI Tech., Inc.*, No. 13–CV–02013–JST, 2014 WL 5021100, at *5 (N.D. Cal. Oct. 7, 2014) (collecting cases). If a direct competitor "offer[s] nothing but attorney argument" in support of the alleged prejudice, then this factor does not support a stay. *See id.* at 1038. And as noted, Cisco itself advocated bifurcating its patent claims, and it waited over six years to sue on the '526 patent.

3
REPLY BRIEF IN SUPPORT OF DEFENDANT ARISTA NETWORKS, INC.'S PARTIALLY
UNOPPOSED MOTION TO STAY PATENT CLAIMS PENDING *INTER PARTES* REVIEW
Case No. 5:14-cv-05344-BLF (NC)

1066076.03

### B. Even if Cisco Dismisses the '886 Claim (As It Should Do), the Court Should Sever the '526 Claim and Set a Separate Schedule

As Arista explained in its opening brief, Cisco argued for, and received, a narrow reading of the '526 patent's "parse tree" limitations, which appear in every asserted claim. And the PTO then adopted a limiting interpretation (as advocated by Cisco) to distinguish prior art. This intrinsic evidence is directly relevant to this Court's claim construction, because "[t]he broadest reasonable interpretation of a claim term [under the PTAB standard] may be the same as or broader than the construction of a term under the *Phillips* standard. But it cannot be narrower." *Facebook, Inc. v. Pragmatus AV, LLC*, 582 F. App'x 864, 869 (Fed. Cir. 2014).

Contrary to Cisco's assertion, the Court has not already determined that this new, intrinsic evidence is "irrelevant" to claim construction. *See* Cisco Opp. (Dkt. 281) at 11:2-4; *id.* at 11:11-13. Rather, the Court declined to consider Cisco's argument (but not the PTO's ruling, which did not yet exist) at the *Markman* hearing, expressing concern that "claim construction is premature" and the "ground has not stopped moving." Tr. of Cl. Constr. Hrng. (Dkt No. 239), at 4:17-23. The ground has now settled, and the Court unquestionably should now consider this highly relevant intrinsic evidence—on a reasonable schedule.

Indeed, it would be both wrong and highly unfair to permit Cisco to distinguish prior art before the PTO through an interpretation that narrows the scope of its patent, and then let it eschew that same limitation to accuse Arista of infringement. That is precisely why the Federal Circuit looks to prosecution history in construing claims. "[B]y distinguishing the claimed invention over the prior art, an applicant is indicating what the claims do not cover." *Bd. of Regents of the Univ. of Texas Sys. v. BENQ Am. Corp.*, 533 F.3d 1362, 1373 (Fed. Cir. 2008) (quoting *Eckhian v. Home Depot, Inc.*, 104 F.3d 1299, 1304 (Fed. Cir. 1997)). And when the Federal Circuit is presented with a PTAB decision that the district court did not have the opportunity to consider, the Federal Circuit takes that evidence into account when reviewing claim construction and indefiniteness. *See, e.g., Interval Licensing LLC v. AOL, Inc.*, 766 F.3d 1364, 1373 (Fed. Cir. 2014) (quoting reasoning in a recent PTAB decision in determining the meaning and definiteness of a disputed claim term). Here, there is a PTAB decision addressing,

4

REPLY BRIEF IN SUPPORT OF DEFENDANT ARISTA NETWORKS, INC.'S PARTIALLY UNOPPOSED MOTION TO STAY PATENT CLAIMS PENDING *INTER PARTES* REVIEW
Case No. 5:14-cv-05344-BLF (NC)

1066076.03

1  and construing, disputed terms in the asserted claims.  The Court should duly consider this
2  intrinsic evidence, based upon appropriate briefing and argumentation, before construing the
3  claims.
4        As noted, Cisco's suggestion that each side submit a ten-page brief in seven days' time is
5  not practical under the current schedule.  Nor is there any reason for the Court and the parties to
6  move heaven and earth to try to shoehorn in more claim-construction proceedings.  Cisco
7  demanded, and received, an accelerated trial on its copyright claim, but given recent events, there
8  is no practical way to try the '526 patent claim on that schedule, nor is there any need to.

## III.    CONCLUSION

For the foregoing reasons, the Court should grant Arista's Motion to Stay Patent Claims Pending IPR.  Alternatively, if Cisco dismisses the '886 claim with prejudice (as it should do), the Court should sever the '526 patent claims and set a new, reasonable schedule for that claim.

Dated:  June 7, 2016.                         KEKER & VAN NEST LLP

                                              WILSON SONSINI GOODRICH & ROSATI


                                        By:   */s/ David Silbert*
                                              ROBERT A. VAN NEST
                                              BRIAN L. FERRALL
                                              DAVID SILBERT
                                              AJAY KRISHNAN
                                              DAVID J. ROSEN

                                              Attorneys for Defendant
                                              ARISTA NETWORKS, INC.

5
REPLY BRIEF IN SUPPORT OF DEFENDANT ARISTA NETWORKS, INC.'S PARTIALLY
UNOPPOSED MOTION TO STAY PATENT CLAIMS PENDING *INTER PARTES* REVIEW
Case No. 5:14-cv-05344-BLF (NC)

1066076.03