# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS INC, <br> Plaintiff, <br> v. <br> ARISTA NETWORKS, INC., <br> Defendant. | Case No. 14-cv-05344-BLF <br><br> **ORDER DENYING ARISTA'S PARTIALLY UNOPPOSED MOTION TO STAY PATENT CLAIMS PENDING INTER PARTES REVIEW** <br><br> [Re: ECF 272] |

Before the Court is Arista's administrative motion to stay Cisco's claims of infringement of U.S. Patent Nos. 7,047,526 and 7,953,886. ECF 272. A few weeks ago, the PTAB instituted *inter partes* review as to the '886 Patent and denied review as to the '526 Patent. *Id*. at 2. Cisco does not oppose a stay of the '886 Patent claims but opposes a stay of the '526 Patent claims. Opp. 2, ECF 281. Cisco also states that should the Court be inclined to stay the '526 Patent, Cisco is willing to dismiss with prejudice its claims under the '886 Patent. *Id*. at 4.

A district court has inherent power to manage its own docket and stay proceedings, "including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1427 (Fed. Cir. 1988). A court is under no obligation to stay proceedings pending parallel litigation in the PTAB. *See Aylus Networks, Inc. v. Apple, Inc.*, No. C-13-4700 EMC, 2014 WL 5809053, at *1 (N.D. Cal. Nov. 6, 2014). The factors that courts in this district consider when determining whether to stay litigation are: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *PersonalWeb Techs., LLC v. Apple, Inc.*, 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014).

On balance, the Court finds the factors weigh slightly in favor of stay. The first factor—the stage of litigation—weighs slightly in favor of a stay. The Court has held a *Markman* hearing but has not yet issued its claim construction order. However, due to the compressed schedule in this case, dispositive motions will be heard in a few months and trial will happen a few months after that. The second factor—simplification of issues—is neutral. A stay may simplify issues involving the '886 Patent but will not simplify issues involving the '526 Patent. The third factor—prejudice to Cisco—is neutral. Although Cisco and Arista are direct competitors, the '526 Patent issued in 2006 and Cisco did not bring suit until December 2014. In sum, the Court is inclined to stay proceedings involving the '526 and '886 Patents pending final resolution of the instituted IPR.

However, in light of Cisco's proposal to dismiss the '886 Patent from this suit and proceed solely with the '526 Patent, the Court will not stay the patent claims in this action. Cisco shall promptly file by June 10, 2016 an appropriate proposed order dismissing the '886 Patent with prejudice under Fed. R. Civ. P. 41(a)(2).

Arista also argues that the Court should allow for additional claim construction briefing or sever the '526 Patent claims and set it on a separate schedule. If the Court finds it necessary, the Court will review the PTAB's decision denying *inter partes* review when doing claim construction. However, the Court does not find that additional claim construction briefing will be helpful. As a result, the Court will not accept any further briefing regarding claim construction nor sever the '526 Patent claims. Accordingly, IT IS HEREBY ORDERED that Arista's partially unopposed motion to stay is DENIED.

**IT IS SO ORDERED.**

Dated: June 8, 2016

_____
BETH LABSON FREEMAN
United States District Judge