UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CISCO SYSTEMS, INC.,

Plaintiff,

v.

ARISTA NETWORKS, INC.,

Defendants.

Case No. 14-cv-05344 BLF (NC)

**ORDER GRANTING IN PART AND DENYING IN PART CISCO'S MOTION FOR PROTECTIVE ORDER BLOCKING THE JOHN CHAMBERS DEPOSITION**

Re: Dkt. No. 270

In this patent and copyright infringement case, plaintiff Cisco Systems moves to block the proposed deposition of Cisco's Executive Chairman of the Board and former CEO John Chambers. Cisco argues that Chambers lacks unique knowledge about the case and that other witnesses should be questioned in his place. The Court, in the interest of a "just, speedy, and inexpensive" determination of this action, resolves the motion promptly and without a hearing. Fed. R. Civ. P. 1.

Cisco relies on a line of decisions regulating discovery at the highest level or "apex" of corporate management. *See Celerity, Inc. v. Ultra Clean Holding, Inc.*, No. 05-cv-4374 MMC (JL), 2007 WL 205067, at *3 (N.D. Cal. Jan. 25, 2007). Discovery demanded from the top of the corporate hierarchy creates potential for abuse. *Id.* To address this concern, many courts have required a party seeking an "apex" deposition to establish that the witness has unique personal knowledge of facts at issue in the case.

Case No. 14-cv-05344 BLF (NC)

United States District Court
Northern District of California

1    Protection of a high-level witness is especially appropriate when the information sought

2    can be obtained through less intrusive discovery methods (such as interrogatories) or from

3    depositions of other witnesses with more direct knowledge of the facts.  *Id.*

4         In this case, the parties have been tussling over the number and scope of

5    depositions for many months.  On April 15, 2016, in response to a motion for clarification,

6    District Court Judge Beth Labson Freeman ordered that in allowing 20 depositions per

7    side, "the parties are free to choose any deponents they wish to fill the initial 20 slots."

8    Dkt. No. 248.  Applying this invitation, Arista sought to depose Chambers before the May

9    27 discovery deadline.  Arista agreed to limit the deposition to four hours.  Dkt. No. 289.

10        I find that Cisco has not established good cause to block the deposition.  First, the

11   trial judge already ordered that Arista could choose "any deponent" to fill the deposition

12   slots.  Dkt. No. 248.  Second, I am persuaded that Chambers possesses relevant knowledge

13   about Cisco's competition strategy against Arista and unique knowledge of his

14   communications with customers.  Third, Cisco deposed Arista's CEO and Chairman of the

15   Board, so a deposition of Chambers is a fair burden.  Dkt. No. 289 at 2.

16        On the other hand, because (1) Arista has already deposed more than 20 Cisco

17   witnesses, (2) Chambers has retired from active management duties, and (3) the fact

18   discovery deadline has passed, the deposition will be limited to two hours.  *See Apple Inc.*

19   *v. Samsung Electronics Co., Ltd.*, No. 11-cv-1846 LHK (PSG), 2012 WL 1511901, at *12

20   (N.D. Cal. Jan. 27, 2012) (granting further two-hour deposition of Apple lead designer

21   Jonathan Ive).

22        By June 16 at 11:00 a.m. the parties must meet and confer and agree on a time and

23   location for the deposition.  The deposition must be completed by June 30, 2016.  The

24   parties must submit a joint update when they have agreed on a time and place for the

25   deposition.

26        **IT IS SO ORDERED.**

27   Dated:  June 12, 2016    _____

28                           NATHANAEL M. COUSINS
                             United States Magistrate Judge