Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Mark Tung (SBN 245782)
marktung@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven Cherny (*admitted pro hac vice*)
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>       Plaintiff,<br><br>   vs.<br><br>ARISTA NETWORKS, INC.,<br><br>      Defendant. | CASE NO. 5:14-cv-5344-BLF (PSG)<br><br>**DECLARATION OF SARA E. JENKINS IN SUPPORT OF ARISTA NETWORKS, INC.'S  ADMINISTRATIVE MOTION TO FILE UNDER SEAL CONFIDENTIAL INFORMATION IN ARISTA NETWORKS, INC.'S  OPPOSITION TO CISCO SYSTEMS, INC.'S MOTION FOR PROTECTIVE ORDER**<br><br>**DEMAND FOR JURY TRIAL** |

## DECLARATION OF SARA E. JENKINS

I, Sara E. Jenkins, declare as follows:

1.      I am an attorney licensed to practice in the State of California and am admitted to practice before this Court.  I am an associate with the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Plaintiff Cisco Systems, Inc. ("Cisco").  I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2.      I make this declaration in support of Arista's Administrative Motion to File Under Seal Confidential Information (Dkt. 286) in connection with Arista's Opposition to Cisco's Motion for Protective Order ("Arista's Brief").  I make this declaration in accordance with Civil Local Rule 79-5(e) on behalf of Cisco to confirm that the information contained in the documents referenced in the Sealing Motion should be sealed.

3.      Arista's Brief is non-dispositive.  In this context, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c).  *Kamkana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003)).  In addition, Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" ( *i.e.*, that the document is "sealable").  Civil L.R. 79-5(b).  The sealing request must also "be narrowly tailored to seek sealing only of sealable material."  *Id*.

4.      Pursuant to Civil L.R. 79-5(e), good cause exists to seal the documents identified in the Sealing Motion, also set forth below, because the information sought to be sealed reflects confidential information that "give[s] [Cisco] an opportunity to obtain an advantage over competitors who do not know or use it."  *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Restatement of Torts* § 757, cmt b).:

02099-00004/8063168.1

2

DECLARATION OF SARA E. JENKINS IN SUPPORT OF ARISTA NETWORKS, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (PSG)

| Document | Portions to Be Filed Under Seal |
|---|---|
| Arista's Opposition to Plaintiff's Motion for Protective Order | Highlighted portions of pages 3-6, 8, 9. |
| Exhibit 2 to the Declaration of Elizabeth K. McCloskey in Support of Arista Networks, Inc.'s Administrative Motion to File Under Seal <br><br> ("Exhibit 2") | Entire |
| Exhibit 3 to the Declaration of Elizabeth K. McCloskey in Support of Arista Networks, Inc.'s Administrative Motion to File Under Seal <br><br> ("Exhibit 3") | Entire |
| Exhibit 4 to the Declaration of Elizabeth K. McCloskey in Support of Arista Networks, Inc.'s Administrative Motion to File Under Seal <br><br> ("Exhibit 4") | Entire |
| Exhibit 5 to the Declaration of Elizabeth K. McCloskey in Support of Arista Networks, Inc.'s Administrative Motion to File Under Seal <br><br> ("Exhibit 5") | Entire |
| Exhibit 6 to the Declaration of Elizabeth K. McCloskey in Support of Arista Networks, Inc.'s Administrative Motion to File Under Seal <br><br> ("Exhibit 6") | Entire |

02099-00004/8063168.1

3

DECLARATION OF SARA E. JENKINS IN SUPPORT OF ARISTA NETWORKS, INC.'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (PSG)

| Document | Portions to Be Filed Under Seal |
|---|---|
| Exhibit 7 to the Declaration of Elizabeth K. McCloskey in Support of Arista Networks, Inc.'s Administrative Motion to File Under Seal<br><br>("Exhibit 7") | Entire |
| Exhibit 8 to the Declaration of Elizabeth K. McCloskey in Support of Arista Networks, Inc.'s Administrative Motion to File Under Seal<br><br>("Exhibit 8") | Entire |
| Exhibit 9 to the Declaration of Elizabeth K. McCloskey in Support of Arista Networks, Inc.'s Administrative Motion to File Under Seal<br><br>("Exhibit 9") | Entire |
| Exhibit 10 to the Declaration of Elizabeth K. McCloskey in Support of Arista Networks, Inc.'s Administrative Motion to File Under Seal<br><br>("Exhibit 10") | Entire |
| Exhibit 11 to the Declaration of Elizabeth K. McCloskey in Support of Arista Networks, Inc.'s Administrative Motion to File Under Seal<br><br>("Exhibit 11") | Entire |

02099-00004/8063168.1

4

DECLARATION OF SARA E. JENKINS IN SUPPORT OF ARISTA NETWORKS, INC.'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (PSG)

| Document | Portions to Be Filed Under Seal |
|---|---|
| Exhibit 12 to the Declaration of Elizabeth K. McCloskey in Support of Arista Networks, Inc.'s Administrative Motion to File Under Seal<br><br>("Exhibit 12") | Entire |
| Exhibit 13 to the Declaration of Elizabeth K. McCloskey in Support of Arista Networks, Inc.'s Administrative Motion to File Under Seal<br><br>("Exhibit 13") | Entire |
| Exhibit 14 to the Declaration of Elizabeth K. McCloskey in Support of Arista Networks, Inc.'s Administrative Motion to File Under Seal<br><br>("Exhibit 14") | Entire |
| Exhibit 15 to the Declaration of Elizabeth K. McCloskey in Support of Arista Networks, Inc.'s Administrative Motion to File Under Seal<br><br>("Exhibit 15") | Entire |
| Exhibit 16 to the Declaration of Elizabeth K. McCloskey in Support of Arista Networks, Inc.'s Administrative Motion to File Under Seal<br><br>("Exhibit 16") | Entire |

02099-00004/8063168.1

5

DECLARATION OF SARA E. JENKINS IN SUPPORT OF ARISTA NETWORKS, INC.'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (PSG)

| Document | Portions to Be Filed Under Seal |
|---|---|
| Exhibit 17 to the Declaration of Elizabeth K. McCloskey in Support of Arista Networks, Inc.'s Administrative Motion to File Under Seal<br><br>("Exhibit 17") | Entire |
| Exhibit 18 to the Declaration of Elizabeth K. McCloskey in Support of Arista Networks, Inc.'s Administrative Motion to File Under Seal<br><br>("Exhibit 18") | Entire |
| Exhibit 19 to the Declaration of Elizabeth K. McCloskey in Support of Arista Networks, Inc.'s Administrative Motion to File Under Seal<br><br>("Exhibit 19") | Entire |
| Exhibit 20 to the Declaration of Elizabeth K. McCloskey in Support of Arista Networks, Inc.'s Administrative Motion to File Under Seal<br><br>("Exhibit 20") | Entire |
| Exhibit 21 to the Declaration of Elizabeth K. McCloskey in Support of Arista Networks, Inc.'s Administrative Motion to File Under Seal<br><br>("Exhibit 21") | Entire |

02099-00004/8063168.1

6

DECLARATION OF SARA E. JENKINS IN SUPPORT OF ARISTA NETWORKS, INC.'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (PSG)

| Document | Portions to Be Filed Under Seal |
|---|---|
| Exhibit 22 to the Declaration of Elizabeth K. McCloskey in Support of Arista Networks, Inc.'s Administrative Motion to File Under Seal<br><br>("Exhibit 22") | Entire |
| Exhibit 23 to the Declaration of Elizabeth K. McCloskey in Support of Arista Networks, Inc.'s Administrative Motion to File Under Seal<br><br>("Exhibit 23") | Entire |
| Exhibit 24 to the Declaration of Elizabeth K. McCloskey in Support of Arista Networks, Inc.'s Administrative Motion to File Under Seal<br><br>("Exhibit 24") | Entire |
| Exhibit 25 to the Declaration of Elizabeth K. McCloskey in Support of Arista Networks, Inc.'s Administrative Motion to File Under Seal<br><br>("Exhibit 25") | Entire |
| Exhibit 26 to the Declaration of Elizabeth K. McCloskey in Support of Arista Networks, Inc.'s Administrative Motion to File Under Seal<br><br>("Exhibit 26") | Entire |

02099-00004/8063168.1

7

DECLARATION OF SARA E. JENKINS IN SUPPORT OF ARISTA NETWORKS, INC.'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (PSG)

| Document | Portions to Be Filed Under Seal |
|---|---|
| Exhibit 27 to the Declaration of Elizabeth K. McCloskey in Support of Arista Networks, Inc.'s Administrative Motion to File Under Seal<br><br>("Exhibit 27") | Entire |
| Exhibit 28 to the Declaration of Elizabeth K. McCloskey in Support of Arista Networks, Inc.'s Administrative Motion to File Under Seal<br><br>("Exhibit 28") | Entire |
| Exhibit 30 to the Declaration of Elizabeth K. McCloskey in Support of Arista Networks, Inc.'s Administrative Motion to File Under Seal<br><br>("Exhibit 30") | Entire |
| Exhibit 31 to the Declaration of Elizabeth K. McCloskey in Support of Arista Networks, Inc.'s Administrative Motion to File Under Seal<br><br>("Exhibit 31") | Entire |
| Exhibit 32 to the Declaration of Elizabeth K. McCloskey in Support of Arista Networks, Inc.'s Administrative Motion to File Under Seal<br><br>("Exhibit 32") | Entire |

| Document | Portions to Be Filed Under Seal |
|---|---|
| Exhibit 34 to the Declaration of Elizabeth K. McCloskey in Support of Arista Networks, Inc.'s Administrative Motion to File Under Seal<br><br>("Exhibit 34") | Entire |
| Exhibit 35 to the Declaration of Elizabeth K. McCloskey in Support of Arista Networks, Inc.'s Administrative Motion to File Under Seal<br><br>("Exhibit 35") | Page 9:22-24 and all of Exhibit A |

5.     Exhibit 2 is a copy of an internal Cisco PowerPoint presentation produced by Cisco in ITC Investigation Nos. 337-TA-944 and 337-TA-945 and designated as "Confidential Business Information."  Under the Stipulated Protective Order governing this litigation, Dkt. 53 at 6 fn. 1, this document is deemed to have been produced in this case as "Highly Confidential – Attorneys' Eyes Only Information."  Exhibit 2 comprises Cisco's confidential business information regarding, *inter alia*, competition and related strategies.  Specifically, this PowerPoint includes information regarding Cisco's strategies for competing with Arista.  Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may compete with Cisco and gather information regarding the same less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn of Cisco's strategies for making sales and for gathering information in furtherance of the same, and allowing competitors to in turn adopt and/or counteract Cisco's strategies.  This would "harm [Cisco's] competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

6.       Exhibit 3 is a copy of an internal Cisco business document produced by Cisco in ITC Investigation Nos. 337-TA-944 and 337-TA-945 and designated as "Confidential Business Information."  Under the Stipulated Protective Order governing this litigation, Dkt. 53 at 6 fn. 1, this document is deemed to have been produced in this case as "Highly Confidential – Attorneys' Eyes Only Information."   Exhibit 3 comprises Cisco's confidential business information regarding, *inter alia*, product strategies, sales, customers, accounts, competition, pricing and related strategies.  Exhibit 3 contains detailed information regarding strategic planning and confidential customer interactions.  Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may compete with Cisco and engage in marketing and sales less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569. Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn the identity of Cisco's customers and Cisco's pricing and competitive strategies, and allowing competitors to in turn target Cisco's customers and adopt and/or counteract Cisco's strategies.  This would "harm [Cisco's] competitive standing."  *Nixon*, 435 U.S. at 598.

7.       Exhibit 4 is a copy of an internal Cisco business communication produced by Cisco in this matter and designated as "Highly Confidential – Attorneys' Eyes Only Information." Exhibit 4 comprises Cisco's confidential business information regarding, *inter alia*, competition and related strategies.  Specifically, this includes information regarding Cisco's strategies for competing with Arista.  Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may compete with Cisco and gather information regarding the same less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569. Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn of Cisco's strategies for making sales and for gathering information in furtherance of the same, and allowing competitors to in turn adopt and/or

10
DECLARATION OF SARA E. JENKINS IN SUPPORT OF ARISTA NETWORKS, INC.'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (PSG)

1    counteract Cisco's strategies.  This would "harm [Cisco's] competitive standing."  *Nixon*, 435

2    U.S. at 598.

3          8.     Exhibit 5 is a copy of an internal Cisco business communication produced by Cisco

4    in this matter and designated as "Highly Confidential – Attorneys' Eyes Only Information."

5    Exhibit 5 comprises Cisco's confidential business information regarding, *inter alia*, competition,

6    sales (including sales strategies), competitors, and the gathering of information regarding all of the

7    foregoing.  Maintaining this information as confidential provides Cisco with an "opportunity to

8    obtain an advantage over competitors" who may compete with Cisco and gather information

9    regarding the same less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover,

10   disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*,

11   allowing Cisco's competitors to learn of Cisco's strategies for making sales and for gathering

12   information in furtherance of the same, and allowing competitors to in turn adopt and/or

13   counteract Cisco's strategies.  This would "harm [Cisco's] competitive standing."  *Nixon*, 435

14   U.S. at 598.

15         9.     Exhibit 6 is a copy of an internal Cisco PowerPoint presentation produced by Cisco

16   in ITC Investigation Nos. 337-TA-944 and 337-TA-945 and designated as "Confidential Business

17   Information."  Under the Stipulated Protective Order governing this litigation, Dkt. 53 at 6 fn. 1,

18   this document is deemed to have been produced in this case as "Highly Confidential – Attorneys'

19   Eyes Only Information."  Exhibit 6 comprises Cisco's confidential business information

20   regarding, *inter alia*, competition and related strategies.  Maintaining this information as

21   confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who

22   may compete with Cisco and gather information regarding the same less optimally than Cisco.

23   *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this information to Cisco's competitors

24   would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn of Cisco's

25   strategies for making sales and for gathering information in furtherance of the same, and allowing

26

27

28

1  competitors to in turn adopt and/or counteract Cisco's strategies.  This would "harm [Cisco's]

2  competitive standing."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

3       10.    Exhibit 7 is a copy of an internal Cisco business communication produced by Cisco

4  in this matter and designated as "Highly Confidential – Attorneys' Eyes Only Information."

5  Exhibit 7 comprises Cisco's confidential business information regarding, *inter alia*, product

6  strategies, sales, customers, accounts, competition, pricing and related strategies.  Exhibit 7

7  contains detailed information regarding strategic planning and confidential customer interactions.

8  Maintaining this information as confidential provides Cisco with an "opportunity to obtain an

9  advantage over competitors" who may compete with Cisco and engage in marketing and sales less

10  optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this information to

11  Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to

12  learn the identity of Cisco's customers and Cisco's pricing and competitive strategies, and

13  allowing competitors to in turn target Cisco's customers and adopt and/or counteract Cisco's

14  strategies.  This would "harm [Cisco's] competitive standing."  *Nixon*, 435 U.S. at 598.

15       11.    Exhibit 8 is a copy of an internal Cisco business document produced by Cisco in

16  ITC Investigation Nos. 337-TA-944 and 337-TA-945 and designated as "Confidential Business

17  Information."  Under the Stipulated Protective Order governing this litigation, Dkt. 53 at 6 fn. 1,

18  this document is deemed to have been produced in this case as "Highly Confidential – Attorneys'

19  Eyes Only Information."  Exhibit 8 comprises Cisco's confidential business information

20  regarding, *inter alia*, competitive strategies, sales strategies, product strategies, customers and

21  accounts.  Maintaining this information as confidential provides Cisco with an "opportunity to

22  obtain an advantage over competitors" who may compete with Cisco and engage in marketing and

23  sales less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this

24  information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's

25  competitors to learn the identity of Cisco's customers and Cisco's pricing and competitive

26  strategies, and allowing competitors to in turn target Cisco's customers and adopt and/or

27  02099-00004/8063168.1

28

DECLARATION OF SARA E. JENKINS IN SUPPORT OF ARISTA NETWORKS, INC.'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (PSG)

1   counteract Cisco's strategies.  This would "harm [Cisco's] competitive standing."  *Nixon*, 435

2   U.S. at 598.

3        12.    Exhibit 9 is a copy of an internal Cisco business document produced by Cisco in

4   ITC Investigation Nos. 337-TA-944 and 337-TA-945 and designated as "Confidential Business

5   Information."  Under the Stipulated Protective Order governing this litigation, Dkt. 53 at 6 fn. 1,

6   this document is deemed to have been produced in this case as "Highly Confidential – Attorneys'

7   Eyes Only Information."  Exhibit 9 comprises Cisco's confidential business information

8   regarding, *inter alia*, competitive strategies, sales strategies, product strategies, customers and

9   accounts.  Maintaining this information as confidential provides Cisco with an "opportunity to

10  obtain an advantage over competitors" who may compete with Cisco and engage in marketing and

11  sales less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this

12  information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's

13  competitors to learn the identity of Cisco's customers and Cisco's pricing and competitive

14  strategies, and allowing competitors to in turn target Cisco's customers and adopt and/or

15  counteract Cisco's strategies.  This would "harm [Cisco's] competitive standing."  *Nixon*, 435

16  U.S. at 598.

17       13.    Exhibit 10 is a copy of an internal Cisco business document produced by Cisco in

18  this matter and designated as "Highly Confidential – Attorney's Eyes Only."  Exhibit 10

19  comprises Cisco's confidential business information regarding, *inter alia*, competitive strategies,

20  sales strategies, product strategies, customers and accounts.  Maintaining this information as

21  confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who

22  may compete with Cisco and engage in marketing and sales less optimally than Cisco.  *Elec. Arts*,

23  298 F. App'x at 569.  Moreover, disclosing this information to Cisco's competitors would harm

24  Cisco's business by, *inter alia*, allowing Cisco's competitors to learn the identity of Cisco's

25  customers and Cisco's pricing and competitive strategies, and allowing competitors to in turn

26

27

28

13

DECLARATION OF SARA E. JENKINS IN SUPPORT OF ARISTA NETWORKS, INC.'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (PSG)

1    target Cisco's customers and adopt and/or counteract Cisco's strategies.  This would "harm

2    [Cisco's] competitive standing."  *Nixon*, 435 U.S. at 598.

3        14.    Exhibit 11 is a copy of an internal Cisco business document produced by Cisco in

4    ITC Investigation Nos. 337-TA-944 and 337-TA-945 and designated as "Confidential Business

5    Information."  Under the Stipulated Protective Order governing this litigation, Dkt. 53 at 6 fn. 1,

6    this document is deemed to have been produced in this case as "Highly Confidential – Attorneys'

7    Eyes Only Information."  Exhibit 11 comprises Cisco's confidential business information

8    regarding, *inter alia*, competitive strategies, sales strategies, product strategies, customers and

9    accounts.  Maintaining this information as confidential provides Cisco with an "opportunity to

10   obtain an advantage over competitors" who may compete with Cisco and engage in marketing and

11   sales less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this

12   information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's

13   competitors to learn the identity of Cisco's customers and Cisco's pricing and competitive

14   strategies, and allowing competitors to in turn target Cisco's customers and adopt and/or

15   counteract Cisco's strategies.  This would "harm [Cisco's] competitive standing."  *Nixon*, 435

16   U.S. at 598.

17       15.    Exhibit 12 is a copy of an internal Cisco business document produced by Cisco in

18   ITC Investigation Nos. 337-TA-944 and 337-TA-945 and designated as "Confidential Business

19   Information."  Under the Stipulated Protective Order governing this litigation, Dkt. 53 at 6 fn. 1,

20   this document is deemed to have been produced in this case as "Highly Confidential – Attorneys'

21   Eyes Only Information."  Exhibit 12 comprises Cisco's confidential business information

22   regarding, *inter alia*, competitive strategies, sales strategies, product strategies, customers and

23   accounts.  Maintaining this information as confidential provides Cisco with an "opportunity to

24   obtain an advantage over competitors" who may compete with Cisco and engage in marketing and

25   sales less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this

26   information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's

27

14

DECLARATION OF SARA E. JENKINS IN SUPPORT OF ARISTA NETWORKS, INC.'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (PSG)

28

1    competitors to learn the identity of Cisco's customers and Cisco's pricing and competitive

2    strategies, and allowing competitors to in turn target Cisco's customers and adopt and/or

3    counteract Cisco's strategies.  This would "harm [Cisco's] competitive standing."  *Nixon*, 435

4    U.S. at 598.

5          16.     Exhibit 13 is a copy of an internal Cisco business communication produced by

6    Cisco in ITC Investigation Nos. 337-TA-944 and 337-TA-945 and designated as "Confidential

7    Business Information."  Under the Stipulated Protective Order governing this litigation, Dkt. 53 at

8    6 fn. 1, this document is deemed to have been produced in this case as "Highly Confidential –

9    Attorneys' Eyes Only Information."  Exhibit 13 comprises Cisco's confidential business

10   information regarding, *inter alia*, competitive strategies, sales strategies, product strategies,

11   customers and accounts.  Maintaining this information as confidential provides Cisco with an

12   "opportunity to obtain an advantage over competitors" who may compete with Cisco and engage

13   in marketing and sales less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover,

14   disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*,

15   allowing Cisco's competitors to learn the identity of Cisco's customers and Cisco's pricing and

16   competitive strategies, and allowing competitors to in turn target Cisco's customers and adopt

17   and/or counteract Cisco's strategies.  This would "harm [Cisco's] competitive standing."  *Nixon*,

18   435 U.S. at 598.

19         17.     Exhibit 14 is a copy of an internal Cisco business document produced by Cisco in

20   ITC Investigation Nos. 337-TA-944 and 337-TA-945 and designated as "Confidential Business

21   Information."  Under the Stipulated Protective Order governing this litigation, Dkt. 53 at 6 fn. 1,

22   this document is deemed to have been produced in this case as "Highly Confidential – Attorneys'

23   Eyes Only Information."  Exhibit 14 comprises Cisco's confidential business information

24   regarding, *inter alia*, competitive strategies, sales strategies, product strategies, customers and

25   accounts.  Maintaining this information as confidential provides Cisco with an "opportunity to

26   obtain an advantage over competitors" who may compete with Cisco and engage in marketing and

27   

28

1   sales less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this

2   information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's

3   competitors to learn the identity of Cisco's customers and Cisco's pricing and competitive

4   strategies, and allowing competitors to in turn target Cisco's customers and adopt and/or

5   counteract Cisco's strategies.  This would "harm [Cisco's] competitive standing."  *Nixon*, 435

6   U.S. at 598.

7           18.     Exhibit 15 is a copy of an internal Cisco business communication produced by

8   Cisco in this matter and designated as "Highly Confidential – Attorney's Eyes Only."  Exhibit 15

9   comprises Cisco's confidential business information regarding, *inter alia*, competitive strategies,

10  sales strategies, product strategies, customers and accounts.  Maintaining this information as

11  confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who

12  may compete with Cisco and engage in marketing and sales less optimally than Cisco.  *Elec. Arts*,

13  298 F. App'x at 569.  Moreover, disclosing this information to Cisco's competitors would harm

14  Cisco's business by, *inter alia*, allowing Cisco's competitors to learn the identity of Cisco's

15  customers and Cisco's pricing and competitive strategies, and allowing competitors to in turn

16  target Cisco's customers and adopt and/or counteract Cisco's strategies.  This would "harm

17  [Cisco's] competitive standing."  *Nixon*, 435 U.S. at 598.

18          19.     Exhibit 16 is a copy of an internal Cisco business communication produced by

19  Cisco in this matter and designated as "Highly Confidential – Attorney's Eyes Only."  Exhibit 16

20  comprises Cisco's confidential business information regarding, *inter alia*, competitive strategies,

21  sales strategies, product strategies, customers and accounts.  Maintaining this information as

22  confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who

23  may compete with Cisco and engage in marketing and sales less optimally than Cisco.  *Elec. Arts*,

24  298 F. App'x at 569.  Moreover, disclosing this information to Cisco's competitors would harm

25  Cisco's business by, *inter alia*, allowing Cisco's competitors to learn the identity of Cisco's

26  customers and Cisco's pricing and competitive strategies, and allowing competitors to in turn

27  02099-00004/8063168.1

28
DECLARATION OF SARA E. JENKINS IN SUPPORT OF ARISTA NETWORKS, INC.'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (PSG)

1    target Cisco's customers and adopt and/or counteract Cisco's strategies.  This would "harm

2    [Cisco's] competitive standing."  *Nixon*, 435 U.S. at 598.

3            20.     Exhibit 17 is a copy of an internal Cisco business communication produced by

4    Cisco in ITC Investigation Nos. 337-TA-944 and 337-TA-945 and designated as "Confidential

5    Business Information."  Under the Stipulated Protective Order governing this litigation, Dkt. 53 at

6    6 fn. 1, this document is deemed to have been produced in this case as "Highly Confidential –

7    Attorneys' Eyes Only Information."  Exhibit 17 comprises Cisco's confidential business

8    information regarding, *inter alia*, competitive strategies, sales strategies, product strategies,

9    customers and accounts.  Maintaining this information as confidential provides Cisco with an

10   "opportunity to obtain an advantage over competitors" who may compete with Cisco and engage

11   in marketing and sales less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover,

12   disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*,

13   allowing Cisco's competitors to learn the identity of Cisco's customers and Cisco's pricing and

14   competitive strategies, and allowing competitors to in turn target Cisco's customers and adopt

15   and/or counteract Cisco's strategies.  This would "harm [Cisco's] competitive standing."  *Nixon*,

16   435 U.S. at 598.

17          21.     Exhibit 18 is a copy an internal Cisco business communication produced by Cisco

18   in this matter and designated as "Highly Confidential – Attorney's Eyes Only."  Exhibit 18

19   comprises Cisco's confidential business information regarding, *inter alia*, competitive strategies,

20   sales strategies, product strategies, customers and accounts.  Maintaining this information as

21   confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who

22   may compete with Cisco and engage in marketing and sales less optimally than Cisco.  *Elec. Arts*,

23   298 F. App'x at 569.  Moreover, disclosing this information to Cisco's competitors would harm

24   Cisco's business by, *inter alia*, allowing Cisco's competitors to learn the identity of Cisco's

25   customers and Cisco's pricing and competitive strategies, and allowing competitors to in turn

26

27   02099-00004/8063168.1

28

DECLARATION OF SARA E. JENKINS IN SUPPORT OF ARISTA NETWORKS, INC.'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (PSG)

1   target Cisco's customers and adopt and/or counteract Cisco's strategies.  This would "harm

2   [Cisco's] competitive standing."  *Nixon*, 435 U.S. at 598.

3          22.    Exhibit 19 is a copy of an internal Cisco business document produced by Cisco in

4   ITC Investigation Nos. 337-TA-944 and 337-TA-945 and designated as "Confidential Business

5   Information."  Under the Stipulated Protective Order governing this litigation, Dkt. 53 at 6 fn. 1,

6   this document is deemed to have been produced in this case as "Highly Confidential – Attorneys'

7   Eyes Only Information."  Exhibit 19 comprises Cisco's confidential business information

8   regarding, *inter alia*, competitive strategies, sales strategies, product strategies, customers and

9   accounts.  Maintaining this information as confidential provides Cisco with an "opportunity to

10  obtain an advantage over competitors" who may compete with Cisco and engage in marketing and

11  sales less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this

12  information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's

13  competitors to learn the identity of Cisco's customers and Cisco's pricing and competitive

14  strategies, and allowing competitors to in turn target Cisco's customers and adopt and/or

15  counteract Cisco's strategies.  This would "harm [Cisco's] competitive standing."  *Nixon*, 435

16  U.S. at 598.

17         23.    Exhibit 20 is a copy an internal Cisco business communication produced by Cisco

18  in this matter and designated as "Highly Confidential – Attorney's Eyes Only."  Exhibit 20

19  comprises Cisco's confidential business information regarding, *inter alia*, competitive strategies,

20  sales strategies, product strategies, customers and accounts.  Maintaining this information as

21  confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who

22  may compete with Cisco and engage in marketing and sales less optimally than Cisco.  *Elec. Arts*,

23  298 F. App'x at 569.  Moreover, disclosing this information to Cisco's competitors would harm

24  Cisco's business by, *inter alia*, allowing Cisco's competitors to learn the identity of Cisco's

25  customers and Cisco's pricing and competitive strategies, and allowing competitors to in turn

26

27

28

18

DECLARATION OF SARA E. JENKINS IN SUPPORT OF ARISTA NETWORKS, INC.'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (PSG)

target Cisco's customers and adopt and/or counteract Cisco's strategies.  This would "harm [Cisco's] competitive standing."  *Nixon*, 435 U.S. at 598.

24.     Exhibit 21 is a copy an internal Cisco business communication produced by Cisco in this matter and designated as "Highly Confidential – Attorney's Eyes Only."  Exhibit 21 comprises Cisco's confidential business information regarding, *inter alia*, competitive strategies, sales strategies, product strategies, customers and accounts.  Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may compete with Cisco and engage in marketing and sales less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn the identity of Cisco's customers and Cisco's pricing and competitive strategies, and allowing competitors to in turn target Cisco's customers and adopt and/or counteract Cisco's strategies.  This would "harm [Cisco's] competitive standing."  *Nixon*, 435 U.S. at 598.

25.     Exhibit 22 is a copy of an internal Cisco business communication produced by Cisco in this matter and designated as "Highly Confidential – Attorney's Eyes Only."  Exhibit 22 comprises Cisco's confidential business information regarding, *inter alia*, competitive strategies, sales strategies, product strategies, customers and accounts.  Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may compete with Cisco and engage in marketing and sales less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn the identity of Cisco's customers and Cisco's pricing and competitive strategies, and allowing competitors to in turn target Cisco's customers and adopt and/or counteract Cisco's strategies.  This would "harm [Cisco's] competitive standing."  *Nixon*, 435 U.S. at 598.

26.     Exhibit 23 is a copy an internal Cisco business communication produced by Cisco in this matter and designated as "Highly Confidential – Attorney's Eyes Only."  Exhibit 23

1  comprises Cisco's confidential business information regarding, *inter alia*, competitive strategies,

2  sales strategies, product strategies, customers and accounts.  Maintaining this information as

3  confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who

4  may compete with Cisco and engage in marketing and sales less optimally than Cisco.  *Elec. Arts*,

5  298 F. App'x at 569.  Moreover, disclosing this information to Cisco's competitors would harm

6  Cisco's business by, *inter alia*, allowing Cisco's competitors to learn the identity of Cisco's

7  customers and Cisco's pricing and competitive strategies, and allowing competitors to in turn

8  target Cisco's customers and adopt and/or counteract Cisco's strategies.  This would "harm

9  [Cisco's] competitive standing."  *Nixon*, 435 U.S. at 598.

10      27.    Exhibit 24 is a copy an internal Cisco business communication produced by Cisco

11  in this matter and designated as "Highly Confidential – Attorney's Eyes Only."  Exhibit 24

12  comprises Cisco's confidential business information regarding, *inter alia*, competitive strategies,

13  sales strategies, product strategies, customers and accounts.  Maintaining this information as

14  confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who

15  may compete with Cisco and engage in marketing and sales less optimally than Cisco.  *Elec. Arts*,

16  298 F. App'x at 569.  Moreover, disclosing this information to Cisco's competitors would harm

17  Cisco's business by, *inter alia*, allowing Cisco's competitors to learn the identity of Cisco's

18  customers and Cisco's pricing and competitive strategies, and allowing competitors to in turn

19  target Cisco's customers and adopt and/or counteract Cisco's strategies.  This would "harm

20  [Cisco's] competitive standing."  *Nixon*, 435 U.S. at 598.

21      28.    Exhibit 25 is a copy of an internal Cisco business communication produced by

22  Cisco in this matter and designated as "Highly Confidential – Attorney's Eyes Only."  Exhibit 25

23  comprises Cisco's confidential business information regarding, *inter alia*, competitive strategies,

24  sales strategies, product strategies, customers and accounts.  Maintaining this information as

25  confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who

26  may compete with Cisco and engage in marketing and sales less optimally than Cisco.  *Elec. Arts*,

27

28

20

DECLARATION OF SARA E. JENKINS IN SUPPORT OF ARISTA NETWORKS, INC.'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (PSG)

1   298 F. App'x at 569.  Moreover, disclosing this information to Cisco's competitors would harm

2   Cisco's business by, *inter alia*, allowing Cisco's competitors to learn the identity of Cisco's

3   customers and Cisco's pricing and competitive strategies, and allowing competitors to in turn

4   target Cisco's customers and adopt and/or counteract Cisco's strategies.  This would "harm

5   [Cisco's] competitive standing."  *Nixon*, 435 U.S. at 598.

6        29.    Exhibit 26 is a copy of an internal Cisco business communication produced by

7   Cisco in this matter and designated as "Highly Confidential – Attorneys' Eyes Only Information."

8   Exhibit 26 comprises Cisco's confidential business information regarding, *inter alia*, strategic

9   planning, sales, customers, competition and related strategies.  Maintaining this information as

10  confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who

11  may engage in sales activities and gather information regarding the same less optimally than

12  Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this information to Cisco's

13  competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn

14  Cisco's strategies for competing against them, and in turn adopt and/or counteract those strategies.

15  This would "harm [Cisco's] competitive standing."  *Nixon*, 435 U.S. at 598.

16       30.    Exhibit 27 is a copy of an internal Cisco business communication produced by

17  Cisco in ITC Investigation Nos. 337-TA-944 and 337-TA-945 and designated as "Confidential

18  Business Information."  Under the Stipulated Protective Order governing this litigation, Dkt. 53 at

19  6 fn. 1, this document is deemed to have been produced in this case as "Highly Confidential –

20  Attorneys' Eyes Only Information."  Exhibit 27 comprises Cisco's confidential business

21  information regarding, *inter alia*, strategic planning, sales, competition and related strategies.

22  Maintaining this information as confidential provides Cisco with an "opportunity to obtain an

23  advantage over competitors" who may engage in sales activities and gather information regarding

24  the same less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this

25  information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's

26  competitors to learn Cisco's strategies for competing against them, and in turn adopt and/or

27  02099-00004/8063168.1

28

DECLARATION OF SARA E. JENKINS IN SUPPORT OF ARISTA NETWORKS, INC.'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (PSG)

1    counteract those strategies.  This would "harm [Cisco's] competitive standing."  *Nixon*, 435 U.S.

2    at 598.

3        31.    Exhibit 28 is a copy of an excerpt of the deposition transcript of Soni Jiandani,

4    dated April 29, 2016, which has been designated as "Highly Confidential – Attorneys' Eyes Only

5    Information" under the Protective Order in this matter.  Dkt. 53.  Exhibit 28 comprises Cisco's

6    confidential business information regarding, *inter alia*, competitive strategies, sales strategies,

7    product strategies, customers and accounts.  Maintaining this information as confidential provides

8    Cisco with an "opportunity to obtain an advantage over competitors" who may compete with

9    Cisco and engage in marketing and sales less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at

10    569.  Moreover, disclosing this information to Cisco's competitors would harm Cisco's business

11    by, *inter alia*, allowing Cisco's competitors to learn the identity of Cisco's customers and Cisco's

12    pricing and competitive strategies, and allowing competitors to in turn target Cisco's customers

13    and adopt and/or counteract Cisco's strategies.  This would "harm [Cisco's] competitive

14    standing."  *Nixon*, 435 U.S. at 598.

15        32.    Exhibit 30 is a copy of an internal Cisco business communication produced by

16    Cisco in this matter and designated as "Highly Confidential – Attorneys' Eyes Only Information."

17    Exhibit 30 comprises Cisco's confidential business information regarding, *inter alia*, competitive

18    strategies, sales strategies, product strategies, customers and accounts.  Maintaining this

19    information as confidential provides Cisco with an "opportunity to obtain an advantage over

20    competitors" who may compete with Cisco and engage in marketing and sales less optimally than

21    Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this information to Cisco's

22    competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn the

23    identity of Cisco's customers and Cisco's pricing and competitive strategies, and allowing

24    competitors to in turn target Cisco's customers and adopt and/or counteract Cisco's strategies.

25    This would "harm [Cisco's] competitive standing."  *Nixon*, 435 U.S. at 598.

26

27    02099-00004/8063168.1

28

DECLARATION OF SARA E. JENKINS IN SUPPORT OF ARISTA NETWORKS, INC.'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (PSG)

1          33.     Exhibit 31 is a copy of an excerpt of the deposition transcript of Drew Pletcher,

2   dated May 26, 2016, which has been designated as "Highly Confidential – Attorneys' Eyes Only

3   Information" under the Protective Order in this matter.  Dkt. 53.  Exhibit 31 comprises Cisco's

4   confidential business information regarding, *inter alia*, competitive strategies, sales strategies,

5   product strategies, customers and accounts.  Maintaining this information as confidential provides

6   Cisco with an "opportunity to obtain an advantage over competitors" who may compete with

7   Cisco and engage in marketing and sales less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at

8   569.  Moreover, disclosing this information to Cisco's competitors would harm Cisco's business

9   by, *inter alia*, allowing Cisco's competitors to learn the identity of Cisco's customers and Cisco's

10  pricing and competitive strategies, and allowing competitors to in turn target Cisco's customers

11  and adopt and/or counteract Cisco's strategies.  This would "harm [Cisco's] competitive

12  standing."  *Nixon*, 435 U.S. at 598.

13         34.     Exhibit 32 is a copy of an excerpt of the deposition transcript of Doug Gourlay,

14  dated May 20, 2016, which has been designated as "Highly Confidential – Attorneys' Eyes Only

15  Information" under the Protective Order in this matter.  Dkt. 53.  Exhibit 32 comprises Cisco's

16  confidential business information regarding, *inter alia*, competitive strategies, sales strategies,

17  customers and accounts.  Maintaining this information as confidential provides Cisco with an

18  "opportunity to obtain an advantage over competitors" who may compete with Cisco and engage

19  in marketing and sales less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover,

20  disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*,

21  allowing Cisco's competitors to learn the identity of Cisco's customers and Cisco's competitive

22  strategies, and allowing competitors to in turn target Cisco's customers and adopt and/or

23  counteract Cisco's strategies.  This would "harm [Cisco's] competitive standing."  *Nixon*, 435

24  U.S. at 598.  Arista Networks, Inc., has also designated this transcript as Highly Confidential –

25  Attorneys' Eyes Only Information" under the Protective Order.

26

27

28

1      35.     Exhibit 34 is a copy of an internal Cisco business communication produced by

2   Cisco in this matter and designated as "Highly Confidential – Attorneys' Eyes Only Information."

3   Exhibit 34 comprises Cisco's confidential business information regarding, *inter alia*, product

4   strategies, sales, customers, accounts, competition and related strategies.  Exhibit 34 contains

5   detailed information regarding strategic planning, customer accounts, and confidential customer

6   interactions.  Maintaining this information as confidential provides Cisco with an "opportunity to

7   obtain an advantage over competitors" who may compete with Cisco and engage in marketing and

8   sales less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this

9   information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's

10  competitors to learn the identity of Cisco's customers and Cisco's competitive strategies, and

11  allowing competitors to in turn target Cisco's customers and adopt and/or counteract Cisco's

12  strategies.  This would "harm [Cisco's] competitive standing."  *Nixon*, 435 U.S. at 598.

13     36.     Exhibit 35 is a copy of Plaintiff Cisco Systems, Inc.'s Supplemental Objections and

14  Responses to Defendant Arista Networks, Inc.'s Interrogatory No. 15.  The portions of this

15  document to be sealed are designated as "Highly Confidential – Attorneys' Eyes Only

16  Information."  These portions comprise Cisco's confidential business information regarding sales,

17  customers, and accounts.  Specifically, Exhibit A identifies customers that are specific sales lost to

18  Arista that would have been sales made by Cisco but for Arista's infringement.  Maintaining this

19  information as confidential provides Cisco with an "opportunity to obtain an advantage over

20  competitors" who may compete with Cisco and engage in marketing and sales less optimally than

21  Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this information to Cisco's

22  competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn the

23  identify of Cisco's customers and allowing competitors in turn to target Cisco's customers.  This

24  would "harm [Cisco's] competitive standing."  *Nixon*, 435 U.S. at 598.

25     37.     The portions of Arista's Brief to be sealed quote and discuss Cisco's confidential

26  information from Exhibits 5-28, 30-32 and 35 regarding Cisco's competitors and related

27

competition, and Cisco's strategies regarding the same.  Thus, these portions similarly comprise Cisco's confidential business information, the confidentiality of which provides Cisco an "opportunity to obtain an advantage over competitors," and which would harm Cisco's business if disclosed to Cisco's competitors.  *Elec. Arts*, 298 F. App'x at 569.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed in San Francisco, California, on June 13, 2016.


                                        */s/ Sara E. Jenkins*
                                        Sara E. Jenkins