| | |
|---|---|
| Kathleen Sullivan (SBN 242261)<br>kathleensullivan@quinnemanuel.com<br>QUINN EMANUEL URQUHART & SULLIVAN LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100<br><br>Sean S. Pak (SBN 219032)<br>seanpak@quinnemanuel.com<br>Amy H. Candido (SBN 237829)<br>amycandido@quinnemanuel.com<br>John M. Neukom (SBN 275887)<br>johnneukom@quinnemanuel.com.<br>QUINN EMANUEL URQUHART & SULLIVAN LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>Steven Cherny *(admitted pro hac vice)*<br>steven.cherny@kirkland.com<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br><br>[Additional counsel listed on signature page]<br><br>ATTORNEYS FOR PLAINTIFF CISCO SYSTEMS, INC. | KEKER & VAN NEST LLP<br>ROBERT A. VAN NEST - # 84065<br>rvannest@kvn.com<br>BRIAN L. FERRALL - # 160847<br>bferrall@kvn.com<br>DAVID SILBERT - # 173128<br>dsilbert@kvn.com<br>MICHAEL S. KWUN - # 198945<br>mkwun@kvn.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:    415 391 5400<br>Facsimile:    415 397 7188<br><br>JONATHAN M. JACOBSON, NY SBN 1350495<br>CHUL PAK, *Pro Hac Vice*<br>DAVID H. REICHENBERG, *Pro Hac Vice*<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>1301 Avenue Of The Americas, 40th Floor<br>New York, NY 10019-6022<br>Telephone:  (212) 999-5800<br>Facsimile:  (212) 999-5899<br>Email: jjacobson@wsgr.com;<br>cpak@wsgr.com;<br>dreichenberg@wsgr.com<br><br>[Additional counsel listed on signature page]<br><br>ATTORNEYS FOR DEFENDANT ARISTA NETWORKS, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>ARISTA NETWORKS, INC.,<br><br>            Defendant. | Case No. 5:14-cv-05344-BLF<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge:       Hon. Beth Labson Freeman<br>CMC Date: June 16, 2016<br>Date Filed:  December 5, 2014<br>Trial Date:  November 21, 2016 |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California, the San Jose Judges' Standing Order, and the General Civil Standing Order for Judge Beth Labson Freeman, Plaintiff Cisco Systems, Inc. ("Plaintiff" or "Cisco") and Defendant Arista Networks, Inc. ("Defendant" or "Arista") jointly submit this Case Management Statement.

### *Cisco's Statement*

Cisco responds to the matters raised by Arista for the June 16, 2016 Case Management Conference as set forth below.

**1.    The Parties' Agreed Pretrial Meet-and-Confer and Joint Pretrial Statement Deadlines Should Remain Unchanged.**

Arista requests that the Court move the current September 9, 2016 deadline for the parties to meet and confer about settlement and pretrial issues and the current September 16, 2016 deadline for the Joint Pretrial Statement and Order as if those dates were thrust upon the parties. They were not. The parties met and conferred and "agreed on a proposed schedule to trial," including the September 9 and 16 dates, which they jointly filed on January 19, 2016. Dkt. No. 159. The Court entered a Scheduling Order with the September 9 and 16 deadlines on January 20, 2016. Dkt. No. 160. Since that time, on April 20 and April 26, 2016, the parties met and conferred and sought modifications to other aspects of the pretrial schedule, but each time reaffirmed the September 9 and 16 pretrial deadlines. Dkt. Nos. 250 & 252.

During negotiations regarding the scheduling to trial, Cisco specifically negotiated for the September 16, 2016 Joint Pretrial Statement and Order deadline – 41 days before the November 3 Pretrial Conference – because Cisco believes that its pretrial preparations will be more efficient and effective if it has completed the meet and confer process and exchanged the information required by the Court's Standing Order and Fed. R. Civ. P. 26(a)(3). For example, pursuant to the parties' Joint Stipulation and the Court's Order, by September 16, the parties will have identified trial witnesses, exchanged pre-marked trial exhibits and objections, and resolved many exhibit issues such as duplicate exhibits. *See* Standing Order Jury Trial Sec. C. Not only does completing these highly labor-intensive tasks further in advance of trial allow Cisco to focus its resources closer to trial other issues, but it enables the parties to prepare for trial using de-duped

and pre-marked trial exhibits.

Arista should be held to its agreement regarding the Pretrial Meet and Confer and Joint Pretrial Statement and Order deadlines on September 9 and 16.  Arista's vague assertion that these dates will create "difficulties" is belied by the fact that there is no event that transpires between September 9 and October 7 that would "likely necessitate amended or supplemental filings."  If anything, it is more efficient that the parties identify their intended trial exhibits before the September 16, 2016 deadline for motions *in limine* than after, as is the case in the current schedule.  Dkt. No. 253.

**2.     Arista's Proposed "Procedure for Identifying the Protectable Elements (If Any) in the Allegedly Infringed Works, and the Degree of Protection to Which They Are Entitled" Is Unnecessary and Improper Under the Court's Case Management Order.**

In the guise of a case management statement, Arista proposes below for the first time an additional and new summary judgment procedure to allegedly identify copyrightable elements and the level of protection they are entitled.  Arista proposes that it—and it alone—be permitted to file a second summary judgment motion related to copyrightability on June 30, 2016.  This last-minute scheduling request is a transparent attempt to circumvent this Court's scheduling order and the local rules limiting the number of summary judgment motions.   Arista's proposal should be rejected for several reasons.

First, from a practical perspective, Arista's proposal would disrupt the case schedule and create undue prejudice for the Court and the parties.  Though the general contours of this case have been clear since Cisco filed its original complaint, Arista's newfound "procedure" was never voiced as "necessary" until now, long after the trial schedule was set, the parties concluded liability fact discovery and now are in the midst of expert discovery.  If Arista's belated proposal was truly necessary, Arista should have at least mentioned it long ago when the parties were considering the case schedule.  Now, in the middle of expert discovery and with summary judgment briefing only weeks away, the time has long past for Arista's new scheduling proposal.  On the other hand, if adopted, Arista's proposal would inject a made-up procedure to allow Arista and Arista alone to get "two bites at the apple" on summary judgment.  There is no reason to create this level of prejudice for Cisco or to alter the Court's summary judgment procedures,

especially when Arista already has the opportunity in the case schedule to file a summary judgment motion on whatever basis it chooses on June 30.  Indeed, the briefing schedule Arista proposes parallels the briefing and hearing schedule for summary judgment.  Arista simply seeks to append this new motion on top of the summary judgment procedure for only its own benefit.  If Arista wants to move for summary judgment on this basis, it already has opportunity to do so in the Court's schedule.

Second, Arista's proposal is neither necessary nor compelled by any precedent—Ninth Circuit or otherwise.  The principal case Arista cites in support of this "procedure"—*Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1446 (9th Cir. 1994)—was itself an appeal of a summary judgment order.[1]  There was no "procedure" in that matter, and the district court in *Apple* conducted its analysis in the context of summary judgment.  While Arista states "This is not a summary-judgment exercise" the lone authority Arista cites for this procedure itself treated it as a summary judgment exercise.  There is no reason, and Arista does not identify one, why the Court cannot do the same here under the already set summary judgement schedule.

Arista's only other support for this theory is *Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F.2d 197, 207-08 (9th Cir. 1989).  *Harper House* also provides no support for Arista's proposal.  There, according to the Ninth Circuit, the district court failed to provide adequate jury instructions because they "did not adequately distinguish between protectable and unprotectable material. The jury was not told that blank forms, common property, or utilitarian aspects of useful

---

[1]  Arista accuses Cisco of "misread[ing]" *Apple v. Microsoft* below, but Arista ignores the procedural history at the district court.  After "lengthy and extensive discovery," the parties filed several **summary judgment motions** before the district court.  *Apple Computer, Inc. v. Microsoft Corp.*, 799 F. Supp. 1006 (1992) ("In the meantime, the parties engaged in lengthy and extensive discovery which concluded on January 31, 1992.  There followed a deluge of summary judgment motions: two by Apple, seven from Microsoft and nine by HP.").  The Court held multiple hearings to deal with the array of issues presented in the parties' summary judgment motions.  *Id.*  Several motions for reconsideration and orders followed those motions, including what Arista refers to as the "filtration" and the summary judgment order upon appeal at the Ninth Circuit.  *See, e.g.*, *Apple Computer, Inc. v. Microsoft Corp.*, 1993 WL 207982 (N.D. Cal. Apr. 14, 1993) ("[The parties] identified pending motions that the court did not address in its August 7, 1992 order which require resolution. . . . . This order first clarifies any errors or inconsistencies in its August 7 ruling, then addresses the remaining issues requiring resolution.")  (The August 7 ruling refers to *Apple Computer, Inc. v. Microsoft Corp.*, 799 F. Supp. 1006 (1992).)  Arista is incorrect that any "filtration" was done outside the context of summary judgment or Rule 56 of the Federal Rules of Civil Procedure.

items are not protectable, and they may have found that defendants infringed Harper House's copyright based upon the direct copying of such unprotected material, not based upon copying of the selection, coordination, or arrangement of Harper House's organizers." *Id.* at 208.  If Arista's concern is the content of the jury instructions, the trial schedule and the Federal Rules already provide for Arista's input on this score.  The parties can litigate the content of the jury instructions at the appropriate time as provided for in the current trial schedule.  A separate "procedure" that (to Cisco's counsel's knowledge) has never been adopted by any Court previously, is neither necessary nor compelled by *Apple* or *Harper House.*

Arista's counsel attempted to run this same play in *Oracle v. Google* right before trial was to begin, citing the same *Apple v. Microsoft* decision in support.  *Oracle America, Inc. v. Google Inc.*, Case 3:10-cv-03561-WHA, Dkt. 601 .  Judge Alsup rejected the suggestion as unnecessary and improper, finding as follows:

> Court is convinced that the best way to proceed is to rule on the copyrightability issues at the end of the copyright portion of the trial. The Court will give proper instructions to the jury on copyrightability at that time. Neither side has any right to an advance determination of these issues before trial. It is sufficient that the jury will be properly instructed before commencing deliberations on the copyright claims.

Case 3:10-cv-03561-WHA, Dkt. No. 620.

Arista's last-minute scheduling proposal to circumvent the Court's scheduling order and limits on summary judgment motions should be rejected.

### *Arista's Statement*

Arista wishes to bring the following matters to the Court's attention for the June 16 Case Management Conference.

### 1. Schedule for of Filing of Joint Pretrial Statement & Order and for Pretrial Meet-and-Confer

Under the Court's Standing Order Re Final Pretrial Conference—Jury Trial ("Standing Order"), the Joint Pretrial Statement and Order (including the parties' witness lists, exhibit lists, deposition designations, and other materials) is due "[a]t least 14 days before the final Pretrial Conference, unless otherwise ordered[.]"  Standing Order § B.  Per the scheduling order in this case, however, those materials are currently due September 16, 2016—41 days before the

November 3 Final Pretrial Conference. *See* Dkt. 253 at 2. Arista believes that this early filing date will create difficulties, and likely necessitate amended or supplemental filings. Arista respectfully proposes changing the date to October 14, 2016, which is 20 days before the Final Pretrial Conference (still more than the 14 contemplated by the Standing Order) and 7 days before the parties file their Jury Materials (the same spacing contemplated by the Standing Order).

Similarly, the Standing Order sets the deadline for counsel to meet-and-confer about settlement and pretrial issues at 21 days before the final Pretrial Conference (*see* Standing Order § A), but the current schedule in this case sets it on September 9, 2016—55 days before the Final Pretrial Conference (*see* Dkt. 253 at 2). Arista respectfully proposes changing this date to October 7, which is 27 days before the Final Pretrial Conference (still more than the 21 contemplated by the Standing Order) and 7 days before Arista's proposed date to file the Joint Pretrial Statement and Order (the same spacing contemplated by the Standing Order).

### 2. Procedure for Identifying the Protectable Elements (If Any) in the Allegedly Infringed Works, and the Degree of Protection to Which They Are Entitled

Arista proposes the following procedure for the Court to decide what elements—if any—of Cisco's allegedly infringed works constitute protectable expression, and what degree of protection those elements are entitled to. Contrary to Cisco's assertion, the Ninth Circuit has made clear that the Court must decide these questions before presenting this case to the jury. *See, e.g., Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1446 (9th Cir. 1994). This is "[b]ecause only those elements of a work that are protectable . . . can be compared when it comes to the ultimate question of illicit copying[.]" *Id.* at 1443. Thus, "the unprotectable elements have to be identified, or filtered, before the works can be considered as a whole." *Id.* at 1446; *see also id.* ("[T]he party claiming infringement may place *no* reliance upon any similarity of expression resulting from unprotectable elements.")(emphasis in original; internal quotation marks omitted).

Indeed, Cisco's suggestion that the Court forgo this filtration invites error. *See Harper House, Inc. v. Thomas Nelson, Inc.*, 889 F.2d 197, 207-08 (9th Cir. 1989) (reversing jury verdict because jury instructions failed to distinguish between protectable and unprotectable material, thereby making it possible for the jury to find copying based on unprotectable material). Nor

1  does filtration (or "analytic dissection") merely ask the Court to decide copyrightability.  There is
2  undoubtedly a very serious question whether the asserted CLI commands are copyrightable
3  (which Arista will address on summary judgment), but the filtration step addresses a different
4  question.  In *Apple v. Microsoft,* there was no doubt that Apple's graphical user interface (GUI)
5  was copyrightable, but the court still had to decide *what elements* of the GUI were protectable,
6  upon which a finding of illegal copying could be based, and what elements (such as the use of a
7  "desktop metaphor," or the representation of office items as icons) were *not* protectable, upon
8  which no such finding could be based.  *See Apple*, 35 F.3d at 1443.  (That *Apple* involved a GUI,
9  as opposed to, e.g., text, makes no difference; the Ninth Circuit made clear that GUIs "are subject
10 to the same process of analytical dissection as are other works"—including non-literal elements
11 of computer programs, as at issue here.  *Id.* at 1445.)  Moreover, failing to perform the required
12 filtration of these over 500 commands (not to mention modes, prompts, and other allegedly
13 protectable expression) would make the trial unmanageable.
14      Nor, as Cisco wrongly asserts, is filtration a summary-judgment exercise.  It is not
15 governed by Rule 56, under which, if a triable question of fact exists, the Court cedes the question
16 to the jury.  On the contrary, the Court must filter protectable elements from unprotectable ones
17 *before* sending the case to the jury, "[u]sing . . . if necessary, expert testimony[.]"  *Id.* at 1446,
18 1443.  (Cisco misreads *Apple v. Microsoft* by suggesting that filtration was done as part of
19 summary judgment.  First the district court filtered out the unprotectable elements and decided
20 that the scope of protection was "thin," then Apple *consented* to summary judgment.  *Id.* at 1438.)
21      Thus, according to the process recommended by the Ninth Circuit, the plaintiff must first
22 identify the sources of alleged similarity, and then, "[u]sing analytic dissection, and, if necessary,
23 expert testimony, the court must determine whether any of the allegedly similar features are
24 protected by copyright. . . . [U]protectable ideas must be separated from potentially protectable
25 expression; [and] to that expression, the court must then apply the relevant limiting doctrines in
26 the context of the particular medium involved, through the eyes of the ordinary consumer of that
27 product."  *Apple*, 35 F.3d at 1443.  Then, "[h]aving dissected the alleged similarities and
28 considered the range of possible expression, the court must define the scope of the plaintiff's

copyright—that is, decide whether the work is entitled to 'broad' or 'thin' protection." *Id.* Finally, "[d]epending on the degree of protection, the court must set the appropriate standard for a subjective comparison of the works to determine whether, as a whole, they are sufficiently similar to support a finding of illicit copying." *Id.*

These questions weigh especially heavily in this case, where Cisco—after proclaiming the CLI commands at issue as "industry standard" for over a decade—is now asserting copyright over commands or elements of commands that Cisco lifted directly from published industry standards, pre-existing command languages, or common industry parlance. Similarly, Cisco claims copyright protection for unoriginal concepts such as "modes" of operation and "hierarchies" of commands, and other purportedly protectable expression.

Arista proposes the following procedure for the Court to decide these issues:

- On June 30, 2016, Arista will file a brief, not to exceed 15 pages, together with supporting declaration(s), on the protectable elements (assuming any exist), and the degree of protection (i.e., "broad" or "thin") applicable to those elements, in Cisco's allegedly infringed works. Arista will direct its argument to the alleged similarities identified in the Opening Expert Report of Kevin Almeroth Regarding Copying, Submitted on Behalf of Cisco Systems, Inc.;
- On July 14, 2016, Cisco will file a responsive brief, not to exceed 15 pages, and supporting declaration(s);
- On July 21, Arista will file a reply brief, not to exceed 7 pages;
- If the Court wishes to hear live testimony, it will so notify the parties;
- On August 4, 2016 (coincident with the summary-judgment hearing), or such other date as the Court chooses, the Court will hold a hearing.

*Joint Statement*

1. **Pending Motions**

The following motions are currently pending:

- Arista's Motion to Strike Late Contentions or Alternatively to Reopen Discovery, set for hearing before Judge Freeman on October 27, 2016. Arista's motion seeks

to strike allegations of infringement and damages made for the first time at the close of the fact discovery period, or, alternatively to reopen discovery to allow fact discovery on these contentions and to continue the case schedule accordingly. Because of the time-sensitive nature of the relief Arista seeks, Arista has agreed to waive oral argument. Alternatively, if the Court wishes oral argument on this motion, Arista requests that the Court advance the hearing date so that any adjustments to the pre-trial or trial schedule can be made promptly.

- <u>Arista's Motion to Compel Discovery Responses</u>, set for hearing before Magistrate Judge Cousins on July 13, 2016.

DATED: June 13, 2016                               Respectfully submitted,

*/s/      Amy H. Candido*

Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Mark Tung (SBN 245782)
marktung@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor

| | |
|---|---|
| 1 | Redwood Shores, CA 94065 |
| 2 | Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100 |
| 3 | Steven Cherny, *Pro Hac Vice* |
| 4 | steven.cherny@kirkland.com<br>KIRKLAND & ELLIS LLP |
| 5 | 601 Lexington Avenue<br>New York, New York 10022 |
| 6 | Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900 |
| 7 | Adam R. Alper (SBN 196834) |
| 8 | adam.alper@kirkland.com<br>KIRKLAND & ELLIS LLP |
| 9 | 555 California Street<br>San Francisco, California 94104 |
| 10 | Telephone: (415) 439-1400<br>Facsimile: (415) 439-1500 |
| 11 | Michael W. De Vries (SBN 211001) |
| 12 | michael.devries@kirkland.com<br>KIRKLAND & ELLIS LLP |
| 13 | 333 South Hope Street<br>Los Angeles, California 90071 |
| 14 | Telephone: (213) 680-8400<br>Facsimile: (213) 680-8500 |
| 15 | *Attorneys for Plaintiff Cisco Systems, Inc.* |

DATED: June 13, 2016                          Respectfully submitted,

                                              */s/     Robert A. Van Nest*

                                              KEKER & VAN NEST LLP
                                              ROBERT A. VAN NEST - # 84065
                                              rvannest@kvn.com
                                              BRIAN L. FERRALL - # 160847
                                              bferrall@kvn.com
                                              DAVID J. SILBERT - # 173128
                                              dsilbert@kvn.com
                                              MICHAEL S. KWUN - # 198945
                                              mkwun@kvn.com
                                              633 Battery Street
                                              San Francisco, CA 94111-1809
                                              Telephone:    415 391 5400
                                              Facsimile:    415 397 7188

                                              JONATHAN M. JACOBSON, NY SBN 1350495
                                              CHUL PAK, *Pro Hac Vice*
                                              DAVID H. REICHENBERG, *Pro Hac Vice*
                                              WILSON SONSINI GOODRICH & ROSATI

Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Facsimile:  (212) 999-5899
Email: jjacobson@wsgr.com;
cpak@wsgr.com;
dreichenberg@wsgr.com

SUSAN CREIGHTON, SBN 135528
SCOTT A. SHER, SBN 190053
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C., 20006-3817
Telephone:  (202) 973-8800
Facsimile:   (202) 973-8899
Email: screighton@wsgr.com;
ssher@wsgr.com

*Attorneys for Defendant Arista Networks, Inc.*

**ATTORNEY ATTESTATION**

I hereby attest, pursuant to Local Rule 5-1(i)(3), that the concurrence in the filing of this document has been obtained from the signatory indicated by the "conformed" signature (/s/) of Robert A. Van Nest within this e-filed document.

/s/    Amy H. Candido