# Ex. 12

Redacted Version of Document Sought to be Sealed

| | |
|---|---|
| Kathleen Sullivan (SBN 242261)<br>kathleensullivan@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100<br><br>Sean S. Pak (SBN 219032)<br>seanpak@quinnemanuel.com<br>John M. Neukom (SBN 275887)<br>johnneukom@quinnemanuel.com.<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>Mark Tung (SBN 245782)<br>marktung@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100 | Steven Cherny (admitted *pro hac vice*)<br>steven.cherny@kirkland.com<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br><br>Adam R. Alper (SBN 196834)<br>adam.alper@kirkland.com<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, California 94104<br>Telephone: (415) 439-1400<br>Facsimile: (415) 439-1500<br><br>Michael W. De Vries (SBN 211001)<br>michael.devries@kirkland.com<br>KIRKLAND & ELLIS LLP<br>333 South Hope Street<br>Los Angeles, California 90071<br>Telephone: (213) 680-8400<br>Facsimile: (213) 680-8500 |

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>       Plaintiff,<br><br>    v.<br><br>ARISTA NETWORKS, INC.,<br><br>       Defendant. | CASE NO. 5:14-cv-05344-BLF<br><br>**PLAINTIFF CISCO SYSTEMS, INC.'S CORRECTED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT ARISTA NETWORKS, INC.'S INTERROGATORY NO. 20** |

**CONTAINS HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY
INFORMATION SUBJECT TO PROTECTIVE ORDER**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Cisco Systems, Inc. ("Cisco"), by counsel, hereby provides its corrected and supplemental objections and responses to Defendant Arista Networks, Inc.'s ("Arista's") Interrogatory No. 20.

### GENERAL OBJECTIONS

Cisco makes the following general objections to Arista's Interrogatories, which apply to each interrogatory regardless of whether the general objections are specifically incorporated into the specific objections and responses below.

1. Cisco is responding to each interrogatory as it interprets and understands each interrogatory with respect to the issues in this Litigation. If Arista asserts a different interpretation of any interrogatory, Cisco reserves the right to supplement or amend its responses or objections.

2. Cisco objects to each interrogatory to the extent it is inconsistent with or seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Civil and Patent Local Rules of the Northern District of California, and any orders governing this Litigation.

3. Cisco objects to the definitions of "Cisco," "You," and "Your," to the extent that the definitions are overly broad and purport to require Cisco to provide information that is not within the possession, custody, or control of Cisco.

4. Cisco objects to the definition of "Device" as vague and ambiguous and overly broad, unduly burdensome, and further to the extent that interrogatories using such terms are not reasonably calculated to lead to the discovery of admissible evidence.

5. Cisco objects to the "Definitions" and "Instructions" of the Interrogatories to the extent they alter the plain meaning of any specific interrogatory and render the interrogatory vague, ambiguous, and overbroad.

6. Cisco objects to each interrogatory to the extent that it is unlimited in temporal and/or geographic scope, or to the extent it would require Cisco to provide information or documents in violation of an applicable foreign law or regulation.

7. Cisco objects to each interrogatory to the extent that it is overbroad, unduly burdensome, and/or calls for provision of information or documents that are neither relevant to

any claim or defense in this litigation nor reasonably likely to lead to the discovery of admissible evidence.

8. Cisco objects to each interrogatory to the extent that it calls for production of information or documents that are not within the possession, custody, or control of Cisco, or to the extent the interrogatory seeks information that may not be disclosed pursuant to a protective order or non-disclosure agreement, or calls for Cisco to prepare documents and/or things that do not already exist.

9. Cisco objects to each interrogatory to the extent that it calls for production of information or documents that are publicly available or equally available to Arista, and therefore are of no greater burden for Arista to obtain than for Cisco to obtain.

10. Cisco objects to each interrogatory as overbroad and unduly burdensome to the extent that it is not limited to a time frame relevant to this Litigation or seeks information or documents not within the applicable scope of this Litigation.

11. Cisco objects to each interrogatory to the extent it seeks information or documents that Cisco is not permitted to disclose pursuant to confidentiality obligations to third parties or court order.  Cisco will provide such responsive, relevant, and non-privileged information and/or produce documents in accordance with the Protective Order governing this Litigation and after complying with its obligations to the third party and/or court.

12. Cisco objects to each interrogatory to the extent it seeks information, documents, and/or things protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, and/or any other applicable privilege, immunity, doctrine, or protection, including without limitation in connection with the common interest doctrine (collectively, as used herein, "privileged").  Nothing contained in these objections and responses should be considered a waiver of any attorney-client privilege, work-product protection, or any other applicable privilege or doctrine, including in connection with the common interest doctrine. Cisco does not intend to provide information or produce documents that would divulge any privileged information.  Any such disclosure is inadvertent and shall not be deemed a waiver of any applicable privilege or immunity.

13. Cisco objects to Arista's Interrogatories to the extent that their subparts exceed the number of interrogatories permitted under the Federal Rules of Civil Procedure, including Rule 33(a)(1), the Civil and Patent Local Rules of the Northern District of California, and any orders governing this Litigation.

14. Cisco objects to each interrogatory to the extent that it is vague, ambiguous, or confusing due to Arista's failure to define terms or failure to describe the information or documents sought with reasonable particularity.

15. Cisco objects to the factual characterizations of Arista's Interrogatories. By responding, Cisco does not accept or admit any of Arista's factual characterizations.

16. Terms or phrases with specific legal significance appear in many of Arista's Interrogatories. Neither Cisco's objections and responses, nor the provision of information or production of documents in response to any interrogatory, are an admission or indication that such information and documents are relevant to any legal theory, or that any of the legal terms used have any applicability in their legal sense to any information or documents produced by Cisco in response to the Interrogatories.

17. Cisco objects to these Interrogatories on relevance and burden grounds to the extent they are not limited in temporal scope, or to the extent that time period specified encompasses time periods not relevant to this Litigation, or to the extent the requests are not limited in geographic scope.

18. Cisco objects to the Interrogatories as overly broad and unduly burdensome to the extent they call for the provision of information or production of documents of technical information, or otherwise, including source code, in connection with Cisco's products, where such information or documents are either duplicative of other documents or information that will be produced and/or are not relevant to this Litigation and Cisco's products relevant to this Litigation. Cisco further objects to the Interrogatories to the extent that they call for the provision of information or production of documents of technical information, or otherwise, including source code, in connection with Cisco's products, where such information and documents are not

1  necessary to understand the relevant structure, function, and operation of Cisco's products relevant
2  to this Litigation.
3       19.    Cisco objects to each interrogatory as premature to the extent it calls for documents
4  or information that is the subject of later disclosure deadlines in this Litigation and/or expert
5  reports and testimony, including as set forth in Rule 26(a)(2) of the Federal Rules of Civil
6  Procedure, the Patent Local Rules of the Northern District of California, and the Case
7  Management Order entered in this Litigation.
8       20.    Any Cisco response that it will provide information or produce documents should
9  not be construed to mean that responsive information or documents in fact exist; only that, if such
10 relevant, non-privileged, non-objectionable information or documents exist, are in Cisco's
11 possession, custody, or control, and are located after a reasonable search of the location or
12 locations where responsive information or documents are likely to be located, such information or
13 documents will be produced in a timely manner.
14      21.    Cisco further reserves all rights to supplement its responses to Arista's
15 Interrogatories in compliance with the Federal Rules of Civil Procedure, including under Rule
16 26(e), as well as the Civil and Patent Local Rules of the Northern District of California and any
17 orders governing this Litigation, and as Cisco's investigation and discovery proceeds in this
18 Litigation.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 20:**

For each Arista DEVICE in your possession, describe CISCO'S acquisition and use of the DEVICE, including but not limited to from whom CISCO acquired the DEVICE, when CISCO acquired the DEVICE, the reasons or purposes for CISCO acquiring the DEVICE, who has access to the DEVICE, the feature or features of the DEVICE that CISCO has accessed, and each version of EOS that has run on the DEVICE.

1 **CORRECTED RESPONSE TO INTERROGATORY NO. 20:**

2 **CONTAINS HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION**

3 ██████████████████████████████████████████████████████

4 ██████████████████████████████████████████████████████████

5 ██████████████████████████████████████████████████████████

6 ████████████████████████████████████████████████████████████

7 ██████████████████████████████████████████████████████████

8 ████████████████████████████████████████████████████████████

9 ████████████████████████████████████████████████████████████

10 ██████████████████████████████████████████████████████████

11 ██████████████████████████████████████████████████████████

12 ██████████████████████████████████████████████████████████

13 ████████████████████████████████████████████████████████████

14     ██████████████████████████████████████████████████████

15 ████████████████

16     ████████████████████████████████████████████████████████

17 ██████████████████████████████████████████████████████████

18 ████████████████████████████████████████████████████████████

19 ████████████████████████████████████████████████████████████

20     ██████████████████████████████████████████████████████

21 ██████████████████████████████████████████████████████████

22 ██████████████████████████████████████████████████████████

23 ████████

24     ██████████████████████████████████████████████████████

25 ██████████████████████████████████████████████████████████

26 ██████████████████████████████████████████████████████████

27 ██████████████████████████████████████████████████████████

28

1  [redacted]
2  [redacted]
3  [redacted]
4  [redacted]
5  [redacted]
6  [redacted]
7  [redacted]
8  [redacted]
9  [redacted]
10 [redacted]
11 [redacted]
12 [redacted]
13 [redacted]
14 [redacted]
15 [redacted]
16 [redacted]
17 [redacted]
18 [redacted]
19 [redacted]
20 [redacted]
21 [redacted]
22 [redacted]
23 [redacted]
24 [redacted]
25 [redacted]
26 [redacted]
27 [redacted]
28 [redacted]

CONTAINS HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 20:**

CONTAINS HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION

CONTAINS HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION

DATED: May 27, 2016                                  Respectfully submitted,

| | |
|---|---|
| 1 | /s/  Sean S. Pak |
| 2 | Kathleen Sullivan (SBN 242261) |
| | kathleensullivan@quinnemanuel.com |
| 3 | QUINN EMANUEL URQUHART & |
| | SULLIVAN LLP |
| 4 | 51 Madison Avenue, 22nd Floor |
| | New York, NY 10010 |
| 5 | Telephone: (212) 849-7000 |
| | Facsimile: (212) 849-7100 |
| 6 | |
| | Sean S. Pak (SBN 219032) |
| 7 | seanpak@quinnemanuel.com |
| | John M. Neukom (SBN 275887) |
| 8 | johnneukom@quinnemanuel.com. |
| | QUINN EMANUEL URQUHART & |
| 9 | SULLIVAN LLP |
| | 50 California Street, 22nd Floor |
| 10 | San Francisco, CA 94111 |
| | Telephone: (415) 875-6600 |
| 11 | Facsimile: (415) 875-6700 |
| 12 | Mark Tung (SBN 245782) |
| | marktung@quinnemanuel.com |
| 13 | QUINN EMANUEL URQUHART & |
| | SULLIVAN LLP |
| 14 | 555 Twin Dolphin Drive, 5th Floor |
| | Redwood Shores, CA 94065 |
| 15 | Telephone: (650) 801-5000 |
| | Facsimile: (650) 801-5100 |
| 16 | |
| | Steven Cherny (admitted *pro hac vice*) |
| 17 | steven.cherny@kirkland.com |
| | KIRKLAND & ELLIS LLP |
| 18 | 601 Lexington Avenue |
| | New York, New York 10022 |
| 19 | Telephone: (212) 446-4800 |
| | Facsimile: (212) 446-4900 |
| 20 | |
| | Adam R. Alper (SBN 196834) |
| 21 | adam.alper@kirkland.com |
| | KIRKLAND & ELLIS LLP |
| 22 | 555 California Street |
| | San Francisco, California  94104 |
| 23 | Telephone: (415) 439-1400 |
| | Facsimile: (415) 439-1500 |
| 24 | |
| | Michael W. De Vries (SBN 211001) |
| 25 | michael.devries@kirkland.com |
| | KIRKLAND & ELLIS LLP |
| 26 | 333 South Hope Street |
| | Los Angeles, California 90071 |
| 27 | Telephone: (213) 680-8400 |
| | Facsimile: (213) 680-8500 |
| 28 | |

1 *Attorneys for Plaintiff Cisco Systems, Inc.*

**PROOF OF SERVICE**

I hereby certify that, at the date entered below, I caused a true and correct copy of the foregoing to be served by transmission via the email addresses below:

| | |
|---|---|
| Juanita R. Brooks | Brian L. Ferrall |
| brooks@fr.com | blf@kvn.com |
| Fish & Richardson P.C. | Michael S. Kwun |
| 12390 El Camino Real | mkwun@kvn.com |
| San Diego, CA 92130-2081 | David J. Silbert |
| | djs@kvn.com |
| Kelly C. Hunsaker | Robert Van Nest |
| hunsaker@fr.com | rvannest@kvn.com |
| Fish & Richardson PC | arista-kvn@kvn.com |
| 500 Arguello Street, Suite 500 | Keker & Van Nest LLP |
| Redwood City, CA 94063 | 633 Battery Street |
| | San Francisco, CA 94111-1809 |
| Ruffin B. Cordell | |
| cordell@fr.com | Susan Chreighton |
| Lauren A. Degnan | screighton@wsgr.com |
| degnan@fr.com | Scott Andrew Sher |
| Michael J. McKeon | ssher@wsgr.com |
| mckeon@fr.com | Wilson Sonsini Goodrich Rosati |
| Fish & Richardson PC | 1700 K Street |
| 1425 K Street NW | Washington, DC 20006 |
| 11th Floor | |
| Washington, DC 20005 | |

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 27, 2016, at San Francisco, California.

                    */s/ Catherine R. Lacey*
                    Catherine R. Lacey