# Ex. 19

Redacted Version of Document Sought to be Sealed

1   Kathleen Sullivan (SBN 242261)                Steven Cherny (admitted *pro hac vice*)
    kathleensullivan@quinnemanuel.com             steven.cherny@kirkland.com
2   QUINN EMANUEL URQUHART &                      KIRKLAND & ELLIS LLP
    SULLIVAN LLP                                  601 Lexington Avenue
3   51 Madison Avenue, 22nd Floor                 New York, New York 10022
    New York, NY 10010                            Telephone: (212) 446-4800
4   Telephone: (212) 849-7000                     Facsimile: (212) 446-4900
    Facsimile: (212) 849-7100
5                                                 Adam R. Alper (SBN 196834)
    Sean S. Pak (SBN 219032)                      adam.alper@kirkland.com
6   seanpak@quinnemanuel.com                      KIRKLAND & ELLIS LLP
    John M. Neukom (SBN 275887)                   555 California Street
7   johnneukom@quinnemanuel.com.                  San Francisco, California  94104
    QUINN EMANUEL URQUHART &                      Telephone: (415) 439-1400
8   SULLIVAN LLP                                  Facsimile: (415) 439-1500
    50 California Street, 22nd Floor
9   San Francisco, CA 94111                       Michael W. De Vries (SBN 211001)
    Telephone: (415) 875-6600                     michael.devries@kirkland.com
10  Facsimile: (415) 875-6700                     KIRKLAND & ELLIS LLP
                                                  333 South Hope Street
11  Mark Tung (SBN 245782)                        Los Angeles, California 90071
    marktung@quinnemanuel.com                     Telephone: (213) 680-8400
12  QUINN EMANUEL URQUHART &                      Facsimile: (213) 680-8500
    SULLIVAN LLP
13  555 Twin Dolphin Drive, 5th Floor
    Redwood Shores, CA 94065
14  Telephone: (650) 801-5000
    Facsimile: (650) 801-5100
15

16  *Attorneys for Plaintiff Cisco Systems, Inc.*

17              **UNITED STATES DISTRICT COURT**

18              **NORTHERN DISTRICT OF CALIFORNIA**

19  CISCO SYSTEMS, INC.,              )    CASE NO.  5:14-cv-05344-BLF
                                      )
20           Plaintiff,              )
                                      )
21      v.                            )    **PLAINTIFF CISCO SYSTEMS, INC.'S**
                                      )    **SUPPLEMENTAL OBJECTIONS AND**
                                      )    **RESPONSES TO DEFENDANT**
22  ARISTA NETWORKS, INC.,           )    **ARISTA NETWORKS, INC.'S**
                                      )    **INTERROGATORY NO. 15**
23           Defendant.              )
                                      )
24  ─────────────────────────────────)

25

26

27

28

1    Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Cisco

2  Systems, Inc. ("Cisco"), by counsel, hereby provides the following supplemental objections and

3  responses to Defendant Arista Networks, Inc.'s ("Arista's") Interrogatory No. 15 (the

4  "Interrogatories").

5                                   **GENERAL OBJECTIONS**

6    Cisco makes the following general objections to Arista's Interrogatories, which apply to

7  each interrogatory regardless of whether the general objections are specifically incorporated into

8  the specific objections and responses below.

9    1.    Cisco is responding to each interrogatory as it interprets and understands each

10  interrogatory with respect to the issues in this Litigation.  If Arista asserts a different interpretation

11  of any interrogatory, Cisco reserves the right to supplement or amend its responses or objections.

12    2.    Cisco objects to each interrogatory to the extent it is inconsistent with or seeks to

13  impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Civil and

14  Patent Local Rules of the Northern District of California, and any orders governing this Litigation.

15    3.    Cisco objects to the definitions of "Cisco," "You," and "Your," to the extent that

16  the definitions are overly broad and purport to require Cisco to provide information that is not

17  within the possession, custody, or control of Cisco.

18    4.    Cisco objects to Arista's definition of "Asserted Patents" and "Asserted Claim" to

19  the extent that Arista's use of those terms in its interrogatories to Cisco renders certain of Arista's

20  Interrogatories as constituting multiple discrete subparts that are in fact multiple, separate

21  interrogatories.

22    5.    Cisco objects to the definitions of "CLI Command" and "Network Management

23  Product" to the extent that these terms are vague and ambiguous with respect to their scope and

24  application as used by Arista, rendering these terms at least potentially unclear with respect to

25  what particular devices are intended to be incorporated thereby, and further on the grounds that

26  use of the terms in Arista's Interrogatories renders those interrogatories overbroad and unduly

27  burdensome to the extent that the discovery sought by such interrogatories is not reasonably tied to

28  Cisco's claims or Arista's defenses in this Litigation.  Cisco further objects to the use of these

1  terms in Arista's Interrogatories to the extent that such interrogatories are not reasonably
2  calculated to lead to the discovery of admissible evidence.

3       6.    Cisco objects to the definition of "Relating to" as vague and ambiguous and overly
4  broad, unduly burdensome, and further to the extent that interrogatories using such terms are not
5  reasonably calculated to lead to the discovery of admissible evidence.

6       7.    Cisco objects to the definition of "Identify" and the instructions set out in
7  Paragraphs 10–12 as overly broad, unduly burdensome, and further to the extent that
8  interrogatories using such terms are not reasonably calculated to lead to the discovery of
9  admissible evidence.  Cisco further objects to these definitions and instructions to the extent that
10 the burden of deriving or ascertaining the requested information is substantially the same for
11 Arista as it is for Cisco.

12      8.    Cisco objects to each and every interrogatory as overly broad, unduly burdensome,
13 cumulative, and duplicative to the extent it seeks identification of "any," "each," or "all"
14 documents of a specified type or nature, when a subset of such documents will provide the
15 requested information.  Cisco objects generally to each and every interrogatory as overly broad,
16 vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible
17 evidence, to the extent that it seeks information regarding "any," "each," or "all" persons, entities,
18 objects, or events.

19      9.    Cisco objects to the "Definitions" and "Instructions" of the Interrogatories to the
20 extent they alter the plain meaning of any specific interrogatory and render the interrogatory
21 vague, ambiguous, and overbroad.

22      10.   Cisco objects to each interrogatory to the extent that it is unlimited in temporal
23 and/or geographic scope, or to the extent it would require Cisco to provide information or
24 documents in violation of an applicable foreign law or regulation.

25      11.   Cisco objects to each interrogatory to the extent that it is overbroad, unduly
26 burdensome, and/or calls for provision of information or documents that are neither relevant to
27 any claim or defense in this litigation nor reasonably likely to lead to the discovery of admissible
28 evidence.

12.    Cisco objects to each interrogatory to the extent that it calls for production of information or documents that are not within the possession, custody, or control of Cisco, or to the extent the interrogatory seeks information that may not be disclosed pursuant to a protective order or non-disclosure agreement, or calls for Cisco to prepare documents and/or things that do not already exist.

13.    Cisco objects to each interrogatory to the extent that it calls for production of information or documents that are publicly available or equally available to Arista, and therefore are of no greater burden for Arista to obtain than for Cisco to obtain.

14.    Cisco objects to each interrogatory as overbroad and unduly burdensome to the extent that it is not limited to a time frame relevant to this Litigation or seeks information or documents not within the applicable scope of this Litigation.

15.    Cisco objects to each interrogatory to the extent it seeks information or documents that Cisco is not permitted to disclose pursuant to confidentiality obligations to third parties or court order.  Cisco will provide such responsive, relevant, and non-privileged information and/or produce documents in accordance with the Protective Order governing this Litigation and after complying with its obligations to the third party and/or court.

16.    Cisco objects to each interrogatory to the extent it seeks information, documents, and/or things protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, and/or any other applicable privilege, immunity, doctrine, or protection, including without limitation in connection with the common interest doctrine (collectively, as used herein, "privileged").  Nothing contained in these objections and responses should be considered a waiver of any attorney-client privilege, work-product protection, or any other applicable privilege or doctrine, including in connection with the common interest doctrine. Cisco does not intend to provide information or produce documents that would divulge any privileged information.  Any such disclosure is inadvertent and shall not be deemed a waiver of any applicable privilege or immunity.

17.    Cisco objects to Arista's Interrogatories to the extent that their subparts exceed the number of interrogatories permitted under the Federal Rules of Civil Procedure, including Rule

1  33(a)(1), the Civil and Patent Local Rules of the Northern District of California, and any orders

2  governing this Litigation.

3          18.     Cisco objects to each interrogatory to the extent that it is vague, ambiguous, or

4  confusing due to Arista's failure to define terms or failure to describe the information or

5  documents sought with reasonable particularity.

6          19.     Cisco objects to the factual characterizations of Arista's Interrogatories.  By

7  responding, Cisco does not accept or admit any of Arista's factual characterizations.

8          20.     Terms or phrases with specific legal significance appear in many of Arista's

9  Interrogatories.  Neither Cisco's objections and responses, nor the provision of information or

10  production of documents in response to any interrogatory, are an admission or indication that such

11  information and documents are relevant to any legal theory, or that any of the legal terms used

12  have any applicability in their legal sense to any information or documents produced by Cisco in

13  response to the Interrogatories.

14          21.     Cisco objects to these Interrogatories on relevance and burden grounds to the extent

15  they are not limited in temporal scope, or to the extent that time period specified encompasses

16  time periods not relevant to this Litigation, or to the extent the requests are not limited in

17  geographic scope.

18          22.     Cisco objects to the Interrogatories as overly broad and unduly burdensome to the

19  extent they call for the provision of information or production of documents of technical

20  information, or otherwise, including source code, in connection with Cisco's products, where such

21  information or documents are either duplicative of other documents or information that will be

22  produced and/or are not relevant to this Litigation and Cisco's products relevant to this Litigation.

23  Cisco further objects to the Interrogatories to the extent that they call for the provision of

24  information or production of documents of technical information, or otherwise, including source

25  code, in connection with Cisco's products, where such information and documents are not

26  necessary to understand the relevant structure, function, and operation of Cisco's products relevant

27  to this Litigation.

28

23.     Cisco objects to each interrogatory as premature to the extent it calls for documents or information that is the subject of later disclosure deadlines in this Litigation and/or expert reports and testimony, including as set forth in Rule 26(a)(2) of the Federal Rules of Civil Procedure, the Patent Local Rules of the Northern District of California, and the Case Management Order to be entered in this Litigation.

24.     Any Cisco response that it will provide information or produce documents should not be construed to mean that responsive information or documents in fact exist; only that, if such relevant, non-privileged, non-objectionable information or documents exist, are in Cisco's possession, custody, or control, and are located after a reasonable search of the location or locations where responsive information or documents are likely to be located, such information or documents will be produced in a timely manner.

25.     Cisco further reserves all rights to supplement its responses to Arista's Interrogatories in compliance with the Federal Rules of Civil Procedure, including under Rule 26(e), as well as the Civil and Patent Local Rules of the Northern District of California and any orders governing this Litigation, and as Cisco's investigation and discovery proceeds in this Litigation.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 15:

If You seek to recover lost profits by way of any claim in this matter, identify with specificity all bases on which You seek such recovery, including but not limited to identifying any and all facts, witnesses, evidence, communications and documents that You believe support Your claim for such recovery.

### RESPONSE TO INTERROGATORY NO. 15:

Cisco incorporates by reference its General Objections as though fully set forth herein. Cisco also objects to this interrogatory as undefined, vague, ambiguous, overbroad, and unduly burdensome in its use of the terms "with specificity," "all bases." Cisco further objects to this

1  request as compound and containing multiple subparts.  Cisco further objects to this interrogatory

2  to the extent that it calls for information that is in Arista's control, but which Arista has not yet

3  produced.  Cisco further objects to this interrogatory on the grounds that it prematurely seeks

4  expert testimony.  Cisco further objects to this interrogatory on the grounds that it prematurely

5  seeks validity positions before Arista has produced any evidence that the asserted patents are

6  invalid.  Cisco further objects to this interrogatory to the extent it seeks information that is

7  protected by the attorney-client privilege, that constitutes attorney work-product, or that is

8  protected by any other applicable privilege, protection, or immunity, including without limitation

9  in connection with the common interest doctrine.

10      Subject to and without waiver of its general and specific objections, Cisco incorporates by

11  reference, as if fully set forth herein, Cisco's Initial Disclosures pursuant to Rule 26(a)(1) and its

12  response to Interrogatory No. 1.  Cisco further responds, pursuant to Fed. R. Civ. P. 33(d), that

13  Cisco will produce documents containing information responsive to this interrogatory, which

14  information may be obtained from the documents by Arista as easily as by Cisco.  Cisco's

15  discovery efforts in this case are ongoing, and Cisco reserves the right to further supplement this

16  response in light of facts learned during discovery, including information regarding Arista's

17  accused products.

18

19  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

20      Subject to and without waiver of its general and specific objections, Cisco further responds

21  as follows:

22      Arista has admitted in numerous public statements that it competes with Cisco.  (*See, e.g.*,

23  CSI-CLI-0035237; Arista presentation entitled "Our Journey to Software Driven Cloud

24  Networking," *available at* http://investors.arista.com/files/doc_presentations/Pres/Arista-

25  BarclaysPres-120914-FINAL-USETHISv2_v001_a8p3ci.pdf, p. 5; "Arista Networks Inc at

26  Bernstein Technology Innovation Summit – Final," *available at*

27  http://www.crmz.com/NewsStory.aspx?NewsId=14139822; and Arista Networks, Inc. 2014

28  Annual Report, *available at* http://investors.arista.com/files/doc_financials/Arista-2014-Annual-

Report_v001_d7suv1.pdf, p. 16.)  Arista has admitted that Cisco is its primary competitor, which is a sentiment echoed by industry observers.  (*See* Arista Networks, Inc. 2014 Annual Report, *available at* http://investors.arista.com/files/doc_financials/Arista-2014-Annual-Report_v001_d7suv1.pdf, p. 16; "Cisco Competitor Arista Networks Scores With Hot IPO," June 6, 2014 Investor's Business Daily, *available at* http://news.investors.com/technology/060614-703708-arista-networks-ipo-pops.htm; CSI-CLI-00355230 – CSI-CLI-00355245.)  It is therefore reasonable, as both a factual and legal matter, to infer that a substantial portion of Arista's sales of any infringing devices come at Cisco's expense, in the form of lost market share and lost profits. *See, e.g.*, *State Indus., Inc. v. Mor-Flo Indus., Inc.*, 883 F.2d 1573 (Fed. Cir. 1989); *Datascope Corp. v. SMEC, Inc.*, 879 F.2d 820, 826 (Fed. Cir. 1989).

No inference is required in this case, however.  That Arista's infringing sales take sales and profits from Cisco is supported by Arista's own public statements and industry commentary.  For example, Arista's CEO Jayshree Ullal told one industry analyst that "her customers are in the process of picking up Arista gear in order to have two suppliers where in past they only had one -- Cisco."  (*See* "Cisco Races Hard to Stay Even," August 16, 2014 Barron's, *available at* http://online.barrons.com/articles/SB50001424053111904537004580085620347668144.)  The industry analyst who reported Ms. Ullal's statement was even more explicit:  "As I've stated in the past, money in Arista's pocket is money out of Chambers' pocket.  Arista's $137.9 million in revenue was not far from the $152 million decline in Cisco's switch sales, implying, if not proving, a direct correlation between Arista's beat and Cisco's slip in switching."  (*See* "Cisco Races Hard to Stay Even," August 16, 2014 Barron's, *available at* http://online.barrons.com/articles/SB50001424053111904537004580085620347668144.)  And Arista publicly reports the correlation between its market share gains to Cisco's market share losses.  (*See, e.g.*, CSI-CLI-00358000 – CSI-CLI-00358022; CSI-CLI-00355164 – CSI-CLI-00355185.)

Arista specifically emphasizes the similarity between its infringing CLI and Cisco's patented and copyrighted CLI to promote sales of its infringing products—at Cisco's expense.

1  Exemplary comments demonstrating Arista's use of its infringing CLI to try to take Cisco's

2  customers include the following:

- "[A] Cisco CCIE expert would be able to use Arista right away, because we have a similar command-line interface and operational look and feel.  Where we don't have to invent, we don't."  John Gallant, "How Arista Networks Got Out In Front of the SDN Craze," Network World (Feb. 22, 2013).

- Arista has learned to "[p]rovide familiar interfaces to ease adoption" including a "standard CLI that … retains familiar management commands" so much so that "80% [of Arista customers] tell us they appreciate the way they can leverage their deep [Cisco] IOS experience, as they can easily upgrade an aging [Cisco] Catalyst infrastructure to Arista."  Posting of Kenneth Duda to Arista EOS Central, "Linux as a Switch Operating System: Five Lessons Learned" (Nov. 5, 2013), *available at* https://eos.arista.com/linux-as-a-switch-operating-system-five-lessons-learned/.

- "Familiar management interfaces, standard CLI …  It's been very helpful for our customers to be able to rapidly adopt our products and integrate them into their environments … that our switches provide a familiar management interface so their existing tools and processes, screen scraping, automation, continue to work just as they did before."  Arista, *EOS Bites & Bytes - Episode 1 - Lessons Learned While Building a Network OS on Top of Linux*, Arista EOS Central - Video Library (Jan. 30, 2014), at 6:55–7:56, *available at* http://eos.arista.com/wp-content/themes/aristaeos/video-lightbox.php?vid=ttp6lavHKGo.

- "The familiar EOS command-line interface (CLI) avoids retraining costs."  Arista, *EOS: An Extensible Operating System*.

At present, Arista has not produced sufficient information regarding its sales or customers for Cisco to identify specific sales lost to Arista, or to quantify Cisco's resulting lost profits more precisely.  Pursuant to the agreement of the parties, such information will be exchanged at the end of August.

1    Individuals with knowledge of specific sales taken from Cisco by Arista are likely to

2    include members of Cisco's and Arista's sales and marketing teams. Arista's customers are also

3    likely to possess relevant information. Documents relevant to Arista's efforts to take sales from

4    Cisco are likely to include at least Arista's product documentation for its accused products and

5    marketing collateral related thereto.

6        Cisco further responds, pursuant to Fed. R. Civ. P. 33(d), that Cisco has produced

7    documents containing information responsive to this interrogatory, which information may be

8    obtained from the documents by Arista as easily as by Cisco. These documents include the

9    following: CSI-CLI-00355137 – CSI-CLI-00355138; CSI-CLI-00356774 – CSI-CLI-00356785;

10   CSI-CLI-00356786 – CSI-CLI-00356793; CSI-CLI-00356794 – CSI-CLI-00356801; CSI-CLI-

11   00356802 – CSI-CLI-00356809; CSI-CLI-00356810 – CSI-CLI-00356817; CSI-CLI-00356818 –

12   CSI-CLI-00356826; CSI-CLI-00356827 – CSI-CLI-00356835; CSI-CLI-00356836 – CSI-CLI-

13   00356841; CSI-CLI-00356848 – CSI-CLI-00356854; CSI-CLI-0000356855 - CSI-CLI-00356859;

14   CSI-CLI-00357765; CSI-CLI-00357842 – CSI-CLI-00357855.

15       Cisco's investigation of the subject matter of this interrogatory is ongoing. Cisco therefore

16   reserves the right to supplement this response as additional information becomes available.

17

18   **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

19       Subject to and without waiver of its general and specific objections, Cisco further responds

20   as follows:

21               **HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

22   ███████████████████████████████████████████████████████

23   ███████████████████████████████████████████████████████

24   ████████████████████████████████████

25               **HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

26

27

28

1    Cisco's investigation of the subject matter of this interrogatory is ongoing. Cisco therefore

2    reserves the right to supplement this response as additional information becomes available,

3    including information that may be the subject of expert testimony and expert discovery.

4

5    **THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15:**

6        Subject to and without waiver of its general and specific objections, Cisco further responds

7    as follows:

8                    **HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 ■ ████████████

2 ■ ██████

3 ■ ██████

4 ■ ████████████

5 ■ ████████

6 ■ ██████

7 ■ ███████

8 ■ ████

9 ■ ██████████

10 ■ ██████████

11 ■ ██████

12 ■ ███████

13 ■ ███████

14 ■ ████████

15 ■ ██████

16 ■ ███████

17 ■ █████████

18 ■ ██████

19 ■ █████████

20 ■ █████████

21 ■ ██████

22 ■ ████████

23 ■ ██████

24 ■ █████████

25 ■ ██████████

26 ■ ███████

27 ■ ████████

28 ■ ██████

1 ■ ████

2 ■ █████

3 ■ ████

4 ████████████████████████████████

5 ██████████████████████████████████

6 ███████████████████████████████████

7 ██████████████████████

8 █████████████████████████████████

9 ██████████████████████████████████

10 ██████████████████████████

11 ██████████████████████████

12 █████████████████████████

13 ████████████████████████████████████

14 ████████████████████████████

15 █████████████████████████████

16 █████████████████████████████

17 █████████████████████████████

18 █████████████████████████████

19 ██████████████████████████

20 ██████████████████████████

21 ████████████████████████████

22 ██████████████████████████████████

23 ███████████████████████████████████

24 ████████████████████████████████

25 █████████████████████████████

26 ████████████████████████████

27 ████████████████████████████████████

28 ████████████████████████████████

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23



24        **HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

25              Cisco's investigation of the subject matter of this interrogatory is ongoing. Cisco therefore

26      reserves the right to supplement this response as additional information becomes available,

27      including information that may be the subject of expert testimony and expert discovery.

28

1

2

3    Dated:  June 11, 2016                         Respectfully submitted,

4
                                                  */s/ Sean S. Pak*
5
                                                  Kathleen Sullivan (SBN 242261)
6                                                 kathleensullivan@quinnemanuel.com
                                                  QUINN EMANUEL URQUHART &
7                                                 SULLIVAN LLP
                                                  51 Madison Avenue, 22nd Floor
8                                                 New York, NY 10010
                                                  Telephone: (212) 849-7000
9                                                 Facsimile: (212) 849-7100

10                                                Sean S. Pak (SBN 219032)
                                                  seanpak@quinnemanuel.com
11                                                John M. Neukom (SBN 275887)
                                                  johnneukom@quinnemanuel.com.
12                                                QUINN EMANUEL URQUHART &
                                                  SULLIVAN LLP
13                                                50 California Street, 22nd Floor
                                                  San Francisco, CA 94111
14                                                Telephone: (415) 875-6600
                                                  Facsimile: (415) 875-6700
15
                                                  Mark Tung (SBN 245782)
16                                                marktung@quinnemanuel.com
                                                  QUINN EMANUEL URQUHART &
17                                                SULLIVAN LLP
                                                  555 Twin Dolphin Drive, 5th Floor
18                                                Redwood Shores, CA 94065
                                                  Telephone: (650) 801-5000
19                                                Facsimile: (650) 801-5100

20                                                Steven Cherny (admitted *pro hac vice*)
                                                  steven.cherny@kirkland.com
21                                                KIRKLAND & ELLIS LLP
                                                  601 Lexington Avenue
22                                                New York, New York 10022
                                                  Telephone: (212) 446-4800
23                                                Facsimile: (212) 446-4900

24                                                Adam R. Alper (SBN 196834)
                                                  adam.alper@kirkland.com
25                                                KIRKLAND & ELLIS LLP
                                                  555 California Street
26                                                San Francisco, California  94104
                                                  Telephone: (415) 439-1400
27                                                Facsimile: (415) 439-1500

28                                                Michael W. De Vries (SBN 211001)

michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

1

## <u>PROOF OF SERVICE</u>

2          I hereby certify that, at the date entered below and per the agreement of the parties, I

3    caused a true and correct copy of the foregoing to be served by transmission via electronic mail,

4    made available to counsel at the email addresses below:

5    Juanita R. Brooks                          Brian L. Ferrall
     brooks@fr.com                              blf@kvn.com
6    Fish & Richardson P.C.                     Michael S. Kwun
     12390 El Camino Real                       mkwun@kvn.com
7    San Diego, CA 92130-2081                   David J. Silbert
                                                djs@kvn.com
8    Kelly C. Hunsaker                          Robert Van Nest
9    hunsaker@fr.com                            rvannest@kvn.com
     Fish & Richardson PC                       Keker & Van Nest LLP
10   500 Arguello Street, Suite 500             633 Battery Street
     Redwood City, CA 94063                     San Francisco, CA 94111-1809
11
12   Ruffin B. Cordell                          Susan Chreighton
     cordell@fr.com                             screighton@wsgr.com
13   Lauren A. Degnan                           Scott Andrew Sher
     degnan@fr.com                              ssher@wsgr.com
14   Michael J. McKeon                          Wilson Sonsini Goodrich Rosati
     mckeon@fr.com                              1700 K Street
15   Fish & Richardson PC                       Washington, DC 20006
16   1425 K Street NW
     11th Floor
17   Washington, DC 20005

18

19          I declare under penalty of perjury that the foregoing is true and correct.  Executed on June

20   11, 2016, at San Francisco, California.

21                                              _/s/ Caty Lacey_
                                                _____
22                                              Caty Lacey

23

24

25

26

27

28