KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
BRIAN L. FERRALL - # 160847
DAVID SILBERT - # 173128
MICHAEL S. KWUN - #198945
ASHOK RAMANI - # 200020
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    (415) 391-5400
Email:  rvannest@kvn.com;
bferrall@kvn.com; dsilbert@kvn.com;
mkwun@kvn.com, aramani@kvn.com

SUSAN CREIGHTON, SBN 135528
SCOTT A. SHER, SBN 190053
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C., 20006-3817
Telephone:  (202) 973-8800
Email:  screighton@wsgr.com;
ssher@wsgr.com

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ARISTA NETWORKS, INC.,<br><br>Defendant. | Case No. 5:14-cv-05344-BLF (NC)<br><br>**DECLARATION OF EDUARDO E. SANTACANA IN SUPPORT OF DEFENDANT ARISTA NETWORKS, INC.'S MOTION TO STRIKE LATE CONTENTIONS, OR, ALTERNATIVELY, TO CONTINUE CASE SCHEDULE**<br><br>Date:       October 27, 2016<br>Time:      9:00 a.m.<br>Judge:    Hon. Beth Labson Freeman<br>Dept:     Courtroom 3, 5th Floor<br><br>Date Filed:  December 5, 2014<br><br>Trial Date:  November 21, 2016 |

DECLARATION OF EDUARDO E. SANTACANA IN SUPPORT OF DEFENDANT ARISTA'S MOTION
TO STRIKE LATE CONTENTIONS OR, ALTERNATIVELY, TO CONTINUE CASE SCHEDULE
Case No. 5:14-cv-05344-BLF (NC)

1067030.01

1    I, Eduardo E. Santacana, declare:

2    1.    I am an attorney licensed to practice law in the State of California and am an

3    associate with the law firm of Keker & Van Nest LLP, located at 633 Battery Street,

4    San Francisco, California 94111, counsel for Defendant Arista Networks, Inc. ("Arista") in the

5    above-referenced action.  Unless otherwise stated, the facts I set forth in this declaration are based

6    on my personal knowledge or knowledge I obtained through my review of corporate records or

7    other investigation.  If called to testify as a witness, I could and would testify competently to such

8    facts under oath.

9    2.    I submit this declaration in support of Arista's Motion to Strike Late Contentions

10   or Alternatively to Continue Case Schedule.

11   3.    Pursuant to the terms of the parties' Stipulated Protective Order, Arista made

12   source code files requested by Cisco through written discovery requests available for inspection at

13   the offices of Keker & Van Nest LLP beginning in August 2015.  Members of Cisco's legal team

14   first began reviewing the source code on August 4, 2015.  According to my office's sign-in

15   sheets, members of Cisco's legal team spent a total of eighty-eight hours and six minutes

16   reviewing Arista's source code from August 4, 2015, to January 5, 2016.  After investigating, I

17   am not aware of any complaint ever made by Cisco's counsel relating to the completeness of

18   Arista's source code production.

19   4.    On July 13, 2015, Arista' counsel met and conferred with Cisco's counsel

20   regarding Cisco's refusal to identify specific lost accounts in support of its lost sales claim in

21   response to Arista's Interrogatory 15.  Cisco's counsel stated during that telephone call that it

22   would not and need not disclose specific lost accounts.  Cisco's counsel argued that Cisco is

23   entitled to prove damages through the use of an expert.

24   5.    On January 8, 2016, I participated in a meet and confer telephone call with Cisco's

25   counsel.  I demanded that Cisco identify specific lost accounts in support of its lost sales claim in

26   response to Arista's Interrogatory 15.  Counsel for Cisco refused, stating again that Cisco was not

27   required to disclose specific lost accounts because Cisco could prove its damages through expert

28   evidence alone.

1

DECLARATION OF EDUARDO E. SANTACANA IN SUPPORT OF DEFENDANT ARISTA'S MOTION
TO STRIKE LATE CONTENTIONS OR, ALTERNATIVELY, TO CONTINUE CASE SCHEDULE
Case No. 5:14-cv-05344-BLF (NC)

1067030.01

1    6.    On June 9, 2016, I participated in a meet and confer telephone call with Cisco's

2    counsel. I asked Cisco's counsel why Cisco did not disclose the 73 accounts it claims are support

3    for its lost sales claim earlier in the discovery period. Cisco's counsel again took the position that

4    Cisco was not required to disclose that information at all and that Cisco could prove damages

5    through an expert. Cisco's counsel also confirmed that the list of accounts served on June 7,

6    2016, was generated using information solely from Cisco's files. Cisco's counsel explained that

7    the list was produced because it was generated to prepare Cisco's Rule 30(b)(6) corporate

8    designee on damages issues, Frank Palumbo, for his deposition. Cisco's counsel also indicated

9    that Cisco would produce a second list on the last day of damages fact discovery, June 10, 2016,

10   and that the second list would be a narrower list that took into account information from both

11   Cisco's files and Arista's document production.

12   7.    To date, Arista has taken the deposition of nine individuals identified by Cisco as

13   CLI command "authors": Ram Kavasseri, Anthony Li, Tong Liu, Kirk Lougheed, Devadas Patil,

14   Phillip Remaker, Abhay Roy, Gregory Satz, and Terry Slattery. Arista has also taken the

15   deposition of three third-party vendors of networking equipment that incorporated a CLI: Dell,

16   Juniper Networks, Inc., and Hewlett Packard Enterprise.

17   8.    Cisco and Arista agreed to exchange search terms that would be used to search the

18   custodial files of fifteen of the other party's employees. The parties exchanged those search

19   terms on October 16, 2015. Arista designed its search terms related to the copyright claims based

20   on the infringement contentions then-known to Arista. Those contentions did not include Cisco's

21   new allegations relating to "helpdesc." Had Arista known in time, it would have incorporated

22   helpdesc-related search terms into its search terms list. Likewise, had Arista known in time the

23   specific accounts Cisco would claim are support for its lost sales claim in this case, it would have

24   incorporated search terms related to those accounts into its search terms list.

25   9.    On June 9, 2016, I participated in a meet and confer telephone call with Cisco's

26   counsel. I asked Cisco's counsel why Cisco did not disclose the 73 accounts it claims are support

27   for its lost sales claim earlier in the discovery period. Cisco's counsel again took the position that

28   Cisco was not required to disclose that information at all and that Cisco could prove damages

2

1067030.01

1    through an expert.  Cisco's counsel also confirmed that the list of accounts served on June 7,

2    2016, was generated using information solely from Cisco's files.  Cisco's counsel explained that

3    the list was produced because it was generated to prepare Cisco's Rule 30(b)(6) corporate

4    designee on damages issues, Frank Palumbo, for his deposition.  Cisco's counsel claimed that it

5    had not disclosed its contentions earlier because it was waiting for Arista to produce its financial

6    data, even though that list did not incorporate any financial data from Arista's document

7    production.  Cisco's counsel also indicated that Cisco would produce a second list on the last day

8    of damages fact discovery, June 10, 2016, and that the second list would be a narrower list that

9    took into account information from both Cisco's files and Arista's document production.

10          10.     In its litigation against Arista before the International Trade Commission, Cisco

11    produced over 600 ".py," or python, source code files belonging to Arista's Extensible Operating

12    System that it had in its possession.  Those files have since been produced in this litigation.  The

13    metadata pertaining to those files indicates that they were all in Cisco's possession before it filed

14    suit in this Court.  The files include helpdesc text strings that Cisco now claims were unlawfully

15    copied from Cisco software.

16          11.     Attached hereto as Exhibit 1 is a true and correct copy of excerpts of Defendant

17    Arista Networks Inc.'s First Set of Interrogatories (Nos. 1–15), served April 10, 2015.

18          12.     Attached hereto as Exhibit 2 is a true and correct copy of excerpts of Plaintiff

19    Cisco Systems, Inc.'s Objections and Responses to Arista Networks, First Set of Interrogatories

20    (Nos. 1–15), served May 14, 2015.

21          13.     Attached hereto as Exhibit 3 is a true and correct copy of excerpts of Plaintiff

22    Cisco Systems, Inc.'s Second Supplemental Objections and Responses to Arista Networks First

23    Set of Interrogatories with Exhibits B and C, served August 7, 2015.

24          14.     Attached hereto as Exhibit 4 is a true and correct copy of excerpts of Plaintiff

25    Cisco Systems, Inc.'s Second Supplemental Objections and Responses to Arista Networks First

26    Set of Interrogatories with Exhibits D and E, served September 1, 2015.

27

28

DECLARATION OF EDUARDO E. SANTACANA IN SUPPORT OF DEFENDANT ARISTA'S MOTION
TO STRIKE LATE CONTENTIONS OR, ALTERNATIVELY, TO CONTINUE CASE SCHEDULE
Case No. 5:14-cv-05344-BLF (NC)

1067030.01

1    15.    Attached hereto as Exhibit 5 is a true and correct copy of excerpts of Plaintiff

2    Cisco Systems, Inc.'s Fourth Supplemental Objections and Responses to Arista Networks First

3    Set of Interrogatories served October 14, 2015.

4    16.    Attached hereto as Exhibit 6 is a true and correct copy of excerpts of Plaintiff

5    Cisco Systems, Inc.'s Seventh Supplemental Objections and Responses to Arista Networks First

6    Set of Interrogatories, served January 5, 2016.

7    17.    Attached hereto as Exhibit 7 is a true and correct copy of excerpts of Plaintiff

8    Cisco Systems, Inc.'s Supplemental Objections and Responses to Arista Networks

9    Interrogatories, served May 27 2016.

10    18.    Attached hereto as Exhibit 8 is a true and correct copy of Exhibit G to Cisco

11    Systems, Inc.'s Fifth Supplemental Responses to Arista's Interrogatories, served May 27, 2016.

12    19.    Attached hereto as Exhibit 9 is a true and correct copy of Exhibit H to Cisco

13    Systems, Inc.'s Fifth Supplemental Responses to Arista's Interrogatories, served May 27, 2016.

14    20.    Attached hereto as Exhibit 10 is a true and correct copy of the Opening Expert

15    Report of Kevin Almeroth Regarding Copying Submitted on Behalf of Cisco Systems Inc., dated

16    June 3, 2016.

17    21.    Attached hereto as Exhibit 11 is a true and correct copy of excerpts of Exhibit 6 to

18    the Opening Expert Report of Kevin Almeroth Regarding Copying Submitted on Behalf of Cisco

19    Systems Inc., dated June 3, 2016.

20    22.    Attached hereto as Exhibit 12 is a true and correct copy of Plaintiff Cisco Systems

21    Inc.'s Corrected and Supplemental Objections and Responses to Arista's Interrogatory No. 20,

22    served May 27, 2016.

23    23.    Attached hereto as Exhibit 13 is a true and correct copy of an Infringement Chart

24    for U.S. Patent No. 7,162,537, which was attached as Exhibit 18 to the Complaint filed in the

25    Matter of Certain Network Devices, related to Software and Components Thereof before the U.S.

26    International Trade Commission filed December 18, 2014

27    24.    Attached hereto as Exhibit 14 is a true and correct copy of an Infringement Chart

28    for U.S. Patent No. 7,290,164, which was attached as Exhibit 20 to the Complaint filed in the

4

1067030.01

1    Matter of Certain Network Devices, related to Software and Components Thereof before the U.S.

2    International Trade Commission filed December 18, 2014.

3          25.     Attached hereto as Exhibit 15 is a true and correct copy of a letter I sent to

4    Matthew Cannon, counsel for Cisco, regarding Cisco's Request for Production, dated December

5    11, 2015.

6          26.     Attached hereto as Exhibit 16 is a true and correct copy of Plaintiff Cisco Systems

7    Inc.'s Supplemental Objections and Responses to Arista's Interrogatory No. 15, served June 7,

8    2016.

9          27.     Attached hereto as Exhibit 17 is a true and correct copy of Exhibit A to Plaintiff

10   Cisco Systems Inc.'s Corrected and Supplemental Objections and Responses to Arista's

11   Interrogatory No. 20, served June 7, 2016.

12         28.     Attached hereto as Exhibit 18 is a true and correct copy of excerpts of the Rough

13   Deposition Transcript of Frank Palumbo, taken June 7, 2016.

14         29.     Attached hereto as Exhibit 19 is a true and correct copy of Plaintiff Cisco Systems

15   Inc.'s Supplemental Objections and Responses to Arista's Interrogatory No. 15, served June 10,

16   2016.

17         30.     Attached hereto as Exhibit 20 is a true and correct copy of Exhibit A to Plaintiff

18   Cisco Systems Inc.'s Corrected and Supplemental Objections and Responses to Arista's

19   Interrogatory No. 20, served June 10, 2016.

20         31.     Attached hereto as Exhibit 21 is a true and correct copy of Arista Networks Sixth

21   Set of Interrogatories (Nos. 21-25) to Cisco Systems, Inc., served March 30, 2016.

22   Attached hereto as Exhibit 22 is a is a true and correct copy of Plaintiff Cisco Systems Inc.'s First

23   Supplemental Objections and Responses to Arista's First Set of  Interrogatories (No. 15), served

24   July 24, 2015.

25   //

26   //

27   //

28   //

DECLARATION OF EDUARDO E. SANTACANA IN SUPPORT OF DEFENDANT ARISTA'S MOTION
TO STRIKE LATE CONTENTIONS OR, ALTERNATIVELY, TO CONTINUE CASE SCHEDULE
Case No. 5:14-cv-05344-BLF (NC)

1067030.01

1   Executed June 13, 2016, at San Francisco, California.

2          I declare under penalty of perjury under the laws of the United States of America that the

3   foregoing is true and correct.

4

5

6

7                                                        _____
                                                        EDUARDO E. SANTACANA
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF EDUARDO E. SANTACANA IN SUPPORT OF DEFENDANT ARISTA'S MOTION
TO STRIKE LATE CONTENTIONS OR, ALTERNATIVELY, TO CONTINUE CASE SCHEDULE
Case No. 5:14-cv-05344-BLF (NC)

1067030.01