# Ex. 2

1    Kathleen Sullivan (SBN 242261)       Steven Cherny (admitted *pro hac vice*)
     kathleensullivan@quinnemanuel.com     steven.cherny@kirkland.com
2    QUINN EMANUEL URQUHART &        KIRKLAND & ELLIS LLP
     SULLIVAN LLP                               601 Lexington Avenue
3    51 Madison Avenue, 22nd Floor          New York, New York 10022
     New York, NY 10010                       Telephone: (212) 446-4800
4    Telephone: (212) 849-7000            Facsimile: (212) 446-4900
     Facsimile: (212) 849-7100
5
                                        Adam R. Alper (SBN 196834)
     Sean S. Pak (SBN 219032)             adam.alper@kirkland.com
6    seanpak@quinnemanuel.com            KIRKLAND & ELLIS LLP
     John M. Neukom (SBN 275887)        555 California Street
7    johnneukom@quinnemanuel.com.       San Francisco, California 94104
     QUINN EMANUEL URQUHART &        Telephone: (415) 439-1400
8    SULLIVAN LLP                               Facsimile: (415) 439-1500
     50 California Street, 22nd Floor
9    San Francisco, CA 94111             Michael W. De Vries (SBN 211001)
     Telephone: (415) 875-6600           michael.devries@kirkland.com
10   Facsimile: (415) 875-6700            KIRKLAND & ELLIS LLP
                                         333 South Hope Street
11   Mark Tung (SBN 245782)            Los Angeles, California 90071
     marktung@quinnemanuel.com         Telephone: (213) 680-8400
12   QUINN EMANUEL URQUHART &       Facsimile: (213) 680-8500
     SULLIVAN LLP
13   555 Twin Dolphin Drive, 5th Floor
     Redwood Shores, CA 94065
14   Telephone: (650) 801-5000
     Facsimile: (650) 801-5100
15

16   *Attorneys for Plaintiff Cisco Systems, Inc.*

17                  **UNITED STATES DISTRICT COURT**

18               **NORTHERN DISTRICT OF CALIFORNIA**

19   CISCO SYSTEMS, INC.,          )    CASE NO.  5:14-cv-05344-BLF
                                  )
20        Plaintiff,            )
                                  )    **PLAINTIFF CISCO SYSTEMS, INC.'S**
21       v.                      )    **OBJECTIONS AND RESPONSES TO**
                                  )    **DEFENDANT ARISTA NETWORKS,**
22   ARISTA NETWORKS, INC.,        )    **INC.'S FIRST SET OF**
                                  )    **INTERROGATORIES**
23       Defendant.          )
                                  )
24                               )

25

26

27

28

1        Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Cisco

2  Systems, Inc. ("Cisco"), by counsel, hereby provides its objections and responses to Defendant

3  Arista Networks, Inc.'s ("Arista's") First Set of Interrogatories, which were served on Cisco on

4  April 10, 2015 (the "Interrogatories").

5  **GENERAL OBJECTIONS**

6        Cisco makes the following general objections to Arista's Interrogatories, which apply to

7  each interrogatory regardless of whether the general objections are specifically incorporated into

8  the specific objections and responses below.

9        1.      Cisco is responding to each interrogatory as it interprets and understands each

10  interrogatory with respect to the issues in this Litigation.  If Arista asserts a different interpretation

11  of any interrogatory, Cisco reserves the right to supplement or amend its responses or objections.

12        2.      Cisco objects to each interrogatory to the extent it is inconsistent with or seeks to

13  impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Civil and

14  Patent Local Rules of the Northern District of California, and any orders governing this Litigation.

15        3.      Cisco objects to the definitions of "Cisco," "You," and "Your," to the extent that

16  the definitions are overly broad and purport to require Cisco to provide information that is not

17  within the possession, custody, or control of Cisco.

18        4.      Cisco objects to Arista's definition of "Asserted Patents" and "Asserted Claim" to

19  the extent that Arista's use of those terms in its interrogatories to Cisco renders certain of Arista's

20  Interrogatories as constituting multiple discrete subparts that are in fact multiple, separate

21  interrogatories.

22        5.      Cisco objects to the definitions of "CLI Command" and "Network Management

23  Product" to the extent that these terms are vague and ambiguous with respect to their scope and

24  application as used by Arista, rendering these terms at least potentially unclear with respect to

25  what particular devices are intended to be incorporated thereby, and further on the grounds that

26  use of the terms in Arista's Interrogatories renders those interrogatories overbroad and unduly

27  burdensome to the extent that the discovery sought by such interrogatories is not reasonably tied to

28  Cisco's claims or Arista's defenses in this Litigation.  Cisco further objects to the use of these

23.     Cisco objects to each interrogatory as premature to the extent it calls for documents or information that is the subject of later disclosure deadlines in this Litigation and/or expert reports and testimony, including as set forth in Rule 26(a)(2) of the Federal Rules of Civil Procedure, the Patent Local Rules of the Northern District of California, and the Case Management Order to be entered in this Litigation.

24.     Any Cisco response that it will provide information or produce documents should not be construed to mean that responsive information or documents in fact exist; only that, if such relevant, non-privileged, non-objectionable information or documents exist, are in Cisco's possession, custody, or control, and are located after a reasonable search of the location or locations where responsive information or documents are likely to be located, such information or documents will be produced in a timely manner.

25.     Cisco further reserves all rights to supplement its responses to Arista's Interrogatories in compliance with the Federal Rules of Civil Procedure, including under Rule 26(e), as well as the Civil and Patent Local Rules of the Northern District of California and any orders governing this Litigation, and as Cisco's investigation and discovery proceeds in this Litigation.

### RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

State in detail Cisco's factual bases for each allegation of damage or harm that Cisco claims to have suffered as a result of any act or omission of Arista.

**RESPONSE TO INTERROGATORY NO. 1:**

Cisco incorporates by reference its General Objections as though fully set forth herein. Cisco further objects to this interrogatory as irrelevant and not calculated to lead to the discovery of admissible evidence to the extent it calls for information not pertaining to the acts at issue in this suit.  Cisco further objects to this interrogatory to the extent that it calls for information that is publicly available or equally available to Arista, and therefore is of no greater burden for Arista to

obtain than for Cisco to obtain.  Cisco also objects to this interrogatory as undefined, vague, ambiguous, overbroad, and unduly burdensome in its use of the terms "each allegation of damage or harm" and "as a result of any act or omission of Arista."  Cisco further objects to this interrogatory as premature contention discovery, especially in light of Arista's failure to produce information regarding sales of its accused products.  Cisco further objects to this interrogatory on the grounds that it prematurely seeks expert testimony.  Cisco further objects to this interrogatory to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work-product, or that is protected by any other applicable privilege, protection, or immunity, including without limitation in connection with the common interest doctrine.

Subject to and without waiver of its general and specific objections, Cisco incorporates by reference, as if fully set forth herein, its Initial Disclosures pursuant to Rule 26(a)(1) and any subsequent amendments thereto.

Cisco further responds that Arista uses its infringing products to take sales (and profits) from Cisco.  Arista admits that it competes with Cisco.  *See, e.g.*, Arista presentation *available at* http://investors.arista.com/files/doc_presentations/Arista%20Overview-Roadshow.pdf, p. 8; Arista presentation entitled "Our Journey to Software Driven Cloud Networking," *available at* http://investors.arista.com/files/doc_presentations/Pres/Arista-BarclaysPres-120914-FINAL-USETHISv2_v001_a8p3ci.pdf, p. 5; "Arista Networks Inc at Bernstein Technology Innovation Summit – Final," *available at* http://www.crmz.com/NewsStory.aspx?NewsId=14139822; and Arista Networks, Inc. 2014 Annual Report, *available at* http://investors.arista.com/files/doc_financials/Arista-2014-Annual-Report_v001_d7suv1.pdf, p. 16.  Arista regularly relies on its infringing CLI to promote sales of its products.  *See, e.g.*, Arista presentation *available at* http://investors.arista.com/files/doc_presentations/Arista%20Overview-Roadshow.pdf, p. 13; Arista Networks, Inc. 2014 Annual Report, *available at* http://investors.arista.com/files/doc_financials/Arista-2014-Annual-Report_v001_d7suv1.pdf, pp. 7, 12.  Arista specifically emphasizes the similarity between its infringing CLI and Cisco's patented and copyrighted CLI to promote sales of its infringing products—at Cisco's expense:

- "[A] Cisco CCIE expert would be able to use Arista right away, because we have a similar command-line interface and operational look and feel. Where we don't have to invent, we don't." John Gallant, "How Arista Networks Got Out In Front of the SDN Craze," Network World (Feb. 22, 2013).

- Arista has learned to "[p]rovide familiar interfaces to ease adoption" including a "standard CLI that … retains familiar management commands" so much so that "80% [of Arista customers] tell us they appreciate the way they can leverage their deep [Cisco] IOS experience, as they can easily upgrade an aging [Cisco] Catalyst infrastructure to Arista." Posting of Kenneth Duda to Arista EOS Central, "Linux as a Switch Operating System: Five Lessons Learned" (Nov. 5, 2013), *available at* https://eos.arista.com/linux-as-a-switch-operating-system-five-lessons-learned/.

- "Familiar management interfaces, standard CLI … It's been very helpful for our customers to be able to rapidly adopt our products and integrate them into their environments … that our switches provide a familiar management interface so their existing tools and processes, screen scraping, automation, continue to work just as they did before." Arista, *EOS Bites & Bytes - Episode 1 - Lessons Learned While Building a Network OS on Top of Linux*, Arista EOS Central - Video Library (Jan. 30, 2014), at 6:55–7:56, *available at* http://eos.arista.com/wp-content/themes/aristaeos/video-lightbox.php?vid=ttp6lavHKGo.

- "The familiar EOS command-line interface (CLI) avoids retraining costs." Arista, *EOS: An Extensible Operating System*.

For Cisco's copyright claims, Cisco is entitled to actual damages (in the form of, among other things, Cisco's lost profits and any additional profits made by Arista), or alternatively to statutory damages for each infringed work, based on Arista's sales of products that contain CLI, computer programs and/or other works that infringe Cisco's copyrights for at least the three years preceding the filing of Cisco's complaint. Although Arista has not yet produced detailed sales records, Cisco believes that substantially all of Arista's sales during that period have been sales of

products that contain CLI, computer programs and/or other works that infringe Cisco's copyrights. During that time, Arista has reported the following revenue and net income figures:

| Fiscal Year | Revenue | Net Income |
|---|---|---|
| 2012 | $193.4 M | $21.3 M |
| 2013 | $361.2 M | $42.5 M |
| 2014 | $581.4 M | $86.9 M |
| Total 2012-2014 | $1,136 M | $150.7 M |

*See, e.g.*, Arista Networks, Inc. 2014 Annual Report, *available at* http://investors.arista.com/files/doc_financials/Arista-2014-Annual-Report_v001_d7suv1.pdf, p. 5. Arista has not yet produced sufficient information from which Cisco can calculate its lost profits or its alternative, statutory damages.

For Cisco's patent claims, Cisco is entitled to its actual damages (*e.g.*, lost profits), or at least a reasonable royalty, since at least the date on which Cisco filed its complaint. *See* 35 U.S.C. § 284. Although Arista has not yet produced detailed sales records, Cisco believes that substantially all of Arista's sales during that period have been sales of infringing products. No public revenue or net income figures are yet available for this period. And Arista has not yet produced sufficient information from which Cisco can calculate its lost profits or its alternative, reasonable royalty damages.

Cisco's discovery efforts in this case are ongoing, and Cisco reserves the right to further supplement this response in light of facts learned during discovery, including information regarding Arista's sales of accused products and expert discovery.

**INTERROGATORY NO. 2:**

Identify with specificity every similarity that Cisco contends is a basis for its claim of copyright infringement, including the source material in Cisco's copyrighted work(s) that Cisco contends is the source of the similarity; the material in the allegedly infringing work(s) that Cisco contends reflects the similarity, and why Cisco contends that the source material is protected by copyright.

**RESPONSE TO INTERROGATORY NO. 2:**

Cisco incorporates by reference its General Objections as though fully set forth herein. Cisco further objects to this interrogatory as irrelevant and not calculated to lead to the discovery of admissible evidence to the extent it calls for evidence pertaining to specific similarities between Cisco's copyrighted works and Arista's accused products. Cisco further objects to this interrogatory to the extent that it calls for information that is publicly available, equally available to Arista, and/or in Arista's control, and therefore is of no greater burden for Arista to obtain than for Cisco to obtain. Cisco further objects to this interrogatory as compound. Cisco also objects to this interrogatory as undefined, vague, ambiguous, overbroad, and unduly burdensome in its use of the terms "with specificity," "every similarity," "why Cisco contends that the source material is protected by copyright." Cisco further objects to this interrogatory as premature contention discovery, especially in light of Arista's failure to produce information regarding its accused products, including source code. Cisco further objects to this interrogatory on the grounds that it prematurely seeks expert testimony. Cisco further objects to this interrogatory to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work-product, or that is protected by any other applicable privilege, protection, or immunity, including without limitation in connection with the common interest doctrine.

Subject to and without waiver of its general and specific objections, Cisco incorporates by reference, as if fully set forth herein, its operative complaint and all documents cited therein, including Cisco's copyright registrations as well as any subsequent amendments thereto. Cisco further responds, pursuant to Fed. R. Civ. P. 33(d), that Cisco will produce documents containing information responsive to this interrogatory, which information may be obtained from the documents by Arista as easily as by Cisco.

In addition to the examples set forth in Exhibits 1 and 2 to Cisco's operative complaint, Cisco identifies in Exhibit A similarities between Cisco's copyrighted works and Arista products. Each of the Cisco works cited in Exhibit A is protected by copyright because each of these works constitutes an original work of authorship fixed in a tangible medium of expression. Each Cisco work in Exhibit A contains expressive content, which is the subject of copyright protection.

1   Further, each Cisco document cited in Exhibit A was first published in the United States and was

2   authored by at least one author who is a national or domiciliary of the United States.  *See, e.g.,*

3   Cisco copyright registrations attached to Cisco's operative complaint. Cisco has complied with all

4   applicable statutory formalities related to these copyrighted works.  Additionally, because many of

5   the Cisco works cited in Exhibit A were deposited with copyright registrations within five years of

6   publication, the certificate of registration for these documents constitutes prima facie evidence of

7   the validity of the underlying copyrights.  *See, e.g.,* Cisco copyright registrations attached to

8   Cisco's operative complaint.  For the remainder of the Cisco works cited in Exhibit A, the

9   copyright registration certificates constitute evidence of the validity of Cisco's copyrights.

10          Cisco's discovery efforts in this case are ongoing, and Cisco reserves the right to further

11   supplement this response in light of facts learned during discovery, including information

12   regarding Arista's accused products and expert discovery.

13

14   **INTERROGATORY NO. 3:**

15          State in detail Cisco's factual bases for its claim that any copyright infringement by Arista

16   (or for which Cisco claims Arista is liable) was willful.

17

18   **RESPONSE TO INTERROGATORY NO. 3:**

19          Cisco incorporates by reference its General Objections as though fully set forth herein.

20   Cisco further objects to this interrogatory as irrelevant and not calculated to lead to the discovery

21   of admissible evidence to the extent it calls for information not pertaining to the acts at issue in

22   this suit.  Cisco further objects to this interrogatory to the extent that it calls for information that is

23   publicly available or equally available to Arista, and therefore is of no greater burden for Arista to

24   obtain than for Cisco to obtain.  Cisco also objects to this interrogatory as undefined, vague,

25   ambiguous, overbroad, and unduly burdensome in its use of the term "any copyright

26   infringement."  Cisco further objects to this interrogatory as premature contention discovery,

27   especially in light of Arista's failure to produce information regarding its accused products.  Cisco

28   further objects to this interrogatory to the extent it seeks information that is protected by the

1  burdensome in its use of the terms "improved upon," "the prior art," "added functionality"

2  "variation," "upgrade," and "each such claimed improvement, added functionality, variation, or

3  upgrade," and "non-obvious or unpredictable."  Cisco further objects to this request on the

4  grounds that it is overly broad and unduly burdensome, as it calls for information not relevant to

5  any of Arista's defenses in this matter.  Cisco further objects to this request as compound and

6  containing multiple subparts.  Cisco further objects to this interrogatory on the grounds that it

7  prematurely seeks expert testimony.  Cisco further objects to this interrogatory on the grounds that

8  it prematurely seeks validity positions before Arista has produced any evidence that the asserted

9  patents are invalid.  Cisco further objects to this interrogatory to the extent it seeks information

10  that is protected by the attorney-client privilege, that constitutes attorney work-product, or that is

11  protected by any other applicable privilege, protection, or immunity, including without limitation

12  in connection with the common interest doctrine.

13        Subject to and without waiver of its general and specific objections, Cisco responds that

14  the '526 and '886 Patents are presumed valid over the prior art.  Cisco incorporates by reference

15  the '526 and '886 Patents and file histories, which describe improvements and additions over the

16  existing prior art.  The commercial success of Cisco's products that incorporate the inventions of

17  the '526 and '886 Patents is further evidence of the non-obviousness of the inventions.

18        Cisco further responds, pursuant to Fed. R. Civ. P. 33(d), that Cisco will produce

19  documents containing information responsive to this interrogatory, which information may be

20  obtained from the documents by Arista as easily as by Cisco.  Cisco's discovery efforts in this

21  case are ongoing, and Cisco reserves the right to further supplement this response in light of facts

22  learned during discovery, including information regarding what Arista contends is prior art to the

23  '526 and '886 patents.

24

25  **INTERROGATORY NO. 15:**

26        If You seek to recover lost profits by way of any claim in this matter, identify with

27  specificity all bases on which You seek such recovery, including but not limited to identifying any

28

1  and all facts, witnesses, evidence, communications and documents that You believe support Your

2  claim for such recovery.

3

4  **RESPONSE TO INTERROGATORY NO. 15:**

5      Cisco incorporates by reference its General Objections as though fully set forth herein.

6  Cisco also objects to this interrogatory as undefined, vague, ambiguous, overbroad, and unduly

7  burdensome in its use of the terms "with specificity," "all bases."  Cisco further objects to this

8  request as compound and containing multiple subparts.  Cisco further objects to this interrogatory

9  to the extent that it calls for information that is in Arista's control, but which Arista has not yet

10  produced.  Cisco further objects to this interrogatory on the grounds that it prematurely seeks

11  expert testimony.  Cisco further objects to this interrogatory on the grounds that it prematurely

12  seeks validity positions before Arista has produced any evidence that the asserted patents are

13  invalid.  Cisco further objects to this interrogatory to the extent it seeks information that is

14  protected by the attorney-client privilege, that constitutes attorney work-product, or that is

15  protected by any other applicable privilege, protection, or immunity, including without limitation

16  in connection with the common interest doctrine.

17      Subject to and without waiver of its general and specific objections, Cisco incorporates by

18  reference, as if fully set forth herein, Cisco's Initial Disclosures pursuant to Rule 26(a)(1) and its

19  response to Interrogatory No. 1.  Cisco further responds, pursuant to Fed. R. Civ. P. 33(d), that

20  Cisco will produce documents containing information responsive to this interrogatory, which

21  information may be obtained from the documents by Arista as easily as by Cisco.  Cisco's

22  discovery efforts in this case are ongoing, and Cisco reserves the right to further supplement this

23  response in light of facts learned during discovery, including information regarding Arista's

24  accused products.

25

26

27

28

| | |
|---|---|
| 1 | DATED:  May 14, 2015 |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

Respectfully submitted,

_/s/ Sean S. Pak_____

Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Mark Tung (SBN 245782)
marktung@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven Cherny (admitted *pro hac vice*)
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071

Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

CISCO'S OBJECTIONS AND RESPONSES TO ARISTA'S FIRST SET OF INTERROGATORIES

**PROOF OF SERVICE**

I hereby certify that, at the date entered below and per the agreement of the parties, I

caused a true and correct copy of the foregoing to be served by transmission via secure FTP site,

the credentials for which were made available to counsel at the email addresses below:

| | |
|---|---|
| Juanita R. Brooks | Brian L. Ferrall |
| brooks@fr.com | blf@kvn.com |
| Fish & Richardson P.C. | Michael S. Kwun |
| 12390 El Camino Real | mkwun@kvn.com |
| San Diego, CA 92130-2081 | David J. Silbert |
| | djs@kvn.com |
| Kelly C. Hunsaker | Robert Van Nest |
| hunsaker@fr.com | rvannest@kvn.com |
| Fish & Richardson PC | Keker & Van Nest LLP |
| 500 Arguello Street, Suite 500 | 633 Battery Street |
| Redwood City, CA 94063 | San Francisco, CA 94111-1809 |

Ruffin B. Cordell
cordell@fr.com
Lauren A. Degnan
degnan@fr.com
Michael J. McKeon
mckeon@fr.com
Fish & Richardson PC
1425 K Street NW
11th Floor
Washington, DC 20005

I declare under penalty of perjury that the foregoing is true and correct.  Executed on May

14, 2015, at Berkeley, California.

*/s/ Matthew D. Cannon*

Matthew D. Cannon

**Exhibit A**

| Copyright Registration Information | Cisco | Arista |
|---|---|---|
| Cisco IOS XE 3.5<br><br>Effective date of registration: 11/24/2014 | **Usage Guidelines** SNMP notifications can be sent as traps or inform requests. This command enables both traps and inform requests for the specified notification types. ATM notifications are defined in the CISCO-IETF-ATM2-PVCTRAP-MIB.my file, available from the Cisco FTP site at ftp://ftp.cisco.com/pub/mibs/v2/<br><br>ATM PVC failure notifications are sent when a PVC on an ATM interface fails or leaves the UP operational state. Only one trap is generated per hardware interface, within the specified interval defined by the **interval** keyword (stored as the atmIntfPvcNotificationInterval in the MIB). If other PVCs on the same interface go DOWN during this interval, traps are generated and held until the fail interval has elapsed. When the interval has elapsed, the traps are sent if the PVCs are still DOWN.<br><br>No notifications are generated when a PVC returns to the UP state after having been in the DOWN state. If you want to detect the recovery of PVCs, you must use the SNMP management application to regularly poll your router.<br><br>The **snmp-server enable traps atm pvc** command is used in conjunction with the **snmp-server host** command. Use the **snmp-server host** command to specify which host or hosts receive SNMP notifications. To send notifications, you must configure at least one **snmp-server host** command.<br><br>Cisco IOS Asynchronous Transfer Mode Command Reference (2011), at 535 | **snmp-server enable traps**<br><br>The **snmp-server enable traps** command enables the transmission of Simple Network Management Protocol (SNMP) notifications as traps or inform requests. This command enables both traps and inform requests for the specified notification types. The **snmp-server host** command specifies the notification<br><br>Arista User Manual v. 4.13.6F (4/14/2014), at 1918 |
| Cisco IOS XE 3.5<br><br>Effective date of registration: 11/24/2014 | ```Router# show interfaces atm 0/0/0
ATM0/0/0 is up, line protocol is up
  Hardware is cyBus ATM
  Internet address is 10.1.1.1/24
  MTU 4470 bytes, sub MTU 4470, BW 156250 Kbit, DLY 80 usec, rely 255/255, load 1/255
  Encapsulation ATM, loopback not set, keepalive set (10 sec)
  Encapsulation(s): AAL5, PVC mode
  256 TX buffers, 256 RX buffers,
  2048 maximum active VCs, 1024 VCs per VP, 1 current VCCs
  VC idle disconnect time: 300 seconds
  Last input never, output 00:00:05, output hang never
  Last clearing of "show interface" counters never
  Queueing strategy: fifo
  Output queue 0/40, 0 drops; input queue 0/75, 0 drops
  5 minute input rate 0 bits/sec, 1 packets/sec
  5 minute output rate 0 bits/sec, 1 packets/sec
    5 packets input, 560 bytes, 0 no buffer
    Received 0 broadcasts, 0 runts, 0 giants
    0 input errors, 0 CRC, 0 frame, 0 overrun, 0 ignored, 0 abort
    5 packets output, 560 bytes, 0 underruns
    0 output errors, 0 collisions, 0 interface resets
    0 output buffer failures, 0 output buffers swapped out
```<br><br>Cisco IOS Asynchronous Transfer Mode Command Reference (2011), at 476 | **Examples**<br>• These commands display interface counters, clear the counters, then display the counters again.<br><br>```switch#show interfaces ethernet 1
Ethernet1 is up, line protocol is up (connected)
  Hardware is Ethernet, address is 001c.7302.2fff (bia 001c.7302.2fff)
  MTU 9212 bytes, BW 10000000 Kbit
  Full-duplex, 10Gb/s, auto negotiation: off
  Last clearing of "show interface" counters never
  5 minutes input rate 01 bps (0.0% with framing), 0 packets/sec
  5 minutes output rate 0 bps (0.0% with framing), 0 packets/sec
    228570854005 packets input, 22502858283583 bytes
    Received 29769609741 broadcasts, 3073437605 multicast
    113 runts, 1 giants
    118 input errors, 117 CRC, 0 alignment, 18 symbol
    27511409 PAUSE input
    335031607678 packets output, 27845413138330 bytes
    Sent 14282316688 broadcasts, 54045824072 multicast
    108 output errors, 0 collisions
    0 late collision, 0 deferred
    0 PAUSE output
```<br><br>Arista User Manual v. 4.13.6F (4/14/2014), at 637 |

| Copyright Registration Information | Cisco | Arista |
|---|---|---|
| Cisco IOS XE 3.5<br><br>Effective date of registration: 11/24/2014 | **show vrrp**<br><br>To display a brief or detailed status of one or all configured Virtual Router Redundancy Protocol (VRRP) groups on the router, use the **show vrrp** command in privileged EXEC mode.<br><br>**show vrrp [all \| brief]**<br><br>Cisco IOS IP Application Services Command Reference (2011), at 71 | 19.2.3.2   Verify VRRP IPv6 Configurations<br><br>Use the following commands to display the VRRP configurations and status.<br><br>**Show VRRP Group**<br><br>The **show vrrp** command displays the status of configured Virtual Router Redundancy Protocol (VRRP) groups on a specified interface.<br><br>Arista User Manual v. 4.13.6F (4/14/2014), at 879 |
| Cisco IOS 15.2<br><br>Effective date of registration: 11/24/2014 | **Usage Guidelines**   Use the **ip multicast multipath** command to enable load splitting of IP multicast traffic across multiple equal-cost paths.<br><br>If two or more equal-cost paths from a source are available, unicast traffic will be load split across those paths. However, by default, multicast traffic is not load split across multiple equal-cost paths. In general, multicast traffic flows down from the reverse path forwarding (RPF) neighbor. According to the Protocol Independent Multicast (PIM) specifications this neighbor must have the highest IP address if more than one neighbor has the same metric.<br><br>Configuring load splitting with the **ip multicast multipath** command causes the system to load split multicast traffic across multiple equal-cost paths based on source address using the S-hash algorithm. When the **ip multicast multipath** command is configured and multiple equal-cost paths exist, the path in which multicast traffic will travel is selected based on the source IP address. Multicast traffic from different sources will be load split across the different equal-cost paths. Load splitting will not occur across equal-cost paths for multicast traffic from the same source sent to different multicast groups.<br><br>Cisco IOS IP Multicast Command Reference (2011), at 293 | 23.3.2   Equal Cost Multipath Routing (ECMP) and Load Sharing<br><br>Multiple routes that have identical destinations and administrative distances comprise an Equal Cost Multi-Path (ECMP) route. The switch attempts to spread traffic to all ECMP route paths equally.<br><br>If two or more equal-cost paths from a source are available, unicast traffic is load split across those paths. By default, multicast traffic is not load split. Multicast generally flows down from the reverse path forwarding (RPF) neighbor and, according to Protocol Independent Multicast (PIM) specifications, the neighbor with the highest IP address has precedence when multiple neighbors have the same metric.<br><br>Arista User Manual v. 4.13.6F (4/14/2014), at 1191 |
| Cisco IOS 15.2<br><br>Effective date of registration: 11/24/2014 | **Usage Guidelines**   Use the **ip multicast boundary command** to configure an administratively scoped boundary on an interface in order to filter source traffic coming into the interface and prevent mroute states from being created on the interface.<br><br>**Note**   An IP multicast boundary enables reuse of the same multicast group address in different administrative domains.<br><br>Cisco IOS IP Multicast Command Reference (2011), at 264 | **Multicast Boundary Configuration**<br><br>The multicast boundary specifies subnets where source traffic entering an interface is filtered to prevent the creation of mroute states on the interface. The interface is not included in the outgoing interface list (OIL). Multicast pim, igmp or data packets are not allowed to flow across the boundary from either direction. The boundary facilitates the use of a multicast group address in different administrative domains.<br><br>The **ip multicast boundary command** configures the multicast boundary. The multicast boundary can be specified through multiple IPv4 subnets or one standard IPv4 ACL.<br><br>Arista User Manual v. 4.13.6F (4/14/2014), at 1704 |

EXHIBIT A TO CISCO'S OBJECTIONS AND RESPONSES TO ARISTA'S FIRST SET OF INTERROGATORIES

| Copyright Registration Information | Cisco | Arista |
|---|---|---|
| Cisco NX-OS 6.2<br><br>Effective date of registration: 11/13/2014 | Step 6  [no] lldp tlv-select tlv<br><br>Example:<br>switch(config)# lldp tlv-select system-name<br><br>(Optional) Specifies the TLVs to send and receive in LLDP packets. The available TLVs are dcbxp, management-address, port-description, port-vlan, system-capabilities, system-description, and system-name. All available TLVs are enabled by default.<br><br>Note    For more information about using these TLVs, see the *Cisco Nexus 7000 Series NX-OS System Management Command Reference.*<br><br>Cisco Nexus 7000 Series NX-OS System Management Configuration Guide, Release 6.x (2013), at 18-8. | **lldp tlv-select**<br><br>The lldp tlv-select command allows the user to specify the TLVs to send and receive in LLDP packets. The available TLVs are management-address, port-description, port-vlan, system-capabilities, system-description, and system-name.<br><br>Platform          all<br>Command Mode   Global Configuration<br><br>Command Syntax<br>   lldp tlv-select *TLV_NAME*<br>   no lldp tlv-select *TLV NAME*<br>   default lldp tlv-select *TLV_NAME*<br><br>Parameters<br>• *TLV_NAME*   the TLV specifies the information to be sent or received in the LLDP packet: Options include:<br>  — **link-aggregation**   specifies the link aggregation TLV.<br>  — **management-address**   specifies the management address TLV.<br>  — **max-frame-size**   specifies the Frame size TLV.<br>  — **port-description**   specifies the port description TLV.<br>  — **port-vlan**   specifies the port VLAN ID TLV.<br>  — **system-capabilities**   specifies the system capabilities TLV.<br>  — **system-description**   specifies the system description TLV.<br>  — **system-name**   specifies the system name TLV.<br><br>Example<br>• This command enables the system description TLV:<br>  switch(config)# **lldp tlv-select** system-description<br>  switch(config)#<br>• This command disables the system description TLV:<br>  switch(config)# no lldp tlv-select system-description<br>  switch(config)#<br>• This command enables the max-frame-size TLV:<br>  switch(config)# lldp tlv-select max-frame-size<br>  switch(config)#<br>• This command disables the max-frame-size TLV:<br>  switch(config)# no lldp tlv-select max-frame-size<br>  switch(config)#<br><br>Arista User Manual v. 4.14.3F – Rev. 2 (October 2, 2014), at 592. |

| Copyright Registration Information | Cisco | Arista |
|---|---|---|
| Cisco NX-OS 6.2<br><br>Effective date of registration: 11/13/2014 | **show lldp traffic**  Displays the LLDP counters, including the number of LLDP packets sent and received by the device, the number of discarded packets, and the number of unrecognized TLVs.<br><br>Cisco Nexus 7000 Series NX-OS System Management Configuration Guide, Release 6.x (2013), at 18-9. | 12.3.5.4    Viewing LLDP Traffic  The show lldp traffic command displays the LLDP counters, including the number of packets sent and received, and the number of packets discarded by the switch.<br><br>Arista User Manual v. 4.14.3F – Rev. 2 (October 2, 2014), at 581. |