# Ex. 15



633 Battery Street
San Francisco, CA 94111-1809

415 391 5400
kvn.com

**Eduardo E. Santacana**
(415) 773 6669
esantacana@kvn.com

December 11, 2015

**VIA ELECTRONIC MAIL**

Matthew D. Cannon
Quinn Emanuel
50 California Street, 22nd Floor
San Francisco, CA 94111
matthewcannon@quinnemanuel.com

Re:   *Cisco Systems v. Arista Networks, Inc.*; Case No. 5:14-cv-05344-BLF
      Cisco's Requests for Production

Dear Matt:

I write to follow up on our December 7 meet and confer call and to respond to your letters of December 2 and 10, 2015.

**Requests for Production 1, 14, 21, 61, 62, 66, 67, 108–113**

As we discussed during our call, we agreed to investigate further several categories of documents that Cisco has requested and is not willing to narrow, despite Arista's objections to producing such documents. Unfortunately, some of the relevant Arista personnel were not in the office this week, but we hope to complete our investigation by the end of next week.

The first such category includes customer support requests, bug tracking documents, customer configuration files, support-watchers emails and attachments, and other related documents that contain sensitive customer information in them and that Arista maintains are irrelevant to this dispute. We are investigating the source and quantity of these documents, and the burden of producing them in response to Cisco's Requests for Production 1 and 14, as well as to the extent such documents are hit on by your proposed search terms.

The second category of documents we are investigating includes marketing documents responsive to Cisco's Requests for Production 21, 61, and 62. We are re-confirming with relevant personnel at Arista our understanding of how those documents are kept, their relevance to this litigation, and the potential burden of producing them.

We are also investigating documents concerning efforts to raise capital from outside investors that mention Cisco or IOS (Requests for Production 66 and 67) and documents sufficient to show the total number of Arista's customers (Request for Production 108), to the extent any such documents exist. Finally, we are in the process of re-confirming that Arista is not able to determine which customers use which features of its products (Request for Production 109–113).

1009945

Matthew D. Cannon
December 11, 2015
Page 2

**Request for Production 1**

Arista has produced the substantial majority of documents produced in the ITC investigations. We plan to complete production promptly, including production of pleadings, witness statements, motions, motion responses, hearing transcripts, and orders from the ITC investigations, with the sole exception of those documents discussed above, which we are still investigating. Arista confirms that Cisco may produce Cisco ITC materials that contain Arista confidential information.

**Requests for Production 2, 92**

We expect to complete production of Optumsoft documents by January 15, 2016, including all of Arista's pleadings, deposition transcripts, written discovery, and hearing and trial transcripts and exhibits. Arista will also produce redacted copies of Optumsoft's pleadings, deposition transcripts, written discovery, and hearing and trial transcripts and exhibits that contain confidential Optumsoft information. Arista is continuing to confer with Optumsoft about production of unredacted copies of those documents.

**Request for Production 16**

As we discussed during our meet and confer call, Arista's response to Cisco's Interrogatory 1 satisfies this document request.

**Request for Production 20**

Arista agrees to produce documents responsive to this request, subject to its objections, which may be located through a reasonable search and that are in its possession, custody, or control, to the extent they meet the following narrowed document request: "All Communications, Documents, and Things relating to the development of the accused aspects of the EOS CLI and accused features of EOS related to the patents-in-suit, as well as financial documents relating to the cost of development of the accused aspects of the EOS CLI and accused features of EOS related to the patents-in-suit." Your December 2 and 10 letters request confirmation that Arista will produce "product specifications" and "product requirements related communications." Arista so confirms, subject to the limitations above.

**Request for Production 22**

Subject to its objections, Arista agrees to produce "All Communications and Documents Concerning any product reviews, comparisons, and performance tests or evaluations with respect to products that compete, directly or indirectly, with any of the Accused Products to the extent such documents relate to the accused features of Arista's products," insofar as those documents may be located through a reasonable search and are in Arista's possession, custody, or control.

1009945

Matthew D. Cannon
December 11, 2015
Page 3

### Requests for Production 49, 50, 54

These requests seek the identity of every Arista customer, which products Arista sold to them, and any indemnity agreements between Arista and its customers. Cisco has narrowed that request slightly; it now seeks that information for Arista's top 25 customers for every year since 2010. From our meet and confer call and your December 2 letter, we understand that Cisco intends to take third party discovery from Arista's customers that Cisco says will be relevant to its lost profits claim and its claim of indirect infringement of the asserted patents.

To date, Cisco has refused to identify a single sale that it claims it lost to Arista due to the accused features of Arista's products. Arista's Interrogatory 15, which was first propounded in April 2014, seeks such information. Cisco's response states only that it is "reasonable . . . to infer that a substantial portion of Arista's sales of any infringing devices come at Cisco's expense, in the form of lost market share and lost profits" because the parties are competitors. One of the many deficiencies in Cisco's response is that it fails to identify whether Cisco intends to rely on specific lost sales to prove its damages case, and if so, which ones.

We believe that Cisco's relevance arguments—if they have any merit—require Cisco first to respond fully to Arista's Interrogatory 15 and identify any sales Cisco believes it lost. Once Cisco has done that, Arista can consider Cisco's request for Arista's customer information in light of the specific customers Cisco contends it lost to Arista due to the accused features of Arista's products.

### Request for Production 63

We agreed to defer discussion of this request so that we can meet and confer on Arista's Requests for Production 15, 16, and 17 at the same time.

### Request for Production 70

Arista agrees to produce financial documents predating Arista's IPO that demonstrate information equivalent to that found in quarterly financial statements.

Best regards,

KEKER & VAN NEST LLP

EDUARDO E. SANTACANA

cc:   Cisco-Arista@quinnemanuel.com
      Cisco-AristaCopyrightTeam@kirkland.com
      ARISTA-KVN@kvn.com

1009945