# Ex. 21

KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
BRIAN L. FERRALL - # 160847
DAVID SILBERT - # 173128
MICHAEL S. KWUN - #198945
ASHOK RAMANI - # 200020
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   (415) 391-5400
Email:  rvannest@kvn.com;
bferrall@kvn.com; dsilbert@kvn.com;
mkwun@kvn.com, aramani@kvn.com

SUSAN CREIGHTON, SBN 135528
SCOTT A. SHER, SBN 190053
WILSON SONSINI GOODRICH &
ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C., 20006-3817
Telephone: (202) 973-8800
Email: screighton@wsgr.com;
ssher@wsgr.com

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Email: jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>ARISTA NETWORKS, INC.,<br><br>    Defendant. | Case No. 5:14-cv-05344-BLF (PSG)<br><br>**DEFENDANT ARISTA NETWORKS, INC.'S SIXTH SET OF INTERROGATORIES (NO. 21–25) TO PLAINTIFF CISCO SYSTEMS, INC.**<br><br>Date Filed: December 5, 2014<br><br>Trial Date: November 21, 2016 |

DEFENDANT ARISTA NETWORKS, INC.'S SIXTH SET OF INTERROGATORIES (NO. 21-25) TO
PLAINTIFF CISCO SYSTEMS, INC.
Case No. 5:14-cv-05344-BLF (PSG)

1045362

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Arista Networks, Inc. ("Arista") requests that Plaintiff Cisco Systems, Inc. ("Cisco") answer in writing and under oath the following Interrogatory within thirty days of service hereof.

## DEFINITIONS AND INSTRUCTIONS

The following Interrogatory is to be read, interpreted, and answered with reference to the following definitions and instructions.

## DEFINITIONS

1. "Cisco," "you," and "your" means Cisco Systems, Inc., including all agencies, divisions, instrumentalities, establishments, and branches thereof; all of its agents, employees, directors, officers, predecessors in interest, successors in interest, parents and subsidiaries; and anyone acting on their behalf.

2. "Arista" refers to Defendant Arista Networks, Inc., including all agencies, divisions, instrumentalities, establishments, and branches thereof; all of its agents, employees, directors, officers, predecessors in interest, successors in interest, parents and subsidiaries; and anyone acting on their behalf.

3. "CLI Command" means any expression that is used or recognized as a command in a command line interface.

4. "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

5. When used with respect to a natural person, "identify" means that you are required to provide the following information: name; last known business address; last known residence address; last known telephone number; names of the employers or businesses with whom the person is or was associated; and the person's title, position, and duties at the time relevant to the identification.

6. When used with respect to a person that is not a natural person, "identify" means that you are required to provide, to the extent applicable, the same information required as if the entity were a natural person, and to state the nature of the entity (e.g., partnership, corporation, etc.).

1

DEFENDANT ARISTA NETWORKS, INC.'S SIXTH SET OF INTERROGATORIES (NO. 21-25) TO PLAINTIFF CISCO SYSTEMS, INC.
Case No. 5:14-cv-05344-BLF (PSG)

1045362

7. When used with respect to a document, "identify" means that you are required to provide, to the extent applicable, the (i) type of document; (ii) date of the document; (iii) author(s), addressee(s) and recipient(s); and (iv) any Bates number assigned to the document in this action.

8. "Relating to" means relating to, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

9. "All," "any," and "each" shall each be construed as encompassing any and all.

10. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11. All pronouns shall be construed to refer to the masculine, feminine, or neuter gender, in singular or plural, as in each case makes the request more inclusive.

12. The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

The following instructions shall apply to each of the Interrogatories herein:

1. In answering the following Interrogatory, furnish all available information, including information in your possession, custody, or control. If you cannot fully respond to the following Interrogatory after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each Interrogatory that cannot be responded to fully and completely. In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the Interrogatory cannot be answered fully and completely; and state what knowledge, information or belief Cisco has concerning the unanswered portion of any such Interrogatories.

2. If any information requested is claimed to be privileged or otherwise immune from discovery, please provide all information falling within the scope of the Interrogatory which is not privileged, and for each item of information contained in a document to which a claim of

2
DEFENDANT ARISTA NETWORKS, INC.'S SIXTH SET OF INTERROGATORIES (NO. 21-25) TO PLAINTIFF CISCO SYSTEMS, INC.
Case No. 5:14-cv-05344-BLF (PSG)

1045362

privilege is made, identify such document with sufficient particularity for purposes of a motion to compel, such identification to include at least the following:

 (a) For documents: (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

 (b) For oral communications: (i) the name of the person making the communication and the names of persons present while the communications was made and, where not apparent, the relationship of the persons present to the person making the communications; (ii) the date and place of communications; and (iii) the general subject matter of the communications.

 3. Cisco's obligation to respond to this Interrogatory is continuing, and its responses are to be supplemented to include subsequently acquired information in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure.

## INTERROGATORIES

**INTERROGATORY NO. 21:**

Identify and describe in detail the factual and legal bases (including an identification of documents, if any, by Bates-stamp number, and witnesses knowledgeable about each fact) for your contention that Arista's alleged use of the asserted aspects of the copyrighted works does not constitute a "fair use" under 17 U.S.C. § 107, including all facts you contend are relevant to each of the following statutory factors:

(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;

(2) the nature of the copyrighted work;

(3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

(4) the effect of the use upon the potential market for or value of the copyrighted work.

**INTERROGATORY NO. 22:**

Identify and describe in detail all facts related to the use by any entity other than Cisco of

3

DEFENDANT ARISTA NETWORKS, INC.'S SIXTH SET OF INTERROGATORIES (NO. 21-25) TO PLAINTIFF CISCO SYSTEMS, INC.
Case No. 5:14-cv-05344-BLF (PSG)

1045362

any CLI Commands that are the same as or similar to any CLI Commands used by Cisco, including when you learned of the use, how you learned of the use, how you determined that the use was the same or similar, the persons involved in learning of the use, and the extent of the similarity of the use, such as the number of similar commands and the degree to which the commands are similar.

**INTERROGATORY NO. 23**

Identify and describe in detail all facts related to Cisco's decision not to pursue legal action against any entity, including but not limited to Huawei Technologies, Huawei America, Inc., Future Wei, Inc., Spot International, BSA International, Adtran, Accton, Procket, Netscreen, Dell, Juniper Networks, Redback Networks, any of their subsidiaries or affiliates, based on that entity's use of CLI Commands that are the same as or similar to CLI Commands used by Cisco, including the facts and factors relied upon in making the decision, the persons involved in making the decision, when the decision was made, and the Bates numbers of any documents produced in this action that are related to the decision or were relied upon in making the decision.

**INTERROGATORY NO. 24:**

For each CLI Command, mode, hierarchy, prompt, or command response that YOU contend Arista unlawfully copied, identify each and every asserted copyright-registered work in which such CLI Command, mode, hierarchy, prompt, or command response appears, including the registration number for the copyrighted work, the title of the registered computer code and the accompanying documentation, and the Bates number for the page of the filed deposit where the command appears in the copyright-registered work.

**INTERROGATORY NO. 25:**

For each copyright-registered work that Cisco alleges Arista unlawfully copied, identify the total number of commands, modes, hierarchies, prompts, responses, and lines of software code in the work.

4
DEFENDANT ARISTA NETWORKS, INC.'S SIXTH SET OF INTERROGATORIES (NO. 21-25) TO PLAINTIFF CISCO SYSTEMS, INC.
Case No. 5:14-cv-05344-BLF (PSG)

1045362

| | | |
|---|---|---|
| 1 | Dated: March 30, 2016 | KEKER & VAN NEST LLP |
| 2 | | |
| 3 | | By: /s/ Brian L. Ferrall |
| 4 | | BRIAN L. FERRALL |
| 5 | | Attorney for Defendant ARISTA NETWORKS, INC. |

5

DEFENDANT ARISTA NETWORKS, INC.'S SIXTH SET OF INTERROGATORIES (NO. 21-25) TO PLAINTIFF CISCO SYSTEMS, INC.
Case No. 5:14-cv-05344-BLF (PSG)

1045362

| | |
|---|---|
| 1 | PROOF OF SERVICE |
| 2 | I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest LLP, 633 Battery Street, San Francisco, CA 94111-1809. |
| 3 | |
| 4 | |
| 5 | On March 30, 2016, I served the following document(s): |
| 6 | **DEFENDANT ARISTA NETWORKS, INC.'S SIXTH SET OF INTERROGATORIES (NO. 21-25) TO PLAINTIFF CISCO SYSTEMS, INC.** |
| 7 | |
| 8 | ☑  by **COURIER**, by placing Original in a sealed envelope addressed as shown below, and dispatching a messenger from Nationwide Legal LLC, whose address is 859 Harrison Street, Suite A, San Francisco, California 94107, with instructions to hand-carry the above and make delivery to the following during normal business hours, by leaving the package with the person whose name is shown or the person authorized to accept courier deliveries on behalf of the addressee. |
| 9 | |
| 10 | |
| 11 | |
| 12 | Sean Sang-Chul Pak<br>John M. Neukom<br>Quinn Emanuel Urquhart & Sullivan LLP<br>50 California Street, Floor 22<br>San Francisco, CA  94111<br>Tel:    (415) 875-6320<br>Fax:   (415) 875-6700<br>seanpak@quinnemanuel.com<br>johnneukom@quinnemanuel.com<br>Cisco-Arista@quinnemanuel.com |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | ☑  by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error. |
| 19 | |
| 20 | Kathleen Marie Sullivan                                Adam R. Alper |
| 21 | Quinn Emanuel Urquhart & Sullivan LLP      Kirkland & Ellis LLP<br>51 Madison Avenue, 22nd Floor                   555 California Street |
| 22 | New York, NY 10022                                      San Francisco, CA  94104<br>Tel:    (212)0 849-7000                                 Tel:    (415) 439-1476 |
| 23 | kathleensullivan@quinnemanuel.com         Fax:   (415) 439-1500<br>                                                                       aalper@kirkland.com |
| 24 | Mark Yeh-Kai Tung                                       Steven C. Cherny |
| 25 | Quinn Emanuel Urquhart & Sullivan LLP      Kirkland & Ellis LLP<br>555 Twin Dolphin Drive, 5th floor             601 Lexington Avenue |
| 26 | Redwood Shores, CA  94065                        New York, NY  10022<br>Tel:    (650) 801-5000                                 Tel:    (212) 446-4800 |
| 27 | marktung@quinnemanuel.com                    Fax:   (212) 446-6460<br>                                                                       Steven.cherny@kirkland.com |
| 28 | |

6

DEFENDANT ARISTA NETWORKS, INC.'S SIXTH SET OF INTERROGATORIES (NO. 21-25) TO
PLAINTIFF CISCO SYSTEMS, INC.
Case No. 5:14-cv-05344-BLF (PSG)

1045362

Michael W. De Vries
Kirkland & Ellis LLP
333 South Hope Street, 29th floor
Los Angeles, CA 90071
Tel:   (213) 680-8590
Fax:   (213) 680-8500
michael.devries@kirkland.com
Cisco-AristaCopyrightTeam@kirkland.com

Executed on March 30, 2016, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*/s/ Gloria A. Peterson*
Gloria A. Peterson

---

7
DEFENDANT ARISTA NETWORKS, INC.'S SIXTH SET OF INTERROGATORIES (NO. 21-25) TO
PLAINTIFF CISCO SYSTEMS, INC.
Case No. 5:14-cv-05344-BLF (PSG)

1045362