UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS INC,<br>  Plaintiff,<br>v.<br>ARISTA NETWORKS, INC.,<br>  Defendant. | Case No. 14-cv-05344-BLF<br><br>**ORDER DENYING MOTIONS TO SEAL**<br>[Re: ECF 271, 280] |

Before the Court is Arista's administrative motion to file under seal Exhibit C to the declaration of David J. Rosen in support of Arista's Partially Unopposed Motion to Stay Patent Claims Pending *Inter Partes* Review, ECF 271, and Cisco's administrative motion to file under seal Exhibits 1 and 2 to the Declaration of John Neukom in Support of Cisco's Opposition to Arista's Motion to Stay, ECF 280. For the reasons stated below, the motions are DENIED.

## I.  LEGAL STANDARD

Unless a particular court record is one 'traditionally kept secret,'" a "strong presumption in favor of access" to judicial records "is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal judicial records relating to a dispositive motion bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79. This standard is invoked "even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1179 (citing *Foltz*, 331 F.3d at 1136). Compelling reasons for sealing court files generally exist when such "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade

secrets." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."  *Kamakana*, 447 F.3d at 1179.

In this District, parties seeking to seal judicial records must furthermore follow Civil Local Rule 79-5, which requires, *inter alia*, that a sealing request be "*narrowly tailored* to seek sealing *only* of sealable material."  Civil L.R. 79-5(b) (emphasis added).  Where the submitting party seeks to file under seal a document designated confidential by another party, the burden of articulating compelling reasons for sealing is placed on the designating party.  *Id.* 79-5(e).

## II.   DISCUSSION

Arista moves to seal portions of Exhibit C because Cisco designated Exhibit C as "Highly Confidential—Attorneys Eyes Only."  Declaration of David Rosen, ECF 271-1.  Cisco, as the designating party, did not file a declaration in support of sealing Exhibit C.  Cisco moves to seal Exhibits 1 and 2 because Arista designated them as "HIGHLY CONFIDENTIAL–SOURCE CODE" and/or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."  Arista, as the designating party, did not file a declaration in support of sealing Exhibits 1 and 2.  Accordingly, the Court DENIES Arista's motion to seal and Cisco's motion to seal.

## III.   ORDER

For the foregoing reasons, the sealing motions at ECF 271 and ECF 280 are DENIED.  Under Civil Local Rule 79-5(e)(2), for any request that has been denied because the party designating a document as confidential or subject to a protective order has not provided sufficient reasons to seal, the submitting party must file the unredacted (or lesser redacted) documents into the public record no earlier than 4 days and no later than 10 days form the filing of this order.

**IT IS SO ORDERED.**

Dated: June 15, 2016

_____
BETH LABSON FREEMAN
United States District Judge