Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Mark Tung (SBN 245782)
marktung@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven Cherny *(admitted pro hac vice)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ARISTA NETWORKS, INC.,<br><br>Defendant. | CASE NO. 5:14-cv-5344-BLF (PSG)<br><br>**CISCO SYSTEMS, INC.'S OPPOSITION TO MOTION TO COMPEL**<br><br>Date:   July 13, 2016<br>Time:   1:00 p.m.<br>Dept.:  Courtroom 7, 4th Floor<br>Judge:  Hon. Nathanael Cousins |

02099-00004/8062252.4

## I. INTRODUCTION

Arista's current motion to compel differs from its prior motion because, here, Arista already has the information it seeks to compel and makes no showing that Cisco's Rule 33(d) responses are inadequate. Moreover, while Arista has access to the relevant materials and details about Cisco's contentions, the precise enumeration it now seeks—such as "the Bates number for the page *of the filed deposit* where the command appears in the copyright-registered work"—cannot literally be carried out. The Copyright Office does not require applicants to deposit all of the elements of their computer program for registration. Instead, for confidentiality reasons, the Office requires deposit of only "identifying portions of the program" (in all cases less than 50 pages). 37 C.F.R. § 202.20(c)(2)(vii). Additionally, Arista's request is based on a misrepresentation of copyright law and mischaracterization of Cisco's allegations; copyright protection for computer programs, and Cisco's claims in this case, are not limited to the literal text that appears in a computer program's source code. Indeed, non-literal elements (*i.e.*, those that are not reduced to written code) are protected and very relevant in this case as Cisco has made clear in its pleadings and interrogatory responses.

Arista thus is not seeking any new information; it is instead using discovery motion practice to try to compel Cisco to mischaracterize the nature and scope of its copyright infringement claims and create a Sisyphean burden for Cisco. But Cisco has already fully and adequately identified the copyright registered works and the portions of those works that Arista has copied (from the pleadings stage onward). Cisco has also provided all of the documentation from which Arista could obtain its requested additional details, including page numbers and word counts—precisely as Rule 33(d) permits. In its current motion Arista has not even addressed, much less attempted to satisfy, the standard for a motion to compel in Rule 33(d) circumstances.

## II. LEGAL STANDARD

A party's response to an interrogatory may refer to business records "if the burden of deriving or ascertaining the answer will be substantially the same for either party." *Cefalu v. Holder*, 2013 U.S. Dist. LEXIS 113485, 8-9 (N.D. Cal. Aug. 12, 2013); *citing* Fed. R. Civ. P.

33(d). "*A requesting party* [such as Arista] *claiming an inappropriate use of Rule 33(d) must make a prima facie showing that the use of Rule 33(d) is somehow inadequate, whether because the information is not fully contained in the documents or because it is too difficult to extract.*" *RSI Corp. v. Int'l Bus. Machines Corp.*, No. 08-CV-3414, 2012 U.S. Dist. LEXIS 105986, 2012 WL 3095396, at *1 (N.D. Cal. July 30, 2012) (emphasis added).[1]

### III.   ARISTA MISLEADS THIS COURT BY MISSTATING BASIC PRINCIPLES OF COPYRIGHT LAW

In seeking to compel Cisco to formulate a massive quantity of detail about irrelevant aspects of this case, Arista makes notable misstatements of copyright law. ***First***, Arista repeatedly claims that Cisco's copyright claims are based solely on "source code." Docket No. 278 ("Mot.") at 3. That is wrong.  Copyright protects "original works of authorship," and the law is clear that computer programs are protected as a type of literary work. *Atari Games Corp. v. Nintendo of Am., Inc.*, 975 F.2d 832, 838 (Fed. Cir. 1992). As a literary work, it is "well established that copyright protection can extend to both literal and non-literal elements of a computer program." *Oracle America, Inc. v. Google Inc.*, 750 F.3d 1339, 1355 (Fed. Cir. 2014). "The literal elements of a computer program are the source code and object code." *Id.* Copyright protection is not limited to literal elements, however, and the "non-literal components of a computer program include, among other things, the program's sequence, structure, and organization, as well as the program's user interface." *Id.* at 1355–56.

Cisco's registration of its copyrighted computer programs entitle Cisco to bring suit (as it has done here) based not just on source code, but all components of those programs, whether literal or non-literal elements. Thus, contrary to Arista's misstatement of the law, Cisco need not "point to where those expressions appear in a registered work . . . to maintain a claim for unlawful

---

[1] If the party claiming that the use of Rule 33(d) is inappropriate meets that burden—by showing that the information is not fully contained in the identified documents, or that it is too difficult to extract—then the burden shifts to the responding party to show that "(1) a review of the documents will actually reveal answers to the interrogatories; and (2) the burden of deriving the answer is substantially the same for the party serving the interrogatory as for the party served." *Id*.

copying of those expressions." Mot. at 6.

***Second***, Arista repeatedly conflates the ***computer programs registered*** by Cisco with the Copyright Office and the ***deposit materials*** that were provided to the Copyright Office as part of that registration process. Pursuant to 37 C.F.R. § 202.20(c)(2)(vii), the Copyright Office does not require that an entire computer program be deposited for registration. Instead, as here, only "identifying portions of the program" need be deposited. *Id.* Regardless of the amount of material deposited, however, the entire computer program is registered for the purposes of 17 U.S.C. § 411. Thus, when Arista issued its interrogatory seeking "the Bates number for the page of the ***filed deposit*** where the command appears," and now moves to compel on the same request, Arista misses the point on fundamental copyright law and registration procedures.

## IV. ARISTA FAILS ENTIRELY TO ADDRESS THE RELEVANT LEGAL STANDARD FOR A MOTION TO COMPEL ON RULE 33(D) ANSWERS

Arista failed to show (even to attempt to show) that the information it seeks in interrogatory Nos. 24 and 25 is not fully contained in the documents that Cisco has identified, or that it would be too difficult for Arista to extract the requested data from those documents. That should be the end of the Court's analysis; Arista cannot prevail on a motion to compel that fails to address or satisfy the governing standard for the requested relief. *RSI Corp.*, 2012 U.S. Dist. LEXIS 105986, 2012 WL 3095396, at *1. If the information that Arista seeks is not in the documents identified by Cisco, or is somehow especially difficult for Arista to discern, Arista has not even attempted to make that showing. Arista has instead misstated the copyright laws and misled this Court in attempting to argue that Cisco should be forced to compile a massive amount of irrelevant and hyper-detailed information, based on documents equally available to both parties

## V. CISCO'S RESPONSE TO INTERROGATORY 24 IS SUFFICIENT

Arista's interrogatory No. 24 asks Cisco to identify each and every place within the Copyright Office deposits for the twenty-six registered copyrighted works (that Cisco is asserting in this case) that the allegedly infringed "CLI command, mode, hierarchy, prompt or command response[s]" can be located. Docket No. 279-1. Notwithstanding the complaints in Arista's motion, Cisco has already provided ample information along these lines:

- Cisco has already identified which of its registered works contain the prompts, command modes, and hierarchies that Cisco claims Arista copied in response to Arista's Interrogatory No. 2. Neukom Decl. (filed herewith), Exs. 1-3 (redacted).

- Cisco has also already informed Arista of the first time that (Cisco asserts with supporting evidence) each of its 500 CLI commands appeared in a Cisco operating system. Docket No. 279-5.

- The copied content by Arista that Cisco claims is infringing its copyrights is furthermore clearly set out in the exhibits to Cisco's response to Interrogatory 2, which contains the CLI commands, prompts, command modes and hierarchies that Cisco is alleging Arista copied. Neukom Decl., Exs. 1-3. (Cisco specifically cited its response to Interrogatory 2 in its response to Interrogatory 24. *See* Docket No. 279-4 at p. 28.)

- Furthermore, the documents and files containing Cisco's registered works are clearly set out in the chart contained in Cisco's supplemental response to Interrogatory 24, which directs Arista to Bates numbered documents and "Source Code." Docket No. 279-4 at pp. 29-33.

While Arista seems to suggest (now) that Cisco's reference to "Source Code" is not specific enough for Arista to understand what it is that Cisco is referring to (Mot. at 7), that is not accurate. During discovery, Cisco made the entirety of its source code (corresponding to Cisco's copyright registrations) available to Arista's counsel on a secure computer at the offices of Cisco's counsel. On that computer, the source code was clearly labeled according to Cisco's IOS versions, which correspond to Cisco's copyright registrations.

## VI. CISCO'S RESPONSE TO INTERROGATORY 25 IS SUFFICIENT

Arista's interrogatory No. 25 seeks the total number of "commands, modes, hierarchies, prompts, responses and lines of software code" for each of Cisco's twenty-six asserted copyright-registered works. That Arista is moving to compel on this interrogatory is especially strange given that Arista apparently already has this information; Arista's expert conducted this exercise and reported her results in her recently-served report. *See* Neukom Decl at para. 2. Arista should not be heard to ask Cisco to conduct an exercise that Arista has already performed.

Even if Arista had not already undertaken this task: Much like for Interrogatory 24, Cisco's response to Interrogatory 25 sets out the locations of all the documents needed in order to complete the task. Docket No. 279-4 at pp. 35-37. Arista has not even attempted to explain why the desired information is not located in those documents or is especially difficult to extract. Thus,

Arista has again failed to address or attempt to satisfy the governing standard for a motion to compel.

### VII. INTERROGATORY NO. 25 IS ONLY MARGINALLY RELEVANT UNDER THE CASE LAW

Contrary to Arista's argument (Mot. at 10), Cisco has no burden to physically count lines of code or commands in order to prove its case. Whether Arista's copyright infringement is material cannot be determined just by counting up all of the asserted copyrighted terms and dividing them by the total number of terms in the copyright-registered works. Rather, qualitative copying can show that the infringement was material, even if the amount of text that was copied was small in relation to the entire copyrighted work. *Harper & Row, Publrs. v. Nation Enters.*, 471 U.S. 539 (1985) (holding that quoting 300 words of a 200,000-word manuscript constitutes infringement because it constituted the "heart" of the work, and noting the "expressive value of the excerpts and their key role in the infringing work"). Given a correct understanding of the copyright laws—that an infringement analysis does not need to rely on a "word counting" exercise—Arista's request looks irrelevant, and unduly burdensome. Plus, the facts here show that the CLI commands that Arista copied from Cisco are a vital part of Arista's EOS. **More than half** of the commands that appear in Arista's user manuals for its first six versions of its EOS are ***Cisco's copyrighted CLI commands*** that were copied by Arista from Cisco and that are being asserted in this case. *See* Almeroth Decl. (filed herewith).

### VIII. CONCLUSION

Accordingly, Cisco respectfully requests that the Court deny Arista's Motion to Compel.

Dated:  June 16, 2016                    Respectfully submitted,

*/s/ John M. Neukom*

Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010

|   |   |
|---|---|
| 1 | Telephone: (212) 849-7000 |
|   | Facsimile: (212) 849-7100 |
| 2 |   |
|   | Sean S. Pak (SBN 219032) |
| 3 | seanpak@quinnemanuel.com |
|   | Amy H. Candido (SBN 237829) |
| 4 | amycandido@quinnemanuel.com |
|   | John M. Neukom (SBN 275887) |
| 5 | johnneukom@quinnemanuel.com. |
|   | QUINN EMANUEL URQUHART & |
| 6 | SULLIVAN LLP |
|   | 50 California Street, 22nd Floor |
| 7 | San Francisco, CA 94111 |
|   | Telephone: (415) 875-6600 |
| 8 | Facsimile: (415) 875-6700 |

Mark Tung (SBN 245782)
marktung@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven Cherny *admitted pro hac vice)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*