# Ex. A

KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
BRIAN L. FERRALL - # 160847
DAVID SILBERT - # 173128
MICHAEL S. KWUN - #198945
ASHOK RAMANI - # 200020
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   (415) 391-5400
Email:  rvannest@kvn.com;
bferrall@kvn.com; dsilbert@kvn.com;
mkwun@kvn.com, aramani@kvn.com

SUSAN CREIGHTON, SBN 135528
SCOTT A. SHER, SBN 190053
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C., 20006-3817
Telephone:  (202) 973-8800
Email:  screighton@wsgr.com;
ssher@wsgr.com

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>            Plaintiff,<br><br>      v.<br><br>ARISTA NETWORKS, INC.,<br><br>            Defendant. | Case No. 5:14-cv-05344-BLF (NC)<br><br>**REPLY IN SUPPORT OF MOTION TO COMPEL**<br><br>Judge:        Hon. Nathanael Cousins<br><br>Date Filed:  December 5, 2014<br><br>Trial Date:  November 21, 2016 |

This reply addresses two new arguments in Cisco's opposition to Arista's Motion to Compel, ECF Nos. 278 (Mot.), 312 (Opp.), neither of which has merit.

First, Cisco appears to argue that because a plaintiff can assert copying of "non-literal elements" of a work (*id.* at 1:13–14), Cisco need not identify *literal* elements that it asserts Arista copied. If Cisco were only asserting copying of non-literal elements, then perhaps its position would have merit. But Cisco apparently seeks to maintain flexibility to assert copying of literal text also. *See id.* at 1:12-13. If so, it must identify that text in a registered work. Otherwise, there is no way to know whether any asserted literal element was even registered, and if so when, or whether the text was allegedly copied verbatim or loosely paraphrased.

Cisco has not disclosed this information. Exhibit A to the Neukom Declaration, ECF Nos. 313-1 to 313-6, was attached to an interrogatory response that says that it lists "examples" of copying. ECF No. 306-2 at 9:24–27. If that exhibit identifies ***all*** literal elements of all registered works that Cisco asserts were copied, Cisco should so state, and fill in the Bates Number citations to the actual registered works, which response can then define the scope of the case. But if it intends to assert at trial that more literal elements were copied, it must identify them—it can't force Arista to guess, especially when the answer is far from clear.[1]

Second, Cisco's argument that it deposited only excerpts of its source code files with the Copyright Office misses the point. The purpose of the deposit is to disclose "identifying portions" of the registered work to the Copyright Office and the public. 37 C.F.R. § 202.20(c)(2)(vii)(A). Arista understands that Cisco is relying on the entire registered work, not just the deposited portion, and Arista is entitled to know what literal elements within those works were allegedly copied. If Cisco cannot supply this basic information at the close of discovery, that should only be because Cisco will not assert at trial that Arista copied any such literal elements. Cisco cannot refuse to identify those elements to Arista in discovery, while simultaneously reserving its right to present them to the jury.

---

[1] Cisco also cites to Exhibits B and C to its response to Interrogatory 2, ECF Nos. 313-7, 313-8, which simply list a host of Cisco operating systems allegedly associated with each command or mode, but those are lawyer-created charts. They are not evidence that Cisco could use to show that the command is present in those operating systems or a particular registered product manual, or that Arista could use to test the accuracy of Cisco's assertions

1

REPLY IN SUPPORT OF MOTION TO COMPEL
Case No. 5:14-cv-05344-BLF (NC)

| | |
|---|---|
| Dated: June 16, 2016 | KEKER & VAN NEST LLP |
| | By: */s/ Brian L. Ferrall*<br>BRIAN L. FERRALL |
| | Attorney for Defendant<br>ARISTA NETWORKS, INC. |