Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Mark Tung (SBN 245782)
marktung@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven Cherny *(admitted pro hac vice)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ARISTA NETWORKS, INC., <br><br> Defendant. | CASE NO. 5:14-cv-5344-BLF (PSG) <br><br> **DECLARATION OF SARA E. JENKINS IN SUPPORT OF ARISTA NETWORKS, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CONFIDENTIAL INFORMATION IN ARISTA NETWORKS, INC.'S MOTION TO STRIKE** <br><br> **DEMAND FOR JURY TRIAL** |

**DECLARATION OF SARA E. JENKINS**

I, Sara E. Jenkins, declare as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate with the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Plaintiff Cisco Systems, Inc. ("Cisco"). I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2. I make this declaration in support of Arista's Administrative Motion to File Under Seal Confidential Information (Dkt. 304) in connection with Arista's Arista's Motion to Strike Late Contentions or Alternatively to Continue Case Schedule ("Arista's Brief"). I make this declaration in accordance with Civil Local Rule 79-5(e) on behalf of Cisco to confirm that the information contained in the documents referenced in the Sealing Motion should be sealed.

3. Arista's Brief is non-dispositive. In this context, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamkana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003)). In addition, Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, that the document is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id*.

4. Pursuant to Civil L.R. 79-5(e), good cause exists to seal the documents identified in the Sealing Motion, also set forth below, because the information sought to be sealed reflects confidential information that "give[s] [Cisco] an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Restatement of Torts* § 757, cmt b).:

02099-00004/8078837.1

2
DECLARATION OF SARA E. JENKINS IN SUPPORT OF ARISTA NETWORKS, INC.'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (PSG)

| Document | Portions to Be Filed Under Seal |
|---|---|
| Arista's Motion to Strike Late Contentions or Alternatively to Continue Case Schedule | Highlighted portions |
| Exhibit 7 to the Declaration of Eduardo E. Santacana in Support of Arista's Motion to Strike Late Contentions or Alternatively to Continue Case Schedule | Highlighted portions |
| Exhibit 8 to the Declaration of Eduardo E. Santacana in Support of Arista's Motion to Strike Late Contentions or Alternatively to Continue Case Schedule | Entire |
| Exhibit 9 to the Declaration of Eduardo E. Santacana in Support of Arista's Motion to Strike Late Contentions or Alternatively to Continue Case Schedule | Entire |
| Exhibit 10 to the Declaration of Eduardo E. Santacana in Support of Arista's Motion to Strike Late Contentions or Alternatively to Continue Case Schedule | Entire |
| Exhibit 11 to the Declaration of Eduardo E. Santacana in Support of Arista's Motion to Strike Late Contentions or Alternatively to Continue Case Schedule | Entire |
| Exhibit 12 to the Declaration of Eduardo E. Santacana in Support of Arista's Motion to Strike Late Contentions or Alternatively to Continue Case Schedule | Highlighted portions |
| Exhibit 16 to the Declaration of Eduardo E. Santacana in Support of Arista's Motion to Strike Late Contentions or Alternatively to Continue Case Schedule | Highlighted portions |
| Exhibit 17 to the Declaration of Eduardo E. Santacana in Support of Arista's Motion to Strike Late Contentions or Alternatively to Continue Case Schedule | Entire |
| Exhibit 18 to the Declaration of Eduardo E. Santacana in Support of Arista's Motion to Strike Late Contentions or Alternatively to Continue Case Schedule | Entire |
| Exhibit 19 to the Declaration of Eduardo E. Santacana in Support of Arista's Motion to Strike Late Contentions or Alternatively to Continue Case Schedule | Highlighted portions |
| Exhibit 20 to the Declaration of Eduardo E. Santacana in Support of Arista's Motion to Strike Late Contentions or Alternatively to Continue Case Schedule | Entire |

02099-00004/8078837.1

3
DECLARATION OF SARA E. JENKINS IN SUPPORT OF ARISTA NETWORKS, INC.'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (PSG)

5.      Exhibit 7 is Cisco's Supplemental Responses to Arista's Interrogatories 2-10.  The highlighted portions of this document were designated as "Highly Confidential – Attorneys' Eyes Only" and "Highly Confidential – Source Code" under the Protective Order in this matter.  Exhibit 7 comprises Cisco's confidential business information regarding, *inter alia*, Cisco's software and source code.  Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may compete with Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn of Cisco's confidential technology and technological advances and allowing others to copy or adopt confidential aspects of Cisco's products.  This would "harm [Cisco's] competitive standing."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

6.      Exhibit 8 is an exhibit to Cisco's Supplemental Responses to Arista's Interrogatory 2.  It was designated as "Highly Confidential – Source Code" under the Protective Order in this matter.   Exhibit 8 comprises Cisco's confidential business information regarding, *inter alia*, Cisco's software and source code.  Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may compete with Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn of Cisco's confidential technology and technological advances and allowing others to copy or adopt confidential aspects of Cisco's products.  This would "harm [Cisco's] competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

7.      Exhibit 9 is an exhibit to Cisco's Supplemental Responses to Arista's Interrogatory 2.  It was designated as "Highly Confidential – Source Code" under the Protective Order in this matter.   Exhibit 9 comprises Cisco's confidential business information regarding, *inter alia*, Cisco's software and source code.  Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may compete with Cisco.

02099-00004/8078837.1

4
DECLARATION OF SARA E. JENKINS IN SUPPORT OF ARISTA NETWORKS, INC.'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (PSG)

1  *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this information to Cisco's competitors

2  would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn of Cisco's

3  confidential technology and technological advances and allowing others to copy or adopt

4  confidential aspects of Cisco's products.  This would "harm [Cisco's] competitive standing."

5  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

6        8.      Exhibit 10 is a copy portions of the expert report of Kevin Almeroth and was

7  designated as "Highly Confidential – Attorneys' Eyes Only Information" and "Highly

8  Confidential – Source Code" under the Protective Order.   Exhibit 10 contains Cisco's confidential

9  business information regarding, *inter alia*, Cisco's software and source code.  Maintaining this

10 information as confidential provides Cisco with an "opportunity to obtain an advantage over

11 competitors" who may compete with Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover,

12 disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*,

13 allowing Cisco's competitors to learn of Cisco's confidential technology and technological

14 advances and allowing others to copy or adopt confidential aspects of Cisco's products.  This

15 would "harm [Cisco's] competitive standing."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589,

16 598 (1978).

17       9.      Exhibit 11 is an exhibit to Cisco's Supplemental Responses to Arista's

18 Interrogatory 2.  It was designated as "Highly Confidential – Source Code" under the Protective

19 Order in this matter.   Exhibit 11 comprises Cisco's confidential business information regarding,

20 *inter alia*, Cisco's software and source code.  Maintaining this information as confidential

21 provides Cisco with an "opportunity to obtain an advantage over competitors" who may compete

22 with Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this information to Cisco's

23 competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn of

24 Cisco's confidential technology and technological advances and allowing others to copy or adopt

25 confidential aspects of Cisco's products.  This would "harm [Cisco's] competitive standing."

26 *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

27  02099-00004/8078837.1

5
DECLARATION OF SARA E. JENKINS IN SUPPORT OF ARISTA NETWORKS, INC.'S
28  ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (PSG)

10.     Exhibit 12 is Cisco's Supplemental Responses to Arista's Interrogatories 20. The highlighted portions of this document were designated as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order in this matter. Exhibit 12 comprises Cisco's confidential business information regarding, *inter alia*, competition, strategies and competitive intelligence. Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may compete with Cisco and gather information regarding the same less optimally than Cisco. *Elec. Arts*, 298 F. App'x at 569. Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn of Cisco's strategies for making sales and for gathering information in furtherance of the same, and allowing competitors to in turn adopt and/or counteract Cisco's strategies. This would "harm [Cisco's] competitive standing." *Nixon*, 435 U.S. at 598.

11.     Exhibits 16 and 17 are Cisco's Supplemental Response to Arista's Interrogatory 15 and exhibit thereto. The highlighted portion of Exhibit 16 and all of Exhibit 17 are designated as "Highly Confidential – Attorneys' Eyes Only Information." Exhibits 16 and 17 comprise Cisco's confidential business information regarding, *inter alia*, Cisco's customers and competition and related strategies. Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may compete with Cisco and gather information regarding the same less optimally than Cisco. *Elec. Arts*, 298 F. App'x at 569. Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn of Cisco's strategies for making sales and for gathering information in furtherance of the same, and allowing competitors to in turn adopt and/or counteract Cisco's strategies. This would "harm [Cisco's] competitive standing." *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978).

12.     Exhibit 18 is an excerpt of the deposition testimony of Frank Palumbo and has been designated as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. Exhibit 18 comprises Cisco's confidential business information regarding, *inter alia*, customers, accounts,

02099-00004/8078837.1

6
DECLARATION OF SARA E. JENKINS IN SUPPORT OF ARISTA NETWORKS, INC.'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (PSG)

and competition.  Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may compete with Cisco and engage in marketing and sales less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn the identity of Cisco's customers and allowing competitors to in turn target Cisco's customers and adopt and/or counteract Cisco's strategies.  This would "harm [Cisco's] competitive standing."  *Nixon*, 435 U.S. at 598.

13.     Exhibits 19 and 20 are Cisco's Supplemental Response to Arista's Interrogatory 15 and exhibit thereto.  The highlighted portion of Exhibit 19 and all of Exhibit 20 are designated as "Highly Confidential – Attorneys' Eyes Only Information."  Exhibits 16 and 17 comprise Cisco's confidential business information regarding, *inter alia*, Cisco's customers and competition and related strategies.  Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may compete with Cisco and gather information regarding the same less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn of Cisco's strategies for making sales and for gathering information in furtherance of the same, and allowing competitors to in turn adopt and/or counteract Cisco's strategies.  This would "harm [Cisco's] competitive standing."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

14.     The portions of Arista's Brief to be sealed discuss Cisco's confidential information from the above exhibits regarding Cisco's competitive strategies, source code, and confidential technology.  Thus, these portions similarly comprise Cisco's confidential business information, the confidentiality of which provides Cisco an "opportunity to obtain an advantage over competitors," and which would harm Cisco's business if disclosed to Cisco's competitors.  *Elec. Arts*, 298 F. App'x at 569.

02099-00004/8078837.1

7

DECLARATION OF SARA E. JENKINS IN SUPPORT OF ARISTA NETWORKS, INC.'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (PSG)

1    I declare under penalty of perjury under the laws of the State of California that the
2 foregoing is true and correct, and that this declaration was executed in Redwood Shores,
3 California, on June 17, 2016.

4

5                                          */s/ Sara E. Jenkins*
                                           Sara E. Jenkins
6

02099-00004/8078837.1

8
DECLARATION OF SARA E. JENKINS IN SUPPORT OF ARISTA NETWORKS, INC.'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (PSG)