# EXHIBIT F

1  Kathleen Sullivan (SBN 242261)
   kathleensullivan@quinnemanuel.com
2  QUINN EMANUEL URQUHART &
   SULLIVAN LLP
3  51 Madison Avenue, 22nd Floor
   New York, NY 10010
4  Telephone: (212) 849-7000
   Facsimile: (212) 849-7100
5
   Sean S. Pak (SBN 219032)
6  seanpak@quinnemanuel.com
   John M. Neukom (SBN 275887)
7  johnneukom@quinnemanuel.com.
   QUINN EMANUEL URQUHART &
8  SULLIVAN LLP
   50 California Street, 22nd Floor
9  San Francisco, CA 94111
   Telephone: (415) 875-6600
10 Facsimile: (415) 875-6700

11 Mark Tung (SBN 245782)
   marktung@quinnemanuel.com
12 QUINN EMANUEL URQUHART &
   SULLIVAN LLP
13 555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, CA 94065
14 Telephone: (650) 801-5000
   Facsimile: (650) 801-5100

Steven Cherny (admitted *pro hac vice*)
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

16 *Attorneys for Plaintiff Cisco Systems, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARISTA NETWORKS, INC., <br><br> Defendant. | CASE NO. 5:14-cv-05344-BLF <br><br> **PLAINTIFF CISCO SYSTEMS, INC. FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-84) TO DEFENDANT ARISTA NETWORKS, INC.** |

**REQUEST FOR PRODUCTION NO. 21:**

All Communications, Documents, and Things Concerning the marketing or advertising of each Accused Product, including all marketing studies, marketing plans, marketing surveys, competitive product analyses, promotional material, informational material, advertising material, sales training materials, and memoranda to sales personnel.

**REQUEST FOR PRODUCTION NO. 22:**

All Communications and Documents Concerning any product reviews, comparisons, and performance tests or evaluations with respect to products that compete, directly or indirectly, with any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to identify the internal and external name(s) of each Accused Product.

**REQUEST FOR PRODUCTION NO. 24:**

Documents sufficient to identify the internal and external model number(s) of each Accused Product.

**REQUEST FOR PRODUCTION NO. 25:**

Documents sufficient to correlate the internal and external name(s) and internal and external model number(s) of each Accused Product.

**REQUEST FOR PRODUCTION NO. 26:**

Documents sufficient to identify the U.S. release dates of each Accused Product.

**REQUEST FOR PRODUCTION NO. 27:**

Documents sufficient to identify the time period during which each Accused Product was sold or offered for sale in the U.S.

**REQUEST FOR PRODUCTION NO. 28:**

Documents sufficient to identify the total number of units sold, the gross revenue (in U.S. dollars), the net profits (in U.S. dollars), the profit margins (in U.S. dollars), and the costs (in U.S. dollars) associated with each Accused Product for each yearly quarter dating back to October 2004.

**REQUEST FOR PRODUCTION NO. 29:**

Documents sufficient to correlate the internal and external name(s) and internal and external model number(s) of each Accused Product with the quarterly sales, revenue, and profit You obtained from each Accused Product.

**REQUEST FOR PRODUCTION NO. 30:**

All Communications, Documents, Source Code, and Things Concerning the statement in Your Answer, that "Arista's products would be driven by a completely new operating system, developed from scratch, that offered a fresh, open, programmable and modular architecture in contrast to the closed, proprietary systems used by legacy vendors such as Cisco."

**REQUEST FOR PRODUCTION NO. 31:**

All Communications, Documents, Source Code, and Things Concerning the statement in Your Answer, that "Although EOS's architecture was radically different than Cisco's, Arista openly advertised that its switches could be configured and monitored using well-known 'industry standard' command-line interface ('CLI') commands that were commonly used with Cisco routers."

## PROOF OF SERVICE

I hereby certify that, at the date entered below, I caused a true and correct copy of the foregoing to be served by transmission via electronic mail to the addresses below and that I caused a true and correct copy of the foregoing to be served by placing true and correct copies thereof in an envelope addressed to the persons named below at the addresses shown, and by sealing and depositing that envelope in the United States Mail at San Francisco, California, with fully prepaid postage:

| | |
|---|---|
| Juanita R. Brooks<br>brooks@fr.com<br>Fish & Richardson P.C.<br>12390 El Camino Real<br>San Diego, CA 92130-2081 | Brian L. Ferrall<br>blf@kvn.com<br>Michael S. Kwun<br>mkwun@kvn.com<br>David J. Silbert<br>djs@kvn.com |
| Kelly C. Hunsaker<br>hunsaker@fr.com<br>Fish & Richardson PC<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063 | Robert Van Nest<br>rvannest@kvn.com<br>Keker & Van Nest LLP<br>633 Battery Street<br>San Francisco, CA 94111-1809 |
| Ruffin B. Cordell<br>cordell@fr.com<br>Lauren A. Degnan<br>degnan@fr.com<br>Michael J. McKeon<br>mckeon@fr.com<br>Fish & Richardson PC<br>1425 K Street NW<br>11th Floor<br>Washington, DC 20005 | |

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 26, 2015, at San Francisco, California.

/s/ Matthew D. Cannon
Matthew D. Cannon