# EXHIBIT H

KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
BRIAN L. FERRALL - # 160847
bferrall@kvn.com
DAVID J. SILBERT - # 173128
dsilbert@kvn.com
MICHAEL S. KWUN - # 198945
mkwun@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., | Case No. 5-14-CV-05344-BLF |
| Plaintiff, | **DEFENDANT ARISTA NETWORKS, INC.'S RESPONSE TO PLAINTIFF CISCO SYSTEMS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-84)** |
| v. | |
| ARISTA NETWORKS, INC., | |
| Defendant. | |

DEFENDANT ARISTA'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION (NOS. 1-84)
Case No. 5-14-CV-05344-BLF

928563

1   documents containing proprietary, confidential, and/or private information.  Arista objects to this

2   request to the extent that it seeks documents subject to the attorney-client privilege, work product

3   immunity, or any other applicable privilege or immunity.  Arista further objects to the request to

4   the extent it seeks information that is already in the possession, custody, or control of Cisco.

5       Subject to and without waiving the foregoing general and specific objections, Arista

6   responds as follows:  Arista is willing to meet and confer with Cisco regarding the scope and

7   relevance of this request.

8   **REQUEST FOR PRODUCTION NO. 26:**

9       Documents sufficient to identify the U.S. release dates of each Accused Product.

10  **RESPONSE TO PRODUCTION NO. 26:**

11      Arista incorporates its General Objections above as though set forth in this response.

12  Arista also objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not

13  reasonably calculated to lead to the discovery of admissible evidence.  It is vague and ambiguous

14  in its use of the term "Accused Product." The request also overlaps with or duplicates other

15  discovery requests, including Cisco's First Set of Interrogatories.   Arista further objects to this

16  request to the extent that it attempts or purports to require disclosure of information and/or

17  documents containing proprietary, confidential, and/or private information.  Arista objects to this

18  request to the extent that it seeks documents subject to the attorney-client privilege, work product

19  immunity, or any other applicable privilege or immunity.  Arista further objects to the request to

20  the extent it seeks information that is already in the possession, custody, or control of Cisco.

21      Subject to and without waiving the foregoing general and specific objections, Arista

22  responds as follows:  Arista is willing to meet and confer with Cisco regarding the scope and

23  relevance of this request.

24  **REQUEST FOR PRODUCTION NO. 27:**

25      Documents sufficient to identify the time period during which each Accused Product was

26  sold or offered for sale in the U.S.

27  **RESPONSE TO PRODUCTION NO. 27:**

28      Arista incorporates its General Objections above as though set forth in this response.

928563

1   Arista also objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not

2   reasonably calculated to lead to the discovery of admissible evidence.  It is vague and ambiguous

3   in its use of the term "Accused Product."  The request also overlaps with or duplicates other

4   discovery requests, including Cisco's First Set of Interrogatories.  Arista further objects to this

5   request to the extent that it attempts or purports to require disclosure of information and/or

6   documents containing proprietary, confidential, and/or private information.  Arista objects to this

7   request to the extent that it seeks documents subject to the attorney-client privilege, work product

8   immunity, or any other applicable privilege or immunity.  Arista further objects to the request to

9   the extent it seeks information that is already in the possession, custody, or control of Cisco.

10          Subject to and without waiving the foregoing general and specific objections, Arista

11  responds as follows:  Arista is willing to meet and confer with Cisco regarding the scope and

12  relevance of this request.

13  **REQUEST FOR PRODUCTION NO. 28:**

14          Documents sufficient to identify the total number of units sold, the gross revenue (in U.S.

15  dollars), the net profits (in U.S. dollars), the profit margins (in U.S. dollars), and the costs (in U.S.

16  dollars) associated with each Accused Product for each yearly quarter dating back to October

17  2004.

18  **RESPONSE TO PRODUCTION NO. 28:**

19          Arista incorporates its General Objections above as though set forth in this response.

20  Arista also objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not

21  reasonably calculated to lead to the discovery of admissible evidence, including to the extent that

22  this request covers a time period "dating back to October 2004," without any indication of why

23  that time period is relevant.  It is vague and ambiguous in its use of the term "Accused Product."

24  Arista further objects to this request to the extent that it attempts or purports to require disclosure

25  of information and/or documents containing proprietary, confidential, and/or private information.

26  Arista objects to this request to the extent that it seeks documents subject to the attorney-client

27  privilege, work product immunity, or any other applicable privilege or immunity.  Arista further

28  objects to the request to the extent it seeks information that is already in the possession, custody,

928563

1    or control of Cisco.

2         Subject to and without waiving the foregoing general and specific objections, Arista

3    responds as follows:  Arista is willing to meet and confer with Cisco regarding the scope and

4    relevance of this request.

5    **REQUEST FOR PRODUCTION NO. 29:**

6         Documents sufficient to correlate the internal and external name(s) and internal and

7    external model number(s) of each Accused Product with the quarterly sales, revenue, and profit

8    You obtained from each Accused Product.

9    **RESPONSE TO PRODUCTION NO. 29:**

10        Arista incorporates its General Objections above as though set forth in this response.

11   Arista also objects to this request as vague, ambiguous, overbroad, unduly burdensome, and not

12   reasonably calculated to lead to the discovery of admissible evidence.  It is vague and ambiguous

13   in its use of the term "Accused Product."  Arista further objects to this request to the extent that it

14   attempts or purports to require disclosure of information and/or documents containing

15   proprietary, confidential, and/or private information.  Arista objects to this request to the extent

16   that it seeks documents subject to the attorney-client privilege, work product immunity, or any

17   other applicable privilege or immunity.  Arista further objects to the request to the extent it seeks

18   information that is already in the possession, custody, or control of Cisco.

19        Subject to and without waiving the foregoing general and specific objections, Arista

20   responds as follows:  Arista is willing to meet and confer with Cisco regarding the scope and

21   relevance of this request.

22   **REQUEST FOR PRODUCTION NO. 30:**

23        All Communications, Documents, Source Code, and Things Concerning the statement in

24   Your Answer, that "Arista's products would be driven by a completely new operating system,

25   developed from scratch, that offered a fresh, open, programmable and modular architecture in

26   contrast to the closed, proprietary systems used by legacy vendors such as Cisco."

27   **RESPONSE TO PRODUCTION NO. 30:**

28        Arista incorporates its General Objections above as though set forth in this response.

928563

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On April 30, 2015, I served the following document(s):

- **DEFENDANT ARISTA NETWORKS, INC.'S RESPONSES TO PLAINTIFF CISCO SYSTEMS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-84)**

☑   by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

Sean Sang-Chul Pak
John M. Neukom
Quinn Emanuel Urquhart & Sullivan LLP
50 California Street, Floor 22
San Francisco, CA 94111
Tel:   (415) 875-6320
Fax:   (415) 875-6700
seanpak@quinnemanuel.com
johnneukom@quinnemanuel.com
Cisco-Arista@quinnemanuel.com

Adam R. Alper
Kirkland & Ellis LLP
555 California Street
San Francisco, CA 94104
Tel:   (415) 439-1476
Fax:   (415) 439-1500
aalper@kirkland.com

Kathleen Marie Sullivan
Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Avenue, 22nd Floor
New York, NY 10022
Tel:   (212)0 849-7000
kathleensullivan@quinnemanuel.com

Mark Yeh-Kai Tung
Quinn Emanuel Urquhart & Sullivan LLP
555 Twin Dolphin Drive, 5th floor
Redwood Shores, CA 94065
Tel:   (650) 801-5000
marktung@quinnemanuel.com

Michael W. De Vries
Kirkland & Ellis LLP
333 South Hope Street, 29th floor
Los Angeles, CA 90071
Tel:   (213) 680-8590
Fax:   (213) 680-8500
michael.devries@kirkland.com
Cisco-AristaCopyrightTeam@kirkland.com

Steven C. Cherny
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
Tel:   (212) 446-4800
Fax:   (212) 446-6460
Steven.cherny@kirkland.com

928563

1   Executed on April 30, 2015, at San Francisco, California.

2   I declare under penalty of perjury under the laws of the State of California that the above is true
    and correct.
3

4

5                                          /s/ Alisa Thompson
                                           Alisa Thompson
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT ARISTA'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION (NOS. 1-84)
Case No. 5-14-CV-05344-BLF

928563