# EXHIBIT J

| | |
|---|---|
| Kathleen Sullivan (SBN 242261) | Steven Cherny (admitted *pro hac vice*) |
| kathleensullivan@quinnemanuel.com | steven.cherny@kirkland.com |
| QUINN EMANUEL URQUHART & SULLIVAN LLP | KIRKLAND & ELLIS LLP |
| 51 Madison Avenue, 22nd Floor | 601 Lexington Avenue |
| New York, NY 10010 | New York, New York 10022 |
| Telephone: (212) 849-7000 | Telephone: (212) 446-4800 |
| Facsimile: (212) 849-7100 | Facsimile: (212) 446-4900 |
| | |
| Sean S. Pak (SBN 219032) | Adam R. Alper (SBN 196834) |
| seanpak@quinnemanuel.com | adam.alper@kirkland.com |
| John M. Neukom (SBN 275887) | KIRKLAND & ELLIS LLP |
| johnneukom@quinnemanuel.com. | 555 California Street |
| QUINN EMANUEL URQUHART & SULLIVAN LLP | San Francisco, California 94104 |
| 50 California Street, 22nd Floor | Telephone: (415) 439-1400 |
| San Francisco, CA 94111 | Facsimile: (415) 439-1500 |
| Telephone: (415) 875-6600 | |
| Facsimile: (415) 875-6700 | Michael W. De Vries (SBN 211001) |
| | michael.devries@kirkland.com |
| Mark Tung (SBN 245782) | KIRKLAND & ELLIS LLP |
| marktung@quinnemanuel.com | 333 South Hope Street |
| QUINN EMANUEL URQUHART & SULLIVAN LLP | Los Angeles, California 90071 |
| 555 Twin Dolphin Drive, 5th Floor | Telephone: (213) 680-8400 |
| Redwood Shores, CA 94065 | Facsimile: (213) 680-8500 |
| Telephone: (650) 801-5000 | |
| Facsimile: (650) 801-5100 | |

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CISCO SYSTEMS, INC., | CASE NO. 5:14-cv-05344-BLF |
| Plaintiff, | |
| v. | **PLAINTIFF CISCO SYSTEMS, INC.'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT ARISTA NETWORKS, INC.'S FIRST SET OF INTERROGATORIES (NO. 15** |
| ARISTA NETWORKS, INC., | |
| Defendant. | |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Cisco Systems, Inc. ("Cisco"), by counsel, hereby provides its objections and responses to Defendant Arista Networks, Inc.'s ("Arista's") First Set of Interrogatories, which were served on Cisco on April 10, 2015 (the "Interrogatories").

## GENERAL OBJECTIONS

Cisco makes the following general objections to Arista's Interrogatories, which apply to each interrogatory regardless of whether the general objections are specifically incorporated into the specific objections and responses below.

1. Cisco is responding to each interrogatory as it interprets and understands each interrogatory with respect to the issues in this Litigation. If Arista asserts a different interpretation of any interrogatory, Cisco reserves the right to supplement or amend its responses or objections.

2. Cisco objects to each interrogatory to the extent it is inconsistent with or seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Civil and Patent Local Rules of the Northern District of California, and any orders governing this Litigation.

3. Cisco objects to the definitions of "Cisco," "You," and "Your," to the extent that the definitions are overly broad and purport to require Cisco to provide information that is not within the possession, custody, or control of Cisco.

4. Cisco objects to Arista's definition of "Asserted Patents" and "Asserted Claim" to the extent that Arista's use of those terms in its interrogatories to Cisco renders certain of Arista's Interrogatories as constituting multiple discrete subparts that are in fact multiple, separate interrogatories.

5. Cisco objects to the definitions of "CLI Command" and "Network Management Product" to the extent that these terms are vague and ambiguous with respect to their scope and application as used by Arista, rendering these terms at least potentially unclear with respect to what particular devices are intended to be incorporated thereby, and further on the grounds that use of the terms in Arista's Interrogatories renders those interrogatories overbroad and unduly burdensome to the extent that the discovery sought by such interrogatories is not reasonably tied to Cisco's claims or Arista's defenses in this Litigation. Cisco further objects to the use of these

1  terms in Arista's Interrogatories to the extent that such interrogatories are not reasonably
2  calculated to lead to the discovery of admissible evidence.
3        6.      Cisco objects to the definition of "Relating to" as vague and ambiguous and overly
4  broad, unduly burdensome, and further to the extent that interrogatories using such terms are not
5  reasonably calculated to lead to the discovery of admissible evidence.
6        7.      Cisco objects to the definition of "Identify" and the instructions set out in
7  Paragraphs 10–12 as overly broad, unduly burdensome, and further to the extent that
8  interrogatories using such terms are not reasonably calculated to lead to the discovery of
9  admissible evidence.  Cisco further objects to these definitions and instructions to the extent that
10 the burden of deriving or ascertaining the requested information is substantially the same for
11 Arista as it is for Cisco.
12       8.      Cisco objects to each and every interrogatory as overly broad, unduly burdensome,
13 cumulative, and duplicative to the extent it seeks identification of "any," "each," or "all"
14 documents of a specified type or nature, when a subset of such documents will provide the
15 requested information.  Cisco objects generally to each and every interrogatory as overly broad,
16 vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible
17 evidence, to the extent that it seeks information regarding "any," "each," or "all" persons, entities,
18 objects, or events.
19       9.      Cisco objects to the "Definitions" and "Instructions" of the Interrogatories to the
20 extent they alter the plain meaning of any specific interrogatory and render the interrogatory
21 vague, ambiguous, and overbroad.
22       10.     Cisco objects to each interrogatory to the extent that it is unlimited in temporal
23 and/or geographic scope, or to the extent it would require Cisco to provide information or
24 documents in violation of an applicable foreign law or regulation.
25       11.     Cisco objects to each interrogatory to the extent that it is overbroad, unduly
26 burdensome, and/or calls for provision of information or documents that are neither relevant to
27 any claim or defense in this litigation nor reasonably likely to lead to the discovery of admissible
28 evidence.

12. Cisco objects to each interrogatory to the extent that it calls for production of information or documents that are not within the possession, custody, or control of Cisco, or to the extent the interrogatory seeks information that may not be disclosed pursuant to a protective order or non-disclosure agreement, or calls for Cisco to prepare documents and/or things that do not already exist.

13. Cisco objects to each interrogatory to the extent that it calls for production of information or documents that are publicly available or equally available to Arista, and therefore are of no greater burden for Arista to obtain than for Cisco to obtain.

14. Cisco objects to each interrogatory as overbroad and unduly burdensome to the extent that it is not limited to a time frame relevant to this Litigation or seeks information or documents not within the applicable scope of this Litigation.

15. Cisco objects to each interrogatory to the extent it seeks information or documents that Cisco is not permitted to disclose pursuant to confidentiality obligations to third parties or court order. Cisco will provide such responsive, relevant, and non-privileged information and/or produce documents in accordance with the Protective Order governing this Litigation and after complying with its obligations to the third party and/or court.

16. Cisco objects to each interrogatory to the extent it seeks information, documents, and/or things protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, and/or any other applicable privilege, immunity, doctrine, or protection, including without limitation in connection with the common interest doctrine (collectively, as used herein, "privileged"). Nothing contained in these objections and responses should be considered a waiver of any attorney-client privilege, work-product protection, or any other applicable privilege or doctrine, including in connection with the common interest doctrine. Cisco does not intend to provide information or produce documents that would divulge any privileged information. Any such disclosure is inadvertent and shall not be deemed a waiver of any applicable privilege or immunity.

17. Cisco objects to Arista's Interrogatories to the extent that their subparts exceed the number of interrogatories permitted under the Federal Rules of Civil Procedure, including Rule

1  33(a)(1), the Civil and Patent Local Rules of the Northern District of California, and any orders
2  governing this Litigation.
3        18.    Cisco objects to each interrogatory to the extent that it is vague, ambiguous, or
4  confusing due to Arista's failure to define terms or failure to describe the information or
5  documents sought with reasonable particularity.
6        19.    Cisco objects to the factual characterizations of Arista's Interrogatories. By
7  responding, Cisco does not accept or admit any of Arista's factual characterizations.
8        20.    Terms or phrases with specific legal significance appear in many of Arista's
9  Interrogatories. Neither Cisco's objections and responses, nor the provision of information or
10 production of documents in response to any interrogatory, are an admission or indication that such
11 information and documents are relevant to any legal theory, or that any of the legal terms used
12 have any applicability in their legal sense to any information or documents produced by Cisco in
13 response to the Interrogatories.
14       21.    Cisco objects to these Interrogatories on relevance and burden grounds to the extent
15 they are not limited in temporal scope, or to the extent that time period specified encompasses
16 time periods not relevant to this Litigation, or to the extent the requests are not limited in
17 geographic scope.
18       22.    Cisco objects to the Interrogatories as overly broad and unduly burdensome to the
19 extent they call for the provision of information or production of documents of technical
20 information, or otherwise, including source code, in connection with Cisco's products, where such
21 information or documents are either duplicative of other documents or information that will be
22 produced and/or are not relevant to this Litigation and Cisco's products relevant to this Litigation.
23 Cisco further objects to the Interrogatories to the extent that they call for the provision of
24 information or production of documents of technical information, or otherwise, including source
25 code, in connection with Cisco's products, where such information and documents are not
26 necessary to understand the relevant structure, function, and operation of Cisco's products relevant
27 to this Litigation.
28

1    23.    Cisco objects to each interrogatory as premature to the extent it calls for documents
2 or information that is the subject of later disclosure deadlines in this Litigation and/or expert
3 reports and testimony, including as set forth in Rule 26(a)(2) of the Federal Rules of Civil
4 Procedure, the Patent Local Rules of the Northern District of California, and the Case
5 Management Order to be entered in this Litigation.

6    24.    Any Cisco response that it will provide information or produce documents should
7 not be construed to mean that responsive information or documents in fact exist; only that, if such
8 relevant, non-privileged, non-objectionable information or documents exist, are in Cisco's
9 possession, custody, or control, and are located after a reasonable search of the location or
10 locations where responsive information or documents are likely to be located, such information or
11 documents will be produced in a timely manner.

12    25.    Cisco further reserves all rights to supplement its responses to Arista's
13 Interrogatories in compliance with the Federal Rules of Civil Procedure, including under Rule
14 26(e), as well as the Civil and Patent Local Rules of the Northern District of California and any
15 orders governing this Litigation, and as Cisco's investigation and discovery proceeds in this
16 Litigation.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 15:**

If You seek to recover lost profits by way of any claim in this matter, identify with specificity all bases on which You seek such recovery, including but not limited to identifying any and all facts, witnesses, evidence, communications and documents that You believe support Your claim for such recovery.

**RESPONSE TO INTERROGATORY NO. 15:**

Cisco incorporates by reference its General Objections as though fully set forth herein. Cisco also objects to this interrogatory as undefined, vague, ambiguous, overbroad, and unduly burdensome in its use of the terms "with specificity," "all bases." Cisco further objects to this

1  request as compound and containing multiple subparts.  Cisco further objects to this interrogatory
2  to the extent that it calls for information that is in Arista's control, but which Arista has not yet
3  produced.  Cisco further objects to this interrogatory on the grounds that it prematurely seeks
4  expert testimony.  Cisco further objects to this interrogatory on the grounds that it prematurely
5  seeks validity positions before Arista has produced any evidence that the asserted patents are
6  invalid.  Cisco further objects to this interrogatory to the extent it seeks information that is
7  protected by the attorney-client privilege, that constitutes attorney work-product, or that is
8  protected by any other applicable privilege, protection, or immunity, including without limitation
9  in connection with the common interest doctrine.

10       Subject to and without waiver of its general and specific objections, Cisco incorporates by
11 reference, as if fully set forth herein, Cisco's Initial Disclosures pursuant to Rule 26(a)(1) and its
12 response to Interrogatory No. 1.  Cisco further responds, pursuant to Fed. R. Civ. P. 33(d), that
13 Cisco will produce documents containing information responsive to this interrogatory, which
14 information may be obtained from the documents by Arista as easily as by Cisco.  Cisco's
15 discovery efforts in this case are ongoing, and Cisco reserves the right to further supplement this
16 response in light of facts learned during discovery, including information regarding Arista's
17 accused products.

18

19 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 0:**

20      Subject to and without waiver of its general and specific objections, Cisco further responds
21 as follows:

22      Arista has admitted in numerous public statements that it competes with Cisco.  (*See, e.g.*,
23 CSI-CLI-0035237; Arista presentation entitled "Our Journey to Software Driven Cloud
24 Networking," *available at* http://investors.arista.com/files/doc_presentations/Pres/Arista-
25 BarclaysPres-120914-FINAL-USETHISv2_v001_a8p3ci.pdf, p. 5; "Arista Networks Inc at
26 Bernstein Technology Innovation Summit – Final," *available at*
27 http://www.crmz.com/NewsStory.aspx?NewsId=14139822; and Arista Networks, Inc. 2014
28 Annual Report, *available at* http://investors.arista.com/files/doc_financials/Arista-2014-Annual-

1  Report_v001_d7suv1.pdf, p. 16.)  Arista has admitted that Cisco is its primary competitor, which

2  is a sentiment echoed by industry observers.  (*See* Arista Networks, Inc. 2014 Annual Report,

3  *available at* http://investors.arista.com/files/doc_financials/Arista-2014-Annual-

4  Report_v001_d7suv1.pdf, p. 16; "Cisco Competitor Arista Networks Scores With Hot IPO," June

5  6, 2014 Investor's Business Daily, *available at* http://news.investors.com/technology/060614-

6  703708-arista-networks-ipo-pops.htm; CSI-CLI-00355230 – CSI-CLI-00355245.)  It is therefore

7  reasonable, as both a factual and legal matter, to infer that a substantial portion of Arista's sales of

8  any infringing devices come at Cisco's expense, in the form of lost market share and lost profits.

9  *See, e.g.*, *State Indus., Inc. v. Mor-Flo Indus., Inc.*, 883 F.2d 1573 (Fed. Cir. 1989); *Datascope*

10  *Corp. v. SMEC, Inc.*, 879 F.2d 820, 826 (Fed. Cir. 1989).

11        No inference is required in this case, however.  That Arista's infringing sales take sales and

12  profits from Cisco is supported by Arista's own public statements and industry commentary.  For

13  example, Arista's CEO Jayshree Ullal told one industry analyst that "her customers are in the

14  process of picking up Arista gear in order to have two suppliers where in past they only had one --

15  Cisco."  (*See* "Cisco Races Hard to Stay Even," August 16, 2014 Barron's, *available at*

16  http://online.barrons.com/articles/SB50001424053111904537004580085620347668144.)  The

17  industry analyst who reported Ms. Ullal's statement was even more explicit:  "As I've stated in the

18  past, money in Arista's pocket is money out of Chambers' pocket.  Arista's $137.9 million in

19  revenue was not far from the $152 million decline in Cisco's switch sales, implying, if not

20  proving, a direct correlation between Arista's beat and Cisco's slip in switching."  (*See* "Cisco

21  Races Hard to Stay Even," August 16, 2014 Barron's, *available at*

22  http://online.barrons.com/articles/SB50001424053111904537004580085620347668144.)  And

23  Arista publicly reports the correlation between its market share gains to Cisco's market share

24  losses.  (*See, e.g.*, CSI-CLI-00358000 – CSI-CLI-00358022; CSI-CLI-00355164 – CSI-CLI-

25  00355185.)

26        Arista specifically emphasizes the similarity between its infringing CLI and Cisco's

27  patented and copyrighted CLI to promote sales of its infringing products—at Cisco's expense.

28

Exemplary comments demonstrating Arista's use of its infringing CLI to try to take Cisco's customers include the following:

- "[A] Cisco CCIE expert would be able to use Arista right away, because we have a similar command-line interface and operational look and feel.  Where we don't have to invent, we don't."  John Gallant, "How Arista Networks Got Out In Front of the SDN Craze," Network World (Feb. 22, 2013).

- Arista has learned to "[p]rovide familiar interfaces to ease adoption" including a "standard CLI that … retains familiar management commands" so much so that "80% [of Arista customers] tell us they appreciate the way they can leverage their deep [Cisco] IOS experience, as they can easily upgrade an aging [Cisco] Catalyst infrastructure to Arista."  Posting of Kenneth Duda to Arista EOS Central, "Linux as a Switch Operating System: Five Lessons Learned" (Nov. 5, 2013), *available at* https://eos.arista.com/linux-as-a-switch-operating-system-five-lessons-learned/.

- "Familiar management interfaces, standard CLI …  It's been very helpful for our customers to be able to rapidly adopt our products and integrate them into their environments … that our switches provide a familiar management interface so their existing tools and processes, screen scraping, automation, continue to work just as they did before."  Arista, *EOS Bites & Bytes - Episode 1 - Lessons Learned While Building a Network OS on Top of Linux*, Arista EOS Central - Video Library (Jan. 30, 2014), at 6:55–7:56, *available at* http://eos.arista.com/wp-content/themes/aristaeos/video-lightbox.php?vid=ttp6lavHKGo.

- "The familiar EOS command-line interface (CLI) avoids retraining costs."  Arista, *EOS: An Extensible Operating System*.

At present, Arista has not produced sufficient information regarding its sales or customers for Cisco to identify specific sales lost to Arista, or to quantify Cisco's resulting lost profits more precisely.  Pursuant to the agreement of the parties, such information will be exchanged at the end of August.

1    Individuals with knowledge of specific sales taken from Cisco by Arista are likely to
2  include members of Cisco's and Arista's sales and marketing teams.  Arista's customers are also
3  likely to possess relevant information.  Documents relevant to Arista's efforts to take sales from
4  Cisco are likely to include at least Arista's product documentation for its accused products and
5  marketing collateral related thereto.
6    Cisco further responds, pursuant to Fed. R. Civ. P. 33(d), that Cisco has produced
7  documents containing information responsive to this interrogatory, which information may be
8  obtained from the documents by Arista as easily as by Cisco.  These documents include the
9  following:  CSI-CLI-00355137 – CSI-CLI-00355138; CSI-CLI-00356774 – CSI-CLI-00356785;
10 CSI-CLI-00356786 – CSI-CLI-00356793; CSI-CLI-00356794 – CSI-CLI-00356801; CSI-CLI-
11 00356802 – CSI-CLI-00356809; CSI-CLI-00356810 – CSI-CLI-00356817; CSI-CLI-00356818 –
12 CSI-CLI-00356826; CSI-CLI-00356827 – CSI-CLI-00356835; CSI-CLI-00356836 – CSI-CLI-
13 00356841; CSI-CLI-00356848 – CSI-CLI-00356854; CSI-CLI-0000356855 - CSI-CLI-00356859;
14 CSI-CLI-00357765; CSI-CLI-00357842 – CSI-CLI-00357855.
15   Cisco's investigation of the subject matter of this interrogatory is ongoing.  Cisco therefore
16 reserves the right to supplement this response as additional information becomes available.

| | | |
|---|---|---|
| 1 | DATED:  July 24, 2015 | Respectfully submitted, |
| 2 | | |
| 3 | | /s/ Sean S. Pak |
| 4 | | Kathleen Sullivan (SBN 242261)<br>kathleensullivan@quinnemanuel.com |
| 5 | | QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>51 Madison Avenue, 22nd Floor |
| 6 | | New York, NY 10010<br>Telephone: (212) 849-7000 |
| 7 | | Facsimile: (212) 849-7100 |
| 8 | | Sean S. Pak (SBN 219032)<br>seanpak@quinnemanuel.com |
| 9 | | John M. Neukom (SBN 275887)<br>johnneukom@quinnemanuel.com. |
| 10 | | QUINN EMANUEL URQUHART &<br>SULLIVAN LLP |
| 11 | | 50 California Street, 22nd Floor<br>San Francisco, CA 94111 |
| 12 | | Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700 |
| 13 | | |
| 14 | | Mark Tung (SBN 245782)<br>marktung@quinnemanuel.com |
| 15 | | QUINN EMANUEL URQUHART &<br>SULLIVAN LLP |
| 16 | | 555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065 |
| 17 | | Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100 |
| 18 | | Steven Cherny (admitted *pro hac vice*) |
| 19 | | steven.cherny@kirkland.com<br>KIRKLAND & ELLIS LLP |
| 20 | | 601 Lexington Avenue<br>New York, New York 10022 |
| 21 | | Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900 |
| 22 | | Adam R. Alper (SBN 196834) |
| 23 | | adam.alper@kirkland.com<br>KIRKLAND & ELLIS LLP |
| 24 | | 555 California Street<br>San Francisco, California  94104 |
| 25 | | Telephone: (415) 439-1400<br>Facsimile: (415) 439-1500 |
| 26 | | Michael W. De Vries (SBN 211001) |
| 27 | | michael.devries@kirkland.com<br>KIRKLAND & ELLIS LLP |
| 28 | | 333 South Hope Street<br>Los Angeles, California 90071 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

**PROOF OF SERVICE**

I hereby certify that, at the date entered below, I caused a true and correct copy of the foregoing to be served by transmission via the email addresses below:

| | |
|---|---|
| Juanita R. Brooks | Brian L. Ferrall |
| brooks@fr.com | blf@kvn.com |
| Fish & Richardson P.C. | Michael S. Kwun |
| 12390 El Camino Real | mkwun@kvn.com |
| San Diego, CA 92130-2081 | David J. Silbert |
| | djs@kvn.com |
| Kelly C. Hunsaker | Robert Van Nest |
| hunsaker@fr.com | rvannest@kvn.com |
| Fish & Richardson PC | Keker & Van Nest LLP |
| 500 Arguello Street, Suite 500 | 633 Battery Street |
| Redwood City, CA 94063 | San Francisco, CA 94111-1809 |
| | |
| Ruffin B. Cordell | |
| cordell@fr.com | |
| Lauren A. Degnan | |
| degnan@fr.com | |
| Michael J. McKeon | |
| mckeon@fr.com | |
| Fish & Richardson PC | |
| 1425 K Street NW | |
| 11th Floor | |
| Washington, DC 20005 | |

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 24, 2015, at Berkeley, California.

  /s/ Matthew D. Cannon
  Matthew D. Cannon