| | |
|---|---|
| Kathleen Sullivan (SBN 242261)<br>kathleensullivan@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100<br><br>Sean S. Pak (SBN 219032)<br>seanpak@quinnemanuel.com<br>Amy H. Candido (SBN 237829)<br>amycandido@quinnemanuel.com<br>John M. Neukom (SBN 275887)<br>johnneukom@quinnemanuel.com.<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>Mark Tung (SBN 245782)<br>marktung@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100 | Steven Cherny *(admitted pro hac vice)*<br>steven.cherny@kirkland.com<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br><br>Adam R. Alper (SBN 196834)<br>adam.alper@kirkland.com<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, California 94104<br>Telephone: (415) 439-1400<br>Facsimile: (415) 439-1500<br><br>Michael W. De Vries (SBN 211001)<br>michael.devries@kirkland.com<br>KIRKLAND & ELLIS LLP<br>333 South Hope Street<br>Los Angeles, California 90071<br>Telephone: (213) 680-8400<br>Facsimile: (213) 680-8500 |

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>           Plaintiff,<br><br>     vs.<br><br>ARISTA NETWORKS, INC.,<br><br>           Defendant. | CASE NO. 5:14-cv-5344-BLF (PSG)<br><br>**ADMINISTRATIVE MOTION TO FILE UNDER SEAL CONFIDENTIAL INFORMATION IN CISCO SYSTEMS, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Judge:   Hon. Beth Labson Freeman |

Pursuant to Civil Local Rules 7-11 and 79-5, Cisco Systems, Inc. ("Cisco") hereby brings this administrative motion for an order to seal certain information filed in connection with Cisco's Motion for Partial Summary Judgment.

## I. LEGAL STANDARD FOR SEALED MATERIALS IN CONNECTION WITH A DISPOSITIVE MOTION

This Court has previously explained the standards for filing under seal materials in connection with a dispositive motion, such as a motion for summary judgment. "Unless a particular court record is one 'traditionally kept secret,' " a "strong presumption in favor of access" to judicial records "is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.2003)). A party seeking to seal judicial records relating to a dispositive motion therefore bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178–79. Compelling reasons for sealing court files generally exist when such "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.

Furthermore, in this District, parties seeking to seal judicial records must also follow Civil L.R. 79–5, which requires, *inter alia*, that a sealing request be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79–5(b). Where the submitting party seeks to file under seal a document designated confidential by another party (the "designating party"), the burden of articulating compelling reasons for sealing is placed on the designating party. *Id.* 79–5(e). *Cowan v. GE Capital Retail Bank*, No. 13–cv–03935–BLF, 2015 WL 1324848, at *1 (N.D. Cal. Mar. 24, 2015) (J. Freeman).

Examples of materials that have been sealed under this standard include :

- Documents relating to the "internal procedures for addressing cardholder fraud notifications" of a bank, *id.* at *2-3;
- Documents containing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them," *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (J. Freeman);
- Documents containing "highly sensitive information regarding [a party's] product architecture and development," *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (J. Freeman);
- Documents in the form of "emails containing information about [a party's] business practices, recruitment efforts, and discussions regarding potential partnerships with other product manufacturers," *Koninklijke Philips N.V. v. Elec-Tech International Co., Ltd.*, No. 14–cv–02737–BLF, 2015 WL 581574, at *1-2 (N.D. Cal. Deb. 10, 2015) (J. Freeman); and
- Documents containing "information regarding non-public recruitment efforts and business practices" of a party, *id.* at *2-3.

## II.   MATERIALS FOR WHICH CISCO REQUESTS SEALING

Cisco requests the sealing of a number of documents which contain confidential Cisco information for the compelling reasons explained in detail in the Declaration of Sara E. Jenkins in support of this Administrative Motion to File Under Seal ("Jenkins Declaration").  Cisco has narrowly tailored its request to seal only confidential information as detailed in the Jenkins Declaration.

In addition, with its Motion for Partial Summary Judgment, Cisco is filing certain materials that Arista previously designated as confidential. Cisco files this motion to provide Arista with the opportunity to file a supporting declaration pursuant to Civil L.R. 79-5(e)(1). Cisco does not yet know which of those materials, or which portions of those materials, Arista will seek to have

02099-00004/8116983.1                                2
ADMINISTRATIVE MOTION TO FILE UNDER SEAL CONFIDENTIAL INFORMATION IN CISCO SYSTEMS, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Case No. 5:14-cv-05344-BLF

1  sealed through a supporting declaration. Cisco notes, however, that internal emails may not be
2  sealed for purposes of a dispositive motion simply because they are embarrassing to the party.
3  *Kamakana*, 447 F.3d at 1179.

| Document | Portions to Be Filed Under Seal | Party With Claim of Confidentiality |
|---|---|---|
| Cisco's Motion for Partial Summary Judgment ("Motion") | Highlighted Portions | Arista |
| Exhibits 1-26; 40-41; 44-48; 51-53; 64-70; 72; 74-75; 77-82 to the Declaration of Amy H. Candido in Support of Cisco's Motion for Partial Summary Judgment | Entire | Arista |
| Exhibits 55, 58 to the Declaration of Amy H. Candido in Support of Cisco's Motion for Partial Summary Judgment | Highlighted Portions | Arista |
| Exhibit 54 to the Declaration of Amy H. Candido in Support of Cisco's Motion for Partial Summary Judgment | Highlighted Portions | Cisco |
| Exhibit 50 to the Declaration of Amy H. Candido in Support of Cisco's Motion for Partial Summary Judgment | Entire | Hewlett Packard |
| Exhibit 76 to the Declaration of Amy H. Candido in Support of Cisco's Motion for Partial Summary Judgment | Entire | Mike Volpi, Arista |

| Document | Portions to Be Filed Under Seal | Party With Claim of Confidentiality |
|---|---|---|
| Exhibit 1 to the Declaration of Judith A. Chevalier in Support of Cisco's Motion for Partial Summary Judgment | Highlighted Portions | Arista |
| Exhibit 1 to the Declaration of Kevin Almeroth in Support of Cisco's Motion for Partial Summary Judgment | Highlighted Portions | Hewlett Packard and Arista |
| Exhibit 2 to the Declaration of Kevin Almeroth in Support of Cisco's Motion for Partial Summary Judgment | Highlighted Portions | Arista |

## IV.  CONCLUSION

Concurrently with this Motion, Cisco is filing redacted and highlighted versions of the above-referenced documents, where applicable, indicating the specific portions Cisco requests to seal.

Dated:  July 1, 2016                                     Respectfully submitted,

/s/ Amy H. Candido

Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.

1  QUINN EMANUEL URQUHART &
SULLIVAN LLP
2  50 California Street, 22nd Floor
San Francisco, CA 94111
3  Telephone: (415) 875-6600
Facsimile: (415) 875-6700

4  Mark Tung (SBN 245782)
marktung@quinnemanuel.com
5  QUINN EMANUEL URQUHART &
SULLIVAN LLP
6  555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
7  Telephone: (650) 801-5000
Facsimile: (650) 801-5100

8

9  Steven Cherny *(admitted pro hac vice)*
steven.cherny@kirkland.com
10 KIRKLAND & ELLIS LLP
601 Lexington Avenue
11 New York, New York 10022
Telephone: (212) 446-4800
12 Facsimile: (212) 446-4900

13 Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
14 KIRKLAND & ELLIS LLP
555 California Street
15 San Francisco, California 94104
Telephone: (415) 439-1400
16 Facsimile: (415) 439-1500

17 Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
18 KIRKLAND & ELLIS LLP
333 South Hope Street
19 Los Angeles, California 90071
Telephone: (213) 680-8400
20 Facsimile: (213) 680-8500

21 *Attorneys for Plaintiff Cisco Systems, Inc.*

22

23

24

25

26

27
28 ADMINISTRATIVE MOTION TO FILE UNDER SEAL CONFIDENTIAL INFORMATION IN CISCO
SYSTEMS, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Case No. 5:14-cv-05344-BLF