Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Mark Tung (SBN 245782)
marktung@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven Cherny *(admitted pro hac vice)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>  Plaintiff,<br><br>  vs.<br><br>ARISTA NETWORKS, INC.,<br><br>  Defendant. | CASE NO. 5:14-cv-5344-BLF (PSG)<br><br>**DECLARATION OF SARA E. JENKINS IN SUPPORT OF CISCO'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CONFIDENTIAL INFORMATION IN CISCO SYSTEMS, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Judge:   Hon. Beth Labson Freeman |

## DECLARATION OF SARA E. JENKINS

I, Sara E. Jenkins, declare as follows:

    **1.**    I am an attorney licensed to practice in the State of California and am admitted to practice before this Court.  I am an associate with the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Plaintiff Cisco Systems, Inc. ("Cisco").  I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

    **2.**    I make this declaration in support of Cisco's Administrative Motion to File Under Seal Confidential Information in connection with Cisco's Motion for Partial Summary Judgment ("Motion.").  I make this declaration in accordance with Civil Local Rule 79-5(e) on behalf of Cisco to confirm that the information contained in the documents referenced in the Sealing Motion should be sealed.

    **3.**    As a Motion for Partial Summary Judgment, Cisco's Motion is considered to be dispositive.  In this context, materials may be sealed so long as the party seeking sealing provides "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-1179 (9th Cir.2006).  Compelling reasons for sealing court files generally exist when such "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.*  (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Under this standard, compelling reasons have been found to seal documents such as those containing confidential source code (*Apple, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-cv-1846, D.I. 2190 at 3 (Dec. 10, 2012); documents related to the "internal procedures for addressing cardholder fraud notifications" of a bank, *id.* at *2-3 (*Cowan v. GE Capital Retail Bank*, No. 13–cv–03935–BLF, 2015 WL 1324848, at *1-3 (N.D. Cal. Mar. 24, 2015)); documents containing "information about [a party's] business performance, structure, and finances that could be used to gain unfair

02198-00010/8116481.1      1
DECLARATION OF SARA E. JENKINS IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL

Case No. 5:14-cv-05344-BLF

business advantage against them," *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016); documents containing "highly sensitive information regarding [a party's] product architecture and development," *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014); documents in the form of "emails containing information about [a party's] business practices, recruitment efforts, and discussions regarding potential partnerships with other product manufacturers," *Koninklijke Philips N.V. v. Elec-Tech International Co., Ltd.*, No. 14–cv–02737–BLF, 2015 WL 581574, at *1-2 (N.D. Cal. Deb. 10, 2015); and documents containing "information regarding non-public recruitment efforts and business practices" of a party, *id.* at *2-3.

4. Pursuant to Civil L.R. 79-5(e), compelling reasons exist to seal the documents that contain Cisco confidential information and are identified in the Sealing Motion and below. Cisco also moves to seal documents designated as confidential by Arista and third parties and expects that they will file a supporting declaration pursuant to Civil L.R. 79-5(e)(1).

| Document | Portions to Be Filed Under Seal | Party With Claim of Confidentiality |
|---|---|---|
| Cisco's Motion for Partial Summary Judgment ("Motion") | Highlighted Portions | Arista |
| Exhibits 1-26; 40-41; 44-48; 51-53; 64-70; 72; 74-75; 77-82 to the Declaration of Amy H. Candido in Support of Cisco's Motion for Partial Summary Judgment | Entire | Arista |

| Document | Portions to Be Filed Under Seal | Party With Claim of Confidentiality |
|---|---|---|
| Exhibits 55, 58 to the Declaration of Amy H. Candido in Support of Cisco's Motion for Partial Summary Judgment | Highlighted Portions | Arista |
| Exhibit 54 to the Declaration of Amy H. Candido in Support of Cisco's Motion for Partial Summary Judgment | Highlighted Portions | Cisco |
| Exhibit 50 to the Declaration of Amy H. Candido in Support of Cisco's Motion for Partial Summary Judgment | Entire | Hewlett Packard |
| Exhibit 76 to the Declaration of Amy H. Candido in Support of Cisco's Motion for Partial Summary Judgment | Entire | Mike Volpi, Arista |
| Exhibit 1 to the Declaration of Judith A. Chevalier in Support of Cisco's Motion for Partial Summary Judgment | Highlighted Portions | Arista |
| Exhibit 1 to the Declaration of Kevin Almeroth in Support of Cisco's Motion for Partial Summary Judgment | Highlighted Portions | Hewlett Packard and Arista |
| Exhibit 2 to the Declaration of Kevin Almeroth in Support of Cisco's Motion for Partial Summary Judgment | Highlighted Portions | Arista |

**5.** Exhibits 1-26; 40-41; 44-48; 51-53; 55; 58; 64-70; 72; 74-75; and 77-82 to the Declaration of Amy H. Candido ("Candido Declaration") are documents previously designated as

confidential by Arista.  Cisco files this motion with respect to these exhibits to provide Arista with the opportunity to file a supporting declaration pursuant to Civil L.R. 79-5(e)(1).

**6.**   Exhibit 50 to the Candido Declaration is a deposition designated as Highly Confidential- Attorneys' Eyes Only under the Protective Order by Hewlett Packard.  Cisco files this motion with respect to this exhibits to provide Hewlett Packard with the opportunity to file a supporting declaration pursuant to Civil L.R. 79-5(e)(1).

**7.**   Exhibit 76 to the Candido Declaration is a deposition designated as Highly Confidential- Attorneys' Eyes Only under the Protective Order by Arista and Mike Volpi.  Cisco files this motion with respect to this exhibits to provide them with the opportunity to file a supporting declaration pursuant to Civil L.R. 79-5(e)(1).

**8.**   Exhibit 1 to the Declaration of Judith A. Chevalier in Support of Cisco's Motion for Partial Summary Judgment contains information that Arista designated as Highly Confidential- Attorneys' Eyes Only under the Protective Order.  Cisco files this motion with respect to this exhibit to provide Arista with the opportunity to file a supporting declaration pursuant to Civil L.R. 79-5(e)(1).

**9.**   Exhibit 1 to the Declaration of Kevin Almeroth in Support of Cisco's Motion for Partial Summary Judgment contains information that Arista and Hewlett Packard designated as Highly Confidential- Attorneys' Eyes Only under the Protective Order.  Cisco files this motion with respect to this exhibit to provide Arista and Hewlett Packard with the opportunity to file a supporting declaration pursuant to Civil L.R. 79-5(e)(1).

**10.**   Exhibit 2 to the Declaration of Kevin Almeroth in Support of Cisco's Motion for Partial Summary Judgment contains information that Arista designated as Highly Confidential- Attorneys' Eyes Only under the Protective Order.  Cisco files this motion with respect to this exhibit to provide Arista with the opportunity to file a supporting declaration pursuant to Civil L.R. 79-5(e)(1).

11. Exhibit 54 to the Candido declaration contains Cisco's confidential source code and was designated as Highly Confidential- Attorneys' Eyes Only. As confidential source code, compelling reasons exist to seal this document. *See Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014); *Apple, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-cv-1846, D.I. 2190 at 3 (Dec. 10, 2012).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed in San Francisco, California, on July 1, 2016.

  */s/ Sara E. Jenkins*
  Sara E. Jenkins

**SIGNATURE ATTESTATION**

Pursuant to Civ. L.R. 5-1(i)(3), the undersigned hereby attests under penalty of perjury that concurrence in the filing of this document has been obtained from the signatory indicated by the "conformed" signature (/s/) of registered ECF User Sara E. Jenkins.

Dated: June 30, 2016                    /s/ Amy H. Candido
                                        Amy H. Candido