# REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
BRIAN L. FERRALL - # 160847
DAVID SILBERT - # 173128
MICHAEL S. KWUN - #198945
ASHOK RAMANI - # 200020
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    (415) 391-5400
Email:  rvannest@kvn.com;
bferrall@kvn.com; dsilbert@kvn.com;
mkwun@kvn.com, aramani@kvn.com

SUSAN CREIGHTON, SBN 135528
SCOTT A. SHER, SBN 190053
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C., 20006-3817
Telephone: (202) 973-8800
Email: screighton@wsgr.com;
ssher@wsgr.com

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>              Plaintiff,<br><br>     v.<br><br>ARISTA NETWORKS, INC.,<br><br>              Defendant. | Case No. 5:14-cv-05344-BLF (NC)<br><br>**DEFENDANT ARISTA NETWORKS, INC.'S REPLY IN SUPPORT OF MOTION TO STRIKE LATE CONTENTIONS OR ALTERNATIVELY TO CONTINUE CASE SCHEDULE**<br><br>Date:         July 27, 2016<br>Time:        2:00 p.m.<br>Dept.:       Courtroom 7<br>Judge:      Hon. Nathanael Cousins<br><br>Date Filed: December 5, 2014<br><br>Trial Date: November 21, 2016 |

DEFENDANT ARISTA NETWORKS, INC.'S REPLY IN SUPPORT OF MOTION TO STRIKE LATE
CONTENTIONS OR ALTERNATIVELY TO CONTINUE CASE SCHEDULE
Case No. 5:14-cv-05344-BLF (NC)

1072877

Case 5:14-cv-05344-BLF   Document 362-3   Filed 07/05/16   Page 3 of 7

Cisco's failure to identify the "helpdesc" CLI command descriptions that it contends were copied and infringed before the last night of fact discovery significantly expanded the scope of Cisco's copyright allegations while depriving Arista of the opportunity to defend itself. Cisco's opposition *never explains* this failure, while its January 2016 discovery responses—among other evidence—prove that with any reasonable diligence Cisco easily could have identified its contentions at least by January, if not much earlier. Cisco's focus, instead, on its access to switches is a red herring since it [REDACTED], and its January 2016 discovery responses prove that it knew of Arista's helpdesc descriptions then. Its discussion about access to Arista source code is equally irrelevant: Arista made its source code available in August 2015, and Cisco had already spent dozens of hours examining it before its January discovery response. The Court should grant Arista's Motion to Strike Cisco's helpdesc contentions.[1]

## I. Cisco has given no explanation for its lack of diligence and unnecessary delay.

*First*, Cisco's opposition to Arista's Motion to Strike turns on its claim that it could not provide source code cites in its supplemental response to Interrogatory No. 2 regarding "helpdesc" CLI command descriptions until it could review Arista switches first made available in May 2016. Opp. at 1:8–12. But Cisco never even attempts to explain why it could not have identified at the beginning of this case all of the "helpdesc" screen text it contends was copied, even if it did not attempt to identify the source code files in which such text was found. On that basis alone Cisco fails to carry its burden to show that its violation of Rule 26(e) was substantially justified.

*Second*, Cisco's complaint in the ITC, filed in December 2014 proves that Cisco, in fact, had extensive access to Arista source code *and switches* before filing this complaint, and used those resources for its pre-filing investigation. The contention charts attached to the ITC

---

[1] Arista hereby withdraws its motion to strike Cisco's late-disclosed allegations of specific lost sales that it claims in support of its alleged damages, and instead seeks only the right to take a 30(b)(6) deposition, not to exceed seven hours, relating to the thirty customers that Cisco identified after the close of discovery in its opening damages report. Granting this relief will not affect the case schedule. Arista will also be producing additional documents relating to these customers due to Cisco's late disclosures.

1
DEFENDANT ARISTA NETWORKS, INC.'S REPLY IN SUPPORT OF MOTION TO STRIKE LATE CONTENTIONS OR ALTERNATIVELY TO CONTINUE CASE SCHEDULE
Case No. 5:14-cv-05344-BLF (NC)

1072877

complaint contain several screenshots of Arista CLI output, which could only have been produced by using Arista switches or Arista's virtual EOS software. *See* Santacana Decl. in Support of Mot. to Strike, Exs. 13 (ECF No. 306-13) at 2–3, 13, 23–24; 14 (ECF No. 306-14) at 2–9, 11–14, 17–18, 21–26, 28–31, 34–35; *see also* Pech Decl. in Support of Mot. to Strike (ECF No. 307) ¶ 4. And, in fact, Cisco's own discovery responses concede that it ████████████████████ ████████████████████████████████████████████████████████████████████████ Santacana Decl., Ex. 12 (ECF No. 306-12) at 5–7. Cisco's opposition fails to explain why it did not use the resources it had at its disposal before the case to timely provide a full disclosure of its infringement contentions.

      *Third*, even if Cisco needed source code to provide the full discovery response it provided on May 27, 2016, the undisputed evidence shows that Cisco had that code since August 2015. By the time of Cisco's January 2016 interrogatory response, Cisco had spent eighty-eight hours reviewing the source code that Arista had produced in this case. *Id.* ¶ 3. Cisco could have reviewed that source code in order to timely disclose its helpdesc contentions, but apparently it did not. Cisco's opposition is also silent on this point.

      Finally, Cisco's own discovery responses prove it had all it needed to disclose these contentions long ago. Cisco alleged copying of helpdesc text in January 2016, including therein specific text from an Arista screenshot that Cisco contended constituted an example of infringement. *Id.*, Ex. 6 (ECF No. 306-6) at 18:1–18. Cisco's opposition utterly fails to explain why it did not list at that time *every* other example of helpdesc text it contended amounted to infringement, and there is no plausible explanation other than lack of diligence.

      In short, Cisco's opposition ignores the fundamental question of *why it could not* have disclosed its Helpdesc infringement contentions earlier, and instead merely states "[t]he process of searching for, identifying, and then confirming (via Arista's source code and Arista's operable devices) the instances of "HelpDesc" content was not finished until May 27, 2016." Holmes Decl. in Support of Cisco's Opp. to Arista's Mot. to Strike (ECF No. 324-1) ¶ 4. The undisputed evidence shows that Cisco could have made its disclosure much earlier—indeed probably at the very outset of the case. Cisco cannot carry its burden to show that its delay was substantially

2
DEFENDANT ARISTA NETWORKS, INC.'S REPLY IN SUPPORT OF MOTION TO STRIKE LATE
CONTENTIONS OR ALTERNATIVELY TO CONTINUE CASE SCHEDULE
Case No. 5:14-cv-05344-BLF (NC)

1072877

justified. *See, e.g.*, *Finjan, Inc. Proofpoint, Inc.*, No. 3:13-cv-05808-HSG (HRL), 2015 WL 9900617, at *1 (N.D. Cal. Oct. 26, 2015) (last-minute disclosure without substantial justification violated Rule 26(e)); *Deutsche Bank Nat'l Trust Co. v. Seven Hills Master Cmty. Ass'n*, No. 15cv-1373, 2016 WL 1639885, at *2–3 (D. Nev. Apr. 25, 2016) (same).

## II.   Cisco's delay was plainly prejudicial.

Cisco has not carried its burden to show its delay was harmless. When it filed this case, Cisco disclosed its claim that Arista unlawfully copied over five hundred CLI commands and certain other elements of Cisco's software. Arista's discovery plan— its search terms, depositions, document requests, and interrogatories—was designed against the backdrop of those disclosures. By waiting to reveal its helpdesc allegations until the last day of discovery, Cisco deprived Arista of a "meaningful opportunity" to "make educated choices about how best to use [its] discovery resources," as it did with respect to Cisco's other copying allegations. *Vieste, LLC v. Hill Redwood Dev.*, No. 09-cv-04024-JSW (DMR), 2011 WL 2181200, at *3 (N.D. Cal. June 3, 2011) (finding prejudice from disclosure of new witnesses on last day of fact discovery).

Cisco's response is two-fold. First, Cisco claims that its January response, disclosing a single CLI command description, was sufficient to put Arista on notice that Cisco claimed infringement based on 443 descriptions. That does not even pass the red-face test. An "example" of copying, Opp. at 9:11, is not what Interrogatory 2 asked for, nor is it what Cisco will attempt to prove at trial. How was Arista to know, for example, that Cisco would claim copyright protection in the description text "Delete a file"? *See* Santacana Decl., Ex. 8 (ECF No. 306-8) at 3. And how would Arista know that Cisco would contend "Maximum size of the received buffer" and "Enter the size of the buffer" are so "same or similar" that the latter constitutes copyright infringement of the former? *See id.* at 4. The rules of discovery—and fundamental fairness— require that if Cisco wishes to present a theory of infringement at trial, it must make that theory clear before the night of the close of discovery.[2]

---

[2] Moreover, when it sought, and received, an early trial date, Cisco assured the Court "we are committed on Cisco's part to give the discovery that's necessary." Nov. 5, 2015 CMC Tr. (ECF No. 106) at 29:24–25.

3

DEFENDANT ARISTA NETWORKS, INC.'S REPLY IN SUPPORT OF MOTION TO STRIKE LATE CONTENTIONS OR ALTERNATIVELY TO CONTINUE CASE SCHEDULE
Case No. 5:14-cv-05344-BLF (NC)

1072877

Second, Cisco argues that Arista could address the allegations through expert discovery. This too is absurd. Under Cisco's theory, parties can skip fact discovery altogether and just allow the experts to take on all issues. But expert discovery is no cure for the late disclosure of factual contentions. *Jones v. Travelers Cas. Ins. Co. of Am.*, 304 F.R.D. 677, 681 (N.D. Cal. 2015) (late disclosure "prevented Plaintiffs from conducting further fact discovery regarding Defendant's newly-advanced justification," and so "deprived Plaintiffs of the chance to incorporate whatever additional facts Plaintiffs may have learned . . . in Plaintiffs' opening expert reports . . . or rebuttal expert reports and dispositive motions."); *see also Apple, Inc. v. Samsung Elecs. Co.*, No. 11–CV–01846–LHK, 2012 WL 3155574, at *5 (N.D. Cal. 2012) (same). Cisco never addresses these holdings, nor does it explain how Arista's experts can fully address the helpdesc allegations on an empty factual record, and without any chance to learn about the originality of these descriptions, whether they follow standards, whether they are widely used by others in the industry, etc.

*     *     *

Cisco's opposition ignores the record and asserts without support, evidence, or explanation, that its own lack of diligence was Arista's fault, and that, in any case, it was harmless. Neither is true. This Court should grant Arista's Motion to Strike Late Contentions as to the helpdesc allegations pursuant to the self-executing sanction of Rule 37(c)(1), including but not limited to Cisco's May 27, 2016 supplemental response to Interrogatory 2, Exhibits G and H thereto, and any reference thereto in Cisco's expert reports, including but not limited to pages 41 and 116 of Cisco's Expert Report of Kevin Almeroth and Exhibit 6 thereto; pages 15–16, 24–25, 27, 31, 39, 43, 45–46, 48, 51, 68, 70, 71, and 85–86 of Cisco's Rebuttal Expert Report of Kevin Almeroth; pages 7–8 and 16 of Cisco's Expert Report of Judith A. Chevalier and any reliance on helpdesc contentions within the Chevalier Report; and any reliance on the helpdesc contentions in Cisco's Motion for Summary Judgment, including but not limited to pages 1, 4, 8, 10, 13, 18, and 23.[3]

---

[3] The Chevalier Report and Almeroth Rebuttal Report were served, and Cisco's Motion for Summary Judgment was filed, after Arista's Motion to Strike was filed.

4
DEFENDANT ARISTA NETWORKS, INC.'S REPLY IN SUPPORT OF MOTION TO STRIKE LATE CONTENTIONS OR ALTERNATIVELY TO CONTINUE CASE SCHEDULE
Case No. 5:14-cv-05344-BLF (NC)

1072877

                                                Respectfully submitted,

Dated: July 5, 2016                    KEKER & VAN NEST LLP

                                    By:  */s/ Brian L. Ferrall*
                                                BRIAN L. FERRALL

                                              Attorney for Defendant
                                              ARISTA NETWORKS, INC.

5

DEFENDANT ARISTA NETWORKS, INC.'S REPLY IN SUPPORT OF MOTION TO STRIKE LATE
CONTENTIONS OR ALTERNATIVELY TO CONTINUE CASE SCHEDULE
Case No. 5:14-cv-05344-BLF (NC)

1072877