1  Kathleen Sullivan (SBN 242261)
   kathleensullivan@quinnemanuel.com
2  QUINN EMANUEL URQUHART &
   SULLIVAN LLP
3  51 Madison Avenue, 22nd Floor
   New York, NY 10010
4  Telephone: (212) 849-7000
   Facsimile: (212) 849-7100

5  Sean S. Pak (SBN 219032)
   seanpak@quinnemanuel.com
6  Amy H. Candido (SBN 237829)
   amycandido@quinnemanuel.com
7  John M. Neukom (SBN 275887)
   johnneukom@quinnemanuel.com.
8  QUINN EMANUEL URQUHART &
   SULLIVAN LLP
9  50 California Street, 22nd Floor
   San Francisco, CA 94111
10 Telephone: (415) 875-6600
   Facsimile: (415) 875-6700

11
12 Mark Tung (SBN 245782)
   marktung@quinnemanuel.com
13 QUINN EMANUEL URQUHART &
   SULLIVAN LLP
14 555 Twin Dolphin Drive, 5th Floor
   Redwood Shores, CA 94065
15 Telephone: (650) 801-5000
   Facsimile: (650) 801-5100

Steven Cherny (admitted pro hac vice)
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

16 *Attorneys for Plaintiff Cisco Systems, Inc.*

17

18 **UNITED STATES DISTRICT COURT**

19 **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

20 CISCO SYSTEMS, INC.,

21          Plaintiff,

22     vs.

23 ARISTA NETWORKS, INC.,

24          Defendant.

25

26

27

28

CASE NO. 5:14-cv-5344-BLF (PSG)

**DECLARATION OF SARA E. JENKINS IN SUPPORT OF ARISTA'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CONFIDENTIAL INFORMATION IN ARISTA'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Judge:   Hon. Beth Labson Freeman

02099-00004/8127524.2

DECLARATION OF SARA E. JENKINS IN SUPPORT OF
ARISTA'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF

## DECLARATION OF SARA E. JENKINS

I, Sara E. Jenkins, declare as follows:

1.     I am an attorney licensed to practice in the State of California and am admitted to practice before this Court.  I am an associate with the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Plaintiff Cisco Systems, Inc. ("Cisco").  I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

2.     I make this declaration in support of Arista Network, Inc.'s ("Arista") Administrative Motion to File Under Seal Confidential Information in connection with Arista's Motion for Partial Summary Judgment ("Motion.").  Dkt. 328.  I make this declaration in accordance with Civil Local Rule 79-5(d)(1)(A) on behalf of Cisco to confirm that the information contained in the documents referenced in the Sealing Motion should be sealed.

3.     Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law"( *i.e.*, is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id*.

4.     As a Motion for Partial Summary Judgment, Arista's Motion is considered to be dispositive.  In this context, materials may be sealed so long as the party seeking sealing provides "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure."  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-1179 (9th Cir.2006).  Compelling reasons for sealing court files generally exist when such "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*.  (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Under this standard, compelling reasons have been found to seal documents such as those containing confidential source code (*Agency Solutions.Com, LLC v. TriZetto Group, Inc.,* 819 F. Supp. 2d

1

DECLARATION OF SARA E. JENKINS IN SUPPORT OF
ARISTA'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL

Case No. 5:14-cv-05344-BLF

1001, 1017 (E.D. Cal. 2011)); documents related to the "internal procedures for addressing cardholder fraud notifications" of a bank, *id.* at *2-3 (*Cowan v. GE Capital Retail Bank*, No. 13–cv–03935–BLF, 2015 WL 1324848, at *1-3 (N.D. Cal. Mar. 24, 2015)); documents containing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them," *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016); documents containing "highly sensitive information regarding [a party's] product architecture and development," *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014); documents in the form of "emails containing information about [a party's] business practices, recruitment efforts, and discussions regarding potential partnerships with other product manufacturers," *Koninklijke Philips N.V. v. Elec-Tech International Co., Ltd.*, No. 14–cv–02737–BLF, 2015 WL 581574, at *1-2 (N.D. Cal. Deb. 10, 2015); and documents containing "information regarding non-public recruitment efforts and business practices" of a party, *id.* at *2-3.

5.    Exhibit 10 to the Santacana Declaration is an excerpt of the April 4, 2016 deposition of Kirk Lougheed, which was designated as "Highly Confidential- Attorneys' Eyes Only" under the Protective Order in this matter.  Cisco submits this declaration in support of sealing 362:16-371:16 of this deposition excerpt.  This narrow section of the deposition excerpt represents source code from a third party and is related to source code for Cisco products.  As such, there are compelling reasons to seal this paragraph.  *See Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011) (source code is "undoubtedly a trade secret" within the sealing context.)

6.    Exhibit 11 to the Santacana Declaration is an excerpt of the November 20, 2015 deposition of Kirk Lougheed, which was designated as "Highly Confidential- Attorneys' Eyes Only" under the Protective Order in this matter.  Cisco submits this declaration in support of sealing 55:2-56:18 and 157:8–159:17.  These narrow sections represent discussion about source code from a third party as related to Cisco's products as well as a discussion of the confidential

1  development of Cisco's product architecture.  As such, there are compelling reasons to seal these

2  excerpts.  *See Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017

3  (E.D. Cal. 2011) (source code is "undoubtedly a trade secret" within the sealing context); *Delphix*

4  *Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014)

5  ("highly sensitive information regarding [a party's] product architecture and development" are

6  sealable under the heightened standard for dispositive motions.)

7       **7.**     Exhibit 17 to the Santacana Declaration is an email from Cisco engineer Rajiv

8  Raghunaryan dated December 16, 2002.  This email was designated by Cisco as "Highly

9  Confidential – Attorneys' Eyes Only" under the Protective Order in this matter.  Exhibit 17

10  contains a confidential discussion of the development of Cisco's product architecture.  As such,

11  compelling reasons exist to seal this exhibit in its entirety.  *See Delphix Corp. v. Actifio, Inc.*, No.

12  13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) ("highly sensitive

13  information regarding [a party's] product architecture and development" are sealable under the

14  heightened standard for dispositive motions.)

15       **8.**     Cisco does not seek the sealing of exhibits 1-3, 7-9, 16, 18-19, or 22-24 to the

16  Santana Declaration.

17

18       I declare under penalty of perjury under the laws of the State of California that the

19  foregoing is true and correct, and that this declaration was executed in Redwood Shores,

20  California, on July 5, 2016.

21

22                    */s/ Sara E. Jenkins*
                    Sara E. Jenkins

23

24

25

26

27                                   3

28  02099-00004/8127524.2
                    DECLARATION OF SARA E. JENKINS IN SUPPORT OF
                    ARISTA'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL

                    Case No. 5:14-cv-05344-BLF