Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Mark Tung (SBN 245782)
marktung@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven Cherny *(admitted pro hac vice)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ARISTA NETWORKS, INC., <br><br> Defendant. | CASE NO. 5:14-cv-5344-BLF (PSG) <br><br> **ADMINISTRATIVE MOTION TO FILE UNDER SEAL CONFIDENTIAL INFORMATION IN CISCO'S OPPOSITION TO ARISTA'S MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> Judge:   Hon. Beth Labson Freeman |

Pursuant to Civil Local Rules 7-11 and 79-5, Cisco Systems, Inc. ("Cisco") hereby brings this administrative motion for an order to seal certain information filed in connection with Cisco's Opposition to Arista Networks, Inc's ("Arista") Motion for Partial Summary Judgment.

## I.  LEGAL STANDARD FOR SEALED MATERIALS IN CONNECTION WITH A DISPOSITIVE MOTION

This Court has previously explained the standards for filing under seal materials in connection with a dispositive motion, such as a motion for summary judgment. "Unless a particular court record is one 'traditionally kept secret,' " a "strong presumption in favor of access" to judicial records "is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir.2003)). A party seeking to seal judicial records relating to a dispositive motion therefore bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178–79. Compelling reasons for sealing court files generally exist when such "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.

Furthermore, in this District, parties seeking to seal judicial records must also follow Civil L.R. 79–5, which requires, *inter alia*, that a sealing request be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79–5(b). Where the submitting party seeks to file under seal a document designated confidential by another party (the "designating party"), the burden of articulating compelling reasons for sealing is placed on the designating party. *Id.* 79–5(e). *Cowan v. GE Capital Retail Bank*, No. 13–cv–03935–BLF, 2015 WL 1324848, at *1 (N.D. Cal. Mar. 24, 2015) (J. Freeman).

Examples of materials that have been sealed under this standard include :

- Documents relating to the "internal procedures for addressing cardholder fraud notifications" of a bank, *id.* at *2-3;

- Documents containing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them," *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (J. Freeman);

- Documents containing "highly sensitive information regarding [a party's] product architecture and development," *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (J. Freeman);

- Documents in the form of "emails containing information about [a party's] business practices, recruitment efforts, and discussions regarding potential partnerships with other product manufacturers," *Koninklijke Philips N.V. v. Elec-Tech International Co., Ltd.*, No. 14–cv–02737–BLF, 2015 WL 581574, at *1-2 (N.D. Cal. Deb. 10, 2015) (J. Freeman); and

- Documents containing "information regarding non-public recruitment efforts and business practices" of a party, *id.* at *2-3.

## II. MATERIALS FOR WHICH CISCO REQUESTS SEALING

Cisco requests the sealing of certain documents which contain confidential Cisco information, for the compelling reasons explained in detail in the Declaration of Sara E. Jenkins in support of this Administrative Motion to File Under Seal ("Jenkins Declaration"). Cisco has narrowly tailored its requests to seal only confidential information as detailed in the Jenkins Declaration.

In addition, with its Opposition to Arista's Motion for Partial Summary Judgment, Cisco is filing certain materials that were previously designated as confidential by Arista and third parties. Cisco files this motion to provide Arista and the third parties the opportunity to file a supporting

02099-00004/8153425.3

2
ADMINISTRATIVE MOTION TO FILE UNDER SEAL CONFIDENTIAL INFORMATION IN
CISCO'S OPPOSITION TO ARISTA'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Case No. 5:14-cv-05344-BLF

1  declaration pursuant to Civil L.R. 79-5(e)(1). Cisco does not yet know which of those materials, or
2  which portions of those materials, Arista will seek to have sealed through a supporting declaration.
3        The documents, and portions of documents, that Cisco seeks to seal through this motion
4  are included in the chart below:

| Document | Portions to Be Filed Under Seal | Party With Claim of Confidentiality |
| --- | --- | --- |
| Cisco's Opposition to Arista's Motion for Partial Summary Judgment ("Opposition") | Highlighted Portions | Arista |
| Exhibits 1-4; 36-37; 51-53 to the Declaration of John M. Neukom in Support of Cisco's Opposition to Arista's Motion for Partial Summary Judgment ("Neukom Declaration") | Entire | Arista |
| Exhibit 46 to the Neukom Declaration | Highlighted Portions | Arista |
| Exhibit 6 to the Neukom Declaration | Highlighted Portions | Cisco |
| Exhibit 9 to the Neukom Declaration | Entire | Cisco |
| Exhibit 1 to the Declaration of Kevin Almeroth in Support of Cisco's Opposition to Arista's Motion for Partial Summary Judgment ("Almeroth Declaration") | Highlighted Portions | Arista, Cisco, Hewlett Packard |
| Exhibit 2 to the Almeroth Declaration | Highlighted Portions | Arista, Cisco, Dell |
| Exhibit 3 to the Almeroth Declaration | Entire | Arista, Cisco |

02099-00004/8153425.3

3

ADMINISTRATIVE MOTION TO FILE UNDER SEAL CONFIDENTIAL INFORMATION IN
CISCO'S OPPOSITION TO ARISTA'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Case No. 5:14-cv-05344-BLF

| Document | Portions to Be Filed Under Seal | Party With Claim of Confidentiality |
|---|---|---|
| Exhibit 1 to the Declaration of Kevin Jeffay in Support of Cisco's Opposition to Arista's Motion for Partial Summary Judgment ("Jeffay Declaration") | Entire | Arista |

## IV. CONCLUSION

Concurrently with this Motion, Cisco is filing redacted and highlighted versions of the above-referenced documents, where applicable, indicating the specific portions Cisco requests to seal.

Dated: July 14, 2016                         Respectfully submitted,

/s/ John M. Neukom _____
John M. Neukom

Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART & SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Mark Tung (SBN 245782)

1 | marktung@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven Cherny *(admitted pro hac vice)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

02099-00004/8153425.3

5

ADMINISTRATIVE MOTION TO FILE UNDER SEAL CONFIDENTIAL INFORMATION IN
CISCO'S OPPOSITION TO ARISTA'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Case No. 5:14-cv-05344-BLF