| | |
|---|---|
| Kathleen Sullivan (SBN 242261)<br>kathleensullivan@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100<br><br>Sean S. Pak (SBN 219032)<br>seanpak@quinnemanuel.com<br>Amy H. Candido (SBN 237829)<br>amycandido@quinnemanuel.com<br>John M. Neukom (SBN 275887)<br>johnneukom@quinnemanuel.com.<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>Mark Tung (SBN 245782)<br>marktung@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100 | Steven Cherny *(admitted pro hac vice)*<br>steven.cherny@kirkland.com<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br><br>Adam R. Alper (SBN 196834)<br>adam.alper@kirkland.com<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, California 94104<br>Telephone: (415) 439-1400<br>Facsimile: (415) 439-1500<br><br>Michael W. De Vries (SBN 211001)<br>michael.devries@kirkland.com<br>KIRKLAND & ELLIS LLP<br>333 South Hope Street<br>Los Angeles, California 90071<br>Telephone: (213) 680-8400<br>Facsimile: (213) 680-8500 |

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>      Plaintiff,<br><br>  vs.<br><br>ARISTA NETWORKS, INC.,<br><br>      Defendant. | CASE NO. 5:14-cv-5344-BLF<br><br>**DECLARATION OF SARA E. JENKINS IN SUPPORT OF CISCO'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CONFIDENTIAL INFORMATION IN CISCO'S OPPOSITION TO ARISTA'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Judge:   Hon. Beth Labson Freeman |

02099-00004/8147331.1

DECLARATION OF SARA E. JENKINS IN SUPPORT OF CISCO'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF

**DECLARATION OF SARA E. JENKINS**

I, Sara E. Jenkins, declare as follows:

    **1.**    I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate with the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Plaintiff Cisco Systems, Inc. ("Cisco"). I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

    **2.**    I make this declaration in support of Cisco's Administrative Motion to File Under Seal Confidential Information in connection with Cisco's Opposition to Arista's Motion for Partial Summary Judgment ("Opposition."). I make this declaration in accordance with Civil Local Rule 79-5(d)(A) on behalf of Cisco to confirm that the information contained in the documents referenced in the Sealing Motion should be sealed.

    **3.**    As an Opposition to a Motion for Partial Summary Judgment, Cisco's Opposition is considered to be dispositive. In this context, materials may be sealed so long as the party seeking sealing provides "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-1179 (9th Cir.2006). Compelling reasons for sealing court files generally exist when such "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Under this standard, compelling reasons have been found to seal documents such as those containing confidential source code (*Apple, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-cv-1846, D.I. 2190 at 3 (Dec. 10, 2012); documents related to the "internal procedures for addressing cardholder fraud notifications" of a bank, *id.* at *2-3 (*Cowan v. GE Capital Retail Bank*, No. 13–cv–03935–BLF, 2015 WL 1324848, at *1-3 (N.D. Cal. Mar. 24, 2015)); documents containing "information about [a party's] business performance, structure, and finances that could be used to

1  gain unfair business advantage against them," *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016
2  WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016); documents containing "highly sensitive information
3  regarding [a party's] product architecture and development," *Delphix Corp. v. Actifio, Inc.*, No.
4  13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014); documents in the form
5  of "emails containing information about [a party's] business practices, recruitment efforts, and
6  discussions regarding potential partnerships with other product manufacturers," *Koninklijke*
7  *Philips N.V. v. Elec-Tech International Co., Ltd.*, No. 14–cv–02737–BLF, 2015 WL 581574, at
8  *1-2 (N.D. Cal. Deb. 10, 2015); and documents containing "information regarding non-public
9  recruitment efforts and business practices" of a party, *id.* at *2-3.

10  **4.**  Pursuant to Civil L.R. 79-5(d)(A), compelling reasons exist to seal the documents
11  that contain Cisco confidential information and are identified in the Sealing Motion and below.
12  Cisco also moves to seal documents designated as confidential by Arista and third parties and
13  expects that they will file a supporting declaration pursuant to Civil L.R. 79-5(e)(1).

| Document | Portions to Be Filed Under Seal | Party With Claim of Confidentiality |
|---|---|---|
| Cisco's Opposition to Arista's Motion for Partial Summary Judgment ("Opposition") | Highlighted Portions | Arista |
| Exhibits 1-4; 36-37; 51-53 to the Declaration of John M. Neukom in Support of Cisco's Opposition to Arista's Motion for Partial Summary Judgment ("Neukom Declaration") | Entire | Arista |
| Exhibit 46 to the Neukom Declaration | Highlighted Portions | Arista |

02099-00004/8147331.1

2

DECLARATION OF SARA E. JENKINS IN SUPPORT OF
ADMINISTRATIVE MOTION TO FILE UNDER SEAL

Case No. 5:14-cv-05344-BLF

| Document | Portions to Be Filed Under Seal | Party With Claim of Confidentiality |
|---|---|---|
| Exhibit 6 to the Neukom Declaration | Highlighted Portions | Cisco |
| Exhibit 9 to the Neukom Declaration | Entire | Cisco |
| Exhibit 1 to the Declaration of Kevin Almeroth in Support of Cisco's Opposition to Arista's Motion for Partial Summary Judgment ("Almeroth Declaration") | Highlighted Portions | Arista, Cisco, Hewlett Packard |
| Exhibit 2 to the Almeroth Declaration | Highlighted Portions | Arista, Cisco, Dell |
| Exhibit 3 to the Almeroth Declaration | Entire | Arista, Cisco |
| Exhibit 1 to the Declaration of Kevin Jeffay in Support of Cisco's Opposition to Arista's Motion for Partial Summary Judgment ("Jeffay Declaration") | Entire | Arista |

**5.**     Exhibits 1-4; 36-37; 46; 51-53 to the Neukom Declaration contain information previously designated as confidential by Arista. Cisco files this declaration with respect to these exhibits to provide Arista with the opportunity to file a supporting declaration pursuant to Civil L.R. 79-5(e)(1).

**6.**     Exhibit 6 to the Neukom Declaration is an exhibit to an interrogatory that was designated by Cisco in this matter as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. The highlighted portions of this exhibit includes Cisco's confidential source code. As such, there are compelling reasons to seal the highlighted portions. *See Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011) (source code is "undoubtedly a trade secret" within the sealing context.) Additionally, Cisco files this

1  declaration to allow Arista the opportunity to file a supporting declaration pursuant to Civil L.R.
2  79-5(e)(1).

3   **7.**   Exhibit 9 to the Neukom Declaration is a document produced by Cisco in this
4  matter designated as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.
5  This exhibit discusses confidential information about the development and security of Cisco's
6  products.  As such, compelling reasons exist to seal the highlighted portions of this document.  *See*
7  *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug.
8  20, 2014) ("highly sensitive information regarding [a party's] product architecture and
9  development" are sealable under the heightened standard for dispositive motions.)

10   **8.**   Exhibit 1 to the Almeroth Declaration includes information that was designated as
11  confidential by Arista and Cisco as well as third-party Hewlett Packard under the Protective Order
12  in this matter.  Through this declaration, Cisco supports the sealing of paragraphs 83-86 of this
13  exhibit.  Paragraphs 83-86 contain Cisco's confidential source code.  As such, there are
14  compelling reasons to seal this paragraph.  *See Agency Solutions.Com, LLC v. TriZetto Group,*
15  *Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011) (source code is "undoubtedly a trade secret"
16  within the sealing context.)  Additionally, Cisco files this declaration to allow Arista and Hewlett
17  Packard the opportunity to file a supporting declaration pursuant to Civil L.R. 79-5(e)(1).

18   **9.**   Exhibit 2 to the Almeroth Declaration includes information designated as
19  confidential by Arista and Cisco as well as third-party Dell.  Through this declaration, Cisco
20  supports the sealing of the highlighted portions of  paragraphs 164-166.  Paragraphs 164-166
21  contain confidential information about the technology and architecture of Cisco's products.  As
22  such, there are compelling reasons to seal the highlighted portions of these paragraphs.  *See*
23  *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug.
24  20, 2014) ("highly sensitive information regarding [a party's] product architecture and
25  development" are sealable under the heightened standard for dispositive motions.)  Additionally,

1  Cisco files this declaration to allow Arista and Hewlett Packard the opportunity to file a
2  supporting declaration pursuant to Civil L.R. 79-5(e)(1).

3      **10.**    Exhibit 3 to the Almeroth Declaration includes source code designated as "Highly
4  Confidential – Source Code" by Cisco and Arista in this matter.  As such, there are compelling
5  reasons to seal this paragraph.  *See Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F.
6  Supp. 2d 1001, 1017 (E.D. Cal. 2011) (source code is "undoubtedly a trade secret" within the
7  sealing context.)  Additionally, Cisco files this declaration to allow Arista the opportunity to file a
8  supporting declaration pursuant to Civil L.R. 79-5(e)(1).

9      **11.**    Exhibit 1 to the Jeffay Declaration contains information previously designated as
10  confidential by Arista.  Cisco files this declaration to allow Arista the opportunity to file a
11  supporting declaration pursuant to Civil L.R. 79-5(e)(1).

12      **12.**    The highlighted portions of Cisco's Opposition contain discussion and quotations
13  from the exhibits discussed above.  Therefore, Cisco files this declaration to allow Arista the
14  opportunity to file a supporting declaration pursuant to Civil L.R. 79-5(e)(1).

15  I declare under penalty of perjury under the laws of the State of California that the
16  foregoing is true and correct, and that this declaration was executed in San Francisco, California,
17  on July 14, 2016.

                                      */s/ Sara E. Jenkins*
                                      Sara E. Jenkins

## SIGNATURE ATTESTATION

Pursuant to Civ. L.R. 5-1(i)(3), the undersigned hereby attests under penalty of perjury that concurrence in the filing of this document has been obtained from the signatory indicated by the "conformed" signature (/s/) of registered ECF User Sara E. Jenkins.

Dated: July 14, 2016           */s/ John M. Neukom*
                               John M. Neukom