# EXHIBIT 46

# REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

1  Kathleen Sullivan (SBN 242261)  
   kathleensullivan@quinnemanuel.com  
2  QUINN EMANUEL URQUHART &  
   SULLIVAN LLP  
3  51 Madison Avenue, 22nd Floor  
   New York, NY 10010  
4  Telephone: (212) 849-7000  
   Facsimile: (212) 849-7100  
5
6  Sean S. Pak (SBN 219032)  
   seanpak@quinnemanuel.com  
   John M. Neukom (SBN 275887)  
7  johnneukom@quinnemanuel.com.  
   QUINN EMANUEL URQUHART &  
8  SULLIVAN LLP  
   50 California Street, 22nd Floor  
9  San Francisco, CA 94111  
   Telephone: (415) 875-6600  
10 Facsimile: (415) 875-6700  
11 Mark Tung (SBN 245782)  
   marktung@quinnemanuel.com  
12 QUINN EMANUEL URQUHART &  
   SULLIVAN LLP  
13 555 Twin Dolphin Drive, 5th Floor  
   Redwood Shores, CA 94065  
14 Telephone: (650) 801-5000  
   Facsimile: (650) 801-5100  

   Steven Cherny (admitted *pro hac vice*)  
   steven.cherny@kirkland.com  
   KIRKLAND & ELLIS LLP  
   601 Lexington Avenue  
   New York, New York 10022  
   Telephone: (212) 446-4800  
   Facsimile: (212) 446-4900  

   Adam R. Alper (SBN 196834)  
   adam.alper@kirkland.com  
   KIRKLAND & ELLIS LLP  
   555 California Street  
   San Francisco, California  94104  
   Telephone: (415) 439-1400  
   Facsimile: (415) 439-1500  

   Michael W. De Vries (SBN 211001)  
   michael.devries@kirkland.com  
   KIRKLAND & ELLIS LLP  
   333 South Hope Street  
   Los Angeles, California 90071  
   Telephone: (213) 680-8400  
   Facsimile: (213) 680-8500  

15

16  *Attorneys for Plaintiff Cisco Systems, Inc.*

17  **UNITED STATES DISTRICT COURT**

18  **NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 19  CISCO SYSTEMS, INC., | CASE NO.  5:14-cv-05344-BLF |
| 20          Plaintiff, | |
| 21      v. | **PLAINTIFF CISCO SYSTEMS, INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT** |
| 22  ARISTA NETWORKS, INC., | **ARISTA NETWORKS, INC.'S INTERROGATORY NOS. 2-10** |
| 23          Defendant. | |
| 24 | |

25

26

27

28

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Cisco Systems, Inc. ("Cisco"), by counsel, hereby provides the following supplemental objections and responses to Defendant Arista Networks, Inc.'s ("Arista's") Interrogatory Nos. 2-10 (the "Interrogatories").

## **GENERAL OBJECTIONS**

Cisco makes the following general objections to Arista's Interrogatories, which apply to each interrogatory regardless of whether the general objections are specifically incorporated into the specific objections and responses below.

1.      Cisco is responding to each interrogatory as it interprets and understands each interrogatory with respect to the issues in this Litigation.  If Arista asserts a different interpretation of any interrogatory, Cisco reserves the right to supplement or amend its responses or objections.

2.      Cisco objects to each interrogatory to the extent it is inconsistent with or seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Civil and Patent Local Rules of the Northern District of California, and any orders governing this Litigation.

3.      Cisco objects to the definitions of "Cisco," "You," and "Your," to the extent that the definitions are overly broad and purport to require Cisco to provide information that is not within the possession, custody, or control of Cisco.

4.      Cisco objects to Arista's definition of "Asserted Patents" and "Asserted Claim" to the extent that Arista's use of those terms in its interrogatories to Cisco renders certain of Arista's Interrogatories as constituting multiple discrete subparts that are in fact multiple, separate interrogatories.

5.      Cisco objects to the definitions of "CLI Command" and "Network Management Product" to the extent that these terms are vague and ambiguous with respect to their scope and application as used by Arista, rendering these terms at least potentially unclear with respect to what particular devices are intended to be incorporated thereby, and further on the grounds that use of the terms in Arista's Interrogatories renders those interrogatories overbroad and unduly burdensome to the extent that the discovery sought by such interrogatories is not reasonably tied to Cisco's claims or Arista's defenses in this Litigation.  Cisco further objects to the use of these

CISCO'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO ARISTA'S INTERROGATORY NOS. 2-10

1   terms in Arista's Interrogatories to the extent that such interrogatories are not reasonably

2   calculated to lead to the discovery of admissible evidence.

3        6.      Cisco objects to the definition of "Relating to" as vague and ambiguous and overly

4   broad, unduly burdensome, and further to the extent that interrogatories using such terms are not

5   reasonably calculated to lead to the discovery of admissible evidence.

6        7.      Cisco objects to the definition of "Identify" and the instructions set out in

7   Paragraphs 10–12 as overly broad, unduly burdensome, and further to the extent that

8   interrogatories using such terms are not reasonably calculated to lead to the discovery of

9   admissible evidence.  Cisco further objects to these definitions and instructions to the extent that

10  the burden of deriving or ascertaining the requested information is substantially the same for

11  Arista as it is for Cisco.

12       8.      Cisco objects to each and every interrogatory as overly broad, unduly burdensome,

13  cumulative, and duplicative to the extent it seeks identification of "any," "each," or "all"

14  documents of a specified type or nature, when a subset of such documents will provide the

15  requested information.  Cisco objects generally to each and every interrogatory as overly broad,

16  vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible

17  evidence, to the extent that it seeks information regarding "any," "each," or "all" persons, entities,

18  objects, or events.

19       9.      Cisco objects to the "Definitions" and "Instructions" of the Interrogatories to the

20  extent they alter the plain meaning of any specific interrogatory and render the interrogatory

21  vague, ambiguous, and overbroad.

22       10.     Cisco objects to each interrogatory to the extent that it is unlimited in temporal

23  and/or geographic scope, or to the extent it would require Cisco to provide information or

24  documents in violation of an applicable foreign law or regulation.

25       11.     Cisco objects to each interrogatory to the extent that it is overbroad, unduly

26  burdensome, and/or calls for provision of information or documents that are neither relevant to

27  any claim or defense in this litigation nor reasonably likely to lead to the discovery of admissible

28  evidence.

12.     Cisco objects to each interrogatory to the extent that it calls for production of information or documents that are not within the possession, custody, or control of Cisco, or to the extent the interrogatory seeks information that may not be disclosed pursuant to a protective order or non-disclosure agreement, or calls for Cisco to prepare documents and/or things that do not already exist.

13.     Cisco objects to each interrogatory to the extent that it calls for production of information or documents that are publicly available or equally available to Arista, and therefore are of no greater burden for Arista to obtain than for Cisco to obtain.

14.     Cisco objects to each interrogatory as overbroad and unduly burdensome to the extent that it is not limited to a time frame relevant to this Litigation or seeks information or documents not within the applicable scope of this Litigation.

15.     Cisco objects to each interrogatory to the extent it seeks information or documents that Cisco is not permitted to disclose pursuant to confidentiality obligations to third parties or court order.  Cisco will provide such responsive, relevant, and non-privileged information and/or produce documents in accordance with the Protective Order governing this Litigation and after complying with its obligations to the third party and/or court.

16.     Cisco objects to each interrogatory to the extent it seeks information, documents, and/or things protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, and/or any other applicable privilege, immunity, doctrine, or protection, including without limitation in connection with the common interest doctrine (collectively, as used herein, "privileged").  Nothing contained in these objections and responses should be considered a waiver of any attorney-client privilege, work-product protection, or any other applicable privilege or doctrine, including in connection with the common interest doctrine. Cisco does not intend to provide information or produce documents that would divulge any privileged information.  Any such disclosure is inadvertent and shall not be deemed a waiver of any applicable privilege or immunity.

17.     Cisco objects to Arista's Interrogatories to the extent that their subparts exceed the number of interrogatories permitted under the Federal Rules of Civil Procedure, including Rule

33(a)(1), the Civil and Patent Local Rules of the Northern District of California, and any orders governing this Litigation.

18.     Cisco objects to each interrogatory to the extent that it is vague, ambiguous, or confusing due to Arista's failure to define terms or failure to describe the information or documents sought with reasonable particularity.

19.     Cisco objects to the factual characterizations of Arista's Interrogatories.  By responding, Cisco does not accept or admit any of Arista's factual characterizations.

20.     Terms or phrases with specific legal significance appear in many of Arista's Interrogatories.  Neither Cisco's objections and responses, nor the provision of information or production of documents in response to any interrogatory, are an admission or indication that such information and documents are relevant to any legal theory, or that any of the legal terms used have any applicability in their legal sense to any information or documents produced by Cisco in response to the Interrogatories.

21.     Cisco objects to these Interrogatories on relevance and burden grounds to the extent they are not limited in temporal scope, or to the extent that time period specified encompasses time periods not relevant to this Litigation, or to the extent the requests are not limited in geographic scope.

22.     Cisco objects to the Interrogatories as overly broad and unduly burdensome to the extent they call for the provision of information or production of documents of technical information, or otherwise, including source code, in connection with Cisco's products, where such information or documents are either duplicative of other documents or information that will be produced and/or are not relevant to this Litigation and Cisco's products relevant to this Litigation. Cisco further objects to the Interrogatories to the extent that they call for the provision of information or production of documents of technical information, or otherwise, including source code, in connection with Cisco's products, where such information and documents are not necessary to understand the relevant structure, function, and operation of Cisco's products relevant to this Litigation.

23.    Cisco objects to each interrogatory as premature to the extent it calls for documents or information that is the subject of later disclosure deadlines in this Litigation and/or expert reports and testimony, including as set forth in Rule 26(a)(2) of the Federal Rules of Civil Procedure, the Patent Local Rules of the Northern District of California, and the Case Management Order to be entered in this Litigation.

24.    Any Cisco response that it will provide information or produce documents should not be construed to mean that responsive information or documents in fact exist; only that, if such relevant, non-privileged, non-objectionable information or documents exist, are in Cisco's possession, custody, or control, and are located after a reasonable search of the location or locations where responsive information or documents are likely to be located, such information or documents will be produced in a timely manner.

25.    Cisco further reserves all rights to supplement its responses to Arista's Interrogatories in compliance with the Federal Rules of Civil Procedure, including under Rule 26(e), as well as the Civil and Patent Local Rules of the Northern District of California and any orders governing this Litigation, and as Cisco's investigation and discovery proceeds in this Litigation.

### RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify with specificity every similarity that Cisco contends is a basis for its claim of copyright infringement, including the source material in Cisco's copyrighted work(s) that Cisco contends is the source of the similarity; the material in the allegedly infringing work(s) that Cisco contends reflects the similarity, and why Cisco contends that the source material is protected by copyright.

**RESPONSE TO INTERROGATORY NO. 1:**

Cisco incorporates by reference its General Objections as though fully set forth herein. Cisco further objects to this interrogatory as irrelevant and not calculated to lead to the discovery

of admissible evidence to the extent it calls for evidence pertaining to specific similarities between Cisco's copyrighted works and Arista's accused products.  Cisco further objects to this interrogatory to the extent that it calls for information that is publicly available, equally available to Arista, and/or in Arista's control, and therefore is of no greater burden for Arista to obtain than for Cisco to obtain.  Cisco further objects to this interrogatory as compound.  Cisco also objects to this interrogatory as undefined, vague, ambiguous, overbroad, and unduly burdensome in its use of the terms "with specificity," "every similarity," "why Cisco contends that the source material is protected by copyright."  Cisco further objects to this interrogatory as premature contention discovery, especially in light of Arista's failure to produce information regarding its accused products, including source code.  Cisco further objects to this interrogatory on the grounds that it prematurely seeks expert testimony.  Cisco further objects to this interrogatory to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work-product, or that is protected by any other applicable privilege, protection, or immunity, including without limitation in connection with the common interest doctrine.

Subject to and without waiver of its general and specific objections, Cisco incorporates by reference, as if fully set forth herein, its operative complaint and all documents cited therein, including Cisco's copyright registrations as well as any subsequent amendments thereto.  Cisco further responds, pursuant to Fed. R. Civ. P. 33(d), that Cisco will produce documents containing information responsive to this interrogatory, which information may be obtained from the documents by Arista as easily as by Cisco.

In addition to the examples set forth in Exhibits 1 and 2 to Cisco's operative complaint, Cisco identifies in Exhibit A similarities between Cisco's copyrighted works and Arista products. Each of the Cisco works cited in Exhibit A is protected by copyright because each of these works constitutes an original work of authorship fixed in a tangible medium of expression.  Each Cisco work in Exhibit A contains expressive content, which is the subject of copyright protection. Further, each Cisco document cited in Exhibit A was first published in the United States and was authored by at least one author who is a national or domiciliary of the United States.  *See, e.g.,* Cisco copyright registrations attached to Cisco's operative complaint. Cisco has complied with all

applicable statutory formalities related to these copyrighted works.  Additionally, because many of the Cisco works cited in Exhibit A were deposited with copyright registrations within five years of publication, the certificate of registration for these documents constitutes prima facie evidence of the validity of the underlying copyrights.  *See, e.g.,* Cisco copyright registrations attached to Cisco's operative complaint.  For the remainder of the Cisco works cited in Exhibit A, the copyright registration certificates constitute evidence of the validity of Cisco's copyrights.

Cisco's discovery efforts in this case are ongoing, and Cisco reserves the right to further supplement this response in light of facts learned during discovery, including information regarding Arista's accused products and expert discovery.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Subject to and without waiver of its general and specific objections, Cisco further responds as follows:

The similarity between Cisco's copyrighted works and Arista's accused products is also evidenced by Arista's copying of numerous multi-word command expressions from Cisco's copyrighted works.  Each of those command expressions identified by Cisco in its copyrighted works represents an original, creative expression.  Attached as Exhibit B is a more comprehensive listing of the multiword command expressions from Cisco's copyrighted works that were copied by Arista, as well as the version(s) of Arista's infringing works that contain these protected elements.

Arista also has copied Cisco's copyrighted command hierarchies.  The organization of Cisco's command expressions represents an original, creative contribution to Cisco's copyrighted works.  Because Cisco's command expressions are organized hierarchically, the copying of Cisco's command expressions, described in Exhibit B, itself reflects Arista's copying of Cisco's command hierarchies.

Arista has also copied Cisco's command modes and prompts, which also represent original and creative contributions to Cisco's copyrighted works.  For example, Cisco's copyrighted works include "EXEC," "Privileged EXEC," "Global configuration," and "Interface configuration"

1    modes, the names of which are duplicated in Arista's infringing products, using substantially

2    similar prompts.  Attached as Exhibit C is a more comprehensive listing of the command modes

3    and prompts from Cisco's copyrighted works that were copied by Arista, as well as the version(s)

4    of Arista's infringing works that contain these protected elements.

5        Because the burden of finding each of these command expressions, command hierarchies,

6    and command modes and prompts in the copyrighted works and the infringing works is the same

7    for Arista as it is for Cisco, pursuant to Fed. R. Civ. P. 33(d), Cisco identifies the following

8    documents as containing responsive information:

9        IOS v. 11.0: Source Code, CSI-CLI-00403865.

10        IOS v. 11.1: Source Code, CSI-CLI-00403866.

11        IOS v. 11.2: Source Code, CSI-CLI-00403867.

12        IOS v. 11.3: Source Code, CSI-CLI-00403868.

13        IOS v. 12.0: Source Code, CSI-CLI-00403869.

14        IOS v. 12.1: Source Code, CSI-CLI-00403870.

15        IOS v. 12.2: Source Code, CSI-CLI-00403871.

16        IOS v. 12.3: Source Code, CSI-CLI-00403872, CSI-CLI-00403874.

17        IOS v. 12.4: Source Code, CSI-CLI-00403873.

18        IOS v. 15.0: Source Code, CSI-CLI-00054598 – CSI-CLI-00074027, CSI-CLI-00216957 –

19    CSI-CLI-00217612, CSI-CLI-00223197 – CSI-CLI-00224078, CSI-CLI-00226300 – CSI-CLI-

20    00226709, CSI-CLI-00267773 – CSI-CLI-00268938, CSI-CLI-00271385 – CSI-CLI-00271914,

21    CSI-CLI-00274107 – CSI-CLI-00274387, CSI-CLI-00275376 – CSI-CLI-00276837, CSI-CLI-

22    00314732 – CSI-CLI-00314943, CSI-CLI-00316210 – CSI-CLI-00317412, CSI-CLI-00317634 –

23    CSI-CLI-00317847, CSI-CLI-00318351 – CSI-CLI-00318532, CSI-CLI-00319252 – CSI-CLI-

24    00321189, CSI-CLI-00324036 – CSI-CLI-00324389, CSI-CLI-00325497 – CSI-CLI-00325713,

25    CSI-CLI-00332893 – CSI-CLI-00345450, CSI-CLI-00348572 – CSI-CLI-00348689, CSI-CLI-

26    00350066 – CSI-CLI-00351948.

27        IOS v. 15.1: Source Code, CSI-CLI-00034689 – CSI-CLI-00054565, CSI-CLI-00223197 –

28    CSI-CLI-00224078, CSI-CLI-00226300 – CSI-CLI-00226414, CSI-CLI-00226710 – CSI-CLI-

1    00227953, CSI-CLI-00267773 – CSI-CLI-00268938, CSI-CLI-00314422 – CSI-CLI-00314731,

2    CSI-CLI-00314944 – CSI-CLI-00316209, CSI-CLI-00317413 – CSI-CLI-00317633, CSI-CLI-

3    00317848 – CSI-CLI-00318350, CSI-CLI-00318533 – CSI-CLI-00319251, CSI-CLI-00319765 –

4    CSI-CLI-00325376, CSI-CLI-00325497 – CSI-CLI-00325713, CSI-CLI-00333135 – CSI-CLI-

5    00333809, CSI-CLI-00337967 – CSI-CLI-00338200, CSI-CLI-00338481 – CSI-CLI-00338696,

6    CSI-CLI-00338941 – CSI-CLI-00339290, CSI-CLI-00345451 – CSI-CLI-00354832.

7        IOS v. 15.2: Source Code, CSI-CLI-00024968 – CSI-CLI-00034688, CSI-CLI-00074028 –

8    CSI-CLI-00074113, CSI-CLI-00091773 – CSI-CLI-00091888, CSI-CLI-00098678 – CSI-CLI-

9    00099910, CSI-CLI-00101493 – CSI-CLI-00101653, CSI-CLI-00102320 – CSI-CLI-00102428,

10    CSI-CLI-00102615 – CSI-CLI-00102827, CSI-CLI-00104206 – CSI-CLI-00104306, CSI-CLI-

11    00105599 – CSI-CLI-00105706, CSI-CLI-00106165 – CSI-CLI-00106403, CSI-CLI-00107100 –

12    CSI-CLI-00107198, CSI-CLI-00108121 – CSI-CLI-00110637, CSI-CLI-00142102 – CSI-CLI-

13    142151, CSI-CLI-00145892 – CSI-CLI-00145912, CSI-CLI-00146305 – CSI-CLI-00146361,

14    CSI-CLI-00146494 – CSI-CLI-00146672, CSI-CLI-00150117 – CSI-CLI-00150301, CSI-CLI-

15    00151700 – CSI-CLI-00151794, CSI-CLI-00153045 – CSI-CLI-00154056, CSI-CLI-00154957 –

16    CSI-CLI-00154967, CSI-CLI-00161254 – CSI-CLI-00161264, CSI-CLI-00162423 – CSI-CLI-

17    00162433, CSI-CLI-00162764 – CSI-CLI-00163054, CSI-CLI-00163297 – CSI-CLI-00163575,

18    CSI-CLI-00163892 – CSI-CLI-00163997, CSI-CLI-00167730 – CSI-CLI-00168576, CSI-CLI-

19    00168785 – CSI-CLI-00170897, CSI-CLI-00171210 – CSI-CLI-00171263, CSI-CLI-00173118 –

20    CSI-CLI-00173146, CSI-CLI-00227954 – CSI-CLI-00228224, CSI-CLI-00236536 – CSI-CLI-

21    00237167, CSI-CLI-00237495 – CSI-CLI-00239781, CSI-CLI-00241096 – CSI-CLI-00248137,

22    CSI-CLI-00276838 – CSI-CLI-00288213, CSI-CLI-00288322 – CSI-CLI-00289855, CSI-CLI-

23    00292982 – CSI-CLI-00294561.

24        IOS v. 15.4: Source Code, CSI-CLI-00074114 – CSI-CLI-00091772, CSI-CLI-00091889 –

25    CSI-CLI-00098677, CSI-CLI-00217613 – CSI-CLI-00223196 – CSI-CLI-00224078,  CSI-CLI-

26    00224079 – CSI-CLI-00226299, CSI-CLI-00276838 – CSI-CLI-00277169, CSI-CLI-00289856 –

27    CSI-CLI-00310345, CSI-CLI-00325714 – CSI-CLI-00332892.

28        IOS XR v. 3.0: Source Code, CSI-CLI-00359263 – CSI-CLI-00362850.

CASE NO. 5:14-cv-05344-BLF

CISCO'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO ARISTA'S INTERROGATORY NOS. 2-10

1    IOS XR v. 3.2: Source Code, CSI-CLI-00362851 – CSI-CLI-00370474.

2    IOS XR v. 3.3: Source Code, CSI-CLI-00370475 – CSI-CLI-00380671.

3    IOS XR v. 3.4: Source Code, CSI-CLI-00380672 – CSI-CLI-00389727.

4    IOS XR v. 3.5: Source Code, CSI-CLI-00389728 – CSI-CLI-00403864.

5    IOS XR v. 4.3: Source Code, CSI-CLI-00099911 – CSI-CLI-00101492, CSI-CLI-

6    00101654 – CSI-CLI-00102319, CSI-CLI-00102429 – CSI-CLI-00102614, CSI-CLI-00102828 –

7    CSI-CLI-00104205, CSI-CLI-00104307 – CSI-CLI-00105598, CSI-CLI-00105707 – CSI-CLI-

8    00106164, CSI-CLI-00106404 – CSI-CLI-00107099, CSI-CLI-00107199 – CSI-CLI-00108120,

9    CSI-CLI-00102732 – CSI-CLI-00127155, CSI-CLI-00137956 – CSI-CLI-00142101, CSI-CLI-

10    00142214 - CSI-CLI-00142101 – CSI-CLI-00143091, CSI-CLI-00143160 – CSI-CLI-00145891,

11    CSI-CLI-00145913 – CSI-CLI-00146304, CSI-CLI-00146362 – CSI-CLI-00146493, CSI-CLI-

12    00146673 – CSI-CLI-00150166, CSI-CLI-00150302 – CSI-CLI-00151699, CSI-CLI-00151795 –

13    CSI-CLI-00153044, CSI-CLI-00154057 – CSI-CLI-00154956, CSI-CLI-00154968 – CSI-CLI-

14    00161253, CSI-CLI-00161265 – CSI-CLI-00162422, CSI-CLI-00162434 – CSI-CLI-00162763,

15    CSI-CLI-00163998 – CSI-CLI-00167729, CSI-CLI-00168577 – CSI-CLI-00168784, CSI-CLI-

16    00170898 – CSI-CLI-00171209, CSI-CLI-00171264 – CSI-CLI-00173117, CSI-CLI-00173147 –

17    CSI-CLI-00173412.

18    IOS XR v. 5.2: Source Code, CSI-CLI-00110638 – CSI-CLI-00123731, CSI-CLI-

19    00127156 – CSI-CLI-00137955, CSI-CLI-00142152 – CSI-CLI-00142213, CSI-CLI-00143092 –

20    CSI-CLI-00143159, CSI-CLI-00163055 – CSI-CLI-00163296, CSI-CLI-00163576 – CSI-CLI-

21    00163891, CSI-CLI-00189310 – CSI-CLI-00191711.

22    IOS XE v. 2.1: Source Code, CSI-CLI-00229755 – CSI-CLI-00236535, CSI-CLI-

23    00268939 – CSI-CLI-00271384, CSI-CLI-00271915 – CSI-CLI-00274106, CSI-CLI-00274388 –

24    CSI-CLI-00276837, CSI-CLI-00313895 – CSI-CLI-00314421, CSI-CLI-00325377 – CSI-CLI-

25    00325496.

26    IOS XE v. 3.5: Source Code, CSI-CLI-00180764 – CSI-CLI-00189309, CSI-CLI-

27    00228225 – CSI-CLI-00229754, CSI-CLI-00236536 – CSI-CLI-00236768, CSI-CLI-00237168 –

28    CSI-CLI-00237494, CSI-CLI-00237785 – CSI-CLI-00237793, CSI-CLI-00239782 – CSI-CLI-

00241095, CSI-CLI-00248138 – CSI-CLI-00267772, CSI-CLI-00277170 – CSI-CLI-00277359, CSI-CLI-00288214 – CSI-CLI-00288321, CSI-CLI-00288673 – CSI-CLI-00289121, CSI-CLI-00310346 – CSI-CLI-00313894.

NX-OS v. 4.0: Source Code, CSI-CLI-00054566 – CSI-CLI-00054597, CSI-CLI-00191712 – CSI-CLI-00192226, CSI-CLI-00202929 – CSI-CLI-00207082.

NX-OS v. 5.0: Source Code, CSI-CLI-00173413 – CSI-CLI-00176459, CSI-CLI-00196923 – CSI-CLI-00197194, CSI-CLI-00197411 – CSI-CLI-00197600, CSI-CLI-00199585 – CSI-CLI-00200362, CSI-CLI-00201361 – CSI-CLI-00201380, CSI-CLI-00201823 – CSI-CLI-00201848, CSI-CLI-00207083 – CSI-CLI-00212262, CSI-CLI-00216926 – CSI-CLI-00216955.

NX-OS v. 5.2: Source Code, CSI-CLI-00176460 – CSI-CLI-00178217, CSI-CLI-00196489 – CSI-CLI-00196922, CSI-CLI-00197195 – CSI-CLI-00197410, CSI-CLI-00197601 – CSI-CLI-00199584, CSI-CLI-00200363 – CSI-CLI-00201360, CSI-CLI-00201381 – CSI-CLI-00201822, CSI-CLI-00201849 – CSI-CLI-00202928.

NX-OS v. 6.2: Source Code, CSI-CLI-00178218 – CSI-CLI-00180763, CSI-CLI-00192227 – CSI-CLI-00196488, CSI-CLI-00212263 – CSI-CLI-00216925.

EOS 4.0.1: Source Code, CSI-CLI-00007244 – CSI-CLI-00007472.

EOS 4.6.2: Source Code, CSI-CLI-00006858 – CSI-CLI-00007243.

EOS 4.10.0: Source Code, CSI-CLI-00007841 – CSI-CLI-00008984.

EOS 4.11.1.2: Source Code, CSI-CLI-00010517 – CSI-CLI-00011972.

EOS 4.12.4: Source Code, CSI-CLI-00014141 – CSI-CLI-00016000.

EOS 4.13.6F: Source Code, CSI-CLI-00016001 – CSI-CLI-00018140.

EOS 4.13.7M: Source Code, CSI-CLI-00011973 – CSI-CLI-00014140.

EOS 4.14.3F: Source Code, CSI-CLI-00018146 – CSI-CLI-00020377.

EOS 4.14.5F: Source Code, CSI-CLI-00000084 – CSI-CLI-00002331.

EOS 4.14.6M: Source Code, CSI-CLI-00004616 – CSI-CLI-00006857.

EOS 4.15.0F: Source Code, CSI-CLI-00002332 – CSI-CLI-00004615.

Cisco's discovery efforts in this case are ongoing, and Cisco reserves the right to further supplement this response in light of facts learned during discovery, including information

1 regarding Arista's accused products (including source code and other non-public materials) and

2 expert discovery.

3

4 **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

5       Subject to and without waiver of its general and specific objections, Cisco further responds

6 as follows:

7       Arista has copied Cisco's copyrighted command hierarchy and the structure, sequence and

8 organization of Cisco's command expressions.  Cisco's command expressions are organized

9 hierarchically such that certain groups and sub-groups of command expressions can be identified.

10 For example, paragraph 52 of Cisco's Second Amended Complaint for Copyright and Patent

11 Infringement (Dkt. 64) identify various command hierarchies (e.g., "aaa" command hierarchy,

12 "bgp" command hierarchy, "clear" command hierarchy, "dot1x" command hierarchy, "ip"

13 command hierarchy, "ipv6" command hierarchy, "neighbor" command hierarchy, "show"

14 command hierarchy, "snmp-server" command hierarchy, "spanning-tree" command hierarchy,

15 "vrrp" command hierarchy, and other command expressions and hierarchies).  Within a given

16 command hierarchy, all of the commands start with the same word; for example, all of the

17 commands within the "aaa" command hierarchy start with "aaa."  The Second Amended

18 Complaint further identifies sub-hierarchies within a command hierarchy (e.g., "ip dhcp" sub-

19 hierarchy, "ip igmp" sub-hierarchy, "ip msdp" sub-hierarchy, "ip ospf" sub-hierarchy, "ip pim"

20 sub-hierarchy, "ipv6 nd" sub-hierarchy, "ipv6 ospf" sub-hierarchy, "show interfaces" sub-

21 hierarchy, "show ipv6" sub-hierarchy).  Within a given command sub-hierarchy, all of the

22 commands start with the same two words; for example, all of the commands within the "ip dhcp"

23 sub-hierarchy start with "ip dhcp."  There can be further sub-hierarchies within a given sub-

24 hierarchy.  One way to demonstrate the hierarchy and organization of Cisco's command

25 expressions visually is through the use of a tree structure.  An example tree structure of a portion

26 of the "ip" command hierarchy is provided in Exhibit D.  Arista's copied commands are organized

27 into the same hierarchies and sub-hierarchies and have the same tree structure.

28

1    Arista also has copied Cisco's command responses and their organization.  Cisco's

2    command responses constitute original, creative contributions to Cisco's copyrighted works.

3    Attached as Exhibit E is a listing of some command responses from Cisco's copyrighted works

4    that were copied by Arista, as well as the version(s) of Arista's infringing works that contain these

5    protected elements.  In addition, Arista has copied the non-literal elements of Cisco's command

6    responses, including their structure, sequence and organization as also shown in Exhibit E.  The

7    command responses identified in Exhibit E are exemplary only, as Cisco's investigation is

8    ongoing.

9    Cisco's discovery efforts in this case are ongoing, and Cisco reserves the right to further

10   supplement this response in light of facts learned during discovery, including information

11   regarding Arista's accused products (including screenshots, source code and other non-public

12   materials) and expert discovery.

13

14   **THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

15   Subject to and without waiver of its general and specific objections, Cisco further responds

16   as follows:

17   Exhibit C to Cisco's Second Supplemental Response to Interrogatory No. 2 identifies

18   certain command modes and associated prompts that were created by Cisco and copied by Arista.

19   Arista's copying of command modes and prompts extends to interface-, feature-, protocol- and

20   other more specific command modes and submodes, with associated prompts.  Cisco's discovery

21   regarding those modes and submodes is ongoing, and Cisco reserves the right to supplement its

22   response in light of information learned subsequently from Arista's source code and/or operable

23   Arista devices, which Cisco requested on September 18, 2015 but Arista has not yet produced.

24   Attached hereto as Amended Exhibit D1-D26 are command hierarchies containing Cisco's

25   copyrighted command expressions that have been copied in whole or in part by Arista.  These

26   hierarchies are contained in Cisco's and Arista's respective product documentation and source

27   code.  The hierarchies contained in Amended Exhibit D1-D26 identify multi-word command

28   expressions that Arista has copied.  To the extent that Arista has utilized other command

-13-

1  expressions that fit within the identified hierarchies, copying of such expressions further

2  demonstrates copying of command hierarchies.  In addition, ==Arista's location of individual==

3  ==command expressions within the same modes as those commands are located in Cisco's operating==

4  ==systems== (*e.g.*, the "enable" EXEC command in EOS and IOS) is further evidence of Arista's

5  copying of Cisco's command hierarchies.  Cisco's discovery regarding these command hierarchies

6  is ongoing, and Cisco reserves the right to supplement its response in light of information learned

7  subsequently from Arista's source code and/or operable Arista devices, which Cisco requested on

8  September 18, 2015 but Arista has not yet produced.

9       Exhibit E to Cisco's Second Supplemental Response to Arista's Interrogatory No. 2

10  included examples of Arista's copying of certain command outputs from Cisco's copyrighted

11  works.  Cisco's discovery regarding these command outputs is ongoing, and Cisco reserves the

12  right to supplement its response in light of information learned subsequently from Arista's source

13  code and/or operable Arista devices, which Cisco has requested but Arista has not yet produced.

14       Cisco's discovery efforts in this case are ongoing, and Cisco reserves the right to further

15  supplement this response in light of facts learned during discovery, including information

16  regarding Arista's accused products (including source code and other non-public materials, as well

17  as operable Arista devices) and expert discovery, or any other reason for which supplementation is

18  permissible under the Federal Rules of Civil Procedure.

19

20  **FOURTH SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

21       Subject to and without waiver of its general and specific objections, Cisco further responds

22  as follows:

23       In addition to the command outputs previously identified in Exhibit E to Cisco's response

24  to this interrogatory, Arista has copied the interactive "help" screens from Cisco's copyrighted

25  works.  For example, in response to the "help" command, both Cisco's and Arista's operating

26  systems display the following text, which was originally created by Cisco in version 9.21 of IOS:

27

28

```
Help may be requested at any point in a command by entering
a question mark '?'. If nothing matches, the help list will
be empty and you must back up until entering a '?' shows the
available options.
Two styles of help are provided:
1. Full help is available when you are ready to enter a
   command argument (e.g. 'show ?') and describes each possible
   argument.
2. Partial help is provided when an abbreviated argument is entered
   and you want to know what arguments match the input
   (e.g. 'show pr?'.)
```

Arista's copying of the help screen displays extends to the description of various command expressions. In both Cisco's CLI and Arista's CLI, users can type "?" to generate context-sensitive help, including a list of available commands and descriptions thereof. Arista has copied numerous examples of Cisco's original command expression descriptions (*e.g.*, explaining that the "enable" command will "Turn on privileged commands"). Cisco's discovery regarding these screen displays is ongoing, and Cisco reserves the right to supplement its response in light of information learned subsequently from Arista's source code and/or operable Arista devices, which Cisco has requested but Arista has not yet produced.

**FIFTH SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Subject to and without waiver of its general and specific objections, Cisco further responds as follows:

The evidence of Arista's copyright infringement is pervasive. Arista's CEO has admitted and apologized for copying. CSI-CLI-00357842 at CSI-CLI-00357849. Arista's CTO has admitted (unapologetically) to copying Cisco "slavishly." Packet Pushers Clip (Audio File) (Duda Exh. 274). And numerous other Arista employees (including executives) have admitted that Arista intentionally copied Cisco. *E.g.*, ARISTANDCA11406349, ARISTANDCA10499890, ARISTANDCA10499890; ARISTANDCA10499890; *see also* additional documents listed below. In sum, the evidence of admitted copyright infringement by Arista is overwhelming. And, contrary to Arista's claim, Arista is not an "American success story." Arista created and then built its business around a corporate culture of copying others. And that corporate culture of copying was created and fostered by the highest ranking Arista executives and then executed by its

1    employees.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    Cisco identifies at least the following documents and testimony as containing responsive

28    information:

- CSI-CLEO3838924
- CSI-CLI-00226710
- CSI-CLI-00358622
- CSI-CLI-00408381
- CSI-CLI-00248571
- CSI-CLI-00178252
- CSI-CLI-00357842
- ARISTANDCA1195413
- ANI-ITC-944_94 0962624
- CSI-ANI-00381280
- CSI-CLEO3838924
- CSI-CLI-00007473
- CSI-CLI-00007244
- CSI-CLI-00006858
- CSI-CLI-00007841
- CSI-CLI-00010517
- CSI-CLI-00008985
- CSI-CLI-00014141
- CSI-CLI-00011973
- CSI-CLI-00018146
- CSI-CLI-00000084
- CSI-CLI-00004616
- CSI-CLI-00020575
- CSI-CLI-00002332
- CSI-CLI-00016001
- ARISTANDCA1199299
- ANI-ITC-944_945-3473603
- CSI-CLI-00016001
- CSI-CLI00608716
- ANI-ITC-944 _ 945-0962624
- ARISTANDCA 10491957
- ARISTANDCA_SW_105998
- ARISTANDCA_SW_105998,
- ARISTANDCA SW_10599845.
- ANI-ITC-944_945-0152061
- ARISTANDCA1199691
- ARISTANDCA12426192.
- ARISTANDCA11417372.
- CSI-ANI-00356028
- CSI-ANI-00381280
- ARISTANDCA1195413.
- ANI-ITC-944_945-1365341
- ARISTANDCA11406349.
- ANI-ITC-944_945-3451012.

- ARISTANDCA1206055.
- ANI-ITC-944_945-3937682
- ARISTANDCA11411864
- ARISTANDCA1141720.
- ANI-ITC-944_945-3453648.
- ARISTANDCA 12060827.
- ARISTANDCA119969.
- ARISTANDCA10499890
- ARISTANDCA10499890;
- ARISTANDCA10499891
- ANI-ITC-944_945-3927203
- ARISTANDCA10526625.
- ARISTANDCA10525014.
- ARISTANDCA1199299.
- ANI-ITC-944_945-3473603.
- ARISTANDCA 10508650.
- ARISTANDCA 10537469
- ARISTANDCA1206372.
- ARISTANDCA104437.
- ARISTANDCA11996066.
- ARISTANDCA10446381.
- ARISTANDCA1194925.
- ANI-ITC-944_945-349442
- ARISTANDCA1200259
- ARISTANDCA1059782
- ARISTANDCA119495
- ANI-ITC-944_945-0006860.
- ARISTANDCA 10384101.
- ANI-ITC-944_945-0009544.
- ANI-ITC-944 945-1688838.
- ARISTANDCA1266331
- ARISTANDCA_SW_105998
- ANI-ITC-944_945-3452525.
- ANI-ITC-944_945-3452525
- CSI-CLI-00540078
- CSI-CLI-00357842
- ARISTANDCA 10430978.
- ARISTANDCA11406349.
- ARISTANDCA12244290.
- ARISTANDCA1224429
- ANI-ITC-944_945-3937682.
- ARISTANDCA1195413.
- CSI-CLI-00540078
- ARISTANDCA12244293
- CSI-ANI-00356028

- CSI-CLI-00356391 - CSI-CLI-00356394
- CSI-CLI-00356385 - CSI-CLI-00356388
- CSI-CLI-00356500 - CSI-CLI-00356501
- CSI-CLI-00356578 - CSI-CLI-00356581
- CSI-CLI-00356538 - CSI-CLI-00356541
- CSI-CLI-00356582 - CSI-CLI-00356587
- CSI-CLI-00356520 - CSI-CLI-00356523
- CSI-CLI-00356550 - CSI-CLI-00356555
- CSI-CLI-00356512 - CSI-CLI-00356515
- CSI-CLI-00356490 - CSI-CLI-00356495
- CSI-CLI-00356508 - CSI-CLI-00356511
- CSI-CLI-00356556 - CSI-CLI-00356561
- CSI-CLI-00356524 - CSI-CLI-00356527
- CSI-CLI-00356486 - CSI-CLI-00356489
- CSI-CLI-00356480 - CSI-CLI-00356483
- CSI-CLI-00356502 - CSI-CLI-00356505
- CSI-CLI-00356528 - CSI-CLI-00356531
- CSI-CLI-00356657 - CSI-CLI-00356660
- CSI-CLI-00356665 - CSI-CLI-00356668
- CSI-CLI-00356661 - CSI-CLI-00356664
- CSI-CLI-00356689 - CSI-CLI-00356692
- CSI-CLI-00356634 - CSI-CLI-00356637
- CSI-CLI-00356685 - CSI-CLI-00356688
- CSI-CLI-00356681 - CSI-CLI-00356684
- CSI-CLI-00356626 - CSI-CLI-00356629
- CSI-CLI-00356693 - CSI-CLI-00356696
- CSI-CLI-00356610 - CSI-CLI-00356613
- CSI-CLI-00356646 - CSI-CLI-00356648
- CSI-CLI-00356599 - CSI-CLI-00356601
- CSI-CLI-00356596 - CSI-CLI-00356598
- CSI-CLI-00356593 - CSI-CLI-00356595
- CSI-CLI-00356395 - CSI-CLI-00356398
- CSI-CLI-00356588 - CSI-CLI-00356591
- CSI-CLI-00356562 - CSI-CLI-00356563
- CSI-CLI-00356496 - CSI-CLI-00356499
- CSI-CLI-00356446 - CSI-CLI-00356549
- CSI-CLI-00356576 - CSI-CLI-00356577
- CSI-CLI-00356516 - CSI-CLI-00356519
- CSI-CLI-00356484 - CSI-CLI-00356485
- CSI-CLI-00356572 - CSI-CLI-00356575
- CSI-CLI-00356506 - CSI-CLI-00356507
- CSI-CLI-00356506 - CSI-CLI-00356508
- CSI-CLI-00356536 - CSI-CLI-00356537
- CSI-CLI-00356542 - CSI-CLI-00356545
- CSI-CLI-00356705 - CSI-CLI-00356705

- CSI-CLI-00356564 - CSI-CLI-00356567
- CSI-CLI-00356532 - CSI-CLI-00356535
- CSI-CLI-00356697 - CSI-CLI-00356700
- CSI-CLI-00356653 - CSI-CLI-00356656
- CSI-CLI-00356618 - CSI-CLI-00356621
- CSI-CLI-00356701 - CSI-CLI-00356704
- CSI-CLI-00356642 - CSI-CLI-00356645
- CSI-CLI-00356638 - CSI-CLI-00356641
- CSI-CLI-00356614 - CSI-CLI-00356617
- CSI-CLI-00356649 - CSI-CLI-00356652
- CSI-CLI-00356602 - CSI-CLI-00356605
- CSI-CLI-00356606 - CSI-CLI-00356609
- CSI-CLI-00356630 - CSI-CLI-00356633
- CSI-CLI-00356622 - CSI-CLI-00356625
- CSI-CLI-00356677 - CSI-CLI-00356680
- CSI-CLI-00356673 - CSI-CLI-00356676
- CSI-CLI-00356669 - CSI-CLI-00356672
- Packet Pushers Clip (Audio File) (Duda Exh. 274).
- Arista produced source code
- Cisco produced source code
- Cisco IOS 15.4, Cisco IOS SNMP Support Command Reference at 83 (2013).
- Arista User Manual v. 4.14.3F (Rev. 2) at 1967-68 (Oct. 2, 2014).
- Cisco IOS Configuration Fundamentals Command Reference at CF-522 (Apr. 2010);
- Arista 4.13.6F Manual at 380 (Apr. 2014).
- Deposition Testimony of Jayshree Ullal (Arista President & CEO) at 68:14-69:4, 208:7-210:16, 217:11-21, 223:12-19; 253:14-254:7, 276:10-277:16, 304:12-307:24; 253:14-254:7.
- Deposition Testimony of Kenneth Duda (Arista CTO & SVP of Software Engineering) at 58:8-59:24, 70:4-17, 73:23-75:16, 93:20-95:2, 195:18-197:8, 323:22-324:19, 326:6-329:11; 143:2-145:3, 145:4-151:9, 159:15-23, 176:16-177:17, 350:7-351:6, 150:16-151:9, 176:16-177:16, 145:4-155:20, 176:16-177:17, 350:7-351:25
- Deposition Testimony of Anshul Sadana (Arista SVP of Customer Engineering) at 93:20-103:4, 281:12-20, 108:17-109:4, 242:17-247:19, 267:2-271:24, 272:24-273:5; 51:14-18, 70:24-74:8, 230:24-25;
- Deposition Testimony of Adam Sweeney (Arista VP of Software Engineering)  at 156:12-19 (May 13, 2016)
- Deposition Testimony of Adam Sweeney (Arista VP of Software Engineering) at 159:9-160:9, 161:8-16, 161:25-162:7, 163:12-164:2, 165:1-6; 175:15-23, 217:12-218:8; 223:17-224; at 257:12-17; 452:13-20, 452:21-453:5 (Jan. 29, 2016).
- Deposition Testimony of Lincoln Dale (Arista Distinguished Engineer) at 272:20-274:24, 215:23-216:7, 216:14-217:4, 222:4-13; 231:5-17, 186:14-187:7, 193:1-25, 194:14-195:2, 195:7-196:2, 267:13-268:5, 271:18-25, 272:11-19
- Deposition Testimony of Hugh Holbrook (Arista VP of Software Engineering) at 84:13-17, 147:25-148:13, 248:8-12; 224:7-19, 241:4-22, 243:6-244:17
- Deposition Testimony of Mark Foxx (Arista SVP of Global Operations & Marketing) at 100:10-12, 100:23-101:2, 112:11-13

- Deposition Testimony of Mark Berly at 140:25-141
- Deposition Testimony of Lorenz Redlefsen Tr. at 40:1-9
- Deposition Testimony of Hafeez Deposition Tr. at 79:23-80:7,67:8-11, 78:20-25
- Deposition Testimony of Kirk Lougheed Tr. at 338:24-339:9, 331:6-23, 337:17-20 (Apr. 4, 2016).
- Deposition Testimony of Kirk Lougheed Tr. at 128:10-129:19, 145:3-25, 168:21-169:16, 174:5-175:4, 185:13-186:5, 128:10-129:19 (Nov. 20, 2015).
- Deposition Testimony of Abhay Roy at 24:12-25; 26:2-9; 45:6-20; 47:8-18.
- Deposition Testimony of Devadas Patil at 161:19-162:1, 186:7-11, 187:1-9 (Feb. 21, 2016).
- Deposition Testimony of Phillip Remaker at 98:22-99:12, 106:25-107:5, 107:7-12 (Mar. 30, 2016).
- Deposition Testimony of Phillip Remaker at 114:2-15 (Mar. 31, 2016).
- Deposition Testimony of HP Corporate Representative Tr. at 110:24-112:7 (May 2, 2016).
- Deposition Testimony of Adam Sweeney at 416:12-15, 452:3-12.
- Deposition Testimony of Anshul Sadana Deposition, Exhibit 382
- http://www.cisco.com/c/en/us/products/collateral/ios-nx-os-software/nx-os-software/data_sheet_c78-652063.pdf
- https://www.arista.com/en/products/eos
- Arista, *EOS Bites & Bytes - Episode 1 - Lessons Learned While Building a Network OS on Top of Linux*, Arista EOS Central - Video Library (Jan. 30, 2014), at 6:55–7:56, *available at* http://eos.arista.com/wpcontent/themes/aristaeos/video-lightbox.php?vid=ttp6IavHKGo.
- Cisco's Responses, supplements, and exhibits to Interrogatory Nos. 16, 19, and 21
- Arista, *EOS: An Extensible Operating System.*
- *See, e.g.*, Business Insider, "Cisco Just Fired Another Shot At Its Hated Rival, An Upstart Formed by Ex-Cisco Employees," Dec. 19, 2014, *available at* http://www.businessinsider.com/cisco-justfied-another-shot-at-arista-2014-12;
- New York Times, "Arista's Chief Executive Counters Cisco Lawsuit," Dec. 10, 2014, *available at* http://bits.blogs.nytimes.com/2014/12/10/aristas-chiefexecutive-counters-cisco-lawsuit/?_r=0.
- QuestNET Conference July 2013, slide 38.
- Arista's responses (including all supplements thereto) to Cisco's Interrogatory No. 10.

Cisco further identifies the deposition testimony of Adam Sweeney on January 29, 2016, May 12, 2016, May 13, 2016, and his remaining deposition testimony yet to be taken, in his personal capacity and as a designee under Rule 30(b)(6) in its entirety and all exhibits thereto, and the source code produced by Arista in this Litigation, including but not limited to ARISTA_SRC000001 through ARISTA_SRC000884, as evidence Arista has infringed Arista has infringed its copyrighted works.  Cisco further identifies ARISTANDCA13171542-ARISTANDCA13171545.  Cisco also identifies the Arista switches that Arista has made available

-21-

for inspection as evidence it may rely on to show infringement. Cisco may, in its expert report(s) and at trial, demonstrate Arista's infringement using virtual or operating Arista switches, or demonstratives showing the same.

Cisco's investigation of the subject matter of this interrogatory is ongoing. Cisco therefore reserves the right to supplement this response as additional information becomes available, including information that may be the subject of expert testimony and expert discovery.

**INTERROGATORY NO. 2:**

State in detail Cisco's factual bases for its claim that any copyright infringement by Arista (or for which Cisco claims Arista is liable) was willful.

**RESPONSE TO INTERROGATORY NO. 2:**

Cisco incorporates by reference its General Objections as though fully set forth herein. Cisco further objects to this interrogatory as irrelevant and not calculated to lead to the discovery of admissible evidence to the extent it calls for information not pertaining to the acts at issue in this suit.  Cisco further objects to this interrogatory to the extent that it calls for information that is publicly available or equally available to Arista, and therefore is of no greater burden for Arista to obtain than for Cisco to obtain.  Cisco also objects to this interrogatory as undefined, vague, ambiguous, overbroad, and unduly burdensome in its use of the term "any copyright infringement."  Cisco further objects to this interrogatory as premature contention discovery, especially in light of Arista's failure to produce information regarding its accused products.  Cisco further objects to this interrogatory to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work-product, or that is protected by any other applicable privilege, protection, or immunity, including without limitation in connection with the common interest doctrine.

Subject to and without waiver of its general and specific objections, Cisco further responds that its copyrighted works-in-suit are marked with copyright notices, yet were nonetheless copied

by Arista.  Arista's employees had knowledge of Cisco's copyrights, given that many of those employees had formerly worked at Cisco and were aware of Cisco's copyrighted works.  And Arista has been on notice of Cisco's copyright claims at least since the filing of Cisco's complaint, yet Arista has continued to sell infringing products and has released a new infringing product, EOS+.

Arista also has boasted of the savings in development costs it accrued by copying Cisco's copyrighted works:  "Since I helped build the enterprise, I would never compete with Cisco directly in the enterprise in a conventional way.  It makes no sense.  It would take me 15 years and 15,000 engineers, and that's not a recipe for success." *See, e.g.*, Adam Lashinsky, "An Ex-Cisco Exec Reflects," Fortune (Mar. 20, 2014) , *available at* http://fortune.com/2014/03/20/an-ex-cisco-exec-reflects/.

Arista also has explained that its use of Cisco's copyrighted CLI was an intentional ploy to win customers from Cisco, as Arista can market its products as an easily implemented alternative to Cisco products for Cisco's existing customers:

- "[A] Cisco CCIE expert would be able to use Arista right away, because we have a similar command-line interface and operational look and feel.  Where we don't have to invent, we don't."  John Gallant, "How Arista Networks Got Out In Front of the SDN Craze," Network World (Feb. 22, 2013).

- Arista has learned to "[p]rovide familiar interfaces to ease adoption" including a "standard CLI that … retains familiar management commands" so much so that "80% [of Arista customers] tell us they appreciate the way they can leverage their deep [Cisco] IOS experience, as they can easily upgrade an aging [Cisco] Catalyst infrastructure to Arista."  Posting of Kenneth Duda to Arista EOS Central, "Linux as a Switch Operating System: Five Lessons Learned" (Nov. 5, 2013), *available at* https://eos.arista.com/linux-as-a-switch-operating-system-five-lessons-learned/.

- "Familiar management interfaces, standard CLI …  It's been very helpful for our customers to be able to rapidly adopt our products and integrate them into their environments … that our switches provide a familiar management interface so their

1    existing tools and processes, screen scraping, automation, continue to work just as

2    they did before."  Arista, *EOS Bites & Bytes - Episode 1 - Lessons Learned While*

3    *Building a Network OS on Top of Linux*, Arista EOS Central - Video Library (Jan.

4    30, 2014), at 6:55–7:56, *available at* http://eos.arista.com/wp-

5    content/themes/aristaeos/video-lightbox.php?vid=ttp6lavHKGo.

6    •  "The familiar EOS command-line interface (CLI) avoids retraining costs."  Arista,

7    *EOS: An Extensible Operating System.*

8    The extent of Arista's copying further demonstrates its willfulness.  As detailed in Cisco's

9    operative complaint at paragraph 53 and Exhibit 1, which are incorporated by reference as if fully

10   set forth herein, Arista copied more than 500 multi-word command expressions from Cisco's

11   copyrighted CLI.  Moreover, Arista has admitted that it uses those expressions.  *See* Answer at

12   ¶ 53.

13   Arista similarly has admitted in public statements that it copied the copyrighted

14   documentation for Cisco's IOS CLI.  For example, Arista's CEO admitted in public statements

15   that Arista had wrongfully copied at least portions of Cisco's copyrighted product documentation.

16   *See, e.g.*, Business Insider, "Cisco Just Fired Another Shot At Its Hated Rival, An Upstart Formed

17   by Ex-Cisco Employees," Dec. 19, 2014, *available at* http://www.businessinsider.com/cisco-just-

18   fied-another-shot-at-arista-2014-12; New York Times, "Arista's Chief Executive Counters Cisco

19   Lawsuit," Dec. 10, 2014, *available at* http://bits.blogs.nytimes.com/2014/12/10/aristas-chief-

20   executive-counters-cisco-lawsuit/?_r=0. Arista's copying was so egregious that it even included

21   grammatical errors from Cisco's copyrighted documents.  *See* Exhibit 2 to Cisco's operative

22   complaint and Cisco's response to interrogatory number 2, both of which are incorporated herein

23   by reference.

24   Cisco further responds, pursuant to Fed. R. Civ. P. 33(d), that Cisco will produce

25   documents containing information responsive to this interrogatory, which information may be

26   obtained from the documents by Arista as easily as by Cisco.  Cisco's discovery efforts in this

27   case are ongoing, and Cisco reserves the right to further supplement this response in light of facts

28   learned during discovery, including information regarding Arista's accused products.

1

2 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

3      Subject to and without waiver of its general and specific objections, Cisco further responds

4 as follows:

5      Cisco incorporates by reference its responses (and all supplements and exhibits) to

6 Interrogatory No. 2.

7      Cisco further supplements its answer as follows.  The evidence of Arista's willful

8 copyright infringement is pervasive.  Arista knew that its acts infringed Cisco's copyrighted works

9 or, at the very least, Arista acted with reckless disregard for (or willful blindness to) Cisco's rights.

10 Indeed, Arista's CEO has admitted and apologized for copying Cisco.  CSI-CLI-00357842 at CSI-

11 CLI-00357849.  Arista's CTO has admitted (unapologetically) to copying Cisco "slavishly."

12 Packet Pushers Clip (Audio File) (Duda Exh. 274).  And numerous other Arista employees

13 (including executives) have admitted that Arista intentionally copied Cisco.  *E.g.*,

14 ARISTANDCA11406349, ARISTANDCA10499890, ARISTANDCA10499890;

15 ARISTANDCA10499890; *see also* additional documents listed below.   In sum, the evidence of

16 admitted intentional copyright infringement by Arista is overwhelming.  And, contrary to Arista's

17 claim, Arista is not an "American success story."  Arista created and then built its business around

18 a corporate culture of copying others.  That corporate culture of copying was created and fostered

19 by the highest ranking Arista executives and then executed by its employees.

20      Cisco identifies at least the following documents and testimony as containing responsive

21 information:

22 - CSI-CLEO3838924
- CSI-CLI-00226710
23 - CSI-CLI-00358622
- CSI-CLI-00408381
24 - CSI-CLI-00248571
- CSI-CLI-00178252
25 - CSI-CLI-00357842
- ARISTANDCA1195413
26 - ANI-ITC-944_94 0962624
- CSI-ANI-00381280
27 - CSI-CLEO3838924
28

- CSI-CLI-00007473
- CSI-CLI-00007244
- CSI-CLI-00006858
- CSI-CLI-00007841
- CSI-CLI-00010517
- CSI-CLI-00008985
- CSI-CLI-00014141
- CSI-CLI-00011973
- CSI-CLI-00018146
- CSI-CLI-00000084
- CSI-CLI-00004616
- CSI-CLI-00020575
- CSI-CLI-00002332
- CSI-CLI-00016001
- ARISTANDCA1199299
- ANI-ITC-944_945-3473603
- CSI-CLI-00016001
- CSI-CLI00608716
- ANI-ITC-944 _ 945-0962624
- ARISTANDCA 10491957
- ARISTANDCA_SW_105998
- ARISTANDCA_SW_105998,
- ARISTANDCA SW_10599845.
- ANI-ITC-944_945-0152061
- ARISTANDCA1199691
- ARISTANDCA12426192.
- ARISTANDCA11417372.
- CSI-ANI-00356028
- CSI-ANI-00381280
- ARISTANDCA1195413.
- ANI-ITC-944_945-1365341
- ARISTANDCA11406349.
- ANI-ITC-944_945-3451012.
- ARISTANDCA1206055.
- ANI-ITC-944_945-3937682
- ARISTANDCA11411864
- ARISTANDCA1141720.
- ANI-ITC-944_945-3453648.
- ARISTANDCA 12060827.
- ARISTANDCA119969.
- ARISTANDCA10499890
- ARISTANDCA10499890;
- ARISTANDCA10499891
- ANI-ITC-944_945-3927203
- ARISTANDCA10526625.

- ARISTANDCA10525014.
- ARISTANDCA1199299.
- ANI-ITC-944_945-3473603.
- ARISTANDCA 10508650.
- ARISTANDCA 10537469
- ARISTANDCA1206372.
- ARISTANDCA104437.
- ARISTANDCA11996066.
- ARISTANDCA10446381.
- ARISTANDCA1194925.
- ANI-ITC-944_945-349442
- ARISTANDCA1200259
- ARISTANDCA1059782
- ARISTANDCA119495
- ANI-ITC-944_945-0006860.
- ARISTANDCA 10384101.
- ANI-ITC-944_945-0009544.
- ANI-ITC-944 945-1688838.
- ARISTANDCA1266331
- ARISTANDCA_SW_105998
- ANI-ITC-944_945-3452525.
- ANI-ITC-944_945-3452525
- CSI-CLI-00540078
- CSI-CLI-00357842
- ARISTANDCA 10430978.
- ARISTANDCA11406349.
- ARISTANDCA12244290.
- ARISTANDCA1224429
- ANI-ITC-944_945-3937682.
- ARISTANDCA1195413.
- CSI-CLI-00540078
- ARISTANDCA12244293
- CSI-ANI-00356028
- CSI-CLI-00356391 - CSI-CLI-00356394
- CSI-CLI-00356385 - CSI-CLI-00356388
- CSI-CLI-00356500 - CSI-CLI-00356501
- CSI-CLI-00356578 - CSI-CLI-00356581
- CSI-CLI-00356538 - CSI-CLI-00356541
- CSI-CLI-00356582 - CSI-CLI-00356587
- CSI-CLI-00356520 - CSI-CLI-00356523
- CSI-CLI-00356550 - CSI-CLI-00356555
- CSI-CLI-00356512 - CSI-CLI-00356515
- CSI-CLI-00356490 - CSI-CLI-00356495
- CSI-CLI-00356508 - CSI-CLI-00356511
- CSI-CLI-00356556 - CSI-CLI-00356561

1

- CSI-CLI-00356524 - CSI-CLI-00356527
- CSI-CLI-00356486 - CSI-CLI-00356489

2

- CSI-CLI-00356480 - CSI-CLI-00356483

3

- CSI-CLI-00356502 - CSI-CLI-00356505
- CSI-CLI-00356528 - CSI-CLI-00356531

4

- CSI-CLI-00356657 - CSI-CLI-00356660
- CSI-CLI-00356665 - CSI-CLI-00356668

5

- CSI-CLI-00356661 - CSI-CLI-00356664

6

- CSI-CLI-00356689 - CSI-CLI-00356692
- CSI-CLI-00356634 - CSI-CLI-00356637

7

- CSI-CLI-00356685 - CSI-CLI-00356688

8

- CSI-CLI-00356681 - CSI-CLI-00356684
- CSI-CLI-00356626 - CSI-CLI-00356629

9

- CSI-CLI-00356693 - CSI-CLI-00356696
- CSI-CLI-00356610 - CSI-CLI-00356613

10

- CSI-CLI-00356646 - CSI-CLI-00356648

11

- CSI-CLI-00356599 - CSI-CLI-00356601
- CSI-CLI-00356596 - CSI-CLI-00356598

12

- CSI-CLI-00356593 - CSI-CLI-00356595
- CSI-CLI-00356395 - CSI-CLI-00356398

13

- CSI-CLI-00356588 - CSI-CLI-00356591

14

- CSI-CLI-00356562 - CSI-CLI-00356563
- CSI-CLI-00356496 - CSI-CLI-00356499

15

- CSI-CLI-00356446 - CSI-CLI-00356549

16

- CSI-CLI-00356576 - CSI-CLI-00356577
- CSI-CLI-00356516 - CSI-CLI-00356519

17

- CSI-CLI-00356484 - CSI-CLI-00356485
- CSI-CLI-00356572 - CSI-CLI-00356575

18

- CSI-CLI-00356506 - CSI-CLI-00356507

19

- CSI-CLI-00356506 - CSI-CLI-00356508
- CSI-CLI-00356536 - CSI-CLI-00356537

20

- CSI-CLI-00356542 - CSI-CLI-00356545
- CSI-CLI-00356705 - CSI-CLI-00356705

21

- CSI-CLI-00356564 - CSI-CLI-00356567

22

- CSI-CLI-00356532 - CSI-CLI-00356535
- CSI-CLI-00356697 - CSI-CLI-00356700

23

- CSI-CLI-00356653 - CSI-CLI-00356656
- CSI-CLI-00356618 - CSI-CLI-00356621

24

- CSI-CLI-00356701 - CSI-CLI-00356704

25

- CSI-CLI-00356642 - CSI-CLI-00356645
- CSI-CLI-00356638 - CSI-CLI-00356641

26

- CSI-CLI-00356614 - CSI-CLI-00356617
- CSI-CLI-00356649 - CSI-CLI-00356652

27

- CSI-CLI-00356602 - CSI-CLI-00356605

28

- CSI-CLI-00356606 - CSI-CLI-00356609

- CSI-CLI-00356630 - CSI-CLI-00356633
- CSI-CLI-00356622 - CSI-CLI-00356625
- CSI-CLI-00356677 - CSI-CLI-00356680
- CSI-CLI-00356673 - CSI-CLI-00356676
- CSI-CLI-00356669 - CSI-CLI-00356672
- Packet Pushers Clip (Audio File) (Duda Exh. 274).
- Arista produced source code
- Cisco produced source code
- Cisco IOS 15.4, Cisco IOS SNMP Support Command Reference at 83 (2013).
- Arista User Manual v. 4.14.3F (Rev. 2) at 1967-68 (Oct. 2, 2014).
- Cisco IOS Configuration Fundamentals Command Reference at CF-522 (Apr. 2010);
- Arista 4.13.6F Manual at 380 (Apr. 2014).
- Deposition Testimony of Jayshree Ullal (Arista President & CEO) at 68:14-69:4, 208:7-210:16, 217:11-21, 223:12-19; 253:14-254:7, 276:10-277:16, 304:12-307:24; 253:14-254:7.
- Deposition Testimony of Kenneth Duda (Arista CTO & SVP of Software Engineering) at 58:8-59:24, 70:4-17, 73:23-75:16, 93:20-95:2, 195:18-197:8, 323:22-324:19, 326:6-329:11; 143:2-145:3, 145:4-151:9, 159:15-23, 176:16-177:17, 350:7-351:6, 150:16-151:9, 176:16-177:16, 145:4-155:20, 176:16-177:17, 350:7-351:25
- Deposition Testimony of Anshul Sadana (Arista SVP of Customer Engineering) at 93:20-103:4, 281:12-20, 108:17-109:4, 242:17-247:19, 267:2-271:24, 272:24-273:5; 51:14-18, 70:24-74:8, 230:24-25;
- Deposition Testimony of Adam Sweeney (Arista VP of Software Engineering)  at 156:12-19 (May 13, 2016)
- Deposition Testimony of Adam Sweeney (Arista VP of Software Engineering) at 159:9-160:9, 161:8-16, 161:25-162:7, 163:12-164:2, 165:1-6; 175:15-23, 217:12-218:8; 223:17-224; at 257:12-17; 452:13-20, 452:21-453:5 (Jan. 29, 2016).
- Deposition Testimony of Lincoln Dale (Arista Distinguished Engineer) at 272:20-274:24, 215:23-216:7, 216:14-217:4, 222:4-13; 231:5-17, 186:14-187:7, 193:1-25, 194:14-195:2, 195:7-196:2, 267:13-268:5, 271:18-25, 272:11-19
- Deposition Testimony of Hugh Holbrook (Arista VP of Software Engineering) at 84:13-17, 147:25-148:13, 248:8-12; 224:7-19, 241:4-22, 243:6-244:17
- Deposition Testimony of Mark Foxx (Arista SVP of Global Operations & Marketing) at 100:10-12, 100:23-101:2, 112:11-13
- Deposition Testimony of Mark Berly at 140:25-141
- Deposition Testimony of Lorenz Redlefsen at 40:1-9
- Deposition Testimony of Hafeez Deposition at 79:23-80:7,67:8-11, 78:20-25
- Deposition Testimony of Kirk Lougheed at 338:24-339:9, 331:6-23, 337:17-20  (Apr. 4, 2016).
- Deposition Testimony of Kirk Lougheed at 128:10-129:19, 145:3-25, 168:21-169:16, 174:5-175:4, 185:13-186:5, 128:10-129:19 (Nov. 20, 2015).
- Deposition Transcript of Abhay Roy at 24:12-25; 26:2-9; 45:6-20; 47:8-18.
- Deposition Transcript of Devadas Patil at 161:19-162:1, 186:7-11, 187:1-9 (Feb. 21, 2016).
- Deposition Testimony of Phillip Remaker at 98:22-99:12, 106:25-107:5, 107:7-12 (Mar. 30, 2016).

- Deposition Testimony of Phillip Remaker at 114:2-15 (Mar. 31, 2016).
- Deposition Testimony of HP Corporate Representative at 110:24-112:7 (May 2, 2016).
- Deposition Testimony of Adam Sweeney at 416:12-15, 452:3-12.
- Deposition Testimony of Anshul Sadana Deposition, Exhibit 382
- http://www.cisco.com/c/en/us/products/collateral/ios-nx-os-software/nx-os-software/data_sheet_c78-652063.pdf
- https://www.arista.com/en/products/eos
- Arista, *EOS Bites & Bytes - Episode 1 - Lessons Learned While Building a Network OS on Top of Linux*, Arista EOS Central - Video Library (Jan. 30, 2014), at 6:55–7:56, *available at* http://eos.arista.com/wpcontent/themes/aristaeos/video-lightbox.php?vid=ttp6lavHKGo.
- Cisco's Responses, supplements, and exhibits to Interrogatory Nos. 16, 19, and 21
- Arista, *EOS: An Extensible Operating System.*
- *See, e.g.*, Business Insider, "Cisco Just Fired Another Shot At Its Hated Rival, An Upstart Formed by Ex-Cisco Employees," Dec. 19, 2014, *available at* http://www.businessinsider.com/cisco-justfied-another-shot-at-arista-2014-12;
- New York Times, "Arista's Chief Executive Counters Cisco Lawsuit," Dec. 10, 2014, *available at* http://bits.blogs.nytimes.com/2014/12/10/aristas-chiefexecutive-counters-cisco-lawsuit/?_r=0.
- QuestNET Conference July 2013, slide 38.
- Arista's responses (including all supplements thereto) to Cisco's Interrogatory No. 10.

Cisco further identifies the deposition testimony of Adam Sweeney on January 29, 2016, May 12, 2016, May 13, 2016, and his remaining deposition testimony yet to be taken, in his personal capacity and as a designee under Rule 30(b)(6) in its entirety and all exhibits thereto, and the source code produced by Arista in this Litigation, including but not limited to ARISTA_SRC000001 through ARISTA_SRC000884, as evidence Arista has infringed Arista has infringed its copyrighted works.  Cisco further identifies ARISTANDCA13171542-ARISTANDCA13171545. Cisco also identifies the Arista switches that Arista has made available for inspection as evidence it may rely on to show infringement.  Cisco may, in its expert report(s) and at trial, demonstrate Arista's infringement using virtual or operating Arista switches, or demonstratives showing the same.

Cisco's investigation of the subject matter of this interrogatory is ongoing.  Cisco therefore reserves the right to supplement this response as additional information becomes available, including information that may be the subject of expert testimony and expert discovery.

1    **INTERROGATORY NO. 3:**

2          State in detail Cisco's factual bases for each element of indirect copyright infringement,

3    specifically including an identification of any direct infringement and a description of the acts of

4    the alleged indirect infringer that contribute to or are inducing that direct infringement.

5

6    **RESPONSE TO INTERROGATORY NO. 3:**

7          Cisco incorporates by reference its General Objections as though fully set forth herein.

8    Cisco further objects to this interrogatory on the grounds that it is needlessly duplicative of other

9    interrogatories, including Interrogatory No. 2. Cisco further objects to this interrogatory to the

10   extent that it calls for information that is publicly available or equally available to Arista, and

11   therefore is of no greater burden for Arista to obtain than for Cisco to obtain. Cisco also objects to

12   this interrogatory as undefined, vague, ambiguous, overbroad, and unduly burdensome in its use of

13   the terms "indirect copyright infringement" and "contribute to or are inducing that direct

14   infringement." Cisco further objects to this interrogatory as premature contention discovery,

15   especially in light of Arista's failure to produce information regarding its accused products and

16   sales thereof. Cisco further objects to this interrogatory to the extent it seeks information that is

17   protected by the attorney-client privilege, that constitutes attorney work-product, or that is

18   protected by any other applicable privilege, protection, or immunity, including without limitation

19   in connection with the common interest doctrine.

20         Subject to and without waiver of its general and specific objections, Cisco incorporates by

21   reference, as if fully set forth herein, its operative complaint and all documents cited therein.

22   Cisco further responds, pursuant to Fed. R. Civ. P. 33(d), that Cisco will produce documents

23   containing information responsive to this interrogatory, which information may be obtained from

24   the documents by Arista as easily as by Cisco. Cisco incorporates by reference, as if fully set

25   forth herein, its operative complaint and all documents cited therein. Cisco incorporates by

26   reference its response to interrogatory number 2, which identifies specific examples of Arista's

27   copying of Cisco IOS Copyrighted Works (as that term is defined in Cisco's operative complaint

28

or any subsequent amendments thereto) into its products, which are in turn used by, *inter alia*, Arista's customers.

Cisco further responds that Arista is liable for contributory copyright infringement by at least its distributors and customers. Arista provides products, code, and technical support so that its distributors and/or customers may use Arista's EOS and/or EOS+ operating systems and its command-line interface, which infringe Cisco's copyrights in the Cisco IOS Copyrighted Works. Arista knows that its distributors and customers purchase its products to use, reproduce, distribute, and/or publicly display computer programs and/or other works that infringe Cisco's copyrights, including by use of Cisco's command-line interface—Arista has publicly admitted that at least 80% of its customers consider this infringing functionality to be an important factor in their decisions to purchase Arista's products. As described in Cisco's response to Interrogatory No. 3, which is incorporated by reference herein, Arista has knowledge that its acts materially contributes to its distributors' and/or customers' infringement of Cisco's copyrights.

Cisco further responds that Arista is liable for inducing copyright infringement by at least its distributors and customers. As discussed above with respect to contributory copyright infringement, Arista knows that its distributors and customers use Arista's products to infringe Cisco's copyrights. As described in Cisco's response to Interrogatory No. 3, which is incorporated by reference herein, instead of developing alternatives to Cisco's copyrighted works, Arista specifically touts the similarity between its accused products and Cisco's IOS Copyrighted Works in marketing and other public materials as a selling point for customers—specifically targeting Cisco's existing customer base. In other words, Arista's public statements and actions, including its sale of routing and switching products that contain computer programs and/or other works that infringe Cisco's copyrights, cause infringement of Cisco's copyrights by Arista's distributors and customers. Arista intentionally encourages its distributors and/or customers to infringe Cisco's copyrights, in the hopes that Arista can win Cisco customers.

Cisco further responds that Arista is vicariously liable for copyright infringement. On information and belief, Arista has the right and ability to supervise at least the use, reproduction, distribution, and/or public display of computer programs and/or other works that infringe Cisco's

1    copyrights by at least Arista's distributors and/or customers.  Arista also has an obvious and direct

2    financial interest in the exploitation of Cisco's copyrighted materials by its customers and

3    distributors:  Cisco is informed and believes that substantially all of Arista's revenue and net

4    income described in Cisco's response to Interrogatory No. 1, which is incorporated by reference

5    herein, comes from the sale of products that contain computer programs and/or other works that

6    infringe Cisco's copyrights.

7         Cisco's discovery efforts in this case are ongoing, and Cisco reserves the right to further

8    supplement this response in light of facts learned during discovery, including information

9    regarding Arista's accused products and its sales, marketing, and support thereof.

10

11   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

12            Subject to and without waiver of its general and specific objections, Cisco further

13   responds as follows:

14        Cisco incorporates by reference its responses (and all supplements and exhibits) to

15   Interrogatory Nos. 2 and 3, which identify specific examples of Arista's copying into its products,

16   which are in turn used by, *inter alia*, Arista's customers as well as examples of Arista admitting

17   that it encourages (or has encouraged) its customers to utilize Cisco's copyrighted works when

18   using Arista's products.  *E.g.*, ARISTANDCA11996066, ARISTANDCA104437,

19   ARISTANDCA1206372, ANI-ITC-944_945-3473603, ARISTANDCA1199299, ANI-ITC-

20   944_945-3927203, ARISTANDCA10499890, ARISTANDCA_SW_105998, CSI-ANI-00381280,

21   ARISTANDCA11411864, ARISTANDCA10499890, ANI-ITC-944_945-3452525,

22   ARISTANDCA1194925, CSI-CLI-00540078, Packet Pushers Clip (Audio File) (Duda Exh. 274),

23   Sadana Deposition, Exhibit 382, at 78, Posting of Kenneth Duda to Arista EOS Central, "Linux as

24   a Switch Operating System: Five Lessons Learned" (Nov. 5, 2013), *available at*

25   https://eos.arista.com/linux-as-a-switch-operating-system-five-lessons-learned/

26        As explained in Cisco's responses to Interrogatory Nos. 2 and 3, Arista has willfully

27   infringed Cisco's copyrighted works.  And with that intent and knowledge of copying, Arista built

28   a business selling and distributing network devices that incorporate Cisco's copyrighted works and

1   has encouraged its distributors and customers to infringe Cisco's copyrighted works without

2   permission by redistributing, implementing, using, and operating Arista's products.  The evidence

3   of Arista's intent to induce its customers to infringe Cisco's copyrighted works is evident in

4   Arista's user manuals, websites, and marketing materials—the entire purpose of those publications

5   is to encourage the use of Arista's products, and thus the infringement of Cisco's copyrighted

6   works.  It is also evident from the fact that Arista is a publicly traded company that sells devices

7   (for profit) that infringe Cisco's copyrighted works, and that Arista has admitted in its public

8   filings that it may be liable for the copyright infringement of its customers:  "Additionally, the

9   existence of this lawsuit could cause concern among our customers and partners and could

10  adversely affect our business and results of operations. Many of our customers and partners

11  require us to indemnify and defend them against third party infringement claims and pay damages

12  in the case of adverse rulings…. From time to time, we may also be required to provide additional

13  assurances beyond our standard terms. Whether or not we prevail in the lawsuit, our satisfaction of

14  these obligations may be expensive, time-consuming and a distraction to management in operating

15  our business."  *See* Arista's 2015 Annual Report and Proxy Statement at 25

16  (http://s2.q4cdn.com/209832288/files/doc_financials/2015-Annual-Report-and-Proxy-

17  Statement.pdf).

18       Further, Arista has numerous publicly available webpages dedicated to encouraging and

19  overseeing infringement whether through product documentation, training, forums, or support,

20  *e.g.*:

21       https://www.arista.com/en/support/product-documentation

22       https://www.arista.com/en/support/hands-on-training

23       http://solutions.arista.com/training

24       http://solutions.arista.com/workshop-training ("Understanding the capabilities of the EOS

25       CLI and Linux Bash access" including various modules on the EOS CLI)

26       https://www.arista.com/en/support/customer-support

27       https://eos.arista.com/

28  Arista therefore has created specific resources focused on encouraging infringement by its

1  distributors and customers, and thus knowingly contributes to their infringement.

2         Cisco further identifies the deposition testimony of Adam Sweeney on January 29, 2016,

3  May 12, 2016, May 13, 2016, and his remaining deposition testimony yet to be taken, in his

4  personal capacity and as a designee under Rule 30(b)(6) in its entirety and all exhibits thereto, and

5  the source code produced by Arista in this Litigation, including but not limited to

6  ARISTA_SRC000001 through ARISTA_SRC000884, as evidence Arista has infringed the Arista

7  has infringed its copyrighted works.  Cisco further identifies ARISTANDCA13171542-

8  ARISTANDCA13171545. Cisco also identifies the Arista switches that Arista has made available

9  for inspection as evidence it may rely on to show infringement.  Cisco may, in its expert report(s)

10  and at trial, demonstrate Arista's infringement using virtual or operating Arista switches, or

11  demonstratives showing the same.

12         Cisco's investigation of the subject matter of this interrogatory is ongoing.  Cisco therefore

13  reserves the right to supplement this response as additional information becomes available,

14  including information that may be the subject of expert testimony and expert discovery.

15

16  **INTERROGATORY NO. 4:**

17         State in detail the derivation of each CLI Command used by Cisco, including without

18  limitation all CLI Commands that You contend Arista has unlawfully copied.

19

20  **RESPONSE TO INTERROGATORY NO. 4:**

21         Cisco incorporates by reference its General Objections as though fully set forth herein.

22  Cisco further objects to this interrogatory as irrelevant and not calculated to lead to the discovery

23  of admissible evidence to the extent it (1) calls for evidence pertaining to specific similarities

24  between Cisco's copyrighted works and individual CLI commands copied by Arista, (2) seeks

25  information not relevant to the copyrightability of Cisco's works-in-suit, and (3) seeks information

26  regarding acts not at issue in this suit.  Cisco further objects to the characterization in this

27  interrogatory that any Cisco CLI command was derived.  Cisco further objects to this interrogatory

28  to the extent that it calls for information that is publicly available or equally available to Arista,

1   and therefore is of no greater burden for Arista to obtain than for Cisco to obtain.  Cisco also

2   objects to this interrogatory as undefined, vague, ambiguous, overbroad, and unduly burdensome

3   in its use of the terms "derivation," "each CLI command used by Cisco," and "all CLI Commands

4   that You contend Arista has unlawfully copied."  Cisco further objects to this interrogatory to the

5   extent it seeks information that is protected by the attorney-client privilege, that constitutes

6   attorney work-product, or that is protected by any other applicable privilege, protection, or

7   immunity, including without limitation in connection with the common interest doctrine.

8        Subject to and without waiver of its general and specific objections, and to the extent this

9   interrogatory can be understood, Cisco responds that after conducting a reasonable search it is not

10  presently aware of any information responsive to this interrogatory.  Cisco's discovery efforts in

11  this case are ongoing, and Cisco reserves the right to further supplement this response in light of

12  facts learned during discovery.

13

14  **<u>SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5</u>:**

15        Subject to and without waiver of its general and specific objections, Cisco further responds

16  as follows:

17        Cisco's command line interface (CLI) allows users the option of entering commands at a

18  command line prompt, rather than only using configuration files.  Commands for Cisco's CLI

19  include those used to set parameters and others that are used to monitor the state of a machine,

20  device, program or process.  Over time, as additional functionality for Cisco's switches and

21  routers was developed, corresponding commands were introduced into CLI by developers at

22  Cisco.  Because Cisco's CLI was the result of a collective effort of multiple engineers, there is no

23  single employee who was the origin of all of the commands within Cisco's CLI.  Information

24  relating to the timing of introduction of individual commands, as well as additional details, can be

25  found in or ascertained from Cisco's manuals and internal documents.  Pursuant to Fed. R. Civ. P.

26  33(d), Cisco refers to CSI-CLI-00358160 - CSI-CLI-00359262.  Cisco also incorporates by

27  reference the Bates ranges provided in Cisco's Supplemental Response to Interrogatory No. 2.

28

1    Cisco's discovery efforts in this case are ongoing, and Cisco reserves the right to further

2    supplement this response in light of facts learned during discovery, including information

3    regarding Arista's accused products and expert discovery.

4

5    **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

6    Subject to and without waiver of its general and specific objections, Cisco further responds

7    as follows:

8    Kirk Lougheed is knowledgeable regarding the CLI command expressions and the process

9    by which the CLI command expressions were created.

10   Cisco's discovery efforts in this case are ongoing, and Cisco reserves the right to further

11   supplement this response in light of facts learned during discovery.

12

13   **THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

14   Subject to and without waiver of its general and specific objections, Cisco further responds

15   as follows:

16   The command expressions that Arista copied from Cisco's copyrighted works were

17   developed by different Cisco engineers—often working in teams—in different circumstances over

18   time.  Some of those command expressions were created by early Cisco employees, such as Kirk

19   Lougheed, for incorporation into Cisco's earliest products (*e.g.*, "show hosts," and "show

20   interfaces").  Cisco created other command expressions in connection with the launch of new

21   products or new features (*e.g.*, "ip name-server," and "ipv6 address").

22   Cisco has provided detailed additional information regarding the development of each

23   command expression copied by Arista in Cisco's supplemental responses to Arista's Interrogatory

24   No. 16 and accompanying exhibits, which is incorporated by reference as if fully set forth herein.

25   The information provided in response to Arista's Interrogatory No. 16 explains the process by

26   which each command expression was created.  For each command expression, Cisco has identified

27   the legal author of and developer(s) known to have worked on creating that expression.  Cisco also

28   has identified the earliest document known to Cisco that contains each command expression, the

1  earliest operating system (product) that contained each command expression, and the date on

2  which each such operating system was first distributed.  Pursuant to Fed. R. Civ. P. 33(d), Cisco

3  additionally refers Arista to the documents cited in its supplemental responses to Arista's

4  Interrogatory No. 16, including source code and documents identified by Bates number.

5      Cisco's discovery efforts in this case are ongoing, and Cisco reserves the right to further

6  supplement this response in light of facts learned during discovery, including information

7  regarding Arista's accused products and expert discovery.

8

9  **FOURTH SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

10     Subject to and without waiver of its general and specific objections, Cisco further responds

11 as follows:

12     Cisco incorporates by reference its responses (and all supplements and exhibits) to

13 Interrogatory Nos. 24 and 25.

14     Insofar as Arista is asking whether Cisco took its CLI commands from third parties—for

15 example, third parties using the same multi-word commands as those implemented by Cisco in

16 IOS—Cisco also incorporates by reference its responses to Interrogatory Nos. 8, 16, 19 and 22.

17 Cisco also incorporates by reference the deposition testimony of the following witnesses:  Kirk

18 Lougheed; Abhay Roy; Adam Sweeney; Anthony Li; Devadas Patil; Greg Satz; Hugh Holbrook;

19 Phillip Remaker; Ramanthan Kavasseri; and Tong Liu.

20     Cisco's investigation of the subject matter of this interrogatory is ongoing.  Cisco therefore

21 reserves the right to supplement this response as additional information becomes available,

22 including information that may be the subject of expert testimony and expert discovery.

23

24 **INTERROGATORY NO. 5:**

25     Identify with specificity each copyrighted work (by copyright and registration number) that

26 You contend Arista has unlawfully copied.

27

28

**RESPONSE TO INTERROGATORY NO. 5:**

Cisco incorporates by reference its General Objections as though fully set forth herein. Cisco further objects to this interrogatory on the grounds that it is needlessly duplicative of other interrogatories, including Interrogatory No. 2. Cisco also objects to this interrogatory as undefined, vague, ambiguous, overbroad, and unduly burdensome in its use of the terms "by copyright and registration number" and "unlawfully copied." Cisco further objects to this interrogatory to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work-product, or that is protected by any other applicable privilege, protection, or immunity, including without limitation in connection with the common interest doctrine.

Subject to and without waiver of its general and specific objections, Cisco incorporates by reference, as if fully set forth herein, its operative complaint (and any subsequent amendments thereto) and all documents cited therein. Cisco further responds, pursuant to Fed. R. Civ. P. 33(d), that Cisco will produce documents containing information responsive to this interrogatory, which information may be obtained from the documents by Arista as easily as by Cisco. Cisco further responds that Arista has infringed at least Cisco's copyrights in the following works:

| Copyrighted Work Infringed by Arista | Registration Number(s) |
|---|---|
| Cisco IOS 11.0 | TXu 1-036-057 |
| Cisco IOS 11.1 (including supplement) | TX 5-531-435; TXu1-048-569 |
| Cisco IOS 11.2 | TXu1-036-063 |
| Cisco IOS 11.3 (including supplement) | TXu1-036-062; TXu1-057-804 |
| Cisco IOS 12.0 (including supplement) | TXu1-036-064; TXu1-057-805 |
| Cisco IOS 12.1 (including supplement) | TXu1-036-066; TXu1-057-807 |
| Cisco IOS 12.2 (including supplement) | TXu1-036-065; TXu1-057-806 |
| Cisco IOS 12.3 | TXu1-188-975 |
| Cisco IOS 12.4 | TXu1-259-162 |
| Cisco IOS 15.0 | TX 7-938-524 |
| Cisco IOS 15.1 | TX 7-938-525 |
| Cisco IOS 15.2 | TX 7-937-159 |
| Cisco IOS 15.4 | TX 7-938-341 |
| Cisco IOS XR 3.0 | TXu1-237-896 |
| Cisco IOS XR 3.2 | TXu1-270-592 |
| Cisco IOS XR 3.3 | TXu1-336-997 |
| Cisco IOS XR 3.4 | TXu1-344-750 |
| Cisco IOS XR 3.5 | TXu1-592-305 |

| Copyrighted Work Infringed by Arista | Registration Number(s) |
|---|---|
| Cisco IOS XR 4.3 | TX 7-933-364 |
| Cisco IOS XR 5.2 | TX 7-933-353 |
| Cisco IOS XE 2.1 | TX 7-937-240 |
| Cisco IOS XE 3.5 | TX 7-937-234 |
| Cisco NX OS 4.0 | TX 7-940-713 |
| Cisco NX OS 5.0 | TX 7-940-718 |
| Cisco NX OS 5.2 | TX 7-940-727 |
| Cisco NX OS 6.2 | TX 7-940-722 |

Cisco's discovery efforts in this case are ongoing, and Cisco reserves the right to further supplement this response in light of facts learned during discovery, including information regarding Arista's accused products.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

Subject to and without waiver of its general and specific objections, Cisco further responds as follows:

Cisco identifies at least the following documents and testimony as containing responsive information:  Deposition Testimony of Phillip Remaker, Tong Liu, Abhay Roy, Kenneth Duda, Philip Shafer, Anthony Li, Greg Satz, and Kirk Lougheed.

Cisco's investigation of the subject matter of this interrogatory is ongoing. Cisco therefore reserves the right to supplement this response as additional information becomes available, including information that may be the subject of expert testimony and expert discovery.

**INTERROGATORY NO. 6:**

Identify with specificity each Arista CLI Command that You contend infringes any copyrighted work identified in your response to Arista's Interrogatory No. 6, identify which work(s) it infringes, and explain in detail how each infringes.

**RESPONSE TO INTERROGATORY NO. 6:**

Cisco incorporates by reference its General Objections as though fully set forth herein. Cisco further objects to this interrogatory on the grounds that it is needlessly duplicative of other

1    interrogatories, including Interrogatory No. 2.  Cisco also objects to this interrogatory as

2    undefined, vague, ambiguous, overbroad, and unduly burdensome in its use of the term "each

3    Arista CLI Command that You content infringes."  Cisco further objects to this interrogatory as

4    irrelevant and not calculated to lead to the discovery of admissible evidence to the extent it calls

5    for evidence pertaining to similarities between Cisco's copyrighted works and specific Arista CLI

6    commands, as well as for information not related to the copyrighted works-in-suit.  Cisco further

7    objects to the characterization in this interrogatory that any Cisco accuses specific Arista CLI

8    commands of infringement.  Cisco further objects to this interrogatory to the extent that it calls for

9    information that is publicly available or equally available to Arista, and therefore is of no greater

10    burden for Arista to obtain than for Cisco to obtain.  Cisco further objects to this interrogatory as

11    premature contention discovery, especially in light of Arista's failure to produce information

12    regarding its accused products and sales thereof.  Cisco further objects to this interrogatory to the

13    extent it seeks information that is protected by the attorney-client privilege, that constitutes

14    attorney work-product, or that is protected by any other applicable privilege, protection, or

15    immunity, including without limitation in connection with the common interest doctrine.

16         Subject to and without waiver of its general and specific objections, Cisco incorporates by

17    reference, as if fully set forth herein, its response to Interrogatory No. 2, including Exhibit 1 to

18    Cisco's operative complaint, which is incorporated by reference therein.  Cisco's discovery efforts

19    in this case are ongoing, and Cisco reserves the right to further supplement this response in light of

20    facts learned during discovery, including information regarding Arista's accused products.

21

22    **<u>SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6</u>:**

23         Subject to and without waiver of its general and specific objections, Cisco further responds

24    as follows:

25         Cisco identifies at least the following documents and testimony as containing responsive

26    information:  Deposition Testimony of Phillip Remaker, David Sollender, Adam Sweeney, Tong

27    Liu, Abhay Roy, Kenneth Duda, Philip Shafer, Anthony Li, Greg Satz, Hugh Holbrook, Lincoln

28    Dale, Jayshree Ullal, Anshul Sadana, and Kirk Lougheed.

Because the burden of locating the information sought by this interrogatory is the same for Arista as it is for Cisco, pursuant to Fed. R. Civ. P. 33(d), Cisco identifies and incorporates by reference herein the documents cited and referenced in Cisco's Responses to Interrogatory Nos. 2, 6, 16, 18 and 19, including Exhibits B and F, as well as the documents cited and referenced in Cisco's operative complaint and the exhibits thereto.  Cisco additionally identifies the following previously-produced business records from which this information can be derived:

| Registered Work | Registration No. | Related Documents |
|---|---|---|
| Cisco IOS 11.0 | TXu 1-036-057 | CSI-CLI-00356391 - CSI-CLI-00356394; CSI-CLI-00356395 - CSI-CLI-00356398; CSI-CLI-00403865; Source Code |
| Cisco IOS 11.1 | TX 5-531-435; TXu1-048-569 | CSI-CLI-00356385 - CSI-CLI-00356388; CSI-CLI-00356588 - CSI-CLI-00356591; CSI-CLI-00356500 - CSI-CLI-00356501; CSI-CLI-00356562 - CSI-CLI-00356563 CSI-CLI-00403866; Source Code |
| Cisco IOS 11.2 | TXu1-036-063 | CSI-CLI-00356578 - CSI-CLI-00356581; CSI-CLI-00356496 - CSI-CLI-00356499; CSI-CLI-00403867; Source Code |
| Cisco IOS 11.3 | TXu1-036-062; TXu1-057-804 | CSI-CLI-00356538 - CSI-CLI-00356541; CSI-CLI-00356446 - CSI-CLI-00356549; CSI-CLI-00356582 - CSI-CLI-00356587; CSI-CLI-00356576 - CSI-CLI-00356577; CSI-CLI-00403868; Source Code |

| Registered Work | Registration No. | Related Documents |
|---|---|---|
| Cisco IOS 12.0 | TXu1-036-064; TXu1-057-805 | CSI-CLI-00356520 - CSI-CLI-00356523; CSI-CLI-00356516 - CSI-CLI-00356519; CSI-CLI-00356550 - CSI-CLI-00356555; CSI-CLI-00356484 - CSI-CLI-00356485; CSI-CLI-00403869; Source Code |
| Cisco IOS 12.1 | TXu1-036-066; TXu1-057-807 | CSI-CLI-00356512 - CSI-CLI-00356515; CSI-CLI-00356572 - CSI-CLI-00356575; CSI-CLI-00356490 - CSI-CLI-00356495; CSI-CLI-00356506 - CSI-CLI-00356507; CSI-CLI-00403870; Source Code |
| Cisco IOS 12.2 | TXu1-036-065; TXu1-057-806 | CSI-CLI-00356508 - CSI-CLI-00356511; CSI-CLI-00356568 - CSI-CLI-00356571; CSI-CLI-00356556 - CSI-CLI-00356561; CSI-CLI-00356536 - CSI-CLI-00356537; CSI-CLI-00403871; Source Code |
| Cisco IOS 12.3 | TXu1-188-975 | CSI-CLI-00356524 - CSI-CLI-00356527; CSI-CLI-00356524 - CSI-CLI-00356527; CSI-CLI-00403872; CSI-CLI-00403874; Source Code |
| Cisco IOS 12.4 | TXu1-259-162 | CSI-CLI-00356486 - CSI-CLI-00356489; CSI-CLI-00356705 - CSI-CLI-00356708; CSI-CLI-00403873; Source Code |
| Cisco IOS 15.0 | TX 7-938-524 | CSI-CLI-00356480 - CSI-CLI-00356483; CSI-CLI-00356564 - CSI-CLI-00356567; CSI-CLI-00054598 - CSI-CLI-00351948; Source Code |

| Registered Work | Registration No. | Related Documents |
|---|---|---|
| Cisco IOS 15.1 | TX 7-938-525 | CSI-CLI-00356502 - CSI-CLI-00356505; CSI-CLI-00356532 - CSI-CLI-00356535; CSI-CLI-00034689 - CSI-CLI-00354832; Source Code |
| Cisco IOS 15.2 | TX 7-937-159 | CSI-CLI-00356528 - CSI-CLI-00356531; CSI-CLI-00356697 - CSI-CLI-00356700; CSI-CLI-00024968 - CSI-CLI-00294561; Source Code |
| Cisco IOS 15.4 | TX 7-938-341 | CSI-CLI-00356657 - CSI-CLI-00356660; CSI-CLI-00356653 - CSI-CLI-00356656; CSI-CLI-00074114 - CSI-CLI-00332892; Source Code |
| Cisco IOS XR 3.0 | TXu1-237-896 | CSI-CLI-00356665 - CSI-CLI-00356668; CSI-CLI-00356618 - CSI-CLI-00356621; CSI-CLI-00359263 - CSI-CLI-00362850; Source Code |
| Cisco IOS XR 3.2 | TXu1-270-592 | CSI-CLI-00356661 - CSI-CLI-00356664; CSI-CLI-00356701 - CSI-CLI-00356704; CSI-CLI-00362851 - CSI-CLI-00370474; Source Code |
| Cisco IOS XR 3.3 | TXu1-336-997 | CSI-CLI-00356689 - CSI-CLI-00356692; CSI-CLI-00356642 - CSI-CLI-00356645; CSI-CLI-00370475 - CSI-CLI-00380671; Source Code |

| Registered Work | Registration No. | Related Documents |
|---|---|---|
| Cisco IOS XR 3.4 | TXu1-344-750 | CSI-CLI-00356634 - CSI-CLI-00356637; CSI-CLI-00356638 - CSI-CLI-00356641; CSI-CLI-00380672 - CSI-CLI-00389726; Source Code |
| Cisco IOS XR 3.5 | TXu1-592-305 | CSI-CLI-00356685 - CSI-CLI-00356688; CSI-CLI-00356614 - CSI-CLI-00356617; CSI-CLI-00389728 - CSI-CLI-00403864; Source Code |
| Cisco IOS XR 4.3 | TX 7-933-364 | CSI-CLI-00356681 - CSI-CLI-00356684; CSI-CLI-00356649 - CSI-CLI-00356652; CSI-CLI-00099911 - CSI-CLI-00173412; Source Code |
| Cisco IOS XR 5.2 | TX 7-933-353 | CSI-CLI-00356626 - CSI-CLI-00356629; CSI-CLI-00356602 - CSI-CLI-00356605; CSI-CLI-00110638 - CSI-CLI-00191711; Source Code |
| Cisco IOS XE 2.1 | TX 7-937-240 | CSI-CLI-00356693 - CSI-CLI-00356696; CSI-CLI-00356606 - CSI-CLI-00356609; CSI-CLI-00229755 - CSI-CLI-00325496; Source Code |
| Cisco IOS XE 3.5 | TX 7-937-234 | CSI-CLI-00356610 - CSI-CLI-00356613; CSI-CLI-00356630 - CSI-CLI-00356633; CSI-CLI-00180764 - CSI-CLI-00313894; Source Code |
| Cisco NX-OS 4.0 | TX 7-940-713 | CSI-CLI-00356646 - CSI-CLI-00356648; CSI-CLI-00356622 - CSI-CLI-00356625; CSI-CLI-00054566 - CSI-CLI-00054597; |

| Registered Work | Registration No. | Related Documents |
|---|---|---|
| | | CSI-CLI-00191712 - CSI-CLI-00207082; Source Code |
| Cisco NX-OS 5.0 | TX 7-940-718 | CSI-CLI-00356599 - CSI-CLI-00356601; CSI-CLI-00356677 - CSI-CLI-00356680; CSI-CLI-00173413 - CSI-CLI-00216955; Source Code |
| Cisco NS-OX 5.2 | TX 7-940-727 | CSI-CLI-00356596 - CSI-CLI-00356598; CSI-CLI-00356673 - CSI-CLI-00356676; CSI-CLI-00176460 - CSI-CLI-00202928; Source Code |
| Cisco NS-OX 6.2 | TX 7-940-722 | CSI-CLI-00356593 - CSI-CLI-00356595; CSI-CLI-00356669 - CSI-CLI-00356672; CSI-CLI-00178218 - CSI-CLI-00216925; Source Code |

Cisco further identifies the deposition testimony of Adam Sweeney on January 29, 2016, May 12, 2016, May 13, 2016, and his remaining deposition testimony yet to be taken, in his personal capacity and as a designee under Rule 30(b)(6) in its entirety and all exhibits thereto, and the source code produced by Arista in this Litigation, including but not limited to ARISTA_SRC000001 through ARISTA_SRC000884, as evidence Arista has infringed its copyrighted works.  Cisco further identifies ARISTANDCA13171542-ARISTANDCA13171545. Cisco also identifies the Arista switches that Arista has made available for inspection as evidence it may rely on to show infringement.  Cisco may, in its expert report(s) and at trial, demonstrate Arista's infringement using virtual or operating Arista switches, or demonstratives showing the same.

1    Cisco's investigation of the subject matter of this interrogatory is ongoing.  Cisco therefore

2 reserves the right to supplement this response as additional information becomes available,

3 including information that may be the subject of expert testimony and expert discovery.

4

5 **INTERROGATORY NO. 7:**

6    Identify with specificity any and all CLI Command(s) that were used by anyone other than

7 You before such CLI Command(s) were used by You, and identify who used those CLI

8 Command(s) before You used them.

9

10 **RESPONSE TO INTERROGATORY NO. 7:**

11    Cisco incorporates by reference its General Objections as though fully set forth herein.

12 Cisco further objects to this interrogatory as irrelevant and not calculated to lead to the discovery

13 of admissible evidence to the extent it (1) seeks information not relevant to the copyrightability of

14 Cisco's works-in-suit and (2) seeks information regarding acts not at issue in this suit.  Cisco

15 further objects to the characterization in this interrogatory that any Cisco CLI command was "used

16 by anyone other than [Cisco] before such CLI Command(s) were used by [Cisco]."  Cisco further

17 objects to this interrogatory to the extent that it calls for information that is publicly available or

18 equally available to Arista, and therefore is of no greater burden for Arista to obtain than for Cisco

19 to obtain.  Cisco further objects to this interrogatory on the grounds that it seeks information that

20 is not within Cisco's possession, custody, or control and is not reasonably available to Cisco.

21 Cisco also objects to this interrogatory as undefined, vague, ambiguous, overbroad, and unduly

22 burdensome in its use of the terms "used by anyone other than You," "used by You," and "who

23 used those CLI Command(s) before You used them."  Cisco further objects to this interrogatory to

24 the extent it seeks information that is protected by the attorney-client privilege, that constitutes

25 attorney work-product, or that is protected by any other applicable privilege, protection, or

26 immunity, including without limitation in connection with the common interest doctrine.

27    Subject to and without waiver of its general and specific objections, and to the extent this

28 interrogatory can be understood, Cisco responds that after conducting a reasonable search it is not

1  presently aware of any information responsive to this interrogatory.  Cisco's discovery efforts in

2  this case are ongoing, and Cisco reserves the right to further supplement this response in light of

3  facts learned during discovery, including information regarding Arista's accused products.

4

5  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8:**

6         Subject to and without waiver of its general and specific objections, Cisco further responds

7  as follows:

8         Cisco continues to be unaware of others offering a product with a command line interface

9  using Cisco's multi-word command expressions prior to Cisco.  Cisco further notes, first, that

10 Arista's attempts in this lawsuit to identify pre-existing multi-word commands from third parties

11 have been unsuccessful.  In response to Cisco's interrogatory number 10, Arista has purported to

12 show prior instances of Cisco's multi-word command expressions.  Yet, such materials do not

13 show pre-existing expressions of Cisco's multi-word commands.  At best, Arista has shown prior

14 instances in which individual words or abbreviations--taken alone--may have been used by third

15 parties prior to Cisco's multi-word command expressions.  But Arista has not identified any

16 instances of third parties using Cisco's multi-word command expressions before Cisco did, let

17 alone in the same hierarchical arrangement authored by Cisco.  For example, Arista points to

18 RFCs 791, 1347, 2663, and RFC 4008 for three command expressions beginning "ip nat;"

19 however, the cited RFCs do not even contain that expression, let alone the three multi-word

20 command expressions.  Arista's Sixth Supplemental Responses to Cisco's First Set of

21 Interrogatories at 42-43; *see also id.* at 38-42 (citing the same six documents for thirteen multi-

22 word command expressions beginning "ip msdp," even though none of the six contains the two-

23 word expression); *id.* at 18 (citing seven documents for "arp timeout," although none contain that

24 phrase, let alone any "arp timeout" multi-word command expression).

25        Second, Cisco notes that it has gathered and presented voluminous information regarding

26 its historical authorship of the multi-word command expressions at issue in this case, including

27 identification of Cisco-hired and Cisco-paid engineers associated with the creation of the multi-

28 word commands, identification of historical source code, and identification of historical

(contemporaneous to the creation of the commands) documentation such as emails from Cisco engineers. Those materials demonstrate that Cisco engineers created these multi-word command expressions and that they did not take them from third parties' pre-existing expressions of the commands. To that end, Cisco incorporates by reference its responses to Interrogatory Nos. 16 and 19, which compile and present that voluminous authorship information and documentation.

Third, numerous engineers associated with the creation of Cisco's multi-word command expressions have been deposed in this case and they have consistently explained that they formulated and expressed the commands for which they were responsible based on their creative choices and individual instincts for such expression. *See e.g.*, Deposition Testimony of Kirk Lougheed; Abhay Roy; Adam Sweeney; Anthony Li; Devadas Patil; Greg Satz; Hugh Holbrook; Phillip Remaker; Ramanthan Kavasseri; and Tong Liu.

Cisco's investigation of the subject matter of this interrogatory is ongoing. Cisco therefore reserves the right to supplement this response as additional information becomes available.

**INTERROGATORY NO. 8:**

Identify and describe all facts that support Your description of any CLI Command(s) used by Cisco as "industry standard", "industry" Command(s), "standard" Command(s), "common" Command(s) or other descriptions acknowledging or reflecting that others besides Cisco use the Command(s), and describe in detail why Cisco used such descriptions.

**RESPONSE TO INTERROGATORY NO. 8:**

Cisco incorporates by reference its General Objections as though fully set forth herein. Cisco further objects to this interrogatory as irrelevant and not calculated to lead to the discovery of admissible evidence to the extent it (1) seeks information not relevant to the copyrightability of Cisco's works-in-suit, and (2) seeks information regarding acts not at issue in this suit. Cisco further objects to this interrogatory on the grounds that it assumes facts that are not in evidence, including that Cisco has ever described "any CLI Command(s) used by Cisco as 'industry standard', 'industry' Command(s), 'standard' Command(s), [or] 'common' Command(s)" or

1  otherwise stated "that others besides Cisco use the Command(s)." Cisco also objects to this

2  interrogatory as undefined, vague, ambiguous, overbroad, and unduly burdensome in its use of the

3  terms "Your description," "any CLI Command(s) used by Cisco," and "why Cisco used such

4  descriptions." Cisco further objects to this interrogatory to the extent it seeks information that is

5  protected by the attorney-client privilege, that constitutes attorney work-product, or that is

6  protected by any other applicable privilege, protection, or immunity, including without limitation

7  in connection with the common interest doctrine.

8        Subject to and without waiver of its general and specific objections, and to the extent this

9  interrogatory can be understood, Cisco responds that after conducting a reasonable search it is not

10  presently aware of any information responsive to this interrogatory, other than statements

11  concerning Arista's infringement of Cisco's copyrighted works. With respect to the latter, Cisco

12  incorporates by reference, as if fully set forth herein, its operative complaint and all documents

13  cited therein, as well as its response to Interrogatory No. 2 above. Cisco's discovery efforts in this

14  case are ongoing, and Cisco reserves the right to further supplement this response in light of facts

15  learned during discovery, including information regarding Arista's accused products.

16

17  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

18        Subject to and without waiver of its general and specific objections, Cisco further responds

19  as follows:

20        Arista has only identified a few instances of documents that use the term "standard" in

21  connection with Cisco CLI. To the extent Cisco employees or representatives have referred in

22  those documents to Cisco's CLI as "standard" or "industry standard," such references are clearly

23  meant to convey the popularity of Cisco's CLI in Cisco's industry-leading products, and do not

24  relate to any industry standards setting organizations.

25        Further, Arista's assertions about these descriptions have no bearing on Arista's liability

26  for copying Cisco's works: "[T]o the extent [an accused infringer] suggests that it was entitled to

27  copy the [copyrighted materials] because they had become the effective industry standard, we are

28  unpersuaded. [The accused infringer] cites no authority for its suggestion that copyrighted works

1    lose protection when they become popular, and we have found none.  In fact, the Ninth Circuit has

2    rejected the argument that a work that later becomes the industry standard is uncopyrightable."

3    *Oracle America, Inc. v. Google Inc.*, 750 F.3d 1339, 1372 (Fed. Cir. 2014).

4         Cisco's investigation of the subject matter of this interrogatory is ongoing.  Cisco therefore

5    reserves the right to supplement this response as additional information becomes available.

6

7    **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 9:**

8         Subject to and without waiver of its general and specific objections, Cisco further responds

9    as follows:

10        First, Arista has recently identified a new collection of documents—such as sales

11   brochures—in which Cisco's IOS CLI is referred to as "industry standard" or "industry-standard."

12   Those documents do not affect Cisco's prior answer that materials that refer to Cisco's CLI as

13   "industry standard" refer to the popularity and quality of Cisco's CLI in Cisco's industry-leading

14   products.  Those documents do not use the term "industry standard" to refer to an industry

15   standard adopted by an industry standard setting organization, such as the IEEE or the IETF, and

16   would be understood by those in the industry accordingly.  Put another way, those documents are

17   not evidence that Cisco's CLI was ever treated by Cisco—or anyone else—as necessary to comply

18   with any industry standard adopted by any industry standards setting organization, and they do not

19   establish that Cisco ever proposed or treated its CLI as necessary or required for participation in

20   the market or for the successful management of a network with switches and/or routers.  These

21   documents are also not evidence that Cisco ever suggested to anyone, including any competitors,

22   that they were free to copy or to use substantial portions of Cisco's CLI.  *See, e.g.,* Deposition

23   Testimony of Jiandani, Roy, and Lang (7/31/15).

24        Second, the idea that any "industry standard" for any CLI exists (for Cisco's CLI or that of

25   another company) is demonstrably untrue and Arista knows it.  Cisco has never proposed its CLI

26   to a standards-setting body.  *See, e.g.*, Deposition Testimony of Lang, Bechtolsheim, Berly, Ullal;

27   *see also* the deposition testimony identified in response to Arista's Interrogatory No. 21, which

28   incorporated here by reference.

Third, the idea that there even exists an "industry standard" for CLI (whether created by Cisco or others) is also known by Arista to be untrue. *See* Deposition Testimony of Bechtolsheim, Lang, Berly, Dale, Giancarlo, Duda, Foss, Holbrook, Hull, Pech, Redlefson, Sollender, and Ullal; *see also* the deposition testimony identified in response to Arista's Interrogatory No. 21, which is incorporated here by reference.

Cisco's investigation of the subject matter of this interrogatory is ongoing. Cisco therefore reserves the right to supplement this response as additional information becomes available.

**INTERROGATORY NO. 9:**

State in detail facts supporting Your contention in the December 5, 2014 "Protecting Innovation" post on the Cisco Blog that "Arista has copied more than 500 Cisco multi-command expressions, while networking products from HP, Brocade, Alcatel-Lucent, Juniper Networks and Extreme each only have a small fraction of overlapping CLI commands."

**RESPONSE TO INTERROGATORY NO. 9:**

Cisco incorporates by reference its General Objections as though fully set forth herein. Cisco further objects to this interrogatory as irrelevant and not calculated to lead to the discovery of admissible evidence to the extent it seeks information regarding acts not at issue in this suit. Cisco also objects to this interrogatory as undefined, vague, ambiguous, overbroad, and unduly burdensome in its use of the terms "Your contention" and "the Cisco Blog." Cisco further objects to the characterization in this interrogatory that the quote contained in Interrogatory No. 10 is Cisco's contention. Cisco further objects to this interrogatory to the extent that it calls for information that is publicly available or equally available to Arista, and therefore is of no greater burden for Arista to obtain than for Cisco to obtain. Cisco further objects to this interrogatory on the grounds that it seeks information that is not within Cisco's possession, custody, or control and is not reasonably available to Cisco. Cisco further objects to this interrogatory to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work-

1    product, or that is protected by any other applicable privilege, protection, or immunity, including

2    without limitation in connection with the common interest doctrine.

3        Subject to and without waiver of its general and specific objections, Cisco incorporates by

4    reference, as if fully set forth herein, its operative complaint and all documents cited therein.

5    Cisco further responds, pursuant to Fed. R. Civ. P. 33(d), that Cisco will produce documents

6    containing information responsive to this interrogatory regarding third-party systems, which

7    information may be obtained from the documents by Arista as easily as by Cisco.  With respect to

8    Arista's copying of Cisco's multi-word command expressions, Cisco incorporates by reference its

9    operative complaint and all documents cited therein, Arista's Answer at paragraph 53, and Cisco's

10   response to Interrogatory No. 2 above.  Cisco's discovery efforts in this case are ongoing, and

11   Cisco reserves the right to further supplement this response in light of facts learned during

12   discovery, including information regarding Arista's accused products.

13

14   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

15       Subject to and without waiver of its general and specific objections, Cisco further responds

16   as follows:

17       Cisco responds, pursuant to Fed. R. Civ. P. 33(d), that Cisco has produced documents

18   containing information responsive to this interrogatory, which information may be obtained from

19   the documents by Arista as easily as by Cisco.  These documents include the following:  CSI-CLI-

20   00802991-CSI-CLI-00805524, CSI-CLI-00813555-CSI-CLI-00816140, CSI-CLI-00910891-CSI-

21   CLI-00913542, CSI-CLI-00984185-CSI-CLI-00987382, CSI-CLI-00987383-CSI-CLI-00988145,

22   CSI-CLI-00988147-CSI-CLI-00990700, CSI-CLI-00990701-CSI-CLI-00991064, CSI-CLI-

23   00991065-CSI-CLI-00992655, CSI-CLI-00992656-CSI-CLI-00994017, CSI-CLI-00997099-CSI-

24   CLI-00999281, CSI-CLI-01002546 CSI-CLI-01006023, CSI-CLI-01006026-CSI-CLI-01007060,

25   CSI-CLI-01007062-CSI-CLI-01007417, CSI-CLI-01007418-CSI-CLI-01007765, CSI-CLI-

26   01007766-CSI-CLI-01008107, CSI-CLI-01008108-CSI-CLI-01008443, CSI-CLI-01008444-CSI-

27   CLI-01008779, CSI-CLI-01008780-CSI-CLI-01009113, CSI-CLI-01009114-CSI-CLI-01009441,

28   CSI-CLI-01009442-CSI-CLI-01009773, CSI-CLI-01009774-CSI-CLI-01010071, CSI-CLI-

01010072-CSI-CLI-01010347, CSI-CLI-01010348-CSI-CLI-01011702, CSI-CLI-01011703-CSI-CLI-01012066, CSI-CLI-01012067-CSI-CLI-01012355, CSI-CLI-01012356-CSI-CLI-01016323, CSI-CLI-01016330-CSI-CLI-01017570, CSI-CLI-01017571-CSI-CLI-01017816, CSI-CLI-01017817-CSI-CLI-01018442, CSI-CLI-01018443-CSI-CLI-01020174, CSI-CLI-01020175-CSI-CLI-01021530, CSI-CLI-01021531-CSI-CLI-01022293, CSI-CLI-01022294-CSI-CLI-01024115, CSI-CLI-01024116-CSI-CLI-01026323, CSI-CLI-01026324-CSI-CLI-01026761, CSI-CLI-01026762-CSI-CLI-01028393, CSI-CLI-01028394-CSI-CLI-01028687, CSI-CLI-01028688-CSI-CLI-01029723, CSI-CLI-01030760-CSI-CLI-01031005, CSI-CLI-01031006-CSI-CLI-01031136, CSI-CLI-01031137-CSI-CLI-01033756, CSI-CLI-01033757-CSI-CLI-01036302, CSI-CLI-01036303-CSI-CLI-01038556, CSI-CLI-01036303-CSI-CLI-01038556, CSI-CLI-01038557-CSI-CLI-01039330, CSI-CLI-01039331-CSI-CLI-01041106, CSI-CLI-01042983-CSI-CLI-01044384, CSI-CLI-01044385-CSI-CLI-01045982, CSI-CLI-01045983-CSI-CLI-01046296, CSI-CLI-01046297-CSI-CLI-01049592, CSI-CLI-01049593- CSI-CLI-01049801, CSI-CLI-01049802-CSI-CLI-01050104, CSI-CLI-01050105-CSI-CLI-01050634, CSI-CLI-01050635-CSI-CLI-01051202, CSI-CLI-01051203-CSI-CLI-01051418, CSI-CLI-01051419-CSI-CLI-01051565, CSI-CLI-01051566-CSI-CLI-01051605, CSI-CLI-01051606-CSI-CLI-01052137, CSI-CLI-01052138-CSI-CLI-01052341, CSI-CLI-01052342-CSI-CLI-01052547, CSI-CLI-01052548-CSI-CLI-01052797, CSI-CLI-01052798-CSI-CLI-01052993, CSI-CLI-01052994-CSI-CLI-01053577, CSI-CLI-01053578-CSI-CLI-01053763, CSI-CLI-01053764-CSI-CLI-01053821, CSI-CLI-01053822-CSI-CLI-01053932, CSI-CLI-01053933-CSI-CLI-01054026, CSI-CLI-01054027-CSI-CLI-01054122, CSI-CLI-01054123-CSI-CLI-01054235, CSI-CLI-01054236-CSI-CLI-01059274, CSI-CLI-01059275-CSI-CLI-01060223, CSI-CLI-01060224-CSI-CLI-01062264, CSI-CLI-01062265-CSI-CLI-01064584, CSI-CLI-01064585-CSI-CLI-01065152, CSI-CLI-01065153-CSI-CLI-01066352.

Cisco's investigation of the subject matter of this interrogatory is ongoing.  Cisco therefore reserves the right to supplement this response as additional information becomes available.

DATED:  May 27, 2016                              Respectfully submitted,

1

2                                          _/s/ Sean S. Pak_____

3                                          Kathleen Sullivan (SBN 242261)
                                           kathleensullivan@quinnemanuel.com
4                                          QUINN EMANUEL URQUHART &
                                           SULLIVAN LLP
5                                          51 Madison Avenue, 22nd Floor
                                           New York, NY 10010
6                                          Telephone: (212) 849-7000
                                           Facsimile: (212) 849-7100
7
                                           Sean S. Pak (SBN 219032)
8                                          seanpak@quinnemanuel.com
                                           John M. Neukom (SBN 275887)
9                                          johnneukom@quinnemanuel.com.
                                           QUINN EMANUEL URQUHART &
10                                         SULLIVAN LLP
                                           50 California Street, 22nd Floor
11                                         San Francisco, CA 94111
                                           Telephone: (415) 875-6600
12                                         Facsimile: (415) 875-6700

13                                         Mark Tung (SBN 245782)
                                           marktung@quinnemanuel.com
14                                         QUINN EMANUEL URQUHART &
                                           SULLIVAN LLP
15                                         555 Twin Dolphin Drive, 5th Floor
                                           Redwood Shores, CA 94065
16                                         Telephone: (650) 801-5000
                                           Facsimile: (650) 801-5100
17
                                           Steven Cherny (admitted *pro hac vice*)
18                                         steven.cherny@kirkland.com
                                           KIRKLAND & ELLIS LLP
19                                         601 Lexington Avenue
                                           New York, New York 10022
20                                         Telephone: (212) 446-4800
                                           Facsimile: (212) 446-4900
21
                                           Adam R. Alper (SBN 196834)
22                                         adam.alper@kirkland.com
                                           KIRKLAND & ELLIS LLP
23                                         555 California Street
                                           San Francisco, California  94104
24                                         Telephone: (415) 439-1400
                                           Facsimile: (415) 439-1500
25
                                           Michael W. De Vries (SBN 211001)
26                                         michael.devries@kirkland.com
                                           KIRKLAND & ELLIS LLP
27                                         333 South Hope Street
                                           Los Angeles, California 90071
28                                         Telephone: (213) 680-8400

Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

1

2                              **PROOF OF SERVICE**

3          I hereby certify that, at the date entered below and per the agreement of the parties, I

4   caused a true and correct copy of the foregoing to be served by transmission via electronic mail,

5   made available to counsel at the email addresses below:

6          Juanita R. Brooks                          Brian L. Ferrall
           brooks@fr.com                              blf@kvn.com
7          Fish & Richardson P.C.                     Michael S. Kwun
           12390 El Camino Real                       mkwun@kvn.com
8          San Diego, CA 92130-2081                   David J. Silbert
                                                      djs@kvn.com
9
           Kelly C. Hunsaker                          Robert Van Nest
10         hunsaker@fr.com                            rvannest@kvn.com
           Fish & Richardson PC                       Keker & Van Nest LLP
11         500 Arguello Street, Suite 500             633 Battery Street
           Redwood City, CA 94063                     San Francisco, CA 94111-1809
12
                                                      Susan Chreighton
13         Ruffin B. Cordell                          screighton@wsgr.com
           cordell@fr.com                             Scott Andrew Sher
14         Lauren A. Degnan                           ssher@wsgr.com
           degnan@fr.com                              Wilson Sonsini Goodrich Rosati
15         Michael J. McKeon                          1700 K Street
           mckeon@fr.com                              Washington, DC 20006
16         Fish & Richardson PC
           1425 K Street NW
17         11th Floor
           Washington, DC 20005
18

19

20         I declare under penalty of perjury that the foregoing is true and correct.  Executed on May

21   27, 2016, at San Francisco, California.

22                                              */s/ Catherine R. Lacey*
                                                _____
23                                              Catherine R. Lacey

24

25

26

27

28