KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
BRIAN L. FERRALL - # 160847
DAVID SILBERT - # 173128
MICHAEL S. KWUN - #198945
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    (415) 391-5400
Email:  rvannest@kvn.com;
bferrall@kvn.com; dsilbert@kvn.com;
mkwun@kvn.com, aramani@kvn.com

SUSAN CREIGHTON, SBN 135528
SCOTT A. SHER, SBN 190053
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C., 20006-3817
Telephone:  (202) 973-8800
Email:  screighton@wsgr.com;
ssher@wsgr.com

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ARISTA NETWORKS, INC.,<br><br>Defendant. | Case No. 5:14-cv-05344-BLF (NC)<br><br>**DECLARATION OF RYAN WONG IN SUPPORT OF PLAINTIFF CISCO SYSTEMS, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL (ECF NO. 371)**<br><br>Judge:        Hon. Beth Labson Freeman<br><br>Date Filed:  December 5, 2014<br><br>Trial Date:  November 21, 2016 |

DECLARATION OF RYAN WONG IN SUPPORT OF PLAINTIFF CISCO SYSTEMS, INC.'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL (ECF NO. 371)
Case No. 5:14-cv-05344-BLF (NC)

1077328

I, Ryan Wong, declare:

1. I am an attorney licensed to practice law in the State of California and am an associate with the law firm of Keker & Van Nest LLP, located at 633 Battery Street, San Francisco, California 94111, counsel for Defendant Arista Networks, Inc. ("Arista") in the above-referenced action. Unless otherwise stated, the facts I set forth in this declaration are based on my personal knowledge or knowledge I obtained through my review of corporate records or other investigation. If called to testify as a witness, I could and would testify competently to such facts under oath.

2. I submit this declaration in support of the Administrative Motion to File Under Seal Confidential Information in Cisco's Opposition to Arista's Motion for Partial Summary Judgment (Dkt. No. 371). I provide this declaration under Civil Local Rules 79-5(d)(1)(A) and 79-5(e)(1) to explain the reasons why information and documents attached to Cisco's Opposition to Arista's Motion for Partial Summary Judgment that Arista designated as "Confidential" or "Highly Confidential" should be sealed.

3. I understand that materials submitted with dispositive motions may be sealed if there are "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). I also understand that such compelling reasons may exist when, for example, court filings could be used for improper purposes, such as "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (citation omitted). I further understand that compelling reasons may exist where court filings contain or discuss confidential source code, *see Apple, Inc. v. Samsung Electronics Co., Ltd.*, No. 11-cv-1846, D.I. 2190 at *3 (Dec. 10, 2012); internal and non-public procedures of financial institutions, *see Cowan v. GE Capital Retail Bank*, No. 13-cv-03935-BLF, 2015 WL 1324848, at *1-3 (N.D. Cal. Mar. 24, 2015); information about an entity's confidential "business performance, structure, and finances that could be used to gain unfair business advantage against them," *Schwartz v. Cook*, No. 15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016); "highly sensitive information regarding [an entity's confidential] product architecture and

1

DECLARATION OF RYAN WONG IN SUPPORT OF PLAINTIFF CISCO SYSTEMS, INC.'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL (DKT. NO. 371)
Case No. 5:14-cv-05344-BLF (NC)

1077328

1  development," *Delphix Corp. v. Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 4145520, at *2

2  (N.D. Cal. Aug. 20, 2014); emails containing confidential information about an entity's "business

3  practices, recruitment efforts, and discussions regarding potential partnerships with other product

4  manufacturers," *see Koninklijke Philips N.V. v. Elec-Tech International Co., Ltd.*, No. 14-cv-

5  02737-BLF, 2015 WL 581574, at *1-2 (N.D. Cal. Deb. 10, 2015); and "information regarding

6  non-public recruitment efforts and business practices" of a party. *See id*. at *2-3.

7      4. I address below the documents attached to Cisco's Opposition to Arista's Motion

8  for Partial Summary Judgment that purportedly contain Arista confidential information. Where

9  appropriate, I state where and why compelling reasons exist to seal those documents, or portions

10 thereof.

11     5. Exhibit 1 to the Declaration of John M. Neukom in Support of Cisco's Opposition

12 to Arista's Motion for Partial Summary Judgment ("Neukom Declaration") consists of excerpts

13 from the March 17, 2016 deposition testimony of Arista employee Anshul Sadana. Pages 134

14 through 139 of this exhibit do not contain Arista confidential information, and Arista does not

15 seek to file those pages of this exhibit under seal. However, the excerpted testimony from Page

16 235, line 1 through Page 236, line 3 discusses a confidential, non-public internal communication

17 between Arista support engineers regarding the Company's customer support and documentation

18 policies and priorities, and Page 237 discusses non-public information regarding Arista's

19 technical support system and a discloses a particular "bug" submission in that internal system

20 (Page 237). None of the excerpted testimony on Pages 235 and 237 is cited by Cisco in its

21 motion, and therefore such testimony is irrelevant to Cisco's briefing. There are compelling

22 reasons to seal the testimony on Page 235, line 1 through Page 236, line 3, and on Page 237

23 because it discloses highly confidential and sensitive information about Arista's business

24 practices with respect to customer support and documentation, as well as non-pubic technical

25 support issues relating to product development. *See Delphix*, 2014 WL 4145520, at *2;

26 *Koninklijke Philips*, 2015 WL 581574, at *1-2. The proposed redactions are also narrowly

27 tailored because Arista does not seek to file under seal the cited/highlighted testimony on Page

28 236, lines 4 to 14, or pages 134 through 139 of this exhibit.

2
DECLARATION OF RYAN WONG IN SUPPORT OF PLAINTIFF CISCO SYSTEMS, INC.'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL (DKT. NO. 371)
Case No. 5:14-cv-05344-BLF (NC)

1077328

6.      Exhibit 2 to the Neukom Declaration is an internal Arista email dated June 20, 2012 between Arista engineers, and includes additional emails as part of an email chain. There are compelling reasons to seal this exhibit in its entirety because these emails specifically discuss several prospective customers' use of particular networking equipment makes and models (and identify those non-parties by name), those customers' preferences regarding the features on their equipment, and the investments made by those customers on those features. The email chain also discloses Arista's internal strategies regarding its sales efforts directed towards those clients, and confidential product development/roadmap information about Arista's products. Arista maintains all of this information, including details regarding the technical infrastructure of prospective customers' networks, as highly confidential. There are compelling reasons to seal the email chain in its entirety because Arista's product roadmap information, the preferences and technical inner workings of Arista's prospective customers, and Arista's competitive sales strategies and efforts is both sensitive and non-public, and is the type of information that would cause substantial harm to Arista if disclosed publicly to (and is subsequently used by) Arista's competitors. *See Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1-2.

7.      Exhibit 3 to the Neukom Declaration is an internal Arista email dated January 21, 2014 between Arista employees, and includes the attachments to that email. The email itself (ARISTANDCA12228912) does not need to be sealed, but there are compelling reasons to seal the attachments to the email (ARISTANDCA12228913 to ARISTANDCA12228928) because they disclose Arista's highly confidential customer sales/solicitation scripts, including specific responses that Arista sales personnel will provide to particular sales/solicitation scenarios, and Arista's sales strategies for particular types of customers. These scripts, if disclosed publicly, could be used immediately by Arista's competitors to compete with Arista, and is the type of sensitive strategic information based on Arista's competitive intelligence gathering that should be kept under seal. There are therefore compelling reasons to seal the attachments to the email in their entirety. *See Koninklijke Philips*, 2015 WL 581574, at *1-2.

8.      Exhibit 4 to the Neukom Declaration is an internal Arista email dated July 13, 2009 between Arista executives, and includes a chain of emails that includes highly confidential

3

DECLARATION OF RYAN WONG IN SUPPORT OF PLAINTIFF CISCO SYSTEMS, INC.'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL (DKT. NO. 371)
Case No. 5:14-cv-05344-BLF (NC)

1077328

communications with a networking equipment testing contractor. There are compelling reasons to seal the entire exhibit because the email chain discusses and reveals the detailed results of private and comprehensive testing of Arista networking products. That information is highly confidential to Arista as part of its product development and testing process, and the exhibit includes discussions by Arista executives regarding the results and their implications for further product development. The entire exhibit should be sealed because Arista's product testing and development process and the interim results of that process are maintained by Arista as highly confidential, and this is the type of sensitive technical product information that would cause competitive harm to Arista if disclosed publicly. *See Delphix*, 2014 WL 4145520, at *2.

9. Exhibit 36 to the Neukom Declaration is an Arista internal document ("AID") that reveals highly confidential and sensitive design and development information regarding Arista's products. There are compelling reasons to seal the entire exhibit because it sets forth in detail the strategic and technical roadmap, including policies, justifications, and approaches for the design, development, and architecture of Arista's networking devices. This includes highly confidential strategies for improving Arista's products over competing products, and comments about various design decisions and their advantages. Such non-public and highly sensitive information about the design and development of Arista's products and the competitive reasons underlying Arista's development decisions is the type of information that, if publicly disclosed, could be used by competitors to harm Arista. *See Delphix*, 2014 WL 4145520, at *2 (finding compelling reasons to seal "highly sensitive information regarding [an entity's confidential] product architecture and development[.]").

10. Exhibit 37 to the Neukom Declaration is an internal Arista email chain between Arista engineers with both constituent emails dated April 18, 2011. The email chain discusses the development of specific functionality in Arista's products and the internal strategic decision-making behind Arista's development of that product. There are compelling reasons to seal the entire exhibit because the email chain reveals the various design considerations underlying the development of a feature in Arista's products, and Arista maintains its product development process (including why certain engineering decisions were made) as highly confidential. The

4
DECLARATION OF RYAN WONG IN SUPPORT OF PLAINTIFF CISCO SYSTEMS, INC.'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL (DKT. NO. 371)
Case No. 5:14-cv-05344-BLF (NC)

1077328

1  entire exhibit should be sealed because this is the type of information regarding Arista's internal

2  product design and development process that would cause competitive harm to Arista if disclosed

3  publicly.  *See Delphix*, 2014 WL 4145520, at *2.

4      11.    Exhibit 46 to the Neukom Declaration is a copy of Cisco's Supplemental

5  Objections and Responses to Defendant Arista Networks, Inc.'s Interrogatory Nos. 2–10.  The

6  only portion of this exhibit that Arista seeks to seal is on page 16, lines 2 through 26, which

7  provides Cisco's observations based upon its review of Arista's source code.  This portion of the

8  exhibit is not cited by or discussed in Cisco's opposition brief, and should be sealed given the

9  discussion of how Arista's source code is structured.  *See Apple*, No. 11-cv-1846, D.I. 2190 at *3

10  (there are compelling reasons to seal court filings that contain or discuss confidential source

11  code).  Arista does not seek to seal any other portions of this exhibit.

12      12.    Exhibit 51 to the Neukom Declaration consists of excerpts from the January 29,

13  2016 deposition testimony of Arista employee Adam Sweeney.  Arista does not seek to file pages

14  175 and 176 of this exhibit under seal, or the testimony on Page 217 from lines 1 through 20.  The

15  only portion of this exhibit that Arista seeks to file under seal is Page 217, lines 21 through 25,

16  because it refers to testimony regarding the design and development of a specifically identified

17  feature of Arista's products, and Arista maintains that information about its specific design

18  decisions as highly confidential.  There are compelling reasons to seal those five lines of this

19  exhibit because they contain sensitive feature-specific details regarding Arista's internal product

20  design and development process.  *See Delphix*, 2014 WL 4145520, at *2 (finding compelling

21  reasons to seal "highly sensitive information regarding [an entity's confidential] product

22  architecture and development[.]").

23      13.    Exhibit 52 to the Neukom Declaration consists of excerpts from the January 21,

24  2016 deposition testimony of Arista employee Lincoln Dale.  Arista does not seek to file this

25  exhibit under seal.

26      14.    Exhibit 53 to the Neukom Declaration consists of excerpts from the June 21, 2016

27  deposition testimony of Dr. Kevin Jeffay, who Cisco retained as an expert in this litigation.

28  Arista does not seek to file this exhibit under seal.

5
DECLARATION OF RYAN WONG IN SUPPORT OF PLAINTIFF CISCO SYSTEMS, INC.'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL (DKT. NO. 371)
Case No. 5:14-cv-05344-BLF (NC)

1077328

15. Exhibit 1 to the Declaration of Kevin Almeroth in Support of Cisco's Opposition to Arista's Motion for Partial Summary Judgment ("Almeroth Declaration") is a copy of Dr. Almeroth's Opening Expert Report. There are compelling reasons to seal the following portions of this exhibit:

- Last two lines of page 29 and the first two lines of page 30 disclose the contents of an internal and confidential Arista design document that pertains to the development of its products. There are compelling reasons to seal highly sensitive information regarding Arista's product architecture and development. *See Delphix*, 2014 WL 4145520, at *2.

- The highlighted portions of Paragraph 78 on page 31 disclose the substance of, and quote directly from, confidential customer communications by Arista relating to product support and both product and documentation development. There are compelling reasons to seal highly sensitive information regarding Arista's product architecture and development, as well as its confidential business practices regarding customer support and documentation. *See Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1-2.

- The highlighted portions of Paragraph 79 on pages 31 and 32 disclose the substance of, and quote directly from, confidential internal communications by Arista relating to product support and documentation development. There are compelling reasons to seal highly sensitive information about its confidential business practices regarding customer support and documentation. *See Koninklijke Philips*, 2015 WL 581574, at *1-2.

- A portion of the reproduced testimony from the deposition of Arista employee Kenneth Duda on page 49 of this exhibit—specifically, the testimony from 150:24 through 151:8 of the cited deposition transcript—should be sealed because it discusses confidential information regarding networking equipment used by Arista's customers. *See Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1-2.

6

DECLARATION OF RYAN WONG IN SUPPORT OF PLAINTIFF CISCO SYSTEMS, INC.'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL (DKT. NO. 371)
Case No. 5:14-cv-05344-BLF (NC)

1077328

- The highlighted portions of Paragraph 118 on page 56 disclose internal and confidential Arista communications regarding feature-specific product development decisions and customer support communications relating to Arista products.  There are compelling reasons to seal highly sensitive information about Arista's product development decisions and confidential business practices regarding customer support.  *See Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1-2.

- Paragraphs 138 and 142, including the excerpted deposition transcripts and images taken from highly confidential Arista documents that are a part of those paragraphs, should be sealed in their entirety because they discuss and reveal multiple details regarding Arista's non-public, internal competitive testing and analysis procedures underlying Arista's product design and development.  Such competitive intelligence and product development information is meets the compelling-reasons standard for sealing.  *See Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1-2.

- The highlighted portions of Paragraphs 147 and 148, including each of the bullet points on pages 71 through 77 (which are part of Paragraph 148), should be sealed because they discuss the design and development of specific features of Arista's products, and Arista maintains that information about its specific design decisions as highly confidential.  Paragraph 147 discusses testimony from Arista witnesses regarding details about Arista's internal and confidential product development process and strategies.  Paragraph 148 and each of the bullet points within it are specifically directed at internal Arista emails and presentations regarding product architecture and development, and the bullet points discuss non-public development strategies for specific aspects of the Arista product.  There are compelling reasons to seal sensitive feature-specific details regarding Arista's internal product design and development process.  *See Delphix*, 2014 WL 4145520, at *2.

- Footnote 102 should be sealed because it quotes testimony from an Arista engineer regarding the design and development of a specifically identified feature of Arista's products. Similarly, Footnote 118 should be sealed because it quotes testimony from a highly confidential internal Arista communication that discusses the design and development of a specifically identified feature of Arista's products. Arista maintains such product-development information about its design decisions as highly confidential. There are compelling reasons to seal sensitive feature-specific details regarding Arista's internal product design and development process. *See Delphix*, 2014 WL 4145520, at *2.

- Paragraphs 149 through 151, including the excerpted graphics in Paragraphs 150 and 151, should be sealed because they discuss the results of a highly confidential product comparison analysis conducted by Arista. There are compelling reasons to seal this information because these paragraphs (and the excerpted images) reveal the detailed results of these internal tests, and Arista's competitive sales strategies regarding those results. That information is highly confidential to Arista as part of its product development and testing process, as well as its sales and marketing strategies. This is the type of sensitive technical product information and competitive intelligence that would cause competitive harm to Arista if disclosed publicly. *See Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1-2.

- Paragraph 152 and the excerpted images within it (which extend to the top of page 80) should be sealed because they reveal the results of a highly confidential competitive analysis performed by Arista regarding the preferences of its customers, and also discuss particular tracking documents that are part of Arista's internal development and design process. That information is highly confidential to Arista, and is the type of sensitive product development information and competitive/customer intelligence that would cause competitive harm to Arista if

8
DECLARATION OF RYAN WONG IN SUPPORT OF PLAINTIFF CISCO SYSTEMS, INC.'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL (DKT. NO. 371)
Case No. 5:14-cv-05344-BLF (NC)

1077328

disclosed publicly. *See Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1-2.

- The images shown in Paragraphs 170 and 171 should be sealed because they reveal confidential information about the development of certain accused features of Arista's products (image in Paragraph 170, at the top of page 89), and about Arista's source code (image in Paragraph 171, at the top of page 90). *See Delphix*, 2014 WL 4145520, at *2; *see Apple*, No. 11-cv-1846, D.I. 2190 at *3. Arista does not seek to seal the more general discussion of those images within those two paragraphs.

- The excerpted deposition testimony of Adam Sweeney in Paragraph 195 and 196 (which extends from the bottom of page 103 to the top of page 104) should be sealed because it discusses the non-public details of a particular technical support request for an Arista product, and Arista's internal process for resolving the request. Such details regarding the internal business processes for responding to specific technical support requests should remain under seal. *See Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1-2. Arista does not seek to seal Cisco's broader characterization of that testimony in Paragraph 195.

- The highlighted portion of Paragraph 203 should be sealed because it discusses highly confidential information and cites from an internal, non-public Arista document regarding the development of a particular aspect of the Arista product. Such sensitive details regarding the development of Arista's products should remain under seal. *See Delphix*, 2014 WL 4145520, at *2.

- The highlighted portions of Paragraphs 219 and 220, and the excerpted images within Paragraph 219 (which extend from pages 113 to 115) should be sealed because they reveal (and excerpt) highly confidential sales materials created by Arista for a non-public presentation to a particular prospective customer, and therefore reveal Arista's internal competitive sales strategies. This information is

9

DECLARATION OF RYAN WONG IN SUPPORT OF PLAINTIFF CISCO SYSTEMS, INC.'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL (DKT. NO. 371)
Case No. 5:14-cv-05344-BLF (NC)

1077328

highly confidential to Arista, and is the type of sensitive competitive materials that would cause competitive harm to Arista if disclosed publicly. *See Koninklijke Philips*, 2015 WL 581574, at *1-2.

- The following portions of Paragraph 237 should be sealed: (1) The excerpted deposition testimony of Arista employee Kenneth Duda from page 145, line 14 to page 146, line 20 of the transcript excerpt. That portion of the excerpted Duda deposition transcript discusses Arista's internal customer intelligence regarding customer preferences in particular market segments, and the benefits of certain development approaches taken by Arista vis-à-vis that intelligence. (2) The entire excerpted deposition testimony of Arista employee Anshul Sadana. The excerpted Sadana deposition transcript discusses Arista's internal customer intelligence regarding customer preferences, and the benefits of certain development approaches taken by Arista vis-à-vis that intelligence. Those portions of Paragraph 237 should be sealed. *See Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1-2.

- The following portions of Paragraph 238 should be sealed: The excerpted deposition testimony of Arista employee Kenneth Duda from page 176, line 14 to page 177, line 8 of the transcript should be sealed because it discusses confidential information regarding networking equipment used by Arista's customers. *See Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1-2.

- The bullet points in Paragraph 240 should be sealed because they quote from highly confidential internal Arista development documents that discuss the strategic decisions underlying the development and architecture of Arista products. Such sensitive information should remain under seal. *See Delphix*, 2014 WL 4145520, at *2. Arista does not seek to seal Cisco's broad characterization of those bullet points, which appears above the bullet points in Paragraph 240.

- Paragraph 241 should be sealed because it reveals internal and highly sensitive customer intelligence about the usage of particular features in Arista's products by

10

DECLARATION OF RYAN WONG IN SUPPORT OF PLAINTIFF CISCO SYSTEMS, INC.'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL (DKT. NO. 371)
Case No. 5:14-cv-05344-BLF (NC)

1077328

its customers, which could be used by competitors for purposes of developing features on their own products. *See Koninklijke Philips*, 2015 WL 581574, at *1-2.

- The sentence in Paragraph 250 that starts with "For example, ...." should be sealed because it quote from highly confidential internal Arista development document discussing the strategic decisions underlying the development and architecture of Arista products. Such sensitive information should remain under seal. *See Delphix*, 2014 WL 4145520, at *2.

16. Exhibit 2 to the Almeroth Declaration is a copy of Dr. Almeroth's Rebuttal Expert Report. There are compelling reasons to seal the following portions of this exhibit:

- Footnote 106 on Page 60, which reproduces testimony from the Rule 30(b)(6) deposition of Arista employee Anshul Sadana, should be sealed because it reveals non-public and highly confidential information about the impact of specific features in Arista's products on Arista's sales cycles. There are compelling reasons to seal this information as it relates both to internal product development as well as sensitive competitive information regarding customer preferences, what product features may or may not impact sales. *See Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1-2.

- The highlighted text in Paragraph 138, sub-sections (a), (c), (d), (e), (g), (h), (i), (j) are excerpts from highly confidential internal Arista documents and communications that discuss internal design and development decisions and strategic reasons regarding specific aspects of Arista's products. Given the sensitivity of Arista's confidential product design and development decision-making processes, those portions of Paragraph 138 should be sealed. *See Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1-2. Arista does not seek to file the remaining portions of Paragraph 138 under seal.

- The quoted text pulls in Paragraph 143 are excerpts from highly confidential internal Arista documents and communications that discuss internal design and

11

DECLARATION OF RYAN WONG IN SUPPORT OF PLAINTIFF CISCO SYSTEMS, INC.'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL (DKT. NO. 371)
Case No. 5:14-cv-05344-BLF (NC)

1077328

development decisions and strategic reasons regarding specific aspects of Arista's products. Given the sensitivity of Arista's confidential product design and development decision-making processes, those portions of Paragraph 143 should be sealed. *See Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1-2. Arista does not seek to seal the first sentence of Paragraph 143, which broadly characterizes the text pulls.

- Paragraph 144, including the excerpted image, should be sealed in its entirety because it discusses the results of a highly confidential product comparison analysis conducted by Arista. There are compelling reasons to seal this information because these paragraphs (and the excerpted image) reveal the detailed results of these internal tests, and Arista's competitive sales strategies and conclusions regarding those results. That information is highly confidential to Arista as part of its product development and testing process, as well as its sales and marketing strategies. This is the type of sensitive technical product information and competitive intelligence that would cause competitive harm to Arista if disclosed publicly. *See Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1-2.

- The quoted text pull in Paragraph 146 is an excerpt from a highly confidential internal Arista document that discusses internal design and development decisions and strategic reasons regarding specific aspects of Arista's products. Given the sensitivity of Arista's confidential product design and development decision-making processes, that portion of Paragraph 146 should be sealed. *See Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1-2. Arista does not seek to seal the remainder of 146, including Cisco's characterization of the text pull.

- In Paragraph 147, the second sentence (starting with "In 2010 …") through to the sentence that starts with "Arista's CEO …" should be sealed because they discuss and excerpt material from internal Arista communications that reveal Arista's

12
DECLARATION OF RYAN WONG IN SUPPORT OF PLAINTIFF CISCO SYSTEMS, INC.'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL (DKT. NO. 371)
Case No. 5:14-cv-05344-BLF (NC)

1077328

strategic decision-making regarding customer preferences/complaints and the development of user documentation. Given the sensitivity of this internal information about Arista's customers and its documentation strategies, those portions of Paragraph 147 should be sealed. *See Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1-2. Arista does not seek to seal the remaining portions of Paragraph 147.

- The bullet points in Paragraph 149 should be sealed because they quote directly from internal Arista documents and communications that reveal customer intelligence regarding customer preferences, the benefits that customers receive from particular aspects of Arista's products, and Arista's sales and marketing strategies with respect to those preferences and benefits. This type of internal strategic competitive information should be sealed. *See Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1-2. Arista does not seek to seal the first sentence of Paragraph 149, which broadly characterizes the bullet points.

- Paragraph 154 and footnote 168 should be sealed in their entirety because they reveal highly confidential information regarding the development and features of future releases of Arista's products. There are compelling reasons to seal sensitive information about unreleased Arista products. *See Delphix*, 2014 WL 4145520, at *2.

- Paragraph 160 should be sealed in its entirety because it discusses the same highly confidential comparative study between Arista's products and competing products that is discussed in Paragraph 144 of this same exhibit (which Arista also seeks to seal), and Arista's conclusions and strategic use of that internal research. It also discloses Arista's sensitive competitive sales strategies with respect to communications to prospective customers regarding product differentiation. There are compelling reasons to seal this type of competitive intelligence, including Arista's business strategies. *See Koninklijke Philips*, 2015 WL 581574, at *1-2.

13

DECLARATION OF RYAN WONG IN SUPPORT OF PLAINTIFF CISCO SYSTEMS, INC.'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL (DKT. NO. 371)
Case No. 5:14-cv-05344-BLF (NC)

1077328

17. Exhibit 1 to the Declaration of Kevin Jeffay in Support of Cisco's Opposition to Arista's Motion for Partial Summary Judgment ("Jeffay Declaration") is a copy of Dr. Jeffay's Opening Expert Report. There are compelling reasons to seal the following portions of this exhibit:

- Footnote 3 of this exhibit should be sealed in its entirety because it reveals highly confidential information, and includes excerpts from the deposition testimony of an Arista engineer, regarding sensitive and non-public aspects of the source code underlying Arista's products. *See Apple*, No. 11-cv-1846, D.I. 2190 at *3.
- Paragraph 80 of this exhibit should be sealed in its entirety because it reveals highly confidential information regarding non-public and sensitive source code underlying Arista's products. *See Apple*, No. 11-cv-1846, D.I. 2190 at *3.
- The excerpted deposition testimony of Arista employee Adam Sweeney in Paragraphs 126 and 127 should be redacted because they discuss in detail the internal operation of Arista's products, non-public information regarding the development of those features, and the benefits of those features. Such testimony about internal product development and architecture decisions and strategy should be sealed. *See Delphix*, 2014 WL 4145520, at *2. Arista does not seek to seal Cisco's broader characterization of Mr. Sweeney's testimony.

18. There are compelling reasons to seal the following highlighted portions of Cisco's Opposition to Arista's Motion for Partial Summary Judgment:

- Page 2, lines 4–6 (the parenthetical for the citation to Exh. 2 to the Neukom Declaration) of the Opposition should be sealed for the same reasons stated above in paragraph 6 of this declaration, which explains the compelling reasons why Exhibit 2 to the Neukom Declaration should be sealed.
- Page 2, lines 6–7 (the parenthetical for the citation to Exh. 3 to the Neukom Declaration) of the Opposition should be sealed for the same reasons stated above in paragraph 7 of this declaration, which explains the compelling reasons why Exhibit 3 to the Neukom Declaration should be sealed.

14
DECLARATION OF RYAN WONG IN SUPPORT OF PLAINTIFF CISCO SYSTEMS, INC.'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL (DKT. NO. 371)
Case No. 5:14-cv-05344-BLF (NC)

1077328

- Page 2, lines 8–9 (the parenthetical for the citation to Exh. 4 to the Neukom Declaration) of the Opposition should be sealed for the same reasons stated above in paragraph 8 of this declaration, which explains the compelling reasons why Exhibit 4 to the Neukom Declaration should be sealed.
- Page 11, lines 13–15 (the parenthetical for the citation to Exh. 36 to the Neukom Declaration) of the Opposition should be sealed for the same reasons stated above in paragraph 9 of this declaration, which explains the compelling reasons why Exhibit 36 to the Neukom Declaration should be sealed.
- Page 11, lines 15–17 (the parenthetical for the citation to Exh. 37 to the Neukom Declaration) of the Opposition should be sealed for the same reasons stated above in paragraph 10 of this declaration, which explains the compelling reasons why Exhibit 37 to the Neukom Declaration should be sealed.

Arista does not seek to file under seal any other highlighted portions of Cisco's Opposition.

Executed July 22, 2016, at San Francisco, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
RYAN WONG

15
DECLARATION OF RYAN WONG IN SUPPORT OF PLAINTIFF CISCO SYSTEMS, INC.'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL (DKT. NO. 371)
Case No. 5:14-cv-05344-BLF (NC)

1077328