Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Mark Tung (SBN 245782)
marktung@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven Cherny *(admitted pro hac vice)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>      Plaintiff,<br><br>vs.<br><br>ARISTA NETWORKS, INC.,<br><br>      Defendant. | CASE NO. 5:14-cv-5344-BLF<br><br>**DECLARATION OF SARA E. JENKINS IN SUPPORT OF ARISTA'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CONFIDENTIAL INFORMATION IN ARISTA'S OPPOSITION TO ARISTA'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Judge:   Hon. Beth Labson Freeman |

02099-00004/8178890.1

DECLARATION OF SARA E. JENKINS IN SUPPORT OF ARISTA'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF

**DECLARATION OF SARA E. JENKINS**

I, Sara E. Jenkins, declare as follows:

**1.** I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate with the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Plaintiff Cisco Systems, Inc. ("Cisco"). I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

**2.** I make this declaration in support of Arista Networks Inc.'s ("Arista") Administrative Motion to File Under Seal Confidential Information in connection with Arista's Opposition to Cisco's Motion for Partial Summary Judgment ("Opposition."). Dkt. 378. I make this declaration in accordance with Civil Local Rule 79-5(e)(1) on behalf of Cisco to confirm that the information contained in the documents referenced in the Sealing Motion should be sealed.

**3.** As an Opposition to a Motion for Partial Summary Judgment, Arista's Opposition is considered to be dispositive. In this context, materials may be sealed so long as the party seeking sealing provides "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-1179 (9th Cir.2006). Compelling reasons for sealing court files generally exist when such "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Under this standard, compelling reasons have been found to seal documents such as those containing confidential source code (*Apple, Inc. v. Samsung Electronics Co., Ltd.,* Case No. 11-cv-1846, D.I. 2190 at 3 (Dec. 10, 2012); documents related to the "internal procedures for addressing cardholder fraud notifications" of a bank, *id.* at *2-3 (*Cowan v. GE Capital Retail Bank*, No. 13–cv–03935–BLF, 2015 WL 1324848, at *1-3 (N.D. Cal. Mar. 24, 2015)); documents containing "information about [a party's] business performance, structure, and

finances that could be used to gain unfair business advantage against them," *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016); documents containing "highly sensitive information regarding [a party's] product architecture and development," *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014); documents in the form of "emails containing information about [a party's] business practices, recruitment efforts, and discussions regarding potential partnerships with other product manufacturers," *Koninklijke Philips N.V. v. Elec-Tech International Co., Ltd.*, No. 14–cv–02737–BLF, 2015 WL 581574, at *1-2 (N.D. Cal. Deb. 10, 2015); and documents containing "information regarding non-public recruitment efforts and business practices" of a party, *id.* at *2-3.

**4.**     Pursuant to Civil L.R. 79-5(e)(1), compelling reasons exist to seal the portions of the following documents that contain Cisco confidential information, and that are detailed below in paragraphs 5-43: Exhibits 1 and 38 to the Declaration of John R. Black Jr. in Support of Arista's Opposition ("Black Declaration"), Exhibits 1 and 2 to the Declaration of Cate M. Elsten in Support of Arista's Opposition ("Elsten Declaration"), Exhibits 1, 4, 9D, 9E, 9F, 11, 15, 16, 17, 18, 19, 20, 21, 22, 25, 26, 27, 29, 31, 32, 33, 37, 45, 48, 51, 52, 53, 55, 56, 57, 59, 61, 62, 63 to the Declaration of Ryan Wong in Support of Arista's Opposition ("Wong Declaration").  Cisco is not supporting the sealing of the following documents, although Arista and/or third parties may have filed declarations to support the sealing of these documents: Arista's Opposition, Exhibit 1 to the Declaration of William M. Seifert in Support of Arista's Opposition ("Seifert Declaration"), Exhibits 2, 7, 8, 9C, 24, 28, 43, 44, 46, 47, 49, 50, 54, 58, and 60 to the Wong Declaration.

**5.**     Exhibit 1 to the Black Declaration is Mr. Black's opening expert report and contains information that was designated by Cisco in this matter as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.  Specifically, Cisco supports the sealing of the highlighted portions of paragraphs 120, 123-125, 132, 161, 433, 438, 448-459, 461-471, 478-482, 498, 500-502, 504, 508, 510, 514, 515, 570, 580, 636, 689-691, 696, 700 and footnotes 32, 35, 40,

1  and 128.  These portions of this exhibit contain Cisco's confidential source code, discussions of
2  related confidential third-party source code, as well as confidential information about Cisco's
3  licenses, business development, and competitive intelligence.  As such, there are compelling
4  reasons to seal the specified portions of this document.  *See Agency Solutions.Com, LLC v.*
5  *TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011) (source code is "undoubtedly a
6  trade secret" within the sealing context); *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL
7  1301186, at *2 (N.D. Cal. Apr. 4, 2016) (documents containing "information about [a party's]
8  business performance, structure, and finances that could be used to gain unfair business advantage
9  against them," are properly sealed); *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014
10 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (compelling reasons exist to seal documents
11 containing "highly sensitive information regarding [a party's] product architecture and
12 development.")

13 **6.**     Exhibit 38 to the Black Declaration is Mr. Black's rebuttal expert report and
14 contains information that was designated by Cisco in this matter as "Highly Confidential –
15 Attorneys' Eyes Only" under the Protective Order.  Specifically, Cisco supports the sealing of
16 paragraphs 50-51, 55, 148, 155, 156, 159, 160, 165, and 170.  These portions of this exhibit
17 contain Cisco's confidential source code, discussions of related confidential third-party source
18 code, as well as confidential information about Cisco's business development.  As such, there are
19 compelling reasons to seal the specified portions of this document.  *See Agency Solutions.Com,*
20 *LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011) (source code is
21 "undoubtedly a trade secret" within the sealing context); *Schwartz v. Cook*, No. 5:15-cv-03347-
22 BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (documents containing "information
23 about [a party's] business performance, structure, and finances that could be used to gain unfair
24 business advantage against them," are properly sealed); *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–
25 04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (compelling reasons exist to seal

documents containing "highly sensitive information regarding [a party's] product architecture and development.")

**7.**     Exhibit 1 to the Elsten Declaration is Ms. Elsten's June 3, 2016 expert report and contains information that was designated by Cisco in this matter as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.  Specifically, Cisco supports the sealing of the highlighted portions of the following:  page 7, the top of page 9,  page 14, page 15, page 21, the top 2 lines and bottom 7 lines of page 22, pages 23-28, the top of page 32, and page 33.  These portions of this exhibit contain confidential and sensitive information about Cisco's business development and technology as well as Cisco's competitive strategies.  Therefore, compelling reasons justify sealing these portions of this exhibit. *See Schwartz*, 2016 WL 1301186, at *2 (discussing the harm that could result by the dissemination of similar sensitive internal business information to competitors); *Delphix*, 2014 WL 4145520, at *2 (same); *Koninklijke Philips*, 2015 WL 581574, at *1-3 (same).

**8.**     Exhibit 2 to the Elsten Declaration is Ms. Elsten's rebuttal expert report and contains information that was designated by Cisco in this matter as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.  This exhibit contains confidential and sensitive business and pricing information, confidential information about actual and prospective customers, as well as confidential data related to Cisco's sales and revenue.  Cisco maintains this information in strictest confidence.  Highly confidential Cisco information is intertwined throughout this exhibit.  Therefore, compelling reasons justify sealing the entirety of this exhibit. *See Schwartz*, 2016 WL 1301186, at *2 (discussing the harm that could result by the dissemination of similar sensitive internal business information to competitors); *Delphix*, 2014 WL 4145520, at *2 (same); *Koninklijke Philips*, 2015 WL 581574, at *1-3 (same).

**9.**     Exhibit 1 to the Wong Declaration is an excerpt of the 11/20/2015 deposition testimony of  Kirk Lougheed, which was designated by Cisco in this matter as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.  Cisco supports the sealing of

55:2-56:18, 95:9-99:14; 178:11-13.  These portions of this exhibit contain details regarding the witness's personal work history, confidential Cisco licensing information and confidential source code.  As such, there are compelling reasons to seal the specified portions of this exhibit.  *See Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011) (source code is "undoubtedly a trade secret" within the sealing context); *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (documents containing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them," are properly sealed).

**10.**   Exhibit 4 to the Wong Declaration is an excerpt of the deposition testimony of Anthony Li, which was designated by Cisco in this matter as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.  Cisco supports the sealing of 9:21-23; 152:8-20; 227:19-22; 236:22-24.  These portions of this exhibit contain details regarding the witness's home address, a detailed discussion of confidential technical information about Cisco's products, as well as confidential business information.  As such, there are compelling reasons to seal the specified portions of this exhibit.  *See Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (documents containing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them," are properly sealed).

**11.**   Exhibit 9D to the Wong Declaration is an internal Cisco document which was designated by Cisco in this matter as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.  This exhibit contains confidential information about Cisco competitive strategies and interactions with customers. As such, there are compelling reasons to seal this exhibit.  *See Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (documents containing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them," are properly sealed).

**12.** Exhibit 9E to the Wong Declaration is an internal Cisco email which was designated by Cisco in this matter as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. This exhibit contains confidential information about Cisco competitve strategies and interactions with customers. As such, there are compelling reasons to seal this exhibit. *See Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (documents containing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them," are properly sealed).

**13.** Exhibit 9F to the Wong Declaration is an internal Cisco presentation which was designated by Cisco in this matter as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. This exhibit contains confidential information about Cisco competitve strategies and interactions with customers. As such, there are compelling reasons to seal this exhibit. *See Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (documents containing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them," are properly sealed).

**14.** Exhibit 11 to the Wong Declaration is an excerpt of the deposition testimony of Dan Lang, which was designated by Cisco in this matter as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. Cisco supports the sealing of pp. 254-255 of this exhibit. This portions of the exhibit contains details regarding confidential business information. As such, there are compelling reasons to seal the specified portions of this exhibit. *See Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (documents containing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them," are properly sealed).

**15.** Exhibit 15, parts 1 and 2, to the Wong Declaration is a compilation of deposition testimony and documents that were designated by Cisco in this matter as "Highly Confidential –

1  Attorneys' Eyes Only" under the Protective Order.  Cisco supports the sealing of pages 32-67 of
2  part 1 of this exhibit and pages 1-28, and 33-34 of part 2 of this exhibit.  Pages 32-67 of part 1 of
3  this exhibit contain confidential information about Cisco's products, competitive strategies and
4  product testing.   There are compelling reasons to seal these pages as they could be used by
5  competitors to gain an unfair advantage.  *See Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016
6  WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (documents containing "information about [a party's]
7  business performance, structure, and finances that could be used to gain unfair business advantage
8  against them," are properly sealed).  Pages 1-28 and 33-34 of part 2 of this exhibit contains
9  confidential information about Cisco's product development, competitive strategies and
10 manufacturing capacity.  This information could likewise be used by a competitor to gain an unfair
11 advantage and should therefore be sealed.  *Id*.

12     **16.**    Exhibit 16 to the Wong Declaration is an internal Cisco email which was
13 designated by Cisco in this matter as "Highly Confidential – Attorneys' Eyes Only" under the
14 Protective Order.  This exhibit contains confidential information about Cisco competitive
15 strategies and interactions with customers. As such, there are compelling reasons to seal this
16 exhibit.  *See Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr.
17 4, 2016) (documents containing "information about [a party's] business performance, structure,
18 and finances that could be used to gain unfair business advantage against them," are properly
19 sealed).

20     **17.**    Exhibit 17 to the Wong Declaration is an excerpt of the deposition testimony of
21 Phillip Remaker, which was designated by Cisco in this matter as "Highly Confidential –
22 Attorneys' Eyes Only" under the Protective Order.  Cisco supports the sealing of  27:1-29:25;
23 38:2-45:25; 50:2-57:25; 62:1-73:24; 82:1-85:19.  These portions of this exhibit contain
24 confidential details regarding Cisco's product development and source code.  As such, there are
25 compelling reasons to seal the specified portions of this exhibit.  *See Agency Solutions.Com, LLC*
26 *v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011) (source code is "undoubtedly

27 02099-00004/8178890.1
28

7
DECLARATION OF SARA E. JENKINS IN SUPPORT OF
ARISTA'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF

1  a trade secret" within the sealing context); *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL
2  1301186, at *2 (N.D. Cal. Apr. 4, 2016) (documents containing "information about [a party's]
3  business performance, structure, and finances that could be used to gain unfair business advantage
4  against them," are properly sealed).

5      **18.**    Exhibit 18 to the Wong Declaration is an excerpt of the 4/4/16 deposition testimony
6  of Kirk Lougheed, which was designated by Cisco in this matter as "Highly Confidential –
7  Attorneys' Eyes Only" under the Protective Order. Cisco supports the sealing of 259:15-260:22;
8  261:18-22; 267:4-295:1; 296:23-298:16, 346:18-374:18; 379:2-25. These portions of this exhibit
9  contain details regarding the witness's personal work history, confidential Cisco licensing
10 information and confidential source code. As such, there are compelling reasons to seal the
11 specified portions of this exhibit. *See Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F.
12 Supp. 2d 1001, 1017 (E.D. Cal. 2011) (source code is "undoubtedly a trade secret" within the
13 sealing context); *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal.
14 Apr. 4, 2016) (documents containing "information about [a party's] business performance,
15 structure, and finances that could be used to gain unfair business advantage against them," are
16 properly sealed).

17     **19.**    Exhibit 19 to the Wong Declaration is an internal Cisco email which was
18 designated by Cisco in this matter as "Highly Confidential – Attorneys' Eyes Only" under the
19 Protective Order. This exhibit contains confidential details regarding Cisco's product
20 development. As such, there are compelling reasons to seal the specified portions of this exhibit.
21 *See Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016)
22 (documents containing "information about [a party's] business performance, structure, and
23 finances that could be used to gain unfair business advantage against them," are properly sealed).

24     **20.**    Exhibit 20 to the Wong Declaration is an excerpt of the deposition testimony of
25 Tong Liu, which was designated by Cisco in this matter as "Highly Confidential – Attorneys'
26 Eyes Only" under the Protective Order. Cisco supports the sealing of 8:11-19. This portion of the

27 02099-00004/8178890.1
28

8
DECLARATION OF SARA E. JENKINS IN SUPPORT OF
ARISTA'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL

Case No. 5:14-cv-05344-BLF

exhibit contains the witness's home address and personal email addresses and should be sealed to protect the witness's privacy.

**21.** Exhibit 21 to the Wong Declaration is a compilation of deposition excerpts that were designated by Cisco in this matter as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. Cisco supports the sealing of 144:19-149:24 and 154:2-157:25 of the Li excerpt, starting on page 7 of the as-filed pdf; 123:24-125:15 of the Lougheed excerpt, starting an page 13 of the as-filed pdf; 231:21-262:25:25 of the Lougheed excerpt, starting on page 21 of the as- filed pdf; and 363:1-366:25 of the Lougheed excerpt, starting on page 26 of the as-filed pdf. Some of these excerpts are the same as those filed by Arista as part of Exhibit 18 to the Wong Declaration. The specified portion of this exhibit discusses confidential source code and the confidential development of products. As such, there are compelling reasons to seal the specified portions of this exhibit. *See Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011) (source code is "undoubtedly a trade secret" within the sealing context); *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (documents containing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them," are properly sealed).

**22.** Exhibit 22 to the Wong Declaration is an excerpt of the deposition testimony of Ramanathan Kavasseri, which was designated by Cisco in this matter as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. Cisco supports the sealing of this exhibit as it contains confidential details regarding Cisco's product development and source code. As such, there are compelling reasons to seal the specified portions of this exhibit. *See Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011) (source code is "undoubtedly a trade secret" within the sealing context); *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (documents containing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them," are properly sealed).

**23.**     Exhibit 25 to the Wong Declaration is an internal Cisco presentation which was designated by Cisco in this matter as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. This exhibit contains a detailed discussion of confidential technical information about Cisco's products, as well as confidential business information. As such, there are compelling reasons to seal this exhibit. *See Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (documents containing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them," are properly sealed).

**24.**     Exhibit 26 to the Wong Declaration is an internal Cisco email which was designated by Cisco in this matter as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. This exhibit contains a detailed discussion of confidential technical information about Cisco's products, as well as confidential business information. As such, there are compelling reasons to seal this exhibit. *See Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (documents containing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them," are properly sealed).

**25.**     Exhibit 27 to the Wong Declaration is an internal Cisco document which was designated by Cisco in this matter as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. This exhibit contains a detailed discussion of confidential technical information about Cisco's products, as well as confidential business information. As such, there are compelling reasons to this exhibit. *See Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (documents containing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them," are properly sealed).

**26.**     Exhibit 29 to the Wong Declaration is an excerpt of the deposition testimony of Devedas Patil, which was designated by Cisco in this matter as "Highly Confidential – Attorneys'

1  Eyes Only" under the Protective Order.  Cisco supports the sealing of 8:13-9:1.  This portion of
2  the exhibit contains the witness's home address and should be sealed to protect the witness's
3  privacy.

4  **27.**    Exhibit 31 to the Wong Declaration is an internal Cisco document which was
5  designated by Cisco in this matter as "Highly Confidential – Attorneys' Eyes Only" under the
6  Protective Order.  This exhibit contains a detailed discussion of confidential technical information
7  about Cisco's products, as well as confidential business information.  As such, there are
8  compelling reasons to seal this exhibit.  *See Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL
9  1301186, at *2 (N.D. Cal. Apr. 4, 2016) (documents containing "information about [a party's]
10 business performance, structure, and finances that could be used to gain unfair business advantage
11 against them," are properly sealed).

12 **28.**    Exhibit 32 to the Wong Declaration is an internal Cisco email which was
13 designated by Cisco in this matter as "Highly Confidential – Attorneys' Eyes Only" under the
14 Protective Order.  This exhibit contains a detailed discussion of confidential technical information
15 about Cisco's products, as well as confidential business information.  As such, there are
16 compelling reasons to seal this exhibit.  *See Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL
17 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (documents containing "information about [a party's]
18 business performance, structure, and finances that could be used to gain unfair business advantage
19 against them," are properly sealed).

20 **29.**    Exhibit 33 to the Wong Declaration is an excerpt of the deposition testimony of
21 Phillip Remaker, which was designated by Cisco in this matter as "Highly Confidential –
22 Attorneys' Eyes Only" under the Protective Order.  Cisco supports the sealing of 8:17-18.  This
23 portion of the exhibit contains the witness's home address and should be sealed to protect the
24 witness's privacy.

25 **30.**    Exhibit 37 to the Wong Declaration is an excerpt of the opening expert report of
26 Kevin Almeroth, which was designated by Cisco in this matter as "Highly Confidential –

27

Attorneys' Eyes Only" under the Protective Order.  Cisco supports the sealing the first two sentences of paragraph 261. of 8:13-9:1.  This portion of the exhibit contains information about Cisco's source code and related third-party source code, which relates to a confidential license.  Therefore, these two sentences should be sealed.  *See Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (documents containing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them," are properly sealed).

31.   Exhibit 45 to the Wong Declaration is an internal Cisco document which was designated by Cisco in this matter as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.  This exhibit contains confidential information about Cisco's competitive strategies and would cause substantial harm to Cisco if disclosed publicly. *See Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1-2.

32.    As such, there are compelling reasons to seal this exhibit.  *See Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (documents containing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them," are properly sealed).

33.   Exhibit 48 to the Wong Declaration is an excerpt of the deposition testimony of Deepak Malik which was designated by Cisco in this matter as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.  Cisco seeks to seal 14:11-13 This portion of the exhibit contains the personal address of the witness which should be sealed to protect the witness's privacy.

34.   Exhibit 51 to the Wong Declaration is an excerpt of the deposition testimony of John Hartingh, which was designated by Cisco in this matter as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.  Cisco supports the sealing of 30:1-33:25 and 178:1-180:9.  These portions of this exhibit contain confidential details regarding Cisco's competitive strategies and competitive intelligence practices.  Cisco would suffer competitive harm were this

information were disclosed publicly. *See Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1-2.

35. Exhibit 52 to the Wong Declaration is an excerpt of the deposition testimony of Drew Pletcher, which was designated by Cisco in this matter as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. Cisco supports the sealing of 99:4-105:25. These portions of this exhibit contain confidential details regarding Cisco's competitive strategies and competitive intelligence practices. Cisco would suffer competitive harm were this information were disclosed publicly. *See Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1-2.

36. Exhibit 53 to the Wong Declaration is an internal Cisco email which was designated by Cisco in this matter as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. This exhibit contains confidential information about Cisco's product architecture and competitive strategies. As such, there are compelling reasons to seal this exhibit. *See Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (documents containing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them," are properly sealed).

37. Exhibit 55 to the Wong Declaration is an internal Cisco email which was designated by Cisco in this matter as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. This exhibit contains confidential information about Cisco's product development and customer interactions. As such, there are compelling reasons to seal this exhibit. *See Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (documents containing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them," are properly sealed).

38. Exhibit 56 to the Wong Declaration is an internal Cisco document which was designated by Cisco in this matter as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. This exhibit contains confidential details regarding Cisco's product

1  development.  As such, there are compelling reasons to seal the specified portions of this exhibit.

2  *See Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016)

3  (documents containing "information about [a party's] business performance, structure, and

4  finances that could be used to gain unfair business advantage against them," are properly sealed).

5      **39.**    Exhibit 57 to the Wong Declaration is an internal Cisco email which was

6  designated by Cisco in this matter as "Highly Confidential – Attorneys' Eyes Only" under the

7  Protective Order.  This of this exhibit contains confidential details regarding Cisco's product

8  development.  As such, there are compelling reasons to seal the specified portions of this exhibit.

9  *See Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016)

10  (documents containing "information about [a party's] business performance, structure, and

11  finances that could be used to gain unfair business advantage against them," are properly sealed).

12      **40.**    Exhibit 59 to the Wong Declaration is an internal Cisco presentation which was

13  designated by Cisco in this matter as "Highly Confidential – Attorneys' Eyes Only" under the

14  Protective Order.  This exhibit contains confidential information about Cisco's market share and

15  competitive strategies.  As such, there are compelling reasons to seal this exhibit.  *See Schwartz v.*

16  *Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (documents

17  containing "information about [a party's] business performance, structure, and finances that could

18  be used to gain unfair business advantage against them," are properly sealed).

19      **41.**    Exhibit 61 to the Wong Declaration is Cisco document which was designated by

20  Cisco in this matter as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.

21  This exhibit contains confidential information about a license.  As such, there are compelling

22  reasons to seal this exhibit.  *See Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at

23  *2 (N.D. Cal. Apr. 4, 2016) (documents containing "information about [a party's] business

24  performance, structure, and finances that could be used to gain unfair business advantage against

25  them," are properly sealed).

**42.** Exhibit 62 to the Wong Declaration is a compilation of deposition excerpts that were designated by Cisco in this matter as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. Cisco supports the sealing of 55:2-56:18 and 359:4-396:25 of the Lougheed excerpt, and 9:21-23 of the Li excerpt. The specified portion of the Lougheed excerpt contains a discussion of source code. As such, there are compelling reasons to seal this portion. *See Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011) (source code is "undoubtedly a trade secret" within the sealing context); *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016). The specified portion of the Li excerpt contains the witness's home address and should be sealed to protect the privacy of the witness.

**43.** Exhibit 63 to the Wong Declaration is a compilation of deposition excerpts that were designated by Cisco in this matter as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. Cisco supports the sealing of 9:21-23 of the Li excerpt and 8:11-19 of the Liu excerpt. These excerpts contain the home address and personal email addresses of the witnesses and should be sealed to protect the privacy of the witnesses.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed in Redwood Shores, California, on July 22, 2016.

                               */s/ Sara E. Jenkins*
                               Sara E. Jenkins