Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Mark Tung (SBN 245782)
marktung@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven Cherny (admitted pro hac vice)
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ARISTA NETWORKS, INC., <br><br> Defendant. | CASE NO. 5:14-cv-5344-BLF (NC) <br><br> **DECLARATION OF SARA E. JENKINS IN SUPPORT OF ARISTA'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CONFIDENTIAL INFORMATION IN ARISTA'S OPPOSITION TO CISCO'S MOTION FOR PROTECTIVE ORDER AND RESPONSE TO REQUEST FROM COURT (DKT. 411).** |

02099-00004/8214823.1

## DECLARATION OF SARA E. JENKINS

I, Sara E. Jenkins, declare as follows:

**1.** I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate with the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Plaintiff Cisco Systems, Inc. ("Cisco"). I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

**2.** I make this declaration in response to this Court's Order (Dkt. 411) regarding sealing motions as follows:

    **1.** **Docket Number 286**: I make this declaration in support of Arista Networks Inc.'s ("Arista") Administrative Motion to Under Seal Confidential Information in connection with Arista's Opposition to Cisco's Motion for Protective Order ("Opposition."). Dkt. 286. I make this declaration in accordance with Civil Local Rule 79-5(e)(1) on behalf of Cisco to confirm that the information contained in the documents referenced in the Sealing Motion should be sealed.

    **2.** **Docket Number 304**: Cisco filed a declaration in support of Arista's Motion to Seal confidential materials filed with Arista's Motion to Strike. This declaration can be found at Docket Number 318.

    **3.** **Docket Number 362**: Cisco does not seek to seal any material associated with Docket Number 362.

**3.** As an Opposition to a Motion for Protective Order, Arista's Opposition is non-dispositive. Dkt. 286. In this context, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamkana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003)). In

DECLARATION OF SARA E. JENKINS IN SUPPORT OF
ARISTA'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL

Case No. 5:14-cv-05344-BLF (NC)

addition, Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" ( *i.e.*, that the document is "sealable").  Civil L.R. 79-5(b).  The sealing request must also "be narrowly tailored to seek sealing only of sealable material."  *Id.*

4.       Pursuant to Civil L.R. 79-5(e), good cause exists to seal the documents identified in the Sealing Motion, also set forth below, because the information sought to be sealed reflects confidential information that "give[s] [Cisco] an opportunity to obtain an advantage over competitors who do not know or use it."  *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Restatement of Torts* § 757, cmt b).:

| Document | Portions Cisco Supports Being Filed Under Seal |
|---|---|
| Arista's Opposition to Cisco's Motion for Protective Order | Highlighted portions of pages 3-7, 9-10. |
| Exhibit 2 to the Declaration of Elizabeth K. McCloskey in Support of Arista's Opposition to Cisco's Motion for Protective Order | Entire |
| Exhibit 3 to the Declaration of Elizabeth K. McCloskey in Support of Arista's Opposition to Cisco's Motion for Protective Order | Entire |
| Exhibit 4 to the Declaration of Elizabeth K. McCloskey in Support of Arista's Opposition to Cisco's Motion for Protective Order | Entire |
| Exhibit 5 to the Declaration of Elizabeth K. McCloskey in Support of Arista's Opposition to Cisco's Motion for Protective Order | Entire |
| Exhibit 6 to the Declaration of Elizabeth K. McCloskey in Support of Arista's Opposition to Cisco's Motion for Protective Order | Entire |
| Exhibit 7 to the Declaration of Elizabeth K. McCloskey in Support of Arista's Opposition to Cisco's Motion for Protective Order | Entire |

2

DECLARATION OF SARA E. JENKINS IN SUPPORT OF
ARISTA'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL

Case No. 5:14-cv-05344-BLF (NC)

| Document | Portions Cisco Supports Being Filed Under Seal |
|---|---|
| Exhibit 8 to the Declaration of Elizabeth K. McCloskey in Support of Arista's Opposition to Cisco's Motion for Protective Order | Entire |
| Exhibit 9 to the Declaration of Elizabeth K. McCloskey in Support of Arista's Opposition to Cisco's Motion for Protective Order | Entire |
| Exhibit 10 to the Declaration of Elizabeth K. McCloskey in Support of Arista's Opposition to Cisco's Motion for Protective Order | Entire |
| Exhibit 11 to the Declaration of Elizabeth K. McCloskey in Support of Arista's Opposition to Cisco's Motion for Protective Order | Entire |
| Exhibit 12 to the Declaration of Elizabeth K. McCloskey in Support of Arista's Opposition to Cisco's Motion for Protective Order | Entire |
| Exhibit 13 to the Declaration of Elizabeth K. McCloskey in Support of Arista's Opposition to Cisco's Motion for Protective Order | Entire |
| Exhibit 14 to the Declaration of Elizabeth K. McCloskey in Support of Arista's Opposition to Cisco's Motion for Protective Order | Entire |
| Exhibit 15 to the Declaration of Elizabeth K. McCloskey in Support of Arista's Opposition to Cisco's Motion for Protective Order | Entire |
| Exhibit 16 to the Declaration of Elizabeth K. McCloskey in Support of Arista's Opposition to Cisco's Motion for Protective Order | Entire |
| Exhibit 17 to the Declaration of Elizabeth K. McCloskey in Support of Arista's Opposition to Cisco's Motion for Protective Order | Entire |
| Exhibit 18 to the Declaration of Elizabeth K. McCloskey in Support of Arista's Opposition to Cisco's Motion for Protective Order | Entire |
| Exhibit 19 to the Declaration of Elizabeth K. McCloskey in Support of Arista's Opposition to Cisco's Motion for Protective Order | Entire |

DECLARATION OF SARA E. JENKINS IN SUPPORT OF
ARISTA'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL

Case No. 5:14-cv-05344-BLF (NC)

| Document | Portions Cisco Supports Being Filed Under Seal |
|---|---|
| Exhibit 20 to the Declaration of Elizabeth K. McCloskey in Support of Arista's Opposition to Cisco's Motion for Protective Order | Entire |
| Exhibit 21 to the Declaration of Elizabeth K. McCloskey in Support of Arista's Opposition to Cisco's Motion for Protective Order | Entire |
| Exhibit 22 to the Declaration of Elizabeth K. McCloskey in Support of Arista's Opposition to Cisco's Motion for Protective Order | Entire |
| Exhibit 23 to the Declaration of Elizabeth K. McCloskey in Support of Arista's Opposition to Cisco's Motion for Protective Order | Entire |
| Exhibit 24 to the Declaration of Elizabeth K. McCloskey in Support of Arista's Opposition to Cisco's Motion for Protective Order | Entire |
| Exhibit 25 to the Declaration of Elizabeth K. McCloskey in Support of Arista's Opposition to Cisco's Motion for Protective Order | Entire |
| Exhibit 26 to the Declaration of Elizabeth K. McCloskey in Support of Arista's Opposition to Cisco's Motion for Protective Order | Entire |
| Exhibit 27 to the Declaration of Elizabeth K. McCloskey in Support of Arista's Opposition to Cisco's Motion for Protective Order | Entire |
| Exhibit 28 to the Declaration of Elizabeth K. McCloskey in Support of Arista's Opposition to Cisco's Motion for Protective Order | Entire |
| Exhibit 30 to the Declaration of Elizabeth K. McCloskey in Support of Arista's Opposition to Cisco's Motion for Protective Order | Entire |
| Exhibit 31 to the Declaration of Elizabeth K. McCloskey in Support of Arista's Opposition to Cisco's Motion for Protective Order | Entire |
| Exhibit 32 to the Declaration of Elizabeth K. McCloskey in Support of Arista's Opposition to Cisco's Motion for Protective Order | Entire |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| Document | Portions Cisco Supports Being Filed Under Seal |
|---|---|
| Exhibit 34 to the Declaration of Elizabeth K. McCloskey in Support of Arista's Opposition to Cisco's Motion for Protective Order | Entire |
| Exhibit 35 to the Declaration of Elizabeth K. McCloskey in Support of Arista's Opposition to Cisco's Motion for Protective Order | 9:22-24 and Exhibit A |

**5.** Exhibit 2 is an internal Cisco presentation produced by Cisco in ITC Investigation Nos. 337-TA-944 and 337-TA-945 and designated as "Confidential Business Information." Under the Stipulated Protective Order governing this litigation, Dkt. 53 at 6 fn. 1, this document is deemed to have been produced in this case as "Highly Confidential – Attorneys' Eyes Only" information. Exhibit 2 comprises Cisco's confidential business information regarding, *inter alia*, Cisco's competitive intelligence and related strategies. Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may compete with Cisco and gather information regarding the same less optimally than Cisco. *Elec. Arts*, 298 F. App'x at 569. Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn of Cisco's strategies for making sales and for gathering information in furtherance of the same, and allowing competitors to in turn adopt and/or counteract Cisco's strategies. This would "harm [Cisco's] competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

**6.** Exhibit 3 is an internal Cisco document produced by Cisco in ITC Investigation Nos. 337-TA-944 and 337-TA-945 and designated as "Confidential Business Information." Under the Stipulated Protective Order governing this litigation, Dkt. 53 at 6 fn. 1, this document is deemed to have been produced in this case as "Highly Confidential – Attorneys' Eyes Only" information. Exhibit 3 comprises Cisco's confidential business information regarding, *inter alia*, Cisco's customers, competitive intelligence and related strategies. Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may compete with Cisco and gather information regarding the same less optimally than Cisco.

*Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn of Cisco's strategies for making sales and for gathering information in furtherance of the same, and allowing competitors to in turn adopt and/or counteract Cisco's strategies.  This would "harm [Cisco's] competitive standing."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

7.    Exhibit 4 is an email thread designated by Cisco as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.  Exhibit 4 comprises Cisco's confidential business information regarding, *inter alia*, Cisco's competitive intelligence and related strategies.  Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may compete with Cisco and gather information regarding the same less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn of Cisco's strategies for making sales and for gathering information in furtherance of the same, and allowing competitors to in turn adopt and/or counteract Cisco's strategies.  This would "harm [Cisco's] competitive standing."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

8.    Exhibit 5 is an email thread designated by Cisco as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.  Exhibit 5 comprises Cisco's confidential business information regarding, *inter alia*, Cisco's competitive intelligence and related strategies.  Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may compete with Cisco and gather information regarding the same less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn of Cisco's strategies for making sales and for gathering information in furtherance of the same, and allowing competitors to in turn adopt and/or counteract Cisco's

1    strategies.  This would "harm [Cisco's] competitive standing."  *Nixon v. Warner Commc'ns, Inc*.,

2    435 U.S. 589, 598 (1978).

3         9.    Exhibit 6 is an internal Cisco presentation produced by Cisco in ITC Investigation

4    Nos. 337-TA-944 and 337-TA-945 and designated as "Confidential Business Information."  Under

5    the Stipulated Protective Order governing this litigation, Dkt. 53 at 6 fn. 1, this document is

6    deemed to have been produced in this case as "Highly Confidential – Attorneys' Eyes Only"

7    information.  Exhibit 6 comprises Cisco's confidential business information regarding, *inter alia*,

8    Cisco's competitive intelligence and related strategies.  Maintaining this information as

9    confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who

10   may compete with Cisco and gather information regarding the same less optimally than Cisco.

11   *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this information to Cisco's competitors

12   would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn of Cisco's

13   strategies for making sales and for gathering information in furtherance of the same, and allowing

14   competitors to in turn adopt and/or counteract Cisco's strategies.  This would "harm [Cisco's]

15   competitive standing."  *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978).

16        10.   Exhibit 7 is an email thread designated by Cisco as "Highly Confidential –

17   Attorneys' Eyes Only" under the Protective Order.  Exhibit 7 comprises Cisco's confidential

18   business information regarding, *inter alia*, Cisco's customers, competitive intelligence and related

19   strategies.  Maintaining this information as confidential provides Cisco with an "opportunity to

20   obtain an advantage over competitors" who may compete with Cisco and gather information

21   regarding the same less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover,

22   disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*,

23   allowing Cisco's competitors to learn of Cisco's strategies for making sales and for gathering

24   information in furtherance of the same, and allowing competitors to in turn adopt and/or

25   counteract Cisco's strategies.  This would "harm [Cisco's] competitive standing."  *Nixon v.*

26   *Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978).

27

28

11.    Exhibit 8 is an internal Cisco document produced by Cisco in ITC Investigation Nos. 337-TA-944 and 337-TA-945 and designated as "Confidential Business Information."  Under the Stipulated Protective Order governing this litigation, Dkt. 53 at 6 fn. 1, this document is deemed to have been produced in this case as "Highly Confidential – Attorneys' Eyes Only" information.  Exhibit 8 comprises Cisco's confidential business information regarding, *inter alia*, Cisco's customers, competitive intelligence and related strategies.  Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may compete with Cisco and gather information regarding the same less optimally than Cisco. *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn of Cisco's strategies for making sales and for gathering information in furtherance of the same, and allowing competitors to in turn adopt and/or counteract Cisco's strategies.  This would "harm [Cisco's] competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

12.    Exhibit 9 is an internal Cisco document produced by Cisco in ITC Investigation Nos. 337-TA-944 and 337-TA-945 and designated as "Confidential Business Information."  Under the Stipulated Protective Order governing this litigation, Dkt. 53 at 6 fn. 1, this document is deemed to have been produced in this case as "Highly Confidential – Attorneys' Eyes Only" information.  Exhibit 9 comprises Cisco's confidential business information regarding, *inter alia*, Cisco's customers, competitive intelligence and related strategies.  Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may compete with Cisco and gather information regarding the same less optimally than Cisco. *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn of Cisco's strategies for making sales and for gathering information in furtherance of the same, and allowing competitors to in turn adopt and/or counteract Cisco's strategies.  This would "harm [Cisco's] competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

8

13.     Exhibit 10 is an internal Cisco document produced by Cisco and designated as "Highly Confidential – Attorneys' Eyes Only."  Exhibit 10 comprises Cisco's confidential business information regarding, *inter alia*, Cisco's customers, competitive intelligence and related strategies.  Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may compete with Cisco and gather information regarding the same less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn of Cisco's strategies for making sales and for gathering information in furtherance of the same, and allowing competitors to in turn adopt and/or counteract Cisco's strategies.  This would "harm [Cisco's] competitive standing."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

14.     Exhibit 11 is an internal Cisco document produced by Cisco in ITC Investigation Nos. 337-TA-944 and 337-TA-945 and designated as "Confidential Business Information."  Under the Stipulated Protective Order governing this litigation, Dkt. 53 at 6 fn. 1, this document is deemed to have been produced in this case as "Highly Confidential – Attorneys' Eyes Only."  Exhibit 11 comprises Cisco's confidential business information regarding, *inter alia*, Cisco's customers, competitive intelligence and related strategies.  Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may compete with Cisco and gather information regarding the same less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn of Cisco's strategies for making sales and for gathering information in furtherance of the same, and allowing competitors to in turn adopt and/or counteract Cisco's strategies.  This would "harm [Cisco's] competitive standing."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

15.     Exhibit 12 is an internal Cisco document produced by Cisco in ITC Investigation Nos. 337-TA-944 and 337-TA-945 and designated as "Confidential Business Information."  Under

02099-00004/8214823.1

1   the Stipulated Protective Order governing this litigation, Dkt. 53 at 6 fn. 1, this document is

2   deemed to have been produced in this case as "Highly Confidential – Attorneys' Eyes Only."

3   Exhibit 12 comprises Cisco's confidential business information regarding, *inter alia*, Cisco's

4   customers, competitive intelligence and related strategies.  Maintaining this information as

5   confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who

6   may compete with Cisco and gather information regarding the same less optimally than Cisco.

7   *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this information to Cisco's competitors

8   would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn of Cisco's

9   strategies for making sales and for gathering information in furtherance of the same, and allowing

10  competitors to in turn adopt and/or counteract Cisco's strategies.  This would "harm [Cisco's]

11  competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

12      **16.**     Exhibit 13 is an email thread produced by Cisco in ITC Investigation Nos. 337-TA-

13  944 and 337-TA-945 and designated as "Confidential Business Information."  Under the

14  Stipulated Protective Order governing this litigation, Dkt. 53 at 6 fn. 1, this document is deemed to

15  have been produced in this case as "Highly Confidential – Attorneys' Eyes Only."  Exhibit 13

16  comprises Cisco's confidential business information regarding, *inter alia*, Cisco's customers and

17  competitive strategies.  Maintaining this information as confidential provides Cisco with an

18  "opportunity to obtain an advantage over competitors" who may compete with Cisco and gather

19  information regarding the same less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.

20  Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by,

21  *inter alia*, allowing Cisco's competitors to learn of Cisco's strategies for making sales and for

22  gathering information in furtherance of the same, and allowing competitors to in turn adopt and/or

23  counteract Cisco's strategies.  This would "harm [Cisco's] competitive standing." *Nixon v.*

24  *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

25      **17.**     Exhibit 14 is an internal Cisco document produced by Cisco in ITC Investigation

26  Nos. 337-TA-944 and 337-TA-945 and designated as "Confidential Business Information."  Under

27

28

10

DECLARATION OF SARA E. JENKINS IN SUPPORT OF
ARISTA'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL

Case No. 5:14-cv-05344-BLF (NC)

1   the Stipulated Protective Order governing this litigation, Dkt. 53 at 6 fn. 1, this document is

2   deemed to have been produced in this case as "Highly Confidential – Attorneys' Eyes Only."

3   Exhibit 14 comprises Cisco's confidential business information regarding, *inter alia*, Cisco's

4   customers, competitive intelligence and related strategies.  Maintaining this information as

5   confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who

6   may compete with Cisco and gather information regarding the same less optimally than Cisco.

7   *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this information to Cisco's competitors

8   would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn of Cisco's

9   strategies for making sales and for gathering information in furtherance of the same, and allowing

10  competitors to in turn adopt and/or counteract Cisco's strategies.  This would "harm [Cisco's]

11  competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

12          **18.**     Exhibit 15 is an email thread designated by Cisco as "Highly Confidential –

13  Attorneys' Eyes Only" under the Protective Order.  Exhibit 15 comprises Cisco's confidential

14  business information regarding, *inter alia*, Cisco's customers, competitive intelligence, and related

15  strategies.  Maintaining this information as confidential provides Cisco with an "opportunity to

16  obtain an advantage over competitors" who may compete with Cisco and gather information

17  regarding the same less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover,

18  disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*,

19  allowing Cisco's competitors to learn of Cisco's strategies for making sales and for gathering

20  information in furtherance of the same, and allowing competitors to in turn adopt and/or

21  counteract Cisco's strategies.  This would "harm [Cisco's] competitive standing." *Nixon v.*

22  *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

23          **19.**     Exhibit 16 is an email thread designated by Cisco as "Highly Confidential –

24  Attorneys' Eyes Only" under the Protective Order.  Exhibit 16 comprises Cisco's confidential

25  business information regarding, *inter alia*, Cisco's customers, competitive intelligence, and related

26  strategies.  Maintaining this information as confidential provides Cisco with an "opportunity to

27

28

1  obtain an advantage over competitors" who may compete with Cisco and gather information

2  regarding the same less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover,

3  disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*,

4  allowing Cisco's competitors to learn of Cisco's strategies for making sales and for gathering

5  information in furtherance of the same, and allowing competitors to in turn adopt and/or

6  counteract Cisco's strategies.  This would "harm [Cisco's] competitive standing."  *Nixon v.*

7  *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)

8      20.    Exhibit 17 is an email thread produced by Cisco in ITC Investigation Nos. 337-TA-

9  944 and 337-TA-945 and designated as "Confidential Business Information."  Under the

10  Stipulated Protective Order governing this litigation, Dkt. 53 at 6 fn. 1, this document is deemed to

11  have been produced in this case as "Highly Confidential – Attorneys' Eyes Only."  Exhibit 17

12  comprises Cisco's confidential business information regarding, *inter alia*, Cisco's customers and

13  competitive strategies.  Maintaining this information as confidential provides Cisco with an

14  "opportunity to obtain an advantage over competitors" who may compete with Cisco and gather

15  information regarding the same less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.

16  Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by,

17  *inter alia*, allowing Cisco's competitors to learn of Cisco's strategies for making sales and for

18  gathering information in furtherance of the same, and allowing competitors to in turn adopt and/or

19  counteract Cisco's strategies.  This would "harm [Cisco's] competitive standing."  *Nixon v.*

20  *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

21      21.    Exhibit 18 is an email thread produced by Cisco in ITC Investigation Nos. 337-TA-

22  944 and 337-TA-945 and designated as "Confidential Business Information."  Under the

23  Stipulated Protective Order governing this litigation, Dkt. 53 at 6 fn. 1, this document is deemed to

24  have been produced in this case as "Highly Confidential – Attorneys' Eyes Only."  Exhibit 18

25  comprises Cisco's confidential business information regarding, *inter alia*, Cisco's customers and

26  competitive strategies.  Maintaining this information as confidential provides Cisco with an

27

28

1    "opportunity to obtain an advantage over competitors" who may compete with Cisco and gather

2    information regarding the same less optimally than Cisco. *Elec. Arts*, 298 F. App'x at 569.

3    Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by,

4    *inter alia*, allowing Cisco's competitors to learn of Cisco's strategies for making sales and for

5    gathering information in furtherance of the same, and allowing competitors to in turn adopt and/or

6    counteract Cisco's strategies. This would "harm [Cisco's] competitive standing." *Nixon v.*

7    *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

8         **22.**     Exhibit 19 is an internal Cisco document produced by Cisco in ITC Investigation

9    Nos. 337-TA-944 and 337-TA-945 and designated as "Confidential Business Information." Under

10   the Stipulated Protective Order governing this litigation, Dkt. 53 at 6 fn. 1, this document is

11   deemed to have been produced in this case as "Highly Confidential – Attorneys' Eyes Only."

12   Exhibit 19 comprises Cisco's confidential business information regarding, *inter alia*, Cisco's

13   customers, competitive intelligence and related strategies. Maintaining this information as

14   confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who

15   may compete with Cisco and gather information regarding the same less optimally than Cisco.

16   *Elec. Arts*, 298 F. App'x at 569. Moreover, disclosing this information to Cisco's competitors

17   would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn of Cisco's

18   strategies for making sales and for gathering information in furtherance of the same, and allowing

19   competitors to in turn adopt and/or counteract Cisco's strategies. This would "harm [Cisco's]

20   competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

21        **23.**     Exhibit 20 is an email thread designated by Cisco as "Highly Confidential –

22   Attorneys' Eyes Only" under the Protective Order. Exhibit 20 comprises Cisco's confidential

23   business information regarding, *inter alia*, Cisco's customers, competitive intelligence, and related

24   strategies. Maintaining this information as confidential provides Cisco with an "opportunity to

25   obtain an advantage over competitors" who may compete with Cisco and gather information

26   regarding the same less optimally than Cisco. *Elec. Arts*, 298 F. App'x at 569. Moreover,

27

28

1  disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*,

2  allowing Cisco's competitors to learn of Cisco's strategies for making sales and for gathering

3  information in furtherance of the same, and allowing competitors to in turn adopt and/or

4  counteract Cisco's strategies.  This would "harm [Cisco's] competitive standing."  *Nixon v.*

5  *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

6      **24.**    Exhibit 21 is an email thread designated by Cisco as "Highly Confidential –

7  Attorneys' Eyes Only" under the Protective Order.  Exhibit 21 comprises Cisco's confidential

8  business information regarding, *inter alia*, Cisco's competitive intelligence and related strategies.

9  Maintaining this information as confidential provides Cisco with an "opportunity to obtain an

10  advantage over competitors" who may compete with Cisco and gather information regarding the

11  same less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this

12  information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's

13  competitors to learn of Cisco's strategies for making sales and for gathering information in

14  furtherance of the same, and allowing competitors to in turn adopt and/or counteract Cisco's

15  strategies.  This would "harm [Cisco's] competitive standing."  *Nixon v. Warner Commc'ns, Inc.*,

16  435 U.S. 589, 598 (1978).

17      **25.**    Exhibit 22 is an email thread designated by Cisco as "Highly Confidential –

18  Attorneys' Eyes Only" under the Protective Order.  Exhibit 22 comprises Cisco's confidential

19  business information regarding, *inter alia*, Cisco's customers, competitive intelligence, and related

20  strategies.  Maintaining this information as confidential provides Cisco with an "opportunity to

21  obtain an advantage over competitors" who may compete with Cisco and gather information

22  regarding the same less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover,

23  disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*,

24  allowing Cisco's competitors to learn of Cisco's strategies for making sales and for gathering

25  information in furtherance of the same, and allowing competitors to in turn adopt and/or

26

27

28

14

1    counteract Cisco's strategies.  This would "harm [Cisco's] competitive standing."  *Nixon v.*

2    *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

3        26.    Exhibit 23 is an email thread designated by Cisco as "Highly Confidential –

4    Attorneys' Eyes Only" under the Protective Order.  Exhibit 23 comprises Cisco's confidential

5    business information regarding, *inter alia*, Cisco's competitive intelligence and related strategies.

6    Maintaining this information as confidential provides Cisco with an "opportunity to obtain an

7    advantage over competitors" who may compete with Cisco and gather information regarding the

8    same less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this

9    information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's

10   competitors to learn of Cisco's strategies for making sales and for gathering information in

11   furtherance of the same, and allowing competitors to in turn adopt and/or counteract Cisco's

12   strategies.  This would "harm [Cisco's] competitive standing."  *Nixon v. Warner Commc'ns, Inc.*,

13   435 U.S. 589, 598 (1978).

14       27.    Exhibit 24 is an email thread designated by Cisco as "Highly Confidential –

15   Attorneys' Eyes Only" under the Protective Order.  Exhibit 24 comprises Cisco's confidential

16   business information regarding, *inter alia*, Cisco's competitive intelligence and related strategies.

17   Maintaining this information as confidential provides Cisco with an "opportunity to obtain an

18   advantage over competitors" who may compete with Cisco and gather information regarding the

19   same less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this

20   information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's

21   competitors to learn of Cisco's strategies for making sales and for gathering information in

22   furtherance of the same, and allowing competitors to in turn adopt and/or counteract Cisco's

23   strategies.  This would "harm [Cisco's] competitive standing."  *Nixon v. Warner Commc'ns, Inc.*,

24   435 U.S. 589, 598 (1978).

25       28.    Exhibit 25 is an email thread designated by Cisco as "Highly Confidential –

26   Attorneys' Eyes Only" under the Protective Order.  Exhibit 25 comprises Cisco's confidential

27

28

DECLARATION OF SARA E. JENKINS IN SUPPORT OF
ARISTA'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL

Case No. 5:14-cv-05344-BLF (NC)

business information regarding, *inter alia*, Cisco's competitive intelligence and related strategies. Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may compete with Cisco and gather information regarding the same less optimally than Cisco. *Elec. Arts*, 298 F. App'x at 569. Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn of Cisco's strategies for making sales and for gathering information in furtherance of the same, and allowing competitors to in turn adopt and/or counteract Cisco's strategies. This would "harm [Cisco's] competitive standing." *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978).

29. Exhibit 26 is an email designated by Cisco as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. Exhibit 26 comprises Cisco's confidential business information regarding, *inter alia*, Cisco's competitive intelligence and related strategies. Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may compete with Cisco and gather information regarding the same less optimally than Cisco. *Elec. Arts*, 298 F. App'x at 569. Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn of Cisco's strategies for making sales and for gathering information in furtherance of the same, and allowing competitors to in turn adopt and/or counteract Cisco's strategies. This would "harm [Cisco's] competitive standing." *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978).

30. Exhibit 27 is an email thread designated by Cisco as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. Exhibit 27 comprises Cisco's confidential business information regarding, *inter alia*, Cisco's competitive intelligence and related strategies. Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may compete with Cisco and gather information regarding the same less optimally than Cisco. *Elec. Arts*, 298 F. App'x at 569. Moreover, disclosing this

1   information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's

2   competitors to learn of Cisco's strategies for making sales and for gathering information in

3   furtherance of the same, and allowing competitors to in turn adopt and/or counteract Cisco's

4   strategies.  This would "harm [Cisco's] competitive standing."  *Nixon v. Warner Commc'ns, Inc.*,

5   435 U.S. 589, 598 (1978).

6       31.     Exhibit 28 is a copy of an excerpt of the deposition transcript of Soni Jiandani,

7   dated April 29, 2016, which has been designated as "Highly Confidential – Attorneys' Eyes Only"

8   information under the Protective Order in this matter.  Exhibit 28 comprises Cisco's confidential

9   business information regarding, *inter alia*, Cisco's competitive intelligence and related strategies.

10  Maintaining this information as confidential provides Cisco with an "opportunity to obtain an

11  advantage over competitors" who may compete with Cisco and gather information regarding the

12  same less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this

13  information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's

14  competitors to learn of Cisco's strategies for making sales and for gathering information in

15  furtherance of the same, and allowing competitors to in turn adopt and/or counteract Cisco's

16  strategies.  This would "harm [Cisco's] competitive standing."  *Nixon v. Warner Commc'ns, Inc.*,

17  435 U.S. 589, 598 (1978).

18      32.     Exhibit 30 is an email thread designated by Cisco as "Highly Confidential –

19  Attorneys' Eyes Only" under the Protective Order.  Exhibit 30 comprises Cisco's confidential

20  business information regarding, *inter alia*, Cisco's customers, competitive intelligence, and related

21  strategies.  Maintaining this information as confidential provides Cisco with an "opportunity to

22  obtain an advantage over competitors" who may compete with Cisco and gather information

23  regarding the same less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover,

24  disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*,

25  allowing Cisco's competitors to learn of Cisco's strategies for making sales and for gathering

26  information in furtherance of the same, and allowing competitors to in turn adopt and/or

27

28

17

DECLARATION OF SARA E. JENKINS IN SUPPORT OF
ARISTA'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL

Case No. 5:14-cv-05344-BLF (NC)

1  counteract Cisco's strategies.  This would "harm [Cisco's] competitive standing."  *Nixon v.*

2  *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

3      **33.**      Exhibit 31 is a copy of an excerpt of the deposition transcript of Drew Pletcher,

4  dated May 26, 2016, which has been designated as "Highly Confidential – Attorneys' Eyes Only"

5  information under the Protective Order in this matter.  Exhibit 31 comprises Cisco's confidential

6  business information regarding, *inter alia*, Cisco's competitive intelligence and related strategies.

7  Maintaining this information as confidential provides Cisco with an "opportunity to obtain an

8  advantage over competitors" who may compete with Cisco and gather information regarding the

9  same less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this

10  information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's

11  competitors to learn of Cisco's strategies for making sales and for gathering information in

12  furtherance of the same, and allowing competitors to in turn adopt and/or counteract Cisco's

13  strategies.  This would "harm [Cisco's] competitive standing."  *Nixon v. Warner Commc'ns, Inc.*,

14  435 U.S. 589, 598 (1978).

15      **34.**      Exhibit 32 is a copy of an excerpt of the deposition transcript of Doug Gourlay,

16  dated May 20, 2016, which has been designated as "Highly Confidential – Attorneys' Eyes Only"

17  information" under the Protective Order in this matter.  Exhibit 31 comprises Cisco's confidential

18  business information regarding, *inter alia*, Cisco's competitive intelligence and related strategies.

19  Maintaining this information as confidential provides Cisco with an "opportunity to obtain an

20  advantage over competitors" who may compete with Cisco and gather information regarding the

21  same less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this

22  information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's

23  competitors to learn of Cisco's strategies for making sales and for gathering information in

24  furtherance of the same, and allowing competitors to in turn adopt and/or counteract Cisco's

25  strategies.  This would "harm [Cisco's] competitive standing."  *Nixon v. Warner Commc'ns, Inc.*,

26  435 U.S. 589, 598 (1978).

27

28

35.     Exhibit 34 is an email thread designated by Cisco as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.  Exhibit 34 comprises Cisco's confidential business information regarding, *inter alia*, Cisco's customers, competitive intelligence, and related strategies.  Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may compete with Cisco and gather information regarding the same less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn of Cisco's strategies for making sales and for gathering information in furtherance of the same, and allowing competitors to in turn adopt and/or counteract Cisco's strategies.  This would "harm [Cisco's] competitive standing."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

36.     Exhibit 35 is a copy of Cisco's Supplemental Objections and Responses to Defendant Arista Network's Interrogatory No. 15, served on June 7, 2016.  The specified portions of exhibit 35 were designated by Cisco as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.  The specified portions of Exhibit 35 comprise Cisco's confidential customer information.  Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may compete with Cisco and use this information to attempt to target Cisco's customers.  Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn of Cisco's strategies for making sales and for gathering information in furtherance of the same, and allowing competitors to in turn adopt and/or counteract Cisco's strategies.  This would "harm [Cisco's] competitive standing."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

37.     The highlighted portions of Arista's Opposition quote and discuss Cisco's confidential information from Exhibits detailed above  regarding Cisco's customers and competitive strategies.  Thus, these portions of Arista's Opposition similarly comprise Cisco's confidential business information, the confidentiality of which provides Cisco an "opportunity to

obtain an advantage over competitors," and which would harm Cisco's business if disclosed to Cisco's competitors. *Elec. Arts*, 298 F. App'x at 569

       I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed in Redwood Shores, California, on August 4, 2016.

*/s/ Sara E. Jenkins*
Sara E. Jenkins

DECLARATION OF SARA E. JENKINS IN SUPPORT OF
ARISTA'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL

Case No. 5:14-cv-05344-BLF (NC)