| | |
|---|---|
| KEKER & VAN NEST LLP<br>ROBERT A. VAN NEST - #84065<br>BRIAN L. FERRALL - #160847<br>DAVID SILBERT - #173128<br>MICHAEL S. KWUN - #198945<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:     (415) 391-5400<br>Email:  rvannest@kvn.com;<br>bferrall@kvn.com; dsilbert@kvn.com;<br>mkwun@kvn.com | SUSAN CREIGHTON, SBN 135528<br>SCOTT A. SHER, SBN 190053<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>1700 K Street NW, Fifth Floor<br>Washington, D.C., 20006-3817<br>Telephone:  (202) 973-8800<br>Email:  screighton@wsgr.com;<br>ssher@wsgr.com |

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ARISTA NETWORKS, INC.,<br><br>　　　　　　Defendant. | Case No. 5:14-cv-05344-BLF (NC)<br><br>**DECLARATION OF RYAN K. WONG IN SUPPORT OF DEFENDANT ARISTA NETWORKS, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL IN CONNECTION WITH ARISTA'S MOTION TO STRIKE EXPERT OPINIONS AND TESTIMONY OF DR. KEVIN C. ALMEROTH**<br><br>Judge:         Hon. Beth Labson Freeman<br><br>Date Filed:   December 5, 2014<br><br>Trial Date:   November 21, 2016 |

DECLARATION OF RYAN WONG IN SUPPORT OF DEFENDANT ARISTA NETWORKS, INC.'S
ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL
Case No. 5:14-cv-05344-BLF (NC)

1082630

I, RYAN K. WONG, declare and state as follows:

1. I am an attorney licensed to practice law in the State of California and admitted to practice before this Court. I am an associate at the law firm of Keker & Van Nest LLP and counsel for Defendant Arista Networks, Inc. ("Arista") in the above-captioned action. I have personal knowledge of the facts stated herein and, if called as a witness, I could testify competently thereto.

2. I submit this declaration in support of Arista's Administrative Motion to File Under Seal Confidential Information and Documents Submitted with Arista's Motion to Strike Expert Opinions and Testimony of Dr. Kevin C. Almeroth.

3. Arista's Motion to Strike Expert Opinions and Testimony of Dr. Kevin C. Almeroth is a non-dispositive motion. In this context, I understand that materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamkana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003)). In addition, Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, that the document is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id*.

4. Arista seeks to seal the following material attached to the Declaration of Ryan K. Wong in Support of Arista's Motion to Strike Expert Opinions and Testimony of Dr. Kevin C. Almeroth ("Wong *Daubert* Declaration"):

| Document | Portions of Document to be Sealed |
|---|---|
| Arista's Motion to Strike Expert Opinions and Testimony of Dr. Kevin C. Almeroth | Highlighted portions |
| Exhibit 1 to the Declaration of Ryan Wong in Support of Arista's Motion to Strike Expert Opinions and Testimony of Dr. Kevin | Entire |

1
DECLARATION OF RYAN WONG IN SUPPORT OF DEFENDANT ARISTA NETWORKS, INC.'S
ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL
Case No. 5:14-cv-05344-BLF (NC)

1082630

| Document | Portions of Document to be Sealed |
|---|---|
| C. Almeroth ("Wong *Daubert* Declaration") (Excerpts from the "Opening Expert Report of Kevin Almeroth Regarding Copying" dated June 3, 2016) | |
| Exhibit 2 to the Wong *Daubert* Declaration (Excerpts from the "Rebuttal Expert Report of Kevin Almeroth" dated June 17, 2016) | Entire |
| Exhibit 3 to the Wong *Daubert* Declaration (Excerpts from the deposition transcript of Dr. Almeroth) | Entire |
| Exhibit 4 to the Wong *Daubert* Declaration (Excerpt's from Cisco's Responses to Arista's Interrogatory No. 2) | Highlighted portions (Page 16, lines 4–24) |

5.  Arista does not seek to file under seal the highlighted portions of Arista's Motion to Strike Expert Opinions and Testimony of Dr. Kevin C. Almeroth under seal. Arista is only submitting those portions of Arista's Motion to Strike under seal because they discuss or quote from Dr. Kevin Almeroth's deposition testimony, Opening Expert Report, and Rebuttal Expert Report, all three of which have been designated by Cisco as "Highly Confidential – Attorney's Eyes Only" under the Protective Order. To the extent Cisco seeks to keep any of the highlighted material in Arista's Motion under seal, I understand that it may file a declaration to do so under Civil Local Rule 79-5(e)(1).

6.  Good cause exists to file the following paragraphs and footnotes of Exhibit 2 to the Wong *Daubert* Declaration under seal: ¶¶ 73, 74, 78, 79, 112, 118, 138–142, 145, 147, 148, 152, 153, 157, 195, 203, 219 (and associated images on pages 107 through 115), 220, 239–242, 246, 250–52, 257, and footnotes 99, 102. These portions of this exhibit discuss and contain excerpts and quotes from highly confidential Arista witness deposition transcripts, as well as internal and highly confidential Arista emails, discussing the internal workings of Arista software and source code, and Arista's sensitive marketing and sales strategies including competitive and customer research, product testing and feature development, and overall product development strategies

2
DECLARATION OF RYAN WONG IN SUPPORT OF DEFENDANT ARISTA NETWORKS, INC.'S
ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL
Case No. 5:14-cv-05344-BLF (NC)

1082630

1  (including the reasons why certain product-related decisions were made), all of which is sensitive
2  and highly confidential business information that would cause harm to Arista if disclosed
3  publicly.  *See Apple v. Samsung*, 727 F.3d 1214, 1221–22 (Fed. Cir. 2013) (sealing is appropriate
4  even under the compelling standards threshold if the release of the information will cause
5  competitive harm to a business); *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011)
6  ("The publication of materials that could result in infringement upon trade secrets has long been
7  considered a factor that would overcome this strong presumption."); *see also Nixon v. Warner*
8  *Commc'n, Inc.*, 435 U.S. 589, 598 (1978) ("common-law right of inspection has bowed before the
9  power of a court to insure that its records" are not used as "sources of business information that
10  might harm a litigant's competitive standing"); *Ovonic Battery Co. v. Sanyo Elec. Co.*, Case
11  No. 14-cv-01637, 2014 WL 2758756, at *2-3 (N.D. Cal. June 17, 2014) (where public disclosure
12  of business information could harm a litigant's competitive standing by placing it "in a
13  diminished bargaining position in future negotiations with potential customers and competitors,"
14  the records should be sealed).

15      7.      Good cause exists to file the following paragraphs and footnotes of Exhibit 3 to the
16  Wong *Daubert* Declaration under seal:  104, 134, 137, 138, 142 (Sadana transcript excerpt and
17  description), 143, 144–47, 149, 154, and footnotes 106, 112.  These portions of this exhibit
18  discuss and contain excerpts and quotes from highly confidential Arista witness deposition
19  transcripts, as well as internal and highly confidential Arista emails, discussing the internal
20  workings of Arista software and source code, and Arista's sensitive marketing and sales strategies
21  including competitive and customer research (including a highly confidential device usability
22  study at Paragraphs 144 and 145), product testing and feature development, and overall product
23  development strategies (including the reasons why certain product-related decisions were made,
24  and future product plans), all of which is sensitive and highly confidential business information
25  that would cause harm to Arista if disclosed publicly.  The material at Paragraph 137 also
26  includes references to a confidential ITC order, the details of which are not public.  *See Apple v.*
27  *Samsung*, 727 F.3d 1214, 1221–22 (Fed. Cir. 2013) (sealing is appropriate even under the
28  compelling standards threshold if the release of the information will cause competitive harm to a

3

DECLARATION OF RYAN WONG IN SUPPORT OF DEFENDANT ARISTA NETWORKS, INC.'S
ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL
Case No. 5:14-cv-05344-BLF (NC)

1082630

business); *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) ("The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome this strong presumption."); *see also Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 598 (1978) ("common-law right of inspection has bowed before the power of a court to insure that its records" are not used as "sources of business information that might harm a litigant's competitive standing"); *Ovonic Battery Co. v. Sanyo Elec. Co.*, Case No. 14-cv-01637, 2014 WL 2758756, at *2-3 (N.D. Cal. June 17, 2014) (where public disclosure of business information could harm a litigant's competitive standing by placing it "in a diminished bargaining position in future negotiations with potential customers and competitors," the records should be sealed).

8. In Exhibit 3 to the Wong *Daubert* Declaration, which are excerpts from the deposition of Dr. Kevin Almeroth, Arista only seeks to seal three lines of testimony that appear on Page 145, lines 22 to 24 of deposition transcript. Good cause exists to seal that narrowly tailored portion of this exhibit because it discusses internal and highly confidential Arista sales and marketing documents relating to materials that Arista provides its prospective customers, and also identifies a prospective customer of Arista. There is good cause to seal such materials relating to competitive sales strategies. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Restatement of Torts* § 757, cmt b) (good cause exists to seal confidential, internal materials that confer a competitive advantage upon a party); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (information that, if disclosed, would harm a party's competitive standing should be sealed). Arista does not seek to seal the remainder of Exhibit 3, the entirety of which has been designated "Highly Confidential – Attorney's Eyes Only" by Cisco. To the extent Cisco seeks to keep any of the remaining material under seal, I understand that it may file a declaration to do so under Civil Local Rule 79-5(e)(1).

9. Arista does not seek to file under seal the highlighted portions of Exhibit 4 to the Wong *Daubert* Declaration (Page 16, lines 4 to 24). Arista is only submitting that portion of Exhibit 4 to the Wong *Daubert* Declaration under seal because Cisco designated it "Highly Confidential – Attorney's Eyes Only" under the Protective Order. To the extent Cisco seeks to

4
DECLARATION OF RYAN WONG IN SUPPORT OF DEFENDANT ARISTA NETWORKS, INC.'S
ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL
Case No. 5:14-cv-05344-BLF (NC)

1082630

1  keep any of the remaining material under seal, I understand that it may file a declaration to do so
2  under Civil Local Rule 79-5(e)(1).
3      Executed August 5, 2016, at San Francisco, California.
4      I declare under penalty of perjury under the laws of the United States of America that the
5  foregoing is true and correct.

                                          RYAN WONG

5

DECLARATION OF RYAN WONG IN SUPPORT OF DEFENDANT ARISTA NETWORKS, INC.'S
ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL
Case No. 5:14-cv-05344-BLF (NC)

1082630