KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
BRIAN L. FERRALL - #160847
DAVID SILBERT - #173128
MICHAEL S. KWUN - #198945
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    (415) 391-5400
Email:  rvannest@kvn.com;
bferrall@kvn.com; dsilbert@kvn.com;
mkwun@kvn.com

SUSAN CREIGHTON, SBN 135528
SCOTT A. SHER, SBN 190053
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C., 20006-3817
Telephone:  (202) 973-8800
Email:  screighton@wsgr.com;
ssher@wsgr.com

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ARISTA NETWORKS, INC.,<br><br>Defendant. | Case No. 5:14-cv-05344-BLF (NC)<br><br>**ARISTA'S NOTICE OF MOTION AND MOTION TO STRIKE EXPERT OPINIONS AND TESTIMONY OF DR. KEVIN C. ALMEROTH**<br><br>Date:          September 9, 2016<br>Time:          9:00 a.m.<br>Dept:          Courtroom 3 - 5th Floor<br>Judge:         Hon. Beth Labson Freeman<br><br>Date Filed:  December 5, 2014<br><br>Trial Date:  November 21, 2016 |

1080356

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND STATEMENT OF RELIEF SOUGHT ...........................................1

I.      INTRODUCTION ...................................................................................................1

II.     DR. ALMEROTH'S IMPROPER EXPERT OPINIONS ....................................2

III.    LEGAL STANDARD..............................................................................................3

IV.    ARGUMENT ..........................................................................................................4

      A.     The Court should exclude Dr. Almeroth's opinion that ███████████ ██████████████ because it is not the product of any reliable (or even disclosed) method applied reliably to the facts of the case....................................4

            1.    Dr. Almeroth's opinion that ████████████████ ██ is not based on any reliable analysis of ████, and should be excluded. ...................................................4

            2.    Dr. Almeroth's opinion that █████████████████ is similarly unreliable and should be excluded...............................................10

      B.     The Court should exclude Dr. Almeroth's opinion that ████████ ████████████████ under Rules 702 because he fails to apply the proper legal standard or any scientific method to the available facts. .............11

      C.     The Court should exclude Dr. Almeroth's opinions that speculate about the state of mind of fact witnesses, or merely summarize evidence and provide attorney argument without any technical analysis. .................................................16

      D.     The Court should exclude Dr. Almeroth's opinions that improperly vouch for the credibility of statements made by witnesses at deposition or in documents. ..........................................................................................................19

      E.     The Court should exclude Dr. Almeroth's opinion that ████████ ████████████████ under Rule 702(a) because it is not based on any expertise beyond the reach of lay jurors. .........................................................22

V.      CONCLUSION......................................................................................................23

1080356

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Apple v. Microsoft*
  35 F.3d 1435 (9th Cir. 1994) ................................................................ 15

*Claar v. Burlington N.R.R.*
  29 F.3d 499 (9th Cir. 1994) ................................................... 10, 11, 21

*Cree v. Flores*
  157 F.3d 762 (9th Cir. 1998) ................................................................ 19

*Daubert v. Merrell Dow Pharms, Inc.*
  509 U.S. 579 (1993) ........................................................................... 3, 22

*Domingo ex rel. Domingo v. T.K.*
  289 F.3d 600 (9th Cir. 2002) ............................................................. 3, 9

*Estate of Barabin v. AstenJohnson, Inc.*
  740 F. 3d 457 (9th Cir. 2014) ................................................................. 9

*Finjan, Inc. v. Blue Coat Systems, Inc.*
  Case No. 13-cv-03999-BLF, 2015 WL 4272870 (N.D. Cal. July 14, 2015)
  (Freeman, J.) .............................................................................. *passim*

*Fleming v. Escort*
  Case No. CV 09-105-BLW, 2012 WL 12539337 (D. Idaho May 23, 2012)............................ 8

*FURminator, Inc. v. Kim Laube & Co, Inc.*
  758 F. Supp. 2d 797 (E.D. Miss. 2010) .............................................. 11

*General Electric Co. v. Joiner*
  522 U.S. 136 (1997) ........................................................................... 3, 19

*GNPE Corp. v. Apple, Inc.*
  Case No. 12-CV-02885-LHK, D.I. 242, at 7-8 (N.D. Cal. Apr. 16, 2014) (Koh, J.) ............... 8

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices,*
  *& Prods. Liab. Litig.*
  978 F. Supp. 2d 1053 (C.D. Cal. 2013) ............................................. 16

*Jinro America Inc. v. Secure Investments, Inc.*
  266 F.3d 993 (9th Cir. 2001) ................................................................ 19

*Kumho Tire Co. v. Carmichael*
  526 U.S. 137 (1999)............................................................................... 3

*Lindsey v. United States*
  237 F.2d 893 (9th Cir. 1956) ............................................................... 20

*Lust v. Merrell Dow Pharms., Inc.*
  89 F.3d 594 (9th Cir. 1996) ................................................................... 4

ii
NOTICE OF MOTION AND MOTION TO STRIKE EXPERT OPINIONS AND TESTIMONY OF
DR. KEVIN C. ALMEROTH
Case No. 5:14-cv-05344-BLF (NC)

1080356

*Ollier v. Sweetwater Union High School Dist.*
    768 F.3d 843 (9th Cir. 2014) ............................................................. 3, 9

*Oracle America, Inc. v. Google Inc.*
    No. 10-03561, D.I. 1803 (N.D. Cal. May 3, 2016) (Alsup, J.) ............................... 16

*Schudel v. Gen. Elec. Co.*
    120 F.3d 991 (9th Cir. 1997) ................................................................. 9

*Stilwell v. Smith & Nephew, Inc.*
    482 F.3d 1187 (9th Cir. 2007) ............................................................... 8

*Sundance, Inc. v. DeMonte Fabricating Ltd.*
    550 F. 3d 1356 (Fed. Cir. 2008) ............................................................. 3

*United States v. Awkard*
    597 F.2d 667 (9th Cir. 1979) ............................................................... 20

*United States v. Barnard*
    490 F.2d 907 (9th Cir. 1973) ............................................................... 20

*United States v. Binder*
    769 F.2d 595 (9th Cir. 1985) ............................................................... 20

*United States v. Frazier*
    387 F.3d 1244 (11th Cir. 2004) .......................................................... 16, 18

*United States v. Freeman*
    498 F.3d 893 (9th Cir. 2007) ............................................................ 16, 19

*Weisgram v. Marley Co.*
    528 U.S. 440 (2000) ......................................................................... 9

*XpertUniverse, Inc. v. Cisco Systems, Inc.*
    2013 WL 1702159 (D. Del. Feb. 25, 2013) .................................................. 8

**Federal Statutes**

17 U.S.C. § 102 ................................................................................. 8

**Federal Rules**

Fed. R. Evid. 402 ........................................................................... 1, 23

Fed. R. Evid. 403 ....................................................................... 2, 16, 24

Fed. R. Evid. 602 ......................................................................... 19, 20

FED. R. EVID. 702 ...................................................................... *passim*

NOTICE OF MOTION AND MOTION TO STRIKE EXPERT OPINIONS AND TESTIMONY OF
DR. KEVIN C. ALMEROTH
Case No. 5:14-cv-05344-BLF (NC)

1080356

## NOTICE OF MOTION AND STATEMENT OF RELIEF SOUGHT

PLEASE TAKE NOTICE that on September 9, 2016, at 9:00 a.m., or at such other time as the Court may direct, before the Honorable Beth Labson Freeman, at the United States District Court located at 280 South First Street, San Jose, California 95113, Defendant Arista Networks, Inc. ("Arista") will, and hereby does, move the Court pursuant to Federal Rules of Evidence 402, 403 and 702, as well as case law interpreting those rules, for an order excluding certain opinions in the Opening Expert Report and Rebuttal Expert Report of Dr. Kevin C. Almeroth submitted by Plaintiff Cisco Systems, Inc. ("Cisco"), and testimony regarding such opinions.

This Motion to exclude certain opinions and testimony of Dr. Almeroth is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities below, the Declaration of Ryan Wong ("Wong Decl.") being filed herewith, and such other and further papers, evidence and argument as may be submitted to the Court in connection with the hearing on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Cisco's proffered expert on "copying," Dr. Kevin C. Almeroth, offers several opinions in his Opening and Rebuttal Expert Reports that violate Rule 702 and should be excluded from trial.

*First*, Dr. Almeroth should not be allowed to suggest to jurors that ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓ because he discloses ***no*** methodology for reaching that conclusion, identifies ***no*** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ on which he bases that opinion, readily admits that ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and does not ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. The Court should not allow highly inflammatory and prejudicial accusations of ▓▓▓▓▓▓▓▓▓ from an expert who has not even approached the standards required to make that accusation.

*Second*, Dr. Almeroth's vague assertion that Arista ▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓ should be excluded under Rule 702, and on relevance and prejudice grounds. Nowhere in Dr. Almeroth's reports does he disclose ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓ or where those features are expressed in Cisco's copyright registered works (if they are expressed in them at all). By discussing ▓▓▓▓▓▓▓▓▓ without

1

any definition, Dr. Almeroth does not even purport to follow the legal requirements for

comparing the ████████ of two works and assessing similarities of protected and

unprotected elements.  Instead, his nebulous ████████ allegations are a way to bypass the

rigorous comparison that copyright law requires and replace it with Cisco's expert's *ipse dixit*

based on undefined elements or features, many of which are neither accused in this case nor

protectable under copyright law.  Dr. Almeroth's opinion that ████████████████

████ would prejudice Arista and confuse, rather than help, the jury.  It should be excluded.

*Third*, Dr. Almeroth offers several "opinions" that are not expert testimony at all, but

rather an early closing argument, imputing subjective motives to Arista and parroting snippets

from emails, documents, and depositions without applying any expertise as a computer scientist.

As numerous courts have held, such "vouching" by experts is inappropriate.  It is the province of

the jury—not Dr. Almeroth—to determine whether a witness is credible and what lay conclusions

to draw from a document.  And it is the province of lawyers to argue what inferences should be

drawn from non-technical evidence that the jury can understand.  The Court should not allow Dr.

Almeroth to usurp these functions by speculating about what witnesses knew or intended, telling

the jury that—in his "expert" opinion—certain statements are credible while others are not, or

rehashing record evidence that requires no expert assistance for the jury to understand.

*Finally*, Dr. Almeroth should not be permitted to provide "expert" testimony on ████

████████████████████████.  Both parties' user manuals are

written in English, and Dr. Almeroth's ████████████████████ require no

scientific, technical, or other specialized knowledge.  A juror is more than capable of seeing

English text on a page and making a comparison between two sentences to determine whether

impermissible copying occurred under the law as instructed by the Court.  Dr. Almeroth's

opinions ████████████ require no expertise beyond literacy, and should be excluded

under Rule 702.

## II.     DR. ALMEROTH'S IMPROPER EXPERT OPINIONS

Dr. Almeroth submitted two expert reports in this lawsuit on behalf of Cisco:  An

"Opening Expert Report of Kevin Almeroth Regarding Copying" on June 3, 2016 ("Opening

2

Report"), which is directed at Cisco's copyright infringement assertions, and a "Rebuttal Report of Kevin Almeroth" on June 17, 2016 ("Rebuttal Report"), which responds to expert opinions submitted on behalf of Arista.[1]  The specific opinions challenged in this motion are identified and discussed in detail in Section IV below.

## III.   LEGAL STANDARD

Trial judges serve as gatekeepers for both the relevance and reliability of expert testimony.  *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F. 3d 1356, 1360 (Fed. Cir. 2008); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999).  Federal Rule of Evidence 702 permits expert testimony to be admitted only if it is: (1) based on scientific, technical, or other specialized knowledge that will help the trier of fact to understand the evidence or determine a fact in issue; (2) based upon sufficient facts or data; (3) the product of reliable principles and methods; and (4) delivered by a qualified witness who has applied the principles and methods reliably to the facts of the case.  *See* FED. R. EVID. 702.  Applying Rule 702, courts must consider "whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute."  *Daubert v. Merrell Dow Pharms, Inc.*, 509 U.S. 579, 591 (1993).

"[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert."  *Domingo ex rel. Domingo v. T.K.*, 289 F.3d 600, 607 (9th Cir. 2002) (citing and quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)).  Therefore, trial courts should "exclude evidence when it finds that 'there is simply too great an analytical gap between the data and the opinion proffered.'"  *Id.* (affirming the trial court's exclusion of expert testimony where "there was nothing but [the expert's] *ipse dixit* linking" the data and his opinion); *see also Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843, 860 (9th Cir. 2014) (affirming the trial

---

[1] Copies of Dr. Almeroth's Opening Report and Rebuttal Report are attached to the Declaration of Ryan K. Wong in Support of Arista's Motion to Strike Expert Opinions and Testimony of Dr. Kevin C. Almeroth ("Wong Declaration").  Dr. Almeroth's Opening Report is attached as Wong Declaration Exhibit 1 ("Opening Rpt."), and his Rebuttal Report is attached as Wong Declaration Exhibit 2 ("Rebuttal Rpt.").

1080356

1    court's exclusion of expert testimony where "the experts' methodology was 'not at all clear' and

2    the trial court "could not 'discern what, if any, method [the expert] employed in arriving at his

3    opinions.'").

4        As the proponent of Dr. Almeroth's testimony, Cisco has the burden of proving its

5    admissibility.  *Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).

6    **IV.    ARGUMENT**

7        **A.    The Court should exclude Dr. Almeroth's opinion that** ▮▮▮▮▮▮▮▮▮▮▮▮
         ▮▮▮▮▮▮▮▮▮ **because it is not the product of any reliable (or even disclosed)**

8        **method applied reliably to the facts of the case.**

9            **1.    Dr. Almeroth's opinion that** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ **is**
                 **not based on any reliable analysis of the underlying source code, and**

10               **should be excluded.**

11       Dr. Almeroth's opinion that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ should be excluded

12   because it is neither the product of "reliable principles and methods," nor is based on "sufficient

13   facts or data" to be admissible.  *See* FED. R. EVID. 702; *see also Finjan, Inc. v. Blue Coat Systems,*

14   *Inc.*, Case No. 13-cv-03999-BLF, 2015 WL 4272870, at *4 (N.D. Cal. July 14, 2015) (Freeman,

15   J.) (excluding expert testimony where the expert's report "discloses no methodology other than to

16   assert that he 'personally performed these tests' on the Accused Products[.]").

17       In Section IV.C of Dr. Almeroth's Opening Report, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

18   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

19   ▮▮▮▮▮.  *See* Opening Rpt. ¶¶ 81–87.  In particular, Dr. Almeroth opines that four

20   characteristics of Arista's parser are, in his opinion, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

21   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Based on this flimsy

22   foundation, he concludes that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

23   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

24       Nowhere in his report does Dr. Almeroth explain what he means by ▮▮▮▮▮▮▮ or

25   how he came to distinguish between ▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Opening

26   Rpt. at ¶¶ 81–87.  He provides no data whatsoever to support his conclusion, nor does he disclose

27   any method for evaluating the ▮▮▮▮▮▮▮▮▮▮, and so there is no means even to

28   evaluate whether that method is a reliable one, or whether he faithfully followed that method to

4

1  reach his conclusions.  Nor does he contend, much less explain the basis for concluding, that

2  Arista ██████████████████████████████████████████████████████

3  █████████ █████████ .  *See id*.  In fact, he does not ████████████████████████████

4  ████████████████████████ in his report suggesting that █████████████████

5  ██████████████████████████████ .  *Id.*[2]

6  Nevertheless, Dr. Almeroth testified at his deposition that this particular section of this Opening

7  Report is the foundation of his ████████████████ opinion.  Almeroth Dep. Tr. 277:14–278:10.[3]

8  Specifically, Dr. Almeroth testified as follows:

9  ████████████████████████████████████████████

10 ████████████████████████████████████████████

11 ███ █ ███

12 ████████████████████████████████████████████

13 ██████████████

14 ████████████████████████████████████████████

15 ████████████████████████████████████████████

16 ████████████████████████████████████████████

17 ████████████████████████████████████████████

18 ████████████████████████████████████████████

19 ████████████████████████████████████████████

20 ██ █ ███████████████████████████████ .

21 *Id.* at 276:25–278:10.

22      Critically, when pressed by Arista's counsel to explain the basis for his opinion that

23 ██████████████████████████████ , Dr. Almeroth could point only to his

24 [2] Dr. Almeroth provides a separate opinion in a different section of his report specifically directed

25 to ████████████████████████ and cites to ███████████████████████ .
   *See* Opening Rpt. ¶¶ 225–30 and Exhibit Copying-6.  That separate opinion regarding

26 ████████████ does not target █████████████████████████████ as discussed in
   Paragraphs 81 to 87 of his Opening Report, but is equally unreliable and must be excluded for the
   reasons stated elsewhere in this motion.

27 [3] The cited excerpts from Dr. Almeroth's deposition transcript are provided in Exhibit 3 to the

28 Wong Declaration.

NOTICE OF MOTION AND MOTION TO STRIKE EXPERT OPINIONS AND TESTIMONY OF
DR. KEVIN C. ALMEROTH
Case No. 5:14-cv-05344-BLF (NC)

1  ███████████ with no supporting data of any kind:

2  ████████████████████
3  ████████████████████
4  ████████████████████
5  ███████████
6  ████████████████████
7  ████████████████████
8  ████████████████████
9  ████████████████████
10 ████████████████████
11 ████████████████████
12 ████████████
13 ███
14 ████████████████████
15 ███████████████
16 ███
17 ████████████████████
18 ███████████.

19  *Id.* at 279:9–280:11 (objections omitted).  Dr. Almeroth then confirmed that he ████████

20  ████████████████████████████████████████████████

21  ████████████, and continued to dodge questions about ████████████

22  ████████████.  *Id.* at 280:13–281:12; Opening Rpt. ¶¶ 81–87.[4]

23  When pressed whether he had ***any*** evidence whatsoever that ████████████

24

25  ───────────────
   [4] Dr. Almeroth testified that the remaining paragraphs in this section of his Opening Report (84
26  through 86) also supported his opinion that ████████████████, despite the fact
   that those paragraphs do not include any assertion of ████████████
27  ████████████.  *See* Almeroth Dep.
   Tr. 284:5–287:3 (discussing paragraphs 84, 85, and 86 of his Opening Report); see also Opening
28  Rpt. ¶ 224 (referring to Paragraphs 81 through 87 of his Opening Report as ████████████).

1080356

1 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3 ▮▮▮▮, Dr. Almeroth could not identify a single piece of evidence.  Almeroth Dep. Tr. 281:14–

4 283:17; 289:11–20; 291:15–292:19.  Dr. Almeroth even admitted that ▮▮▮▮▮▮▮▮▮▮▮

5 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  *Id.* at 289:6–10; *see also*

6 Opening Rpt. ¶ 224 (confirming that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

7 ▮▮▮▮▮).

8         Notwithstanding his admitted lack of evidence, Dr. Almeroth maintained his opinion that

9 ▮▮▮▮▮▮▮▮▮▮▮ based solely on what he calls ▮▮▮▮▮▮▮▮▮"

10 without providing any facts to support that claim, or any side-by-side comparison of ▮▮▮▮

11 ▮▮▮▮▮▮▮▮.  Almeroth Dep. Tr. 282:12–20.  In fact,

12 Dr. Almeroth conceded that he did not ▮▮▮▮▮▮▮▮▮▮▮

13 ▮▮▮ to substantiate his assertion of ▮▮▮▮▮▮▮▮▮▮

14 ▮▮▮▮▮▮▮▮▮▮:



24 *Id.* at 292:20–293:14 (emphasis added) (objection omitted).[5]

25

26 _____
   [5] Remarkably, when asked ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

27 ▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Almeroth Dep. Tr. 104:8–110:16.  Dr. Almeroth's

28 opinion that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

NOTICE OF MOTION AND MOTION TO STRIKE EXPERT OPINIONS AND TESTIMONY OF
DR. KEVIN C. ALMEROTH
Case No. 5:14-cv-05344-BLF (NC)

1080356

1    The foregoing ███████████████ opinions should be excluded *in limine* under Rule

2    702.  As shown above, Dr. Almeroth does not disclose in his Opening Report, and admittedly did

3    not follow, any reliable and scientific methodology to support his opinion that ████████████

4    ███████████████████.  Fed. R. Evid. 702; *see also Stilwell v. Smith & Nephew, Inc.*,

5    482 F.3d 1187, 1192 (9th Cir. 2007) (the test for reliability under Rule 702 is "the soundness of

6    the [expert's] methodology"); *Finjan, Inc. v. Blue Coat Systems, Inc.*, 2015 WL 4272870, at *4

7    (excluding expert opinion where the expert "d[id] not disclose any methodology" for his

8    conclusions); *XpertUniverse, Inc. v. Cisco Systems, Inc.*, 2013 WL 1702159, at *1 (D. Del.

9    Feb. 25, 2013) (excluding as unreliable an expert opinion that source code in two products were

10   the same where the expert only analyzed "screen shots in user manuals and affiliated manuals"

11   and did not confirm the source code was actually the same); *Fleming v. Escort*, Case No. CV 09-

12   105-BLW, 2012 WL 12539337, at *3 (D. Idaho May 23, 2012) (excluding an expert opinion

13   because "[t]here is no way for the Court or the jury to evaluate [the expert's] methodology when

14   he has failed to explain how the source code works … his opinion is the classic 'black box,'

15   asserting that the source code makes the products non-infringing because he says so.").

16   Rather, Dr. Almeroth conceded at his deposition that he failed to ████████████████

17   ████████████████████████████████████, and based his ████████████████

18   opinion entirely upon ████████████████████ rather than ████████████████

19   ████████████████████ Almeroth Dep. Tr. 292:20–293:14.  That admission

20   is fatal to his opinion.[6]  By failing to perform (or disclose) any analysis of the ████████

21   ████████████████████████████, and relying only on ████████████

22   ████████████████████, Dr. Almeroth has failed to apply any reliable principles and

23   methods under Rule 702(c) to support his source code copying opinion.  *See GNPE Corp. v.*

24   *Apple, Inc.*, Case No. 12-CV-02885-LHK, D.I. 242, at 7-8 (N.D. Cal. Apr. 16, 2014) (Koh, J.)

25

26   ─────────────
     [6] By focusing exclusively on ████████████████████████████, Dr. Almeroth's
     opinion is also untethered to copyrightable subject matter.  *See* 17 U.S.C. 102(b) ("In no case

27   does copyright protection … extend to any idea, procedure, process, system, method of operation,
     concept, principle, or discovery, regardless of the form in which it is described, explained,

28   illustrated, or embodied in such work.").  Methods of operation can only be patented.

1080356

1    (excluding expert testimony because "the Court must be able to see the mechanisms in order to

2    determine if they are reliable and helpful" and because "'30 years of experience' alone does not

3    constitute a sufficiently reliable and testable methodology"); *Domingo*, 289 F.3d at 607

4    (affirming the exclusion of expert testimony on reliability grounds because he failed to provide

5    "[t]he reasoning between steps in a theory … based on objective, verifiable evidence and

6    scientific methodology").  For that reason alone, Dr. Almeroth's ███████████ opinion

7    should be excluded.  *See Schudel v. Gen. Elec. Co.*, 120 F.3d 991, 996–97 (9th Cir. 1997),

8    *abrogated in unrelated part by Weisgram v. Marley Co.*, 528 U.S. 440 (2000) (ordering a new

9    trial where the trial court failed to exclude unreliable expert opinions based on methods that were

10   not "scientifically acceptable").[7]

11        In addition, whatever methodology (if any) Dr. Almeroth applied to arrive at his ████

12   ██████████████, it was not reliably applied to any facts of the case.  *See* Fed. R. Evid.

13   702(d); *see also Ollier*, 768 F.3d at 860–861 (affirming the exclusion of expert testimony as

14   "speculative" and "inherently unreliable" because it was based on "superficial inspections" rather

15   than a "systematic assessment" of the record evidence).████████████████████████

16   ████████████████████████████████████████████.  *See* Opening Rpt. ¶ 37

17   (stating that ████████████████████████████████████████████████████

18   ██████████████████████████████████████████; *see also*

19   Almeroth Dep. Tr. 65:24–66:17 ████████████████████████████████████

20   ███████████.  But he cites to none of that evidence to substantiate his accusation of ████

21   ████████████████████.  Moreover, Dr. Almeroth provides no explanation of how he

22   concluded that ██████████████████████████████████████████████████

23   ████████████████, *see* Almeroth Dep. Tr. 293:5–14, and he has no knowledge of ████

24   ████████████████████████████████████████████████████████████████

25   ███████████ *Id.* at 281:14–283:17; 289:11–20; 291:15–292:19.  These evidentiary

---

[7] *See also Estate of Barabin v. AstenJohnson, Inc.*, 740 F. 3d 457, 464 (9th Cir. 2014) (ordering a new trial where the trial court allowed expert testimony on mesothelioma causation without properly validating the "scientific validity or methodology" of the testimony).

9

NOTICE OF MOTION AND MOTION TO STRIKE EXPERT OPINIONS AND TESTIMONY OF
DR. KEVIN C. ALMEROTH
Case No. 5:14-cv-05344-BLF (NC)



1  deficiencies under Rules 702(b) and (d)—and his failure to consider any alternative explanations

2  for ███████████████  besides ████████████—are a further reason to exclude his

3  opinion that ████████████████████. *See Claar v. Burlington N.R.R.*, 29 F.3d

4  499, 502 (9th Cir. 1994) (affirming the exclusion of expert testimony where the experts failed to

5  "ma[k]e any effort to rule out other possible causes" beyond the one underlying their opinions).

6      **2.    Dr. Almeroth's opinion that** ████████████████ **is similarly**

7      **unreliable and should be excluded.**

8      Elsewhere in his Opening Report, and separate from his assertion that ████████

9  ████████████ (discussed above), Dr. Almeroth suggests ██████████ as part

10  of Cisco's late disclosed allegation that Arista copied hundreds of Cisco CLI command "help

11  descriptions." Opening Rpt. ¶¶ 225–26 and Exhibit Copying-6.[8]  Dr. Almeroth repeats this

12  allegation in his Rebuttal Report, stating that ████████████████████

13  ████████████████████ *See* Rebuttal Rpt. ¶ 148(a)

14  (emphasis added).

15      These ████████ assertions directed to the accused CLI command "help

16  descriptions" should also be excluded under Rule 702.  Dr. Almeroth performs no analysis of

17  ████████████████████) that supports the

18  conclusion that ██████████, and he cites to no evidence that ████████

19

---

20  [8] Cisco first disclosed its contention that these help descriptions amounted to copyright infringement in a supplemental Interrogatory Response served at 10:44 on the last day of fact

21  discovery.  Arista had no opportunity to take any discovery from Cisco regarding any of the hundred-plus asserted CLI command "help descriptions," or conduct any fact investigation of its

22  own.  *See* D.I. 306 (Declaration of Eduardo Santacana in Support of Arista's Motion to Strike Cisco's late-asserted "help descriptions").  Given the untimely disclosure, Dr. John R. Black, Jr.,

23  who submitted two expert reports on behalf of Arista, did not have any means of gathering evidence through discovery, nor sufficient time to address these allegations regarding command

24  "help descriptions."  For these reasons, opinions regarding these late contentions should be excluded.  *See* Opening Rpt. ¶¶ 100, 221, 225–30, and Exhibit Copying-6.  Arista filed a Motion

25  to Strike the contentions for untimeliness, which Magistrate Cousins denied.  *See* D.I. 304–08 (Mot.); 323–24 (Opp.); 362–64 (Reply); 408 (Order).  Arista is filing a motion for relief from the

26  Magistrate Judge's Order on grounds that the Magistrate Judge applied the wrong legal standard because he did not assess whether Cisco *could have* provided these contentions responses earlier

27  based upon the evidence available to it.  If the Court were to deny Arista's motion for relief, Arista will request an opportunity for supplemental fact, and expert discovery and motion practice

28  directed to the late contentions.

NOTICE OF MOTION AND MOTION TO STRIKE EXPERT OPINIONS AND TESTIMONY OF
DR. KEVIN C. ALMEROTH
Case No. 5:14-cv-05344-BLF (NC)

1080356

1

2                                    *See id.*; Opening Rpt. ¶¶ 225–26 and Exhibit Copying-6.  Expert

3   testimony that reaches a factual conclusion without any effort to "adequately account[] for

4   obvious alternative explanations" should not be admitted. *See* FED. R. EVID. 702 Advisory

5   Committee's Note; *see also Claar*, 29 F.3d at 502 (excluding expert testimony where the experts

6   failed to "ma[k]e any effort to rule out other possible causes for the injuries plaintiffs complain

7   of"); *FURminator, Inc. v. Kim Laube & Co, Inc.*, 758 F. Supp. 2d 797, 808 (E.D. Miss. 2010)

8   (barring a technical expert from testifying because the expert's methodology "did not effectively

9   eliminate alternative explanations" for the conclusion he reached).  Here, Dr. Almeroth admitted

10  that

11

12                                    Almeroth Dep. Tr. 287:5–289:5 (emphasis added).  In other words, any

13  user of the Cisco IOS CLI can see the "help descriptions" on the computer screen—there is no

14  need to access Cisco's source code to view them.

15

16

17                                    *Id.* at 288:11–22.

18       Since there is no evidence to suggest that any similarities between Arista's and Cisco's

19  "help descriptions" actually, or even likely, occurred

20                                    Dr. Almeroth should not be permitted to

21  speculate that

22       **B.**   **The Court should exclude Dr. Almeroth's opinion that Arista**
                  **under Rules 702 because he fails to apply the**
23  **proper legal standard or any scientific method to the available facts.**

24       In his Opening and Rebuttal Reports, Dr. Almeroth repeatedly asserts that Arista

25                                    , but he never articulates a reliable and

26  consistent

27

28

                                          11
NOTICE OF MOTION AND MOTION TO STRIKE EXPERT OPINIONS AND TESTIMONY OF
                         DR. KEVIN C. ALMEROTH
                      Case No. 5:14-cv-05344-BLF (NC)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

*See also* Opening Rpt. ¶¶ 65, 174; Rebuttal Rpt. ¶ 64; Almeroth Dep. Tr. 123:1–5

When pressed to reveal the methodology he followed determine that

, Dr. Almeroth stated:

Almeroth Dep. Tr. at 125:22–

126:18.  He then expanded on his understanding of

NOTICE OF MOTION AND MOTION TO STRIKE EXPERT OPINIONS AND TESTIMONY OF
DR. KEVIN C. ALMEROTH
Case No. 5:14-cv-05344-BLF (NC)

1080356



*Id.* at 127:3–128:10 (emphasis added). Dr. Almeroth repeatedly confirmed that

*Id.* at 134:15–136:1

*Id.* at 135:22–136:1 (emphasis added). Finally, Dr. Almeroth

explained that his                                              included looking at

*Id.* at 141:13–21.

Critically, Cisco has not asserted copyright protection over, and it has not specifically

alleged copyright infringement by Arista for supporting, the use of CLI command prefixes (*i.e.*,

entering partial commands that the system "autocompletes" into full ones), hitting "tab" in a CLI

to automatically complete a partially entered command, the general way CLI commands are

structured, or the way commands are actually input into the CLI, and Dr. Almeroth

*See* Second Amended Complaint (D.I. 64); *see also,*

*generally,* Opening and Rebuttal Rpts.

The Court should exclude Dr. Almeroth's nebulous and opaque opinion that

under Federal Rules of Evidence 702 because it is fails to follow

13

1080356

any reliable methodology for reaching that conclusion, and fails to follow the law governing claims of "look and feel."  *First*, Dr. Almeroth's opinion fails to meet the requirements of Rule 702(c) because he could not define any consistent or reliable methodology to define what constitutes ███████████████████, or a clear definition of what is included within the █████████████████.  *See, e.g.*, Almeroth Dep. Tr. 124:18–125:5 (████████████████ ██████████████████████████ *id.* at 129:25–143:18 ██████████████████████████████████████████ ██████████████████████████████████████ ████████  As Dr. Almeroth put it: ████████████████ ███████████████████████████████████ ████████████████████████████████████. at 140:2–14.  The Court should not permit Dr. Almeroth's to assert that ████████████████████ as evidence of copyright infringement given the absence of any defined or reliable methodology—indeed, of any methodology at all.  *See* FED. R. EVID. 702(c).

*Second,* Dr. Almeroth's █████████████ opinion should be excluded because it is ███████████████████████████████████████ Specifically, Dr. Almeroth confirmed at his deposition that ████████████████ ███████████████████████████████████████ █████████████████████████████.  Almeroth Dep. Tr. 127:3–128:10, 134:15–136:1.  Cisco has never before claimed that Arista's support of these features constitutes copyright infringement.  *See* Second Amended Complaint (D.I. 64) (no such allegations); *see also* Cisco's Suppl. Resp. to Arista's Interrogatory No. 2 (no such allegations).[9] Since Dr. Almeroth's █████████████ is not limited to the asserted and accused aspects of the Cisco and Arista CLIs, it both violates the discovery rules and is not helpful to a jury likely to be overwhelmed by Cisco's amorphous theories of infringement.

---

[9] Arista's Interrogatory No. 2 to Cisco asks Cisco to identify "every similarity that Cisco contends is a basis of its claim of copyright infringement[.]"  Cisco did not identify CLI prefix support or "tab" completion support as a "similarity" in any of its responses to Interrogatory No. 1.  *See* Wong Decl. Ex. 4 (attaching Cisco's most recent supplemental responses to this discovery request).

14

1    Finally, Dr. Almeroth's ▋▋▋▋▋▋▋ does not even attempt to follow the

2 copyright law.  He does not attempt to account for the lack of copyright protection in any aspect

3 of what contributes to ▋▋▋▋▋▋  For example, ▋▋▋▋▋▋▋

4 ▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋

5 ▋▋▋  Analytic dissection is essential before any comparison of works is appropriate.  *See*

6 *Apple v. Microsoft*, 35 F.3d 1435, 1443 (9th Cir. 1994) ("Using analytic dissection, … the court

7 must determine whether any of the allegedly similar features are protected by copyright" before it

8 "set[s] the appropriate standard for a subjective comparison of the works to determine whether, as

9 a whole, they are sufficiently similar to support a finding of illicit copying").  But Dr. Almeroth

10 did not even give lip service to this legal requirement.  Moreover, ▋▋▋▋▋▋

11 ▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋

12 ▋▋▋▋▋.  *See also* Almeroth Dep. Tr. 125:22–126:18.  There is no basis

13 in logic or the law for concluding that ▋▋▋▋▋▋▋ without

14 considering the differences, as well as the similarities.[10]  Yet Dr. Almeroth never mentions, for

15 example, the more than 10,000 commands that are different between the Cisco and Arista

16 products, or the different features of the two products, or countless other general and specific

17 differences.  Because Dr. Almeroth's opinion that ▋▋▋▋▋▋

18 ▋▋ is merely an attempt to put a rhetorical name on Cisco's allegations without any attention to

19 the analytical and scientific rigors that such an accusation demands, it should be excluded.  *See*

20 FED. R. EVID. 702.  Allowing this testimony would be highly prejudicial and would invite error by

21 inviting the jury to find infringement based on unprotectable similarities that Cisco does not and

22 cannot claim to own.

23

24 ――――――――――
[10] In fact, Dr. Almeroth has never explained ▋▋▋▋▋▋

25 ▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋

26 ▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋

27 ▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋

28 ▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋▋

NOTICE OF MOTION AND MOTION TO STRIKE EXPERT OPINIONS AND TESTIMONY OF
DR. KEVIN C. ALMEROTH
Case No. 5:14-cv-05344-BLF (NC)

1080356

1

### C.   The Court should exclude Dr. Almeroth's opinions that speculate about the state of mind of fact witnesses, or merely summarize evidence and provide attorney argument without any technical analysis.

2

3    The Court should exclude from Dr. Almeroth's Opening and Rebuttal Reports all portions

4    of his opinions where he impermissibly summarizes and speculates about the subjective intent

5    and beliefs of authors of documents and emails, including—for example—divining the intent of

6    the authors of Cisco documents when they used certain words, or divining the intent of Arista

7    engineers based on emails and other documents.

8    A party's or person's state of mind is not the proper subject of expert testimony. *See, e.g.,*

9    *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*,

10   978 F. Supp. 2d 1053, 1087 (C.D. Cal. 2013) (barring an expert from testifying regarding a

11   party's mental state because such testimony "is not a proper subject for expert testimony, and it

12   must be established (if at all) by other evidence."); *see also Oracle America, Inc. v. Google Inc.*,

13   No. 10-03561, D.I. 1803 ("Order Re Google Motion *In Limine* Re Expert Vouching for Preferred

14   Version of Disputed Fact") (N.D. Cal. May 3, 2016) (Alsup, J.) ("Nor should an expert ever

15   attempt to tell the jury what someone intended or was thinking. The mental state of the characters

16   in our story on trial is for the jury to decide, never for experts to speculate about . . . No expert is

17   a mind reader. These are clear-cut prohibitions.").  Therefore, whether any Arista engineers

18   actually had the intent to mimic aspects of the Cisco CLI, or whether particular employees held

19   certain beliefs about the Cisco CLI, Arista CLI, or the industry standard CLI, cannot be argued to

20   the jury as part of Dr. Almeroth's "expert" testimony. *Id.*

21   Moreover, an expert may not be used as a party spokesperson to provide an "additional

22   summation" of evidence that goes beyond his or her expertise. *United States v. Freeman*, 498

23   F.3d 893, 903–04 (9th Cir. 2007) ("The fact that [the expert] possessed specialized knowledge of

24   the particular language of drug traffickers did not give him *carte blanche* to testify as to the

25   meaning of other words[.]").  Therefore, Dr. Almeroth is not permitted to broadly "interpret the

26   evidence" and provide lay opinions as to how the jury should read non-technical emails and

27   documents, as that would "usurp[] the jury's function" and "implicate[] Rule 403 as a needless

28   presentation of cumulative evidence and a waste of time." *Id*; *see also United States v. Frazier,*

16

NOTICE OF MOTION AND MOTION TO STRIKE EXPERT OPINIONS AND TESTIMONY OF
DR. KEVIN C. ALMEROTH
Case No. 5:14-cv-05344-BLF (NC)

1080356

387 F.3d 1244, 1262–63 (11th Cir. 2004) ("Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments.").

Despite these prohibitions, Dr. Almeroth repeatedly cites to and summarizes deposition testimony and documents throughout his Opening and Rebuttal Reports as supposed evidence of Arista's state of mind—namely, that

Specifically, Dr. Almeroth quotes from and summarizes:



NOTICE OF MOTION AND MOTION TO STRIKE EXPERT OPINIONS AND TESTIMONY OF
DR. KEVIN C. ALMEROTH
Case No. 5:14-cv-05344-BLF (NC)



For each of these summaries, Dr. Almeroth does ***not*** apply any scientific, technical, or specialized knowledge, or any expert methodology; he simply reads the document(s) and provides his own conclusion therefrom, as a lay witness might (except Dr. Almeroth has no percipient knowledge of the events).

Almeroth Dep. Tr. 14:14–17:5.  To the contrary, Dr. Almeroth readily admitted: "

" *Id.* at 14:21–15:6.  Here, Dr. Almeroth's sweeping characterizations and interpretations

18

NOTICE OF MOTION AND MOTION TO STRIKE EXPERT OPINIONS AND TESTIMONY OF
DR. KEVIN C. ALMEROTH
Case No. 5:14-cv-05344-BLF (NC)

1080356

of non-technical deposition testimony and documents regarding the specific intent and subjective

beliefs of Arista employees should be excluded because those opinions are not tethered to any

scientific and specialized analysis or methodology, and offer nothing more than what Cisco's

lawyers can argue in closing arguments.  *See* FED. R. EVID. 702(a), (c), and (d); *see also Finjan,*

*Inc. v. Blue Coat Systems, Inc.*, Case No. 13-cv-03999-BLF, D.I. 378 (N.D. Cal. July 14, 2015)

(Freeman, J.) (excluding expert testimony of "what Defendant thought about Plaintiff's patents"

because it "is not the proper subject of expert testimony" and the experts were not "qualified to

offer opinions regarding Defendant's subjective beliefs").

### D.    The Court should exclude Dr. Almeroth's opinions that improperly vouch for the credibility of statements made by witnesses at deposition or in documents.

The Court should exclude all portions of Dr. Almeroth's reports where he endorses

deposition testimony and documents without applying any scientific or expert methodology or

analysis.

Because expert testimony is "likely to carry special weight" with the jury, "care must be

taken to assure that a proffered witness truly qualifies as an expert" on all testimony he or she

offers under Rule 702.  *Jinro America Inc. v. Secure Investments, Inc.,* 266 F.3d 993, 1004 (9th

Cir. 2001) (experts receive "unmerited credibility" if allowed to provide lay testimony).

Speculative testimony is not admissible, *General Electric*, 522 U.S. at 146, and courts must

carefully evaluate whether an expert is "relying properly on his general experience and reliable

methodology" or is improperly offering lay opinions "as to the meaning of numerous words and

conversations" in documents and testimony.  *See Freeman*, 498 F.3d at 903.  A party may not use

an expert to "unfairly provid[e] … an additional summation" of their case "by having the expert

interpret the evidence."  *Id.* at 904.  Once an expert ceases "testifying as an expert and beg[ins]

providing lay testimony, he [is] no longer 'allowed ... to testify based on hearsay information, and

to couch his observations as generalized 'opinions' rather than as firsthand knowledge.'"  *Id.* at

904 (citation omitted); *see also Cree v. Flores*, 157 F.3d 762, 773 (9th Cir. 1998) (Federal Rules

of Evidence 602 and 803 apply to non-expert testimony).

No expert is permitted to vouch for or buttress the credibility of what another person has

19

1   said, either in a deposition on in a document, as it would invade the province of—and would not

2   assist—the trier of fact.  *See, e.g., United States v. Binder,* 769 F.2d 595, 602 (9th Cir. 1985)

3   (experts may not testify as to credibility), *overruled on other grounds in U.S. v. Morales,* 108

4   F.3d 1031, 1035 n.1. (9th Cir. 1997); *United States v. Awkard,* 597 F.2d 667, 671 (9th Cir.

5   1979) (error to permit expert to testify to the ability of a witness to accurately recall past events

6   because it goes to credibility); *United States v. Barnard,* 490 F.2d 907, 912–913 (9th Cir.

7   1973) (affirming the exclusion of an expert opinion as to the truthfulness of a witness's

8   testimony); *Lindsey v. United States,* 237 F.2d 893, 895–97 (9th Cir. 1956) (error to permit an

9   expert to comment on witness credibility); *see also* Order Re Google Motion *In Limine* Re Expert

10  Vouching for Preferred Version of Disputed Fact ("[A]n expert should never purport to tell the

11  jury which side's fact witnesses are credible or vouch for whose fact scenario is correct—that is

12  entirely for the jury.").

13          Dr. Almeroth improperly vouches for Cisco's view of disputed facts in both his Opening

14  and Rebuttal Reports by repeatedly quoting from the deposition testimony of fact witnesses and

15  vouching for the credibility of those statements by adopting them as his expert opinions, without

16  providing any scientific or technical analysis of his own.  Specifically, Dr. Almeroth

17  impermissibly vouches for the credibility of:



28  Dr. Almeroth also repeatedly vouches for the credibility of the content of quoted

NOTICE OF MOTION AND MOTION TO STRIKE EXPERT OPINIONS AND TESTIMONY OF
DR. KEVIN C. ALMEROTH
Case No. 5:14-cv-05344-BLF (NC)

1080356

1    statements in documents without providing any expert analysis or specialized knowledge that the

2    jury lacks.  Specifically, Dr. Almeroth vouches for the credibility of:



9          In each of the above examples, Dr. Almeroth fails to apply any generally accepted and

10   reliable scientific methodology (or any methodology beyond what how a lay juror would weigh

11   the evidence) to formulate his "expert" opinions.  He simply places his "expert" seal of approval,

12   for example, on the argument that ████████████████████████████████████████████

13   ████████████████████████████████████████████████████████████████████████

14   ████████████████████████████████████████████████████████████████████

15   ████████████████████████████████.  He neither contributes any "scientific, technical, or other

16   specialized knowledge" to "help the trier of fact to understand the evidence or to determine a fact

17   in issue," nor applies a scientifically valid or reliable methodology to the deposition testimony

18   and documents he quotes from.  *See* FED. R. EVID. 702; *see also Claar v. Burlington Northern R.*

19   *Co.*, 29 F.3d 499, 502 (9th Cir. 1994) (affirming the exclusion of expert testimony because "[i]n

20   order to qualify as 'scientific knowledge' … an inference must be derived by the scientific

21   method"); Order Re Google Motion *In Limine* Re Expert Vouching for Preferred Version of

22   Disputed Fact (allowing "experts to quote from fact testimony or … documents" only if they

23   "explicitly assume that they accurately reflect the relevant circumstances and then, ***based***

24   ***thereon, apply their specialized knowledge*** to render opinions beyond the ken of our lay jury).

25   The only purpose served by Dr. Almeroth's citations to above testimony and documents is so he,

26   as a purported "expert," can vouch for their truthfulness and credibility.  The Court should

27   therefore exclude all instances in Dr. Almeroth's Opening and Rebuttal Reports where he merely

28   affirms the opinions and conclusions offered by lay witnesses without providing any independent

21

NOTICE OF MOTION AND MOTION TO STRIKE EXPERT OPINIONS AND TESTIMONY OF
DR. KEVIN C. ALMEROTH
Case No. 5:14-cv-05344-BLF (NC)

1   analysis, or apply any methodologies, of his own.

2       E.    **The Court should exclude Dr. Almeroth's opinion that** ▮▮▮▮▮▮▮▮▮
3       ▮▮▮▮▮▮▮▮▮▮▮▮ **under Rule 702(a) because it is not based on any expertise beyond the reach of lay jurors.**

4       Dr. Almeroth purports to provide an expert opinion regarding ▮▮▮▮▮▮▮▮▮
5   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
6   ▮▮▮▮▮▮▮▮▮▮ Both the asserted Cisco user manuals, and the accused Arista user
7   manuals, are written in English. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
8   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ At his deposition, Dr. Almeroth admitted ▮▮▮▮
9   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
10  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Almeroth Dep. Tr. 23:1–23:22
11  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
12  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
13  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *see also id.* at 22:1–4 ▮▮▮ ▮▮▮▮▮▮▮
14  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
15  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

16      Instead of performing a specialized or technical analysis of ▮▮▮▮▮▮▮
17  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Dr. Almeroth ▮▮▮▮▮▮▮▮▮
18  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
19  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
20  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

21      The Court should not allow Dr. Almeroth to provide lay opinions and usurp the jury's role
22  in determining ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Federal Rule of Evidence
23  702(a) and *Daubert* require the Court to ensure that an "expert's scientific, technical, or other
24  specialized knowledge will help the trier of fact to understand the evidence or to determine a fact
25  in issue." FED. R. EVID. 702(a); *Daubert*, 509 U.S. at 591.  Here, Dr. Almeroth's ▮▮▮▮▮
26  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
27  ▮▮▮▮▮▮, and his opinions regarding ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, is not based
28  on any scientific, technical, or other specialized knowledge, and therefore will not help the jury

22

1080356

1 understand the evidence or determine whether ███████████████████████████.  Dr.

2 Almeroth's opinion will only usurp the jury's role in reviewing the evidence and making that

3 determination for itself.  For these reasons, the Court should exclude this testimony in Dr.

4 Almeroth's reports.  *See* Opening Rpt. ¶¶ 155–167 and Exhibit Copying-1.

## V.    CONCLUSION

6         For the foregoing reasons, the Court should exclude and find inadmissible under Federal

7 Rules of Evidence 702, 402, and 403, the following opinions set forth in Dr. Almeroth's Opening

8 and Rebuttal Reports, because those opinions will not assist the trier of fact to understand the

9 evidence or to determine a fact in issue, are not based on sufficient facts or data, are not based on

10 reliable principles and methods, and Dr. Almeroth did not reliably apply any scientific methods to

11 the record evidence:

- Dr. Almeroth's opinions and testimony regarding ████████████████ ███████████████████████████████████ Opening Rpt. ¶¶ 81– 87, 224; Almeroth Dep. Tr. 276:25–278:10, 279:9–280:11, 280:13– 281:12.

- Dr. Almeroth's opinions and testimony regarding ████████████████ ██████████████ Opening Rpt. ¶¶ 100, 221, 225–230 and Exhibit Copying-6; Rebuttal Rpt. ¶ 148(a).

- Dr. Almeroth's opinions and testimony regarding ███████████ ████████████████████ Opening Rpt. ¶¶ 65, 174; Rebuttal Rpt. ¶¶ 64, 70, 136, 137, 145, 158; Almeroth Dep. Tr. 123:1– 5; 124:18–125:5; 125:22–126:18; 127:3–128:10; 129:25–143:18.

- Dr. Almeroth's lay opinions and summations of evidence regarding Arista's state of mind, including opinions regarding the knowledge, specific intent, and beliefs of Arista employees pertaining to indirect infringement, bad faith, and lay opinions and arguments summarizing other non-technical record evidence, which is not proper expert testimony.  Opening Rpt. ¶¶ 70, 73–76, 78–79, 112, 118, 138–40, 145– 48, 152–53, 156–57, 195, 203, 219-20, 242, 246 (and footnotes 188– 91), 250, 256–57; Rebuttal Rpt. ¶¶ 104, 124, 132, 135, 137, 138–39, 142–43, 146–47, 149–50, 157, 159, 160.

- Dr. Almeroth's opinions and testimony that merely vouch for the credibility and truthfulness of what individuals said in deposition testimony and in documents, which invades the province of the jury.  Opening Rpt. ¶¶ 51, 98, 102–10, 115, 136–37, 247, 260; Rebuttal Rpt. ¶¶ 62 (and footnote 30), 73, 75 (and footnote 47), 102 (and footnote 72), 108 (and footnotes 85 and 86), 125.

1

- Dr. Almeroth's opinions and testimony that merely involve performing a lay comparison of English words and sentences between Cisco and Arista user documentation.  Opening Rpt. ¶¶ 155–167 and Exhibit Copying-1.

2

3

4                                                Respectfully submitted,

5    Dated:  August 5, 2016                       KEKER & VAN NEST LLP

6
                                     By:    /s/ Robert A. Van Nest
7                                               ROBERT A. VAN NEST

8

9                                           Attorneys for Defendant
                                            ARISTA NETWORKS, INC.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO STRIKE EXPERT OPINIONS AND TESTIMONY OF
DR. KEVIN C. ALMEROTH
Case No. 5:14-cv-05344-BLF (NC)

1080356