| | |
|---|---|
| KEKER & VAN NEST LLP<br>ROBERT A. VAN NEST - # 84065<br>BRIAN L. FERRALL - # 160847<br>DAVID SILBERT - # 173128<br>MICHAEL S. KWUN - #198945<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone: (415) 391-5400<br>Email: rvannest@kvn.com;<br>bferrall@kvn.com; dsilbert@kvn.com;<br>mkwun@kvn.com | SUSAN CREIGHTON, SBN 135528<br>SCOTT A. SHER, SBN 190053<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>1700 K Street NW, Fifth Floor<br>Washington, D.C., 20006-3817<br>Telephone: (202) 973-8800<br>Email: screighton@wsgr.com;<br>ssher@wsgr.com |

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Email: jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ARISTA NETWORKS, INC.,<br><br>　　　　Defendant. | Case No. 5:14-cv-05344-BLF (NC)<br><br>**DECLARATION OF DAVID J. ROSEN IN SUPPORT OF DEFENDANT ARISTA NETWORKS, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL IN CONNECTION WITH ARISTA'S MOTION TO STRIKE EXPERT OPINIONS AND TESTIMONY OF DR. JUDITH A. CHEVALIER**<br><br>Judge:　　Hon. Beth Labson Freeman<br>Date Filed: December 5, 2014<br>Trial Date: November 21, 2016 |

---

DECLARATION OF DAVID ROSEN IN SUPPORT OF DEFENDANT ARISTA NETWORKS, INC.'S
ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL
Case No. 5:14-cv-05344-BLF (NC)

1082638

I, DAVID J. ROSEN, declare and state as follows:

1. I am an attorney licensed to practice law in the State of California and admitted to practice before this Court. I am an associate at the law firm of Keker & Van Nest LLP and counsel for Defendant Arista Networks, Inc. ("Arista") in the above-captioned action. I have personal knowledge of the facts stated herein and, if called as a witness, I could testify competently thereto.

2. I submit this declaration in support of Arista's Administrative Motion to File Under Seal Confidential Information and Documents Submitted with Arista's Motion to Strike Expert Opinions and Testimony of Dr. Judith A. Chevalier.

3. Arista's Motion to Strike Expert Opinions and Testimony of Dr. Judith A. Chevalier is a non-dispositive motion. In this context, I understand that materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamkana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003)). In addition, Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, that the document is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

4. Arista seeks to seal the following material attached to the Declaration of Elizabeth K. McCloskey in Support of Arista's Motion to Strike Expert Opinions and Testimony of Dr. Judith A. Chevalier:

| Document | Portions of Document to be Sealed | Parties Claiming Confidentiality |
|---|---|---|
| Arista's Motion to Strike Expert Opinions and Testimony of Dr. Judith A. | Highlighted Portions | *Arista* <br> *Cisco* |

1

DECLARATION OF DAVID J. ROSEN IN SUPPORT OF DEFENDANT ARISTA NETWORKS, INC.'S
ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL
Case No. 5:14-cv-05344-BLF (NC)

1082638

| Document | Portions of Document to be Sealed | Parties Claiming Confidentiality |
|---|---|---|
| Chevalier ("Motion to Strike") | | |
| Exhibit A to the Declaration of Elizabeth K. McCloskey in Support of Arista's Motion to Strike Expert Opinions and Testimony of Dr. Judith A. Chevalier ("Exhibit A") | Entire | *Arista* *Cisco* |
| Exhibit B to the Declaration of Elizabeth K. McCloskey in Support of Arista's Motion to Strike Expert Opinions and Testimony of Dr. Judith A. Chevalier ("Exhibit B") | Entire | *Cisco* |
| Exhibit C to the Declaration of Elizabeth K. McCloskey in Support of Arista's Motion to Strike Expert Opinions and Testimony of Dr. Judith A. Chevalier ("Exhibit C") | Entire | *Arista* |
| Exhibit D to the Declaration of Elizabeth K. McCloskey in Support of Arista's Motion to Strike Expert Opinions and Testimony of Dr. Judith A. Chevalier ("Exhibit D") | Highlighted Portions | *Arista* |
| Exhibit E to the Declaration of Elizabeth K. McCloskey in Support of Arista's Motion to Strike Expert Opinions and Testimony of Dr. Judith A. Chevalier ("Exhibit E") | Entire | *Arista* *Cisco* |
| Exhibit F to the Declaration of Elizabeth K. McCloskey | Entire | *Arista* |

| Document | Portions of Document to be Sealed | Parties Claiming Confidentiality |
|---|---|---|
| in Support of Arista's Motion to Strike Expert Opinions and Testimony of Dr. Judith A. Chevalier ("Exhibit F") | | |

5.   Good cause exists to file the following lines of Arista's Motion to Strike under seal: Page 2, lines 10-13; Page 6, lines 10-26; Page 7, lines 4-6.  These portions of the Motion discuss and contain excerpts and quotes from highly confidential Arista witness deposition testimony, including testimony concerning Arista's sensitive marketing and sales strategies.  This testimony is sensitive and highly confidential business information that would cause harm to Arista if disclosed publicly.  *See Apple v. Samsung*, 727 F.3d 1214, 1221–22 (Fed. Cir. 2013) (sealing is appropriate even under the compelling standards threshold if the release of the information will cause competitive harm to a business).  Arista does not seek to file under seal the other highlighted portions of Arista's Motion to Strike.  Arista is only submitting the other portions of Arista's Motion to Strike under seal because they discuss or quote material that has been designated confidential by Cisco.  To the extent Cisco seeks to keep any of the highlighted material in Arista's Motion to Strike under seal, I understand that it may file a declaration to do so under Civil Local Rule 79-5(e)(1).

6.   Exhibit A is the Expert Report of Judith A. Chevalier (submitted on June 24, 2016) addressing the damages allegedly suffered by Cisco associated with Arista's alleged copyright and patent infringement.  Good cause exists to seal the Report in its entirety because confidential information of both parties is cited and disclosed throughout the report.

7.   Exhibit B consists of excerpts from the Deposition of Judith Chevalier.  Arista does not seek to file these excerpts under seal.  Arista is only submitting Exhibit B under seal because Cisco designated the deposition transcript "Confidential – Outside Attorneys' Eyes

1  Only."  To the extent Cisco seeks to keep any portion of Exhibit B under seal, I understand that it
2  may file a declaration to do so under Civil Local Rule 79-5(e)(1).
3      8.    Exhibit C consists of excerpts from the March 17, 2016 Deposition of Anshul
4  Sadana.  Good cause exists to file the exhibit under seal, as it includes detailed discussion of
5  Arista's marketing and sales strategies, as well as overall product development strategies
6  (including the reasons why certain product-related decisions were made), all of which is sensitive
7  and highly confidential business information that would cause harm to Arista if disclosed
8  publicly.  *See Samsung*, 727 F.3d at 1221–22 (Fed. Cir. 2013) (sealing is appropriate even under
9  the compelling standards threshold if the release of the information will cause competitive harm
10 to a business); *Ovonic Battery Co. v. Sanyo Elec. Co.*, Case No. 14-cv-01637, 2014 WL 2758756,
11 at *2-3 (N.D. Cal. June 17, 2014) (where public disclosure of business information could harm a
12 litigant's competitive standing by placing it "in a diminished bargaining position in future
13 negotiations with potential customers and competitors," the records should be sealed).
14     9.    Exhibit D consists of excerpts from the May 27, 2016 Deposition of Anshul
15 Sadana.  Good cause exists to file the highlighted portions of the exhibit under seal, as they
16 include discussion of Arista's marketing and sales strategies, as well as overall product
17 development strategies (including the reasons why certain product-related decisions were made),
18 all of which is sensitive and highly confidential business information that would cause harm to
19 Arista if disclosed publicly.
20     10.   Exhibit E is the Surrebuttal Expert Report of Judith A. Chevalier (submitted on
21 July 21, 2016).  Good cause exists to seal the Report in its entirety because confidential
22 information of both parties is cited and disclosed throughout the report.
23     11.   Exhibit F consists of excerpts from the Deposition of Kenneth Duda.  Good cause
24 exists to file the exhibit under seal, as it includes testimony about overall product development
25 strategy, including Arista's discussion with customers about their product preferences, which is
26 sensitive and highly confidential business information that would cause harm to Arista if
27 disclosed publicly.
28

4
DECLARATION OF DAVID J. ROSEN IN SUPPORT OF DEFENDANT ARISTA NETWORKS, INC.'S
ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL
Case No. 5:14-cv-05344-BLF (NC)

1082638

1  Executed August 5, 2016, at San Francisco, California.

2  I declare under penalty of perjury under the laws of the United States of America that the

3  foregoing is true and correct.

4                                                          */s/David J. Rosen*
                                                            DAVID J. ROSEN
5

5

DECLARATION OF DAVID J. ROSEN IN SUPPORT OF DEFENDANT ARISTA NETWORKS, INC.'S
ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL
Case No. 5:14-cv-05344-BLF (NC)

1082638