1  KEKER & VAN NEST LLP
   ROBERT A. VAN NEST - #84065
2  BRIAN L. FERRALL - #160847
   DAVID SILBERT - #173128
3  MICHAEL S. KWUN - #198945
   633 Battery Street
4  San Francisco, CA 94111-1809
   Telephone:   (415) 391-5400
5  Email:  rvannest@kvn.com;
   bferrall@kvn.com; dsilbert@kvn.com;
6  mkwun@kvn.com

   SUSAN CREIGHTON, SBN 135528
   SCOTT A. SHER, SBN 190053
   WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
   1700 K Street NW, Fifth Floor
   Washington, D.C., 20006-3817
   Telephone:  (202) 973-8800
   Email:  screighton@wsgr.com;
   ssher@wsgr.com

7

8  JONATHAN M. JACOBSON, NY SBN 1350495
   CHUL PAK (*pro hac vice*)
   DAVID H. REICHENBERG (*pro hac vice*)
9  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
10 1301 Avenue Of The Americas, 40th Floor
   New York, NY 10019-6022
11 Telephone:  (212) 999-5800
   Email:  jjacobson@wsgr.com; cpak@wsgr.com;
12 dreichenberg@wsgr.com

13 Attorneys for Defendant ARISTA NETWORKS, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| CISCO SYSTEMS, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>ARISTA NETWORKS, INC.,<br><br>        Defendant. | Case No. 5:14-cv-05344-BLF (NC)<br><br>**ARISTA'S NOTICE OF MOTION AND MOTION TO STRIKE EXPERT OPINIONS AND TESTIMONY OF DR. JUDITH A. CHEVALIER**<br><br>Date:        September 9, 2016<br>Time:       9:00 a.m.<br>Dept:       Courtroom 3 - 5th Floor<br>Judge:     Hon. Beth Labson Freeman<br><br>Date Filed: December 5, 2014<br><br>Trial Date: November 21, 2016 |
|---|---|

NOTICE OF MOTION AND MOTION TO STRIKE EXPERT OPINIONS AND TESTIMONY OF
DR. JUDITH A. CHEVALIER
Case No. 5:14-cv-05344-BLF (NC)

1081644

**NOTICE OF MOTION AND STATEMENT OF RELIEF SOUGHT**

PLEASE TAKE NOTICE that on September 4, 2016, at 9:00 a.m., or at such other time as the Court may direct, before the Honorable Beth Labson Freeman, at the United States District Court located at 280 South First Street, San Jose, California 95113, Defendant Arista Networks, Inc. ("Arista") will, and hereby does, move the Court pursuant to Federal Rules of Evidence 702, 703, and 403, as well as case law interpreting those rules, for an order excluding *in limine* certain opinions in the Opening Expert Report and Surrebuttal Expert Report of Judith A. Chevalier submitted by Plaintiff Cisco Systems, Inc. ("Cisco"), and testimony regarding such opinions.

This Motion to exclude certain opinions and testimony of Dr. Chevalier is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities below, the Declaration of Elizabeth K. McCloskey ("McCloskey Decl.") being filed herewith, and such other and further papers, evidence and argument as may be submitted to the Court in connection with the hearing on this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

The Court should exclude two aspects of the proposed testimony of Cisco's damages expert, Dr. Judith A. Chevalier, under Rules 702, 703, and 403, and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

*First*, Dr. Chevalier ignores 17 U.S.C. § 504(b) and controlling Ninth Circuit law by



The Ninth Circuit has held that—even if the accused infringer fails to apportion profits properly (which is not the case here)—the Court must identify the profits attributable to the infringing feature when ordering disgorgement so that the plaintiff does not receive a windfall. *See Cream Records, Inc. v. Jos. Schlitz Brewing Co.*, 754

1

NOTICE OF MOTION AND MOTION TO STRIKE EXPERT OPINIONS AND TESTIMONY OF
DR. JUDITH A. CHEVALIER
Case No. 5:14-cv-05344-BLF (NC)

1081644

1  F.2d 826, 828-29 (9th Cir. 1985). Dr. Chevalier's "no apportionment" approach seeks a remedy
2  that the law prohibits, and she should not be allowed to present it to the Court or the jury.
3       *Second*, Dr. Chevalier improperly offers a lost-profits opinion that consists only of out-of-
4  context statements by Arista witnesses, with no application of any scientific, technical, or
5  specialized knowledge. ███████████████████████████████████████████████
6  ███████████████████████████████████████████████████████████████
7  ███████████████████████████████████████████. Although her allegations
8  are wrong, Arista does not seek to preclude her from presenting Scenarios 1 and 2 to the jury. In
9  her Scenario 3, however, Dr. Chevalier considers no specific customer and applies no purported
10 expertise. ████████████████████████████████████████████████████
11 ███████████████████████████████████████████████████████████████
12 ███████████████████████████████████████████████████████████████
13 ██████████████████████████ As numerous courts have held, such "expert testimony" is
14 inadmissible because it requires no specialized knowledge that the jury lacks, and because it is
15 misleading. Its sole purpose is to place a false halo of expertise around cherry-picked statements
16 from the record.
17 **II.    LEGAL STANDARD**
18      The proponent of expert testimony "has the burden of proving admissibility." *Lust By &*
19 *Through Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996). In deciding
20 whether the proponent has carried that burden, the Court acts as a gatekeeper, ensuring that the
21 proposed expert testimony is useful to the trier of fact and based on a reliable evidentiary and
22 methodological foundation, as required by Federal Rules of Evidence 702 and 703. *See Daubert*,
23 509 U.S. at 597; *Kumho Tire Co,. Ltd. v. Carmichael*, 526 U.S. 137, 147-48 (1999). Rule 403,
24 which bars evidence that is prejudicial, confusing or misleading, also guides the Court in its
25 gatekeeping function. Indeed, because expert testimony "can be both powerful and quite
26 misleading because of the difficulty in evaluating it . . . the judge in weighing possible prejudice
27 against probative force under Rule 403 . . . exercises more control over experts than over lay
28 witnesses." *Daubert*, 509 U.S. at 595 (internal quotation omitted); *see also Mukhtar v. Calif.*

2
NOTICE OF MOTION AND MOTION TO STRIKE EXPERT OPINIONS AND TESTIMONY OF
DR. JUDITH A. CHEVALIER
Case No. 5:14-cv-05344-BLF (NC)

1081644

*State Univ. Hayward*, 299 F.3d 1053, 1063-64 (9th Cir. 2002) ("Maintaining *Daubert*'s standards is particularly important considering the aura of authority experts often exude, which can lead juries to give more weight to their testimony.").

### III.    ARGUMENT

#### A.    The Court should exclude Dr. Chevalier's "no apportionment" disgorgement claim because it violates 17 U.S.C. § 504(b) and Ninth Circuit law

The Copyright Act permits a successful plaintiff to recover "any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b); *see also Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 708 (9th Cir. 2004). As the Ninth Circuit explained in *Polar Bear*, section 504(b) "creates a two-step framework for recovery of indirect profits." *Polar Bear*, 384 F. 3d at 711. First, the copyright claimant must show a causal nexus between the infringement and the defendant's gross revenue. The burden then shifts to the defendant to "prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b); *Polar Bear*, 384 F.3d at 708-10.

Where, as here, it is clear that part of the value of the accused product is attributable to elements other than those accused of infringement, apportionment is ***required***. As the Ninth Circuit explained in *Cream Records,* 754 F.2d at 828-29:

> Although the statute imposes upon the infringer the burden of showing the elements of profit attributable to factors other than the copyrighted work, 17 U.S.C. § 504(b), nonetheless where it is clear, as it is in this case, that not all of the profits are attributable to the infringing material, the copyright owner is not entitled to recover all of those profits merely because the infringer fails to establish with certainty the portion attributable to the non-infringing elements. In cases such as this where an infringer's profits are not entirely due to the infringement, and the evidence suggests some division which may rationally be used as a springboard ***it is the duty of the court to make some apportionment***.

*Id.* (internal quotations and citations omitted) (emphasis added); *see also Guthy-Renker Corp. v. Bernstein*, 39 Fed. Appx. 584, 587 (9th Cir. 2002) ("[W]hen an infringer's profits are only partially attributable to use of the infringing work, it is the district court's duty to make some apportionment of the profits."); *Abend v. MCA, Inc.*, 863 F. d 1465, 1480 (9th Cir. 1988) (explaining that, in *Sheldon v. Metro-Goldwyn Pictures Corp.,* 106 F.2d 45, 51 (2d Cir. 1939),

3
NOTICE OF MOTION AND MOTION TO STRIKE EXPERT OPINIONS AND TESTIMONY OF
DR. JUDITH A. CHEVALIER
Case No. 5:14-cv-05344-BLF (NC)

1081644

1  Judge Learned Hand "resolved to avoid the one certainly unjust course of giving the plaintiffs
2  everything, because the defendants cannot with certainty compute their own share.").
3      That "certainly unjust course" is what Dr. Chevalier advocates in her "no apportionment"
4  approach. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
5  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
6  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
7  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
8  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
9  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
10 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
11 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
12 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓  As Judge Alsup
13 recently explained in rejecting a similar ploy by Oracle, that approach is impermissible because,
14 even if the defendant bears the burden of proof on apportionment, if the plaintiff "engages in the
15 exercise of apportionment, [it] must offer a methodology tied to the purpose of making a
16 reasonable approximation of the profits attributable to the allegedly infringing elements of" the
17 accused product. *Oracle Am., Inc. v. Google Inc.*, 2016 U.S. Dist. LEXIS 58819, *23 (N.D. Cal.
18 May 3, 2016). Accordingly, Judge Alsup precluded Oracle from presenting its no-apportionment
19 opinion to the jury—just as this Court should preclude Cisco from doing so. *Id.*
20 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
21 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
22 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
23 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
24 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
25 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
26 ▓▓▓▓▓▓▓▓  This approach should be stricken and excluded because it violates § 504(b) and
27 Ninth Circuit law.
28      Permitting Dr. Chevalier to offer a disgorgement opinion that fails to apportion profits

4

NOTICE OF MOTION AND MOTION TO STRIKE EXPERT OPINIONS AND TESTIMONY OF
DR. JUDITH A. CHEVALIER
Case No. 5:14-cv-05344-BLF (NC)

1081644

between the allegedly infringing feature and other features would invite error and allow Cisco to claim an improper windfall. The Court should preclude her from doing so.

### B. The Court should strike Dr. Chevalier's lost-profits "Scenario 3" because it is not based on specialized knowledge and it is misleading.

Under Federal Rule of Evidence 702(a), expert testimony is admissible if it is based on "scientific, technical, or other specialized knowledge" that "will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a); *see also Moses v. Payne*, 555 F.3d 742, 756 (9th Cir. 2009) ("[U]nder Rule 702, expert testimony is helpful to the jury if it concerns matters beyond the common knowledge of the average layperson and is not misleading."); *United States v. Hanna*, 293 F.3d 1080, 1086 (9th Cir. 2002).

Thus, to the extent an expert simply rehashes otherwise admissible evidence about which she has no personal knowledge, such "expert testimony" is inadmissible. *Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 469 (S.D.N.Y. 2005) (stating that even though an expert may rely upon the facts or data of others in formulating an expert opinion, "an expert cannot be presented to the jury solely for the purpose of constructing a factual narrative based upon record evidence"). Such evidence is more "properly presented through percipient witnesses and documentary evidence." *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 551 (S.D.N.Y. 2004).

Here, Dr. Chevalier offers three "Scenarios" for lost profits.



1. ███
2. ███
3. ███
4. ███
5. ███
6. ███
7. ███
8. ███
9. For example, citing testimony by Anshul Sadana, Arista's Senior Vice President of
10. Customer Engineering, ███
11. ███
12. ███
13. ███
14. ███
15. ███
16. ███
17. ███
18. ███
19. ███
20. ███
21. ███
22. ███
23. ███
24. ███
25. ███
26. ███ *Id.*
27. ███
28. ███

6

NOTICE OF MOTION AND MOTION TO STRIKE EXPERT OPINIONS AND TESTIMONY OF
DR. JUDITH A. CHEVALIER
Case No. 5:14-cv-05344-BLF (NC)

1081644

[redacted]

The dangers that this approach poses are precisely what led the Supreme Court and Congress to reign in expert testimony in *Daubert*, *Kuhmo Tire*, and Rules 702 and 703. Dr. Chevalier's Scenario 3 is not "expert testimony" in any meaningful sense. Under Federal Rule of Evidence 702(a), expert testimony is admissible if it is based on "scientific, technical, or other specialized knowledge." Fed. R. Evid. 702(a). [redacted]. Cisco should not be permitted to use Dr. Chevalier's testimony to construct "a factual narrative based upon record evidence," *Highland Capital*, 379 F. Supp. 2d at 468, implying that that evidence deserves some special value as the opinions of an "expert."

The Court should therefore strike and preclude Dr. Chevalier's opinions relating to her

---

[1] Chevalier's use of a similar approach in *Apple, Inc. v. Samsung Elecs. Co., Ltd.* led Judge Koh to exclude substantial portions of her testimony. 2014 U.S. Dist. LEXIS 24506, *53 (N.D. Cal. Feb. 25, 2014) ("Without some attempt to address the technological differences and similarities of the agreements in the record, Dr. Chevalier's use of some of those agreements and disregard of others to calculate her lump-sum amount is unreliable, irrelevant, and unhelpful to the jury's task of evaluating the result of the hypothetical negotiation.").

7

NOTICE OF MOTION AND MOTION TO STRIKE EXPERT OPINIONS AND TESTIMONY OF
DR. JUDITH A. CHEVALIER
Case No. 5:14-cv-05344-BLF (NC)

1081644

lost-profits "Scenario 3."

## IV.  CONCLUSION

For the foregoing reasons, the Court should strike and exclude (1) Dr. Chevalier's "no apportionment" disgorgement approach; and (2) "Scenario 3" of Dr. Chevalier's lost-profits opinion.

Dated:  August 5, 2016

Respectfully submitted,

KEKER & VAN NEST LLP

By:  */s/ Robert A. Van Nest*
       ROBERT A. VAN NEST

Attorneys for Defendant
ARISTA NETWORKS, INC.

8
NOTICE OF MOTION AND MOTION TO STRIKE EXPERT OPINIONS AND TESTIMONY OF
DR. JUDITH A. CHEVALIER
Case No. 5:14-cv-05344-BLF (NC)

1081644