| | |
|---|---|
| Kathleen Sullivan (SBN 242261)<br>kathleensullivan@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100<br><br>Sean S. Pak (SBN 219032)<br>seanpak@quinnemanuel.com<br>Amy H. Candido (SBN 237829)<br>amycandido@quinnemanuel.com<br>John M. Neukom (SBN 275887)<br>johnneukom@quinnemanuel.com.<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>Mark Tung (SBN 245782)<br>marktung@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100 | Steven Cherny *(admitted pro hac vice)*<br>steven.cherny@kirkland.com<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br><br>Adam R. Alper (SBN 196834)<br>adam.alper@kirkland.com<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, California 94104<br>Telephone: (415) 439-1400<br>Facsimile: (415) 439-1500<br><br>Michael W. De Vries (SBN 211001)<br>michael.devries@kirkland.com<br>KIRKLAND & ELLIS LLP<br>333 South Hope Street<br>Los Angeles, California 90071<br>Telephone: (213) 680-8400<br>Facsimile: (213) 680-8500 |

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>          Plaintiff,<br><br>     vs.<br><br>ARISTA NETWORKS, INC.,<br><br>          Defendant. | CASE NO. 5:14-cv-5344-BLF (NC)<br><br>**DECLARATION OF SARA E. JENKINS IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL CONFIDENTIAL INFORMATION IN CISCO'S MOTIONS TO EXCLUDE EXPERT OPINION TESTIMONY FROM DEFENDANT ARISTA NETWORKS, INC.'S EXPERTS** |

02099-00004/8229127.1

## DECLARATION OF SARA E. JENKINS

I, Sara E. Jenkins, declare as follows:

   **1.**   I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate with the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Plaintiff Cisco Systems, Inc. ("Cisco"). I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

   **2.**   I make this declaration in support of Cisco's Motion to File Under Seal Confidential information filed connection with Cisco's Motions to Exclude Expert Opinion Testimony from Arista Network, Inc.'s ("Arista") Experts. I make this declaration in accordance with Civil Local Rule 79-5(d)(1)(A).

   **3.**   As Motions to Exclude Expert Testimony, Cisco's Motions are non-dispositive. In this context, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamkana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003)). In addition, Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, that the document is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id*.

   **4.**   Pursuant to Civil L.R. 79-5(e), good cause exists to seal the documents identified in the Sealing Motion as containing Cisco's confidential information, also set forth below, because the information sought to be sealed reflects confidential information that "give[s] [Cisco] an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Restatement of Torts* § 757, cmt b):

| Document | Portions to Be Filed Under Seal | Party With Claim of Confidentiality |
|---|---|---|
| Cisco's Motion to Exclude Expert Opinion Testimony From Arista's Expert Dr. John Black ("Black Motion") | Highlighted Portions | Arista |
| Cisco's Motion to Exclude Expert Opinion Testimony From Arista's Expert William M. Seifert ("Seifert Motion") | Highlighted Portions | Arista |
| Cisco's Motion to Exclude Expert Opinion Testimony From Arista's Expert Cate M. Elsten ("Elsten Motion") | Highlighted Portions | Arista |
| Exhibit 1 to the Declaration of Andrew M. Holmes ("Holmes Declaration") ("Black Opening Report") | Entire | Cisco Arista Juniper Networks (Third Party) Hewlett Packard Enterprise ("HPE") (Third Party) Dell, Inc. (Third Party) |
| Exhibit 2 to the Holmes Declaration ("Black Rebuttal Report Report") | Entire | Arista Cisco |
| Exhibit 4 to the Holmes Declaration | Entire | Arista |

| Document | Portions to Be Filed Under Seal | Party With Claim of Confidentiality |
|---|---|---|
| Exhibit 5 to the Holmes Declaration ("Seifert Report") | Entire | Arista <br> Dell, Inc. (Third Party) <br> Juniper Networks (Third Party) <br> Hewlett Packard Enterprise ("HPE") (Third Party) |
| Exhibit 6 to the Holmes Declaration | Entire | Arista |
| Exhibit 7 to the Holmes Declaration ("Elsten June 3, 2016 Report") | Entire | Cisco <br> Arista <br> Dell, Inc. (Third Party) |
| Exhibit 8 to the Holmes Declaration ("Elsten Rebuttal Report") | Entire | Cisco <br> Arista <br> Dell, Inc. (Third Party) |
| Exhibit 9 to the Holmes Declaration | Entire | Cisco <br> Arista |
| Exhibit 10 to the Holmes Declaration | Entire | Cisco |
| Exhibit 12 to the Holmes Declaration ("Clark June 3, 2016 Report") | Entire | Arista |
| Exhibit 13 to the Holmes Declaration (Excerpts of the "Clark Rebuttal Report") | Entire | Arista |

**5.** Exhibit 1 is Mr. Black's opening expert report and contains information that was designated by Cisco in this matter as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. Specifically, Cisco supports the sealing of the highlighted portions of paragraphs 120, 123-125, 132, 161, 433, 438, 448-459, 461-471, 478-482, 498, 500-502, 504, 508, 510, 514, 515, 570, 580, 636, 689-691, 696, 700 and footnotes 32, 35, 40, and 128. These

portions of this exhibit contain Cisco's confidential source code, discussions of related confidential third-party source code, as well as confidential information about Cisco's licenses, business development, and competitive intelligence. As such, there are compelling reasons to seal the specified portions of this document. *See Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011) (source code is "undoubtedly a trade secret" within the sealing context); *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (documents containing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them," are properly sealed); *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (compelling reasons exist to seal documents containing "highly sensitive information regarding [a party's] product architecture and development.")

**6.** Exhibit 2 is Mr. Black's rebuttal expert report and contains information that was designated by Cisco in this matter as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. Specifically, Cisco supports the sealing of paragraphs 50-51, 55, 148, 155, 156, 159, 160, 165, and 170. These portions of this exhibit contain Cisco's confidential source code, discussions of related confidential third-party source code, as well as confidential information about Cisco's business development. As such, there are compelling reasons to seal the specified portions of this document. *See Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011) (source code is "undoubtedly a trade secret" within the sealing context); *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (documents containing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them," are properly sealed); *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (compelling reasons exist to seal documents containing "highly sensitive information regarding [a party's] product architecture and development.")

**7.** Exhibit 7 is Ms. Elsten's June 3, 2016 expert report and contains information that was designated by Cisco in this matter as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. Specifically, Cisco supports the sealing of the highlighted portions of the following: pages 7, 9, 14, 15, 21-28, 32, and 33. These portions of this exhibit contain confidential and sensitive information about Cisco's business development and technology as well as Cisco's competitive strategies. Therefore, compelling reasons justify sealing these portions of this exhibit. *See Schwartz*, 2016 WL 1301186, at *2 (discussing the harm that could result by the dissemination of similar sensitive internal business information to competitors); *Delphix*, 2014 WL 4145520, at *2 (same); *Koninklijke Philips*, 2015 WL 581574, at *1-3 (same).

**8.** Exhibit 8 is Ms. Elsten's rebuttal expert report and contains information that was designated by Cisco in this matter as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. This exhibit contains confidential and sensitive business and pricing information, confidential information about actual and prospective customers, as well as confidential data related to Cisco's sales and revenue. Cisco maintains this information in strictest confidence. Highly confidential Cisco information is intertwined throughout this exhibit. Therefore, compelling reasons justify sealing the entirety of this exhibit. *See Schwartz*, 2016 WL 1301186, at *2 (discussing the harm that could result by the dissemination of similar sensitive internal business information to competitors); *Delphix*, 2014 WL 4145520, at *2 (same); *Koninklijke Philips*, 2015 WL 581574, at *1-3 (same).

**9.** Exhibit 9 is excerpts from the July 28, 2016 deposition of Ms. Elsten. Portions of these excerpts contain information and references to documents that Cisco has designated "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. Specifically, Cisco seeks to seal 58:2-65:25. This portion of testimony discusses Cisco's confidential documents. Exhibit 9 contains Cisco's confidential business information regarding, *inter alia*, Cisco's customers, competitive intelligence and related strategies. Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may compete

1  with Cisco and gather information regarding the same less optimally than Cisco. *Elec. Arts*, 298

2  F. App'x at 569. Moreover, disclosing this information to Cisco's competitors would harm

3  Cisco's business by, *inter alia*, allowing Cisco's competitors to learn of Cisco's strategies for

4  making sales and for gathering information in furtherance of the same, and allowing competitors

5  to in turn adopt and/or counteract Cisco's strategies. This would "harm [Cisco's] competitive

6  standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

7  **10.** Exhibit 10 is copy of a March 29, 2012 email and presentation that was designated

8  by Cisco as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.

9  Specifically, exhibit 10 comprises Cisco's confidential business information regarding, *inter alia*,

10 Cisco's competitive intelligence and related strategies. Maintaining this information as

11 confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who

12 may compete with Cisco and gather information regarding the same less optimally than Cisco.

13 *Elec. Arts*, 298 F. App'x at 569. Moreover, disclosing this information to Cisco's competitors

14 would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn of Cisco's

15 strategies for making sales and for gathering information in furtherance of the same, and allowing

16 competitors to in turn adopt and/or counteract Cisco's strategies. This would "harm [Cisco's]

17 competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

18 **11.** Cisco also files this motion to seal to provide Arista Networks, Inc. and third

19 parties the opportunity to file a declaration pursuant to Civil Local Rule 79-5(e) regarding the

20 confidentiality of some exhibits. The portions of exhibits that contain third-party confidential

21 information are detailed below. The exhibits that contain Arista confidential information are

22 indicated in the chart above.

23 *Dell Confidential Information:*

24 **12.** The following portions of exhibits to the Holmes Declaration are documents and/or

25 deposition transcripts previously designated as "Confidential" or "Highly Confidential –

26 Attorney's Eyes Only" by third-party Dell, Inc.:

(a) Exhibit 1, paragraphs 296-300

(b) Exhibit 5, footnotes 41, 58 and 59

(c) Exhibit 7, portions of page 30

(d) Exhibit 8, portions of page 35

*Juniper Confidential Information*

**13.** The following portions of exhibits to the Holmes Declaration are documents and/or deposition transcripts previously designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" by third-party Juniper Networks:

(a) Exhibit 1, paragraphs 375-377

(b) Exhibit 5, portions of page 34 and footnote 59

(c) Exhibit 12, paragraphs 170-194

*Hewlett Packard Confidential Information*

**14.** The following portions of exhibits to the Holmes Declaration are documents and/or deposition transcripts previously designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" by third-party Hewlett Packard Enterprise:

(a) Exhibit 1, paragraphs 361, 473, 474, 476-480, 483.

(b) Exhibit 5, paragraph 73 and footnote 44.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed in Redwood Shores, California, on August 5, 2016.

*/s/ Sara E. Jenkins*
Sara E. Jenkins

**SIGNATURE ATTESTATION**

Pursuant to Civ. L.R. 5-1(i)(3), the undersigned hereby attests under penalty of perjury that concurrence in the filing of this document has been obtained from the signatory indicated by the "conformed" signature (/s/) of registered ECF User Sara E. Jenkins.

Dated: August 5, 2016               */s/ John M. Neukom*
                                     John M. Neukom