Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART & SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Mark Tung (SBN 245782)
marktung@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven Cherny *(admitted pro hac vice)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

CISCO SYSTEMS, INC.,

Plaintiff,

vs.

ARISTA NETWORKS, INC.,

Defendant.

CASE NO. 5:14-cv-5344-BLF (PSG)

**CISCO'S NOTICE OF MOTION AND MOTION TO EXCLUDE EXPERT OPINION TESTIMONY FROM DEFENDANT'S EXPERT DR. JOHN BLACK**

**REDACTED VERSION**

Date: September 9, 2016
Time: 9:00 a.m.
Judge: Hon. Beth Labson Freeman

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ..... 1

I. INTRODUCTION ..... 1

II. LEGAL STANDARD ..... 1

III. ARGUMENT ..... 2

A. The Court Should Exclude Dr. Black's Opinions Regarding "*De Facto* Industry Standards" ..... 2

1. Dr. Black Is Unqualified To Opine On "De Facto Industry Standards" Under Fed. R. Evid. 702(a) ..... 3

2. Dr. Black's De Facto Industry Standard Opinions Are Unreliable Under Fed. R. Evid. 702(c) ..... 4

3. Dr. Black's Industry Standard Opinions Are Irrelevant ..... 8

B. The Court Should Exclude Dr. Black's Opinions Regarding Corporate Intent And The Subjective Beliefs of Others ..... 9

IV. CONCLUSION ..... 10

# TABLE OF AUTHORITIES

**Page**

## Cases

*BorgWarner, Inc. v. Honeywell Int'l, Inc.*,
750 F. Supp. 2d 596 (W.D.N.C. 2010) .......... 10

*Clausen v. M/V NEW CARISSA*,
339 F.3d 1049 (9th Cir. 2003), *as amended on denial of reh'g* (Sept. 25, 2003) .......... 8

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
43 F.3d 1311 (9th Cir. 1995) ("Daubert II") .......... 2, 8

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
509 U.S. 579 (1993) .......... 1, 2, 5, 9

*Diviero v. Uniroyal Goodrich Tire Co.*,
114 F.3d 851 (9th Cir. 1997) .......... 10

*Domingo ex rel. Domingo v. T.K.*,
289 F.3d 600 (9th Cir. 2002) .......... 8

*Fedunikl v. Old Republic Nat'l Title Co.*,
No. 13-cv-02060-BLF, 2015 WL 1969369 (N.D. Cal. May 1, 2015) .......... 2, 4, 6, 9

*Finjan, Inc. v. Blue Coat Sys., Inc.*,
No. 13-cv-03999-BLF, 2015 WL 4272870 (N.D. Cal. Jul. 14, 2015) .......... 10

*Island Intell. Prop. LLC v. Deutsche Bank AG*,
2012 WL 526722 (S.D.N.Y. Feb. 14, 2012) .......... 10

*Kumho Tire Co. v. Carmichael*,
119 S. Ct. 1167 (1999) .......... 6

*Mullins v. Premier Nutrition Corp.*,
No. 13-CV-01271-RS, 2016 WL 1534784 (N.D. Cal. Apr. 15, 2016) .......... 4

*Oracle v. Google*,
750 F.3d 1339 (Fed. Cir. 2014) .......... 9

*Practice Mgmt. Info. Corp. v. Am. Med. Ass'n*,
121 F.3d 516 (9th Cir. 1997) .......... 9

## Statutes

Fed. R. Evid. 401 .......... 9

Fed. R. Evid. 403 .......... 9

Fed. R. Evid. 702 .......... 2, 3, 5, 9

PLEASE TAKE NOTICE, that on September 9, 2016, at 9:00 a.m., or at such other time as the Court may direct, before the Honorable Beth Labson Freeman in the United States District Court for the Northern District of California, Plaintiff Cisco Systems, Inc. ("Cisco"), will, and hereby does, move the Court under Federal Rules of Evidence 401, 403, 702, and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), to exclude certain opinions of Defendant Arista Networks, Inc.'s expert Dr. John Black. This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities below, the Declaration of Andrew M. Holmes filed herewith, and such other papers, evidence and argument as may be submitted to the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Cisco respectfully moves to exclude certain opinions and testimony of Arista's technical expert on copyright issues, Dr. John Black, on two grounds. First, Dr. Black's opinion that there is a *de facto* "industry standard" for a command line interface ("CLI") should be excluded because Dr. Black does not have any industry standard expertise and his methodologies and conclusions are unreliable. Moreover, his opinion is not relevant to any claim, defense, or issue in this case. Second, throughout his reports Dr. Black speculates about corporate intent and the beliefs of third parties, which is improper for any expert, especially a computer scientist like Dr. Black.

## II. LEGAL STANDARD

Under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), this Court serves as a "gatekeeper" for expert opinion testimony. Under Rule 702, a proposed expert may present opinion testimony to the jury only if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Rule 702. As clarified in *Daubert*, the Court may consider whether the expert's theory or technique (1) may be objectively tested; (2) has been subject to peer review and publication; (3) has a known rate of error; and (4) has been generally accepted. 509 U.S. at 592-94. Other factors include whether the proposed experts are "proposing to testify about matters growing

naturally and directly out of research they have conducted independent of the litigation, or whether they have developed their opinions expressly for purposes of testifying." *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1317 (9th Cir. 1995) ("*Daubert II*"); *see also Feduniak v. Old Republic Nat'l Title Co.*, No. 13-cv-02060-BLF, 2015 WL 1969369, at *1-2 (N.D. Cal. May 1, 2015) (discussing the legal standards for *Daubert* motions). The proponent of the expert testimony must prove that the elements of Rule 702 have been met. *Daubert*, 509 U.S. at 592.

## III. ARGUMENT

### A. The Court Should Exclude Dr. Black's Opinions Regarding "*De Facto* Industry Standards"

Dr. Black submitted two expert reports on behalf of Arista in this case. On June 3, 2016, Dr. Black submitted an opening report titled "Expert Report of John R. Black, Jr." ("Black Opening," Ex. 1[1]). On June 17, 2016, Dr. Black submitted a rebuttal report titled "Rebuttal Expert Report of John R. Black, Jr." ("Black Rebuttal," Ex. 2). In both reports, Dr. Black offers opinions on what he refers to as *de facto* industry standards. Black Opening ¶¶ 67-90, 171; Black Rebuttal ¶¶ 125-132. According to Dr. Black, *de facto* industry standards "are created simply by the weight of their presence, adoption, and acceptance by vendors and customers in an industry" as opposed to formal standards, which are "defined and typically ratified by standards setting organizations." Black Opening ¶ 82, 83. Although Dr. Black never explains why his *de facto* industry standard opinions are at all relevant to this case, the apparent purpose is to offer an opinion that Cisco's CLI—the core of Cisco's copyright infringement allegations—has come to be a "*de facto* industry standard CLI" and that Arista uses that same *de facto* industry standard CLI. Black Opening ¶ 171. Dr. Black defines this so-called *de facto* industry standard CLI as follows:

[1] Unless otherwise noted, references to "Ex." herein refer to exhibits to the Declaration of Andrew M. Holmes filed concurrently herewith.

*Id.*

For three reasons, Dr. Black's opinions about *de facto* industry standards should be excluded. *First*, Dr. Black has no relevant experience with industry standards or defining *de facto* industry standards and is therefore unqualified to offer such opinions. *Second*, the opinions Dr. Black's offers about a *de facto* industry standard CLI are untestable, unreliable, not peer reviewed, and have never been accepted by any scientific community. *Third*, the existence of a *de facto* industry standard CLI is not relevant to any legal claim or defense in this case, and allowing Dr. Black to offer such irrelevant opinions would confuse the jury and prejudice Cisco.

1. **<u>Dr. Black Is Unqualified To Opine On "De Facto Industry Standards" Under Fed. R. Evid. 702(a)</u>**

Federal Rule of Evidence 702 mandates that a witness offering "expert" testimony must be "qualified as an expert by knowledge, skill, experience, training, or education" before allowed to offer expert opinions. Fed. R. Evid. 702. Here, Dr. Black fails to meet this standard with respect to his "*de facto* industry standard" opinions.

Although Dr. Black may have some expertise in computing and networking, Dr. Black is not an expert in industry standards let alone *de facto* industry standards. Dr. Black is a computer scientist whose research focus is "cryptography" and "security." Ex. 3, Black CV. Dr. Black has been a professor for many years and has taught courses relating to computing and mathematics but not industry standards. *Id.* ¶ 14. Currently, Dr. Black works for a Colorado start-up company " [REDACTED] Black Opening ¶ 15.

None of Dr. Black's experience qualifies him to offer opinions on *de facto* industry standards. Dr. Black is not [REDACTED] Ex. 4, Black Tr. 68:10-19, 70:15-71:3, 121:8-13. He has never [REDACTED] *Id.* at 71:6-9. He has never [REDACTED] Ex. 3. Dr. Black also has never [REDACTED] Ex. 4, Black Tr. 67:22-68:8. Prior to this case,

in fact, Dr. Black has never [redacted] *Id.* at 134:16-22, 135:3-8. At his deposition, [redacted] *Id.* at 71:10-21. [redacted] *Id.* at 69:16-24.

Further, Dr. Black's credentials as a computer scientist do not automatically qualify him to offer opinions on *de facto* industry standards relating to CLIs (or on industry standards at all). As courts in this District have held, "[e]ven the most qualified expert may not offer any opinion on any subject; the expert's opinion must be grounded in his or her personal 'knowledge, skill, experience, training, or education.'" *Mullins v. Premier Nutrition Corp.*, No. 13-CV-01271-RS, 2016 WL 1534784, at *22 (N.D. Cal. Apr. 15, 2016) (precluding expert opinions about, e.g., "the state of the scientific literature"). Here, Dr. Black clearly does not meet this standard with respect to his opinions on *de facto* industry standards, and those opinions should be excluded. *Feduniak*, 2015 WL 1969369, at *5 (excluding an expert with otherwise "impressive" qualifications).

2. **<u>Dr. Black's De Facto Industry Standard Opinions Are Unreliable Under Fed. R. Evid. 702(c)</u>**

Rule 702 "assign[s] to the trial judge the task of ensuring that an expert's testimony both ***rests on a reliable foundation*** and is relevant to the task at hand." *Daubert*, 509 U.S. at 591. In *Daubert*, the Supreme Court outlined four factors relevant to the reliability prong, which are laid out above in Section II. *Daubert*, 509 U.S. at 593–94. Dr. Black's opinions that there is a *de facto* industry standard CLI fail all of these factors. As explained below, the *de facto* industry standard CLI that Dr. Black attempts to opine on lacks any objective definition or technical basis.

(a) <u>The *De Facto* Industry Standard Theory Cannot Be Tested & There Is No Known Potential Rate of Error</u>

*First*, Dr. Black's *de facto* industry standard theory cannot be independently tested because it rests on a fundamentally flawed premise rooted not in science but in the facts of this specific litigation: Dr. Black ***defined*** the *de facto* industry standard CLI based on Cisco's infringement allegations. Dr. Black testified that

*Id.* at 177:16-178:5. That is at least because, *Id.* at 188:10-16. In other words, *See Kumho Tire Co, Ltd.. v. Carmichael*, 119 S.Ct. 1167, 1176 (1999) (*Daubert* requires courts to assure that an expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field"); *Feduniak*, 2015 WL 1969369, at *4 (considering "the 'very significant fact' that [the expert's] methodology was developed for th[e] litigation").

*Second*, Dr. Black's *de facto* industry standard CLI opinions cannot be tested because his opinions are subjective and, thus, there is no applicable "test." According to Dr. Black,



[redacted] Black Opening ¶ 171. But during his deposition, Dr. Black testified *seriatim* that [redacted] for determining what satisfies this definition:

- [redacted]
- [redacted]
- [redacted]
- [redacted]
- [redacted]
- [redacted]
- [redacted]

The testimony from Dr. Black could not be more clear: There is no real-world definition for the so-called *de facto* industry standard CLI, and Dr. Black's own definition cannot be tested.

There are numerous other flaws in Dr. Black's analysis that render his opinions unverifiable and unreliable as well. For example, Dr. Black does not know ***when*** the *de facto* industry standard CLI was created, which means that it is impossible to test his theory at any specific point in time. Ex 4, Black Tr. at 174:7-15 ("[redacted] *Id.* at 174:16-22 (same). As another example, Dr. Black omitted over 10% of the asserted command expressions from his analysis, rendering his data incomplete and conclusions defective. *Id.* at 237:3-11, 253:22-254:6

[redacted]"), 254:7-19 (same). When questioned about the omitted command expressions, Dr. Black conceded that those commands were [redacted] part of his *de facto* industry standard CLI. *Id.* at 254:20-25. And when asked if all of the command expressions he analyzed met his "widespread" usage definition, Dr. Black was [redacted]

Another major flaw in Dr. Black's methodology is that he failed to survey the "industry" and admitted to [redacted]

In sum, Dr. Black's *de facto* industry standard CLI was not derived from the "scientific method of the kind traditionally used by experts in the field," *Domingo ex rel. Domingo v. T.K.*, 289 F.3d 600, 607 (9th Cir. 2002), let alone "good science," which thus undermines any confidence in the reliability of his opinions. *Daubert II*, 43 F.3d at 1315 (citation omitted).

(b) <u>Dr. Black's *De Facto* Industry Standard Theory Has Not Been Peer Reviewed & Has Never Been Generally Accepted</u>

Neither Arista nor Dr. Black has offered evidence that the methodologies underlying his *de facto* industry standard CLI opinions have ever been peer reviewed or that they have been

accepted in the industry. When asked if there was a way to independently verify his methodologies, Dr. Black resorted to [REDACTED]. But when asked if there was a publication that supported his opinions, Dr. Black was [REDACTED] *Id.* at 137:24-138:8. The most Dr. Black offered when asked if he confirmed that his methodologies were accepted in the industry were [REDACTED]

Dr. Black also failed to explain "precisely" how he went about reaching his conclusions by, for example, pointing to an objective source that would corroborate that he followed a recognized scientific methodology. *Clausen v. M/V NEW CARISSA*, 339 F.3d 1049, 1056 (9th Cir. 2003), *as amended on denial of reh'g* (Sept. 25, 2003) (citation omitted). Instead, as discussed above, Dr. Black's testimony confirms that he applied a novel, subjective methodology in order to define his *de facto* industry standard CLI, and he did so by mirroring Cisco's infringement allegations rather than employing an objective test. Ex. 4, Black Tr. at 178:7-22; 190:3-13. Indeed, Dr. Black has admitted that, if he were going to perform this same analysis outside of this case, [REDACTED] *Id.* at 177:16-178:5. These two factors thus weigh toward exclusion as well. *See Feduniak*, 2015 WL 1969369, at *4.

3. **Dr. Black's Industry Standard Opinions Are Irrelevant**

Rule 702 "assign[s] to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and ***is relevant to the task at hand***." *Daubert*, 509 U.S. at 591. "Fed. R. of Evid. 403 gives the court discretion to exclude relevant evidence 'if its probative value

is substantially outweighed by a danger of… unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.'" *Id.* Here, Dr. Black's opinions relating to the existence of a *de facto* industry standard CLI are not relevant to any claim or defense and if permitted would certainly confuse the jury to Cisco's detriment. Fed. R. Evid. 401, 403. There is no "industry standard" defense to copyrightability. As the court explained in *Oracle Am., Inc. v. Google Inc.*, 750 F.3d 1339 (Fed. Cir. 2014), there is no authority for the proposition that "that copyrighted works lose protection when they become popular." *Id.* at 1372. To the contrary, *Oracle* noted, "the Ninth Circuit has rejected the argument that a work that later becomes the industry standard is uncopyrightable." *Id.* (citing *Practice Mgmt. Info. Corp. v. Am. Med. Ass'n*, 121 F.3d 516, 520 n.8 (9th Cir. 1997)). Dr. Black's *de facto* industry standard opinions should therefore be excluded—they are of no consequence to determining any issue in this case and would only confuse the jury and prejudice Cisco. *See Daubert*, 509 U.S. at 591 (expert testimony that does not "relate to any issue in the case is not relevant").

### B. The Court Should Exclude Dr. Black's Opinions Regarding Corporate Intent And The Subjective Beliefs of Others

Corporate intent and the subjective beliefs of others are not proper topics for expert testimony, let alone for the testimony of a technical expert with no specialized education, training, or experience in psychology, business, or the law. Fed. R. Evid. 702; *Daubert*, 509 U.S. at 592. Here, Dr. Black has provided improper opinions and speculation about corporate intent and beliefs of third parties, concluding that [redacted]

[redacted]

These opinions—which consist of unexplained conclusions about third-party beliefs untethered from computer science—are not based on any technical expertise possessed by Dr. Black. Dr. Black does not have expertise in organizational behavior, psychology, or any other field that might enable him to provide expertise to the jury about what corporations were thinking, what they might think was "reasonable," what they believed was "well known," or what end users are or are not "familiar" with. Ex. 4, Black Tr. at 66:10-14, 67:4-9. As this Court has held, it is beyond the purview of technical experts like Dr. Black to opine about what others "thought" or what others' "subjective beliefs" might be. *Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 13-cv-03999-BLF, 2015 WL 4272870, at *3 (N.D. Cal. Jul. 14, 2015). Many other courts have agreed. *E.g.*, *Diviero v. Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir. 1997) ("Rule 702 demands that expert testimony . . . not include unsubstantiated speculation and subjective beliefs."); *Island Intellectual Prop. LLC v. Deutsche Bank AG*, No. 09-cv-2675 (KBF), 2012 WL 526722, at *8 (S.D.N.Y. Feb. 14, 2012); *BorgWarner, Inc. v. Honeywell Int'l, Inc.*, 750 F. Supp. 2d 596, 611 (W.D.N.C. 2010).

## IV. CONCLUSION

For the foregoing reasons, Cisco respectfully requests that the Court exclude the opinions and testimony from Dr. Black identified above.

Dated: August 5, 2016

Respectfully submitted,

*/s/ John M. Neukom*

Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)

amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART & SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Mark Tung (SBN 245782)
marktung@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven Cherny *admitted pro hac vice)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*