| | |
|---|---|
| Kathleen Sullivan (SBN 242261)<br>kathleensullivan@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100<br><br>Sean S. Pak (SBN 219032)<br>seanpak@quinnemanuel.com<br>Amy H. Candido (SBN 237829)<br>amycandido@quinnemanuel.com<br>John M. Neukom (SBN 275887)<br>johnneukom@quinnemanuel.com.<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700 | Steven Cherny *(admitted pro hac vice)*<br>steven.cherny@kirkland.com<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br><br>Adam R. Alper (SBN 196834)<br>adam.alper@kirkland.com<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, California  94104<br>Telephone: (415) 439-1400<br>Facsimile: (415) 439-1500<br><br>Michael W. De Vries (SBN 211001)<br>michael.devries@kirkland.com<br>KIRKLAND & ELLIS LLP<br>333 South Hope Street<br>Los Angeles, California 90071<br>Telephone: (213) 680-8400<br>Facsimile: (213) 680-8500 |

*Attorneys for Plaintiff Cisco Systems, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>           Plaintiff,<br><br>     vs.<br><br>ARISTA NETWORKS, INC.,<br><br>           Defendant. | CASE NO. 5:14-cv-5344-BLF<br><br>**CISCO SYSTEMS, INC.'S MOTION TO EXCLUDE OPINION TESTIMONY OF DOUGLAS W. CLARK**<br><br>Date:  September 9, 2016<br>Time:  9:00 a.m.<br>Dep't:  Courtroom 3, 5th Floor<br>Judge:  Hon. Beth Labson Freeman<br><br>Date Filed:  December 5, 2014<br><br>Trial Date:  November 21, 2016 |

# TABLE OF CONTENTS

| | Page |
|---|---|
| MEMORANDUM OF POINTS AND AUTHORITIES | 1 |
| I. INTRODUCTION | 1 |
| II. LEGAL STANDARD | 1 |
| III. ARGUMENT | 2 |
|     A. Dr. Clark Failed To Conform His Invalidity Opinion To The Court's Claim Construction | 2 |
|     B. The Court Should Exclude Dr. Clark's Invalidity Opinion In Its Entirety | 4 |
| IV. CONCLUSION | 5 |

## TABLE OF AUTHORITIES

**Page**

### Cases

*ASUS Computer Int'l v. Round Rock Research, LLC*,
  No. 12-CV-02099 JST (NC), 2014 WL 1463609 (N.D. Cal. Apr. 11, 2014) ............................ 2

*Chicago Mercantile Exch., Inc. v. Tech. Research Grp., LLC*,
  782 F. Supp. 2d 667 (N.D .Ill. 2011) ..................................................................... 2, 5

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
  509 U.S. 579 (1993) ..................................................................................................... 1

*Hochstein v. Microsoft Corp.*,
  No. 04–cv–073071 PDB, 2009 WL 2022815 (E. D. Mich. July 7, 2009) .................. 2

*Kumho Tire Co., Ltd. v. Carmichael*,
  526 U.S. 137 (1999) ..................................................................................................... 2

*Liquid Dynamics Corp. v. Vaughan Co., Inc.*,
  449 F.3d 1209 (Fed. Cir. 2006) .................................................................................... 2

### Statutes

Fed. R. Evid. 401 ................................................................................................................ 1

Fed. R. Evid. 402 ............................................................................................................ 1, 2

Fed. R. Evid. 403 ............................................................................................................ 1, 5

Fed. R. Evid. 702 ................................................................................................................ 2

PLEASE TAKE NOTICE, that on September 9, 2016, at 9:00 a.m., before the Hon. Beth Labson Freeman in the U.S. District Court for the Northern District of California, Plaintiff Cisco Systems, Inc. ("Cisco"), will, and hereby does, respectfully move the Court under Fed. R. Evid. 401, 403, 702, and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), to exclude all testimony from Defendant Arista Networks, Inc.'s proposed witness Douglas W. Clark regarding invalidity of the asserted claims of U.S. Patent No. 7,047,526.  This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities below, the Declaration of Andrew M. Holmes filed herewith, and such other papers, evidence and argument as may be submitted to the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Dr. Clark prepared and disclosed opinions purporting to find that the asserted claims of the '526 patent are invalid in view of the prior art.  But Dr. Clark never addressed invalidity of the asserted claims of the '526 patent under the Court's claim construction order dated June 15, 2016, even though Dr. Clark had ample opportunity to do so.  Moreover, at his deposition, Dr. Clark admitted that he had not taken the Court's claim construction order into account in disclosing his invalidity opinions and had ***no opinions*** regarding the validity of the '526 patent in light of the Court's claim construction order.

Dr. Clark's failure to address validity in light of the Court's interpretation of the '526 patent's claim language warrants the exclusion of Dr. Clark's expert testimony from this case under Federal Rules of Evidence 401, 403 and 702.  Dr. Clark has no admissible or relevant testimony to provide to the jury regarding the validity of the '526 patent.

### II. LEGAL STANDARD

Under Federal Rules of Evidence 401 and 402, only relevant evidence is admissible. Fed. R. Evid. 401, 402. Rule 403 permits courts to exclude even relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice,

1  confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting
2  cumulative evidence." Fed. R. Evid. 403.
3        Under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S.
4  579 (1993), this Court serves as a "gatekeeper" for expert opinion testimony. Under Rule 702, a
5  proposed expert may present opinion testimony to the jury only if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

9  Fed. R. Evid. 702.
10       Expert testimony is only admissible if it is relevant and reliable. *Kumho Tire Co., Ltd. v.*
11 *Carmichael,* 526 U.S. 137, 149 (1999). For technical expert testimony on patent infringement and
12 invalidity issues, it is well-settled that experts should not and may not offer opinion testimony to
13 the jury unless such testimony is consistent with the court's interpretation of the claim language.
14 *Chicago Mercantile Exch., Inc. v. Tech. Research Group., LLC,* 782 F.Supp 2d 667, 673 (N.D .Ill.
15 2011) ("[E]vidence based upon a mistaken construction of a patent is irrelevant.") Thus, expert
16 opinions based on incorrect claim constructions are properly excluded as both irrelevant under
17 Rule 401 and unreliable under Rule 702. *See Liquid Dynamics Corp. v. Vaughan Co., Inc.,* 449
18 F.3d 1209, 1224 n.2 (Fed. Cir. 2006) (holding that district court did not abuse its discretion by
19 excluding expert testimony based on an incorrect claim construction); *see also ASUS Computer*
20 *Int'l v. Round Rock Research, LLC*, No. 12-CV-02099 JST (NC), 2014 WL 1463609, at *5 (N.D.
21 Cal. Apr. 11, 2014); *Hochstein v. Microsoft Corp.,* No. 04–cv–073071 PDB, 2009 WL 2022815,
22 at *1 (E. D. Mich. July 7, 2009) (excluding expert testimony based on incorrect claim
23 construction).

### III.   ARGUMENT

#### A.   Dr. Clark Failed To Conform His Invalidity Opinion To The Court's Claim Construction

Dr. Clark is a Professor Emeritus in Computer Science at Princeton University. Ex. 12, Opening Expert Report of Douglas W. Clark Regarding Invalidity of U.S. Patent No. 7,047,526

("Clark Rep.") at ¶ 8.[1]  He prepared two written reports in this case. The first, dated June 3, 2016, was an opening report directed to the purported invalidity of Cisco's U.S. Patent No. 7,047,526. Ex. 12, Clark Rep. In that report, he addressed "claim construction" for the '526 patent, *id.* at ¶¶ 23-26, but noted that the Court had not yet construed the disputed terms of the '526 patent, *id.* at ¶¶ 23-24.  He reserved the right to supplement his opinions after the Court's issuance of a claim construction order. *Id.* at ¶ 26.  He then proceeded to offer invalidity opinions according to the parties' respective claim construction positions.  *Id.* at pp. 24-34 (anticipation and obviousness in light of Cisco's IOS 12); pp. 49-63 (anticipation in light of Lucent Avaya Definity Audix System Release 4.0); pp. 63-76 (anticipation in light of JUNOS 4.0); and pp. 76-117 (anticipation in light of Martinez-Guerra).

On June 15, 2016, the Court issued its claim construction order.  Dkt. 310.  In that order, the Court construed numerous terms in ways that Dr. Clark had not anticipated nor addressed in his opening expert report on invalidity.  *See, e.g.*, *id.* at 18-19 (construing "management programs" as "tools or agents configured to execute user-directed commands having their own respective command formants that provide management functions"; construing "command action value" as "a value that identifies a prescribed command").

Dr. Clark prepared a rebuttal report dated June 17, 2016, directed to the "conception and reduction to practice" of the '526 patent. Ex. 13, ("Clark Reb. Rep.").  In that report, Dr. Clark stated that he had "read and considered the Court's Claim Construction Order," Clark Reb. Rep. at ¶ 10, and opined that Cisco had not conceived of or reduced to practice the '526 patent as early as Cisco's technical expert Dr. Jeffay had opined, *id.* at ¶¶ 12-20.  But Dr. Clark's rebuttal report failed to address how the Court's claim construction order affected his invalidity opinions.

Cisco deposed Dr. Clark on July 6, 2016.  Dr. Clark repeatedly admitted that he had not disclosed any opinion on invalidity applying the Court's claim construction order.  Ex. 14, 7/6/2016 Deposition Transcript of Douglas W. Clark, Ph.D. ("Clark Depo.") at 11:19-23 ("Q. You

---

[1] Unless otherwise noted, references to "Ex." herein refer to exhibits to the Declaration of Andrew M. Holmes filed concurrently herewith.

haven't put forth any report that applies the Court's claim construction for purposes of your invalidity analysis? A. That's correct."); *id.* at 13:23-24 ("Q. What reports are those opinions expressed in? A. They are not expressed in any report.").

### B. The Court Should Exclude Dr. Clark's Invalidity Opinion In Its Entirety

Under Rules 401, 403 and 702, Dr. Clark's testimony on invalidity should be excluded, because he has disclosed no invalidity opinions consistent with the Court's claim construction order and readily admitted as much at his deposition. *See* Ex 14, Clark Depo. at 15:16-24 ("Q. If I wanted to understand what your opinions were on invalidity applying the Court's claim construction before I sa[t] down to today's deposition, how would I be able to do that? A. You would not be."); *id.* at 16:5-11 ("Q. Under the opinions expressed in your only expert report that relates to validity, you have no opinion that any prior art reference invalidates any asserted claim of the '526 patent under the Court's claim constructions, correct? A. I think that is right.").

Dr. Clark further admitted that the Court's claim construction ruling might have had a material effect on his opinion on validity. For example, the Court construed the phrase "the command parse tree having elements each specifying at least one corresponding generic command component and a corresponding at least one command action value" to mean "the command parse tree having elements, such that each element specifies at least one command action value for each generic command component." Dkt. 310 at 10-11. And Dr. Clark admitted that, under that construction, the prior art he had identified in his opening report does not invalidate the relevant claims. Ex. 14, Clark Depo. at 113:15-24 ("Q…. If you assume that the asserted claims of the '526 patent require every single element of the tree to have a corresponding at least one command action value, none of the references that you've identified in your report anticipate or render obvious the asserted claims, true? A. Under that assumption, that is true."). Given that, Dr. Clark has no relevant testimony on validity issues to offer to the jury.

There is also no dispute that Dr. Clark had sufficient time to consider the Court's claim construction order and offer expert opinions under the Court's construction during expert discovery. Dr. Clark served a rebuttal report in this case after the Court's construction, but limited

his opinions in his rebuttal to conception and reduction to practice of the '526 patent. He confirmed at his deposition that he had sufficient time to consider the Court's claim constructions before serving that rebuttal report. *Id.* at 130:7-131-2. But that rebuttal report (and all of Dr. Clark's reports) are silent in applying the Court's claim construction order to his invalidity analysis. *Id.* at 14:14-15:8 ("Q. You submitted a rebuttal report—report that applied the Court's claim construction, right? A. Yes. Q. And in that report did you address your invalidity analysis? A. No. Q. Why not? A. I was not asked to."). In sum, Dr. Clark had the Court's claim construction order and sufficient time to consider it to form his opinions. He could have served a supplemental report addressing the Court's constructions for invalidity, but chose not to.

Even at his deposition, with the Court's claim construction opinion in hand, Dr. Clark admitted that he had no invalidity opinions to offer under the Court's claim constructions. *See id.* at 131:25-132:8 ("Q. Now that we have the Court's claim construction order, you don't have any invalidity opinions sitting here today under the Court's claim construction order, right? A. I want to say if I'm right in my interpretation of the Court's claim constructions, then I don't.").

Dr. Clark did not provide any opinions under the proper claim construction issued by the Court. His testimony regarding invalidity is thus both irrelevant and unreliable and should be excluded. *Chicago Mercantile Exch., Inc.,* 782 F.Supp. at 673 ("[E]vidence based upon a mistaken construction of a patent is irrelevant."). To the extent the Court considers his invalidity opinions relevant at all (they are not), they still should be excluded because their probative value is substantially outweighed by the possibility that Dr. Clark's invalidity opinions using rejected and stale proposed claim constructions from the parties will confuse and mislead the jury. Fed. R. Evid. 403.

## IV.  CONCLUSION

For all the foregoing reasons, Cisco's Motion to Exclude the Opinion Testimony of Douglas W. Clark should be GRANTED.

| | |
|---|---|
| Dated: August 5, 2016 | Respectfully submitted, |
| | */s/* John M. Neukom _____ |
| | Kathleen Sullivan (SBN 242261) |
| | kathleensullivan@quinnemanuel.com |
| | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| | 51 Madison Avenue, 22nd Floor |
| | New York, NY 10010 |
| | Telephone: (212) 849-7000 |
| | Facsimile: (212) 849-7100 |
| | |
| | Sean S. Pak (SBN 219032) |
| | seanpak@quinnemanuel.com |
| | Amy H. Candido (SBN 237829) |
| | amycandido@quinnemanuel.com |
| | John M. Neukom (SBN 275887) |
| | johnneukom@quinnemanuel.com. |
| | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| | 50 California Street, 22nd Floor |
| | San Francisco, CA 94111 |
| | Telephone: (415) 875-6600 |
| | Facsimile: (415) 875-6700 |
| | |
| | Steven Cherny *admitted pro hac vice)* |
| | steven.cherny@kirkland.com |
| | KIRKLAND & ELLIS LLP |
| | 601 Lexington Avenue |
| | New York, New York 10022 |
| | Telephone: (212) 446-4800 |
| | Facsimile: (212) 446-4900 |
| | |
| | Adam R. Alper (SBN 196834) |
| | adam.alper@kirkland.com |
| | KIRKLAND & ELLIS LLP |
| | 555 California Street |
| | San Francisco, California 94104 |
| | Telephone: (415) 439-1400 |
| | Facsimile: (415) 439-1500 |
| | |
| | Michael W. De Vries (SBN 211001) |
| | michael.devries@kirkland.com |
| | KIRKLAND & ELLIS LLP |
| | 333 South Hope Street |
| | Los Angeles, California 90071 |
| | Telephone: (213) 680-8400 |
| | Facsimile: (213) 680-8500 |
| | |
| | *Attorneys for Plaintiff Cisco Systems, Inc.* |