09:01AM

1                IN THE UNITED STATES DISTRICT COURT

2              FOR THE NORTHERN DISTRICT OF CALIFORNIA

3                        SAN JOSE DIVISION

4

CISCO SYSTEMS, INC.,              )  CV-14-5344
5                                 )
                    PLAINTIFF,    )  SAN JOSE, CALIFORNIA
6                                 )
        VS.                       )  AUGUST 4, 2016
7                                 )
ARISTA NETWORKS, INC.,            )  PAGES 1-98
8                                 )
                    DEFENDANT.    )
9                                 )
                                  )
10                                )

11                    TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE BETH LABSON FREEMAN
12                 UNITED STATES DISTRICT JUDGE

13

14      A P P E A R A N C E S:

15      FOR THE PLAINTIFF:  BY:  KATHLEEN MARIE SULLIVAN
                           QUINN EMANUEL URQUHART AND SULLIVAN,
16                         LLP
                           51 MADISON AVE, 22D FLOOR
17                         NEW YORK, NY 10022

18      FOR THE DEFENDANT:  ROBERT ADDY VAN NEST
                           RYAN WONG
19                         DAVID SILBERT
                           BRIAN FERRALL
20                         KEKER & VAN NEST LLP
                           633 BATTERY STREET
21                         SAN FRANCISCO, CA 94111-1809

22              APPEARANCES CONTINUED ON THE NEXT PAGE

23      OFFICIAL COURT REPORTER:  SUMMER FISHER, CSR, CRR
                                  CERTIFICATE NUMBER 13185

24

25          PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
                TRANSCRIPT PRODUCED WITH COMPUTER

1    FOR THE PLAINTIFF: SEAN SANG-CHUL PAK
             QUINN EMANUEL URQUHART & SULLIVAN, LLP
2             50 CALIFORNIA, FLOOR 22
             SAN FRANCISCO, CA 94111
3

4    FOR THE PLAINTIFF: JORDAN ROSS JAFFE
             QUINN EMANUEL ET AL
5             555 TWIN DOLPHIN DR, 5TH FL
             REDWOOD SHORES, CA 94065

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| | 1 | SAN JOSE, CALIFORNIA                    AUGUST 4, 2016 |
| | 2 | P R O C E E D I N G S |
| | 3 | (WHEREUPON, COURT CONVENED AND THE FOLLOWING PROCEEDINGS |
| 09:42AM | 4 | WERE HELD:) |
| 09:42AM | 5 | THE COURT:  ALL RIGHT.  LET'S CALL OUR NEXT CASE. |
| 09:42AM | 6 | THE CLERK:  CALLING CASE 14-5344.  CISCO SYSTEMS |
| 09:42AM | 7 | VERSUS ARISTA NETWORKS. |
| 09:42AM | 8 | COUNSEL, PLEASE COME FORWARD AND STATE YOUR APPEARANCES. |
| 09:42AM | 9 | MR. VAN NEST:  GOOD MORNING, YOUR HONOR. |
| 09:43AM | 10 | BOB VAN NEST FROM KECKER VAN NEST FOR DEFENDANT ARISTA. |
| 09:43AM | 11 | AND I'M HERE WITH BRIAN FERRALL, DAVID SILBERT AND RYAN WONG. |
| 09:43AM | 12 | AND WE HAVE A REPRESENTATIVE FROM ARISTA HERE, SEAN |
| 09:43AM | 13 | CHRISTOFFERSON WHO IS SEATED IN THE FIRST ROW. |
| 09:43AM | 14 | THE COURT:  GOOD MORNING. |
| 09:43AM | 15 | MS. SULLIVAN:  GOOD MORNING, YOUR HONOR. |
| 09:43AM | 16 | KATHLEEN SULLIVAN FROM QUINN EMANUEL APPEARING FOR THE |
| 09:43AM | 17 | PLAINTIFF CISCO, TOGETHER WITH MY PARTNER SEAN PAK, AND MY |
| 09:43AM | 18 | PARTNER JORDAN JAFFE.  AND WE HAVE REPRESENTATIVES FROM CISCO |
| 09:43AM | 19 | WITH US AS WELL. |
| 09:43AM | 20 | THE COURT:  AND WELCOME TO ALL OF YOU.  AND I KNOW |
| 09:43AM | 21 | MR. ALPER IS OTHERWISE ENGAGED OR ELSE HE WOULD BE HERE, RIGHT, |
| 09:43AM | 22 | SINCE HE'S THE ONE RESPONSIBLE FOR ALL OF THIS. |
| 09:43AM | 23 | WELL, LET ME -- I'M HOPING TO BE ABLE TO DO ACTUALLY A LOT |
| 09:43AM | 24 | OF LISTENING TODAY TO WHAT EACH OF YOU SAY, BUT LET ME GIVE YOU |
| 09:43AM | 25 | SOME OF MY THOUGHTS SO THAT YOU CAN ADDRESS THOSE, AND THEN I'M |

09:43AM  1    HOPING THAT I CAN RESTRAIN MYSELF FROM INTERRUPTING YOU.

09:44AM  2        I FEEL IN READING THESE BRIEFS, THAT YOU ARE LITIGATING TWO

09:44AM  3    DIFFERENT CASES, AND I AM A LITTLE TROUBLED CONSIDERING HOW

09:44AM  4    CLOSE TO TRIAL WE ARE AND I'M GOING TO HAVE TO TRY ONE CASE AND

09:44AM  5    NOT TRY THEM IN STEREO.

09:44AM  6        IT PROBABLY HAS TO DO WITH THE ORDERING OF THE

09:44AM  7    DECISIONMAKING IN THE CASE AND WHETHER IT'S DECISIONMAKING BY

09:44AM  8    THE COURT OR BY THE JURY.  SO I HAVE SOME CONCERNS ABOUT THAT.

09:44AM  9        THE OPENING BRIEF BY CISCO IS VERY STRAIGHTFORWARD AND

09:44AM  10   PROVIDES THE COURT WITH A, WHAT LOOKS LIKE A VERY CLEAR PATH TO

09:44AM  11   RULING IN YOUR FAVOR, BUT THAT GOT MUDDIED UP WITH THE

09:44AM  12   OPPOSITION WHICH PRESENTED AN ENTIRELY DIFFERENT FACE ON THE

09:44AM  13   ISSUES.

09:44AM  14       AND SO THAT WAS OF GREAT CONCERN TO ME.  BUT IN TERMS OF

09:44AM  15   THE CISCO BRIEF, I HAD A COUPLE OF CONCERNS ABOUT IT THAT I

09:45AM  16   THINK YOU CAN PROBABLY CLARIFY.

09:45AM  17       ON THE ISSUE OF SUMMARY JUDGEMENT OF COPYRIGHTABILITY OF

09:45AM  18   WHAT YOU HAVE DEFINED AS THE CISCO CLI, THAT IS IT APPEARS TO

09:45AM  19   ME TO BE A REQUEST FOR WHAT IS REALLY JUST A THRESHOLD ISSUE IN

09:45AM  20   THE CASE AND THAT THE -- ALL OF THE ISSUES THAT MR. VAN NEST

09:45AM  21   SEEKS TO LITIGATE WOULD ESSENTIALLY BE PRESERVED EXCEPT FOR

09:45AM  22   THIS VERY HIGH LEVEL DETERMINATION OF THE CISCO CLI AS A WHOLE

09:45AM  23   HAVING, BEING ORIGINAL AND BEING VALID AND THAT THE

09:45AM  24   REGISTRATIONS ARE VALID.

09:45AM  25       AND SO I DON'T KNOW HOW MUCH IT GETS CISCO, I DON'T KNOW --

09:45AM 1    BUT I WANT TO MAKE SURE THAT IF I WERE TO GRANT THE MOTION AT

09:46AM 2    THAT HIGH LEVEL, THAT I KNOW EXACTLY WHAT I'VE DONE, AND I'M

09:46AM 3    NOT SURE ON THAT.

09:46AM 4        ON THE ISSUE OF COPYING, IN THE REPLY BRIEF YOU SUGGEST

09:46AM 5    THAT ARISTA MISUNDERSTOOD THE SCOPE OF WHAT YOU WERE

09:46AM 6    REQUESTING.  AND I'M NOT SURE THAT THEY DID BECAUSE IN THE

09:46AM 7    REPLY YOU SUGGEST THAT YOU WERE NOT SEEKING A RULING ON

09:46AM 8    INFRINGEMENT.  BUT IN YOUR PROPOSED ORDER, NUMBER TWO, YOU ASK

09:46AM 9    THE COURT TO SIGN AN ORDER, DEFENDANT ARISTA INFRINGED CISCO'S

09:46AM 10   COPYRIGHT BY COPYING CISCO'S CLI.

09:46AM 11       SO THAT'S A LITTLE -- I'M STRUGGLING WITH THAT BECAUSE I

09:46AM 12   WANT TO MAKE SURE THAT, FOR ME, THAT I ADDRESS THE QUESTION YOU

09:46AM 13   PRESENTED TO ME AND NOT SOME OTHER QUESTION.  SO IT SEEMED TO

09:46AM 14   CHANGE A LITTLE BIT.

09:46AM 15       AND THEN ON THE ISSUE OF COPYING, IT WAS NOT CLEAR TO ME,

09:47AM 16   AND IF I MISSED IT, I APOLOGIZE, WHETHER YOU ARE ARGUING THAT

09:47AM 17   ARISTA HAS COPIED VERBATIM, CISCO'S CLI, OR WHETHER THE COPYING

09:47AM 18   WAS SUBSTANTIALLY SIMILAR.

09:47AM 19       AND IN THE REPLY BRIEF, AGAIN, I BELIEVE THAT YOU USED THE

09:47AM 20   WORD VERBATIM A FEW TIMES, AND IF THAT'S YOUR ARGUMENT, I AM

09:47AM 21   MORE INCLINED TO GRANT THE MOTION ON THE BEAR COPYING WHICH IS

09:47AM 22   NOT LIABILITY AT ALL, AS YOU POINT OUT, AND IT'S NOT

09:47AM 23   INFRINGEMENT.

09:47AM 24       BUT I NEED TO KNOW WHETHER YOU ARE SUGGESTING THAT IT IS

09:47AM 25   VERBATIM, BECAUSE VERBATIM IS SOMETHING I CAN DETERMINE AS TO

09:47AM  1    WHETHER IT'S DISPUTED OR NOT.  BUT IF IT'S SUBSTANTIALLY

09:47AM  2    SIMILAR, I'M NOT -- THERE IS A PATH THROUGH THE CASE LAW, BUT I

09:47AM  3    THINK IT'S A DIFFERENT ANALYSIS.

09:48AM  4         AND SO THAT WAS A CONCERN THAT I HAD THERE AS WELL.  I WILL

09:48AM  5    SAY ON THE FAIR USE THAT I THINK IT'S DISPUTED.

09:48AM  6         ON THE ARISTA MOTION, IT WASN'T CLEAR TO ME, MR. VAN NEST,

09:48AM  7    THAT YOU ARE ARGUING WHETHER ALL OF THE 26 COPYRIGHTS ARE

09:48AM  8    BEYOND THE FIVE-YEAR WINDOW OR JUST THE 26 THAT WOULD EMBODY

09:48AM  9    THE 198 COMMAND LINES THAT YOU ARE CHALLENGING IN YOUR MOTION

09:48AM 10    FOR SUMMARY ADJUDICATION.

09:48AM 11         BECAUSE YOU HAVE A PARAGRAPH ON, I BELIEVE IT'S PAGE 12 OF

09:48AM 12    YOUR BRIEF, SUGGESTED TO ME THAT YOU WERE CALLING INTO QUESTION

09:48AM 13    ALL OF THE REGISTRATIONS, IT WASN'T CLEAR.  AND THE -- AND SO I

09:48AM 14    DO NEED SOME CLARITY ON THAT.

09:48AM 15         I HAVE TOO MANY NOTES HERE.  I THINK THAT WAS MY BIGGEST

09:49AM 16    CONCERN.  WHERE WE HAVE -- THE PATENT INFRINGEMENT, I'M LEANING

09:49AM 17    TOWARD GRANTING SUMMARY JUDGEMENT BASED UPON CISCO'S EXPERT'S

09:49AM 18    OPINION WHICH SEEMS TO MAKE CLEAR, AS ARGUED BY ARISTA, THAT

09:49AM 19    UNDER MY CONSTRUCTION, THAT THERE IS NO INFRINGEMENT OF THAT

09:49AM 20    CLAIM ELEMENT, HOWEVER.  AND THEN YOUR APPEAL WILL BE BASED ON

09:49AM 21    MY CONSTRUCTION, OBVIOUSLY.

09:49AM 22         SO I THINK THAT'S ENOUGH FROM ME.  BUT I WANT YOU TO

09:49AM 23    UNDERSTAND ONE OF MY BIGGEST CONCERNS IS WHAT HAPPENS IF I

09:49AM 24    GRANT YOUR MOTION, HOW DOES THAT AFFECT THE ULTIMATE ISSUES --

09:49AM 25    DETERMINATION OF LIABILITY IN THE CASE, BECAUSE I WAS A LITTLE

09:49AM  1    CONCERNED THAT WHAT CISCO ASKED FOR WAS DECEPTIVELY SIMPLE AND

09:49AM  2    THAT I MIGHT BUY MORE THAN WHAT I HAD BARGAINED FOR, SO I NEED

09:50AM  3    SOME ASSURANCE ON THAT, OF WHAT THE LIMITATIONS ARE.

09:50AM  4        LET ME START WITH CISCO.  MS. SULLIVAN, MR. PAK, I'M

09:50AM  5    INTERESTED IN HEARING FROM YOU.

09:50AM  6        MS. SULLIVAN:  THANK YOU, YOUR HONOR.

09:50AM  7        YOUR HONOR, WITH YOUR PERMISSION, I WOULD LIKE TO SHARE

09:50AM  8    WITH COUNSEL AND THE COURT AND THE COURT'S CLERKS, A BRIEF

09:50AM  9    POWERPOINT THAT WILL HAVE SOME OF THE EVIDENCE WE ARE GOING TO

09:50AM 10    DISCUSS, ESPECIALLY SINCE SOME OF IT IS CONFIDENTIAL AND UNDER

09:50AM 11    SEAL, SO I WOULD LIKE YOU TO HAVE IT IN FRONT OF YOU SO THAT I

09:50AM 12    CAN DIRECT YOU TO IT WITHOUT PROVIDING IT IN OPEN COURT.

09:50AM 13        THE COURT:  THIS IS VERY HELPFUL.

09:50AM 14        MS. SULLIVAN:  GOOD MORNING, YOUR HONOR.

09:50AM 15        AND THANK YOU VERY MUCH FOR GIVING US THE TIME TO ADDRESS

09:50AM 16    THESE IMPORTANT ISSUES.

09:50AM 17        I WOULD LIKE TO BEGIN WITH YOUR HONOR'S OVERARCHING

09:50AM 18    QUESTION ABOUT WHAT IS CISCO ASKING FOR IN OUR AFFIRMATIVE

09:50AM 19    MOTION AND WHAT WILL THAT LEAVE FOR TRIAL.  BECAUSE I ASSURE

09:51AM 20    YOU WE HAVE NOT BEEN DECEPTIVELY SIMPLE.  WE HAVE BEEN

09:51AM 21    STRAIGHTFORWARDLY SIMPLE IN WHAT WE ARE ASKING THE COURT TO DO;

09:51AM 22    AND THAT IS, WE ARE ASKING THE COURT TO SIMPLY DECIDE TODAY

09:51AM 23    THREE THINGS.

09:51AM 24        FIRST, THAT CISCO HAS A VALID COPYRIGHT IN ORIGINAL CLI

09:51AM 25    MATERIAL THAT IT OWNS, THAT THERE'S NO QUESTION ABOUT OWNERSHIP

09:51AM 1    OR ORIGINALITY.  WE THINK THE EVIDENCE IS REALLY INCAPABLE OF

09:51AM 2    MEANINGFUL DISPUTE ON THAT ISSUE.

09:51AM 3          THE COURT:  THIS IS AT THE HIGH LEVEL OF THE ENTIRE

09:51AM 4    BODY OF CISCO'S CLI, NOT AS TO ANY INDIVIDUAL ELEMENT.

09:51AM 5          MS. SULLIVAN:  WELL, ACTUALLY YOUR HONOR, WE BELIEVE

09:51AM 6    WE HAVE ORIGINALITY.  WE BELIEVE THERE'S NO DISPUTE OF FACT AS

09:51AM 7    TO ORIGINALITY AS TO BOTH THE HIGH LEVEL OF CLI AND AS TO THE

09:51AM 8    SIX COMPONENTS.  AND I WILL WALK YOUR HONOR THROUGH THAT, BUT

09:51AM 9    LET ME JUST GO THROUGH THE ROAD MAP FIRST.

09:51AM 10    SO WE THINK ORIGINALITY AND OWNERSHIP CAN BE DECIDED AS A

09:52AM 11   MATTER OF LAW NOW BOTH TO THE OVERARCHING CLI AND ITS SIX

09:52AM 12   BUILDING BLOCKS WHICH I WILL DESCRIBE TO THE COURT IN A MINUTE.

09:52AM 13    THAT DOESN'T DECIDE ALL THE ISSUES ABOUT COPYRIGHT

09:52AM 14   INFRINGEMENT AND PROTECTABILITY THAT ARISTA MIGHT RAISE LATER

09:52AM 15   IN THE TRIAL, BUT IT DOES TAKE ORIGINALITY OUT OF THE CASE.

09:52AM 16    THE SECOND THING WE ASKED FOR IN A VERY STRAIGHTFORWARDLY

09:52AM 17   SIMPLE WAY IS EXACTLY WHAT YOUR HONOR DESCRIBED AS VERBATIM

09:52AM 18   COPY.

09:52AM 19    WHAT WE THINK YOU CAN DECIDE NOW, BECAUSE THIS IS AN

09:52AM 20   UNUSUAL CASE WHERE THERE'S DIRECT EVIDENCE OF VERBATIM COPYING,

09:52AM 21   IS THAT CISCO IS ENTITLED TO PARTIAL SUMMARY JUDGEMENT INSOFAR

09:52AM 22   AS THE COPYING ELEMENT OF COPYING INFRINGEMENT HAS BEEN

09:52AM 23   ESTABLISHED.

09:52AM 24    AND IT'S CRUCIAL HERE, YOUR HONOR, THAT AS YOUR HONOR JUST

09:52AM 25   SAID, THERE'S REALLY TWO ASPECTS TO COPYRIGHT INFRINGEMENT.

09:52AM   1       ONE IS, WAS THERE COPYING?

09:52AM   2           COPYING IS AN ESSENTIAL ELEMENT.  IT HAS TO BE NOT A COSMIC

09:52AM   3       COINCIDENCE OR ACCIDENT THAT ARISTA'S CLI LOOKS IDENTICAL TO

09:53AM   4       OUR CLI.

09:53AM   5           SO WHAT WE ARE TRYING TO TAKE OUT OF THE CASE IS ANY

09:53AM   6       DISPUTE THAT ARISTA DELIBERATELY, INDEED BY ITS OWN TOUTING,

09:53AM   7       SLAVISHLY COPIED VERBATIM, OUR CLI.

09:53AM   8           AND THAT ARGUMENT, YOUR HONOR, GOES BOTH TO THE SIX

09:53AM   9       BUILDING BLOCKS, AND I WANT TO WALK YOUR HONOR THROUGH THOSE

09:53AM  10       AND I WANT TO SHOW YOU EXAMPLES OF THE VERBATIM COPYING, WE

09:53AM  11       THINK THAT GOES TO THE SIX BUILDING BLOCKS AS WELL AS THE

09:53AM  12       OVERARCHING USER EXPERIENCE THAT REPRESENTS THE TOTALITY OF THE

09:53AM  13       CLI.

09:53AM  14           SO YOUR HONOR, THOSE TWO ARE VERY NARROW ARGUMENTS, AND WE

09:53AM  15       ARE TRYING TO MAKE SURE WE ALL GET HOME IN TIME FOR THE

09:53AM  16       HOLIDAYS AT THE END OF THE TRIAL, AND WE THINK IF WE TAKE

09:53AM  17       UNNECESSARY DISPUTES OUT OF THE JURY, THAT WE WILL ALL BE MUCH

09:53AM  18       BETTER OFF.

09:53AM  19           SO WE THINK AS TO ORIGINALITY AND VERBATIM COPYING,

09:53AM  20       YOUR HONOR CAN DECIDE THOSE NOW WITHOUT FURTHER DISPUTE

09:53AM  21           THE COURT:  SO I DIDN'T ACTUALLY READ YOUR OPENING

09:53AM  22       BRIEF AS ASKING FOR A DETERMINATION OF ORIGINALITY OF EACH OF

09:54AM  23       THE SIX BUILDING BLOCKS, BUT ONLY OF CISCO'S CLI AS A WHOLE.

09:54AM  24           THAT MADE THE FEIST CASE THAT I KNOW MR. PACK HAS PRESENTED

09:54AM  25       THAT TO ME SINCE THE VERY BEGINNING HERE, A VERY ATTRACTIVE

09:54AM 1    ROAD MAP FOR GRANTING THIS MOTION.  BECAUSE THERE, BECAUSE IT

09:54AM 2    WAS A TELEPHONE BOOK, WE WERE DEALING WITH A COMPILATION OF

09:54AM 3    FACTS WHICH WERE NOT INDIVIDUALLY PROTECTABLE, BUT IN FACT THE

09:54AM 4    WORK AS A WHOLE WAS.

09:54AM 5        AND SO THAT, WHEN I READ YOUR BRIEF, I ACTUALLY THOUGHT

09:54AM 6    THAT YOU WERE ASKING FOR THE CISCO CLI AS A WHOLE TO BE

09:54AM 7    DETERMINED ON SUMMARY JUDGEMENT, SUMMARY ADJUDICATION.

09:54AM 8        YOU ARE NOW SUGGESTING THAT I WOULD DO THE LINE-BY-LINE

09:54AM 9    DETERMINATION OF ORIGINALITY, AND THEN I'M LOOKING AT THE --

09:54AM 10   BECAUSE MR. VAN NEST WOULD ARGUE THAT I NEED TO LOOK AT EACH OF

09:54AM 11   THEM, NOT JUST OUR COMMAND LINE ARE PROTECTABLE.  AND THEN I

09:55AM 12   WOULD NEED TO LOOK AT THE HIERARCHIES AND THE MODES AND PROMPTS

09:55AM 13   AND THEN I WOULD HAVE TO LOOK AT HELPDESC AND OTHER FEATURES.

09:55AM 14   SO I GUESS I'M A LITTLE SURPRISED BECAUSE AGAIN, I ALWAYS

09:55AM 15   GO BACK TO THE PROPOSED ORDER SO THAT I LET YOU ARTICULATE THE

09:55AM 16   ISSUE.  BUT YOU SAID CISCO OWNS A VALID COPYRIGHT IN CISCO'S

09:55AM 17   CLI WHICH IS COPYRIGHTABLE AS ORIGINAL TO CISCO.

09:55AM 18   NOW I LEFT OUT THE PARENTHETICAL DEFINITION OF WHAT IT IS.

09:55AM 19   BUT NOWHERE IN THERE DOES IT SAY AND EACH INDIVIDUAL PIECE,

09:55AM 20   SEPARATE FROM THE OTHERS.

09:55AM 21        MS. SULLIVAN:  THAT'S CORRECT, YOUR HONOR.

09:55AM 22   YOUR HONOR, WE WOULD BE VERY HAPPY WITH A RULING NOW THAT

09:55AM 23   CISCO'S CLI AS A WHOLE IS ORIGINAL.  AND WE THINK THAT YOU HAVE

09:55AM 24   AMPLE AUTHORITY UNDER, FOR EXAMPLE JOHNSON CONTROLS IS THE KEY

09:55AM 25   NINTH CIRCUIT CASE THAT SAYS THAT A COPYRIGHTED COMPUTER

09:55AM 1   PROGRAM PROTECTS NOT ONLY THE LITERAL SOURCE CODE, BUT ALL OF

09:55AM 2   THE STRUCTURES, SEQUENCE, ORGANIZATION AND USER INTERFACE THAT

09:56AM 3   IS PRODUCED BY THAT CODE.

09:56AM 4       SO YES, WE WOULD BE VERY HAPPY WITH A RULING NOW THAT

09:56AM 5   ORIGINALITY IS ESTABLISHED AS TO CLI.  YOUR HONOR, WE NEVER

09:56AM 6   THOUGHT THIS CASE SHOULD BE FOUGHT AT THE LINE-BY-LINE LEVEL AT

09:56AM 7   THIS STAGE.  ARISTA WILL BE ENTITLED AT TRIAL TO COME IN AND

09:56AM 8   SAY OH, WELL, ACTUALLY IN THAT LINE WE ADDED AN EXCLAMATION

09:56AM 9   POINT.  SO IT'S THE MUSTACHE ON THE MONA LISA, IT'S NOT THE

09:56AM 10  IDENTICAL PAINTING.

09:56AM 11      THEY CAN DO THAT ON A LINE-BY-LINE OR PROMPT-BY-PROMPT OR

09:56AM 12  HIERARCHY BASIS LATER.  BUT IF YOUR HONOR COULD RULE NOW THAT

09:56AM 13  ORIGINALITY HAS BEEN ESTABLISHED AS A MATTER OF LAW ON CLI AS A

09:56AM 14  WHOLE, WE THINK THAT WOULD BE VERY HELPFUL AT TRIAL.

09:56AM 15          THE COURT:  ALL RIGHT.

09:56AM 16      NOW IT'S ALSO ARGUED BY ARISTA THAT WHAT YOU DEFINE AS

09:56AM 17  CISCO'S CLI, IS SOMETHING THAT IS AN ATTORNEY CONSTRUCT IS HOW

09:56AM 18  HE, I THINK, ARGUES IT.  AND THAT IS TRUE TO A CERTAIN EXTENT,

09:56AM 19  IT MAY NOT COME FROM ATTORNEYS, IT MAY COME FROM YOUR CLIENTS,

09:57AM 20  BUT IN FACT WHAT YOU DEFINE AS CISCO CLI DOES NOT LIVE IN ANY

09:57AM 21  REGISTRATION AND EACH OF ITS ELEMENTS, I ACCEPT THAT EACH OF

09:57AM 22  THE ELEMENTS COMES FROM ONE OF THOSE REGISTRATIONS BECAUSE IT'S

09:57AM 23  NOT ARGUED OTHERWISE.

09:57AM 24      BUT IN FACT, YOU HAVE PULLED FROM THE UNIVERSE OF COPYRIGHT

09:57AM 25  REGISTRATIONS TO CREATE THIS -- TO IDENTIFY THE PROTECTION FOR

09:57AM  1    THIS INTERFACE.

09:57AM  2              MS. SULLIVAN:  IF I COULD SLIGHTLY DISAGREE WITH

09:57AM  3    YOUR HONOR.

09:57AM  4              THE COURT:  OKAY.  PLEASE DO.

09:57AM  5              MS. SULLIVAN:  WE DISAGREE THAT ANYTHING THAT WE HAVE

09:57AM  6    PRESENTED TO YOUR HONOR IS AN ATTORNEY OR AN EXPERT CONSTRUCT.

09:57AM  7              HIERARCHY, WHAT WE ARE ARGUING ABOUT IS PARTICULAR COMMAND

09:57AM  8    LINE EXPRESSIONS.  I THINK OF THIS AS KIND OF AN EPISTOLARY

09:57AM  9    NOVEL BETWEEN THE ENGINEER AND THE SWITCH.  THE ENGINEER WRITES

09:57AM  10   TO THE SWITCH, THE SWITCH WRITES BACK.  THE CONTENT OF THOSE

09:57AM  11   LATER LETTERS BACK AND FORTH, THAT VERBAL EXPRESSION WHICH IS

09:57AM  12   THE HALLMARK OF A COMMAND LINE INTERFACE, THAT VERBAL

09:57AM  13   EXPRESSION IS NOT AN ATTORNEY CONSTRUCT.  THE ARRANGEMENT AND

09:58AM  14   SEQUENCE OF IT IS NOT AN ATTORNEY CONSTRUCT.  IT'S THE CODE

09:58AM  15   THAT'S REGISTERED THAT CREATES THAT.

09:58AM  16       SO AGAIN, JOHNSON CONTROLS IS VERY CLEAR THAT IN THE

09:58AM  17   NINTH CIRCUIT STRUCTURE, SEQUENCE AND ORGANIZATION, AND JOHNSON

09:58AM  18   CONTROLS USES THE TERM USER INTERFACE AS WELL, TO SAY THAT WHEN

09:58AM  19   THE CODE THAT'S REGISTERED GENERATES THE USER INTERFACE, THE

09:58AM  20   USER INTERFACE IS, ITSELF, PROTECTED BY THE REGISTRATION.

09:58AM  21       SO WE DISAGREE THAT ANYTHING HERE IS AN ATTORNEY CONSTRUCT.

09:58AM  22       YOUR HONOR, I WOULD LIKE TO ADDRESS YOUR SECOND POINT ABOUT

09:58AM  23   COPYING, AND THEN WE WILL GO BACK TO THE ROAD MAP.  I WOULD

09:58AM  24   LIKE TO HUMBLY APOLOGIZE TO THE COURT AND TO COUNSEL FOR A

09:58AM  25   SIMPLE INADVERTENT ERROR IN OUR PROPOSED ORDER.

09:58AM  1        IN OUR REPLY TO -- IN SUPPORT OF OUR OPPOSITION AT PAGE 3,

09:58AM  2   NOTE TWO, WE RESPECTFULLY SUGGEST THAT WHAT WE MEANT TO SAY IN

09:58AM  3   THE ORDER WAS WE WOULD LIKE YOU TO FIND -- SO IN THE TOP, AT

09:58AM  4   THREE, NOTE TWO --

09:59AM  5        THE COURT:  I MISSED THAT.

09:59AM  6        MS. SULLIVAN:  I'M SORRY, YOUR HONOR.

09:59AM  7   IT'S A REMINDER THAT THESE SOMETIMES SHOULD GO IN TEXT.

09:59AM  8   WHAT WE SAY HERE IS THAT INSOFAR AS THE PROPOSED ORDER STATED

09:59AM  9   INFRINGEMENT, THAT WAS NOT OUR INTENT, AND IT'S OBVIOUSLY NOT

09:59AM 10   SUPPORTED BY OUR PAPERS, WHICH YOUR HONOR CORRECTLY OBSERVED.

09:59AM 11        WHAT WE WOULD RESPECTFULLY ASK FOR IS A VERY SIMPLE

09:59AM 12   DECLARATION THAT WE HAVE ESTABLISHED THE COPYING ELEMENT OF

09:59AM 13   COPYING INFRINGEMENT.

09:59AM 14        SO NOW WHAT DOES THAT LEAVE FOR TRIAL, NOW YOUR HONOR

09:59AM 15   RESPECTFULLY WE ALSO THINK THIS IS NOT A FAIR USE CASE AND WE

09:59AM 16   THINK THERE ARE NO DISPUTED ISSUES OF FACT THAT COULD GO

09:59AM 17   LEGALLY TO SUPPORT A FINDING OF FEIST.  AND WE WILL TALK ABOUT

09:59AM 18   THAT IF YOUR HONOR WISHES TO --

09:59AM 19        THE COURT:  I DIDN'T MEAN TO TAKE YOU OFF TRACK

09:59AM 20   BECAUSE I DO WANT TO HEAR YOUR PRESENTATION.

09:59AM 21        MS. SULLIVAN:  NO, YOUR HONOR.

09:59AM 22   I THINK YOU ARE ASKING THE MOST IMPORTANT QUESTIONS, SO I

09:59AM 23   WANT TO BE SURE TO BE RESPONSIVE.  AND THAT IS WHAT ARE WE

09:59AM 24   TRYING TO TAKE OUT OF THE TRIAL AND WHAT ARE WE TRYING TO LEAVE

10:00AM 25   AS FAIR ISSUE FOR TRIAL.

10:00AM  1      SO WHAT WE ARE TRYING TO ESTABLISH NOW IS ORIGINALITY AND

10:00AM  2  OWNERSHIP OF THE CLI AS A WHOLE, AND THE FACT THAT ARISTA

10:00AM  3  COPIED OUR CLI.  ARISTA VERBATIM COPIED OUR CLI, AND THAT WAY

10:00AM  4  WE DON'T HAVE TO HAVE THAT DEBATE IN THE FRONT OF THE JURY.  WE

10:00AM  5  THINK FAIR USE CAN COME OUT TOO.  WHAT WOULD BE LEFT FOR THE

10:00AM  6  TRIAL IS THE REST OF THE COPY NIGHT INFRINGEMENT CASE.  AND

10:00AM  7  THAT WILL BE THE JURY WILL HAVE TO LOOK AT THIS COPIED FEDERAL

10:00AM  8  AND SAY, ARE THE PRINTABLE ELEMENTS OF CISCO'S CLI

10:00AM  9  SUBSTANTIALLY SIMILAR TO THE ELEMENTS IN ARISTA'S CLI.  THAT'S

10:00AM  10  THE ULTIMATE DECISION FOR THE JURY.

10:00AM  11      AND WE ARE NOT TRYING TO DECIDE THAT NOW.  THE JURY WILL,

10:00AM  12  AFTER YOUR HONOR INFORMS THE JURY ABOUT WHAT IS AND WHAT ISN'T

10:00AM  13  PROTECTABLE, AND YOUR HONOR WE AGREED TO THE EXCHANGE OF LEGAL

10:00AM  14  BRIEFS ON THE PROTECTABILITY ISSUE.  ONCE YOU HAVE DONE THAT

10:00AM  15  ANALYTIC DISSECTION THAT THE NINTH CIRCUIT HAS REQUIRED THEN

10:01AM  16  YOU WILL BE ABLE TO TELL THE JURY, OKAY JURY, I HAVE TOLD YOU

10:01AM  17  THAT ARISTA COPIED, BUT JUST BECAUSE THEY COPIED DOESN'T MEAN

10:01AM  18  IT'S ACTIONABLE COPING.

10:01AM  19      TO FIND ACTIONABLE COPYING, YOU THE LADIES AND GENTLEMEN OF

10:01AM  20  THE JURY WILL HAVE TO DECIDE WHETHER ARISTA COPIED PROTECT

10:01AM  21  ANNUAL ELEMENTS OF OUR CLI IN SUCH A WAY TO SATISFY THE

10:01AM  22  EXTRINSIC AND INTRINSIC SIMILARITY TEST AND WHETHER THE LOOK

10:01AM  23  AND FEEL OF THEIR CLI IS THE SAME AS OUR CLI.

10:01AM  24      IF SOMEBODY SITTING DOWN AT AN ARISTA SWITCH, DOESN'T

10:01AM  25  NECESSARILY KNOW WHETHER HE'S AT A CISCO SWITCH OR AN ARISTA

10:01AM 1    SWITCH WHEN HE TYPES IN THOSE COMMANDS TO THE JURY, THAT

10:01AM 2    ULTIMATE ISSUE IS PRESERVED FOR THE JURY AND WE ARE NOT TRYING

10:01AM 3    TO DECIDE THAT TODAY.

10:01AM 4        THE SECOND THING THAT WILL BE LEFT FOR THE JURY OF COURSE

10:01AM 5    IS ANY REMAINING AFFIRMATIVE DEFENSES.  ARISTA HAS PLEADED

10:01AM 6    MERGER AND SCÈNES À FAIRE AS WELL AS FAIR USE.  WE THINK YOU

10:02AM 7    CAN DECIDE FAIR USE TODAY AND LEAVE THEM THEIR MERGER AND

10:02AM 8    SCÈNES À FAIRE DEFENSES FOR TRIAL.

10:02AM 9        AND OF COURSE THE ISSUE OF REMEDIES REMAINS.  THE JURY WILL

10:02AM 10   DECIDE THE EXTENT OF THE HARM TO CISCO FOR OUR DAMAGES AND LOST

10:02AM 11   PROFITS CASE, AND YOUR HONOR WILL HAVE THE CHANCE POST-TRIAL TO

10:02AM 12   DECIDE THE ISSUE OF ANY INJUNCTIVE RELIEF.

10:02AM 13       SO YOUR HONOR, WHAT WE ARE REALLY TRYING TO DO HERE IS TO

10:02AM 14   ASSIST THE COURT AND THE JURY IN TAKING OUT THE ISSUES THAT

10:02AM 15   SHOULD NO LONGER REQUIRE A FACTUAL DISPUTE AND TO SIMPLY LEAVE

10:02AM 16   WHAT IS REALLY A SUBSTANTIAL, AN ALREADY SUBSTANTIAL TRIAL FOR

10:02AM 17   THE JURY ON THE ISSUE OF ACTIONABLE COPYING OR IMPROPER

10:02AM 18   MISAPPROPRIATION, THE SECOND ELEMENT OF COPYRIGHT INFRINGEMENT.

10:02AM 19   THEN AFFIRMATIVE DEFENSES AND REMEDIES.

10:02AM 20       DOES THAT CLARIFY THE SCOPE OF OUR MOTION, YOUR HONOR?

10:02AM 21           THE COURT:  YES, IT DOES.

10:02AM 22           MS. SULLIVAN:  OKAY.  WITH THAT, YOUR HONOR, IF I CAN

10:02AM 23   KINDLY TURN TO WHAT WE PREPARED FOR YOU.

10:03AM 24       SHALL WE JUST DO THIS ON PAPER AND KEEP IT OFF THE SLIDES,

10:03AM 25   IF IT'S NEEDED.

10:03AM 1        THE COURT:  THAT WAY I DON'T HAVE TO CLOSE THE

10:03AM 2   COURTROOM, IT SEEMS, BECAUSE YOU INDICATED SOME OF --

10:03AM 3        MS. SULLIVAN:  YES, AND WE ARE NOT GOING TO USE THE

10:03AM 4   VISIBLE SCREENS.  THERE ARE A FEW ANIMATIONS THAT MIGHT BE

10:03AM 5   HELPFUL THAT ARE PUBLIC.

10:03AM 6        THE COURT:  LET ME JUST MOVE MY SCREEN SO THAT I CAN.

10:03AM 7        MS. SULLIVAN:  WHAT I WILL ASK --

10:03AM 8        THE COURT:  SO I CAN LOOK AT MY WITNESS AND THE

10:03AM 9   SCREEN.

10:03AM 10        MS. SULLIVAN:  IS IT CONVENIENT FOR YOUR HONOR TO

10:03AM 11   HAVE THIS ON THE SCREEN?  IF I CAN DIRECT YOU TO THE SLIDE

10:03AM 12   NUMBERS THREE.

10:03AM 13        THE COURT:  BUT I WANT TO DO A CD ANIMATION BECAUSE

10:03AM 14   THEY ARE ALSO VERY HELPFUL.

10:03AM 15        MS. SULLIVAN:  AND YOUR HONOR, WE WILL MAKE SURE NOT

10:03AM 16   TO PUT UP ANYTHING THAT'S GOT CDI, WE WILL DIRECT YOU TO THE

10:03AM 17   PAPER COPY FOR ANYTHING THAT'S CONFIDENTIAL.

10:03AM 18    IF I COULD DIRECT YOU TO SLIDE 3 WHICH DOES HAVE AN

10:03AM 19   ANIMATION.

10:04AM 20        MS. SULLIVAN:  THANK YOU, YOUR HONOR.

10:04AM 21    SO THIS IS A VERY SIMPLE ANIMATION, JUST TO REMIND YOU.

10:04AM 22   YOUR HONOR HAS ASKED BEFORE, WHAT IS OUR CLI.  AND OUR CLI IS

10:04AM 23   AN OVERALL USER EXPERIENCE, IT'S AN OVERALL COMMAND LINE

10:04AM 24   INTERFACE.  BUT THE COMPONENTS ARE FIRST MULTI-WORD COMMAND

10:04AM 25   EXPRESSIONS.

10:04AM  1      AND WE ARE GOING TO SHOW YOU ABUNDANT EVIDENCE THAT THE

10:04AM  2  MULTI-WORD COMMAND EXPRESSIONS WERE ALL INVENTED AND CREATED

10:04AM  3  ORIGINALLY BY CISCO'S ENGINEERS.

10:04AM  4      THE SECOND IS SOMETHING THAT HAS BEEN REFERRED TO AS

10:04AM  5  HIERARCHIES.  AND WE ARE NOT ASSERTING THE IDEA OF A HIERARCHY,

10:04AM  6  WE ARE ASSERTING THAT THE WAY THAT OUR MULTI-WORD COMMAND

10:04AM  7  EXPRESSIONS ARE COMPOSED IS WHEN YOU ENTER A FIRST TERM, YOU

10:04AM  8  WILL THEN HAVE A TREE OF CHOICES FOR WHAT THE SECOND TERM MIGHT

10:05AM  9  BE.  AND THAT TREE MIGHT HAVE AN UNDERLYING TREE OF CHOICES.

10:05AM 10  BUT WHAT WE ARE ARGUING IS WHAT THE SPECIFIC WORDS IN THE

10:05AM 11  HIERARCHY ARE WHAT WE PROTECTED.

10:05AM 12      SIMPLE EXAMPLE, IF OUR FIRST WORD WAS KIDS, AND WE HAD, YOU

10:05AM 13  KNOW, ANDY, BOB AND CHARLIE, KIDS MIGHT BE THE FIRST WORD, THEN

10:05AM 14  WE COULD ADD, ANDY, BOB, OR CHARLIE.  IF THE TREE ALLOWED US TO

10:05AM 15  HAVE GRAND KIDS, CHARLIE MIGHT HAVE GRAND KIDS, BOB MIGHT NOT.

10:05AM 16  BUT THE POINT IS NOT THAT WE ARE PROTECTING THE IDEA OF A

10:05AM 17  FAMILY TREE, WE ARE PROTECTING THE TREE THAT HAS ANDY, BOB AND

10:05AM 18  CHARLIE, AND THEN IT HAS CHARLIE'S KIDS DAVID, ED AND FRANK.

10:05AM 19  OKAY.  SO WE ARE PROTECTING THE WORDS IN THE TREE AS THE

10:05AM 20  HEIRARCHY COMES UP.

10:05AM 21      THE THIRD THING THAT WE ARE ASSERTING IS PROTECTED IS

10:05AM 22  SOMETIMES CALLED A SCREEN OUTPUT OR A SCREEN DISPLAY OR A

10:05AM 23  COMMAND RESPONSE.  IN THE PAPERS, I WANT TO BE CLEAR THAT THOSE

10:05AM 24  ARE SYNONYMS FOR THE SAME THING

10:05AM 25          THE COURT:  OKAY.

10:05AM 1          MS. SULLIVAN:  THAT'S THE LETTER THE COMPUTER SENDS

10:06AM 2    BACK IN OUR EPISTOLARY NOVEL.  WHEN I HAVE SENT IT TO THE

10:06AM 3    COMMAND, IT SENDS ME BACK A COMMAND RESPONSE WHICH IS DISPLAYED

10:06AM 4    ON MY SCREEN, AND THAT'S A SCREEN OUTPUT.

10:06AM 5          THE FURTHER BUILDING BLOCK IS SOMETHING THAT'S CALLED HELP

10:06AM 6    DESCRIPTIONS.  WHAT IF I FORGET WHAT PART OF THE NOVEL I'M

10:06AM 7    WRITING?  I MIGHT WANT TO SAY, HOW DO I ASK ABOUT THE KIDS

10:06AM 8    AGAIN?

10:06AM 9          SO I MIGHT GO, KIDS, QUESTION MARK.  AND THEN THE LETTER

10:06AM 10   COMING BACK TO ME IS GOING TO GIVE ME A HELP DESCRIPTION SAYING

10:06AM 11   FOR KIDS, YOU CAN ASK ABOUT ANDY, BOB AND CHARLIE BUT NOT ABOUT

10:06AM 12   THE GRAND KIDS, OKAY.

10:06AM 13         SO THE HELP DESCRIPTION TELLS ME WHAT, IT'S A SCREEN

10:06AM 14   OUTPUT, IT'S A SPECIALIZED KIND OF A SCREEN OUTPUT OR DISPLACE

10:06AM 15   THAT HAS SPECIFIC CONTENT.

10:06AM 16         MODES AND PROMPTS.  OKAY.  LET'S IMAGINE THAT IN THIS WORLD

10:06AM 17   WE DON'T WANT EVERY USER AT THE SCREEN TO NECESSARILY ALWAYS BE

10:06AM 18   ABLE TO SEE EVERYTHING IN THE NOVEL.  WE MIGHT WANT TO HAVE

10:06AM 19   PARENTAL CONTROLS.  WE MIGHT WANT TO HAVE ONE MODE IN WHICH WE

10:07AM 20   CAN SEE EVERYTHING.  WE CAN SEE EVERYTHING ABOUT THE FAMILY,

10:07AM 21   GOOD, BAD AND UGLY.  BUT WE MIGHT WANT TO HAVE ANOTHER MODE, A

10:07AM 22   KIND OF KID-FRIENDLY MODE IN WHICH YOU CAN SEE HAPPY THINGS

10:07AM 23   ABOUT THE FAMILY BUT NOT OTHER THINGS.  IN OTHER WORDS, WE

10:07AM 24   MIGHT HAVE DIFFERENT MODES IN WHICH MORE OR LESS OF THE COMMAND

10:07AM 25   EXPRESSIONS ARE AVAILABLE.  AND THE WAY WE KNOW WHICH MODE WE

10:07AM  1    ARE IN, IS WE HAVE A DIFFERENT PROMPT.

10:07AM  2         NOW, OBVIOUSLY WE DON'T OWN THE IDEAS OF A MODE OR A

10:07AM  3    PROMPT.  WE DON'T OWN THOSE AS ABSTRACT IDEAS, BUT WE DO HAVE

10:07AM  4    ORIGINAL CREATIVE EXPRESSION IN SAYING, YOU KNOW, PARENT, HASH

10:07AM  5    TAG, OR KID FRIENDLY, ANGLE BRACKET.

10:07AM  6         I'M USING ANALOGIES HERE, OBVIOUSLY THAT'S NOT OUR MODES OR

10:07AM  7    PROMPTS, I'M TRYING TO SAY WE DO OWN THE COMBINATION OF THE

10:07AM  8    NAME OF THE MODE, THE PROMPT WE USE TO SIGNAL WE ARE IN IT,

10:08AM  9    THEN THE ASSOCIATED VERBAL EXPRESSIONS THAT CAN COME UP WHEN WE

10:08AM 10    ARE IN THAT MODE.  ALL FAMILY PICTURES, SOME FAMILY PICTURES,

10:08AM 11    REPORT CARDS, FINANCES, WHATEVER THE THINGS THAT ARE ALLOWED TO

10:08AM 12    BE IN THAT MODE ARE ATTACHED BY OUR CODE TO THAT MODE OR

10:08AM 13    PROMPT.

10:08AM 14         WE ARE NOT TRYING TO PROTECT THE HASH TAG, YOUR HONOR, WE

10:08AM 15    ARE TRYING TO PROTECT WHICH WAY IN A MODE OUR PROMPT GETS TO

10:08AM 16    SPECIFIC VERBAL EXPRESSION.

10:08AM 17         THEN THE LAST BUILDING BLOCK, YOUR HONOR, IN SOME WAY THE

10:08AM 18    EASIEST AND FAMILIAR TECHNICAL DOCUMENTS, WHICH WE SOMETIMES

10:08AM 19    REFER TO IN THE PAPERS AS USER MANUALS OR TECHNICAL

10:08AM 20    DESCRIPTIONS, BUT THIS WOULD BE IF ANYONE EVER USED A BOOK

10:08AM 21    ANYMORE TO FIGURE OUT HOW TO DRIVE A CAR OR RUN A COMPUTER,

10:08AM 22    THERE ARE BOOKS AND THERE ARE PRINTOUTS THAT YOU CAN PRINT OUT

10:08AM 23    FROM ONLINE.

10:08AM 24         AND ARISTA, VERBATIM, COPIED MANY INSTANCES OF OUR

10:08AM 25    TECHNICAL DOCUMENTS AS ITS CEO HAS ADMITTED PUBLICLY.

10:09AM  1      SO YOUR HONOR, ALL OF THOSE COMPRISE THE CISCO CLI AS A

10:09AM  2  WHOLE.  WE ARE NOT ASKING YOU NOW TO PARSE EVERY ONE OF THE SIX

10:09AM  3  BUILDING BLOCKS IN ORDER TO SAY THE WHOLE CLI IS ORIGINAL ON

10:09AM  4  PARTIAL SUMMARY JUDGEMENT.  BUT I WANTED TO INTRODUCE YOU TO

10:09AM  5  THE TERMS, BECAUSE YOUR HONOR HAS ASKED WHAT IS HERE BESIDES

10:09AM  6  THE 508 COMMANDS.

10:09AM  7      NOW YOUR HONOR, JUST TO GIVE YOU A LIST, I'M TURNING NOW TO

10:09AM  8  SLIDE 4.  WHEN WE GET TO THE QUESTION OF WHAT HAS ARISTA

10:09AM  9  INFRINGED, WE WILL BE ARGUING TO YOU, AS WE SET FORTH IN

10:09AM  10  DISCOVERY, THAT ARISTA HAS COPIED 508 COMMAND EXPRESSIONS, MORE

10:09AM  11  THAN 300 INSTANCES OF WHAT WE CALL THE COMMAND RESPONSES OR THE

10:09AM  12  SCREEN OUTPUTS OR THE SCREEN DISPLAYS, THAT'S THE LETTER THAT

10:09AM  13  COMES BACK TO ME WHEN I WRITE WITH MY COMMAND.

10:09AM  14      600 OF THE HELP DESCRIPTION OUTPUTS.  HELPDESC SCREENS, THE

10:09AM  15  ONES THAT TELL YOU WHAT THE COMMAND MEANS, THAT'S A FORM OF

10:10AM  16  SCREEN OUTPUT THAT ANSWERS MY QUESTION.  11 COMMAND

10:10AM  17  HIERARCHIES, NINE MODES AND PROMPTS AND 2500-PLUS INSTANCES OF

10:10AM  18  THE TECHNICAL DOCUMENTS.  BUT YOU DON'T NEED TO DO THAT NOW.

10:10AM  19      THE COURT:  LET ME ASK A QUESTION.

10:10AM  20      IF I WERE TO FIND THAT THERE HAS BEEN VERBATIM COPYING, I

10:10AM  21  HAVE TO HAVE A LIST AS TO WHAT WAS COPIED AS OPPOSED TO A

10:10AM  22  GENERAL GENERIC STATEMENT.

10:10AM  23      IS THAT CONTAINED IN WHAT MR. VAN NEST SUMMARIZED IS

10:10AM  24  3,000 PAGES OF SUBMITTALS?  OBVIOUSLY THIS IS A QUANTIFICATION

10:10AM  25  OF WHAT WAS COPIED, BUT THERE ARE 508 SPECIFIC COMMAND

10:10AM 1    EXPRESSIONS.  THOSE ARE ATTACHED TO AN APPENDIX IN YOUR

10:10AM 2    COMPLAINT ACTUALLY.

10:10AM 3            MS. SULLIVAN:  THAT'S RIGHT, YOUR HONOR.

10:10AM 4            THE COURT:  BUT THE OTHERS I CAN'T BELIEVE ARE

10:10AM 5    SPECIFICALLY IDENTIFIED, AND I THINK I WOULD IN AN ORDER, NEED

10:10AM 6    TO SPECIFY WHAT WAS COPIED SO THAT IT CAN'T CHANGE.

10:10AM 7            MS. SULLIVAN:  YES, YOUR HONOR.

10:11AM 8        WELL, YOU HAVE TWO OPTIONS, YOUR HONOR.  WE THINK YOU CAN

10:11AM 9    SPECIFY AS TO THE COMMAND EXPRESSIONS THAT WERE IN THE EXHIBIT

10:11AM 10   ATTACHED TO THE COMPLAINT.  AND THOSE ARE GOING TO BE VERBATIM

10:11AM 11   COPIED.

10:11AM 12       AS TO THE OTHERS, YOU COULD ALSO ISSUE AN ORDER NOW THAT

10:11AM 13   SAYS, I FIND THAT ARISTA COPIED, TO THE EXTENT THAT ANY OF

10:11AM 14   THESE ARE VERBATIM COPIES, AND YOU CAN SIMPLY WAIT FOR THE

10:11AM 15   TRIAL FOR THE JURY TO MAKE THAT COMPARISON.

10:11AM 16       SO IN OTHER WORDS, YOU WOULD BE DECIDING NOW ON THE

10:11AM 17   PRINCIPLE, THAT VERBATIM COPYING AS TO THESE ITEMS, IT

10:11AM 18   SATISFIES THE COPYING ELEMENT.

10:11AM 19       AND REMEMBER, YOUR HONOR, ALL YOU ARE DECIDING IS IT'S NOT

10:11AM 20   COINCIDENCE, IT'S, YOU COULD SIMPLY SAY, I FIND THAT THE 508 OR

10:11AM 21   506 MULTI-WORD COMMAND EXPRESSIONS ARE VERBATIM COPIED, AND I

10:11AM 22   ALSO FIND THAT ARISTA COPIED INSOFAR AS ANY OF THE OTHER

10:11AM 23   BUILDING BLOCKS APPEAR ON ARISTA'S CLI AS VERBATIM COPES.

10:12AM 24       YOU COULD DECIDE THAT NOW.

10:12AM 25            THE COURT:  I SEE.

10:12AM  1      MS. SULLIVAN:  YOUR HONOR, WE HAVE ENUMERATED THIS IN

10:12AM  2  DISCOVERY, SO WE PROVIDED DISCOVERY RESPONSES AND EXPERT

10:12AM  3  TESTIMONY THAT ENUMERATES.  BUT WE THINK IT WOULD BE VERY

10:12AM  4  CUMBERSOME FOR THE COURT TO HAVE TO GO THROUGH THAT ENUMERATION

10:12AM  5  NOW.

10:12AM  6      THE COURT:  YES, IT WAS.  AND THAT'S WHAT I'M

10:12AM  7  WONDERING BECAUSE I WOULD TURN TO YOU TO PROVIDE AN APPENDIX

10:12AM  8  FOR ME FOR AN ORDER, BUT YOU ARE SUGGESTING IT'S NOT NECESSARY.

10:12AM  9      MS. SULLIVAN:  IT'S NOT NECESSARY.

10:12AM 10   YOU COULD SIMPLY SAY THAT I FIND THAT ARISTA HAS COPIED

10:12AM 11  INSOFAR AS ITS CLI, BUILDING BLOCK, BUILDING BLOCK, BUILDING

10:12AM 12  BLOCK, VERBATIM INCORPORATES CISCO'S BUILDING BLOCK, BUILDING

10:12AM 13  BLOCK, BUILDING BLOCK.  AND WE COULD FASHION AN ORDER THAT

10:12AM 14  CAPTURES THAT WITHOUT MAKING YOUR HONOR COUNT.

10:12AM 15   BUT I ASSURE YOU YOUR HONOR, THE ENUMERATION IS IN THE

10:12AM 16  SUMMARY JUDGEMENT RECORD INSOFAR AS WE PROVIDED IN DISCOVERY.

10:12AM 17   IF I COULD TURN TO THE ANIMATIONS JUST TO ILLUSTRATE MY --

10:12AM 18  FORGIVE THE HUMBLE ANALOGY OF THE EPISTOLARY NOVEL OF THE HUMAN

10:12AM 19  TALKING TO THE SWITCH.

10:13AM 20   BUT IMAGINE THAT WE HAVE OUR SYSTEMS ADMINISTRATOR SITTING

10:13AM 21  AT THE COMPUTER AND ONE THING THAT -- I'M SORRY.  HE TYPES IN A

10:13AM 22  COMMAND.

10:13AM 23   FIRST WE ARE IN A MODE, FIRST WE CAN SEE EVERYTHING,

10:13AM 24  PARENTAL-USE MODE OR ARE WE CAN BE IN, YOU CAN ONLY SEE SOME

10:13AM 25  THINGS, KIND OF A KID-FRIENDLY MODE.

10:13AM  1    THE PROMPT, WHICH IS FLASHING HERE, WILL TELL US WHAT MODE

10:13AM  2    WE ARE IN.  SO NOW WE ARE GOING TO ENTER THE COMMAND.  WE ARE

10:13AM  3    GOING TO ENTER A MULTI-WORD COMMAND EXPRESSION WHICH IT'S A

10:13AM  4    LITTLE FAINT TO SEE, BUT IF YOU SEE, IF SAYS SHOW MPLS

10:13AM  5    FORWARDING TABLE.

10:13AM  6    OKAY.  THAT MAY NOT SOUND LIKE POETRY, BUT IT'S A VERBAL

10:13AM  7    EXPRESSION WHICH WAS CHOSEN ORIGINALLY AND CREATIVELY FROM

10:13AM  8    AMONG MANY OTHER POSSIBLE VERBAL EXPRESSIONS AS THE WAY TO ASK

10:13AM  9    THE SWITCH TO GIVE US SOME INFORMATION.

10:13AM  10    ONCE THAT IS NOW SENT TO THE SWITCH, THE COMMAND IS

10:14AM  11    ANALYZED AND VALIDATED BY THE SWITCH OR THE ROUTER.  AND I WANT

10:14AM  12    YOUR HONOR TO SEE WHAT HAPPENS NEXT.  THIS IS THE LETTER BACK

10:14AM  13    IN THE EPISTOLARY NOVEL FROM THE SWITCH.  AND YOU WILL SEE IT'S

10:14AM  14    A VERBAL TEMPLATE AND A VERBAL DESCRIPTION, IT'S A SET OF WORDS

10:14AM  15    THAT WERE CHOSEN BY CISCO ENGINEERS.

10:14AM  16    THERE COULD HAVE BEEN ANY NUMBER OF OTHER WORDS ACROSS THE

10:14AM  17    TOP AXIS TO DESCRIBE WHAT MPLS FORWARDING TABLE LOOKS LIKE.

10:14AM  18    THERE COULD HAVE BEEN ANY NUMBER MUCH WORDS DOWN THE

10:14AM  19    DESCRIPTIONS IN THE SECOND COLUMN FROM THE LEFT.  ALL OF THOSE

10:14AM  20    WORDS ARE VERBAL EXPRESSIONS CHOSEN CREATIVELY AND ORIGINALLY

10:14AM  21    BY CISCO.  SO THAT'S WHAT WE MEAN BY ORIGINAL SCREEN DISPLAYS.

10:14AM  22    THEN IF WE COULD JUST KEEP GOING TO THE NEXT SLIDE.  WE ARE

10:14AM  23    GOING TO SEE THAT DIFFERENT COMMANDS WILL RETURN DIFFERENT

10:14AM  24    OUTPUTS.

10:14AM  25    SO LET'S GO BACK TO THE HELP QUESTION.  LET'S SAY I FORGET

10:14AM 1    WHAT SOMETHING MEANS.  I WANT TO ASK WHAT IT MEANS, SO I'M

10:15AM 2    GOING TO ASK THE SWITCH TO TELL ME WHAT IT MEANS BY PUTTING A

10:15AM 3    QUESTION MARK AFTER MY MULTI-WORD COMMAND.

10:15AM 4        I'M PUTTING IN A USER REQUEST FOR A HELP DESCRIPTION FOR

10:15AM 5    THE TERM INTERFACE.  INTERFACE, QUESTION MARK.  THAT QUESTION

10:15AM 6    GOES OVER TO THE SWITCH OR THE ROUTER AND NOW THE ROUTER WILL

10:15AM 7    ANSWER ME.  I'M HUMANIZING IT.  THE PROGRAM AND THE ROUTER WILL

10:15AM 8    ANSWER ME WITH A HELP DESCRIPTION.

10:15AM 9        AND WE ARE GOING TO SHOW YOU SOME HELP DESCRIPTIONS LATER

10:15AM 10   THAT YOU CAN ACTUALLY READ AND SHOW YOU HOW ARISTA COPIED THEM.

10:15AM 11       SO THAT'S A SPECIALIZED KIND OF SCREEN DISPLAY THAT COMES

10:15AM 12   TO ME WHEN I'VE ASKED A QUESTION.  HELPDESC OR HELP

10:15AM 13   DESCRIPTION.  AND THAT'S THE NEXT BUILDING BLOCK.

10:15AM 14       AND THEN IF WE GO TO THE NEXT SLIDE, WE TRIED TO PUT THEM

10:15AM 15   ALL INTO ONE PLACE BECAUSE THE ENGINEERS ARE THINKING ABOUT ALL

10:15AM 16   OF THIS AT ONCE, THIS IS A CRUDE SLIDE TO SHOW YOU THAT THE

10:15AM 17   BUILDING BLOCKS ARE ALL BEING CREATED, THIS IS ON SLIDE 8.  WE

10:16AM 18   HAVE GOT OUR ENGINEERS TRYING TO FIGURE OUT WHAT THE MULTI-WORD

10:16AM 19   COMMAND SHOULD BE.

10:16AM 20       HERE SHOW IPV-6 ACCESS-LIST.  HOW DO WE GET TO THAT

10:16AM 21   COMMAND?  IF YOU LOOK IN THE UPPER RIGHT, THIS IS OUR LAWYER

10:16AM 22   REPRESENTATION OF THE HIERARCHY, BUT THE HIERARCHY IS IN THE

10:16AM 23   CODE.  LET'S SAY THAT SHOW IS MY FIRST WORD, MY SECOND WORD

10:16AM 24   MIGHT BE ANY OF THE ONES IN THE HIERARCHY AAA, OR IP, OR IN

10:16AM 25   THIS CASE IPV-6.  AND THEN THERE MIGHT BE A SUB-HIERARCHY

10:16AM  1    BEYOND THAT.  SO THE HIERARCHY IS NOT SOMETHING THE LAWYERS

10:16AM  2    MADE UP, THE HIERARCHY IS HOW THE CODE KNOWS WHAT WORD WITH

10:16AM  3    FOLLOW WHAT NEXT WORD.

10:16AM  4        FAMILY OR KIDS, ANDY, BOB, CHARLIE, IT'S NOT THAT WE ARE

10:16AM  5    CLAIMING THE CONCEPT OF A FAMILY TREE, WE ARE SAYING WHEN THE

10:16AM  6    TREE IS KIDS AND IT TAKES YOU TO ANDY, BOB, CHARLIE INSTEAD OF

10:16AM  7    DAVID, EDWARD, FRANK, THAT IS A PROTECTED HIERARCHY, THAT IS

10:16AM  8    ALL WE MEAN BY HIERARCHY.

10:17AM  9        THE MODES AND PROMPTS ARE DEPICTED IN THE LOWER RIGHT.  WE

10:17AM  10   ARE GOING TO GET A DIFFERENT SET OF MULTI-WORD COMMANDS OR

10:17AM  11   HIERARCHAL ORDERING OF THE MULTI-WORD COMMANDS DEPENDING ON

10:17AM  12   WHAT MODE WE ARE IN, SIGNALLED BY A DIFFERENT PROMPT.  IF WE

10:17AM  13   GET IN TROUBLE, WE ARE GOING TO HAVE OUR HELP DESCRIPTION DOWN

10:17AM  14   IN THE LOWER LEFT THAT'S GOING TO COME BACK TO US TELL US WHAT

10:17AM  15   A COMMAND MEANS.

10:17AM  16       AND IT'S ALL WRITTEN UP IN THE UPPER LEFT IN THE TECHNICAL

10:17AM  17   DOCUMENTS.  SO ALL OF THAT TOGETHER COMPRISES OUR ORIGINAL CLI.

10:17AM  18       OKAY.  NOW YOUR HONOR, ALL YOU NEED TO DECIDE AT THE

10:17AM  19   SUMMARY JUDGEMENT STAGE IS THAT ON OUR FIRST ARGUMENT, IS THAT

10:17AM  20   THE CLI AS A WHOLE IS ORIGINAL.  WE HAVE A VALID COPYRIGHT AND

10:17AM  21   OWNERSHIP OF THE CLI COMPOSED OF THESE PARTS.  YOU DON'T HAVE

10:17AM  22   TO DECIDE YET WHICH ONES ARISTA HAS ACTUALLY INFRINGED.  THAT'S

10:17AM  23   FOR THE JURY.  AND WE THINK THAT THERE CAN BE NO DISPUTE OF

10:17AM  24   FACT ON ORIGINALITY.

10:18AM  25       AND LET ME GO RIGHT TO SOME OF THE EVIDENCE.  WE WILL TALK

10:18AM 1    ABOUT THE REGISTRATION AND ITS STATUS IN A MINUTE, BUT LET'S GO

10:18AM 2    RIGHT TO SOME OF THE KEY EVIDENCE.

10:18AM 3         THERE IS AMPLE CISCO ENGINEER EVIDENCE THAT CAN'T BE

10:18AM 4    DISPUTED BY ARISTA AS TO THE ORIGINATION OF THE MULTI-WORD

10:18AM 5    COMMANDS.

10:18AM 6         SO FOR EXAMPLE, IF YOU LOOK AT SLIDE NUMBER 9, YOU SEE THE

10:18AM 7    FOUNDING ENGINEER, KIRK LOUGHEED, WHO WAS ONE OF THE CISCO

10:18AM 8    ENGINEERS WHO DEVELOPED THE CLI FROM THE BEGINNING AND HAD

10:18AM 9    PERHAPS THE MOST IMPORTANT ROLE, KIRK LOUGHEED IS THE JAMES

10:18AM 10   MADISON OF OUR CONSTITUTION HERE.

10:18AM 11        IF YOU LOOK AT THE RED UNDERLINE SENTENCE, IT'S VERY

10:18AM 12   HELPFUL.  WHEN HE CAME UP WITH THE WORD "SHOW" TO START A

10:18AM 13   COMMAND, LIKE THE ONE WE JUST LOOKED AT, SHOW IPV-6, HE HAD A

10:18AM 14   NUMBER OF POSSIBILITIES.  HE COULD CHOOSE SHOW, HE COULD CHOSE

10:18AM 15   PRINT, HE COULD CHOOSE DISPLAY, HE COULD CHOOSE LIST, AND HE

10:18AM 16   CHOSE SHOW BECAUSE, AS HE TESTIFIED ELSEWHERE, THAT WAS WHAT HE

10:19AM 17   VIEWED AS THE BEST AESTHETIC CHOICE, VERBAL AESTHETIC CHOICE.

10:19AM 18        YOUR HONOR, YOU WILL SEE THE SAME THING ON THE NEXT SLIDE

10:19AM 19   ON PAGE 10.  THIS IS MR. LOUGHEED SAYING WHEN HE CREATED THE

10:19AM 20   MULTI-WORD COMMAND SHOW HOSTS, THAT WAS CREATIVE BECAUSE HE

10:19AM 21   COULD HAVE, AND IF YOU LOOK AT THE RED UNDERLINE TOWARD THE END

10:19AM 22   SAID, SHOW COMPUTERS, SHOW NAMES, SHOW SYSTEMS, SHOW NETWORK

10:19AM 23   SYSTEMS, SOME PEOPLE THOUGHT SHOW END SYSTEMS.  BUT HOST WAS

10:19AM 24   WHAT HE ENDED UP CHOOSING.

10:19AM 25        OVERWHELMING TESTIMONY TO THAT EFFECT NOT ONLY FROM

10:19AM 1    MR. LOUGHEED, BUT FROM OTHER CISCO ENGINEERS, FOR EXAMPLE MR.

10:19AM 2    ROY, ANOTHER CISCO ENGINEER ON SLIDE 11, TALKS ABOUT THIS

10:19AM 3    PROCESS OF CREATION AS CHOOSING THE WORDS FOR THE MULTI-WORD

10:19AM 4    COMMAND EXPRESSIONS THAT MAKE SENSE AND ARE AESTHETICALLY

10:19AM 5    CORRECT, CONTRIBUTE TO ARCHITECTURE PURITY, MAKE SENSE FROM AN

10:20AM 6    AESTHETIC PERSPECTIVE, FROM AN ALIGNMENT AND ARCHITECTURAL

10:20AM 7    PERSPECTIVE.  YOU GO WITH YOUR KNOWLEDGE AND JUDGMENT.

10:20AM 8        I KNOW YOUR HONOR HAS REFLECTED BEFORE ON THE NINTH CIRCUIT

10:20AM 9    CASE ABOUT THE RARE COIN VALUATION, THE CDN COINS CASE, AND

10:20AM 10   THAT CASE IS VERY IMPORTANT HERE BECAUSE IT REMINDS US THAT

10:20AM 11   WHEN THERE'S A CREATIVE PROCESS OF ANALYSIS AND JUDGMENT, TAKE

10:20AM 12   A BUNCH OF INPUTS ABOUT HOW RARE COINS ARE VALUED ELSEWHERE BUT

10:20AM 13   YOU EXERCISE JUDGMENTS ABOUT WHAT YOU THINK THE PRICE TABLE

10:20AM 14   SHOULD LOOK LIKE, THAT PROCESS IS A CREATIVE ONE.  AND WE HAVE

10:20AM 15   OVERWHELMING AND UNDISPUTED EVIDENCE THAT THAT'S A CREATIVE

10:20AM 16   PROCESS.

10:20AM 17       NOW YOU DON'T HAVE TO JUST TAKE IT FROM CURRENT CISCO

10:20AM 18   EMPLOYEES.  IF YOU TURN TO SLIDE 12, AND THIS IS THE LAST ONE

10:20AM 19   BEFORE WE GO INTO SOME CONFIDENTIAL SLIDES, THIS IS MR.

10:20AM 20   SWEENEY.  MR. SWEENEY IS NOW A VP OF SOFTWARE AT ARISTA.  BUT

10:21AM 21   HE'S A FORMER CISCO EMPLOYEE.

10:21AM 22       AND THIS IS AN E-MAIL FROM BACK WHEN HE WAS AT CISCO IN

10:21AM 23   2004 AND HE WAS PART OF THE ENGINEERING PROCESS THAT CREATED

10:21AM 24   THE CLI COMMANDS, AND IF YOU LOOK AT THE FIRST LINE OF THE

10:21AM 25   HIGHLIGHTED TEXT THAT'S POPPED OUT IN THE BOX HE SAYS, I AGREE

10:21AM 1    THAT CLI NAMING IS VERY SUBJECTIVE.

10:21AM 2        SUBJECTIVE.  CHOOSING SHOW VERSUS DISPLAY, CHOOSING HOST

10:21AM 3    VERSUS COMPUTERS IS VERY SUBJECTIVE.  AND WHY IS IT SUBJECTIVE?

10:21AM 4    BECAUSE REMEMBER, THIS IS AN EPISTOLARY NOVEL BETWEEN A HUMAN

10:21AM 5    BEING AND A COMPUTER AND YOU WANT THE WORDS TO BE THE ONES THAT

10:21AM 6    WORK FOR THE HUMAN BEING, THE ONES THAT THE HUMAN BEING WILL BE

10:21AM 7    ABLE TO REMEMBER EASILY AND IMPLEMENT QUICKLY AND EFFICIENTLY

10:21AM 8    BECAUSE THEY BECOME RELEVANT, AESTHETICALLY BEAUTIFUL,

10:21AM 9    INTUITIVE TO USE.

10:21AM 10        THE COURT:  HOW DOES ARISTA'S ARGUMENT IN ITS

10:21AM 11    AFFIRMATIVE MOTION FOR 197 OF THE COMMAND LINES THAT THERE

10:21AM 12    IS -- THERE WAS NO TIMELY REGISTRATION.  AND THAT FOR, I

10:21AM 13    BELIEVE 153 OF THEM, YOU OFFER ABSOLUTELY NO EVIDENCE OF

10:22AM 14    ORIGINALITY, NO EVIDENCE OF AUTHORS.

10:22AM 15        DOES THAT PLAY INTO THIS, WHETHER I CONSIDER A HIGH LEVEL

10:22AM 16    DETERMINATION OF ORIGINALITY AND NOT A DETERMINATION OF WHETHER

10:22AM 17    EACH LINE INDIVIDUALLY IS ORIGINAL.

10:22AM 18        MS. SULLIVAN:  YES, YOUR HONOR.  LET ME ADDRESS THAT.

10:22AM 19        SO AS YOUR HONOR WELL KNOWS, AND JUST REMINDED US IN AN

10:22AM 20    ORDER A FEW WEEKS AGO ABOUT POPCORN KERNELS, IT'S THE POPCORN

10:22AM 21    KERNAL IMPLICATION.  AS YOUR HONOR STATED THERE, IT IS SO CLEAR

10:22AM 22    THAT THE BAR FOR ORIGINALITY IS VERY LOW.  ALL THAT IS REQUIRED

10:22AM 23    IS A MINIMAL LEVEL OF CREATIVITY UNDER FEIST, A MINIMAL SPARK

10:22AM 24    OF CREATION.

10:22AM 25        SO THE BAR IS VERY LOW.  REGISTRATION SIMPLY IS A BURDEN

10:22AM  1    SHIFTING DEVICE THAT SAYS WHEN WE HAVE A PROPER REGISTRATION,

10:22AM  2    THE BURDEN SHIFTS TO ARISTA TO COME FORWARD WITH EVIDENCE THAT

10:22AM  3    IT WASN'T ORIGINAL

10:22AM  4            THE COURT:  BUT IN THESE -- AND I KNOW I'M JUMPING TO

10:23AM  5    MR. VAN NEST'S ARGUMENT, BUT I THINK IT PLAYS INTO WHETHER I

10:23AM  6    CAN GRANT YOUR MOTION.

10:23AM  7        IF I DON'T EXERCISE MY DISCRETION, AS YOU REQUEST ON THE

10:23AM  8    SIX REGISTRATIONS THAT ARE NOT TIMELY, MAYBE IT'S OVER FOR

10:23AM  9    THAT.  BUT IF I DON'T EXERCISE THAT, THEN YOU DON'T HAVE A

10:23AM  10   PRESUMPTION AND YOU ACTUALLY RETAIN THE BURDEN OF GOING

10:23AM  11   FORWARD.

10:23AM  12           MS. SULLIVAN:  THAT'S CORRECT, YOUR HONOR.

10:23AM  13       WE THINK WE WIN OVERWHELMINGLY IF WE RETAIN THE BURDEN.

10:23AM  14   AND LET ME TELL YOU WHY, IN A NUT SHELL.

10:23AM  15           THE COURT:  OKAY.

10:23AM  16           MS. SULLIVAN:  WE GAVE ARISTA ACCESS TO OUR AUTHORS

10:23AM  17   AND INVENTORS AND SO FORTH AS THE COURT PERMITTED.  YOU WILL

10:23AM  18   RECALL THAT JUDGE GREWAL, ARISTA WANTED US TO IDENTIFY THE

10:23AM  19   AUTHORS AND INVENTORS OF EVERY SINGLE ONE OF THE COMMANDS.

10:23AM  20       NOW, I DARE SAY, YOUR HONOR, I DON'T THINK ANY COMPANY HAS

10:23AM  21   EVER BEEN PUT TO THE EXPENSE AND BURDEN OF SUCH AN EXHAUSTIVE

10:23AM  22   RECITATION OF OUR AUTHORS AND INVENTORS.  COULD YOU POP UP

10:24AM  23   EXHIBIT 64 --

10:24AM  24           THE COURT:  AND I UNDERSTAND JUDGE COUSINS HAS

10:24AM  25   CONCLUDED THE DISCOVERY DISPUTES FURTHER TO YOUR ADVANTAGE.

10:24AM 1          MS. SULLIVAN:  THAT'S CORRECT, YOUR HONOR.

10:24AM 2          JUDGE COUSINS DENIED BOTH THE MOTION TO STRIKE THE HELP

10:24AM 3   DESCRIPTION ALLEGATIONS BASED ON THE CONTENTION INTERROGATORY

10:24AM 4   TIMING, HE DENIED THAT AND HE ALSO DENIED THE MOTION TO COMPEL.

10:24AM 5          BUT YOUR HONOR, WHAT I'M CALLING YOUR ATTENTION TO, AND

10:24AM 6   THIS YOU CAN GET TO A NUMBER OF WAYS, IT'S EXHIBIT 54 TO THE

10:24AM 7   CANDIDO DECLARATION IN SUPPORT OF THE CISCO MOTION.  YOU CAN

10:24AM 8   EQUALLY GET TO IT AS EXHIBIT 6 TO THE NEUKOM DECLARATION IN

10:24AM 9   SUPPORT OF OUR OPPOSITION TO ARISTA'S MOTION.

10:24AM 10          I'M NOT GOING TO GO THROUGH THIS NOW YOUR HONOR, I JUST

10:24AM 11   WANT YOU TO KNOW IT'S THERE, IT'S A LENGTHY LIST OF THE EXACT

10:24AM 12   AUTHOR AND INVENTOR FOR EACH ONE OF THE COMMAND LINE

10:24AM 13   EXPRESSIONS.

10:24AM 14          SO WE HAVE COME -- AND THIS IS A PRELUDE TO MY KEY POINT,

10:24AM 15   YOUR HONOR, WE HAVE SHOWN ARISTA SOMETHING THAT WE SHOULDN'T,

10:25AM 16   IN OUR VIEW, NECESSARILY BEEN COMPELLED TO SHOW, BECAUSE BASED

10:25AM 17   ON THE COINS CASE, WE SHOWED A PROCESS OF JUDGMENT AND WE ARE

10:25AM 18   ENTITLED TO THE INFERENCE THAT WE DIDN'T HAVE TO SHOW EVERY

10:25AM 19   PRICE OF EVERY COIN.  BUT WE DID SHOW WHERE EVERY PRICE OF

10:25AM 20   EVERY COIN CAME FROM IN OUR PROCESS.  WE DID SHOW THAT.

10:25AM 21          THEY HAD THE OPPORTUNITY TO DEPOSE EIGHT OF OUR INVENTORS

10:25AM 22   AND AUTHORS.  THEY CAME TO YOUR HONOR AND THEY SAID WE NEED

10:25AM 23   NINE MORE.  YOUR HONOR DENIED THAT, THAT'S IN YOUR ORDER IN

10:25AM 24   DOCKET 203.  YOU DENIED THAT BECAUSE YOU SAID IT WOULD BE

10:25AM 25   CUMULATIVE.

10:25AM 1        AND YOU WERE EXACTLY RIGHT WHEN YOU DID THAT BECAUSE IT IS

10:25AM 2    DUPLICATIVE AND CUMULATIVE TO COME TO EVERY INVESTOR AND ASK,

10:25AM 3    WERE YOU ACTING ORIGINALLY?  AND THE ANSWER WAS ALWAYS, ALWAYS

10:25AM 4    YES.

10:25AM 5        NOW YOUR HONOR, THEY HAVE NO EVIDENCE, ARISTA HAS COME UP

10:25AM 6    WITH NO EVIDENCE FROM ANY OF THE NINE INVENTOR DEPOSITIONS TO

10:25AM 7    SUGGEST LACK OF ORIGINALITY.  THEY HAVE HAD AN EXPERT,

10:26AM 8    MR. BLACK, AND I THINK IT'S FAIR TO SAY, YOUR HONOR, THAT

10:26AM 9    ARISTA HAS SCOURED THE EARTH AND BOILED THE OCEAN LOOKING FOR

10:26AM 10    ANYONE, ANYWHERE IN THE WORLD, WHOEVER USED OUR MULTI-WORD

10:26AM 11    COMMAND EXPRESSIONS BEFORE WE DID, AND THEY HAVE COME UP SHORT

10:26AM 12    EXCEPT FOR TWO.

10:26AM 13        YOUR HONOR, THEIR EXPERT HAS SAID I FOUND SOMEONE WHO USED

10:26AM 14    "SHOW USERS" BEFORE AND I FOUND SOMEONE WHO USED "TERMINAL

10:26AM 15    LENGTH" BEFORE.  THEY DIDN'T SHOW WE COPIED THEM.

10:26AM 16        BUT IF YOUR HONOR WANTS TO ENTER OUR ORDER SAYING 506

10:26AM 17    COMMAND LINES ARE ORIGINAL, WE WILL BE FINE WITH THAT.

10:26AM 18        BUT YOUR HONOR, THE REASON I'M GOING INTO THIS LONG

10:26AM 19    PROCEDURAL RECITATION IS THAT ORIGINALITY IS A LOW BAR, THIS IS

10:26AM 20    THE RARE CASE IN WHICH WE HAVE ACTUALLY HAD A LOT OF DISCOVERY

10:26AM 21    OVER THE ISSUE OF ORIGINALITY AND IT SHOULD BE AN EASY ONE.

10:26AM 22        NOW LET ME ADDRESS YOUR HONOR'S --

10:26AM 23        THE COURT:  I'M JUST KEEPING AN EYE ON THE CLOCK.

10:26AM 24        MS. SULLIVAN:  I'M SORRY, YOUR HONOR.

10:26AM 25    OKAY.  ON THE REGISTRATIONS, VERY STRAIGHTFORWARD, 20

10:27AM  1    REGISTRATIONS -- AND YOU CAN LEAVE THE SCREEN BLANK NOW IF YOU

10:27AM  2    COULD, YOUR HONOR.

10:27AM  3         WE HAVE THE PRESUMPTION OF VALIDITY BASED ON 20 OF THE

10:27AM  4    REGISTRATIONS, THAT'S NOT CONTESTED.  WE BELIEVE YOUR HONOR

10:27AM  5    CLEARLY SHOULD EXERCISE YOUR DISCRETION TO HOLD THAT WE ALSO

10:27AM  6    GET THE PRESUMPTION ON THE OTHER SIX.  BECAUSE THE OTHER SIX

10:27AM  7    REGISTRATIONS ALL PERTAIN, ALL CONTAIN OUR OWN COPYRIGHTED

10:27AM  8    MATERIAL.

10:27AM  9         SO WHEN A NEW REGISTRATION REFERS BACK TO OUR OLD

10:27AM  10   COPYRIGHTED MATERIAL, AND I WANT TO BE VERY CLEAR YOUR HONOR,

10:27AM  11   WE ALWAYS PUBLISHED COPYRIGHT NOTICE ON OUR MATERIALS.  WE

10:27AM  12   ALWAYS SAID IT'S OUR MATERIAL.

10:27AM  13        REGISTRATION DOESN'T DETERMINE WHETHER WE HAVE THE

10:27AM  14   COPYRIGHT, IT JUST DETERMINES WHETHER WE CAN SUE.  SO THE LATE

10:27AM  15   FILED REGISTRATION DOESN'T GO TO WHETHER WE HAVE THE COPYRIGHT.

10:27AM  16   AND WE GAVE YOU AMPLE CASE LAW, YOUR HONOR, THE KEY CASE WHICH

10:27AM  17   WE WOULD REFER YOUR HONOR TO IS CJ PRODUCTS, CITING OTHER

10:28AM  18   DISTRICT COURT CASES.

10:28AM  19        YOU CLEARLY HAVE THE DISCRETION TO TREAT THE LATE FILED

10:28AM  20   REGISTRATION, SO CALLED LATE FILED REGISTRATIONS, AS CREATING A

10:28AM  21   PRESUMPTION OF VALIDITY.  WE THINK YOU SHOULD EXERCISE IT HERE

10:28AM  22   BECAUSE AS I HAVE JUST DESCRIBED, ARISTA CAME BACK WITH NOTHING

10:28AM  23   AFTER AN EXHAUSTIVE DISCOVERY PROCESS OTHER THAN TWO COMMANDS

10:28AM  24   TO SHOW USERS AND TERMINAL LENGTHS THAT HAD EVER BEEN USED BY

10:28AM  25   ANYBODY BEFORE.

10:28AM  1    SO WE THINK YOU CAN DECIDE ORIGINALITY USING THE

10:28AM  2   PRESUMPTION.  WE THINK IF YOU HAVE TO GET TO ORIGINALITY ON OUR

10:28AM  3   BURDEN WE STILL WIN BECAUSE WE HAVE PUT ON OUR ENGINEERING

10:28AM  4   EVIDENCE.

10:28AM  5    I REFER YOU TO SLIDES 13 AND 14 AND 15 WHICH ARE ALL

10:28AM  6   ADMISSIONS BY ARISTA EXECUTIVES, THAT CLI CREATION IS

10:28AM  7   SUBJECTIVE.

10:28AM  8    SLIDE 13, IF YOU LOOK AT THE HIGHLIGHTED WORDS, YOU WILL

10:28AM  9   SEE THAT WE HAVE ARISTA WITNESSES ADMITTING THE SUBJECTIVITY OF

10:28AM 10   THE PROCESS.

10:28AM 11    SLIDE 14 IS ARISTA'S EXPERT TALKING ABOUT THE SUBJECTIVITY

10:29AM 12   OF THE PROCESS.

10:29AM 13    SLIDE 15 IS ANOTHER EXPERT.

10:29AM 14    LET'S GO TO THE PUBLIC SLIDES NOW, AND IF WE COULD PUT UP

10:29AM 15   STARTING WITH SLIDE 16, AND REFER YOUR HONOR TO SLIDE 16, 17

10:29AM 16   AND 18, BECAUSE HERE'S WHERE WE HAVE A VERY IMPORTANT ADMISSION

10:29AM 17   FROM ARISTA WHICH WE THINK IS UNANSWERABLE ON OUR POINT THAT

10:29AM 18   OUR CREATION OF CLI WAS ORIGINAL.

10:29AM 19    SO THE LAST AND ONLY TIME THAT CISCO EVER WENT TO COURT AS

10:29AM 20   A PLAINTIFF OVER CLI WAS AGAINST A COMPANY CALLED HUAWEI.  AND

10:29AM 21   A CURRENT ARISTA BOARD MEMBER, MR. CHARLES GIANCARLO, HE'S A

10:29AM 22   CURRENT ARISTA BOARD MEMBER, HE WAS ONE OF THE EXECUTIVES IN

10:29AM 23   CHARGE OF CISCO'S SUIT AGAINST HUAWEI FOR STEALING OUR CLI --

10:29AM 24   I'M SORRY, FOR INFRINGING OR CLI.

10:30AM 25    NOW YOUR HONOR, LET'S LOOK AT THE KEY LANGUAGE FROM

10:30AM 1    MR. GIANCARLO'S DECLARATION FROM THE HUAWEI CASE.

10:30AM 2        SLIDE 16 IS IN THERE JUST TO TELL YOU HE WAS THE EXECUTIVE

10:30AM 3    IN CHARGE OF INITIATING AND PURSUING THE CISCO LAWSUIT IN

10:30AM 4    HUAWEI.  AND HERE'S WHAT CISCO'S OWN BOARD MEMBERS SAID AT THAT

10:30AM 5    TIME ABOUT OUR CLI USER INTERFACE AND WHETHER IT WAS ORIGINAL.

10:30AM 6    AND IT'S WORTH READING THIS IN ITS ENTIRETY.

10:30AM 7        CISCO'S -- YOUR HONOR, I'M ON LINE 17 IN THE HIGHLIGHTED

10:30AM 8    SENTENCE.  "CISCO'S PROPRIETARY IOS IS ONE OF THE" -- WHICH

10:30AM 9    CONTAINS THE CLI -- "IS ONE OF THE COMPANY'S MOST VALUABLE

10:30AM 10   ASSETS AND A CRITICAL COMPONENT OF CISCO'S BUSINESS.  THE SAME

10:30AM 11   HOLDS TRUE FOR THE CLI USER INTERFACE IMPLEMENTED BY THE IOS.

10:30AM 12   THIS INTERFACE, WHICH IS UNIQUE TO CISCO," THERE'S YOUR

10:30AM 13   ORIGINALITY ADMISSION, "HAS BEEN DEVELOPED OVER MANY YEARS

10:30AM 14   THROUGH THE EXPENDITURE BY CISCO OF HUNDREDS OF MILLIONS OF

10:30AM 15   DOLLARS."

10:30AM 16       AND CISCO HAS ALSO EXPENDED CONSIDERABLE EFFORTS AND

10:30AM 17   RESOURCES IN TRAINING ITS CUSTOMERS ON THE CLI INTERFACE.

10:31AM 18       ONE ASPECT OF THIS IS THE EXTENT OF USER DOCUMENTATION

10:31AM 19   CISCO HAS PREPARED TO DESCRIBE IOS AND THE CLI TO EDUCATE

10:31AM 20   CUSTOMERS ON THAT USE.

10:31AM 21       AND IF YOU LOOK AT THE NEXT PAGE, TO PAGE 18, YOU WILL SEE

10:31AM 22   THAT MR. GIANCARLO AT THAT TIME, NOW AN ARISTA BOARD MEMBER,

10:31AM 23   SAID THAT HUAWEI'S UNLAWFUL COPYING OF THE CLI WILL CAUSE CISCO

10:31AM 24   SUBSTANTIAL IRREPARABLE INJURY.

10:31AM 25       SO YOUR HONOR, VERY NARROW, WE JUST WANT TO SAY IT'S

10:31AM 1    ORIGINAL, WE HAVE ARISTA'S ADMISSIONS THAT CLI CREATION IS

10:31AM 2    SUBJECTIVE AND CREATIVE, AND WE HAVE ARISTA'S ADMISSION THAT IT

10:31AM 3    WAS UNIQUE.  WE ARE HAPPY TO LET YOU TAILOR THE ORDER TO KNOCK

10:31AM 4    TWO OF THE COMMANDS OUT INSOFAR AS "SHOW USERS" AND "TERMINAL

10:31AM 5    LENGTH" MAY HAVE PREEXISTED THEM EVEN IF WE DIDN'T COPE THEM,

10:31AM 6    BUT YOUR HONOR, YOU CAN SAY THAT THE CLI AS A WHOLE IS ORIGINAL

10:31AM 7    AT THIS POINT.

10:31AM 8        THAT'S WHAT WE WOULD RESPECTFULLY ASK FOR ON THE FIRST

10:31AM 9    ISSUE.  WE DON'T THINK ARISTA HAS PUT THAT INTO ANY LEGITIMATE

10:31AM 10   DISPUTE.

10:31AM 11       NOW YOUR HONOR, I'M SURE MR. VAN NEST WILL DISAGREE

10:32AM 12   STRENUOUSLY, BUT I BELIEVE THAT ALL HE WILL -- BE ABLE TO DO,

10:32AM 13   GIVEN THE RECORD, IS MAYBE SAY INDIVIDUAL WORDS PRE-EXISTED.

10:32AM 14       WE DIDN'T INVENT THE WORD SHOW.  WE DIDN'T INVENT THE WORD

10:32AM 15   USERS.  THERE ARE SOME INDUSTRY STANDARDS THAT MAY HAVE

10:32AM 16   GENERATED AN ABBREVIATION LIKE PTP.  WE DIDN'T INVENT EVERY

10:32AM 17   WORD.

10:32AM 18       BUT AS THE FEDERAL CIRCUIT SAID IN THE ORACLE V. GOOGLE

10:32AM 19   DECISION, JUST BECAUSE CHARLES DICKENS *TALES OF TWO CITIES* USED

10:32AM 20   WORDS IN A PARAGRAPH THAT EXISTED IN HIS PRIOR NOVEL DOESN'T

10:32AM 21   MEAN THAT THE COMBINATION OF THE WORDS ISN'T ORIGINAL.

10:32AM 22       SO YOUR HONOR, THAT'S WHAT WE THINK WE SHOULD WIN ON IS

10:32AM 23   ORIGINALITY.

10:32AM 24       I KNOW I WENT PAST THE TIME, BUT DO YOU WANT ME TO COVER

10:32AM 25   COPYING, VERY BRIEFLY, OR DO YOU WANT TO HEAR FROM MR. VAN NEST

10:32AM  1    ON COPYRIGHTABILITY?

10:32AM  2         THE COURT:  I ACTUALLY WANTED YOU TO MAKE YOUR FULL

10:32AM  3    PRESENTATION AND THEN I WILL LET HIM.  I THINK THAT'S EFFICIENT

10:32AM  4    SO YOU CAN KEEP YOUR TRAIN OF THOUGHT.

10:32AM  5         MS. SULLIVAN:  VERY GRATEFUL FOR THAT, YOUR HONOR.

10:32AM  6       AND IF WE COULD TURN NEXT TO OUR ELEMENT OF COPYING.

10:33AM  7       AND AGAIN, OUR ARGUMENT IS SIMPLY THAT ARISTA COPIED THE

10:33AM  8    CISCO'S CLI.  THIS IS THE SECOND PART OF OUR MOTION.  AND BY

10:33AM  9    THIS WE MEAN VERBATIM COPYING, NOT SUBSTANTIAL SIMILARITY.  NOW

10:33AM  10   I WOULD LIKE TO BEGIN, IF WE COULD, WITH A QUOTE FROM

10:33AM  11   MR. KEN DUDA WHO IS THE CHIEF TECHNOLOGY OFFICER OF ARISTA.

10:33AM  12      AND I WOULD LIKE TO PLAY YOU A PUBLIC STATEMENT.  IT'S

10:33AM  13   WORTH IN LISTENING TO, THAT DESCRIBES HOW ARISTA RESPONDED TO

10:33AM  14   CISCO'S CLI.

10:33AM  15       (WHEREUPON AN AUDIO RECORDING WAS PLAYED IN OPEN COURT.)

10:33AM  16        MS. SULLIVAN:  OKAY.  GREAT.  THANK YOU VERY MUCH.

10:34AM  17      SO MR. DUDA SAID WE ACTUALLY COPIED IT SLAVISHLY, EVEN THE

10:34AM  18   THINGS WE THOUGHT WERE REALLY SILLY.

10:34AM  19      WE HAVE EXTENSIVE SIMILAR EVIDENCE, I'M NOT GOING TO

10:34AM  20   BELABOR IT NOW, YOU CAN SEE IT IN THE DECK, SOME OF IT IS

10:34AM  21   CONFIDENTIAL, BUT AT SLIDES 22 THROUGH 26 AT YOUR SCREEN, YOU

10:34AM  22   WILL SEE THIS IS OTHER EVIDENCE SIMILAR TO THAT ABOUT SLAVISH

10:34AM  23   COPYING ABOUT PARTICULAR BUILDING BLOCKS.

10:34AM  24      YOU WILL SEE IN THOSE SLIDES, ALTHOUGH THEY ARE

10:34AM  25   CONFIDENTIAL, THE REASONS WHY.  I CAN SAY THAT THE REASON WAS

10:34AM 1    ESSENTIALLY TO MAKE THE EXPERIENCE OF TURNING ON AN ARISTA

10:34AM 2    SWITCH AND SEEING THE CISCO CLI, SEAMLESS FOR SOMEONE WHO WAS

10:34AM 3    RAISED AND TRAINED ON CISCO CLI.  THAT'S WHY IT WAS COPIED

10:34AM 4    VERBATIM.

10:34AM 5         SO WE HAVE AS CLEAR A RECORD HERE BY ADMISSIONS FROM ARISTA

10:34AM 6    OF SLAVISH COPING AS WE COULD EVER HAVE IN A COPYRIGHT CASE.

10:35AM 7         IF I COULD REFER TO SLIDE 27, THAT IS PUBLIC.  AFTER OUR

10:35AM 8    LAWSUIT WAS FILED, MS. ULLAL, MS. JAYSHREE ULLAL, WHO IS THE

10:35AM 9    CEO, CHIEF EXECUTIVE OFFICER OF ARISTA AND OF COURSE A FORMER

10:35AM 10   CISCO EMPLOYEE, SHE ADMITTED TO THE VERBATIM COPYING OF THE

10:35AM 11   TECHNICAL DOCUMENTS.

10:35AM 12        AND IN THE HIGHLIGHTED SECTIONS OF THIS SLIDE THEY SAY WE

10:35AM 13   HAVE COPIED PIECES OF THEIR DOCUMENTATION.  THIS IS SOMETHING

10:35AM 14   THAT IS COMPLETELY UNACCEPTABLE.  I OWN UP TO THAT.  THAT'S A

10:35AM 15   MISTAKE.

10:35AM 16        SO WE HAVE ADMITTED COPYING, YOUR HONOR.

10:35AM 17        SO IF I COULD TURN YOUR HONOR AGAIN TO ANOTHER ADMISSION,

10:35AM 18   IT WOULD BE ON PAGE 29.  I'M NOW GOING TO GO COMPONENT BY

10:35AM 19   COMPONENT BRIEFLY.  SO WE HAVE THE ADMISSIONS OF SLAVISH

10:35AM 20   COPYING OF THE CLI AS A WHOLE.  NOW LET ME SHOW YOU WHAT'S IN

10:35AM 21   THE RECORD ABOUT VERBATIM COPING OF THE PARTICULAR BUILDING

10:35AM 22   BLOCKS.

10:35AM 23        YOUR HONOR AT PAGE 29 WE HAVE HERE THE ORIGINAL ANSWER TO

10:36AM 24   THE ORIGINAL COMPLAINT IN WHICH AT PARAGRAPH 53 OF THE ORIGINAL

10:36AM 25   ANSWER, DOCKET 36, ARISTA ADMITS THAT IT USES THE IOS COMMAND

10:36AM  1    EXPRESSIONS INCLUDED IN EXHIBIT 1 TO CISCO'S COMPLAINT.

10:36AM  2        THAT WAS -- SO REMEMBER OF COURSE WE HAD MILD AN AMENDED

10:36AM  3    COMPLAINT, YOUR HONOR PERMITTED US TO AMEND, THERE WAS AN

10:36AM  4    ANSWER TO THE SECOND AMENDED COMPLAINT, AND THAT ANSWER NOW

10:36AM  5    DENIES IT.

10:36AM  6        SO ARISTA HAS CHANGED ITS PLEADING.  BUT YOUR HONOR, THIS

10:36AM  7    WOULD BE AN ADMISSION THAT WE COULD CERTAINLY USE OF THE

10:36AM  8    COPYING OF THE COMMANDS.  BUT YOUR HONOR, ARISTA CAN'T REALLY

10:36AM  9    CONTEST THAT THE COMMAND EXPRESSIONS ARE COPIED VERBATIM.

10:36AM 10        NOW REMEMBER, ARISTA LIKES TO CALL THEM COMMAND

10:36AM 11    ABSTRACTIONS.  YOUR HONOR THEY ARE NOT COMMAND ABSTRACTIONS

10:36AM 12    THEY ARE COMMAND EXPRESSIONS, PARTICULAR WORDS WRITTEN IN A

10:36AM 13    PARTICULAR ORDER AND IF YOU LOOK COLUMN A IS THE CISCO COMMAND

10:36AM 14    EXPRESSIONS, COLUMN B IS THE ARISTA COMMAND EXPRESSIONS.

10:37AM 15        THIS IS LETTER I TYPE TO THE SWITCH, AND WHEN I SIT DOWN AT

10:37AM 16    MY ARISTA SWITCH I TYPE IN THE IDENTICAL COMMAND EXPRESSIONS.

10:37AM 17    THIS IS WHAT WE HAVE ALLEGED FOR ALL OF THE COMMAND EXPRESSIONS

10:37AM 18    IN OUR EXHIBIT.

10:37AM 19        YOUR HONOR, WE ARE NOT SAYING THAT EVERYTHING ARISTA DOES

10:37AM 20    COPIES US, THEY HAVE DEVELOPED OVER THE YEARS, SOME OF THEIR

10:37AM 21    OWN COMMAND EXPRESSIONS.  WE ARE JUST ASSERTING THE ONES THAT

10:37AM 22    ARE VERBATIM COPIED.

10:37AM 23        SECOND YOUR HONOR, IF YOU TURN TO PAGE 31 OF THE SLIDES,

10:37AM 24    YOU WILL SEE THIS IS WHERE WE TRY TO ILLUSTRATE THAT ONCE AGAIN

10:37AM 25    THE HIERARCHIES THEMSELVES ARE VERBATIM COPIED.  AND BY THAT WE

10:37AM 1    MEAN, NOW THIS IS A LAWYER CREATION, BUT THE VERBATIM COPYING

10:37AM 2    IS WHAT AM I ALLOWED TO DO ONCE I TYPE IN CLEAR, LET'S TAKE THE

10:37AM 3    CLEAR EXAMPLE IN THE LEFT COLUMN.

10:37AM 4        WELL, CLEAR LETS ME GET TO COUNTERS.  SO I CAN WRITE CLEAR

10:37AM 5    COUNTERS, THEN I'M DONE.  BUT CLEAR CAN ALSO TAKE ME TO IP

10:37AM 6    WHICH IS THE SECOND WORD IN THE MULTI-WORD EXPRESSION.  AND

10:38AM 7    THEN THAT WOULD LEAD ME TO ANOTHER SET OF CHOICES.  I COULD

10:38AM 8    WRITE CLEAR IP, THEN THE HIERARCHY IN THE CODE WOULD LET ME

10:38AM 9    TYPE IN ARP, BGP OR IGMP GROUP.  THAT'S ANDY, BOB, CHARLIE.

10:38AM 10       AND THAT HIERARCHY IS JUST AS ORIGINAL TO US AND JUST AS

10:38AM 11   MUCH COPIED WHEN THE MULTI-WORD COMMANDS ARE COPIED.  THAT'S

10:38AM 12   BECAUSE THEY DON'T LET YOU GET TO DAVID, ED, FRANK, THEY LET

10:38AM 13   YOU GET TO ANDY, BOB, AND CHARLIE.

10:38AM 14       THE COURT:  WHY ISN'T THIS LIKE THE BIKRAM'S YOGA

10:38AM 15   CASE THOUGH WHEN THE 26 POSES WERE NOT PROTECTED, NOT JUST THE

10:38AM 16   IDEA OF A SEQUENCE.

10:38AM 17       MS. SULLIVAN:  IT'S SO UNLIKE THE YOGA POSES,

10:38AM 18   YOUR HONOR.

10:38AM 19       THE POSE, DOWNWARD FACING DOG, IS UNPROTECTABLE.  BUT THE

10:38AM 20   WORDS TO DO THE DOWNWARD FACING DOG, PLACE YOUR HANDS ON THE

10:38AM 21   GROUND, ARE PROTECTED.

10:38AM 22       THEY COPIED THE WORDS TO DO THE DOWNWARD FACING DOG.  OR

10:39AM 23   THE HIERARCHY THAT SAYS DOWNWARD FACING DOG, NEXT STEP, START

10:39AM 24   WITH HANDS, START WITH FEET, START WITH TOES, I'M MAKING THIS

10:39AM 25   UP YOUR HONOR, BUT THE POINT IS WHAT WAS COPIED WAS NOT THE

10:39AM 1    POSE, WHAT WAS COPIED WAS THE WORDS USED TO GET THE YOGA

10:39AM 2    PRACTITIONER INTO THE POSE.  ALL RIGHT.  THAT'S THE DIFFERENCE.

10:39AM 3        ALL RIGHT, YOUR HONOR.  QUICKLY, SCREEN OUTPUTS IS AN

10:39AM 4    EXTREMELY EASY ONE, IF YOU LOOK AT SLIDE 32.

10:39AM 5        I SEND MY LETTER TO THE SWITCH, THE SWITCH VALIDATES THE

10:39AM 6    COMMAND AND IT SENDS BACK A SCREEN OUTPUT.  AND WE WILL BE ABLE

10:39AM 7    TO SHOW THE JURY VERBATIM COPYING OF COUNTLESS HELP

10:39AM 8    DESCRIPTIONS.  WE ENUMERATED THEM IN THE EARLIER SLIDE.  IF YOU

10:39AM 9    SEE, THESE ARE IDENTICAL RIGHT DOWN TO EVERY WORD.

10:39AM 10       AND YOUR HONOR, IF YOU GO TO THE NEXT SCREEN, SCREEN

10:39AM 11   OUTPUTS WE JUST LOOKED AT A HELP DESCRIPTION, BUT REMEMBER,

10:40AM 12   EVERY TIME I SEND A COMMAND TO THE SWITCH, THE SWITCH WRITES

10:40AM 13   WORDS BACK.  AND WE ARE CLAIMING THAT THE SCREEN OUTPUTS ARE

10:40AM 14   IDENTICAL, VERBATIM COPIED.  LEFT COLUMN, THE SAME AS THE

10:40AM 15   RIGHT, AS YOU CAN SEE JUST GLANCING AT THAT.

10:40AM 16       ADMISSION BY ARISTA'S OWN EXPERT THAT THE SCREEN OUTPUT IS

10:40AM 17   THE SAME NET EFFECT FROM THE USER'S PERSPECTIVE, SAME WORDS.

10:40AM 18       AND YOUR HONOR, HELP DESCRIPTIONS, THE HELP DESCRIPTIONS ON

10:40AM 19   SLIDE 35, I WRITE A COMMAND, I PUT A QUESTION MARK, THE HELP

10:40AM 20   DESCRIPTION THAT COMES BACK, WE SHOW YOU AN EXEMPLARY LIST OF

10:40AM 21   COMMANDS THAT HAVE BEEN VERBATIM COPIED.  THIS IS SOMETHING THE

10:40AM 22   COMPUTER IS WRITING BACK WHEN I ASK IT, A QUESTION ABOUT THE

10:40AM 23   MEANING OF THE COMMAND BY USING A QUESTION MARK.

10:40AM 24       AND FINALLY, CISCO HAS ADMITTED IN ITS OPERATIVE ANSWER,

10:40AM 25   WHICH WE REPRINT ON SLIDE 36, THAT IT USES THE SAME COMMAND

10:41AM  1    MODES AND PROMPTS THAT WE IDENTIFIED IN OUR COMPLAINT.

10:41AM  2        SO IT'S ADMITTING TO COPYING OF MODES AND PROMPTS, AND WE

10:41AM  3    GIVE YOU EXAMPLES ON PAGE 37 OF THE IDENTICAL TITLES FOR THE

10:41AM  4    MODES IN OUR CLI AND ARISTA'S CLI.  WE SAY USER EXEC, THEY SAY

10:41AM  5    EXEC.  WE SAY PRIVILEGED EXEC --

10:41AM  6            THE COURT:  SO LET ME ASK YOU A QUESTION ON THE MODES

10:41AM  7    AND PROMPTS.

10:41AM  8        IF I ACCEPT THAT THERE'S AN ADMISSION AND IF I FIND THAT

10:41AM  9    CISCO CLI, AT THE HIGH LEVEL IS ORIGINAL, THAT STILL ALLOWS FOR

10:41AM  10   TRIAL, A DETERMINATION OF WHETHER THESE FEATURES ARE

10:41AM  11   PROTECTABLE, CORRECT.

10:41AM  12           MS. SULLIVAN:  CORRECT.

10:41AM  13           THE COURT:  OKAY.

10:41AM  14           MS. SULLIVAN:  EXACTLY CORRECT, YOUR HONOR.

10:41AM  15           THE COURT:  ALL RIGHT.

10:41AM  16           MS. SULLIVAN:  AND WHAT WE ARE TRYING TO DO IS CREATE

10:41AM  17   A SEQUENCE, WHEREBY WE CAN SETTLE SOME THINGS NOW AND STILL

10:41AM  18   LEAVE PROTECTABILITY AND SUBSTANTIAL SIMILARITY OF PRESENTABLE

10:41AM  19   ELEMENTS FOR THE JURY.

10:41AM  20       SO MR. VAN NEST, I'M SURE WILL WANT TO POINT OUT THAT HASH

10:42AM  21   TAGS PRE-EXISTED CISCO AND SO FORTH, BUT WE DON'T WANT TO

10:42AM  22   BEGRUDGE ARISTA THE CHANCE TO TALK ABOUT HOW HASH TAGS ARE UN

10:42AM  23   PROTECTABLE

10:42AM  24           THE COURT:  BUT THIS IS A DECISION I'M GOING TO MAKE

10:42AM  25   ON WHETHER IT'S PROTECTABLE OR NOT.

10:42AM  1          MS. SULLIVAN:  YOU ARE ABSOLUTELY GOING TO MAKE THAT

10:42AM  2    DECISION.

10:42AM  3          IT'S GOING TO BE REFLECTED IN YOUR JURY INSTRUCTIONS AND

10:42AM  4    IT'S A LEGAL QUESTION, PROTECTABILITY IS A LEGAL QUESTION, BUT

10:42AM  5    THE JURY WILL DETERMINE SIMILARITY BASED ON YOUR LEGAL

10:42AM  6    GUIDANCE.

10:42AM  7          SO YOUR HONOR, I WANT TO BE VERY CLEAR, YOU CAN RULE FOR US

10:42AM  8    THAT ARISTA COPIED ON SUMMARY JUDGEMENT NOW, AND ARISTA CAN

10:42AM  9    STILL COME BACK LATER AND SAY TO THE JURY, WELL, WE DIDN'T COPY

10:42AM  10   IT EXACTLY, OR WE CHANGED IT ENOUGH THAT IT'S NOT SUBSTANTIALLY

10:42AM  11   SIMILAR, OR WE PUT IT IN THIS CONTEXT THAT MEANS IT DIDN'T HAVE

10:42AM  12   INTRINSIC SIMILARITY.

10:42AM  13         ALL OF THAT IS FOR LATER, BUT YOU SHOULDN'T LET ARISTA'S

10:42AM  14   OBJECTIONS TO OUR VERBATIM COPYING POINTS HERE STAND IN THE WAY

10:43AM  15   OF YOUR COPYING DECISIONS.

10:43AM  16         YOUR HONOR, I HAVE DONE THE MODES AND PROMPTS, HELP

10:43AM  17   DESCRIPTIONS, TECHNICAL DOCUMENTS ON SLIDE 39 AGAIN, THIS IS

10:43AM  18   STRAIGHTFORWARD.

10:43AM  19         WE HAVE REPRINTED ON SLIDE 39, A NICE EXAMPLE OF COPYING

10:43AM  20   EVEN THE TYPOS.  MR. ULLAL HAS ADMITTED THIS IS USER

10:43AM  21   DOCUMENTATION COPIED.  EACH SYSTEM STATUS MESSAGES HAVE, THEY

10:43AM  22   COPIED IT RIGHT DOWN TO THE TYPOS.

10:43AM  23         SO YOUR HONOR, WE GIVE YOU ANOTHER EXAMPLE ON SLIDE 40.

10:43AM  24   BUT TO CONCLUDE AT THE END ON SLIDE 41, YOUR HONOR, AND THE

10:43AM  25   REASON WHY I THINK THE BUILDING BLOCKS ARE SO IMPORTANT, WE ARE

10:43AM  1    NOT JUST TALKING ABOUT THE 508 COPIED COMMAND EXPRESSIONS, WE

10:43AM  2    ARE TALKING ABOUT ALL THE OTHER FIVE FEATURES THAT WE HAVE JUST

10:43AM  3    GONE OVER, THE SCREEN OUTPUTS, THE COMMAND EXPRESSIONS, THE

10:43AM  4    HIERARCHIES, HELPDESC SCREENS, TECHNICAL DOCUMENTS.

10:43AM  5         THERE IS NO OTHER COMPETITOR THAT ARISTA HAS SHOWN USES ANY

10:43AM  6    OF THOSE THINGS IN A VERBATIM COPIED WAY.  THEY WILL WANT TO

10:44AM  7    TELL YOU THAT OTHER COMPETITORS MAY USE ONE OR ANOTHER OF THE

10:44AM  8    COMMAND EXPRESSIONS.  BUT THERE'S NO ALLEGATION THAT ANYONE HAS

10:44AM  9    COPIED THE WHOLE LOOK AND FEEL OF THE CLI AS ARISTA HAS DONE.

10:44AM 10         SO YOUR HONOR, THAT'S REALLY, IN A NUT SHELL, OUR ARGUMENT

10:44AM 11    ON COPYING.  AND AGAIN, I APOLOGIZE FOR THE ERROR IN THE PRIOR

10:44AM 12    DRAFT ORDER.  WE WILL BE VERY HAPPY TO SUBMIT A CORRECTED ORDER

10:44AM 13    TO THE COURT.  ALL WE WANT YOU TO DO IS SAY, I FIND ON SUMMARY

10:44AM 14    JUDGEMENT, THAT ARISTA HAS VERBATIM COPIED CISCO'S CLI

10:44AM 15    INSOFAR -- HAS COPIED CISCO'S CLI INSOFAR AS ITS X, Y, Z.

10:44AM 16              THE COURT:  THE ELEMENTS.

10:44AM 17              MS. SULLIVAN:  INSOFAR AS THEY ARE VERBATIM.

10:44AM 18              THE COURT:  OKAY.  AND YOU WANT THE SIX CATEGORIES.

10:44AM 19              MS. SULLIVAN:  AND THAT LEAVES FOR LATER, OUR

10:44AM 20    DECISION OF WHICH WERE VERBATIM COPIED, AND WE CAN WIN ON LATER

10:44AM 21    IF SOME OF THEM WARRANT.

10:44AM 22         BUT WE BELIEVE WE HAVE SHOWN YOU AMPLE EVIDENCE THAT IT'S

10:45AM 23    NOT A COSMIC ACCIDENT, IT'S NOT A COINCIDENCE, THEY SET OUT TO

10:45AM 24    COPY, THEIR CTO SAID THEY SLAVISHLY COPIED EVEN THE SILLY BITS,

10:45AM 25    THEIR TECHNICAL DOCUMENTS COPIED EVEN THE TYPOS.  SO

10:45AM 1    YOUR HONOR, WE REALLY SHOULDN'T BE HERE ON COPYING.  THIS

10:45AM 2    SHOULD BE A CASE REALLY ON WHICH ARISTA JUST ADMITS THE COPYING

10:45AM 3    AND WE GO TO TOWN ON WHETHER IT WAS ALLOWED TO COPY.  THAT

10:45AM 4    REALLY IS WHAT WE SHOULD BE DOING.

10:45AM 5        SO YOUR HONOR, THAT CONCLUDES MY REMARKS ON ORIGINALITY AND

10:45AM 6    COPYING.  I CAN ADDRESS FAIR USE BRIEFLY.

10:45AM 7            THE COURT:  SO I REALLY FEEL THIS IS, THERE ARE

10:45AM 8    CONTESTED ISSUES OF FACT HERE.  WHAT I NEED TO DO IS AT 11, I'M

10:45AM 9    GOING TO BREAK BRIEFLY TO DO A CASE MANAGEMENT CONFERENCE, LET

10:45AM 10   ALL OF YOU TAKE A BREAK AND COME BACK.

10:45AM 11       BUT I'M RUNNING UP AGAINST A DEADLINE OF MY OWN, AND I WANT

10:45AM 12   TO GIVE ARISTA EQUAL TIME TO PRESENT.  AND I HAVE NOT HEARD --

10:45AM 13   SO I'M NOT QUITE SURE THERE'S A LOT IN MR. VAN NEST'S MOTION AS

10:45AM 14   WELL, AND YOU HAVEN'T GOTTEN TO THAT EITHER.

10:46AM 15       SO I'M A LITTLE CONCERNED ABOUT TIME.

10:46AM 16           MS. SULLIVAN:  I UNDERSTAND COMPLETELY.  COULD I DO

10:46AM 17   FAIR USE IN A VERY BRIEF WAY, YOUR HONOR?

10:46AM 18           THE COURT:  YES, ABSOLUTELY.

10:46AM 19           MS. SULLIVAN:  IF YOU TURN TO SLIDE 44, I CAN'T PUT

10:46AM 20   THIS ON THE SCREEN BECAUSE IT'S -- IT CONTAINS CONFIDENTIAL

10:46AM 21   INFORMATION.  WE WILL LEAVE THE SCREEN DARK FOR NOW.

10:46AM 22           THE COURT:  OKAY.  I HAVE IT IN FRONT ME.

10:46AM 23           MS. SULLIVAN:  YOUR HONOR, FACTOR ONE, FAIR USE HAS

10:46AM 24   THESE WELL ESTABLISHED HELPFUL FACTORS.

10:46AM 25       FIRST IS NATURE OF THE USE.  THIS IS A STRAIGHT CASE OF

10:46AM 1    HEAD-TO-HEAD COMPETITION.  THAT'S NOT A CASE OF CRITICISM,

10:46AM 2    COMMENTARY, RESEARCH, SCHOLARSHIP, PARODY, THE KINDS OF THINGS

10:46AM 3    THAT CONGRESS MEANT WHEN IT CREATED THE FAIR USE DEFENSE.

10:46AM 4        THIS IS CLASSIC VERBATIM COPYING TO TAKE OUR CUSTOMERS AWAY

10:46AM 5    ON THE SAME PRODUCT LINE AS ARISTA ADMITS IN THESE PRIVILEGED

10:47AM 6    DOCUMENTS, CONFIDENTIAL DOCUMENTS THAT ARE IN FRONT OF YOU.

10:47AM 7        SECOND, ON FACTOR TWO, THE NATURE OF THE USE.  I'M SORRY,

10:47AM 8    THE NATURE OF THE WORK, EXCUSE ME.  FIRST IS THE USE,

10:47AM 9    COMPETITION, NOT TRANSFORMATION.

10:47AM 10       AND BY THE WAY, YOUR HONOR, COULD I PAUSE ON FACTOR ONE

10:47AM 11   JUST FOR ONE MINUTE, BECAUSE I KNOW THAT ARISTA SOMETIMES

10:47AM 12   ARGUES WELL, OF COURSE WE'VE MADE TRANSFORMATIVE USE OF CISCO'S

10:47AM 13   CLI, WE HAVE A DIFFERENT SET OF SWITCHES THAT WE INVENTED THE

10:47AM 14   HARDWARE FOR.  AND THEY HAVE LOTS OF ADVANTAGES.  THEY HAVE

10:47AM 15   LOWER LATENCY AND HIGHER SPEED AND ALL THAT.  AND THEREFORE

10:47AM 16   WE'VE TRANSFORMED THE CLI.

10:47AM 17       YOUR HONOR, WITH RESPECT, YOU MUST REJECT THAT ARGUMENT.

10:47AM 18   THAT'S LIKE SAYING WELL, THE IPAD HAS BETTER FUNCTIONALITY THAN

10:47AM 19   THE KINDLE.  BUT IF I PUT CHARLES DICKENS', *TALE OF TWO CITIES*

10:48AM 20   ON MY KINDLE AND THEN SOMEBODY COMES ALONG AND COPIES IT AND

10:48AM 21   PUTS IT ON THE IPAD, IT'S NOT A TRANSFORMATIVE USE TO PUT THE

10:48AM 22   EXACT SAME WORDS THAT WERE ON ONE DEVICE TO ANOTHER DEVICE.

10:48AM 23   THAT IS NOT WHAT TRANSFORMATION MEANS.  TRANSFORMATION MEANS

10:48AM 24   YOU CHANGE THE TEXT OF THE COPIED MATERIAL IN A WAY THAT

10:48AM 25   CHANGED IT.  AND THEY CAN'T DO THAT HERE, SO THERE'S NO

10:48AM 1    TRANSFORMATIVE USE.

10:48AM 2        ON THE SECOND FACTOR, YOUR HONOR, WE WILL HAVE A DEBATE

10:48AM 3    LATER IN THE CASE OVER WHETHER THERE WAS AN INDUSTRY STANDARD,

10:48AM 4    THAT THE NATURE OF OUR WORK COULDN'T HAVE BEEN CREATIVE OR

10:48AM 5    PROPRIETARY BECAUSE IT WAS AN INDUSTRY STANDARD.

10:48AM 6        YOUR HONOR, WE HAVE ARISTA ADMISSIONS, AND I CAN SHOW YOU

10:48AM 7    ONE THAT'S PUBLIC ON PAGE 48, SLIDE 48.  THIS IS NOT AN

10:48AM 8    INDUSTRY STANDARD CASE.  THIS IS NOT A CASE IN WHICH ANY

10:48AM 9    STANDARD SETTING BODY HAS EVER SAID THAT YOU NEED TO USE OUR

10:48AM 10   CLI AS AN INDUSTRY STANDARD.  IT JUST ISN'T.

10:49AM 11       WHAT INDUSTRY STANDARD MEANS IN THIS CASE, TAKE IT FROM

10:49AM 12   MR. LINCOLN DALE, ARISTA'S DISTINGUISHED ENGINEER, FORMER CISCO

10:49AM 13   EMPLOYEE, IN A PUBLIC PRESENTATION.  HE SAID, WHEN WE SAY

10:49AM 14   INDUSTRY STANDARD, WHEN WE SAY THAT OFF SWITCHES RUN AT

10:49AM 15   INDUSTRY STANDARD CLI, I GUESS THAT'S MY JOKE FOR SAYING IT'S

10:49AM 16   THE SAME AS IOS.  IOS IS CISCO'S PROPRIETARY SYSTEM.

10:49AM 17       SO YOUR HONOR, WHEN IT COMES TO THE NATURE OF THE WORK

10:49AM 18   THIS, THIS IS OUR CREATIVE PROPRIETARY WORK, IT'S NOT AN

10:49AM 19   INDUSTRY STANDARD, JUST BECAUSE IT'S POPULAR DOESN'T MEAN THAT

10:49AM 20   IT BECOMES AN INDUSTRY STANDARD.

10:49AM 21       THE FEDERAL CIRCUIT WAS VERY CLEAR ON THAT IN ORACLE V.

10:49AM 22   GOOGLE CITING THE PRACTICAL MATTERSON CASE IN WHICH THE

10:49AM 23   NINTH CIRCUIT SAID JUST BECAUSE SOMETHING IS COMMONLY USED

10:49AM 24   DOESN'T MEAN IT'S AN INDUSTRY STANDARD.

10:49AM 25            THE COURT:  BUT OF COURSE FAIR USE WENT TO THE JURY

10:49AM  1    IN THAT CASE.

10:49AM  2              MS. SULLIVAN:  THAT'S TRUE, YOUR HONOR.  I CAN'T DENY

10:49AM  3    THAT FAIR USE USUALLY GOES TO THE JURY, BUT THIS IS A RARE CASE

10:49AM  4    --

10:49AM  5              THE COURT:  IT PROBABLY WILL HERE TOO.

10:49AM  6              MS. SULLIVAN:  WELL, I UNDERSTAND, YOUR HONOR.  IF I

10:49AM  7    CAN JUST TRY MY BEST CASE WITH YOU.

10:50AM  8              THE COURT:  OF COURSE.  I APPRECIATE THAT.

10:50AM  9              MS. SULLIVAN:  AND AGAIN, I WANT TO GO BACK TO SLIDE

10:50AM  10   49.

10:50AM  11       WE TALKED ABOUT MR. GIANCARLO.  HE WAS THE EXECUTIVE AT

10:50AM  12   CISCO WHO HELPED SUE HUAWEI FOR MISAPPROPRIATING CISCO CLI.

10:50AM  13       AND REMEMBER, WE HAVE ALREADY GONE OVER THIS SLIDE, BUT

10:50AM  14   REMEMBER WHAT HE SAID ABOUT OUR CLI, THIS IS GOING TO FACTOR 3,

10:50AM  15   FACTOR 3 IS THE SUBSTANTIALITY OF THE USE.  QUALITATIVELY,

10:50AM  16   QUANTITATIVELY, IS THE USE IMPORTANT?

10:50AM  17       AND WHAT HE SAID IS ESSENTIALLY THAT CLI WAS OUR CROWN

10:50AM  18   JEWELS.  IT IS ONE OF THE COMPANY'S MOST VALUABLE ASSETS AND A

10:50AM  19   CRITICAL COMPONENT OF CISCO'S BUSINESS.

10:50AM  20       VERY HARD TO SEE HOW A CURRENT MEMBER OF ARISTA'S BOARD IS

10:50AM  21   NOT ADMITTING THAT THE QUALITATIVE AND QUANTITATIVE NATURE OF

10:50AM  22   THE COPING IS SIGNIFICANT.

10:50AM  23       WE POINT YOU ON SLIDES 50 AND 51 TO SOME OTHER IMPORTANT

10:50AM  24   ARISTA ADMISSIONS ABOUT THE QUANTITY OF THE COPYING.

10:50AM  25   ESPECIALLY SLIDE 50 AS TO THE QUANTITY OF THE COPING.  SO WE

10:50AM 1    THINK ON FACTOR THREE, SUBSTANTIALITY IN THE QUANTITY AND

10:51AM 2    QUALITY OF THE COPYING IS INCOMPATIBLE WITH A FAIR USE DEFENSE.

10:51AM 3        THIS IS NOT COPYING SNIPPETS, IT'S COPYING WHOLE BOX AND

10:51AM 4    DICE, WHOLE NINE YARDS, WHOLE THING, SEAMLESS, RIGHT OUT OF

10:51AM 5    THE -- AND THEN THE LAST FACTOR, YOUR HONOR, IS MARKET IMPACT.

10:51AM 6        SO AS TO FACTOR 4 ON SLIDE 51, THE MARKET IMPACT, YOU WILL

10:51AM 7    DECIDE LATER AND THE JURY WILL DECIDE LATER WHAT THE REMEDIES

10:51AM 8    ARE, SO WE WILL GO BACK TO MARKET IMPACT.

10:51AM 9        BUT WHERE THE VERY PURPOSE OF COPYING OUR CLI IS TO TAKE

10:51AM 10   OUR CUSTOMERS AWAY AND STEER THEM OVER TO ARISTA BECAUSE THEY

10:51AM 11   CAN HAVE A SEAMLESS TRANSITION BECAUSE THEY CAN USE THE EXACT

10:51AM 12   SAME WORDS AND PHRASES WHEN THEIR SYSTEM ADMINISTRATORS

10:51AM 13   INTERACT WITH THEIR SWITCHES, THAT'S THE KIND OF MARKET IMPACT

10:51AM 14   THAT PRECLUDES A FAIR USE DEFENSE.

10:51AM 15       I HAD THE SAME REACTION AS YOUR HONOR, I THOUGHT FAIR USE

10:52AM 16   ALWAYS GOES TO THE JURY.  AND THE MORE WE LOOKED AT THE

10:52AM 17   UNDISPUTED EVIDENCE, WE THOUGHT YOUR HONOR, THERE IS NO WAY

10:52AM 18   THIS IS A FAIR USE CASE.  THEY CAN MAYBE BRING THEIR MERGER AND

10:52AM 19   THEIR SANS AFFAIR AND FUNCTIONALITY DEFENSES AND TRY TO SAY

10:52AM 20   THIS ISN'T ABOUT WORDS, THIS IS ABOUT KNOBS, AS THEY LIKE TO

10:52AM 21   CALL OUR EXPRESSIONS, AND YOUR HONOR, WE GIVE YOU THE SLIDE ON

10:52AM 22   PAGE 52 THAT JUST TRIES TO COMPARE IT TO ANOTHER RECENT FAIR

10:52AM 23   USE, AND YOU KNOW THE DIFFERENCE.

10:52AM 24           THE COURT:  I DO.

10:52AM 25           MS. SULLIVAN:  THIS IS NOT A CASE IN WHICH YOU HAVE

10:52AM 1    TWO DIFFERENT MARKETS ON FREEWARE.

10:52AM 2          THE COURT:  BUT YOU KNOW, THERE'S A VAST DIFFERENCE

10:52AM 3    BETWEEN A WINNING CASE ON FAIR USE AND ONE THAT PASSES THROUGH

10:52AM 4    SUMMARY JUDGEMENT.  I'M JUST LOOKING TO SEE WHETHER IT PASSES

10:52AM 5    THROUGH SUMMARY JUDGEMENT AND THEN YOU CAN BOTH WORK YOUR MAGIC

10:52AM 6    IN FRONT OF THE JURY.

10:52AM 7          MS. SULLIVAN:  ALL RIGHT.  I UNDERSTAND.

10:52AM 8       THANK YOU, YOUR HONOR.  YOU HAVE BEEN VERY GRACIOUS WITH

10:52AM 9    YOUR TIME AND I APPRECIATE ALL THE TIME YOU GAVE US TO LAY OUR

10:52AM 10   CASE.

10:52AM 11         THE COURT:  ABSOLUTELY.

10:52AM 12      MR. VAN NEST, YOU DO HAVE AN AMOUNT OF TIME AVAILABLE TO

10:52AM 13   YOU.  LET ME BE -- BEFORE YOU START, I HAVE ONE CASE

10:53AM 14   MANAGEMENT, I WANT TO GIVE ME COURT REPORTER A BREAK.  SO I

10:53AM 15   THINK -- ARE ALL THE PARTIES HERE ON THE CASE MANAGEMENT

10:53AM 16   CONFERENCE FOR VILLA?

10:53AM 17      (OFF-THE-RECORD DISCUSSION.)

11:15AM 18      (WHEREUPON A RECESS WAS TAKEN.)

11:15AM 19         MR. FERRALL:  YOUR HONOR, AND I THINK WE ARE GOOD.

11:16AM 20      BRIAN FERRALL ON BEHALF OF ARISTA.  GOOD MORNING.

11:16AM 21         THE COURT:  GOOD MORNING.

11:16AM 22         MR. FERRALL:  AND YOUR HONOR, I WOULD LIKE TO START

11:16AM 23   WITH THE SAME QUESTION THE COURT POSED AT THE BEGINNING WHICH

11:16AM 24   IS WHAT EXACTLY IS IT THAT CISCO IS ASKING FOR IN THIS MOTION

11:16AM 25   AND WHAT ARE THE CONSEQUENCES OF IT.

11:16AM 1    IF I COULD HAVE SLIDE 63 TO START.  SO 64 YOUR HONOR, IF

11:16AM 2    YOUR HONOR HAS THE DECK, I JUST WANT TO RESPOND ON SOME GENERAL

11:16AM 3    POINTS.

11:16AM 4    SO THIS IS CISCO'S NOTICE OF MOTION, AND LIKE YOUR HONOR,

11:16AM 5    WE TAKE CISCO AT ITS WORD WHEN IT SAYS THIS IS THE RELIEF IT

11:17AM 6    SEEKS, THAT'S WHAT WE RESPOND TO, AND THAT'S WHAT WE DID

11:17AM 7    RESPOND TO.  AND THE REQUEST IS FOR A DECLARATION THAT CISCO

11:17AM 8    OWNS A VALID COPYRIGHT IN CISCO CLI.

11:17AM 9    IT IS A REQUEST THAT STRUCK US AS ODD BECAUSE THIS CASE HAS

11:17AM 10   NEVER BEEN PROSECUTED AS A CLAIM IN THE CISCO CLI AND FOR GOOD

11:17AM 11   REASON, YOUR HONOR.  THERE'S NOT A COPYRIGHT REGISTRATION ON

11:17AM 12   THE CISCO CLI.

11:17AM 13   IN FACT, THEIR EXPERT, CISCO'S EXPERT HAS NEVER COMPARED

11:17AM 14   THE CISCO CLI WITH ARISTA'S CLI TO TRY TO FIND THE EXTENT OF

11:17AM 15   THE SIMILARITIES.

11:17AM 16   THIS CASE HAS BEEN PROSECUTED FROM THE VERY BEGINNING AS A

11:17AM 17   SET OF SPECIFIC COMMANDS OR OTHER ELEMENTS THAT ARE ABSTRACTED

11:18AM 18   THAT ARE NONLITERAL ELEMENTS FROM WHAT IS ULTIMATELY THE LEGAL

11:18AM 19   RIGHT THAT CISCO HAS, AND THAT COMES FROM A REGISTRATION,

11:18AM 20   ACTUALLY IT COMES FROM 26 REGISTRATIONS OVER THE COURSE OF SOME

11:18AM 21   15 OR MORE YEARS.

11:18AM 22   SO IF YOU START WITH WHAT THEIR RIGHTS DERIVE FROM,

11:18AM 23   REGISTRATION AND SOFTWARE, YOU ARE NOT GOING TO FIND A

11:18AM 24   REGISTERED WORK THAT'S CALLED THE CISCO CLI.

11:18AM 25   SO THE IMMEDIATE ANSWER TO YOUR QUESTION IS WHAT DOES THIS

11:18AM  1  ORDER GET YOU?  IT DOESN'T GET US ANYTHING TO NARROW THIS CASE.

11:18AM  2  AN ORDER THAT THE CLI IS ORIGINAL IS AN AMORPHOUS ORDER THAT

11:18AM  3  WILL NOT RESOLVE ANY OF THE STEPS THAT THE COURT HAS TO TAKE

11:18AM  4  FOR FILTRATION OR ANALYTIC DISSECTION, AS THE NINTH CIRCUIT

11:18AM  5  CALLS IT, AND IT'S NOT GOING TO RESOLVE ISSUES FOR THE JURY.

11:18AM  6      SO LET ME TURN TO ANALYTIC DISSECTION.  THAT IS -- THAT IS

11:19AM  7  WHERE THE QUESTIONS OF ORIGINALITY COME TO PLAY.  AND ONE THING

11:19AM  8  ALL OF THE PARTIES AGREE UPON, ONE OF THE FEW THINGS THAT

11:19AM  9  EVERYONE AGREES UPON IS THAT ANALYTIC DISSECTION AND FILTRATION

11:19AM  10  IS A MIXED QUESTION OF LAW AND FACT, THAT'S THE HARPER HOUSE

11:19AM  11  CASE THAT WAS DISCUSSED AT LENGTH THE LAST TIME WE WERE HERE.

11:19AM  12      THE COURT:  BUT THE REAL QUESTION FOR ME, I ACCEPT

11:19AM  13  THAT, BUT IS IT A MIXED QUESTION OF LAW IN FACT FOR THE JUDGE

11:19AM  14  OR IS THERE A JURY ASPECT TO IT?  AND THAT I'M NOT CLEAR ON.

11:19AM  15      MR. FERRALL:  FOR ISSUES OF COPYRIGHTABILITY

11:19AM  16  INCLUDING ORIGINALITY, THAT IS FOR THE COURT.  BUT IT'S FOR THE

11:19AM  17  COURT SITTING AS A FINDER OF FACT.

11:19AM  18      THE COURT:  YES.

11:19AM  19      MR. FERRALL:  NOT RESOLVING ON THE RULE 56 STANDARD

11:19AM  20  OF NO DISPUTED FACT.  THAT'S AN IMPORTANT DIFFERENCE.

11:20AM  21      AND ALL OF THE CASES CALL IT BROWN BAG, APPLE, YOU NAME IT,

11:20AM  22  THEY ALL TALK ABOUT THE EXTRINSIC TEST WHEREBY EXPERTS TALK

11:20AM  23  ABOUT WHAT IS OR IS NOT ORIGINAL, WHAT IS OR IS NOT

11:20AM  24  PROTECTABLE.  AND THE COURT SITTING AS AN ARBITRATOR OF THOSE

11:20AM  25  FACTS AND THAT TESTIMONY MAKES DETERMINATIONS ABOUT WHAT IS THE

11:20AM  1    PROTECTABLE EXPRESSION IN THE WORK.  REMEMBER THE WORK IS A

11:20AM  2    REGISTERED OPERATING SYSTEM, AND WHAT IS NOT PROTECTABLE.

11:20AM  3        SO THAT WHEN THE JURY HEARS THE CASE, THE JURY KNOWS --

11:20AM  4            THE COURT:  YOU ARE DEFINING THE WORK DIFFERENTLY

11:20AM  5    THAN CISCO IS.

11:20AM  6            MR. FERRALL:  WELL, I DON'T THINK THERE'S ANY DISPUTE

11:20AM  7    THAT THE WORK THAT'S BEEN REGISTERED WITH THE COPYRIGHT OFFICE

11:20AM  8    IS SOFTWARE AND ASSOCIATED DOCUMENTATION.

11:20AM  9        SO THERE IS DOCUMENTATION THAT WAS PART OF EACH

11:20AM  10   REGISTRATION ALSO, BUT IT'S SOFTWARE.  AND THERE'S NOT A

11:20AM  11   REGISTERED WORK IN COMMANDS, THERE'S NOT A REGISTERED WORK

11:21AM  12   IN -- THOSE ARE NONLITERAL ELEMENTS OF THE REGISTERED WORK.

11:21AM  13   AND I THINK CISCO AGREES WITH ME ON THAT.

11:21AM  14       IN FACT, I THINK YOU COULD SEARCH IN WHAT IS ADMITTEDLY AN

11:21AM  15   EXTREMELY VOLUMINOUS SUMMARY JUDGEMENT RECORD, BUT YOU ARE NOT

11:21AM  16   GOING TO FIND ANY CITATION IN THERE TO A PIECE OF SOFTWARE.

11:21AM  17   YOU ARE NOT GOING TO FIND CITES TO LINES OF SOFTWARE THAT

11:21AM  18   RECITES 508 COMMANDS.  OR THAT -- OR THERE'S NOT GOING TO BE

11:21AM  19   ANY REFERENCE TO WHERE THE HIERARCHIES APPEAR IN THE SOFTWARE.

11:21AM  20   THESE ARE ABSTRACTIONS, NONLITERAL ELEMENTS THAT ARE TAKEN FROM

11:21AM  21   THE REGISTERED WORKS.

11:21AM  22       SO THE ULTIMATELY WHAT CISCO IS ASKING YOU HERE IS EITHER

11:21AM  23   TO ISSUE AN ORDER ABOUT THE CISCO CLI WHICH IS TRULY NOT EVEN

11:21AM  24   AT ISSUE IN THE CASE, OR TO RESOLVE THESE QUESTIONS OF LAW AND

11:22AM  25   FACT, MIXED QUESTIONS OF FACT WHICH ARE APPROPRIATE NOT FOR

11:22AM 1    SUMMARY JUDGEMENT, BUT AT A LATER STAGE IN THE CASE WHEN THE

11:22AM 2    COURT EVALUATES THE EXPERT TESTIMONY AND SO FORTH.

11:22AM 3        AND I'M GOING TO GO THROUGH SOME OF THE EVIDENCE ABOUT WHY

11:22AM 4    THERE ARE DISPUTES OF FACT OF ORIGINALITY FOR CERTAIN --

11:22AM 5            THE COURT:  THAT'S WHY I SPENT SOME TIME WITH

11:22AM 6    MS. SULLIVAN ABOUT DEFINING WHAT IT IS THEY WANTED ME TO

11:22AM 7    CONSIDER.

11:22AM 8        AND I DON'T THINK IT'S A HARD JOB ON ORIGINALITY, IF I'M

11:22AM 9    LOOKING AT WHAT IS DEFINED BY CISCO AS CISCO'S CLI AS TO

11:22AM 10   WHETHER THAT AS A WHOLE ORIGINAL.  BUT MY FOLLOW UP ON THAT

11:22AM 11   WAS, AND I AGREE WITH YOU MR. FERRALL, I DON'T THINK THAT MOVES

11:22AM 12   THE BALL DOWN THE FIELD VERY FAR THOUGH.

11:22AM 13       I JUST DON'T THINK THAT DOES MUCH BECAUSE I DON'T THINK IT

11:22AM 14   REALLY SAYS ANYTHING ABOUT COPYRIGHT PROTECTION OR COPYRIGHT

11:22AM 15   LIABILITY.

11:23AM 16           MR. FERRALL:  IT DOES NOT.

11:23AM 17       IF WE COULD LOOK AT SLIDE --

11:23AM 18           THE COURT:  AND SO I DON'T EVEN THINK IT HURTS YOU TO

11:23AM 19   LOSE ON THAT ISSUE IS ANOTHER WAY OF SAYING IT, I SUPPOSE.  I

11:23AM 20   JUST THINK IT'S -- IT'S THE -- IT'S THE FEIST CASE IT'S THE

11:23AM 21   DIRECTORY.

11:23AM 22       AND YOU KNOW, OF MAKING THAT THRESHOLD FINDING.  BUT YOU

11:23AM 23   KNOW, THE WORK IS DONE DOWN IN THE WEEDS LOOKING AT THE

11:23AM 24   INDIVIDUAL FEATURES OR THE ELEMENTS.

11:23AM 25           MR. FERRALL:  YOU ARE ABSOLUTELY RIGHT YOUR HONOR,

11:23AM 1    ALTHOUGH THERE IS THE PREJUDICIAL ASPECT OF THIS AND I THINK

11:23AM 2    THAT MAY BE WHAT'S BEHIND THIS MOTION IS GETTING A SOUND BITE

11:23AM 3    THAT SAYS THIS IS ORIGINAL OR THIS WAS COPIED.

11:23AM 4        EVEN THOUGH AT THE END OF THE DAY IT'S NOT WHAT THE JURY IS

11:23AM 5    GOING TO CONSIDER, IT'S A SOUND BYTE.  AND I'M GOING TO SUBMIT

11:23AM 6    AND SHOWY A LEGALLY ERRONEOUS SOUND BYTE BASED UPON THE

11:23AM 7    EVIDENCE.

11:23AM 8        SO LET'S LOOK AT SLIDE 67.  SO WE TOOK SOME OF THE

11:24AM 9    TESTIMONY OR THE EVIDENCE FROM PROFESSOR BLACK, OUR EXPERT ON

11:24AM 10   COPYRIGHT, SOME OF THE THINGS HE OBSERVED ABOUT THE CISCO'S

11:24AM 11   CLI, AMONG OTHER THINGS, I SAID IT IS NOT A REGISTERED WORK.

11:24AM 12       PRESUMABLY, THE CLI WOULD ALSO CONSIST OF HOWEVER MANY

11:24AM 13   LINES OF CODE IN EACH OF THESE 26 DIFFERENT VERSIONS OF

11:24AM 14   SOFTWARE THAT IMPLEMENT THE INTERFACE.

11:24AM 15       NOW THOSE HAVE NEVER BEEN IDENTIFIED, NO ONE HAS EVER PUT

11:24AM 16   FORTH EVIDENCE ABOUT THOSE, THOSE ARE UNKNOWN, AT LEAST ON THIS

11:24AM 17   RECORD.

11:24AM 18       DR. BLACK, ACTUALLY THIS IS CISCO'S OWN ESTIMATION THAT

11:24AM 19   THERE'S AT LEAST 16,000 DIFFERENT COMMANDS IN ITS OPERATING

11:24AM 20   SYSTEM.  ACTUALLY, DR. BLACK'S ESTIMATE IS IF YOU COUNT THEM

11:24AM 21   THE WAY CISCO HAS COUNTED THEM FOR THIS CASE, THERE MAY BE OVER

11:24AM 22   A HUNDRED THOUSAND COMMANDS.  BUT REGARDLESS, ORDERS OF

11:25AM 23   MAGNITUDE MORE THAN WHAT WAS ASSERTED IN THIS CASE.  THERE ARE

11:25AM 24   70 MODES, FOUR ASSERTED HERE, BUT IT'S REALLY EIGHT.

11:25AM 25       70,000 COMMAND RESPONSES ARE AVAILABLE THROUGH IOS, THROUGH

11:25AM 1    THE VARIOUS RESPONSES YOU CAN GET FROM ALL OF THE DIFFERENT

11:25AM 2    SHOW COMMANDS.

11:25AM 3        AND THEY HAVE ASSERTED 37.  THEY SAY NOW THAT THEY HAVE

11:25AM 4    ASSERTED 200.

11:25AM 5        REGARDLESS, WE ARE MANY ORDERS OF MAGNITUDE.  SO AGAIN,

11:25AM 6    WHAT IS THIS ORDER, NEITHER THE COURT, CISCO HASN'T TRIED TO

11:25AM 7    TALK ABOUT THE ORIGINALITY OF 97 PERCENT OF ITS CLI.  AND IF IT

11:25AM 8    DID, MAYBE THERE WERE PARTS WE WOULD CONCEDE ARE ORIGINAL OR

11:25AM 9    LARGE PARTS OF IT.

11:25AM 10       BUT THEY ARE NOT AT ISSUE IN THIS CASE, AND SO A

11:25AM 11   DECLARATION THEY ARE SEEKING IS IRRELEVANT.  AND AS I SAID, I

11:26AM 12   THINK PREJUDICIAL BECAUSE IT'S A SOUND BYTE, NOT SOMETHING

11:26AM 13   THAT'S GOING TO ADVANCE THE CASE.

11:26AM 14       YOUR HONOR TALKED ABOUT FEIST, AND THAT WAS WHAT I WAS

11:26AM 15   GOING TO REFER TO NEXT IN GENERAL COMMENTS, BECAUSE WHAT'S

11:26AM 16   IMPORTANT TO UNDERSTAND, AGAIN GOING BACK TO WHERE THE LEGAL

11:26AM 17   RIGHTS COME FROM, A REGISTERED WORK AT THE COPYRIGHT OFFICE OR

11:26AM 18   26 REGISTERED WORKS AT THE COPYRIGHT OFFICE.

11:26AM 19       WHAT FEIST SAYS, AMONG OTHER THINGS, IS THAT THE COPYRIGHT

11:26AM 20   REGISTRATION DOES NOT GIVE YOU, AND THIS IS ONLY LOGICAL, A

11:26AM 21   COPYRIGHT REGISTRATION DOES NOT GIVE YOU EXCLUSIVE RIGHTS TO

11:26AM 22   EACH AND EVERY ELEMENT.

11:26AM 23       THE QUOTE IS, MERE FACT, THE MERE FACT THAT A WORK IS

11:26AM 24   COPYRIGHTED DOES NOT MEAN EVERY ELEMENT IS PROTECTED.

11:26AM 25       THAT'S AT PAGE 348 OF THE FEIST DECISION.  THAT'S WHY WE

11:26AM  1    HAVE ANALYTIC DISSECTION.

11:27AM  2        SO ALL OF WHAT MS. SULLIVAN REFERS TO AS THE SIX PILLARS OR

11:27AM  3    PYRAMID OF THEIR CLAIM, THOSE ARE ALL, AS I SAID, DIFFERENT

11:27AM  4    NONLITERAL ELEMENTS, THEY ALL MERIT ANALYSIS.  YOU CANNOT

11:27AM  5    SIMPLY SAY, WELL WE HAVE A REGISTERED WORK IN THIS REGISTRATION

11:27AM  6    IN THIS VERSION OF SOFTWARE AND THEREFORE WE GET PROTECTION ON

11:27AM  7    EVERY ONE OF THEM.

11:27AM  8        THE COURT:  SHE'S NOT ASKING FOR PROTECTION AT THIS

11:27AM  9    STAGE.  SO THIS IS THE -- THE SHIFTING SANDS THAT I'M CONCERNED

11:27AM  10   ABOUT.

11:27AM  11       WHAT SHE REQUESTS IS SUMMARY ADJUDICATION OF A THRESHOLD

11:27AM  12   ISSUE IN THE CASE.  AND IT IS ONE THAT HAS TO BE DETERMINED.

11:27AM  13       NOW YOU ARE SUGGESTING CISCO'S CLI IS NOTHING AND I WOULD

11:27AM  14   NEVER BE MAKING A FINDING ON CISCO'S CLI BECAUSE IT'S A

11:27AM  15   CONSTRUCT THAT HAS BEEN CREATED BY ATTORNEYS.

11:27AM  16       MR. FERRALL:  RIGHT.  I'M NOT SAYING IT'S NOTHING,

11:27AM  17   I'M SAYING IT'S NEVER BEEN DEFINED --

11:27AM  18       THE COURT:  ITS BOUNDARIES ARE UNIQUE TO THIS

11:28AM  19   LITIGATION IS WHAT YOU ARE SAYING PERHAPS.

11:28AM  20       MR. FERRALL:  RIGHT, EXACTLY.

11:28AM  21       SO I THINK THE WAY THE CONVERSATION WENT WITH MS. SULLIVAN

11:28AM  22   WAS, WELL, WHAT WE ARE TALKING ABOUT IS THE CLEAR PROTECTION

11:28AM  23   THAT WE GET FOR A COMBINATION OF ELEMENTS.

11:28AM  24       AND I JUST WANT TO TOUCH UPON THE LAW ON THAT AND THEN I'M

11:28AM  25   GOING TO START WALKING THROUGH SOME OF THE EVIDENCE.

11:28AM  1      THE REFERENCE WAS TO THE JOHNSON CONTROLS CASE.  I THINK

11:28AM  2   THE LAW IS NOT AT ALL CISCO'S MS. SULLIVAN SAID, WELL JOHNSON

11:28AM  3   CONTROLS SAYS WE ABSOLUTELY GET PROTECTION FOR THE STRUCTURE,

11:28AM  4   SEQUENCE AND ORGANIZATION OF COMPUTER SOFTWARE.

11:28AM  5      WHAT JOHNSON CONTROLS SAYS IS COPYRIGHT MAY, MAY ATTACH TO

11:28AM  6   STRUCTURE, SEQUENCE AND ORGANIZATION IF THERE'S SOME ASPECT OF

11:28AM  7   THOSE ELEMENTS THAT IS EXPRESSIVE AND ORIGINAL AND MEETS THE

11:29AM  8   OTHER QUALIFICATIONS FOR PROTECTION.

11:29AM  9      WHAT THE NINTH CIRCUIT HAS CLARIFIED MUCH MORE RECENTLY, IF

11:29AM  10   WE COULD LOOK AT SLIDE 50.  MORE RECENTLY IN THIS SATAVA V.

11:29AM  11   LOWRY CASE.

11:29AM  12          THE COURT:  I KNOW THAT CASE.

11:29AM  13          MR. FERRALL:  RIGHT.

11:29AM  14      THE COURT HELD THAT A COMBINATION OF UNPROTECTABLE ELEMENTS

11:29AM  15   IS ELIGIBLE FOR COPYRIGHT PROTECTION ONLY IF THOSE ELEMENTS ARE

11:29AM  16   NUMEROUS ENOUGH AND THEIR SELECTION AND ARRANGEMENT ORIGINAL

11:29AM  17   ENOUGH THAT THEIR COMBINATION CONSTITUTES AN ORIGINAL WORK OF

11:29AM  18   AUTHORSHIP.

11:29AM  19          THE COURT:  WELL, NUMEROUS IS NOT GOING TO BE OUR

11:29AM  20   PROBLEM HERE.

11:29AM  21          MR. FERRALL:  WELL NO, BUT IF YOU LOOK AT ALL OF THE

11:29AM  22   ELEMENTS, REMEMBER WE'VE TALKED AND MS. SULLIVAN HAS TALKED

11:29AM  23   ABOUT CISCO'S CLI, AN AMORPHOUS TERM.

11:30AM  24          THE COURT:  I DON'T THINK IT'S AMORPHOUS, I THINK

11:30AM  25   IT'S CLEARLY DEFINED AND IT HAS BOUNDARIES.

11:30AM  1          THE QUESTION TO ME IS, ARE THOSE APPROPRIATE BOUNDARIES

11:30AM  2     FOUND IN THE REGISTRATION, EACH OF THE ELEMENTS MAY BE

11:30AM  3     PROTECTED THROUGH THESE 26 REGISTRATIONS.  BUT THERE'S NO

11:30AM  4     REGISTRATION ON SOMETHING CALLED CISCO CLI.

11:30AM  5          MR. FERRALL:  RIGHT.

11:30AM  6      I DON'T THINK IT'S EVEN -- I THINK THEIR DEFINITION IS NOT

11:30AM  7     EVEN, IS IT THE MODES OF EACH AND EVERY ONE OF THE VERSIONS OF

11:30AM  8     THE 26 REGISTRATIONS?  IS IT EVERY COMMAND RESPONSE IN ALL OF

11:30AM  9     THOSE REGISTRATIONS OR ANY ONE OF THOSE REGISTRATIONS?  I THINK

11:30AM 10     EVEN THEIR DEFINITION IN THEIR PROPOSED ORDER IS IMPOSSIBLY

11:30AM 11     VAGUE.

11:30AM 12          BUT REGARDLESS, THE POINT IS ON COMBINATION OF ELEMENTS AND

11:31AM 13     WE ARE GOING TO GET TO THIS WHEN WE START TALKING ABOUT COMMAND

11:31AM 14     WORDS, WE SUBMIT THAT IT'S UNDISPUTED THAT THERE'S ENORMOUS

11:31AM 15     AMOUNTS OF WHAT CISCO CLAIMS EXCLUSIVE RIGHTS THAT IT CANNOT

11:31AM 16     CLAIM EXCLUSIVE RIGHTS --

11:31AM 17          THE COURT:  SO YOU ARE LEADING ME DOWN A PATH OF

11:31AM 18     DETERMINING ORIGINALITY AS TO EACH MINUTE FEATURE OR ELEMENT,

11:31AM 19     EACH OF THE 508 COMMAND LINES, EACH OF THE ACCUSED ELEMENTS

11:31AM 20     THROUGHOUT THIS THAT YOU ARE GOING TO WANT A DECISION ON

11:31AM 21     ORIGINALITY OF EACH PART.

11:31AM 22          AND I DON'T THINK THAT'S THE LAW.  I THINK THAT COMES BACK

11:31AM 23     TO DETERMINE IF IT'S PROTECTABLE.  BUT THEN IT'S GOING TO BE --

11:31AM 24     THAT'S GOING TO BE THE FILTRATION PROCESS.  THAT'S WHY -- I SEE

11:31AM 25     THIS AS SOMETHING OF A GATEWAY ISSUE THAT AT THE HIGH LEVEL

11:31AM 1    THAT IT'S BEEN BRIEFED BY CISCO, IS -- I'M NOT SURE IT'S

11:31AM 2    ACTUALLY DISPUTABLE, I'M NOT SURE IT'S ACTUALLY WORTH MUCH.

11:32AM 3        YOU KNOW, SO I DON'T ACTUALLY THINK YOU LOSE EITHER WAY ON

11:32AM 4    THIS.  I KNOW YOU DON'T WANT THE BAD PRESS, THAT'S NOT MY

11:32AM 5    CONCERN

11:32AM 6            MR. FERRALL:  NO, BUT IT IS -- THE ELEMENT-BY-ELEMENT

11:32AM 7    ANALYSIS IS WHAT THE LAW REQUIRES, BUT NOT ONLY IS IT WHAT THE

11:32AM 8    LAW REQUIRES, BUT IT'S HOW CISCO HAS PROSECUTED THIS CASE.

11:32AM 9    THEY COULD HAVE SAID -- AND HERE'S THE PROOF, SLIDE 30.

11:32AM 10       SO CISCO COULD HAVE ALLEGED IN THIS CASE THAT THIS IS ALL

11:32AM 11   ABOUT PROTECTING A COMBINATION OF ALL OF THESE DIFFERENT

11:33AM 12   ELEMENTS.  AND THAT COMBINATION IS WHAT WE HAVE EXCLUSIVE

11:33AM 13   RIGHTS IN.

11:33AM 14       NOW, OF COURSE THE CONSEQUENCES OF THAT IS THAT IF YOU OMIT

11:33AM 15   ONE OR TWO ELEMENTS OF THAT COMBINATION, WELL THEN YOU ARE NOT

11:33AM 16   USING THEIR COMBINATION, RIGHT.

11:33AM 17       SO THERE'S OBVIOUS REASONS THEY DIDN'T WANT TO GO DOWN THAT

11:33AM 18   PATH, ALTHOUGH THEY MAY BE TRYING TO BENEFIT FROM IT NOW.  THEY

11:33AM 19   DIDN'T GO DOWN THAT PATH.  INSTEAD, WHAT THEY WANTED TO DO IS

11:33AM 20   THEY WANTED TO SAY THAT ARISTA IS PREVENTED FROM USING EACH

11:33AM 21   COMMAND.  THIS IS CISCO'S COUNSEL, ALMOST A YEAR AGO,

11:33AM 22   CLARIFYING ITS EACH AND EVERY ELEMENT.  OKAY.

11:33AM 23       AND THAT'S WHAT PROMPTED THE WAY THE CASE HAS BEEN

11:33AM 24   LITIGATED SINCE THEN, OKAY.

11:33AM 25       THEY WANT TO BE ABLE TO PREVENT ARISTA, AND PRESUMABLY

11:33AM 1    OTHER COMPETITORS FROM USING SHOW MAC ADDRESS, SHOW INTERFACES,

11:34AM 2    THEY WANT TO PREVENT ARISTA AND COMPETITORS FROM USING ANY

11:34AM 3    COMBINATION OF COMMANDS THAT BEGIN WITH THE WORD SHOW.

11:34AM 4        MS. SULLIVAN ADMITTED SHOW WAS NOT ORIGINAL TO THEM, AND WE

11:34AM 5    HAVE UNDISPUTABLE PROOF THAT IT WAS NOT ONLY NOT ORIGINAL BUT

11:34AM 6    IT WAS COPIED FROM SOFTWARE MR. LOUGHEED USED FROM STANFORD

11:34AM 7    BEFORE HE CAME TO, THAT'S UNDISPUTED.

11:34AM 8        BUT CISCO WOULD HAVE THE COURT RULE THROUGH THIS CASE THAT

11:34AM 9    NO COMPETITOR CAN USE A COMBINATION OF SHOW AND VARIOUS

11:34AM 10   INDUSTRY STANDARD TERMS THAT FOLLOW THAT, ON AN INDIVIDUAL

11:34AM 11   BASIS TO MAKE IT AS FRUSTRATING AS POSSIBLE TO COMPETE WITH

11:34AM 12   THEM.  THAT'S THE WAY THEY HAVE LITIGATED THE CASE.

11:34AM 13       THE COURT:  BUT THE DETERMINATION OF EACH OF THOSE,

11:34AM 14   AND I DON'T KNOW, WE ADD THESE UP, WE START AT 508 AT MY BASE.

11:34AM 15   I DON'T FIND ANY OF THAT IN ANY OF THE CASES, ANYTHING THAT

11:34AM 16   MAMMOTH.

11:34AM 17       BUT AM I GOING TO HAVE AN EVIDENTIARY HEARING, A BENCH

11:35AM 18   TRIAL ON THIS?

11:35AM 19           MR. FERRALL:  ON THE PROTECTABILITY OF THESE?

11:35AM 20           THE COURT:  YES.

11:35AM 21           MR. FERRALL:  I THINK THAT WHAT WE ARE GOING TO

11:35AM 22   PROPOSE, REMEMBER YOUR HONOR HAS SET A SCHEDULE FOR CONSIDERING

11:35AM 23   THE WAY FILTRATION SHOULD WORK IN THIS CASE.  AND THAT'S GOING

11:35AM 24   TO BE FILED ON THE 15TH.  AND WHAT WE ARE GOING TO PROPOSE ARE

11:35AM 25   SOME GENERAL CONCLUSIONS THAT WE THINK ARE GOING TO BE, IF NOT

11:35AM  1    UNDISPUTED, EASILY -- EASILY SUPPORTED OVERWHELMINGLY SUPPORTED

11:35AM  2    BY THE FACTS, SOME BROAD CONCLUSIONS ABOUT WHAT IS CLEARLY NOT

11:35AM  3    PROTECTABLE.

11:35AM  4        AND IT'S GOING TO BE THINGS THAT CLEARLY COME FROM INDUSTRY

11:35AM  5    STANDARDS THAT CLEARLY CISCO HAS NO EXCLUSIVE RIGHTS ON, AND

11:35AM  6    THERE WILL BE THINGS THAT ARE LEFT, WE ARE NOT GOING TO SAY

11:35AM  7    THAT FILTRATION ELIMINATES EVERYTHING IN THIS CASE, THAT'S A

11:36AM  8    DIFFERENT ARGUMENT RESERVED FOR ANOTHER TIME.

11:36AM  9        BUT WE ARE GOING TO PROVIDE, I THINK, A STRUCTURE THAT IS

11:36AM 10    WORKABLE, IS NOT GOING TO REQUIRE AN EVIDENTIARY HEARING ON

11:36AM 11    EVERY TERM, AND YOUR HONOR MAY OR MAY NOT WANT --

11:36AM 12            THE COURT:  SO I WON'T BE THE FINDER OF FACT

11:36AM 13    BECAUSE --

11:36AM 14            MR. FERRALL:  NO.

11:36AM 15            THE COURT:  WELL, HOW COULD I BE IF THERE'S NO

11:36AM 16    EVIDENTIARY HEARING?

11:36AM 17            MR. FERRALL:  YOUR HONOR, WHAT I SAID IS THERE'S NOT

11:36AM 18    GOING TO BE AN EVIDENTIARY HEARING ON EVERY TERM.

11:36AM 19        YOU MAY FIND THAT YOU WANT AN EVIDENTIARY HEARING ON WHAT

11:36AM 20    WE PROPOSE TO BE FILTERED OUT FROM PROTECTABLE EXPRESSION.

11:36AM 21            THE COURT:  WE WILL HAVE TO HAVE A FURTHER CASE

11:36AM 22    MANAGEMENT CONFERENCE.

11:36AM 23        LET ME MOVE ON, AND I'M SORRY TO HAVE INTERRUPTED YOUR

11:36AM 24    DISCUSSION.

11:36AM 25            MR. FERRALL:  THAT'S ALL RIGHT.

11:36AM  1    BUT LOOK, THE DISCUSSION OBVIOUSLY IS AN IMPORTANT ONE

11:36AM  2    BECAUSE IT'S TRUE THAT THE ISSUE IN OUR MOTION, I'M GOING TO

11:36AM  3    GET TO OUR MOTION ON THIS, OUR MOTION I THINK TAKES CISCO AT

11:37AM  4    THEIR WORD FOR HOW THIS CASE HAS BEEN PROSECUTED AND TRULY

11:37AM  5    ATTEMPTS TO DEAL WITH 198 COMMANDS WHERE THERE IS NO EVIDENCE.

11:37AM  6    WE DON'T HAVE TO DEBATE WHAT THE EXPERTS SAY.  WE DON'T

11:37AM  7    HAVE TO DEBATE ABOUT WHAT THE DOCUMENTS SAY.  THERE'S NO

11:37AM  8    PRESUMPTION OF ORIGINALITY AS TO THOSE COMMANDS AND THERE'S NO

11:37AM  9    EVIDENCE SUPPORTING THE ORIGINALITY, AND THAT'S JUST A FAILURE

11:37AM  10   OF PROOF, AND THAT'S WHAT SUMMARY JUDGEMENT IS FOR.  NOT FRAUD

11:37AM  11   BLANKET STATEMENTS THAT ARE UNDEFINABLE, BUT FAILURE OF PROOF

11:37AM  12   AS TO SPECIFIC COMMANDS THAT HAVE BEEN ASSERTED --

11:37AM  13   THE COURT:  AND THOSE 198 COMMANDS WOULD DERIVE FROM

11:37AM  14   THE SIX IDENTIFIED REGISTRATIONS THAT ARE POST THE FIVE-YEAR

11:37AM  15   PERIOD.

11:37AM  16   MR. FERRALL:  RIGHT, RIGHT.

11:37AM  17   THE COURT:  OKAY.

11:37AM  18   MR. FERRALL:  WHY DON'T I TURN TO THAT BECAUSE IT'S

11:37AM  19   OBVIOUSLY A PART OF -- I'VE COMPLETED SOME GENERAL RESPONSES.

11:37AM  20   SO THAT'S A PART OF THE ORIGINALITY DISCUSSION SO LET'S TALK

11:38AM  21   ABOUT THAT.

11:38AM  22   SO IF WE COULD TURN TO SLIDE 31.  AND YES, TO RESPOND TO

11:38AM  23   YOUR QUESTION AT THE BEGINNING THIS MORNING, OUR ARGUMENT IS

11:38AM  24   NOT THAT ALL 26 REGISTRATIONS WERE LATE, OUR ARGUMENT IS THAT

11:38AM  25   THERE'S A SET OF REGISTRATIONS THAT WERE VERY LATE AND THE

11:38AM 1    COMMANDS THAT THE SOFTWARE FROM THOSE REGISTRATIONS RECOGNIZE.

11:38AM 2         IN OTHER WORDS, THE COMMANDS THAT WERE FIRST USED WITH

11:38AM 3    THOSE REGISTERED WORKS, THOSE ARE THE ONES THAT DON'T DESERVE A

11:38AM 4    PRESUMPTION.

11:38AM 5         SO THIS IS JUST SECTION 410 FROM THE STATUTE WHICH EXPLAINS

11:38AM 6    HOW THE PRESUMPTION OF VALIDITY IS A BARGAIN.  IT IS A WAY OF

11:38AM 7    ENCOURAGING COPYRIGHT HOLDERS TO REGISTER THEIR WORKS PROMPTLY,

11:38AM 8    AND GIVES THEM A PRESUMPTION, A PRIMA FACIE EVIDENCE OF THE

11:38AM 9    VALIDITY OF THE COPYRIGHT.

11:39AM 10        NOW, WE MAY SAVE FOR ANOTHER TIME WHAT THE EXTENT OF THAT

11:39AM 11   IS.  BUT AT ITS MOST GENEROUS READING, WHAT IT SAYS IS CISCO

11:39AM 12   MAY BE ABLE TO HAVE A PRESUMPTION OF VALIDITY IN ELEMENTS OF

11:39AM 13   THE WORK IF IT REGISTERS THE WORK WITHIN FIVE YEARS.

11:39AM 14        AND IF YOU GO TO THE NEXT SLIDE, THIS IS AN EXCERPT FROM

11:39AM 15   OUR ANALYSIS OF EVIDENCE THAT CISCO PREPARED.  THIS IS ALL SET

11:39AM 16   FORTH IN EXHIBIT 15 OF MR. SANTACANA'S DECLARATION IN WHICH ON

11:39AM 17   A COMMAND-BY-COMMAND BASIS WE NOTE WHEN THE COMMAND WAS FIRST

11:39AM 18   PUBLISHED, THAT IS PART OF A SOFTWARE THAT WAS PUBLISHED, AND

11:39AM 19   WHEN THE REGISTRATION FIRST OCCURRED.

11:39AM 20        AND SO FOR THIS COMMAND SHOW CLOCK WHICH IS ONE OF THE

11:40AM 21   EARLIEST OR AN EARLY ONE, I SHOULDN'T SAY ONE OF THE EARLIEST,

11:40AM 22   BUT THERE WAS NO SOFTWARE REGISTERED FOR THIS UNTIL 2002,

11:40AM 23   VERSION 11.0.  AND IN FACT, CISCO DIDN'T REGISTER ANY COPYRIGHT

11:40AM 24   IN ANY OF ITS SOFTWARE UNTIL 2002 WHEN IT SUED HUAWEI WHICH WE

11:40AM 25   TALKED ABOUT.

11:40AM 1    SO EXHIBIT 15 ITEMIZES THE TIMES.  AND I DON'T THINK

11:40AM 2    THERE'S ANY DISPUTES ABOUT THOSE FACTS.  I THINK THOSE FACTS

11:40AM 3    ARE ALL UNDISPUTED.

11:40AM 4         THE COURT:  CISCO ASKED ME TO EXERCISE MY DISCRETION

11:40AM 5    AND GRANT THE PRESUMPTION TO THESE LATE REGISTERED ITEMS.

11:40AM 6         MR. FERRALL:  RIGHT.  AND HERE'S WHY THE COURT SHOULD

11:40AM 7    NOT DO THAT.

11:40AM 8    THERE IS -- AND LET'S LOOK AT THE CASES THAT CISCO CITED

11:40AM 9    FOR THAT.  THAT IS SLIDE 52, I BELIEVE.  SO CISCO CITED TWO

11:41AM 10   CASES FOR THE IDEA THAT THE COURT SHOULD EXERCISE ITS

11:41AM 11   DISCRETION AND GRANT THIS PRESUMPTION NONETHELESS.

11:41AM 12   AND IN BOTH CASES, THEY ARE INSTANCES IN WHICH THE

11:41AM 13   DEFENDANT REALLY DIDN'T PROVIDE ANY SUBSTANTIVE QUESTION, ANY

11:41AM 14   REASON FOR THE COURT TO QUESTION THE ORIGINALITY OF THE WORK.

11:41AM 15   ONE, THEY FAILED TO PRESENT ANY EVIDENCE AT ALL.  AND

11:41AM 16   ACTUALLY IN BOTH, THE DEFENDANTS FAILED TO PRESENT ANY EVIDENCE

11:41AM 17   CHALLENGING THE ORIGINALITY.  AND THAT IS NOT AT ALL THE CASE

11:41AM 18   HERE.  SO LET'S TALK ABOUT WHY THERE'S QUESTIONS ABOUT

11:41AM 19   ORIGINALITY IN THIS CASE.

11:41AM 20   ALL OF THE WORKS, ALL OF THE REGISTERED WORKS ARE

11:41AM 21   DERIVATIVE WORKS, AND IF YOU GO TO --

11:42AM 22        THE COURT:  WHEN YOU SAY ALL, YOU MEAN THE 198

11:42AM 23   COMMANDS OR EVERYTHING IN THE CASE?

11:42AM 24        MR. FERRALL:  SORRY, ALL OF THE 26 REGISTERED WORKS

11:42AM 25   ARE DERIVATIVE WORKS.

11:42AM  1    AND SO IF YOU LOOK AT SLIDE 35, THIS IS AN EXCERPT FROM THE

11:42AM  2    VERY FIRST REGISTRATION AT ISSUE IN THE CASE FOR VERSION 11.0.

11:42AM  3    AND IN A REGISTRATION YOU NEED TO TELL THE COPYRIGHT OFFICE IF

11:42AM  4    IT'S A DERIVATIVE WORK OR NOT.

11:42AM  5    AND WHEN YOU DO, YOU ARE SUPPOSED TO IDENTIFY, WELL, WHAT'S

11:42AM  6    THE PRE-EXISTING WORK ON WHICH THIS DERIVATIVE WORK IS BASED,

11:42AM  7    AND PRESUMABLY THAT'S FOR THE PUBLIC TO KNOW WHAT IS EXCLUSIVE

11:42AM  8    TO THE COPYRIGHT HOLDER, WHAT WAS NEW TO THE COPYRIGHT HOLDER

11:42AM  9    VERSUS WHAT'S IN THE PUBLIC DOMAIN OR NOT NEW.

11:42AM  10    IN FACT, THAT'S WHAT THE STATUTE SAYS ABOUT DERIVATIVE

11:43AM  11    WORKS.

11:43AM  12    WELL, EVERY ONE OF CISCO'S REGISTRATIONS SAYS THIS, WHAT'S

11:43AM  13    THE OLD STUFF, IF YOU WILL.  WELL, PRIOR WORKS FOR CLAIMANT,

11:43AM  14    AND PRE-EXISTING THIRD PARTY COMPUTER CODE.  THEY NEVER

11:43AM  15    IDENTIFIED WHAT THAT PRE-EXISTING THIRD PARTY COMPUTER CODE IS,

11:43AM  16    BUT WE KNOW, ESSENTIALLY WE ARE STARTING FROM THE ADMISSION

11:43AM  17    THAT THERE'S SOME ASPECT OF CISCO'S WORKS, EVERY ONE OF THEM,

11:43AM  18    THAT IS THIRD PARTY THAT THEY DON'T HAVE RIGHTS OVER.

11:43AM  19    OKAY.  AND THAT'S EVERY ASSERTED WORK.

11:43AM  20    SO THERE'S A REASON THEN WHY DERIVATIVE WORKS LIKE CISCO'S

11:43AM  21    HERE CANNOT SERVE AS THE BASIS TO BOOT STRAP THE PRESUMPTION.

11:43AM  22    AND THAT'S THE COOLING SYSTEMS CASE WHICH YOU WILL SEE IF WE

11:43AM  23    SKIP AHEAD TO SLIDES, TO 37.

11:43AM  24    COOLING SYSTEMS WAS A NINTH CIRCUIT CASE IN WHICH A VERY

11:43AM  25    SIMILAR ISSUE AROSE, THE PLAINTIFF SUED ON A DERIVATIVE WORK,

11:44AM 1    AND THE PLAINTIFF TRIED TO INVOKE THE PRESUMPTION OF

11:44AM 2    ORIGINALITY BASED UPON THE DERIVATIVE WORK EVEN THOUGH THE

11:44AM 3    FEATURE THAT WAS SUPPOSEDLY COPIED WAS FROM THE PRE-EXISTING

11:44AM 4    WORK, IT WASN'T NEW TO THE DERIVATIVE WORK.

11:44AM 5        AND THE NINTH CIRCUIT JUST FLAT OUT REJECTED IT.  WE

11:44AM 6    REJECTED THE ARGUMENT THAT THE REGISTRATION IN THE DERIVATIVE

11:44AM 7    WORK PERVADES A PRESUMPTION OF VALIDITY OF THE COPYRIGHT UNDER

11:44AM 8    THE --

11:44AM 9            THE COURT:  BUT THAT WOULD APPLY TO THE 20

11:44AM 10   CONTRIBUTORY NEGLIGENCE REGISTRATIONS AS WELL, WOULDN'T IT, YOU

11:44AM 11   ARE NOT ARGUING THAT.

11:44AM 12           MR. FERRALL:  WE ARE NOT ARGUING THAT AND HERE'S WHY.

11:44AM 13       WE ARE TAKING -- THIS IS SUMMARY JUDGEMENT, YOUR HONOR, WE

11:44AM 14   ARE TRYING TO JUST PRESENT WHAT IS ABSOLUTELY UNDISPUTED.

11:44AM 15           THE COURT:  I ONLY WANTED TO CLARIFY IT BECAUSE THE

11:44AM 16   SECTION IN YOUR BRIEF SUGGESTED TO ME THAT YOUR ARGUMENT WOULD

11:44AM 17   APPLY TO ALL 26 BECAUSE THEY ARE DERIVATIVE.  BUT FOR THE

11:44AM 18   PURPOSES OF THIS MOTION, YOU ARE ASSERTING IT AGAINST THE SIX

11:44AM 19   AND THAT'S HELPFUL TO CLARIFY.

11:45AM 20           MR. FERRALL:  WE ARE.

11:45AM 21       AND IF YOU GO TO THE NEXT SLIDE, IT EXPLAINS HERE HOW WE

11:45AM 22   BREAK DOWN THE COMMANDS.  THERE'S 508 TOTAL COMMANDS, OKAY.

11:45AM 23       WE GO TO THE NEXT ONE.  THERE WERE DEPOSITIONS OF AUTHORS

11:45AM 24   WITH RESPECT TO 105 OF THOSE COMMANDS.  OKAY.  WE DID THE MATH,

11:45AM 25   WE SORTED OUT WHO PURPORTEDLY AUTHORED WHAT AND WE DEPOSED A

11:45AM 1    NUMBER OF AUTHORS, SO FINE, WE ARE NOT GOING TO MOVE ON THOSE.

11:45AM 2         FOR ANOTHER 205 COMMANDS, WE DETERMINED, WE ARE GIVING

11:45AM 3    CISCO THE BENEFIT OF THE DOUBT THAT THE REGISTRATION GIVES THEM

11:45AM 4    A PRESUMPTION IF IT'S TIMELY.  SO FOR 205 OTHER COMMANDS THE

11:45AM 5    REGISTRATION WAS TIMELY, FINE, WE ARE NOT GOING TO MOVE ON

11:45AM 6    THOSE.

11:45AM 7         THAT LEAVES 198 COMMANDS FOR WHICH THERE WAS NO DEPOSITION

11:45AM 8    OF AN AUTHOR, AND NO EVIDENCE OF ORIGINALITY AND NO

11:45AM 9    PRESUMPTION.  SO THAT'S WHAT WE MOVED ON.

11:46AM 10        AND IN RESPONSE TO THAT, IF WE GO TO SLIDE 42, IN RESPONSE

11:46AM 11   TO THAT CISCO COULD HAVE, OF COURSE, PRESENTED EVIDENCE OF

11:46AM 12   ORIGINALITY SUPPORTING THE ORIGINALITY OF THESE COMMANDS.

11:46AM 13        FOR 153 OF THE COMMANDS THEY SUBMITTED NOTHING WHATSOEVER,

11:46AM 14   OKAY.  THIS IS THE TYPE OF ISSUE THAT'S APPROPRIATE FOR SUMMARY

11:46AM 15   JUDGEMENT.

11:46AM 16        FOR 45 COMMANDS, THEY SUBMITTED SOME DOCUMENTS BUT THE

11:46AM 17   DOCUMENTS ACROSS THE BOARD, ALL THEY DO IS INDICATE THAT THE

11:46AM 18   COMMAND WAS, IN FACT, DECIDED UPON BY SOMEONE AT CISCO TO USE.

11:46AM 19   THERE WAS NO INDICATION ABOUT WHERE IT CAME FROM, WHY SOMEONE

11:46AM 20   CHOSE THOSE WORDS AS OPPOSED TO ANOTHER, WHETHER THEY BORROWED

11:46AM 21   IT FROM SOMETHING OR NOT.

11:46AM 22        AND THAT, YOUR HONOR, IS IMPORTANT BECAUSE THE LAW SAYS

11:46AM 23   THAT ORIGINALITY IS NOT ABOUT SIMPLY DECIDING TO USE SOMETHING.

11:47AM 24        IF YOU GO TO THE NEXT SLIDE, 43, A COUPLE OF QUOTES ABOUT

11:47AM 25   THE LAW OF ORIGINALITY.  THE KEY IS THE PLAINTIFF'S INGENUITY

11:47AM  1    RATHER THAN THE APPROPRIATION OF ANOTHER'S MATERIAL.  IT TESTS

11:47AM  2    THE PUTATIVE AUTHOR'S STATE MIND.  DID HE HAVE AN EARLIER WORK

11:47AM  3    IN MIND WHEN HE CREATED HIS OWN.

11:47AM  4        WE SAW, FOR EXAMPLE, THE DEPOSITION OF MR. LOUGHEED ABOUT

11:47AM  5    HOW HE CHOSE THE WORD SHOW.  WELL, SURE, HE COULD HAVE USED A

11:47AM  6    DIFFERENT WORD.  HE COULD HAVE USED ZEBRA IF HE WANTED TO.  BUT

11:47AM  7    THE FACT IS THAT HE WAS WORKING AT STANFORD, WORKING ON A

11:47AM  8    NON-CISCO -- ON A SOFTWARE PROGRAM CALLED TOPS 20 WHICH USED

11:47AM  9    SHOW AS A WAY OF CALLING UP PARAMETERS IN THE STATUS OF THE

11:48AM  10   SYSTEM.

11:48AM  11       AND HE DECIDED, MAYBE AMONG OTHER OPTIONS, BUT HE DECIDED

11:48AM  12   TO USE SHOW ALSO.  WELL, THAT'S NOT ORIGINAL.  JUST BECAUSE HE

11:48AM  13   COULD HAVE USED SOMETHING DIFFERENT THAN WHAT HE WAS ALREADY

11:48AM  14   USING DOESN'T MEAN THAT SELECTION IS ORIGINAL.

11:48AM  15       SO AGAIN, I'M JUST GOING TO CLOSE THIS OUT WITH WHY THIS IS

11:48AM  16   APPROPRIATE FOR SUMMARY JUDGEMENT.  YOUR HONOR KNOWS THE DEBATE

11:48AM  17   ABOUT THE NUMBER OF WITNESSES.  AND WE DID THE BEST WE COULD

11:48AM  18   WITH WHAT WE HAD AND WE ARE GOING -- I WILL SHOW YOU SOME

11:48AM  19   CONFIDENTIAL TESTIMONY.  BUT WE ALSO HAD A 30(B)(6) OF CISCO

11:48AM  20   REGARDING THE CREATION OF THE COMMANDS AND THEIR ORIGINALITY

11:48AM  21   AND HOW THEY COME UP WITH THEM.  OKAY.

11:48AM  22       AND THIS IS JUST AN EXAMPLE OF THIS.  SLIDE 45.

11:48AM  23           THE COURT:  AND THIS IS ALL PUBLIC?

11:49AM  24           MR. FERRALL:  SO THIS ONE I'M REMINDED -- NO.

11:49AM  25           THE COURT:  SO THERE ARE PEOPLE IN THE COURTROOM THAT

11:49AM 1    WOULD HAVE TO LEAVE, IT'S AN OPEN RECORD RIGHT NOW.

11:49AM 2            MR. FERRALL:  AND I'M NOT GOING TO READ IT INTO THE

11:49AM 3    RECORD.  WE HAVE REDACTED THE PUBLIC INFORMATION ON THE SCREEN.

11:49AM 4        BUT THE POINT IS THIS IS CISCO'S 30(B)(6) TALKING ABOUT HIS

11:49AM 5    INABILITY TO SPEAK TO THE CREATIVE PROCESS FOR OTHERS.

11:49AM 6        AND AGAIN, THIS WAS IN DISCOVERY, THEY HAD AN OPPOSITION TO

11:49AM 7    A MOTION IN WHICH THEY COULD HAVE PRESENTED EVIDENCE, THEY HAD

11:49AM 8    NONE.  THIS IS THE TIME AT THIS STAGE CLOSE TO TRIAL, THIS IS

11:49AM 9    THE TIME TO SAY IF YOU DON'T MEET YOUR BURDEN OF PROOF, THAT'S

11:49AM 10   WHEN THE CASE GETS NARROWED, AND THAT'S THE TIME FOR 198

11:49AM 11   COMMANDS.

11:49AM 12       NOW, I JUST WANT TO SHOW THE COURT A COUPLE OF OTHER

11:49AM 13   EVIDENCE CHALLENGING ORIGINALITY BECAUSE THIS WILL GO TO THE

11:49AM 14   REST OF THE COMMANDS IN THE CASE.

11:50AM 15       IF YOU SKIP TO SLIDE 46, AND AGAIN A LOT OF THIS IS

11:50AM 16   CONFIDENTIAL.  BUT THESE ARE EXCERPTS FROM AUTHORS SHOWING

11:50AM 17   COMBINATIONS OF PUBLICLY AVAILABLE COMMAND LIKE SHOW WITH AN

11:50AM 18   INDUSTRY STANDARD TERM.

11:50AM 19           THE COURT:  SO LET ME ASK A QUESTION HERE AND I DON'T

11:50AM 20   THINK I WILL STUMBLE INTO ANYTHING THAT'S CONFIDENTIAL BUT

11:50AM 21   INTERRUPT ME PLEASE.

11:50AM 22       SO IF I TAKE ONE WORD FROM THIS COMMAND THAT I GOT FROM,

11:50AM 23   STANFORD YOU SAID, AND IF I TAKE ANOTHER WORD THAT WAS AN

11:50AM 24   INDUSTRY STANDARD BUT CHOOSE TO PUT THEM TOGETHER, WHY ISN'T

11:50AM 25   THAT ORIGINAL?

11:50AM  1      IT'S A COMBINATION, EVEN IF IT'S NOT -- IT MAY NOT BE

11:50AM  2   PROTECTABLE, BUT WE ARE TALKING ABOUT ORIGINALITY HERE.

11:50AM  3           MR. FERRALL:  RIGHT.

11:50AM  4      AND I THINK THAT'S WHY THIS IS A QUESTION OF FACT TO BE

11:50AM  5   DECIDED NOT AT A SUMMARY JUDGEMENT STAGE.

11:51AM  6      THE MUNDANENESS, IF YOU WILL, OF USING SOMETHING THAT

11:51AM  7   EVERYONE HAS USED IN THE PAST IN ORDER TO DISPLAY INFORMATION

11:51AM  8   ON A SCREEN LIKE SHOW, AND NOW YOU ARE FACED WITH A TASK OF

11:51AM  9   WELL, I HAVE TO SHOW, WHICH BY THE WAY THE IEEE CAME UP WITH

11:51AM  10  AND WHICH CISCO DOESN'T OWN THE RIGHTS TO, AND I WILL CALL BGP,

11:51AM  11  BGP IS A ROUTING PROTOCOL THAT EVERYONE IN THE INDUSTRY USES,

11:51AM  12  IT STANDS FOR BORDER GATEWAY PROTOCOL.

11:51AM  13     SO IEEE PUBLISHES A DOCUMENT THAT PROVIDES THE PROTOCOL FOR

11:51AM  14  BGP AND ALL THE SPECIFICATIONS AND EVERYONE USES IT.  AND NOW

11:51AM  15  CISCO SAYS, WELL, I NEED TO FIGURE OUT HOW I'M GOING TO SHOW

11:51AM  16  THE BGP PARAMETERS AND I USE THE TERM SHOW BGP.

11:52AM  17     NOW THEY COULD PUT ON EVIDENCE AND SAY THAT SUFFICES FOR

11:52AM  18  ORIGINALITY.  OUR EXPERT DISAGREES.

11:52AM  19           THE COURT:  SO THE PROBLEM IS EVEN WITH A VERY LOW

11:52AM  20  BAR FOR ORIGINALITY, I'M NOT ACTUALLY SURE I AGREE WITH YOU.

11:52AM  21     NOW TWO WORDS IS GOING TO BE HARDER TO PROVE AS ORIGINAL

11:52AM  22  THAN FIVE WORDS STRUNG TOGETHER.  EVEN IF WE ARE TAKING

11:52AM  23  APPROXIMATE -- IF EACH ELEMENT, EACH WORD IS UNPROTECTED, WE

11:52AM  24  WILL JUST ASSUME THAT, BUT THE COMBINATION OF THEM CAN BE AN

11:52AM  25  ORIGINAL EXPRESSION, THAT'S CLEAR, ISN'T IT, UNDER THE LAW.

11:52AM 1          MR. FERRALL:  NO.  I MEAN, THERE'S A NUMBER OF CASES

11:52AM 2    IN WHICH COMBINATIONS OF UNPROTECTABLE ELEMENTS ARE NOT

11:52AM 3    SUFFICIENT TO BE EXPRESSIVE.

11:52AM 4        ONE COMES TO MIND, THE MATTHEW BENDER CASE WHICH IS ABOUT

11:52AM 5    WEST PUBLICATIONS AND VARIOUS ADDITIONS OF FEATURES THAT WERE

11:53AM 6    ADDED TO OPINIONS.

11:53AM 7        AND THE CONSENSUS WAS THAT SURE, THOSE ADDITIONS, THEY

11:53AM 8    COULD HAVE DONE IT DIFFERENT WAYS, THEY DIDN'T HAVE TO DO IT.

11:53AM 9    CISCO'S FOCUS IS ALL ABOUT, IS THERE ONLY ONE WAY TO DO IT.

11:53AM 10   THAT'S NOT THE TEST.

11:53AM 11       THE ISSUE IS, IS THERE CREATIVITY, THAT'S WHY I CITED TO

11:53AM 12   THE SATAVA CASE, BECAUSE IT'S NOT SIMPLY THE CASE THAT ANY

11:53AM 13   COMBINATION OF PUBLIC DOMAIN INFORMATION IS ORIGINAL.  YOU'VE

11:53AM 14   GOT TO MAKE -- YOU'VE GOT TO HAVE SOME -- YOU'VE GOT TO PASS A

11:53AM 15   THRESHOLD THAT'S ABOVE ZERO THAT SAYS THERE'S SOME CREATIVITY

11:53AM 16   TO THIS.

11:53AM 17          THE COURT:  BUT NOT MUCH ABOVE ZERO.

11:53AM 18          MR. FERRALL:  WHAT'S THAT?

11:53AM 19          THE COURT:  FOR ORIGINALITY, IT'S NOT MUCH ABOVE

11:53AM 20   ZERO.

11:53AM 21          MR. FERRALL:  IT'S NOT MUCH.

11:53AM 22       BUT IF WHAT YOU DO IS BASED UPON WHAT SOMEONE ELSE HAS

11:53AM 23   DONE.  AND THAT'S THE CASE WITH THESE SHOW COMMANDS WITH TAKING

11:54AM 24   IP AND ADDING AGAIN, ADDING SOME PROTOCOL NAME THAT SOMEONE

11:54AM 25   ELSE CAME UP WITH TO IP, WHICH IS ANOTHER PROTOCOL NAME.

11:54AM 1    THE COURT:  SO I PROBABLY CAN'T SAY -- I MEAN THE

11:54AM 2    PROBLEM WE GET IS THAT WHAT YOU ARE REALLY ESTABLISHING HERE ON

11:54AM 3    YOUR 198, IS IN ORDER TO PROTECT AGAINST CISCO'S MOTION, I HAVE

11:54AM 4    TO DENY YOURS AS WELL.

11:54AM 5    MR. FERRALL:  WELL, NO.

11:54AM 6    THE COURT:  THEY HAVE PRESENTED NO EVIDENCE

11:54AM 7    WHATSOEVER ON YOUR ORIGINALITY, THAT'S YOUR ARGUMENT.

11:54AM 8    MR. FERRALL:  EXACTLY.  THAT'S THE DIFFERENCE.

11:54AM 9    THE COURT:  OKAY.  SORRY, SORRY.

11:54AM 10   MR. FERRALL:  WE ARE NOT SEEKING SUMMARY JUDGEMENT ON

11:54AM 11   UN ORIGINALITY ON EVERYTHING, WE ARE SAYING THERE'S A SET WITH

11:54AM 12   NO EVIDENCE.

11:54AM 13   THE COURT:  OKAY.

11:54AM 14   MR. FERRALL:  AND YOUR HONOR, WE ARE RUNNING THROUGH

11:54AM 15   OR TIME, AND THE IMPORTANT THING IS TO ANSWER YOUR QUESTIONS.

11:54AM 16   BUT SUFFICE IT TO SAY, THERE'S OTHER EVIDENCE HERE, OTHER

11:54AM 17   EXCERPTS, A LOT MORE IN THE RECORD, A LOT MORE FOR TRIAL OF HOW

11:54AM 18   CISCO BORROWED FROM OTHERS TO CREATE THESE COMMANDS.

11:55AM 19   LET ME TURN TO COPYING FOR A MOMENT.  AND THEN I WANT TO

11:55AM 20   TALK ABOUT OUR MOTIONS REGARDING THE PROTECTABILITY OF THE

11:55AM 21   HIERARCHY.

11:55AM 22   COPYING, THE COPYING MOTION IS ONE IN WHICH WITH RESPECT TO

11:55AM 23   CISCO'S COUNSEL, THIS WAS NOT A TYPOGRAPHICAL ERROR IN THE

11:55AM 24   ORDER.

11:55AM 25   THE COURT:  BUT NOW WE KNOW WHAT THE ISSUE IS.

11:55AM 1          MR. FERRALL:  WELL, DO WE THOUGH?  BECAUSE -- FIRST

11:55AM 2  OF ALL, WE RECOMMENDED TO A MOTION THAT SOUGHT AN ORDER FOR

11:55AM 3  INFRINGEMENT.  SO AT A MINIMUM, THAT'S THE OPPOSITION THAT WE

11:55AM 4  PROVIDED.

11:55AM 5          I'M PREPARED TO TALK ABOUT THE NEW ORDER THEY SOUGHT PER

11:55AM 6  THEIR FOOTNOTE IN THEIR REPLY BRIEF.  BUT TO BE CLEAR, THEY

11:55AM 7  SOUGHT THIS ORDER ABOUT INFRINGEMENT IN THEIR NOTICE OF MOTION,

11:55AM 8  AND IF WE CAN'T RELY UPON THAT FOR KNOWING WHAT WE ARE

11:55AM 9  RESPONDING TO, I'M NOT SURE WHAT WE CAN RELY ON.

11:56AM 10         THE COURT:  SO YOU WOULD SAY AT THE THRESHOLD LEVEL

11:56AM 11 TO SIMPLY DENY IT FOR LACK OF NOTICE OF THE ACTUAL ISSUE.

11:56AM 12         MR. FERRALL:  RIGHT.  WE RESPONDED TO ONE MOTION AND

11:56AM 13 THEN IN THE REPLY THEY SAID IT WAS ANOTHER ONE.

11:56AM 14         THE COURT:  ALL RIGHT.

11:56AM 15     ON THE COPYING THOUGH -- AND I MAY DO THAT.  I DON'T -- YOU

11:56AM 16 KNOW, I WOULD LIKE TO NARROW THIS CASE, BUT YOU KNOW, THAT MAY

11:56AM 17 ULTIMATELY BE THE OUTCOME IS THAT YOU STATE WHAT YOU ARE

11:56AM 18 LOOKING FOR AND THAT SETS THE GROUND RULES, AND I CERTAINLY

11:56AM 19 CAN'T GRANT SUMMARY JUDGEMENT OF INFRINGEMENT BASED ON COPYING.

11:56AM 20     BUT, MAYBE THIS MOVES ALONG TO THERE BEING ULTIMATELY A

11:56AM 21 STIPULATION THAT CAN BE WORKED OUT BECAUSE WHEN I LOOK AT THE

11:56AM 22 EVIDENCE, IT APPEARS TO ME THAT THERE IS, IT'S UNDISPUTED THAT

11:56AM 23 THERE IS VERBATIM COPYING, WHICH ADDRESSES YOUR ISSUE OF

11:56AM 24 WHETHER I DETERMINE THE DEGREE OF PROTECTION WHETHER IT'S GOING

11:56AM 25 TO BE THIN OR BROAD TO DETERMINE IF I NEED TO LOOK AT VERBATIM

11:57AM 1    VERSUS SUBSTANTIALLY SIMILAR.

11:57AM 2        IF CISCO IS ONLY ASKING FOR A FINDING OF VERBATIM, THEN IT

11:57AM 3    DOESN'T ADDRESS THE LESSER STANDARD.  AND IT DOES APPEAR THAT

11:57AM 4    THERE IS EVIDENCE UNDISPUTED EVIDENCE OF VERBATIM COPYING.

11:57AM 5    AGAIN, THIS IS JUST AN ELEMENT, IT'S NOT A FINDING OF

11:57AM 6    LIABILITY.

11:57AM 7        IT'S, IN A SENSE, A FRUSTRATING KIND OF MOTION FOR SUMMARY

11:57AM 8    JUDGEMENT, BECAUSE, AM I REALLY GOING TO READ 4,000 PAGES OF

11:57AM 9    DOCUMENTS TO COME UP WITH SOMETHING THAT WON'T TAKE THAT LONG

11:57AM 10   TO PROVE.  IT'S A FRUSTRATING EXERCISE FOR ME.

11:57AM 11       BUT I DON'T KNOW -- YOU DIDN'T REALLY DISPUTE THAT YOU HAVE

11:57AM 12   THE COPIED VERBATIM THE CLI ELEMENTS THAT HAVE BEEN ALLEGED.

11:57AM 13           MR. FERRALL:  NO.  THAT'S ACTUALLY NOT TRUE.  WE HAVE

11:57AM 14   YOUR HONOR.

11:57AM 15       SO WITH RESPECT TO -- WELL, TWO THINGS.  ARE THERE WORDS

11:57AM 16   THAT APPEAR THE SAME?  YEAH, OBVIOUSLY NO ONE CAN DISPUTE --

11:58AM 17           THE COURT:  I SAW PAGES OF VERBATIM.

11:58AM 18           MR. FERRALL:  BUT THOSE ARE THEIR CONSTRUCTS.  I

11:58AM 19   WOULD SUGGEST YOU LOOK AT -- THERE'S THE BLACK REBUTTAL REPORT,

11:58AM 20   WHICH I BELIEVE IS EXHIBIT, IF I HAVE THIS CORRECT, EXHIBIT 38

11:58AM 21   TO THE BLACK DECLARATION.

11:58AM 22           THE COURT:  OKAY.

11:58AM 23           MR. FERRALL:  AND HE HAS ANALYZED THE SIMILARITY,

11:58AM 24   OKAY, OR ALLEGED SIMILARITY, AND OBVIOUSLY THERE ARE A LOT OF

11:58AM 25   WORDS IN THE COMMANDS THAT ARE THE SAME.

11:58AM 1        BUT HIS REBUTTAL REPORT AT PARAGRAPHS 91 TO 103, AND HIS

11:58AM 2    APPENDIX N, WHICH IS EXHIBIT 65 TO HIS DECLARATION, IS AN

11:58AM 3    EXHAUSTIVE ANALYSIS.

11:58AM 4        IN FACT, I THINK EXHIBIT 65 IS SOMETHING LIKE SIX PARTS.

11:59AM 5    BECAUSE IT'S -- AND I APOLOGIZE FOR THAT YOUR HONOR.  BUT YOU

11:59AM 6    GET THE IDEA.  HE LOOKED AT EVERY COMMAND AND HOW IT'S USED IN

11:59AM 7    ARISTA.

11:59AM 8        AND WHAT YOU SEE IS THAT FOR ALMOST EVERY COMMAND, ARISTA

11:59AM 9    IMPLEMENTS THESE WORDS IN A DIFFERENT WAY USING DIFFERENT KEY

11:59AM 10   WORDS OR DIFFERENT ARGUMENTS, THAT IS THE OBJECT OF THE

11:59AM 11   COMMAND.

11:59AM 12       AND SO THERE'S A DIFFERENT STRUCTURE TO ALMOST ALL, NOT

11:59AM 13   ALL, BUT ALMOST ALL OF THE COMMANDS, AND THAT'S ITEMIZED IN

11:59AM 14   EXHIBIT 65.  SO YES, WE ABSOLUTELY DISPUTE VERBATIM COPYING

11:59AM 15   EVEN AS TO THE 508.

11:59AM 16       BUT REMEMBER, THE MOTION THAT THEY BROUGHT WAS FOR

11:59AM 17   INFRINGEMENT, FINE, WE ARE BEYOND THAT.  THE MOTION THEY NOW

11:59AM 18   SAY THEY BROUGHT WAS FOR COPYING OF THE CISCO CLI.  AND THERE'S

11:59AM 19   NO EVIDENCE WHATSOEVER OF VERBATIM COPYING OF THE CISCO CLI.

12:00PM 20   THERE'S AT LEAST 10,000 OR MORE COMMANDS THAT AREN'T EVEN

12:00PM 21   ALLEGED TO BE COPIED, MUCH LESS VERBATIM.

12:00PM 22            THE COURT:  WELL, THAT WAS A BIG CONCERN THAT I HAD.

12:00PM 23   I QUESTIONED MS. SULLIVAN ABOUT THAT IS THAT IT SEEMS TO ME

12:00PM 24   THAT ACTUALLY A DETERMINATION OF A MATTER OF LAW VERBATIM

12:00PM 25   COPYING WOULD HAVE TO BE ITEM BY ITEM, OTHERWISE I THINK IT'S A

12:00PM   1    DUE PROCESS VIOLATION FOR YOU, YOU DON'T KNOW WHAT I HAVE

12:00PM   2    ACTUALLY FOUND.  IT'S LIKE AN EMPTY BOX THAT WOULD BE FILLED

12:00PM   3    LATER.

12:00PM   4            MR. FERRALL:  RIGHT.

12:00PM   5            THE COURT:  SO I'M VERY CONCERNED ABOUT THAT, AND I

12:00PM   6    WOULD NEED SIX MONTHS TO DO THIS ORDER IF I HAVE TO DO THAT.  I

12:00PM   7    DON'T HAVE SIX MONTHS.

12:00PM   8            MR. FERRALL:  OF COURSE.

12:00PM   9            THE COURT:  SO I'M JUST TROUBLED BY A GENERIC

12:00PM  10    STATEMENT OF VERBATIM COPYING WHEN I DON'T KNOW WHAT THE

12:00PM  11    CONTENT OF THE COPYING IS.

12:00PM  12       AND SO, YOU KNOW, MAYBE THAT MEANS I CAN'T MAKE ANY HEADWAY

12:01PM  13    ON THIS MOTION OTHER THAN TO DENY IT.  THE JURY WILL DETERMINE

12:01PM  14    COPYING.

12:01PM  15            MR. FERRALL:  RIGHT.

12:01PM  16       AND YOUR HONOR, IF YOU DENIED IT, YOU WOULD BE AMONG EVERY

12:01PM  17    OTHER COURT THAT HAS -- TO THE EXTENT ANY HAS ADDRESSED THIS

12:01PM  18    ISSUE, THERE IS NOT A SINGLE CASE THAT CISCO HAS CITED IN WHICH

12:01PM  19    THE ABSTRACT NOTION OF COPYING, WITHOUT DEFINING PRECISELY WHAT

12:01PM  20    WAS COPIED AND WHAT IS PROTECTABLE THAT WAS COPIED HAS EVER

12:01PM  21    BEEN GRANTED.  THERE'S NOT A SINGLE CASE THEY CITE FOR THAT.

12:01PM  22    SO YOU WOULD BE BLAZING A NEW TRAIL, IF YOU WILL.

12:01PM  23            THE COURT:  I'M NOT LOOKING TO DO THAT.

12:01PM  24            MR. FERRALL:  AND THERE'S GOOD REASON, YOUR HONOR.

12:01PM  25       IF YOU LOOK AT SLIDE 68, I BELIEVE, SO THIS IS ANOTHER

12:01PM  1    QUOTE FROM HARPER HOUSE, AND WE CITE SOME OTHER CASES.  IN A

12:02PM  2    CASE SUCH AS THIS, GIVEN THE NEGATIVE CONNOTATIONS TO COPYING,

12:02PM  3    THERE WAS AN OBVIOUS RISK OF AN IMPROPER VERDICT FOR THE

12:02PM  4    PLAINTIFFS AND A NEED FOR FURTHER INSTRUCTIONS TO PROTECT

12:02PM  5    LEGITIMATE ACTIVITY AND AVOID THE SUFFOCATION OF COMPETITION.

12:02PM  6        THAT'S WHAT I'M SAYING, YOUR HONOR.  ALL THE CASES THAT

12:02PM  7    TALK ABOUT COPYING, WHETHER IT'S ON SUMMARY JUDGEMENT OR

12:02PM  8    POST-TRIAL MOTION, IT'S COPYING OF PROTECTABLE EXPRESSION.

12:02PM  9    IT'S NOT AN ABSTRACT DECLARATION OF COPYING.

12:02PM 10        AND THE NEXT SLIDE GETS TO THE PUBLIC POLICY PART OF IT.

12:02PM 11            THE COURT:  AND SO THAT HELPS ME TO ORDER THE ISSUES

12:02PM 12    YOU WANT -- YOU RECOMMEND I DETERMINE WHAT'S PROTECTABLE BEFORE

12:02PM 13    I EVEN ENGAGE IN A DETERMINATION OF WHAT'S COPYING.

12:02PM 14            MR. FERRALL:  RIGHT, RIGHT.

12:02PM 15        AND WE SUBMIT THAT COPYING IS, THAT'S ULTIMATELY THE

12:02PM 16    QUESTION FOR THE JURY, IS TO DETERMINE COPYING BECAUSE THERE'S

12:02PM 17    A PROCESS TO GO ABOUT THIS.

12:02PM 18        YOU DO THE DISSECTION, YOU DETERMINE WHAT'S PROTECTABLE,

12:02PM 19    YOU DETERMINE THEN THE SCOPE OF WHAT'S PROTECTABLE, AS WELL IT

12:03PM 20    BE ADJUDGED ON A VIRTUAL IDENTITY STANDARD OR SHOULD IT BE

12:03PM 21    JUDGED ON A SUBSTANTIAL SIMILARITY STANDARD, AND THEN YOU

12:03PM 22    COMPARE THE WORKS BASED UPON THE APPROPRIATE STANDARD AND

12:03PM 23    THAT'S WHAT THE JURY DECIDES.  WAS THE COPYING, TO THE EXTENT

12:03PM 24    THERE WAS COPYING OF PROTECTABLE EXPRESSION, DOES THAT RISE TO

12:03PM 25    THE LEVEL OF INFRINGEMENT.

12:03PM  1      AND FUNDAMENTALLY, YOUR HONOR, THIS IS THE, THE <u>MATTEL</u> CASE

12:03PM  2  AND COUNTLESS OTHERS, THIS IS WHAT IS AT THE HEART OF THIS

12:03PM  3  CASE.

12:03PM  4      THE COURT:  YEAH.

12:03PM  5      MR. FERRALL:  SOUND BYTES ABOUT COPYING DON'T MEAN

12:03PM  6  ANYTHING IF WHAT YOU COPIED IS LEGAL TO COPY, IS IN THE PUBLIC

12:03PM  7  DOMAIN.

12:03PM  8      AND THAT'S WHAT THEY HAVE, THEY'VE GOT LOTS OF SOUND BYTES

12:03PM  9  ABOUT COPYING, BUT SURE, WHAT WAS COPIED AND WAS IT PROTECTABLE

12:03PM 10  AND IS IT REALLY CISCO'S RIGHT TO CLAIM EXCUSE ACTIVITY OVER

12:03PM 11  EVERY ONE OF THESE THINGS OR ANY OF THEM.

12:03PM 12      THE COURT:  OKAY.

12:04PM 13      MR. FERRALL:  SO IF I COULD MINUTE -- A COUPLE OF

12:04PM 14  MINUTES ON OUR MOTION REGARDING COPYRIGHTABILITY AS TO TWO

12:04PM 15  DISCREET ELEMENTS THAT THEY HAVE ASSERTED.  THE HIERARCHIES AND

12:04PM 16  THE MODES.

12:04PM 17      WE TALKED -- COUNSEL FOR CISCO TALKED A LITTLE BIT THE

12:04PM 18  HIERARCHIES AND THE MODES BUT I'M GOING TO EXPLORE THEM IN A

12:04PM 19  LITTLE MORE DEPTH BECAUSE FUNDAMENTALLY, THIS CLAIM, OBVIOUSLY

12:04PM 20  I THINK WE'RE ALL IN AGREEMENT THEY CAN'T POSSIBLY CLAIM

12:04PM 21  COPYRIGHT PROTECTION IN THE IDEA OF A HIERARCHY.  BUT THEY

12:04PM 22  ALSO, WHAT THIS HIERARCHY CLAIM IS, IS A METHOD OF OPERATION OF

12:05PM 23  GROUPING COMMANDS BY COMMON ROOT WORD.

12:05PM 24      AND YOUR HONOR LATCHED UPON THE <u>BIKRAM'S YOGA</u> CASE WHICH IS

12:05PM 25  EXACTLY THE ONE THAT I WOULD TALK ABOUT ALSO ABOUT THIS.  IF

12:05PM  1    CISCO WERE TO PREVAIL AND CLAIM, AND HAVE COPYRIGHT PROTECTION

12:05PM  2    OVER A HIERARCHY OF COMMANDS, PRESUMABLY EVERY OTHER COMPETITOR

12:05PM  3    WOULD BE PREVENTED FROM USING A WORD LIKE SHOW AS ITS INITIAL

12:05PM  4    COMMAND IN ITS COMMAND STRUCTURE.

12:05PM  5        IT'S REALLY, WHAT IT COMES DOWN TO IS AN EFFORT TO

12:05PM  6    ESSENTIALLY CLAIM COPYRIGHT PROTECTION OVER THAT INITIAL WORD

12:05PM  7    LIKE SHOW OR IP, EVEN THOUGH THEY HAVE SAID BOTH PUBLICLY THEIR

12:05PM  8    LAWYERS SAID IT AND THEY HAVE SAID IT IN THE PAPERS, THEY HAVE

12:06PM  9    DISCLAIMED, THEY HAVE DISAVOWED COPYRIGHT IN SINGLE WORDS LIKE

12:06PM  10   SHOW AND IP AND SO FORTH.

12:06PM  11       THEY KNOW THEY CAN'T PROTECT THAT.  BUT BY SAYING WELL,

12:06PM  12   WE'VE GOT A HIERARCHY THAT BEGINS WITH SHOW AND THEN THEY HAVE

12:06PM  13   EFFECTIVELY ARE TRYING TO PREVENT THE REST OF THE INDUSTRY FROM

12:06PM  14   STRUCTURING COMMANDS AROUND A COMMON FIRST WORD.

12:06PM  15       AND THAT'S NOT WHAT IS ALLOWED.  BIKRAM'S YOGA, YOUR HONOR

12:06PM  16   KNOWS THE ISSUE WAS THERE WAS A COPYRIGHT IN THE BOOK, A

12:06PM  17   LITERARY WORK JUST LIKE COMPUTER CODE IS A LITERARY WORK, IT'S

12:06PM  18   THE SAME TYPE OF COPYRIGHT.

12:06PM  19       AND THIS WAS NOT ABOUT TRYING TO GET PROTECTION IN THE

12:06PM  20   LITERAL ELEMENTS OF THE BOOK, BUT AN ABSTRACTION, NAMELY THIS

12:06PM  21   SEQUENCE OF POSES THAT IS DESCRIBED.

12:06PM  22       LIKEWISE HERE, THIS IS NOT ABOUT THE LITERAL PROTECTION OF

12:06PM  23   THE SOURCE CODE, IT'S ABOUT AN ABSTRACTION.  WHAT IS THE NATURE

12:07PM  24   OF THE GROUPING OF COMMANDS THAT MIGHT BE USED BY THE SOURCE

12:07PM  25   CODE.

12:07PM  1        AND WHAT'S IMPORTANT IN THE BIKRAM'S YOGA CASE, I WANT TO

12:07PM  2   EMPHASIZE.  THEY HELD THE SEQUENCE WAS UN PROTECTABLE AS A

12:07PM  3   METHOD OR A PROCESS, EVEN THOUGH THIS WAS BEAUTIFUL.  EVEN

12:07PM  4   THOUGH IT WAS CREATIVE, EVEN THOUGH THEY COULD HAVE PUT IT --

12:07PM  5   MR. BIKRAM COULD HAVE PUT IT IN COUNTLESS DIFFERENT ORDER AND

12:07PM  6   STILL HAD SOMETHING CREATIVE, RIGHT.  THERE WAS ALL SORTS OF

12:07PM  7   ALTERNATIVES AVAILABLE TO HIM.  THERE WAS CREATIVITY TO IT.

12:07PM  8   BUT IT WAS NEVERTHELESS, A PROCESS THAT COPYRIGHT WILL NOT

12:07PM  9   PROTECT.

12:07PM 10        SO IF WE CAN LOOK AT SLIDE FIVE WHAT I WOULD LIKE TO DO NOW

12:08PM 11   IS DIG DEEP INTO WHAT THE HIERARCHIES ARE BECAUSE I THINK AFTER

12:08PM 12   JUST LOOKING AT A FEW PIECES OF EVIDENCE HERE, IT WILL BE CLEAR

12:08PM 13   THERE'S NOT A COPYRIGHTED WORK THAT'S CALLED THE HIERARCHIES.

12:08PM 14   NOT ONLY THAT, YOU ARE NOT GOING TO FIND SOMETHING IN THE

12:08PM 15   COPYRIGHTED WORK THAT IS THE HIERARCHY.

12:08PM 16        EVERYTHING THAT YOU SEE, BOTH IN THE PAPERS AND IN THE

12:08PM 17   SLIDE DECK ABOUT THE HIERARCHIES, IS SOMETHING CISCO'S LAWYERS

12:08PM 18   OR EXPERT CREATED FOR THIS CASE.  AND THEY CREATED IT BY

12:08PM 19   APPLYING THEIR CONCEPT OF HOW COMMANDS ARE ORGANIZED, THAT IS

12:08PM 20   EVEN A HIGHER LEVEL ABSTRACTION FROM THE REGISTERED WORK THAN

12:09PM 21   THE COMMANDS THEMSELVES.

12:09PM 22        THIS IS AS ABSTRACT AS YOU CAN GET.  IT'S POST-HOC LAWYER

12:09PM 23   CREATED DEFINITION OF HOW TO ORGANIZE THE COMMANDS.

12:09PM 24        AND SO WHAT IT ENDS UP BEING, YOUR HONOR, IS THAT THE

12:09PM 25   HIERARCHIES ARE ESSENTIALLY DOUBLE DIPPING INTO THE WORDS OF

12:09PM  1      THE COMMANDS THEMSELVES.

12:09PM  2           THIS IS A POINT THEY ARE ESSENTIALLY CLAIMING NOW ANOTHER

12:09PM  3      WAY OF GETTING EXCLUSIVITY OVER THE WORDS OF THE COMMANDS,

12:09PM  4      EXCEPT THIS TIME INSTEAD OF THE COMBINATION OF THOSE WORDS

12:09PM  5      WHICH WE JUST DEBATED ABOUT, IT'S JUST THE FIRST WORD FOLLOWED

12:09PM  6      BY WHATEVER IT FOLLOWS.

12:09PM  7           SO THIS IS THE WAY THEY DEFINE THE HIERARCHY WITHIN A GIVEN

12:09PM  8      DEMAND HIERARCHY ALL THE COMMANDS START WITH THE SAME WORD.

12:09PM  9      SAME WITH THE SUB-HIERARCHY.  OKAY.

12:09PM  10          AND THEN THE -- IN THEIR MOTION THEMSELVES IF WE GO TO THE

12:10PM  11     NEXT SLIDE, THEIR MOTION, THEIR OPPOSITION TO OUR MOTION,

12:10PM  12     EXPLAINS BECAUSE CISCO'S COMMAND EXPRESSIONS ARE ORGANIZED

12:10PM  13     HIERARCHICALLY, THE COPING OF CISCO'S COMMAND EXPRESSIONS

12:10PM  14     DESCRIBED IN EXHIBIT B, ITSELF REFLECTS ARISTA'S COPYING OF

12:10PM  15     CISCO'S COMMAND HIERARCHIES.

12:10PM  16          THAT'S OUR POINT.  THEIR HIERARCHIES ARE INSEPARABLE FROM

12:10PM  17     THE WORDS THEMSELVES AND IT'S SIMPLY A MEANS OF TRYING TO GET A

12:10PM  18     BROADER PROTECTION FOR THESE WORDS BASED UPON HOW THEY'RE

12:10PM  19     ORGANIZED.  BUT HOW THEY ARE ORGANIZED IS A PRESS.  IT'S NOT

12:10PM  20     EXPRESSION.

12:10PM  21          SO LET ME SHOW YOU AN EXAMPLE OF A HIERARCHY, AND THIS IS

12:10PM  22     AN EXAMPLE THAT CISCO USES, AND SHOW YOU HOW THESE HIERARCHIES

12:10PM  23     ARE NOT EXPRESSION IN THE WORK BUT RATHER THEY ARE A CREATION

12:11PM  24     THAT'S APPLIED AFTER THE FACT.

12:11PM  25          SLIDE 7, WE'VE SELECTED SEVEN COMMANDS THAT ALL BEGIN WITH

12:11PM 1    IP.  THESE ARE SEVEN ASSERTED COMMANDS.  THE NEXT SLIDE WE

12:11PM 2    COMBINED THAT WITH EXHIBIT 48 FROM CISCO'S OPPOSITION WHICH IS

12:11PM 3    AN EXEMPLARY HIERARCHY, THIS IS WHAT THEY CALL AN EXAMPLE OF

12:11PM 4    THEIR IP HIERARCHY.

12:11PM 5        THE TREE THAT YOU SEE AT THE TOP THERE, YOU WILL NOT FIND

12:11PM 6    THAT IN ANY REGISTERED WORK.  YOU WILL NOT FIND THAT IN ANY

12:11PM 7    DOCUMENT, THAT'S A CREATION OF THIS CASE.  AND IT WAS CREATED,

12:11PM 8    AS YOU WILL SEE IN THE SUBSEQUENT SLIDES, WE CAN JUST MARCH

12:11PM 9    THROUGH THEM QUICKLY, IT'S CREATED BY SIMPLY MAPPING THE

12:11PM 10   COMMANDS THAT EXISTED ON TO THE A TREE THAT THE EXPERTS

12:12PM 11   CREATED.

12:12PM 12       SO WHAT IS CLAIMED AS A HIERARCHY IS THIS PROCESS.  IT'S A

12:12PM 13   PROCESS, NOT EXPRESSION.  AND I WOULD URGE THE COURT TO

12:12PM 14   CONSIDER NOW MR. LOUGHEED'S DESCRIPTION OF THE HIERARCHY:  SO

12:12PM 15   IT STARTS ON PAGE 14, AND I BELIEVE THIS IS STILL CONFIDENTIAL.

12:12PM 16            THE COURT:  OKAY.

12:12PM 17            MR. FERRALL:  MR. LOUGHEED WAS IDENTIFIED AS THE

12:12PM 18   AUTHOR OF THE HIERARCHIES.  AND HE FIRST DESCRIBES IN THIS CASE

12:12PM 19   WE ARE ASKING HIM ABOUT A DIFFERENT PART OF THE IP HIERARCHY,

12:13PM 20   BUT HE TALKS ABOUT HOW HE CAME UP WITH THE USE OF THAT TERM.

12:13PM 21   AND THEN ON THE NEXT PAGE IS A MORE, AS A BROADER EXPLANATION

12:13PM 22   OF WHAT A HIERARCHY MEANS.  AND IT'S THE LAST SENTENCE ON THAT

12:13PM 23   SLIDE 15 THAT'S HIGHLIGHTED THAT I THINK CAPTURES IT.  THIS IS

12:13PM 24   EXACTLY OUR POINT ABOUT WHAT THE HIERARCHY IS.  IT'S A PROCESS.

12:14PM 25            SO THERE'S TWO OTHER POINTS I WANT TO MAKE ABOUT THE

12:14PM 1    HIERARCHY WHICH IT GOES TO HOW IT IS A CREATION OF THE CASE

12:14PM 2    THAT THE FULL HIERARCHY THAT THEY ARE CLAIMING IS A CREATION OF

12:14PM 3    THE LAWYERS IN THE CASE.

12:14PM 4        IF YOU LOOK AT SLIDE 17, THIS IS NOT CONFIDENTIAL ANYMORE.

12:14PM 5    SO THIS IS THE SAME IP HIERARCHY THAT WE SAW EARLIER.

12:14PM 6        AGAIN, THE TREE DOESN'T EXIST ANYWHERE BUT FOR THIS

12:14PM 7    LITIGATION, SO WE WENT BACK AND WE LOOKED AT, OKAY, WELL, THEY

12:14PM 8    ARE CLAIMING THIS TREE NOW, WAS THIS TREE ACTUALLY CREATED BY

12:14PM 9    SOMEONE?

12:14PM 10        AND THE ANSWER IS NO.  IT SPANS COMMANDS THAT WERE

12:14PM 11    DEVELOPED AND RELEASED OVER THE COURSE OF 22 YEARS.  SO

12:15PM 12    THERE'S -- IT'S A, AGAIN, I THINK IT JUST DRIVES HOME THE FACT

12:15PM 13    THAT THIS IS A CREATION FOR THE CASE AND IT IS A CREATION THAT

12:15PM 14    IS A PROCESS, IT'S THE HIGHEST LEVEL ABSTRACTION.

12:15PM 15        THE LAST THING I WANT TO TALK ABOUT IS THE FACT THAT IT'S

12:15PM 16    NOT EVEN A HIERARCHY THAT IS REFLECTED IN THE WORK AS A WHOLE,

12:15PM 17    IT IS A SELECTION OF COMMANDS THAT THEY HAVE ASSERTED THAT THEY

12:15PM 18    THEN GROUPED INTO A TREE.

12:15PM 19        SO IF YOU LOOK, FOR EXAMPLE, AT SLIDE 18, THIS IS, SLIDE 18

12:15PM 20    IS AN EXCERPT FROM CISCO'S EXPERT REPORT, DR. ALMEROTH TALKING

12:15PM 21    ABOUT HIERARCHIES, AND WHAT HE DOES IS HE COMBINES AN EXCERPT

12:15PM 22    OF BORDER GATEWAY PROTOCOL, THAT'S BGP THAT I TALKED ABOUT

12:16PM 23    EARLIER.

12:16PM 24        THERE'S A LIST OF BGP COMMANDS, AND THEN ON TOP OF IT IS A

12:16PM 25    TREE STRUCTURE.  AND YOU WILL SEE WHAT I THEY ARE CLAIMING AS A

12:16PM  1    HIERARCHY, THEY DON'T EVEN CLAIM ALL OF THE COMMANDS THAT FALL

12:16PM  2    WITHIN THE BGP FAMILY.  INSTEAD, THEY HIGHLIGHT THE ONES THAT

12:16PM  3    THEY WANT TO ASSERT IN THE CASE BECAUSE SO DOUBT BECAUSE THEY

12:16PM  4    ARE SIMILAR TO ARISTA, AND THEY ELIMINATE THE REST.

12:16PM  5        SO IF WE ARE GOING TO TALK ABOUT A HEIRARCHY AS BEING A

12:16PM  6    CREATION OF CISCO AS OPPOSED TO A CREATION OF CISCO'S LAWYERS,

12:16PM  7    LET'S AT LEAST LOOK AT WHAT EXISTS IN THAT FAMILY OF COMMANDS.

12:16PM  8        YOU WILL SEE THREE OF THE COMMANDS ARE BLACKED OUT, I'M NOT

12:16PM  9    EVEN SURE THAT'S UNDER THERE, TWO OF THE COMMANDS, ADDRESS

12:16PM  10   FAMILY AND AGGREGATE ADDRESS ARE HIGHLIGHTED PRESUMABLY BECAUSE

12:17PM  11   ARISTA DOESN'T USE THOSE, SO WE ARE NOT GOING TO TALK ABOUT

12:17PM  12   THAT AS A HIERARCHY.

12:17PM  13       SO AGAIN, THIS IS THE SORT OF ISSUE THAT'S RIPE FOR SUMMARY

12:17PM  14   JUDGEMENT.  WE ARE NOT PRESENTING COMPETING TESTIMONY ABOUT IT.

12:17PM  15   THIS IS A PURE ISSUE ABOUT WHETHER THIS HIGHEST OF ABSTRACTIONS

12:17PM  16   CAN POSSIBLY BE PROTECTED OR WHETHER IT'S A PROCESS OR A METHOD

12:17PM  17   OF OPERATION LIKE THE BEAK RAM PROCESS.

12:17PM  18       THE SAME ARGUMENT APPLIES TO THE MODES.  I THINK WE GOT

12:17PM  19   SOME CLARIFICATION THAT THE MODES THAT THEY ARE ASSERTING ARE

12:17PM  20   NOT THE IDEA OF HAVING DIFFERENT MODES, CLEARLY THEY CANNOT

12:17PM  21   HAVE THAT.  THEY CANNOT HAVE EXCLUSIVITY OVER THE IDEA OF

12:17PM  22   DIFFERENT MODES OF OPERATION.

12:17PM  23       AND SO THE QUESTION IS ALL THAT'S LEFT, REALLY, IS THE NAME

12:18PM  24   OF THE MODES AND WHAT THEY CALL THE PROMPT.

12:18PM  25       SO IF WE LOOKED AT SLIDE 22, THESE ARE THE NAMES.  USER

12:18PM  1    EXEC, PRIVILEGED EXEC, GLOBAL CONFIGURATION AND INTERFACE

12:18PM  2    CONFIGURATION.  THEY ASSERT THEM A COUPLE OF DIFFERENT WAYS,

12:18PM  3    THAT'S WHY THEY SAY THERE'S EIGHT, BUT IT'S REALLY THESE WORDS

12:18PM  4    THAT ARE SUPPOSEDLY PROTECTABLE.

12:18PM  5         AND YOUR HONOR, THIS AGAIN, IS SOMETHING THAT CAN BE

12:18PM  6    RESOLVED AS A MATTER OF LAW WHICH IS SIMPLY APPLYING THE

12:18PM  7    COPYRIGHT REGULATIONS AND THE CASE LAW THAT SAYS WORDS THIS

12:18PM  8    SHORT, PHRASES THIS SHORT ARE NOT SUBJECT TO COPYRIGHT.

12:18PM  9         SO IF WE LOOK AT THE SLIDE FROM THE, I THINK IT'S THE NEXT

12:18PM  10   SLIDE, YEAH, THIS IS THE CODE OF FEDERAL REGULATIONS UNDER THE

12:19PM  11   COPYRIGHT ACT, WORDS NOT SUBJECT TO COPYRIGHT, WORDS SHORT

12:19PM  12   PHRASES SUCH AS NAMES, TITLES, SLOGANS, FAMILIAR SYMBOLS,

12:19PM  13   THAT'S LIKE THE SYMBOLS THAT ARE INVOLVED HERE AND DESIGNS.

12:19PM  14        SO EXEC, PRIVILEGED EXEC, THESE ARE -- THESE ARE EXACTLY

12:19PM  15   THE SORT OF 1, 2-WORD PHRASES THAT COPYRIGHT DOESN'T PROTECT.

12:19PM  16        THE NARELL V. FREEMAN CASE WHICH I COULDN'T HELP BUT CITE

12:19PM  17   YOUR HONOR FOR YOUR SAKE --

12:19PM  18            THE COURT:  THAT'S WHAT HAPPENS WHEN YOU HAVE A

12:19PM  19   COMMON NAME.

12:19PM  20            MR. FERRALL:  RIGHT.

12:19PM  21        BUT REALLY, IT'S AN INTERESTING CASE ACTUALLY, IT'S ABOUT

12:19PM  22   THESE HISTORICAL BOOKS ABOUT SAN FRANCISCO IN WHICH THERE WAS

12:19PM  23   ALLEGED COPYING BECAUSE THE SECOND AUTHOR USED SOME OF THE SAME

12:19PM  24   PHRASES.

12:19PM  25        THE PHRASES THERE ARE 4, 5, 6 WORDS LONG.  AND THE COURT

12:19PM  1    SAYS, NO, NO, NOT GOOD ENOUGH.  A PHRASE LIKE THE BEACH WAS

12:20PM  2    STREWN WITH BAILS AND PILES.  OKAY, FINE.  SO IT'S THE SAME AND

12:20PM  3    MAYBE SHE EVEN TOOK IT FROM THE PRIOR AUTHOR, BUT IT'S NOT

12:20PM  4    ENOUGH.

12:20PM  5            THE COURT:  THAT REMINDS ME OF THE ARGUMENT YOU MAKE

12:20PM  6    EARLIER IN THE -- WHAT IS THE UNIVERSE THAT WE ARE COMPARING

12:20PM  7    THESE ITEMS TO, IS IT THE UNIVERSE OF WHAT'S DEFINED AS CISCO'S

12:20PM  8    CLI, IS IT THE UNIVERSE OF ALL 26 REGISTRATIONS THAT ARE

12:20PM  9    INVOKED FOR THIS CASE?

12:20PM 10            MR. FERRALL:  WELL, IT'S -- FIRST OF ALL, IT'S

12:20PM 11    ULTIMATELY THE REGISTERED WORK IS WHAT HAS TO BE COMPARED.

12:20PM 12      BUT WHAT WE ARE DOING HERE BY THESE SUMMARY JUDGEMENT

12:20PM 13    ARGUMENTS, YOUR HONOR, IS WE ARE TRYING TO GET AHEAD OF THE

12:20PM 14    ANALYTIC DISSECTION.  ON ISSUES THAT WE SAY ARE SUBJECT TO NO

12:20PM 15    DISPUTE AND PURELY ISSUES OF LAW.

12:20PM 16      SO YEAH, WE COULD DEAL WITH THIS ON ANALYTIC DISSECTION, WE

12:20PM 17    COULD DEAL WITH HIERARCHIES ON IT TOO.  BUT WE SAY FOR MODES

12:21PM 18    FOR HIERARCHIES AND FOR 198 COMMANDS, THERE'S NO DISPUTE AND

12:21PM 19    YOU COULD RESOLVE IT NOW UNDER THE SUMMARY JUDGEMENT STANDARD

12:21PM 20    INSTEAD OF CONSIDERING IT LATER FOR FILTRATION AND LET'S FACE

12:21PM 21    IT, WE'VE GOT ENOUGH TO DID LATER, SO IF THERE'S NO DISPUTE,

12:21PM 22    LET'S GET IT DONE NOW.

12:21PM 23            THE COURT:  OKAY.

12:21PM 24            MR. FERRALL:  THANK YOU.

12:21PM 25            THE COURT:  ALL RIGHT.

12:21PM  1      WELL, LET'S SEE HOW WE CAN BEST USE THIS TIME, TEN MINUTES

12:21PM  2   ISN'T VERY LONG TO COME BACK ON THIS, MS. SULLIVAN, WHAT'S YOUR

12:21PM  3   PLEASURE?

12:21PM  4      MS. SULLIVAN:  YOUR HONOR, WHAT WE RESPECTFULLY

12:21PM  5   SUGGEST, IS I RESPOND NOW ON THE TWO COPYRIGHT ISSUES AND THE

12:21PM  6   REMAINING TIME TO TRY TO ASSIST YOUR HONOR TO COME TO A

12:21PM  7   RESOLUTION ON THOSE, AND MR. PAK WILL BE HANDLING THE PATENT

12:21PM  8   ISSUE, IS QUITE WILLING TO RETURN AT YOUR HONOR'S CONVENIENCE

12:21PM  9   TO ARGUE THAT ON MONDAY, AND WE DO THINK A FULL HEARING ON THE

12:21PM  10  PATENT WOULD BE APPROPRIATE IF ARISTA HAS NO DISAGREEMENT ON

12:21PM  11  THAT.  IT'S THEIR MOTION.

12:21PM  12     MR. VAN NEST:  THAT'S FINE, YOUR HONOR.  AND I CAN

12:21PM  13  REST ON THE PAPERS AS TO FAIR USE.

12:21PM  14     THE COURT:  I THINK YOU CAN.

12:21PM  15     MR. VAN NEST:  THANK YOU.

12:21PM  16     MS. SULLIVAN:  SO TEN MINUTES OF COPYRIGHT REBUTTAL?

12:22PM  17     THE COURT:  I THINK THAT MAKES SENSE.  AND I WOULD

12:22PM  18  LIKE IT ON MONDAY.  WE WILL TALK ABOUT A TIME IN A MINUTE.

12:22PM  19     MS. SULLIVAN:  SO YOUR HONOR, I WANT TO TRY TO HELP

12:22PM  20  SIMPLIFY THE CASE.

12:22PM  21     YOU'VE HEARD FROM MY ABLE FRIEND A GREAT DEAL OF DETAIL

12:22PM  22  THAT WITH RESPECT SHOULD NOT BE AIRED AGAIN BEFORE THE JURY.

12:22PM  23     THERE ARE TWO VERY SIMPLE ISSUES THE COURT CAN RESOLVE NOW

12:22PM  24  BY JUDGMENT IN CISCO'S FAVOR.  I THINK IT'S ABSOLUTELY EVIDENT

12:22PM  25  YOU CAN'T RESOLVE COPYRIGHTABILITY IN ARISTA'S FAVOR.  I THINK

12:22PM 1    MR. FARRELL ALREADY MADE A NUMBER OF CONCESSIONS THAT CERTAIN

12:22PM 2    CONTESTED FACTS EXISTED, BUT LET ME FOCUS ON WHY YOU CERTAINLY

12:22PM 3    CAN'T AWARD IT IN THEIR FAVOR AND WHY YOU SHOULD AWARD IT IN

12:22PM 4    OURS.

12:22PM 5        ORIGINALITY IS A LOW BAR.  EVEN WITHOUT PRESUMPTION, WE

12:22PM 6    HAVE PUT IN UNDISPUTED EVIDENCE OF A CREATIVE, SUBJECTIVE

12:22PM 7    PROCESS.  WE HAVE SHOWN YOU ARISTA'S OWN ADMISSIONS OF

12:22PM 8    SUBJECTIVITY FROM MR. SWEENEY BACK WHEN HE WAS ASKED -- VERY

12:22PM 9    SUBJECTIVE PROCESS.  WE'VE SHOWN YOU CVI, WE'VE SHOWN YOU IT'S

12:22PM 10   SUBJECTIVE.

12:23PM 11       UNDER THE CDN COIN PRICING CASE WHEN THERE'S A CREATIVE,

12:23PM 12   SUBJECTIVE JUDGMENT, EXERCISE OF JUDGMENT AMONG MANY CHOICES IN

12:23PM 13   HOW TO EXPRESS SOMETHING, THAT'S ENOUGH TO GET OVER THE LOW BAR

12:23PM 14   ON ORIGINALITY.

12:23PM 15       SO WE SHOULD HAVE THIS DECISION IN OUR FAVOR BASED ON THE

12:23PM 16   EVIDENCE THAT'S IN THE RECORD.

12:23PM 17       THEY SAY OH, THERE'S 198, YOU DIDN'T GIVE EVIDENCE ABOUT

12:23PM 18   THAT.  WELL, WITH RESPECT FIRST, YOU SHOULD EXERCISE THE

12:23PM 19   PRESUMPTION IN YOUR DISCRETION, CJ PRODUCTS IS CLEAR, I

12:23PM 20   RESPECTFULLY SUBMIT, YOUR HONOR, THAT THE COOLING SYSTEMS CASE

12:23PM 21   IS MISREPRESENTED IN THE BRIEFING.

12:23PM 22       IF YOU LOOK AT IT YOU WILL SEE THE ISSUE THERE WAS THERE A

12:23PM 23   LATER REGISTRATION TRIED TO INCORPORATE WORK THAT DIDN'T HAVE

12:23PM 24   COPYRIGHT PROTECTION BECAUSE IT DIDN'T HAVE A COPYRIGHT NOTICE,

12:23PM 25   IT WAS THE BAD OLD PRE-BURN CONVENTION DAYS WHERE IF YOU DIDN'T

12:23PM   1    HAVE THE NOTICE, YOU DIDN'T OWN YOUR COPYRIGHT.  AND THEY

12:23PM   2    BOOTSTRAPPED TO SAY THE LATER REGISTRATION CAN'T BOOTSTRAP

12:24PM   3    UNPROTECTED MATERIAL IN.

12:24PM   4        BUT WE ARE NOT DOING THAT, WE ARE NOT BOOTSTRAPPING

12:24PM   5    ANYTHING.  WE ARE SAYING HERE'S OUR CODE, IT INCORPORATES OUR

12:24PM   6    PRIOR CODE, ALL OF OUR PRIOR CODE WAS COPYRIGHTED, IT WAS ALL

12:24PM   7    ORIGINAL TO US AND CAN YOU EXERCISE YOUR DISCRETION IN FAVOR OF

12:24PM   8    PRESUMPTION ON THE 198.  BUT MOREOVER, WE PUT IN ACTUAL

12:24PM   9    EVIDENCE ON THE 198.

12:24PM  10        I RESPECTFULLY REFER YOU TO PAGES 9 AND 10 OF OUR

12:24PM  11    OPPOSITION TO ARISTA'S MOTION, AS TO 45 EXAMPLES THEY CONCEDE

12:24PM  12    WE HAVE PUT IN CONTRARY EVIDENCE OF ORIGINALITY.  BUT THE MAIN

12:24PM  13    POINT, YOUR HONOR, IS AS YOU SAID.

12:24PM  14            THE COURT:  WHAT ABOUT THE OTHER 153.

12:24PM  15            MS. SULLIVAN:  WE ARE ENTITLED TO REST ON OUR

12:24PM  16    EVIDENCE OF OUR PROCESS.

12:24PM  17        WE HAVE PUT IN AMPLE EVIDENCE THAT OUR PRESS IS SUBJECTIVE

12:24PM  18    AND CREATIVE NOT ONLY HAS ARISTA NOT REFUTED THAT, THEY HAVEN'T

12:24PM  19    PUT IN ANY CONTRARY EVIDENCE THAT ANYONE INVENTED -- INVENTED

12:24PM  20    OUR COMMANDS IN CLI BEFORE.

12:24PM  21        YOUR HONOR, I THINK YOU CAN SEE FROM TODAY, IT WOULD BE

12:25PM  22    LUDICROUS TO LET ORIGINALITY, WHICH IS A THIN THRESHOLD ISSUE.

12:25PM  23    GO TO THE JURY.  WE WILL SPEND DAYS OF VALUABLE JURY TIME GOING

12:25PM  24    OVER WHAT YEAR, WHAT REGISTRATION CONTAINED WHAT CODE.

12:25PM  25        WE DON'T WANT TO WASTE THE JURY'S TIME.  ORIGINALITY IS A

12:25PM  1    LAY DOWN FOR CISCO.  I RESPECTFULLY SUBMIT.

12:25PM  2         ONCE YOU HAVE DECIDED THAT, YOUR HONOR, PROTECTABILITY IN

12:25PM  3    THE SENSE THAT MY FRIEND WAS REFERRING TO, IT REMAINS FOR THE

12:25PM  4    JURY.  HE CITES THE SATAVA CASE, THAT WAS ABOUT JELLY FISH

12:25PM  5    SCULPTURES IN A JAR, AS YOU WELL KNOW.  THE ISSUE THERE WASN'T

12:25PM  6    IF OUR CLI IS IN OUR REGISTRATION, THE ISSUE THERE WAS CAN A

12:25PM  7    JELLY FISH TENTACLE, WHICH COMES FROM NATURE, BE PART OF MY

12:25PM  8    ORIGINAL JELLY FISH SCULPTURE.  THAT'S PROTECTABILITY.  AS TO

12:25PM  9    WHETHER SOMETHING IS IN THE PUBLIC DOMAIN.  WE WILL LET THE

12:25PM  10   JURY DO THAT, BUT THAT DOESN'T AFFECT ORIGINALITY.

12:25PM  11        CISCO INVENTED CLI.  EVERYBODY CALLS IT THE CISCO CLI.

12:25PM  12   IT'S BEEN AROUND FOR 30 YEARS, SO PROMINENTLY ASSOCIATED WITH

12:26PM  13   CISCO THAT MY FRIENDS LIKE TO CALL IT THE INDUSTRY STANDARD.

12:26PM  14   IT WAS OUR ORIGINAL CLI THAT SHOULDN'T BE SOMETHING THAT

12:26PM  15   DETAINS JURY TIME.  SO I THINK YOU CAN, WITH RESPECT, CAN ISSUE

12:26PM  16   THAT RULING.

12:26PM  17        AS TO COPYING YOUR HONOR, WE UNDERSTAND VERY MUCH THE DUE

12:26PM  18   PROCESS CONCERN YOU RAISE.  WHAT WE SUGGEST AS A PROCESS GOING

12:26PM  19   FORWARD IS THAT WE WILL DRAFT AN ORDER FOR YOU.  WE WILL CREATE

12:26PM  20   AN EXHIBIT THAT MATCHES FOR EACH COMPONENT, THE VERBATIM CISCO

12:26PM  21   MULTI-WORD COMMAND EXPRESSIONS AND OTHER COMPONENTS THAT WERE

12:26PM  22   VERBATIM COPIED BY ARISTA.

12:26PM  23        IT WON'T TAKE YOU EXTENSIVE REVIEWS BECAUSE WE WILL MAKE

12:26PM  24   COLUMNS SHOW THAT THERE WAS VERBATIM COPYING, AND YOU CAN

12:26PM  25   SIMPLY ISSUE AN ORDER THAT AS TO THOSE VERBATIM COPY THINGS,

12:26PM 1    COPYING HAS BEEN ESTABLISHED.  PROTECTABILITY REMAINS, BUT

12:26PM 2    COPYING HAS BEEN ESTABLISHED.

12:26PM 3            THE COURT:  THAT'S WHAT IT WOULD REQUIRE.  I DON'T

12:26PM 4    KNOW UPON RECEIVING SUCH AN ORDER, I DON'T KNOW WHAT ARISTA

12:26PM 5    WOULD WANT IN RESPONSE.

12:26PM 6            MR. VAN NEST:  A FULL OPPOSITION, YOUR HONOR.

12:26PM 7            THE COURT:  BECAUSE THAT WAS NOT BRIEFED, IT WASN'T

12:27PM 8    BRIEFED THAT WAY.

12:27PM 9            MR. VAN NEST:  OBVIOUSLY.

12:27PM 10           MS. SULLIVAN:  WELL, YOUR HONOR, I'M RESPONDING TO

12:27PM 11   THE CONCERN YOUR HONOR RAISED DURING ARGUMENT.

12:27PM 12           THE COURT:  YES.

12:27PM 13           MS. SULLIVAN:  AND AS TO NOTICE THAT WE WERE ONLY

12:27PM 14   ARGUING ABOUT COPYING, NOT COPYRIGHT INFRINGEMENT, I THINK WE

12:27PM 15   HAVE BEEN VERY CLEAR, THE PAPERS ARE VERY CLEAR WE WERE ARGUING

12:27PM 16   ONLY ON COPYING, AND COPYING -- BY COPYING, WE MEANT VERBATIM.

12:27PM 17       WOULD IT BE ACCEPTABLE, YOUR HONOR, WITH AN OPPORTUNITY FOR

12:27PM 18   OPPOSITION, FOR US TO GIVE YOU THE LIST?

12:27PM 19           THE COURT:  WELL, I CERTAINLY WOULD LIKE TO SEE THE

12:27PM 20   LIST.  AND AM I ULTIMATELY WILL HAVE TO WORK WITH THE LIST

12:27PM 21   BECAUSE THIS ISSUE WON'T GO AWAY.

12:27PM 22       SO I THINK IT'S -- SO THIS WOULD BE ITEM BY ITEM THAT YOU

12:27PM 23   ARE SEEKING JUDGMENT ON AS HAVING BEEN VERBATIM COPIED.

12:27PM 24           MS. SULLIVAN:  YES, YOUR HONOR.

12:27PM 25           THE COURT:  OKAY.  WELL, THAT'S HELPFUL BECAUSE THEN

12:27PM 1     THE BOX IS FULL.

12:27PM 2         I DO THINK THAT THERE NEEDS TO BE THE OPPORTUNITY FOR

12:27PM 3     ARISTA TO RESPOND.  I DON'T KNOW HOW QUICKLY YOUR -- YOU CAN

12:27PM 4     PUT TOGETHER SUCH A LIST.

12:27PM 5            MR. PAK:  YOUR HONOR, WE SHOULD BE ABLE TO DO IT BY

12:28PM 6     END OF NEXT PEEK.  THAT WOULD WORK WITH YOUR HONOR'S SCHEDULE.

12:28PM 7         AND WHAT WE ENVISION, LITERALLY, IS A TABLE AND IT WOULD BE

12:28PM 8     A FAIRLY LENGTHY TABLE, BUT IT WOULD BE LITERALLY VERBATIM

12:28PM 9     EXCERPTS OF THINGS THAT CISCO COPYRIGHTED ON THE LEFT-HAND

12:28PM 10    SIDE, AND ON THE RIGHT-HAND WOULD BE LITERALLY THE VERBATIM

12:28PM 11    COPY WITH CITATIONS IN THE RECORD TO SHOW THAT THESE EXACT

12:28PM 12    WORDS FROM THE DIFFERENT ELEMENTS OF THE CLI INTERFACE THAT

12:28PM 13    MS. SULLIVAN TALKED ABOUT, WHETHER IT'S COMMANDS, OUTPUT

12:28PM 14    STREAMS DOCUMENTATION, WERE LITERALLY COPIED OVER AND YOU CAN

12:28PM 15    SEE THE EXACT COMPARISON.

12:28PM 16        SO THERE'S NO NEED FOR YOU AND YOUR TEAM OF CLERKS TO GO

12:28PM 17    BACK TO THE RECORD.  IT WOULD BE SIMPLY THESE ARE THE THINGS WE

12:28PM 18    ARE ALLEGING ARE VERBATIM COPIED, YOU CAN SEE IT FROM THE TABLE

12:28PM 19    ITSELF, AND I THINK WE REQUEST GET THAT DONE BY NEXT WEEK,

12:28PM 20    YOUR HONOR.

12:28PM 21            THE COURT:  WELL, BECAUSE I HAVE TO ULTIMATELY DECIDE

12:28PM 22    THIS ISSUE, AND IF IT CAN BE DECIDED AT SUMMARY JUDGEMENT, EVEN

12:28PM 23    A FEW OF THEM, IT WILL ASSIST.

12:29PM 24        I'M WILLING TO ACCEPT THAT, BUT I CERTAINLY FEEL THAT

12:29PM 25    ARISTA SHOULD HAVE A FULL OPPORTUNITY TO RESPOND.  AND SO IT'S

12:29PM 1    HARD TO KNOW HOW MUCH TIME YOU NEED TO RESPOND TO SOMETHING YOU

12:29PM 2    HAVEN'T SEEN.

12:29PM 3                MR. VAN NEST:  WE WILL TRY.

12:29PM 4                MR. FERRALL:  MR. PAK'S EXPLANATION, IT SOUNDS LIKE

12:29PM 5    IT MAY BE WELL OVER 100 PAGES, BUT MAYBE NOT.

12:29PM 6                MR. PAK:  THERE WAS A LOT OF COPYING.

12:29PM 7                THE COURT:  THERE ARE A LOT OF ITEMS, POTENTIALLY.

12:29PM 8                MR. PAK:  YEAH.

12:29PM 9                MR. FERRALL:  SO I THINK WE WOULD LIKE THE

12:29PM 10   OPPORTUNITY TO SEE THE LIST, AND IF I COULD SUGGEST ALSO, IT'S

12:29PM 11   NOT JUST THE LIST, I THINK WHAT WE WOULD LIKE CLARIFICATION ON

12:29PM 12   IS WHAT EXACTLY IS CISCO ASKING THE COURT TO DECLARE FROM THIS.

12:29PM 13   AND WE HAVE ARGUED ABOUT IT A LITTLE BIT.  BUT IT'S -- IT

12:29PM 14   MATTERS, OBVIOUSLY.

12:29PM 15               THE COURT:  WELL, I THINK WHAT I NEED TO DO IS TO

12:29PM 16   MOVE THIS ISSUE OFF MY TABLE RIGHT NOW BECAUSE I'M WORKING UP

12:30PM 17   AGAINST SOME TIME PRESSURE, AS YOU ALL ARE, AND TO TRY TO

12:30PM 18   DECIDE THESE OTHER ISSUES, WHICH MAYBE WON'T BE AS HARD, I WILL

12:30PM 19   ACCEPT THAT BY WEDNESDAY OF NEXT WEEK.

12:30PM 20      AND THEN I GUESS WHAT I WOULD LIKE FROM ARISTA BY THE NEXT

12:30PM 21   DAY IS A SUBMISSION ON WHAT YOU WOULD LIKE TO DO TO RESPOND AND

12:30PM 22   HOW MUCH TIME IT WOULD TAKE, NOT THE RESPONSE ITSELF, OF

12:30PM 23   COURSE.

12:30PM 24               MR. FERRALL:  UNDERSTOOD.

12:30PM 25               THE COURT:  BUT IF YOU COULD EVALUATE IT AND BE READY

12:30PM  1    TO TELL ME WHAT YOU NEED IN ORDER TO COMPLETE IT.  AND I'M ON A

12:30PM  2    VERY, VERY TIGHT TIME FRAME.  I'M NOT TALKING ABOUT WEEKS, BUT

12:30PM  3    HOPEFULLY DAYS, BUT YOU DON'T KNOW WHAT YOU ARE GETTING AND I

12:30PM  4    DON'T KNOW WHAT YOU ARE GETTING.

12:30PM  5         SO THAT'S WHAT I WOULD LIKE TO HEAR FROM YOU ON WHAT IT

12:30PM  6    WOULD TAKE TO RESPOND.  IS THAT REASONABLE?

12:30PM  7              MR. FERRALL:  I THINK SO.

12:30PM  8              MR. VAN NEST:  IF WE GET IT CLOSE OF BUSINESS, WE

12:30PM  9    WILL RESPOND TO THE COURT CLOSE OF BUSINESS.

12:30PM 10              THE COURT:  LET'S MAKE IT CLOSE OF BUSINESS, NOT

12:30PM 11    CLOSE OF DAY, THAT WOULD BE GREAT.

12:30PM 12              MS. SULLIVAN:  UNDERSTOOD, YOUR HONOR.  THANK YOU.

12:30PM 13              THE COURT:  OKAY.  NOW AS I SAID, I HAVE A HARD STOP.

12:31PM 14         I WANTED TO RAISE ONE OTHER MATTER WITH YOU, THAT'S MORE MY

12:31PM 15    PROBLEM THAN YOURS, BUT I HAVE A DISCLOSURE THAT I WOULD LIKE

12:31PM 16    TO MAKE AND I DON'T KNOW HOW YOU WILL FEEL ABOUT IT.

12:31PM 17         AS YOU KNOW, WE CHANGED LAW CLERKS THIS TIME OF YEAR AND SO

12:31PM 18    I HAVE NEW LAW CLERKS COMING IN.  AND THE LAW CLERK I WOULD

12:31PM 19    HAVE ASSIGNED TO THIS CASE PREVIOUSLY WORKED AT QUINN EMANUEL,

12:31PM 20    AND THAT IS PATIENCE REN.  AND SHE DID LEAVE THE FIRM MAYBE A

12:31PM 21    YEAR AGO TO GO TO ANOTHER LAW FIRM.

12:31PM 22         SHE ADVISES ME THAT SHE NEVER WORKED ON THIS CASE.  SHE

12:31PM 23    ADVISES ME THAT SHE CERTAINLY KNOWS ATTORNEYS WELL WHO WORK ON

12:31PM 24    THIS CASE BUT THEY HAVE NEVER DISCUSSED THE CASE WITH HER.

12:31PM 25              UNDER THE RULES OF ETHICS FOR JUDICIAL EMPLOYEES, AN

12:31PM 1    ARGUMENT COULD BE MADE THAT SHE WOULD BE CONFLICTED OFF THE

12:31PM 2    CASE.  AND SO I'M MAKING THIS DISCLOSURE, AND I WOULD NEED TO

12:31PM 3    KNOW WHETHER THERE IS ANY OBJECTION TO THE ASSIGNMENT OF THE

12:31PM 4    LAW CLERK THAT I WOULD NORMALLY HAVE ASSIGNED THIS CASE TO.

12:32PM 5            MR. VAN NEST:  WE NEED TO CONSULT WITH OUR CLIENT ON

12:32PM 6    THAT, YOUR HONOR.  WHAT IS HER NAME?

12:32PM 7            THE COURT:  PATIENCE REN, R-E-N.  AND SHE NOW WORKS

12:32PM 8    AT -- MAYBE SHE HAS ALREADY LEFT, BUT SHE MOVED ON TO A

12:32PM 9    DIFFERENT LAW FIRM ABOUT A YEAR AGO.

12:32PM 10           MR. VAN NEST:  OKAY.  IF WE COULD HAVE SOME TIME.  WE

12:32PM 11   CAN RESPOND TOMORROW, BUT WE WILL RESPOND QUICKLY.  I WOULD

12:32PM 12   LIKE TO CONSULT WITH THE CLIENT ON THAT.

12:32PM 13           THE COURT:  AND THAT WOULD BE FINE, AND IF YOU COULD

12:32PM 14   REFERENCE IN YOUR RESPONSE, I MEAN, IF YOU FEEL THAT IT'S A

12:32PM 15   CONFLICT, THAT'S FINE, IF YOU FEEL THAT IT'S NOT, I WOULD LIKE

12:32PM 16   YOU TO REPRESENT THAT THIS IS COMES FROM YOUR CLIENT AS WELL.

12:32PM 17   BECAUSE I THINK THAT'S IMPORTANT.

12:32PM 18           MR. VAN NEST:  THAT'S WHAT WE WILL DO, YES.

12:32PM 19           THE COURT:  AND OF COURSE YOU NEED TO DISCUSS IT WITH

12:32PM 20   THEM.

12:32PM 21           MR. VAN NEST:  RIGHT.

12:32PM 22           THE COURT:  ALL RIGHT.

12:32PM 23       AND WELL, OF COURSE, YOU KNOW, I WILL JUST MAKE A DIFFERENT

12:32PM 24   ASSIGNMENT.  BUT YOU ALL UNDERSTAND HOW OUR CHAMBERS WORKS.  SO

12:32PM 25   THANK YOU FOR LOOKING INTO THAT.

12:32PM 1          MR. VAN NEST:  YOU ARE WELCOME.

12:32PM 2        THANK YOU, YOUR HONOR.

12:32PM 3          MR. PAK:  YOUR HONOR, ON MONDAY, WHAT TIME WOULD BE

12:32PM 4   BEST FOR YOU FOR US?

12:32PM 5          THE COURT:  HOW MUCH TIME -- WELL, LET'S SEE, WE HAVE

12:32PM 6   A -- I HAVE A JURY THAT WILL BE DELIBERATING.

12:33PM 7        (OFF-THE-RECORD DISCUSSION.)

12:33PM 8          THE COURT:  WELL, AND HOW MUCH TIME DO YOU THINK WE

12:33PM 9   NEED ON THIS?

12:33PM 10          MR. PAK:  I THINK I WOULD NEED 20 TO 30 MINUTES.

12:33PM 11          MR. VAN NEST:  NO MORE.

12:33PM 12          MR. SILBERT:  I COULD DO IT IN MUCH LESS, BUT

12:33PM 13   OBVIOUSLY I WOULD LIKE EQUAL TIME.

12:33PM 14          THE COURT:  THAT'S A LONG TIME.  THEN WHY DON'T YOU

12:33PM 15   COME AT 2:30.

12:33PM 16          MR. PAK:  YES.

12:33PM 17          THE COURT:  AND THEN I WILL BE DONE WITH MY CASE

12:33PM 18   MANAGEMENT CONFERENCE.  AND OF COURSE YOU UNDERSTAND THAT I'M

12:33PM 19   MANAGING A JURY.  SO IT COULD BE DIFFICULT.  BUT THE SOONER,

12:33PM 20   THE BETTER FOR ME.

12:33PM 21     TOMORROW I WILL BE TAKEN UP WITH CLOSING ARGUMENTS, SO I

12:33PM 22   CAN'T HAVE YOU COME BACK TOMORROW.

12:33PM 23          MR. SILBERT:  AND YOUR HONOR, IF I COULD JUST CLARIFY

12:34PM 24   TO MAKE SURE WE ARE PREPARED, IT'S ONLY THE PATENT ISSUES?

12:34PM 25          THE COURT:  THAT'S WHAT I'M TOLD; IS THAT CORRECT?

12:34PM 1                    MR. SILBERT:  YES.

12:34PM 2                    MR. PAK:  THAT'S CORRECT.

12:34PM 3                    THE COURT:  ONLY THE PATENT ISSUE.  OKAY.

12:34PM 4              THANK YOU ALL.

12:34PM 5                    MR. VAN NEST:  THANK YOU FOR YOUR TIME, YOUR HONOR.

12:34PM 6                    MS. SULLIVAN:  THANK YOU VERY MUCH, YOUR HONOR.

12:34PM 7              (WHEREUPON, THE PROCEEDINGS IN THIS MATTER WERE CONCLUDED.)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3

4                       **CERTIFICATE OF REPORTER**

5

6

7

8              I, THE UNDERSIGNED OFFICIAL COURT

9    REPORTER OF THE UNITED STATES DISTRICT COURT FOR

10   THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH

11   FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

12   CERTIFY:

13              THAT THE FOREGOING TRANSCRIPT,

14   CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND

15   CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS

16   SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS

17   HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED

18   TRANSCRIPTION TO THE BEST OF MY ABILITY.

19

20

21

22

23

24   _____

25   SUMMER A. FISHER, CSR, CRR
     CERTIFICATE NUMBER 13185              DATED: 8/8/16