KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
BRIAN L. FERRALL - #160847
DAVID SILBERT - #173128
MICHAEL S. KWUN - #198945
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    (415) 391-5400
Email:  rvannest@kvn.com;
bferrall@kvn.com; dsilbert@kvn.com;
mkwun@kvn.com

SUSAN CREIGHTON, SBN 135528
SCOTT A. SHER, SBN 190053
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C., 20006-3817
Telephone:  (202) 973-8800
Email:  screighton@wsgr.com;
ssher@wsgr.com

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARISTA NETWORKS, INC., <br><br> Defendant. | Case No. 5:14-cv-05344-BLF (NC) <br><br> **ARISTA'S CORRECTED NOTICE OF MOTION AND MOTION TO STRIKE EXPERT OPINIONS AND TESTIMONY OF DR. KEVIN C. ALMEROTH** <br><br> Date:          September 9, 2016 <br> Time:         9:00 a.m. <br> Dept:         Courtroom 3 - 5th Floor <br> Judge:        Hon. Beth Labson Freeman <br><br> Date Filed:  December 5, 2014 <br><br> Trial Date:  November 21, 2016 |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

1082834

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND STATEMENT OF RELIEF SOUGHT ...........................................1

I.      INTRODUCTION ........................................................................................................1

II.     DR. ALMEROTH'S IMPROPER EXPERT OPINIONS .....................................2

III.    LEGAL STANDARD..................................................................................................2

IV.     ARGUMENT ...............................................................................................................3

    A.      The Court should exclude Dr. Almeroth's opinion that ███████ ███████████ because it is not the product of any reliable (or even disclosed) method applied reliably to the facts of the case....................................3

        1.      Dr. Almeroth's opinion that ██████████████████ ██ is not based on any reliable analysis, and should be excluded............3

        2.      Dr. Almeroth's opinion that ████████████ ████████████████ is similarly unreliable and should be excluded. ...........................................................................................................6

    B.      The Court should exclude Dr. Almeroth's opinion that Arista ████ ██████████████████████ because he fails to apply the proper legal standard or any scientific method to the available facts. ..........................................7

    C.      The Court should exclude Dr. Almeroth's opinions that speculate about state of mind or merely summarize evidence and provide attorney argument. ..............................................................................................................8

    D.      The Court should exclude Dr. Almeroth's improper "vouching" opinions.............9

    E.      The Court should exclude Dr. Almeroth's opinion that ███████ ██████████████████ because it is not based on any expertise. .................10

V.      CONCLUSION..........................................................................................................10

i

1082834

## NOTICE OF MOTION AND STATEMENT OF RELIEF SOUGHT

PLEASE TAKE NOTICE that on September 9, 2016, at 9:00 a.m., or at such other time as the Court may direct, before the Honorable Beth Labson Freeman, at the United States District Court in the Northern District of California, Defendant Arista Networks, Inc. ("Arista") will, and hereby does, move the Court pursuant to FED. R. EVID. 402, 403 and 702, as well as case law interpreting those rules, for an order excluding certain opinions in the Opening and Rebuttal Expert Reports of Dr. Kevin C. Almeroth submitted by Plaintiff Cisco Systems, Inc. ("Cisco"), and testimony regarding such opinions.  This Motion is based on this ***Corrected*** Notice of Motion and Motion, the Memorandum of Points and Authorities below, the Declaration of Ryan Wong ("Wong Decl.") (D.I. 421), and such other and further papers, evidence and argument as may be submitted to the Court in connection with the hearing on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Cisco's proffered expert on "copying," Dr. Kevin C. Almeroth, offers several opinions in his Opening and Rebuttal Expert Reports that violate Rule 702 and should be excluded from trial.

*First*, Dr. Almeroth should not be allowed to suggest to jurors that ███████████ ███████ because he discloses ***no*** methodology for reaching that conclusion, identifies ***no*** ███████ on which he bases that opinion, and does not █████████████████████ ██████████████.  The Court should not allow prejudicial accusations of █████████ from an expert who has not even approached the standards required to make that accusation.

*Second*, Dr. Almeroth's vague assertion that Arista ████████████████████ ██ should be excluded.  Nowhere in Dr. Almeroth's reports does he disclose █████████ ████████████████████████████████ or where those features are expressed in Cisco's copyright registered works.  By discussing ████████████████ without any definition, Dr. Almeroth does not even purport to follow the legal requirements for comparing the ██████████ of two works and assessing similarities of protected and unprotected elements.  Dr. Almeroth's opinion that ████████████████████████ would prejudice Arista and confuse, rather than help, the jury.  It should be excluded.

1

1082834

*Third*, Dr. Almeroth offers several "opinions" that are not expert testimony at all, but rather an early closing argument, imputing subjective motives to Arista and parroting snippets from emails, documents, and depositions without applying any expertise as a computer scientist. It is the province of the jury to determine whether a witness is credible and what lay conclusions to draw from a document. The Court should not allow Dr. Almeroth to usurp these functions by rehashing record evidence without offering technical expertise.

*Finally*, Dr. Almeroth should not be permitted to provide "expert" testimony on  . Dr. Almeroth's opinions require no expertise beyond literacy, and should be excluded.

## II.    DR. ALMEROTH'S IMPROPER EXPERT OPINIONS

Dr. Almeroth submitted an Opening Expert and a Rebuttal Report.[1] The specific opinions challenged in this motion are identified and discussed in detail in Section IV below.

## III.    LEGAL STANDARD

Trial judges serve as gatekeepers for both the relevance and reliability of expert testimony. *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F. 3d 1356, 1360 (Fed. Cir. 2008); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). Federal Rule of Evidence 702 permits expert testimony to be admitted only if it is: (1) based on scientific, technical, or other specialized knowledge that will help the trier of fact to understand the evidence or determine a fact in issue; (2) based upon sufficient facts or data; (3) the product of reliable principles and methods; and (4) delivered by a qualified witness who has applied the principles and methods reliably to the facts of the case. FED. R. EVID. 702. Courts must consider "whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *Daubert v. Merrell Dow Pharms, Inc.*, 509 U.S. 579, 591 (1993). "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Domingo ex rel. Domingo v. T.K.*, 289 F.3d 600, 607 (9th Cir. 2002) (citation omitted). Trial courts should exclude evidence

---

[1] *See* Declaration of Ryan K. Wong in Support of Arista's Motion to Strike Expert Testimony of Dr. Almeroth ("Wong Decl.") at Ex. 1 ("Opening Rpt.") and Ex. 2 ("Rebuttal Rpt."). D.I. 421.

when it cannot 'discern what, if any, method [the expert] employed in arriving at his opinions.'"

*Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843, 860 (9th Cir. 2014).

## IV.    ARGUMENT

**A.    The Court should exclude Dr. Almeroth's opinion that** ███████████ ███████ **because it is not the product of any reliable (or even disclosed) method applied reliably to the facts of the case.**

**1.    Dr. Almeroth's opinion that** ███████████████ **is not based on any reliable analysis, and should be excluded.**

Dr. Almeroth's opinion that ████████████████ should be excluded because it is neither the product of "reliable principles and methods," nor is based on "sufficient facts or data" to be admissible.  *See* Fed. R. Evid. 702; *see also Finjan, Inc. v. Blue Coat Systems, Inc.*, Case No. 13-cv-03999-BLF, 2015 WL 4272870, at *4 (N.D. Cal. July 14, 2015) (Freeman, J.) (excluding expert testimony where the expert's report "discloses no methodology other than to assert that he 'personally performed these tests' on the Accused Products[.]").

In Dr. Almeroth's Opening Report, ████████████████████████████ ██████████████████████████.  *See* Opening Rpt. ¶¶ 81–87.  He opines that four characteristics of Arista's parser are, in his opinion, ███████████████████ ████████████████████  On this flimsy foundation, he concludes that ████████ ████████████████████████████████ Nowhere does Dr. Almeroth explain what he means by ███████████ or how he distinguishes between ███████████████████████.  Opening Rpt. at ¶¶ 81–87.  He provides no data to support his conclusion, nor any method for evaluating the ██████████████, and so there is no means to evaluate whether that method is reliable, or whether he faithfully followed it to reach his conclusions.  Nor does he contend that Arista ██████████████████ ████████████████████████████.  *See id*.  And he does not ███ ██████████████████████ that ████████████████████ ██████████ code.  *Id.*  Nevertheless, Dr. Almeroth testified that this section of his Opening Report is the foundation of his ████████████ opinion.  Almeroth Tr. 276:25–278:10.

---

[2] Wong Decl. Exhibit 3 (excerpts from Dr. Almeroth's deposition transcript).

3

1082834

1   When pressed to explain the basis for his opinion that ██████████████

2  ██████████, Dr. Almeroth could point only to his ████████

3  ████████████████████████████████████████████████████

4  ████████████████████████████████

5  ████ ████████████████████████████████████████

6  ████████████████████████████

7  ████ ████████████████████████████

8  *Id.* at 279:9–280:11.  He ████████████████████████████████

9  ████████████████████████████, and dodged questions about ████████

10  ████████████████████.  *Id.* at 280:13–281:12; Opening Rpt. ¶¶ 81–87.[3]

11  And he had no evidence that ████████████████████████████████

12  ████████████████████████████████████.  Almeroth

13  Tr. 281:14–283:17; 289:11–20; 291:15–292:19.  He even admitted that ████████

14  ████████████████████.  *Id.* at 289:6–10; *see also* Opening Rpt. ¶ 224.

15   Notwithstanding his lack of evidence, Dr. Almeroth maintained his opinion that ████

16  ████████████████ based solely on ████████████ without providing

17  any facts to support that claim, or any side-by-side comparison of ████████████

18  ████████████.  Almeroth Tr. 282:12–20.  In fact, Dr. Almeroth conceded that

19  he did not ████████████████████████████ to substantiate his

20  assertion of ████████████████████████:

21  ████████████████████████████████████████████

22  ████████████████

23  ████████████████████████████████

24  ████████████████████████████████████████

25  ████████████████

26  ████████████████████████████████

27  ────────────────

28  [3] The remaining paragraphs in this section do not include any assertion of ████████
  ████████████  *See* Almeroth Tr. 284:5–287:3; Opening Rpt. ¶ 224.

CORRECTED NOTICE OF MOTION AND MOTION TO STRIKE EXPERT OPINIONS AND
TESTIMONY OF DR. KEVIN C. ALMEROTH
Case No. 5:14-cv-05344-BLF (NC)

1082834

1 ████████████████████████████████████████████████████

2 ████████████████████████

3 *Id.* at 292:20–293:14 (emphasis added) (objection omitted).[4]

4     Dr. Almeroth's ████████████ opinion should be excluded.  *See Schudel v. Gen.*

5 *Elec. Co.*, 120 F.3d 991, 996–97 (9th Cir. 1997), *abrogated in unrelated part by Weisgram v.*

6 *Marley Co.*, 528 U.S. 440 (2000) (ordering a new trial where the trial court failed to exclude

7 unreliable expert opinions based on methods that were not "scientifically acceptable").  Dr.

8 Almeroth does not disclose and did not follow any reliable methodology to support his opinion

9 that ████████████████████.  FED. R. EVID. 702; *Stilwell v. Smith & Nephew,*

10 *Inc.*, 482 F.3d 1187, 1192 (9th Cir. 2007) (the test for reliability is "the soundness of the …

11 methodology"); *Finjan*, 2015 WL 4272870, at *4 (excluding opinion where the expert "d[id] not

12 disclose any methodology"); *XpertUniverse, Inc. v. Cisco Systems, Inc.*, 2013 WL 1702159, at *1

13 (D. Del. Feb. 25, 2013) (excluding opinion that source code in products were the same where the

14 expert only analyzed "screen shots in user manuals and affiliated manuals"); *Fleming v. Escort*,

15 2012 WL 12539337, at *3 (D. Idaho May 23, 2012) (excluding opinion because "[t]here is no

16 way for … to evaluate [the expert's] methodology … his opinion is the classic 'black box,'

17 asserting that the source code makes the products non-infringing because he says so.").  Rather,

18 he failed to ███████████████████████████████, and

19 based his ████████████ opinion entirely upon ████████████████ rather

20 than ███████████████████ Almeroth Tr.

21 292:20–293:14.  Dr. Almeroth failed to apply any reliable principles and methods under Rule

22 702(c) to support his source code copying opinion.  *See GNPE Corp. v. Apple, Inc.*, Case No. 12-

23 CV-02885-LHK, D.I. 242, at 7-8 (N.D. Cal. Apr. 16, 2014) (Koh, J.) ("the Court must be able to

24 see the mechanisms in order to determine if they are reliable and helpful"); *Domingo*, 289 F.3d at

25 607 (excluding expert who failed to provide "reasoning … based on … verifiable evidence and

26 [4] Remarkably, when asked ████████████████████████

27 ████████████████████████████████████  *See* Almeroth Dep. Tr. 104:8–110:16.  Dr. Almeroth's opinion that

28 ███████████████████████████

1082834

1   scientific methodology").

2       In addition, whatever methodology (if any) Dr. Almeroth applied to arrive at his ██████

3   ████████████, it was not reliably applied to any facts of the case.  FED. R. EVID. 702(d);

4   *Ollier*, 768 F.3d at 860–61 (excluding testimony as "speculative" and "unreliable" because it was

5   based on "superficial inspections" rather than a "systematic assessment" of the evidence).  ███

6   ██████████████████████████████████████████████████████████████.  *See*

7   Opening Rpt. ¶ 37; Almeroth Tr. 65:24–66:17.  But he cites to none of it to substantiate his

8   accusation of ██████████████.  He made no "effort to rule out other possible causes" of the

9   alleged functional similarities, which alone is reason to exclude these opinions.  *Claar v.*

10  *Burlington N.R.R.*, 29 F.3d 499, 502 (9th Cir. 1994).  And he fails to explain the different

11  ████████████████████████████████████████████████████████████████

12  ████████████████.  *Id.* at 281:14–283:17; 289:11–20; 291:15–292:19; 293:5–14.  For these

13  reasons, Dr. Almeroth's opinion that Arista copied Cisco's parser code should be excluded.

14      **2.    Dr. Almeroth's opinion that** ████████████████████████████
        ████████████████████ **is similarly unreliable and should be excluded.**

15      Dr. Almeroth also suggests ████████████████ as part of Cisco's late allegation that

16  Arista copied hundreds of Cisco CLI command "help descriptions."[5]  Opening Rpt. ¶¶ 225–26

17  and Exhibit Copying-6; Rebuttal Rpt. ¶ 148(a).  These ██████████████ assertions should also

18  be excluded under Rule 702 because he performs no source code analysis even suggesting that

19  ████████████████.  *See id.*  Expert testimony that reaches a factual conclusion without any

20  effort to "adequately account[] for obvious alternative explanations" should not be admitted.  *See*

21  FED. R. EVID. 702 Advisory Committee's Note; *Claar*, 29 F.3d at 502; *FURminator, Inc. v. Kim*

22  *Laube & Co, Inc.*, 758 F. Supp. 2d 797, 808 (E.D. Miss. 2010).  Here, Dr. Almeroth admitted that

23  ████████████████████████████████████████████████████████████████

24  ████████████████████████████████████████████████████████████████

25  ████████████████████████████████████████████████████████

---

[5]  Arista filed a Motion to Strike the "help description" contentions for untimeliness, which
Magistrate Judge Cousins denied.  *See* D.I. 304–08 (Mot.); 323–24 (Opp.); 362–64 (Reply); 408
(Order).  Arista is filing a motion for relief from the Magistrate Judge's Order.  If the Court were
to deny Arista's motion for relief, Arista will request an opportunity for supplemental discovery
and motion practice directed to the late contentions.

6

CORRECTED NOTICE OF MOTION AND MOTION TO STRIKE EXPERT OPINIONS AND
TESTIMONY OF DR. KEVIN C. ALMEROTH
Case No. 5:14-cv-05344-BLF (NC)

1082834

1    Almeroth Tr. 287:5–289:5. ███████████████████████████

2    ████████████████████████████████████████████

3    ███████████ *Id.* at 288:11–22.  This concession proves he did not comply with

4    the rigors of Rule 702, and so his opinion that ████████████████████████

5    ████████ should be excluded.

6        **B.    The Court should exclude Dr. Almeroth's opinion that Arista ███████**
         **█████████████████ because he fails to apply the proper legal**

7        **standard or any scientific method to the available facts.**

8        In his reports, Dr. Almeroth repeatedly asserts that Arista ████████████

9    █████████████, but he never articulates a reliable and consistent ███████

10   ███████████████████ *See* Opening Rpt. ¶¶ 65, 174; Rebuttal Rpt. ¶¶ 64, 70, 136,

11   137, 145, 158; Almeroth Tr. 123:1–5.  When pressed to reveal the methodology he followed

12   determine that ██████████████████████████████, Dr. Almeroth

13   explained that ██████████████████████████████████

14   ██████████████████████████████████████████████

15   ██████████. *Id.* at 127:3–128:10; 134:15–136:1 ████████████████████

16   ███████████████████████████████████████

17   ████████████████████ (emphasis added); 141:13–21 ███████████

18   ████████ included ████████████████████████████████

19   ████████████████████████ Cisco has not asserted copyright

20   protection over the use of CLI command prefixes (*i.e.*, entering partial commands that the system

21   "autocompletes" into full ones), hitting "tab" to complete a partially entered command, the

22   general way CLI commands are structured, or the way commands are input into the CLI, and Dr.

23   Almeroth ████████████████████████████████████

24   █████████████████. *See* SAC (D.I. 64).

25       Dr. Almeroth's opinion that ██████████████████████ fails to follow

26   any reliable methodology and fails to follow the law governing claims of "look and feel."  *First*,

27   his opinion fails to articulate any consistent or reliable methodology to define what constitutes █

28   ████████████████, or a clear definition of what is included within the ██████████

7

1    ██████. Almeroth Tr. 124:18–125:5; 129:25–143:18. As Dr. Almeroth put it: "███

2    ███████████████████████████████████████████████

3    ███████████████████████████████████████████████

4    ████████" *Id.* at 140:2–14. The Court should not permit Dr. Almeroth's undefined,

5    results-oriented methodology of concluding that ██████████████████

6         *Second,* Dr. Almeroth's ████████████ opinion should be excluded because it is

7    ████████████████████████████████████████████████ such

8    as ██████████████████. *Id.* at 127:3–128:10, 134:15–136:1. Cisco has

9    never before claimed that Arista's support of these features constitutes copyright infringement.

10   *See* SAC (D.I. 64); Cisco's Suppl. Resp. to Interrogatory No. 2.[6]

11        Finally, Dr. Almeroth's ████████████ does not even attempt to follow copyright

12   law. Analytic dissection is essential before any comparison of works is appropriate. *See Apple v.*

13   *Microsoft*, 35 F.3d 1435, 1443 (9th Cir. 1994). But Dr. Almeroth did not even give lip service to

14   this requirement and then furthermore ████████████████. *See* Almeroth Tr.

15   125:22–126:18. There is no basis in logic or the law for concluding that █████████

16   ██████████████ without considering differences as well as similarities. Yet Dr.

17   Almeroth never mentions, for example, the more than 10,000 commands that differ between the

18   Cisco and Arista products, or other differences. ██████████████ Because

19   Dr. Almeroth's opinion that ████████████████ is merely an attempt to

20   put a rhetorical name on Cisco's allegations without attention to the scientific rigors that such an

21   accusation demands, it should be excluded.

22        **C.    The Court should exclude Dr. Almeroth's opinions that speculate about state
         of mind or merely summarize evidence and provide attorney argument.**

23
24        A party's or person's state of mind is not the proper subject of expert testimony. *See, e.g.,*

25   *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*,

26   978 F. Supp. 2d 1053, 1087 (C.D. Cal. 2013); *Oracle America, Inc. v. Google Inc.*, No. 10-03561,

27   D.I. 1803 ("Order Re Google Motion *In Limine* Re Expert Vouching") (N.D. Cal. May 3, 2016)

28   ---
     [6] *See* Wong Decl. Ex. 4 (attaching Cisco's responses to this discovery request).

CORRECTED NOTICE OF MOTION AND MOTION TO STRIKE EXPERT OPINIONS AND
TESTIMONY OF DR. KEVIN C. ALMEROTH
Case No. 5:14-cv-05344-BLF (NC)

(Alsup, J.) ("The mental state of the characters in our story on trial is for the jury to decide, never for experts to speculate about[.]").  Moreover, an expert may not be used as a party spokesperson to provide an "additional summation" of evidence that goes beyond his expertise.  *United States v. Freeman*, 498 F.3d 893, 903–04 (9th Cir. 2007); *United States v. Frazier,* 387 F.3d 1244, 1262–63 (11th Cir. 2004) ("Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments.").

Despite these prohibitions, Dr. Almeroth repeatedly cites to and summarizes deposition testimony and documents throughout his Opening and Rebuttal Reports as supposed evidence of Arista's state of mind—namely, that ███████████████████████████████████████████████████████████████████████.  *See* Opening Rpt. ¶¶ 70, 73–76, 78–79, 112, 118, 138–40, 145–48, 152–53, 156–57, 195, 203, 219-20, 242, 246 (and fns. 188–91), 250, 256–57; Rebuttal Rpt. ¶¶ 104, 124, 132, 135, 137, 138–39, 142–43, 146–47, 149–50, 157, 159, 160.  For each of these summaries, Dr. Almeroth does ***not*** apply any scientific, technical, or specialized knowledge, or any expert methodology; he simply reads the document(s) and provides his own conclusion therefrom, as a lay witness might.

███████████████████████████████████████████████████████████████ Almeroth Tr. 14:14–17:5.  His characterizations of non-technical deposition testimony and documents regarding the intent and beliefs of Arista employees should be excluded.  *See* FED. R. EVID. 702(a), (c), and (d); *see also Finjan,* 2015 WL 4272870, at *3 (experts are not "qualified to offer opinions regarding … subjective beliefs").

**D.    The Court should exclude Dr. Almeroth's improper "vouching" opinions.**

No expert is permitted to vouch for or buttress the credibility of what another person has said, either in a deposition on in a document, as it would invade the province of—and would not assist—the trier of fact.  *See United States v. Binder,* 769 F.2d 595, 602 (9th Cir. 1985); Order Re Google Motion *In Limine* Re Expert Vouching ("[A]n expert should never purport to tell the jury which side's fact witnesses are credible or vouch for whose fact scenario is correct[.]").

Dr. Almeroth improperly vouches for Cisco's view of disputed facts in both his Opening

9

and Rebuttal Reports by repeatedly affirming, and adopting as his own, the characterizations and opinions provided by Cisco witnesses without providing any scientific or technical analysis of his own.  *See* Opening Rpt. ¶¶ 51, 98, 102–10, 115, 136–37, 247, 260; Rebuttal Rpt. ¶¶ 62 (and fn. 30), 73, 75 (and fn. 47), 102 (and fn. 72), 108 (and fns. 85 and 86), 125.  In each of these examples, Dr. Almeroth simply places his "expert" seal of approval on Cisco testimony but does not contribute any "scientific, technical, or other specialized knowledge" to "help the trier of fact," nor does he apply a scientific or reliable methodology to the testimony and documents he quotes from.  *See* FED. R. EVID. 702; *Claar*, 29 F.3d at 502 ("[t]o qualify as 'scientific knowledge' … an inference must be derived by the scientific method").  The only purpose served by Dr. Almeroth's citations to above testimony and documents is so he, as a purported "expert," can vouch for their truthfulness and credibility.  These opinions should be excluded.

**E.    The Court should exclude Dr. Almeroth's opinion that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ because it is not based on any technical expertise.**

Dr. Almeroth purports to provide an expert opinion regarding ▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ But he ▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓  *See* Almeroth Tr. 23:1–23:22; 22:1–4.  He ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Dr. Almeroth's ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ is not based on any scientific, technical, or other specialized knowledge.  The Court should exclude this testimony in Dr. Almeroth's reports.

**V.    CONCLUSION**

For these reasons, the Court should exclude and find inadmissible under Federal Rules of Evidence 702, 402, and 403, the foregoing expert opinions and testimony of Dr. Almeroth.

1082834

1

2 Dated:  August 8, 2016

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

KEKER & VAN NEST LLP


By: /s/ Robert A. Van Nest
    ROBERT A. VAN NEST


Attorneys for Defendant
ARISTA NETWORKS, INC.

CORRECTED NOTICE OF MOTION AND MOTION TO STRIKE EXPERT OPINIONS AND
TESTIMONY OF DR. KEVIN C. ALMEROTH
Case No. 5:14-cv-05344-BLF (NC)

1082834