KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
BRIAN L. FERRALL - #160847
DAVID SILBERT - #173128
MICHAEL S. KWUN - #198945
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    (415) 391-5400
Email:  rvannest@kvn.com;
bferrall@kvn.com; dsilbert@kvn.com;
mkwun@kvn.com

SUSAN CREIGHTON, SBN 135528
SCOTT A. SHER, SBN 190053
WILSON SONSINI GOODRICH &
ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C., 20006-3817
Telephone:  (202) 973-8800
Email:  screighton@wsgr.com;
ssher@wsgr.com

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ARISTA NETWORKS, INC.,<br><br>Defendant. | Case No. 5:14-cv-05344-BLF (NC)<br><br>**DECLARATION OF RYAN WONG IN SUPPORT OF PLAINTIFF CISCO SYSTEMS, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL IN CONNECTION WITH CISCO'S MOTIONS TO EXCLUDE EXPERT OPINION TESTIMONY FROM DEFENDANT'S EXPERTS (ECF NO. 426)**<br><br>Judge:       Hon. Beth Labson Freeman<br><br>Date Filed: December 5, 2014<br><br>Trial Date: November 21, 2016 |

1

DECLARATION OF RYAN K. WONG IN SUPPORT OF CISCO'S ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (PSG)

1083382

1   I, RYAN K. WONG, declare:

2   1.   I am an attorney licensed to practice law in the State of California and am an associate with the law firm of Keker & Van Nest LLP, located at 633 Battery Street, San Francisco, California 94111, counsel for Defendant Arista Networks, Inc. ("Arista") in the above-referenced action. Unless otherwise stated, the facts I set forth in this declaration are based on my personal knowledge or knowledge I obtained through my review of corporate records or other investigation. If called to testify as a witness, I could and would testify competently to such facts under oath.

2.   I submit this declaration in support of the Administrative Motion to File Under Seal Materials in Support of Cisco's Motions to Exclude Expert Testimony of Arista Witnesses Black, Clark, Elsten, and Seifert ("Motion to Seal") filed by Plaintiff Cisco Systems, Inc. ("Cisco") on August 5, 2016 (D.I. 426). I have reviewed Cisco's Motion to Seal and the Civil Local Rules of this Court governing such motions, and submit this supporting declaration under Civil L.R. 79-5(e).

3.   Cisco's Motion to Seal seeks to file under seal documents and information submitted in support of several *Daubert* motions, which are non-dispositive motions. Because Cisco's Motion to Seal relates to non-dispositive motions, the documents and information that the parties request to file under seal are ***not*** subject to a strong presumption of public access. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Rather, the "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure applies to the material that Cisco's Motion to Seal seeks to withhold from public view. *Id.* at 1179. Civil Local Rule 79-5 further requires that a party seeking to seal information and documents "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id*. I submit this declaration to provide additional facts in support of Cisco's Motion to Seal, and to provide facts establishing that the "good cause" standard has been met for materials that Arista seeks to file under seal.

2
DECLARATION OF RYAN K. WONG IN SUPPORT OF CISCO'S ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (PSG)

1083382

4. For purposes of a motion to seal, I understand that a "trade secret" is "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569–70 (9th Cir. 2008) (nonprecedential) (quoting Restatement (First) of Torts § 757 cmt. b (1939)) (applying the Restatement's definition of trade secret in the record-sealing context); *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (adopting the Restatement's definition of trade secret).

5. I further understand that good cause—indeed, compelling reasons—may exist to file materials under seal when, for example, court filings could be used for improper purposes, such as "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1178–79 (citation omitted). I further understand that good cause and compelling reasons may exist where court filings contain or discuss confidential source code, *see Apple, Inc. v. Samsung Electronics Co., Ltd.*, No. 11-cv-1846, D.I. 2190 at *3 (Dec. 10, 2012); internal and non-public procedures of financial institutions, *see Cowan v. GE Capital Retail Bank*, No. 13-cv-03935-BLF, 2015 WL 1324848, at *1-3 (N.D. Cal. Mar. 24, 2015); information about an entity's confidential "business performance, structure, and finances that could be used to gain unfair business advantage against them," *Schwartz v. Cook*, No. 15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016); "highly sensitive information regarding [an entity's confidential] product architecture and development," *Delphix Corp. v. Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014); emails containing confidential information about an entity's "business practices, recruitment efforts, and discussions regarding potential partnerships with other product manufacturers," *see Koninklijke Philips N.V. v. Elec-Tech International Co., Ltd.*, No. 14-cv-02737-BLF, 2015 WL 581574, at *1–2 (N.D. Cal. Deb. 10, 2015); and "information regarding non-public recruitment efforts and business practices" of a party. *See id*. at *2-3.

6. Cisco submitted a declaration in support of its Motion to Seal (D.I. 426-1) that identified and attached highlighted copies of material that should be sealed. To the extent that those exhibits implicate Arista materials, I address those exhibits below. Per the instructions

3
DECLARATION OF RYAN K. WONG IN SUPPORT OF CISCO'S ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (PSG)

1083382

provided on the Northern District of California's website, this declaration is drafted so that it does not contain or reveal confidential information, and therefore does not need to be filed under seal. *See* http://www.cand.uscourts.gov/ecf/underseal.

7. **Cisco's Notice of Motion and Motion to Exclude Expert Opinion Testimony from Defendant's Expert Dr. John Black (D.I. 426-4):** Arista does ***not*** seek to file under seal any of the material highlighted in this document. Arista takes no position to the extent other parties or non-parties may seek to file under seal any of the material highlighted in this document.

8. **Cisco's Notice of Motion and Motion to Exclude Expert Opinion Testimony from Defendant's Expert Cate M. Elsten (D.I. 426-6):** Cisco's Motion to Exclude Expert Opinion testimony from Defendant's Expert Cate M. Elsten contains Arista confidential information at pages 4, 5, 6:3, and 7:7. There is good cause to seal those portions of Cisco's Motion because they discuss and disclose internal, non-public information regarding competitive intelligence and Arista sales strategies. *See In re Elec. Arts, Inc.*, 298 F. App'x at 569–70; *Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1–2; *see also Schwartz*, 2016 WL 1301186, at *2 (discussing the harm that could result by the dissemination of similar sensitive internal business information to competitors, who would find it valuable).

9. **Cisco's Motion to Exclude Expert Opinion Testimony of William M. Seifert (D.I. 426-8):** Arista does ***not*** seek to file under seal any of the material highlighted in this document. Arista takes no position to the extent other parties or non-parties may seek to file under seal any of the material highlighted in this document.

10. Exhibit 1 to the Declaration of Andrew Holmes in Support of Cisco's Motions to Exclude Expert Opinion Testimony from Defendant's Experts Black, Clark, Elsten, and Seifert ("Holmes Declaration") (D.I. 426-9): This exhibit consists of portions of the Expert Report of John R. Black, Jr. dated June 3, 2016. This exhibit contains Arista confidential information at Paragraphs ¶¶ 397, 519, 525, and 678(i). There is good cause to seal these paragraphs in this exhibit. Paragraph 397 discusses and discloses internal, non-public information regarding the development and development process of the Arista EOS software, including details regarding how certain technologies were integrated into Arista's products. There is good cause to seal such

4
DECLARATION OF RYAN K. WONG IN SUPPORT OF CISCO'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (PSG)

1083382

sensitive confidential internal information regarding "product architecture and development[.]" *See Delphix Corp.*, 2014 WL 4145520, at *2. Paragraphs 519, 525, and 678(i) discuss and disclose non-public information regarding Dr. Black's review of Arista source code (portions of which are highly confidential), and evidence relating to such source code. There is good cause to seal such information about Arista's confidential source code. *See Apple, Inc. v. Samsung Electronics Co., Ltd.*, No. 11-cv-1846, D.I. 2190 at *3 (Dec. 10, 2012); *see also Agency Solutions.com, LLC v. TriZetto Grp., Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011) ("[S]ource code is undoubtedly a trade secret[.]").

11. Exhibit 2 to the Holmes Declaration (D.I. 426-10): This exhibit consists of portions of the Rebuttal Expert Report of John R. Black, Jr. dated June 17, 2016. This exhibit contains Arista confidential information at Paragraphs ¶¶ 148, 155, 156, 160–166, and 169–171. There is good cause to seal these paragraphs in this exhibit. These paragraphs discuss and disclose non-public information regarding both Dr. Black's and Dr. Almeroth's reviews of Arista source code (portions of which are highly confidential), and evidence relating to such source code. There is good cause to seal such information about Arista's confidential source code. *See Apple*, No. 11-cv-1846, D.I. 2190 at *3.

12. Exhibit 4 to the Holmes Declaration (D.I. 426-11): This exhibit consists of transcript excerpts from the deposition of Dr. John R. Black, Jr. Arista does ***not*** seek to file under seal any of the material in this document. Arista takes no position to the extent other parties or non-parties may seek to file under seal any of the material highlighted in this document.

13. Exhibit 5 to the Holmes Declaration (D.I. 426-12): This exhibit consists of portions of the Expert Report of William M. Seifert dated June 3, 2016. This exhibit contains Arista confidential information at Paragraphs ¶¶ 90 (including footnote 78), 96 (including charts on Pages 43 and 44), 97 (including footnote 88), 98 (including footnotes 89–91), 99 (including footnote 92), 100(i), 100(ii) (including footnote 94), 100(iv) (including footnote 95), 100(v) (including footnote 97), 101, 103 (including footnote 106), 108, and 109. These excerpts from Mr. Seifert's report contain Arista's highly competitive business information, and there is good cause to seal them. They cite and discuss customer sales presentations, which contain sensitive

5
DECLARATION OF RYAN K. WONG IN SUPPORT OF CISCO'S ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (PSG)

1083382

and non-public Arista sales and marketing strategies. Others discuss the results of product testing and confidential customer feedback, including the identities of those customers. In some cases, the excerpts recite detailed information about Arista's marketing responses to the preferences of specific segments of customers, along with sales information, all of which Arista protects as highly confidential. These excerpts also disclose sensitive market data and analysis used by Arista for competitive purposes. Good cause and also compelling reasons justify sealing these portions of Mr. Seifert's report. *See Schwartz*, 2016 WL 1301186, at *2 (discussing the harm that could result by the dissemination of similar sensitive internal business information to competitors, who would find it valuable); *Delphix*, 2014 WL 4145520, at *2 (same); *Koninklijke Philips*, 2015 WL 581574, at *1–3 (same).

14. <u>Exhibit 6 to the Holmes Declaration</u> (D.I. 426-13): This exhibit consists of transcript excerpts from the deposition of William M. Seifert. This exhibit contains Arista confidential information on pages 135–36 (13:42:25–13:43:52). This excerpt discusses Arista's highly competitive business information, and there is good cause to seal it. Specifically, it discusses the contents of sensitive market data and analysis used by Arista for competitive purposes. There is good cause to justify sealing of this portion of Mr. Seifert's deposition. *See Schwartz*, 2016 WL 1301186, at *2 (discussing the harm that could result by the dissemination of similar sensitive internal business information to competitors, who would find it valuable); *Delphix*, 2014 WL 4145520, at *2 (same); *Koninklijke Philips*, 2015 WL 581574, at *1–3 (same).

15. <u>Exhibit 7 to the Holmes Declaration</u> (D.I. 426-14): This exhibit consists of portions of the Expert Report of Cate M. Elsten dated June 3, 2016 ("Expert Report on Market Harm"). This exhibit contains Arista confidential information on Pages 9, 17, 22–23. Those pages of Ms. Elsten's Expert Report on Market Harm contain non-public and sensitive business, product pricing, and actual and prospective customer information, including information about customer requirements and preferences regarding purchasing, that Arista maintains as highly confidential. Arista also believes that its actual and prospective customers expect that information relating to their purchasing preferences and transactions is maintained in the utmost

6
DECLARATION OF RYAN K. WONG IN SUPPORT OF CISCO'S ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (PSG)

1083382

1  confidence. Good cause—and also compelling reasons—justify sealing these portions of

2  Ms. Elsten's report. *See Schwartz*, 2016 WL 1301186, at *2 (discussing the harm that could

3  result by the dissemination of similar sensitive internal business information to competitors);

4  *Delphix*, 2014 WL 4145520, at *2 (same); *Koninklijke Philips*, 2015 WL 581574, at *1-3 (same).

5    16. <u>Exhibit 8 to the Holmes Declaration</u> (D.I. 426-15): This exhibit consists of

6  portions of the Expert Report of Cate M. Elsten dated June 13, 2016 ("Rebuttal Report"). Good

7  cause exists to seal ***the entirety*** of this exhibit. Ms. Elsten's Rebuttal Report contains non-public

8  and sensitive business, product pricing, and customer information, as well as sales and revenue

9  data, and information about actual and prospective customer requirements and preferences

10 regarding purchasing, all of which Arista maintains as highly confidential. Arista also believes

11 that its actual and prospective customers expect that information relating to their purchasing

12 preferences and transactions is maintained in the utmost confidence. Unlike Ms. Elsten's Report

13 on Market Harm (discussed above), this report contains sensitive Arista confidential information

14 interwoven throughout the document. Compelling reasons—not just good cause—justify sealing

15 the entirety of this exhibit. *See Schwartz*, 2016 WL 1301186, at *2 (discussing the harm that

16 could result by the dissemination of similar sensitive internal business information to

17 competitors); *Delphix*, 2014 WL 4145520, at *2 (same); *Koninklijke Philips*, 2015 WL 581574, at

18 *1-3 (same).

19   17. <u>Exhibit 9 to the Holmes Declaration</u> (D.I. 426-16): This exhibit consists of

20 transcript excerpts from the deposition of Cate M. Elsten. There is good cause to seal pages 58–

21 60, 62–65, 81, and 212–215 of this exhibit because they contain detailed Arista confidential

22 information concerning Arista's contracts with its customers, its price lists and internal costs, its

23 competitive strategies, and competitive intelligence reports. Compelling reasons—not just good

24 cause—justify sealing those portions of this exhibit. *See Schwartz*, 2016 WL 1301186, at *2

25 (discussing the harm that could result by the dissemination of similar sensitive internal business

26 information to competitors); *Delphix*, 2014 WL 4145520, at *2 (same); *Koninklijke Philips*, 2015

27 WL 581574, at *1-3 (same).

28

7
DECLARATION OF RYAN K. WONG IN SUPPORT OF CISCO'S ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (PSG)

1083382

18. <u>Exhibit 12 to the Holmes Declaration</u> (D.I. 426-19):  Arista does *not* seek to file under seal any portion of this document.

19. <u>Exhibit 13 to the Holmes Declaration</u> (D.I. 426-20):  Arista does *not* seek to file under seal any portion of this document.

Executed this 9th day of August 2016, at San Francisco, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    */s/ Ryan K. Wong*
    RYAN K. WONG

8
DECLARATION OF RYAN K. WONG IN SUPPORT OF CISCO'S ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (PSG)

1083382