| | |
|---|---|
| Kathleen Sullivan (SBN 242261) <br> kathleensullivan@quinnemanuel.com <br> QUINN EMANUEL URQUHART & SULLIVAN LLP <br> 51 Madison Avenue, 22nd Floor <br> New York, NY 10010 <br> Telephone: (212) 849-7000 <br> Facsimile: (212) 849-7100 | Steven Cherny *(admitted pro hac vice)* <br> steven.cherny@kirkland.com <br> KIRKLAND & ELLIS LLP <br> 601 Lexington Avenue <br> New York, New York 10022 <br> Telephone: (212) 446-4800 <br> Facsimile: (212) 446-4900 |
| Sean S. Pak (SBN 219032) <br> seanpak@quinnemanuel.com <br> Amy H. Candido (SBN 237829) <br> amycandido@quinnemanuel.com <br> John M. Neukom (SBN 275887) <br> johnneukom@quinnemanuel.com. <br> QUINN EMANUEL URQUHART & SULLIVAN LLP <br> 50 California Street, 22nd Floor <br> San Francisco, CA 94111 <br> Telephone: (415) 875-6600 <br> Facsimile: (415) 875-6700 | Adam R. Alper (SBN 196834) <br> adam.alper@kirkland.com <br> KIRKLAND & ELLIS LLP <br> 555 California Street <br> San Francisco, California 94104 <br> Telephone: (415) 439-1400 <br> Facsimile: (415) 439-1500 <br><br> Michael W. De Vries (SBN 211001) <br> michael.devries@kirkland.com <br> KIRKLAND & ELLIS LLP <br> 333 South Hope Street <br> Los Angeles, California 90071 <br> Telephone: (213) 680-8400 <br> Facsimile: (213) 680-8500 |
| Mark Tung (SBN 245782) <br> marktung@quinnemanuel.com <br> QUINN EMANUEL URQUHART & SULLIVAN LLP <br> 555 Twin Dolphin Drive, 5th Floor <br> Redwood Shores, CA 94065 <br> Telephone: (650) 801-5000 <br> Facsimile: (650) 801-5100 | |

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ARISTA NETWORKS, INC., <br><br> Defendant. | CASE NO. 5:14-cv-5344-BLF (NC) <br><br> **DECLARATION OF SARA E. JENKINS IN SUPPORT OF ARISTA'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CONFIDENTIAL INFORMATION IN ARISTA'S MOTION TO STRIKE EXPERT OPINIONS AND TESTIMONY OF DR. KEVIN C. ALMEROTH** |

02099-00004/8239754.1

DECLARATION OF SARA E. JENKINS IN SUPPORT OF ARISTA'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (NC)

## DECLARATION OF SARA E. JENKINS

I, Sara E. Jenkins, declare as follows:

**1.**   I am an attorney licensed to practice in the State of California and am admitted to practice before this Court.  I am an associate with the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Plaintiff Cisco Systems, Inc. ("Cisco").  I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

**2.**   I make this declaration in support of Arista Networks, Inc.'s  ("Arista") Administrative Motion to File Under Seal Confidential Information and Documents Submitted with Arista's Motion to Strike Expert Opinions and Testimony of Dr. Kevin C. Almeroth.  Dkt. 419.  I make this declaration in accordance with Civil Local Rule 79-5(e).

**3.**   As a motion to strike expert testimony, Arista's motion is non-dispositive.  In this context, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c).  *Kamkana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003)).  In addition, Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" ( *i.e.*, that the document is "sealable").  Civil L.R. 79-5(b).  The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id*.

**4.**   Pursuant to Civil L.R. 79-5(e), good cause exists to seal the portions of the documents identified below because the information sought to be sealed reflects confidential information that "give[s] [Cisco] an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc*., 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Restatement of Torts* § 757, cmt b).

**5.** Exhibit 1 to the to the Declaration of Ryan Wong in Support of Arista's Motion to Strike Expert Opinions and Testimony of Dr. Kevin C. Almeroth ("Wong Declaration") is a copy of excerpts from the Opening Expert Report of Dr. Kevin Almeroth Regarding Copying, dated June 3, 2016. This report contains information that was designated by Cisco in this matter as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. Specifically, Cisco seeks to seal paragraphs 83-86, 118, 119 and "Copying Exhibit 6" which is on pages 437-661 of the pdf file. These portions of this exhibit contain confidential information about Cisco's technology, including Cisco's confidential source code. Disclosure of this information would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn of Cisco's confidential technology and source code. This would "harm [Cisco's] competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

**6.** Exhibit 3 to the to the Wong Declaration is a copy of excerpts of the deposition transcript of Dr. Kevin C. Almeroth, taken June 28, 2016, which was designated by Cisco as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. Cisco seeks to seal 289:21-291:14. This portion of deposition testimony includes confidential information about Cisco's technology. Disclosure of this information to Cisco's competitors would "harm [Cisco's] competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

**7.** Exhibit 4 to the Wong Declaration is a copy of an excerpt of Cisco's Supplemental Objections and Responses to Defendant Arista's Interrogatory No. 2, dated May 27, 2016 which was designated by Cisco as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. This exhibit contains confidential information about Cisco's technology, including Cisco's confidential source code. Disclosure of this information would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn of Cisco's confidential technology and source code. This would "harm [Cisco's] competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

1    **8.**     Cisco does not seek to seal any of the highlighted portions of Motion to Strike
2 Expert Opinions and Testimony of Dr. Kevin C. Almeroth.  Dkt. 423.  Cisco is also not seeking to
3 seal any portions of Exhibit 2 to the Wong Declaration.
4     I declare under penalty of perjury under the laws of the State of California that the
5 foregoing is true and correct, and that this declaration was executed in Redwood Shores,
6 California, on August 9, 2016.

            */s/ Sara E. Jenkins*
            Sara E. Jenkins