KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
BRIAN L. FERRALL - # 160847
DAVID SILBERT - # 173128
MICHAEL S. KWUN - #198945
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    (415) 391-5400
Email:  rvannest@kvn.com;
bferrall@kvn.com; dsilbert@kvn.com;
mkwun@kvn.com

SUSAN CREIGHTON, SBN 135528
SCOTT A. SHER, SBN 190053
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C., 20006-3817
Telephone:  (202) 973-8800
Email:  screighton@wsgr.com;
ssher@wsgr.com

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>         Plaintiff,<br><br>     v.<br><br>ARISTA NETWORKS, INC.,<br><br>         Defendant. | Case No. 5:14-cv-05344-BLF (NC)<br><br>**ARISTA'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (ECF NO. 408)**<br><br>Judge:    Hon. Beth Labson Freeman<br><br>Date Filed: December 5, 2014<br><br>Trial Date: November 21, 2016 |

ARISTA'S MOTION FOR RELIEF FROM NONDISPOSITIVE
PRETRIAL ORDER OF MAGISTRATE JUDGE (ECF NO. 408)
Case No. 5:14-cv-05344-BLF (NC)

1081427

## I. INTRODUCTION

Defendant Arista Networks, Inc. respectfully moves for relief from the Magistrate Judge's Order denying Arista's Motion to Strike Late Contentions. ECF Nos. 408 (Order), 305 (Mot.). Although the record was undisputed that Cisco could have responded to Arista's Interrogatory No. 2 long ago to identify over 400 alleged "similarities" between Cisco's and Arista's so-called "help description" text, the Magistrate Judge concluded that Cisco's disclosure on the last day of discovery did not violate Cisco's discovery obligations. This late disclosure significantly expanded the scope of Cisco's copyright case while depriving Arista of any opportunity to take discovery into the new contentions.

The result stemmed from the Magistrate Judge applying the wrong standard under Rules 26 and 37. The Magistrate Judge allowed the late discovery responses because the court found no bad faith and because it credited Cisco's explanation that it only *completed its analysis* of certain evidence at the end of the discovery period. That answered the wrong question, however. Under Rule 26(e), the relevant question was whether Cisco *could have* responded to Interrogatory No. 2 to disclose the alleged "helpdesc" similarities earlier in the discovery period. Under the correct standard, all of the evidence of record demonstrates that with information long in its possession, Cisco easily could have identified all alleged "helpdesc" similarities many months earlier, and likely even before the case was filed. Those "similarities" are no more difficult to identify than the alleged similarities of commands, modes, screen responses, etc. that Cisco identified at the beginning of the case. For these reasons, the Court should overturn the Magistrate Judge's Order and grant Arista's Motion to Strike.

## II. BACKGROUND FACTS

In 2015, at the start of discovery, Arista asked Cisco to identify any similarities between Cisco's and Arista's software forming the basis of Cisco's copyright infringement claim. Ex. 1.[1] From April through December 2015, Cisco responded to Interrogatory No. 2 four times, revising its list of approximately 500 allegedly similar CLI commands and expanding its lists of modes, prompts, command responses, and command "hierarchies." Exs. 2–5. In January 2016, Cisco

---

[1] References to "Ex. __" are to the Santacana Declaration in Support of Arista's Motion to Strike.

1

ARISTA'S MOTION FOR RELIEF FROM NONDISPOSITIVE
PRETRIAL ORDER OF MAGISTRATE JUDGE (ECF NO. 408)
Case No. 5:14-cv-05344-BLF (NC)

1081427

1  supplemented a fifth time to disclose a new category of allegedly copied material: "helpdesc" CLI
2  command descriptions. Ex. 6 at 18. The response explained that the helpdesc descriptions are
3  shown on the screen of the CLI when a user types a "?" *Id.* Cisco included a screen shot of
4  Arista software, disclosed one allegedly copied "helpdesc" description, and stated there were
5  "numerous examples" of other ones, though it did not name them. *Id.* at 18.

6  Almost five months later, at 10:44 p.m. on the last day of liability fact discovery, Cisco
7  supplemented its response again to disclose 443 new allegedly copied helpdesc descriptions. Ex.
8  7. Cisco had never claimed copyright over those text strings earlier in the case, nor identified
9  those similarities as part of its claim.

10  Arista moved to strike the new contentions as untimely. ECF No. 305. Arista submitted
11  undisputed evidence that Cisco had all the information it needed to detect and claim similarities
12  between Cisco and Arista "helpdesc" text, including: (1) functional Arista switches and source
13  code that Cisco had even before it filed this case (*see* Mot. at 3–4; Pech Decl. ¶¶ 3–4); and (2)
14  Arista's source code files that Cisco had access to as of August 2015 and had spent over 88 hours
15  reviewing by the time of its January 2016 response (*see* Mot. at 3–4; Santacana Decl. ¶ 3). Cisco
16  did not dispute either fact. It opposed the motion on the grounds that it nevertheless needed
17  *Arista-produced* switches running the source code produced in 2015 in order to provide *final*,
18  "admissible" evidence ready for trial supporting its helpdesc copying claim. 7/27/16 Hrg. Tr. at
19  24:14–25:11, 27:6–11, 27:20, 40:12–23, 45:10–14.

20  The Magistrate Judge ruled that Cisco did not act in "bad faith" because its last-minute
21  disclosure "was based on it learning information and then in a timely way responding and
22  updating its contention interrogatories." Hrg. Tr. at 50:14–25. The Magistrate Judge made no
23  finding contradicting the main premise of Arista's motion: that Cisco ***could have*** identified the
24  late-asserted similarities with ***other*** evidence it had long ago. That fact was undisputed. *See* Hrg.
25  Tr. at 27:6–11; 27:20. In closing, the Magistrate Judge also recognized that in allowing Cisco's
26  new theory of infringement to proceed, this Court is faced with the dilemma of how to manage
27  Cisco's new contentions even though Arista had no opportunity to take discovery on the
28  "helpdesc" contentions. Hrg. Tr. at 49:21–23, 50:22–25. He acknowledged that "[i]f we were on

2
ARISTA'S MOTION FOR RELIEF FROM NONDISPOSITIVE
PRETRIAL ORDER OF MAGISTRATE JUDGE (ECF NO. 408)
Case No. 5:14-cv-05344-BLF (NC)

1081427

the first day of discovery and this issue came up, I would be much more inclined to say this information is not sufficient and here's some more discovery you can take," but stated that he was not able to do so given the schedule in the case.  Hrg. Tr. at 51:1–23.

### III.     ARGUMENT

#### A.     The Magistrate Judge applied the wrong legal standard.

This Court may set aside the Magistrate Judge's Order if the court applied the wrong legal standard.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Ingram v. Pac. Gas & Elec. Co.*, No. 12-CV-02777-JST, 2013 WL 6174487, at *2 (N.D. Cal. Nov. 25, 2013).  Here, the correct legal standard under Rule 26(e) was whether Cisco supplemented its response to Interrogatory No. 2 "in a timely manner."  Fed. R. Civ. P. 26(e)(1)(A); *see, e.g.*, *Finjan, Inc. Proofpoint, Inc.*, No. 3:13-cv-05808-HSG (HRL), 2015 WL 9900617, at *1 (N.D. Cal. Oct. 26, 2015) (striking supplementation of initial disclosures to add two witnesses three days before close of discovery); *Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 WL 3155574, at *4 (N.D. Cal. Aug. 2, 2012) (holding supplementation of contention interrogatory responses disclosing new infringement theories shortly after discovery closed violated Rule 26(e)).  "Timeliness" is context sensitive; it depends on the nature of the discovery and the respondent's access to relevant information.  *Deutsche Bank Nat'l Trust Co. v. Seven Hills Master Cmty. Ass'n*, No. 15-cv-1373, 2016 WL 1639885, at *2–3 (D. Nev. Apr. 25, 2016).

Here the issue is whether Cisco could have "identified with specificity [the helpdesc] similarity that Cisco contends is a basis for its claim of copyright infringement," as Interrogatory No. 2 demands, before the close of discovery.  Cisco did not argue that it could not have identified these similarities earlier with the evidence it already had, just like it had identified other similarities that have been the subject of litigation for some 20 months.  Instead, it argued that it needed "operable versions of [Arista's] accused switches for Cisco's counsel and experts to test" in order to "search[] for, identify[], and then confirm[]" allegedly copied helpdesc descriptions.  Opp. at 3:15.  Cisco claimed that it was entitled not to reveal to Arista over 400 alleged similarities it hopes to present as evidence of infringement until it "tested" whether those similarities were present on a particular switch produced in the case.

3

ARISTA'S MOTION FOR RELIEF FROM NONDISPOSITIVE
PRETRIAL ORDER OF MAGISTRATE JUDGE (ECF NO. 408)
Case No. 5:14-cv-05344-BLF (NC)

1081427

By accepting Cisco's argument (Hrg. Tr. at 50:14–25), the Magistrate Judge applied the wrong legal standard. Rule 26(e)(1)(A) asks whether Cisco had earlier "learn[ed] that in some material respect the disclosure or response [was] incomplete or incorrect." The Magistrate Judge never answered this question. Instead, the court accepted Cisco's argument that Cisco could not have provided *any* identification of these alleged similarities until it had tested its theory with *trial-ready evidence* even if that could not be provided until the close of fact discovery. Under Cisco's erroneous theory, it might not have had to identify any alleged similarities until its experts were able to test switches and correlate with source code at the end of the discovery period. That is not what Rule 26(e)(1)(A) requires, and for that reason this Court should review Arista's motion de novo.

### B. The Magistrate Judge's implicit finding that Cisco could not have provided a more timely disclosure was also clearly erroneous.

The undisputed evidence presented to the Magistrate Judge demonstrates that Cisco had the evidentiary basis for its helpdesc contentions at its fingertips for years. The record should leave this Court with the "definite and firm conviction that a mistake has been committed," necessitating a clear-error reversal. *Burdick v. C.I.R.,* 979 F.2d 1369, 1370 (9th Cir.1992).

Cisco's contentions regarding the similarities of helpdesc text consist of two exhibits to its interrogatory response: Ex. 8 is a three-column table including Cisco helpdesc descriptions, Arista helpdesc descriptions, and citations to Arista source code files; and Ex. 9 is a more detailed list of citations to those source code files. The alleged "similarities" are found in just the first two columns of Exhibit 8. Cisco had two sources for conducting the comparison that might have identified these alleged similarities: (1) operable switches it possessed before the litigation was filed and used to prepare litigation contentions (Ex. 13 at 2–3, 13, 23–24; Ex. 14 at 2–9, 11–14, 17–18, 21–26, 28–31, 34–35; Pech Decl. ¶ 4), and (2) Arista source code it possessed both before the litigation was filed and then comprehensive source code made available early in the discovery period. Santacana Decl. ¶ 3; Pech Decl. ¶¶ 3–4. Cisco concedes it had spent over 88 hours reviewing those source code files in 2015. Opp. at 3:12–13; ; Santacana Decl. ¶ 3. It is undisputed that every line of source code cited in Cisco's last-day disclosure comes from a file

4

ARISTA'S MOTION FOR RELIEF FROM NONDISPOSITIVE
PRETRIAL ORDER OF MAGISTRATE JUDGE (ECF NO. 408)
Case No. 5:14-cv-05344-BLF (NC)

1081427

Arista produced, and which Cisco reviewed in 2015.

There is no evidence of record calling into question Cisco's ability to detect all of Arista's helpdesc text with either or both of these sources long before the close of discovery. In fact, in early January 2016, Cisco had, in fact, relied upon Arista screen text to provide a first disclosure of a claim that some Cisco helpdesc text was allegedly infringed. Ex. 6 at 18. Cisco's January response is definitive proof that, at least by that date, Cisco was able to compare "helpdesc" text between Arista and Cisco software, and that it had already done so for at least one command—the "enable" command—and undisclosed "numerous examples." Cisco's claim that it needed *both* "production code" and "operable switches" in order to confirm its helpdesc allegations before revealing them contradicts every other contention Cisco has asserted in this case, including its *first* helpdesc contention.[2] The Magistrate Judge clearly erred in holding that Cisco was nevertheless entitled to conceal the specifics of its helpdesc contentions until the last possible day.

Finally, the Magistrate Judge's Order is prejudicial to Arista. Because the helpdesc contentions were disclosed on the last day of discovery, Arista was deprived of the opportunity to take discovery into their authorship and originality (Cisco claims exclusive rights to, e.g., "Delete a file") as it did for the asserted CLI commands. Arista was also deprived of the chance to take third party discovery to show that most of the networking industry uses similar helpdesc phrases. And Arista had no opportunity to take the bibliographic and author "state of mind" discovery that the Court has sanctioned for other aspects of the case. ECF No. 83. Indeed, the Magistrate Judge recognized the problem, stating that "[i]f we were on the first day of discovery and this issue came up, I would be much more inclined to say this information is not sufficient and here's some more discovery you can take" commensurate with the discovery ordered by Judge Grewal into the authorship of the 500 asserted CLI commands. Hrg. Tr. at 51:1–23. Depriving Arista of that opportunity because Cisco chose to wait to reveal its contentions is highly prejudicial.

### IV. CONCLUSION

Arista respectfully moves the Court to grant the relief requested in its Motion to Strike.

---

[2] That attorney argument—unsupported by the record—also contradicts Cisco's interrogatory response, which does not cite to "operable switches," but to source code it already had.

5

ARISTA'S MOTION FOR RELIEF FROM NONDISPOSITIVE
PRETRIAL ORDER OF MAGISTRATE JUDGE (ECF NO. 408)
Case No. 5:14-cv-05344-BLF (NC)

1081427

| | |
|---|---|
| Dated: August 9, 2016 | KEKER & VAN NEST LLP |
| | By: */s/ Brian L. Ferrall* <br> BRIAN L. FERRALL |
| | Attorney for Defendant <br> ARISTA NETWORKS, INC. |

6
ARISTA'S MOTION FOR RELIEF FROM NONDISPOSITIVE
PRETRIAL ORDER OF MAGISTRATE JUDGE (ECF NO. 408)
Case No. 5:14-cv-05344-BLF (NC)

1081427