KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
BRIAN L. FERRALL - # 160847
DAVID SILBERT - # 173128
MICHAEL S. KWUN - #198945
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Email:  rvannest@kvn.com;
bferrall@kvn.com; dsilbert@kvn.com;
mkwun@kvn.com

SUSAN CREIGHTON, SBN 135528
SCOTT A. SHER, SBN 190053
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C., 20006-3817
Telephone:  (202) 973-8800
Email:  screighton@wsgr.com;
ssher@wsgr.com

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARISTA NETWORKS, INC., <br><br> Defendant. | Case No. 5:14-cv-05344-BLF (NC) <br><br> **ARISTA'S PROPOSAL FOR RESPONSE TO CISCO'S AMENDED [PROPOSED] ORDER GRANTING CISCO'S MOTION FOR PARTIAL SUMMARY JUDGMENT [ECF NO. 452]** <br><br> Judge:     Hon. Beth Labson Freeman <br><br> Date Filed:  December 5, 2014 <br><br> Trial Date:  November 21, 2016 |

ARISTA'S PROPOSAL FOR RESPONSE TO CISCO'S AMENDED [PROPOSED] ORDER GRANTING
CISCO'S MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 5:14-cv-05344-BLF (NC)

1090606

1    Defendant Arista Networks submits this proposal for its response to the over 500-page
2  "Amended [Proposed] Order" that Cisco filed on August 10, 2016 (ECF No. 452, 452-1 through
3  452-13). Arista requests that the Court either reject Cisco's Amended Order and deny Cisco's
4  motion for summary judgment in its entirety without further briefing, or allow Arista two weeks
5  to prepare and file a responsive brief, not to exceed twenty pages, and submit any additional
6  evidence on this new summary judgment argument.

**1. The Court Should Reject Cisco's Untimely Revised Summary Judgment Motion.**

Realizing that its hope for a sweeping ruling about "the Cisco CLI" was impossible because: (1) Cisco presented no clear definition as to what constitutes the "Cisco CLI"; (2) Cisco did not contend in discovery that infringement consisted of copying the undefined "Cisco CLI"; and (3) Cisco's evidence on summary judgment did not come close to proving copying (much less infringement) of all or even large portions of the "Cisco CLI," Cisco begged the Court's indulgence for a chance to submit a new Proposed Order. Cisco did not simply submit an Order that clarifies Cisco's original motion. Instead, Cisco used the opportunity to request fundamentally different relief without regard to the procedural rules or timeline for summary judgment.

The Federal Rules require that a motion for summary judgment "identify . . . each part of each claim or defense on which summary judgment is sought." Fed. R. Civ. P. 56(a). This District requires 35 days' notice for filing a motion. Civil L.R. 7-2(a). And as the Court noted, given the dispositive nature of summary judgment there are due process issues with granting summary judgment without proper notice and opportunity to be heard and respond, or on ill-defined factual conclusions that serve as an "empty box" for Cisco to fill later. ECF No. 437 (8/4/16 Hrg. Tr.) at 73:1–14; 75:22-76:15; *see also Katz v. Children's Hosp. of Orange Cty.*, 28 F.3d 1520, 1534 (9th Cir. 1994), *as amended* (July 26, 1994); *Norse v. City of Santa Cruz*, 629 F.3d 966, 972 (9th Cir. 2010). The Court set August 4 as the last day to hear summary judgment, thereby requiring that motions be filed on June 30. ECF No. 406. The only timely notice Cisco provided of the relief it sought asked the Court to hold that "Arista *infringed* Cisco's copyrights by *copying Cisco CLI*." ECF No. 334 at 1:9 (Proposed Order) (emphasis added); *see also* ECF

1

ARISTA'S PROPOSAL FOR RESPONSE TO CISCO'S AMENDED [PROPOSED] ORDER GRANTING
CISCO'S MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 5:14-cv-05344-BLF (NC)

1090606

1  No. at 331-3 at 4:5 (Notice of Motion).  That was the motion that Arista opposed, explaining why
2  as a matter of law and disputed fact, Cisco should not be entitled to a finding of infringement in
3  whole or in part.  ECF No. 380 at 13–16 (Arista's Opp.).
4      Cisco's Amended Order, filed six weeks after the deadline, asks the Court to conclude, as
5  a matter of law, that Arista copied verbatim some 1500 distinct phrases or CLI attributes.  Even if
6  the original motion were construed as one seeking only a finding of "copying," this Amended
7  Order seeks qualitatively different relief.  Whether Arista copied each—or some subset of—1500
8  discrete elements poses some 1500 discrete factual questions, a problem Cisco plainly tried to
9  avoid in its motion papers and evidence.  This Amended Order is effectively a new summary
10 judgment motion, shifting away completely from the sweeping sound-bite motion ("copying the
11 Cisco CLI") that Cisco originally brought.  This inconsistency is entirely of Cisco's own making.
12 But because this new motion comes six weeks after the deadline for filing such a motion, the
13 Court may deny it without further briefing, and proceed to the busy pre-trial tasks ahead that are
14 necessary *regardless* of the outcome on summary judgment.

### 2. Alternatively, the Court Should Allow Arista Two Weeks to Respond to Cisco's New Requested Relief.

Should the Court wish to consider Cisco's Amended Order, Arista requests two weeks to prepare a responsive brief and additional evidentiary submissions, which is the minimum reasonable notice for responding to a request for such a factually intensive dispositive court order. Civil L.R. 7-2(a); 7-3(a).  Compressing this schedule any further would be highly prejudicial to Arista in that the case schedule contemplates completion of a number of other critical pre-trial tasks in this period (based upon the assumption that summary judgment briefing and argument would be completed).  ECF No. 406.  Thus, the parties are scheduled to exchange initial trial exhibit lists, witness list, and deposition designations by the end of the month.  *Daubert* opposition and reply briefs are due the second half of August.  And the parties' opening proposals for analytic dissection are due August 15, with replies due September 2.  *Id.*  Forcing Arista to devote intense attention now to opposing this new request for summary judgment would reward Cisco for its tactical decision initially to seek a sweeping, but improper, summary judgment order.

1	Cisco's Amended Order demands a reasonable period for response because of its factually
2	intensive, but misleading, nature. Cisco candidly admitted that "it would be very cumbersome for
3	the Court to have to go through that enumeration [of specific elements that were allegedly
4	verbatim copied] now," (ECF No. 437 at 22:3-5), yet that is precisely what Cisco is asking of the
5	Court, and what Arista must respond to. While Cisco can argue to a fact finder that the presence
6	of common words in a given command indicates copying, it goes without saying that common
7	terms—especially common terms from industry standards or pre-Cisco operating systems—are
8	hardly undisputed proof that Arista actually copied protectable expression. As Cisco purports to
9	present it to the Court, the question of "factual copying" (ECF No. 396-3 at 1:22) of each of these
10	1500 elements raises unique factual issues, since the asserted words and phrases were
11	incorporated into Arista's products by many different individuals over eight or more years.[1]

12	Added to these burdens regarding the factual disputes Cisco raises with its Amended
13	Order are the legal issues surrounding a request for a disembodied order of "copying." Contrary
14	to the law, Cisco's motion does not present a copyrighted work—or even excerpts of one—to
15	compare for purposes of concluding "copying." The evidence Cisco presents consists of lists that
16	Cisco's lawyers and experts prepared for this litigation. Arista does not believe the law permits a
17	finding of copying based upon inadmissible evidence such as this, which ignores the content of
18	the registered work. *See Apple v. Microsoft,* 35 F.3d 1435, 1443 (9th Cir. 1994) (requiring
19	"comparison of the works to determine whether, as a whole, they are sufficiently similar to
20	support a finding of illicit copying."). And although Arista noted in its opposition that Cisco
21	cited no case finding "copying" in advance of resolving disputes about what was or was not
22	protectable, Arista had no reason to explore in depth the legal problems that such a request for
23	relief raises. Arista requires at least two weeks to investigate and develop these and other legal
24	arguments regarding these new theories for summary judgment.

25	For all these reasons, if the Court is to entertain Cisco's Amended Order, Arista requests

---

[1] Among the over 1500 discrete phrases at issue are more than 400 "help descriptions" that were never subject to discovery because Cisco never contended that these phrases were a basis for its infringement claim until 10:44 pm on the last day of liability fact discovery. Arista seeks the Court's relief from the addition of these late contentions to the case. ECF No. 449.

3
ARISTA'S PROPOSAL FOR RESPONSE TO CISCO'S AMENDED [PROPOSED] ORDER GRANTING
CISCO'S MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 5:14-cv-05344-BLF (NC)

1090606

two weeks to prepare and file an opposing 20-page brief and supporting evidence.

Dated:  August 11, 2016                         KEKER & VAN NEST LLP


                                        By:    */s/ Brian L. Ferrall*
                                                BRIAN L. FERRALL


                                                Attorney for Defendant
                                                ARISTA NETWORKS, INC.

4
ARISTA'S PROPOSAL FOR RESPONSE TO CISCO'S AMENDED [PROPOSED] ORDER GRANTING
CISCO'S MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 5:14-cv-05344-BLF (NC)

1090606