**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS INC, <br>     Plaintiff, <br>   v. <br> ARISTA NETWORKS, INC., <br>     Defendant. | Case No. 14-cv-05344-BLF <br><br> **ORDER REGARDING CISCO'S SUPPLEMENTAL SUBMISSION ON MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> [Re: ECF 452] |

Cisco moved for partial summary judgment and asked the Court to find that "Arista *infringed* Cisco's copyrights by *copying* Cisco CLI." ECF 334 at 1; ECF 331-3 at 4 (emphasis added). In its reply brief and at the hearing, Cisco changed course and sought a ruling that Arista simply copied Cisco CLI. ECF 396-4 at 2-3. Cisco did not provide a list of the Cisco CLI that was purportedly verbatim copied and instead suggested that the Court issue an order finding Arista copied Cisco CLI to the extent they verbatim copied Cisco CLI and allow the jury to fill in the box of specific Cisco CLI commands that were verbatim copied. Transcript 21:12-24, ECF 437. Recognizing that such an approach would not put Arista on sufficient notice of what it copied, Cisco accepted the Court's invitation to submit an exhibit containing all the Cisco multi-word command expressions and other components that were allegedly verbatim copied by Arista.

Cisco's supplemental filing consists of nearly 500 pages and asks the Court to conclude as a matter of law that Arista copied verbatim approximately 1500 distinct phrases of CLI attributes. ECF 452. A common understanding of the word "verbatim" is "identical" and the Merriam-Webster Dictionary defines "verbatim" as "in the exact words." *See* Merriam-Webster Online Dictionary, retrieved Aug. 12, 2016, from http://www.merriam-webster.com/dictionary/verbatim. This is not a difficult or nuanced concept. Thus, the Court was surprised to see a footnote on the

very first page of Cisco's exhibit explaining why the Court should disregard "qualifiers" in Arista's supposed "verbatim copied" commands in determining whether Arista copied verbatim Cisco's CLI commands. ECF 452-1 at 2 n.1 ("The use of [additional words] does not impact the verbatim copying…."). A cursory review of the entire 469 page submission reveals that the overwhelming majority of the accused phrases are not verbatim copied from Cisco's CLI. As Arista properly argues, this submission only invites significant additional argument as to whether Arista verbatim copied Cisco's CLI. Opp. 2-3, ECF 453 (seeking two weeks to file a 20 page opposition brief and supporting evidence). A scant 39 of the 469 pages purport to document verbatim copying and significant portions of those pages contain "qualifiers" that are not facially "verbatim copied." The remainder of this voluminous filing reveals a comparison of Arista's content to Cisco's CLI that invites dispute. This new filing is effectively a new summary judgment motion and the deadline for filing summary judgment has long passed. Accordingly, the Court will not consider ECF 452 in ruling on Cisco's motion for partial summary judgment. Arista need not provide any further response.

**IT IS SO ORDERED.**

Dated: August 12, 2016

_____
BETH LABSON FREEMAN
United States District Judge