KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
BRIAN L. FERRALL - #160847
DAVID SILBERT - #173128
MICHAEL S. KWUN - #198945
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   (415) 391-5400
Email:  rvannest@kvn.com;
bferrall@kvn.com; dsilbert@kvn.com;
mkwun@kvn.com

SUSAN CREIGHTON, SBN 135528
SCOTT A. SHER, SBN 190053
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C., 20006-3817
Telephone:  (202) 973-8800
Email:  screighton@wsgr.com;
ssher@wsgr.com

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ARISTA NETWORKS, INC.,<br><br>　　　　　Defendant. | Case No. 5:14-cv-05344-BLF (NC)<br><br>**ARISTA NETWORKS, INC.'S OPPOSITION TO CISCO SYSTEMS, INC.'S MOTION TO EXCLUDE OPINION TESTIMONY OF DOUGLAS W. CLARK**<br><br>Date:　　　September 9, 2016<br>Time:　　　9:00 a.m.<br>Dept.:　　　Courtroom 3, 5th Floor<br>Judge:　　Hon. Beth Labson Freeman<br><br>Date Filed: December 5, 2014<br><br>Trial Date: November 21, 2016 |

ARISTA NETWORKS, INC.'S OPPOSITION TO CISCO SYSTEMS, INC.'S MOTION TO EXCLUDE
OPINION TESTIMONY OF DOUGLAS W. CLARK
Case No. 5:14-cv-05344-BLF (NC)

1090600

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................................1

II. FACTUAL BACKGROUND................................................................................................1

III. ARGUMENT.........................................................................................................................4

    A. Dr. Clark properly applied the Court's claim constructions. ...................................4

    B. Dr. Clark has properly opined that the '526 patent is invalid. ................................6

IV. CONCLUSION......................................................................................................................6

i

ARISTA NETWORKS, INC.'S OPPOSITION TO CISCO SYSTEMS, INC.'S MOTION TO EXCLUDE
OPINION TESTIMONY OF DOUGLAS W. CLARK
Case No. 5:14-cv-05344-BLF (NC)

1090600

## I. INTRODUCTION

Cisco's motion to exclude Dr. Douglas W. Clark's invalidity opinions is without merit and mischaracterizes the record. *First*, Cisco complains that Dr. Clark did not rely on the Court's claim construction order in his opening expert report. But it would have been literally impossible for Dr. Clark to rely on that order because it did not issue until two weeks *after* the deadline for Dr. Clark to submit his opening report. So Cisco's real gripe appears to be that Arista should have asked Dr. Clark to submit a supplemental expert report on invalidity after the Court's claim construction order issued. But the tight case schedule—which Cisco requested—neither contemplated nor permitted such supplemental reports (or the anticipated rebuttals to such supplemental reports). Nor did Cisco ask to modify the expert report schedule after the claim construction order issued, or in any way raise this issue with Arista during the expert discovery period. Moreover, at his deposition, Dr. Clark offered to testify and in fact *did* testify at length about the impact of the Court's claim construction order on his invalidity opinions. Accordingly, Cisco's assertion that Dr. Clark did not apply the Court's claim constructions is incorrect. Dr. Clark's opinions are proper.

*Second*, Cisco distorts the record when it asserts that Dr. Clark admitted that he had no invalidity opinions. Dr. Clark testified *over a dozen times* at his deposition that his opinion is: *if* Cisco's infringement theories are to be accepted, then the asserted prior art references invalidate; *but if not*, then the asserted prior art references would not invalidate. Governing case law clearly contemplates and endorses this theory of invalidity. *Upsher-Smith Labs., Inc. v. Pamlab, LLC*, 412 F.3d 1319, 1322 (Fed. Cir. 2005) ("A century-old axiom of patent law holds that a product which would literally infringe if later in time anticipates if earlier.") (internal citations omitted). Cisco's attempt to reduce Dr. Clark's clearly-caveated opinion to a simplistic admission that he has no invalidity opinion is a distortion; it is not a basis to exclude Dr. Clark's opinion.

Accordingly, Cisco's motion to exclude Dr. Clark's invalidity opinion should be denied.

## II. FACTUAL BACKGROUND

After the Court granted Cisco's request for an expedited schedule, the parties agreed to the intervening case deadlines by stipulation. The following deadlines governed expert discovery:

1

ARISTA NETWORKS, INC.'S OPPOSITION TO CISCO SYSTEMS, INC.'S MOTION TO EXCLUDE
OPINION TESTIMONY OF DOUGLAS W. CLARK
Case No. 5:14-cv-05344-BLF (NC)

1090600

- Last day to exchange opening liability expert reports: June 3, 2016
- Last day to exchange liability rebuttal expert reports: June 17, 2016
- Close of liability expert discovery: June 30, 2016.

ECF 277 (Joint Stip.to Am. Sched. Order).

Both parties' technical experts submitted reports relating to the '526 patent on the June 3rd deadline. Dr. Kevin Jeffay submitted a report for Cisco relating to infringement as well as the issue of the '526 patent's priority date. Dr. Clark submitted a 117-page report for Arista relating to invalidity. Given that no claim construction order had yet issued, both experts' reports applied the parties' competing proposed claim constructions.

On June 15, the Court issued its claim construction order. ECF 310. Except in two instances ("management programs" and "command action value"), the Court adopted constructions based on one or the other of the parties' proposals. *Id.* While Cisco asserts that "the Court construed *numerous* terms in ways that Dr. Clark had not anticipated or addressed in his opening expert report on invalidity," Cisco only identifies these two instances. ECF 428 (Cisco Mot. to Exclude Opinion Testimony of Douglas W. Clark) (hereafter "Cisco Mot.") at 3 (emphasis added).

Two days later, on June 17, the parties issued rebuttal reports that incorporated the Court's claim constructions. In response to Dr. Jeffay's opening infringement report, Dr. Clark submitted a brief 8-page rebuttal report on the priority-date issue, and a different Arista expert, Dr. Jeff Chase, submitted a rebuttal report on non-infringement. Dr. Jeffay submitted a rebuttal invalidity report. Dr. Jeffay's deposition occurred two business days later, on June 21.

During this highly compressed expert discovery schedule (which Cisco requested), Cisco never asked Arista or the Court to modify the opening expert report deadline in light of the fact that the original deadline had already passed when the claim construction order issued. Rather, Cisco waited until Dr. Clark's deposition, and then elicited the unremarkable testimony that Dr. Clark's opening report did not apply the Court's claim construction order (which, again, only issued *after* he submitted his opening report).

Moreover, at his deposition, Dr. Clark offered to testify, and then repeatedly did testify,

2

ARISTA NETWORKS, INC.'S OPPOSITION TO CISCO SYSTEMS, INC.'S MOTION TO EXCLUDE
OPINION TESTIMONY OF DOUGLAS W. CLARK
Case No. 5:14-cv-05344-BLF (NC)

1090600

about how the Court's claim construction order affected his analysis. Ex. 1 to Decl. of David J. Rosen in Support of Arista's Opp. (hereafter "Clark Depo.") at 13:13–14:12 ("…I'm prepared to offer opinions that are informed by the Court's claim construction"); 80:4–81:10 ("**Q.** …under your understanding of the Court's claim construction…? **A.** "So my opinion involves the competing readings of the claim construction…"); 90:8-18 ("**Q.** Do you stand by that opinion? **A.** I do not in view of the Court's construction of command action value."); 91:16–22 ("**Q.** …does what's described in this figure on page 79 meet the Court's claim construction…? **A.** So it – it does not, but under the Cisco reading of that limitation, it does."); 150:24–151:4 ("**Q.** Now that you have that order, would it change any of your opinions in your report? **A.** I would say it would not change the opinions significantly, although I might adjust the language of the report to accommodate the…the text of the – of the new constructions."); *see also id.* at 87:23–88:18; 94:6–18; 103:16–104:17; 109:22–110:6. Dr. Clark also testified that his expert report effectively did apply the Court's constructions in those situations where the Court's constructions "matched one of the other [proposed] constructions or were extremely close." *Id.* at 131:19–22. Thus, Dr. Clark's report and deposition are replete with opinions that apply the Court's claim construction.

Dr. Clark's report and deposition are also replete with opinions that—in light of Cisco's infringement theories—the prior art invalidates the '526 patent. *See, e.g.*, ECF 431-12 (Opening Expert Rpt. of Douglas W. Clark Re Invalidity of U.S. Patent No. 7,047,526) (hereafter "Clark Rpt.") ¶ 77 ("To the extent Cisco reads this limitation as *not* requiring every single element of the tree to have a corresponding at least one command action value, it is my opinion that IOS 12 practiced this claim limitation…"); *id.* ¶ 139 ("As for the "command parse tree," to the extent Cisco reads its claimed "validating means" as *not* requiring every single element of the tree to have a corresponding at least one command action value, it is my opinion that IOS 12 practiced this claim limitation); *id.* ¶ 158 ("To the extent Cisco reads this limitation as *not* requiring every single element of the tree to have a corresponding at least one command action value, it is my opinion that Definity Audix practiced this claim limitation for the reasons that follow."); Clark Depo. at 94:6-19 ("So again I'll say that my opinion on this has two parts, and the first part is that under the Court's construction I do not think IOS 12 practices this particular limitation, but part

3
ARISTA NETWORKS, INC.'S OPPOSITION TO CISCO SYSTEMS, INC.'S MOTION TO EXCLUDE
OPINION TESTIMONY OF DOUGLAS W. CLARK
Case No. 5:14-cv-05344-BLF (NC)

1090600

1  two is that, well, that's my interpretation of the claim construction but there's this other
2  interpretation of the claim construction, and under that IOS 12 does practice it."); *id.* at 109:22–
3  110:6. Indeed, Cisco's attorney devoted an entire 10-page stretch of the deposition transcript to
4  exploring this caveat in Dr. Clark's opinion. *Id.* at 93:8–102:1. Thus, the suggestion that Dr.
5  Clark has no invalidity opinions is simply false.

## III.    ARGUMENT

Dr. Clark's invalidity opinions properly apply the Court's claim constructions. Moreover, Dr. Clark opined that those constructions—at least in light of how Cisco interprets and applies them—result in invalidity of the '526 patent. There is no basis to exclude his opinions.

### A.    Dr. Clark properly applied the Court's claim constructions.

Dr. Clark's ultimate invalidity opinions do not rely on an "incorrect" or "mistaken" claim construction. Rather, Dr. Clark, in his opening expert report, applied ***both*** parties' proposed constructions, in the alternative. *See, e.g.*, Clark Rpt. ¶¶ 25, 88, 153, 154. This is precisely what Cisco's infringement expert did in his opening report. *See, e.g.*, ECF 374-1 (Opening Expert Rpt. of Dr. Kevin Jeffay Re Infringement of U.S. Patent No. 7,047,526) (hereafter "Jeffay Infringement Rpt.") ¶¶ 63, 149, 163, 256. And those alternative constructions—except for the "management programs" and "command action value" claim terms—included the claim constructions that the Court ultimately adopted. *See* ECF 310 (claim construction order) & ECF (374-2 Rebuttal Expert Rpt. of Dr. Kevin Jeffay Re Validity of U.S. Patent No. 7,047,526) (hereafter "Jeffay Rebuttal Rpt.") ¶ 27 (identifying in purple "language not expressly proposed by either party" and only using purple for the "management programs" and "command action value" terms). Thus, Dr. Clark's opening report anticipated and disclosed the vast majority of his opinions that would apply in light of the Court's not-yet-issued claim construction order. Moreover, Dr. Clark, like Cisco's expert, expressly reserved the right to modify his opinion at such time that the Court issued a claim construction order. Clark Rpt. ¶ 26; Jeffay Infringement Rpt. ¶ 64.

At his deposition, Dr. Clark testified that he was prepared to opine on invalidity in light of the Court's claim construction. *See, e.g.*, Clark Depo. at 11:3–10; 13:19–21. And he testified at

4
ARISTA NETWORKS, INC.'S OPPOSITION TO CISCO SYSTEMS, INC.'S MOTION TO EXCLUDE
OPINION TESTIMONY OF DOUGLAS W. CLARK
Case No. 5:14-cv-05344-BLF (NC)

1090600

length about the Court's constructions. *See, e.g.*, *id.* at 63:25–76:4. Cisco's *Daubert* motion misleadingly omits these critical facts.

Notably, Cisco's motion never establishes or even suggests that Dr. Clark misunderstood or misquoted the Court's claim constructions at his deposition. Rather, Cisco's argument is premised on Dr. Clark's unremarkable admission that his *expert report*—which issued before the claim construction order—did not rely on a claim construction order that did not yet exist. *See* Cisco Mot. at 2–4 (quoting admissions relating to Dr. Clark's expert report).

Thus, Cisco's actual complaint appears to be that Dr. Clark did not submit a supplemental expert report *after* the Court's claim construction order issued. But that complaint is baseless because the deadline for expert reports advancing invalidity arguments had already passed by the time the claim construction order issued and, in any event, Cisco had full opportunity to explore the Court's claim constructions with Dr. Clark during his deposition. Indeed, Cisco stipulated to the existing expert discovery schedule, which neither contemplated nor permitted supplemental reports (or the associated supplemental rebuttal reports) in light of a claim construction order. Dkt. 277 (Scheduling Order); *see also* ECF 49 (Tr. of CMC Hrng.), at 24:4–23 (Cisco defending its proposal for an accelerated case schedule based on the feasibility of submitting expert reports prior to the Court's issuance of a claim construction order). If Cisco wanted a modified expert discovery schedule that allowed supplements addressing the newly issued claim construction order, it should have raised that issue during expert discovery.

Finally, Cisco's observation that Dr. Clark applied the Court's claim constructions in his rebuttal report relating to the priority date issue is a red herring. Cisco Mot. at 5. Dr. Clark's rebuttal report was submitted *after* the Court's claim construction order issued, and was actually rebutting Dr. Jeffay's opening report. Cisco's suggestion now that Dr. Clark should have supplemented his opening invalidity opinion in a report intended for *rebuttal* opinion is legally baseless and not contemplated by the Court's schedule.

Accordingly, there is simply no basis to exclude Dr. Clark's opinions for applying "mistaken" or "incorrect" claim constructions. That simply did not happen.

5
ARISTA NETWORKS, INC.'S OPPOSITION TO CISCO SYSTEMS, INC.'S MOTION TO EXCLUDE
OPINION TESTIMONY OF DOUGLAS W. CLARK
Case No. 5:14-cv-05344-BLF (NC)

1090600

### B. Dr. Clark has properly opined that the '526 patent is invalid.

Cisco's second basis for excluding Dr. Clark's opinion is based entirely on the following excerpt, from which Cisco argues—misleadingly—that Dr. Clark has no invalidity opinions based on the Court's claim construction:

> **Q.** Now that we have the Court's claim construction order, you don't have any invalidity opinions sitting here today under the Court's claim construction order, right?
>
> **A.** I want to say *if I'm right in my interpretation of the Court's claim constructions*, then I don't.

Clark Depo. at 131:25–132:8 (emphasis added). But Cisco never explains in its motion what Dr. Clark's caveat means, even though he explains it in his next answer:

> **Q.** When you're talking about your interpretation of the Court's claim construction, you're referring to the caveat that you expressed in paragraph 77 of your opening expert report; is that right?
>
> **A.** Yes.

*Id.* at 132:15–19. That caveat is: "To the extent Cisco reads this limitation as *not* requiring every single element of the tree to have a corresponding at least one command action value, it is my opinion that IOS 12 practiced this claim limitation…." Clark Rpt. ¶ 77. Accordingly, Dr. Clark clearly has an opinion that the prior art invalidates the '526 patent.

Moreover, this type of caveated invalidity theory is proper, and Cisco does not contend otherwise. It is blackletter law that "[t]hat which infringes, if later, would anticipate, if earlier." *Peters v. Active Mfg. Co.*, 129 U.S. 530, 537 (1889); *see also Upsher-Smith Labs.*, 412 F.3d at 1322 ("A century-old axiom of patent law holds that a product which would literally infringe if later in time anticipates if earlier.") (internal citations omitted) (citing *Peters*). It is therefore proper for Dr. Clark to opine that the prior art invalidates *if* one applies the same standards for invalidity and infringement.

Cisco's motion to exclude Dr. Clark's invalidity testimony is baseless.

### IV. CONCLUSION

For the foregoing reasons, Cisco's motion to exclude Dr. Clark's invalidity opinion should be denied.

6
ARISTA NETWORKS, INC.'S OPPOSITION TO CISCO SYSTEMS, INC.'S MOTION TO EXCLUDE
OPINION TESTIMONY OF DOUGLAS W. CLARK
Case No. 5:14-cv-05344-BLF (NC)

1090600

| | | |
|---|---|---|
| Dated: August 19, 2016 | | KEKER & VAN NEST LLP |
| | | WILSON SONSINI GOODRICH & ROSATI |
| | By: | */s/ Robert A. Van Nest*<br>ROBERT A. VAN NEST |
| | | Attorneys for Defendant<br>ARISTA NETWORKS, INC. |

7

ARISTA NETWORKS, INC.'S OPPOSITION TO CISCO SYSTEMS, INC.'S MOTION TO EXCLUDE
OPINION TESTIMONY OF DOUGLAS W. CLARK
Case No. 5:14-cv-05344-BLF (NC)

1090600