# **EXHIBIT 2**

| | |
|---|---|
| **From:** | Amy Candido |
| **Sent:** | Thursday, May 12, 2016 9:24 PM |
| **To:** | Elizabeth K. McCloskey; Sean Pak; John Neukom; Cisco-Arista; Kathleen Sullivan; Mark Tung; aalper@kirkland.com; michael.devries@kirkland.com; Steven.cherny@kirkland.com; Cisco-AristaCopyrightTeam@kirkland.com |
| **Cc:** | ARISTA-KVN; WSGR - Arista (Arista-WSGR@wsgr.com) |
| **Subject:** | RE: Cisco v. Arista: Expert Disclosure |

Lizzy,

Cisco objects to disclosure of materials designated "CISCO HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" and "CISCO HIGHLY CONFIDENTIAL—SOURCE CODE" to William Siefert pursuant to Paragraphs 7.3(b) and 7.4(a) of the Stipulated Protective Order. First and foremost, Mr. Siefert does not meet the definition of an Expert under the Stipulated Protective Order. Pursuant to Paragraph 2.6, an "Expert" is defined as "a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor." Mr. Siefert does not satisfy subpart (2) of the definition of an "Expert," as he is a past employee of a Party's competitor. For example, Mr. Siefert was previously an employee of Avaya Networking, a competitor of Cisco.

Moreover, Mr. Siefert's CV raises serious concerns about whether he satisfies subpart (3) of the definition of an "Expert," insofar as he describes his "present" activities as a "business consultant" providing "independent analysis, advice, and implementation of computing and networking products and services for manufacturers, resellers, and end-users." He also states that he "can assist in hands-on deployment of practical networked computing systems and applications." Mr. Siefert's CV seems to expressly anticipate and seek out employment by companies that are or would be competitors to Cisco.

Disclosure of Cisco's highly proprietary and commercially sensitive information and source code to an individual who has been engaged in competition with Cisco and seems likely to engage in competition with Cisco in the future is exactly the type of disclosure that the Stipulated Protective Order was put in place to prevent. Cisco must object to any such disclosures to Mr. Siefert.

Regards,
Amy

**From:** Elizabeth K. McCloskey [mailto:EMcCloskey@kvn.com]
**Sent:** Thursday, May 12, 2016 9:38 AM
**To:** Amy Candido <amycandido@quinnemanuel.com>; Sean Pak <seanpak@quinnemanuel.com>; John Neukom <johnneukom@quinnemanuel.com>; Cisco-Arista <Cisco-Arista@quinnemanuel.com>; Kathleen Sullivan <kathleensullivan@quinnemanuel.com>; Mark Tung <marktung@quinnemanuel.com>; aalper@kirkland.com; michael.devries@kirkland.com; Steven.cherny@kirkland.com; Cisco-AristaCopyrightTeam@kirkland.com
**Cc:** ARISTA-KVN <ARISTA-KVN@kvn.com>; WSGR - Arista (Arista-WSGR@wsgr.com) <Arista-WSGR@wsgr.com>
**Subject:** RE: Cisco v. Arista: Expert Disclosure

Amy,

Apart from his engagement for this case, Mr. Seifert is not currently involved in any business consulting in the networking industry. As set forth in Mr. Seifert's resume, he worked for Avaya as a chief technology officer between April 2010 and October 2013. He has not otherwise worked for Avaya. Between 2013 and 2014, Mr. Seifert consulted with Source regarding Source's reseller relationship with Avaya. He has not otherwise worked or consulted for Source and that consultancy has ended. Finally, all services Mr. Seifert has provided to Arista are litigation-related.

Thanks,
Lizzy

---

**From:** Amy Candido [mailto:amycandido@quinnemanuel.com]
**Sent:** Tuesday, May 10, 2016 9:34 PM
**To:** Elizabeth K. McCloskey; Sean Pak; John Neukom; Cisco-Arista; Kathleen Sullivan; Mark Tung; aalper@kirkland.com; michael.devries@kirkland.com; Steven.cherny@kirkland.com; Cisco-AristaCopyrightTeam@kirkland.com
**Cc:** ARISTA-KVN; WSGR - Arista (Arista-WSGR@wsgr.com)
**Subject:** RE: Cisco v. Arista: Expert Disclosure

Lizzy,

Mr. Seifert's CV states that he is a business consultant in the networking industry and that he provides "independent analysis, advice, and implementation of computing and networking products and services for manufacturers, resellers and end-users." It also appears that he is involved in bringing new products to market, managing product development and marketing products in the networking market. To what entities does Mr. Seifert currently provide such services? And to what entities has Mr. Seifert provided such services in the past?

What is the nature of the services that Mr. Seifert has performed for Arista, Source and Avaya in the past five years? Have any of the services been non-litigation related?

Thanks,
Amy

---

**From:** Elizabeth K. McCloskey [mailto:EMcCloskey@kvn.com]
**Sent:** Friday, May 06, 2016 5:19 PM
**To:** Sean Pak <seanpak@quinnemanuel.com>; John Neukom <johnneukom@quinnemanuel.com>; Cisco-Arista <Cisco-Arista@quinnemanuel.com>; Kathleen Sullivan <kathleensullivan@quinnemanuel.com>; Mark Tung <marktung@quinnemanuel.com>; aalper@kirkland.com; michael.devries@kirkland.com; Steven.cherny@kirkland.com; Cisco-AristaCopyrightTeam@kirkland.com
**Cc:** ARISTA-KVN <ARISTA-KVN@kvn.com>; WSGR - Arista (Arista-WSGR@wsgr.com) <Arista-WSGR@wsgr.com>
**Subject:** Cisco v. Arista: Expert Disclosure

Counsel,

Pursuant to Section 7.4 of the Stipulated Protective Order (Dkt. 52), Arista discloses the following expert who will review Cisco materials designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL—SOURCE CODE":

William M. Seifert
- Residence: Wellesley, Massachusetts
- Current employer: Self-Employed

Thanks,
Lizzy

**Elizabeth K. McCloskey**
Attorney at Law



415 676 2269 direct   |   vCard   |   emccloskey@kvn.com
633 Battery Street, San Francisco, CA 94111-1809   |   415 391 5400 main   |   kvn.com