Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Mark Tung (SBN 245782)
marktung@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven Cherny *(admitted pro hac vice)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ARISTA NETWORKS, INC.,<br><br>Defendant. | CASE NO. 5:14-cv-5344-BLF<br><br>**CISCO'S OPPOSITION TO ARISTA'S CORRECTED NOTICE OF MOTION AND MOTION TO STRIKE EXPERT OPINIONS AND TESTIMONY OF DR. KEVIN C. ALMEROTH**<br><br>**REDACTED VERSION**<br><br>Date: September 9, 2016<br>Time: 9:00 a.m.<br>Dept: Courtroom 3 - 5th Floor<br>Judge: Hon. Beth Labson Freeman |

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................... 1

II.  ARGUMENT ................................................................................................................. 1

     A.   Professor Almeroth Should Not Be Excluded From Offering Opinions
          About ▮▮▮▮▮▮▮▮▮▮ ............................................................................................. 1

          1.   Professor Almeroth Thoroughly Analyzed Source Code and
               Formulated Reliable Opinions That ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ........... 1

          2.   Professor Almeroth's Help Description Opinions Are Firmly Rooted
               In ▮▮▮▮▮▮▮▮▮▮ ....................................................................................... 6

     B.   Professor Almeroth Should Not Be Excluded From Offering Opinions That
          Arista Copied The ▮▮▮▮▮▮▮▮ Of Cisco's CLI ................................................ 7

     C.   Professor Almeroth Should Not Be Excluded From Presenting Factual
          Evidence That Supports Arista's Liability For Copyright Infringement .................. 8

     D.   Professor Almeroth Should Not Be Excluded From Presenting Opinions
          Firmly Based On Facts ............................................................................................. 9

     E.   Professor Almeroth Should Not Be Excluded From Presenting Undisputed
          Evidence That Arista Copied Cisco's Technical Documents ................................. 10

III. CONCLUSION ............................................................................................................ 10

# TABLE OF AUTHORITIES

**Page**

### Cases

*Claar v. Burlington N.R.R.*,
   29 F.3d 499 (9th Cir. 1994) ........................................................................................................ 4

*Domingo ex rel. Domingo v. T.K.*,
   289 F.3d 600 (9th Cir. 2002) ...................................................................................................... 5

*Finjan, Inc. v. Blue Coat Sys., Inc.*,
   No. 13-cv-03999-BLF, 2015 WL 4272870 (July 14, 2015) ...................................................... 5

*Fleming v. Escort, Inc.*,
   No. 1:cv 09-105-BLW, 2012 WL 12539337 (D. Idaho May 23, 2012) .................................... 6

*GPNE Corp. v. Apple, Inc.*,
   No. 12-cv-02885-LHK, 2014 WL 1494247 (N.D. Cal. Apr. 16, 2014) ..................................... 6

*Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*,
   87 F. Supp. 3d 928 (N.D. Cal. 2015) ......................................................................................... 2

*Paddack v. Dave Christensen, Inc.*,
   745 F.2d 1254 (9th Cir. 1984) .................................................................................................... 9

*Radware, Ltd. v. F5 Networks, Inc.*,
   No. 13-cv-02024-RMW, 2016 WL 590121 (N.D. Cal. Feb. 13, 2016) ..................................... 2

*Schudel v. General Electric Company*,
   120 F.3d 991 (9th Cir. 1997) ...................................................................................................... 5

*Sheldon v. Metro-Goldwyn Pictures Corp.*,
   81 F.2d 49 (2d Cir. 1936) ........................................................................................................... 8

*Spreadsheet Automation Corp. v. Microsoft Corp.*,
   587 F. Supp. 2d 794 (E.D. Tex. 2007) ....................................................................................... 9

*Stilwell v. Smith & Nephew, Inc.*,
   482 F.3d 1187 (9th Cir. 2007) .................................................................................................... 5

*Tivo Inc. v. Echostar Comm'ns. Corp.*,
   No. 2:04-cv-1-DF, 2006 WL 5127620 (E.D. Tex. Jan. 26, 2006) ............................................. 9

*United States v. Cazares*,
   788 F.3d 956 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 2484 (2016) ......................................... 9

*XpertUniverse, Inc. v. Cisco Sys., Inc.*,
   No. 09-157-RGA, 2013 WL 1702159 (D. Del. Feb. 25, 2013) ................................................. 5

**Rules and Statutes**

Fed. R. Evid. 702, advisory committee notes (2000) ................................................................. 2, 9

Fed. R. Evid. 703 ............................................................................................................................ 9

Plaintiff Cisco Systems, Inc. ("Cisco") hereby respectfully opposes Defendant Arista Networks, Inc.'s ("Arista") Corrected Motion to Strike Expert Opinions and Testimony of Dr. Kevin C. Almeroth (Dkt. 420, "Motion" or "Mot.") based on the Memorandum of Points and Authorities below; the Declaration of John Neukom that is being filed herewith; and such other and further papers, evidence and argument as may be submitted to the Court in connection with the hearing on this Motion.

## I. INTRODUCTION

Arista's Motion does not challenge the qualifications of Cisco's technical expert on copying—Professor Kevin Almeroth, Ph.D. Arista instead moves to strike highly relevant testimony from Professor Almeroth related to ▮▮▮▮▮ Arista's admitted copying of the ▮▮▮▮ of Cisco's CLI; facts underlying Professor Almeroth's copying opinions; unspecified claims of "vouching"; and Arista's admitted copying of Cisco's copyrighted technical documents. As explained below, none of these arguments has merit, and Cisco respectfully requests that Arista's Motion be denied.

## II. ARGUMENT

### A. Professor Almeroth Should Not Be Excluded From Offering Opinions About ▮▮▮▮

Arista argues that two of Professor Almeroth's ▮▮▮▮ opinions relating to Arista's ▮▮▮ and ▮▮▮▮ copying should be rejected because they are purportedly unreliable. This claim has no merit: Professor Almeroth's opinions are firmly rooted in decades of technical experience, hundreds of hours of case-specific analysis, as well as his review of Arista and Cisco source code, Arista devices, Arista documents and Arista witness testimony.

#### 1. Professor Almeroth Thoroughly Analyzed Source Code and Formulated Reliable Opinions That ▮▮▮▮

Arista contends that Professor Almeroth's opinion that ▮▮▮▮ ▮▮▮▮ Mot. at 3. All of Arista's complaints fall flat. First, Arista complains that Professor Almeroth's ▮▮▮▮ ▮▮▮▮ ▮▮▮▮

1 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Mot. at 3-4.  This argument is
2 legally incorrect.  There is nothing "unreliable" about a technical expert relying on his or her
3 relevant experience to formulate expert opinions.[1]  Fed. R. Evid. 702, Adv. Comm. Notes (2000)
4 ("Nothing in this amendment is intended to suggest that experience alone—or experience in
5 conjunction with other knowledge, skill, training or education—may not provide a sufficient
6 foundation for expert testimony.").  Numerous courts have held that an expert's reliance on
7 experience to formulate technical opinions is proper.  *See Icon-IP Pty Ltd. v. Specialized Bicycle*
8 *Components, Inc.*, 87 F. Supp. 3d 928, 946 (N.D. Cal. 2015) ("The Ninth Circuit has found
9 opinions based on an expert's experience in the industry to be proper[.]"); *Radware, Ltd. v. F5*
10 *Networks, Inc.*, No. 13-cv-02024-RMW, 2016 WL 590121, at *20–21 (N.D. Cal. Feb. 13, 2016)
11 (same).  As Professor Almeroth explained at his deposition, his characterization of ▮▮▮▮▮▮
12 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
13 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ which is an opinion firmly rooted in his background
14 and "experience in programming parsers," which Arista does not challenge.  Almeroth Tr.
15 (Declaration of Ryan K. Wong, Dkt. 419 ("Wong Decl.") Ex. 3) at 279:12-14, 16-17, 280:4-5,
16 281:6-12.  Indeed, Arista does not dispute that Professor Almeroth is a qualified technical expert
17 in computer science and networking.  He has 35 years of experience with computer software and
18 has reviewed "innumerable" lines of source code written by many different programmers over
19 those 35 years.  Opening Rpt. (Declaration of John M. Neukom ("Neukom Decl.") Ex. 1) at ¶ 29.[2]
20 He teaches university courses in the operation of the network devices at issue in this case
21 including command line interface programs and the underlying software that runs those programs.
22 *Id.*  He has analyzed source code of roughly ten network device vendors including Cisco, Arista,

---

[1] In fact, Arista's expert Dr. Black relied on ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[2] References to "Opening Report" or "Opening Rpt." refer to Professor Almeroth's Opening Expert Report.  References to "Rebuttal Report" or "Rebuttal Rpt." refer to Professor Almeroth's Rebuttal Report.

1  A10, 3Com, Quagga, and Foundry, among others. Almeroth Tr. (Neukom Decl. Ex. 2) at 9:1-
2  10:12, 13:24-14:2. He has spent many hours interacting with various network device vendors
3  operating systems including Cisco, Arista, HP, 3Com, Bay, Nortel, IBM, Juniper, Wellfleet,
4  Netgear, D-Link, Brocade, and Foundry. *Id.* at 12:9-19, 13:7-14:2. And Professor Almeroth
5  explained that his 35 years of experience have given him the expertise to understand the different
6  ways that programs (*e.g.*, parsers) are written to solve similar problems: "What I have found in my
7  decades of experience is that engineers and programmers find many ways to write commands and
8  programs to express solutions to the same problem." Opening Rpt. (Neukom Decl. Ex. 1) at ¶ 30;
9  Almeroth Tr. (Wong Decl. Ex. 3) at 285:21-25 ("So it's based on my experience in the use of
10 parsers and the design of parsers and the way that they operate…."). Arista's complaints are thus
11 legally erroneous and any issues Arista would like to raise about this testimony are more properly
12 addressed during cross examination.

13      Second, Arista complains that Professor Almeroth failed to ███████████
14 ███████████████████████████████ This claim is contradicted by the record.
15 Professor Almeroth spent hundreds of hours analyzing the evidence and formulating his opinions
16 in this case. Almeroth Tr. (Neukom Decl. Ex. 2) at 50:11-14; Opening Rpt. (Wong Decl. Ex. 1) at
17 ¶ 37; Opening Rpt. (Neukom Decl. Ex. 1) ¶ 47. He analyzed "certainly, thousands of lines of
18 code for both Cisco and Arista," and testified that he "would be surprised if it was less than a
19 million lines of code." Almeroth Tr. (Wong Decl. Ex. 3) at 67:11-68:21. In his Opening Report,
20 Professor Almeroth explained in detail, ███████████████████████████
21 ███████████████████████████████████████ Opening Rpt.
22 (Wong Decl. Ex. 1) at ¶¶ 82-86. Professor Almeroth provided specific evidence in the form of
23 citations to ███████████████████████████████████
24 ███████████████████████████████████████
25 ███████████████████████ *Id.* Exhibit Copying-6 to Professor Almeroth's
26 Opening Report also pin cites hundreds of lines ████████████████████
27 ███████████████████████████ Almeroth Tr. (Wong Decl.
28 Ex. 3) at 287:8-25 ████████████████████████████████

1  ▮

2  Third, Arista's claim that Professor Almeroth failed to ▮

3  ▮

4  ▮ Mot. at 3-4.  The Court does not need to

5  look any further than the table of contents in Professor Almeroth's Opening Report to see that

6  Arista's claim is wrong.  An entire section of the Opening Report, titled "Arista Had Access To

7  Cisco's Copyrighted Works & Admitted Copying," cites ▮

8  ▮

9  ▮

10 ▮

11 ▮

12 ▮

13 ▮ Further, in Paragraph 143 of his Opening Report,

14 Professor Almeroth pointed out that numerous Arista executives and engineers are former Cisco

15 executives and engineers, one of whom is Arista's CEO, who claims to have "built" Cisco's

16 products. *Id.* ¶ 143. ▮

17 ▮

18 ▮

19 ▮

20 ▮

21 Arista's argument that Professor Almeroth ▮

22 ▮ is thus baseless.  Mot. at 6 (citing *Claar v.*

23 *Burlington N.R.R.*, 29 F.3d 499, 502 (9th Cir. 1994)).  In *Claar*, two expert opinions were

24 excluded because, *inter alia*, the experts intentionally ignored other potential causes of plaintiff's

25 injuries that the experts had "admitted … would be standard procedures before arriving at a

26 diagnosis." *Claar v. Burlington N. R. Co.*, 29 F.3d 499, 502 (9th Cir. 1994).  Professor Almeroth

27 has never admitted to ignoring any "standard procedures" in formulating his opinions, and neither

28 has Arista identified any such "standard procedures" that were ignored.  Professor Almeroth

instead analyzed millions of lines of source code, relied on his 35 years of experience, and then took the additional steps of reviewing Arista witness testimony and Arista documentation prior to reaching his ultimate conclusions: ███████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████ Almeroth Tr. (Wong Decl. Ex. 3) at 283:4-17.

None of the other cases cited by Arista support its requested relief either:

- *Schudel v. General Electric Co.*, 120 F.3d 991 (9th Cir. 1997), *Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187 (9th Cir. 2007), and *Domingo ex rel. Domingo v. T.K.*, 289 F.3d 600, 606 (9th Cir. 2002) are products liability/exposure and medical malpractice cases that provide no guidance for assessing "reliability" or "scientific acceptance" in the field of computer science or source code analysis.  Indeed, *Domingo* upheld the exclusion of a novel medical theory linking extensive malleting to FES that had never before been written about, could be supported only by non-human animal studies, and contained logical flaws.

- *Finjan, Inc. v. Blue Coat Sys., Inc.*, No. 13-cv-03999-BLF, 2015 WL 4272870 (July 14, 2015) supports denying Arista's Motion.  Although this Court excluded an expert who had "disclose[d] no methodology other than to assert that he 'personally perform [] tests on the Accused Products,'" the Court refused to exclude expert opinions from two other experts who, like Professor Almeroth, "disclosed their testing methodology and the results that they observed" and had been "deposed and thus subjected to unfettered questioning regarding their testing."  *Id.*  *Finjan* thus shows that Arista's Motion is a challenge "not so much to the reliability of [Professor Almeroth's opinions] as it is to the sufficiency of [his] disclosures," and should be denied.  *Id.*

- *XpertUniverse, Inc. v. Cisco Sys., Inc.*, No. 09-157-RGA, 2013 WL 1702159, at *1 (D. Del. Feb. 25, 2013) is an inapposite one-page opinion excluding expert testimony about a product that the expert-in-question ***never analyzed*** but instead attempted to offer an opinion based on "inference."  There is no dispute here that Professor Almeroth analyzed thousands of lines of the Arista source code.

- In *Fleming v. Escort, Inc.*, No. 1:cv 09-105-BLW, 2012 WL 12539337, at *3 (D. Idaho May 23, 2012), the Court excluded expert opinion where, unlike here, the expert failed to explain how the source code he relied on operated.  And in *GPNE Corp. v. Apple, Inc.*, No. 12-cv-02885-LHK, 2014 WL 1494247, at *4 (N.D. Cal. Apr. 16, 2014), the court excluded a patent damages expert who failed to disclose the methodology (*i.e.*, the math) by which he derived his royalty rate, failed to apportion, and relied on licenses that did not support his opinions.  Unlike *Fleming* and *GPNE*, where the experts offered "black box" opinions, here Professor Almeroth has provided a detailed narrative of ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ Opening Rpt. (Wong Decl. Ex. 1) at ¶¶ 82-86, Exhibit Copying-6.

### 2. Professor Almeroth's Help Description Opinions Are Firmly Rooted In ■■■■■■■■■■■■■■■■■■■■ and Arista Device Testing

Arista also argues that Professor Almeroth's opinions relating to Arista's copying of Cisco's "help descriptions" should be excluded because, according to Arista, ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ Mot. at 6.  This argument does not accurately reflect Professor Almeroth's opinions.  The 400+ help descriptions that Arista copied were ■■■■■■■■■■■■■■■■■■■■■■■■■ Professor Almeroth clearly set forth that opinion in, *e.g.*, paragraphs 225 to 230 in his Opening Report.  ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■  Moreover, Arista's argument fails because it ignores the opinions in Professor Almeroth's reports and deposition testimony where he explained that he did, in fact, ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

1   ▮▮▮▮▮▮▮▮▮▮. *E.g.*, Opening Rpt. (Wong Decl. Ex. 1) at ¶¶ 37, 47, 225-230.

2   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ He then explained those

5   opinions at his deposition. Almeroth Tr. (Wong Decl. Ex. 3) at 287:18-25. In contrast, Arista's

6   expert does not ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

7   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

9   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ This Court should not exclude

10  Professor Almeroth's opinions simply because Arista is incapable of rebutting them.

### B. Professor Almeroth Should Not Be Excluded From Offering Opinions That Arista Copied The ▮▮▮▮▮▮▮ Of Cisco's CLI

Arista contends that Professor Almeroth's opinion that Arista copied Cisco's ▮▮▮▮ ▮▮▮ is unreliable because he did not define the ▮▮▮▮▮▮▮ Mot. at 7-8. This claim is contradicted by Professor Almeroth's reports. According to Professor Almeroth's reports, the Cisco CLI "look and feel" is comprised of the command line interface and its displays including the command expressions, command outputs, hierarchies, modes, prompts, and help descriptions screens. Opening Rpt. (Wong Decl. Ex. 1) at ¶ 65 (outputs), ¶ 174 (commands); Rebuttal Rpt.(Wong Decl. Ex. 2) at ¶ 64 (commands, outputs, hierarchies, modes, prompts, help screens, documents), ¶¶ 136, 145. Professor Almeroth confirmed this at his deposition. Almeroth Tr. (Wong Decl. Ex. 3) at 126:6-18. And according to Professor Almeroth, ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Professor Almeroth reached these conclusions by first testing both Cisco's and Arista's CLIs and then reviewing other available evidence, such as Arista documents and public statements. For example, Arista has admitted publicly and privately that

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1 ███████████████████████████████████████████████████████████

2 ████████████████████████████████████████████ Professor Almeroth also

3 looked to third party sources to confirm his opinions and found that industry analysts agreed with

4 his opinions. Rebuttal Rpt. (Wong Decl. Ex. 2) at ¶ 150 ("[Arista] created a CLI that looks and

5 acts very much like Cisco's…."; "when I say 'CISCO like' I mean it's 95% the same

6 commands"). Accordingly, there is no merit to Arista's claim ████████████████████

7 ██████████████████████████████████—that is precisely what Professor

8 Almeroth did, and he confirmed his opinions with additional available evidence.

9     Arista also argues that Professor Almeroth's ████████ opinions should be excluded

10 because at his deposition Professor Almeroth mentioned that there are similarities between Cisco's

11 CLI and Arista's CLI in addition to those at issue here. Mot. at 8. This is nothing more than a

12 strawman argument, and it should be rejected. None of Professor Almeroth's ████████

13 opinions rely on any of those additional similarities—they are not mentioned in his reports and do

14 not form the basis for his opinions in those reports. Almeroth Tr. (Wong Decl. Ex. 3) at 127:21-

15 23 █████████████████████████████████████████

16 ████████ (emphasis added). Arista's copying of additional CLI elements from Cisco that

17 Cisco is not asserting in this case does not negate Arista's infringement of the Cisco copyrighted

18 works. *Sheldon v. Metro-Goldwyn Pictures Corp.*, 81 F.2d 49, 56 (2d Cir. 1936). Arista's

19 complaint thus seeks to manufacture an irrelevant dispute, and it should be rejected.

20     **C.    Professor Almeroth Should Not Be Excluded From Presenting Factual Evidence That Supports Arista's Liability For Copyright Infringement**

21

22     Cisco does not dispute that technical experts should not opine on the subjective beliefs of

23 others. In its Motion, however, Arista seeks to extend that unremarkable proposition to all *facts* as

24 well. Mot. at 9. Arista argues that Professor Almeroth should not be permitted to cite or rely on

25 deposition testimony where Arista's employees █████████████████████

26 ████████████████████ *Id.* Arista, however, fails to identify any specific

27 instance where Professor Almeroth has offered opinions as to "intent" or the "subjective beliefs"

28 of others. *Id.* Arista merely offers a string cite of dozens of paragraphs without identifying what

in those many paragraphs it finds objectionable. *Id.* It is black letter law that experts may rely on and recite facts that underlie their opinions in order to explain the basis of their opinions to the jury. Fed. R. Evid. 703. The Ninth Circuit has repeatedly confirmed this. *United States v. Cazares*, 788 F.3d 956, 978 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 2484 (2016) ("An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed."); *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1261–62 (9th Cir. 1984). Thus, to the extent that Arista seeks relief beyond excluding expert testimony on intent—and wants to exclude Professor Almeroth from presenting evidence from which the jury could conclude for themselves that Arista is liable for copyright infringement—such relief should be denied. Fed. R. Evid. 702, Adv. Comm. Notes (2000) (encouraging "the use of expert testimony in non-opinion form when counsel believes the trier can itself draw the requisite inference"); *Spreadsheet Automation Corp. v. Microsoft Corp.*, 587 F. Supp. 2d 794, 803 (E.D. Tex. 2007).

### D. Professor Almeroth Should Not Be Excluded From Presenting Opinions Firmly Based On Facts

Arista argues that experts should not "vouch" for the credibility of fact witnesses. Mot. at 9-10. This is another unremarkable proposition, and Cisco has no intention of having any expert "vouch" for any fact witness. Thus, to the extent Arista seeks to exclude "vouching" testimony, Cisco has no objection so long as the Court's order is applied to Arista and Cisco equally.

Arista's vague claim, however, that Professor Almeroth "vouches for Cisco's view of disputed facts" lacks merit. Yet again Arista fails to actually identify any instance of this alleged "vouching." *Id.* Arista instead string cites a dozen paragraphs without identifying who Professor Almeroth is "vouching" for or what "disputed fact" he is vouching for or even what portion of the cited paragraphs might be relevant to Arista's motion. *Id.* at 10. Arista provides no guidance that would enable Cisco or the Court to fully understand the specific facts that Arista believes are being "vouched" for. *Id.* As just one example, Paragraph 51 in Professor Almeroth's Opening addresses the creation of Cisco's CLI and reflects Professor Almeroth's opinions and their basis—no testimony or facts are being "buttressed." Opening Rpt. (Wong Decl. Ex. 1) at ¶ 51. Paragraph 98 likewise cites no testimony or any proposition that Professor Almeroth could be said to be

improperly "buttressing"—it again reflects his opinions based on the materials he reviewed. *Id.* at ¶ 98. Arista's vague "vouching" complaints, lacking specifics, should be rejected.

### E. Professor Almeroth Should Not Be Excluded From Presenting Undisputed Evidence That Arista Copied Cisco's Technical Documents

Having offered no opinions from its own expert to rebut Professor Almeroth's opinion that Arista copied Cisco's technical documents, Arista now desperately seeks to exclude those uncontested opinions. Mot. at 10. The thrust of Arista's argument is that because a layperson could ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[3] Arista's attempt to downplay the copying analysis should be rejected. Arista's argument ignores the expertise and rigor that Professor Almeroth put into his analysis in formulating his opinion that Arista *copied* Cisco's documentation. Unlike Arista's technical expert, Professor Almeroth is an expert in plagiarism—he has spent years researching plagiarism and creating tools to assist in plagiarism detection. Almeroth Tr. (Neukom Decl. Ex. 2) at 17:12-18:20; Opening Rpt. (Neukom Decl. Ex. 1) at ¶ 31, Opening Rpt. (Wong Decl. Ex. 1) at ¶ 32. Professor Almeroth testified that in order to actually determine that something has been copied, there is a "multistep process" that should be followed where detecting "similarity" is just the first step. Almeroth Tr. (Neukom Decl. Ex. 2) 17:12-18:20. In order for Professor Almeroth to reach an expert opinion on copying, therefore, he needed additional evidence, such as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* To formulate his opinions Professor Almeroth thus applied his scientific, technical, and specialized knowledge in detecting copying. The analysis was not ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[4] Mot. at 10.

### III. CONCLUSION

For the foregoing reasons, Cisco respectfully requests that the Court deny Arista's Motion.

---

[3] Arista never explains why the copying of text in user documentation is any different that the many other similar forms of copying Professor Almeroth opined on that Arista does not challenge.

[4] Arista also complains that Professor Almeroth ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

| | | |
|---|---|---|
| 1 | Dated: August 19, 2016 | Respectfully submitted, |
| 2 | | */s/ John M. Neukom*_____ |
| 3 | | Kathleen Sullivan (SBN 242261) |
| | | kathleensullivan@quinnemanuel.com |
| 4 | | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| 5 | | 51 Madison Avenue, 22nd Floor |
| | | New York, NY 10010 |
| 6 | | Telephone: (212) 849-7000 |
| | | Facsimile: (212) 849-7100 |
| 7 | | |
| | | Sean S. Pak (SBN 219032) |
| 8 | | seanpak@quinnemanuel.com |
| | | Amy H. Candido (SBN 237829) |
| 9 | | amycandido@quinnemanuel.com |
| | | John M. Neukom (SBN 275887) |
| 10 | | johnneukom@quinnemanuel.com. |
| | | QUINN EMANUEL URQUHART & |
| 11 | | SULLIVAN LLP |
| | | 50 California Street, 22nd Floor |
| 12 | | San Francisco, CA 94111 |
| | | Telephone: (415) 875-6600 |
| 13 | | Facsimile: (415) 875-6700 |
| 14 | | Mark Tung (SBN 245782) |
| | | marktung@quinnemanuel.com |
| 15 | | QUINN EMANUEL URQUHART & |
| | | SULLIVAN LLP |
| 16 | | 555 Twin Dolphin Drive, 5th Floor |
| | | Redwood Shores, CA 94065 |
| 17 | | Telephone: (650) 801-5000 |
| | | Facsimile: (650) 801-5100 |
| 18 | | |
| | | Steven Cherny *admitted pro hac vice)* |
| 19 | | steven.cherny@kirkland.com |
| | | KIRKLAND & ELLIS LLP |
| 20 | | 601 Lexington Avenue |
| | | New York, New York 10022 |
| 21 | | Telephone: (212) 446-4800 |
| | | Facsimile: (212) 446-4900 |
| 22 | | |
| | | Adam R. Alper (SBN 196834) |
| 23 | | adam.alper@kirkland.com |
| | | KIRKLAND & ELLIS LLP |
| 24 | | 555 California Street |
| | | San Francisco, California  94104 |
| 25 | | Telephone: (415) 439-1400 |
| | | Facsimile: (415) 439-1500 |
| 26 | | |
| | | Michael W. De Vries (SBN 211001) |
| 27 | | michael.devries@kirkland.com |
| | | KIRKLAND & ELLIS LLP |
| 28 | | 333 South Hope Street |

Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

---

02099-00004/8272797.1

-12

Case No. 5:14-cv-5344-BLF
CISCO'S OPP. TO ARISTA'S MOTION TO STRIKE ALMEROTH