KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
BRIAN L. FERRALL - #160847
DAVID SILBERT - #173128
MICHAEL S. KWUN - #198945
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    (415) 391-5400
Email:  rvannest@kvn.com;
bferrall@kvn.com; dsilbert@kvn.com;
mkwun@kvn.com

SUSAN CREIGHTON, SBN 135528
SCOTT A. SHER, SBN 190053
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C., 20006-3817
Telephone:  (202) 973-8800
Email:  screighton@wsgr.com;
ssher@wsgr.com

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARISTA NETWORKS, INC., <br><br> Defendant. | Case No. 5:14-cv-05344-BLF (NC) <br><br> **DECLARATION OF RYAN K. WONG IN SUPPORT OF PLAINTIFF CISCO SYSTEMS, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CONFIDENTIAL INFORMATION IN CISCO'S OPPOSITION TO ARISTA'S CORRECTED MOTION TO STRIKE EXPERT OPINION TESTIMONY OF DR. KEVIN C. ALMEROTH (ECF 475)** <br><br> Judge:      Hon. Beth Labson Freeman <br><br> Date Filed: December 5, 2014 <br><br> Trial Date: November 21, 2016 |

1
DECLARATION OF RYAN K. WONG IN SUPPORT OF CISCO'S ADMINISTRATIVE
MOTION TO FILE UNDER SEAL (ECF 475)
Case No. 5:14-cv-05344-BLF (PSG)

1100986

I, RYAN K. WONG, declare:

1. I am an attorney licensed to practice law in the State of California and am an associate with the law firm of Keker & Van Nest LLP, located at 633 Battery Street, San Francisco, California 94111, counsel for Defendant Arista Networks, Inc. ("Arista") in the above-referenced action. Unless otherwise stated, the facts I set forth in this declaration are based on my personal knowledge or knowledge I obtained through my review of corporate records or other investigation. If called to testify as a witness, I could and would testify competently to such facts under oath.

2. I submit this declaration in support of the Administrative Motion to File Under Seal Confidential Information in Cisco's Opposition to Arista's Corrected Motion to Strike Expert Opinions and Testimony of Dr. Kevin C. Almeroth ("Motion to Seal") filed by Plaintiff Cisco Systems, Inc. ("Cisco") on August 19, 2016 (D.I. 475). I have reviewed Cisco's Motion to Seal and the Civil Local Rules of this Court governing such motions, and submit this supporting declaration under Civil L.R. 79-5(e).

3. Cisco's Motion to Seal seeks to file under seal documents and information submitted in support of several *Daubert* motions, which are non-dispositive motions. Because Cisco's Motion to Seal relates to non-dispositive motions, the documents and information that the parties request to file under seal are ***not*** subject to a strong presumption of public access. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Rather, the "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure applies to the material that Cisco's Motion to Seal seeks to withhold from public view. *Id.* at 1179. Civil Local Rule 79-5 further requires that a party seeking to seal information and documents "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id*. I submit this declaration to provide additional facts in support of Cisco's Motion to Seal, and to provide facts establishing that the "good cause" standard has been met for materials that Arista seeks to file under seal.

2
DECLARATION OF RYAN K. WONG IN SUPPORT OF CISCO'S ADMINISTRATIVE
MOTION TO FILE UNDER SEAL (ECF 475)
Case No. 5:14-cv-05344-BLF (PSG)

1100986

4. For purposes of a motion to seal, I understand that a "trade secret" is "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569–70 (9th Cir. 2008) (nonprecedential) (quoting Restatement (First) of Torts § 757 cmt. b (1939)) (applying the Restatement's definition of trade secret in the record-sealing context); *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (adopting the Restatement's definition of trade secret).

5. I further understand that good cause—indeed, compelling reasons—may exist to file materials under seal when, for example, court filings could be used for improper purposes, such as "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1178–79 (citation omitted). I further understand that good cause and compelling reasons may exist where court filings contain or discuss confidential source code, *see Apple, Inc. v. Samsung Electronics Co., Ltd.*, No. 11-cv-1846, D.I. 2190 at *3 (Dec. 10, 2012); internal and non-public procedures of financial institutions, *see Cowan v. GE Capital Retail Bank*, No. 13-cv-03935-BLF, 2015 WL 1324848, at *1-3 (N.D. Cal. Mar. 24, 2015); information about an entity's confidential "business performance, structure, and finances that could be used to gain unfair business advantage against them," *Schwartz v. Cook*, No. 15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016); "highly sensitive information regarding [an entity's confidential] product architecture and development," *Delphix Corp. v. Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014); emails containing confidential information about an entity's "business practices, recruitment efforts, and discussions regarding potential partnerships with other product manufacturers," *see Koninklijke Philips N.V. v. Elec-Tech International Co., Ltd.*, No. 14-cv-02737-BLF, 2015 WL 581574, at *1–2 (N.D. Cal. Deb. 10, 2015); and "information regarding non-public recruitment efforts and business practices" of a party. *See id*. at *2-3.

6. Cisco submitted a declaration in support of its Motion to Seal (D.I. 475-1) that identified and attached highlighted copies of material that should be sealed. To the extent that those exhibits implicate Arista materials, I address those exhibits below. Per the instructions

3
DECLARATION OF RYAN K. WONG IN SUPPORT OF CISCO'S ADMINISTRATIVE
MOTION TO FILE UNDER SEAL (ECF 475)
Case No. 5:14-cv-05344-BLF (PSG)

1100986

1  provided on the Northern District of California's website, this declaration is drafted so that it does
2  not contain or reveal confidential information, and therefore does not need to be filed under seal.
3  *See* http://www.cand.uscourts.gov/ecf/underseal.

4        7.    <u>Cisco's Opposition to Arista's Corrected Notice of Motion and Motion to Strike
5  Expert Opinions and Testimony of Dr. Kevin C. Almeroth</u> (D.I. 475-4):  Cisco's Opposition
6  contains Arista confidential information within the highlighted text at:

7           i)    Page 4, lines 7–13
8           ii)    Page 4, lines 16–20
9           iii)    Page 7, lines 26–28
10           iv)    Page 8, line 1
11           v)    Page 9, lines 24–26
12           vi)    Page 10, lines 18–20

13  There is good cause to seal those portions of Cisco's Opposition because they discuss and reveal
14  internal, non-public, and sensitive information regarding Arista's product development and
15  design process, sales and marketing strategies, and customer support.  *See In re Elec. Arts, Inc.*,
16  298 F. App'x at 569–70; *Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL
17  581574, at *1–2; *see also Schwartz*, 2016 WL 1301186, at *2 (discussing the harm that could
18  result by the dissemination of similar sensitive internal business information to competitors, who
19  would find it valuable).

20        8.    <u>Exhibit 1 to the Declaration of John M. Neukom in Support of Cisco's Opposition
21  to Arista's Corrected Motion to Strike Expert Opinions and Testimony of Dr. Kevin C. Almeroth
22  ("Neukom Declaration")</u> (D.I. 475-5):  Exhibit 1 to the Neukom Declaration, which is a short
23  excerpt from the Opening Expert Report of Kevin C. Almeroth, contains Arista confidential
24  information within the highlighted text at Paragraphs 72–74 (including the image shown on Page
25  29).  There is good cause to seal those portions of Exhibit 1 to the Neukom Declaration because
26  they discuss, reveal, and/or summarize internal, non-public, and sensitive information regarding
27  Arista's product development and design process, including technical design documents relating
28  to the Arista command-line interface, as well as sales and marketing strategies.  *See In re Elec.*

4
DECLARATION OF RYAN K. WONG IN SUPPORT OF CISCO'S ADMINISTRATIVE
MOTION TO FILE UNDER SEAL (ECF 475)
Case No. 5:14-cv-05344-BLF (PSG)

1100986

*Arts, Inc.*, 298 F. App'x at 569–70; *Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1–2; *see also Schwartz*, 2016 WL 1301186, at *2.

9. <u>Exhibit 2 to the Neukom Declaration</u> (D.I. 475-6):  Arista does ***not*** seek to file under seal any of the material highlighted in this document.  Arista takes no position to the extent other parties or non-parties may seek to file under seal any of the material highlighted in this document.

10. <u>Exhibit 3 to the Neukom Declaration</u> (D.I. 475-7):  Arista does ***not*** seek to file under seal any of the material highlighted in this document.  Arista takes no position to the extent other parties or non-parties may seek to file under seal any of the material highlighted in this document.

Executed this 23rd day of August 2016, at San Francisco, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ Ryan K. Wong*
RYAN K. WONG

5
DECLARATION OF RYAN K. WONG IN SUPPORT OF CISCO'S ADMINISTRATIVE
MOTION TO FILE UNDER SEAL (ECF 475)
Case No. 5:14-cv-05344-BLF (PSG)

1100986