UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS INC,<br><br>Plaintiff,<br><br>v.<br><br>ARISTA NETWORKS, INC.,<br><br>Defendant. | Case No. 14-cv-05344-BLF<br><br>**ORDER DENYING ARISTA'S MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE**<br><br>[Re: ECF 449] |

In this patent and copyright dispute, Arista seeks relief from Magistrate Judge Nathanel Cousins' July 27, 2016 order denying Arista's motion to strike late contentions. Mot., ECF 449; Order on Arista's Mot. To Strike (hereinafter, "Order"), ECF 408. For the reasons below, the Court DENIES Arista's motion for relief but gives Arista additional limited discovery in the form of one 30(b)(6) deposition and one interrogatory to be completed by September 16, 2016.

**I. BACKGROUND**

The parties are well aware of the background and history of this case and the Court need not repeat it here. Pertinent to this Order, the following is relevant.

According to Arista, at the start of discovery, Arista asked Cisco to identify the basis for its copyright infringement claim. Mot. 1, ECF 449. Throughout 2015, Cisco responded to Arista's request four times. *Id*. In January 2016, Cisco supplemented its response to disclose its belief that Arista copied "helpdesc" material. *Id*. On the last day of discovery at 10:44 p.m., almost five months after its January disclosure, Cisco supplemented its response again to disclose 443 allegedly copied helpdesc descriptions. *Id*. Arista moves to strike these 443 contentions as untimely.

Cisco sharply disagrees with Arista's characterization of events. According to Cisco, it

asked Arista to produce operable versions of its accused switches in September 2015. Opp. 1, ECF 457. Arista did not comply with Cisco's request until May 18, 2016. *Id*. Once it received Arista's switches, Cisco promptly served, just nine days later, a supplemental interrogatory response relying on Arista's May 18 production of its switches and disclosing the 443 new contentions. *Id*.

## II. LEGAL STANDARD

A district court may refer nondispositive pretrial issues to a magistrate under 28 U.S.C. § 636(b)(1)(A). "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); Civ. L.R. 72-2; *Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991). On review of a nondispositive order, "the magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). This standard is highly deferential, and a district judge may not simply substitute his or her judgment for that of the magistrate judge as he or she would on *de novo* review. *Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). A magistrate judge's ruling on discovery issues should thus be overturned only when the district court is left with a "definite and firm conviction that a mistake has been committed." *Burdick v. Comm'r Internal Rev. Serv.*, 979 F.2d 1369, 1370 (9th Cir. 1992).

## III. DISCUSSION

Arista argues that the Magistrate Judge applied the wrong legal standard. Mot. 3, ECF 449. Arista contends that the appropriate legal standard under Rule 26(e) is whether Cisco supplemented its response "in a timely manner." *Id*. Therefore, Arista argues that the Magistrate Judge should have determined when Cisco could have learned that its disclosure or response was incomplete or incorrect. *Id*. According to Arista, the Magistrate Judge did not analyze this question and instead, accepted without question Cisco's assertion that it needed Arista's switches before it could have disclosed the 443 new contentions. *Id*.

Although Arista argues the Magistrate Judge never answered the question of when Cisco

could have learned of the 443 disclosures, Arista's second argument takes issue with the Magistrate Judge's implicit finding that Cisco could not have provided a more timely disclosure. *Id*. at 4-5. Arista argues that Cisco's January 2016 response is evidence that Cisco had the ability to compare helpdesc text between Arista and Cisco software. *Id*. at 5. Finally, Arista argues that the Magistrate Judge's ruling is prejudicial because it had no opportunity to take discovery into the helpdesc commands. *Id*.

Cisco counters that the Magistrate Judge correctly applied Rule 26(e)'s legal standard of whether Cisco supplemented its response "in a timely manner." Opp. 4, ECF 457. Cisco also argues that the Magistrate Judge did not commit any clear error in finding that Cisco timely supplemented its response.

First, the Court finds that the Magistrate Judge applied the correct legal standard. Federal Rule of Civil Procedure 26(e) requires parties to supplement or correct discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). If a party fails to comply with Rule 26(e), such as by failing to disclose information or identify a witness in a timely manner, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial." Fed. R. Civ. P. 37(c)(1).

The Magistrate Judge started the parties' hearing on Arista's motion to strike by informing them of his tentative views. He stated that Cisco's disclosures, "although coming at the very eleventh hour, were primarily relying upon information that it received from Arista and that's the justification for its late timing." Order 18:18-22, ECF 412. Here, the Magistrate Judge both considered whether Cisco could have learned this information earlier and whether it was done in a timely manner. As a result, Arista's concern that the Magistrate Judge failed to consider whether Cisco could have learned information earlier is without merit. The Magistrate Judge also explicitly informed the parties that he was applying the legal standards set forth by Rules 26 and 37. Order 49:12-13, ECF 412. Accordingly, the Magistrate Judge applied the correct legal standard.

Second, the Magistrate Judge's finding that Cisco could not have provided a more timely disclosure is not clearly erroneous. The Magistrate Judge questioned Cisco about its ability to disclose the 443 helpdesc contentions several times throughout the hearing.

> THE COURT: Could this information have been provided earlier or -- and, if you disagree why you disagree?
>
> MR. PAK: No, absolutely not, your honor… We needed to do two things. One is we needed source code that's been verified and produced by Arista in this case as being production code. So this is what's actually running on their accused products. And, second, we needed the switches that are actually running that code.

Transcript 23:18-20, 24:14-19, ECF 412.

> THE COURT: All right. Mr. Pak, why couldn't you have done this in January?
>
> MR. PAK: Absolutely not, your honor,…that analysis we cannot do without having an Arista-verified switch that's been produced to us that corresponds to specific versions of the source code that's been produced by Arista in this case

Transcript 39:10-40:7, ECF 412. Based on the responses, it was not clearly erroneous for the Magistrate Judge to find that Cisco could not have disclosed the 443 helpdesc contentions earlier.

Accordingly, the Magistrate Judge applied the correct legal standard and his findings are not clearly erroneous.

That said, the Court acknowledges Arista's concern that it is prejudiced by a disclosure on the last day of discovery. However, the remedy would, more appropriately have been for Arista to seek a short extension of the discovery deadline to propound discovery relating to the 443 helpdesc contentions. In fact, Arista only brought up an extension of the discovery deadline one time—in its opening motion to strike—where it asked to continue the case schedule 120 days, "with a corresponding continuance of expert discovery, summary judgment, and all other case deadlines, including trial." Mot. to Strike 2, ECF 304-4. Such a request is clearly unreasonable in light of Cisco's disclosure and this Court's prior orders regarding discovery in this case. But the Court finds some additional limited discovery can cure any prejudice Arista believes it suffered. At the hearing in front of the Magistrate Judge, Cisco stated that it would not be opposed to Arista

having some additional fact discovery in the form of one 30(b)(6) deposition. Transcript 44:8-12, ECF 412. Furthermore, Arista's complaint that it did not have an opportunity to take discovery into the authorship and originality of the 443 helpdesc contents can be cured by an interrogatory. *See, e.g.*, Order Granting Motion to Compel 2, ECF 83 (example interrogatory covering the origin and creation of CLI commands). Accordingly, the Court will allow Arista additional discovery in the form of one 30(b)(6) deposition, and one interrogatory covering the authorship, originality, and creation of the 443 helpdesc contentions. The parties shall complete this discovery by no later than September 16, 2016.

## IV. ORDER

For the foregoing reasons, Arista's motion for relief from nondispositive pretrial order of magistrate judge, ECF 449, is DENIED. The Court GRANTS Arista additional limited discovery in the form of one 30(b)(6) deposition, and one interrogatory covering the authorship, originality, and creation of the 443 helpdesc contentions. The parties shall complete this discovery on or before September 16, 2016.

**IT IS SO ORDERED.**

Dated: August 23, 2016

_____
BETH LABSON FREEMAN
United States District Judge