UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS INC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ARISTA NETWORKS, INC.,<br><br>　　　　　Defendant. | Case No. 14-cv-05344-BLF<br><br>**ORDER (1) DENYING CISCO'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND (2) DENYING ARISTA'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>[Re: ECF 331-4, 329] |

　　　　Plaintiff Cisco Systems Inc. brings this copyright and patent infringement lawsuit against Defendant Arista Networks, Inc. The copyright portion of the lawsuit alleges that Arista infringes Cisco's copyrighted work entitled "Cisco CLI." The patent portion of the lawsuit alleges Arista infringes Cisco's U.S. Patent No. 7,047,526 (the "'526 Patent") directed at improving the control of administration and/or diagnostic software tools in processor-based systems

　　　　Before the Court are Cisco's motion for partial summary judgment and Arista's motion for partial summary judgment. The Court, having considered the briefing submitted by the parties and the oral argument presented at the hearing on August 4, 2016, DENIES Cisco's motion and DENIES Arista's motion for the reasons stated below.

## I. BACKGROUND

Cisco and Arista are competitors who make and sell Ethernet switches, which connect multiple devices within a local area network and can direct traffic on the network. Mot. 2, ECF 329. Cisco, founded in 1984, was one of the pioneers of networking technologies. Mot. 2, ECF 331-4. Cisco developed an "Internetwork Operating System" ("IOS") that allowed engineers to configure and manage Cisco servers, routers, and switches. *Id*. Cisco has a copyright on IOS. *Id*. Arista, founded in 2004, by former Cisco executives, also sells networking equipment using an "Extensible Operating System" ("EOS"). *Id*. Cisco claims Arista's products violate its copyrights and infringe its patent.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). "Partial summary judgment that falls short of a final determination, even of a single claim, is authorized by Rule 56 in order to limit the issues to be tried." *State Farm Fire & Cas. Co. v. Geary,* 699 F. Supp. 756, 759 (N.D. Cal. 1987).

The moving party "bears the burden of showing there is no material factual dispute," *Hill v. R+L Carriers, Inc.,* 690 F. Supp. 2d 1001, 1004 (N.D. Cal. 2010), by "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." *T.W. Elec. Serv. Inc. v. Pac. Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir. 1987). In judging evidence at the summary judgment stage, "the Court does not make credibility determinations or weigh conflicting evidence, and is required to draw all inferences in a light most favorable to the nonmoving party." *First Pac. Networks, Inc. v. Atl. Mut. Ins. Co.,* 891 F. Supp. 510, 513–14 (N.D. Cal. 1995). For a court to find that a genuine dispute of material fact exists, "there must be enough doubt for a reasonable trier of fact to find for the [non-moving party]." *Corales v. Bennett,* 567 F.3d 554, 562 (9th Cir. 2009).

### III. DISCUSSION

#### A. Cisco's Motion for Partial Summary Judgment

Cisco seeks summary judgment that "(1) Cisco owns a valid copyright in Cisco CLI, which is copyrightable as original to Cisco, (2) Arista infringed Cisco's copyrights by copying Cisco CLI, and (3) Arista cannot establish a fair use defense as to its blatant copying of Cisco CLI." Mot. 2, ECF 331-4. The Court addresses each ground for summary judgment in turn.

##### 1. Validity of Cisco's Copyrights

Cisco seeks summary judgment on the copyrightability of "Cisco CLI." Mot. 4, ECF 331-4. Cisco defines "Cisco CLI" as its multi-word command-line expressions, command hierarchies, command modes and prompts, and command responses and screen displays, "HelpDesc" command responses, and user guides and manuals. *Id.* at 3-4. First, Cisco argues that it is entitled to a presumption of validity and ownership by reason of its timely copyright registration filings of 20 of its registrations and asks the Court to exercise its discretion as to 6 additional late filed registrations to find an entitlement to the statutory presumption as to all 26 registrations that cover all elements of "Cisco CLI." *Id.* at 4-5. Cisco further argues that there is no dispute as to its ownership of each feature and the originality of each feature contained in "Cisco CLI." *Id.*

Arista argues that Cisco is improperly seeking a declaration of copyrightability in all of "Cisco CLI" which contains a variety of selected non-literal elements. Opp. 5, ECF 378-4. As a result, Arista argues that the law requires an element-by-element approach, and that under this analysis, Cisco has not established copyrightability as a matter of law for any specific element.

The parties' briefing has left the Court searching to determine the precise nature of Cisco's summary judgment request and the origin of "Cisco CLI." Cisco's opening brief requests summary judgment on copyrightability as to "Cisco CLI" and contains arguments relating to the compilation called "Cisco CLI." *See, e.g.* Mot. 6, ECF 331-4. ("[T]here is no credible evidence to suggest that Cisco itself did not independently author the asserted elements and independently compile those elements together.") Arista rejects Cisco's premise that the Cisco CLI can be copyrightable as a whole and argues that individual elements of the Cisco CLI are not protectable and/or not copyrightable. *See, e.g.*, Opp. 5, ECF 378-5 ("Cisco's request for a blanket declaration

3

of copyrightability in 'the Cisco CLI' is facially improper in that Cisco asserts a variety of selected non-literal elements. An element-by-element approach—as the law requires—reveals that Cisco cannot establish copyrightability as a matter of law for any element…."). Perplexingly, in reply, Cisco seems to change course from its original motion and argument that Cisco CLI as a whole is copyrightable and instead, argues that the individual components that make up Cisco CLI are copyrightable. For example, Cisco argues that Arista has conceded copyrightability as to the user documentation and screen shot contained in the Cisco CLI and therefore, summary judgment is at least appropriate as to those items. Reply 5, ECF 396-4. Cisco's reply further addresses the five components of Cisco CLI individually. Reply 5-8, ECF 396-4 (arguing Cisco's command hierarchies are protectable, command modes and prompts are protectable, multi-word command expressions and command responses are protectable and original, and HelpDesc entries are original). At the hearing, Cisco continued with this dual track approach of arguing for copyrightability as "to the overarching CLI and its six building blocks" but then acknowledged that it would accept "a ruling now that Cisco's CLI as a whole is original." Transcript 8:11-12, 10:22-23 ECF 437.

To prove copyright infringement, Cisco "must prove (1) ownership of the copyright; and (2) infringement—that the defendant copied protected elements of the plaintiff's work." *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000). The second element—infringement—is not presented in Cisco's motion.

For purposes of this motion, Cisco asks the Court to determine that Cisco owns a valid copyright in "Cisco CLI." But Cisco has failed to demonstrate that "Cisco CLI" is a compilation that its author(s) put together rather than a creature of its litigation strategy.

In *Feist Publ'n v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991), the Supreme Court addressed the issue of the copyrightability of compilations. The Court explained that to qualify for copyright protection, "a work must be original[.]" *Id*. at 345. "[O]riginality requires independent creation plus a modicum of creativity." *Id*. at 346. Factual compilations can even possess originality when the author makes "choices as to selection and arrangement, so long as they are made independently by the compiler and entail a minimal degree of creativity[.]" *Id*. at 349. But the

Court emphasized that copyright "protection is subject to an important limitation. The mere fact that a work is copyrighted does not mean that every element of the work may be protected. Originality remains the *sine qua non* of copyright; accordingly, copyright protection may extend only to those components of a work that are original to the author." *Id*. at 348 (emphasis added).

In this case, Cisco has not presented evidence of where Cisco CLI comes from or how and when it was compiled. Although Cisco has copyrights covering its IOS, Exhs. 3-28 to SAC, ECF 64 (26 copyright registrations), Cisco does not have a single copyright registration covering the compilation it calls the Cisco CLI. Rather, the Cisco CLI is composed of pieces drawn from 26 different copyright registrations covering Cisco's IOS. Mot. 5-6, ECF 331-4. This may not have been an issue if Cisco had presented evidence about how the Cisco CLI compilation was created but it did not. *See, e.g.*, Transcript 12:5-21 (disagreeing that the Cisco CLI is an attorney construct but not indicating how the Cisco CLI was compiled). In opposition, Arista argues that the Cisco CLI is a lawyer created construct that simply mirrors Cisco's copyright infringement allegations against Arista and has no life outside this litigation. While the originality of a compilation is a low bar, it is a hurdle that Cisco cannot overcome at summary judgment because it has not presented any evidence about how its author(s) compiled it. Instead, Cisco provides evidence of authorship of individual elements but not the compilation as a whole. As to those individual elements, Arista offers evidence to demonstrate many are not original thus creating disputed issues of fact. Opp. 9-13, ECF 378-4.

Furthermore, in *Feist* and other cases involving the copyrightability of compilations, the compilation at issue was a work that existed prior to litigation. For example, in *Bikram's Yoga College of India v. Evolution Yoga*, 803 F.3d 1032, 1035 (9th Cir. 2015), the parties did not contest that the plaintiff's 1979 book which contained a compilation of sequences was copyrightable. In *Feist*, the compilation at issue was the white pages telephone directory. 499 U.S. at 342-43. In *Harper& Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 543 (1985), the compilation consisted of President Gerald Ford's memoris. Here, it is not clear whether the Cisco CLI, as one compilation, existed prior to litigation and therefore, Cisco has not shown the Cisco CLI as a whole is entitled to copyright protection.

Ultimately, the fact that Cisco has presented no evidence regarding how the compilation called "Cisco CLI" was created and that Arista submitted evidence of lack of originality of certain elements means that there are disputed issues of material fact as to ownership and originality. Accordingly, the Court DENIES Cisco's motion for summary judgment that the Cisco CLI as a whole is copyrightable.

### 2. Copyright Infringement: Copying

Cisco's motion for partial summary judgment and proposed order both state that Cisco seeks summary judgment that "Arista infringed Cisco's copyrights by copying Cisco CLI." Mot. 2, ECF 331-4; Proposed Order, ECF 334. Not surprisingly, Arista filed an opposition brief arguing that copyright infringement is a question of fact. Opp. 13-16, ECF 378-4. Despite the straightforward nature of the preceding events, Cisco replied by arguing that Arista had misconstrued the scope of its motion and that it was only moving for summary judgment of copying. Reply 2, ECF 396. Cisco also claimed that to the extent its "'Proposed Order' stated 'infringement' (Dkt. 334), that was not Cisco's intent in its motion, nor is that phrase supported in Cisco's opening memorandum." Reply 3 n.3, ECF 396-4. Cisco did not address, however, why page two of its opening memorandum specifically stated that it was requesting summary judgment that "Arista *infringed* Cisco's copyrights…." Mot. 2, ECF 331-4 (emphasis added).

At the hearing, Cisco clarified further that it was seeking a "declaration that [it] ha[s] established the copying element of copyright infringement." Transcript 13:12-13, ECF 437. When the Court raised concerns that Arista had not been given sufficient notice of Cisco's actual ground for summary judgment, Cisco accepted the Court's invitation to submit an exhibit that matches "the verbatim Cisco multi-word command expressions and other components that were verbatim copied by Arista." Transcript 90:19-22, ECF 437.

Shortly after the hearing, Cisco submitted a nearly 500 page exhibit and proposed order seeking summary judgment that

> Arista copied verbatim, as set forth in Exhibits A1-A6 hereto:
> 508 of Cisco's multi-word command-line expressions (Exhibit A1);
> 452 of Cisco's help descriptions (Exhibit A2);
> 42 of Cisco's command responses/outputs (Exhibit A3);

6

>531 passages from Cisco technical documents (Exhibit A4)
>9 Cisco modes and 9 Cisco prompts (Exhibit A5); and
>11 Cisco command-line hierarchies (Exhibit A6).

Amended Proposed Order 2, ECF 452.

After reviewing the exhibits, the Court was surprised to see a footnote on the first page Exhibit A1 explaining why the Court should disregard "qualifiers" in Arista's purported "verbatim copied" commands. Exh. A1 at 2 n.1, ECF 452-1. As Arista properly argued in response, Cisco's submission invites significant additional argument as to whether Arista verbatim copied Cisco's CLI. Opp. to Proposed Order 2-3, ECF 453 (seeking two weeks to file a 20 page opposition brief and supporting evidence). Cisco's supplemental submission goes well beyond the bounds of its originally filed summary judgment motion and is effectively a new filing for summary judgment. Since the deadline for summary judgment has already passed, the Court ruled that it would not consider the supplemental filing in conjunction with this motion. Order Re Cisco's Supplemental Submission, ECF 454.

Thus, the Court is faced with a motion for partial summary judgment that did not provide Arista or the Court adequate notice of the relief sought or the specific grounds for that relief. Cisco's failure to provide sufficient notice is fatal to its request for summary adjudication of copying. "A litigant must be given reasonable notice that the sufficiency of his or her claim will be in issue: 'Reasonable notice implies adequate time to develop the facts on which the litigant will depend to oppose summary judgment.'" *Buckingham v. United States*, 998 F.2d 735, 742 (9th Cir. 1993) (reversing grant of summary judgment because the nonmoving party "did not receive sufficient notice of the district court's potential entry of summary judgment against it and therefore did not have the opportunity to present arguments"); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion…."). Holding otherwise, would encourage a shifting sands strategy to summary judgment and incentivize litigants to disguise the true relief sought by their motion. As a result of Cisco's failure to provide adequate notice, the Court DENIES Cisco's motion for partial summary judgment that Arista copied verbatim Cisco's CLI.

### 3. Fair Use

Cisco moves for summary judgment that "Arista cannot establish a fair use defense due to its blatant copying of Cisco CLI." Mot. 2, ECF 331-4. In passing the Copyright Act, Congress sought to create "a balance between the need to encourage innovation and the [need to avoid] monopolies which stifle competition without any concomitant advance in the Progress of Science and useful Arts." *Bilski v. Kappos*, 130 S. Ct. 3218, 3252 (2010) (Stevens, J., concurring). Although fair use was long recognized by courts, the affirmative defense of fair use was not codified by Congress until the 1976 Copyright Act. *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 575-76 (1994). Congress enumerated four nonexclusive factors for courts to consider:

> Notwithstanding the provisions of 106 and 106A, the fair use of a copyrighted work, including such use by reproduction in copies or phonorecords or by any other means specified by that section…*is not an infringement of copyright*. In determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include—
>
> (1)   the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
>
> (2)   the nature of the copyrighted work;
>
> (3)   the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
>
> (4)   the effect of the use on the potential market for or value of the copyrighted work.

17 U.S.C. § 107. In balancing the four factors, courts must keep in mind "that fair use is appropriate where a 'reasonable copyright owner' would have consented to the use, i.e., where the 'custom or public policy' at the time would have defined the use as reasonable." *Wall Data Inc. v. Los Angeles Cnty. Sheriff's Dept.*, 447 F.3d 769, 778 (9th Cir. 2006). The fair use defense "is a mixed question of law and fact" that "requires a case-by-case determination whether a particular use is fair." *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 549, 560 (1985).

The parties disagree over each of the four fair use factors, and resolving those disagreements depends on the answers to disputed questions of fact. Given the breadth of the

8

parties' disagreements over factual issues, the Court need not address each factor separately in this order. *See, e.g.*, *Oracle Am., Inc. v. Google Inc.*, 810 F. Supp. 2d 1002, 1012-13 (N.D. Cal. 2011) (at summary judgment addressing only one fair use factor because of the extensive disputed questions of material fact).

For illustrative purposes, the Court addresses factor three—the amount and substantiality of the portion used in relation to the copyrighted work as a whole. The third factor evaluates both the quantity and qualitative value of the portion used. *Elvis Presley Enterprises, Inc. v. Passport Video*, 349 F.3d 622, 630 (9th Cir. 2003) (citing *Campbell*, 510 U.S. at 586). Quantity is measured with respect to the copyrighted work and quality is measured in terms of whether the copied material is an essential element of the copyrighted work. *Harper & Row*, 471 U.S. at 565-66.

Cisco argues that Arista copied "the heart of Cisco's copyrighted CLI" and "slavishly copied the entire user experience offered by Cisco CLI. Mot. 22, 24 ECF 331-4. (citing Exhs. 10, 24, 25, 77). Cisco also argues that Arista copied a "large percentage of command-line expressions." *Id*. at 23. According to Cisco's calculations, between 33.3% and 67% of command-line expressions in Arista's different versions of its EOS were copied from Cisco. *Id*. (citing Exh. 2 to Almeroth Decl. at ¶ 153, ECF 332-4). Finally, Cisco states that Arista copied "vast quantities" of its copyrighted materials including over 500 multi-word command-line expressions, 9 out of 9 modes and prompts across 15 different version of EOS, 11 command hierarchies over 15 different versions of EOS, over 600 command help screens, and 2522 instances its technical documents. *Id*. at 23 (citing Exhs. 1-4, 6 to Almeroth Decl.).

Arista responds that the scope of Cisco's works is dramatically larger than the accused CLI features in this case. Opp. 20, ECF 378-4. For example, Cisco has estimated that its IOS contains 16,000 CLI commands and using this number, *id*., Arista argues that the 508 asserted CLI commands represent less than 3.3% of all Cisco CLI commands, Exh. 1 to Black Decl. at ¶ 692. Arista argues that this may overstate the overlap in commands because many of the asserted CLI commands are not commands but are fragments of commands. *Id*. at ¶ 693. In attempting to replicate Cisco's approach to defining commands, Arista estimates there are over 454,000 distinct

Cisco IOS commands. *Id*.; Opp. 20, ECF 378-4.  Similarly, Arista argues that the total number of command modes and prompts is far greater than the accused modes and prompts.  Opp. 20-21, ECF 378-4 (citing Exh. 35, ECF 380-43 (Cisco user manual showing over 70 non-asserted modes and prompts)).  Finally, Arista argues that could not have copied the "heart and soul" of Cisco's IOS because the networking industry used many of the asserted CLI elements for years without objection.  *See, e.g.*, Exh. 1 to Black Decl. at ¶¶ 180, 193, ECF 379-33; *see also* Opp. 4, ECF 378-4 (citing Depo. Ex. 956, available at https://www.youtube.com/watch?v=Pel1pffyuDk (video by Dell highlighting similarities between its CLI and Cisco's CLI)).

In reply, Cisco reiterates that Arista cannot, as a matter of law, prevail on this factor because Arista's arguments did not address the qualitative aspect of the copying.  Reply 13, ECF 396-4.  Cisco claims that the fact Arista's EOS versions comprise of 33% to 67% of copied material, "is unrebutted evidence of the qualitative importance of the copied material, and that Arista took the heart of Cisco's CLI." *Id*. at 14.  As this summary of the parties' arguments indicates, there are significant disputed issues of material fact.

First, regarding the qualitative nature of the copied work, Cisco claims Arista copied the "heart" of its work but does not actually explain why the alleged copied elements constitute the heart of the copyrighted material.  5 Patry on Copyright (March 2016) § 10:141 ("[M]erely saying defendant copied the heart of the work or its 'distinctive expression' doesn't mean defendant did so….").  Cisco also relies on the Supreme Court's statement in *Harper Row* that "the fact that a substantial portion of the infringing work was copied verbatim is evidence of the qualitative value of the copied material" to argue Arista copied the heart of its work.  *Harper & Row*, 471 U.S. at 565 (emphasis added).  As that quote suggests, the amount of copying is evidence but not conclusive proof of the qualitative value of the copied material.   Therefore, the amount of copying raises issues of fact over the qualitative nature of what Arista allegedly copied.

Second, regarding the quantitative amount copied, Cisco's expert opines that Arista copied over 500 command lines but Arista's expert opines that in the proper context, this amounts to at most 3.3% and as little as 0.11% of Cisco's CLI commands, depending how Cisco's commands are counted.  The Court cannot resolve this dispute at summary judgment, and because of all the

10

1  disputed issues of material fact surrounding the viability of Arista's fair use defense, the Court
2  DENIES Cisco's motion for summary judgment that Arista cannot establish a fair use defense as
3  to its copying of Cisco CLI.

### B. Arista's Motion for Partial Summary Judgment

Arista seeks summary judgment in its favor (1) as to Cisco's assertion of copyright infringement based on CLI commands for which Cisco does not have a statutory presumption of validity, and for which Cisco did not produce any of the alleged authors of the command for deposition, (2) as to Cisco's assertion of copyright infringement based on copying of Cisco's CLI command hierarchies, (3) as to Cisco's assertion of copyright infringement based on Cisco's command modes, or prompts, (4) as to Cisco's assertion of infringement of the '526 Patent. Proposed Order, ECF 329-9. The Court addresses each ground for summary judgment in turn.

### A. Copyright Infringement: Originality

The Copyright Act provides that a "certificate of [copyright] registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright." 17 U.S.C. § 410(c). A defendant can rebut the by showing that the plaintiff's work is not original. *N. Coast Indus. v. Jason Maxwell, Inc.*, 972 F.2d 1031, 1033 (9th Cir. 1992). If defendant successfully rebuts the presumption, the burden shifts back to the plaintiff to demonstrate a valid copyright. *Entm't Research Grp. v. Genesis Creative Grp.*, 122 F.3d 1211, 1218 (9th Cir.1997). However, in the absence of a timely filed registration, the district court has the discretion to determine the evidentiary weight of the certificate and may place the burden on plaintiff to establish the requisite elements of a valid copyright, including the originality of the asserted CLI commands. 17 U.S.C. § 410(c).

Arista argues that Cisco is not entitled to the statutory presumption of validity for 198 CLI commands that were published more than five years before being registered with the copyright office. Mot. 6, ECF 329. Without a presumption of validity, Arista argues that Cisco cannot prove it has a copyright on the 198 CLI commands because Cisco does not have any evidence to meet its burden of establishing originality. *Id.* at 7-10.

Cisco does not dispute that 198 CLI commands were published more than five years before

1   being registered but argues that the presumption of validity can still apply to a collection of

2   copyright registrations covering the same or related products, even if some registrations were filed

3   more than five years after the publication. Opp. 3-4, ECF 371-25. Cisco also argues that even

4   without a presumption of validity, it has sufficient evidence to meet its burden of establishing

5   originality and preclude summary judgment. *Id.* at 5-13.

6   Arista cannot prevail on this ground for summary judgment because regardless of whether

7   a presumption of validity applies, Cisco has produced evidence creating a genuine issue of

8   material fact over whether its 198 CLI commands are original. Arista argues that Cisco does not

9   have any evidence of originality because Cisco's 30(b)(6) designee for CLI-command design

10  would not testify about the origins of any commands except for those that he personally authored.

11  Mot. 8, ECF 329. Arista argues that Cisco's remaining evidence consists of documents that

12  indicate Cisco implemented the commands but do not reveal how Cisco created the commands.

13  *Id.* at 8. Since Arista has met its initial burden to point out Cisco's alleged failure of proof, the

14  burden shifts to Cisco to produce evidence creating a genuine issue of material fact.

15  Cisco argues that it has adduced evidence of originality. According to Cisco, its engineers

16  engaged in a process of "proposing, explaining, inviting comments on, and even debating," the

17  creation of multi-word commands to use within Cisco's CLI. Opp. 8, ECF 371-25. For example,

18  Cisco created an internal working group called the "Parser Police" to allow Cisco engineers to

19  debate commands. *Id.* at 7. Cisco also notes that its documentary evidence and engineers'

20  testimony demonstrate that its multi-word commands were chosen and weighed with creativity

21  and professional judgment by its engineers through a subjective process. *Id.* at 8-13.

22  The Court agrees with Cisco and finds that it has produced enough evidence to create

23  genuine issues of material fact over the originality of its multi-word commands. In *CDN Inc. v.*

24  *Kapes*, 197 F.3d 1256, 1260 (9th Cir. 1999), a case involving collectible coins, the plaintiff's

25  employees relied upon coin publications, real-world transactions, supply and demand projections,

26  analyze the effect of the economy and foreign policies to determine the wholesale prices of coins.

27  The Ninth Circuit found that prices in CDN's price guides were copyrightable because CDN used

28  its judgment to create the prices. The Court stated:

12

> [W]hat is important is the fact that [parties] arrive at the prices they list through a process that involves using their judgment to distill and extrapolate from factual data. It is simply not a process through which they discover a preexisting historical fact, but rather a process by which they create a price which, in their best judgment, represents the value of an item as closely as possible…This *process* imbues the prices listed with sufficient creativity and originality to make them copyrightable.

*Id*. at 1261 (emphasis added).  The fact that CDN used a process to determine, in its judgment, the value of coins was enough for the Ninth Circuit to find CDN's prices were copyrightable.  The Ninth Circuit did not engage in an analysis of each and every price CDN calculated to determine if it possessed a minimal degree of creativity and originality.  Similarly, Cisco has adduced evidence of a process it undertook to create its CLI commands, and such a process is enough to create a genuine issue of material fact.

Arista argues that *CDN* is inapposite because in *CDN*, the defendant conceded that CDN did not republish data from other sources or apply a set formula or rule to generate prices.  Reply 7, ECF 393-4.  Arista also notes that CDN's creativity stemmed from its departure from bid and ask prices posted by dealers and retail prices posted by other publication.  *Id*.  In contract, Arista argues Cisco's commands are not original and that Cisco discouraged departure from industry-standard terminology.  *Id*.  As a result, Arista claims Cisco's attempt to rely on a process is simply a disguised attempt at a presumption of originality.  *Id*.  Arista misreads *CDN* as it applies to this case.  If Cisco copied historical commands, without more, there may be merit to Arista's argument.  *CDN*, 197 F.3d at 1261 ("If CDN merely listed historical facts of actual transactions, the guides would be long, cumbersome, and of little use to anyone").  However, Cisco has provided evidence that it used "its own judgment and expertise in arriving at [multi word commands]."  *Id*.  Second, Cisco's attempt to rely on a process is not an end-around the statutory presumption applied to timely copyright registrations because Cisco has pointed to several pieces of evidence indicating that there was a creative process in place.  Opp. 6-13, ECF 371-25.  Accordingly, there is sufficient evidence to raise a genuine issue of material fact over originality and preclude summary judgment in Arista's favor as to Cisco's assertion of copyright infringement based on CLI commands for which Cisco does not have a statutory presumption of

1  validity, and for which Cisco did not produce any of the alleged authors of the command for
2  deposition.

### B. Copyright Infringement: Command Hierarchies

Arista seeks summary judgment that Cisco's hierarchies are not copyrightable. Mot. 15, ECF 329. Arista argues that by asserting a copyright over hierarchies, Cisco is attempting to copyright the idea of using a tree structure to group and organize commands by a common first word. *Id*. Cisco counters that it is not seeking a copyright on the general idea of hierarchical commands but is seeking copyright protection for the specific expression and hierarchical organization of its multi-word commands. Opp. 14, ECF 371-25.

The Court finds that Arista is not entitled to summary judgment that Cisco's "hierarchies" are not copyrightable. The Ninth Circuit has held that a computer program's structure, sequence, and organization are copyrightable. *Johnson Controls, Inc. v. Phoenix Control Sys, Inc.*, 886 F.2d 1173, 1175-76 (9th Cir. 1989). Here, Cisco is not attempting to claim a copyright on the generic idea of a hierarchy but rather the unique sequence in which it organizes its multi-word commands. *See Atari Games Corp. v. Nintendo of Am. Inc.*, 975 F.2d 832, 840 (Fed. Cir. 1992) (applying Ninth Circuit law).

Arista's arguments to the contrary are unpersuasive. First, Arista's misconstrues the idea/expression dichotomy to argue against the copyrightability of Cisco's hierarchies. For example, Arista argues that the Ninth Circuit held that a sequence of yoga poses were not copyrightable. Mot. 12, ECF 329 (citing *Bikram's Yoga College of India v. Evolation Yoga*, 803 F.3d 1032, 1040–42 (9th Cir. 2015)). However, in *Bikram's Yoga*, the plaintiff copyrighted a book describing a sequence of physical poses and movements. *Id*. at 1035. Neither party disputed that the sequences in the book were copyrightable. The parties contested whether plaintiff's copyright in a book could prevent others from teaching the physical poses and movements shown in the book. The Ninth Circuit found that the physical poses and movements were not copyrightable unlike the description of the sequence of poses. *Id*. at 1034. Here, Cisco is not trying to prevent Arista from teaching others about its hierarchies but trying to prevent Arista from copying and selling the specific way in which it has arranged its hierarchies. Accordingly, cases

like *Bikram's Yoga* are inapposite to the present dispute and the Court DENIES Arista's motion for summary judgment that Cisco's hierarchies are not copyrightable.

### C. Copyright Infringement: Modes and Prompts

Arista also seeks summary judgment that Cisco's command modes and prompts are not copyrightable. Mot. 16, ECF 329. Arista argues that the "modes" are a way of organizing commands. *Id*. Arista claims Cisco's mode names and prompts are labels for an abstract grouping of commands and functions. *Id*. As a result, Arista argues that they are not copyrightable because they are functional descriptors, they are names or titles, they are not original to Cisco, and the use of symbols such as "#" and ">" are unprotectable. *Id*. at 17.

In opposition, Cisco clarifies that it is not seeking copyright protection in individual modes and prompts but rather its entire command-line interface including the specific arrangement of modes and prompts in relation to multi-word commands. Opp. 18, ECF 371-25.

Given this clarification, it appears, as for much as this case, the parties are talking past each other about the exact nature of Cisco's copyright assertions. To the extent Cisco is seeking copyright protection in its entire command-line interface, Arista's arguments about the "protectability" of specific elements within that work are more appropriate for analytic dissection. The Court is not prepared at this juncture to slice out specific features of Cisco's entire command-line interface, such as "#" and ">" to determine they are not copyrightable. As a result, the Court DENIES Arista's motion for summary judgment but leaves open for analytic dissection the specific question of which elements within Cisco's modes and prompts are protectable.

### D. '526 Patent

Arista seeks summary judgment that it does not infringe the '526 Patent because its parser does not use a command parse tree having elements where each element specifics at least one command action value for each generic command component. Mot. 17-18, ECF 329.

"Determining literal infringement is a two step process: the 'proper construction of the asserted claim and a determination whether the claim as properly construed reads on the accused product or method.'" *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1319 (Fed. Cir. 2012) (quoting *Georgia–Pacific Corp. v. U.S. Gypsum Co.*, 195 F.3d 1322, 1330 (Fed.

15

1   Cir. 1999)). "To establish literal infringement every limitation set forth in a claim must be

2   found in an accused product, exactly.'" *Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d

3   1570, 1575 (Fed. Cir. 1995). "If any claim limitation is absent from the accused device,

4   there is no literal infringement as a matter of law." *Cephalon, Inc. v. Watson Pharms. Inc.*,

5   707 F.3d 1330, 1340 (Fed. Cir. 2013).

As to non-infringement at summary judgment, where, as here, the party moving for summary judgment would not bear the burden of proof at trial, the movants' initial burden at summary judgment is to demonstrate or point out a lack of evidence to support at least one material element of the opposing party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The burden thus shifts to the non-movant to adduce sufficient evidence to raise a genuine issue of material fact on this disputed element at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The disputed limitation "command parse tree" appears in every asserted claim. Claim 1 is representative of how the term is used in the claim language:

> 1. A method in a processor-based system configured for executing a plurality of management programs according to respective command formats, the method comprising:
>
>     receiving a generic command from the user;
>
>     validating the generic command based on a **command parse tree** that specifies valid generic commands relative to a prescribed generic command format, the **command parse tree** having elements each specifying at least one corresponding generic command component and a corresponding at least one command action value, the validating step including identifying one of the elements as a best match relative to the generic command; and
>
>     issuing a prescribed command of a selected one of the management programs according to the corresponding command format, based on the identified one element.

'526 Patent at 9:19-34 (emphasis added). The Court construed "command parse tree" as "having elements, such that each element specifies at least one command action value for each generic command component." Order Construing Claims 10-13, ECF 310.

Arista argues that pursuant to the Court's claim construction, each element must specify at least one command action value for each generic command component. Mot. 18, ECF 329.

United States District Court
Northern District of California

1  According to Arista, Cisco's infringement theory is based on the belief that each element need
2  only specify a "command action value" for at least one "generic command component" and not
3  each "generic command component." *Id*. Thus, Arista argues that Cisco's reading of the claim
4  language would allow for a "command action value" for only the last word in a command while
5  the prior words would have no associated "command action value" in contravention of the Court's
6  claim construction order. *Id*. The Court finds that Arista has met its initial burden by pointing out
7  the lack of evidence demonstrating that its parser has a "command action value" for each "generic
8  command component."

9      The burden shifts to Cisco to produce evidence creating a genuine issue of material fact
10  that Arista meets the "command parse tree" limitation of the asserted claims. Cisco argues that
11  Arista's overlooks the infringement theory based on the ▓▓▓▓ variable. According to
12  Cisco, its expert has opined that the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
13  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
14  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
15  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Opp. 23, ECF 371-25.
16      The Court finds that Cisco's infringement theory based on the "▓▓▓▓" variable and
17  supported by its expert creates a genuine issue of material fact that precludes summary judgment.
18  *See Silicon Laboratories, Inc., v. Cresta Technology Corp.*, Case No. 14-cv-03227-PSG, 2016 WL
19  836679 (N.D. Cal. Mar. 3. 2016) ("This is a classic 'battle of the experts' on a material issue of
20  fact. It is the jury's province to resolve such issues, not the court's."). Accordingly, the Court
21  DENIES Cisco's motion for summary judgment that it does not infringe the '526 Patent.

22  **IV.   ORDER**

23      For the foregoing reasons, IT IS HEREBY ORDERED that Cisco's motion for partial
24  summary judgment that it owns a valid copyright in Cisco CLI, which is copyrightable as original
25  to Cisco is DENIED; Cisco's motion for partial summary judgment that Arista infringed Cisco's
26  copyrights by copying Cisco CLI is DENIED; and Cisco's motion for partial summary judgment
27  that Arista cannot establish a fair defense as to its blatant copying of Cisco CLI is DENIED.
28  Arista's motion for partial summary judgment in its favor as to Cisco's assertion of copyright

infringement based on CLI commands for which Cisco does not have a statutory presumption of validity, and for which Cisco did not produce any of the alleged authors of the command for deposition is DENIED; Arista's motion for partial summary judgment in its favor as to Cisco's assertion of copyright infringement based on copying of Cisco's CLI command hierarchies is DENIED; Arista's motion for partial summary judgment in its favor as to Cisco's assertion of copyright infringement based on Cisco's command modes, or prompt is DENIED; and Arista's motion for partial summary judgment in its favor as to Cisco's assertion of infringement of the '526 Patent is DENIED.

**IT IS SO ORDERED.**

Dated: August 23, 2016

_____
BETH LABSON FREEMAN
United States District Judge