Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Mark Tung (SBN 245782)
marktung@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven Cherny *(admitted pro hac vice)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ARISTA NETWORKS, INC., <br><br> Defendant. | CASE NO. 5:14-cv-5344-BLF (NC) <br><br> **DECLARATION OF SARA E. JENKINS IN SUPPORT OF ARISTA'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CONFIDENTIAL INFORMATION IN ARISTA'S OPPOSITIONS TO CISCO'S MOTION TO EXCLUDE TESTIMONY OF CATE M. ELSTEN (DKT. 467).** |

02099-00004/8283948.1

DECLARATION OF SARA E. JENKINS IN SUPPORT OF ARISTA'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (NC)

## **DECLARATION OF SARA E. JENKINS**

I, Sara E. Jenkins, declare as follows:

**1.** I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate with the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Plaintiff Cisco Systems, Inc. ("Cisco"). I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

**2.** I make this declaration in in support of Arista Networks Inc.'s ("Arista") Administrative Motion to Under Seal Confidential Information in connection with Arista's Opposition to Cisco's Motion to Exclude Expert Opinion Testimony of Cate M. Elsten ("Opposition."). Dkt. 467. I make this declaration in accordance with Civil Local Rule 79-5(e)(1) on behalf of Cisco to confirm that the information contained in the documents referenced in the Sealing Motion should be sealed.

**3.** As an Opposition to a Motion to Exclude Expert Testimony, Arista's Opposition is non-dispositive. In this context, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamkana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003)). In addition, Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, that the document is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id*.

**4.** Pursuant to Civil L.R. 79-5(e), good cause exists to seal the portions of the documents set forth below, because the information sought to be sealed reflects confidential information that "give[s] [Cisco] an opportunity to obtain an advantage over competitors who do

1  not know or use it." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting
2  *Restatement of Torts* § 757, cmt b).

3  **5.** The highlighted text on page 8 at lines 1-4 of Arista's Opposition contains
4  information that was designated by Cisco as "Highly Confidential – Attorneys' Eyes Only" under
5  the protective order in this matter. This portion of text comprises Cisco's confidential business
6  information regarding its competitive intelligence and related strategies. Disclosing this
7  information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's
8  competitors to learn of Cisco's competitive strategies and allowing competitors to in turn adopt
9  and/or counteract the same. This would "harm [Cisco's] competitive standing." *Nixon v. Warner*
10 *Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

11 **6.** Cisco does not seek to seal any of the other portions of Arista's Opposition or
12 Exhibit A thereto.

13  I declare under penalty of perjury under the laws of the State of California that the
14 foregoing is true and correct, and that this declaration was executed in Redwood Shores,
15 California, on August 23, 2016.

16
17                                                    */s/ Sara E. Jenkins*
                                                      Sara E. Jenkins
18