**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS INC,<br><br>Plaintiff,<br><br>v.<br><br>ARISTA NETWORKS, INC.,<br><br>Defendant. | Case No.  14-cv-05344-BLF<br><br>**OMNIBUS ORDER REGARDING SEALING MOTIONS TO MOTIONS FOR SUMMARY JUDGMENT**<br><br>[Re:  ECF 331, 371, 378, 393, 396] |

Before the Court are the parties' administrative motions to file under seal portions of their briefing and exhibits in connection with the parties' motions for summary judgment.  ECF 331, 371, 378, 393, 396.  For the reasons stated below, the motions are GRANTED IN PART AND DENIED IN PART.

## I.     LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id*. at 1097. In addition, sealing motions filed in this district must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). A party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or protective order that allows a

party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id*.

## II.   DISCUSSION

The Court has reviewed the parties' sealing motions and respective declarations in support thereof. The Court finds the parties have articulated compelling reasons to seal certain portions of most of the submitted documents. The proposed redactions are also narrowly tailored. The Court's rulings on the sealing request are set forth in the tables below:

### A.   ECF 331

| Identification of Documents to be Sealed | Description of Documents | Court's Order |
|---|---|---|
| Exhibit 10 to the Declaration of Eduardo E. Santacana In Support of Defendant Arista Networks, Inc.'s Motion For Partial Summary Judgment | 362:16-371:16 of this deposition excerpt represents source code from a third party and is related to source code for Cisco products | GRANTED as to 362:16-371:16 and DENIED as to remainder. |
| Exhibit 11 to the Declaration of Eduardo E. Santacana In Support of Defendant Arista Networks, Inc.'s Motion For Partial Summary Judgment | 55:2-56:18 and 157:8–159:17 of this deposition excerpt represents discussion about source code from a third party as related to Cisco's products as well as a discussion of the confidential development of Cisco's product architecture. | GRANTED as to 55:2-56:18 and 157:8–159:17 and DENIED as to remainder. |
| Exhibit 17 to the Declaration of Eduardo E. Santacana In Support of Defendant Arista Networks, Inc.'s Motion For Partial Summary Judgment | Contains a confidential discussion of the development of Cisco's product architecture | GRANTED |
| Exhibits 1–3, 7–9, 16, 18, 19, and 22–24 to the Declaration of Eduardo E. Santacana In Support of Defendant Arista Networks, Inc.'s Motion For Partial Summary Judgment | The designating party, Cisco, does not seek the sealing of these exhibits. | DENIED. |

### B.   ECF 371

| Identification of Documents to be Sealed | Description of Documents | Court's Order |
|---|---|---|
| Cisco's Opposition to Arista's Motion for Partial Summary Judgment | Quotes from or cites below exhibits | GRANTED to the extent it quotes or cites information that has been allowed to be filed under seal and DENIED as to remainder. |

United States District Court
Northern District of California

United States District Court
Northern District of California

| Exhibit 1 to the Declaration of John M. Neukom in Support of Cisco's Opposition to Arista's Motion for Partial Summary Judgment | Excerpted testimony from Page 235, line 1 through Page 236, line 3 discusses a confidential, non-public internal communication between Arista support engineers regarding the Company's customer support and documentation policies and priorities, and Page 237 discusses non-public information regarding Arista's technical support system and a discloses a particular "bug" submission in that internal system | GRANTED as to 235:1-236:3, 237 and DENIED as to remainder. |
| Exhibit 2 to the Neukom Declaration | These emails specifically discuss several prospective customers' use of particular networking equipment makes and models (and identify those non-parties by name), those customers' preferences regarding the features on their equipment, and the investments made by those customers on those features. The email chain also discloses Arista's internal strategies regarding its sales efforts directed towards those clients, and confidential product development/roadmap information about Arista's products. | GRANTED |
| Exhibit 3 to the Neukom Declaration | The email itself (ARISTANDCA12228912) does not need to be sealed, but there are compelling reasons to seal the attachments to the email (ARISTANDCA12228913 to ARISTANDCA12228928) because they disclose Arista's highly confidential customer sales/solicitation scripts, including specific | GRANTED as to attachments and DENIED as to remainder. |

| | | |
|---|---|---|
| | responses that Arista sales personnel will provide to particular sales/solicitation scenarios, and Arista's sales strategies for particular types of customers | |
| Exhibit 4 to the Neukom Declaration | The email chain discusses and reveals the detailed results of private and comprehensive testing of Arista networking products. | GRANTED |
| Exhibit 36 to the Neukom Declaration | It sets forth in detail the strategic and technical roadmap, including policies, justifications, and approaches for the design, development, and architecture of Arista's networking devices. This includes highly confidential strategies for improving Arista's products over competing products, and comments about various design decisions and their advantages. | GRANTED |
| Exhibit 37 to the Neukom Declaration | The email chain discusses the development of specific functionality in Arista's products and the internal strategic decisionmaking behind Arista's development of that product. There are compelling reasons to seal the entire exhibit because the email chain reveals the various design considerations underlying the development of a feature in Arista's products, and Arista maintains its product development process (including why certain engineering decisions were made) as highly confidential. | GRANTED |
| Exhibit 51 to the Neukom Declaration | Page 217, lines 21 through 25, refers to testimony regarding the design and development of a specifically | GRANTED as to 217:21-25 and DENIED as to remainder. |

4

United States District Court
Northern District of California

| | | |
|---|---|---|
| | identified feature of Arista's products, and Arista maintains that information about its specific design decisions as highly confidential | |
| Exhibit 52 to the Neukom Declaration | Arista does not seek to file this exhibit under seal | DENIED |
| Exhibit 53 to the Neukom Declaration | Arista does not seek to file this exhibit under seal | DENIED |
| Exhibit 46 to the Neukom Declaration | Arista seeks to file is on page 16, lines 2 through 26, which provides Cisco's observations based upon its review of Arista's source code | GRANTED as to 16:2-26 and DENIED as to remainder. |
| Exhibit 6 to the Neukom Declaration | Highlighted portions of this exhibit includes Cisco's confidential source code | GRANTED |
| Exhibit 9 to the Neukom Declaration | Discusses confidential information about the development and security of Cisco's products. | GRANTED |
| Exhibit 1 to the Declaration of Kevin Almeroth in Support of Cisco's Opposition to Arista's Motion for Partial Summary Judgment | Last two lines of page 29 and the first two lines of page 30 disclose the contents of an internal and confidential Arista design document that pertains to the development of its products.<br><br>The highlighted portions of Paragraph 78 on page 31 disclose the substance of, and quote directly from, confidential customer communications by Arista relating to product support and both product and documentation development<br><br>The highlighted portions of Paragraph 79 on pages 31and 32 disclose the substance of, and quote directly from, confidential internal communications by Arista relating to product support and documentation | GRANTED as to the specific portions mentioned in preceding column and DENIED as to remainder. |

development.

Paragraphs 83-86 contain
Cisco's confidential source
code.

Page 49 contains confidential
information regarding
networking equipment used
by Arista's customers.

Highlighted portions of
Paragraph 118 on page 56
disclose internal and
confidential Arista
communications regarding
feature-specific product
development decisions and
customer support
communications relating to
Arista products.

Paragraphs 138 and 142,
including the excerpted
deposition transcripts and
images taken from highly
confidential Arista documents
that are a part of those
paragraphs, should be sealed
in their entirety because they
discuss and reveal multiple
details regarding Arista's
non-public, internal
competitive testing and
analysis procedures
underlying Arista's product
design and development

Highlighted portions of
Paragraphs 147 and 148,
including each of the bullet
points on pages 71 through 77
(which are part of Paragraph
148), should be sealed
because they discuss the
design and development of
specific features of Arista's
products, and Arista

maintains that information about its specific design decisions as highly confidential.

Footnote 102 should be sealed because it quotes testimony from an Arista engineer regarding the design and development of a specifically identified feature of Arista's products. Similarly, Footnote 118 should be sealed because it quotes testimony from a highly confidential internal Arista communication that discusses the design and development of a specifically identified feature of Arista's products.

Paragraphs 149 through 151, including the excerpted graphics in Paragraphs 150 and 151, should be sealed because they discuss the results of a highly confidential product comparison analysis conducted by Arista.

Paragraph 152 and the excerpted images within it (which extend to the top of page 80) should be sealed because they reveal the results of a highly confidential competitive analysis performed by Arista regarding the preferences of its customers, and also discuss particular tracking documents that are part of Arista's internal development and design process.

The images shown in

United States District Court
Northern District of California

| | | |
|---|---|---|
| | Paragraphs 170 and 171 should be sealed because they reveal confidential information about the development of certain accused features of Arista's products (image in Paragraph 170, at the top of page 89), and about Arista's source code (image in Paragraph 171, at the top of page 90).<br><br>The excerpted deposition testimony of Adam Sweeney in Paragraph 195 and 196 (which extends from the bottom of page 103 to the top of page 104) should be sealed because it discusses the non-public details of a particular technical support request for an Arista product, and Arista's internal process for resolving the request.<br><br>The highlighted portion of Paragraph 203 should be sealed because it discusses highly confidential information and cites from an internal, non-public Arista document regarding the development of a particular aspect of the Arista product.<br><br>The highlighted portions of Paragraphs 219 and 220, and the excerpted images within Paragraph 219 (which extend from pages 113 to 115) should be sealed because they reveal (and excerpt) highly confidential sales materials created by Arista for a non-public presentation to a particular prospective customer, and therefore reveal Arista's internal | |

competitive sales strategies.

The following portions of Paragraph 237 should be sealed: (1) The excerpted deposition testimony of Arista employee Kenneth Duda from page 145, line 14 to page 146, line 20 of the transcript excerpt. That portion of the excerpted Duda deposition transcript discusses Arista's internal customer intelligence regarding customer preferences in particular market segments, and the benefits of certain development approaches taken by Arista vis-à-vis that intelligence. (2) The entire excerpted deposition testimony of Arista employee Anshul Sadana. The excerpted Sadana deposition transcript discusses Arista's internal customer intelligence regarding customer preferences, and the benefits of certain development approaches taken by Arista vis-à-vis that intelligence.

The following portions of Paragraph 238 should be sealed: The excerpted deposition testimony of Arista employee Kenneth Duda from page 176, line 14 to page 177, line 8 of the transcript should be sealed because it discusses confidential information regarding networking equipment used by Arista's customers.

The bullet points in

United States District Court
Northern District of California

United States District Court
Northern District of California

| | | |
|---|---|---|
| | Paragraph 240 should be sealed because they quote from highly confidential internal Arista development documents that discuss the strategic decisions underlying the development and architecture of Arista products.<br><br>Paragraph 241 should be sealed because it reveals internal and highly sensitive customer intelligence about the usage of particular features in Arista's products by its customers, which could be used by competitors for purposes of developing features on their own products.<br><br>The sentence in Paragraph 250 that starts with "For example, ...." should be sealed because it quote from highly confidential internal Arista development document discussing the strategic decisions underlying the development and architecture of Arista products. | |
| Exhibit 2 to the Almeroth Declaration | Footnote 106 on Page 60, which reproduces testimony from the Rule 30(b)(6) deposition of Arista employee Anshul Sadana, should be sealed because it reveals non-public and highly confidential information about the impact of specific features in Arista's products on Arista's sales cycles<br><br>The highlighted text in Paragraph 138, sub-sections | GRANTED as to the specific portions mentioned in preceding column and DENIED as to remainder. |

(a), (c), (d), (e), (g), (h), (i), (j) are excerpts from highly confidential internal Arista documents and communications that discuss internal design and development decisions and strategic reasons regarding specific aspects of Arista's products.

The quoted text pulls in Paragraph 143 are excerpts from highly confidential internal Arista documents and communications that discuss internal design and development decisions and strategic reasons regarding specific aspects of Arista's products.  Arista does not seek to seal the first sentence of Paragraph 143, which broadly characterizes the text pulls.

Paragraph 144, including the excerpted image, should be sealed in its entirety because it discusses the results of a highly confidential product comparison analysis conducted by Arista

The quoted text pull in Paragraph 146 is an excerpt from a highly confidential internal Arista document that discusses internal design and development decisions and strategic reasons regarding specific aspects of Arista's products. Given the sensitivity of Arista's confidential product design and development decisionmaking processes, that portion of Paragraph 146

United States District Court
Northern District of California

United States District Court
Northern District of California

should be sealed.

In Paragraph 147, the second sentence (starting with "In 2010 …") through to the sentence that starts with "Arista's CEO …" should be sealed because they discuss and excerpt material from internal Arista communications that reveal Arista's strategic decision-making regarding customer preferences/complaints and the development of user documentation.

The bullet points in Paragraph 149 should be sealed because they quote directly from internal Arista documents and communications that reveal customer intelligence regarding customer preferences, the benefits that customers receive from particular aspects of Arista's products, and Arista's sales and marketing strategies with respect to those preferences and benefits.

Paragraph 154 and footnote 168 should be sealed in their entirety because they reveal highly confidential information regarding the development and features of future releases of Arista's products.

Paragraph 160 should be sealed in its entirety because it discusses the same highly confidential comparative study between Arista's products and competing

| | | |
|---|---|---|
| | products that is discussed in Paragraph 144 of this same exhibit (which Arista also seeks to seal), and Arista's conclusions and strategic use of that internal research. It also discloses Arista's sensitive competitive sales strategies with respect to communications to prospective customers regarding product differentiation.<br><br>Paragraphs 164-166 contain confidential information about the technology and architecture of Cisco's products. | |
| Exhibit 3 to the Almeroth Declaration | Includes source code. | GRANTED |
| Exhibit 1 to the Declaration of Kevin Jeffay in Support of Cisco's Opposition to Arista's Motion for Partial Summary Judgment | Footnote 3 of this exhibit should be sealed in its entirety because it reveals highly confidential information, and includes excerpts from the deposition testimony of an Arista engineer, regarding sensitive and non-public aspects of the source code underlying Arista's products.<br><br>Paragraph 80 of this exhibit should be sealed in its entirety because it reveals highly confidential information regarding non-public and sensitive source code underlying Arista's products.<br><br>The excerpted deposition testimony of Arista employee Adam Sweeney in Paragraphs 126 and 127 should be redacted because they discuss in detail the internal operation | GRANTED as to the specific portions mentioned in preceding column and DENIED as to remainder |

13

United States District Court
Northern District of California

| Identification of Documents to be Sealed | Description of Documents | Court's Order |
|---|---|---|
| | of Arista's products, non-public information regarding the development of those features, and the benefits of those features. | |

### C.     ECF 378

| Identification of Documents to be Sealed | Description of Documents | Court's Order |
|---|---|---|
| Defendant Arista Network, Inc.'s Opposition to Cisco's Motion for Partial Summary Judgment ("Opposition") | Quotes from or cites below exhibits | GRANTED to the extent it quotes or cites information that has been allowed to be filed under seal and DENIED as to remainder. |
| Declaration of John R. Black Jr. in Support of Defendant Arista Networks, Inc.'s Opposition to Cisco's Motion for Summary Judgment and Arista's Summary Judgment Motion ("Black Decl.") Ex. 1 ("Black Opening Report") | Contains Arista confidential information at Paragraphs ¶¶ 397, 519, 525, and 678(i). Paragraph 397 discusses and discloses internal, non-public information regarding the development and development process of the Arista EOS software, including details regarding how certain technologies were integrated into Arista's products. Paragraphs 519, 525, and 678(i) discuss and disclose non-public information regarding Dr. Black's review of highly confidential Arista source code, and evidence relating to such source code.<br><br>Contains direct quotes and references to the transcript of the deposition of Philip Kasten as Juniper's corporate designee pursuant to a subpoena served on Juniper by Arista. The transcript reflects substantive discussion of the technical underpinnings and development of Juniper's | GRANTED as to Paragraphs ¶¶ 397, 519, 525, and 678(i); portions quoting or referencing deposition of Philip Kasten; highlighted portions of Paragraphs ¶¶ 120, 123-125, 132, 161, 433, 438, 448-459, 461-471, 478-482, 498, 500-502, 504, 508, 510, 514, 515, 570, 580, 636, 689-691, 696, 700 and footnotes 32, 35, 40, and 128; and DENIED as to remainder. |

14

| | | |
|---|---|---|
| | highly proprietary software.<br><br>Cisco supports the sealing of the highlighted portions of paragraphs 120, 123-125, 132, 161, 433, 438, 448-459, 461-471, 478-482, 498, 500-502, 504, 508, 510, 514, 515, 570, 580, 636, 689-691, 696, 700 and footnotes 32, 35, 40, and 128. These portions of this exhibit contain Cisco's confidential source code, discussions of related confidential third-party source code, as well as confidential information about Cisco's licenses, business development, and competitive intelligence. | |
| Black Decl. Ex. 38 ("Black Rebuttal Report") | Contains Arista confidential information at Paragraphs ¶¶ 148, 155, 156, 160– 166, and 169–171. These paragraphs discuss and disclose non-public information regarding both Dr. Black's and Dr. Almeroth's reviews of highly confidential Arista source code, and evidence relating to such source code.<br><br>Cisco supports the sealing of paragraphs 50-51, 55, 148, 155, 156, 159, 160, 165, and 170. These portions of this exhibit contain Cisco's confidential source code, discussions of related confidential third-party source code, as well as confidential information about Cisco's business development. | GRANTED as to Paragraphs ¶¶ 148, 155, 156, 160– 166, and 169–171; and 50-51, 55, 148, 155, 156, 159, 160, 165, and 170; and DENIED as to remainder. |
| Declaration of William M. Seifert in Support of Defendant Arista Networks, Inc.'s Opposition to Cisco's | Contains Arista confidential information at Paragraphs ¶¶ 90 (including footnote 78), 96 (including charts on Pages 43 | GRANTED as to Paragraphs ¶¶ 90 (including footnote 78), 96 (including charts on Pages 43 and 44), 97 (including |

| | | |
|---|---|---|
| Motion for Summary Judgment ("Seifert Decl.") Ex. 1 ("Seifert Expert Report") | and 44), 97 (including footnote 88), 98 (including footnotes 89–91), 99 (including footnote 92), 100(i), 100(ii) (including footnote 94), 100(iv) (including footnote 95), 100(v) (including footnote 97), 101, 103 (including footnote 106), 108, and 109. These excerpts from Mr. Seifert's report contain Arista's highly competitive business information. They cite and discuss customer sales presentations, which contain sensitive and non-public Arista sales and marketing strategies. Others discuss the results of product testing and confidential customer feedback, including the identities of those customers. In some cases, the excerpts recite detailed information about Arista's marketing responses to the preferences of specific segments of customers, along with sales information, all of which Arista protects as highly confidential. These excerpts also disclose sensitive market data and analysis used by Arista for competitive purposes.<br><br>Contains direct quotes and references to the transcript of the deposition of Philip Kasten as Juniper's corporate designee pursuant to a subpoena served on Juniper by Arista. The transcript reflects substantive discussion of the technical underpinnings and development of Juniper's | footnote 88), 98 (including footnotes 89–91), 99 (including footnote 92), 100(i), 100(ii) (including footnote 94), 100(iv) (including footnote 95), 100(v) (including footnote 97), 101, 103 (including footnote 106), 108, and 109, and portions quoting or referencing deposition of Philip Kasten, and DENIED as to remainder. |

| | | |
|---|---|---|
| | highly proprietary software. | |
| Declaration of Cate M. Elsten in Support of Defendant Arista Networks, Inc.'s Opposition to Cisco's Motion for Summary Judgment ("Elsten Decl.") Ex. 1 ("Elsten June 3 Report") | Contains Arista confidential information on Pages 9, 17, 22–23, as shown in the highlighted copy of the Expert Report. Those pages of Ms. Elsten's Expert Report on Market Harm contain non-public and sensitive business, product pricing, and actual and prospective customer information, including information about customer requirements and preferences regarding purchasing<br><br>Cisco supports the sealing of the highlighted portions of the following: page 7, the top of page 9, page 14, page 15, page 21, the top 2 lines and bottom 7 lines of page 22, pages 23-28, the top of page 32, and page 33. These portions of this exhibit contain confidential and sensitive information about Cisco's business development and technology as well as Cisco's competitive strategies. | GRANTED as to Pages 9, 17, 22–23; Page 7, the top of page 9, page 14, page 15, page 21, the top 2 lines and bottom 7 lines of page 22, pages 23-28, the top of page 32, and page 33; and DENIED as to remainder. |
| Elsten Decl. Ex. 2 ("Elsten Rebuttal Report") | Ms. Elsten's Rebuttal Report contains non-public and sensitive business, product pricing, and customer information, as well as sales and revenue data, and information about actual and prospective customer requirements and preferences regarding purchasing, all of which Arista maintains as highly confidential.  This exhibit also contains confidential and sensitive business and pricing information, confidential information about actual and | GRANTED |

United States District Court
Northern District of California

| | | |
|---|---|---|
| | prospective customers, as well as confidential data related to Cisco's sales and revenue. | |
| Declaration of Ryan Wong in Support of Defendant Arista Networks, Inc.'s Opposition to Cisco's Motion for Summary Judgment ("Wong Decl." or "Wong Declaration") Ex. 1 (Excerpts from Lougheed Deposition Transcript, 11/20/2015) | Cisco supports the sealing of 55:2-56:18, 95:9-99:14; 178:11-13. These portions of this exhibit contain details regarding the witness's personal work history, confidential Cisco licensing information and confidential source code. | GRANTED as to 55:2-56:18, 95:9-99:14; 178:11-13 and DENIED as to remainder. |
| Wong Decl. Ex. 2 (Excerpts from Satz Deposition Transcript) | The designating party, Cisco, does not seek the sealing of these exhibits. | DENIED |
| Wong Decl. Ex. 4 (Excerpts from Li Deposition Transcript) | Cisco supports the sealing of 9:21-23; 152:8-20; 227:19-22; 236:22-24. These portions of this exhibit contain details regarding the witness's home address, a detailed discussion of confidential technical information about Cisco's products, as well as confidential business information. | GRANTED as to 9:21-23; 152:8-20; 227:19- 22; 236:22-24 and DENIED as to remainder. |
| Wong Decl. Ex. 5 (Excerpts from Dell Corporate Deposition Transcript) | No supporting declaration filed. | DENIED |
| Wong Decl. Ex. 7 (Cisco email dated 8/2/2013) | The designating party, Cisco, does not seek the sealing of these exhibits. | DENIED |
| Wong Decl. Ex. 8 (Cisco email dated 10/6/2005) | The designating party, Cisco, does not seek the sealing of these exhibits. | DENIED |
| Wong Decl. Ex. 9 (compilation of documents) | Exhibits 9D, 9E, and 9F contains confidential information about Cisco competitive strategies and interactions with customers | GRANTED as to exhibits 9D, 9E, and 9F, and DENIED as to remainder. |
| Wong Decl. Ex. 11 (Excerpts from Lang Deposition Transcript | Cisco supports the sealing of pp. 254-255 of this exhibit. This portions of the exhibit contains details regarding confidential business information. | GRANTED as to pages 254-255 and DENIED as to remainder. |
| Wong Decl. Ex. 13 (Arista | A confidential, non-public | GRANTED |

| | | |
|---|---|---|
| internal presentation) | Arista presentation (with speaker notes included) that discloses sensitive strategic information about Arista's business operations, including target customers and markets, product lineups, and a breakdown of compensation structures for engineers (including benefits, and other financial data relating to compensation) | |
| Wong Decl. Ex. 14 (Arista internal presentation) | A confidential, non-public Arista presentation that discloses sensitive strategic information about Arista's business operations, including target customers and markets, and financial information (including revenue and growth projections) regarding those particular customers and markets | GRANTED |
| Wong Decl. Ex. 15 (compilation of deposition transcript excerpts and documents) | Cisco supports the sealing of pages 32-67 of part 1 of this exhibit and pages 1-28, and 33-34 of part 2 of this exhibit. Pages 32-67 of part 1 of this exhibit contain confidential information about Cisco's products, competitive strategies and product testing. | GRANTED as to pages 32-67 of part 1 of this exhibit and pages 1-28, and 33-34 of part 2 of this exhibit and DENIED as to remainder. |
| Wong Decl. Ex. 16 (Cisco email dated 1/20/2010) | This exhibit contains confidential information about Cisco competitive strategies and interactions with customers. | GRANTED |
| Wong Decl. Ex. 17 (Excerpts from Remaker Deposition Transcript, 3/31/2016) | Cisco supports the sealing of 27:1-29:25; 38:2-45:25; 50:2-57:25; 62:1-73:24; 82:1-85:19. These portions of this exhibit contain confidential details regarding Cisco's product development and source code | GRANTED as to 27:1-29:25; 38:2-45:25; 50:2-57:25; 62:1-73:24; 82:1-85:19 and DENIED as to remainder. |
| Wong Decl. Ex. 18 (Excerpts from Lougheed Deposition Transcript, | Cisco supports the sealing of 259:15-260:22; 261:18-22; 267:4-295:1; 296:23-298:16, | GRANTED as to 259:15-260:22; 261:18-22; 267:4-295:1; 296:23-298:16, |

| | | |
|---|---|---|
| 4/4/2016) | 346:18-374:18; 379:2-25. These portions of this exhibit contain details regarding the witness's personal work history, confidential Cisco licensing information and confidential source code. | 346:18-374:18; 379:2-25, and DENIED as to remainder. |
| Wong Decl. Ex. 19 (Cisco email dated 7/26/2006) | This exhibit contains confidential details regarding Cisco's product development. | GRANTED |
| Wong Decl. Ex. 20 (Excerpts from Liu Deposition Transcript) | Cisco supports the sealing of 8:11-19. This portion of the exhibit contains the witness's home address and personal email addresses and should be sealed to protect the witness's privacy. | GRANTED as to 8:11-19 and DENIED as to remainder. |
| Wong Decl. Ex. 21 (compilation of deposition transcript excerpts) | Cisco supports the sealing of 144:19-149:24 and 154:2-157:25 of the Li excerpt, starting on page 7 of the as-filed pdf; 123:24-125:15 of the Lougheed excerpt, starting an page 13 of the as-filed pdf; 231:21-262:25:25 of the Lougheed excerpt, starting on page 21 of the as-filed pdf; and 363:1-366:25 of the Lougheed excerpt, starting on page 26 of the as-filed pdf.  The specified portion of this exhibit discusses confidential source code and the confidential development of products. | GRANTED as to 144:19-149:24 and 154:2-157:25 of the Li excerpt, starting on page 7 of the as-filed pdf; 123:24-125:15 of the Lougheed excerpt, starting an page 13 of the as-filed pdf; 231:21-262:25:25 of the Lougheed excerpt, starting on page 21 of the as- filed pdf; and 363:1-366:25 of the Lougheed excerpt, starting on page 26 of the as-filed pdf; and DENIED as to remainder. |
| Wong Decl. Ex. 22 (Excerpts from Kavasseri Deposition Transcript) | Cisco supports the sealing of this exhibit as it contains confidential details regarding Cisco's product development and source code. | GRANTED |
| Wong Decl. Ex. 24 (Excerpts from Kathail Deposition Transcript) | The designating party, Cisco, does not seek the sealing of these exhibits. | DENIED |
| Wong Decl. Ex. 25 (Cisco presentation dated 10/21/2004) | This exhibit contains a detailed discussion of confidential technical information about Cisco's | GRANTED |

20

| | | |
|---|---|---|
| | products, as well as confidential business information. | |
| Wong Decl. Ex. 26 (Cisco email dated 1/12/1999) | This exhibit contains a detailed discussion of confidential technical information about Cisco's products, as well as confidential business information. | GRANTED |
| Wong Decl. Ex. 27 (Cisco internal document) | This exhibit contains a detailed discussion of confidential technical information about Cisco's products, as well as confidential business information. | GRANTED |
| Wong Decl. Ex. 28 (Cisco email dated 10/22/1997) | The designating party, Cisco, does not seek the sealing of these exhibits. | DENIED |
| Wong Decl. Ex. 29 (Excerpts from Patil Deposition Transcript) | Cisco supports the sealing of 8:13-9:1. This portion of the exhibit contains the witness's home address and should be sealed to protect the witness's privacy. | GRANTED as to 8:13-9:1 and DENIED as to remainder. |
| Wong Decl. Ex. 30 (Excerpts from Sweeney Deposition Transcript) | Excerpts discuss and disclose internal, non-public information regarding the development and development process of the Arista EOS software, including details regarding how certain technologies were integrated into Arista's products. | GRANTED |
| Wong Decl. Ex. 31 (Cisco internal document) | This exhibit contains a detailed discussion of confidential technical information about Cisco's products, as well as confidential business information. | GRANTED |
| Wong Decl. Ex. 32 (Cisco email dated 1/12/1999) | This exhibit contains a detailed discussion of confidential technical information about Cisco's products, as well as | GRANTED |

United States District Court
Northern District of California

21

| | | |
|---|---|---|
| | confidential business information. | |
| Wong Decl. Ex. 33 (Excerpts from Remaker Deposition Transcript, 3/30/2016) | Cisco supports the sealing of 8:17-18. This portion of the exhibit contains the witness's home address and should be sealed to protect the witness's privacy. | GRANTED as to 8:17-18 and DENIED as to remainder. |
| Wong Decl. Ex. 34 (Excerpts from Redlefsen Deposition Transcript) | The excerpts from Mr. Redlefsen's deposition transcript discuss and disclose internal, non-public information regarding the development and development process of the Arista EOS software. | GRANTED |
| Wong Decl. Ex. 36 (Excerpts from Black Deposition Transcript (Rough)) | The excerpts from Dr. Black's deposition transcript discuss and disclose non-public information regarding his review of highly confidential Arista and Cisco source code and discuss his analysis of their differences based on that analysis. | GRANTED |
| Wong Decl. Ex. 37 (Excerpts from the Opening Expert Report of Kevin Almeroth, dated June 3, 2016) | Cisco supports the sealing the first two sentences of paragraph 261. This portion of the exhibit contains information about Cisco's source code and related third-party source code, which relates to a confidential license. | GRANTED as to first two sentences of paragraph 261 and DENIED as to remainder. |
| Wong Decl. Ex. 38 (Excerpts from Juniper Networks Corporate Deposition of Philip Kasten) | The transcript reflects substantive discussion of the technical underpinnings and development of Juniper's highly proprietary software. | GRANTED |
| Wong Decl. Ex. 41 (Excerpts from HewlettPackard Enterprise Corporate Deposition of Balaji Venkatraman) | No supporting declaration filed. | DENIED |
| Wong Decl. Ex. 42 (Brocade FastIron Manual) | No supporting declaration filed. | DENIED |
| Wong Decl. Ex. 43 (Brocade FAQ document) | The designating party, Cisco, does not seek the sealing of | DENIED |

| | | |
|---|---|---|
| | these exhibits. | |
| Wong Decl. Ex. 44 (Cisco presentation dated June 1, 2007) | The designating party, Cisco, does not seek the sealing of these exhibits. | DENIED |
| Wong Decl. Ex. 45 (Cisco manual) | This exhibit contains confidential information about Cisco's competitive strategies and would cause substantial harm to Cisco if disclosed publicly. | GRANTED |
| Wong Decl. Ex. 46 (Cisco NextHop document) | The designating party, Cisco, does not seek the sealing of these exhibits. | DENIED |
| Wong Decl. Ex. 47 (Cisco HP document) | The designating party, Cisco, does not seek the sealing of these exhibits. | DENIED |
| Wong Decl. Ex. 48 (Excerpts from Malik Deposition Transcript) | Cisco seeks to seal 14:11-13 This portion of the exhibit contains the personal address of the witness which should be sealed to protect the witness's privacy. | GRANTED as to 14:11-13 and DENIED as to remainder. |
| Wong Decl. Ex. 49 (Cisco presentation) | The designating party, Cisco, does not seek the sealing of these exhibits. | DENIED |
| Wong Decl. Ex. 50 (Cisco metadata for the document immediately above) | The designating party, Cisco, does not seek the sealing of these exhibits. | DENIED |
| Wong Decl. Ex. 51 (Excerpts from Hartingh Deposition Transcript) | Cisco supports the sealing of 30:1-33:25 and 178:1- 180:9. These portions of this exhibit contain confidential details regarding Cisco's competitive strategies and competitive intelligence practices. | GRANTED as to 30:1-33:25 and 178:1- 180:9 and DENIED as to remainder. |
| Wong Decl. Ex. 52 (Excerpts from Pletcher Deposition Transcript) | Cisco supports the sealing of 99:4-105:25. These portions of this exhibit contain confidential details regarding Cisco's competitive strategies and competitive intelligence practices. | GRANTED as to 99:4- 105:25 and DENIED as to remainder. |
| Wong Decl. Ex. 53 (Cisco email dated 7/11/2002) | This exhibit contains confidential information about Cisco's product architecture and competitive strategies. | GRANTED |
| Wong Decl. Ex. 54 (Cisco | The designating party, Cisco, | DENIED |

United States District Court
Northern District of California

| | | |
|---|---|---|
| email dated 4/15/2008) | does not seek the sealing of these exhibits. | |
| Wong Decl. Ex. 55 (Cisco email dated 7/8/2005) | This exhibit contains confidential information about Cisco's product development and customer interactions. | GRANTED |
| Wong Decl. Ex. 56 (Cisco product requirements document) | This exhibit contains confidential details regarding Cisco's product development. | GRANTED |
| Wong Decl. Ex. 57 (Cisco email dated 4/15/2008) | This of this exhibit contains confidential details regarding Cisco's product development. | GRANTED |
| Wong Decl. Ex. 58 (Cisco document dated 12/7/2011) | The designating party, Cisco, does not seek the sealing of these exhibits. | DENIED |
| Wong Decl. Ex. 59 (Cisco document dated 10/24/2001) | This exhibit contains confidential information about Cisco's market share and competitive strategies. | GRANTED |
| Wong Decl. Ex. 60 (Cisco presentation dated 6/20/2012) | The designating party, Cisco, does not seek the sealing of these exhibits. | DENIED |
| Wong Decl. Ex. 61 (Cisco letter to Stanford dated 12/18/2002) | This exhibit contains confidential information about a license. | GRANTED |
| Wong Decl. Ex. 62 (compilation of deposition transcript excerpts) | Cisco supports the sealing of 55:2-56:18 and 359:4-396:25 of the Lougheed excerpt, and 9:21-23 of the Li excerpt. The specified portion of the Lougheed excerpt contains a discussion of source code. The specified portion of the Li excerpt contains the witness's home address and should be sealed to protect the privacy of the witness. | GRANTED as to 55:2-56:18 and 359:4-396:25 of the Lougheed excerpt, and 9:21-23 of the Li excerpt, and DENIED as to remainder. |
| Wong Decl. Ex. 63 (compilation of deposition transcript excerpts) | Cisco supports the sealing of 9:21-23 of the Li excerpt and 8:11-19 of the Liu excerpt. These excerpts contain the home address and personal email addresses of the witnesses and should be sealed to protect the privacy of the witnesses. | GRANTED as to 9:21-23 of the Li excerpt and 8:11-19 of the Liu excerpt, and DENIED as to remainder. |
| Wong Decl. Ex. 64 | No supporting declaration | DENIED |

United States District Court
Northern District of California

| (compilation of documents) | filed. | |

**D.   ECF 393**

| Identification of Documents to be Sealed | Description of Documents | Court's Order |
|---|---|---|
| Arista's Reply in Support of Arista's Motion for Partial Summary Judgment | No supporting declaration filed. | DENIED |

**E.   ECF 396**

| Identification of Documents to be Sealed | Description of Documents | Court's Order |
|---|---|---|
| Cisco's Reply in Support of its Motion for Partial Summary Judgment | Cisco's reply brief at page 4:4–10 and page 11:23–12:3 quotes from or describes Exhibit 8 below.<br><br>Cisco's reply brief at page 10:25–11:4 quotes from or paraphrases Exhibit 1 below. | GRANTED as to 4:4-10 and 11:23-12:3; and 10:25-11:4 and DENIED as to remainder. |
| Exhibit 1 to the Declaration of John M. Neukom in Support of Cisco's Reply in Support of its Motion for Partial Summary Judgment | The excerpts from Mr. Sweeney's deposition transcript discuss and disclose internal, non-public information regarding the development and development process of the Arista EOS software, including details regarding how certain technologies were integrated into Arista's products. | GRANTED |
| Exhibit 2 to the Declaration of John M. Neukom in Support of Cisco's Reply in Support of its Motion for Partial Summary Judgment | The charts contained in Exhibit 2 list the non-public names of Arista engineers involved in product development and the non-public development history of Arista's software. | GRANTED |
| Exhibit 3 to the Declaration of John M. Neukom in Support of Cisco's Reply in Support of its Motion for Partial Summary Judgment | Contains competitively sensitive discussions concerning Arista's internal product development process, including the tools Arista uses to develop its products, Arista's sales strategies, and Arista's analyses of its competitors. | GRANTED |
| Exhibit 4 to the Declaration of John M. Neukom in Support of Cisco's Reply in Support of its | Contains competitively sensitive discussions concerning Arista's internal | GRANTED |

United States District Court
Northern District of California

25

United States District Court
Northern District of California

| | | |
|---|---|---|
| Motion for Partial Summary Judgment | product development process, the inner workings of its products and their technological capabilities, Arista's strategies for winning customers, opinions concerning customer demands, and Arista's analyses of its competitors. | |
| Exhibit 5 to the Declaration of John M. Neukom in Support of Cisco's Reply in Support of its Motion for Partial Summary Judgment | Contains competitively sensitive discussions concerning Arista's competitive analyses and testing, customer demands, sales strategies, and the inner workings of Arista products | GRANTED |
| Exhibit 6 to the Declaration of John M. Neukom in Support of Cisco's Reply in Support of its Motion for Partial Summary Judgment | Contains competitively sensitive discussion of Arista's internal deliberations concerning the design of its software, Arista's software and source code design policies, strategies for keeping and winning customers, and internal discussions concerning and analyzing sales. | GRANTED |
| Exhibit 7 to the Declaration of John M. Neukom in Support of Cisco's Reply in Support of its Motion for Partial Summary Judgment | Contains competitively sensitive discussion of Arista's internal deliberations concerning the design of its software, opinions concerning customer demand and sales strategies, and the inner workings and technological capabilities of Arista's products. | GRANTED |
| Exhibit 8 to the Declaration of John M. Neukom in Support of Cisco's Reply in Support of its Motion for Partial Summary Judgment | Contains the entirety of the CONFIDENTIAL VERSION of the International Trade Commission's Opinion in In the Matter of Certain Network Devices, Related Software, and Components Thereof (I), Investigation No. 337-TA-944. It is replete with competitively sensitive confidential business information related to, among other things, the operation of | GRANTED |

| | Arista's products that was provided to the U.S. International Trade Commission under an Administrative Protective Order. | |
|---|---|---|

## III.    ORDER

For the foregoing reasons, the sealing motions at ECF 331, 371, 378, 393, 396 are GRANTED IN PART and DENIED IN PART. Under Civil Local Rule 79-5(e)(2), for any request that has been denied because the party designating a document as confidential or subject to a protective order has not provided sufficient reasons to seal, the submitting party must file the unredacted (or lesser redacted) documents into the public record no earlier than 4 days and no later than 10 days form the filing of this order.

**IT IS SO ORDERED.**

Dated:  August 24, 2016

BETH LABSON FREEMAN
United States District Judge