

**RODERICK M. THOMPSON**
rthompson@fbm.com
D 415.954.4445

August 25, 2016

*VIA ECF*

Hon. Beth Labson Freeman
United States District Judge
Courtroom 3, 5th Floor
280 South 1st Street, San Jose, CA 95113

      Re:    *Cisco Systems, Inc. v. Arista Networks, Inc.*, Case No. 14-cv-5344-BLF
             Omnibus Order Regarding Sealing Motions to Motions for Summary Judgment
            (ECF No. 487)

Dear Judge Freeman:

      Third party Dell Inc. writes to request clarification of the Court's Omnibus Order Regarding Sealing Motions to Motions for Summary Judgment (ECF No. 487) ("Sealing Order"). Specifically, Dell requests clarification regarding the sealing of Exhibit 1 to the Declaration of John R. Black Jr. in Support of Defendant Arista Networks, Inc.'s Opposition to Cisco's Motion for Summary Judgment and Arista's Summary Judgment Motion (ECF No. 381-1) ("Black Declaration") and Exhibit 5 to the Declaration of Ryan Wong in Support of Defendant Arista Networks, Inc.'s Opposition to Cisco's Motion for Summary Judgment (ECF No. 378-8) ("Wong Declaration").

      Dell respectfully requests that the Court amend its order to clarify that a single-word reference to a confidential customer name on page 142, paragraph 298 of Exhibit 1 to the Black Declaration and page 50, line 6 and page 54, line 12 of Exhibit 5 to the Wong Declaration should be sealed. Exhibit 5 to the Wong Declaration comprises excerpts from the deposition of Gavin Cato, Dell's 30(b)(6) Corporate Representative in this matter. On the page and line numbers listed above, Mr. Cato states the confidential identity of one of the customers of his former employer. Paragraph 298 of Exhibit 1 to the Black Declaration references Mr. Cato's testimony, including the identity of this customer. Dell requests that the Court order the single-word references to the identity of this customer sealed.

      The Sealing Order denies Arista's administrative motion to seal Exhibit 5 to the Wong Declaration because "[n]o supporting declaration [was] filed." ECF No. 487 at 18:16-18. Presumably, paragraph 298 of Exhibit 1 to the Black Declaration is not among those ordered sealed by the Court for the same reason. *See id.* at 14:10-18.

Hon. Beth Labson Freeman
August 25, 2016
Page 2



      However, Dell did file my declaration supporting the sealing of this material, the Declaration of Roderick M. Thompson On Behalf of Third Party Dell Inc. In Support of Arista Network, Inc.'s Administrative Motion to File Documents Under Seal (ECF No. 390) ("Thompson Declaration").  On reviewing the docket, it appears Dell hyperlinked the Thompson Declaration back to an incorrect docket entry, and this may be the reason why the Court overlooked the declaration when preparing the Sealing Order.  This mistake was inadvertent, and Dell's counsel regrets any inconvenience or confusion this may have caused the Court.  We respectfully request that the Court order the sealing of the confidential customer name.

                                                 Respectfully submitted,

                                                 */s/ Roderick M. Thompson*

                                                 Roderick M. Thompson

RMT

32471\5581507.1