# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS INC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ARISTA NETWORKS, INC.,<br><br>　　　　Defendant. | Case No.  14-cv-05344-BLF<br><br>**MODIFIED ORDER REGARDING DEFENDANT'S SEALING MOTION**<br><br>[Re:  ECF 379] |

This order modifies the Court's prior order, ECF 488, pursuant to a letter from Third Party Dell, Inc. ("Dell"), directing the Court to a declaration in support of Defendant's motion to file under seal.  ECF 390, 489.  For the reasons stated below, the motion is GRANTED IN PART AND DENIED IN PART.

**I.   LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016).  Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause."  *Id*. at 1097.  In addition, sealing motions filed in this district must be "narrowly tailored to seek sealing only of sealable material."  Civil L.R. 79-5(b).  A party moving to seal a document in whole or in part must file a declaration establishing that the identified material is "sealable."  Civ. L.R. 79-5(d)(1)(A).  "Reference to a stipulation or protective

1   order that allows a party to designate certain documents as confidential is not sufficient to

2   establish that a document, or portions thereof, are sealable." *Id*.

3   ## II.   DISCUSSION

4   The Court has reviewed the sealing motion and Dell's declaration in support thereof. The

5   Court finds that Dell has articulated compelling reasons to seal certain portions of the submitted

6   documents. The proposed redactions are also narrowly tailored. The table below sets forth the

7   Court's rulings on the sealing request directed to only two of the documents. The Court's prior

8   order, ECF 488, governs the other documents to be sealed not addressed below.

### A.   ECF 378, 379

| Identification of Documents to be Sealed | Description of Documents | Court's Order |
|---|---|---|
| Declaration of John R. Black Jr. in Support of Defendant Arista Networks, Inc.'s Opposition to Cisco's Motion for Summary Judgment and Arista's Summary Judgment Motion ("Black Decl.") Ex. 1 ("Black Opening Report") | Dell supports the sealing of a redacted portion of paragraph 298 on page 142. ECF 390-2. The portion contains confidential customer information. | GRANTED as to the redacted portion of paragraph 298 on page 142; *see* prior order, ECF 488, as to remainder. |
| Wong Decl. Ex. 5 (Excerpts from Dell Corporate Deposition Transcript) | Dell supports the sealing of redacted portions at line 6 of page 50 and line 12 of page 54. ECF 390-1. The portions contain confidential customer information. | GRANTED as to the redacted portions at line 6 of page 50 and line 12 of page 54 and DENIED as to remainder. |

**IT IS SO ORDERED.**

Dated: August 26, 2016

_____
BETH LABSON FREEMAN
United States District Judge