KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
BRIAN L. FERRALL - #160847
DAVID SILBERT - #173128
MICHAEL S. KWUN - #198945
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    (415) 391-5400
Email:  rvannest@kvn.com;
bferrall@kvn.com; dsilbert@kvn.com;
mkwun@kvn.com

SUSAN CREIGHTON, SBN 135528
SCOTT A. SHER, SBN 190053
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C., 20006-3817
Telephone:  (202) 973-8800
Email:  screighton@wsgr.com;
ssher@wsgr.com

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ARISTA NETWORKS, INC.,<br><br>Defendant. | Case No. 5:14-cv-05344-BLF (NC)<br><br>**DECLARATION OF RYAN K. WONG IN SUPPORT OF DEFENDANT ARISTA NETWORKS, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL IN CONNECTION WITH ITS REPLY IN SUPPORT OF ITS MOTION TO STRIKE EXPERT OPINIONS AND TESTIMONY OF DR. KEVIN C. ALMEROTH**<br><br>Judge:      Hon. Beth Labson Freeman<br><br>Date Filed:  December 5, 2014<br><br>Trial Date:  November 21, 2016 |

1101574

I, RYAN K. WONG, declare and state as follows:

1.      I am an attorney licensed to practice law in the State of California and admitted to practice before this Court.  I am an associate at the law firm of Keker & Van Nest, LLP and counsel for Defendant Arista Networks, Inc. ("Arista") in the above-captioned action.  I have personal knowledge of the facts stated herein and, if called as a witness, I could testify competently thereto.

2.      I submit this declaration in support of Arista's Administrative Motion to File Under Seal Confidential Information and Documents Submitted with its Reply in Support of its Motion to Strike Expert Opinions and Testimony of Dr. Kevin C. Almeroth.

3.      I understand that Arista's Reply in Support of its Motion to Strike Expert Opinions and Testimony of Dr. Kevin C. Almeroth relates to a non-dispositive motion.  In this context, I understand that materials may be sealed so long as the party requesting the sealing order makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c).  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003)).  In addition, I understand that Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" ( *i.e.*, that the document is "sealable").  Civil L.R. 79-5(b).  The sealing request must also "be narrowly tailored to seek sealing only of sealable material."  *Id.*

4.      Arista seeks to seal the following material:

| Document | Portions of Document to be Sealed |
|---|---|
| Defendant Arista Networks, Inc.'s Reply in Support of its Motion to Strike Expert Opinions and Testimony of Dr. Kevin C. Almeroth | Highlighted portions |

5.      Good cause exists to file under seal the following highlighted material in the foregoing document:  (1) *Highlighted text at Page 5, lines 7 through 11*; and (2) *Highlighted text at Page 5, lines 17*.  Those portions of the foregoing document discuss and purport to summarize

1

1101574

1    highly confidential Arista witness statements, as well as internal and highly confidential Arista

2    emails and documents, discussing the design and development of Arista software, and Arista's

3    marketing and sales strategies, product testing and feature development, and overall product

4    development strategies, all of which is sensitive and highly confidential business information to

5    Arista.  *See Apple v. Samsung*, 727 F.3d 1214, 1221–22 (Fed. Cir. 2013) (sealing is appropriate

6    even under the compelling standards threshold if the release of the information will cause

7    competitive harm to a business); *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011)

8    ("The publication of materials that could result in infringement upon trade secrets has long been

9    considered a factor that would overcome this strong presumption."); *see also Nixon v. Warner*

10   *Commc'n, Inc.*, 435 U.S. 589, 598 (1978) ("common-law right of inspection has bowed before the

11   power of a court to insure that its records" are not used as "sources of business information that

12   might harm a litigant's competitive standing"); *Ovonic Battery Co. v. Sanyo Elec. Co.*, Case

13   No. 14-cv-01637, 2014 WL 2758756, at *2-3 (N.D. Cal. June 17, 2014) (where public disclosure

14   of business information could harm a litigant's competitive standing by placing it "in a

15   diminished bargaining position in future negotiations with potential customers and competitors,"

16   the records should be sealed).

17        6.        For the remaining highlighted portions of Arista's Reply in Support of its Motion

18   to Strike Expert Opinions and Testimony of Dr. Kevin C. Almeroth that I have not specifically

19   identified in the prior paragraph, Arista is submitting that material under seal because they discuss

20   or quote from Dr. Kevin C. Almeroth's deposition testimony and expert reports, which have been

21   designated by Cisco as "Highly Confidential – Attorney's Eyes Only" under the Protective Order.

22   I understand that Cisco may file a declaration under Civil Local Rule 79-5(e)(1) to attempt to

23   establish good cause to submit any of that information in the foregoing document under seal.

24   Arista takes no position as to whether any Cisco-designated confidential material should be filed

25   under seal.

26        ////

27        ////

28        ////

2

1101574

1    Executed August 26, 2016, at San Francisco, California.

2    I declare under penalty of perjury under the laws of the United States of America that the

3    foregoing is true and correct.

4

5

6    _____

7    RYAN K. WONG

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

1101574