Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Steven Cherny (*admitted pro hac vice*)
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ARISTA NETWORKS, INC., <br><br> Defendant. | CASE NO. 5:14-cv-5344-BLF <br><br> **CISCO SYSTEMS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE OPINION TESTIMONY OF DOUGLAS W. CLARK** <br><br> Date:  September 9, 2016 <br> Time:  9:00 a.m. <br> Dep't:  Courtroom 3, 5th Floor <br> Judge:  Hon. Beth Labson Freeman <br><br> Date Filed:  December 5, 2014 <br><br> Trial Date:  November 21, 2016 |

Plaintiff Cisco Systems, Inc. ("Cisco") hereby respectfully submits this reply in support of its Motion to Exclude Expert Opinions Testimony From Defendant Arista Networks, Inc.'s ("Arista") Expert Dr. Douglas Clark (Dkt. 428 ("Motion" or "Mot.")) and in response to Arista's Opposition thereto.  Dkt. 465 ("Opposition" or "Opp.").

## I.    INTRODUCTION

There is no dispute that, as presented in Dr. Clark's sole expert report addressing invalidity of the '526 Patent, Dr. Clark failed to offer opinions that apply or account for this Court's claim construction order.  Dr. Clark clearly admitted as much at his deposition.  Dr. Clark therefore has no admissible or relevant invalidity opinions to offer at trial.  Because Arista's Opposition does not seriously dispute these points, and instead argues that Dr. Clark's opinions should not be excluded for other irrelevant reasons such as the case schedule, Cisco respectfully submits that its Motion should be granted.  Dr. Clark's opinions regarding invalidity of the '526 patent should be excluded in their entirety.

## II.    ARGUMENT

### A.    Dr. Clark's Invalidity Opinions Fail To Apply The Court's Claim Constructions And Should Be Excluded

There is no genuine dispute that Dr. Clark's expert reports do not disclose invalidity opinions that apply the Court's claim constructions.  Arista's Opposition concedes this point, admitting that Cisco elicited "testimony that Dr. Clark's opening report did not apply the Court's claim construction order."  Opp. at 2, 4.  Nevertheless, Arista seeks to avoid the problems with Dr. Clark's inadmissible opinions by claiming that Dr. Clark did "precisely what Cisco's infringement expert did."  Opp at 4.  But that is not true.  Cisco's infringement expert Dr. Jeffay offered opinions in this reports that apply the Court's claim construction order, which Dr. Clark admitted he failed to do.  Mot. at 3-4.  Arista's reliance on boilerplate language from Dr. Clark's report that he "reserved the right to modify his opinion" carries no weight in light of the fact that Dr. Clark had an opportunity to offer those opinions but chose not to.  Mot. at 5.

Arista also argues that Dr. Clark should not be excluded because Dr. Clark "was prepared to opine on invalidity in light of the Court's claim construction."  Opp. at 4-5.  This argument fails

as well.  There is no dispute that Dr. Clark's expert reports do not contain those opinions.  And it is Dr. Clark's expert reports that set forth the metes and bounds of his opinions—not his undisclosed beliefs that he may have "prepared" in anticipation of his deposition.  Fed. R. Civ. Proc. 26(a)(2)(B)(i) (requiring an expert report to contain "a complete statement of all opinions the witness will express and the basis and reasons for them").  Being "prepared" to provide brand new, supplemental opinions live at a deposition does not comply with Federal Rule of Civil Procedure 26 or Federal Rules of Evidence 401, 403, and 702.  *See Hambrook v. Smith*, No. 14-00132 ACK-KJM, 2016 WL 4084110, at *3 (D. Haw. Aug. 1, 2016) ("Rule 26(a)(2) does not allow parties to cure deficient expert reports by supplementing them with later deposition testimony.") (quoting *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 642 (7th Cir. 2008)).

Further, contrary to Arista's assertions, Arista's claim that Dr. Clark could have, but chose not to, render opinions under the Court's claim construction order is not a "red herring."  Opp. at 5.  It is precisely the reason why Arista's "scheduling" complaints are meritless.  *Id.* at 1-5.  Dr. Clark had every opportunity to submit an expert report in compliance with Federal Rule of Civil Procedure 26 but he failed to do so.  Mot. 4-5 (citing Clark Tr. at 14:14-15:8 ("Q. You submitted a rebuttal report—report that applied the Court's claim construction, right? A. Yes. Q. And in that report did you address your invalidity analysis? A. No. Q. Why not? A. I was not asked to.")).  Dr. Clark did, in fact, submit an expert report after this Court's claim construction issued but before the close of expert discovery.  Mot. at 3.  That report, however, did not offer any invalidity opinions applying this Court's claim constructions.  *Id.*  Accordingly, there simply is no merit to any of the "scheduling" arguments that Arista appears to be relying on in order to suggest that Dr. Clark could not have submitted an admissible expert report.  Opp. at 1-3, 5.

**B.    Dr. Clark's "Caveat" Does Not Address the Court's Claim Constructions, and Is Inadmissible in Any Event**

Arista seeks to salvage Dr. Clark's invalidity opinions by relying on a "caveat" recited in a single clause in Dr. Clark's invalidity report that reads:  "To the extent Cisco reads this limitation as *not* requiring every single element of the tree to have a corresponding at least one command action value, it is my opinion that IOS 12 practiced this claim limitation…."  Opp. at 6 (emphasis

1  in original).  This statement does nothing to cure Dr. Clark's failure to provide opinions under the

2  Court's claim constructions.  It was not aimed at addressing different potential claim

3  constructions, including those that the Court eventually adopted.  Even accepted as true, the

4  "caveat" does not remedy Dr. Clark's failure to provide any opinions under the Court's claim

5  construction order.

6          Instead, this "caveat" merely repeats language from the asserted claims.  *Compare* '526

7  Patent at Cl. 1 ("the command parse tree having elements each specifying at least one

8  corresponding generic command component and a corresponding at least one command action

9  value") *with* ECF 431-12 Opening Expert Rpt. of Douglas W. Clark Re Invalidity of U.S. Patent

10  No. 7,047,526) (hereafter "Clark Rpt.") ¶ 77 ("To the extent Cisco reads this limitation as *not*

11  requiring every single element of the tree to have a corresponding at least one command action

12  value, it is my opinion that IOS 12 practiced this claim limitation…").  Dr. Clark's "caveat"

13  argues that if Cisco does not require "every single element of the tree to have a corresponding at

14  least one command action value" then he maintains the claims are invalid based on some certain

15  prior art.  This "caveat" does nothing to disclose invalidity opinions under the Court's claim

16  construction order.  Nor is the condition set forth in the caveat even satisfied.  Cisco's

17  infringement theory dutifully complies with the limitation that "the command parse tree having

18  elements each specifying at least one corresponding generic command component and a

19  corresponding at least one command action value," including identifying for every single element

20  of the tree, a corresponding at least one command action value.  Thus, Dr. Clark's "caveated"

21  analysis is not even applicable.

22          In any event, expert opinions "caveated" or conditioned on an opposing party's

23  infringement allegations are improper under Rule 702.  "Experts must undertake their own

24  analyses and may not blindly rely on the opinions of others."  *Genband US LLC v. Metaswitch*

25  *Networks Corp.*, 2:14-cv-00033-JRG-RSP, Dkt. 370, Slip. Op. at 5 (E.D. Tex. Sept. 30 2015)

26  ("[A]n expert may not offer an opinion she believes to be incorrect or unreliable.  The expert must

27  apply her expertise to 'assess the validity' of each opinion she offers and endorse it.") (citing *In re*

28

*TMI Litig.*, 193 F.3d 613, 716 (3d Cir. 1999) (an expert's "failure to assess the validity of the opinions of the experts he relied upon together with his unblinking reliance on those experts' opinions, demonstrates that the methodology he used to formulate his opinion was flawed under *Daubert* as it was not calculated to produce reliable results.")).  In *Genband*, the court excluded expert invalidity opinions where, like here, the expert conditioned his opinions on the plaintiff's infringement theories.  *Id.*  Excluding the expert's opinions, the *Genband* court explained:

> [I]f an expert disagrees with the principles and methods embodied in an adverse party's infringement theory, that expert is not permitted under Rule 702 to apply the adverse party's infringement theory to affirmatively conclude that the patent is invalid.  Likewise, if Expert A disagrees with the methodology employed by Expert B, then Expert A is not permitted to apply Expert B's methodology to arrive at conclusions she does not endorse. … [T]he key distinction is whether the expert has independently assessed the proffered opinion and endorsed it as reliable.  If Metaswitch's expert disagrees with Genband's infringement theories, then Metaswitch's expert may not rely on Genband's infringement theories to support an affirmative opinion that the patent is invalid.

*Genband*, 2:14-cv-00033-JRG-RSP, Dkt. 370, Slip. Op. at 5.  Here, Clark's "caveat" explicitly relies on *Cisco's* infringement contention (and an inaccurate summary of it at that) as a condition.  But Dr. Clark never agreed with that contention or "independently assessed" it or "proffered an opinion endorsing" it.  *Id.*  In fact, both Arista and Dr. Clark explicitly disagreed with it.  Accordingly, Dr. Clark's "caveat" is not an admissible, reliable invalidity opinion and it should be excluded.

Arista's reliance on *Peters v. Active Mfg. Co.*, 129 U.S. 530, 537 (1889) for the proposition "[t]hat which infringes, if later, would anticipate, if earlier" is irrelevant.  Opp. at 6.  Whether "a product which would literally infringing if later in time anticipates if earlier" is not the dispute before the Court.  *Id.*  Neither Dr. Clark nor Arista is contending the accused products invalidate the claims.  Cisco instead challenges the ***reliability of Dr. Clark's opinions***, which (as explained above) impermissibly rely on opinions and contentions from Cisco that Dr. Clark disagrees with, mischaracterizes, and never independently assesses.  The Court should therefore ignore Arista's attempt to confuse the issues.  The Court should, instead, focus on the crucial admissions from Arista and Dr. Clark confirming that Dr. Clark has offered no invalidity opinions applying this

1  Court's claim constructions.  Opp. at 3 (quoting Clark Tr. at 131:25-132:8 ("Q. Now that we have

2  the Court's claim construction order, you don't have any invalidity opinions sitting here today

3  under the Court's claim construction order, right?  A. I want to say if I'm right in my

4  interpretation of the Court's claim constructions, then I don't.")).

5  **III.    <u>CONCLUSION</u>**

6       For the foregoing reasons, Cisco's respectfully requests that its Motion to Exclude the

7  Opinion Testimony of Douglas W. Clark be granted.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  August 26, 2016

Respectfully submitted,

*/s/* John M. Neukom

Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Steven Cherny *admitted pro hac vice*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*