| | |
|---|---|
| Kathleen Sullivan (SBN 242261)<br>kathleensullivan@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100<br><br>Sean S. Pak (SBN 219032)<br>seanpak@quinnemanuel.com<br>Amy H. Candido (SBN 237829)<br>amycandido@quinnemanuel.com<br>John M. Neukom (SBN 275887)<br>johnneukom@quinnemanuel.com.<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>Mark Tung (SBN 245782)<br>marktung@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100 | Steven Cherny *(admitted pro hac vice)*<br>steven.cherny@kirkland.com<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br><br>Adam R. Alper (SBN 196834)<br>adam.alper@kirkland.com<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, California 94104<br>Telephone: (415) 439-1400<br>Facsimile: (415) 439-1500<br><br>Michael W. De Vries (SBN 211001)<br>michael.devries@kirkland.com<br>KIRKLAND & ELLIS LLP<br>333 South Hope Street<br>Los Angeles, California 90071<br>Telephone: (213) 680-8400<br>Facsimile: (213) 680-8500 |

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>        Plaintiff,<br><br>  vs.<br><br>ARISTA NETWORKS, INC.,<br><br>        Defendant. | CASE NO. 5:14-cv-5344-BLF (NC)<br><br>**CISCO'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE EXPERT OPINION TESTIMONY FROM DEFENDANT'S EXPERT DR. JOHN BLACK**<br><br><u>**REDACTED VERSION**</u><br><br>Date: September 9, 2016<br>Time: 9:00 a.m.<br>Dept: Courtroom 3 - 5th Floor<br>Judge: Hon. Beth Labson Freeman |

Plaintiff Cisco Systems, Inc. ("Cisco") hereby respectfully submits this reply in support of its Motion to Exclude Expert Opinions Testimony From Defendant Arista Networks, Inc.'s ("Arista") Expert Dr. John Black (Dkt. 427 ("Motion" or "Mot.")) and in response to Arista's Opposition thereto.  Dkt. 463 ("Opposition" or "Opp.").

## I. INTRODUCTION

Arista's Opposition fails to overcome the many deficiencies with Dr. Black's opinions relating to his litigation-created *de facto* industry standard command line interface ("CLI") theory.  Dr. Black is not qualified to offer such opinions, and his opinions are neither reliable nor relevant to any issue in this case.

## II. ARGUMENT

### A. Dr. Black Is Unqualified To Offer Opinions About A *De Facto* Industry Standard CLI

Dr. Black is not an expert in industry standards.  He may be a qualified computer scientist with expertise to provide technical opinions about what a CLI is and how one operates or about cryptography and security.  But providing an expert opinion about a purported *de facto* industry standard CLI is far afield of his computer science expertise.  Nevertheless, the Opposition argues that Dr. Black is qualified to offer these opinions based on his (i) "hands-on experience" using CLIs, and (ii) "knowledge of industry standards" generally.  Opp. at 3-4.  Neither argument provides the expertise required to support Dr. Black's opinions.  First, Dr. Black's "hands-on" experience using CLIs or teaching courses about Routing Information Protocol ("RIP") or Ethernet protocols does not qualify Dr. Black as an expert to testify knowledgably and reliably about industry-wide usage patterns over decades, let alone that those alleged usages formed (at some unknown time) a *de facto* industry standard.  Opp. at 3.  In order to offer opinions based on "experience" the experience must have a relevant connection to the opinions offered.  *Pyramid Techs., Inc. v. Hartford Cas. Ins. Co.*, 752 F.3d 807, 816–17 (9th Cir. 2014) ("An expert opinion is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience ***of the relevant discipline***.") (internal quotation marks and citation omitted).  Here, Dr. Black's "experience" using a CLI or teaching a course using a Cisco router is unrelated to his opinions

1  relating to the purported existence of a *de facto* industry standard CLI.  Using a handful of
2  vendors' CLIs does not qualify Dr. Black to opine as an expert on industry standards.  Further, Dr.
3  Black did not use the CLIs of every vendor in the industry let alone every vendor that he claims
4  adopted his so-called *de facto* industry standard CLI.  Opp. at 3.  Neither does the Opposition
5  contend that Dr. Black has ever been employed by any of the networking vendors in the relevant
6  industry or gained any relevant experience assessing industry-wide practices.  *Id.*  Dr. Black's
7  actual experience using a few CLIs or teaching courses using Cisco routers and CLI commands
8  thus does not qualify him to offer his *de facto* industry standard opinions.
9      Second, Dr. Black's general "knowledge" of industry standards does not make him an
10 expert in *de facto* industry standards.  ███████████████████████████████████████
11 ███████████████████████████████████████████████████████████████████████████████
12 ███████████████████████████████████████████████████████████████████████████████
13 ████████████  ██████████████████████████████████████████████████████████████████
14 ███████████████████████████████████████████████████████████████████████████████
15 ███████████████████████████████████████████████████████████████████████████████
16 ██████████  Moreover, it is undisputed that ███████████████████████████████████
17 ███████████████████████████████████████████████████████████████████████████████
18 ████████████████████████████████████████████  Dr. Black testified that ██████████
19 ███████████████████████████████████████████████████████████████████████████████
20 ███████████████████████████████████████████████████████████████████████████████
21 ██████████████████████████████
22     Lastly, the two IETF RFCs that "mention" Dr. Black's name are completely irrelevant to
23 the technology at issue in his case as well as Dr. Black's *de facto* industry standard CLI opinions.
24 RFC 4493 is a cryptography-related "memo" from 2006 and specifically says that "[i]t does not
25 specify an Internet standard of any kind."  Mot. at 4.  RFC 449 references Dr. Black's name as a
26 person affiliated with certain cryptography technology, but Dr. Black is not the author of RFC

---

[1] The one professional organization Dr. Black has been loosely associated with (Opp. at 4) does not change the analysis, as explained in the Motion.  Mot. at 4.

1  4493, which the Opposition fails to mention.  *Id.*  Dr. Black also did not author RFC 4494, which

2  is another 2006 security-related "memo" that has nothing to do with CLIs or the so-called *de facto*

3  industry standard CLI.  Mot. at 4.  Accordingly, the Court should not overlook the fact that Dr.

4  Black has no qualifications or expertise to provide opinions about *de facto* industry standards, and

5  the fact that he has a computer science degree or has written papers on unrelated topics such as

6  Internet security do not make up for those failures.  Mot. at 3-4.

       **B.**     **Dr. Black's *De Facto* Industry Standard Opinions Are Unreliable[2]**

8       Arista lodges a number of overlapping arguments in an attempt to put a favorable spin on

9  Dr. Black's unreliable *de facto* industry standard opinions.  None of those arguments have merit.

10      Arista makes the legally inaccurate claim that Dr. Black's *de facto* industry standard CLI

11 opinions are reliable and can be tested because he allegedly "show[ed] his work" with citations to

12 "evidence" in the context of the case.  Mot. at 5-7.[3]  But "showing your work" is not the legal

13 standard for the admissibly of expert opinions.  Fed. R. Evid. 702; *Daubert v. Merrell Dow*

14 *Pharm., Inc.*, 509 U.S. 579 (1993).  Dr. Black provided ▌

15 ▌

16 ▌ Dr. Black cherry picked the facts, omitting

17 ▌

18 ▌ *Id.* at 7.  He then conceded many times over

19 there was ▌

20 ▌

21 *Id.* at 6.  Dr. Black even admitted that ▌

22 ▌ *Id.* at 5.  There also is no evidence that **Dr. Black's**

23 **litigation-created definition** of *de facto* industry standard CLI was known or adopted by any

---

[2]  Arista's claim that "Cisco does not dispute the accuracy of Dr. Black's analysis" mischaracterizes Cisco's Motion.  Opp. at 2.  As set forth in the Motion, both Dr. Black's analysis and his conclusions are unreliable and irrelevant.  Mot. at 8-9.

[3]  The fact that Professor Almeroth accepted some of Dr. Black's "data" was done for purposes of showing that Dr. Black's analysis and conclusions were flawed.  Mot. at 5.  Professor Almeroth never stated that he agreed with Dr. Black's data.

vendor in the industry.[4]  Mot. at 3-8.  And that makes sense because Dr. Black's definition was manufactured for this specific litigation, as Dr. Black testified.  Mot. at 5 (citing Black Tr. 178:7-22; 190:3-13 ("I was simply focused on the accused aspects of CLI that Cisco had identified.")).  This is a textbook example of an expert who has failed to "employ[] in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."  *Kumho Tire Co, Ltd.. v. Carmichael*, 119 S.Ct. 1167, 1176 (1999).  There is nothing "scientific" or objective about Dr. Black's methodology, and it is therefore unreliable.

      Arista also confusingly argues that "Cisco ignores the fact that all expert opinions on industry custom and practice express opinions tailored to the litigation in which they are offered."  Opp. at 7.  This claim mischaracterizes Cisco's argument and obscures the issue.  First, Dr. Black is a computer scientist, not an "industry custom and practice" expert.  *Id.*; Mot. at 3.  Dr. Black's attempt to survey some (but not all) of the disputed copyrighted elements across some (but not all) industry players for the first time and solely for purposes of this case does not make Dr. Black an ***expert*** in a field where he otherwise has no professional experience.  Second, because Dr. Black's ***methodology*** is completely unreliable, the fact that he cites facts specific to this case is beside the point.  Tailoring an expert report to the facts of a case is not objectionable to Cisco—but the creation of an untestable, never-before used "definition" of *de facto* industry CLI solely for this litigation by an unqualified individual is impermissible under *Daubert* and its progeny, and that is objectionable.  Mot. at 5-6.

      Finally, Arista claims that Dr. Black can offer "subjective opinions" if they are based on "scientific knowledge."  Opp. at 8.  Dr. Black has failed to meet even this standard because none of the opinions he offers are based on "scientific knowledge" or any expertise he has in the relevant field.  Mot. at 1-8.  As explained above, Dr. Black is not an industry standard expert.  In fact, Dr. Black testified that he did not think that industry standard experts exist:  "I don't think there is such a thing as an expert in the creation of industry standards."  Opp. at 5 (citing Black Tr.

---

[4] Arista improperly seeks to supplement Dr. Black's opinions *ex post facto* by submitting a brand new "definition" of *de facto* industry standard.  This "definition" appears nowhere in Dr. Black's expert reports, Dr. Black never relied on it, and it should therefore be struck as untimely.

at 67:14-20). This is obviously wrong: industry standards experts frequently are used in litigation implicating standards technology. *See, e.g.*, *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 62 (Fed. Circ. 2012). Thus, if anything, Dr. Black offered "subjective opinions" untethered from a testable, verifiable, peer reviewed[5] scientific methodology. These opinions are unreliable. *Id.* at 4-8.

### C. There Is No Relevance To A *De Facto* Industry Standard CLI

The existence of a *de facto* industry standard CLI is not a defense to copyright infringement; Dr. Black's opinions about a so-called *de facto* industry standard CLI are therefore irrelevant. Moreover, Dr. Black created his definition of *de facto* industry standard CLI for this case. It did not exist prior, there is no evidence that any vendor adopted **Dr. Black's** definition, and so Arista's claim that it is relevant to "estoppel," "market harm," "interoperability," or "damages" has no merit. Opp. at 9-10. Further, the technology at issue (a CLI) is an interface for a human to interact with a computer. "Interoperability," which relates to computer-to-computer interactions, is thus not implicated at all. The fact that Arista has only come forward with bare conclusions about relevance further confirms that Arista's arguments have no merit. Opp. at 10.

### D. Dr. Black's Opinions About Subjective Industry Beliefs Should Be Precluded

Arista maintains that Dr. Black should be permitted to opine on the subjective beliefs and "views" of the industry at large because it is "custom and usage testimony." Opp. at 10. A computer scientist who does not believe industry standard experts exist should not be permitted to opine on "custom and usage" in the industry, let alone the "views," beliefs, or "knowledge" of various participants in the industry. All of those "opinions" are pure speculation.

## III. CONCLUSION

Cisco respectfully requests that the Court grant Cisco's Motion.

---

[5] Arista admits that Dr. Black's theories have never been peer reviewed. Mot. at 9. Arista's reference to, e.g., marketing materials that mention an industry standard CLI with no relationship to Dr. Black's defined *de facto* industry standard CLI is irrelevant. Arista has never tied those vague references to Dr. Black's "definition" of the *de facto* industry standard CLI and has offered no evidence that they adopt or apply **Dr. Black's** litigation-created definition.

| | | |
|---|---|---|
| 1 | Dated: August 26, 2016 | Respectfully submitted, |
| 2 | | /s/ John M. Neukom |
| 3 | | Kathleen Sullivan (SBN 242261) |
| | | kathleensullivan@quinnemanuel.com |
| 4 | | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| 5 | | 51 Madison Avenue, 22nd Floor |
| | | New York, NY 10010 |
| 6 | | Telephone: (212) 849-7000 |
| | | Facsimile: (212) 849-7100 |
| 7 | | |
| 8 | | Sean S. Pak (SBN 219032) |
| | | seanpak@quinnemanuel.com |
| | | Amy H. Candido (SBN 237829) |
| 9 | | amycandido@quinnemanuel.com |
| | | John M. Neukom (SBN 275887) |
| 10 | | johnneukom@quinnemanuel.com. |
| | | QUINN EMANUEL URQUHART & |
| 11 | | SULLIVAN LLP |
| | | 50 California Street, 22nd Floor |
| 12 | | San Francisco, CA 94111 |
| | | Telephone: (415) 875-6600 |
| 13 | | Facsimile: (415) 875-6700 |
| 14 | | Mark Tung (SBN 245782) |
| | | marktung@quinnemanuel.com |
| 15 | | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| 16 | | 555 Twin Dolphin Drive, 5th Floor |
| | | Redwood Shores, CA 94065 |
| 17 | | Telephone: (650) 801-5000 |
| | | Facsimile: (650) 801-5100 |
| 18 | | |
| 19 | | Steven Cherny *admitted pro hac vice)* |
| | | steven.cherny@kirkland.com |
| | | KIRKLAND & ELLIS LLP |
| 20 | | 601 Lexington Avenue |
| | | New York, New York 10022 |
| 21 | | Telephone: (212) 446-4800 |
| | | Facsimile: (212) 446-4900 |
| 22 | | |
| 23 | | Adam R. Alper (SBN 196834) |
| | | adam.alper@kirkland.com |
| | | KIRKLAND & ELLIS LLP |
| 24 | | 555 California Street |
| | | San Francisco, California  94104 |
| 25 | | Telephone: (415) 439-1400 |
| | | Facsimile: (415) 439-1500 |
| 26 | | |
| 27 | | Michael W. De Vries (SBN 211001) |
| | | michael.devries@kirkland.com |
| | | KIRKLAND & ELLIS LLP |
| 28 | | 333 South Hope Street |

1  
2  Los Angeles, California 90071  
   Telephone: (213) 680-8400  
   Facsimile: (213) 680-8500  

3  *Attorneys for Plaintiff Cisco Systems, Inc.*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28