1  Kathleen Sullivan (SBN 242261)  
   kathleensullivan@quinnemanuel.com  
2  QUINN EMANUEL URQUHART &  
   SULLIVAN LLP  
3  51 Madison Avenue, 22nd Floor  
   New York, NY 10010  
4  Telephone: (212) 849-7000  
   Facsimile: (212) 849-7100  
5  
   Sean S. Pak (SBN 219032)  
6  seanpak@quinnemanuel.com  
   Amy H. Candido (SBN 237829)  
7  amycandido@quinnemanuel.com  
   John M. Neukom (SBN 275887)  
8  johnneukom@quinnemanuel.com.  
   QUINN EMANUEL URQUHART &  
9  SULLIVAN LLP  
   50 California Street, 22nd Floor  
10 San Francisco, CA 94111  
   Telephone: (415) 875-6600  
11 Facsimile: (415) 875-6700  

   Steven Cherny *(admitted pro hac vice)*  
   steven.cherny@kirkland.com  
   KIRKLAND & ELLIS LLP  
   601 Lexington Avenue  
   New York, New York 10022  
   Telephone: (212) 446-4800  
   Facsimile: (212) 446-4900  

   Adam R. Alper (SBN 196834)  
   adam.alper@kirkland.com  
   KIRKLAND & ELLIS LLP  
   555 California Street  
   San Francisco, California 94104  
   Telephone: (415) 439-1400  
   Facsimile: (415) 439-1500  

   Michael W. De Vries (SBN 211001)  
   michael.devries@kirkland.com  
   KIRKLAND & ELLIS LLP  
   333 South Hope Street  
   Los Angeles, California 90071  
   Telephone: (213) 680-8400  
   Facsimile: (213) 680-8500  

13 *Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>ARISTA NETWORKS, INC.,<br><br>    Defendant. | CASE NO. 5:14-cv-5344-BLF<br><br>**CISCO SYSTEMS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE EXPERT OPINION TESTIMONY FROM DEFENDANT ARISTA NETWORKS, INC.'S EXPERT CATE M. ELSTEN**<br><br>**REDACTED VERSION**<br><br>Date: September 9, 2016<br>Time: 9:00 a.m.<br>Dep't: Courtroom 3, 5th Floor<br>Judge: Hon. Beth Labson Freeman<br><br>Date Filed: December 5, 2014<br><br>Trial Date: November 21, 2016 |

Plaintiff Cisco Systems, Inc. ("Cisco") hereby respectfully submits this Reply in support of its Motion to Exclude Expert Opinions and Testimony From Defendant Arista Networks, Inc.'s ("Arista") Expert Ms. Cate Elsten (Dkt. 429 ("Motion" or "Mot.")) and in response to Arista's Opposition thereto. Dkt. 468 ("Opposition" or "Opp.").

# I. ARGUMENT

### A. Ms. Elsten's Disgorgement of Profits Opinions Should Be Excluded Because They Are Contrary To Controlling Legal Standards.

Arista is wrong to argue (at 2) that "the legal standard Ms. Elsten recites is correct" and that her "disgorgement opinion does not depend on a finding that Cisco failed to establish a causal nexus." *First*, Ms. Elsten neither recites nor applies the correct legal standard for disgorgement of ***direct*** profits, which Arista agrees are the type of profits at issue here. It is undisputed that "a 'causal link' between the infringement and the monetary remedy sought is a predicate to recovery of both actual damages and [disgorgement of] profits" under § 504(b). *Polar Bear Prods. v. Timex Corp.,* 384 F.3d 700, 708 (9th Cir. 2004). However, Arista and Ms. Elsten ignore the fact that, to recover disgorgement of ***direct*** profits, a plaintiff may satisfy the "causal link" requirement by showing the "gross revenues ***from the infringing product***." *See Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. C 10-cv-3428-PSG, 2013 WL 831528, at *6 (N.D. Cal. Jan. 10, 2013) (emphasis added); *see also, e.g., On Davis v. The Gap, Inc.*, 246 F.3d 152, 160 (2d Cir. 2001) ("Thus, if a publisher published an anthology of poetry which contained a poem covered by the plaintiff's copyright, we do not think the plaintiff's statutory burden would be discharged by submitting the publisher's gross revenue from its publication of hundreds of titles, including trade books, textbooks, cookbooks, etc. In our view, the owner's burden would require evidence of the revenues realized from the sale of the anthology containing the infringing poem."); *Taylor v. Meirick*, 712 F.2d 1112, 1122 (7th Cir. 1983) ("[the plaintiff] could have made out a prima facie case for an award of infringer's profits by showing [the defendant's] gross revenues from the sale of the infringing maps") (Posner, J.). Instead, citing portions of the *Polar Bear* opinion regarding

1  *indirect* profits,[1] Ms. Elsten incorrectly recites ████████████████████

2  ████████████████████████████████████████████████████████████████████████

3  ████████████████████████████████████████████████████████████████

4  ████████████████████████████████████████

5        Notably, in its Opposition (at 3), Arista admits that, consistent with Judge Grewal's holding in *Brocade*, whether the feature at issue "drove consumer demand" is "not the right" test to determine whether the plaintiff satisfied its burden for *direct* profits.  2013 WL 831528, at *6.

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

Ex. 8, Elsten Rebuttal p. 75 (emphasis added).  As *Garcia v. Coleman*, cited by Arista, makes plain, it is not the plaintiff's burden to show that the copyrighted work was "the only reason" or even "the main reason" why the defendant's product sold before the burden shifts to the defendant to deduct costs and apportion profits.  2009 WL 799393, at *4 (N.D. Cal. Mar. 24, 2009).

      *Second*, contrary to Arista's claims, Ms. Elsten's disgorgement opinions are inextricably intertwined with her recitation and application of the incorrect legal standard.  The fact that Ms. Elsten uses Cisco's gross revenue figure as the baseline for her calculations is beside the point, given that she purports to offer testimony critical of Cisco's expert, Dr. Chevalier, for failing to meet a burden that Cisco does not have – namely, to prove that sales of Arista's switches were driven by Arista's infringing CLI.  Any testimony implying that Cisco must establish any more than the gross revenues from Arista's sales of infringing switches to recover *direct* profits would be contrary to the intent of § 504(b), would confuse the parties' respective burdens and would be

---

[1] *Polar Bear* uses the term "causal link" to refer to the causal showing required for both actual damages and profits under § 504(b) and "causal nexus" solely in connection with its discussion of causation for *indirect* profits.  384 F.3d at 708-711.

1  highly prejudicial to Cisco.  *See Bergt v. McDougal Littell*, 661 F. Supp. 2d 916, 927 (N.D. Ill. 2009); *Bonner v. Dawson*, 404 F.3d 290, 294 (4th Cir. 2005).  Thus, Ms. Elsten's disgorgement opinions should be excluded.[2]  *See FHFA v. Nomura Holding Am., Inc.*, 2015 WL 640875, at *3 (S.D.N.Y. Feb. 16, 2015) (finding Rule 702 and *Daubert* require exclusion of expert's conclusions based on incorrect interpretation of statute); *Loeffel Steel Prods., Inc. v. Delta Brands, Inc.*, 387 F. Supp. 2d 794, 806 (N.D. Ill. 2005) ("Expert opinions that are contrary to law are inadmissible. They cannot be said to be scientific, to be reliable, or to be helpful to the trier of fact.").

**B.  Ms. Elsten's Apportionment Opinion ▮▮▮▮▮ Should Be Excluded Under Rule 702 Because It Is Arbitrary and Unreliable.**

Arista does not dispute that Ms. Elsten ▮▮▮▮▮  Instead, Arista argues that Ms. Elsten's opinions should be presented to the jury because Cisco's criticisms go to weight, not to the reliability of the evidence or her methodology.  To the contrary, as Judge Dyk recently held in *Stragent, LLC v. Intel Corp.*, equally valuing product features without an adequate basis is a ***methodology*** that lacks "the requisite indicia of expert ***reliability***."  2014 WL 4262440, at *4 (E.D. Tex. Marc. 6, 2014) (emphasis added).

While Arista devotes a lot of ink to the proposition that such a methodology may be admissible if it is possible to establish "foundational facts to support the assumption that the functions are of equal value," *Finjan, Inc. v. Blue Coat Sys., Inc.*, 2015 WL 4272870, at *6 (N.D. Cal. July 14, 2015), Arista does not contend that Ms. Elsten has established or can establish such foundational facts.  In fact, ▮▮▮▮▮

---

[2] To the extent that Ms. Elsten's opinion regarding disgorgement of profits purports to incorporate by reference her entire opinion regarding lost profits, *see* Ex. 8, Elsten Rebuttal p. 74, it should be excluded, for any discussion of Cisco's obligation to show causal nexus to the infringing CLI under a lost profits analysis is irrelevant to the legal standard for disgorgement of infringer's profits, which Dr. Chevalier analyzed correctly, but Ms. Elsten did not.

1

2

3

4

5

6

7  *See* Ex. 9, Elsten 7/28/2016 Deposition Transcript ("Elsten Tr.") at 213:2-214:2.

8

9  apportionment opinions should be excluded.  *See Good Tech. Corp. v. Mobileiron, Inc.*, 2015 WL

10  4090431, at *7 (N.D. Cal. July 5, 2015) (excluding the apportionment opinion as "insufficient"

11  where expert made "no investigation into whether any of the criteria is more important than

12  others"); *Stragent*, 2014 WL 4262440, at *4; *Finjan*, 2015 WL 4272870, at *6.

13      Arista attempts to salvage Ms. Elsten's disgorgement opinions by asserting (at 4, 6-8) that

14  she considered a large number of data points and placed "no undue weight on any one source."

15  However, irrespective of how much evidence Ms. Elsten reviewed and considered, her report and

16  testimony are clear that the basis

17  *See* Ex. 9, Elsten Tr. at 62:14-63:5;

18  Ex. 8 Elsten Rebuttal at p. 83, 89.  Whether or not Ms. Elsten considered ***additional*** evidence is

19  irrelevant and does not make the evidence and methodology underlying

20  any less arbitrary or more reliable.[3]  Under *Daubert*, "any scientifically required step that

21  renders the expert's analysis unreliable renders the testimony inadmissible." *Abarca v. Franklin*

22  *County Water Dist.*, 761 F. Supp. 2d 1007, 1072 (E.D. Cal. 2011).

---

[3] Other unspecified materials referenced in Arista's opposition (at 6) were expressly not relied upon by Ms. Elsten, *see* Ex. 8, Elsten Rebuttal p. 82-89, and, thus, cannot be used to bolster her unreliable opinions. *See Inline Connection Corp. v. AOL Time Warner, Inc.,* 470 F. Supp. 2d 424, 433 (D. Del. 2007).  As the alternative evidence and data points summarized in Table 13 were similarly derived using unreliable methodologies, *See Open Text S.A. v. Box, Inc*., 2015 U.S. Dist. LEXIS 8783, at *11-12 (N.D. Cal. Jan. 23, 2015) (excluding testimony of an expert's reliance on non-comparable licenses to suggest a range of acceptable license rates).



### C. Ms. Elsten's Alternative Apportionment Data Points Should Be Excluded Under Rule 702 Because They Are Arbitrary And Unreliable.

Each of the alternative apportionment data points in Table 13 was derived by Ms. Elsten using the same flawed methodology [REDACTED] Ex. 8, Elsten Rebuttal p. 85.  For each, [REDACTED]

[REDACTED] Ms. Elsten's methodology is unreliable and her resulting data points and opinions should be excluded.  *See Good Tech.,* 2015 WL 4090431, at *7; *Stragent*, 2014 WL 4262440, at *4; *Finjan*, 2015 WL 4272870, at *9.

### D. Ms. Elsten Should Be Precluded From Presenting Opinions Regarding Non-Infringing Alternatives in Connection With Disgorgement of Profits.

In its Opposition (at 9-10), Arista claims that Ms. Elsten does not intend to render an opinion regarding non-infringing alternatives in relation to her disgorgement of profits opinions.  If this is true, Arista should not challenge an order precluding Ms. Elsten from testifying regarding purported non-infringing alternatives or the availability of alleged "Cisco-like" CLIs from other vendors in connection with her disgorgement opinions.  Ms. Elsten's report regarding disgorgement of profits incorporated by reference her entire lost profits opinion, including testimony regarding non-infringing alternatives.  As such, an order precluding her from relying on non-infringing alternatives for her disgorgement opinions is warranted here.

### E. Ms. Elsten Should Be Precluded From Testifying About a "*De Facto* Industry Standard" or "Industry Standard CLIs".

In its Opposition (at 10), Arista does not deny that Ms. Elsten lacks the requisite expertise to testify that a "*de facto* industry standard" exists, arguing only Arista would be prejudiced if she could not.  That is incorrect, as Ms. Elsten can provide testimony regarding all of her lost profit opinions without referring to an "industry standard," *e.g.*, by testifying about other vendors' supposed use of similar CLI to Cisco's.  But she lacks the requisite knowledge or experience to opine that a "*de facto* industry standard" exists.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: August 26 , 2016 | Respectfully submitted, |
| 3 | | /s/ Amy H. Candido |
| 4 | | Kathleen Sullivan (SBN 242261)<br>kathleensullivan@quinnemanuel.com |
| 5 | | QUINN EMANUEL URQUHART & SULLIVAN LLP<br>51 Madison Avenue, 22nd Floor |
| 6 | | New York, NY 10010<br>Telephone: (212) 849-7000 |
| 7 | | Facsimile: (212) 849-7100 |
| 8 | | Sean S. Pak (SBN 219032)<br>seanpak@quinnemanuel.com |
| 9 | | Amy H. Candido (SBN 237829)<br>amycandido@quinnemanuel.com |
| 10 | | John M. Neukom (SBN 275887)<br>johnneukom@quinnemanuel.com. |
| 11 | | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| 12 | | 50 California Street, 22nd Floor<br>San Francisco, CA 94111 |
| 13 | | Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700 |
| 14 | | |
| 15 | | Steven Cherny (*admitted pro hac vice*)<br>steven.cherny@kirkland.com |
| 16 | | KIRKLAND & ELLIS LLP<br>601 Lexington Avenue |
| 17 | | New York, New York 10022<br>Telephone: (212) 446-4800 |
| 18 | | Facsimile: (212) 446-4900 |
| 19 | | Adam R. Alper (SBN 196834)<br>adam.alper@kirkland.com |
| 20 | | KIRKLAND & ELLIS LLP<br>555 California Street |
| 21 | | San Francisco, California  94104<br>Telephone: (415) 439-1400 |
| 22 | | Facsimile: (415) 439-1500 |
| 23 | | Michael W. De Vries (SBN 211001)<br>michael.devries@kirkland.com |
| 24 | | KIRKLAND & ELLIS LLP<br>333 South Hope Street |
| 25 | | Los Angeles, California 90071<br>Telephone: (213) 680-8400 |
| 26 | | Facsimile: (213) 680-8500 |
| 27 | | *Attorneys for Plaintiff Cisco Systems, Inc.* |
| 28 | | |

-7-

**SIGNATURE ATTESTATION**

Pursuant to Civ. L.R. 5-1(i)(3), the undersigned hereby attests under penalty of perjury that concurrence in the filing of this document has been obtained from the signatory indicated by the "conformed" signature (/s/) of registered ECF User Amy H. Candido.

Dated: August 26, 2016         */s/ John M. Neukom*
                               John M. Neukom