Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Mark Tung (SBN 245782)
marktung@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven Cherny *(admitted pro hac vice)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ARISTA NETWORKS, INC.,<br><br>Defendant. | CASE NO. 5:14-cv-5344-BLF (NC)<br><br>**CISCO'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE EXPERT OPINION TESTIMONY FROM DEFENDANT'S EXPERT WILLIAM SEIFERT**<br><br>**REDACTED VERSION**<br><br>Date: September 9, 2016<br>Time: 9:00 a.m.<br>Dept: Courtroom 3 - 5th Floor<br>Judge: Hon. Beth Labson Freeman |

1   Plaintiff Cisco Systems, Inc. ("Cisco") respectfully submits this reply in support of its
2   Motion to Exclude Expert Opinion Testimony From Defendant's ("Arista") Expert William
3   Seifert (Dkt. 430 ("Motion" or "Mot.")) and in response to Arista's Opposition thereto (Dkt. 471).

I.   **INTRODUCTION**

Even if Mr. Seifert is a "businessman" and "trained engineer" as Arista asserts (Opp. 2), those common credentials do not qualify Mr. Seifert to present any "expert" opinion about "*de facto* industry standards" for user interfaces in the network equipment industry. Arista's Opposition fails to rebut that Mr. Seifert's "industry standard" opinion relies on a test that (i) was invented for this lawsuit; (ii) was never expressed even prior to the lawsuit; (iii) has never been reviewed or adopted by anyone else; (iv) relies on four factors, each of which turns on "subjective" judgment calls and therefore cannot be tested objectively; and (v) results in an opinion that is not specific as to time or any version or component of Cisco's CLI. Nor do Mr. Seifert's credentials qualify him to opine as an expert on "market harm," and his testimony on that topic merely repeats materials prepared by others, such as Arista brochures and news articles.

II.   **ARGUMENT**

A.   **On "Industry Standards," Mr. Seifert Lacks Credentials Under Rule 702(a)**

Arista argues (Opp. 2) that Mr. Seifert is qualified to opine on whether Cisco's CLI is a "*de facto* industry standard" because he is "a businessman" and "trained engineer" with CLI experience. But by his own admission, Mr. Seifert has no relevant experience with Cisco's CLI —he admits that [REDACTED]

Moreover, even if Mr. Seifert has relevant experience as a "businessman" and "trained engineer," he lacks any *specialized* knowledge that would assist the jury as to the supposed existence of any "*de facto* industry standard." Mr. Seifert has [REDACTED]

1  ████████████████████████████████████████████
2  ████████████████████████████████████████████
3  ████████████████████████████████████████ Mot. 3-4
4  (citing Seifert Depo.).

### B.  On "Industry Standards," Mr. Seifert's Opinion Fails Rule 702(b)

Arista argues (Opp. 3) that Mr. Seifert's "*de facto* industry standard" opinion satisfies Rule 702(b) because he reached that opinion "following a careful analysis of the facts." But the record in this case shows otherwise. He relied on hundreds of data points provided by another expert without considering or verifying their content except ████████████████████ ████████████████████████ He was wrong about the timing of Cisco's creation of its CLI *by a decade*. *Id.*[1] Even by the time of his deposition, well after he prepared his report, Mr. Seifert had not ██████████████████████████████████████ ████████████████████████████████████████ ██████████████ *See ante*. He furthermore testified that, even as late as his deposition, he thought that ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████ All parties know that is wrong. Dkt. 482 at pp. 9-10. Mr. Seifert cannot purport to opine as an "expert" about whether the "Cisco CLI" is a "*de fa*cto industry standard" when he is not familiar with the CLI, nor its various versions, nor its history, nor even its contents.

### C.  On "Industry Standards," Mr. Seifert's Opinion Fails Rule 702(c)

Arista does not dispute that Mr. Seifert's definition of, and four-factor test for, a "*de facto* industry standard" were ████████████████████████████████████

---

[1] Arista tries to excuse this glaring mistake by pointing out that Mr. Seifert relied on a 2009 blog posting written by a former Cisco consultant named Terry Slattery. Opp. at 4. But even that blog posting (which taken alone is not a responsible factual basis on which an expert should form opinions) recognizes that Cisco's CLI existed in the 1980s. *See* http://www.netcraftsmen.com/the-history-of-the-cisco-cli/ ("Back in the late 1980s…the Cisco CLI underwent several changes."). It thus appears that Mr. Seifert failed to perform "a careful analysis" of even the single blog posting he relied upon.

1  █████████████████████████████████████████████████. Mot. 3-4.  Nor does
2 Arista dispute that *each* of the four "factors" that Mr. Seifert invented for his test for a "*de facto*
3 industry standard" turns—by Mr. Seifert's own admission—on ███████████████ *Id.*  On
4 these bases alone, Mr. Seifert's "industry standard" opinions should be excluded.  *Feduniak v. Old*
5 *Republic Nat'l Title Co.*, No. 13-cv-02060-BLF, 2015 WL 1969369 (N.D. Cal. May 1, 2015)
6 (excluding testimony from a proposed expert who lacked expertise relevant to the specific issue in
7 dispute, who invented a new test, and who could not check that test or its results against industry-
8 accepted benchmarks).

9 Nonetheless, Arista argues (Opp. 5-6) that Mr. Seifert's opinion should be admitted under
10 *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1018 (9th Cir. 2004).  But in that
11 case, the court held admissible industry-standard opinion testimony by an expert who had over 25
12 years' business and expert testifying experience (*twelve times*) with the *exact issue* that was
13 disputed in the case, namely whether the insurance company's claim review process was
14 consistent with insurance industry standards for the same.  *Id.* at 1016.  That is not true here, given
15 that Mr. Seifert has admitted (Mot. 4) ██████████████████████████████████████
16 ██████████████████████████  In addition, contrary to Arista's suggestion, *Hangerter*
17 did not relax the *Daubert* standards for non-scientific testimony. 373 F.3d at 1018 ("[T]he district
18 court erred in stating that *Daubert* did not apply to Caliri's non-scientific testimony[.]").  And
19 while *Hangartner* noted that the reliability of the expert's testimony in that case "was not
20 contingent upon a particular methodology or technical framework," *id.*, that is ***not true*** in this case
21 given that Mr. Seifert has affirmatively stated that ████████████████████████████
22 ██████████████████████████████████████████████████████████████
23 ██████████████████████████████████████████████████████████████
24 ████████████████████████████ Mot. 3-4.

25 Finally, Arista argues that Mr. Seifert should be permitted to present his subjective beliefs
26 to the jury so long as (i) they are based on his "experience in the industry" and (ii) he is "operating
27 within a vocational framework that may have numerous objective components." Opp. 6 (quoting
28

1  *GSI Tech., Inc. v. Cypress Semiconductor Corp.*, No. 5:11-CV-03613-EJD, 2015 WL 364796, at
2  *2 (N.D. Cal. Jan. 27, 2015), and *U.S. v. Llera Plaza*, 188 F. Supp. 2d 549, 570-571 (E.D. Pa.
3  2002)). But even if Arista's interpretation of that case law authority were credited, it cannot
4  salvage Mr. Seifert's "expert" opinions here. He has admitted that ▇▇▇▇▇▇▇▇
5  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
6  ▇▇▇▇▇▇▇▇▇▇▇▇▇ Mot. 3-4. Likewise, there is no evidence in the record that Mr.
7  Seifert defined, formulated a test for, and/or performed an expert inquiry into the "*de facto*
8  industry standard*" status for Cisco's CLI with any "objective components." Instead, by Mr.
9  Seifert's own admissions, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
10 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Mot. 4.

**D.     On "Industry Standards," Mr. Seifert's Opinion Fails Rule 702(d)**

12        Even though Mr. Seifert cannot pinpoint when Cisco's CLI supposedly became a "*de facto*
13 industry standard," Arista argues (Opp. 7) that his opinion meets the level of required specificity.
14 But Rule 702(d) requires far more than a vague supposition that such a crucial event occurred ▇
15 ▇▇▇▇▇▇▇▇▇▇▇▇▇ Opp. 7. The fact that Mr. Seifert is unable to say *when* Cisco's CLI
16 supposedly became a "*de facto* industry standard" except by identifying ▇▇▇▇▇▇▇▇▇▇ is
17 especially problematic given that Cisco is asserting copyright infringement against Arista based on
18 copying of aspects of Cisco's CLI that trace to the 1980s, throughout the 1990s, and well beyond
19 2000. *See, e.g.,* Dkt. 372-7 (showing that the 500+ multi-word CLI commands that Cisco is
20 asserting in this lawsuit were created/released from the mid-1980s through well after 2000, as late
21 as 2013). His opinion nowhere specifies its application to any particular timeframe and is unclear
22 as to any Cisco CLI developments before, within or after the ▇▇▇. Rule 702(d) does not permit
23 Mr. Seifert to offer a vague ▇▇▇ opinion of "*de facto* industry standard" status.

24        Mr. Seifert further fails to satisfy Rule 702(d) because he lacks familiarity with the CLI,
25 and applies his new test only to Cisco CLI ▇▇▇▇ Mot. 6. Arista counters (Opp. 7) that
26 "his opinion refers to the aspects of Cisco's CLI that are commonly or widely used." But that is
27 circular; by definition, an "industry standard" is common or widely used. Mr. Seifert is unable to
28 explain *what aspects* (for example, which multi-word commands) of Cisco's CLI qualify as

"widely used" under his novel, unvetted, four-part subjective test.

### E. On "Industry Standards," Mr. Seifert's Opinion Is Irrelevant

Arista argues (Opp. 8) that Mr. Seifert's "*de facto* industry standard" argument is relevant to this case because "interoperability" is relevant to a fair use defense under *Oracle America, Inc. v. Google, Inc.*, 750 F.3d 1339, 1376-77 (Fed. Cir. 2014). This argument is incorrect because the "interoperability" at issue in *Oracle* is not at issue here—Arista has admitted that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *See, e.g.*, Dkt. 348 at p. 21 (citing Arista admissions); Dkt. 396-3 at p. 13 (same). Nor does Mr. Seifert's testimony bear on whether Cisco's CLI was an "industry standard" ***at the time of creation***, as any interoperability analogy would require. *See Oracle*, 750 F.3d at 1361 (for merger: "to be evaluated at the time of creation, not at the time of infringement"); *id.* at 1372 ("no authority for [the] suggestion that copyrighted works lose protection when they become popular"). Finally, Arista argues that the "industry standard" issue is relevant to an estoppel defense. To support that novel argument, Arista cites one authority: *McIntosh v. N. Cal. Universal Enters. Co.*, 670 F. Supp. 2d 1069, 1101 (E.D. Cal. 2009). But that case says, literally, ***nothing*** about industry standards in relation to an estoppel defense, nor any issue at all.

### F. Mr. Seifert's "Market Harm" Opinion Fails Under Rules 702(a), (b) and (c)

Arista fails to overcome Cisco's showing that Mr. Seifert lacks any expertise to opine on "market harm." Arista does not dispute that Mr. Seifert's "market harm" opinion simply recounts internal Arista documents, Arista brochures, and a selection of press reports and competitive-testing analyses prepared by others. As the Court can see by reviewing the relevant portion of Mr. Seifert's written report on this topic (Dkt. 431-5 at pp. 38-50), Mr. Seifert has applied no specialized expertise about market harm or market share dynamics; undertaken no analysis of his own about the comparative features of Cisco versus Arista products; and adds nothing to the third-party materials on which it is based. Rule 702 does not permit an "expert" to recite what he has read in industry periodicals and in Arista's brochures without any further discernable analysis.

### III. CONCLUSION

Cisco respectfully requests that the Court grant Cisco's Motion.

Dated: August 26, 2016

Respectfully submitted,

*/s/ John M. Neukom*

Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Mark Tung (SBN 245782)
marktung@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven Cherny *admitted pro hac vice)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com

|   |   |
|---|---|
| 1 | KIRKLAND & ELLIS LLP |
| 2 | 333 South Hope Street<br>Los Angeles, California 90071 |
| 3 | Telephone: (213) 680-8400<br>Facsimile: (213) 680-8500 |
| 4 | *Attorneys for Plaintiff Cisco Systems, Inc.* |