Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART & SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Mark Tung (SBN 245782)
marktung@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven Cherny *(admitted pro hac vice)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ARISTA NETWORKS, INC.,<br><br>Defendant. | CASE NO. 5:14-cv-5344-BLF (NC)<br><br>**CISCO'S RESPONSE TO ARISTA'S BRIEF RE: ANALYTIC DISSECTION OF ASSERTED WORKS**<br><br>Judge:   Hon. Beth Labson Freeman |

## I. THE COURT SHOULD DENY ARISTA'S REQUEST FOR A SPECIAL EVIDENTIARY HEARING ON FILTRATION

Arista repeats in its Brief its extraordinary request that the Court make an evidentiary determination prior to trial as to what aspects of Cisco's registered works are protected or unprotected under copyright law. This Court stated at the June 16, 2016 case management conference that it was "not going to make a determination in advance of trial as Arista suggested." 6/16/16 Tr. at 34:2-4. The Court was correct then, and should deny Arista's renewed request now.

Arista's Brief cites not a single precedent for its proposed bench mini-trial on filtration prior to trial.[1] Nor could it. As noted at the June 16 conference, the only other district court to have received a similar request for a pretrial bench mini-trial on protectability (to Cisco's knowledge) *rejected it* when advanced by Arista's counsel on behalf of Google. *See Oracle v. Google*, No. 3:10-cv-03561-WHA (N.D. Cal.), Dkt. 601; Dkt. 620. As Judge Alsup noted in denying a pretrial bench mini-trial on protectability and filtration, "the Court is convinced that the best way to proceed is to rule on the copyrightability issues at the end of the copyright portion of the trial. The Court will give proper instructions to the jury on copyrightability at that time." *Id.*, Dkt. 620 at 1. The Court should rule the same here. As Judge Alsup noted, complicated issues governing copyright protectability can be grasped "much better after the detailed trial evidence is laid out and cross examined. It would be hard for the judge to master the material with the same grasp via a cold written record." *Id.* As Judge Alsup also noted (*id.*), such a pretrial hearing would waste judicial resources, forcing the parties to revisit the same evidence twice.

Contrary to Arista's unorthodox proposal, Ninth Circuit law provides that the Court may determine the protectability of asserted copyrighted material (i) on summary judgment, *see Swirsky v. Carey*, 376 F.3d 841, 845, 848 (9th Cir. 2004); *Apple v. Microsoft*, 35 F.3d 1435, 1446 (9th Cir. 1994), (ii) in the jury instructions, *Harper House v. Thomas Nelson*, 889 F.2d 197, 206-08 (9th Cir. 1989), or (iii) on any motion for judgment as a matter of law under Rule 50(a) or (b)

---

[1] Tellingly, the sole case Arista cites is a 37-year old inapposite case on antitrust burdens *See In re Airport Car Rental Antitrust Litig.*, 474 F. Supp. 1072, 1108–09 (N.D. Cal. 1979) (cited at Brief 6).

at the close of evidence or trial. Because the Court has now ***denied*** (Dkt. 482 at 11-15) Arista's motion for partial summary judgment on the protectability of certain aspects of Cisco's CLI (and thus sent the issue of the protectability of Cisco's CLI to the jury), the proper place for the Court to set forth guidance on protectability at this point in the proceedings is in the jury instructions.

The Court will have ample opportunity to guide the jury on protectable versus non-protectable material in its jury instructions with the aid of briefing by the parties. *See Harper House*, 889 F.2d at 206-07; Ninth Circuit Manual of Model Civil Jury Instructions Sect. 17.18 ("Substantial Similarity—Extrinsic Test; Intrinsic Test") (declining to set forth a single model instruction on this issue so that the court and counsel can specifically craft instructions on substantial similarity based on the "particular work(s) at issue, the copyright in question, ***and the evidence developed at trial***.") (emphasis added).

## II. CISCO'S ASSERTED WORKS ARE PROTECTABLE EXPRESSION

### A. Cisco's Asserted Works Consist Of The User Interface and User Manuals

In order to perform the analytic dissection and filtration required by the Ninth Circuit's extrinsic/intrinsic tests for substantial similarity, it is important for the Court to understand the works that Cisco asserts in this case. Here, the asserted works-in-suit, as set forth in Cisco's prior pleadings, consist of the user interface, by which network engineers use and interact with the operating system that controls Cisco's switches, plus documentation accompanying Cisco's operating systems. In particular, the asserted user interface comprises five building blocks that appear on the screen to a user: (1) ***multiword command expressions***, (2) ***command responses/screen outputs***, (3) ***HelpDesc descriptions***, (4) ***command modes and prompts*** and (5) ***multiword command hierarchies***. The asserted works also include the ***technical documents/user manuals*** that explain the operation of the user interface. Cisco asserts that Arista has copied protectable elements from all five user interface building blocks and its documentation into the corresponding components of its own user interface and its own technical documents for the same, and that this copying is actionable copyright infringement as to each of the five user interface building blocks as well as to the user interface and technical documents as a whole.

### B. Cisco's User Interface And User Manuals Are Registered Works

Cisco's registration of its operating systems (IOS, IOS XR, IOS XE and NX-OS) and their documentation with the Copyright Office includes the works-at-issue: Cisco's user interface, with its five building blocks, and its accompanying user manuals. Arista's claim that Cisco's registered works are artificial or attorney constructs is demonstrably false. Cisco's registered works were developed to allow network engineers to control Cisco's switches years before litigation was ever contemplated, and long before Arista even existed. When Cisco submitted each of its operating systems (IOS, IOS XR, IOS XE and NX-OS) to the Copyright Office, it simultaneously obtained, via a single copyright registration, *both* the registration of the computer program *and* the registration of the screen displays including the user interface:

> The Copyright Office has stated that a single copyright registration of a computer program extends copyright protection not only to the literal elements of the program—its source and object codes—but also to the screen displays it generates to the extent that they contain original creative authorship. This statement of the Copyright Office was a reaffirmation of its long-standing policy, and was made only because of confusion that had arisen as a result of the Office's concurrent acceptance of separate registration of screen displays. It no longer accepts such separate registration. ***Thus, according to Cams a single registration of a computer program accomplishes two interrelated yet distinct registrations: one of the program itself, and one of the screen displays or user interface of that program, to the extent that each contains copyrightable subject matter.*** Therefore, a computer program and its screen displays are, for copyright purposes, fundamentally distinct.

*Napoli v. Sears, Roebuck and Co.*, 874 F. Supp. 206, 211 (N.D. Ill. 1995) (emphasis added), *citing Mfs. Tech., Inc. v. CAMS*, Inc., 706 F. Supp. 984, 990-991 (D. Conn. 1989); *see also* U.S. Copyright Office, *Registration for Computer Programs, Circular 61*, August, 2012 ("A single registration may be made for a computer program and its screen display. . . . The registration will extend to any copyrightable screens generated by the program, regardless of whether identifying material for the screens is deposited.") Therefore, Cisco's CLI was registered for purposes of 17 U.S.C. § 411 when Cisco's computer programs were registered by the Copyright Office.

And when Cisco deposited its computer programs for copyright registration, it also submitted user manuals and technical documents that relate to those computer programs. This is explicitly endorsed by the U.S. Copyright Office. "If a published user's manual or other printed

documentation accompanies the computer program, deposit one copy of the user's manual along with one copy of the identifying material for the program." U.S. Copyright Office, *Copyright Registration for Computer Programs, Circular 61*, August, 2012.

The fact that the registration also included other aspects of Cisco's operating systems beyond the asserted user interface and user manuals is irrelevant. *See, e.g.*, PATRY ON FAIR USE § 5:4 (2012) (work is not determined by registration); *American Geophysical Union v. Texaco Inc.*, 802 F. Supp. 1, 17 (S.D.N.Y. 1992) (Leval, J.), *aff'd*, 60 F.3d 913, 925-26 (2d Cir. 1994). The asserted "works" here are not the entire registrations, but rather the user interface having the building blocks set forth above and the user manuals.

### C. The Asserted Elements of Cisco's Registered Works Are Protectable Because They Are Original

In its Brief, Arista argues that many of Cisco's asserted copyrights are unprotectable, because they are not original. *See* Brief at 3-4; 9-12; Exhibit A to Arista's Brief (Dkt. 455-1 at pp. 2-3; enumerated elements that Arista claims are not original at 1-2; 4-5, 7-8, 10.) Arista suggests that Cisco's asserted CLI is not original based on cherry-picked terms and syntax allegedly used previously in the industry. *Id*. Cisco will dispute these assertions at trial with factual evidence and expert testimony, but even if true, they would not render Cisco's CLI unprotectable. An analysis of "originality" for the purpose of analytic dissection requires only that the copyrighted elements are "original to the author" and the "selection and arrangement of otherwise uncopyrightable components" can be protectable under this standard. *Apple Computer*, 35 F.3d at 1445, *citing Feist Publ., Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340, 348-51 (1991). Cisco has already presented some of its evidence of authorship in its summary judgment briefing (Dkt. 348 at 5-9), and will present its authorship evidence to the jury at trial.

### D. The Asserted Elements of Cisco's Registered Works Are Protectable Because They Are Expression

In its Brief, Arista suggests (at 13) that Cisco cannot assert copyright protection for "controlling an operating system through command words" or for the "idea of using multi-word commands." But Cisco has never contended that it is asserting copyright in the *idea* of a command-line interface. Rather, Cisco has made it clear that it claims infringement of the

protectable *expression of that idea* (*i.e.*, its user interface), comprising specific multiword command expressions, command responses, Helpdesc descriptions, modes and prompts, multiword command hierarchies and technical documentation that Cisco authored. *See* Dkt. 482 at 11-15. And unlike many user interface cases that involve non-literal elements (*e.g.*, shape or color of graphical icons), this case involves **textual** expressions comprising each of Cisco's protectable elements.

Arista further suggests (at 8; 13 at n. 6) that any part of Cisco's works that contains vocabulary commonly used from the industry is not protectable, and that any such vocabulary must be filtered out prior to determining whether there is a substantial similarity between Cisco's asserted works and Arista's corresponding expression. But copyrighted works do not become unprotectable merely because they use vocabulary that already exists. Nor would it be proper to filter out "public domain vocabulary" before determining if the asserted work is substantially similar to Arista's accused CLI (*contra* Arista Brief at 13 n. 6). *See Oracle*, 750 F.3d at 1363 ("The question is not whether a short phrase or series of short phrases can be extracted from the work, but whether the manner in which they are used or strung together exhibits creativity.").

### III. CISCO FILTERED OUT UNPROTECTABLE ELEMENTS OF ITS REGISTERED WORKS BEFORE MAKING ITS INFRINGEMENT ASSERTIONS

Cisco could have filed suit against Arista, claiming only that Arista's EOS interface infringed Cisco's copyrights for its user interface, without providing additional detail about any specific portions of Cisco's works that Arista was infringing. Cisco opted, instead, to identify the specific elements of its user interface that were protectable and that Arista had copied. In so doing, Cisco looked to the five primary building blocks of its user interface: multiword command expressions, command responses/screen outputs, HelpDesc descriptions, command modes and prompts, and multiword command hierarchies. Cisco then identified only the portions of those building blocks that it found to be original, textual expressions of ideas that were copied by Arista. Cisco filtered out any expressions that might be deemed unprotectable because they consist only of a single word or of otherwise generic expressions. After Cisco performed this filtering, what remained were the specific elements of Cisco's registered works that Cisco asserts are both *protectable* and infringed. *See* Dkt. 452 (chart enumerating each category with specificity).

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated:  September 2, 2016 | Respectfully submitted, |
| 3 | | */s/ John M. Neukom* |
| 4 | | Kathleen Sullivan (SBN 242261) |
| | | kathleensullivan@quinnemanuel.com |
| 5 | | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| 6 | | 51 Madison Avenue, 22nd Floor |
| | | New York, NY 10010 |
| 7 | | Telephone: (212) 849-7000 |
| | | Facsimile: (212) 849-7100 |
| 8 | | |
| | | Sean S. Pak (SBN 219032) |
| 9 | | seanpak@quinnemanuel.com |
| | | Amy H. Candido (SBN 237829) |
| 10 | | amycandido@quinnemanuel.com |
| | | John M. Neukom (SBN 275887) |
| 11 | | johnneukom@quinnemanuel.com. |
| | | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| 12 | | 50 California Street, 22nd Floor |
| 13 | | San Francisco, CA 94111 |
| | | Telephone: (415) 875-6600 |
| 14 | | Facsimile: (415) 875-6700 |
| 15 | | Mark Tung (SBN 245782) |
| | | marktung@quinnemanuel.com |
| 16 | | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| 17 | | 555 Twin Dolphin Drive, 5th Floor |
| | | Redwood Shores, CA 94065 |
| 18 | | Telephone: (650) 801-5000 |
| | | Facsimile: (650) 801-5100 |
| 19 | | |
| | | Steven Cherny *admitted pro hac vice)* |
| 20 | | steven.cherny@kirkland.com |
| | | KIRKLAND & ELLIS LLP |
| 21 | | 601 Lexington Avenue |
| | | New York, New York 10022 |
| 22 | | Telephone: (212) 446-4800 |
| | | Facsimile: (212) 446-4900 |
| 23 | | |
| | | Adam R. Alper (SBN 196834) |
| 24 | | adam.alper@kirkland.com |
| | | KIRKLAND & ELLIS LLP |
| 25 | | 555 California Street |
| | | San Francisco, California  94104 |
| 26 | | Telephone: (415) 439-1400 |
| | | Facsimile: (415) 439-1500 |
| 27 | | |
| | | Michael W. De Vries (SBN 211001) |
| 28 | | michael.devries@kirkland.com |

KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*