# ATTACHMENT 3

Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART & SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Mark Tung (SBN 245782)
marktung@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven Cherny (admitted *pro hac vice*)
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARISTA NETWORKS, INC., <br><br> Defendant. | CASE NO. 5:14-cv-05344-BLF <br><br> **PLAINTIFF CISCO SYSTEMS, INC.'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT ARISTA NETWORKS, INC.'S INTERROGATORY NOS. 2-10** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Cisco Systems, Inc. ("Cisco"), by counsel, hereby provides the following supplemental objections and responses to Defendant Arista Networks, Inc.'s ("Arista's") Interrogatory Nos. 2-10 (the "Interrogatories").

## GENERAL OBJECTIONS

Cisco makes the following general objections to Arista's Interrogatories, which apply to each interrogatory regardless of whether the general objections are specifically incorporated into the specific objections and responses below.

1. Cisco is responding to each interrogatory as it interprets and understands each interrogatory with respect to the issues in this Litigation. If Arista asserts a different interpretation of any interrogatory, Cisco reserves the right to supplement or amend its responses or objections.

2. Cisco objects to each interrogatory to the extent it is inconsistent with or seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Civil and Patent Local Rules of the Northern District of California, and any orders governing this Litigation.

3. Cisco objects to the definitions of "Cisco," "You," and "Your," to the extent that the definitions are overly broad and purport to require Cisco to provide information that is not within the possession, custody, or control of Cisco.

4. Cisco objects to Arista's definition of "Asserted Patents" and "Asserted Claim" to the extent that Arista's use of those terms in its interrogatories to Cisco renders certain of Arista's Interrogatories as constituting multiple discrete subparts that are in fact multiple, separate interrogatories.

5. Cisco objects to the definitions of "CLI Command" and "Network Management Product" to the extent that these terms are vague and ambiguous with respect to their scope and application as used by Arista, rendering these terms at least potentially unclear with respect to what particular devices are intended to be incorporated thereby, and further on the grounds that use of the terms in Arista's Interrogatories renders those interrogatories overbroad and unduly burdensome to the extent that the discovery sought by such interrogatories is not reasonably tied to Cisco's claims or Arista's defenses in this Litigation. Cisco further objects to the use of these

terms in Arista's Interrogatories to the extent that such interrogatories are not reasonably calculated to lead to the discovery of admissible evidence.

6. Cisco objects to the definition of "Relating to" as vague and ambiguous and overly broad, unduly burdensome, and further to the extent that interrogatories using such terms are not reasonably calculated to lead to the discovery of admissible evidence.

7. Cisco objects to the definition of "Identify" and the instructions set out in Paragraphs 10–12 as overly broad, unduly burdensome, and further to the extent that interrogatories using such terms are not reasonably calculated to lead to the discovery of admissible evidence. Cisco further objects to these definitions and instructions to the extent that the burden of deriving or ascertaining the requested information is substantially the same for Arista as it is for Cisco.

8. Cisco objects to each and every interrogatory as overly broad, unduly burdensome, cumulative, and duplicative to the extent it seeks identification of "any," "each," or "all" documents of a specified type or nature, when a subset of such documents will provide the requested information. Cisco objects generally to each and every interrogatory as overly broad, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding "any," "each," or "all" persons, entities, objects, or events.

9. Cisco objects to the "Definitions" and "Instructions" of the Interrogatories to the extent they alter the plain meaning of any specific interrogatory and render the interrogatory vague, ambiguous, and overbroad.

10. Cisco objects to each interrogatory to the extent that it is unlimited in temporal and/or geographic scope, or to the extent it would require Cisco to provide information or documents in violation of an applicable foreign law or regulation.

11. Cisco objects to each interrogatory to the extent that it is overbroad, unduly burdensome, and/or calls for provision of information or documents that are neither relevant to any claim or defense in this litigation nor reasonably likely to lead to the discovery of admissible evidence.

12. Cisco objects to each interrogatory to the extent that it calls for production of information or documents that are not within the possession, custody, or control of Cisco, or to the extent the interrogatory seeks information that may not be disclosed pursuant to a protective order or non-disclosure agreement, or calls for Cisco to prepare documents and/or things that do not already exist.

13. Cisco objects to each interrogatory to the extent that it calls for production of information or documents that are publicly available or equally available to Arista, and therefore are of no greater burden for Arista to obtain than for Cisco to obtain.

14. Cisco objects to each interrogatory as overbroad and unduly burdensome to the extent that it is not limited to a time frame relevant to this Litigation or seeks information or documents not within the applicable scope of this Litigation.

15. Cisco objects to each interrogatory to the extent it seeks information or documents that Cisco is not permitted to disclose pursuant to confidentiality obligations to third parties or court order. Cisco will provide such responsive, relevant, and non-privileged information and/or produce documents in accordance with the Protective Order governing this Litigation and after complying with its obligations to the third party and/or court.

16. Cisco objects to each interrogatory to the extent it seeks information, documents, and/or things protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, and/or any other applicable privilege, immunity, doctrine, or protection, including without limitation in connection with the common interest doctrine (collectively, as used herein, "privileged"). Nothing contained in these objections and responses should be considered a waiver of any attorney-client privilege, work-product protection, or any other applicable privilege or doctrine, including in connection with the common interest doctrine. Cisco does not intend to provide information or produce documents that would divulge any privileged information. Any such disclosure is inadvertent and shall not be deemed a waiver of any applicable privilege or immunity.

17. Cisco objects to Arista's Interrogatories to the extent that their subparts exceed the number of interrogatories permitted under the Federal Rules of Civil Procedure, including Rule

of admissible evidence to the extent it calls for evidence pertaining to specific similarities between Cisco's copyrighted works and Arista's accused products. Cisco further objects to this interrogatory to the extent that it calls for information that is publicly available, equally available to Arista, and/or in Arista's control, and therefore is of no greater burden for Arista to obtain than for Cisco to obtain. Cisco further objects to this interrogatory as compound. Cisco also objects to this interrogatory as undefined, vague, ambiguous, overbroad, and unduly burdensome in its use of the terms "with specificity," "every similarity," "why Cisco contends that the source material is protected by copyright." Cisco further objects to this interrogatory as premature contention discovery, especially in light of Arista's failure to produce information regarding its accused products, including source code. Cisco further objects to this interrogatory on the grounds that it prematurely seeks expert testimony. Cisco further objects to this interrogatory to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work-product, or that is protected by any other applicable privilege, protection, or immunity, including without limitation in connection with the common interest doctrine.

Subject to and without waiver of its general and specific objections, Cisco incorporates by reference, as if fully set forth herein, its operative complaint and all documents cited therein, including Cisco's copyright registrations as well as any subsequent amendments thereto. Cisco further responds, pursuant to Fed. R. Civ. P. 33(d), that Cisco will produce documents containing information responsive to this interrogatory, which information may be obtained from the documents by Arista as easily as by Cisco.

In addition to the examples set forth in Exhibits 1 and 2 to Cisco's operative complaint, Cisco identifies in Exhibit A similarities between Cisco's copyrighted works and Arista products. Each of the Cisco works cited in Exhibit A is protected by copyright because each of these works constitutes an original work of authorship fixed in a tangible medium of expression. Each Cisco work in Exhibit A contains expressive content, which is the subject of copyright protection. Further, each Cisco document cited in Exhibit A was first published in the United States and was authored by at least one author who is a national or domiciliary of the United States. *See, e.g.,* Cisco copyright registrations attached to Cisco's operative complaint. Cisco has complied with all

applicable statutory formalities related to these copyrighted works. Additionally, because many of the Cisco works cited in Exhibit A were deposited with copyright registrations within five years of publication, the certificate of registration for these documents constitutes prima facie evidence of the validity of the underlying copyrights. *See, e.g.,* Cisco copyright registrations attached to Cisco's operative complaint. For the remainder of the Cisco works cited in Exhibit A, the copyright registration certificates constitute evidence of the validity of Cisco's copyrights.

Cisco's discovery efforts in this case are ongoing, and Cisco reserves the right to further supplement this response in light of facts learned during discovery, including information regarding Arista's accused products and expert discovery.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Subject to and without waiver of its general and specific objections, Cisco further responds as follows:

The similarity between Cisco's copyrighted works and Arista's accused products is also evidenced by Arista's copying of numerous multi-word command expressions from Cisco's copyrighted works. Each of those command expressions identified by Cisco in its copyrighted works represents an original, creative expression. Attached as Exhibit B is a more comprehensive listing of the multiword command expressions from Cisco's copyrighted works that were copied by Arista, as well as the version(s) of Arista's infringing works that contain these protected elements.

Arista also has copied Cisco's copyrighted command hierarchies. The organization of Cisco's command expressions represents an original, creative contribution to Cisco's copyrighted works. Because Cisco's command expressions are organized hierarchically, the copying of Cisco's command expressions, described in Exhibit B, itself reflects Arista's copying of Cisco's command hierarchies.

Arista has also copied Cisco's command modes and prompts, which also represent original and creative contributions to Cisco's copyrighted works. For example, Cisco's copyrighted works include "EXEC," "Privileged EXEC," "Global configuration," and "Interface configuration"

1  modes, the names of which are duplicated in Arista's infringing products, using substantially
2  similar prompts.  Attached as Exhibit C is a more comprehensive listing of the command modes
3  and prompts from Cisco's copyrighted works that were copied by Arista, as well as the version(s)
4  of Arista's infringing works that contain these protected elements.
5      Because the burden of finding each of these command expressions, command hierarchies,
6  and command modes and prompts in the copyrighted works and the infringing works is the same
7  for Arista as it is for Cisco, pursuant to Fed. R. Civ. P. 33(d), Cisco identifies the following
8  documents as containing responsive information:
9      IOS v. 11.0: Source Code, CSI-CLI-00403865.
10     IOS v. 11.1: Source Code, CSI-CLI-00403866.
11     IOS v. 11.2: Source Code, CSI-CLI-00403867.
12     IOS v. 11.3: Source Code, CSI-CLI-00403868.
13     IOS v. 12.0: Source Code, CSI-CLI-00403869.
14     IOS v. 12.1: Source Code, CSI-CLI-00403870.
15     IOS v. 12.2: Source Code, CSI-CLI-00403871.
16     IOS v. 12.3: Source Code, CSI-CLI-00403872, CSI-CLI-00403874.
17     IOS v. 12.4: Source Code, CSI-CLI-00403873.
18     IOS v. 15.0: Source Code, CSI-CLI-00054598 – CSI-CLI-00074027, CSI-CLI-00216957 –
19  CSI-CLI-00217612, CSI-CLI-00223197 – CSI-CLI-00224078, CSI-CLI-00226300 – CSI-CLI-
20  00226709, CSI-CLI-00267773 – CSI-CLI-00268938, CSI-CLI-00271385 – CSI-CLI-00271914,
21  CSI-CLI-00274107 – CSI-CLI-00274387, CSI-CLI-00275376 – CSI-CLI-00276837, CSI-CLI-
22  00314732 – CSI-CLI-00314943, CSI-CLI-00316210 – CSI-CLI-00317412, CSI-CLI-00317634 –
23  CSI-CLI-00317847, CSI-CLI-00318351 – CSI-CLI-00318532, CSI-CLI-00319252 – CSI-CLI-
24  00321189, CSI-CLI-00324036 – CSI-CLI-00324389, CSI-CLI-00325497 – CSI-CLI-00325713,
25  CSI-CLI-00332893 – CSI-CLI-00345450, CSI-CLI-00348572 – CSI-CLI-00348689, CSI-CLI-
26  00350066 – CSI-CLI-00351948.
27     IOS v. 15.1: Source Code, CSI-CLI-00034689 – CSI-CLI-00054565, CSI-CLI-00223197 –
28  CSI-CLI-00224078, CSI-CLI-00226300 – CSI-CLI-00226414, CSI-CLI-00226710 – CSI-CLI-

00227953, CSI-CLI-00267773 – CSI-CLI-00268938, CSI-CLI-00314422 – CSI-CLI-00314731, CSI-CLI-00314944 – CSI-CLI-00316209, CSI-CLI-00317413 – CSI-CLI-00317633, CSI-CLI-00317848 – CSI-CLI-00318350, CSI-CLI-00318533 – CSI-CLI-00319251, CSI-CLI-00319765 – CSI-CLI-00325376, CSI-CLI-00325497 – CSI-CLI-00325713, CSI-CLI-00333135 – CSI-CLI-00333809, CSI-CLI-00337967 – CSI-CLI-00338200, CSI-CLI-00338481 – CSI-CLI-00338696, CSI-CLI-00338941 – CSI-CLI-00339290, CSI-CLI-00345451 – CSI-CLI-00354832.

IOS v. 15.2: Source Code, CSI-CLI-00024968 – CSI-CLI-00034688, CSI-CLI-00074028 – CSI-CLI-00074113, CSI-CLI-00091773 – CSI-CLI-00091888, CSI-CLI-00098678 – CSI-CLI-00099910, CSI-CLI-00101493 – CSI-CLI-00101653, CSI-CLI-00102320 – CSI-CLI-00102428, CSI-CLI-00102615 – CSI-CLI-00102827, CSI-CLI-00104206 – CSI-CLI-00104306, CSI-CLI-00105599 – CSI-CLI-00105706, CSI-CLI-00106165 – CSI-CLI-00106403, CSI-CLI-00107100 – CSI-CLI-00107198, CSI-CLI-00108121 – CSI-CLI-00110637, CSI-CLI-00142102 – CSI-CLI-142151, CSI-CLI-00145892 – CSI-CLI-00145912, CSI-CLI-00146305 – CSI-CLI-00146361, CSI-CLI-00146494 – CSI-CLI-00146672, CSI-CLI-00150117 – CSI-CLI-00150301, CSI-CLI-00151700 – CSI-CLI-00151794, CSI-CLI-00153045 – CSI-CLI-00154056, CSI-CLI-00154957 – CSI-CLI-00154967, CSI-CLI-00161254 – CSI-CLI-00161264, CSI-CLI-00162423 – CSI-CLI-00162433, CSI-CLI-00162764 – CSI-CLI-00163054, CSI-CLI-00163297 – CSI-CLI-00163575, CSI-CLI-00163892 – CSI-CLI-00163997, CSI-CLI-00167730 – CSI-CLI-00168576, CSI-CLI-00168785 – CSI-CLI-00170897, CSI-CLI-00171210 – CSI-CLI-00171263, CSI-CLI-00173118 – CSI-CLI-00173146, CSI-CLI-00227954 – CSI-CLI-00228224, CSI-CLI-00236536 – CSI-CLI-00237167, CSI-CLI-00237495 – CSI-CLI-00239781, CSI-CLI-00241096 – CSI-CLI-00248137, CSI-CLI-00276838 – CSI-CLI-00288213, CSI-CLI-00288322 – CSI-CLI-00289855, CSI-CLI-00292982 – CSI-CLI-00294561.

IOS v. 15.4: Source Code, CSI-CLI-00074114 – CSI-CLI-00091772, CSI-CLI-00091889 – CSI-CLI-00098677, CSI-CLI-00217613 – CSI-CLI-00223196 – CSI-CLI-00224078,  CSI-CLI-00224079 – CSI-CLI-00226299, CSI-CLI-00276838 – CSI-CLI-00277169, CSI-CLI-00289856 – CSI-CLI-00310345, CSI-CLI-00325714 – CSI-CLI-00332892.

IOS XR v. 3.0: Source Code, CSI-CLI-00359263 – CSI-CLI-00362850.

1   IOS XR v. 3.2: Source Code, CSI-CLI-00362851 – CSI-CLI-00370474.

2   IOS XR v. 3.3: Source Code, CSI-CLI-00370475 – CSI-CLI-00380671.

3   IOS XR v. 3.4: Source Code, CSI-CLI-00380672 – CSI-CLI-00389727.

4   IOS XR v. 3.5: Source Code, CSI-CLI-00389728 – CSI-CLI-00403864.

5   IOS XR v. 4.3: Source Code, CSI-CLI-00099911 – CSI-CLI-00101492, CSI-CLI-00101654 – CSI-CLI-00102319, CSI-CLI-00102429 – CSI-CLI-00102614, CSI-CLI-00102828 – CSI-CLI-00104205, CSI-CLI-00104307 – CSI-CLI-00105598, CSI-CLI-00105707 – CSI-CLI-00106164, CSI-CLI-00106404 – CSI-CLI-00107099, CSI-CLI-00107199 – CSI-CLI-00108120, CSI-CLI-00102732 – CSI-CLI-00127155, CSI-CLI-00137956 – CSI-CLI-00142101, CSI-CLI-00142214 - CSI-CLI-00142101 – CSI-CLI-00143091, CSI-CLI-00143160 – CSI-CLI-00145891, CSI-CLI-00145913 – CSI-CLI-00146304, CSI-CLI-00146362 – CSI-CLI-00146493, CSI-CLI-00146673 – CSI-CLI-00150166, CSI-CLI-00150302 – CSI-CLI-00151699, CSI-CLI-00151795 – CSI-CLI-00153044, CSI-CLI-00154057 – CSI-CLI-00154956, CSI-CLI-00154968 – CSI-CLI-00161253, CSI-CLI-00161265 – CSI-CLI-00162422, CSI-CLI-00162434 – CSI-CLI-00162763, CSI-CLI-00163998 – CSI-CLI-00167729, CSI-CLI-00168577 – CSI-CLI-00168784, CSI-CLI-00170898 – CSI-CLI-00171209, CSI-CLI-00171264 – CSI-CLI-00173117, CSI-CLI-00173147 – CSI-CLI-00173412.

IOS XR v. 5.2: Source Code, CSI-CLI-00110638 – CSI-CLI-00123731, CSI-CLI-00127156 – CSI-CLI-00137955, CSI-CLI-00142152 – CSI-CLI-00142213, CSI-CLI-00143092 – CSI-CLI-00143159, CSI-CLI-00163055 – CSI-CLI-00163296, CSI-CLI-00163576 – CSI-CLI-00163891, CSI-CLI-00189310 – CSI-CLI-00191711.

IOS XE v. 2.1: Source Code, CSI-CLI-00229755 – CSI-CLI-00236535, CSI-CLI-00268939 – CSI-CLI-00271384, CSI-CLI-00271915 – CSI-CLI-00274106, CSI-CLI-00274388 – CSI-CLI-00276837, CSI-CLI-00313895 – CSI-CLI-00314421, CSI-CLI-00325377 – CSI-CLI-00325496.

IOS XE v. 3.5: Source Code, CSI-CLI-00180764 – CSI-CLI-00189309, CSI-CLI-00228225 – CSI-CLI-00229754, CSI-CLI-00236536 – CSI-CLI-00236768, CSI-CLI-00237168 – CSI-CLI-00237494, CSI-CLI-00237785 – CSI-CLI-00237793, CSI-CLI-00239782 – CSI-CLI-

00241095, CSI-CLI-00248138 – CSI-CLI-00267772, CSI-CLI-00277170 – CSI-CLI-00277359, CSI-CLI-00288214 – CSI-CLI-00288321, CSI-CLI-00288673 – CSI-CLI-00289121, CSI-CLI-00310346 – CSI-CLI-00313894.

 NX-OS v. 4.0: Source Code, CSI-CLI-00054566 – CSI-CLI-00054597, CSI-CLI-00191712 – CSI-CLI-00192226, CSI-CLI-00202929 – CSI-CLI-00207082.

 NX-OS v. 5.0: Source Code, CSI-CLI-00173413 – CSI-CLI-00176459, CSI-CLI-00196923 – CSI-CLI-00197194, CSI-CLI-00197411 – CSI-CLI-00197600, CSI-CLI-00199585 – CSI-CLI-00200362, CSI-CLI-00201361 – CSI-CLI-00201380, CSI-CLI-00201823 – CSI-CLI-00201848, CSI-CLI-00207083 – CSI-CLI-00212262, CSI-CLI-00216926 – CSI-CLI-00216955.

 NX-OS v. 5.2: Source Code, CSI-CLI-00176460 – CSI-CLI-00178217, CSI-CLI-00196489 – CSI-CLI-00196922, CSI-CLI-00197195 – CSI-CLI-00197410, CSI-CLI-00197601 – CSI-CLI-00199584, CSI-CLI-00200363 – CSI-CLI-00201360, CSI-CLI-00201381 – CSI-CLI-00201822, CSI-CLI-00201849 – CSI-CLI-00202928.

 NX-OS v. 6.2: Source Code, CSI-CLI-00178218 – CSI-CLI-00180763, CSI-CLI-00192227 – CSI-CLI-00196488, CSI-CLI-00212263 – CSI-CLI-00216925.

 EOS 4.0.1: Source Code, CSI-CLI-00007244 – CSI-CLI-00007472.

 EOS 4.6.2: Source Code, CSI-CLI-00006858 – CSI-CLI-00007243.

 EOS 4.10.0: Source Code, CSI-CLI-00007841 – CSI-CLI-00008984.

 EOS 4.11.1.2: Source Code, CSI-CLI-00010517 – CSI-CLI-00011972.

 EOS 4.12.4: Source Code, CSI-CLI-00014141 – CSI-CLI-00016000.

 EOS 4.13.6F: Source Code, CSI-CLI-00016001 – CSI-CLI-00018140.

 EOS 4.13.7M: Source Code, CSI-CLI-00011973 – CSI-CLI-00014140.

 EOS 4.14.3F: Source Code, CSI-CLI-00018146 – CSI-CLI-00020377.

 EOS 4.14.5F: Source Code, CSI-CLI-00000084 – CSI-CLI-00002331.

 EOS 4.14.6M: Source Code, CSI-CLI-00004616 – CSI-CLI-00006857.

 EOS 4.15.0F: Source Code, CSI-CLI-00002332 – CSI-CLI-00004615.

 Cisco's discovery efforts in this case are ongoing, and Cisco reserves the right to further supplement this response in light of facts learned during discovery, including information

regarding Arista's accused products (including source code and other non-public materials) and expert discovery.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Subject to and without waiver of its general and specific objections, Cisco further responds as follows:

Arista has copied Cisco's copyrighted command hierarchy and the structure, sequence and organization of Cisco's command expressions. Cisco's command expressions are organized hierarchically such that certain groups and sub-groups of command expressions can be identified. For example, paragraph 52 of Cisco's Second Amended Complaint for Copyright and Patent Infringement (Dkt. 64) identify various command hierarchies (e.g., "aaa" command hierarchy, "bgp" command hierarchy, "clear" command hierarchy, "dot1x" command hierarchy, "ip" command hierarchy, "ipv6" command hierarchy, "neighbor" command hierarchy, "show" command hierarchy, "snmp-server" command hierarchy, "spanning-tree" command hierarchy, "vrrp" command hierarchy, and other command expressions and hierarchies). Within a given command hierarchy, all of the commands start with the same word; for example, all of the commands within the "aaa" command hierarchy start with "aaa." The Second Amended Complaint further identifies sub-hierarchies within a command hierarchy (e.g., "ip dhcp" sub-hierarchy, "ip igmp" sub-hierarchy, "ip msdp" sub-hierarchy, "ip ospf" sub-hierarchy, "ip pim" sub-hierarchy, "ipv6 nd" sub-hierarchy, "ipv6 ospf" sub-hierarchy, "show interfaces" sub-hierarchy, "show ipv6" sub-hierarchy). Within a given command sub-hierarchy, all of the commands start with the same two words; for example, all of the commands within the "ip dhcp" sub-hierarchy start with "ip dhcp." There can be further sub-hierarchies within a given sub-hierarchy. One way to demonstrate the hierarchy and organization of Cisco's command expressions visually is through the use of a tree structure. An example tree structure of a portion of the "ip" command hierarchy is provided in Exhibit D. Arista's copied commands are organized into the same hierarchies and sub-hierarchies and have the same tree structure.

Arista also has copied Cisco's command responses and their organization. Cisco's command responses constitute original, creative contributions to Cisco's copyrighted works. Attached as Exhibit E is a listing of some command responses from Cisco's copyrighted works that were copied by Arista, as well as the version(s) of Arista's infringing works that contain these protected elements. In addition, Arista has copied the non-literal elements of Cisco's command responses, including their structure, sequence and organization as also shown in Exhibit E. The command responses identified in Exhibit E are exemplary only, as Cisco's investigation is ongoing.

Cisco's discovery efforts in this case are ongoing, and Cisco reserves the right to further supplement this response in light of facts learned during discovery, including information regarding Arista's accused products (including screenshots, source code and other non-public materials) and expert discovery.

**THIRD SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Subject to and without waiver of its general and specific objections, Cisco further responds as follows:

Exhibit C to Cisco's Second Supplemental Response to Interrogatory No. 2 identifies certain command modes and associated prompts that were created by Cisco and copied by Arista. Arista's copying of command modes and prompts extends to interface-, feature-, protocol- and other more specific command modes and submodes, with associated prompts. Cisco's discovery regarding those modes and submodes is ongoing, and Cisco reserves the right to supplement its response in light of information learned subsequently from Arista's source code and/or operable Arista devices, which Cisco requested on September 18, 2015 but Arista has not yet produced.

Attached hereto as Amended Exhibit D1-D26 are command hierarchies containing Cisco's copyrighted command expressions that have been copied in whole or in part by Arista. These hierarchies are contained in Cisco's and Arista's respective product documentation and source code. The hierarchies contained in Amended Exhibit D1-D26 identify multi-word command expressions that Arista has copied. To the extent that Arista has utilized other command

1  expressions that fit within the identified hierarchies, copying of such expressions further
2  demonstrates copying of command hierarchies.  In addition, Arista's location of individual
3  command expressions within the same modes as those commands are located in Cisco's operating
4  systems (*e.g.*, the "enable" EXEC command in EOS and IOS) is further evidence of Arista's
5  copying of Cisco's command hierarchies.  Cisco's discovery regarding these command hierarchies
6  is ongoing, and Cisco reserves the right to supplement its response in light of information learned
7  subsequently from Arista's source code and/or operable Arista devices, which Cisco requested on
8  September 18, 2015 but Arista has not yet produced.

9  Exhibit E to Cisco's Second Supplemental Response to Arista's Interrogatory No. 2
10 included examples of Arista's copying of certain command outputs from Cisco's copyrighted
11 works.  Cisco's discovery regarding these command outputs is ongoing, and Cisco reserves the
12 right to supplement its response in light of information learned subsequently from Arista's source
13 code and/or operable Arista devices, which Cisco has requested but Arista has not yet produced.

14 Cisco's discovery efforts in this case are ongoing, and Cisco reserves the right to further
15 supplement this response in light of facts learned during discovery, including information
16 regarding Arista's accused products (including source code and other non-public materials, as well
17 as operable Arista devices) and expert discovery, or any other reason for which supplementation is
18 permissible under the Federal Rules of Civil Procedure.

19

20 **FOURTH SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**
21 Subject to and without waiver of its general and specific objections, Cisco further responds
22 as follows:
23 In addition to the command outputs previously identified in Exhibit E to Cisco's response
24 to this interrogatory, Arista has copied the interactive "help" screens from Cisco's copyrighted
25 works.  For example, in response to the "help" command, both Cisco's and Arista's operating
26 systems display the following text, which was originally created by Cisco in version 9.21 of IOS:
27
28

```
Help may be requested at any point in a command by entering
a question mark '?'. If nothing matches, the help list will
be empty and you must back up until entering a '?' shows the
available options.
Two styles of help are provided:
1. Full help is available when you are ready to enter a
   command argument (e.g. 'show ?') and describes each possible
   argument.
2. Partial help is provided when an abbreviated argument is entered
   and you want to know what arguments match the input
   (e.g. 'show pr?'.)
```

Arista's copying of the help screen displays extends to the description of various command expressions. In both Cisco's CLI and Arista's CLI, users can type "?" to generate context-sensitive help, including a list of available commands and descriptions thereof. Arista has copied numerous examples of Cisco's original command expression descriptions (*e.g.*, explaining that the "enable" command will "Turn on privileged commands"). Cisco's discovery regarding these screen displays is ongoing, and Cisco reserves the right to supplement its response in light of information learned subsequently from Arista's source code and/or operable Arista devices, which Cisco has requested but Arista has not yet produced.

**FIFTH SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Subject to and without waiver of its general and specific objections, Cisco further responds as follows:

The evidence of Arista's copyright infringement is pervasive. Arista's CEO has admitted and apologized for copying. CSI-CLI-00357842 at CSI-CLI-00357849. Arista's CTO has admitted (unapologetically) to copying Cisco "slavishly." Packet Pushers Clip (Audio File) (Duda Exh. 274). And numerous other Arista employees (including executives) have admitted that Arista intentionally copied Cisco. *E.g.*, ARISTANDCA11406349, ARISTANDCA10499890, ARISTANDCA10499890; ARISTANDCA10499890; *see also* additional documents listed below. In sum, the evidence of admitted copyright infringement by Arista is overwhelming. And, contrary to Arista's claim, Arista is not an "American success story." Arista created and then built its business around a corporate culture of copying others. And that corporate culture of copying was created and fostered by the highest ranking Arista executives and then executed by its

employees.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

**HIGHLY CONFIDENTIAL—SOURCE CODE**

Further, Cisco also has discovered additional copying by Arista. Arista has copied the command descriptions (also known as "helpdesc") of various commands. The number and extent of the similarities between Cisco's command descriptions and Arista's command descriptions is evidence that Arista intentionally copied and then incorporated these descriptions into its EOS CLI, including its EOS source code. The number and extent of the similarities is slavish copying, not mere coincidence. The copied command descriptions that Cisco has discovered and that further evidence Arista's copyright infringement are listed in Exhibits G and H, which are incorporated here by reference.

Moreover, there are uncanny similarities in the structure and organization of Arista's source code that also evidence copying of Cisco's IOS copyrighted works. For example:

- The EOS code (like Cisco's IOS code) is specifically built and organized to understand and respond to the 500+ multi-word command expressions as well as hierarchical modes and sub-modes (*E.g.*, Mode Hierarchy: Mode CliParser.py > ConfigModeBase BasicCli.py > GlobalConfigMode BasicCli.py);
- The EOS source code includes a parsing engine for analyzing entered commands for each mode, and that parsing engine parses entered commands using rules in a unique structure similar to Cisco's IOS parsing engine;
- The EOS source code's use of tokens is similar to the EOL tokens used by some of Cisco's parsers, suggesting another unique, structural and organizational similarity; and
- Arista's CLI parser checks whether a given token is valid for a given command rule, which also is similar to Cisco's IOS parsers.

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

**HIGHLY CONFIDENTIAL—SOURCE CODE**

Cisco identifies at least the following documents and testimony as containing responsive information:

| | |
|---|---|
| 1 | |
| 2 | /s/ Sean S. Pak |
| 3 | Kathleen Sullivan (SBN 242261) |
| | kathleensullivan@quinnemanuel.com |
| 4 | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| 5 | 51 Madison Avenue, 22nd Floor |
| | New York, NY 10010 |
| 6 | Telephone: (212) 849-7000 |
| | Facsimile: (212) 849-7100 |
| 7 | |
| 8 | Sean S. Pak (SBN 219032) |
| | seanpak@quinnemanuel.com |
| | John M. Neukom (SBN 275887) |
| 9 | johnneukom@quinnemanuel.com. |
| | QUINN EMANUEL URQUHART & |
| 10 | SULLIVAN LLP |
| | 50 California Street, 22nd Floor |
| 11 | San Francisco, CA 94111 |
| | Telephone: (415) 875-6600 |
| 12 | Facsimile: (415) 875-6700 |
| 13 | Mark Tung (SBN 245782) |
| | marktung@quinnemanuel.com |
| 14 | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| 15 | 555 Twin Dolphin Drive, 5th Floor |
| | Redwood Shores, CA 94065 |
| 16 | Telephone: (650) 801-5000 |
| | Facsimile: (650) 801-5100 |
| 17 | |
| 18 | Steven Cherny (admitted *pro hac vice*) |
| | steven.cherny@kirkland.com |
| | KIRKLAND & ELLIS LLP |
| 19 | 601 Lexington Avenue |
| | New York, New York 10022 |
| 20 | Telephone: (212) 446-4800 |
| | Facsimile: (212) 446-4900 |
| 21 | |
| 22 | Adam R. Alper (SBN 196834) |
| | adam.alper@kirkland.com |
| | KIRKLAND & ELLIS LLP |
| 23 | 555 California Street |
| | San Francisco, California 94104 |
| 24 | Telephone: (415) 439-1400 |
| | Facsimile: (415) 439-1500 |
| 25 | |
| 26 | Michael W. De Vries (SBN 211001) |
| | michael.devries@kirkland.com |
| | KIRKLAND & ELLIS LLP |
| 27 | 333 South Hope Street |
| | Los Angeles, California 90071 |
| 28 | Telephone: (213) 680-8400 |

1  Facsimile: (213) 680-8500

2  *Attorneys for Plaintiff Cisco Systems, Inc.*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I hereby certify that, at the date entered below and per the agreement of the parties, I caused a true and correct copy of the foregoing to be served by transmission via electronic mail, made available to counsel at the email addresses below:

| | |
|---|---|
| Juanita R. Brooks<br>brooks@fr.com<br>Fish & Richardson P.C.<br>12390 El Camino Real<br>San Diego, CA 92130-2081 | Brian L. Ferrall<br>blf@kvn.com<br>Michael S. Kwun<br>mkwun@kvn.com<br>David J. Silbert<br>djs@kvn.com |
| Kelly C. Hunsaker<br>hunsaker@fr.com<br>Fish & Richardson PC<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063 | Robert Van Nest<br>rvannest@kvn.com<br>Keker & Van Nest LLP<br>633 Battery Street<br>San Francisco, CA 94111-1809 |
| Ruffin B. Cordell<br>cordell@fr.com<br>Lauren A. Degnan<br>degnan@fr.com<br>Michael J. McKeon<br>mckeon@fr.com<br>Fish & Richardson PC<br>1425 K Street NW<br>11th Floor<br>Washington, DC 20005 | Susan Chreighton<br>screighton@wsgr.com<br>Scott Andrew Sher<br>ssher@wsgr.com<br>Wilson Sonsini Goodrich Rosati<br>1700 K Street<br>Washington, DC 20006 |

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 27, 2016, at San Francisco, California.

                                      */s/ Catherine R. Lacey*
                                      Catherine R. Lacey