# ATTACHMENT 27

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

CISCO SYSTEMS, INC., )
)
Plaintiff, )
)
vs. ) Case No. 5:14-cv-05344-BLF (PSG)
)
ARISTA NETWORKS, INC., )
)
Defendant. )
)
______________________________ )

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
VIDEOTAPED DEPOSITION OF DAN LANG

Date and Time: Friday, May 20, 2016
9:35 a.m.

Location: 601 California Avenue, Palo Alto, California 94304

Reported by: Cammi R. Bowen, CSR-13492

A P P E A R A N C E S:

For the Plaintiff: QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street
22nd Floor
San Francisco, CA 94111
Tel: (415) 875-6341
E-mail: Johnneukom@quinnemanuel com
BY: JOHN (JAY) NEUKOM, ESQ
ELIZABETH MCCLOSKEY, ESQ

For the Defendants: KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111
Tel: (415) 391-5400
E-mail: Djs@kvn com
BY: DAVID SILBERT, ESQ

Also Present: Keith Stevens, Videographer



INDEX


| EXAMINATIONS: | PAGE |
|---|---|
| By Mr Silbert | 8 |


EXHIBITS


| Defendant Exhibit No | Description | Ident |
|---|---|---|
| Exhibit 1000 | Defendant Arista Networks, Inc 's Amended Notice of Rule 30(b)(6) Deposition of Plaintiff Cisco Systems, Inc | 28 |
| Exhibit 1001 | Plaintiff Cisco Systems, Inc 's First Supplemental Objections and Responses to Defendant Arista Networks, Inc 's Notice of Rule 30(B)(6) Deposition | 29 |
| Exhibit 1002 | Exhibit 3 to the Second Amended Complaint | 52 |
| xhibit 1003 | Exhibit 4A to the Second Amended Complaint | 70 |
| Exhibit 1004 | Exhibit 4B to the Second Amended Complaint | 74 |
| xhibit 1005 | Exhibit 5 to the Second Amended Complaint | 76 |
| Exhibit 1006 | Exhibit 6A to the Second Amended Complaint | 77 |
| Exhibit 1007 | Exhibit 6B to the Second Amended Complaint | 79 |
| Exhibit 1008 | Exhibit 7A to the Second Amended Complaint | 81 |
| Exhibit 1009 | Exhibit 7B to the Second Amended Complaint | 82 |




EXHIBITS - CONTINUED


| Exhibit | Description | Ident |
|---|---|---|
| Exhibit 1010 | Exhibit 8A to the Second Amended Complaint | 82 |
| Exhibit 1011 | Exhibit 9A to the Second Amended Complaint | 83 |
| Exhibit 1012 | Mark Chandler's Cisco Blog | 119 |
| Exhibit 1013 | Presentation entitled "Arista Competitive Overview" | 154 |
| Exhibit 1014 | Cisco Web page entitled "Open Standards Customer-Centric Open Standards" | 200 |
| Exhibit 1015 | Document entitled "Industry Standards," Bates-stamped CSI-CLI-01327019 through CSI-CLI-01327066 | 207 |
| Exhibit 1016 | Document entitled "Huawei Enterprise Briefing for Cisco Partners," Bates-stamped CSI-ANI-00639731 through CSI-ANI-00639782 | 218 |
| Exhibit 1017 | Agreement between Huawei Technologies Co , Ltd, FutureWei Technologies, Inc And Huawei America, Inc , Cisco Systems, Inc And Cisco Technology, Inc And 3Com Corporation, Dated as of September 30, 2003 | 222 |
| Exhibit 1018 | Document Bates-stamped CSI-CLI-02555741 through CSI-CLI-02555787 | 222 |
| Exhibit 1019 | Document Bates-stamped CSI-CLI-02555798 through CSI-CLI-02555813 | 223 |
| Exhibit 1020 | Declaration of Dennis R Allison, Bates-stamped CSI-CLI-06135178 through CSI-CLI-06135200 | 234 |





| EXHIBITS PREVIOUSLY MARKED | | PAGE |
|---|---|---|
| Exhibit 606 | Exhibit 606 to Jiandani deposition | 95 |
| Exhibit 607 | Exhibit 607 to Jiandani deposition | 94 |


WITNESS INSTRUCTED NOT TO ANSWER

| PAGE | LINE |
|---|---|
| 43 | 13 |
| 184 | 15 |
| 247 | 10 |
| 249 | 15 |

THE VIDEOGRAPHER: Good morning. We are on the record now. The time is 9:35 a.m. on today's date, May 20, 2016.

This is the video-recorded deposition of Dan Lang. My name is Keith Stevens, here with our court reporter, Cammi Bowen. We are here from Veritext Legal Solutions at request of counsel for the defendant.

This deposition is being held at Wilson Sonsini in Palo Alto, California, and the caption of the case is Cisco Systems, Inc. Versus Arista Networks, Inc., and the case number is 5:14-cv-05344-BLF.

At this time, will counsel please identify yourselves and state whom you represent.

MR. SILBERT: David Silbert, Keker & Van Nest on behalf of the defendant Arista.

MR. NEUKOM: John Neukom for the plaintiff and also for the witness.

THE VIDEOGRAPHER: Thank you.

And the witness may now be sworn in.

THE COURT REPORTER: Raise your right hand, please.

Do you swear to tell the truth, the whole truth, and nothing but the truth?



THE WITNESS: I do.

MR. NEUKOM: David, before you begin your questioning, would you like me to -- shall I make my note for the record about the topics?

MR. SILBERT: Sure. Please go ahead.

MR. NEUKOM: Okay. So leading up to today's deposition, Cisco counsel announced that Mr. Lang would be a 30(b)(6) witness today on the following topics:

13, 19 through 33, 35 through 40, 49, 50, 51, 59, 63 through 66, 74, 75, 84, 85, 86, and 88.

That said, it has become clear to me in recent days that Cisco's production of intellectual property licenses is ongoing, and we are working on getting, I believe, some confidentiality clearances from counterparties to some of those licenses.

Given that not-yet-complete state of document production for those licenses, we are not putting Mr. Lang up today on the following topics:

59, 64, 65, 66, 74, and 75.

On those six topics, we will shortly offer to counsel for Arista an additional date for a -- a deposition of Mr. Lang as a 30(b)(6) on those topics.

MR. SILBERT: Is that it?



MR. NEUKOM: That's it.

MR. SILBERT: Thanks.

DAN LANG,

being first duly affirmed by the Certified Shorthand Reporter to tell the truth, the whole truth, and nothing but the truth, testified as follows:

EXAMINATION

BY MR. SILBERT:

Q. Good morning, Mr. Lang.

A. Good morning.

Q. Have you ever been deposed before?

A. Yes, I have.

Q. How many times?

A. I -- I'm not sure exactly how many. Probably about a dozen.

Q. And on each of those occasions, were you deposed in your capacity as an employee of Cisco?

A. On one occasion, I was deposed about a patent I had drafted as a -- as a patent prosecutor. Not for Cisco.

Q. Okay. And that deposition that you just referred to, did that occur before you were working at Cisco or during the time that you were working at Cisco?

A. It was fairly early on, as I recall, during



my employment at Cisco, but it had to do with things that happened before I was employed at Cisco.

Q. What was the general nature of the testimony that you gave in the other depositions you've given as a Cisco employee?

A. Generally speaking, I've been testifying about licensing history, willfulness, issues connected with Cisco's participation of standards bodies in the ITC investigations that the -- Cisco filed against Arista. I also spoke about our historical competitive analysis practices, including those of Arista.

And -- and let -- let me just supplement that.

Also, in -- you know, sometimes it's -- it's the precise negotiating history with the -- you know, the company that -- that we're litigating with.

Q. With the exception of the ITC cases against Arista that you referred to --

A. Uh-huh.

Q. -- were the other cases where you'd given depositions, cases where Cisco was a defendant in a patent infringement lawsuit?

A. Yes.

BY MR. SILBERT:
Q. Is it fair to say that whatever the overlap is between HP, Brocade, Alcatel-Lucent, Juniper Networks, and Extreme's CLIs, and Cisco's CLI, Mr. Chandler considers that amount of overlap to be not very significant?
MR. NEUKOM: Objection. Beyond the scope of any topic for which this witness has been designated today. Also, calls for speculation, lack of foundation.
THE WITNESS: I -- I can go by what's on the page here. I mean, he said that it's a small fraction of overlap. You know, we can go to the next sentence. He says -- he uses it as evidence to support his conclusion that these formidable competitors innovated on their own rather than copy. That's how -- that's how he views that -- that percentage of overlap.
BY MR. SILBERT:
Q. Right.
So do you agree that the conclusion -- the fair conclusion to be drawn from this blog post is that whatever overlap exists between HP, Brocade, Alcatel-Lucent, Juniper Networks, and Extreme CLIs, and Cisco's CLI, that amount of overlap equates with



innovating on those companies' own rather than copying?
MR. NEUKOM: Objection. Beyond the scope of any topic that this witness has been put up for today. Also, calls for opinion testimony regarding what would or would not be a fair conclusion to be drawn from a document. Also, objection, document speaks for itself.
THE WITNESS: Yeah. I -- the document does speak for itself.
You know, he said it's a small fraction of overlapping CLI commands, and then that supports their having innovated on their own.
BY MR. SILBERT:
Q. Did Cisco believe that HP competes fairly with respect to its use of CLI commands?
MR. NEUKOM: Objection. Vague. Also, beyond the scope of any topic for which this witness has been designated today. Also, calls for opinion testimony.
THE WITNESS: Could you repeat that, please?
BY MR. SILBERT:
Q. Does Cisco believe that HP competes fairly with respect to its use of CLI commands?



A. I -- I -- I don't know --
MR. NEUKOM: Same objections.
THE WITNESS: Yeah. I mean, I don't really have a detailed view of that. I mean, I -- I can say here that HP's CLI overlap is small. It's a -- a -- much smaller than Arista's. And there's a notion that they've innovated on their own. They are formidable competitors.
BY MR. SILBERT:
Q. Certainly Mr. Boulton had no problem with the amount of overlap between HP's CLI and Cisco's CLI; right?
MR. NEUKOM: Objection. Lack of foundation. Beyond the scope of any topic for which this witness has been designated. Calls for speculation.
THE WITNESS: Yeah. My conversation with Mr. Boulton, I mean, to be precise, wasn't about how much he liked or disliked or what problem he had with -- with HP's CLI, but it was by way of comparison and how Arista's and 2002 circa -- circa 2002 Huawei's CLIs were in a category by themselves.
I -- I did not ask him and did not discuss with him exactly how much he either liked or disliked HP's CLI.



BY MR. SILBERT:
Q. Has Cisco ever, in any context, registered any disagreement with CLI commands used by HP on the ground that they overlap with CLI commands used by Cisco?
MR. NEUKOM: Objection. Beyond the scope. Vague and compound.
THE WITNESS: I don't know of any -- any such instances and I -- I don't know if that -- well, I don't -- I don't see that it as necessarily being, you know, comparable to this situation here.
I mean, we've identified two companies that we feel are CLIs that are, one could say, entirely ripped off of Cisco's and we -- we sued them. And we -- I think we can -- we can establish pretty clearly that we did not do that to HP.
BY MR. SILBERT:
Q. Right.
You -- you never sued HP and -- about its CLI, and even more than that, Cisco has never raised a finger to complain about anything HP does with respect to its CLI, has it?
MR. NEUKOM: Objection. Compound, off topic. And vague.
THE WITNESS: Yeah, I -- I don't know what





Veritext Legal Solutions
866 299-5127

we -- we might have done with that res- -- in that respect to HP, but I -- I do know that the degree of overlap is a small fraction of the CLI commands.
BY MR. SILBERT:
Q. How do you know that?
A. It's -- it states it in Mr. Chandler's blog post.
Q. Okay. Whatever -- is it fair to say that whatever that degree of overlap is between HP's CLI and Cisco's CLI, it does not rise to the level of being a significant concern for -- to Cisco?
MR. NEUKOM: Objection. Vague and compound. Beyond the scope of any topic for which this witness has been designated today.
THE WITNESS: The -- the level of overlap, again, is a -- a small fraction. You know, it helps support a statement that they innovated on their own.
For Mr. Boulton and from his perspective, it certainly did not rise to the level of a -- of a ripping off of the CLI that Arista and Huawei, circa 2002, did. I -- forgetting the exact phrasing you used in your question now, but a significant concern.
You know, I -- I don't know what that means



for a company like ours, but I spoke to the guy who does competitive analysis and he -- he focused on the uniqueness of Arista and Huawei, even though HP is also a -- a Tier 1 competitor that his -- his group works on.
BY MR. SILBERT:
Q. So isn't it true that Cisco believes that whatever the degree of overlap is between the HP CLI and Cisco CLI, it's not worth Cisco doing anything about?
MR. NEUKOM: Objection. Mischaracterizes prior testimony. Off topic. Hypothetical.
THE WITNESS: Yeah, I -- I didn't say that. What I said was that it wasn't in the unique category that Arista and Huawei are.
It didn't rise to the level where somebody could, you know, sit down with the HP box, having been trained on Cisco and used the HP box without consulting a user's manual. And we have not sued HP.
BY MR. SILBERT:
Q. It's true that -- isn't it, that whatever the degree of overlap is between the HP CLI and Cisco's CLI, Mr. Chandler considers that degree of overlap to be a small fraction of overlap?



A. Well, I -- I can only quote the words on the page which say, well, networking products from HP -- then listing a number of other vendors -- each have only a small fraction of overlapping CLI commands.
Q. Yeah. Isn't that what he's saying?
That whatever the overlap is between HP and Cisco, that amounts to only a small fraction of overlapping commands?
MR. NEUKOM: Objection. Document speaks for itself. And beyond the scope.
THE WITNESS: Yeah. The document speaks for itself.
I mean, it, you know, could be that he was referring only to multiword commands, for example. But, in his view, the -- the overlap was a small fraction.
BY MR. SILBERT:
Q. So I just want to understand your prior testimony. Let me ask the question again.
Isn't it true that Cisco believes that whatever the amount of overlap is between HP's CLI and Cisco's CLI, that amount of overlap is not worth Cisco doing anything about?
MR. NEUKOM: Objection. Vague, well off



topic, calls for speculation.
This witness is not here to talk about the belief of a legal entity.
THE WITNESS: Okay. So again, you know, Cisco's belief as a, you know, 70,000 person, $50 billion company is a little hard to pin down as a concept.
We've told you about what the -- the degree of -- of overlap is. You know, I've -- I've told you that there are two companies that we've -- that we've sued. And I've told you how those companies are viewed as unique by our competitive analysis group, you know, compared to other Tier 1 competitors.
Beyond that, I'm not sure that I really have anything to -- to say about HP and, you know -- you know, particularly. I think I've said those things a number of times. And, you know, those are the things that -- that the -- that I can say based on my -- my preparation on this topic.
BY MR. SILBERT:
Q. Okay. But here's my -- Cisco has not done anything about the overlap between HP's CLI and Cisco's CLI, whatever that degree of overlap may be; right?



[redacted]

[redacted]

(Whereupon, the deposition of Dan Lang was concluded at 5:30 p.m.)

--oOo--

DECLARATION UNDER PENALTY OF PERJURY

I, Dan Lang, do hereby declare under penalty of perjury that I have read the foregoing transcript of my deposition taken on May 20, 2016; that I have made such corrections as appear noted on the Deposition Errata Page, attached hereto, signed by me; that my testimony as contained herein, as corrected, is true and correct.

Dated this __________ day of ________________, 2016, at ____________________________________________, California.

______________________________

Dan Lang

CERTIFICATE OF REPORTER

I, CAMMI R. BOWEN, a Certified Shorthand Reporter, hereby certify that the witness in the foregoing deposition was by me duly sworn to tell the truth, the whole truth, and nothing but the truth in the within-entitled cause;

That said deposition was taken down in shorthand by me, a disinterested person, at the time and place therein stated, and that the testimony of the said witness was thereafter reduced to typewriting, by computer, under my direction and supervision;

Further, that if the foregoing pertains to the original transcript of a deposition in a Federal Case, before completion of the proceedings, review of the transcript [ ] was [ ] was not requested.

I further certify that I am not of counsel or attorney for either or any of the parties to the said deposition, nor in any way interested in the events of this cause, and that I am not related to any of the parties hereto.

DATED: 6/2/2016

<%signature%>
CAMMI R. BOWEN
CSR #13492