# ATTACHMENT 29

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

CISCO SYSTEMS, INC. Case No.: 5:14-cv-05344-BLF(PSG)

Plaintiff,

v.

ARISTA NETWORKS, INC.

Defendants.

___________________________________________________________

* HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY *

VIDEOTAPED DEPOSITION OF PHILLIP REMAKER
30(b)(6) FOR CISCO SYSTEMS, INC.
Palo Alto, California
Thursday, March 31, 2016
Volume 1

Reported by:
LESLIE JOHNSON
RPR, CSR No. 11451
Job No.: 2281749
PAGES 1 - 216

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

CISCO SYSTEMS, INC. Case No.: 5:14-cv-05344-BLF(PSG)

Plaintiff,

v.

ARISTA NETWORKS, INC.

Defendants.

* HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY *

VIDEOTAPED DEPOSITION OF PHILLIP REMAKER, Volume 1, taken on behalf of Defendant, at 601 California Avenue, Palo Alto, California, beginning at 9:30 a.m. and ending at 4:14 p.m., on Thursday, March 31, 2016, before LESLIE JOHNSON, Certified Shorthand Reporter No. 11451.

APPEARANCES:

FOR PLAINTIFF CISCO SYSTEMS, INC.:
QUINN EMANUEL URQUHART & SULLIVAN LLP
BY: JOHN (JAY) NEUKOM, ESQ.
50 California Street, 22nd Floor
San Francisco, California 94111
(415)875-6600
johnneukom@quinnemanuel.com

FOR DEFENDANT ARISTA NETWORKS, INC.:
KEKER & VAN NEST LLP
BY: RYAN WONG, ESQ.
633 Battery Street
San Francisco, California 94111
(415)391-5400
rwong@kvn.com

ALSO PRESENT:
SEAN GRANT, Videographer

I N D E X

| WITNESS | EXAMINATION |
|---|---|
| PHILLIP REMAKER 30(b)(6) for CISCO SYSTEMS Volume 1 | |
| BY MR. WONG | 8 |
| BY MR. NEUKOM | 212 |

EXHIBITS
PHILLIP REMAKER, 30(b)(6)

| NUMBER | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit 429 | Defendant Arista Network, Inc.'s Notice of 30(b)(6) Deposition of Plaintiff Cisco Systems, Inc.; 33 pages | 9 |
| Exhibit 430 | Amended Exhibit F Document Index; 40 pages | 11 |
| Exhibit 431 | Amended Exhibit F; 44 pages | 14 |
| Exhibit 432 | Binder labeled "Bates Does Cited in Cisco Rog Exhibit F," Volume 1 of 2 | 15 |
| Exhibit 433 | Binder labeled "Bates Does Cited in Cisco Rog Exhibit F," Volume 2 of 2 | 15 |
| Exhibit 434 | Binder labeled "Source Code Cited in Cisco Rog Exhibit F," Volume 1 of 2 | 15 |
| Exhibit 435 | Binder labeled "Source Code Cited in Cisco Rog Exhibit F," Volume 2 of 2 | 15 |

EXHIBITS (Cont.)
PHILLIP REMAKER, 30(b)(6)

| NUMBER | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit 436 | E-mail dated 1/12/99 from Phillip Remaker to Carl Schaefer, et al.; Bates stamped CSI-CLI-00794351 to 95 | 40 |
| Exhibit 437 | E-mail dated 6/7/2003 from Shaubin Xie; Bates stamped CSI-CLI-00783473 to 81 | 80 |
| Exhibit 438 | Parser-Police Manifesto, version 6; 10 pages | 82 |
| Exhibit 439 | CLI Design and Review Guide; Bates stamped CSI-CLI-02824651 to 719 | 85 |
| Exhibit 440 | E-mail thread, top e-mail dated 7/8/2005, from Jain Dhanendra; Bates stamped CSI-CLI-00807444 to 68 | 87 |
| Exhibit 441 | Interrogatory No. 2 First Supplemental Response - Exhibit C; 3 pages | 98 |
| Exhibit 442 | Document entitled "Show Inventory Command"; Bates stamped CSI-CLI-610102 to 610105 | 104 |
| Exhibit 443 | E-mail dated 12/6/2002 from Eric Osborne; Bates stamped CSI-CLI-777457 to 459 | 114 |
| Exhibit 444 | Interrogatory No. 2 First Supplemental Response - Exhibit B; 102 pages | 122 |
| Exhibit 445 | E-mail dated 25 June 2002 from Ilse Van Hoeck; Bates stamped CSI-CLI-00608702 to 703 | 151 |
| Exhibit 446 | E-mail dated 17 May 1999 from Liming Wei; Bates stamped CSI-CLI-60866 | 159 |

EXHIBITS (Cont.)
PHILLIP REMAKER, 30(b)(6)

| NUMBER | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit 447 | Plaintiff Cisco Systems, Inc.'s Seventh Supplemental Objections and Responses to Defendant Arista Network, Inc.'s Second Set of Interrogatories (No. 16); 50 pages | 164 |
| Exhibit 448 | Plaintiff Cisco System, Inc.'s Fourth Supplemental Objections and Responses to Defendant Arista Network, Inc's First Set of Interrogatories (2 and 5); 44 pages | 167 |
| Exhibit 449 | Cisco's Response to Arista's Interrogatory No. 16 Amended Exhibit D1 (IOS Release 11.0); 28 pages | 182 |
| Exhibit 450 | Exhibit E Exemplary Copying of Command Responses; 27 pages | 201 |
| Exhibit 451 | Writing Command Line Interfaces (CLI) and CLI Output; Bates stamped CSI-CLI-02607986 to 8010 | 204 |

* * *

Palo Alto, California, Thursday, March 31, 2016
9:30 a.m.

THE VIDEOGRAPHER: Good morning. We're on the record. The time is 9:30 a.m. and the date is March 31st, 2016. This begins the videotaped deposition of Cisco Systems, Inc. pursuant to Rule 30(b)(6). My name is Sean Grant, here with our court reporter, Leslie Johnson. We're here from Veritext Legal Solutions at the request of counsel for Defendant. This deposition is being held at Wilson Sonsini in Palo Alto, California.

The caption of this case is Cisco Systems Inc. versus Arista Networks, Inc., Case No. 5:14-cv-05344-BLF.

Please note that audio and video recording will take place unless all parties have agreed to go off the record. Microphones are sensitive and may pick up whispers, private conversations or cellular interference.

At this time, will counsel please identify themselves and state whom they represent.

MR. WONG: Ryan Wong from Keker & Van Nest for Defendant Arista Networks.

MR. NEUKOM: John Neukom for the

plaintiff.

THE VIDEOGRAPHER: Thank you. Will the certified court reporter please swear in the witness.

PHILLIP REMAKER,
having been first duly sworn, was examined and testified as follows:

EXAMINATION

BY MR. WONG:

**Q. Good morning, Mr. Remaker.**

A. Good morning.

**Q. Do you understand that you are testifying under oath?**

A. I understand.

**Q. Okay. And I know we took your personal deposition yesterday. Do you understand that the general rules for conducting a deposition are also applicable today?**

A. Yes.

**Q. Do you understand that you have been designated by Plaintiff Cisco to provide corporate testimony under Rule 30(b)(6) today?**

A. Yes.

(Exhibit 429 marked for identification.)

MR. WONG: Let's mark this as the first deposition exhibit. I believe we are on 429.

THE REPORTER: Correct.

BY MR. WONG:

**Q. The court reporter has marked Exhibit 429, a document that on its face says "Defendant Arista Network, Inc.'s Notice of Rule 30(b)(6) Deposition of Plaintiff Cisco Systems, Inc."**

**Mr. Remaker, do you recognize the document marked as Exhibit 429?**

MR. NEUKOM: It might help you to turn to page 23.

MR. WONG: Thank you, Counsel.

MR. NEUKOM: Start with paragraph 78.

THE WITNESS: Yes, I recognize this document.

BY MR. WONG:

**Q. Do you understand that you have been designated by Cisco to provide corporate testimony for topic No. 78 that appears on page 23 of Exhibit 429?**

A. Yes.

**Q. Do you understand that you've been designated by Cisco to provide corporate testimony**

**correct?**

A. For a subset of commands, it would seem that was the case.

**Q. And when we're talking about a subset of commands, which of the Cisco operating systems are you referring to?**

MR. NEUKOM: Objection. Vague.

THE WITNESS: I don't know all of the operating systems that were affected, but the one alias that I know is discontinued was related to IOS XR.

BY MR. WONG:

**Q. Was there a CLI reviewer alias for IOS?**

A. I don't know.

**Q. Was there a CLI review alias for NX-OS?**

A. I don't know.

**Q. What other flavors of IOS had a CLI reviewer alias?**

A. I don't know.

**Q. Do you know for what period of time the IOS XR CLI reviewer alias was being used?**

A. I don't know exactly.

**Q. Do you know one way or another whether a CLI reviewer alias existed for Cisco IOS?**

A. I don't know for certain.

Page 26

Page 27

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 38

Pages 38 to 41

Veritext Legal Solutions
866 299-5127

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 42

Pages 42 to 45

Veritext Legal Solutions
866 299-5127

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Pages 50 to 53

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 54

Pages 54 to 57

Veritext Legal Solutions
866 299-5127

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 62

Pages 62 to 65

Veritext Legal Solutions
866 299-5127

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

[redacted]

Page 66

[redacted]

[redacted]

Page 70

[redacted]

[redacted]

THE WITNESS: It is helpful to know the vocabulary and culture of the user to make a useful command.

BY MR. WONG:

**Q. And in this paragraph, the Parser-Police Manifesto is stating that in the ATM community, the command "forward-peak-cell-rate-clpl" might be the only acceptable syntax for that command, correct?**

MR. NEUKOM: Objection. Misstates the document.

THE WITNESS: That is -- you are quoting from the document?

BY MR. WONG:

**Q. Yes.**

A. Okay. What was the question?

**Q. So in the paragraph that starts with No. 10 in the Parser-Police Manifesto marked as Exhibit 436, it's stating that the ATM community -- in the ATM community, the command "forward-peak-cell-rate-clpl" might be the only acceptable command syntax. Correct?**

MR. NEUKOM: Objection. Misstates the document.

THE WITNESS: Might be.

////

Page 73

Page 82

Q. Thank you. You can set that aside.
(Exhibit 439 marked for identification.)
BY MR. WONG:
Q. The court reporter has marked as Exhibit 439 documents -- document bearing control numbers CSI-CLI-02824651 to CSI-CLI-02824719.

MR. NEUKOM: Objection. Calls for a legal conclusion. And it is well beyond the scope of topics for which this witness is here today.

THE WITNESS: I don't have an opinion about that.

BY MR. WONG:

**Q. Based upon your answer, I would ask you, what was the selection and creation process for whatever it is you would delineate, but if you don't know, then I can't ask you what the selection and creation process was behind the command mode.**

**Well, let me just ask you that.**

**Do you know what the selection or creation process was behind the "user exec" command mode?**

A. I don't know.

**Q. Do you know what the selection or creation process was behind the "privileged exec" command mode?**

A. I do not know.

**Q. Do you know what the selection or creation process was behind the "global configuration" command mode?**

A. I do not know.

**Q. Do you know what the selection or creation process was behind the "interface configuration"**

**command mode?**

A. I do not know.

**Q. Just to cover our bases, do you know the selection or creation process behind the "user exec" command prompt?**

A. I do not know.

**Q. Do you know the selection or creation process behind the "privileged exec" command prompt?**

A. I do not know.

**Q. Do you know the selection or creation process behind the "global configuration"" command prompt?**

A. I do not know.

**Q. And do you know the selection or creation process behind the "interface creation" command prompt?**

A. I do not know.

**Q. And you understand that by "you" in those questions, I'm asking you as Cisco's corporate representative, correct?**

A. Yes.

**Q. And your answers are the same with that understanding, correct?**

A. Yes.

**Q. And do you know where any of these command**

**prompts are fixed within any of Cisco's copyrighted works?**

A. I would presume they are fixed in the source code.

**Q. And do you know where any of the command modes are fixed in Cisco's copyrighted works?**

A. I presume in the source code.

MR. NEUKOM: Objection. Beyond the scope. And I'll take a standing objection for beyond the scope on the where are they fixed line of questions.

BY MR. WONG:

**Q. Subject to questions by your counsel, I have no further questions of you, Mr. Remaker.**

EXAMINATION

BY MR. NEUKOM:

**Q. Mr. Remaker, can you explain for us how much time you spent preparing to testify as a corporate representative today?**

A. Including the response to the interrogatory or just direct preparation?

**Q. Just without -- without telling us what you did in detail, why don't you just tell us how much time you spent learning information about the origination of Cisco command line expressions prior**

**to being a corporate representative today?**

A. I spent three days preparing with counsel. And prior to that spent dozens of hours in preparing the responses to interrogatory No. 16 and interrogatory No. 19 with the team of very senior engineers.

**Q. What documents did you review in preparation to serve as a corporate representative witness today, to talk about the historical origination of Cisco command line expressions?**

A. I reviewed Exhibits 431, 432, 433, 434 and 435. I reviewed --

**Q. Let me interrupt you right there because you just listed off a number of exhibits. I take it those exhibits that you just referred to, each of them is a binder?**

A. Exhibit 431 is an index to the four binders that are Exhibits 432 through 435.

**Q. Okay. Given that when I asked you what documents you looked at to prepare to testify today, you identified exhibit numbers, I just want to make sure the record is clear, because some of those exhibits are compilations of numerous individual documents.**

**Can you, to the best of your ability,**

**estimate for us the number of documents -- the number of historical Cisco documents you reviewed to prepare yourself to testify today as a corporate representative?**

A. Easily 60 to 100 documents.

**Q. And can you describe by category what sorts of documents you reviewed to prepare yourself to come testify today about the historical origination of Cisco command line expressions?**

A. Individual command specifications written by engineers, source code, some e-mails, some internal web pages, and the deposition of Kirk Lougheed.

**Q. Do you believe there is anybody within Cisco who knows more about the historical creation of the 500-plus command line expressions identified in Exhibit 431, other than you?**

A. No.

MR. NEUKOM: Thanks very much.

MR. WONG: Thank you.

THE VIDEOGRAPHER: This concludes today's videotaped deposition of Cisco Systems, Inc. pursuant to Rule 30(b)(6).

We're off the record at 4:14 p.m.

(TIME NOTED: 4:14 p.m.)

DECLARATION UNDER PENALTY OF PERJURY

I, PHILLIP REMAKER, the witness herein, declare under penalty of perjury that I have read the foregoing in its entirety; and that the testimony contained therein, as corrected by me, is a true and accurate transcription of my testimony elicited at said time and place.

Executed this ______ day of _________ 2016, at

____________________, ____________________________.

(City) (State)

_______________________________________

PHILLIP REMAKER

REPORTER'S CERTIFICATION

I, Leslie Johnson, a Certified Shorthand Reporter of the State of California, do hereby certify:

That the foregoing proceedings were taken before me at the time and place herein set forth; that any witnesses in the foregoing proceedings, prior to testifying, were administered an oath; that a record of the proceedings was made by me using machine shorthand which was thereafter transcribed under my direction; that the foregoing transcript is a true record of the testimony given.

Further, that if the foregoing pertains to the original transcript of a deposition in a Federal Case, before completion of the proceedings, review of the transcript [ ] was [ ] was not requested.

I further certify I am neither financially interested in the action nor a relative or employee of any attorney or any party to this action.

IN WITNESS WHEREOF, I have this date subscribed my name.

Dated: April 15, 2016

<%signature%>

LESLIE JOHNSON

CSR No. 11451, RPR, CCRR