# EXHIBIT J

Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Steven Cherny *(admitted pro hac vice)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ARISTA NETWORKS, INC., <br><br> Defendant. | CASE NO. 5:14-cv-5344-BLF <br><br> **<u>UNREDACTED VERSION</u>** <br><br> **CISCO SYSTEMS, INC.'S REPLY BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> Date:  August 4, 2016 <br> Time:  9:00 a.m. <br> Dep't:  Courtroom 3, 5th Floor <br> Judge:  Hon. Beth Labson Freeman <br><br> Date Filed:  December 5, 2014 <br><br> Trial Date:  November 21, 2016 |

02099-00004/8177265.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

I.    Introduction ................................................................................................................1

II.   Background and Facts .................................................................................................2

    A.    Arista misstates the scope of Cisco's motion ..................................................2

    B.    Arista wrongly relies on third parties' supposed use of Cisco's CLI........................4

III.  Cisco is Entitled to Partial Summary Judgment ........................................................5

    A.    Arista has conceded summary judgment on several issues ...........................5

    B.    Cisco's command hierarchies are protectable expressions, not ideas ......................5

    C.    Cisco's command modes and prompts are protectable expressions, not
        methods .............................................................................................................5

    D.    Cisco's multi-word command expressions and command responses are
        protectable expressions ...................................................................................6

    E.    Cisco's multi-word command expressions are original ..................................6

        1.    Arista has no evidence to challenge originality for 506 of Cisco's
            508 asserted multi-word command expressions...........................................6

        2.    Arista fails in its challenge to 198 multi-word command expressions .........8

        3.    Arista's "fragment" argument fails .................................................................8

    F.    Cisco's HelpDesc entries are original ............................................................8

    G.    Cisco is entitled to summary judgment on copying ........................................9

        1.    Arista's opposition misunderstands Cisco's motion .....................................9

        2.    Cisco has unrebutted *direct* evidence of copying.......................................9

        3.    Arista's attempts to identify "material disputes of fact" are not
            persuasive ....................................................................................................10

    H.    Cisco is entitled to summary judgment of no fair use..................................11

        1.    Arista's infringement is not "transformative"..............................................11

        2.    Cisco's copyrighted works are not "functional" .........................................12

        3.    Arista has not engaged in "miniscule" copying of Cisco's works ..............13

        4.    As a direct competitor selling "replace Cisco" products, Arista
            cannot dispute the "effect on the potential market" ...................................14

Case No. 5:14-cv-5344-BLF
CISCO'S REPLY BRIEF I/S/O CISCO'S MOTION FOR PARTIAL SUMMARY JUDGMENT

1

IV.    Conclusion..........................................................................................................15

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

02099-00004/8177265.1          CISCO'S REPLY BRIEF I/S/O CISCO'S MOTION FOR PARTIAL SUMMARY JUDGMENT

# TABLE OF AUTHORITIES

**Page**

## Cases

*American Geophysical Union v. Texaco Inc.*,
   802 F. Supp. 1 (S.D.N.Y. 1992),
   *aff'd*, 60 F.3d 913 (2d Cir. 1994) ...................................................................................10

*Apple Computer, Inc. v. Microsoft Corp.*,
   35 F.3d 1435 (9th Cir. 1994).........................................................................................3

*Bridge Publications, Inc. v. Vien*,
   827 F. Supp. 629 (S.D. Cal. 1993) ..............................................................................10

*Cisco Systems, Inc. v. Huawei Technologies, Co., Ltd.*,
   266 F. Supp. 2d 551 (E.D. Tex. 2003) .........................................................................14

*Elvis Presley Enters., Inc. v. Passport Video*,
   349 F.3d 622 (9th Cir. 2003)........................................................................................12

*Feist Publ'ns, Inc. v. Rural Telegraph Serv. Co.*,
   499 U.S. 340 (1991) ...................................................................................................1, 2

*Harper & Row Publishers, Inc. v. Nation Enters.*,
   471 U.S. 539 (1985) .....................................................................................................14

*Los Angeles News Serv. v. KCAL-TV Channel 9*,
   108 F.3d 1119 (9th Cir. 1997)......................................................................................11

*Monge v. Maya Magazines, Inc.*,
   688 F.3d 1164 (9th Cir. 2012)......................................................................................11

*Oracle America, Inc. v. Google, Inc.*,
   750 F.3d 1339 (Fed. Cir. 2014)........................................................................4, 6, 8, 13

*Oracle America, Inc. v. Google, Inc.*,
   No. 10-cv-03561-WHA, 2016 WL 3181206 (N.D. Cal. June 8, 2016) ...........2, 12, 14

*Religious Tech. Ctr. v. Netcom On-Line Commc'n Servs., Inc.*,
   No. 95 Civ. 20091, 1997 WL 34605244 (N.D. Cal. Jan. 6, 1997)...............................10

*Wall Data Inc. v. Los Angeles Cnty. Sheriff's Dept.*,
   447 F.3d 769 (9th Cir. 2006)...................................................................................12, 15

## Other Authorities

4 Nimmer on Copyright
   § 13.01[B].......................................................................................................................3
   § 13.01 n.27....................................................................................................................9
   § 13.03............................................................................................................................3

Ninth Circuit Manual of Model Civil Jury Instructions
   § 17.5...............................................................................................................................2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

§ 17.13 ........................................................................................................................................3
§ 17.16 ........................................................................................................................................4
§ 17.21 ........................................................................................................................................3

CISCO'S REPLY BRIEF I/S/O CISCO'S MOTION FOR PARTIAL SUMMARY JUDGMENT

02099-00004/8177265.1

## I.    Introduction

Contrary to Arista's assertions in its Opposition (Dkt. 380 ("Arista MSJ Opp.")), Cisco has not filed a "blunderbuss" motion but has moved for partial summary judgment on three narrow aspects of its copyright claim. *First*, Cisco is entitled to summary judgment that its CLI is original. To satisfy this element, Cisco must show only that its engineers created a user interface that shows a "requisite level of creativity" that "is extremely low; even a slight amount will suffice." *Feist Publ'ns, Inc. v. Rural Telegraph Serv. Co.*, 499 U.S. 340, 345 (1991). Cisco has more than met that standard. Cisco enjoys a presumption of validity (including originality) for its CLI, and beyond that has overwhelming evidence in the form of business records, testimony from Cisco engineers, and admissions from Arista's own executives—all showing that Cisco engineers created Cisco's CLI without copying from others and that, in doing so, made subjective and expressive choices. Dkt. 348 ("Cisco MSJ Mot.") at 4-9; Dkt. 372 ("Cisco MSJ Opp.") at 3-14. There remains no genuine dispute on originality.

*Second*, Cisco is entitled to summary judgment that Arista copied Cisco's CLI. That point is not fairly debatable in light of abundant and unrefuted admissions by Arista's own executives that Arista "slavishly" copied Cisco's CLI. Cisco MSJ Mot. 9-12. Tellingly, Arista in its Opposition does not suggest that there is any dispute as to that fact; it argues only that it is too soon to adjudicate that factual matter because the Court has yet to filter protectable/unprotectable elements of Cisco's CLI as Arista argues is required by the Ninth Circuit's "analytic dissection" step. That is incorrect. The "dissection" step goes to whether Arista's copying is "actionable" or sufficient to find copyright infringement. But Cisco has not moved for summary judgment on *infringement*; it has moved for partial summary judgment on the factual question of *copying*.

*Third*, Cisco is entitled to summary judgment on Arista's affirmative defense of fair use. The evidence set forth in Arista's Opposition cannot possibly support fair use. Arista, a direct competitor, copied "99.999%" of Cisco's CLI for the competitive and purely commercial purpose of becoming a "drop-in replacement" for Cisco in order to take customers away from Cisco. Cisco MSJ Mot. at Exh 10 (Dkt. 335-19). Nothing could be further from the commentary, criticism or

CISCO'S REPLY BRIEF I/S/O CISCO'S MOTION FOR PARTIAL SUMMARY JUDGMENT

1  research that characterizes fair use under copyright law. Even if a fair use defense may ever be

2  asserted against a commercial competitor, *see Oracle America, Inc. v. Google, Inc.* No. 10-cv-

3  03561-WHA, 2016 WL 3181206 (N.D. Cal. June 8, 2016) (hereafter, "*Oracle JMOL*") (allowing

4  fair use verdict to stand where Google arguably used copied material in a different way—in a

5  mobile platform rather than for desktops—and the material was subject to an open-source license),

6  it cannot be a fair use for a commercial infringer to use copied material to capture sales of the very

7  same product category to the same customers targeted by the copyright holder.

8  **II.    Background and Facts**

9      **A.    Arista misstates the scope of Cisco's motion**

10      Cisco has moved for partial summary judgment on only three issues that would streamline

11  the case for trial. ***First***, Cisco has moved for summary judgment that its copyrighted user

12  interface satisfies the ***low bar*** for originality and creativity. Cisco MSJ Mot. 4-9. Granting

13  summary judgment on that basis should be straightforward given the lenient legal standard. *Feist*,

14  499 U.S. at 345. Arista's arguments to challenge Cisco's origination of its user interface rely on

15  mischaracterizations of Cisco's allegations (such as arguing that Cisco claims copyright protection

16  over individual words), and are overwhelmed by Arista's own admissions, in addition to Cisco's

17  historical records and origination testimony by its engineers. *See* Cisco MSJ Mot. 4-9; Cisco MSJ

18  Opp. 4-14. Granting summary judgment to Cisco on this limited basis would simplify this case for

19  trial given that it would reduce the number of disputed questions put to the jury.[1]

20      ***Second***, Cisco has moved for summary judgment of copying. Cisco MSJ Mot. 9-14.

21  Granting summary judgment on this factual issue also should be straightforward in light of the

22  undisputed evidence. Arista's executives have ***admitted*** their copying of Cisco's CLI so many

23  times that even a "string cite" of that evidence runs multiple pages. *Id.* at 9-12. Granting summary

24

25  _____

26  [1]  *See* Ninth Circuit Manual of Model Civil Jury Instructions ("Model Instructions") § 17.5
27  (***not necessary*** if granting Cisco's Motion: "The plaintiff is the owner of a valid copyright…"); *id.*
   at § 17.13 (***not necessary*** if granting Cisco's Motion: "The original parts of the plaintiff's work
28  …").

1    judgment on this basis would likewise reduce the number of disputes put to the jury.[2]

2          ***Third***, Cisco has moved for summary judgment on Arista's affirmative defense of fair use.

3    Cisco MSJ Mot. 14-25. Arista has not demonstrated that it can support a fair use defense, thus

4    granting summary judgment on the issue would greatly streamline the jury deliberations. *See*

5    Model Instructions § 17.21 (***not necessary*** if granting Cisco's Motion: "Fair Use").

6          Even if the Court grants partial summary judgment that Cisco engineers independently

7    created Cisco's user interface, that Arista "slavishly" copied that interface, and that Arista's

8    copying is not a fair use, Arista will remain free at trial to try to prove that its copying was not

9    actionable. *See* 4 Nimmer on Copyright § 13.01[B] ("First, there is the factual question whether

10   the defendant, in creating its work, used the plaintiff's material as a model... If the answer is 'yes,'

11   then one can conclude, as a factual proposition, that copying may have occurred. But the question

12   remains whether such copying is actionable."); *id.* at § 13.03 ("Just as copying is an essential

13   element of copyright infringement, so substantial similarity between the plaintiff's and

14   defendant's works is an essential element of ***actionable copying***.") (emphasis added); *see also*

15   *Apple Computer, Inc. v. Microsoft Corp.*, 35 F. 3d 1435, 1445 (9th Cir. 1994) (explaining that the

16   court must determine "whether ***sufficient copying to constitute infringement*** has taken place")

17   (emphasis added).[3]  Thus, while granting Cisco partial summary judgment would reduce the

18   number of disputed questions put to the jury, it would not result in a finding on the ultimate issue

19   of copyright infringement, nor preclude Arista from pressing at trial the arguments it focuses on in

20   its Opposition (Arista MSJ Opp. 6-13), such as its assertion that the aspects of Cisco's interface

21   are supposedly functional and/or directed at abstract ideas.[4]

22   _____

23     [2]  *See, e.g.*, Model Instructions § 17.16 (***not necessary*** if granting Cisco's Motion: "The
24   plaintiff may show the defendant copied from the work...").
       [3]  Insofar as Cisco's "Proposed Order" stated "infringement" (Dkt. 334), that was not Cisco's
25   intent in its motion, nor is that phrase supported in Cisco's opening memorandum. Paragraph 2 of
     Cisco's Proposed Order may be re-stated as "Defendant ('Arista') copied Cisco's CLI."
26     [4]  For example, Cisco has not moved for summary judgment on Arista's asserted affirmative
27   defenses of merger and scenes a faire, which the Federal Circuit held in *Oracle America, Inc. v.
     Google, Inc.*, 750 F.3d 1339, 1358 (Fed. Cir. 2014), applying Ninth Circuit law, do not go to "the
28   issue of copyrightability."

1

### B.    Arista wrongly relies on third parties' supposed use of Cisco's CLI

2      Arista suggests that numerous third parties have used aspects of Cisco's CLI in their

3  products, and that it is therefore excusable for Arista to have engaged in massive copying. Arista

4  MSJ Opp. 2; *id.* at 22-23. As an initial matter, Cisco notes that Arista ██████████████████

5  ████████████████████████████████████████████████████████████████████████

6  ████████████████████████████████████████████████████████████████████████

7  ████████████████████████ The ITC **rejected** that argument. Exh. 8[5] at 59 (████████

8  ████████████████████████████████████████████████████████████████████

9  ████████████████████████████████████████████████████████████

10 ████████████████████████████████████).

11     Furthermore, to support its legally irrelevant "industry standard" argument in this case,

12 Arista has offered inapposite evidence. Arista has not identified third parties that (like Arista) have

13 verbatim copied 500+ of Cisco's multi-word command expressions in specific operating systems

14 (let alone verbatim copied Cisco's command hierarchies, user documentation, screen displays, or

15 "HelpDesc" entries). Instead, Arista and its expert have purported to identify individual **words** or

16 "**fragments**" or "**abstractions**" across numerous different products from third parties that, if

17 lumped together, show overlap with individual words located within Cisco's CLI, or show non-

18 verbatim similarities that Arista calls "abstractions" and that are a far cry from Arista's verbatim

19 copying. In doing so, Arista has not shown that any other vendor has released a product that

20 verbatim copies Cisco's CLI as Arista has. *See* Dkt. 381-1 ("Black Rep.") at ¶¶ 262, 274-294

21 (explaining that he did not identify any set of multi-word command expressions that overlap,

22 verbatim or otherwise, between any Cisco IOS version and any particular Dell product, but instead

23 that he combined files from over 30 Cisco products and 7 different Dell products—including some

24 offered by a third-party that was later acquired by Dell—to find similarities); Dkt. 381-14 (Dr.

25 Black's purported showing of overlapping "abstractions" between Cisco and Dell multi-word

26 command expressions—if numerous different products from both companies are combined into

27

28     [5]  All citations herein to "Exh. _" refer to the Neukom Reply Declaration, filed herewith.

1  single and artificial "CLIs"—which in fact shows that Dell has ***not*** verbatim copied Cisco

2  anything like Arista has done); *id.* (for example, Dr. Black considers Dell's "area area-id default-

3  cost cost" command to be an "abstraction" of Cisco's "area default-cost (OSPFv3)" multi-word

4  command expression). This kind of evidence is not comparable to Arista's conduct at issue in this

5  case, in which Arista has still failed to deny that it intentionally copied Cisco's CLI.

6  **III.    Cisco is Entitled to Partial Summary Judgment**

7      **A.    Arista has conceded summary judgment on several issues**

8          In opposing Cisco's request for partial summary judgment, Arista has *sub silentio*

9  conceded several points. ***First***, Arista does not dispute originality/ownership or copying as to the

10 ***user documentation*** or ***"screen shots"*** that Arista copied from Cisco. *See Cisco MSJ Mot. 3*

11 ("screen displays" and "User Guides and Manuals"); *id.* at 4-9, 9-14 (supporting evidence for

12 same). Summary judgment is therefore appropriate on those grounds. ***Second***, Arista does not

13 dispute the fact of ***actual copying***, arguing instead (Arista MSJ Opp. 13-16) that the Court should

14 refrain from finding that Arista's actual copying was actionable or sufficient for purposes of

15 copyright infringement. But Cisco does not contest that the question of whether Arista's copying

16 is actionable or sufficient for copyright liability should be left to the jury. Cisco asks for partial

17 summary judgment on the simple and antecedent factual question of whether Arista's executives

18 and engineers copied Cisco's CLI. Arista should be held to have conceded that question.

19      **B.    Cisco's command hierarchies are protectable expressions, not ideas**

20          Arista argues (Arista MSJ Opp. 7-8) that "[t]he asserted 'copyrighted command

21 hierarchies' amount to nothing more than applying the uncopyrightable idea of a tree structure to

22 group and organize commands." That is incorrect. Cisco alleges that Arista's copying conduct is

23 shown by Arista's use of the ***exact same*** tree structures, and the ***exact same*** groups and

24 arrangements of the ***exact same*** multi-word command expressions. SAC ¶ 52; Cisco MSJ Opp.

25 14-18 (rebutting this same "idea" mis-characterization of Cisco's hierarchy allegations).

26      **C.    Cisco's command modes and prompts are protectable expressions, not methods**

27          Arista argues (Arista MSJ Opp. 8) that Cisco's asserted "command modes and prompts are

28

1   just labels applied to the idea of grouping certain commands and functions." Arista has already

2   made this argument in separate briefing, and Cisco has already established that Arista relies on a

3   misstatement of Cisco's allegations and copyright law. *See* Cisco MSJ Opp. 18-21.

4
        **D.      Cisco's multi-word command expressions and command responses are
5               protectable expressions**

6        In one paragraph (Opp. 8-9), Arista argues that Cisco's multi-word command expressions

7   and responses are analogous to "knobs" and must be functional because—like knobs—use of

8   those multi-word command expressions "turn[s] on or off, or set[s], their respective functionality

9   in the operating system software." *Id.* But this argument is not sufficient to challenge

10  copyrightability. Of course use of Cisco's multi-word commands invokes (or "commands")

11  responsive conduct in the operating system. But that has no bearing on whether the multi-word

12  command expressions as composed by Cisco engineers are copyrightable. *See Oracle*, 750 F.3d at

13  1367 (rejecting a challenge to copyrightability based on a computer program's asserted

14  functionality because "computer programs are by definition functional" and explaining that

15  denying copyright protection on that basis would result in "no computer program [being]

16  protectable"). The relevant question is whether Cisco's multi-word command expressions show

17  expressiveness or creativity beyond functionality. On this point, based on ***Arista's own***

18  ***admissions***, there can be no dispute. Cisco MSJ Mot. 18-19 (providing two pages of string cites

19  and quotations of ***Arista executives*** admitting the lack of relationship between Cisco's CLI

20  expressions and the underlying functionality of the system); Cisco MSJ Opp. 7-8 (quoting Arista

21  executives on the subjectivity of Cisco's multi-word command expressions).

22      **E.      Cisco's multi-word command expressions are original**

23          **1.      Arista has no evidence to challenge originality for 506 of Cisco's 508
24                  asserted multi-word command expressions**

25       Arista argues (Arista MSJ Opp. 9) that "Cisco has made no attempt to prove individually

26  that each asserted command and other non-literal CLI elements is original." This kind of a "per

27  phrase" inquiry for copyright validity is not required by copyright law. *Oracle*, 750 F.3d at 1363.

28

But even if it were, Arista is wrong on the facts. For every single multi-word command expression asserted in this case, Cisco has identified the relevant engineer(s) associated with the origination of the command, the time of origination, and business records to evidence that origination—stretching back into the 1980s. Cisco MSJ Opp. 5-11. Cisco has furthermore identified deposition testimony relevant to the origination and creativity of its multi-word command expressions. *Id.* at 11-14.

In response to that evidence concerning the **508** asserted multi-word command expressions that Cisco alleges Arista copied verbatim, Arista has been able to identify only **two** multi-word command expressions that it contends were used or recorded by anyone before Cisco engineers originated the expressions. *See* Black Rep. at ¶ 571 (purporting to identify only two of Cisco's commands that could be found in existence before Cisco's origination of such commands, namely "terminal length" and "show users"). Put another way, for 99.61% (506 of 508) of Cisco's asserted multi-word command expressions, Arista has been unable to prove that such expressions were ever uttered or written or used (**anywhere,** by **anyone**) before Cisco engineers created them. That failure of Arista to locate evidence rebutting novelty (let alone originality) is dispositive, especially when compared to Cisco's evidence showing the work of its engineers in creating Cisco's CLI.

Because Arista has no material evidence to undermine the originality of Cisco's multi-word command expressions, Arista has resorted (Arista MSJ Opp. 10-11) to identifying individual words or "fragments" or what Arista calls "abstractions" of Cisco's multi-word command expressions in prior works. Arista then argues that Cisco's **multi-word** command expressions cannot be original given their inclusion of **individual words** already known in the industry. But that approach is akin to challenging originality for a novel by showing that each of its constituent words could be located in a dictionary. *Oracle*, 750 F.3d at 1363 ("By analogy, the opening of Charles Dickens' A Tale of Two Cities is nothing but a string of short phrases. Yet no one could contend that this portion of Dickens' work is unworthy of copyright protection because it can be broken into those shorter constituent components.").

1

2.      **Arista fails in its challenge to 198 multi-word command expressions**

2      Arista argues (Arista MSJ Opp. 11-12) that 198 of Cisco's multi-word command

3  expressions were not timely registered and that this undermines the originality of Cisco's multi-

4  word command expressions. The timeliness argument is incorrect both legally and factually, as

5  already addressed by Cisco. Cisco MSJ Opp. 3-14.

6

3.      **Arista's "fragment" argument fails**

7      Arista argues (Arista MSJ Opp. 12-13) that "397 of the 508 asserted CLI 'commands' are

8  not commands at all," and that such "fragments" are not "valid CLI input[s]." This argument was

9  late-disclosed by Arista, but in any event it cannot be a sincere position. Many of Cisco's multi-

10 word command expressions permit customer- or network-specific data to be input by the user with

11 the command. But that does not change the fact that the multi-word command expressions that

12 may be coupled with such data—originated by Cisco and then copied by Arista—are exactly the

13 same. Indeed, Arista has admitted that its source code supports the exact same multi-word

14 command expressions asserted by Cisco in this case. Exh. 2 (highlighted in yellow) (mapping

15 Arista's source code to each of the asserted multi-word command expressions).

16

F.      **Cisco's HelpDesc entries are original**

17      In one sentence, Arista argues (Arista MSJ Opp. 13) that Cisco's HelpDesc entries "are not

18 entitled to any copyright protection because they are mundane and generic phrases." That is not

19 accurate. Cisco's user interface includes "HelpDesc" features, which provide the user with

20 narrative descriptions of the proper usage or meaning of multi-word command expressions.

21 Cisco's source code was written to produce hundreds of HelpDesc feedback expressions to users

22 of the interface. Arista in turn copied verbatim hundreds of those expressions. *See* "Exhibit-

23 Copying 6" (submitted with Almeroth Declaration, Exhibit 1, Cisco MSJ Mot.) They are not

24 generic or mundane as Arista would suggest; for example Arista verbatim copied HelpDesc entries

25 including "administratively shut down this neighbor," "define a user who can access the SNMP

26 engine" and "enable SNMP; set community string and access privs." *Id.* Arista has not disputed

27 that Cisco engineers formulated those expressions without copying from a third party, nor that

28

1    such expressions (let alone hundreds of them) show *Feist*'s required modicum of creativity.

2        **G.**    **Cisco is entitled to summary judgment on copying**

3        **1.**    **Arista's opposition misunderstands Cisco's motion**

4        The bulk of Arista's Opposition on "copying" (Arista MSJ Opp. 13-15) is directed to

5    arguing that Cisco should not prevail at the summary judgment stage on the ultimate question of

6    copyright infringement liability without first providing the Court or the jury an opportunity to

7    engage in an "analytic dissection" of Cisco's copyrighted works. But Cisco's Motion is directed to

8    a more narrow, antecedent issue: whether, as a factual matter, Arista copied Cisco's user interface,

9    including the numerous elements identified by Cisco during this case (multi-word command

10   expressions, command hierarchies, modes and prompts, user documentation, *etc.*). On that narrow

11   issue, Arista has no evidence to create a genuine dispute of material fact, making partial summary

12   judgment appropriate. As to the broader issue—whether Arista's copying of protectable elements

13   was sufficient to be actionable—Cisco will address that issue at trial.

14       **2.**    **Cisco has unrebutted *<u>direct</u>* evidence of copying**

15       Arista does not dispute that "copying" for a copyright case may be shown through direct

16   evidence such as witness admissions—in which case the circumstantial showing of copying based

17   on "access plus similarity" is not necessary. 4 Nimmer on Copyright § 13.01 n.27 (collecting cases

18   in which direct evidence was available to show copying, for example through witness admissions).

19   Nor does Arista even attempt to address the repeated admissions by its executives that Arista (*e.g.*)

20   intentionally copied "99.999%" of Cisco's CLI in an attempt to make a "drop-in replacement" for

21   Cisco's user interface. Cisco MSJ Mot. 9-12. Arista's failure to address this evidence is alone

22   sufficient to grant Cisco summary judgment on the factual issue of copying.

23       Arista's suggestion (Arista MSJ Opp. 13 n.9) that summary judgment is never granted in

24   favor of the plaintiff on the factual question of "copying" (let alone in light of direct evidence) is

25   not accurate. Summary judgment on this issue is especially appropriate where—as here—there is

26   undisputed evidence of intentional copying and instructions to subordinates to copy. *See, e.g.*,

27   *Bridge Publications, Inc. v. Vien*, 827 F. Supp. 629, 632 (S.D. Cal. 1993) (entering summary

28

1    judgment for the plaintiff on copying: "Nor is there a genuine issue of fact regarding defendant's

2    copying of, or directing the copying of, the copyrighted works. The undisputed evidence shows

3    that defendant copied or directed her students to copy plaintiffs' copyrighted materials[.]").

### 3.    Arista's attempts to identify "material disputes of fact" are not persuasive

6        Arista tries to create "material disputes of fact" that supposedly bar summary judgment on

7    copying. None is persuasive, and none rebuts Arista's *express admissions of copying*. *First*,

8    Arista argues (Arista MSJ Opp. 15) that the entirety of Cisco's registered works "are many orders

9    of magnitude larger" than the user interface that Arista copied from Cisco. As an initial matter,

10   arguing that Arista did not copy everything does not contradict (or even undermine) the

11   overwhelming evidence of what Arista did copy, and intentionally so. Additionally, this argument

12   is beside the point because Cisco has not alleged that Arista copied every single element of all

13   works covered by every one of Cisco's 26 asserted copyright registrations. Instead, Cisco has

14   alleged that Arista copied Cisco's copyrighted *user interface*, which is one component of many

15   included in Cisco's registration materials. SAC at ¶ 6 ("Arista's verbatim copying of the Cisco

16   IOS software allowed it to replicate Cisco's widely acclaimed command-line interface"); *see also*

17   *American Geophysical Union v. Texaco Inc.*, 802 F. Supp. 1, 17 (S.D.N.Y. 1992) (*aff'd*, 60 F.3d

18   913, 925–26 (2d Cir. 1994)) (finding that a single registration filing can include numerous distinct

19   "copyrighted works"); *Religious Tech. Ctr. v. Netcom On-Line Commc'n Servs., Inc.*, No. 95 Civ.

20   20091, 1997 WL 34605244, at *6 (N.D. Cal. Jan. 6, 1997) (following *Texaco*). Here, Arista's

21   executives have admitted that they copied "99.999%" of Cisco's CLI, which is one aspect or work

22   within Cisco's copyright registrations. Cisco MSJ Mot. 9-12.

23       *Second*, Arista argues (Arista MSJ Opp. 16) that "Arista incorporated CLI elements into

24   EOS from NextHop, another software vendor whose product Arista purchased." But Arista has its

25   facts backwards. ███████████████████████████████████████████

26   ████████████████████████████████████████████████████████

27   ████████████████████████████████████████████████████████████

28

1 ██████████████████████████████████████████████████████████████

2 ██████████████████████████████████████████████████████████

3 ██████████████████████████████████████████████████████████

4 ██████████████████████████████████████████████████████████████

5      *Third*, Arista repeats (Arista MSJ Opp. 16) its "fragment" argument. But observing that

6 some of Cisco's multi-word command expressions are input by users alongside customer- or

7 network-specific data does not change the fact that the command expressions (into which the

8 customer- or network-specific data is inserted) are identical, nor that Arista executives have

9 admitted that they copied such expressions, nor that Arista has admitted that its source code

10 supports these exact commands. *See* III.E.3., *ante*.

11     **H.**    **Cisco is entitled to summary judgment of no fair use**

12      It is Arista's burden to prove fair use—not Cisco's burden to disprove it. *Monge v. Maya*

13 *Magazines, Inc.*, 688 F.3d 1164, 1170 (9th Cir. 2012) (defendant's burden to prove affirmative

14 defense of fair use). Arista cannot meet that burden.

15        **1.**    **Arista's infringement is not "transformative"**

16      Arista argues (Arista MSJ Opp. 17-19) that its infringing conduct is "transformative" by

17 touting irrelevant features of its products, *e.g.*, because the source code for its operating system

18 was written in a different programming language; because Arista's switches and operating system

19 offer "innovations" such as "extensibility"; and because Arista's hardware switches offer greater

20 "port density." As an initial matter, Arista's argument that its use of Cisco's CLI is

21 "transformative" because Arista has coupled its "slavish" copying of Cisco's CLI with Arista

22 switches and routers that offer unique technological benefits is hard to credit given that the ITC

23 has recently found that ████████████████████████████████████. *See* Exh. 8 (████████████

24 ████████████████████████████████████████████████████████████). In

25 making that determination, the ITC furthermore found that ██████████████████████████

26 ████████████████████. *Id.* at 19 (████████████████████████████████████

27 ████████████████████████████); *id.* at 20 (████████████████████████

28

1  ██████████████████████████) (emphasis added). Indeed, the voluminous evidence of

2  Arista's intentional copying (before the ITC and here) and the ITC's finding that Arista has a

3  "██████████████" shows Arista's bad faith. *Los Angeles News Serv. v. KCAL-TV Channel 9*,

4  108 F.3d 1119, 1122 (9th Cir. 1997) (defendant's good or bad faith relevant to fair use).

5      In any event, Arista's touting of features other than its (copied) user interface has nothing

6  to do with whether Arista made "transformative" use of ***Cisco's command expressions and other***

7  ***features of its copyrighted CLI***. Arista cannot and does not dispute that its ***purpose*** in copying

8  Cisco's CLI is the exact same as Cisco's—to sell Ethernet switches and routers in head-to-head

9  commercial competition for Cisco-trained customers, as numerous admissions by Arista establish.

10  *See* Cisco MSJ Mot. 14-15, citing *Elvis Presley Enters., Inc. v. Passport Video*, 349 F.3d 622 (9th

11  Cir. 2003). Such a use of Cisco's CLI by definition cannot be "transformative."

12      Nor does Arista refute Cisco's showing that Arista is foreclosed from pursuing the

13  "transformative use" arguments put forward by Google in the *Oracle* remand trial. ***First***, in that

14  case, Google was offering the allegedly copied software for an arguably different platform of

15  hardware (mobile smartphones) than that targeted by Oracle (desktop or laptop computers) and

16  thus arguably had a different purpose. *Oracle JMOL*, at *8-10. Arista can make no such argument

17  here—it has copied Cisco's CLI to become a "drop-in replacement" for Cisco for the same

18  products and customers. Arista ignored that issue in its Opposition. ***Second***, in the *Oracle* JMOL,

19  Judge Alsup held that Google could have shown "transformative" use by showing that there was at

20  least ***some*** non-commercial aspect to its use of the copyrighted works, because Google was

21  disseminating the infringing works as "freeware." *Oracle JMOL*, at *8. Arista has made no such

22  showing (and could not), and again ignored the issue in its Opposition.

23          **2.      Cisco's copyrighted works are not "functional"**

24      Arista argues (Arista MSJ Opp. 19-20) that Cisco's CLI is primarily functional because it

25  is "designed for the purpose of avoiding confusion and [the purpose of] interoperability." Arista

26  even suggests that copying Cisco is necessary because deviating from Cisco's CLI "would risk

27  network failure." As a legal matter, this "functional" argument is insufficient to prevail on the

28

1    second factor of a fair use inquiry. *See Wall Data Inc. v. Los Angeles Cnty. Sherriff's Dept.*, 447

2    F.3d 769, 780 (9th Cir. 2006) (recognizing the functional aspects of computer programs, and yet

3    holding that the second factor of the fair use inquiry weighed against the defendant because

4    "[a]lthough the RUMBA software products are not purely creative works, copyright law

5    nonetheless protects computer software").

6         Furthermore, as a factual matter, Arista's executives and engineers repeatedly contradicted

7    this argument with sworn testimony that using one versus another CLI is ***not*** necessary for

8    interoperability. *See* Exh. 3 (Jayshree Ullal, Arista's CEO) at 253:14-254:7, 276:10-277:16,

9    304:12-307:24; Exh. 4 (Ken Duda, Arista's CTO) at 143:2-145:3, 145:4-151:9, 159:15-23,

10   176:16-177:17, 350:7-351:6; Exh. 5 (Anshul Sadana, Arista's SVP of Engineering) at 51:14-18,

11   70:24-74:8, 230:24-25; Exh. 1 (Adam Sweeney, Arista's VP of Engineering) at 223:17-224:12,

12   175:15-23, 217:12-218:8; Exh. 6 (Lincoln Dale, Distinguished Engineer at Arista) at 231:5-17,

13   186:14-187:7, 193:1-25, 194:14-195:2, 195:7-196:2, 267:13-268:5, 271:18-25, 272:11-19; Exh. 7

14   (Hugh Holbrook, Arista's VP of Software Engineering) at 224:7-19, 241:4-22, 243:6-244:17; *see*

15   *also* Cisco MSJ Opp., Almeroth Exh. 1 at ¶ 112 (collecting testimony of Arista executives

16   regarding the subjectivity and non-functionality of Cisco multi-word command expressions); *id.* at

17   ¶ 118 (collecting statements by Arista engineers lamenting the lack of efficiency and functionality

18   for Cisco commands, and yet copying them anyway).

19               **3.    Arista has not engaged in "miniscule" copying of Cisco's works**

20         In moving for partial summary judgment as to the third factor in a fair use inquiry, Cisco

21   noted the large quantities (thousands) of Cisco's CLI elements copied by Arista. Cisco MSJ Mot.

22   22-23. In response, Arista argues (Arista MSJ Opp. 20-21) that "[t]he Cisco IOS software itself

23   comprises tens of millions of lines of code," and that Cisco's CLI includes large quantities of

24   multi-word command expressions, and modes and prompts, that are not at-issue in this lawsuit.

25         But Arista cannot prevail on this factor—and it is Arista's burden of proof—without

26   addressing the ***qualitative*** aspect of the factor. When Arista first released its infringing EOS in

27   2008, ***over 50%*** of Arista's multi-word command expressions (listed in Arista user manuals) were

28

1  *copied verbatim from Cisco*. Since that time—based on the iterative product releases by Arista—

2  as high as 67% and in no event (even today) lower than 33% of the entirety of Arista's multi-word

3  command expressions listed in Arista user manuals have been comprised of commands copied

4  from Cisco. Cisco MSJ Mot. 23. This represents clear and unrebutted evidence of the qualitative

5  importance of the copied material, and that Arista took the heart of Cisco's CLI. *Oracle*, 750 F.3d

6  at 1375 ("[T]he fact that a substantial portion of the infringing work was copied verbatim is

7  evidence of the qualitative value of the copied material, both to the originator and to the plagiarist

8  who seeks to profit from marketing someone else's copyrighted expression.") (quotation marks

9  omitted); *see also Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 564-65 (1985)

10  (holding that copying of even miniscule portions of a copyrighted work will not support a fair use

11  defense if the copied portions were especially important or the "heart" of the work).

> **4.     As a direct competitor selling "replace Cisco" products, Arista cannot dispute the "effect on the potential market"**

14        For the fourth fair use factor, Arista does not (as it could not) contest the simple point that

15  Arista's copying of Cisco's CLI for direct competition (in the market for Ethernet switches) harms

16  the value of Cisco's property by taking sales from Cisco. Cisco MSJ Mot. 24-25. In this respect,

17  this case stands in stark contrast to the *Oracle* JMOL, where Judge Alsup noted that the

18  copyrighted versus infringing works were directed at different customers and markets. *Oracle*

19  *JMOL*, at *10 ("our jury could reasonably have found that use of the declaring lines of code

20  (including their SSO) in ***Android*** caused no harm to the market for the copyrighted works, which

21  were for ***desktop and laptop computers***") (emphasis added).

22        Instead, Arista argues that its slavish copying of Cisco's copyrighted CLI may have only

23  modest effects on the potential market for Cisco's products because ***others*** have also copied

24  Cisco's CLI. This argument is not even recognized by the case law authorities. Indeed, the only

25  authority offered by Arista for this argument is a reference to the *Oracle* JMOL. But, there, Judge

26  Alsup noted that the copyrighted materials had been made "open source" by a third party (Sun)

27  and/or could be used by anyone subject to a lenient, public license. *Oracle JMOL*, at *10. To put it

28

1   mildly, those facts do not exist here and Cisco has never released its CLI for public licensing.[6]

2          Likewise, Arista's related argument (Arista MSJ Opp. 23-24) that "a reasonable copyright

3   holder" "would consider Arista's use of the asserted portions to be fair use" is based on a

4   misstatement of law. Arista cites *Wall Data*, 447 F.3d at 778. But the court there noted only that

5   "a reasonable copyright holder" would hold that view if based on "custom or public policy."

6   Arista has identified no such custom or policy.

7          Not only incorrect as a matter of law, Arista's arguments about widespread industry usage

8   of Cisco's CLI are also unsupported as a factual matter.  For example, Arista argues that "HP,

9   Brocade, Alcatel-Lucent, Juniper Networks and Extreme" "***collectively*** use over 350 of the

10  accused CLI command ***abstractions***." Arista MSJ Opp. 22 (emphasis added). But stating that five

11  companies "collectively" use a lesser quantity of non-verbatim "abstractions" of Cisco commands

12  than Arista has individually copied ***verbatim*** does not show that Arista has good company in

13  wholesale copying of Cisco's CLI. Instead, it shows that Arista is an outlier. Furthermore, neither

14  "abstractions" nor "fragments" in Arista's parlance correspond to Cisco's asserted multi-word

15  command expressions in verbatim-copied form. As discussed above, Arista's expert Dr. Black

16  analyzed "fragments" or "abstractions" from Cisco's CLI only by combining numerous different

17  third-party products over time, and then purporting to match that aggregated content to 30+

18  different Cisco products based on overlapping ***words***, despite numerous differences in multi-word

19  command expressions. None of that is comparable (even if accepting Arista's evidence as

20  presented) to Arista's conduct that gave rise to this case.

21  **IV.    Conclusion**

22         For all the foregoing reasons, Cisco's Motion For Partial Summary Judgment should be

23  GRANTED.

24  _____

25

26     [6]  To the contrary, Cisco has in fact filed suit and sought injunctive relief in the past against
    the only other vendor (besides Arista) that engaged in such slavish copying of its CLI. *See Cisco*
27  *Systems, Inc. v. Huawei Technologies, Co., Ltd.*, 266 F. Supp. 2d 551 (E.D. Tex. 2003)
    (adjudicating Cisco's motion for injunctive relief directed to, *inter alia*, "the defendants' use of
28  [Cisco's] command line interface").

1

Dated: July 21, 2016                                Respectfully submitted,

2

                                                    */s/* John M. Neukom _____

3

                                                    Kathleen Sullivan (SBN 242261)
                                                    kathleensullivan@quinnemanuel.com
4                                                   QUINN EMANUEL URQUHART &
                                                    SULLIVAN LLP
5                                                   51 Madison Avenue, 22nd Floor
                                                    New York, NY 10010
6                                                   Telephone: (212) 849-7000
                                                    Facsimile: (212) 849-7100

7

8                                                   Sean S. Pak (SBN 219032)
                                                    seanpak@quinnemanuel.com
                                                    Amy H. Candido (SBN 237829)
9                                                   amycandido@quinnemanuel.com
                                                    John M. Neukom (SBN 275887)
10                                                  johnneukom@quinnemanuel.com.
                                                    QUINN EMANUEL URQUHART &
11                                                  SULLIVAN LLP
                                                    50 California Street, 22nd Floor
12                                                  San Francisco, CA 94111
                                                    Telephone: (415) 875-6600
13                                                  Facsimile: (415) 875-6700

14                                                  Steven Cherny *admitted pro hac vice)*
                                                    steven.cherny@kirkland.com
15                                                  KIRKLAND & ELLIS LLP
                                                    601 Lexington Avenue
16                                                  New York, New York 10022
                                                    Telephone: (212) 446-4800
17                                                  Facsimile: (212) 446-4900

18                                                  Adam R. Alper (SBN 196834)
                                                    adam.alper@kirkland.com
19                                                  KIRKLAND & ELLIS LLP
                                                    555 California Street
20                                                  San Francisco, California  94104
                                                    Telephone: (415) 439-1400
21                                                  Facsimile: (415) 439-1500

22                                                  Michael W. De Vries (SBN 211001)
                                                    michael.devries@kirkland.com
23                                                  KIRKLAND & ELLIS LLP
                                                    333 South Hope Street
24                                                  Los Angeles, California 90071
                                                    Telephone: (213) 680-8400
25                                                  Facsimile: (213) 680-8500

26                                                  *Attorneys for Plaintiff Cisco Systems, Inc.*

27

28