| | |
|---|---|
| KEKER & VAN NEST LLP<br>ROBERT A. VAN NEST - # 84065<br>BRIAN L. FERRALL - # 160847<br>DAVID SILBERT - # 173128<br>MICHAEL S. KWUN - #198945<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:   (415) 391-5400<br>Email:  rvannest@kvn.com;<br>bferrall@kvn.com; dsilbert@kvn.com;<br>mkwun@kvn.com | SUSAN CREIGHTON, SBN 135528<br>SCOTT A. SHER, SBN 190053<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>1700 K Street NW, Fifth Floor<br>Washington, D.C., 20006-3817<br>Telephone:  (202) 973-8800<br>Email:  screighton@wsgr.com;<br>ssher@wsgr.com |

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>         Plaintiff,<br><br>   v.<br><br>ARISTA NETWORKS, INC.,<br><br>         Defendant. | Case No. 5:14-cv-05344-BLF (NC)<br><br>**DECLARATION OF ANDREA NILL SANCHEZ IN SUPPORT OF DEFENDANT ARISTA NETWORKS, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL IN CONNECTION WITH ARISTA'S MOTIONS IN LIMINE NOS. 1–5**<br><br>Judge:       Hon. Beth Labson Freeman<br>Date Filed: December 5, 2014<br>Trial Date: November 21, 2016 |

---

DECLARATION OF ANDREA NILL SANCHEZ IN SUPPORT OF DEFENDANT ARISTA NETWORKS,
INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL
Case No. 5:14-cv-05344-BLF (NC)

1114882

I, ANDREA NILL SANCHEZ, declare and state as follows:

1. I am an attorney licensed to practice law in the State of California and admitted to practice before this Court.  I am an associate at the law firm of Keker & Van Nest LLP and counsel for Defendant Arista Networks, Inc. ("Arista") in the above-captioned action.  I have personal knowledge of the facts stated herein and, if called as a witness, I could testify competently thereto.

2. I submit this declaration in support of Arista's Administrative Motion to File Documents Under Seal in connection with Arista's Motions *in Limine* Nos. 1–5.

3. Arista's Motions *In Limine* Nos. 1–5 are all non-dispositive motions.  In this context, I understand that materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamkana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003)). In addition, Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" ( *i.e.*, that the document is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id*.

4. Arista seeks to seal the following documents, as well as the following material attached to the Declaration of Ryan Wong in Support of Arista's Motions *in Limine* Nos. 1–5 ("Wong Decl." or "Wong Declaration"):

| Document | Portions of Document to be Sealed | Parties Claiming Confidentiality |
|---|---|---|
| Arista's Motion *in Limine* No. 1 Re ITC Investigations References | Highlighted Portions | *Arista* |
| Arista's Motion *in Limine* No. 5 to Exclude Evidence and Argument Regarding Documents Labeled as "Confidential" to Cisco | Highlighted Portions | *Cisco* |

1

DECLARATION OF ANDREA NILL SANCHEZ IN SUPPORT OF DEFENDANT ARISTA NETWORKS, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL
Case No. 5:14-cv-05344-BLF (NC)

1114882

| Document | Portions of Document to be Sealed | Parties Claiming Confidentiality |
|---|---|---|
| Exhibit A to the Wong Decl. (Excerpts from the Cisco Trial Exhibit List) | Entire | *Cisco* |
| Exhibit C to the Wong Decl. (Excerpts from Exhibit Copying-6 to the Expert Report of Kevin Almeroth, served on June 3, 2016) | Entire | *Cisco* |
| Exhibit D to the Wong Decl. (Cisco's Supplemental Objections and Responses to Arista Networks, Inc.'s Interrogatory Nos. 2–10, dated May 27, 2016) | Page 16 (highlighted) | *Cisco* |
| Exhibit V to the Wong Decl. (TX03480 – Example of an Arista-Produced Document with "Cisco Confidential" Labeling on Cisco's trial exhibit list) | Entire | *Cisco* |
| Exhibit W to the Wong Decl. (TX03741 – Example of an Arista-Produced Document with "Cisco Confidential" Labeling on Cisco's trial exhibit list) | Entire | *Cisco* |
| Exhibit X to the Wong Decl. (TX04564 – Example of an Arista-Produced Document with "Cisco Confidential" Labeling on Cisco's trial exhibit list) | Entire | *Cisco* |
| Exhibit Y to the Wong Decl. (Drew Pletcher Deposition Transcript Excerpts) | Entire | *Cisco* |

1114882

| Document | Portions of Document to be Sealed | Parties Claiming Confidentiality |
|---|---|---|
| Exhibit Z to the Wong Decl. (Deepak Malik Deposition Transcript Excerpts) | Entire | *Cisco* |

5. The highlighted portions of Arista's Motion *in Limine* No. 1 Re ITC Investigations References points to information contained in the CONFIDENTIAL VERSION of the International Trade Commission's Opinion in *In the Matter of Certain Network Devices, Related Software, and Components Thereof (I)*, Investigation No. 337-TA-944. Compelling reasons justify redacting this reference because it consists of Arista confidential business information. The confidential version of the Commission Opinion contains information designated by Arista as confidential business information pursuant to Commission Rule 201.6, which defines confidential information as: "information which concerns or relates to the trade secrets, processes, operations, style of works, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, or amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, or other information of commercial value, the disclosure of which is likely to have the effect of either impairing the Commission's ability to obtain such information as is necessary to perform its statutory functions, or causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained, unless the Commission is required by law to disclose such information." 19 C.F.R. § 201.6(a)(1). Arista previously requested confidential treatment for certain portions of the Commission Opinion and the public version of the Opinion does not include the information redacted in Arista's Motion *in Limine*.

6. The highlighted portions of Arista's Motion *in Limine* No. 5 to Exclude Evidence and Argument Regarding Documents Labeled as "Confidential" to Cisco, on pages 1, 2, and 4, describe and discuss the contents of documents produced by Arista during discovery in this litigation that bear the labeling of "Cisco Confidential" or "Cisco Highly Confidential" on their

3
DECLARATION OF ANDREA NILL SANCHEZ IN SUPPORT OF DEFENDANT ARISTA NETWORKS, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL
Case No. 5:14-cv-05344-BLF (NC)

1114882

pages. Arista designated and stamped those documents as "Confidential" or "Highly Confidential" under the Protective Order in this litigation given those labels on the documents. However, Arista takes no position as to whether the contents of those documents are, in fact, confidential to Cisco for purposes of this sealing motion, and takes no position regarding whether they should be sealed under the "good cause" standard and Civil L.R. 79-5(b). Similarly, the highlighted portions of Arista's Motion *in Limine* No. 5 on page 4, lines 3 through 12, summarize deposition testimony taken of Cisco witnesses, where the transcript was designated by Cisco as "Highly Confidential – Attorney's Eyes Only." Arista takes no position as to whether the cited and summarized deposition testimony is, in fact, confidential to Cisco, and whether it should be sealed under the "good cause" standard and Civil L.R. 79-5(b). Arista is only filing the highlighted portions of Motion *in Limine* No. 5 under seal per Civil L.R. 79(e) because they refer to and discuss material that Cisco designated or labeled as "Confidential" or "Highly Confidential," and to provide Cisco with the opportunity to submit a declaration under Civil L.R. 79(e)(1) to justify sealing that material.

7.     Exhibit A to the Wong Declaration is an excerpt from the Cisco Trial Exhibit List. It is being filed under seal under Civil L.R. 79-5(e) because Cisco designated its Trial Exhibit List as "Confidential – Attorney's Eyes Only" under the Protective Order. Arista takes no position as to whether the excerpted pages from the Cisco Trial Exhibit List are, in fact, confidential to Cisco for purposes of this sealing motion, and takes no position regarding whether they should be sealed under the "good cause" standard and Civil L.R. 79-5(b). Arista is only filing this document under seal to provide Cisco with the opportunity to submit a declaration under Civil L.R. 79(e)(1) to justify sealing that material.

8.     Exhibit C to the Wong Declaration is an excerpt from "Exhibit Copying-6" to the Opening Expert Report of Kevin C. Almeroth, dated June 3, 2016. It is being filed under seal under Civil L.R. 79-5(e) because Cisco designated this document "Highly Confidential – Source Code" under the Protective Order. Arista does not seek to seal any material in these excerpted pages, takes no position as to whether the content in these excerpted pages are confidential to Cisco for purposes of this sealing motion, and takes no position regarding whether they should be

4
DECLARATION OF ANDREA NILL SANCHEZ IN SUPPORT OF DEFENDANT ARISTA NETWORKS, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL
Case No. 5:14-cv-05344-BLF (NC)

1114882

sealed under the "good cause" standard and Civil L.R. 79-5(b). Arista is only filing this document under seal to provide Cisco with the opportunity to submit a declaration under Civil L.R. 79(e)(1) to justify sealing that material.

9. Exhibit D to the Wong Declaration is a copy of Cisco's Supplemental Objections and Responses to Arista Networks, Inc.'s Interrogatory Nos. 2–10, dated May 27, 2016. Page 16 of this document is being filed under seal under Civil L.R. 79-5(e) because Cisco designated the material on this page as "Highly Confidential – Attorney's Eyes Only" and "Highly Confidential – Source Code" under the Protective Order. Arista does not seek to seal any material in Page 16 of this document, takes no position as to whether the content on that page is confidential to Cisco for purposes of this sealing motion, and takes no position regarding whether Page 16 should be sealed under the "good cause" standard and Civil L.R. 79-5(b). Arista is only filing this portion of this document under seal to provide Cisco with the opportunity to submit a declaration under Civil L.R. 79(e)(1) to justify sealing that material.

10. Exhibits V, W, and X to the Wong Declaration are Cisco trial exhibits (TX03480, TX03741, and TX04564) cited in Arista's Motion *in Limine* No. 5 to Exclude Evidence and Argument Regarding Documents Labeled as "Confidential" to Cisco. These three documents are a sampling of trial exhibits from Cisco's trial exhibit list that were produced by Arista but bear labels that say "Cisco Confidential" or the equivalent. Arista takes no position as to whether the documents are, in fact, confidential to Cisco for purposes of this sealing motion, and takes no position regarding whether they should be sealed under the "good cause" standard and Civil L.R. 79-5(b). Arista is only filing these exhibits under seal to provide Cisco with the opportunity to submit a declaration under Civil L.R. 79(e)(1) to justify sealing that material.

11. Exhibits Y and Z to the Wong Declaration are cited in Arista's Motion *in Limine* No. 5 to Exclude Evidence and Argument Regarding Documents Labeled as "Confidential" to Cisco. Both are excerpts from deposition transcripts of Cisco witnesses—specifically, Deepak Malik and Drew Pletcher—and the transcripts of both witnesses were designated by Cisco as "Highly Confidential – Attorney's Eyes Only" under the Protective Order. Arista takes no position as to whether the cited and summarized deposition testimony is, in fact, confidential to

5
DECLARATION OF ANDREA NILL SANCHEZ IN SUPPORT OF DEFENDANT ARISTA NETWORKS, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL
Case No. 5:14-cv-05344-BLF (NC)

1114882

1  Cisco, and whether it should be sealed under the "good cause" standard and Civil L.R. 79-5(b).
2  Arista is only filing these exhibits under seal to provide Cisco with the opportunity to submit a
3  declaration under Civil L.R. 79(e)(1) to justify sealing that material.
4      I declare under penalty of perjury under the laws of the State of California that the
5  foregoing is true and correct and that this declaration was executed on September 16, 2016, in
6  San Francisco, California.

                                                ANDREA NILL SANCHEZ

6
DECLARATION OF ANDREA NILL SANCHEZ IN SUPPORT OF DEFENDANT ARISTA NETWORKS,
INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL
Case No. 5:14-cv-05344-BLF (NC)

1114882