Ex. U

KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
BRIAN L. FERRALL - # 160847
bferrall@kvn.com
DAVID J. SILBERT - # 173128
dsilbert@kvn.com
MICHAEL S. KWUN - # 198945
mkwun@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>       Plaintiff,<br><br>       v.<br><br>ARISTA NETWORKS, INC.,<br><br>       Defendant. | Case No. 3-14-CV-05344-BLF<br><br>**DEFENDANT ARISTA NETWORKS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF CISCO SYSTEMS, INC.**<br><br>Date Filed:  December 5, 2014<br><br>Trial Date:  Not set. |

894348

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Arista Networks, Inc. hereby requests that Plaintiff Cisco Systems, Inc. produce for inspection and copying the documents and other tangible things described in the numbered paragraphs below.  The documents shall be produced for inspection and copying at the offices of Comcast's counsel, Keker & Van Nest LLP, at 633 Battery Street, San Francisco, California 94111 within thirty (30) days of service of these requests, or at such other location and time as the parties may mutually agree.

## DEFINITIONS AND INSTRUCTIONS

The following Requests for Production are to be read, interpreted, and answered with reference to the following definitions and instructions.

## DEFINITIONS

1.      "Cisco," "You," and "Your" means Cisco Systems, Inc., including all agencies, divisions, instrumentalities, establishments, and branches thereof; all of its agents, employees, directors, officers, predecessors in interest, successors in interest, parents and subsidiaries; and anyone acting on their behalf.

2.      "Arista" refers to Defendant Arista Networks, Inc., including all agencies, divisions, instrumentalities, establishments, and branches thereof; all of its agents, employees, directors, officers, predecessors in interest, successors in interest, parents and subsidiaries; and anyone acting on their behalf.

3.      "This action" refers to *Cisco Systems, Inc. v. Arista Networks, Inc.*, No. 3:14-CV-5344 BLF, filed in the Northern District of California.

4.      "Asserted Patents" refers to U.S. Patent No. 7,047,526 ("the '526 patent") and U.S. Patent No. 7,953,886 ("the '886 patent").

5.      "Related Cisco patents" refers to any and all patents or patent applications filed anywhere in the world that (i) are or result from a continuation, continuation-in-part, division, or reissue of any Asserted Patent (or application thereof), (ii) claim priority based on any Asserted Patent (or application thereof), (iii) are identified as supporting a priority claim for any Asserted

894348

Patent (or application thereof), or (iv) claim priority based on any patent application from which any Asserted Patent claims priority.

6.    "Named Inventor(s)" means one or more of the following individuals:

      i)    For the '526 patent: Jeffrey Wheeler, Paul Mustoe;

      ii)    For the '886 patent: Anil Bansal, Jung Tjong, Prakash Bettadapur, Sastry Varanasi.

7.    "Cisco product or service" means any product, service, software, or user interface developed, manufactured, marketed, licensed, offered for licensing, sold, or offered for sale by or on behalf of Cisco.

8.    "Derivation" or "derive" refers to the selection, formulation, creation, conception, or origination of an expression, including without limitation the identity of each person who contributed to the selection, formulation, creation, conception, or origination of the expression; the nature of each such person's contribution; the identity of all documents or other information consulted, referred to, drawn upon, or used to select, formulate, create, conceive, or originate the expression; and all reasons for choosing the expression over other possible expressions.

9.    "CLI Command" means any multiword expression that is used or recognized as a command in a command line interface.

10.    "Network Management Product" means any product used to monitor, configure, or otherwise manage network devices and/or their associated firmware and software, including without limitation Your CiscoWorks Networks Compliance Monitor product and all device drivers that it supports.

11.    "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term. Any comment or notation appearing on any document, and not a part of the original text, is to be considered a separate "document."

12.    "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

894348

13. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

14. When used with respect to a natural person, "identify" means that you are required to provide the following information: name; last known business address; last known residence address; last known telephone number; names of the employers or businesses with whom the person is or was associated; and the person's title, position, and duties at the time relevant to the identification.

15. When used with respect to a person that is not a natural person, "identify" means that you are required to provide, to the extent applicable, the same information required as if the entity were a natural person, and to state the nature of the entity (e.g., partnership, corporation, etc.).

16. When used with respect to a document, "identify" means that you are required to provide, to the extent applicable, the (i) type of document; (ii) date of the document; (iii) author(s), addressee(s) and recipient(s); and (iv) any Bates number assigned to the document in this action.

17. "Relating to" means relating to, referring to, concerning, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), as the context makes appropriate.

18. "All," "any," and "each" shall each be construed as encompassing any and all.

19. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

20. All pronouns shall be construed to refer to the masculine, feminine, or neuter gender, in singular or plural, as in each case makes the request more inclusive.

21. The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1. This request for production shall be deemed to be a request for all documents,

3

894348

whether prepared by You or by any other party or any other person, which are in Your custody,

possession or control; or that You own in whole or in part; or that You have a right by contract,

statute or otherwise to use, access, inspect, examine or copy on any terms; or that You have, as a

practical matter, the ability to use, access, inspect, examine or copy on any terms.

2.      Documents produced in response to these requests are to be produced as they are

kept in the usual course of business or organized and labeled to correspond with the categories in

this request for production.

3.      Documents should be produced on a rolling basis as soon as they have been

located and processed for production.  Documents should be produced in digitized form, either

imaged in single-page TIFF format or, for Documents whose native format prohibits or renders

impractical their printing on standard-size paper (e.g., audio, video, spreadsheets, database

materials, source code, executable code, or oversized documents such as maps), produced in their

native format.  Each TIFF Document should be accompanied by corresponding Concordance load

files, including corresponding searchable text files and indicators where the Document begins and

ends.  The Documents produced should be stamped with sequential Bates numbering and the

image filename should correspond to its Bates number.

Cisco should also provide the following metadata with each Document:

- Production beginning
- Production end
- Attachment beginning
- Attachment end
- Author
- Custodian
- Creation date (attachments and loose files)
- Creation time (attachments and loose files)
- Document type
- Document title
- Email attachments

4

894348

- Email attachment count
- Email date sent
- Email time sent
- Email date received
- Email time received
- E-mail to
- E-mail cc
- E-mail bcc
- E-mail subject
- E-mail message ID
- Extension
- File location (*e.g.*, directory, structure, or pathname)
- Filename
- Last modified date (attachments and loose files)
- Last modified time (attachments and loose files)
- Master date (email date sent or loose file date modified)
- Master time (email time sent or loose file time modified)
- Production date
- Pages
- Text (extracted or OCR for all files)

4.      Each Document requested herein should be produced in its entirety without deletion or excision (except as qualified by Instruction 5 below) regardless of whether You consider the entire Document to be relevant or responsive to these requests.  If any Documents cannot be produced in full, then You should produce it to the extent possible, specifying the reasons for your inability to produce the remainder and stating what information, knowledge or belief You have concerning the portion that You cannot produce.

5.      If You believe that any individual request in this request for production calls for Documents subject to a claim of privilege or that are not subject to production, produce so much

as is not objected to, state the part of each request to which You raise an objection, and set forth the basis of Your claim of privilege, including a statement identifying the nature of the information withheld.  Furthermore, for all responsive Documents You do not produce, You shall provide a privilege log stating: (a) the type of Document (e.g. brief, email, memo, handwritten note, letter, excel spreadsheet, etc.); (b) the title of the Document; (c) the name and title of each author; (d) the name and title of each addressee; (e) all persons to whom the Document or its contents were disclosed in whole or part; (f) the date of the Document; (g) the subject matter of the Document; (h) the number of pages; (i) an identification of any attachments or appendices; and (j) a statement of the basis on which privilege or other protection is claimed.

6.      If any requested Document has been lost or destroyed, state the type of Document, its subject matter, author and date and the circumstances in which it was lost or destroyed.

7.      You are reminded that You are under a continuing obligation to amend any and all responses to requests for production and supplement any production for inspection and copying to the extent required by Rule 26(e) of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

A complete copy of each work whose copyright You contend Arista has infringed.  For works that include software, please provide both executable object code and source code.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to show the derivation of each CLI Command used by Cisco, including without limitation each CLI Command that You contend Arista has unlawfully copied.

**REQUEST FOR PRODUCTION NO. 3:**

All documents that You referred to, consulted, or used to derive each CLI Command that You contend Arista has unlawfully copied.

**REQUEST FOR PRODUCTION NO. 4:**

All documents that reflect any CLI Command(s) that were used by anyone other than You before such CLI Command(s) were used in any version of a work whose copyright You contend Arista has infringed.

6

DEFENDANT ARISTA NETWORKS, INC. FIRST SET OF REQUESTS FOR PRODUCTION TO
PLAINTIFF CISCO SYSTEMS, INC.
Case No. 3-14-CV-05344-BLF

894348

**REQUEST FOR PRODUCTION NO. 5:**

All documents relating to use by others of any CLI Command used by Cisco.

**REQUEST FOR PRODUCTION NO. 6:**

All documents relating to any analysis or comparison of use by others of any CLI Command used by Cisco.

**REQUEST FOR PRODUCTION NO. 7:**

All documents relating to Your knowledge of use by Arista of any CLI Command used by Cisco, including without limitation (1) all documents relating to the date(s) when You acquired such knowledge; (2) all documents relating to any analysis or evaluation of such use; and (3) all documents relating to any decision to take action or not take action against such use.

**REQUEST FOR PRODUCTION NO. 8:**

All documents relating to Your knowledge of any use by others of any CLI Command used by Cisco, including without limitation (1) all documents relating to the date(s) when You acquired such knowledge; (2) all documents relating to any analysis or evaluation of such use; and (3) all documents relating to any decision to take action or not take action against such use.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to identify all CLI Commands used by Cisco in any Network Management Product, including without limitation all CLI Commands used in Cisco's CiscoWorks Network Compliance Manager product and all device drivers that it supports.

**REQUEST FOR PRODUCTION NO. 10:**

A complete copy of the source code for each device driver supported by CiscoWorks Network Compliance Manager versions 1.5 and later.

**REQUEST FOR PRODUCTION NO. 11:**

All documents relating to any decision by Cisco to use any CLI Command that was used by another before Cisco used it.

**REQUEST FOR PRODUCTION NO. 12:**

All documents relating to the originality of each CLI Command that You contend Arista has unlawfully copied.

7

DEFENDANT ARISTA NETWORKS, INC. FIRST SET OF REQUESTS FOR PRODUCTION TO
PLAINTIFF CISCO SYSTEMS, INC.
Case No. 3-14-CV-05344-BLF

894348

**<u>REQUEST FOR PRODUCTION NO. 13:</u>**

All documents relating to the creative expression of each CLI command that You contend Arista has unlawfully copied.

**<u>REQUEST FOR PRODUCTION NO. 14:</u>**

All documents relating to any prior assertion by You that any CLI Command was copyrighted or otherwise proprietary to Cisco.

**<u>REQUEST FOR PRODUCTION NO. 15:</u>**

All data sheets, marketing materials, training materials, press articles, or other documents that describe any CLI Command(s) used by Cisco as "industry" Command(s), "standard" Command(s), "common" Command(s) or otherwise acknowledge or reflect that others besides Cisco use the Command(s).

**<u>REQUEST FOR PRODUCTION NO. 16:</u>**

All documents relating to any analysis of Arista and/or any of its products, including without limitation any competitive analysis of Arista and/or any of its products and any comparison between any Arista product and any Cisco product.

**<u>REQUEST FOR PRODUCTION NO. 17:</u>**

All documents relating to any strategy or plan for competing against Arista and/or for harming Arista's business or financial prospects.

**<u>REQUEST FOR PRODUCTION NO. 18:</u>**

All documents relating to Your knowledge of Arista's products and/or services.

**<u>REQUEST FOR PRODUCTION NO. 19:</u>**

All documents referring to "Arista killer."

**<u>REQUEST FOR PRODUCTION NO. 20:</u>**

All documents and communications relating to any Arista document in Cisco's possession.

**<u>REQUEST FOR PRODUCTION NO. 21:</u>**

Documents sufficient to show any royalty rate for a license from Cisco to any CLI Command.

8

894348

**REQUEST FOR PRODUCTION NO. 22**:

All draft license agreements to any CLI Command.

**REQUEST FOR PRODUCTION NO. 23**:

All license agreements to any CLI Command.

**REQUEST FOR PRODUCTION NO. 24**:

All documents and communications relating to licenses or offers to license any CLI Command.

**REQUEST FOR PRODUCTION NO. 25:**

All documents and communications relating to the value of any CLI Command, including but not limited to any valuation, analysis, study, or projection regarding any CLI Command.

**REQUEST FOR PRODUCTION NO. 26:**

All documents and communications relating to any strategy to monetize any CLI Command.

**REQUEST FOR PRODUCTION NO. 27:**

All documents and communications relating to any priority date that Cisco contends the Asserted Patents are entitled to.

**REQUEST FOR PRODUCTION NO. 28:**

All documents relating to the conception, actual or constructive reduction to practice, and diligence from conception to reduction to practice of each alleged invention claimed by the Asserted Patents, including without limitation any laboratory notebooks or similar documents.

**REQUEST FOR PRODUCTION NO. 29:**

All documents and communications relating to the disclosure of, use of, attempts to sell, offers to sell, or sales of, any invention claimed by any one of the Asserted Patents before the application for the respective Asserted Patent was filed.

**REQUEST FOR PRODUCTION NO. 30:**

All papers, articles, interviews, presentations or publications authored, co-authored, edited, or authorized by any of the Named Inventors relating in whole or in part to (i) one or more of the Asserted Patents, or (ii) any subject matter claimed by one or more of the Asserted Patents.

9

DEFENDANT ARISTA NETWORKS, INC. FIRST SET OF REQUESTS FOR PRODUCTION TO
PLAINTIFF CISCO SYSTEMS, INC.
Case No. 3-14-CV-05344-BLF

894348

**REQUEST FOR PRODUCTION NO. 31:**

All invention disclosures relating to the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 32:**

All documents relating to the prosecution of the Asserted Patents and related Cisco patents.

**REQUEST FOR PRODUCTION NO. 33:**

All documents and communications sufficient to show the role or contributions of each Named Inventor to the subject matter disclosed in or claimed by the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 34:**

All documents reflecting prior art to any or all of the Asserted Patents that are known to Cisco or the Named Inventors or attorneys involved in the prosecution of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 35:**

All documents relating to any secondary considerations of nonobviousness of the Asserted Patents, including but not limited to any alleged commercial success, long-felt need, attempts by others, failure of others, commercial acquiescence, licensing, professional approval, copying, or laudatory statements by others regarding the alleged inventions claimed by the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 36:**

All documents and communications relating to the ownership of the Asserted Patents, including but not limited to all assignments and agreements executed by any named Inventor.

**REQUEST FOR PRODUCTION NO. 37:**

All agreements and contracts between Cisco and any of the Named Inventors of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 38:**

All documents and communications relating to the Named Inventors that also concerned the Asserted Patents, related Cisco patents, this action, or any other litigation or proceeding.

**REQUEST FOR PRODUCTION NO. 39:**

All documents relating to the identity, function, operation, sale, and use of each commercial embodiment of any of the Asserted Patents that was developed, made available,

894348

offered for sale or sold by Cisco, on behalf of Cisco, under license from Cisco, or with Cisco's

permission.

**REQUEST FOR PRODUCTION NO. 40:**

All documents relating to or evidencing the date and manner in which each product or

service embodying any one or more claims of the Asserted Patent was first marked with the

patent number of any Asserted Patent.

**REQUEST FOR PRODUCTION NO. 41:**

All documents relating to any damage or harm that Cisco has allegedly suffered as a result

of the sale, offer for sale, or use of any of Arista's products, services, methods, or systems.

**REQUEST FOR PRODUCTION NO. 42:**

Documents sufficient to identify each sale that You contend You have lost to Arista as a

result of Arista's alleged infringement, and all documents relating to the reasons that each such

customer chose Arista over Cisco.

**REQUEST FOR PRODUCTION NO. 43:**

All documents relating to any computation, calculation, or estimation of damages, lost

profits, or reasonable royalties claimed in this action.

**REQUEST FOR PRODUCTION NO. 44:**

Documents sufficient to show any royalty rate for a license from Cisco to any of the

Asserted Patents or related Cisco patents.

**REQUEST FOR PRODUCTION NO. 45:**

All draft license agreements to one or more of the Asserted Patents or related Cisco

patents.

**REQUEST FOR PRODUCTION NO. 46:**

All license agreements to the Asserted Patents or related Cisco patents.

**REQUEST FOR PRODUCTION NO. 47:**

All documents and communications relating to licenses or offers to license one or more of

the Asserted Patents or related Cisco patents.

894348

**REQUEST FOR PRODUCTION NO. 48:**

All documents and communications relating to licensing patents in similar fields of art to the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 49:**

All documents and communications relating to the value of the Asserted Patents or related Cisco patents, including but not limited to any valuation, analysis, study, or projection regarding the Asserted Patents or related Cisco patents.

**REQUEST FOR PRODUCTION NO. 50:**

All documents and communications relating to any strategy to monetize the Asserted Patents or related Cisco patents.

**REQUEST FOR PRODUCTION NO. 51:**

All documents and communications relating to final or draft agreements to purchase or sell, or offer to purchase or sell any of the Asserted Patents or related Cisco patents.

**REQUEST FOR PRODUCTION NO. 52:**

For any Asserted Patent You purchased from another person, all documents and communications relating to any due diligence You performed prior to purchasing the Asserted Patent.

**REQUEST FOR PRODUCTION NO. 53:**

All documents relating to Cisco's claim that any alleged infringement by Arista has been "willful."

**REQUEST FOR PRODUCTION NO. 54:**

All documents relating to Cisco's claim that it is entitled to an injunction restraining Arista from infringing Cisco's copyrights or the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 55:**

All documents and communications relating to any release of liability, covenant not to sue, or settlement agreement involving any work whose copyright You contend Arista has infringed, the Asserted Patents or related Cisco patent.

894348

**REQUEST FOR PRODUCTION NO. 56:**

For each Cisco product or service developed, sold, offered for sale, or made available to the public (whether or not currently sold, offered for sale, or available) that Cisco has ever contended practices or embodies any claim of any Asserted Patent, documents sufficient to show the operation of such Cisco product or service.

**REQUEST FOR PRODUCTION NO. 57:**

For each Cisco product or service ever developed, sold, offered for sale, or made available to the public (whether or not currently sold, offered for sale, or available) that Cisco has ever contended practices or embodies any claim of any Asserted Patent, all documents related to the value of such Cisco product or service.

**REQUEST FOR PRODUCTION NO. 58:**

All documents concerning sales, offers for sale, licensing, sales forecasts, budgets, expenses, costs, and profitability of any products, services, or methods developed, offered, marketed or sold by Cisco that embody (or did embody) any claim of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 59:**

All documents relating to any opinion, advice, analysis, evaluation, or communication, whether written or oral, regarding the patentability, enforceability, validity, infringement, enforcement, licensing or scope of any one or more claims of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 60:**

All documents relating to any litigation or administrative proceeding concerning the validity of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 61:**

All documents relating to Cisco's first knowledge or awareness of Arista's products, services, or activities that allegedly infringe any claim of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 62:**

All documents relating to any investigation by Cisco or on Cisco's behalf of any product or service made, sold, or used by Arista.

894348

**REQUEST FOR PRODUCTION NO. 63:**

All documents that support, contradict, or in any way bear on any contention by Cisco that any product or service made, used, or sold by Arista meets, is covered by, or constitutes infringement of, one or more claims of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 64:**

All documents that support, contradict, or in any way bear on any contention by Cisco that Arista induces or contributes to infringement by others of any claim of any of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 65:**

All documents relating to Your relationship with LiveAction, Inc.

**REQUEST FOR PRODUCTION NO. 66:**

All documents relating to Your relationship with OptumSoft, Inc.

**REQUEST FOR PRODUCTION NO. 67:**

All documents relating to Your dispute with Stanford University that led to the 1987 license agreement between Cisco and Stanford, including without limitation documents sufficient to identify all software, hardware designs, and other intellectual property that was the subject of either the dispute or of any agreement between Cisco and Stanford.

**REQUEST FOR PRODUCTION NO. 68:**

All communications with any third party, including media, regarding this action or Arista.

**REQUEST FOR PRODUCTION NO. 69:**

All copy of all content on the Cisco Blog relating to this action or Arista.

**REQUEST FOR PRODUCTION NO. 70:**

All documents that YOU intend to use or may use in any hearing, deposition, or other proceeding in this action.

894348

1    Dated:  March 27, 2015                           KEKER & VAN NEST LLP

2

3                                          By:    /s/ Robert A. Van Nest
                                                  ROBERT A. VAN NEST
4                                                 BRIAN L. FERRALL
                                                  DAVID J. SILBERT
5                                                 MICHAEL S. KWUN

6                                                 Attorneys for Defendant ARISTA
                                                  NETWORKS, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                           15
        DEFENDANT ARISTA NETWORKS, INC. FIRST SET OF REQUESTS FOR PRODUCTION TO
                         PLAINTIFF CISCO SYSTEMS, INC.
                           Case No. 3-14-CV-05344-BLF

894348

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On March 27, 2015, I served the following document(s):

**DEFENDANT ARISTA NETWORKS, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF CISCO SYSTEMS, INC.**

☑  by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

| | |
|---|---|
| Sean Sang-Chul Pak | Adam R. Alper |
| John M. Neukom | Kirkland & Ellis LLP |
| Quinn Emanuel Urquhart & Sullivan LLP | 555 California Street |
| 50 California Street, Floor 22 | San Francisco, CA 94104 |
| San Francisco, CA 94111 | Tel:    (415) 439-1476 |
| Tel:    (415) 875-6320 | Fax:    (415) 439-1500 |
| Fax:    (415) 875-6700 | aalper@kirkland.com |
| seanpak@quinnemanuel.com | |
| johnneukom@quinnemanuel.com | |
| | |
| Kathleen Marie Sullivan | Mark Yeh-Kai Tung |
| Quinn Emanuel Urquhart & Sullivan LLP | Quinn Emanuel Urquhart & Sullivan LLP |
| 51 Madison Avenue, 22nd Floor | 555 Twin Dolphin Drive, 5th floor |
| New York, NY 10022 | Redwood Shores, CA 94065 |
| Tel:    (212)0 849-7000 | Tel:    (650) 801-5000 |
| kathleensullivan@quinnemanuel.com | marktung@quinnemanuel.com |
| | |
| Michael W. De Vries | Steven C. Cherny |
| Kirkland & Ellis LLP | Kirkland & Ellis LLP |
| 333 South Hope Street, 29th floor | 601 Lexington Avenue |
| Los Angeles, CA 90071 | New York, NY 10022 |
| Tel:    (213) 680-8590 | Tel:    (212) 446-4800 |
| Fax:    (213) 680-8500 | Fax:    (212) 446-6460 |
| Michael.devies@kirkland.com | Steven.cherny@kirkland.com |

DEFENDANT ARISTA NETWORKS, INC. FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF CISCO SYSTEMS, INC.
Case No. 3-14-CV-05344-BLF

894348

1    Executed on March 27, 2015, at San Francisco, California.

2    I declare under penalty of perjury under the laws of the State of California that the above is true
3    and correct.

4

5                                                    /s/ Alisa Thompson
                                                     Alisa Thompson
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                17

894348