KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
BRIAN L. FERRALL - # 160847
DAVID SILBERT - # 173128
MICHAEL S. KWUN - #198945
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   (415) 391-5400
Email:  rvannest@kvn.com;
bferrall@kvn.com; dsilbert@kvn.com;
mkwun@kvn.com

SUSAN CREIGHTON, SBN 135528
SCOTT A. SHER, SBN 190053
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C., 20006-3817
Telephone: (202) 973-8800
Email: screighton@wsgr.com;
ssher@wsgr.com

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>       Plaintiff,<br><br>   v.<br><br>ARISTA NETWORKS, INC.,<br><br>       Defendant. | Case No. 5:14-cv-05344-BLF (NC)<br><br>**ARISTA'S MOTION IN LIMINE NO. 1 TO EXCLUDE REFERENCE TO ITC INVESTIGATIONS**<br><br>Judge:      Hon. Beth Labson Freeman<br><br>Date Filed: December 5, 2014<br><br>Trial Date: November 21, 2016 |

**REDACTED PUBLIC VERSION**

**MOTION AND RELIEF REQUESTED**

Under Federal Rules of Evidence 401, 402, 403, and 404 as well as case law interpreting those rules, Defendant Arista Networks Inc. ("Arista") hereby moves the Court for an order excluding *in limine* all evidence and argument during the jury trial referencing proceedings before the International Trade Commission ("ITC"), including ITC investigation Nos. 337-TA-944 and 337-TA-945, Cisco's recently filed enforcement action, and Cisco's allegations and the ITC's determinations in those proceedings.[1]  This motion is based on the following memorandum of points and authorities, the Declaration of Ryan K. Wong ("Wong Decl."), and accompanying exhibits, the entire record in this matter, and on such evidence as may be presented at the hearing of this motion.

**ARGUMENT**

Plaintiff Cisco Systems, Inc. ("Cisco") should not be permitted to prejudice the jury and waste the Court's and the jury's time with evidence from unrelated proceedings in a separate administrative forum.  The allegations of patent infringement Cisco brought before the ITC have no bearing whatsoever on this litigation, and would result in a sideshow of argument and testimony about patents, technologies and outcomes that will only confuse the jury and waste precious trial time.  Cisco's inclusion of exhibits of this nature suggests it hopes to try to tarnish Arista with this evidence, but the Court should not permit such distractions for the jury.

On January 27, 2015, the ITC began two investigations based on complaints filed by Cisco alleging Arista violated 19 U.S.C. § 1337 by infringing certain patents—none of which are at issue in this case.  *See* ITC Inv. No. 337-TA-944 ("the 944 case") *and* ITC Inv. No. 337-TA-945 ("the 945 case").  In the 944 case, the administrative law judge issued an initial determination on February 2, 2016 and the ITC issued its determination on June 23, 2016.  Of the six patents asserted, Cisco dropped one and lost on two, while it prevailed on three.  Both parties have appealed portions of the determination, and those appeals are now pending before the Federal Circuit.  In the 945 case, the ALJ's initial determination is expected in November and the final

---

[1] Without waiving any future objections, this motion does not seek to exclude relevant documents merely because they were produced by the parties in an ITC proceeding, or otherwise admissible deposition testimony that was provided as part of an ITC investigation.

1    determination is not expected until March.  Recently, Cisco also asked the ITC to institute a third
2    proceeding ("the enforcement action") relating to the 944 action.
3         Cisco's Corrected Trial Exhibit List contains at least two ITC-related exhibits, the initial
4    and final determinations from the 944 case:

5    - Exhibit 573 (Certain Network Devices, Related Software and Components thereof
6      (1), Inv. No. 337-TA-944 (February 2, 2016) (Initial)
7    - Exhibit 4257 (Certain Network Devices, Related Software and Components
8      thereof (1), Inv. No. 337-TA-944 (June 23, 2016) (Final)

9    *See* Wong Decl., Ex. A.  Likewise, in its reply brief in support of its motion for partial summary
10   judgment, Cisco repeatedly cited and quoted from the ITC's June 23, 2016 determination
11   concerning patent infringement in an attempt to legitimize its unrelated accusations of copyright
12   infringement in this case.  *See* ECF 397 at 4, 11-12.

13       **A.    Evidence of the ITC investigations is irrelevant, non-binding, and
              inadmissible under Rules 401, 402 and 404.**
14
15       The ITC proceedings are irrelevant to this litigation.  None of the patents at issue in any of
16   the ITC investigations has been asserted in the instant action.  The ITC proceedings also involve
17   only accusations of (unrelated) patent infringement, not accusations of copyright infringement.
18   Therefore there was no legal or factual issue in those proceedings that overlaps with the issues the
19   jury must resolve in this case.  Moreover, the quotes from these determinations that Cisco
20   doubtless seeks to present (███████████) have nothing to do with the alleged CLI
21   "copying" at issue here.  (And even if there were a finding related to the CLI, it would necessarily
22   be *dicta* since the ITC never had before it a claim of CLI copyright infringement.)  To allow such
23   evidence in would invite—indeed require—that Arista respond with explanations about how the
24   allegations in that case are different than those presented here.  Arista would also need to put the
25   decisions in context by explaining that Cisco withdrew one of its asserted patents, and that the
26   ITC confirmed that Cisco's assertions of two other patents was improper.  In addition, the parties
27   would both need to explain that all of these questions are up on appeal and therefore not final.
28       Since referencing the ITC investigations does not contribute to the probability of any
     material fact of consequence, their only value to Cisco is in attempting to paint Arista as a bad

1  actor that deserves to be punished.  Rule 404 expressly prohibits such proof by attack of
2  character.  *See* Fed. R. Evid. Rule 404(a)(1); (b)(1).  Cisco cannot plausibly claim that the ITC's
3  observations based upon a completely different record provide evidence of conduct relevant to an
4  issue other than character—which would require clear and convincing evidence of the prior act.
5  *See Coursen v. A.H. Robins Co.*, 764 F.2d 1329, 1334 (9th Cir. 1985), *opinion corrected*, 773
6  F.2d 1049 (9th Cir. 1985).  Moreover, the risk of prejudice and confusion "generated by
7  innuendos of collateral misconduct" justifies exclusion under Rule 403.  *See id.* at 1335
8  (excluding evidence under Rule 403); *see also Kramas v. Sec. Gas & Oil Inc.*, 672 F.2d 766, 772
9  (9th Cir. 1982) (upholding exclusion of consent decree in prior SEC enforcement proceeding
10 against defendant, stating, "admission of the evidence would have opened large areas of proof on
11 collateral matters").

12       Referencing the ITC determinations is also inappropriate because those are purely
13 administrative proceedings that are not binding on a district Court.  *See Texas Instruments Inc. v.*
14 *Cypress Semiconductor Corp.*, 90 F.3d 1558, 1569 (Fed. Cir. 1996) ("Congress did not intend
15 decisions of the ITC on patent issues to have preclusive effect.") (listing cases); *see also Corning*
16 *Glass Works v. U.S. Int'l Trade Comm'n*, 799 F.2d 1559, 1570 n.12 (Fed. Cir. 1986) ("Moreover,
17 the ITC takes the position that its decisions have no *res judicata* effect in such litigation.").  The
18 legislative history of the Trade Reform Act of 1974 made clear that that "[t]he Commission's
19 findings neither purport to be, nor can they be, regarded as binding interpretations of the U.S.
20 patent laws in particular factual contexts."  S. Rep. No. 93-1298, 93d Cong., 2d Sess. (1974), *as*
21 *reprinted* 1974 U.S.C.C.A.N. 7186, 7329.  Therefore, even if the ITC proceedings concerned
22 relevant subject matter (which they don't), they would have no precedential weight.

23       Cisco may, of course, present relevant evidence concerning alleged "copying" to the jury,
24 including any of the evidence it submitted in the ITC proceedings to the extent it is relevant here.
25 But it appears Cisco instead wants to take sound bites from unrelated administrative rulings and
26 ask the jury to rubber stamp the words of the International Trade Commission, which was faced
27 with completely different legal and factual questions.
28

### B. Reference to the ITC investigations should be excluded under Rule 403 because it would be highly prejudicial, confusing, and a waste of time.

Under these circumstances, any reference to the ITC investigations should be excluded under Rule 403, which requires the Court to protect litigants against the risk of improper and prejudicial inferences if there is even a modest likelihood of unfair prejudice.  Fed. R. Evid. 403; *see also U.S. v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005) ("'Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury.'") (citing *U.S. v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992)).  Here, there is a certainty of unfair prejudice, while probative value is non-existent.  Cisco's sole purpose in offering this evidence is to suggest to the jury that Arista disregards intellectual property rights and thereby imply that a finding of infringement under different facts and law supports a finding of infringement  here.

Furthermore, it would be confusing and an inefficient use of the Court's and the jury's time to inject the ITC investigations into this trial.  That would engender not just a trial within the trial, but multiple ones.  Any discussion of the subject would need to be accompanied by a complete explanation describing the ITC, its limited role and authority, the implications of its investigation, Cisco's allegations and Arista's defenses, and the distinct evidence and legal questions that were at issue.  There is no place for such issues in this trial, which is already complex enough.

Indeed, courts have routinely excluded reference to ITC decisions under Rule 403—even where those proceedings involve the same patents at issue.  *See,e.g., HTC Corp. v. Tech. Prop. Ltd*., No. 5:08-CV-00882-PSG, 2013 WL 4782598, at *3 (N.D. Cal. Sept. 6, 2013) (**"**Although the court does agree that this district's jury pool is quite capable, it cannot countenance the likely confusion that will result upon admission of evidence of a co-pending investigation at the ITC on this litigation."); *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc*., No. 2:10CV248, 2011 WL 7036048, at *2 (E.D. Va. July 5, 2011) ("The Court finds that presentation of evidence pertaining to proceedings involving some of the patents-in-suit in this case in the ITC or elsewhere would be unduly prejudicial, as any such evidence may have a tendency to confuse the jury."); *see also Mag Instrument, Inc. v. Dollar Tree Stores Inc.*, No. CV 03-6215, 2005 WL

1  5957825, at *2 (C.D. Cal. Apr. 14, 2005) (excluding evidence of any ITC proceedings where the
2  issues were no longer before the court).  Here, where the ITC proceedings are wholly unrelated,
3  and offered only for an improper and prejudicial purpose, the grounds for excluding them are
4  even more compelling.

## CONCLUSION

The statements in the ITC materials Cisco seeks to introduce are hotly contested, under review, and have no bearing on the issues on which this case depends.  Yet they are certain to be highly prejudicial.  Any evidence or argument related to the ITC investigation should therefore be excluded.

Dated:  September 16, 2016                         KEKER & VAN NEST LLP

                                                   WILSON SONSINI GOODRICH & ROSATI


                                            By:    */s/ Robert A. Van Nest*
                                                   ROBERT A. VAN NEST


                                                   Attorneys for Defendant
                                                   ARISTA NETWORKS, INC.