KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
BRIAN L. FERRALL - # 160847
DAVID SILBERT - # 173128
MICHAEL S. KWUN - #198945
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   (415) 391-5400
Email:  rvannest@kvn.com;
bferrall@kvn.com; dsilbert@kvn.com;
mkwun@kvn.com

SUSAN CREIGHTON, SBN 135528
SCOTT A. SHER, SBN 190053
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C., 20006-3817
Telephone:  (202) 973-8800
Email:  screighton@wsgr.com;
ssher@wsgr.com

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARISTA NETWORKS, INC., <br><br> Defendant. | Case No. 5:14-cv-05344-BLF (NC) <br><br> **ARISTA'S MOTION IN LIMINE NO. 2 TO EXCLUDE REFERENCE TO NON-ASSERTED WORKS OR UNDISCLOSED CONTENTIONS** <br><br> Date:         November 3, 2016 <br> Time:         1:30 p.m. <br> Judge:       Hon. Beth Labson Freeman <br><br> Date Filed:  December 5, 2014 <br><br> Trial Date:  November 21, 2016 |

ARISTA'S MOTION IN LIMINE NO. 2 TO EXCLUDE REFERENCE TO NON-ASSERTED OR
UNDISCLOSED CONTENTIONS
Case No. 5:14-cv-05344-BLF (NC)

1114060

**NOTICE OF MOTION AND MOTION**

Arista hereby moves pursuant to Federal Rules of Evidence 401, 402, and 403, and Federal Rules of Civil Procedure 26 and 37, for an *in limine* order excluding all evidence and argument during the trial regarding any purported basis for infringement not asserted in pleadings or disclosed in discovery responses, and specifically excluding reference to: (1) any copyrighted work that is not among the registered works asserted by Cisco as attachments to the operative complaint, (2) any "work" that was not defined and disclosed in discovery as an asserted work, or (3) any purported similarities between Cisco and Arista works not disclosed in response to Arista's contention interrogatories. This motion is based on the following memorandum of points and authorities in support, the Declaration of Ryan K. Wong, accompanying exhibits, and the entire record in this matter.

**ARGUMENT**

Cisco attached twenty-six copyright registrations to its Second Amended Complaint and it never sought to amend that complaint. It was also given the opportunity—starting in April 2015—to respond to Arista's interrogatories asking it to identify all asserted works and any similarities it contended supported a finding of copyright infringement. The universe is now defined, and Cisco should not be allowed to shift theories by presenting evidence or argument about "works" or "similarities" not disclosed during the discovery period. At trial, Cisco's presentation of purportedly infringed works should be limited to the copyright-registered works asserted in its operative complaint, the "works" identified in discovery responses, and the alleged similarities disclosed in discovery responses.

"[T]he Copyright Act [] requires copyright holders to register their works before suing for copyright infringement." *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157 (2010); *see* 17 U.S.C. § 411(a) (no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."); *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1211 (9th Cir. 1998). Over many years, Cisco has released countless versions and variations of its networking software. But the only known and asserted Cisco registered works in this case are the twenty-six

1
ARISTA'S MOTION IN LIMINE NO. 2 TO EXCLUDE REFERENCE TO NON-ASSERTED OR UNDISCLOSED CONTENTIONS
Case No. 5:14-cv-05344-BLF (NC)

1114060

1  registrations attached to the Second Amended Complaint. ECF 64, Exs. 3–29. Each of those
2  registrations corresponds to a specific version of Cisco software. Cisco should not be permitted
3  to rely upon any other versions of its software to prove infringement, damages, or any other fact
4  at trial. *See Accentra Inc. v. Staples, Inc.*, No. CV 07-5862 ABC RZX, 2010 WL 8450890, at *6
5  (C.D. Cal. Sept. 22, 2010) (granting motion *in limine* to exclude unpleaded infringement
6  theories). Just as no patent plaintiff would be allowed to add a new patent after the close of
7  discovery without seeking leave and showing good cause, so too, this trial should be limited to
8  the asserted registered works and no others. The time has long since passed to take discovery
9  about how Cisco used new versions of its software or the contents and circumstances of new
10 copyright registrations.[1]

11       Relatedly, the Court should not allow Cisco to present as the "works" for purposes of
12 proving copyright infringement any "work" that Cisco did not identify in its multiple efforts to
13 respond to Arista's Interrogatory 6. This interrogatory (served in April 2015) asked Cisco to
14 "[i]dentify with specificity each copyrighted work (by copyright and registration number) that
15 You contend Arista has unlawfully copied." Wong Decl., Ex. B at 4. Cisco's responses listed in
16 table format the same twenty-six registered works that Cisco attached to the Second Amended
17 Complaint. Wong Decl., Ex. D at 39–40.[2] Under Rule 37(c)(1), Cisco is automatically barred
18 from presenting at trial theories relying on information it did not provide in discovery. Fed. R.
19 Civ. P. 37(c)(1) ("If a party fails to provide information . . . the party is not allowed to use that
20 information or witness to supply evidence . . . at a trial, unless the failure was substantially
21 justified or is harmless."); *see* Fed. R. Civ. P. 37, Adv. Comm. Notes (1993) (sanction is "self-
22 executing" or "automatic"); *Torres v. City of Los Angeles*, 548 F.3d 1197, 1214 (9th Cir. 2008)
23 (holding district court abused its discretion in denying motion *in limine* to exclude undisclosed
24 expert opinion); *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179–80 (9th Cir.

---

[1] The Copyright Office required four months to provide the deposits corresponding to the registrations attached to the Second Amended Complaint.

[2] Cisco's May 27, 2016 responses to Interrogatory No. 6 mis-numbered it as Interrogatory No. 5 on pages 38 and 39. The supplemental response on page 40 is properly numbered. The "Interrogatory No. 6" on page 40 is actually Interrogatory 7.

2
ARISTA'S MOTION IN LIMINE NO. 2 TO EXCLUDE REFERENCE TO NON-ASSERTED OR UNDISCLOSED CONTENTIONS
Case No. 5:14-cv-05344-BLF (NC)

1114060

1   2008), *as amended* (Sept. 16, 2008) (affirming *in limine* exclusion of undisclosed damages
2   theory); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir 2001).
3         This Court has already witnessed Cisco's attempts to redefine the works it asserts in this
4   case.  At summary judgment, Cisco asserted that Arista copied an undefined, amorphous "Cisco
5   CLI," without reference to which, or how many, or what part of, the twenty-six registered works
6   that Cisco actually pled.  Cisco further attempted to narrow its version of the "Cisco CLI" by
7   submitting lawyer-created lists of CLI elements—commands, modes, prompts, responses, and
8   help screens—drawn from disparate works, but without citation to any.  This Court rejected that
9   litigation-driven effort:

> Cisco has failed to demonstrate that 'Cisco CLI' is a compilation that its author(s) put together rather than a creature of its litigation strategy . . . . Cisco does not have a single copyright registration covering the compilation it calls the Cisco CLI. Rather, the Cisco CLI is composed of pieces drawn from 26 different copyright registrations covering Cisco's IOS.

13  ECF 482 at 4:21–22.  Even if there were a compilation called "Cisco CLI" that Cisco authors
14  created, it was never disclosed in response to Interrogatory 6, and it was never pled as an asserted
15  work for purposes of a copyright infringement claim.
16        Furthermore, Cisco has alluded to its intent to claim that the relevant "work" for purposes
17  of copyright comparison is not the registered work, nor even the "CLI portion" of a registered
18  work (which remains undefined), but rather only some portion of the CLI that Cisco has yet to
19  specify.  Cisco has never before revealed this theory.  Under Rule 37(c)(1), Cisco should not be
20  allowed to present at trial this or any other undisclosed theory or definition of the relevant "work"
21  for purposes of the copyright infringement analysis.  The time has long since passed for Cisco to
22  present different legal and factual theories, and Cisco has had ample resources to prepare and
23  disclose its theory of the case in discovery.  The Court should limit the trial to those theories that
24  Cisco fairly disclosed in discovery and about which Arista had a fair chance to investigate,

3
ARISTA'S MOTION IN LIMINE NO. 2 TO EXCLUDE REFERENCE TO NON-ASSERTED OR UNDISCLOSED CONTENTIONS
Case No. 5:14-cv-05344-BLF (NC)

1114060

respond to in discovery or expert reports, and challenge at the summary judgment stage.[3]

Finally, Cisco's infringement theories should be further limited by its responses to Interrogatory 2, which asked Cisco to:

> [i]dentify with specificity every similarity that Cisco contends is a basis for its claim of copyright infringement, including the source material in Cisco's copyrighted work(s) that Cisco contends is the source of the similarity; the material in the allegedly infringing work(s) that Cisco contends reflects the similarity, and why Cisco contends that the source material is protected by copyright.

Wong Decl., Ex. D at 5.[4] Arista's interrogatory afforded Cisco an opportunity to disclose all of the similarities between Cisco and Arista works that it intended to assert at trial, including supplements on the last day of discovery. Yet, *after* discovery closed, Cisco's expert disclosed a number of allegedly similar excerpts from technical manuals that Cisco failed to disclose in its responses to Interrogatory No. 2  Dr. Almeroth's "Exhibit-Copying 1," disclosed after liability fact discovery closed, lists **142 new pages** of new contentions of purportedly copied text that Cisco did not disclose during discovery. *Compare* Wong Decl., Ex. E (Exhibit A to Cisco's Response to Interrogatory No. 2), *with* Ex. F (Dr. Almeroth's post-discovery "Copying" exhibit).[5] Plainly there is no excuse for Cisco's failure to identify any alleged similarity in publicly available manuals, which Cisco could have reviewed, and presumably did review, years ago. Rule 37(c)(1) bars Cisco from asserting those new manual excerpts for the first time through an expert report. Cisco did not even disclose several of its own manuals in response to this interrogatory. *See, e.g.*, Wong Decl., Ex. F at 1 (asserting "Cisco IOS Configuration

---

[3] To the extent Cisco intends to define the infringed "work" for purposes of comparison as some subset of the works it pled in its complaint and identified in discovery, that is also inappropriate for separate legal reasons that Arista will address in connection with analytic dissection if necessary. But the Court need not and should not reach that question. With fact and expert discovery concluded, and trial just over two months away, the window has long since closed for Cisco to identify the "works" it accuses Arista of infringing. Cisco should be held to the disclosures in its pleadings and discovery responses.

[4] Cisco's May 27, 2016 responses to Interrogatory No. 2 mis-numbered it as Interrogatory No. 1 on pages 5 and 6. It is correctly numbered beginning on pages 7–21.

[5] For the Court's convenience, Arista has included only a representative sample of Cisco's two exhibits. Arista can submit the exhibits in their entirety at the Court's request; regardless, Cisco cannot deny, nor does Arista expect it to, that "Exhibit-Copying 1" includes 142 pages of additional asserted excerpts that were not disclosed during discovery.

4
ARISTA'S MOTION IN LIMINE NO. 2 TO EXCLUDE REFERENCE TO NON-ASSERTED OR UNDISCLOSED CONTENTIONS
Case No. 5:14-cv-05344-BLF (NC)

1  Fundamentals and Network Management Command Reference (2004)" for the first time in Dr.
2  Almeroth's exhibit).  And for several others, Cisco's expert first revealed *new* contentions of
3  similarity from Cisco manuals that *had* previously been reviewed, with no excuse for why Cisco
4  did not reveal the contentions during discovery in response to Interrogatory No. 2.  *Id.* at 92
5  (asserting new purportedly infringed excerpt of "Cisco IOS IP Routing Protocols Command
6  Reference" for IOS 12.4).  Dr. Almeroth's opinion concerning those new manuals and new
7  contentions should be excluded.  Cisco should be limited at trial to the manual excerpts it
8  provided in Exhibit A to its interrogatory response.

9       Arista provides the foregoing examples as an illustration of what it believes Cisco intends
10 to present at trial.  But this motion seeks broader relief: an order that only asserted and disclosed
11 works and contentions may be presented at trial, akin to the admonition the Court has already
12 made that experts may only present opinions at trial that they already disclosed in their expert
13 reports.  Any reference to undisclosed works and similarities will be prejudicial to Arista while
14 having no probative value whatsoever, as Cisco is not permitted under Rule 37(c)(1) to assert
15 them.  The Court should not permit Cisco to stray from the record of allegations and contentions
16 defined by the pleadings and during discovery.

18 Dated:  September 16, 2016                    KEKER & VAN NEST LLP

20                                     By:   */s/ Robert A. Van Nest*
21                                           ROBERT A. VAN NEST
22                                           Attorney for Defendant
                                          ARISTA NETWORKS, INC.

5
ARISTA'S MOTION IN LIMINE NO. 2 TO EXCLUDE REFERENCE TO NON-ASSERTED OR
UNDISCLOSED CONTENTIONS
Case No. 5:14-cv-05344-BLF (NC)

1114060