KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
BRIAN L. FERRALL - # 160847
DAVID SILBERT - # 173128
MICHAEL S. KWUN - #198945
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    (415) 391-5400
Email:  rvannest@kvn.com;
bferrall@kvn.com; dsilbert@kvn.com;
mkwun@kvn.com

SUSAN CREIGHTON, SBN 135528
SCOTT A. SHER, SBN 190053
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C., 20006-3817
Telephone:  (202) 973-8800
Email:  screighton@wsgr.com;
ssher@wsgr.com

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>          Plaintiff,<br><br>    v.<br><br>ARISTA NETWORKS, INC.,<br><br>          Defendant. | Case No. 5:14-cv-05344-BLF (NC)<br><br>**ARISTA'S MOTION IN LIMINE NO. 3 TO EXCLUDE GIANCARLO DECLARATION AND RELATED TESTIMONY**<br><br>Judge:      Hon. Beth Labson Freeman<br><br>Date Filed:  December 5, 2014<br><br>Trial Date:  November 21, 2016 |

1113647

## MOTION AND RELIEF REQUESTED

Defendant Arista Networks Inc. ("Arista") hereby moves the Court *in limine* to exclude from trial a declaration signed by Charles Giancarlo—a former Cisco executive—relating to Cisco's 2003 lawsuit against Huawei Technologies ("Declaration"), as well as any related testimony or argument. This evidence is irrelevant hearsay, is far more prejudicial than probative, and should also be excluded because Cisco asserted privilege to prevent Mr. Giancarlo from fully explaining the Declaration or his state of mind. Alternatively, if the Declaration and testimony is admitted, the Court should order that Mr. Giancarlo can testify fully about his state of mind as to the protectability of Cisco's CLI, even if it is based partly on privileged communications. This motion is based on the following memorandum of points and authorities, the Declaration of Ryan Wong and accompanying exhibits[1], the entire record in this matter, and any evidence and argument presented at the hearing on this motion.

## I.    BACKGROUND

### A.    Cisco produced Mr. Giancarlo's sealed declaration and attempted to impute his knowledge to Arista

Arista will prove at trial that for many years before Cisco sued Arista in 2014, Cisco had encouraged the industry to use the same CLI commands that it now claims are proprietary, holding them out as "industry standard" while companies like Dell, HP, Brocade and Force10 (in addition to Arista) openly used hundreds of them and promoted their adherence to the "industry standard CLI." ECF 329 (Arista MSJ Opp.) at 3–4. To counter these facts, Cisco points to a 2003 lawsuit it filed against Huawei Technologies alleging trade secret misappropriation and copying of Cisco IOS source code. Although Cisco continued to acknowledge openly the industry's widespread use of its CLI for more than a decade after 2003, Cisco alleges here that the Huawei suit "confirm[ed] that Cisco has always believed that its copyrighted works and IOS CLI are proprietary to Cisco" (*see* Ex. G (Almeroth Rebuttal) ¶ 64), and that Arista should have known it. ECF 64 ¶ 43.

---

[1] All references to "Ex. __" refer to exhibits to the Wong Declaration, filed concurrently.

1113647

To support this claim, Cisco cites to the Giancarlo Declaration, filed under seal in 2003 in the Huawei case.  Ex. H (Giancarlo Decl.).  No probative link to Arista exists, however.  Mr. Giancarlo had no affiliation with Arista for ten years after signing this statement (when he joined Arista's board in 2013). The declaration remained under seal until March 2016, when Cisco produced it to Arista in this case.  Arista never saw nor knew of the confidential Declaration before 2016 or discussed it or the Huawei case with Mr. Giancarlo before Cisco sued Arista.

Despite these facts, Cisco has portrayed the Giancarlo Declaration as evidence of both Cisco's and Arista's state of mind.  Cisco represented to this Court that the content of this declaration is a "very important admission *from Arista*" that the CLI elements Cisco asserts here were known to be original and copyright-protectable.  *See* ECF 412 (MSJ Tr.) at 33:16–34:24 (emphasis added).  Although Arista did not even exist at the time of the Declaration, Cisco characterized the Declaration as follows to this Court:  "Very hard to see how a current member of Arista's board is not admitting that the qualitative and quantitative nature of the cop[y]ing is significant."  *Id.* at 47:20–22.  In particular, Cisco has focused on statements in the Declaration that (1) "Huawei's unlawful copying of Cisco's copyrighted materials, including the IOS code, the CLI, and the user manuals, will cause Cisco substantial irreparable injury if it is not enjoined by the Court," and (2) "Cisco's proprietary IOS is one of the company's most valuable assets and a critical component of Cisco's business.  The same holds true for the CLI user interface implemented by the IOS. This interface, which is unique to Cisco, has been developed over many years through the expenditure of hundreds of millions of dollars."  *Id.* at 34:7–24; Ex. H (Giancarlo Decl.) ¶ 12.

**B.    Cisco asserted privilege to prevent Arista from discovering Mr. Giancarlo's state of mind about the protectability of the Cisco CLI.**

Cisco used the confidential Declaration extensively in Mr. Giancarlo's April 2016 deposition, questioning him at length about his understanding of Cisco's positions in the Huawei case, but repeatedly instructing him not to reveal privileged communications.  In response to Cisco's questions, Mr. Giancarlo testified that when he signed the Declaration he believed that Cisco's CLI was an open industry standard and was *not* copyrightable, but explained that "the

1113647

basis of that is based on privileged Cisco information."  Ex. I (Giancarlo Dep. Tr.) at 114:11–

16:10.  Cisco refused to let him elaborate, or testify about the preparation of the Declaration or his

understanding of why Cisco included the "CLI" in the Huawei case, which primarily concerned

stolen source code.  *Id.* at 158:16–62:20;[2] *see also id.* at 124:19–25:21 (cutting off testimony

about CLI), 164:10–65:15 (reasons for suing Huawei but not others that used the CLI "would call

for privilege").

## II.    ARGUMENT

### A.    The confidential Declaration and related testimony are irrelevant hearsay, and should also be excluded under Rule 403.

The Giancarlo Declaration and related testimony are classic hearsay and not admissible

under FRE 801(d)(1) or any hearsay exception.  They could be relevant here only if offered for

their truth: that Cisco believed its CLI was protectable and valuable.[3]  FRE 801; FRE 802.  The

Declaration is not a party admission because Mr. Giancarlo was not linked to Arista when he

signed it (or for ten years thereafter), and Arista never adopted the Declaration.  FRE 801(d)(2).

The evidence should also be excluded as irrelevant and unfairly prejudicial.  FRE 401;

FRE 403.  Cisco cannot use the Declaration to prove anything about Arista's knowledge or

beliefs (or the perceptions of the industry) because Mr. Giancarlo did not speak for Arista, and

because the Declaration was filed under seal in 2003 and was only disclosed in March 2016.

Cisco's undisclosed beliefs about the protectability or value of its CLI may be relevant, but there

is no reason Cisco needs a confidential lawyer-prepared declaration filed in a different case 13

years ago to attempt to prove facts about its own products and corporate policy; it has its own

witnesses and documents to attempt to make that factual showing.  Furthermore, any minimal

probative value one or two statements in the declaration might conceivably have is far

outweighed by the likelihood that the jury falsely links the statement to Arista, as is Cisco's

---

[2] Cisco also claimed privilege over various documents Mr. Giancarlo possessed and believed to be associated with the Huawei litigation based upon their date.  Cisco successfully defended its privilege claim against a challenge by Arista.  *See* ECF 404 at 5–6.  Thus Arista has had no access to documents that would have influenced Mr. Giancarlo's state of mind concerning the Huawei litigation or the perceived protectability of Cisco's CLI.

[3] In the event the Court grants this motion to exclude the declaration and related testimony, Arista would not call Mr. Giancarlo to testify in its case in chief.

3

1113647

obvious intent.  For these reasons the Declaration and any testimony concerning it should be excluded under FRE 401, 402 and 403.

> **B.      Allowing Cisco to use the Giancarlo Declaration at trial would unfairly let Cisco use the privilege as both "a sword and a shield."**

Cisco cannot assert a selective portion of Mr. Giancarlo's knowledge about the purported protectability or value of Cisco's CLI as a "sword" against Arista, while simultaneously asserting privilege as a "shield" to prohibit discovery of his true understanding about these issues.  *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992); *U.S. v. Bilzerian*, 926 F.2d 1285, 1292–94 (2d Cir. 1991). "[C]ourts cannot sanction the use of the privilege to prevent effective cross-examination on matters reasonably related to those introduced in direct examination."  *Id.* at 1293.  Because Cisco has asserted the privilege to prevent discovery into Mr. Giancarlo's full knowledge of these matters, it must be barred now from using a selective part of his knowledge against Arista at trial. The Ninth Circuit has approved exclusion as a remedy where a party seeks to wield privilege as both a sword and a shield.  *Columbia Pictures TV, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1196 (9th Cir. 2001) (affirming *in limine* exclusion of privileged defense withheld in discovery).

Under these principles, Cisco may not rely upon Mr. Giancarlo and his sealed Declaration as evidence of its commitment to claim copyright in the CLI elements asserted here—or of Mr. Giancarlo's understanding of whether the CLI was free for others to use—because it is simultaneously prohibiting Mr. Giancarlo from testifying fully as to those matters.  In *Bilzerian*, the court held that a fraud defendant could not testify about his own state of mind (good faith) without opening the door to potential cross-examination about otherwise privileged bases for that state of mind. *Bilzerian*, 926 F.2d at 1293–94. Similarly, Cisco should not be allowed to put a *part* of Cisco's or Mr. Giancarlo's state of mind at issue while shielding the privileged part.  Mr. Giancarlo made clear that his understanding of the protectability of Cisco's CLI is inextricably intertwined with privileged conversations he was not allowed to reveal.  Ex. I (Giancarlo Dep. Tr.) at 114:24–15:10.  He also alluded to the fact that Cisco sued to protect its stolen source code (*see id* at 102–03) but was prevented from elaborating on the reasons for the lawsuit.  *Id.* at

4

1113647

158:16–59:6. Cisco's repeated assertions of privilege have distorted the available evidence on these issues. Because Cisco blocked discovery into the complete picture, it should not be allowed to present the Declaration, or Mr. Giancarlo's testimony about it, at all. To allow otherwise would let Cisco game its assertion of privilege and portray only the self-serving "state of mind" it wants the jury to hear. Under *Bilzerian* and *Columbia Pictures*, the Court should exclude the Declaration and related testimony entirely to prevent this unfairness and prejudice to Arista.

### C. Alternatively, if the Court permits Cisco to use the Giancarlo Declaration, it should deem the privilege waived to allow a complete presentation to the jury.

In the alternative, if the Court were to allow Cisco to use the Declaration and related testimony at trial, then it should waive the privilege to the extent required to allow Arista and Mr. Giancarlo to present the full truth at trial. This remedy is appropriate where a party has (1) "assert[ed] the privilege as the result of some affirmative act, such as filing suit," that (2) "puts the privileged information at issue," and where (3) "allowing the privilege would deny the opposing party access to information vital to its defense." *United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999) (quoting *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F. 3d 1322, 1326 (9th Cir. 1995)); *Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 241 (N.D. Cal. 2015). As explained above, this is exactly what Cisco has done here. Some courts have allowed parties to waive previously-asserted privilege as an alternative to barring evidence. For example, in *Pioneer Hi-Bred International, Inc. v. Ottawa Plant Food, Inc.*, 219 F.R.D. 135, 148 (N.D. Iowa 2003), the court relied on FRE 403 to exclude evidence of an opinion of counsel where the offering party had asserted privilege in discovery—just as Arista requests here. As an alternative, the court gave the party an option to waive the privilege and provide additional discovery if it wished to use the privileged matter at trial. *Id.* Here, this option would at a minimum require that Mr. Giancarlo be allowed to testify fully about the basis for his statements about copyrightability of Cisco CLI, and Cisco's reasons for pursuing the Huawei case, even if they were privileged.

### D. Conclusion

For the foregoing reasons, the Court should prohibit Cisco from introducing the Giancarlo Declaration or relying on it or related testimony and argument in any way at trial.

ARISTA'S MOTION IN LIMINE NO. 3
TO EXCLUDE GIANCARLO DECLARATION AND RELATED TESTIMONY
Case No. 5:14-cv-05344-BLF (NC)

1113647

Respectfully submitted,

Dated:  September 16, 2016

KEKER & VAN NEST LLP

WILSON SONSINI GOODRICH & ROSATI

By:    */s/ Robert A. Van Nest*
ROBERT A. VAN NEST

Attorneys for Defendant
ARISTA NETWORKS, INC.

6

1113647