Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Mark Tung (SBN 245782)
marktung@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven Cherny *(admitted pro hac vice)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ARISTA NETWORKS, INC., <br><br> Defendant. | CASE NO. 5:14-cv-5344-BLF (NC) <br><br> **CISCO'S MOTION *IN LIMINE* NO. 1: MOTION TO EXCLUDE ARGUMENT AND EVIDENCE IN SUPPORT OF EQUITABLE DEFENSES** <br><br> **REDACTED VERSION** <br><br> Judge: Hon. Beth Labson Freeman |

02099-00004/8367960.1

Case No. 5:14-cv-5344-BLF
CISCO'S MOTION IN LIMINE NO. 1:
MOTION TO EXCLUDE ARGUMENT AND EVIDENCE IN SUPPORT OF EQUITABLE DEFENSES

## I. INTRODUCTION

Cisco respectfully moves *in limine* for the preclusion of any evidence or argument before the jury related to Arista's equitable defenses that are to be decided by the Court. This includes unclean hands, waiver, equitable estoppel or misuse. Such information is irrelevant to any issue properly triable to the jury in this case, and would unfairly prejudice Cisco by exposing the jury to equitable arguments that have no place in the jury's deliberations.

Excluding equitable arguments and supporting evidence is consistent with this Court's past practice in its recent trials (*e.g.*, *Nortek*, *Gilead* and *Finisar*, discussed *infra*), where it repeatedly excluded from the jury's consideration issues that are relevant for the Court only. Arista should not be permitted, for example, to attempt to show the jury that Cisco allegedly engaged in "unreasonable delay" in bringing suit, or that a Cisco's employee's activities almost 30 years ago supports an "unclean hands" defense. Such evidence is not relevant to any issue the jury will decide. To the extent relevant at all, it will serve only to confuse the jury and to cause "undue prejudice" to Cisco by inviting a decision on an improper basis. This type of argument and evidence should be excluded and instead be proffered to the Court outside the presence of the jury, should the Court deem it necessary.

## II. FACTUAL BACKGROUND

In its pretrial disclosures, Arista has revealed its intent to present voluminous evidence, argument and testimony to the jury on equitable issues that are for the Court alone to decide. In the section entitled "Witnesses Arista Expects To Call" on Arista's witness list, Arista lists as the subject of testimony one of "estoppel," "laches" or "misuse" for 11 of 15 trial witnesses. Jenkins Decl. Exh. 1 at 3. For example, for witness Michael Volpi, listed as "expects to call" by Arista, the "Substance of Trial Testimony" is comprised primarily of equitable issues: "Knowledge relevant to Arista's estoppel, laches, fair use and misuse defenses and damages." *Id.* Overall, Arista lists 36 different witnesses that it may call to testify regarding equitable defenses. Arista's exhibit list is similarly replete with evidence for the Court's consideration, instead of the jury.

02099-00004/8367960.1

Case No. 5:14-cv-5344-BLF
MOTION IN LIMINE NO. 1:
MOTION TO EXCLUDE ARGUMENT AND EVIDENCE IN SUPPORT OF EQUITABLE DEFENSES

1 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

2 ▓▓▓▓▓▓▓▓

3       During discovery, Arista contended, for various reasons, that Cisco's claims were barred

4 under various equitable doctrines. *See e.g.*, Jenkins Decl. Exh. 4, Arista's responses to Cisco's

5 Interrogatory No. 17 at 7, 12 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

6 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

7 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

8 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

9 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

10 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

11 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

12 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

13 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

14 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

15 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

16 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

17 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

18 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

19 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

20 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

21 ▓▓▓▓▓▓▓▓▓▓▓

22       The high level descriptions of "estoppel" and "misuse" on Arista's pretrial disclosures do

23 not provide Cisco notice of all the testimony and theories Arista seeks to introduce at trial under

24 the banner of its equitable defenses. Cisco therefore seeks to exclude any evidence and argument

25 based on the contentions disclosed in Arista's response to Cisco's interrogatories asking for

26 Arista's contentions on equitable issues: Cisco's Interrogatory Nos. 17 and 18, attached as Exhibit

27 4 to the Jenkins Declaration. Cisco's Interrogatory No. 17, asked, in part, for Arista to "Identify

28 and explain in detail all factual and legal bases for Your contentions that Cisco's claims are barred

1  by laches, acquiescence, estoppel, waiver, unclean hands, copyright misuse, and/or abandonment .
2  . .” And Cisco's Interrogatory No. 18 asked for the bases for any contention that Cisco is barred
3  from obtaining equitable relief.

4  **III.    LEGAL STANDARD**

5  "Evidence which is not relevant is not admissible." Fed. R. Evid. 402.  "Although relevant,
6  evidence may be excluded if its probative value is substantially outweighed by the danger of
7  unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue
8  delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.
9  "'Unfair prejudice' within [this] context means an undue tendency to suggest decision on an
10 improper basis." *Dream Games of Ariz., Inc. v. PC Onsite*, 561 F.3d 983, 993 (9th Cir. 2009)
11 (quoting Fed. R. Evid. 403 Advisory Committee's note).

12 **IV.    ARGUMENT**

13 As detailed above, Arista appears intent on spending a large amount of its trial time
14 arguing issues that are not relevant for the jury, such as Mr. Lougheed's employment status when
15 authoring source code for Cisco's original router in the 1980s; Cisco's purported "unreasonable
16 delay" in bringing suit, and Cisco's purported use of other vendor's CLI commands in its network
17 orchestration products.  These "sideshows" are not relevant to issues for the jury to decide.  A
18 defendant's "equitable defenses . . . are the province of the Court to decide."  *Gilead Sciences, Inc.*
19 *v. Merck & Co., Inc., et al*, No. 13-cv-04057-BLF, 2016 WL 3143943 at *1 (N.D. Cal June 6,
20 2016).  Evidence that relates only to Arista's equitable defenses is therefore not relevant and
21 should be excluded from the jury trial under Fed. R. Evid. 402.  Courts routinely have precluded
22 defendants from presenting equitable defenses to juries.  *Presidio Components, Inc. v. American*
23 *Technical Ceramics Corp.*, No. 14-cv- 2061 at *5–6 (S.D. Cal. Mar. 25, 2016) (Dkt. 275) (Ex. 3)
24 (order granting motion *in limine* to restrict equitable defense evidence to the bench trial); *JIPC*
25 *Mgmt., Inc. v. Incredible Pizza Co.*, No. CV 08-04310 MMM PLAX, 2009 WL 8591607, at *19
26 (C.D. Cal. July 14, 2009) ("Presenting evidence on these issues [unclean hands] would pose a risk
27 of prejudice and confuse the jury"); *Pioneer Hi-Bred International, Inc. v. Ottawa Plant Food,*
28 *Inc.*, 219 F.R.D. 135, *145–46 (N.D. Iowa 2003) ("[T]he court agrees with Pioneer that evidence

-3-                                       Case No. 5:14-cv-5344-BLF
                                          MOTION IN LIMINE NO. 1:
02099-00004/8367960.1    MOTION TO EXCLUDE ARGUMENT AND EVIDENCE IN SUPPORT OF EQUITABLE DEFENSES

1  of or reference to the equitable defenses of laches, estoppel, or waiver must be barred in

2  proceedings in front of the jury."); *MDY Indus., LLC v. Blizzard Entm't, Inc.*, 2011 U.S. App.

3  LEXIS 3428 (9th Cir. 2011) ("Copyright misuse is an equitable defense to copyright

4  infringement").

5        This "equitable" evidence should be excluded not only as irrelevant, but also under Rule

6  403 because, to the extent this evidence has any probative value, it is greatly outweighed by the

7  accompanying risk of jury confusion.  Permitting Arista to submit evidence and argument to the

8  jury on equitable matters invites the jury improperly to determine liability "***on the basis of***

9  ***'equitable' considerations that do not properly enter into any determination that the jury must***

10  ***make.***"  *Pioneer*, 219 F.R.D. 135, *145–46 (emphasis added).  As one example, Arista apparently

11  intends to present the jury with evidence related to Cisco's "unreasonable delay" in bringing this

12  suit and Arista's purported reliance on statements by Cisco ten years ago.  These types of

13  arguments and evidence are relevant only to equitable defenses, and, if presented, would only

14  confuse the jury as to the liability for Cisco's copyright claims.  Similarly, Arista's proffered

15  evidence regarding the creation of Cisco's original router product by Mr. Lougheed purportedly is

16  relevant to Arista's unclean hands affirmative defense, but, if admitted, that evidence would only

17  suggest the jury decide liability on an improper basis.  Finally, Arista's evidence regarding

18  "laches" (as disclosed for Mr. Volpi) would present the jury with even more confusing testimony

19  and argument, as the Supreme Court made clear that laches is not a defense to damages in

20  copyright actions.  *See Petrella v. Metro-Goldwyn-Mayer*, Inc., 134 S. Ct. 1962, 1967 (2014)

21  ("Laches, we hold, cannot be invoked to preclude adjudication of a claim for damages brought

22  within the three-year window.").

23        Excluding equitable arguments and evidence is consistent with the Court's recent practice.

24  In *Finisar Corp. v. Nistica, Inc.,* this Court heard evidence related to equitable defenses outside

25  the presence of the jury.  Similarly, in *Gilead Sciences, Inc. v. Merck & Co., Inc.*, et al, No. 13-cv-

26  04057-BLF, 2016 WL 3143943 at *1 (N.D. Cal. June 6, 2016), the Court held that the defense of

27  waiver should be addressed solely to the bench.  Finally, in *Nortek Air Solutions, LLC v. Energy*

28  *Labs et al.*, the Court ruled that evidence and argument on Defendants' equitable defenses of

1  laches and estoppel would not be submitted to the jury, but instead would be presented to the
2  Court.[1]
3      In line with the Court's practice, any arguments and evidence in support of Arista's
4  equitable defenses should be presented to the Court outside of the presence of the jury.

## V.   CONCLUSION

Cisco respectfully requests that that evidence and argument on Arista's equitable defenses be excluded from the jury.

---

[1] *See* Nortek's Trial Brief and Offer of Proof, *Nortek Air Solutions, LLC v. Energy Labs et al.*, Case No. 5:14-CV-02919-BLF, Dkt. 275 at 4 (citing Pretrial Conf. Tr. (July 6, 2016) at 27:4-5.)

| | |
|---|---|
| Dated: September 16, 2016 | Respectfully submitted, |
| | */s/ John M. Neukom*_____ |
| | Kathleen Sullivan (SBN 242261) |
| | kathleensullivan@quinnemanuel.com |
| | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| | 51 Madison Avenue, 22nd Floor |
| | New York, NY 10010 |
| | Telephone: (212) 849-7000 |
| | Facsimile: (212) 849-7100 |
| | |
| | Sean S. Pak (SBN 219032) |
| | seanpak@quinnemanuel.com |
| | Amy H. Candido (SBN 237829) |
| | amycandido@quinnemanuel.com |
| | John M. Neukom (SBN 275887) |
| | johnneukom@quinnemanuel.com. |
| | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| | 50 California Street, 22nd Floor |
| | San Francisco, CA 94111 |
| | Telephone: (415) 875-6600 |
| | Facsimile: (415) 875-6700 |
| | |
| | Mark Tung (SBN 245782) |
| | marktung@quinnemanuel.com |
| | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| | 555 Twin Dolphin Drive, 5th Floor |
| | Redwood Shores, CA 94065 |
| | Telephone: (650) 801-5000 |
| | Facsimile: (650) 801-5100 |
| | |
| | Steven Cherny *admitted pro hac vice)* |
| | steven.cherny@kirkland.com |
| | KIRKLAND & ELLIS LLP |
| | 601 Lexington Avenue |
| | New York, New York 10022 |
| | Telephone: (212) 446-4800 |
| | Facsimile: (212) 446-4900 |
| | |
| | Adam R. Alper (SBN 196834) |
| | adam.alper@kirkland.com |
| | KIRKLAND & ELLIS LLP |
| | 555 California Street |
| | San Francisco, California 94104 |
| | Telephone: (415) 439-1400 |
| | Facsimile: (415) 439-1500 |
| | |
| | Michael W. De Vries (SBN 211001) |
| | michael.devries@kirkland.com |
| | KIRKLAND & ELLIS LLP |
| | 333 South Hope Street |

1   Los Angeles, California 90071
    Telephone: (213) 680-8400
2   Facsimile: (213) 680-8500

3   *Attorneys for Plaintiff Cisco Systems, Inc.*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

02099-00004/8367960.1

-7-                                             Case No. 5:14-cv-5344-BLF
                                                MOTION IN LIMINE NO. 1:
MOTION TO EXCLUDE ARGUMENT AND EVIDENCE IN SUPPORT OF EQUITABLE DEFENSES