| | |
|---|---|
| Kathleen Sullivan (SBN 242261) | Steven Cherny *(admitted pro hac vice)* |
| kathleensullivan@quinnemanuel.com | steven.cherny@kirkland.com |
| QUINN EMANUEL URQUHART & SULLIVAN LLP | KIRKLAND & ELLIS LLP |
| 51 Madison Avenue, 22nd Floor | 601 Lexington Avenue |
| New York, NY 10010 | New York, New York 10022 |
| Telephone: (212) 849-7000 | Telephone: (212) 446-4800 |
| Facsimile: (212) 849-7100 | Facsimile: (212) 446-4900 |
| | Adam R. Alper (SBN 196834) |
| Sean S. Pak (SBN 219032) | adam.alper@kirkland.com |
| seanpak@quinnemanuel.com | KIRKLAND & ELLIS LLP |
| Amy H. Candido (SBN 237829) | 555 California Street |
| amycandido@quinnemanuel.com | San Francisco, California 94104 |
| John M. Neukom (SBN 275887) | Telephone: (415) 439-1400 |
| johnneukom@quinnemanuel.com. | Facsimile: (415) 439-1500 |
| QUINN EMANUEL URQUHART & SULLIVAN LLP | Michael W. De Vries (SBN 211001) |
| 50 California Street, 22nd Floor | michael.devries@kirkland.com |
| San Francisco, CA 94111 | KIRKLAND & ELLIS LLP |
| Telephone: (415) 875-6600 | 333 South Hope Street |
| Facsimile: (415) 875-6700 | Los Angeles, California 90071 |
| | Telephone: (213) 680-8400 |
| Mark Tung (SBN 245782) | Facsimile: (213) 680-8500 |
| marktung@quinnemanuel.com | |
| QUINN EMANUEL URQUHART & SULLIVAN LLP | |
| 555 Twin Dolphin Drive, 5th Floor | |
| Redwood Shores, CA 94065 | |
| Telephone: (650) 801-5000 | |
| Facsimile: (650) 801-5100 | |

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC., | CASE NO. 5:14-cv-5344-BLF (NC) |
| Plaintiff, | **MOTION *IN LIMINE* NO. 4: CISCO'S MOTION TO EXCLUDE UNTIMELY DISCLOSED NON-INFRINGEMENT THEORY** |
| vs. | |
| ARISTA NETWORKS, INC., | **REDACTED VERSION** |
| Defendant. | Judge:  Hon. Beth Labson Freeman |

## I. INTRODUCTION

Cisco respectfully moves *in limine* under Fed. R. Civ. P. 26(e) to preclude Arista from reliance at trial on a non-infringement theory that was not timely disclosed to Cisco. Despite ample opportunity throughout more than a year of discovery, Arista waited until weeks ***after the close of fact discovery*** to disclose a new non-infringement theory in its technical expert's rebuttal report. Arista's undue delay in disclosing a theory of non-infringement prejudices Cisco because Cisco cannot properly prepare to cross-examine Arista's fact witnesses regarding this issues at trial. Therefore, the Court should confine Arista to its interrogatory responses prior to discovery cutoff and exclude Arista's untimely non-infringement opinion.

## II. LEGAL STANDARD

Rule 26(e)(1) of the Federal Rules of Civil Procedure requires parties to timely supplement their interrogatory responses if the prior responses are incomplete or incorrect. This duty to supplement applies to contention interrogatories. *See B-K Lighting, Inc. v. Vision3 Lighting,* 930 F. Supp. 2d 1102, 1136 (C.D. Cal. 2013) (excluding expert testimony that disclosed theories that had not been included in the party's responses to contention interrogatories). A party must exercise "due diligence" in supplementing its disclosures, *SPX Corp. v. Bartec USA, LLC*, 2008 U.S. Dist. LEXIS 29235, at *22 (E.D. Mich. Apr. 10, 2008), and supplementation should occur "during the discovery period." Fed. R. Civ. P. 26 Advisory Committee's Note to 1993 Amendments. Rule 37(c)(1) "mandates that a party's failure to comply with . . . the supplemental disclosure obligations under [Rule] 26(e) results in that party being precluded from use" of the withheld information. *Oracle USA, Inc. v. SAP AG*, 264 F.R.D. 541, 544 (N.D. Cal. 2009); *see also Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (preclusion of evidence under Rule 37(c)(1) is "automatic" and "self-executing" unless an exception applies). To avoid preclusion, a party who violates Rule 26(e) bears the burden of showing that the violation was substantially justified or harmless. *Id*. at 1101.

### III. DR. JOHN BLACK'S UNTIMELY DISCLOSED NON-INFRINGEMENT THEORY SHOULD BE EXCLUDED

On March 26, 2015, Cisco served Arista with Interrogatory 10, requesting that Arista "[e]xplain in detail all factual and legal bases for any contention by You that You have not infringed Cisco's copyrights in Cisco IOS, including Cisco IOS CLI, and Cisco IOS Documentation." Arista responded to this interrogatory on April 30. 2015 and served five additional supplemental responses to this interrogatory, up until the last day of fact discovery, May 27, 2016. Jenkins Decl., Exh 5. Arista's responses included dozens of non-infringement theories spanning more than 200 pages. *Id*.

Then, on June 17. 2016, three weeks after the close of fact discovery, Arista served the rebuttal expert report of Dr. John Black, which contained a new, previously-undisclosed, theory of non-infringement. ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Arista did not disclose this non-infringement theory in its interrogatory responses, and did not seek leave to amend those responses. Allowing Arista's experts to opine at trial on this theory would unfairly prejudice Cisco. Cisco conducted discovery based on the understanding that Arista's non-infringement defenses were limited to what Arista disclosed in its interrogatory responses. Cisco had no chance to conduct written discovery or fact depositions on the new non-infringement theory because fact discovery closed three weeks before Arista disclosed this opinion. Therefore, the Court should strike all portions of Dr. Black's Rebuttal report that present arguments or rely on this untimely disclosed theory, including paragraphs 95, 136, 138, 177, 178, footnote 31 and Appendix N. Jenkins Decl., Exh. 11. *See Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 WL 3155574, at *5 (N.D. Cal. Aug. 2, 2012) (striking portions of

1  expert reports containing information when late disclosure prohibited Apple from conducting
2  additional fact discovery regarding new and previously undisclosed theories).

3  **IV.    CONCLUSION**

4      For the foregoing reasons, Cisco respectfully requests that the Court exclude the untimely
5  disclosed non-infringement theory as described in this Motion.

6

7  Dated:  September 16, 2016                    Respectfully submitted,

8                                                */s/ John M. Neukom*_____

9                                                Kathleen Sullivan (SBN 242261)
                                                  kathleensullivan@quinnemanuel.com
10                                                QUINN EMANUEL URQUHART &
                                                  SULLIVAN LLP
11                                                51 Madison Avenue, 22nd Floor
                                                  New York, NY 10010
12                                                Telephone: (212) 849-7000
                                                  Facsimile: (212) 849-7100
13
                                                  Sean S. Pak (SBN 219032)
14                                                seanpak@quinnemanuel.com
                                                  Amy H. Candido (SBN 237829)
15                                                amycandido@quinnemanuel.com
                                                  John M. Neukom (SBN 275887)
16                                                johnneukom@quinnemanuel.com.
                                                  QUINN EMANUEL URQUHART &
17                                                SULLIVAN LLP
                                                  50 California Street, 22nd Floor
18                                                San Francisco, CA 94111
                                                  Telephone: (415) 875-6600
19                                                Facsimile: (415) 875-6700

20                                                Mark Tung (SBN 245782)
                                                  marktung@quinnemanuel.com
21                                                QUINN EMANUEL URQUHART &
                                                  SULLIVAN LLP
22                                                555 Twin Dolphin Drive, 5th Floor
                                                  Redwood Shores, CA 94065
23                                                Telephone: (650) 801-5000
                                                  Facsimile: (650) 801-5100
24
                                                  Steven Cherny *admitted pro hac vice)*
25                                                steven.cherny@kirkland.com
                                                  KIRKLAND & ELLIS LLP
26                                                601 Lexington Avenue
                                                  New York, New York 10022
27                                                Telephone: (212) 446-4800
                                                  Facsimile: (212) 446-4900
28

-3-                                                                Case No. 5:14-cv-5344-BLF
CISCO'S MOTION IN LIMINE NO. 4 TO EXCLUDE UNTIMELY DISCLOSED NON-INFRINGEMENT THE

02099-00004/8367961.1

1 | Adam R. Alper (SBN 196834)
2 | adam.alper@kirkland.com
  | KIRKLAND & ELLIS LLP
3 | 555 California Street
  | San Francisco, California  94104
4 | Telephone: (415) 439-1400
  | Facsimile: (415) 439-1500

5 | Michael W. De Vries (SBN 211001)
  | michael.devries@kirkland.com
6 | KIRKLAND & ELLIS LLP
  | 333 South Hope Street
7 | Los Angeles, California 90071
  | Telephone: (213) 680-8400
8 | Facsimile: (213) 680-8500

9 | *Attorneys for Plaintiff Cisco Systems, Inc.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-    Case No. 5:14-cv-5344-BLF

CISCO'S MOTION IN LIMINE NO. 4 TO EXCLUDE UNTIMELY DISCLOSED NON-INFRINGEMENT THE

02099-00004/8367961.1