| | |
|---|---|
| Kathleen Sullivan (SBN 242261)<br>kathleensullivan@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100<br><br>Sean S. Pak (SBN 219032)<br>seanpak@quinnemanuel.com<br>Amy H. Candido (SBN 237829)<br>amycandido@quinnemanuel.com<br>John M. Neukom (SBN 275887)<br>johnneukom@quinnemanuel.com.<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>Mark Tung (SBN 245782)<br>marktung@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100 | Steven Cherny *(admitted pro hac vice)*<br>steven.cherny@kirkland.com<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br><br>Adam R. Alper (SBN 196834)<br>adam.alper@kirkland.com<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, California 94104<br>Telephone: (415) 439-1400<br>Facsimile: (415) 439-1500<br><br>Michael W. De Vries (SBN 211001)<br>michael.devries@kirkland.com<br>KIRKLAND & ELLIS LLP<br>333 South Hope Street<br>Los Angeles, California 90071<br>Telephone: (213) 680-8400<br>Facsimile: (213) 680-8500 |

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>  Plaintiff,<br><br>  vs.<br><br>ARISTA NETWORKS, INC.,<br><br>  Defendant. | CASE NO. 5:14-cv-5344-BLF (NC)<br><br>**MOTION *IN LIMINE* NO. 5: CISCO'S MOTION TO EXCLUDE TESTIMONY FROM TERRY EGER**<br><br>**REDACTED VERSION**<br><br>Judge:  Hon. Beth Labson Freeman |

## I.   INTRODUCTION

Cisco respectfully moves *in limine* to exclude the testimony of Mr. Terry Eger, whom Arista has listed as a trial witness on the topics "Knowledge relevant to Arista's estoppel, laches, fair use and misuse defenses.  Development of IOS.  Cisco's marketing and sales of its products."  Jenkins Decl., Exh. 1.  From 1988-1992, Mr. Eger was Cisco's Vice President of Sales, but he ended his four-year employment with Cisco almost a quarter of a century ago.  Mr. Eger has no personal knowledge of any relevant facts, as he did not help to develop Cisco's copyrighted CLI user interface at issue in this case, nor take any actions while at Cisco relevant to Cisco's protection of its intellectual property.  And he has no knowledge of the Cisco products involved in this case from his long-ago employment at Cisco.  At his deposition, he disavowed any knowledge of the development of Cisco's copyrighted user interface, and any knowledge of Arista's user interface.  Testimony from Mr. Eger would be irrelevant and unfairly prejudicial to Cisco, and would pose the serious risk of misleading the jury, Fed. Rs. Evid. 401, 402 & 403.  Further, this Court has an additional basis to preclude the proposed testimony of Mr. Eger on two topics ("Development of IOS" and "Cisco's marketing and sales of its products") that Arista did not disclose until it submitted its witness list one week ago—long after the close of discovery.  Admitting such testimony would violate Fed. R. Civ. P. 26(a).

## II.   FACTUAL BACKGROUND

Mr. Eger worked for Cisco for only four years and left his position at Cisco more than twenty-four years ago.  During his deposition, Mr. Eger repeatedly denied that he had any first-hand knowledge of any facts that are relevant to the claims or defenses of this case.  Specifically, Mr. Eger was employed by Cisco from 1988-1992, [redacted]

1  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
2  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
3  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
4  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
5  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
6  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
7  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
8  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
9  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
10 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
11 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
12 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
13 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
14 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
15 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
16 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
17 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
18 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
19 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
20 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
21 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
22 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
23 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
24 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
25 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
26 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
27 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
28 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

1
2
3
4
5

### III. LEGAL STANDARD

"Evidence which is not relevant is not admissible." Fed. R. Evid. 402. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.

### IV. MR. EGER'S UNSUBSTANTIATED OPINIONS SHOULD BE EXCLUDED

Because Mr. Eger had disavowed any personal knowledge of any relevant facts in this case, including whether Cisco and its competitors used the same CLI commands from 1988-1992, he should not be permitted to testify. Fed. R. Evid. 602. Even if Mr. Eger's ungrounded opinion had any basis in personal knowledge, his opinion should still be excluded as irrelevant. Whether Cisco and its competitors shared some CLI commands between 1988 and 1992, even if Mr. Eger could credibly claim to have such knowledge, is irrelevant to whether the specific commands that the Cisco is asserting in this case are protectable or infringed.

Moreover, Mr. Eger's testimony as disclosed by Arista is not relevant to this case. Here, Cisco asserts that Arista infringes the copyright-protected CLI user interface of its operating systems, IOS and NX-OS. Any knowledge he may have about the development of other aspects of Cisco's operating systems would be irrelevant to this case. Likewise, any testimony that Mr. Eger could provide regarding "Cisco's marketing and sales of its products" would not be relevant. Mr. Eger's knowledge of Cisco's sales and marketing is necessarily limited to his experience, which ended more than twenty-four years ago. Mr. Eger's

experience as Cisco's Vice President of Sales involved completely different products and different markets than the ones at issue in this case, and Mr. Eger admitted that he did not even know which of Cisco's and Arista's product lines are relevant to this matter. *Id*. at 61:16-62:4.  Having not been associated with Cisco for more than twenty-four years, Mr. Eger is too far removed from Cisco to provide any relevant information about its sales and marketing practices in the relevant time periods for this case.

At the very least, any potential relevance of Mr. Eger's testimony about long-outdated information purportedly gained from his time at Cisco would be substantially outweighed by prejudice to Cisco and a likelihood that his testimony would confuse and mislead the jury.  In particular, Mr. Eger's generalized and speculative testimony that Cisco's "CLI commands" are the same as other competitors' has the potential to mislead the jury to think that there are similarities in the specific aspects of the CLI user interface being asserted in this case, even though Mr. Eger disavowed knowing anything about the asserted CLI commands or screen outputs.  Generalized statements denigrating Cisco's products as unoriginal have the obvious potential to prejudice Cisco, while adding nothing to the jury's understanding of the exact issues of substantial similarity, with respect to the precise technologies at issue in the case.

### V. MR. EGER SHOULD NOT BE PERMITTED TO TESTIFY ABOUT TOPICS THAT WERE UNTIMELY DISCLOSED

As an additional reason to exclude Mr. Eger's testimony, Arista untimely disclosed him as a witness on two of the topics now disclosed on Arista's witness list.  Arista first named Mr. Eger as part of its Supplemental Initial Disclosures, served on March 10, 2016, claiming only that Mr. Eger may have knowledge of "Arista's estoppel, laches, fair use and misuse defenses."  Arista supplemented its initial disclosures an additional five times between March 10 and August 1, 2016, each time repeating verbatim the description of Mr. Eger's relevant knowledge. *See* Jenkins Exh. 6.  Only on September 8, 2016, as part of Arista's witness list for trial, did Arista first disclose additional topics for Mr. Eger: "Development of IOS. Cisco's marketing and sales of its products."  Jenkins Exh. 1.  Mr. Eger should be precluded from providing testimony related to these topics as untimely disclosed.

Rule 26(e) of the Federal Rules of Civil Procedure requires a party to identify, without awaiting a discovery request, each individual likely to have discoverable information including "the subjects of that information." Fed. R. Civ. P. 26(a). Rule 26(e)(1) provides that: "A party who has made a disclosure . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e). As a remedy for failure to comply with Rule 26's mandate, Rule 37(c) provides that, "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). Indeed, the Ninth Circuit has described Rule 37 as "a self-executing, automatic sanction to provide a strong inducement for disclosure of materials." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (citing Fed. R. Civ. P. 37 advisory committee's note (1993)) (internal quotations omitted); *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313, 321 (C.D. Cal. 2004) (noting that exclusion of evidence for failure to timely disclose under Rule 26(e)(2) is "automatic and mandatory unless the party can show the violation is either justified or harmless.") (internal quotations omitted). To overcome Rule 37(c)(1)'s automatic and mandatory exclusion of evidence, the nonmoving party bears the burden of establishing that its failure "to disclose the required information is substantially justified or harmless." *See Yeti by Molly, Ltd.*, 259 F.3d at 1107.

███████████████████████████████████████████████████████████████████████████████ They had every opportunity to interview him and disclose the subject matter of his testimony for trial at that time. Instead, Arista disclosed only a subset of the topics on which it wanted Mr. Eger to testify and waited until long after the close of discovery to disclose the full scope of his trial testimony. Allowing Mr. Eger to testify about these additional topics would prejudice Cisco, as Cisco was unable to depose Mr. Eger to determine what he knows about these additional topics. To the extent Cisco asked him about subject matter that could possibly relate to these topics, he repeatedly lacked any relevant knowledge, as explained above.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated:  September 16, 2016 | Respectfully submitted, |
| 3 | | */s/ John M. Neukom* |
| 4 | | Kathleen Sullivan (SBN 242261) |
| | | kathleensullivan@quinnemanuel.com |
| 5 | | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| 6 | | 51 Madison Avenue, 22nd Floor |
| | | New York, NY 10010 |
| 7 | | Telephone: (212) 849-7000 |
| | | Facsimile: (212) 849-7100 |
| 8 | | |
| | | Sean S. Pak (SBN 219032) |
| 9 | | seanpak@quinnemanuel.com |
| | | Amy H. Candido (SBN 237829) |
| 10 | | amycandido@quinnemanuel.com |
| | | John M. Neukom (SBN 275887) |
| 11 | | johnneukom@quinnemanuel.com. |
| | | QUINN EMANUEL URQUHART & |
| 12 | | SULLIVAN LLP |
| | | 50 California Street, 22nd Floor |
| 13 | | San Francisco, CA 94111 |
| | | Telephone: (415) 875-6600 |
| 14 | | Facsimile: (415) 875-6700 |
| 15 | | Mark Tung (SBN 245782) |
| | | marktung@quinnemanuel.com |
| 16 | | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| 17 | | 555 Twin Dolphin Drive, 5th Floor |
| | | Redwood Shores, CA 94065 |
| 18 | | Telephone: (650) 801-5000 |
| | | Facsimile: (650) 801-5100 |
| 19 | | |
| | | Steven Cherny *admitted pro hac vice)* |
| 20 | | steven.cherny@kirkland.com |
| | | KIRKLAND & ELLIS LLP |
| 21 | | 601 Lexington Avenue |
| | | New York, New York 10022 |
| 22 | | Telephone: (212) 446-4800 |
| | | Facsimile: (212) 446-4900 |
| 23 | | |
| | | Adam R. Alper (SBN 196834) |
| 24 | | adam.alper@kirkland.com |
| | | KIRKLAND & ELLIS LLP |
| 25 | | 555 California Street |
| | | San Francisco, California  94104 |
| 26 | | Telephone: (415) 439-1400 |
| | | Facsimile: (415) 439-1500 |
| 27 | | |
| | | Michael W. De Vries (SBN 211001) |
| 28 | | michael.devries@kirkland.com |
| | | KIRKLAND & ELLIS LLP |

1            333 South Hope Street
2            Los Angeles, California 90071
            Telephone: (213) 680-8400
3            Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*