KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
BRIAN L. FERRALL - # 160847
DAVID SILBERT - # 173128
MICHAEL S. KWUN - #198945
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    (415) 391-5400
Email:  rvannest@kvn.com;
bferrall@kvn.com; dsilbert@kvn.com;
mkwun@kvn.com

SUSAN CREIGHTON, SBN 135528
SCOTT A. SHER, SBN 190053
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C., 20006-3817
Telephone:  (202) 973-8800
Email:  screighton@wsgr.com;
ssher@wsgr.com

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ARISTA NETWORKS, INC.,<br><br>　　　　　Defendant. | Case No. 5:14-cv-05344-BLF (NC)<br><br>**ARISTA'S MOTION IN LIMINE NO. 4 TO PRECLUDE TESTIMONY FROM LATE-DISCLOSED WITNESSES**<br><br>Date:　　　November 3, 2016<br>Time:　　　1:30 p.m.<br>Judge:　　　Hon. Beth Labson Freeman<br><br>Date Filed: December 5, 2014<br><br>Trial Date: November 21, 2016 |

**NOTICE OF MOTION AND MOTION**

Arista Networks, Inc. ("Arista") hereby moves *in limine* pursuant to Federal Rules of Civil Procedure 26 and 37 to preclude Plaintiff Cisco Systems, Inc. ("Cisco") from calling at trial six witnesses who it untimely disclosed. Specifically, Arista moves to preclude three witnesses from testifying in any capacity (Jeff Reed, Mallun Yen, and David Ward), and three witnesses from testifying on topics beyond those for which Arista deposed them as Cisco's Rule 30(b)(6) corporate designees (Dylan Cannon, Frank Palumbo, and Christine Bakan). This motion *in limine* is based on the following memorandum of points and authorities, the Declaration of Ryan K. Wong ("Wong Decl."), exhibits cited below, the entire record in this matter, and on evidence and arguments that may be presented at the hearing on this motion.

**ARGUMENT**

Cisco should not be permitted to call at trial six witnesses it first disclosed just weeks before the close of fact discovery, and a year-and-a-half after it filed this suit. All of these witnesses are current or former Cisco employees whom Cisco could have disclosed in its first set of initial disclosures. Yet Cisco waited until Arista had taken or noticed all of its available depositions, and then disclosed *ten* new witnesses, including the six who are the subject of this motion. Cisco's eleventh-hour prejudicial disclosures have been a recurring pattern; just last month, the Court "acknowledged Arista's concern that it is prejudiced by a disclosure on the last day of discovery" of a new set of infringement allegations based on evidence Cisco unquestionably had at its disposal long ago. ECF 481 at 4. The Court should not allow Cisco to circumvent the rules of procedure by calling at trial numerous late-disclosed witnesses.

Federal Rule of Civil Procedure 26(a) requires parties to provide initial disclosures, including the names of any individual likely to have discoverable information that the disclosing party may use to support its claims or defenses. Fed.R.Civ.P. 26(a). Parties have an affirmative duty to supplement initial disclosures "in a *timely* manner if the party learns that in some material respect the disclosure or response is incomplete . . . . ." Fed.R.Civ.P. 26(e)(1)(A) (emphasis added). If a party fails to identify a witness in a timely manner, "the party is not allowed to use that information or witness to supply evidence . . . at a trial." Fed. R. Civ. P. 37(c)(1). To

1

1  "provide[] a strong inducement for disclosure," Rule 37's exclusionary sanction is "self-
2  executing" or "automatic." Fed. R. Civ. P. 37, Adv. Cttee. Notes (1993); *see also Yeti by Molly,*
3  *Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (hereinafter *Yeti*).  Exclusion
4  may be appropriate even where there is no showing of bad faith or willfulness. *Yeti*, 259 F.3d at
5  1106.

6  The "harshness" of Rule 37(c) is mitigated by two exceptions—the sanction does not
7  apply if the party's failure was either "substantially justified" or "harmless."  Once the moving
8  party establishes a discovery violation, the burden shifts to the violating party to prove that one of
9  the two exceptions applies.  *See Yeti*, 259 F.3d at 1107; *Jones v. Travelers Cas. Ins. Co. of Am.,*
10  304 F.R.D. 677, 678–79 (N.D. Cal. 2015).

11  Courts routinely strike late-disclosed witnesses under Rules 26 and 37.  For example, in
12  *Finjan, Inc. Proofpoint, Inc*., No. 3:13-cv-05808-HSG (HRL), 2015 WL 9900617 (N.D. Cal. Oct.
13  26, 2015), defendants supplemented their initial disclosures four days before the close of
14  discovery to add two new witnesses.  Although the disclosures were served before discovery
15  closed, the Court found that the witnesses were untimely disclosed because the defendants had
16  known about them for at least several months before disclosing them.  *Id*. at *2.  Similarly, in
17  *Nortek Air Solutions, LLC v. Energy Lab Corp.,* 2016 U.S. Dist. LEXIS 92468, *11–12 (N.D.
18  Cal. July 15, 2016) (Freeman, J.), this Court excluded testimony from two witnesses disclosed on
19  the last day of discovery, explaining that, "[b]y waiting the last minute to disclose these
20  individuals, Energy Labs did not give Nortek a fair opportunity to depose these witnesses or
21  subpoena them for documents."  *See also Vieste, LLC v. Hill Redwood Dev.*, No. 09-cv-04024-
22  JSW (DMR), 2011 WL 2181200, *2 (N.D. Cal. June 3, 2011) (finding Rule 26(e) violation where
23  defendants supplemented initial disclosures two weeks before close of fact discovery to identify
24  six new witnesses).

25  In this case, seventeen months after filing suit, and just twenty-four days before the close
26  of fact discovery[1], Cisco amended its initial disclosures to add ten new witnesses, including the

---

[1] Cisco served its amended disclosures on May 3, 2016, and fact discovery closed on May 27, 2016.

2
ARISTA'S MOTION IN LIMINE NO. 4 TO PRECLUDE TESTIMONY
FROM UNTIMELY DISCLOSED WITNESSES
Case No. 5:14-cv-05344-BLF (NC)

1114396

1  six at issue in this motion.  *See* Ex. J.  All ten are current or former Cisco employees whose

2  identity Cisco knew before it filed its Complaint in this action.  Of the six witnesses at issue in

3  this motion, five (Jeff Reed, David Ward, Dylan Cannon, Frank Palumbo, and Christine Bakan)

4  are current Cisco employees, and one (Mallun Yen) is a former employee of Cisco's legal

5  department.  *Id.*  Yet Cisco had never previously disclosed any of these ten witnesses.

6     Hoping to mitigate the prejudice caused by Cisco's late disclosure, Arista promptly asked

7  Cisco to agree to further discovery concerning these new witnesses during the discovery period if

8  it intended to call any of them at trial.  *See* Ex. K.  Cisco refused.  Instead, Cisco claimed that it

9  would "alleviate [Arista's] concerns" by agreeing that it would not call three of the ten new

10 witnesses at trial (Messrs. Jain, Mellacheruvu, and Subburayan), and that it would allow Arista to

11 depose Mr. Cannon, Mr. Palumbo, and Ms. Bakan as Rule 30(b)(6) designees, which Arista then

12 did, but not in their personal capacity. *Id.*

13    In spite of its representation, Cisco served a trial witness list on September 7, 2016 that

14 included *all ten* of its untimely disclosed witnesses. *See* Ex. L.  It subsequently agreed to remove

15 the three whom it had previously committed not to call, and one more.  *See* Ex. M.  However,

16 when Arista asked Cisco to confirm that Mr. Cannon, Mr. Palumbo, and Ms. Bakan would testify

17 at trial only about the Rule 30(b)(6) topics on which they were designated and deposed—since

18 those were the only subjects on which Arista could depose them due to their late disclosure—

19 Cisco refused.  *See* Ex. N; Wong Decl. ¶ 28.  And Cisco continues to insist that it will call Mr.

20 Reed, Ms. Ward, and Ms. Yen, whom Arista has never deposed and whom Cisco refused to allow

21 Arista to depose during the discovery period.

22    Cisco cannot carry its burden to prove that its late disclosure of these six witnesses was

23 substantially justified.  *See Yeti*, 259 F.3d at 1107.  During the meet-and-confer process, Cisco

24 provided ***no*** justification for waiting seventeen months to identify these internal Cisco witnesses.

25 Indeed, by the time Cisco supplemented its initial disclosures, it had repeatedly resisted Arista's

26 request for additional depositions, never once mentioning that it intended to spring on Arista, at

27 the close of discovery, a host of new individuals with relevant knowledge.  *See* ECF 95 at 6:17–

28 7:14; ECF 97.  Cisco argued that Arista had no need for additional depositions, all the while

3
ARISTA'S MOTION IN LIMINE NO. 4 TO PRECLUDE TESTIMONY
FROM UNTIMELY DISCLOSED WITNESSES
Case No. 5:14-cv-05344-BLF (NC)

1114396

waiting until Arista had taken or noticed all of its available depositions before disclosing these ten witnesses.

Further, there can be no dispute that Cisco has long known of every one of these witnesses. Of the three witnesses that Arista has had no opportunity to depose, two (Mr. Reed and Mr. Ward) have worked in senior positions at Cisco since at least 2011—years before Cisco filed this action. *See* Exs. O, P. The third (Ms. Yen) worked in Cisco's legal department for eight years. *See* Ex. Q. Similarly, the three witnesses whom Cisco deposed as Rule 30(b)(6) witnesses are current Cisco employees whose identities Cisco knew long before it disclosed them. *See* Exs. R, S, T.

All of these witnesses are designated to testify on topics that Cisco knew were at issue since the early phases of the case. Cisco's witness list states that Mr. Reed and Mr. Ward will testify about "Cisco's history, business and strategy" and "Development, structure, operation and/or characteristics of Cisco's products," while Ms. Yen will testify about the "License Agreement between Cisco and Stanford University"—a subject that Arista first requested discovery on in March 2015. Exs. L, U. Cisco has no justification for waiting years—until the eve of the discovery cut-off—to disclose these witnesses.

Cisco's failure to timely disclose its own internal witnesses is also highly prejudicial. Its eleventh-hour disclosure deprived Arista of an opportunity to depose these witnesses or obtain their documents, or other relevant documents, during the discovery period. *See Nortek Air Solutions, LLC,* 2016 U.S. Dist. LEXIS 92468, at *11–12 (holding that disclosure of two witnesses on the last day of discovery "was not substantially justified or harmless under Rule 37(c)(1) . . . ."). Nor can that prejudice be absolved by allowing depositions of the late-disclosed witnesses now, after both fact and expert discovery are concluded, exhibit and witness lists have been exchanged, and trial preparation is underway. Cisco's untimely disclosure has thwarted the normal discovery process, including any possibility of obtaining relevant documents prior to the depositions. *See Vieste, LLC*, 2011 WL 2181200, at *3 (holding that untimely discovery disclosures deprives parties of a "meaningful opportunity to . . . make educated choices about how best to use [their] discovery resources."). Moreover, Cisco's offer of depositions now—after

4

having refused depositions during the discovery period—unfairly shifts this burden to a period in the case when Arista is fully dedicated to preparing and refining the pre-trial submissions, including the analytic dissection submissions, due in the upcoming weeks. Arista should not be forced to interrupt these efforts for depositions that easily could have been accommodated months ago. Taking Cisco's strategy to its logical end, every litigant could withhold disclosure of its trial witnesses until deposition limits were already exhausted and thereby force opponents to take trial depositions without any document discovery in the midst of pre-trial preparation. The disclosure obligations of Rule 26 would have little meaning. Cisco's trial-by-ambush strategy of waiting until the close of discovery to disclose critical Cisco witnesses, when those witnesses were available and known to Cisco's counsel from the beginning of the case, is exactly what Rule 26(e) seeks to avoid.

## CONCLUSION

For the foregoing reasons, Arista respectfully requests that the Court preclude Mr. Reed, Ms. Yen, and Mr. Ward from testifying at trial, and preclude Mr. Cannon, Mr. Palumbo, and Ms. Bakan from testifying about any topic beyond those for which Cisco designated them as 30(b)(6) witnesses.

Dated: September 16, 2016

KEKER & VAN NEST LLP

WILSON SONSINI GOODRICH & ROSATI

By: */s/ Robert A. Van Nest*
ROBERT A. VAN NEST

Attorneys for Defendant
ARISTA NETWORKS, INC.

5
ARISTA'S MOTION IN LIMINE NO. 4 TO PRECLUDE TESTIMONY
FROM UNTIMELY DISCLOSED WITNESSES
Case No. 5:14-cv-05344-BLF (NC)

1114396