Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Mark Tung (SBN 245782)
marktung@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven Cherny *(admitted pro hac vice)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>  Plaintiff,<br><br>  vs.<br><br>ARISTA NETWORKS, INC.,<br><br>  Defendant. | CASE NO. 5:14-cv-5344-BLF (NC)<br><br>**MOTION *IN LIMINE* NO. 2: CISCO'S MOTION TO EXCLUDE EVIDENCE RELATED TO "INDUSTRY STANDARD"**<br><br>**REDACTED VERSION**<br><br>Judge:   Hon. Beth Labson Freeman |

I.  **INTRODUCTION**

Plaintiff Cisco respectfully moves *in limine* to exclude Defendant Arista's planned introduction of testimony that the asserted aspects of Cisco's copyrighted user interface at some point in time became a "*de facto* industry standard." This theory is not relevant to any issue that may be presented to the jury in this case and thus should be excluded under Fed. R. Evid. 402, and admitting such argument and evidence would be more prejudicial than probative, violating Fed. R. Evid. 403.

II.  **FACTUAL BACKGROUND**

Arista has expressed in its pleadings the intent to present evidence to the jury that the asserted aspects of Cisco's copyrighted user interface are part of a supposed *de facto* "industry standard." *See, e.g.*, Dkt. 65 at 1 (citing "well-known 'industry standard' command-line interface ('CLI') commands that were commonly used with Cisco routers"). Arista has furthermore made this clear in its discovery answers. For example, Cisco's Interrogatory No. 10 asked Arista to "[e]xplain in detail all factual and legal bases for any contention by You [Arista] that You have not infringed Cisco's copyrights." Jenkins Decl. Exh. 5 at 5. 

; *id.* at 8, 11, 136-139, 146, 184-191, 193-195, 198-199. Cisco's Interrogatory No. 12 asked Arista to "explain in detail all factual and legal bases for Your [Arista's] contention that any use Arista made of Cisco's copyrighted material was a fair use." 

Arista's expert reports have likewise cited its "industry standard" argument. Arista's proposed expert John Black 
. *See* Dkt. 426-9. Arista's proposed expert William 
. *See* Dkt. 426-14. Cisco has moved to exclude the "industry standard" opinions of Dr. Black and Mr. Seifert in its *Daubert* motions. Dkt. 427 at 8-9; Dkt. 430 at 6-7. Arista responded by arguing that

the supposed "*de facto* industry standard" status of Cisco's user interface is relevant to Arista's fair use defense, its equitable estoppel defense, and its response to Cisco's request for injunctive relief. Dkt. 462-3 at 9; 471 at 8.

## III.   LEGAL STANDARD

"Evidence which is not relevant is not admissible." Fed. R. Evid. 402. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

## IV.   ARGUMENT

Arista does not and cannot contend that Cisco's copyrighted user interface is an "industry standard" under the well-accepted understanding of that term—namely a technical protocol adopted by a standards-setting organization to enable physical interoperability among competing devices. *See generally Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1030-31 (9th Cir. 2015). Instead, Arista seeks to introduce a vague concept of "*de facto* industry standard" that is entirely novel in a copyright context, irrelevant to any legal issue properly before the jury and likely to cause prejudice to Cisco. Testimony on that topic should be excluded.

### A.   "Industry Standard" Is Irrelevant to Copyrightability

Whether Cisco's copyrighted user interface has become a "*de facto* industry standard" is irrelevant to the question whether that work enjoys copyright protection. As the Federal Circuit recently held, applying Ninth Circuit law:

> [T]o the extent Google suggests that it was entitled to copy the Java API packages because they had become the effective industry standard, we are unpersuaded. Google cites no authority for its suggestion that copyrighted works lose protection when they become popular, and we have found none. In fact, the Ninth Circuit has rejected the argument that a work that later becomes the industry standard is uncopyrightable. *See Practice Mgmt. Info. Corp. v. Am. Med. Ass'n,* 121 F.3d 516, 520 n. 8 (9th Cir.1997) (noting that the district court found plaintiff's medical coding system entitled to copyright protection, and that, although the system had become the industry standard, plaintiff's copyright did not prevent competitors "from developing comparative or better coding systems and lobbying the federal government and private actors to adopt them. It simply prevents wholesale copying of an existing system."). Google was free to develop its own API packages and to "lobby" programmers to adopt them. Instead, it chose to copy Oracle's declaring code and the SSO to capitalize on the preexisting community of programmers who were accustomed

|   |   |
|---|---|
| 1 | to using the Java API packages. That desire has nothing to do with copyrightability. For these reasons, we find that **Google's industry standard argument has no bearing on the copyrightability of Oracle's work**. |
| 2 | |

*Oracle Am., Inc. v. Google Inc.*, 750 F.3d 1339, 1372 (Fed. Cir. 2014) (emphasis added).  So too here, Arista's industry standard argument has no bearing on the copyrightability of Cisco's work.  This Court should therefore exclude any such evidence or argument on copyrightability issues.

### B.     "Industry Standard" Is Irrelevant to Fair Use

Whether or not Cisco's copyrighted user interface has become a "*de facto* industry standard" is also irrelevant to Arista's fair use defense.  Arista cites the *Oracle* decision (Dkt. 462-3 at 9) for the proposition that "[a]chieving interoperability with a standard is relevant to several fair use factors."  While *Oracle* did say as much, *see id.* at 1377-78, this case has nothing to do with "interoperability" in the sense discussed in *Oracle*.  "Interoperability" in *Oracle* involved whether the works at issue were needed for a machine to interact with another machine in the Java programming language.  *See id.*  A user interface, by contrast, involves the ability of a ***human user to interact with a machine***.  There are an infinite number of ways a human might interact with a machine. [redacted]

Moreover, even if "interoperability" were relevant here (it is not), the question of whether Cisco's work was "industry standard" in nature under the "second" factor of a fair use defense (the

1  nature of the copyrighted work) must be assessed at the time Cisco created it, **not at the time**
2  **Arista copied it**.  *Cf. Oracle*, 750 F.3d at 1361 ("We further find that the district court erred in
3  focusing its merger analysis on the options available to Google at the time of copying. It is well-
4  established that copyrightability and the scope of protectable activity are to be evaluated at the
5  time of creation, not at the time of infringement.") (citing *Apple Computer, Inc. v. Formula Int'l,
6  Inc.*, 725 F.2d 521, 524 (9th Cir. 1984)). Arista erroneously ignores this timing limitation in
7  seeking to introduce evidence that Cisco's user interface was a "*de facto* industry standard" by the
8  time that Arista decided to copy it, not at the time of its creation by Cisco.  *See, e.g.,* Opening
9  Black Report, Dkt. 426-9 at ¶¶ 180-194; Seifert Report, Dkt. 426-14 at pp. 30-37.

10  Arista fares no better in suggesting that its "industry standard" argument is relevant to a
11  fair use inquiry because "fair use is appropriate where a 'reasonable copyright owner' would have
12  consented to the use, i.e., where the 'custom … ' at the time would have defined the use as
13  reasonable." Dkt. 462-3 at 9-10 (quoting *Wall Data Inc. v. Los Angeles County Sheriff's Dept.*,
14  447 F.3d 769, 778 (9th Cir. 2006).  *Wall Data* is wholly irrelevant to any "industry standard"
15  argument, for it concerned a dispute over the scope of *licensed* use, *see id.* at 774-775, and had
16  nothing to do with whether a competitor is free to make unlicensed use of a supposed "industry
17  standard" technology.  There is no conceivable argument in this case, which involves no license to
18  Arista, that Cisco somehow "consented" to Arista's blatantly copying Cisco's technology.

19  **C.     "Industry Standard" Is Relevant—If at All—Only to Issues That Will Be Decided by This Court, Not the Jury**

20  To the extent Arista intends to argue that its "industry standard" evidence is relevant to its
21  equitable estoppel defense and any market impact relevant to Cisco's request for injunctive relief
22  (*see* Dkt. 462-3 at 10), those issues are for this Court, not the jury, to decide.  *See* Cisco's Motion
23  *in Limine* No. 1 (filed herewith) at 3-4 (case law authority for the proposition that equitable
24  defenses are to be decided by the court, not the jury); *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S.
25  388, 391 (2006) (holding that injunctive relief is an equitable remedy: "The decision to grant or
26  deny permanent injunctive relief is an act of equitable discretion by the district court.").
27  Accordingly, there are no grounds for relevance here.
28

### D. Arista's "Industry Standard" Arguments Will Cause Cisco Prejudice Greatly Outweighing Any Probative Value

Arista's "*de facto* industry standard" suggestions are legally irrelevant to the issues before the jury for all the reasons set forth above, but they should be excluded for the additional reason that they are likely to confuse and mislead the jury. "Everybody copies" is not a defense to copyright infringement, and Arista should not be permitted to make the same argument by another name by invoking its baseless "*de facto* industry standard" nomenclature. Even where industry standard-setting organizations set forth true industry standards, they do not become part of the public domain; use of such standards is confined to licensed use or membership in a standards pool. *See Oracle*, 750 F.3d at 1372 n.16 ("Notably, even when a patented method or system becomes an acknowledged industry standard with acquiescence of the patent owner, any permissible use generally ***requires payment of a reasonable royalty***….") (emphases added). Arista should not be permitted to distort the notion of "industry standard" to mean "free to copy." As the Court noted during the recent *Daubert* hearing, "you want to suggest to the jury that it's okay for Arista to use these features and elements because they have become a *de facto* standard. That again begs the question of 'is it free?'" Dkt. 516, 9/9/16 Hearing Tr. at 25:8-11. As Arista's counsel conceded at the hearing, there is no legal authority establishing "*de facto* industry standard" as a fair use defense, and to do so here would be tantamount to holding for the very first time that because a copyrighted work has become popular, it is free to use by others as a matter of fair use. *Id*. at 19:12-20. That type of argument is contrary to copyright law.

### V. CONCLUSION

Cisco respectfully requests that that Arista's "*de facto* industry standard" evidence be excluded from the jury trial.

Dated: September 16, 2016

Respectfully submitted,

*/s/ John M. Neukom*

Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
51 Madison Avenue, 22nd Floor

New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Mark Tung (SBN 245782)
marktung@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven Cherny *admitted pro hac vice)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*