Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Mark Tung (SBN 245782)
marktung@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven Cherny *(admitted pro hac vice)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ARISTA NETWORKS, INC., <br><br> Defendant. | CASE NO. 5:14-cv-5344-BLF (NC) <br><br> **MOTION *IN LIMINE* NO. 4: CISCO'S MOTION TO EXCLUDE UNTIMELY DISCLOSED NON-INFRINGEMENT THEORY** <br><br> **REDACTED VERSION** <br><br> Judge: Hon. Beth Labson Freeman |

## I.     INTRODUCTION

Cisco respectfully moves *in limine* under Fed. R. Civ. P. 26(e) to preclude Arista from reliance at trial on a non-infringement theory that was not timely disclosed to Cisco. Despite ample opportunity throughout more than a year of discovery, Arista waited until weeks ***after the close of fact discovery*** to disclose a new non-infringement theory in its technical expert's rebuttal report. Arista's undue delay in disclosing a theory of non-infringement prejudices Cisco because Cisco cannot properly prepare to cross-examine Arista's fact witnesses regarding this issues at trial. Therefore, the Court should confine Arista to its interrogatory responses prior to discovery cutoff and exclude Arista's untimely non-infringement opinion.

## II.    LEGAL STANDARD

Rule 26(e)(1) of the Federal Rules of Civil Procedure requires parties to timely supplement their interrogatory responses if the prior responses are incomplete or incorrect. This duty to supplement applies to contention interrogatories. *See B-K Lighting, Inc. v. Vision3 Lighting,* 930 F. Supp. 2d 1102, 1136 (C.D. Cal. 2013) (excluding expert testimony that disclosed theories that had not been included in the party's responses to contention interrogatories). A party must exercise "due diligence" in supplementing its disclosures, *SPX Corp. v. Bartec USA, LLC*, 2008 U.S. Dist. LEXIS 29235, at *22 (E.D. Mich. Apr. 10, 2008), and supplementation should occur "during the discovery period." Fed. R. Civ. P. 26 Advisory Committee's Note to 1993 Amendments. Rule 37(c)(1) "mandates that a party's failure to comply with . . . the supplemental disclosure obligations under [Rule] 26(e) results in that party being precluded from use" of the withheld information. *Oracle USA, Inc. v. SAP AG*, 264 F.R.D. 541, 544 (N.D. Cal. 2009); *see also Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (preclusion of evidence under Rule 37(c)(1) is "automatic" and "self-executing" unless an exception applies). To avoid preclusion, a party who violates Rule 26(e) bears the burden of showing that the violation was substantially justified or harmless. *Id*. at 1101.

### III. DR. JOHN BLACK'S UNTIMELY DISCLOSED NON-INFRINGEMENT THEORY SHOULD BE EXCLUDED

On March 26, 2015, Cisco served Arista with Interrogatory 10, requesting that Arista "[e]xplain in detail all factual and legal bases for any contention by You that You have not infringed Cisco's copyrights in Cisco IOS, including Cisco IOS CLI, and Cisco IOS Documentation." Arista responded to this interrogatory on April 30. 2015 and served five additional supplemental responses to this interrogatory, up until the last day of fact discovery, May 27, 2016. Jenkins Decl., Exh 5. Arista's responses included dozens of non-infringement theories spanning more than 200 pages. *Id*.

Then, on June 17. 2016, three weeks after the close of fact discovery, Arista served the rebuttal expert report of Dr. John Black, which contained a new, previously-undisclosed, theory of non-infringement. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Arista did not disclose this non-infringement theory in its interrogatory responses, and did not seek leave to amend those responses. Allowing Arista's experts to opine at trial on this theory would unfairly prejudice Cisco. Cisco conducted discovery based on the understanding that Arista's non-infringement defenses were limited to what Arista disclosed in its interrogatory responses. Cisco had no chance to conduct written discovery or fact depositions on the new non-infringement theory because fact discovery closed three weeks before Arista disclosed this opinion. Therefore, the Court should strike all portions of Dr. Black's Rebuttal report that present arguments or rely on this untimely disclosed theory, including paragraphs 95, 136, 138, 177, 178, footnote 31 and Appendix N. Jenkins Decl., Exh. 11. *See Apple, Inc. v. Samsung Elecs. Co.*, No. 11-CV-01846-LHK, 2012 WL 3155574, at *5 (N.D. Cal. Aug. 2, 2012) (striking portions of

expert reports containing information when late disclosure prohibited Apple from conducting additional fact discovery regarding new and previously undisclosed theories).

## IV. CONCLUSION

For the foregoing reasons, Cisco respectfully requests that the Court exclude the untimely disclosed non-infringement theory as described in this Motion.

Dated: September 16, 2016

Respectfully submitted,

*/s/ John M. Neukom*

Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART & SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Mark Tung (SBN 245782)
marktung@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven Cherny *admitted pro hac vice)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

1  Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
2  KIRKLAND & ELLIS LLP
555 California Street
3  San Francisco, California  94104
Telephone: (415) 439-1400
4  Facsimile: (415) 439-1500

5  Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
6  KIRKLAND & ELLIS LLP
333 South Hope Street
7  Los Angeles, California 90071
Telephone: (213) 680-8400
8  Facsimile: (213) 680-8500

9  *Attorneys for Plaintiff Cisco Systems, Inc.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-   Case No. 5:14-cv-5344-BLF

CISCO'S MOTION IN LIMINE NO. 4 TO EXCLUDE UNTIMELY DISCLOSED NON-INFRINGEMENT THE

02099-00004/8367961.1