1  KEKER & VAN NEST LLP
   ROBERT A. VAN NEST - # 84065
2  BRIAN L. FERRALL - # 160847
   DAVID SILBERT - # 173128
3  MICHAEL S. KWUN - #198945
   633 Battery Street
4  San Francisco, CA 94111-1809
   Telephone:    (415) 391-5400
5  Email:  rvannest@kvn.com;
   bferrall@kvn.com; dsilbert@kvn.com;
6  mkwun@kvn.com

   SUSAN CREIGHTON, SBN 135528
   SCOTT A. SHER, SBN 190053
   WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
   1700 K Street NW, Fifth Floor
   Washington, D.C., 20006-3817
   Telephone:  (202) 973-8800
   Email:  screighton@wsgr.com;
   ssher@wsgr.com

7
8  JONATHAN M. JACOBSON, NY SBN 1350495
   CHUL PAK (*pro hac vice*)
9  DAVID H. REICHENBERG (*pro hac vice*)
   WILSON SONSINI GOODRICH & ROSATI
10 Professional Corporation
   1301 Avenue Of The Americas, 40th Floor
11 New York, NY 10019-6022
   Telephone:  (212) 999-5800
12 Email:  jjacobson@wsgr.com; cpak@wsgr.com;
   dreichenberg@wsgr.com

13 Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARISTA NETWORKS, INC., <br><br> Defendant. | Case No. 5:14-cv-05344-BLF (NC) <br><br> **ARISTA'S SUPPLEMENTAL BRIEF REGARDING DISGORGEMENT OF PROFITS** <br><br> Judge:      Hon. Beth Labson Freeman <br><br> Date Filed:  December 5, 2014 <br><br> Trial Date:  November 21, 2016 |

In accordance with the Court's direction at the September 9, 2016 hearing, Arista respectfully submits this brief, limited to one-and-a-half pages (*see* ECF 516 at 72:14-73:1), regarding the right to a jury trial on Cisco's claim for disgorgement of profits after *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962 (2014).

Prior to *Petrella*, the U.S. Supreme Court had never addressed whether disgorgement of profits under the Copyright Act was a legal or equitable remedy. Thus, courts were inconsistent in their treatment of disgorgement claims. *Petrella*, however, settled the question.[1] There, the Supreme Court—in assessing whether the equitable defense of laches could bar claims for infringement—reviewed the types of relief available under the Copyright Act. *Id*. at 1967–68. It held that, although recovery of profits "is not easily characterized as legal or equitable," "in this case," it is a form of equitable relief. *Id*. at 1967 n.1

*Petrella* therefore "place[d] recovery of profits ***squarely on the equitable side of the ledger***." 3 Nimmer on Copyright, § 12.06[B][3][d][i], at 12-160.4 (emphasis added). And after *Petrella*, the only court to decide whether the court or the jury would decide copyright disgorgement held that the court would do so.[2] In *Fahmy v. Jay-Z*, No. 2015 U.S. Dist. LEXIS 139298, Case No. 2:07-cv-05715-CAS (C.D. Cal. Oct. 9, 2015), Judge Snyder in the Central District of California ruled that "in light of *Petrella* it appears that the appropriate course is to treat the award of profits as an equitable remedy," and "[t]herefore, the Court will calculate the amount [of] profits, if any, to be awarded pursuant to §504(b)." *Id.* at *3.

Cisco may argue that *Petrella*'s use of the phrase "in this case" implies that there may be copyright cases where disgorgement is deemed legal rather than equitable. But that misconstrues the opinion—reading the statement as a whole, "in this case" refers to disgorgement *under the Copyright Act*, not to the particular facts before the Court, which the Court did not even allude to.

---

[1] Accordingly, to the extent Cisco cites pre-*Petrella* cases to support its claim that disgorgement is a legal remedy (as it did at the September 9 hearing), those cases are no longer good law.

[2] As the Court noted at the September 9 hearing, Judge Alsup recently considered copyright disgorgement in *Oracle America, Inc. v. Google Inc.*, No. 3:10-cv-03561-WHA, but he deferred "rul[ing] on the *Petrella* issue" until after the verdict, *see* May 3, 2016 Order (ECF 1789), and because Google prevailed on liability, he never reached the issue. In meet-and-confer, Cisco asserted that other post-*Petrella* cases have given disgorgement to the jury, but it did not identify any, and Arista has reviewed the cases that cite *Petrella* and found none. Thus, if such a case exists, it presumably does not apply *Petrella*'s teachings, and should be given no weight.

1    In any event, even if it were permissible to deem copyright disgorgement a legal remedy in
2    specific cases, there would be no reason to do so here, and the Court is clearly within its authority
3    to find it equitable.  *See* 3 Nimmer on Copyright, § 12.06[B][3][d][i], at 12-160.4 (noting that "it
4    seems best to follow the Supreme Court majority's lead [in *Petrella*] by presumptively treating
5    profits as equitable in nature.").

6    Indeed, as the Court observed at the September 9 hearing, disgorgement of profits has
7    traditionally and repeatedly been characterized as equitable.  *See, e.g., Chauffeurs, Teamsters &*
8    *Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 570 (1990) (noting that the Supreme Court
9    characterizes damages as "equitable where they are restitutionary, such as in actions for
10   disgorgement of improper profits") (internal quotations and citations omitted)); *Fifty-Six Hope*
11   *Road Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1074 (9th Cir. 2015) ("A claim for
12   disgorgement of profits under § 1117(a) is equitable, not legal."); *SEC v. Jasper,* 678 F.3d 1116,
13   1130 (9th Cir. 2012) ("Ninth Circuit law is clear that the reimbursement provision of SOX 304 is
14   considered an equitable disgorgement remedy and not a legal penalty."); *Myers v. Merrill Lynch*
15   *& Co.*, 1999 U.S. Dist. LEXIS 22642, *16 (N.D. Cal. Aug. 23, 1999) ("Section 17203 provides
16   the remedies that are available in § 17200 claims (equitable relief including injunctions and
17   disgorgement).").

Respectfully submitted

Dated:  September 16, 2016         KEKER & VAN NEST LLP

WILSON SONSINI GOODRICH & ROSATI

By:   */s/ Robert A. Van Nest*
      ROBERT A. VAN NEST

      Attorneys for Defendant
      ARISTA NETWORKS, INC.