Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Steven Cherny *(admitted pro hac vice)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ARISTA NETWORKS, INC., <br><br> Defendant. | CASE NO. 5:14-cv-5344-BLF <br><br> **CISCO SYSTEMS, INC.'S SUBMISSION REGARDING ITS RIGHT TO A JURY DETERMINATION OF DISGORGEMENT OF INFRINGER'S PROFITS** <br><br> Date: September 9, 2016 <br> Time: 9:00 a.m. <br> Dep't: Courtroom 3, 5th Floor <br> Judge: Hon. Beth Labson Freeman <br><br> Date Filed: December 5, 2014 <br><br> Trial Date: November 21, 2016 |

99998-77952/8368037.1

Case No. 5:14-cv-5344-BLF
CISCO'S SUBMISSION REGARDING ITS RIGHT TO A JURY
DETERMINATION OF DISGORGEMENT OF INFRINGER'S PROFITS

Both the Copyright Act and the Seventh Amendment grant Cisco the right to a jury trial on disgorgement, and the Supreme Court's opinion in *Petrella v. MGM*, 134 S.Ct. 1962 (2014), did not change that. Section 504(b) of the Copyright Act provides a statutory right to a jury trial on disgorgement. While every other civil remedy provision of the Copyright Act specifically requires the ***court*** to determine the remedy, §504(b) ***does not*** require the court to determine the amount of infringer's profits (or, of course, actual damages). *See Feltner v. Columbia Pictures TV*, 523 U.S. 340, 345-46 (1998); 17 U.S.C. §504. Thus, the logical assumption is that Congress intended the jury to decide the remedies in §504(b), not the judge. *See, e.g., Sosa v. Alvarez-Machain*, 542 U.S. 692, 711 n.9 (2004); *FDA v. Brown & Williamson*, 529 U.S. 120, 133 (2000). Moreover, the combination of actual damages—the quintessential ***legal*** remedy—and infringer's profits in §504(b), together with a caution not to award profits "taken into account in computing the actual damages," demonstrates that Congress intended the jury to decide both remedies. *Compare Feltner*, 523 U.S. at 345-46.

The Seventh Amendment also guarantees the right to a jury trial for disgorgement. The Supreme Court long ago explained that recovery of infringer's profits is "a compensation for the injury" sustained from the invasion of a right and such profits are thus a "measure of [the injured party's] damages." *Mowry v. Whitney*, 81 U.S. 620, 653 (1871); *Root v. Lake Shore & M.S. Ry.*, 105 U.S. 189, 214, 215 (1881). An award of infringer's profits has long been considered a question of damages sounding in law. *See, e.g.*, *BASF v. Old World Trading Co.*, 41 F.3d 1081, 1095-96 (7th Cir. 1994); *Swofford v. B & W*, 336 F.2d 406, 411 (5th Cir. 1964). Indeed, the Ninth Circuit held that there is a Seventh Amendment right to a jury trial on a claim for infringer's profits in a copyright case. *Sid & Marty Krofft v. McDonald's*, 562 F.2d 1157, 1175 (9th Cir. 1977) (superseded on other grounds) (citing *Dairy Queen v. Wood*, 369 U.S. 469, 477-78 (1962) (finding same in trademark case)). More recently, in *Feltner*, the Supreme Court held that the Seventh Amendment provides a right to a jury trial for statutory copyright damages because "monetary relief is legal, and an award of statutory damages may serve purposes traditionally associated with legal relief, such as compensation and punishment." 523 U.S. at 352-53. The

1  *Feltner* Court's rationale applies equally here.  *See also* 5 *Nimmer on Copyright*, §14.03[E].

2  *Petrella*, addressing laches in copyright cases, has not changed this statutory and
3  constitutional framework.  In *dicta* in a footnote, recognizing that because of its "'protean
4  character'" disgorgement "'is not easily characterized as legal or equitable,'" the Supreme Court
5  noted:  "we regard as appropriate its treatment as 'equitable' ***in this case***."  *Petrella*, 134 S.Ct. at
6  1967 n.1 (emphasis added).  Such treatment of disgorgement as "equitable" for purposes of laches
7  does not preclude a jury trial on disgorgement or eviscerate Cisco's statutory or Seventh
8  Amendment rights.  *Legal Servs. v. Velazquez*, 531 U.S. 533, 557 (2001) ("Judicial decisions do not
9  stand as binding 'precedent' for points that were not raised, not argued, and hence not analyzed.").

10  Contrary to Arista's contentions, the courts in this Circuit do not agree that *Petrella* denied
11  the right to a jury on disgorgement.  In *Oracle v. Google,* Case No. 3:10-cv-03561-WHA (N.D.
12  Cal. May 3, 2016), Judge Alsup concluded:  "The disgorgement issue will remain with the jury for
13  decision and post-verdict, the Court will rule on the *Petrella* issue and at the very least treat the
14  disgorgement verdict as advisory, if not conclusive."  In *Fahmy v. Jay-Z*, No. 2:07-cv-05715-CAS
15  (C.D. Cal. Oct. 9, 2015), finding "ambiguity" regarding the issue, Judge Snyder nonetheless
16  determined to have "the Court [] calculate the amount [of] profits, if any, to be awarded pursuant
17  to §504(b)," but also to "have the issue of plaintiff's recovery of profits presented to the jury" and
18  to "treat the jury's verdict on this issue as advisory."  *Id.* at 1, 3.  Notably, in her order, Judge
19  Snyder did not analyze the right to a jury under either §504(b) or the Seventh Amendment.
20  Finally, other district courts have simply submitted disgorgement of profits to the jury for decision
21  post-<u>*Petrella*</u> without discussion.  *E.g., Williams v. Bridgeport Music*, 2015 WL 7765913, Section
22  I Intro. (C.D. Cal. July 14, 2015) (noting jury award of actual damages and infringer's profits).

99998-77952/8368037.1

-2-   Case No. 5:14-cv-5344-BLF
CISCO'S SUBMISSION REGARDING ITS RIGHT TO A JURY
DETERMINATION OF DISGORGEMENT OF INFRINGER'S PROFITS

| | |
|---|---|
| Dated:  September 16, 2016 | Respectfully submitted, |
| | */s/* John M. Neukom |
| | Kathleen Sullivan (SBN 242261)<br>kathleensullivan@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100 |
| | Sean S. Pak (SBN 219032)<br>seanpak@quinnemanuel.com<br>Amy H. Candido (SBN 237829)<br>amycandido@quinnemanuel.com<br>John M. Neukom (SBN 275887)<br>johnneukom@quinnemanuel.com.<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700 |
| | Steven Cherny (*admitted pro hac vice*)<br>steven.cherny@kirkland.com<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900 |
| | Adam R. Alper (SBN 196834)<br>adam.alper@kirkland.com<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, California  94104<br>Telephone: (415) 439-1400<br>Facsimile: (415) 439-1500 |
| | Michael W. De Vries (SBN 211001)<br>michael.devries@kirkland.com<br>KIRKLAND & ELLIS LLP<br>333 South Hope Street<br>Los Angeles, California 90071<br>Telephone: (213) 680-8400<br>Facsimile: (213) 680-8500 |
| | *Attorneys for Plaintiff Cisco Systems, Inc.* |