# EXHIBIT 3

Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Mark Tung (SBN 245782)
marktung@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven Cherny (admitted *pro hac vice*)
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>ARISTA NETWORKS, INC.,<br><br>          Defendant. | CASE NO.  5:14-cv-05344-BLF<br><br>**PLAINTIFF CISCO SYSTEMS, INC. FOURTH SET OF INTERROGATORIES (NOS. 17–21) TO DEFENDANT ARISTA NETWORKS, INC.** |

Pursuant to Rules 26 and 33 of the Civil Rules of Civil Procedure, Plaintiff Cisco Systems, Inc. ("Cisco") requests that Defendant Arista Networks, Inc. ("Arista") respond to the following Interrogatories in writing, under oath, and in accordance with the Definitions and Instructions set forth below within thirty (30) days of the date of service these Interrogatories.

## DEFINITIONS

1. "Plaintiff" or "Cisco" means Complainant Cisco Systems, Inc.

2. "This Litigation" means the above-captioned litigation in the United States District Court for the Northern District of California, San Jose Division, *Cisco Systems, Inc. v. Arista Networks, Inc.*, Case No. 14-5344.

3. "Original Complaint" means the Complaint for Copyright and Patent Infringement filed by Cisco at Docket No. 1 in this Litigation.

4. "SAC" means the Second Amended Complaint for Copyright and Patent Infringement filed by Cisco at Docket No. 64 in this Litigation.

5. "Original Answer" means Defendant Arista Networks, Inc.'s Answer to Plaintiff Cisco Systems, Inc.'s Complaint, Docket No. 36 in this Litigation.

6. "SAC Answer" means Defendant Arista Networks, Inc.'s Response to Cisco Systems, Inc.'s Second Amended Complaint, Docket No. 65 in this Litigation.

7. "Arista's 30(b)(6) Notice" means Defendant Arista Networks, Inc.'s Notice of Rule 30(b)(6) Deposition of Plaintiff Cisco Systems, Inc. and Attachment A thereto.

8. "The 944 Investigation" and "Cisco ITC Investigation I" means the proceeding at the United States International Trade Commission entitled "In the Matter of Certain Network Devices, Related Software and Components Thereof (I)," Investigation No. 337-TA-944.

9. "The 945 Investigation" or "Cisco ITC Investigation II" means the proceeding at the United States International Trade Commission entitled "In the Matter of Certain Network Devices, Related Software and Components Thereof (II)," Investigation No. 337-TA-945.

10. "The ITC Investigations" means "The 944 Investigation" and "The 945 Investigation."

11.     "The Optumsoft Litigation" means the litigation in the Superior Court of the State of California, County of Santa Clara, captioned *Optumsoft, Inc. v. Arista Networks, Inc.*, Case No. 14-263257.

12.     "Defendant" or "Arista" (as well as "You," "Your," and "Yours") means Defendant Arista Networks, Inc., together with its Related Companies.

13.     The "'526 Patent" means United States Patent No. 7,047,526, issued on March 16, 2006 entitled "Generic Command Interface for Multiple Executable Routines."

14.     The "'886 Patent" means United States Patent No. 7,953,886, issued on March 31, 2011 entitled "Method and System of Receiving and Translating CLI Command Data within a Routing System."

15.     "Asserted Patent(s)" means the '526 Patent and the '886 Patent.  The term "Asserted Patents" includes each patent individually and the patents collectively so as to give each Interrogatory or Request the broadest possible scope.

16.     "Named Inventors" means Anil Bansal, Prakash Bettadapur, Paul Mustoe, Jung Tjong, Sastry Varanasi, Jeffrey Wheeler, the named inventors of the Asserted Patents.

17.     "Accused '526 Product(s)" means Products that include, contain, or comprise at least any version of EOS or EOS+ or of the feature(s) Arista refers to as "Extensible Operating System," including the "7010," "7048," "7050," "7050X," "7280E," "7300," "7300X," and "7500E" series of Products and any other Products including the same or reasonably similar functionality or otherwise having structure, features, or functionality that come within the scope of the claims of the '526 Patents.

18.     "Accused '886 Product(s)" means Products that include, contain, or comprise at least any version of EOS or EOS+ or of the feature(s) Arista refers to as "CloudVision" and/or "eAPI," including the "7010," "7048," "7050," "7050X," "7280E," "7300," "7300X," and "7500E" series of Products and any other Products including the same or reasonably similar functionality or otherwise having structure, features, or functionality that come within the scope of the claims of the '886 Patents.

19.  "Accused Product(s)" means Accused '526 Product(s), Accused '886 Product(s), EOS, EOS CLI, EOS Documentation, EOS+, EOS+ CLI, EOS+ Documentation, and EOS Product(s).

20.  "Arista Product" means any Product designed, developed, manufactured, marketed, offered for sale, sold, and/or imported by, at the direction of, under the control of, and/or subject to contract or agreement with Arista.

21.  "EOS" means any operating system Arista Product, including the "Extensible Operating System" software provided on Arista Products and including all versions, parts and subparts, including any Source Code, software applications, application programming interfaces (APIs), and extensions thereof, other than EOS+.

22.  "EOS CLI" means any set of commands employed by a user in any version of EOS.

23.  "EOS Documentation" means any Document published by or at the direction of Arista Relating to EOS.

24.  "EOS+" means the product named EOS+ announced by You on December 10, 2014.

25.  "EOS+ CLI" means any set of commands employed by a user in any version of EOS+.

26.  "EOS+ Documentation" means any Document published by or at the direction of Arista Relating to EOS+.

27.  "EOS Product(s)" means Products that include, contain, or comprise at least any version of EOS or EOS+, including the "7010," "7048," "7050," "7050X," "7280E," "7300," "7300X," and "7500E" series of products.

28.  "Cisco Product" means any Product designed, developed, manufactured, marketed, offered for sale, sold, and/or imported by, at the direction of, under the control of, and/or subject to contract or agreement with Cisco.

29.  "IOS" means the Internetwork Operating System provided by Cisco on Cisco products, including IOS, IOS XR, and IOS XE and including all versions, parts and subparts,

including any Source Code, software applications, application programming interfaces (APIs), and extensions thereof.

30.     "NX-OS" means the Nexus Operating System provided by Cisco on Cisco products, including NX-OS and including all versions, parts and subparts, including any Source Code, software applications, application programming interfaces (APIs), and extensions thereof.

31.     "Cisco IOS" means any operating system Cisco Product, including any Source Code, software applications, application programming interfaces (APIs), and extensions thereof, and including "IOS" and "NX-OS."

32.     "Cisco IOS CLI" means the command line interface employed by a user in any version of Cisco IOS, including any command or set of commands that may be entered into the interface.

33.     "Cisco IOS Documentation" means any Document published by Cisco Relating to Cisco IOS.

34.     "Cisco IOS Product(s)" means Products that include, contain, or comprise at least any version of Cisco IOS.

35.     "Cisco IOS Registrations" means Cisco IOS 11.0 (Reg. No. TXu-1-036-057); Cisco IOS 11.1 (Reg. No. TXu-1-048-569) (supplementing TX-5-531-435); Cisco IOS 11.2 (Reg. No. TXu-1-036-063); Cisco IOS 11.3 (Reg. No. TXu-1-057-804) (supplementing TXu-1-036-062); Cisco IOS 12.0 (Reg. No. TXu-1-057-805) (supplementing TXu-1-036-064); Cisco IOS 12.1 (Reg. No. TXu-1-057-807) (supplementing TXu-1-036-066); Cisco IOS 12.2 (Reg. No. TXu-1-057-806) (supplementing TXu-1-036-065); Cisco IOS 12.3 (Reg. No. TXu-1-188-975); Cisco IOS 12.4 (Reg. No. TXu-1-259-162); Cisco IOS 15.0 (Reg. No. TX 7-938-524); Cisco IOS 15.1 (Reg. No. TX 7-938-525); Cisco IOS 15.2 (Reg. No. TX 7-937-159); Cisco IOS 15.4 (Reg. No. TX 7-938-341); Cisco IOS XR version 3.0 (Reg. No. TXu-1-237-896); Cisco IOS XR version 3.2 (Reg. No. TXu-1-270-592); Cisco IOS XR Version 3.3 (Reg. No. TXu-1-336-997); Cisco IOS XR Version 3.4 (Reg. No. TXu-1-344-750); Cisco IOS XR version 3.5 (Reg. No. TXu-1-592-305); Cisco IOS XR version 4.3 (Reg. No. TX 7-933-364); Cisco IOS XR version 5.2 (Reg. No. TX 7-933-353); Cisco IOS XE version 2.1 (Reg. No. TX 7-937-240); Cisco IOS XE version 3.5 (Reg.

No. TX 7-937-234); Cisco NX-OS Release 4.0 (Reg. No. TX 7-940-713); Cisco NX-OS Release 5.0 (Reg. No. TX 7-940-718); Cisco NX-OS Release 5.2 (Reg. No. TX 7-940-727); and Cisco NX-OS Release 6.2 (Reg. No. TX 7-940-722), and any other registrations and applications with the United States Copyright Office regarding Cisco IOS, Cisco IOS CLI, or Cisco IOS Documentation.

36.    "Asserted Copyrighted Works" means the works registered by or applied for registration of in the Cisco IOS Registrations.

37.    "Asserted Copyrights" means Cisco's copyrights in the Asserted Copyrighted Works.

38.    "Communication(s)" means any oral, written, or other contact between two or more Persons or Entities by which any information or knowledge of any nature is transmitted or conveyed or attempted to be transmitted or conveyed, including without limitation letters, memoranda, telegrams, telefaxes, telecopies, telexes or emails, face-to-face meetings, telephone conversations, and telephonic notes in connection with the same.

39.    The term "Component" means hardware and/or software incorporated into a Product, including without limitation Source Code, firmware, software libraries, electronic components, ASIC, structural components, and product housing and enclosures.

40.    "Concerning" means concerning, regarding, describing, comprising, referring to, Related To, supporting, favoring, opposing, bolstering, detracting from, located in, considered in connection with, bearing on, evidencing, indicating, reporting on, recording, alluding to, responding to, connected with, commenting on, in respect of, about, in Relation To, discussing, showing, describing, reflecting, analyzing, constituting, or being.

41.    "Document(s)" is defined broadly to be given the full scope of that term as contemplated in Rules 26 and 36 of the Federal Rules of Civil Procedure and includes without limitation any Thing, any written or graphic matter, and any medium of any type or description upon which intelligence or information is recorded or from which intelligence or information can be perceived, that is or has been in your actual or constructive possession, custody, or control, or of which you have knowledge, regardless of the medium on which it is produced, reproduced, or

stored (including without limitation computer programs and files containing any requested information), and any recording or writing, as these terms are defined in Rule 1001 of the Federal Rules of Evidence.  This definition encompasses without limitation all tangible Things, all originals (or, if originals are not available, identical copies thereof), all non-identical copies of a Document, all drafts of final Documents, all other written, printed, or recorded matter of any kind, Source Code, and all other data compilations from which information can be obtained and translated if necessary, that are or have been in your actual or constructive possession or control, regardless of the medium on which they are produced, reproduced, or stored (including without limitation computer programs and files containing any requested information together with instructions or programs necessary to search and retrieve such data and hard copies where available and retrievable), any recording or writing, and/or any other documentary material of any nature.

42.    "Entity" or "Entities" means any Person, corporation, company, partnership, sole proprietorship, firm, board, joint venture, association, organization, trust, governmental body, agency, authority, commission, or any other juristic Person, business unit, or collective organization, and any legal, governmental, organizational, or political subdivision thereof.  The acts of an Entity shall include without limitation the acts of its directors, officers, owners, members, employees, agents, attorneys, and all other representatives acting on the Entity's behalf.

43.    "Person" or "Persons" means any natural individual or individuals.

44.    "Prior Art" to any Asserted Patent means all Things, patents, publications, disclosures, sales, or other acts or occurrences included within the broadest meaning of the versions of 35 U.S.C. § 102 (or any subpart thereof) and 35 U.S.C. § 103 applicable to such Asserted Patent.  For the avoidance of doubt, the term "Prior Art" also includes publications, patents, patent applications, inventions by others, uses, sales or offers for sale, and disclosures.

45.    "Product(s)" means a machine, manufacture, apparatus, device, instrument, mechanism, appliance, process, method, or assemblage of components or parts (either individually or collectively) that are designed to function together electrically, mechanically, chemically, or

otherwise to achieve a particular function or purpose, including without limitation those offered for sale, sold, or currently under development.

46. "Relate To," "Relating To," or "Related To," when referring to any given subject matter, means without limitation any Document or Thing that in whole or in part and directly or indirectly relates to, concerns, regards, discusses, describes, depicts, demonstrates, shows, evidences, supports, refutes, contradicts, summarizes, analyzes, bears upon, comments upon, pertains to, constitutes, comprises, involves, contains, embodies, reflects, alludes to, identifies, states, mentions, refers to, deals with, or is in any way relevant to the particular subject matter identified.

47. "Related Companies" of an Entity means the Entity's present and former corporate locations; all of its present and former predecessors, predecessors-in-interest, successors, assigns, affiliates, direct or indirect subsidiaries, parents, and trusts; all firms, corporations, and other Entities acting under common control with the Entity, in joint venture with the Entity, or under licensing or partnership agreements with the Entity; all Entities that own or are owned by the Entity in whole or in part; and all divisions and operating units thereof.  Related Companies of an Entity further includes without limitation all of that Entity's present and former employees, agents, servants, representatives, directors, officers, accountants, consultants, attorneys, investigators, and all others currently or formerly acting or purporting to act on behalf of the Entity or subject to the direction and control of the Entity.

48. "Related Patent(s)" shall include without limitation patents issuing directly or indirectly from any ancestor, continuation, continuation-in-part, divisional, or reissue application of the Asserted Patents or from any interference or reexamination proceeding regarding any such patents or applications thereof, as well as foreign counterparts to the Asserted Patents.

49. "Source Code" means human-readable programming language text that defines software, firmware, or electronic hardware descriptions.  Source Code files include without limitation files containing code in "C," "Objective C," "C++," "Python," assembler, VHDL, and Verilog programming languages.  Source Code files further include without limitation "include

1  files," "make" files, link files, and other human-readable text files used in the generation and/or

2  building of software and/or hardware.

3      50.    "Thing" and "Things" have the broadest meaning allowable under Rule 34 of the

4  Federal Rules of Civil Procedure.  This meaning encompasses without limitation any tangible

5  object of any kind and nature other than a Document, including without limitation prototypes,

6  models, and physical specimens thereof.

7      51.    The singular form of each word shall be interpreted in the plural, and the plural

8  form of each word shall be interpreted in the singular, so as to give each discovery request the

9  broadest possible scope.

10     52.    Any pronoun shall be construed to refer to the masculine, feminine, or neuter

11  gender as is most appropriate in each case.

12     53.    The words "and," "or," and "and/or" shall be construed conjunctively or

13  disjunctively, whichever maximizes the scope of each Topic  in which they are used.

14     54.    The words "any" and "all" shall be construed to mean "any and all."

15     55.    The words "each" and "every" shall be construed to mean "each and every."

16     56.    The word "including" and every variant thereof shall be construed to mean

17  "including without limitation."

## **INSTRUCTIONS**

19     1.    These Definitions and Instructions apply to all Interrogatories herein, and may be

20  incorporated by reference in future discovery served by Cisco in connection with this Litigation.

21     2.    Any term not specifically defined herein shall be defined in accordance with the

22  Federal Rules of Civil Procedure and the Civil Local Rules.

23     3.    If you find the meaning of any term in Cisco's Interrogatories unclear, then you

24  shall construe the term so as to render responsive any information, Document, or Thing that might

25  otherwise be rendered non-responsive.

26     4.    To the extent Cisco's Interrogatories seek information, Documents, or Things that

27  are recorded in any form (including without limitation electronically stored Documents such as

28  word-processing files and email), you shall take steps to ensure that all such records are preserved

1  for this Litigation and that no responsive electronically stored Documents are erased, deleted, or

2  otherwise rendered inaccessible.

3      5.    Cisco's Interrogatories seek all responsive information, Documents, and Things

4  that are known or available to you or in the possession, custody, or control of you or any of your

5  attorneys, directors, officers, agents, employees, representatives, associates, investigators or

6  division affiliates, partnerships, parents or subsidiaries, and Entities under your control, who have

7  the best knowledge, not merely information known to you based on your own personal

8  knowledge.  If you cannot fully respond to the following Interrogatories after exercising due

9  diligence to secure the information requested thereby, so state, and specify the portion of each

10  Interrogatory that cannot be responded to fully and completely.  In the latter event, state what

11  efforts were made to obtain the requested information and the facts relied upon that support the

12  contention that the Interrogatory cannot be answered fully and completely; and state what

13  knowledge, information or belief you have concerning the unanswered portion of any such

14  Interrogatories.

15      6.    Cisco's Interrogatories are continuing; you are required to file and serve

16  supplemental responses in accordance with the requirements of Fed. R. Civ. P. 26(e).  Therefore,

17  you promptly shall produce to Cisco, as supplemental responses to Cisco's Interrogatories, any

18  additional information, Documents, or Things that you identify, acquire, or become aware of up to

19  and including the time of the close of discovery in this Litigation.

20      7.    In response to Cisco's Interrogatories, you shall provide written responses as

21  specified by Fed. R. Civ. P. 33(b) or records as specified by Fed. R. Civ. P. 33(c).  If you elect to

22  produce records pursuant to Fed. R. Civ. P. 33(c) in response to any Interrogatory, you must

23  provide sufficient detail to permit Cisco to locate and identify—as readily as can Arista—the

24  Documents from which the answer may be ascertained, *e.g.*, by providing bates numbers,

25  paragraph numbers, or other appropriately specific designations in your Interrogatory response.

26      8.    If you object to any part of an Interrogatory and refuse to answer it, then you shall

27  state your complete objection and all bases thereof, and also shall provide a complete answer to

28  the remaining portion of that Interrogatory.

9.      If you object to an Interrogatory as vague or ambiguous in language, then you shall state your complete objection and all bases thereof, and also shall respond to the Interrogatory as interpreted in accordance with Instruction 3. Your response shall include without limitation a specific statement identifying the particular words, terms, or phrases that you assert render the Interrogatory allegedly objectionable and specifying the meaning actually attributed by you to such words, terms, or phrases for the purpose of responding thereto.

10.     If you object to an Interrogatory as overly broad or unduly burdensome in scope, in time period, or for any other reason, then you shall state your complete objection and all bases therefore, and also shall respond to the Interrogatory as narrowed to the least extent necessary to render it not objectionable in your opinion. Your response shall include without limitation a specific statement as to why you believe the scope or time period is inappropriate (including without limitation the factual basis for this conclusion) and the extent to which the scope or time period has been narrowed in your response.

11.     For any information, Document, or Thing responsive to Cisco's Interrogatories that you withhold on the ground that it is embodied in a Communication or Document protected by the attorney-client privilege, work-product immunity, or any other claim of privilege or immunity, you shall provide a written statement setting forth, as to each such Document, Thing, or piece of information, at a minimum the following items: (a) an identification (including without limitation date, title, author, and number of pages) of each Communication or Document embodying the allegedly protected information; (b) an identification (including without limitation name, position, address, and employer at the time of preparation or dissemination) of each Person from and to whom the information has been communicated (*e.g.*, individuals who authored, drafted, or prepared a Document and individuals to whom it was directed, circulated, or copied, or who had access thereto); (c) an identification of the type of Communication or Document (*e.g.*, letter, memorandum, contract); (d) a brief description of the subject matter of the information; (e) summary of the legal and factual grounds upon which you rely in withholding the responsive information, Document, or Thing, providing sufficient detail to enable the Commission to make a determination on your claim of privilege or immunity; and (f) a certification that all elements of

the claimed privilege or immunity are met and have not been waived.  If any of the individuals named in response to item (b) is an attorney or patent agent, foreign or domestic, then you shall identify him or her as such.

12.    For any Document, Thing, or information responsive to Cisco's Interrogatories that is not in your possession, custody, or control, you shall provide the following information in your response to each such request: (a) an identification of the Document, Thing, or information, including without limitation date, title, author, and number of pages; (b) a brief description of its nature (*e.g.*, letter, memorandum, chart, prototype) and subject matter; and (c) an identification of the Persons or Entities who have possession, custody, or control of it.  If such Document, Thing, or information previously was but no longer is in your possession, custody, or control, then you additionally shall provide the following information in your response to each such request: (a) an identification of all Persons who received copies of the Document, Thing, or information; (b) a statement of what disposition was made of it; (c) a statement of the reasons for such disposition; (d) an identification of all Persons or Entities having knowledge of such disposition; and (e) an identification of the Persons or Entities responsible for such disposition.

13.    For any Document, Thing, or information responsive to Cisco's Interrogatories that has been destroyed or is alleged to have been destroyed, you shall provide the following information in your response to each such request; (a) an identification of the Document, Thing, or information, including without limitation date, title, author, and number of pages; (b) a brief description of its nature (*e.g.*, letter memorandum, chart, prototype) and subject matter; (c) an identification of all Persons who received copies of it; (d) a statement of the reasons for and circumstances of its destruction; (e) an identification of each Person having any knowledge of its destruction; and (f) an identification of the Persons(s) responsible for its destruction.

14.    If the answer to any Interrogatory is "none" or if a section of an Interrogatory is not applicable to your business, then you shall so indicate in your response.

15.    If, after exercising due diligence to make inquiries and secure necessary information, you cannot answer an Interrogatory fully and completely, then you shall so state. Additionally, you shall provide the following information in your response to each such

Interrogatory: (a) an answer to the Interrogatory to the fullest extent possible; (b) a statement specifying the portion of the Interrogatory that you claim you are unable to answer fully and completely; (c) a statement of the facts upon which you rely to support your contention that you are unable to answer fully and completely; and (d) a statement specifying what knowledge, information, and beliefs you have Concerning the unanswered portion of the Interrogatory.

16.     If your response to any Interrogatory is qualified in any respect, then you shall set forth the details of, and reasons for, each such qualification.

17.     To the extent that you rely on Fed. R. Civ. P. 33(d) in response to any Interrogatory, you shall produce all Documents and Things in the same file or other organizational environment in which they are maintained in the ordinary course of business.  For example, a Document that is part of a file, docket, or other grouping shall be produced together with all other Documents from said file, docket, or grouping, in the same order or manner of arrangement as the original.  Alternatively, you shall produce all Documents and Things in labeled groups that correspond to the Interrogatories to which they are responsive.  *See* Fed. R. Civ. P. 33(d)(1).

18.     To the extent that you produce any software or Source Code, such software or Source Code shall be accompanied by all related documentation, comments, or other explanatory materials and produced in the native format in which such code and accompanying materials are kept in the ordinary course of your business.

19.     When any original, draft, copy, or reproduction of any Document responsive to Cisco's Interrogatories is or has been revised to include, exclude, or alter any portion, addendum, notation, alteration, emendation, change, or amendment, you shall produce each such original draft, copy, or reproduction as well as all subsequent versions and revisions.

20.     You shall produce all Documents in their entirety, including without limitation attachments, enclosures, cover letters, memoranda, and appendices, without abbreviation or redaction.  Any comment or notation appearing on any Document and not part of the original text shall be considered a separate Document.

21.     You shall produce a record of the source of each responsive Document produced. This record shall include without limitation the following information: (a) the name and location

1  of the file where each Document was located; and (b) the name of the Person, group, or

2  department having possession, custody, or control of each Document.

3      22.    The singular form of each word shall be interpreted in the plural, and the plural

4  form of each word shall be interpreted in the singular, so as to give each discovery request the

5  broadest possible scope.

6      23.    Any pronoun shall be construed to refer to the masculine, feminine, or neuter

7  gender as is most appropriate in each case.

8      24.    The words "and," "or," and "and/or" shall be construed conjunctively or

9  disjunctively, whichever maximizes the scope of each Interrogatory or other discovery request in

10  which they are used.

11      25.    The words "any" and "all" shall be construed to mean "any and all."

12      26.    The words "each" and "every" shall be construed to mean "each and every."

13      27.    The word "including" and every variant thereof shall be construed to mean

14  "including without limitation."

15      28.    Whenever Cisco asks you to "state the basis" of or for a particular claim, assertion,

16  allegation, or contention, you shall respond by providing, to the extent known or obtainable, at

17  least the following information: (a) a description of all facts, information, conclusions, theories,

18  and arguments that pertain to or form the basis of your response; (b) an identification of all

19  Documents (and, where pertinent, the section, article, or subparagraph thereof) that pertain to or

20  form any part of the basis of your response; (c) an identification of all Communications that

21  pertain to or form any part of the basis of your response; and (d) separate identifications of the acts

22  or omissions to act on the part of any Person (including without limitation their nature, time, and

23  place and the Persons involved) that pertain to or form any part of the basis of your response.

24      29.    Whenever Cisco asks you to "describe" an act, event, instance, occasion,

25  transaction, conversation, or Communication, you shall respond by providing, to the extent known

26  or obtainable, at least the following information: (a) the date and place thereof and of any Related

27  occurrences; (b) a list identifying the individual participants and all other knowledgeable Persons

28  or Entities; (c) separate summaries of what each individual participant did or said; (d) a list

1  identifying all Documents or Things used or prepared in connection therewith or making any

2  reference thereto; and (e) any other relevant facts and Related Documents or Communications.

3      30.     Whenever Cisco asks you to "identify" a date or dates, you shall respond by

4  providing the exact dates if known or obtainable, or the closest approximation to the exact dates as

5  can be specified, including without limitation the year, month, week in a month, or part of a month

6  or week.

7      31.     Whenever Cisco asks you to "identify" a Person, you shall respond by providing, to

8  the extent known or obtainable, at least the following information: (a) the Person's full name; (b)

9  his or her present or last known home address and telephone number; (c) his or her present or last

10  known business address and telephone number; (d) his or her present or last known title or

11  occupation; and (e) his or her present or last known employer.  When the Person in question is

12  your current or former director, officer, manager, or other employee, your response additionally

13  shall include without limitation the following information, to the extent known or obtainable:

14  (a) the title(s) or position(s) held by the Person while employed by you; (b) the time periods

15  during which he or she held those title(s) or position(s); and (c) a description of his or her

16  responsibilities in those title(s) or position(s).

17      32.     Whenever Cisco asks you to "identify" any legal Entity, such as a corporation,

18  company, firm, partnership, joint venture, association, government body or agency, you shall

19  respond by providing, to the extent known or obtainable, at least the following information: (a) the

20  Entity's full legal name; (b) its place of incorporation or organization; (c) its principal place of

21  business; and (d) the nature of the business conducted by the Entity.

22      33.     Whenever Cisco asks you to "identify" a Document, you shall respond by

23  specifying the Document in sufficient detail to enable Cisco to locate the Document, including

24  without limitation: (a) the production number range; (b) the date appearing on such Document, or,

25  if no date appears thereon, the approximate date the Document was prepared; (c) the identifying

26  code number, file number, title, or label of such Document; (d) a general description of the nature

27  (*e.g.*, letter, memorandum, drawing, prototype) and subject matter of the Document; (e) the name

28  of each Person having possession, custody, or control of such Document; (f) if the Document

existed at one time but does not presently exist, the reason why it no longer exists and the identity of the last Person having custody of it; and (g) if the Document is in a foreign language, whether a partial or complete English translation of the Document exists.

34.     Whenever Cisco asks you to "identify" a Communication, you shall respond by providing, to the extent known or obtainable, at least the following information: (a) the form of the Communication (*e.g.*, telephone call, meeting, letter); (b) a summary of the substance of the Communication; (c) the date and place of the Communication; (d) a list identifying each Person who participated in or was present at, involved in, or connected with the Communication; and (e) a list identifying each Document that memorializes or refers to the Communication.

35.     Whenever Cisco asks you to "identify" a tangible Thing that is not a Document or Communication (including without limitation any Products manufactured, developed, sold, or imported by you), you shall respond by providing, to the extent known or obtainable, at least the following information: (a) the product names, product numbers, version numbers, and revision numbers; (b) the dates when the Thing first was introduced for sale and first was sold; and (c) all team names or project titles used in connection with the design, development, testing, or engineering of that tangible Thing.

36.     Whenever Cisco asks you to "identify" a process, you shall respond by providing, to the extent known or obtainable, at least the following information: (a) the date the process first was used; (b) the date that Products or other objects made by the process first were sold; (c) all numbers or codes used to refer to the process, including without limitation process revision numbers or codes; (d) all process names; and (e) all team names or project titles used in connection with the design, development, testing, or engineering of that process.

# INTERROGATORIES

**INTERROGATORY NO. 17:**

Identify and explain in detail all factual and legal bases for Your contentions that Cisco's claims are barred by laches, acquiescence, estoppel, waiver, unclean hands, copyright misuse, and/or abandonment, and identify all Persons with knowledge Concerning and all Documents Concerning such factual bases.

**INTERROGATORY NO. 18:**

Identify and explain in detail all factual and legal bases for Your contentions that Cisco is barred from obtaining equitable relief from Arista because any alleged injury to Cisco is neither immediate nor irreparable, Cisco has an adequate remedy at law, and granting equitable relief would not be in the public interest, and identify all Persons with knowledge Concerning and all Documents Concerning such factual bases.

**INTERROGATORY NO. 19:**

Identify and explain in detail each design-around and/or alleged alternative technology or method that You contend can be used as an alternative to the technology patented in the Accused Patents, including but not limited to: (1) a description of the alleged design-around; (2) a description of when and how the alleged design-around was developed; (3) the identity of Persons involved in developing the alleged design-around, including their titles and departments if they are or were Your employees; (4) dates when the alleged design-around was incorporated into Your Products; and (5) each Product available on the market simultaneously with the Accused Products that You contend would have been an acceptable non-infringing alternative for customers who purchased the Accused Products.

**INTERROGATORY NO. 20:**

Separately for each claim of the Asserted Patents, identify each secondary consideration that You contend supports the obviousness of the invention(s) claimed (including without limitation lack of commercial success, lack of long-felt need, lack of commercial acquiescence, lack of expressions of skepticism, copying, lack of commercial acquiescence through acceptance of licenses, adherence to acceptable principles of prior art, lack of acclaim by industry, simultaneous invention by others), and for each such alleged secondary consideration, explain in detail the facts underlying the alleged secondary consideration and identify all Persons with knowledge Concerning and all Documents Concerning the secondary consideration.

**INTERROGATORY NO. 21:**

Explain in detail all factual and legal bases for Your contention that Your use of the Cisco IOS CLI is transformative, and identify all Persons with knowledge Concerning and all Documents Concerning such factual bases.

DATED:  March 21, 2016                    Respectfully submitted,

                                          */s/ Sean S. Pak*

                                          Kathleen Sullivan (SBN 242261)
                                          kathleensullivan@quinnemanuel.com
                                          QUINN EMANUEL URQUHART &
                                          SULLIVAN LLP
                                          51 Madison Avenue, 22nd Floor
                                          New York, NY 10010
                                          Telephone: (212) 849-7000
                                          Facsimile: (212) 849-7100

                                          Sean S. Pak (SBN 219032)
                                          seanpak@quinnemanuel.com
                                          John M. Neukom (SBN 275887)
                                          johnneukom@quinnemanuel.com.
                                          QUINN EMANUEL URQUHART &
                                          SULLIVAN LLP
                                          50 California Street, 22nd Floor
                                          San Francisco, CA 94111
                                          Telephone: (415) 875-6600
                                          Facsimile: (415) 875-6700

1    Mark Tung (SBN 245782)
     marktung@quinnemanuel.com
2    QUINN EMANUEL URQUHART &
     SULLIVAN LLP
3    555 Twin Dolphin Drive, 5th Floor
     Redwood Shores, CA 94065
4    Telephone: (650) 801-5000
     Facsimile: (650) 801-5100
5
     Steven Cherny (admitted *pro hac vice*)
6    steven.cherny@kirkland.com
     KIRKLAND & ELLIS LLP
7    601 Lexington Avenue
     New York, New York 10022
8    Telephone: (212) 446-4800
     Facsimile: (212) 446-4900
9
     Adam R. Alper (SBN 196834)
10   adam.alper@kirkland.com
     KIRKLAND & ELLIS LLP
11   555 California Street
     San Francisco, California  94104
12   Telephone: (415) 439-1400
     Facsimile: (415) 439-1500
13
     Michael W. De Vries (SBN 211001)
14   michael.devries@kirkland.com
     KIRKLAND & ELLIS LLP
15   333 South Hope Street
     Los Angeles, California 90071
16   Telephone: (213) 680-8400
     Facsimile: (213) 680-8500
17
     *Attorneys for Plaintiff Cisco Systems, Inc.*
18

19

20

21

22

23

24

25

26

27

28

CASE NO. 5:14-cv-05344-BLF
CISCO'S FOURTH SET OF INTERROGATORIES

1

## PROOF OF SERVICE

2          I hereby certify that, at the date entered below, I caused a true and correct copy of the

3 foregoing to be served by transmission via electronic mail to the addresses below:

4        Juanita R. Brooks                      Brian L. Ferrall
        brooks@fr.com                       blf@kvn.com

5        Fish & Richardson P.C.              Michael S. Kwun
        12390 El Camino Real               mkwun@kvn.com

6        San Diego, CA 92130-2081         David J. Silbert
                                        djs@kvn.com

7        Kelly C. Hunsaker                  Robert Van Nest

8        hunsaker@fr.com                   rvannest@kvn.com
        Fish & Richardson PC             Keker & Van Nest LLP

9        500 Arguello Street, Suite 500      633 Battery Street

10       Redwood City, CA 94063          San Francisco, CA 94111-1809

11      Ruffin B. Cordell                   Susan Abouchar Creighton
        cordell@fr.com                    screighton@wsgr.com

12      Lauren A. Degnan                Scott Andrew Sher
        degnan@fr.com                    ssher@wsgr.com

13      Michael J. McKeon              Wilson Sonsini Goodrich & Rosati
        mckeon@fr.com                 1700 K Street, NW

14      Fish & Richardson PC             Fifth Floor
        1425 K Street NW               Washington, DC 20006

15      11th Floor

16      Washington, DC 20005

17

18          I declare under penalty of perjury that the foregoing is true and correct.  Executed on

19 March 21, 2016, at San Francisco, California.

20                                         */s/ Catherine R. Lacey*

21                                      Catherine R. Lacey

22

23

24

25

26

27

28