# EXHIBIT 12

1   KEKER & VAN NEST LLP
    ROBERT A. VAN NEST - #84065
2   rvannest@kvn.com
    BRIAN L. FERRALL - #160847
3   bferrall@kvn.com
    DAVID SILBERT - #173128
4   dsilbert@kvn.com
    MICHAEL S. KWUN - #198945
5   mkwun@kvn.com
    633 Battery Street
6   San Francisco, CA 94111-1809
    Telephone:    415 391 5400
7   Facsimile:    415 397 7188

8   Attorneys for Defendant
    ARISTA NETWORKS, INC.

9
                    UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11
                        SAN JOSE DIVISION
12
    CISCO SYSTEMS, INC.,                    Case No. 5:14-cv-05344-BLF (PSG)
13
                    Plaintiff,              **DEFENDANT ARISTA NETWORKS,**
14                                          **INC.'S OBJECTIONS AND RESPONSES**
              v.                            **TO PLAINTIFF CISCO SYSTEMS, INC.'S**
15                                          **RULE 30(b)(6) NOTICE OF DEPOSITION**
    ARISTA NETWORKS, INC.,
16                                          Judge:      Hon. Beth Labson Freeman
                    Defendant.
17                                          Date Filed: December 5, 2014

18                                          Trial Date: November 21, 2016

19

20

21

22

23

24

25

26

27

28

---

1026248

Defendant Arista Networks, Inc. ("Defendant" and/or "Arista") objects and responds to Plaintiff Cisco Systems, Inc.'s Notice of FED. R. CIV. P. 30(b)(6) Deposition of Arista Networks, Inc. ("the Notice"). Arista serves these objections while reserving all rights to assert additional objections, or to modify these objections, prior to, during, and after any deposition taken pursuant to the Notice, including objections as to the competency, relevancy, materiality, privilege, or admissibility of testimony, the scope of corporate testimony, and the reasonableness, particularity, burden, and breadth of each topic within the Notice.

## **GENERAL OBJECTIONS**

1.      Arista has already objected to the proposed deposition date in the Notice, which does not provide adequate or reasonable notice to Arista given the scope and number of topics therein, and has informed Plaintiff Cisco Systems, Inc. ("Cisco") that the deposition will not take place on the proposed date. Arista agrees to continue meeting and conferring with Cisco to determine a mutually acceptable date or dates for the deposition.

2.      Arista objects to the Notice to the extent that it conflicts or is inconsistent with any Order, stipulation, federal or local rule, or agreement setting limits on the length, topics, and/or any other relevant aspect of Rule 30(b)(6) deposition testimony sought by the Notice. The parties are currently submitting proposals to the Court that may impact the scope of discovery, including deposition testimony. Arista reserves all rights to assert additional objections, or to modify the objections herein, in view of any forthcoming Orders impacting discovery and the Notice.

3.      Arista may designate one or more corporate witnesses in response to this Notice. To the extent that Cisco seeks to depose such witnesses in their individual capacity, Arista objects to producing any witness for more than one seven-hour deposition. Should Cisco wish to depose any Rule 30(b)(6) witness in his or her individual capacity, Cisco must do so at the same time, and within the same one-day, seven-hour period, as the Rule 30(b)(6) deposition.

4.      Arista makes no incidental or implied admissions by serving these objections and responses. Accordingly, Cisco shall not construe Arista's objections and responses to any request as an admission that Arista accepts or admits the existence of any facts assumed by the request,

1
DEFENDANT ARISTA NETWORKS, INC.'S RESPONSES AND OBJECTIONS TO
PLAINTIFF CISCO SYSTEMS, INC.'S RULE 30(b)(6) NOTICE OF DEPOSITION
Case No. 5:14-cv-05344-BLF (PSG)

1026248

and Cisco shall not construe or attempt to use Arista's responses or objections as admissible evidence of any such assumed facts.

5.    Any witness Arista designates to testify on its behalf in response to the Notice will only testify based on Arista's good-faith efforts to conduct a reasonable and diligent search for responsive information, and will testify without prejudice to Arista's right to produce or rely on any subsequently discovered information.  Arista specifically reserves the right to make any use of, or to introduce at any subsequent hearing or trial, information that falls within the topics but is discovered subsequent to the deposition(s).

6.    Arista objects to the Notice to the extent that it requires testimony on matters subject to the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection from disclosure.  Arista claims such privileges and protections to the extent implicated by each topic, and will exclude privileged and protected information from any testimony it may offer in response to the Notice.  Any disclosure of such protected or privileged information is inadvertent and is not intended to waive those privileges or protections.

7.    Arista objects to the Notice and the topics therein as overly broad, unduly burdensome, oppressive, and not reasonably calculated to lead to the discovery of admissible evidence insofar as it purports to require testimony covering topics and time periods not relevant to Cisco's claims against Arista, or Arista's defenses to Cisco's claims.  Arista further objects to the Notice to the extent that it does not "describe with reasonable particularity the matters for examination" as required by Rule 30(b)(6).

8.    Arista objects to the Notice and the topics therein on the ground that the burden and/or expense of the proposed discovery outweighs its likely benefit, the scope of discovery Cisco seeks is not proportional to the needs of the case, and other forms of obtaining discovery— *e.g.*, written discovery—are more appropriate and far less burdensome than discovery via a Rule 30(b)(6) deposition.  In particular, it is impossible to prepare any witness to recite from memory and testify about "all facts" or "all communications" relating to a particular subject matter, and it is improper to seek Arista's legal contentions and the factual bases therefor via a Rule 30(b)(6)

1026248

deposition.  Arista objects to any topic seeking corporate testimony on such sweeping and improper subject matters.

9.      Arista objects to the Notice to the extent it purports to seek testimony based on information not within Arista's possession, custody, or control.  By agreeing to present a witness of any of the topics in the Notice, Arista does not represent that it has information or knowledge responsive to such topics.

10.      Discovery is not yet complete and Arista's investigation relating to this lawsuit is continuing.  Arista's responses to the Notice, and any deposition testimony it provides in response to the Notice, are based upon and reflect the current state of its knowledge, and are made without prejudice to Arista's production and use of subsequently discovered evidence or interpretations thereof.  Arista reserves the right to produce, and/or use any evidence discovered subsequent to any depositions in response to the Notice.

11.      Arista will only provide testimony regarding confidential information under the confidentiality provisions recited in the Stipulated Protective Order in this case, and only to the extent that such testimony does not violate any applicable right to privacy, third-party confidentiality restrictions, and any other applicable Order, law, rule, or agreement, including the Protective Order from any ITC Investigation between the parties.  Arista objects to the Notice to the extent that it purports to impose on Arista any obligation that is different from or greater than any obligation imposed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California.

12.      Arista objects to the Notice's definition of "Defendant," "Arista," "You," "Your," and "Yours."  The Notice's definition includes an additional defined term "Related Companies," which recites various unidentified third-parties that are not controlled by Arista or otherwise affiliated with Arista in any legally significant way.  For purposes of the Notice, Arista defines "Defendant," "Arista," "You," "Your," and "Yours" as Arista Networks, Inc.

13.      Arista objects to the Notice's definition of "Accused '526 Product(s)" as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it purports to encompass any products or

3
DEFENDANT ARISTA NETWORKS, INC.'S RESPONSES AND OBJECTIONS TO
PLAINTIFF CISCO SYSTEMS, INC.'S RULE 30(b)(6) NOTICE OF DEPOSITION
Case No. 5:14-cv-05344-BLF (PSG)

1026248

1  services, and any aspects or features of the accused products, that have not been specifically

2  accused by Cisco of infringing the '526 Patent, or are not otherwise relevant to Arista's defenses

3  in this litigation.

4        14.    Arista objects to the Notice's definition of "Accused '886 Product(s)" as vague,

5  ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the

6  discovery of admissible evidence to the extent that it purports to encompass any products or

7  services, and any aspects or features of the accused products, that have not been specifically

8  accused by Cisco of infringing the '886 Patent, or are not otherwise relevant to Arista's defenses

9  in this litigation.

10        15.    Arista objects to the Notice's definition of "Arista Product" as vague, ambiguous,

11  overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

12  admissible evidence to the extent that it purports to encompass any products or services, and any

13  aspects or features of the accused products, that have not been specifically accused by Cisco of

14  patent or copyright infringement in this lawsuit, or are not otherwise relevant to Arista's defenses

15  in this litigation.

16        16.    Arista objects to the Notice's definitions of "EOS," "EOS CLI," "EOS

17  Documentation," EOS+," "EOS+ CLI," "EOS+ Documentation," and "EOS Product(s)" as

18  vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the

19  discovery of admissible evidence to the extent that it purports to encompass any products or

20  services, any aspects or features of the accused products, or any documentation for such accused

21  products, that have not been specifically accused by Cisco of patent or copyright infringement in

22  this lawsuit, or are not otherwise relevant to Arista's defenses in this litigation.  Moreover, there

23  is no Arista product called "EOS+" and therefore the above definitions do not make sense when

24  referring to "EOS+."

25        17.    Arista objects to the Notice's definition of "Accused Product(s)" as vague,

26  ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the

27  discovery of admissible evidence to the extent that it purports to encompass any products or

28  services, any aspects or features of the accused products, or any documentation for such accused

4
DEFENDANT ARISTA NETWORKS, INC.'S RESPONSES AND OBJECTIONS TO
PLAINTIFF CISCO SYSTEMS, INC.'S RULE 30(b)(6) NOTICE OF DEPOSITION
Case No. 5:14-cv-05344-BLF (PSG)

1026248

products, that have not been specifically accused by Cisco of patent or copyright infringement in this lawsuit, or are not otherwise relevant to Arista's defenses in this litigation.

18.    Arista objects to the Notice's definitions of "Cisco Product," "IOS," "NX-OS," Cisco IOS," "Cisco IOS CLI," "Cisco IOS Documentation," and Cisco IOS Product(s)" as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it purports to encompass any products or services, any aspects or features of the accused products, or any documentation for such accused products, that have not been specifically identified by Cisco as relevant to its patent or copyright allegations in this lawsuit, or are not otherwise relevant to Arista's defenses in this litigation.

19.    Arista objects to the Notice's definitions of "Cisco IOS Registrations," "Asserted Copyrighted Works," and "Asserted Copyrights" as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it purports to encompass any copyright registrations, copyrighted works, or aspects thereof, that have not been specifically identified by Cisco in its copyright allegations in this lawsuit, or are not otherwise relevant to Arista's defenses in this litigation.  Arista further objects to Cisco's attempt to include "any other registrations and applications with the United States Copyright Office regarding Cisco IOS, Cisco IOS CLI, or Cisco IOS Documentation" in these definitions without identifying those registrations and applications.

20.    Many of the definitions used in the Notice appear in Cisco's previously served discovery requests (*e.g.*, "Accused Product(s)"), including interrogatories and requests for production.  Arista incorporates by reference its objections to those definitions as stated in its previously served objections and responses to Cisco's written discovery requests.

21.    Each of the foregoing objections is applicable to, and incorporated by reference in, the individual responses set forth below.  Without waiving these objections, and subject to them, Arista responds to Cisco's specific deposition topics as set forth below.

<u>**SPECIFIC OBJECTIONS AND RESPONSES TO DEPOSITION TOPICS**</u>

In addition to and without waiving its General Objections, Arista specifically objects to the topics identified in Exhibit A to the Notice as follows:

5

DEFENDANT ARISTA NETWORKS, INC.'S RESPONSES AND OBJECTIONS TO
PLAINTIFF CISCO SYSTEMS, INC.'S RULE 30(b)(6) NOTICE OF DEPOSITION
Case No. 5:14-cv-05344-BLF (PSG)

1026248

*Accused Products: Technology*

**TOPIC NO. 1:**

The structure, function, and operation of EOS and EOS+, including any CLI, CloudVision, and eAPI.

**OBJECTION TO TOPIC NO. 1:**

Arista objects that Topic No. 1 is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it purports to cover products, services, or any aspects and features thereof that have not been specifically identified and accused of patent or copyright infringement in this litigation, or are not relevant to Arista's defenses.  Arista further objects because the topic does not describe with reasonable particularity the matters for examination.

Arista further objects to the terms "structure, function, and operation of EOS and EOS+" as vague, ambiguous, and overbroad, as it is unclear what specific "structures," "functions," or "operations" of EOS and EOS+ are targeted by this topic, and it would be unduly burdensome and oppressive, if not impossible, to prepare a corporate designee to memorize and testify about every "structural," "functional," and "operational" aspect of EOS.  Moreover, there is no Arista product called "EOS+" and therefore the phrase "structure, function, and operation of … EOS+" does not make sense.  Arista also objects to the terms "any CLI, CloudVision, and eAPI" as vague, ambiguous, and overbroad for similar reasons, as this topic fails to specify with reasonable particularly the particular aspects of the "CLI, CloudVision, and eAPI" about which Cisco seeks corporate testimony.

Subject to these objections and without waiving them, Arista will designate a corporate witness to testify regarding specifically accused functionality in EOS, and specifically accused functionality of the EOS CLI, CloudVision, and eAPI.

**TOPIC NO. 2:**

The design and development of EOS and EOS+, including any CLI, CloudVision, and eAPI.

1026248

**OBJECTION TO TOPIC NO. 2:**

Arista objects that Topic No. 2 is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it purports to cover products, services, or any aspects and features thereof that have not been specifically identified and accused of patent or copyright infringement in this litigation, or are not relevant to Arista's defenses.  Arista further objects because the topic does not describe with reasonable particularity the matters for examination.

Arista further objects to the terms "design and development of EOS and EOS+" as vague, ambiguous, and overbroad, as it is unclear what specific "design" or "development" activities of EOS and EOS+ are targeted by this topic, and it would be unduly burdensome and oppressive, if not impossible, to prepare a corporate designee to memorize and testify about every historic detail and act constituting the design and development of EOS and EOS+.  Moreover, there is no Arista product called "EOS+" and therefore the phrase "design and development of … EOS+" does not make sense.  Arista objects to the terms "any CLI, CloudVision, and eAPI" as vague, ambiguous, and overbroad for the same reasons, as this topic fails to specify with reasonable particularly the particular aspects of the "CLI, CloudVision, and eAPI" about which Cisco seeks corporate testimony.

Subject to these objections and without waiving them, Arista will designate a corporate witness to testify regarding the development of specifically accused functionality in EOS and the development of specifically accused functionality of the EOS CLI, CloudVision, and eAPI.

**TOPIC NO. 3:**

All facts Related To Arista's assertions that it created EOS from a "clean sheet" or from the "ground up" (*see e.g.*,

https://www.arista.com/assets/data/pdf/Whitepapers/AristaAdvantage.pdf).

**OBJECTION TO TOPIC NO. 3:**

Arista objects that Topic No. 3 is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it purports to cover products, services, or any aspects and features thereof that have not been specifically identified

7

DEFENDANT ARISTA NETWORKS, INC.'S RESPONSES AND OBJECTIONS TO
PLAINTIFF CISCO SYSTEMS, INC.'S RULE 30(b)(6) NOTICE OF DEPOSITION
Case No. 5:14-cv-05344-BLF (PSG)

1026248

1    and accused of patent or copyright infringement in this litigation, or are not relevant to Arista's

2    defenses.  Arista further objects because the topic does not describe with reasonable particularity

3    the matters for examination.

4           Arista further objects that it would be unduly burdensome and oppressive, if not

5    impossible, to prepare a corporate designee to memorize and testify about "all facts," including

6    every historic detail and act, constituting the creation of EOS.

7           Subject to these objections and without waiving them, Arista will designate a corporate

8    witness to testify on the factual bases for the following statements in the linked document: (1)

9    "Arista started from a clean sheet of paper to build an operating system suitable for the cloud

10   era."; and (2) "Our core innovation has been to build a better network operating system, Arista

11   EOS (Extensible Operating System)™, which we have built from the ground up using

12   innovations in core technologies since our founding in 2004."

13   **TOPIC NO. 4:**

14          All differences between Arista's and Cisco's implementations of the command

15   expressions identified in Exhibit 1 of the SAC.

16   **OBJECTION TO TOPIC NO. 4:**

17          Arista objects that Topic No. 4 is overly broad, unduly burdensome, and not reasonably

18   calculated to lead to the discovery of admissible evidence to the extent that it purports to cover

19   products, services, or any aspects and features thereof that have not been specifically identified

20   and accused of patent or copyright infringement in this litigation, or are not relevant to Arista's

21   defenses.  Arista further objects because the topic does not describe with reasonable particularity

22   the matters for examination.

23          Arista further objects to this topic as vague and ambiguous given the differences between

24   the list of accused commands in Exhibit 1 of the SAC and the list of commands used in Cisco's

25   subsequent discovery responses (*e.g.*, Exhibit F to Cisco's Interrogatory Responses).

26          Arista further objects to the term "command expressions" as vague and ambiguous, and

27   created by Cisco solely for litigation purposes.  Arista rejects Cisco's argument that CLI

28   commands are "expressions" under copyright law, and interprets the term "command

8

DEFENDANT ARISTA NETWORKS, INC.'S RESPONSES AND OBJECTIONS TO
PLAINTIFF CISCO SYSTEMS, INC.'S RULE 30(b)(6) NOTICE OF DEPOSITION
Case No. 5:14-cv-05344-BLF (PSG)

1026248

expressions" as used in this topic as simply "CLI commands."

Arista further objects that it would be unduly burdensome and oppressive, if not impossible, to prepare a corporate designee to memorize and testify about "all differences" between each of the over 500 individual CLI commands listed in Exhibit 1 of the SAC for each version of EOS in which each of the 500+ commands may be supported.  Moreover, Cisco itself can identify the differences between each of the 500+ commands through less burdensome and oppressive discovery methods than a corporate deposition, including comparing the command syntax of each command using publicly available command reference manuals from Cisco and Arista, and comparing the underlying source code between Cisco and Arista products, access to which Cisco has already been provided through discovery.

Subject to these objections and without waiving them, Arista will designate a corporate witness to testify generally regarding exemplary differences between Arista's and Cisco's respective command sets.

**TOPIC NO. 5:**

For each command expression listed in Exhibit 1 to the SAC, the facts and circumstances underlying Arista's use of that command expression, including the identification of the Person(s) responsible for authoring that command, any alternative commands actually considered by You, any preexisting or prior works You considered and/or from which each such command was derived or inspired, and the identification and description of all Documents that corroborate such facts.

**OBJECTION TO TOPIC NO. 5:**

Arista objects that Topic No. 5 is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it purports to cover products, services, or any aspects and features thereof that have not been specifically identified and accused of patent or copyright infringement in this litigation, or are not relevant to Arista's defenses.  Arista further objects because the topic does not describe with reasonable particularity the matters for examination.

Arista further objects to this topic as vague and ambiguous given the differences between

9

DEFENDANT ARISTA NETWORKS, INC.'S RESPONSES AND OBJECTIONS TO
PLAINTIFF CISCO SYSTEMS, INC.'S RULE 30(b)(6) NOTICE OF DEPOSITION
Case No. 5:14-cv-05344-BLF (PSG)

1026248

the list of accused commands in Exhibit 1 of the SAC and the list of commands used in Cisco's subsequent discovery responses (*e.g.*, Exhibit F to Cisco's Interrogatory Responses).

Arista further objects to the term "command expression" as vague and ambiguous, and created by Cisco solely for litigation purposes. Arista rejects Cisco's argument that a CLI command is an "expression" under copyright law, and interprets the term "command expression" as used in this topic as simply a "CLI command."

Arista further objects that it would be unduly burdensome and oppressive, if not impossible, to prepare a corporate designee to memorize and testify about "the facts and circumstances underlying Arista's use" of each of the over 500 individual CLI commands listed in Exhibit 1 of the SAC for each version of EOS in which each of the 500+ commands may be supported. Similarly, it would be unduly burdensome and oppressive, if not impossible, to prepare a corporate designee to memorize and testify about, for each of the 500+ commands listed in Exhibit 1 of the SAC, "the identification of the Person(s) responsible for authoring that command, any alternative commands actually considered by [Arista], any preexisting or prior works [Arista] considered and/or from which each such command was derived or inspired, and the identification and description of all Documents that corroborate such facts."

Cisco's use of a corporate deposition to seek such all-encompassing discovery is improper under the proportionality requirements of Rule 26(b)(2)(1), and a deposition is the least appropriate discovery method to attempt to seek such discovery.

Subject to these objections and without waiving them, Arista will designate a corporate witness to testify generally regarding the development of CLI commands in EOS.

**TOPIC NO. 6:**

For each version or release of EOS and EOS+, the total number and identity of each of the following included in the command line interface: (i) command expressions; (ii) command responses; (iii) command hierarchies; (iv) command modes; and (v) command prompts.

**OBJECTION TO TOPIC NO. 6:**

Arista objects that Topic No. 6 is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it purports to cover

10

products, services, or any aspects and features thereof that have not been specifically identified and accused of patent or copyright infringement in this litigation, or are not relevant to Arista's defenses. Arista further objects because the topic does not describe with reasonable particularity the matters for examination.

Arista further objects to the term "command expressions" as vague and ambiguous, and created by Cisco solely for litigation purposes. Arista rejects Cisco's argument that CLI commands are "expressions" under copyright law, and interprets the term "command expressions" as used in this topic as simply "CLI commands." Even under that interpretation, the term "command expressions" remains vague and ambiguous because it is unclear what Cisco contends is an individual command for the purpose of counting up the "total number" of commands. For example, it is unclear whether Cisco contends that optional command parameters and prefixes—like "no" and "default"—are simply different versions of a single command, or would constitute a unique command if used. Similarly, Cisco has yet to clearly define what it means by the term "command hierarchy," and what separates one "command hierarchy" from another "command hierarchy" for purposes of counting up a "total number."

Arista further objects that it would be unduly burdensome and oppressive, if not impossible, to prepare a corporate designee to memorize and testify about "the total number and identity" of every command, command response, command hierarchy, command mode, and command prompt in each version or release of EOS. Moreover, there is no Arista product called "EOS+" and therefore the wording of this topic with respect to "EOS+" does not make sense. In addition to the 500+ command accused in this lawsuit, there are thousands of commands, many with several optional parameters and prefixes, supported in each version of EOS, and multiple versions of EOS have been released by Arista since its inception. Cisco's use of a corporate deposition to seek such oppressive and all-encompassing discovery is improper under the proportionality requirements of Rule 26(b)(2)(1), and a deposition is the least appropriate discovery method to attempt to seek such discovery.

Subject to these objections and without waiving them, Arista will designate a corporate witness to testify generally regarding the EOS CLI commands, command responses, command

11

DEFENDANT ARISTA NETWORKS, INC.'S RESPONSES AND OBJECTIONS TO
PLAINTIFF CISCO SYSTEMS, INC.'S RULE 30(b)(6) NOTICE OF DEPOSITION
Case No. 5:14-cv-05344-BLF (PSG)

1026248

modes, and command prompts.

**TOPIC NO. 7:**

The content and development of EOS Documentation and EOS+ Documentation, including the Persons responsible for that content and development.

**OBJECTION TO TOPIC NO. 7:**

Arista objects that Topic No. 7 is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it purports to cover Arista documentation, or any portions thereof, that have not been specifically identified and accused of copyright infringement in this litigation, or are not relevant to Arista's defenses. Arista further objects because the topic does not describe with reasonable particularity the matters for examination.

Arista further objects to the terms "EOS Documentation" and "EOS+ Documentation" as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it purports to cover Arista documentation, or any portions thereof, that have not been specifically identified and accused of copyright infringement in this litigation, or are not relevant to Arista's defenses. Moreover, there is no Arista product called "EOS+" and therefore the term "EOS+ Documentation" does not make sense.

Arista further objects that it would be unduly burdensome and oppressive, if not impossible, to prepare a corporate designee to memorize and testify about every fact regarding the "content and development of EOS Documentation and EOS+ Documentation, including the Persons responsible for that content and development." Each version or release of EOS typically has its own set of documentation, and Arista has released multiple versions of product documentation since its inception. Each version of EOS documentation covers thousands of pages of content contributed from multiple sources over several years. It is unreasonable to expect a corporate witness to testify regarding the "content and development" of thousands of pages of technical documentation, and the specific individual(s) who penned each word on each. Cisco's use of a corporate deposition to seek such oppressive and all-encompassing discovery is improper under the proportionality requirements of Rule 26(b)(2)(1), and a deposition is the least

12

1026248

1   appropriate discovery method to attempt to seek such discovery.  Indeed, the content of Arista's

2   documentation is evident from the documents themselves, which have been produced in this

3   litigation.

4        Subject to these objections and without waiving them, Arista will designate a corporate

5   witness to testify generally regarding the creation of the accused EOS-related documentation.

6   **TOPIC NO. 8:**

7        The manufacture and distribution of Arista's Accused Products, including the location of

8   all facilities involved in the manufacture and distribution of those Products.

9   **OBJECTION TO TOPIC NO. 8:**

10       Arista objects that Topic No. 8 is overly broad, unduly burdensome, and not reasonably

11  calculated to lead to the discovery of admissible evidence to the extent that it purports to cover

12  products, services, or any aspects and features thereof that have not been specifically identified

13  and accused of patent or copyright infringement in this litigation, or are not relevant to Arista's

14  defenses.  Arista further objects to the term "Accused Products" for the same reasons.  Arista

15  further objects because the topic does not describe with reasonable particularity the matters for

16  examination.

17       Arista further objects to the terms "manufacture and distribution" as vague, ambiguous,

18  overly broad, unduly burdensome, and oppressive.  Cisco has not specified with reasonable

19  particularity the aspects of the "manufacture and distribution" of Arista products on which it

20  seeks testimony.   It would be unduly burdensome and oppressive, if not impossible, to prepare a

21  corporate designee to memorize and testify about every detail and step of the manufacturing

22  process and distribution chain for every accused product in this litigation, and many of those

23  details are irrelevant to Cisco's infringement claims or any other issue in this litigation.  Cisco's

24  use of a corporate deposition to seek such oppressive and all-encompassing discovery is improper

25  under the proportionality requirements of Rule 26(b)(2)(1), and a deposition is the least

26  appropriate discovery method to attempt to seek such discovery.

27       Arista further objects to the relevance of this topic to issues in this litigation, including the

28  relevance of the "location of all facilities involved in the manufacture and distribution" of

1    Arista's products.  Cisco has not articulated how the location of each (or any) step of the

2    manufacturing or distribution process is relevant to this case.

3        Subject to these objections and without waiving them, Arista is willing to meet and confer

4    with Cisco to discuss the relevance and scope of inquiry concerning this topic.

5    **TOPIC NO. 9:**

6        All facts and circumstances Concerning Your use of the GateD routing engine or gateway

7    routing daemon, including the use or incorporation of GateD or any element of GateD with any

8    Accused Product, and Your relationship with Cornell University, the Merit GateD Consortium,

9    NextHop Technologies, and/or U4EA Technologies.

10    **OBJECTION TO TOPIC NO. 9:**

11        Arista objects that Topic No. 9 is overly broad, unduly burdensome, and not reasonably

12    calculated to lead to the discovery of admissible evidence to the extent that it seeks testimony

13    regarding products, services, or any aspects and features thereof that have not been specifically

14    identified and accused of patent or copyright infringement in this litigation, or are not relevant to

15    Arista's defenses.  Arista further objects because the topic does not describe with reasonable

16    particularity the matters for examination.

17        Arista further objects to the terms "all facts and circumstances" as vague, ambiguous,

18    overly broad, unduly burdensome, and oppressive, particularly if Cisco seeks testimony regarding

19    non-accused and irrelevant functionality in any Arista products, or testimony regarding Arista's

20    relationship with Cornell University, the Merit GateD Consortium, NextHop Technologies,

21    and/or U4EA Technologies that is unrelated to Arista's use of GateD technology.  It would be

22    unduly burdensome and oppressive, if not impossible, to prepare a corporate designee to

23    memorize and testify about "all facts and circumstances" concerning Arista's use—regardless of

24    relevance to the case—of the GateD routing engine in every version or release of its products, and

25    Arista's relationships with third-parties that are irrelevant to its use of GateD technology.

26        Subject to these objections and without waiving them, Arista will designate a corporate

27    witness to testify regarding Arista's use of the GateD routing engine or gateway routing daemon

28    in the accused aspects of the accused products, and its relationship (if any exists) with Cornell

14

DEFENDANT ARISTA NETWORKS, INC.'S RESPONSES AND OBJECTIONS TO
PLAINTIFF CISCO SYSTEMS, INC.'S RULE 30(b)(6) NOTICE OF DEPOSITION
Case No. 5:14-cv-05344-BLF (PSG)

1026248

University, the Merit GateD Consortium, NextHop Technologies, and/or U4EA Technologies relating to Arista's use of GateD technology.

**TOPIC NO. 10:**

All facts and circumstances Concerning Your use of the TAC-C software, including Your use or incorporation of TAC-C or any element of TAC-C with any Accused Product, and Your relationship with OptumSoft.

**OBJECTION TO TOPIC NO. 10:**

Arista objects that Topic No. 10 is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks testimony regarding products, services, or any aspects and features thereof that have not been specifically identified and accused of patent or copyright infringement in this litigation, or are not relevant to Arista's defenses. Cisco has not shown how Arista's use of the "TAC-C software" or Arista's relationship with third-party OptumSoft is relevant to any of Cisco's infringement contentions or any other issue in this case. Arista further objects because the topic does not describe with reasonable particularity the matters for examination.

Arista further objects to the terms "all facts and circumstances" as vague, ambiguous, overly broad, unduly burdensome, and oppressive, particularly if Cisco seeks testimony regarding non-accused and irrelevant functionality in any Arista products, or testimony regarding Arista's relationship with OptumSoft that is unrelated to some relevant use of "the TAC-C software" in the accused products. It would be unduly burdensome and oppressive, if not impossible, to prepare a corporate designee to memorize and testify about "all facts and circumstances" concerning Arista's use—regardless of relevance to the case—of the "TAC-C software" in every version or release of its products. It would also be unduly burdensome and oppressive, if not impossible, to prepare a corporate designee to memorize and testify about "all facts and circumstances" regarding Arista's relationship with OptumSoft, particularly given the legal dispute between Arista and OptumSoft.

Subject to these objections and without waiving them, Arista is willing to meet and confer with Cisco to discuss the relevance and scope of inquiry concerning "TAC-C software" and

15

OptumSoft.

**TOPIC NO. 11:**

Arista's copyrights or patents Related To any Accused Product.

**OBJECTION TO TOPIC NO. 11:**

Arista objects that Topic No. 11 is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks testimony regarding products, services, or any aspects and features thereof that have not been specifically identified and accused of patent or copyright infringement in this litigation, or are not relevant to Arista's defenses. Arista further objects because the topic does not describe with reasonable particularity the matters for examination.

Arista further objects to the term "Related To" as vague, ambiguous, overly broad, unduly burdensome, and oppressive, as it is unclear what types of copyrights and patents Cisco believes fall within the scope of this topic. Arista is therefore left to guess as to what copyrights or patents Cisco seeks by this topic, and whether this topic is intended to encompass patent applications (published and unpublished) and/or unregistered copyrights. Moreover, it is unclear what types of information regarding Arista's copyrights or patents Cisco seeks via this topic (*e.g.*, copyright registration numbers, patent application numbers, patent numbers, detailed descriptions of the inventions and claims, and so forth). Arista objects that this topic is vague, ambiguous, overly broad, unduly burdensome, and oppressive in that respect as well, as it would be impossible to prepare a corporate designee to memorize and testify about every possible facet and detail of every single patent, patent application, patent claim, and copyrighted work owned by Arista.

Arista also objects to this topic, consistent with its General Objections, to the extent that it purports to encompass information and seek testimony on matters protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from disclosure.

Arista further objects to this topic to the extent it seeks expert or legal opinion testimony. Arista will not designate a corporate witness to provide expert testimony regarding the scope and meaning of a patent or copyright, nor will it designate a witness to parse and interpret the claims and words in any legal document.

Subject to these objections and without waiving them, Arista will designate a corporate witness to testify generally regarding Arista's patenting and copyright activities that relate to Arista's accused products.

**TOPIC NO. 12:**

All facts regarding any efforts by Arista to design around or attempt to design around the Asserted Patents, including whether or not any such design around was incorporated into a Product, and the actual, estimated or projected costs Related To any such design around.

**OBJECTION TO TOPIC NO. 12:**

Arista objects that Topic No. 12 is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks testimony regarding patent claims that have not been asserted in this litigation, or are not relevant to Arista's defenses. Arista further objects because the topic does not describe with reasonable particularity the matters for examination.

Arista also objects to this topic, consistent with its General Objections, to the extent that it purports to encompass information and seek testimony on matters protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from disclosure. For the same reasons, Arista objects to the term "all facts" as overly broad to the extent it purports to encompass privileged information.

Subject to these objections and without waiving them, Arista will designate a corporate witness to testify regarding any non-privileged information, if any, relating to any Arista's design around efforts for the asserted claims of the Asserted Patents.

*Accused Products: Sales and Marketing*

**TOPIC NO. 13:**

The marketing and advertising of EOS and EOS+, including comparisons between EOS and/or EOS+ on the one hand and Cisco IOS on the other.

**OBJECTION TO TOPIC NO. 13:**

Arista objects that Topic No. 13 is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it purports to cover

17

1    marketing and advertising activities that are not relevant to Cisco's patent or copyright

2    infringement claims, or Arista's defenses.  Arista further objects because the topic does not

3    describe with reasonable particularity the matters for examination.

4        Arista further objects to the terms "marketing," "advertising," and "comparisons" as

5    vague, ambiguous, overly broad, and unduly burdensome.  Moreover, there is no Arista product

6    called "EOS+" and therefore Arista objects to this topic as vague and ambiguous to the extent that

7    it assumes that EOS+ is an Arista product.

8        Subject to these objections and without waiving them, Arista will designate a corporate

9    witness to testify generally regarding the marketing and advertising of EOS and EOS+.

10   **TOPIC NO. 14:**

11       Sales of EOS and EOS+, Products containing EOS and EOS+, services associated with

12   EOS and EOS+, or services associated with Products containing EOS or EOS+, including

13   Arista's revenues, costs, margins, and profits associated with those sales.

14   **OBJECTION TO TOPIC NO. 14:**

15       Arista objects that Topic No. 14 is overly broad, unduly burdensome, and not reasonably

16   calculated to lead to the discovery of admissible evidence to the extent that it purports to cover

17   sales information that is not relevant to Cisco's patent or copyright infringement claims, or

18   Arista's defenses.  Arista further objects because the topic does not describe with reasonable

19   particularity the matters for examination.

20       Arista further objects to the phrases "services associated with EOS and EOS+", "services

21   associated with Products containing EOS or EOS+",  and "revenues, costs, margins, and profits

22   associated with those sales" as vague, ambiguous, overly broad, unduly burdensome, and

23   oppressive.  Moreover, there is no Arista product called "EOS+" and therefore the portions of this

24   topic that assume that "EOS+" is a product do not make sense.

25       Subject to these objections and without waiving them, Arista will designate a corporate

26   witness to testify generally regarding the sales, revenues, costs, margins and profits of EOS and

27   EOS+ and products and services incorporating those.

28

1026248

**TOPIC NO. 15:**

Arista's revenues, costs, margins, and profits, including the sources of and accounting for the same.

**OBJECTION TO TOPIC NO. 15:**

Arista objects that Topic No. 15 is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it purports to cover all of Arista's revenues, costs, margins, and profits without regard to their relationship to Cisco's patent or copyright infringement claims, or Arista's defenses. Arista further objects because the topic does not describe with reasonable particularity the matters for examination.

Subject to these objections and without waiving them, Arista will designate a corporate witness to testify regarding costs, margins, and profits that relate to Arista's accused products.

**TOPIC NO. 16:**

Any research, study, or analysis of customer preferences Related To network devices or network device operating systems, including any research, study, or analysis of customer preferences Related To the user interface for network devices or network device operating systems.

**OBJECTION TO TOPIC NO. 16:**

Arista objects that Topic No. 16 is compound. Arista further objects that Topic No. 16 is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it purports to cover any research, study, or analysis of customer preferences related to network devices or network operation systems without regard to their relationship to Cisco's patent or copyright infringement claims, or Arista's defenses. Arista further objects because the topic does not describe with reasonable particularity the matters for examination.

Arista further objects to the terms "research," "study," "analysis," and "Related To" as vague, ambiguous, overly broad, unduly burdensome, and oppressive.

Subject to these objections and without waiving them, Arista will designate a corporate witness to testify generally regarding Arista's research activities that relate to Arista's accused

19

DEFENDANT ARISTA NETWORKS, INC.'S RESPONSES AND OBJECTIONS TO
PLAINTIFF CISCO SYSTEMS, INC.'S RULE 30(b)(6) NOTICE OF DEPOSITION
Case No. 5:14-cv-05344-BLF (PSG)

1026248

1  products.  Arista will not designate a witness to try to commit to memory all documents that may

2  contain research, study, or analysis related to network devices, network device operating systems,

3  or user interfaces for network devices or network device operating systems.

4  **TOPIC NO. 17:**

5       The commands, command modes and command hierarchies used most frequently in EOS

6  CLI and/or EOS+ CLI, including any analysis, report, study, or investigation thereof, the results

7  therefrom, and the identity of all Entities and Persons involved in the creation of the analysis,

8  report, study, or involved in the investigation.

9  **OBJECTION TO TOPIC NO. 17:**

10      Arista objects that Topic No. 17 is compound.  Arista further objects that Topic No. 17 is

11  overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

12  admissible evidence to the extent that it purports to cover commands, command modes, and

13  hierarchies, as well as analysis of those hierarchies, without regard to their relationship to Cisco's

14  patent or copyright infringement claims, or Arista's defenses.  Arista further objects because the

15  topic does not describe with reasonable particularity the matters for examination.

16      Arista further objects to the phrase "The commands, command modes and command

17  hierarchies used most frequently in EOS CLI and/or EOS+ CLI" as vague, ambiguous, overly

18  broad, unduly burdensome, and oppressive, particularly because it is unclear what "most

19  frequently" means.  Moreover, there is no Arista product called "EOS+" and therefore the phrase

20  "EOS+ CLI" does not make sense as there is no such thing as an "EOS+ CLI."  Arista further

21  objects to the phrases "research," "study," "investigation," "analysis," and "all Entities and

22  Persons involved in the creation" as vague, ambiguous, overly broad, unduly burdensome, and

23  oppressive.

24      Subject to these objections and without waiving them, Arista will designate a corporate

25  witness to testify generally regarding the commands, command modes and command hierarchies

26  used in EOS CLI.

27  **TOPIC NO. 18:**

28      All bases of consumer demand for Arista's Accused Products.

**OBJECTION TO TOPIC NO. 18:**

Arista objects that it would be unduly burdensome and oppressive, if not impossible, to prepare a corporate designee to testify about "all bases" for Arista's Accused Products. As worded, this topic is vague, ambiguous, overly broad, and fails to state with reasonable particularly the subject matter on which a corporate witness could reasonably be prepared to testify. Arista further objects to the extent this topic seeks an expert opinion. Arista further objects because the topic does not describe with reasonable particularity the matters for examination.

Subject to these objections and without waiving them, Arista will designate a corporate witness to testify generally about consumer demand for Arista's Accused Products.

**TOPIC NO. 19:**

Your business plans, strategies, or projections Related To the Accused Products.

**OBJECTION TO TOPIC NO. 19:**

Arista objects that Topic No. 19 is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it purports to cover any business plans, strategies, or projections related to the accused products without regard to their relationship to Cisco's patent or copyright infringement claims, or Arista's defenses. Arista further objects because the topic does not describe with reasonable particularity the matters for examination.

Arista further objects to the term "Accused Products" for the same reasons. Arista further objects to the terms "business plans," "strategies," "projections," and "Related To" as vague, ambiguous, overly broad, unduly burdensome, and oppressive.

Subject to these objections and without waiving them, Arista will designate a corporate witness to testify generally regarding Arista's business plans, strategies, or projections related to Arista's accused products. Arista will not designate a witness to try to commit to memory all documents that may contain business plans, strategies, or projections Related To the Accused Products.

1026248

**TOPIC NO. 20:**

Communications with Arista customers Related To Cisco, the Cisco IOS CLI, Cisco IOS Documentation, or any of the Asserted Copyrighted Works, including messages to the "Support-Watchers" email list and messages to Arista Support (support@aristanetworks.com).

**OBJECTION TO TOPIC NO. 20:**

Arista objects that Topic No. 20 is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it purports to cover communications with Arista customers that is unrelated to Cisco's patent or copyright infringement claims, or Arista's defenses.  Arista further objects because the topic does not describe with reasonable particularity the matters for examination.

Arista further objects to the extent that that this topic may cover communications or documents protected by third-party confidentiality restrictions. Arista further objects to the terms "Communications", "Cisco IOS Documentation", and "Related to" as vague, ambiguous, overly broad, unduly burdensome, and oppressive.

Arista further objects that it would be unduly burdensome and oppressive, if not impossible, to prepare a corporate designee to memorize and testify about every communication between Arista and its customers relating to customers related to Cisco, the Cisco IOS CLI, Cisco IOS Documentation, or any of the Asserted Copyrighted Works.    Cisco's use of a corporate deposition to seek such all-encompassing discovery is improper under the proportionality requirements of Rule 26(b)(2)(1), and a deposition is the least appropriate discovery method to attempt to seek such discovery.

Subject to these objections and without waiving them, Arista is willing to meet and confer with Cisco to discuss the relevance and scope of Topic No. 20.

**TOPIC NO. 21:**

Communications with potential or prospective customers Related To Cisco, the Cisco IOS CLI, Cisco IOS Documentation, or any of the Asserted Copyrighted Works, including sales proposals, pitches, bids, or other sales documents Concerning any Accused Product that Relates To or mentions Cisco, the Cisco IOS CLI, Cisco IOS Documentation, or any of the Asserted

22

DEFENDANT ARISTA NETWORKS, INC.'S RESPONSES AND OBJECTIONS TO
PLAINTIFF CISCO SYSTEMS, INC.'S RULE 30(b)(6) NOTICE OF DEPOSITION
Case No. 5:14-cv-05344-BLF (PSG)

1026248

Copyrighted Works.

**OBJECTION TO TOPIC NO. 21:**

Arista objects that Topic No. 21 is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it purports to cover communications between Arista and its potential or prospective customers that is unrelated to Cisco's patent or copyright infringement claims, or Arista's defenses. Arista further objects because the topic does not describe with reasonable particularity the matters for examination.

Arista further objects to the extent that this topic may cover communications or documents protected by third-party confidentiality restrictions. Arista further objects to the terms "Communications", "potential or prospective customers", "Cisco IOS Documentation", and "sales proposals, pitches, bids, or other sales documents Concerning any Accused Product that Relates To or mentions Cisco, the Cisco IOS CLI, Cisco IOS Documentation, or any of the Asserted Copyrighted Works" as vague, ambiguous, overly broad, unduly burdensome, and oppressive.

Arista further objects that it would be unduly burdensome and oppressive, if not impossible, to prepare a corporate designee to memorize and testify about every communication between Arista and its "potential or prospective customers" related to Cisco, the Cisco IOS CLI, Cisco IOS Documentation, or any of the Asserted Copyrighted Works. Arista further objects that it would be unduly burdensome and oppressive, if not impossible, to prepare a corporate designee to memorize and testify about "sales proposals, pitches, bids, or other sales documents Concerning any Accused Product that Relates To or mentions Cisco, the Cisco IOS CLI, Cisco IOS Documentation, or any of the Asserted Copyrighted Works" that are part of communication with potential or prospective customers.

Subject to these objections and without waiving them, Arista is willing to meet and confer with Cisco to discuss the relevance and scope of Topic No. 21.

**TOPIC NO. 22:**

All Communications between You and any third party regarding the Asserted Copyrighted Works, the Asserted Patents, and the allegations in the SAC.

23

DEFENDANT ARISTA NETWORKS, INC.'S RESPONSES AND OBJECTIONS TO
PLAINTIFF CISCO SYSTEMS, INC.'S RULE 30(b)(6) NOTICE OF DEPOSITION
Case No. 5:14-cv-05344-BLF (PSG)

1026248

**OBJECTION TO TOPIC NO. 22:**

Arista objects that Topic No. 22 is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it purports to cover all communications between Arista and any third party that is unrelated to Cisco's patent or copyright infringement claims, or Arista's defenses. Arista further objects because the topic does not describe with reasonable particularity the matters for examination. Arista also objects to this topic, consistent with its General Objections, to the extent that it purports to encompass information and seek testimony on matters protected by the attorney-client privilege, work-product doctrine, the common interest privilege, or third-party confidentiality. Arista further objects to the terms "All Communications" and "regarding" as vague, ambiguous, overly broad, unduly burdensome, and oppressive.

Subject to these objections and without waiving them, Arista is willing to meet and confer with Cisco to discuss the relevance and scope of Topic No. 22.

**TOPIC NO. 23:**

The market(s) in which Arista's Accused Products compete, including the identity of all competitive Products, market shares of all market participants, and all factors Related To the success or failure of each Product in the market.

**OBJECTION TO TOPIC NO. 23:**

Arista objects that Topic No. 23 is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it purports to cover market information that is unrelated to Cisco's patent or copyright infringement claims, or Arista's defenses. Arista further objects because the topic does not describe with reasonable particularity the matters for examination.

Arista further objects to the term "Accused Products" for the same reasons. Arista further objects to the terms "markets", "competitive Products", "all market participants", and "all factors Related To the success or failure of each Product in the market" as vague, ambiguous, overly broad, unduly burdensome, and oppressive. Arista further objects to the extent this topic seeks an expert opinion.

1026248

Subject to these objections and without waiving them, Arista will designate a corporate witness to testify generally regarding the markets in which Arista sells its Accused Products.

**TOPIC NO. 24:**

Market studies, reports, forecasts, and surveys Concerning the Accused Products and/or any Products or services that compete with the Accused Products offered by any of Your competitors, including Cisco.

**OBJECTION TO TOPIC NO. 24:**

Arista objects that Topic No. 24 is compound. Arista further objects that Topic No. 24 is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it purports to cover documents that are unrelated to Cisco's patent or copyright infringement claims, or Arista's defenses. Arista further objects because the topic does not describe with reasonable particularity the matters for examination.

Arista further objects to the term "Accused Products" for the same reasons. Arista further objects to the phrases "Market studies, reports, forecasts, and surveys Concerning the Accused Products" and "Products or services that compete with the Accused Products offered by any of Your competitors" as vague, ambiguous, overly broad, unduly burdensome, and oppressive.

Subject to these objections and without waiving them, Arista will designate a corporate witness to testify generally regarding market studies, reports, forecasts, and surveys concerning market(s) for Arista's Accused Products.

**TOPIC NO. 25:**

All facts regarding any strategy or plan developed by You to compete against Cisco and/or to harm Cisco's business or financial prospects, including the identity of any Arista team or group formed to compete with Cisco or to advance any competitive initiatives involving Cisco.

**OBJECTION TO TOPIC NO. 25:**

Arista objects that Topic No. 25 is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it purports to cover competitive activities that are not relevant to Cisco's patent or copyright infringement claims, or Arista's defenses. Arista further objects because the topic does not describe with reasonable

1    particularity the matters for examination.

2         Arista further objects that it would be unduly burdensome and oppressive, if not

3    impossible, to prepare a corporate designee to memorize and testify about "all facts," including

4    every historic detail, decision, discussion, document, or act taken by multiple individuals,

5    regarding Arista's competitive efforts against Cisco or any other business, particularly given that

6    this topic sets forth no time limitation, and is not limited to any particular product line or market

7    segment.  As worded, this topic fails to state with reasonable particularly the subject matter on

8    which a corporate witness could reasonably be prepared to testify.

9         Subject to these objections and without waiving them, Arista will designate a corporate

10   witness to testify generally regarding any Arista team or group formed to compete with Cisco or

11   advance any competitive initiatives against Cisco, and any strategic plans that Arista may have

12   developed to compete against Cisco in the relevant market segment.

13   **TOPIC NO. 26:**

14        License agreements and royalty agreements You have entered into Relating To intellectual

15   property, including any license agreements or royalty agreements Relating To intellectual

16   property Concerning command line interfaces, programmatic interfaces, software documentation,

17   and/or the Accused Products.

18   **OBJECTION TO TOPIC NO. 26:**

19        Arista objects that Topic No. 26 is overly broad, unduly burdensome, and not reasonably

20   calculated to lead to the discovery of admissible evidence to the extent that it seeks testimony

21   regarding products, services, or any aspects and features thereof that have not been specifically

22   identified and accused of patent or copyright infringement in this litigation, or are not relevant to

23   Arista's defenses.  Arista further objects because the topic does not describe with reasonable

24   particularity the matters for examination.

25        Arista further objects to the term "Relating To intellectual property" as vague, ambiguous,

26   overly broad, unduly burdensome, and oppressive to the extent it purports to encompass

27   agreements that have nothing to do with the accused technology in this litigation.  Moreover, it

28   would be unduly burdensome and oppressive, if not impossible, to prepare a corporate designee

26

DEFENDANT ARISTA NETWORKS, INC.'S RESPONSES AND OBJECTIONS TO
PLAINTIFF CISCO SYSTEMS, INC.'S RULE 30(b)(6) NOTICE OF DEPOSITION
Case No. 5:14-cv-05344-BLF (PSG)

1026248

to memorize and testify about every possible facet and detail, including each term and provision, of every single license agreement and royalty agreement that may be in Arista's possession.

Arista also objects to this topic, consistent with its General Objections, to the extent that it purports to encompass information and seek testimony on matters protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from disclosure.

Arista further objects to this topic to the extent it seeks expert or legal opinion testimony. Arista will not designate a corporate witness to provide expert testimony, nor will it designate a witness to parse and interpret the terms, provisions, and words of a legal agreement.

Subject to these objections and without waiving them, Arista will designate a corporate witness to testify regarding licenses or royalty agreements produced by Arista in this litigation.

**TOPIC NO. 27:**

Your licensing policies and practices Concerning any intellectual property, including patents and copyrights.

**OBJECTION TO TOPIC NO. 27:**

Arista objects to Topic No. 27, consistent with its General Objections, to the extent that it purports to encompass information and seek testimony on matters protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from disclosure. Arista further objects because the topic does not describe with reasonable particularity the matters for examination.

Arista further objects to this topic to the extent it seeks expert or legal opinion testimony. Arista will not designate a corporate witness to provide expert testimony, nor will it designate a witness to parse and interpret the terms, provisions, and words of a legal document.

Subject to these objections and without waiving them, Arista will designate a corporate witness to testify generally about Arista's licensing practices concerning patents and copyrights.

**TOPIC NO. 28:**

Any public interest uniquely served by any Arista Accused Product, Arista's Knowledge of Cisco and Its Products.

1026248

**OBJECTION TO TOPIC NO. 28:**

Arista objects that Topic No. 28 is vague, ambiguous, and incomprehensible, as it is unclear what Cisco means by "any public interest uniquely served by any Arista Accused Product, Arista's Knowledge of Cisco and Its Products."  Arista further objects because the topic does not describe with reasonable particularity the matters for examination.  Arista further objects to this topic to the extent that it seeks expert or legal opinion testimony.  Arista will not designate a corporate witness to provide expert testimony

To the extent that it seeks testimony regarding matters that are not relevant to Cisco's claims Arista also objects to Topic No. 28 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Arista also objects to Topic No. 28, consistent with its General Objections, to the extent that it purports to encompass information and seek testimony on matters protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from disclosure.

Subject to these objections and without waiving them, Arista will designate a corporate witness to testify generally about the benefits that the accused Arista products provide to the public.

**TOPIC NO. 29:**

Your knowledge Concerning the Asserted Patents and/or the Named Inventors, including the facts and circumstances surrounding how and when You first became aware of the Asserted Patents and the identity of the Persons at Arista who first learned of the Asserted Patents.

**OBJECTION TO TOPIC NO. 29:**

Arista objects to Topic No. 29, consistent with its General Objections, to the extent that it purports to encompass information and seek testimony on matters protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from disclosure. Arista further objects because the topic does not describe with reasonable particularity the matters for examination.

Subject to these objections and without waiving them, Arista will designate a corporate witness to testify regarding Arista's knowledge of the asserted patents, if any, prior to Cisco's

28

1    initiation of this litigation.

2    **TOPIC NO. 30:**

3       Your knowledge Concerning the Asserted Copyrights and Cisco IOS Registrations,

4    including the facts and circumstances surrounding how and when You first because aware of each

5    of the Asserted Copyrights and Cisco IOS Registrations, including the identity of the Persons at

6    Arista who first learned of each Asserted Copyright and Cisco IOS Registration.

7    **OBJECTION TO TOPIC NO. 30:**

8       Arista objects to Topic No. 30, consistent with its General Objections, to the extent that it

9    purports to encompass information and seek testimony on matters protected by the attorney-client

10   privilege, work-product doctrine, or any other applicable privilege or protection from disclosure.

11   Arista further objects because the topic does not describe with reasonable particularity the matters

12   for examination.

13      Arista further objects to the terms "Asserted Copyrights" and "Cisco IOS Registrations"

14   as vague and ambiguous for the reasons stated in its General Objections.

15      Subject to these objections and without waiving them, Arista will designate a corporate

16   witness to testify regarding Arista's knowledge of the asserted works, if any, prior to Cisco's

17   initiation of this litigation.

18   **TOPIC NO. 31:**

19      Your knowledge of the CLI used by Cisco IOS including the Cisco IOS CLI commands,

20   command hierarchies, command modes, prompts, command responses, and screen displays

21   identified by Cisco in response to Arista's Interrogatory No. 2.

22   **OBJECTION TO TOPIC NO. 31:**

23      Arista objects that Topic No. 31 is overly broad, unduly burdensome, and not reasonably

24   calculated to lead to the discovery of admissible evidence to the extent that it seeks testimony

25   regarding facts relating to the knowledge of Arista personnel of aspects of Cisco IOS not relevant

26   to Cisco's claims.  Arista further objects to Topic No. 31, consistent with its General Objections,

27   to the extent that it purports to encompass information and seek testimony on matters protected by

28   the attorney-client privilege, work-product doctrine, or any other applicable privilege or

protection from disclosure.  Arista further objects because the topic does not describe with reasonable particularity the matters for examination.

Arista further objects that it is impossible to prepare any witness to recite from memory and testify about all facts or communications relating to the knowledge of any Arista personnel of all aspects of Cisco IOS.

Subject to these objections and without waiving them, Arista will designate a corporate witness to testify regarding Arista's general knowledge of the existence of Cisco IOS CLI and its general organization, feature set, and method of operation, including Arista' general knowledge of the CLI commands listed in Exhibit 1 to the SAC.

**TOPIC NO. 32:**

Cisco Products or documents referenced, reviewed, or relied upon by Arista during the design or development of EOS and EOS+.

**OBJECTION TO TOPIC NO. 32:**

Arista objects that Topic No. 32 is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it purports to relate to products, services, any aspects and features thereof, or documents relating to such products, services, or features thereof, that have not been specifically identified and accused of patent or copyright infringement in this litigation, or are not relevant to Arista's defenses.  Arista further objects because the topic does not describe with reasonable particularity the matters for examination.  Arista further objects to Topic No. 31, consistent with its General Objections, to the extent that it purports to encompass information and seek testimony on matters protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from disclosure.

Arista further objects to the terms "design or development of EOS and EOS+" as vague, ambiguous, and overbroad, as it is unclear what specific "design" or "development" activities of EOS and EOS+ are targeted by this topic, and it would be unduly burdensome and oppressive, if not impossible, to prepare a corporate designee to memorize and testify about every historic detail and act constituting the design and development of EOS and EOS+.  Moreover, there is no Arista

30

DEFENDANT ARISTA NETWORKS, INC.'S RESPONSES AND OBJECTIONS TO
PLAINTIFF CISCO SYSTEMS, INC.'S RULE 30(b)(6) NOTICE OF DEPOSITION
Case No. 5:14-cv-05344-BLF (PSG)

1026248

product called "EOS+" and therefore the portions of this topic referring to or targeting "EOS+" do not make sense.

Subject to these objections and without waiving them, Arista will designate a corporate witness to testify regarding the development of the specifically accused functionality in EOS.

**TOPIC NO. 33:**

Arista's knowledge of *Cisco Systems Inc., et al v. Huawei Technologies, et al.*, Case No. 2:03-cv-00027-TJW (E.D. Tex.), including Your knowledge of Cisco's allegations therein and the resolution of that matter, when You first became aware of Cisco's allegations therein, and the identity of all Persons with such knowledge.

**OBJECTION TO TOPIC NO. 33:**

Arista objects to Topic No. 33, consistent with its General Objections, to the extent that it purports to encompass information and seek testimony on matters protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from disclosure. Arista further objects because the topic does not describe with reasonable particularity the matters for examination.

Arista further objects to this topic as unduly burdensome and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks the identity of any Arista employee, at any time, who might have known about the existence of the lawsuit captioned *Cisco Systems Inc., et al v. Huawei Technologies, et al.*, Case No. 2:03-cv-00027-TJW (E.D. Tex.) ("the Huawei lawsuit"). Any purported benefit of such information is far outweighed by the burden and costs of obtaining it.

Subject to these objections and without waiving them, Arista will designate a corporate witness to testify regarding when it first became aware of the lawsuit captioned *Cisco Systems Inc., et al v. Huawei Technologies, et al.*, Case No. 2:03-cv-00027-TJW (E.D. Tex.), how it became aware of that lawsuit, and the person(s) at Arista who first became aware of the asserted patents.

**TOPIC NO. 34:**

Any recruiting and/or hiring of former Cisco employees by You, including any policies or

31

DEFENDANT ARISTA NETWORKS, INC.'S RESPONSES AND OBJECTIONS TO
PLAINTIFF CISCO SYSTEMS, INC.'S RULE 30(b)(6) NOTICE OF DEPOSITION
Case No. 5:14-cv-05344-BLF (PSG)

1026248

procedures Concerning the recruiting and/or hiring of former Cisco employees or Related policies or procedures, and any incentives to any of Your employees to recruit or otherwise encourage current or former Cisco employees to join Arista.

**OBJECTION TO TOPIC NO. 34:**

Arista objects that Topic No. 34 is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks testimony relating to Arista's hiring practices, which are not related to Cisco's claims in this case. Arista further objects to Topic No. 34, consistent with its General Objections, to the extent that it purports to encompass information and seek testimony on matters protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from disclosure. Arista further objects because the topic does not describe with reasonable particularity the matters for examination.

Subject to these objections and without waiving them, Arista is willing to meet and confer with Cisco to discuss the relevance and scope of Topic No. 34.

**TOPIC NO. 35:**

Your policies and procedures Concerning the hiring of new employees and/or the handling of trade secret, proprietary or confidential information of competitors, including policies and procedures to ensure new employees do not have trade secret, proprietary, or confidential information of competitors.

**OBJECTION TO TOPIC NO. 35:**

Arista objects that Topic No. 35 is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks testimony relating to Arista's practices regarding hiring and management that are not related to Cisco's claims in this case. There is no claim in this lawsuit that Arista used any non-public information from any of its competitors to infringe a Cisco patent or copyright. Arista further objects to Topic No. 35, consistent with its General Objections, to the extent that it purports to encompass information and seek testimony on matters protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from disclosure. Arista further

objects because the topic does not describe with reasonable particularity the matters for examination.

Arista further objects that the terms "trade secret, proprietary or confidential information of competitors," and "policies and procedures" are vague, ambiguous, and overly broad, as it is unclear what Cisco considers to be a policy or procedure, a trade secret, proprietary information, or confidential information.  Arista further objects to the extent Topic No. 35 seeks an expert or legal opinion.  Arista will not designate a corporate witness to provide expert or legal testimony regarding the scope and meaning of the terms "trade secret, proprietary or confidential information."

Subject to these objections and without waiving them, Arista will designate a corporate witness to testify generally regarding non-privileged subject matter related to this topic.

**TOPIC NO. 36:**

All Documents marked "Cisco Confidential," or with a similar legend, in Your possession or the possession of any of Your employees, and the facts and circumstances surrounding how each such Document was obtained by You or any of Your employees.

**OBJECTION TO TOPIC NO. 36:**

Arista objects that Topic No. 36 is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it seeks testimony relating unrelated to Cisco's claims in this case.  There is no claim in this lawsuit that Arista used any non-public information from Cisco, or anyone else, to infringe a Cisco patent or copyright. Arista further objects because the topic does not describe with reasonable particularity the matters for examination.  Arista further objects to Topic No. 35, consistent with its General Objections, to the extent that it purports to encompass information and seek testimony on matters protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from disclosure.

Subject to these objections and without waiving them, Arista is willing to meet and confer with Cisco to discuss the relevance and scope of Topic No. 36.

*Arista's Defenses*

33

DEFENDANT ARISTA NETWORKS, INC.'S RESPONSES AND OBJECTIONS TO
PLAINTIFF CISCO SYSTEMS, INC.'S RULE 30(b)(6) NOTICE OF DEPOSITION
Case No. 5:14-cv-05344-BLF (PSG)

1026248

**TOPIC NO. 37:**

Any actions taken or avoided by Arista in reliance on Cisco's statements or behavior Related To the Asserted Patents or Asserted Copyrights.

**OBJECTION TO TOPIC NO. 37:**

Arista further objects to Topic No. 37, consistent with its General Objections, to the extent that it purports to encompass information and seek testimony on matters protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or protection from disclosure. Arista further objects because the topic does not describe with reasonable particularity the matters for examination.

Subject to these objections and without waiving them, Arista will designate a corporate witness to testify regarding its reliance on Cisco's statements and behavior relating to the activity accused of infringement.

**TOPIC NO. 38:**

Your knowledge of any work containing any of the command modes, command prompts, command hierarchies, command responses, or screen displays identified by Cisco in response to Arista's Interrogatory No. 2 that pre-dates the earliest Cisco work containing that command mode, command prompt, command hierarchy, command response, or screen display identified in Cisco's responses to Arista's Interrogatory Nos. 16 and 19.

**OBJECTION TO TOPIC NO. 38:**

Arista objects to the phrase "any work containing" as vague, ambiguous, overly broad, unduly burdensome, and oppressive. Arista further objects that it would be unduly burdensome and oppressive, if not impossible, to prepare a corporate designee to memorize and testify about all of the command modes, command prompts, command hierarchies, command responses, and screen displays identified by Cisco in response to Arista's Interrogatory No. 2. Arista further objects because the topic does not describe with reasonable particularity the matters for examination.

Arista further objects to Topic No. 38 to the extent that identifying command modes, command prompts, command hierarchies, command responses, or screen displays that "pre-date[]

34

DEFENDANT ARISTA NETWORKS, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF CISCO SYSTEMS, INC.'S RULE 30(b)(6) NOTICE OF DEPOSITION
Case No. 5:14-cv-05344-BLF (PSG)

1026248

the earliest Cisco work containing that command mode, command prompt, command hierarchy, command response, or screen display identified in Cisco's responses to Arista's Interrogatory Nos. 16 and 19" calls for expert or legal opinion testimony.

Subject to these objections and without waiving them, Arista will designate a corporate witness to testify generally regarding CLI commands, command responses, command modes, and command prompts in EOS+.

**TOPIC NO. 39:**

Your knowledge of any industry standard, including standards promulgated by the IETF or IEEE and "de facto" standards, that contains any of the command modes, command prompts, command hierarchies, command responses, or screen displays identified by Cisco in response to Arista's Interrogatory No. 2.

**OBJECTION TO TOPIC NO. 39:**

Arista objects that Topic No. 39 is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it purports to cover knowledge of "any industry standard" or " 'de facto' standards" without regard to their relationship to Cisco's patent or copyright infringement claims, or Arista's defenses.  Arista further objects because the topic does not describe with reasonable particularity the matters for examination.

Arista further objects that it would be unduly burdensome and oppressive, if not impossible, to prepare a corporate designee to memorize and testify about all of the command modes, command prompts, command hierarchies, command responses, and screen displays identified by Cisco in response to Arista's Interrogatory No. 2.  Arista further objects to this topic to the extent it calls for expert or legal opinion testimony.

Subject to these objections and without waiving them, Arista will designate a corporate witness to testify generally regarding CLI commands, command responses, command modes, and command prompts in EOS.

**TOPIC NO. 40:**

Any characterization by Arista of a network device operating system CLI as "industry

35

1  standard," and all facts Related To that characterization.

2  **OBJECTION TO TOPIC NO. 40:**

3       Arista objects that Topic No. 40 is overly broad, vague, unduly burdensome, and not

4  reasonably calculated to lead to the discovery of admissible evidence to the extent that it purports

5  to cover Arista's "characterization[s]," as well as facts "Related To" those characterizations,

6  without regard to their relationship to Cisco's patent or copyright infringement claims, or Arista's

7  defenses. Arista further objects because the topic does not describe with reasonable particularity

8  the matters for examination.

9       Arista further objects to this topic to the extent that it purports to encompass information

10  and seek testimony on matters protected by the attorney-client privilege, work-product doctrine,

11  or any other applicable privilege or protection from disclosure.

12       Subject to these objections and without waiving them, Arista is willing to meet and confer

13  with Cisco in order to give Cisco an opportunity to identify exemplary documents that would

14  permit Arista to prepare a corporate designee to testify about this topic.

15  **TOPIC NO. 41:**

16       Any market, technological, or other factors that dictated or restricted Cisco's or Arista's

17  use of the command modes, command prompts, command hierarchies, command responses, or

18  screen displays identified by Cisco in response to Arista's Interrogatory No. 2.

19  **OBJECTION TO TOPIC NO. 41:**

20       Arista objects to Topic No. 41 to the extent it calls for testimony about knowledge and

21  documents within Cisco's control. For example, it would be unduly burdensome and oppressive

22  to prepare an Arista corporate designee to testify about market factors that dictated *Cisco's* use of

23  command modes. Arista further objects to this topic as seeking an expert opinion. Arista further

24  objects because the topic does not describe with reasonable particularity the matters for

25  examination.

26       Arista further objects that it would be unduly burdensome and oppressive, if not

27  impossible, to prepare a corporate designee to memorize and testify about all of the command

28  modes, command prompts, command hierarchies, command responses, and screen displays

1026248

1   identified by Cisco in response to Arista's Interrogatory No. 2. Arista further objects to the

2   phrases "market, technological, or other factors," "dictated," and "restricted" as vague,

3   ambiguous, overly broad, unduly burdensome, and oppressive.

4       Subject to these objections and without waiving them, Arista is willing to meet and confer

5   with Cisco to discuss the scope of Topic No. 41.

6   **TOPIC NO. 42:**

7       Any research, study, or analysis of the relationship between CLI similarity and

8   interoperability of network devices.

9   **OBJECTION TO TOPIC NO. 42:**

10      Arista objects that Topic No. 42 is overly broad, unduly burdensome, and not reasonably

11  calculated to lead to the discovery of admissible evidence to the extent that it purports to cover

12  documents without regard to their relationship to Cisco's patent or copyright infringement claims,

13  or Arista's defenses. Arista further objects to the phrase "the relationship between CLI similarity

14  and interoperability of network devices"—as well as the terms "research," "study," and

15  "analysis"—as vague, ambiguous, overly broad, unduly burdensome, and oppressive. Arista

16  further objects because the topic does not describe with reasonable particularity the matters for

17  examination.

18      Arista also objects to this topic, consistent with its General Objections, to the extent that it

19  purports to encompass information and seek testimony on matters protected by the attorney-client

20  privilege, work-product doctrine, or any other applicable privilege or protection from disclosure.

21  Arista further objects to this topic to the extent it calls for expert or legal opinion testimony.

22      Subject to these objections and without waiving them, Arista will designate a corporate

23  witness to testify regarding Arista's knowledge of research, study, or analysis of the relationship

24  between CLI similarity and interoperability of network devices, to the extent such research, study,

25  or analysis exists.

26                          *Arista's Statements*

27  **TOPIC NO. 43:**

28      The denial in Your SAC Answer of allegations admitted in Your Original Answer,

37

DEFENDANT ARISTA NETWORKS, INC.'S RESPONSES AND OBJECTIONS TO
PLAINTIFF CISCO SYSTEMS, INC.'S RULE 30(b)(6) NOTICE OF DEPOSITION
Case No. 5:14-cv-05344-BLF (PSG)

1026248

including the admission in Your Original Answer that "Arista admits that it uses the IOS command expressions included in Exhibit 1 to Cisco's Complaint[,]" the factual basis for removing this admission from the same paragraph responding to the same allegations in Your SAC, any facts refuting the denial in Your SAC of the previously admitted allegations, and the Entities and Persons involved and most knowledgeable about the decision to change the response to the allegations.

**OBJECTION TO TOPIC NO. 43:**

Arista objects that Topic No. 43 is not reasonably calculated to lead to the discovery of admissible evidence because it seeks testimony on matters protected by the attorney-client privilege and work-product doctrine.  Arista further objects that Topic No. 43 is compound. Arista further objects because the topic does not describe with reasonable particularity the matters for examination.

Arista further objects to the phrase "involved and most knowledgeable about" as vague, ambiguous, overly broad, unduly burdensome, and oppressive.

Subject to these objections and without waiving them, Arista will designate a corporate witness to testify regarding non-privileged information that pertains to Arista's SAC Answer, to the extent such information exists.

**TOPIC NO. 44:**

The facts and circumstances surrounding Jayshree Ullal's statement: "This is something that is completely unacceptable to me, that less than 1% has been copied. We are taking care of the individual and personnel who's doing it. I own up to that. That's a mistake. I apologize to Cisco for it. We're going to fix it in a week[,]" including all actions taken by You in response to identifying copying of Cisco; all efforts by You to identify and fix any instances of copying of Cisco in any of Your EOS or EOS+ Products or Documentation; all apologies to Cisco for Your copying; and identification of all Persons who copied Cisco, including the "individual and personnel" doing the copying.

**OBJECTION TO TOPIC NO. 44:**

Arista objects to Topic No. 44 as vague, ambiguous, overbroad, unduly burdensome and

1  not reasonably calculated to lead to the discovery of admissible information.  Arista further

2  objects to this topic to the extent it calls for, or may be construed as calling for, information

3  protected from discovery by the attorney-client privilege, work product doctrine, or any other

4  common law or statutory privilege or protection.  Arista further objects that Topic No. 44 is

5  compound.  Arista further objects because the topic does not describe with reasonable

6  particularity the matters for examination.

7      Arista further objects to the phrase "facts and circumstances surrounding" as vague,

8  ambiguous, overly broad, unduly burdensome, and oppressive. Arista further objects to this topic

9  to the extent it seeks information already provided by Arista in its response to Cisco's

10  Interrogatory No. 5.  Moreover, there is no Arista product called "EOS+" and therefore the

11  portions of this topic that refer to "EOS+" as a product, or assume that "EOS+" is a product, do

12  not make sense.

13      Subject to these objections and without waiving them, Arista will designate a corporate

14  witness to testify regarding the facts and circumstances surrounding Jayshree Ullal's statement.

15                                   ***Miscellaneous***

16  **TOPIC NO. 45:**

17      Your policies, practices, and conduct regarding the retention and destruction of

18  Documents generally and in connection with This Litigation, including Your issuance of litigation

19  holds Related To This Litigation and Your policies, practices and procedures Related To use of

20  desktop computers, personal computers, laptop computers, home-based computers, portable

21  devices, data, or any other computers, devices or data storage means.

22  **OBJECTION TO TOPIC NO. 45:**

23      Arista objects to this Topic No. 45 to the extent it calls for, or may be construed as calling

24  for, information protected from discovery by the attorney-client privilege, work product doctrine,

25  or any other common law or statutory privilege or protection.  Arista further objects to the terms

26  "regarding" and "Related to" as vague, ambiguous, overly broad, unduly burdensome, and

27  oppressive.  Arista further objects because the topic does not describe with reasonable

28  particularity the matters for examination.

1   Subject to these objections and without waiving them, Arista will designate a corporate

2   witness to testify regarding Arista's document retention policies.

3   **TOPIC NO. 46:**

4   All actions You have taken to search for, gather, secure and produce responsive

5   Documents in This Litigation, including (i) the locations, systems, document management,

6   archival and/or backup systems searched, (ii) Persons from whom Documents were collected,

7   (iii) the identity of all Persons who have possession, custody or control of responsive Documents,

8   and (iv) any inquiries made to locate responsive documents and the response to any such

9   inquiries.

10   **OBJECTION TO TOPIC NO. 46:**

11   Arista objects to Topic No. 46 as vague, ambiguous, overbroad, unduly burdensome and

12   not reasonably calculated to lead to the discovery of admissible information.  Arista further

13   objects to Topic No. 46 to the extent it calls for, or may be construed as calling for, information

14   protected from discovery by the attorney-client privilege, work product doctrine, or any other

15   common law or statutory privilege or protection.  Arista further objects that this topic is

16   compound.   Arista further objects because the topic does not describe with reasonable

17   particularity the matters for examination.

18   Arista further objects that it would be unduly burdensome and oppressive, if not

19   impossible, to prepare a corporate designee to memorize and testify about all Persons from whom

20   Documents were collected; the identity of all Persons who have possession, custody or control of

21   responsive Documents; and all inquiries made to locate responsive documents.

22   Subject to these objections and without waiving them, Arista will designate a corporate

23   witness to testify generally about how Arista searched, gathered, secured, and produced

24   responsive Documents in This Litigation, to the extent this information is not protected by

25   privilege.  Arista will not designate a witness to try to commit to memory the identity and

26   location of individual documents, all the Persons who may have possession, custody, or control of

27   documents, or all inquiries that have been made to locate responsive documents.

28

1026248

**TOPIC NO. 47:**

The quantity, identity, and location of all responsive Documents in Your possession, custody or control, including hard copy files, servers, email systems, backup systems, hard drives, optical disks, databases, cellphones, cloud services, voice mail, SMS and/or MMS text messages, third-party storage and offsite locations.

**OBJECTION TO TOPIC NO. 47:**

Arista objects to Topic No. 47 as vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible information. Arista further objects to Topic No. 47 to the extent it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, work product doctrine, or any other common law or statutory privilege or protection. Arista further objects that this topic is compound. Arista further objects because the topic does not describe with reasonable particularity the matters for examination.

Arista further objects that it would be unduly burdensome and oppressive, if not impossible, to prepare a corporate designee to memorize and testify about the "quantity, identity, and location of all responsive Documents."

Subject to these objections and without waiving them, Arista will designate a corporate witness to testify generally regarding how and where Arista stores documents. Arista will not designate a witness to try to commit to memory the identity and location of individual documents.

**TOPIC NO. 48:**

Your email systems, instant messaging systems, SMS and/or MMS texting systems, video conferencing systems, document management systems, archival and/or backup systems and procedures (including servers, disk, tape or other media), and all other electronic communications and/or data storage systems.

**OBJECTION TO TOPIC NO. 48:**

Arista objects to Topic No. 48 as vague, ambiguous, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible information. Arista further objects to this topic to the extent it calls for, or may be construed as calling for, information

41

DEFENDANT ARISTA NETWORKS, INC.'S RESPONSES AND OBJECTIONS TO
PLAINTIFF CISCO SYSTEMS, INC.'S RULE 30(b)(6) NOTICE OF DEPOSITION
Case No. 5:14-cv-05344-BLF (PSG)

1026248

protected from discovery by the attorney-client privilege, work product doctrine, or any other common law or statutory privilege or protection.  Arista further objects that Topic No. 48 is compound.  Arista further objects because the topic does not describe with reasonable particularity the matters for examination.

Arista further objects to the term "procedures" as vague, ambiguous, overly broad, unduly burdensome, and oppressive.

Subject to these objections and without waiving them, Arista will designate a corporate witness to testify generally about Arista's email systems, instant messaging systems, SMS and/or MMS texting systems, video conferencing systems, document management systems, archival and/or backup systems, and data storage systems, to the extent such systems exist.

**TOPIC NO. 49:**

All facts and circumstances Related To any lawsuit, claim or allegation against Arista Related To patent infringement, copyright infringement, trademark infringement, trade secret misappropriation, or breach of contract.

**OBJECTION TO TOPIC NO. 49:**

Arista objects to Topic No. 49 to the extent it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, work product doctrine, or any other common law or statutory privilege or protection.  Arista further objects to the phrases "all facts and circumstances," "Related To," and "allegation" as vague, ambiguous, overly broad, unduly burdensome, and oppressive.  Arista further objects because the topic does not describe with reasonable particularity the matters for examination.

Arista further objects that it would be unduly burdensome and oppressive, if not impossible, to prepare a corporate designee to memorize and testify about all the facts and circumstances related to *any* lawsuit, claim, or allegation against Arista related to patent infringement, copyright infringement, trademark infringement, trade secret misappropriation, or breach of contract.

Subject to these objections and without waiving them, Arista is willing to meet and confer

/ /

42

1026248

1   with Cisco to discuss the scope of Topic No. 49.

2   Dated:  March 14, 2016                          KEKER & VAN NEST LLP

3

4                                          By:    */s/ Brian L. Ferrall*
                                                  BRIAN L. FERRALL
5
                                                  Attorney for Defendant
6                                                 ARISTA NETWORKS, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT ARISTA NETWORKS, INC.'S RESPONSES AND OBJECTIONS TO
PLAINTIFF CISCO SYSTEMS, INC.'S RULE 30(b)(6) NOTICE OF DEPOSITION
Case No. 5:14-cv-05344-BLF (PSG)

1026248

**PROOF OF SERVICE**

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On March 14, 2016, I served the following document(s):

**DEFENDANT ARISTA NETWORKS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF CISCO SYSTEMS, INC.'S RULE 30(b)(6) NOTICE OF DEPOSITION**

☑ by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

Sean Sang-Chul Pak
John M. Neukom
Quinn Emanuel Urquhart & Sullivan LLP
50 California Street, 22nd Floor
San Francisco, CA  94111
Tel:     (415) 875-6320
Fax:    (415) 875-6700
seanpak@quinnemanuel.com
johnneukom@quinnemanuel.com
Cisco-Arista@quinnemanuel.com

Adam R. Alper
Kirkland & Ellis LLP
555 California Street, Suite 2700
San Francisco, CA  94104
Tel:     (415) 439-1476
Fax:    (415) 439-1500
aalper@kirkland.com

Kathleen Marie Sullivan
Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Avenue, 22nd Floor
New York, NY  10022
Tel:   (212) 849-7000
Fax:   (212) 869-7100
kathleensullivan@quinnemanuel.com

Mark Yeh-Kai Tung
Quinn Emanuel Urquhart & Sullivan LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA  94065
Tel:     (650) 801-5000
Fax:    (650) 801-5100
marktung@quinnemanuel.com

Michael W. De Vries
Kirkland & Ellis LLP
333 South Hope Street, 29th Floor
Los Angeles, CA  90071
Tel:   (213) 680-8590
Fax:   (213) 680-8500
michael.devries@kirkland.com
Cisco-AristaCopyrightTeam@kirkland.com

Steven C. Cherny
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY  10022
Tel:     (212) 446-4800
Fax:    (212) 446-6460
Steven.cherny@kirkland.com

1  Executed on March 14, 2016, at San Francisco, California.  I declare under penalty of perjury
2  under the laws of the State of California that the above is true and correct.

3  Elizabeth Myrddin

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE
Case No. 5:14-cv-05344-BLF (PSG)