KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
BRIAN L. FERRALL - # 160847
DAVID SILBERT - # 173128
MICHAEL S. KWUN - #198945
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    (415) 391-5400
Email:  rvannest@kvn.com;
bferrall@kvn.com; dsilbert@kvn.com;
mkwun@kvn.com

SUSAN CREIGHTON, SBN 135528
SCOTT A. SHER, SBN 190053
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C., 20006-3817
Telephone:  (202) 973-8800
Email:  screighton@wsgr.com;
ssher@wsgr.com

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>ARISTA NETWORKS, INC.,<br><br>    Defendant. | Case No. 5:14-cv-05344-BLF (NC)<br><br>**RESPONSE TO CISCO'S BRIEF RE: OPINION OF DR. ALMEROTH ON PARSER SOURCE CODE**<br><br>Judge:     Hon. Beth Labson Freeman<br><br>Date Filed:  December 5, 2014<br><br>Trial Date:  November 21, 2016 |

Recognizing that Dr. Almeroth's parser code copying opinion could not pass muster, Cisco's "Brief Re Opinion of Dr. Almeroth on Parser Source Code" (ECF 529) attempts to bargain away that opinion in exchange for a favorable outcome on its *Daubert* motion that seeks to prevent Dr. Black and Mr. Seifert from testifying about how the entire networking industry—even Cisco—treated its CLI as a *de facto* industry standard.  But Cisco has nothing to bargain away.  Dr. Almeroth's undisclosed opinion alleging parser code copying has no relationship to the admissibility of dozens of pages of expert report analysis (and hundreds of pages of supporting evidence and data) by Dr. Black and Mr. Seifert explaining the basis for widely articulated views about the Cisco CLI.  The relevant facts, which Cisco omits, are as follows.

In opposition to Arista's motion to exclude Dr. Almeroth from suggesting that Arista copied Cisco parser source code (ECF 475-3 at 1), Cisco spent pages attempting to justify and admit that opinion (*id.* at 2–6).  Only after Arista replied and the Court expressed concern with Dr. Almeroth's opinion did Cisco reveal that "we [Cisco] are not alleging that there was parser source code copying in the case, so that isn't an issue."  (9/9/16 Hrg. Tr. at 45:11–13).  But Cisco conjured up a new theory on the fly, and represented for the first time in open court "that this has to do with the patent case."  (*Id.* at 45:17–19).  Cisco's current brief attempts to suggest a basis for admissibility based on the patent case, but any one of the following facts would preclude Dr. Almeroth from offering this opinion at trial:

- Dr. Almeroth's report never even suggests his opinion is relevant to the '526 patent, nor does he disclose any '526 patent infringement analysis or even a citation to Dr. Jeffay's '526 patent analysis.  (ECF 419-10 at ¶¶ 83–86).  In fact, Dr. Almeroth's report does not even contain the word "patent."

- Dr. Almeroth did not mention the '526 patent in his deposition—not even when asked to explain the "significance" of his opinions about parser similarities. (ECF 419-12 at 277:14–279:8).

- Cisco did not even mention the '526 patent anywhere in its *Daubert* opposition brief, where it had ten pages to clarify the purpose of Dr. Almeroth's opinion. (ECF 475-3) .

In short, Cisco's opportunistic attempt to keep in play Dr. Almeroth's prejudicial testimony could not pass muster under Rule 26, which no doubt is why Cisco has now conceded as much.

Because Dr. Almeroth's parser copying opinion so utterly lacks support in the record, it

1  has no bearing on the admissibility of Dr. Black's and Mr. Seifert's opinions, which are based
2  upon a completely different, and undeniably robust, record.  Dr. Black's and Mr. Seifert's
3  opinions explaining the "*de facto* standard" nature of Cisco's CLI are admissible according to
4  established Ninth Circuit authority allowing for expert testimony on industry custom and practice,
5  particularly when supported by both data and statements from industry participants including
6  Cisco, Dell, Juniper, Brocade, HP, and others.  *See* ECF 462-4 at 6–10; ECF 470-4 at 6–8.  On
7  the other hand, Dr. Almeroth's opinion suggesting parser copying, and attempting to tie that to a
8  claim of willful patent infringement, is *not* admissible for the wholly unrelated reason that it was
9  never disclosed in his report, or in deposition, or even in *Daubert* briefing.

Dated:  September 20, 2016

KEKER & VAN NEST LLP

WILSON SONSINI GOODRICH & ROSATI

By:  */s/ Robert A. Van Nest*
     ROBERT A. VAN NEST

Attorneys for Defendant
ARISTA NETWORKS, INC.

2
RESPONSE TO CISCO'S BRIEF RE: OPINION OF
DR. ALMEROTH ON PARSER SOURCE CODE
Case No. 5:14-cv-05344-BLF (NC)

1115459.01