1  KEKER & VAN NEST LLP                  SUSAN CREIGHTON, SBN 135528
   ROBERT A. VAN NEST - #84065           SCOTT A. SHER, SBN 190053
2  BRIAN L. FERRALL - #160847            WILSON SONSINI GOODRICH &
   DAVID SILBERT - #173128               ROSATI
3  MICHAEL S. KWUN - #198945             Professional Corporation
   633 Battery Street                    1700 K Street NW, Fifth Floor
4  San Francisco, CA 94111-1809          Washington, D.C., 20006-3817
   Telephone:    (415) 391-5400          Telephone:  (202) 973-8800
5  Email:  rvannest@kvn.com;             Email:  screighton@wsgr.com;
   bferrall@kvn.com; dsilbert@kvn.com;   ssher@wsgr.com
6  mkwun@kvn.com

7

8  JONATHAN M. JACOBSON, NY SBN 1350495
   CHUL PAK (*pro hac vice*)
9  DAVID H. REICHENBERG (*pro hac vice*)
   WILSON SONSINI GOODRICH & ROSATI
10 Professional Corporation
   1301 Avenue Of The Americas, 40th Floor
11 New York, NY 10019-6022
   Telephone:  (212) 999-5800
12 Email:  jjacobson@wsgr.com; cpak@wsgr.com;
   dreichenberg@wsgr.com

13 Attorneys for Defendant ARISTA NETWORKS, INC.

14

15                  UNITED STATES DISTRICT COURT

16                  NORTHERN DISTRICT OF CALIFORNIA

17                        SAN JOSE DIVISION

18 CISCO SYSTEMS, INC.,                   Case No. 5:14-cv-05344-BLF (NC)

19            Plaintiff,                   **DECLARATION OF RYAN WONG IN
                                          SUPPORT OF PLAINTIFF CISCO
20      v.                                 SYSTEMS, INC.'S ADMINISTRATIVE
                                          MOTION TO FILE UNDER SEAL
21 ARISTA NETWORKS, INC.,                  CONFIDENTIAL INFORMATION IN
                                          CISCO'S MOTIONS *IN LIMINE*
22            Defendant.                   (ECF NO. 530)**

23                                         Judge:      Hon. Beth Labson Freeman

24                                         Date Filed:  December 5, 2014

25                                         Trial Date:  November 21, 2016

26

27

28

1115491

I, RYAN K. WONG, declare:

1.      I am an attorney licensed to practice law in the State of California and am an associate with the law firm of Keker & Van Nest LLP, located at 633 Battery Street, San Francisco, California 94111, counsel for Defendant Arista Networks, Inc. ("Arista") in the above-referenced action.  Unless otherwise stated, the facts I set forth in this declaration are based on my personal knowledge or knowledge I obtained through my review of corporate records or other investigation.  If called to testify as a witness, I could and would testify competently to such facts under oath.

2.      I submit this declaration in support of the Administrative Motion to File Under Seal Confidential Information in Cisco's Motions *In Limine* filed by Plaintiff Cisco Systems, Inc. ("Cisco") on September 16, 2016 (ECF 426).  I have reviewed Cisco's Motion to Seal and the Civil Local Rules of this Court governing such motions, and submit this supporting declaration under Civil L.R. 79-5(e).

3.      Cisco's Motion to Seal seeks to file under seal documents and information submitted in support of several *in limine* motions, which are non-dispositive motions.  Because Cisco's Motion to Seal relates to non-dispositive motions, the documents and information that the parties request to file under seal are ***not*** subject to a strong presumption of public access.  *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).  Rather, the "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure applies to the material that Cisco's Motion to Seal seeks to withhold from public view.  *Id.* at 1179.  Civil Local Rule 79-5 further requires that a party seeking to seal information and documents "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law."  Civil L.R. 79-5(b).  The sealing request must also "be narrowly tailored to seek sealing only of sealable material."  *Id.*  I submit this declaration to provide additional facts in support of Cisco's Motion to Seal, and to provide facts establishing that the "good cause" standard has been met for materials that Arista seeks to file under seal.

4.      For purposes of a motion to seal, I understand that a "trade secret" is "any formula, pattern, device or compilation of information which is used in one's business, and which gives

1115491

1   him an opportunity to obtain an advantage over competitors who do not know or use it."  *See In*

2   *re Elec. Arts, Inc.*, 298 F. App'x 568, 569–70 (9th Cir. 2008) (nonprecedential) (quoting

3   Restatement (First) of Torts § 757 cmt. b (1939)) (applying the Restatement's definition of trade

4   secret in the record-sealing context); *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)

5   (adopting the Restatement's definition of trade secret).

6           5.       I further understand that good cause—indeed, compelling reasons—may exist to

7   file materials under seal when, for example, court filings could be used for improper purposes,

8   such as "to gratify private spite, promote public scandal, circulate libelous statements, or release

9   trade secrets."  *Kamakana*, 447 F.3d at 1178–79 (citation omitted).  I further understand that good

10  cause and compelling reasons may exist where court filings contain or discuss confidential source

11  code, *see Apple, Inc. v. Samsung Electronics Co., Ltd.*, No. 11-cv-1846, D.I. 2190 at *3 (Dec. 10,

12  2012); internal and non-public procedures of financial institutions, *see Cowan v. GE Capital*

13  *Retail Bank*, No. 13-cv-03935-BLF, 2015 WL 1324848, at *1-3 (N.D. Cal. Mar. 24, 2015);

14  information about an entity's confidential "business performance, structure, and finances that

15  could be used to gain unfair business advantage against them," *Schwartz v. Cook*, No. 15-cv-

16  03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016); "highly sensitive information

17  regarding [an entity's confidential] product architecture and development," *Delphix Corp. v.*

18  *Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014); emails

19  containing confidential information about an entity's "business practices, recruitment efforts, and

20  discussions regarding potential partnerships with other product manufacturers," *see Koninklijke*

21  *Philips N.V. v. Elec-Tech International Co., Ltd.*, No. 14-cv-02737-BLF, 2015 WL 581574, at

22  *1–2 (N.D. Cal. Deb. 10, 2015); and "information regarding non-public recruitment efforts and

23  business practices" of a party.  *See id*. at *2-3.

24          6.       Cisco submitted a declaration in support of its Motion to Seal (ECF 530-1) that

25  identified and attached highlighted copies of material that should be sealed.  To the extent that

26  those exhibits implicate Arista materials, I address those exhibits below.  Per the instructions

27  provided on the Northern District of California's website, this declaration is drafted so that it does

28

1115491

not contain or reveal confidential information, and therefore does not need to be filed under seal. *See* http://www.cand.uscourts.gov/ecf/underseal.

7.      <u>Cisco's Motion in Limine No. 1: Motion to Exclude Argument and Evidence in Support of Equitable Defenses</u> (ECF 532):  Arista does ***not*** seek to file under seal any of the material highlighted in this document.  Arista takes no position to the extent other parties or non-parties may seek to file under seal any of the material highlighted in this document.

8.      <u>Cisco's Motion in Limine No. 2: Motion to Exclude Evidence Related to "Industry Standard"</u> (ECF 533):  Arista does ***not*** seek to file under seal any of the material highlighted in this document.  Arista takes no position to the extent other parties or non-parties may seek to file under seal any of the material highlighted in this document.

9.      <u>Cisco's Motion in Limine No. 3: Motion to Exclude Untimely Disclosed Witnesses</u> (ECF 534):  Arista does ***not*** seek to file under seal any of the material highlighted in this document.  Arista takes no position to the extent other parties or non-parties may seek to file under seal any of the material highlighted in this document.

10.     <u>Cisco's Motion in Limine No. 4: Motion to Exclude Untimely Disclosed Non-Infringement Theory</u> (ECF 535): Arista does ***not*** seek to file under seal any of the material highlighted in this document.  Arista takes no position to the extent other parties or non-parties may seek to file under seal any of the material highlighted in this document.

11.     <u>Cisco's Motion in Limine No. 5: Motion to Exclude Testimony of Terry Eger</u> (ECF 536): Arista does ***not*** seek to file under seal any of the material highlighted in this document.  Arista takes no position to the extent other parties or non-parties may seek to file under seal any of the material highlighted in this document.

12.     <u>Exhibit 2 to the Declaration of Sara Jenkins in Support of Cisco's Motions in Limine ("Jenkins Declaration")</u> (ECF 539-2):  This exhibit consists of excerpts from the May 25, 2016 deposition transcript of Terry Eger.  This exhibit contains confidential Arista business information at pages 28:2–25, 63:17–25, and 103:15–16.  There is good cause to seal those portions of this exhibit because they discuss and disclose internal, non-public information regarding Arista business planning and sales operations.  *See In re Elec. Arts, Inc.*, 298 F. App'x

4

1115491

at 569–70; *Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1–2; *see also Schwartz*, 2016 WL 1301186, at *2 (discussing the harm that could result by the dissemination of similar sensitive internal business information to competitors, who would find it valuable).

13.    Exhibit 4 to the Jenkins Declaration (ECF 539-4):  This exhibit consists of excerpts from Arista's March 21, 2016 Responses to Cisco's Interrogatories 17-21.  Arista does ***not*** seek to file under seal any of the material in this document.  Arista takes no position to the extent other parties or non-parties may seek to file under seal any portion of this document.

14.    Exhibit 5 to the Jenkins Declaration (ECF 539-5): This exhibit consists of excerpts from Arista's May 27, 2016 Interrogatory Responses.  Arista does ***not*** seek to file under seal any of the material in this document.  Arista takes no position to the extent other parties or non-parties may seek to file under seal any portion of this document.

15.    Exhibit 7 to the Jenkins Declaration (ECF 539-7): This exhibit consists of excerpts from the July 13, 2016 Rebuttal Expert Report and Disclosure of Cate M. Elsten.  Page 3 of this exhibit contains non-public and sensitive business information about Arista's customer relationships, which Arista maintains as highly confidential.  Arista also believes that its actual and prospective customers expect that information relating to their purchasing preferences and transactions is maintained in the utmost confidence.  Good cause—and also compelling reasons— justify sealing these portions of this exhibit.  *See Schwartz*, 2016 WL 1301186, at *2 (discussing the harm that could result by the dissemination of similar sensitive internal business information to competitors); *Delphix*, 2014 WL 4145520, at *2 (same); *Koninklijke Philips*, 2015 WL 581574, at *1-3 (same).

16.    Exhibit 8 to the Jenkins Declaration (ECF 539-8):  This exhibit consists of excerpts from the July 13, 2016 Rebuttal Expert Report and Disclosure of Cate M. Elsten.  Good cause exists to seal ***the entirety*** of this exhibit.  Ms. Elsten's Rebuttal Report contains non-public and sensitive business, product pricing, and customer information, as well as sales and revenue data, and information about actual and prospective customer requirements and preferences regarding purchasing, all of which Arista maintains as highly confidential.  Arista also believes

that its actual and prospective customers expect that information relating to their purchasing preferences and transactions is maintained in the utmost confidence.  This report contains sensitive Arista confidential information interwoven throughout the document.  Compelling reasons—not just good cause—justify sealing the entirety of this exhibit.  *See Schwartz*, 2016 WL 1301186, at *2 (discussing the harm that could result by the dissemination of similar sensitive internal business information to competitors); *Delphix*, 2014 WL 4145520, at *2 (same); *Koninklijke Philips*, 2015 WL 581574, at *1-3 (same).

17.    Exhibit 9 to the Jenkins Declaration (ECF 539-9):  This exhibit consists of excerpts from the April 5, 2016 deposition transcript of Mark Edward Berly.  Pages 88, 90, 189, and 238 of this exhibit contain confidential Arista business information.  These pages contain non-public and sensitive business information, including information about customer requirements and preferences regarding purchasing, that Arista maintains as highly confidential.  Arista also believes that its actual and prospective customers expect that information relating to their purchasing preferences and transactions is maintained in the utmost confidence.  Good cause—and also compelling reasons—justify sealing these portions of this exhibit.  *See Schwartz*, 2016 WL 1301186, at *2 (discussing the harm that could result by the dissemination of similar sensitive internal business information to competitors); *Delphix*, 2014 WL 4145520, at *2 (same); *Koninklijke Philips*, 2015 WL 581574, at *1-3 (same).

18.    Exhibit 10 to the Jenkins Declaration (ECF 539-10):  This exhibit consists of excerpts from the February 25, 2016 deposition transcript of Jayshree Ullal.  Arista does ***not*** seek to file under seal any of the material in this document.  Arista takes no position to the extent other parties or non-parties may seek to file under seal any portion of this document.

19.    Exhibit 11 to the Jenkins Declaration (ECF 539-11):  This exhibit consists of excerpts from the June 17, 2016 Rebuttal Expert Report of John R. Black, Jr. Arista does ***not*** seek to file under seal any of the material in this document.  Arista takes no position to the extent other parties or non-parties may seek to file under seal any portion of this document.

20.    Exhibit 14 to the Jenkins Declaration (ECF 539-14):  This exhibit consists of excerpts from the May 26, 2016 deposition transcript of Anshul Sadana.  This exhibit contains

1115491

1    confidential business information at pages 10:15-12:25. There is good cause to seal those portions

2    of this exhibit because they discuss and disclose internal, non-public information regarding Arista

3    business planning and sales operations. *See In re Elec. Arts, Inc.*, 298 F. App'x at 569–70;

4    *Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1–2; *see also*

5    *Schwartz*, 2016 WL 1301186, at *2 (discussing the harm that could result by the dissemination of

6    similar sensitive internal business information to competitors, who would find it valuable).

7           Executed this 20th day of September 2016, at San Francisco, California.

8           I declare under penalty of perjury under the laws of the United States of America that the

9    foregoing is true and correct.

10

11

12                                              */s/ Ryan K. Wong*
                                                RYAN K. WONG
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF RYAN K. WONG IN SUPPORT OF CISCO'S ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (PSG)

1115491