| | |
|---|---|
| Kathleen Sullivan (SBN 242261)<br>kathleensullivan@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100<br><br>Sean S. Pak (SBN 219032)<br>seanpak@quinnemanuel.com<br>Amy H. Candido (SBN 237829)<br>amycandido@quinnemanuel.com<br>John M. Neukom (SBN 275887)<br>johnneukom@quinnemanuel.com.<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>Mark Tung (SBN 245782)<br>marktung@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100 | Steven Cherny *(admitted pro hac vice)*<br>steven.cherny@kirkland.com<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br><br>Adam R. Alper (SBN 196834)<br>adam.alper@kirkland.com<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, California 94104<br>Telephone: (415) 439-1400<br>Facsimile: (415) 439-1500<br><br>Michael W. De Vries (SBN 211001)<br>michael.devries@kirkland.com<br>KIRKLAND & ELLIS LLP<br>333 South Hope Street<br>Los Angeles, California 90071<br>Telephone: (213) 680-8400<br>Facsimile: (213) 680-8500 |

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>       Plaintiff,<br><br>  vs.<br><br>ARISTA NETWORKS, INC.,<br><br>       Defendant. | CASE NO. 5:14-cv-5344-BLF (NC)<br><br>**DECLARATION OF SARA E. JENKINS IN SUPPORT OF ARISTA'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CONFIDENTIAL INFORMATION IN ARISTA'S MOTIONS *IN LIMINE* NOS. 1–5 (Dkt. 522)** |

02099-00004/8377750.1

DECLARATION OF SARA E. JENKINS IN SUPPORT OF ARISTA'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (NC)

## DECLARATION OF SARA E. JENKINS

I, Sara E. Jenkins, declare as follows:

**1.** I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate with the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Plaintiff Cisco Systems, Inc. ("Cisco"). I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

**2.** I make this declaration in in support of Arista Networks Inc.'s ("Arista") Administrative Motion to Under Seal Confidential Information in connection with Arista's Motions *in Limine* Nos. 1-5. Dkt. 522. I make this declaration in accordance with Civil Local Rule 79-5(e)(1) on behalf of Cisco to confirm that the information contained in the documents referenced in the Sealing Motion should be sealed.

**3.** As motions *in limine*, Arista's motions are non-dispositive. In this context, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamkana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003)). In addition, Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, that the document is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id*.

**4.** Pursuant to Civil L.R. 79-5(e), good cause exists to seal the portions of the documents set forth below, because the information sought to be sealed reflects confidential information that "give[s] [Cisco] an opportunity to obtain an advantage over competitors who do

1  not know or use it." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting

2  *Restatement of Torts* § 757, cmt b).

3      **5.**    The highlighted portions of text on page 1 at lines 22-23 and page 4 at lines 3-12 of

4  Arista's Motion *in Limine* No. 5 contains or refers to information that was designated by Cisco as

5  "Highly Confidential – Attorneys' Eyes Only" under the protective order in this matter. These

6  portions of Arista's brief contain Cisco's confidential business information regarding, *inter alia*,

7  Cisco's competitive intelligence and related strategies. Maintaining this information as

8  confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who

9  may compete with Cisco and gather information regarding the same less optimally than Cisco.

10  *Elec. Arts*, 298 F. App'x at 569. Moreover, disclosing this information to Cisco's competitors

11  would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn of Cisco's

12  strategies. This would "harm [Cisco's] competitive standing." *Nixon v. Warner Commc'ns, Inc.*,

13  435 U.S. 589, 598 (1978).

14      **6.**    Exhibit C is an excerpt of Exhibit 6 to the Expert Report of Kevin Almeroth which

15  was designated as "Highly Confidential Source Code" under the protective order in this matter.

16  This exhibit contains Cisco's confidential source code. As such, there are compelling reasons to

17  seal this document. *See Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d

18  1001, 1017 (E.D. Cal. 2011) (source code is "undoubtedly a trade secret" within the sealing

19  context); *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4,

20  2016) (documents containing "information about [a party's] business performance, structure, and

21  finances that could be used to gain unfair business advantage against them," are properly sealed);

22  *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug.

23  20, 2014) (compelling reasons exist to seal documents containing "highly sensitive information

24  regarding [a party's] product architecture and development.")

**7.** Exhibit D is an excerpt of Cisco's Supplemental Objections and Responses to Arista Networks, Inc.'s Interrogatory Nos. 2–10, dated May 27, 2016.  The highlighted portions of this document were designated as "Highly Confidential Source Code" under the protective order in this matter.  The highlighted portions of this exhibit contains Cisco's confidential source code, as well as confidential information about Cisco's technology.  As such, there are compelling reasons to seal the specified portions of this document.  *See Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011) (source code is "undoubtedly a trade secret" within the sealing context); *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (documents containing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them," are properly sealed); *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (compelling reasons exist to seal documents containing "highly sensitive information regarding [a party's] product architecture and development.")

**8.** Exhibit V is an internal Cisco document that was produced by Arista in ITC Investigation Nos. 337-TA-944 and 337-TA-945 and designated as "Confidential Business Information."  Under the Stipulated Protective Order governing this litigation, Dkt. 53 at 6 fn. 1, this document is deemed to have been produced in this case as "Highly Confidential – Attorneys' Eyes Only" information.  Exhibit V comprises Cisco's confidential business information regarding, *inter alia*, confidential information about Cisco's product architecture and technology.  As such, there are compelling reasons to seal the specified portions of this document.  *See Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (documents containing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them," are properly sealed); *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug.

1  20, 2014) (compelling reasons exist to seal documents containing "highly sensitive information
2  regarding [a party's] product architecture and development.")

3  **9.**   Exhibit W is an internal Cisco document that was produced by Arista in ITC
4  Investigation Nos. 337-TA-944 and 337-TA-945 and designated as "Confidential Business
5  Information."  Under the Stipulated Protective Order governing this litigation, Dkt. 53 at 6 fn. 1,
6  this document is deemed to have been produced in this case as "Highly Confidential – Attorneys'
7  Eyes Only" information.  This exhibit contains Cisco's confidential business information
8  regarding, *inter alia*, Cisco's competitive intelligence and related strategies.  Maintaining this
9  information as confidential provides Cisco with an "opportunity to obtain an advantage over
10 competitors" who may compete with Cisco and gather information regarding the same less
11 optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this information to
12 Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to
13 learn of Cisco's strategies.  This would "harm [Cisco's] competitive standing."  *Nixon v. Warner*
14 *Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

15 **10.**   Exhibit X is an internal Cisco document that was produced by Arista in ITC
16 Investigation Nos. 337-TA-944 and 337-TA-945 and designated as "Confidential Business
17 Information."  Under the Stipulated Protective Order governing this litigation, Dkt. 53 at 6 fn. 1,
18 this document is deemed to have been produced in this case as "Highly Confidential – Attorneys'
19 Eyes Only" information.  This exhibit contains Cisco's confidential business information
20 regarding, *inter alia*, Cisco's customers, Cisco's technology and product architecture, and
21 Cisco'scompetitive intelligence and related strategies.  Maintaining this information as
22 confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who
23 may compete with Cisco and gather information regarding the same less optimally than Cisco.
24 *Elec. Arts*, 298 F. App'x at 569; *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at
25 *2 (N.D. Cal. Apr. 4, 2016) (documents containing "information about [a party's] business
26 performance, structure, and finances that could be used to gain unfair business advantage against

27 02099-00004/8377750.1                           4
28                                                  DECLARATION OF SARA E. JENKINS IN SUPPORT OF
                                                    ARISTA'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
                                                    Case No. 5:14-cv-05344-BLF (NC)

1  them," are properly sealed); *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL
2  4145520, at *2 (N.D. Cal. Aug. 20, 2014) (compelling reasons exist to seal documents containing
3  "highly sensitive information regarding [a party's] product architecture and development.")
4  Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by,
5  *inter alia*, allowing Cisco's competitors to learn of Cisco's strategies.  This would "harm [Cisco's]
6  competitive standing."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

7      **11.**    Exhibit Y is an excerpt from the deposition transcript of Drew Pletcher, taken on
8  May 26, 2016.  This deposition transcript was designated by Cisco as "Highly Confidential –
9  Attorneys' Eyes Only" under the protective order in this matter.   Pages 90-97 and 326 of this
10 transcript contain confidential information about Cisco's customers, Cisco's business
11 development, Cisco's competitive intelligence, and strategies related to the same.  Maintaining
12 this information as confidential provides Cisco with an "opportunity to obtain an advantage over
13 competitors" who may compete with Cisco and gather information regarding the same less
14 optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this information to
15 Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to
16 learn of Cisco's strategies.  This would "harm [Cisco's] competitive standing."  *Nixon v. Warner*
17 *Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

18     **12.**    Exhibit Z is an excerpt from the deposition transcript of  Deepak Malik, taken on
19 May 19, 2016.  This deposition transcript was designated by Cisco as "Highly Confidential –
20 Attorneys' Eyes Only" under the protective order in this matter.   Pages 189-196 of this transcript
21 contain confidential information about Cisco's customers, Cisco's business development, Cisco's
22 competitive intelligence, and strategies related to the same.  Maintaining this information as
23 confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who
24 may compete with Cisco and gather information regarding the same less optimally than Cisco.
25 *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this information to Cisco's competitors
26 would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn of Cisco's

strategies.  This would "harm [Cisco's] competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

**13.** Cisco does not seek to seal Exhibit A to the Declaration of Ryan Wong in support of Arista's Motions *in Limine*.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed in Redwood Shores, California, on September 20, 2016.

　　　　　　　　　　　　　　　　　　　　*/s/ Sara E. Jenkins*
　　　　　　　　　　　　　　　　　　　　Sara E. Jenkins