# ATTACHMENT 10

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>ARISTA NETWORKS, INC.,<br>    Defendant. | Case No. 5:14-cv-05344-BLF (PSG) |

## REBUTTAL EXPERT REPORT OF KEVIN ALMEROTH

## SUBMITTED ON BEHALF OF CISCO SYSTEMS, INC.

**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**


HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

# TABLE OF CONTENTS

|      |      | Page |
|------|------|------|
| I.   | INTRODUCTION | 2 |
| II.  | BACKGROUND & QUALIFICATIONS | 3 |
|      | A. Qualifications | 3 |
|      | B. Materials Considered | 11 |
| III. | ARISTA'S EXPERT OPINIONS CONFIRM MY OWN OPINIONS | 12 |
| IV.  | THERE IS NO INDUSTRY STANDARD CLI | 16 |
|      | A. Background Regarding Existing Technical Standard | 17 |
|      | B. There is no dispute that no standards body has adopted an industry standard for CLIs. | 19 |
|      | C. Arista's experts' claim of a "de facto" industry standard is wrong. | 19 |
|      |    1. Seifert | 20 |
|      |    2. Elsten | 26 |
|      |    3. Black | 31 |
|      | D. The data that Arista's experts rely on disproves their theory that a "de facto" industry standard exists. | 32 |
| V.   | CREATIVITY AND ORIGINALITY | 40 |
|      | A. Creativity | 41 |
|      | B. Originality | 48 |
| VI.  | *SCENES A FAIRE,* MERGER & SHORT PHRASES | 51 |
| VII. | FAIR USE | 56 |
|      | A. "The purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes." | 58 |
|      | B. "The nature of the copyrighted work" | 64 |

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

|  |  |  |
|---|---|---|
|  | C. | "The amount and substantiality of the portion used in relation to the copyrighted work as a whole"............................................................65 |
|  | D. | "The effect of the use upon the potential market for or value of the copyrighted work" ...............................................................................76 |
| VIII. | NETWORK ORCHESTRATION PRODUCTS & TAIL-F............................................79 |
| IX. | ADDITIONAL REBUTTALS................................................................................................85 |
| X. | CONCLUSION......................................................................................................................86 |

reasons stated above and in my opinion report (which are incorporated here by reference), I disagree.

### D. The data that Arista's experts rely on disproves their theory that a "de facto" industry standard exists.

78. Mr. Seifert opines that: "The majority of vendors across the industry have adopted a CLI similar to Cisco's, which they actively market to customers who in turn have been conditioned to expect a familiar industry-standard CLI with non-Cisco products."[51] Mr. Black provides similar opinions[52] and attaches appendices that purportedly support his opinions. I disagree with both Mr. Seifert and Dr. Black.

79. Dr. Black provides a summary of his command counting in Paragraph 180, which purports to cover both command expressions and "command fragments." It is not entirely clear what Dr. Black exactly means by "command fragments" or how this impacts his calculations—Dr. Black fails to explain with any amount of clarity his specific methodology, though he suggests it may refer to commands he does not believe are supported word-for-word by Arista. Nevertheless, for purposes of my response I will assume that Dr. Black's calculations are accurate and reflect the multi-word command expressions that Arista copied, unless otherwise noted below.

80. Here are the calculation summaries Dr. Black provided in Paragraph 180:

> i) Dell's CLI for its networking products has supported more than half of the disputed CLI commands in this lawsuit. At least 268 of the accused CLI commands (or command fragments) are found in Dell and Force10 command reference manuals.
> ii) At least 268 of the accused CLI commands (or command fragments) are found in Brocade's command reference manuals for its networking products.

---

[51] Seifert Para. 80.
[52] Black Paras. 179-181..

32

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

> iii) At least 218 of the accused CLI commands (or command fragments) are found in Juniper's command reference manuals for its JUNOSe (E Series) line of networking products.
> iv) At least 163 of the accused CLI commands (or command fragments) are found in Foundry Networks' command reference manuals for its networking products (Foundry was acquired by Brocade, and no longer exists).
> v) Over 300 of the accused CLI commands (or command fragments) are found in D-Link's command reference manuals for its networking products.
> vi) At least 223 of the accused CLI commands (or command fragments) are found in Edge-Core's command reference manuals for its networking products.
> vii) Several other vendors, including HP, Extreme Networks, Alcatel (and ALU), Lenovo/IBM/BNT (all of whom use the "Industry Standard CLI" or ISCLI), Oracle/Sun, NETGEAR, Procket Networks, and Adtran show in their documentation that they support well over 100 of the accused CLI commands (or command fragments) each.

81.     There are various problems with Dr. Black's data and methodology. To start, based on my review of the materials in this case and my knowledge of the switching industry and switching vendors, Dr. Black has omitted at least 20 switching vendors from his analysis (if not more – this is a conservative estimate and does not even include all routing vendors). This is important because it represents a significant percentage of the "industry." Accordingly, in my opinion none of Dr. Black's opinions about "industry standard" CLIs or command expressions, hierarchies, modes, and prompts (etc.) are statistically relevant. If one assumes for the sake of argument that there are 20 vendors omitted (a conservative estimate), that means that Dr. Black has failed to analyze or provide data for roughly 50% of the industry. As such, none of his opinions about an "industry standard" CLI can possibly be accurate because he failed to actually survey <u>the industry</u>. Instead, he surveyed a self-selected fraction of it.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

the right to consider and testify about issues that may be raised by Arista's fact witnesses and experts at trial. I also reserve the right to modify or to supplement my opinions as a result of ongoing expert discovery or testimony at trial.

I certify under penalty of perjury that the foregoing is true and correct.

By: *Kevin C Almeroth*
Dr. Kevin C. Almeroth
June 17, 2016