# ATTACHMENT 15

KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
BRIAN L. FERRALL - # 160847
DAVID SILBERT - # 173128
MICHAEL S. KWUN - #198945
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   (415) 391-5400
Email:  rvannest@kvn.com;
bferrall@kvn.com; dsilbert@kvn.com;
mkwun@kvn.com

SUSAN CREIGHTON, SBN 135528
SCOTT A. SHER, SBN 190053
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C., 20006-3817
Telephone:  (202) 973-8800
Email: screighton@wsgr.com;
ssher@wsgr.com

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>            Plaintiff,<br><br>      v.<br><br>ARISTA NETWORKS, INC.,<br><br>            Defendant. | Case No. 5:14-cv-05344-BLF (NC)<br><br>**DEFENDANT ARISTA NETWORKS, INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO EXCLUDE EXPERT OPINION TESTIMONY OF DR. KEVIN C. ALMEROTH**<br><br>Date:         September 9, 2016<br>Time:         9:00 a.m.<br>Dept.:        Ctrm 3, 5th Floor<br>Judge:       Hon. Beth Labson Freeman<br><br>Date Filed: December 5, 2014<br><br>Trial Date: November 21, 2016 |

**REDACTED VERSION OF DOCUMENT**

ARISTA NETWORKS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE TESTIMONY OF
DR. KEVIN C. ALMEROTH
Case No. 5:14-cv-05344-BLF (NC)

1100692

## I. INTRODUCTION

Cisco provides no basis for Dr. Almeroth injecting an eleventh-hour incendiary allegation that Arista copied Cisco's parser source code. This allegation—only offered in Almeroth's expert deposition—is unfounded speculation that did not even merit explicit disclosure in his report even though Cisco and Dr. Almeroth had more than ample opportunity to study Arista code. Cisco has been studying Arista products since 2008, and bought its first of many Arista switches by at least 2009. And because Arista's parser code is open, available to every user of an Arista switch, Cisco has been analyzing Arista parser code for seven years. Cisco relied on analysis of Arista switches to assert various claims both here and in the ITC in December 2014. And then Cisco's experts spent countless hours reviewing all Arista source code it made available in this case a year ago. Despite all of the resources Cisco has thrown at investigating, and trying to tarnish, Arista in the almost nine years that Arista's products have been on the market, Cisco never alleged copying of source code. Allowing Cisco's expert to introduce this untimely and unsupported allegation would severely confuse and prejudice the jury with suggestions of trade secret theft even though Cisco has never made such a claim. And because Cisco's practice has been to use this litigation as a semi-privileged source for intimidating Arista's customers (*see* Cisco General Counsel Blog http://blogs.cisco.com/author/markchandler), if the Court admitted an unsupported opinion or insinuation about parser source code copying it would invite Cisco to manipulate the trial as fodder for its public relations campaign.

Cisco's opposition offers no explanation for why the Court should allow Dr. Almeroth to opine regarding copying of parser source code when his report neither stated that opinion explicitly nor disclosed a methodology for it. Likewise, Cisco identifies no methodology behind Dr. Almeroth's insinuation of code copying, which is implied in his characterizing a functional similarity between the two operating systems as "non-standard." ECF 419-10 ("Opening Rpt.") ¶ 83. Both of these opinions spring from the "black box" of Dr. Almeroth's mind, and are the sort of "say-so" testimony *Daubert* requires the Court to exclude.

As to the remainder of the issues, Cisco does not attempt to defend Dr. Almeroth's opinion that similarities in non-confidential "help description" text indicate source-code copying.

1
ARISTA NETWORKS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE TESTIMONY OF
DR. KEVIN C. ALMEROTH
Case No. 5:14-cv-05344-BLF (NC)

It agrees with Arista that a "look and feel" opinion must only compare the protectable elements of a command-line interface (CLI).  It concedes that Dr. Almeroth cannot testify to individuals' intent or vouch for their credibility.  And Cisco identifies no methodology or expertise that he employed to conclude that similar sentences in user manuals were copied.

## II.     ARGUMENT

### A.     Cisco concedes that Dr. Almeroth did not disclose any scientific or reliable methodology to support his belated opinion on parser source-code copying.

Cisco's Opposition does not even purport to defend the opinion, first revealed in deposition, that Dr. Almeroth believes "Arista would have copied Cisco's parser source code." ECF 419-12 ("Almeroth Tr.") at 278:6–278:10.  Cisco retreats from this opinion and instead portrays Dr. Almeroth's parser opinion as being "that Arista's EOS parser is similar to Cisco's parser in certain respects" and that their "*functionality* is similar."  Opp. at 1 (emphasis added). This retreat is no accident:  Cisco could not cite any disclosure in Dr. Almeroth's report alleging parser source-code copying, much less a scientific methodology in support of that opinion.  *See* Opening Rpt. ¶¶ 82–86, 225; ECF 438-4 ("Mot.") at 5.[1]  The Court should not permit Dr. Almeroth to provide an inflammatory opinion to the jury that Cisco cannot support.

Cisco's opposition focuses on Dr. Almeroth's qualifications, but that is irrelevant.  This motion does not challenge Dr. Almeroth's qualifications; it objects to an opinion that lacks any disclosed reliable basis.  *See* Mot. at 3–6.  Even "impressive qualifications of plaintiffs' experts" cannot justify admissibility of an opinion based on unreliable methodology.  *See Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995) ("*Daubert II*"); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147, 153 (1999) ("The … Court did not doubt [the expert's] qualifications. ... Rather, it excluded the testimony because, despite those qualifications, it ... found unreliable[ ] the methodology employed[.]").  Cisco's argument that experience alone can render an expert opinion reliable (Opp. at 2) proves far too much.  That exception may apply where the opinion itself is merely a discussion of an industry or market attributes.  *See, e.g.*, *Icon-*

---

[1] Arista will move in *limine* at trial to exclude any opinions that do not appear in Dr. Almeroth's expert reports.  *See, e.g., O2 Micro Int'l Ltd. V. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1368–69 (Fed. Cir. 2006) (affirming the exclusion of opinions not disclosed in expert reports).

2
ARISTA NETWORKS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE TESTIMONY OF
DR. KEVIN C. ALMEROTH
Case No. 5:14-cv-05344-BLF (NC)

1100692

1  *IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, 87 F. Supp. 3d 928, 945–46 (N.D. Cal. 2015)
2  (allowing testimony on "commercial success of" and "demand for" products in an industry);
3  *Radware, Ltd. v. F5 Networks, Inc.*, No. 13-cv-02024-RMW, 2016 WL 590121, at *20–21 (N.D.
4  Cal. Feb. 13, 2016) (allowing expert testimony on industry "business requirements" based on
5  experience).  But an opinion that a particular function of Arista's and Cisco's parsers are similarly
6  "non-standard" is a technical conclusion, which calls for the application of an objective, accepted
7  methodology as to what similarities would be considered "standard," what are not, and why.  Dr.
8  Almeroth did none of this.  If Cisco were right, any sufficiently credentialed expert could simply
9  declare her opinion based on her "experience" and the Court would be obligated to admit the
10 opinion without any regard for the expert's fidelity to a scientific method.  The Court would
11 abdicate its gatekeeper role.

12       Cisco cites nothing that supports the admissibility of Dr. Almeroth's opinion that both the
13 Arista and Cisco parsers exhibit "non-standard" behavior.  *See* Opening Rpt. ¶ 83; ECF 419-12
14 ("Almeroth Tr.") at 276:25–278:10.  The only purported basis for Dr. Almeroth's opinion that the
15 particular parser functionality is "non-standard" is that "[i]t's not the typical way that you would
16 do" it in the code.  Opp. at 2.  Tautology is not a methodology.  Nor is diligence.  The fact that
17 Dr. Almeroth spent so much time analyzing Arista's code (Opp. at 3) but still cannot cite to any
18 lines of Arista or Cisco code upon which he bases his "non-standard" opinion, all indicate that
19 there is no reliable methodology to his opinion.[2]

20       Finally, Cisco's opposition confirms, or does not dispute, other facts demonstrating that
21 Dr. Almeroth's parser source-code opinion is not reliable.  Dr. Almeroth does not know that
22 Arista co-founder Ken Duda wrote Arista's parser source code, and so he does not (and could not)
23 opine that Arista had access to Cisco's parser code when writing Arista's.[3]  Almeroth Tr. 281:14–

---

[2] Arista's parser source code has been available to Cisco and all Arista switch users for years. *See, e.g.*, ECF 306 ¶ 10; ECF 306-13 at 4, 7, 10, 14, 17, 20, 30–31.  Dr. Almeroth provides no exhibit documenting parser source code similarities.  Cisco misleadingly cites *twice* to "Exhibit Copying-6 to Professor Almeroth's Opening Report" to support Dr. Almeroth's parser opinion, but that exhibit pertains to "helpdesc" text, not the alleged non-standard functionality of the parsers.  *See* Opp. at 3, 6.

[3] Mr. Duda left Cisco four years before joining Arista.  He wrote the Arista parser from scratch, in a different language from Cisco's parser and with no knowledge of Cisco's parser code.

3
ARISTA NETWORKS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE TESTIMONY OF
DR. KEVIN C. ALMEROTH
Case No. 5:14-cv-05344-BLF (NC)

1100692

24.  And while Cisco cites to a laundry list of documents that purport to show that Arista had various public Cisco materials in its possession, just as Arista can cite the list of Arista materials Cisco possesses, none of these exhibits shows possession of Cisco's parser source code.  *See* Opp. at 4.  Lastly, Cisco does not dispute that Dr. Almeroth made no effort even to consider legitimate explanations for similarities in the behavior of the parsers.  For these reasons, the Court should not permit Dr. Almeroth to testify as to parser source-code copying, or suggest it through unscientific characterizations of "non-standard" behavior.

### B.  Cisco concedes that Dr. Almeroth has no admissible opinion that Arista copied Cisco "helpdesc" source code.

Cisco now clarifies that Dr. Almeroth does ***not*** purport to opine that Arista copied Cisco's "helpdesc" source code.  Rather, when Dr. Almeroth opines that Arista allegedly copied "help descriptions from Cisco into its programs, and in doing so copied portions of Cisco's programs" (Opening Rpt. ¶ 226), he is ***not*** actually alleging that Arista copied any material from Cisco's source code.  *See* Opp. at 6 (drawing this distinction).  There should be no dispute then that the Court should not permit Dr. Almeroth to testify or suggest to the jury that Arista copied any Cisco source code related to "helpdesc."  Cisco's Opposition also concedes that Arista's and Cisco's "helpdesc" information is "displayed to a user" (*see id.*) and can therefore be seen by anyone using an Arista or Cisco switch without any need to see the source code.  This is why Dr. Almeroth could not possibly conclude that similarities in public "helpdesc" text support a finding of copying confidential source code.[4]

### C.  Dr. Almeroth's "look and feel" opinion should be limited to only the asserted elements of the disputed CLIs that the Court deems protectable.

Cisco's Opposition assures that "[n]one of Professor Almeroth's 'look and feel' opinions rely on any … additional similarities" beyond the specifically asserted CLI modes, prompts, hierarchies, commands, and outputs asserted in this case. Opp. at 8.  The Court should hold Cisco to that assurance and order that if Dr. Almeroth provides any "look and feel" copying opinion it is

---

[4] For the same reason, Cisco's excuse for waiting until the close of discovery to assert these theories is also not credible; Cisco had switches from which it could detect Arista's "helpdesc" text even before this suit was filed.  *See* ECF 304-12 (listing Arista switches that Cisco had in 2009).

4
ARISTA NETWORKS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE TESTIMONY OF
DR. KEVIN C. ALMEROTH
Case No. 5:14-cv-05344-BLF (NC)

1100692

explicitly limited to the specifically asserted CLI elements (and nothing else), to the extent they are deemed protectable by the Court.

### D. The Court should not permit Dr. Almeroth to opine on the subjective beliefs of Arista or Cisco witnesses, or to provide summaries of documents and emails without applying any technical expertise or knowledge to them.

Cisco concedes that Dr. Almeroth cannot speculate as to the subjective beliefs and intent of others, or "vouch" for the credibility of documents and other witnesses. Opp. at 8–9. But Dr. Almeroth does just that by, for example, asserting that Arista's ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Opening Rpt. ¶ 70), that Arista ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (*id.* at ¶ 73), that Arista ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓" (*id.* at ¶ 75), that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (*id.* at ¶ 145), and that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (*id.* at ¶ 148). Mot. at 9 (citing all of these paragraphs and others). Dr. Almeroth also improperly vouches for several witnesses who, for example, testified that creating CLI commands is "a subjective, creative endeavor." *Id.* at ¶¶ 102–110; Mot. at 9–10. Finally, Dr. Almeroth applies no analysis to his summaries of Arista's emails and testimony beyond repeating what they say and what the jury should infer from them. *See e.g.,* Mot. at 9 (citing Opening Rpt. ¶ 148, which lists supposed evidence that "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

### E. Dr. Almeroth's documentation copying opinion required no expertise.

Cisco's opposition confirms that Dr. Almeroth—even if an "expert in plagiarism"— did ***not*** apply any expertise or use any plagiarism tools; he just looked for overlapping words in Cisco and Arista user manuals. *See* Opp. at 10. There is no specialized skill required for that comparison, and therefore his documentation copying opinion should be excluded.

### III. CONCLUSION

Arista's motion to exclude portions of Dr. Almeroth's expert testimony should be granted.

5
ARISTA NETWORKS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE TESTIMONY OF
DR. KEVIN C. ALMEROTH
Case No. 5:14-cv-05344-BLF (NC)

1100692

1  Dated: August 26, 2016                           KEKER & VAN NEST LLP

2                                                   WILSON SONSINI GOODRICH & ROSATI

4                                         By:  */s/* Robert A. Van Nest
                                               ROBERT A. VAN NEST

5                                              Attorneys for Defendant
                                               ARISTA NETWORKS, INC.

6
ARISTA NETWORKS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE TESTIMONY OF
DR. KEVIN C. ALMEROTH
Case No. 5:14-cv-05344-BLF (NC)

1100692