# EXHIBIT D

# EXHIBIT 58
# UNREDACTED VERSION
# OF DOCUMENT SOUGHT
# TO BE SEALED

Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Mark Tung (SBN 245782)
marktung@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven Cherny (admitted *pro hac vice*)
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CISCO SYSTEMS, INC., | CASE NO.  5:14-cv-05344-BLF |
| Plaintiff, | **PLAINTIFF CISCO SYSTEMS, INC.'S CORRECTED SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT ARISTA NETWORKS, INC.'S INTERROGATORY NOS. 21, 24 & 25** |
| v. | |
| ARISTA NETWORKS, INC., | |
| Defendant. | |

**CONTAINS HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Cisco Systems, Inc. ("Cisco"), by counsel, hereby provides its objections and responses to Defendant Arista Networks, Inc.'s ("Arista's") Interrogatory Nos. 21, 24 and 25 (the "Interrogatories").

## **GENERAL OBJECTIONS**

Cisco makes the following general objections to Arista's Interrogatories, which apply to each interrogatory regardless of whether the general objections are specifically incorporated into the specific objections and responses below.

1.    Cisco is responding to each interrogatory as it interprets and understands each interrogatory with respect to the issues in this Litigation. If Arista asserts a different interpretation of any interrogatory, Cisco reserves the right to supplement or amend its responses or objections.

2.    Cisco objects to each interrogatory to the extent it is inconsistent with or seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Civil and Patent Local Rules of the Northern District of California, and any orders governing this Litigation.

3.    Cisco objects to the definitions of "Cisco," "You," and "Your," to the extent that the definitions are overly broad and purport to require Cisco to provide information that is not within the possession, custody, or control of Cisco.

4.    Cisco objects to Arista's definition of "Asserted Patents" and "Asserted Claim" to the extent that Arista's use of those terms in its interrogatories to Cisco renders certain of Arista's Interrogatories as constituting multiple discrete subparts that are in fact multiple, separate interrogatories.

5.    Cisco objects to the definitions of "CLI Command" and "Network Management Product" to the extent that these terms are vague and ambiguous with respect to their scope and application as used by Arista, rendering these terms at least potentially unclear with respect to what particular devices are intended to be incorporated thereby, and further on the grounds that use of the terms in Arista's Interrogatories renders those interrogatories overbroad and unduly burdensome to the extent that the discovery sought by such interrogatories is not reasonably tied to

Cisco's claims or Arista's defenses in this Litigation.  Cisco further objects to the use of these terms in Arista's Interrogatories to the extent that such interrogatories are not reasonably calculated to lead to the discovery of admissible evidence.

6.    Cisco objects to the definition of "Relating to" as vague and ambiguous and overly broad, unduly burdensome, and further to the extent that interrogatories using such terms are not reasonably calculated to lead to the discovery of admissible evidence.

7.    Cisco objects to the definition of "Identify" and the definitions set out in Paragraphs 5-7 as overly broad, unduly burdensome, and further to the extent that interrogatories using such terms are not reasonably calculated to lead to the discovery of admissible evidence. Cisco further objects to these definitions and instructions to the extent that the burden of deriving or ascertaining the requested information is substantially the same for Arista as it is for Cisco.

8.    Cisco objects to each and every interrogatory as overly broad, unduly burdensome, cumulative, and duplicative to the extent it seeks identification of "any," "each," or "all" documents of a specified type or nature, when a subset of such documents will provide the requested information.  Cisco objects generally to each and every interrogatory as overly broad, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that it seeks information regarding "any," "each," or "all" persons, entities, objects, or events.

9.    Cisco objects to the "Definitions" and "Instructions" of the Interrogatories to the extent they alter the plain meaning of any specific interrogatory and render the interrogatory vague, ambiguous, or overbroad.

10.    Cisco objects to each interrogatory to the extent that it is overbroad, unduly burdensome, and/or calls for provision of information or documents that are neither relevant to any claim or defense in this litigation nor reasonably likely to lead to the discovery of admissible evidence.

11.    Cisco objects to each interrogatory to the extent that it calls for production of information or documents that are not within the possession, custody, or control of Cisco, or to the

extent the interrogatory seeks information that may not be disclosed pursuant to a protective order or non-disclosure agreement, or calls for Cisco to prepare documents and/or things that do not already exist.

12.    Cisco objects to each interrogatory to the extent that it calls for production of information or documents that are publicly available or equally available to Arista, and therefore are of no greater burden for Arista to obtain than for Cisco to obtain.

13.    Cisco objects to each interrogatory as overbroad and unduly burdensome to the extent that it is not limited to a time frame relevant to this Litigation or seeks information or documents not within the applicable scope of this Litigation.

14.    Cisco objects to each interrogatory to the extent it seeks information or documents that Cisco is not permitted to disclose pursuant to confidentiality obligations to third parties or court order.  Cisco will provide such responsive, relevant, and non-privileged information and/or produce documents in accordance with the Protective Order governing this Litigation and after complying with its obligations to the third party and/or court.

15.    Cisco objects to each interrogatory to the extent it seeks information, documents, and/or things protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, and/or any other applicable privilege, immunity, doctrine, or protection, including without limitation in connection with the common interest doctrine (collectively, as used herein, "privileged").  Nothing contained in these objections and responses should be considered a waiver of any attorney-client privilege, work-product protection, or any other applicable privilege or doctrine, including in connection with the common interest doctrine. Cisco does not intend to provide information or produce documents that would divulge any privileged information.  Any such disclosure is inadvertent and shall not be deemed a waiver of any applicable privilege or immunity.

16.    Cisco objects to Arista's Interrogatories to the extent that their subparts exceed the number of interrogatories permitted under the Federal Rules of Civil Procedure, including Rule

33(a)(1), the Civil and Patent Local Rules of the Northern District of California, and any orders governing this Litigation.

17.    Cisco objects to each interrogatory to the extent that it is vague, ambiguous, or confusing due to Arista's failure to define terms or failure to describe the information or documents sought with reasonable particularity.

18.    Cisco objects to the factual characterizations of Arista's Interrogatories.  By responding, Cisco does not accept or admit any of Arista's factual characterizations.

19.    Terms or phrases with specific legal significance appear in many of Arista's Interrogatories.  Neither Cisco's objections and responses, nor the provision of information or production of documents in response to any interrogatory, are an admission or indication that such information and documents are relevant to any legal theory, or that any of the legal terms used have any applicability in their legal sense to any information or documents produced by Cisco in response to the Interrogatories.

20.    Cisco objects to these Interrogatories on relevance and burden grounds to the extent they are not limited in temporal scope, or to the extent that time period specified encompasses time periods not relevant to this Litigation, or to the extent the requests are not limited in geographic scope.

21.    Cisco objects to the Interrogatories as overly broad and unduly burdensome to the extent they call for the provision of information or production of documents of technical information, or otherwise, including source code, in connection with Cisco's products, where such information or documents are either duplicative of other documents or information that will be produced and/or are not relevant to this Litigation and Cisco's products relevant to this Litigation. Cisco further objects to the Interrogatories to the extent that they call for the provision of information or production of documents of technical information, or otherwise, including source code, in connection with Cisco's products, where such information and documents are not necessary to understand the relevant structure, function, and operation of Cisco's products relevant to this Litigation.

22.     Cisco objects to each interrogatory as premature to the extent it calls for documents or information that is the subject of later disclosure deadlines in this Litigation and/or expert reports and testimony, including as set forth in Rule 26(a)(2) of the Federal Rules of Civil Procedure, the Patent Local Rules of the Northern District of California, and the Case Management Order entered in this Litigation.

23.     Any Cisco response that it will provide information or produce documents should not be construed to mean that responsive information or documents in fact exist; only that, if such relevant, non-privileged, non-objectionable information or documents exist, are in Cisco's possession, custody, or control, and are located after a reasonable search of the location or locations where responsive information or documents are likely to be located, such information or documents will be produced in a timely manner.

24.     Cisco further reserves all rights to supplement its responses to Arista's Interrogatories in compliance with the Federal Rules of Civil Procedure, including under Rule 26(e), as well as the Civil and Patent Local Rules of the Northern District of California and any orders governing this Litigation, and as Cisco's investigation and discovery proceeds in this Litigation.

### RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 21:

Identify and describe in detail the factual and legal bases (including an identification of documents, if any, by Bates-stamp number, and witnesses knowledgeable about each fact) for your contention that Arista's alleged use of the asserted aspects of the copyrighted works does not constitute a "fair use" under 17 U.S.C. § 107, including all facts you contend are relevant to each of the following statutory factors:

(1)     the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;

(2)     the nature of the copyrighted work;

(3)     the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

(4)     the effect of the use upon the potential market for or value of the copyrighted work.

**RESPONSE TO INTERROGATORY NO. 21:**

**HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

Cisco incorporates by reference its General Objections as though fully set forth herein.

Cisco also objects to this interrogatory as compound and unduly burdensome, as it calls for numerous pieces of information and has multiple subparts improperly grouped as a single interrogatory. Cisco further objects to this interrogatory as overbroad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense in this litigation nor reasonably likely to lead to the discoverability of admissible evidence. Cisco also objects to this interrogatory as undefined, vague, ambiguous, overbroad, and unduly burdensome in its use of the term "asserted aspect." Cisco further objects to this interrogatory to the extent that it is cumulative and duplicative of other discovery sought by Arista. Cisco further objects to this interrogatory to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege, protection, or immunity. Cisco further objects to this interrogatory because it calls for legal conclusions. Cisco further objects to this interrogatory because Arista bears the burden of proving any "fair use" defense and has thus far failed to identify the facts and legal basis that support such a defense. Cisco further objects to this interrogatory as unduly burdensome in that it seeks to shift to Cisco the burden associated with any Arista attempt to prove a "fair use" defense. Cisco further objects to this interrogatory because it seeks expert opinion and is therefore premature.

Subject to and without waiver of the foregoing general and specific objections, Cisco responds as follows:

As an affirmative defense, Arista bears the burden of proving any "fair use" defense on which it intends to rely in this case. *Harper & Row*, 471 U.S. 539, 561 (1985). Arista's responses

to Cisco's Interrogatory Nos. 10 and 12, which seek information concerning Arista's fair use defense, however, show that Arista has thus far has failed to come forward in response to discovery or otherwise with sufficient evidence to support such a defense.   As Arista has failed to sufficiently explain the basis for—let alone prove—any contention that its use of Cisco's copyrighted works constitutes a "fair use" under 17 U.S.C. § 107, Arista has failed to meet its burden and, thus, its fair use defense fails.

Cisco further responds as follows:

*(1)     the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;*

17 U.S.C. § 107 provides that fair use "for purposes such as criticism, comment, new reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright."  Arista, however, does not contend (nor can it) that its use of Cisco's copyrighted works is for such purposes.

Indeed, Arista's purpose is the same as Cisco's purpose, which is a classic superseding use and not transformative.  *Harper & Row*, 471 U.S. at 550 (fair use precludes a superseding use of the original).  Arista has used and continues to use Cisco's copyrighted works[1] in the same type of software as Cisco (a network device operating system), with the same type of hardware as Cisco (network devices), to perform the same functions as Cisco (routing and switching), and sells to customers in the same or similar ways as Cisco.  Thus, Cisco's copyrighted works and Arista's infringing EOS operating system are used for the same purpose.  *See, e.g.*, *Wall Data v. Los Angeles County Sheriff's Dept.*, 447 F.3d 769, 778 (9th Cir. 2006) ("In cases where use is for the same intrinsic purpose as [the copyright holder's] . . . such use seriously weakens a claimed fair use.") (internal citations and quotation marks omitted).  And if a customer purchases a switch or router from Arista with EOS, they have no reason to buy Cisco's switch or router running Cisco's IOS copyrighted works, which is a classic "superseding use."  *Campbell v. Acuss-Rose Music.*

---

[1]  "Cisco copyrighted works" and "Cisco's copyrighted works" includes the copyrighted operating systems and related documents, as set forth and defined in Paragraph 25 of the Second Amended Complaint.

*Inc.*, 510 U.S. 569, 579 (1994).  Accordingly, Arista's claim that "the accused commands, modes, and prompts interface with an entirely different operating system" is irrelevant and is no excuse for Arista's willful infringement.

Arista's use of Cisco's copyrighted works also is not transformative because Arista has not created anything new out of Cisco's copyrighted works.  Arista has instead slavishly copied Cisco's copyrighted works, in some instances verbatim, even copying grammatical errors and/or commands that Arista itself believed to be inferior to available alternatives.  Arista is using the commands for an identical purpose of providing the command-line interface to a networking device that competes directly with Cisco's networking devices.  Accordingly, Arista has not and is not creating a new product or meeting new needs, but rather has been and is usurping Cisco's market for its copyrighted works by copying Cisco word-for-word.  *See, e.g.*, *Wall Data*, 447 F.3d at 778 ("[Defendant] created exact copies of [Plaintiff's] software.  It then put those copies to the identical purpose as the original software.  Such a use cannot be considered transformative.").

In addition to being a superseding use, Arista's use is commercial, which is presumptively not fair use.  *Sony Corp. v. Universal City Studios, Inc.*, 464 U.S. 417, 451 (1984) ("every commercial use of copyrighted material is presumptively an unfair exploitation of the monopoly privilege that belongs to the owner of the copyright").  Arista sells—for profit and to Cisco's detriment—switches and other products that incorporate Cisco's copyrighted works.  Arista is neither a non-profit nor an educational company or institution.  Neither does Arista use (nor contend that is uses) Cisco's copyrighted works for nonprofit or for educational uses or purposes.  For example, Arista is a publicly traded company and reports revenue and profits on a quarterly and annual basis.  *E.g.*, CSI-CL-02099053; CSI-CLI-00355093; CSI-CLI-00355164; CSI-CLI-00358000; CSI-CLI-01300636.  Arista also uses the copyrighted works themselves in a commercial way.  Arista provides products, software, and technical support incorporating Cisco's copyrighted works to its distributors and/or customers so that they use Arista's EOS and/or EOS+ operating systems and its command-line interface, and thus infringe Cisco's copyrights as well.  Arista knows that its distributors and customers purchase its products to use, reproduce, distribute,

and/or publicly display computer programs and/or other works that infringe Cisco's copyrights, including by use of Cisco's command-line interface—Arista has publicly admitted that at least 80% of its customers consider this infringing functionality to be an important factor in their decisions to purchase Arista's products.  Arista also knows that its distributors and customers use Arista's products to infringe Cisco's copyrights and compete with Cisco.  Indeed, Arista specifically touts the similarity between its accused products and Cisco's copyrighted works in marketing and other public materials as a selling point for customers—specifically targeting Cisco's existing customer base.  Arista encourages its distributors and/or customers to infringe Cisco's copyrights in the hopes that Arista can win Cisco customers and, therefore, that Cisco will sell fewer products that incorporate its own copyrighted works.

Moreover, Arista has a direct financial interest in the exploitation of Cisco's copyrighted works by its customers and distributors:  Cisco is informed and believes that substantially all of Arista's revenue and net income described in Cisco's Response to Interrogatory No. 1, which is incorporated by reference herein, comes from its sale of products that contain computer programs and/or other works that infringe Cisco's copyrights.

Arista also has boasted of the savings in development costs it accrued by copying Cisco's copyrighted works:  "Since I helped build the enterprise, I would never compete with Cisco directly in the enterprise in a conventional way. It makes no sense. It would take me 15 years and 15,000 engineers, and that's not a recipe for success."  *See, e.g.*, Adam Lashinsky, "An Ex-Cisco Exec Reflects," Fortune (Mar. 20, 2014), *available at* http://fortune.com/2014/03/20/an-ex-ciscoexec-reflects/.  Arista has explained that its use of Cisco's copyrighted CLI was an intentional ploy to win customers from Cisco and harm Cisco's market for its copyrighted works, as Arista can market its products as an easily implemented alternative to Cisco products for Cisco's existing customers:

- "[A] Cisco CCIE expert would be able to use Arista right away, because we have a similar command-line interface and operational look and feel. Where we don't have

1    to invent, we don't." John Gallant, "How Arista Networks Got Out In Front of the

2    SDN Craze," Network World (Feb. 22, 2013).

3    • Arista has learned to "[p]rovide familiar interfaces to ease adoption" including a

4    "standard CLI that … retains familiar management commands" so much so that

5    "80% [of Arista customers] tell us they appreciate the way they can leverage their

6    deep [Cisco] IOS experience, as they can easily upgrade an aging [Cisco] Catalyst

7    infrastructure to Arista."  Posting of Kenneth Duda to Arista EOS Central, "Linux

8    as a Switch Operating System: Five Lessons Learned" (Nov. 5, 2013), *available at*

9    https://eos.arista.com/linux-as-a-switch-operating-system-five-lessons-learned/.

10   • "Familiar management interfaces, standard CLI … It's been very helpful for our

11   customers to be able to rapidly adopt our products and integrate them into their

12   environments … that our switches provide a familiar management interface so their

13   existing tools and processes, screen scraping, automation, continue to work just as

14   they did before." Arista, *EOS Bites & Bytes - Episode 1 - Lessons Learned While*

15   *Building a Network OS on Top of Linux*, Arista EOS Central - Video Library (Jan.

16   30, 2014), at 6:55–7:56, *available at* http://eos.arista.com/wpcontent/

17   themes/aristaeos/video-lightbox.php?vid=ttp6lavHKGo.

18   • "The familiar EOS command-line interface (CLI) avoids retraining costs." Arista,

19   *EOS: An Extensible Operating System.*

20        Finally, "[f]air use presupposes good faith and fair dealing."  *Harper & Row*, 471 U.S. at

21   562.  Here, however, the evidence cited above—as well as the responses and evidence cited in

22   Cisco's response to Interrogatory No. 3, which are incorporated here by reference—show that

23   Arista has acted in bad faith, which heavily weighs against fair use.  Further, the unapologetic

24   deposition testimony from Arista's executives, among other evidence, confirms that Arista acted

25   in bad faith by intentionally and slavishly copying Cisco in order to cut corners to better compete

26   with Cisco.  *See, e.g.*, Deposition Testimony of Jayshree Ullal (Arista President & CEO) at

27   304:12-307:24 (defending statements that Arista tries to mimic the "operational look and feel" of

28

1   Cisco, and that "Where we [Arista] don't have to invent, we don't."); Deposition Testimony of

2   Kenneth Duda (Arista CTO & SVP of Software Engineering) at 45:2-15 ("Arista has many CLI

3   commands in its interface that [were] copied from Cisco's CLI interface"), 45:24-46:5 ("I don't

4   know what you mean 'a coincidence.'  Obviously they were copied.  That wasn't a coincidence,

5   no."), 47:19-24 (Q: "Mr. Duda, isn't it true that you and others at Arista slavishly copied the Cisco

6   CLI commands?"  A: "I've said things to that effect and it's true in the sense that I meant it."),

7   154:3-155:5, 202:17-25, 221:3-24, 234:9-13 (Q: "You've told customers, sir, that if you have

8   scraping or automation tools that work for Cisco's CLI, you could take those and run it against

9   Arista's switches; you've said that, right?"  A: "I believe so, yes."), 297:14-303:22, 310:11-311:7,

10  321:15-25; Deposition Testimony of Anshul Sadana (Arista SVP of Customer Engineering) at

11  207:7-209:14,  233:3-236:17, 251:3-252:9, 277:14-278:15; Deposition Testimony of Adam

12  Sweeney (Arista VP of Software Engineering) at 210:7-211:21, 130:14-131:4, 131:14-131:24,

13  308:3-18, 309:2-8, 317:4-16; Deposition Testimony of Lincoln Dale (Arista Distinguished

14  Engineer) at 300:16-301:17; Deposition Testimony of Mark Foss (Arista SVP of Global

15  Operations & Marketing) at 130:4-10 ("[T]he CLI commands on our switch are identical to Cisco

16  IOS, so there should be no learning curve to get it configured"), 135:1-22, 171:8-15.

17          *(2)      the nature of the copyrighted work;*

18          As Cisco's copyrighted works are the subject of substantial creativity and expression, the

19  second factor weighs against a finding of fair use.  *See Wall Data*, 447 F.3d at 780.  For example,

20  key to Cisco's IOS is its "Command-Line Interface" or CLI.  The CLI is the user interface by

21  which users of Cisco products communicate with the product in order to configure and manage the

22  product.  Cisco's CLI includes an elaborate taxonomy of creative, unique textual command

23  expressions, authored by Cisco's employees, which a user learns in order to "talk" to the product.

24  When a unique command is entered by a human operator or computer script, Cisco's CLI

25  interprets the command and performs a particular operation associated with that command.

26  Cisco's CLI also includes an original structure and hierarchy (and naming convention) of

27

28

1    command modes and associated prompts, which support various, defined sets of the command

2    expressions.

3    　　　　Moreover, Cisco owns copyrights in its operating systems and related documentation,

4    which are protected works.  *See Oracle Am., Inc. v. Google*, *Inc.*, 750 F.3d 1339, 1354 (Fed. Cir.

5    2014) ("It is undisputed that computer programs—defined in the Copyright Act as 'a set of

6    statements or instructions to be used directly or indirectly in a computer in order to bring about a

7    certain result,' 17 U.S.C. § 101—can be subject to copyright protection as 'literary works.'"); *see*

8    *also Engineering Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1341-43 (5th Cir.

9    1994) ("Most courts  . . . have determined that copyright protection extends not only to the literal

10   elements of a program, *i.e.*, its source code and object code, but also to its 'nonliteral' elements,

11   such as the program architecture, 'structure, sequence and organization', operational modules, and

12   computer-user interface.") (citing *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693 (2d Cir.

13   1992); *Gates Rubber Co. v. Bando Chemical Indus.,* 9 F.3d 823 (10th Cir. 1993)); *Lotus Dev.*

14   *Corp. v. Paperback Software Int'l*, 740 F.Supp. 37, 65-68 (D. Mass. 1990) (finding that the

15   command format and sequence structure in an original word processing or computer spreadsheet

16   should be copyrightable because as a whole, the interface's structure and hierarchy constitute a

17   high degree of original expression); *Lotus Dev. Corp. v. Borland Int'l, Inc.*, 831 F.Supp. 202, 209

18   (D. Mass. 1993) (finding that the defendant had infringed by copying verbatim plaintiff's entire

19   command menu hierarchy despite the availability of many different command structures to

20   perform the same functions).

21   　　　　Each Cisco work cited in its Complaint and in its Responses to Interrogatory No. 2

22   (including all exhibits and supplements thereto) contain expressive content, which is the subject of

23   copyright protection.  Examples of the Cisco copyrighted works include command expressions,

24   command hierarchies, command modes and prompts, command responses/outputs,  manuals, and

25   source code, among other related documentation.  By way of example, designing a command

26   syntax for a particular function is a subjective exercise that requires independent judgment of the

27   command/hierarchy authors.  *See, e.g.*, Deposition Testimony of Adam Sweeney (Arista VP of

28

1   Software Engineering) at 175:15-23; 217:12-218:8; Deposition Testimony of Kenneth Duda

2   (Arista CTO & SVP of Software Engineering) at 145:4-151:9, 159:15-23, 176:16-177:17, 350:7-

3   351:6; Deposition Testimony of Jayshree Ullal (Arista President & CEO) at 253:14-254:7.  The

4   fact that there are other competitors in the market that implement different CLIs—*e.g.*, Juniper

5   Networks, HP, Brocade, Alcatel-Lucent, and Extreme, among others—with different commands

6   confirms that Cisco's works are expressive, protected works.

7         Further, Arista has come forward with no evidence that Cisco's copyrighted works have

8   been adopted as an "industry standard" by any standard-setting body, such as the IEEE or IETF, or

9   incorporated into any RFC (as Arista contends in its responses to Interrogatory Nos. 10 and 12).

10  In fact, the evidence demonstrates that Cisco's copyrighted works are not part of an industry

11  standard and that there is no industry standard for CLIs.  *See, e.g.*, Deposition Testimony of

12  Jayshree Ullal (Arista President & CEO) at 68:14-69:4, 208:7-210:16, 217:11-21, 223:12-19;

13  Deposition Testimony of Kenneth Duda (Arista CTO & SVP of Software Engineering) at 58:8-

14  59:24, 70:4-17, 73:23-75:16, 93:20-95:2, 195:18-197:8, 323:22-324:19, 326:6-329:11; Deposition

15  Testimony of Anshul Sadana (Arista SVP of Customer Engineering) at 93:20-103:4, 281:12-20,

16  108:17-109:4, 242:17-247:19, 267:2-271:24, 272:24-273:5; Deposition Testimony of Adam

17  Sweeney (Arista VP of Software Engineering) at  257:12-17, 159:9-160:9, 161:8-16, 161:25-

18  162:7, 163:12-164:2, 165:1-6; Deposition Testimony of Lincoln Dale (Arista Distinguished

19  Engineer) at 272:20-274:24, 215:23-216:7, 216:14-217:4, 222:4-13; Deposition Testimony of

20  Hugh Holbrook (Arista VP of Software Engineering) at 84:13-17, 147:25-148:13, 248:8-12;

21  Deposition Testimony of Mark Foxx (Arista SVP of Global Operations & Marketing) at 100:10-

22  12, 100:23-101:2, 112:11-13.

23        Neither has Arista come forward with any evidence that Cisco's copyrighted works are

24  required for interoperability in the marketplace (as Arista contends in its responses to

25  Interrogatory Nos. 10 and 12).  The evidence of record demonstrates that the opposite is true—

26  Cisco's copyrighted works are not required for interoperability in the marketplace and are instead

27  Cisco's own creative expressions derived from subjective exercises of independent judgment.  *See,*

28

*e.g.*, Deposition Testimony of Jayshree Ullal (Arista President & CEO) at 253:14-254:7, 276:10-277:16, 304:12-307:24; Deposition Testimony of Kenneth Duda (Arista CTO & SVP of Software Engineering) at 143:2-145:3, 145:4-151:9, 159:15-23, 176:16-177:17, 350:7-351:6; Deposition Testimony of Anshul Sadana (Arista SVP of Customer Engineering) at 51:14-18, 70:24-74:8, 230:24-25; Deposition Testimony of Adam Sweeney (Arista VP of Software Engineering) at 223:17-224:12, 175:15-23, 217:12-218:8; Deposition Testimony of Lincoln Dale (Arista Distinguished Engineer) at 231:5-17, 186:14-187:7, 193:1-25, 194:14-195:2, 195:7-196:2, 267:13-268:5, 271:18-25, 272:11-19; Deposition Testimony of Hugh Holbrook (Arista VP of Software Engineering) at 224:7-19, 241:4-22, 243:6-244:17.

Further, Cisco has not placed its copyrighted works in the public domain, nor has Cisco permitted any competitor to copy its copyrighted works. Cisco takes its intellectual property rights seriously and has always believed that its operating system and CLI are valuable and important Cisco assets. Indeed, when Cisco learned that its competitor Huawei was rampantly infringing its copyrights in or around 2003—including Cisco's CLI and operating system, both of which are at issue here—Cisco sued Huawei in order to stop Huawei from infringing. Here, despite extensive discovery, none of the Arista executives Cisco has deposed—many of whom were previously employed in senior positions at Cisco—have identified an example of Cisco granting any competitors a license to its CLI, let alone a license to use the CLI. This is not surprising to Cisco, given the evidence. *See, e.g.*, Deposition Testimony of Jayshree Ullal (Arista President & CEO) at 257:20-258:3, 262:1-10, 322:8-13, 348:8-351:25, 372:16-373:2; Deposition Testimony of Kenneth Duda (Arista CTO & SVP of Software Engineering) at 101:7-21, 109:13-24, 276:24-277:21; Deposition Testimony of Anshul Sadana (Arista SVP of Customer Engineering) at 43:15-44:4, 85:18-25, 86:14-22; Deposition Testimony of Adam Sweeney (Arista VP of Software Engineering) at 272:18-273:2.

Cisco also incorporates by reference the deposition testimony from the following CLI command creators: Kirk Lougheed; Abhay Roy; Adam Sweeney; Anthony Li; Devadas Patil; Greg Satz; Hugh Holbrook; Phillip Remaker; Ramanthan Kavasseri; and Tong Liu.

1    *(3)    the amount and substantiality of the portion used in relation to the copyrighted*

2    *work as a whole; and*

3    Arista's qualitative and quantitative taking of Cisco's copyrighted works is significant and

4    substantial.  In order to create a directly competing operating system and to make Arista's

5    products more attractive to existing users of Cisco products, Arista has deliberately copied Cisco's

6    copyrighted works, including copying over 500 of Cisco's multi-word command expressions,

7    Cisco's command mode structures and prompts, Cisco's command responses, and associated

8    Cisco documentation.  What Arista copied was and is, at the end of the day, fundamental to

9    Cisco's operating system.  Indeed, as a result of Arista's copying, Arista's EOS operating system

10   has (according to Arista) the same "look and feel" to a user as Cisco's copyrighted operating

11   system IOS.  It would be—and is—apparent to users that Arista's EOS is a copy of Cisco's

12   copyrighted works.  Indeed, in many instances (as shown at least in Cisco's responses to

13   Interrogatory Nos. 2, 3, 16, and 18, which are incorporated here by reference), Arista copied Cisco

14   verbatim, which alone shows the high qualitative value of Cisco's copyrighted works.

15   Further, Arista has made a number of admissions that confirm it has copied a substantial

16   amount of Cisco's copyrighted operating systems including its CLI.  Arista's CEO has specifically

17   and publicly acknowledged, and even touted as a selling point of Arista products, that Arista

18   copied Cisco's CLI in substantial amounts.  For example, Arista's CEO stated:  "[A] Cisco CCIE

19   expert would be able to use Arista right away, because we have a similar command-line interface

20   and operational look and feel. Where we don't have to invent, we don't."  *See, e.g.*, John Gallant,

21   "How Arista Networks Got Out In Front of the SDN Craze," Network World (Feb. 22, 2013).

22   Arista's co-founder and current Chief Technology Officer Kenneth Duda likewise stated that

23   Arista aimed to "[p]rovide familiar interfaces to ease adoption" including a "standard CLI that …

24   retains familiar management commands" so much so that "80% [of Arista customers] tell us they

25   appreciate the way they can leverage their deep [Cisco] IOS experience, as they can easily upgrade

26   an aging [Cisco] Catalyst infrastructure to Arista."  *See, e.g.*, Posting of Kenneth Duda to Arista

27   EOS Central, "Linux as a Switch Operating System: Five Lessons Learned" (Nov. 5, 2013),

28

1   *available at* https://eos.arista.com/linux-as-a-switchoperating-system-five-lessons-learned/.  Mr.

2   Duda has further confirmed that a substantial amount of Cisco's copyrighted works were

3   intentionally copied by Arista: "Familiar management interfaces, standard CLI … It's been very

4   helpful for our customers to be able to rapidly adopt our products and integrate them into their

5   environments … that our switches provide a familiar management interface so their existing tools

6   and processes, screen scraping, automation, continue to work just as they did before."  *See, e.g.*,

7   Arista, *EOS Bites & Bytes - Episode 1 - Lessons Learned While Building a Network OS on Top of*

8   *Linux*, Arista EOS Central - Video Library (Jan. 30, 2014), at 6:55–7:56, *available at*

9   http://eos.arista.com/wp-content/themes/aristaeos/video-lightbox.php?vid=ttp6lavHKGo.  In fact,

10  when asked "[i]f [customers] just want to take the [Arista] switch, just as they're used to, take it

11  out of the box, plug in your console, whatever, SSH in, it's no different," Mr. Duda answered in

12  the affirmative—"Yeah."  *See, e.g.*, Arista, *EOS Bites & Bytes - Episode 1 - Lessons Learned*

13  *While Building a Network OS on Top of Linux*, Arista EOS Central - Video Library (Jan. 30,

14  2014), at 8:12–22, *available at* http://eos.arista.com/wp-content/themes/aristaeos/video-

15  lightbox.php?vid=ttp6lavHKGo.

16       Arista also has made statements in its product documentation for EOS that it copied an

17  important amount of Cisco's copyrighted operating system.  For example, a white paper released

18  by Arista stated "[t]he familiar EOS command-line interface (CLI) avoids retraining costs."  *See,*

19  *e.g.*, Arista, *EOS: An Extensible Operating System.*

20       Arista also makes available to customers and prospective customers documentation such as

21  user manuals and guides that explain the function of its networking products that use EOS and

22  demonstrate that Arista copied a substantial amount of Cisco's copyrighted works.  In creating

23  Arista's documentation, Arista copied extensively from Cisco IOS documentation, as show in

24  Cisco's operative complaint (and exhibits) as well as Cisco's responses to Interrogatory No. 2,

25  which are incorporated here by reference.  In many cases, Arista has copied portions of text

26  verbatim from Cisco IOS documentation, even in some instances including grammatical errors,

27  which is direct evidence of Arista's blatant and extensive copying of Cisco's copyrighted works.

28

As a result, and consistent with Arista's copying of Cisco's CLI, significant portions of Arista's documentation are substantially similar to and in many instances precisely the same as Cisco IOS documentation. In light of the foregoing and the numerous instances of copying described in Cisco's responses to Interrogatory Nos. 2, 3, 16, and 18, which are incorporated by reference herein, Arista's copying also is quantitatively significant.  Furthermore, Cisco's calculation of the entire quantitative nature of Arista's copying is ongoing and also is subject to expert discovery.

> **(4)        the effect of the use upon the potential market for or value of the copyrighted work.**

The inquiry under the fourth fair use factor includes "harm to the original [and] … derivative works," *Harper & Row*, 471 U.S. at 568; *see* 17 U.S.C. § 106(2) (exclusive statutory right "to authorize … derivative works based upon the copyrighted work"), and the effect on the potential market if the challenged use "become[s] widespread."  *Harper & Row*, 471 U.S. at 568. Here, Arista's use affects all of these actual and potential markets as it directly competes with Cisco for sales of products that incorporate and use Cisco's copyrighted works—switches and routers.  The copyrighted works at issue—Cisco's operating systems and accompanying documents—allow the switches and routers to work, and the command line interfaces that are the heart and soul of the operating systems allow for the configuration of the switches and routers so that they can function properly.   Arista markets and sells its products that incorporate and use Cisco's copyrighted works in order to supplant and replace Cisco in the marketplace.  Thus, if Arista's infringement is permitted to continue, it will substantially impact Cisco's market.

As further evidence of the impact to the market, Cisco has suffered and will suffer irreparable harm and damage as a direct result of Arista's choice to copy Cisco's copyrighted works and then directly compete with Cisco in the marketplace.  Cisco has lost sales and customers and will continue to do so.  Cisco has suffered harm to its reputation as an innovator in the industry and will continue to suffer such harm if Arista's infringement is permitted to continue.  Further, Arista's copying—and its decision to publicly brag that it copied Cisco and tout

1  Cisco's copyrighted innovations in Arista's own competing products—has ultimately harmed the

2  value of the copyrighted works and the market for Cisco in ways that are difficult to calculate.

3         Further, Arista has driven down the value for the copyrighted works by intentionally

4  copying them and then directly competing in the marketplace against Cisco with products that use

5  and incorporate those works.  In other words, Cisco is forced to compete with its own technology

6  in the marketplace.  That has deteriorated the value of Cisco's copyrighted works and harmed

7  Cisco in ways that are difficult to calculate.

8         Further, Arista has de-valued Cisco's copyrights because Arista provides products,

9  software, and technical support incorporating Cisco's copyrights to its distributors and/or

10 customers so that they use Arista's EOS and/or EOS+ operating systems and its command-line

11 interface, and thus infringe Cisco's copyrights as well.  Arista knows that its distributors and

12 customers purchase its products to use, reproduce, distribute, and/or publicly display computer

13 programs and/or other works that infringe Cisco's copyrights, including by use of Cisco's

14 command-line interface—Arista has publicly admitted that at least 80% of its customers consider

15 this infringing functionality to be an important factor in their decisions to purchase Arista's

16 products.  As described in Cisco's Response to Interrogatory No. 3, which is incorporated by

17 reference herein, Arista has knowledge that its acts materially contribute to its distributors' and

18 customers' infringement of Cisco's copyrights, which ultimately de-values Cisco's copyrighted

19 works and harms Cisco's market share.

20        Cisco further responds that Arista knows that its distributors and customers use Arista's

21 products to infringe Cisco's copyrights, which means that Arista is intentionally harming Cisco's

22 market to offer its copyrighted works in its own products.  As described in Cisco's Response to

23 Interrogatory No. 3, which is incorporated here by reference, instead of developing alternatives to

24 Cisco's copyrighted works, Arista specifically touts the similarity between its accused products

25 and Cisco's IOS Copyrighted Works in marketing and other public materials as a selling point for

26 customers—specifically targeting Cisco's existing customer base.  In other words, Arista's public

27 statements and actions, including its sale of routing and switching products that contain computer

28

1  programs and/or other works that infringe Cisco's copyrights, cause infringement of Cisco's

2  copyrights by Arista's distributors and customers and harm Cisco's market for its copyrights.

3  Arista intentionally encourages its distributors and/or customers to infringe Cisco's copyrights in

4  the hopes that Arista can win Cisco customers and, therefore, that Cisco ultimately sells fewer

5  products that incorporate its copyrighted works.

6       Further, Arista has an obvious and direct financial interest in the exploitation of Cisco's

7  copyrighted materials by its customers and distributors:  Cisco is informed and believes that

8  substantially all of Arista's revenue and net income described in Cisco's Response to Interrogatory

9  No. 1, which is incorporated by reference herein, comes from the sale of products that contain

10 computer programs and/or other works that infringe Cisco's copyright.

11       Arista also has boasted of the savings in development costs it accrued by copying Cisco's

12 copyrighted works:  "Since I helped build the enterprise, I would never compete with Cisco

13 directly in the enterprise in a conventional way. It makes no sense. It would take me 15 years and

14 15,000 engineers, and that's not a recipe for success."  *See, e.g.*, Adam Lashinsky, "An Ex-Cisco

15 Exec Reflects," Fortune (Mar. 20, 2014), *available at* http://fortune.com/2014/03/20/an-ex-

16 ciscoexec-reflects/.

17       Arista also has explained that its use of Cisco's copyrighted CLI was an intentional ploy to

18 win customers from Cisco and harm Cisco's market for its copyrighted works, as Arista can

19 market its products as an easily implemented alternative to Cisco products for Cisco's existing

20 customers:

21       • "[A] Cisco CCIE expert would be able to use Arista right away, because we have a

22          similar command-line interface and operational look and feel. Where we don't have

23          to invent, we don't." John Gallant, "How Arista Networks Got Out In Front of the

24          SDN Craze," Network World (Feb. 22, 2013).

25       • Arista has learned to "[p]rovide familiar interfaces to ease adoption" including a

26          "standard CLI that … retains familiar management commands" so much so that

27          "80% [of Arista customers] tell us they appreciate the way they can leverage their

28

deep [Cisco] IOS experience, as they can easily upgrade an aging [Cisco] Catalyst infrastructure to Arista." Posting of Kenneth Duda to Arista EOS Central, "Linux as a Switch Operating System: Five Lessons Learned" (Nov. 5, 2013), *available at* https://eos.arista.com/linux-as-a-switch-operating-system-five-lessons-learned/.

- "Familiar management interfaces, standard CLI … It's been very helpful for our customers to be able to rapidly adopt our products and integrate them into their environments … that our switches provide a familiar management interface so their existing tools and processes, screen scraping, automation, continue to work just as they did before." Arista, *EOS Bites & Bytes - Episode 1 - Lessons Learned While Building a Network OS on Top of Linux*, Arista EOS Central - Video Library (Jan. 30, 2014), at 6:55–7:56, *available at* http://eos.arista.com/wpcontent/themes/aristaeos/video-lightbox.php?vid=ttp6lavHKGo.

- "The familiar EOS command-line interface (CLI) avoids retraining costs." Arista, *EOS: An Extensible Operating System*.

Further, Arista has harmed Cisco by intentionally positioning and marketing its infringing EOS operating system in the marketplace as a "better copy" of Cisco's IOS operating system than Cisco's own NX-OS operating system. In other words, Arista tells customers that it should buy products with Arista's EOS instead of Cisco's NX-OS because Arista did a more thorough job of copying Cisco's IOS than Cisco itself.

In addition to the foregoing, this fair use factor considers what would happen to Cisco's market if anyone were able to make the same use that Arista has made and such use became widespread. *Harper & Row*, 471 U.S. at 568. In light of the foregoing affects from Arista's use alone, it is clear that widespread use of this nature would significantly curtail the actual and potential markets for and value of Cisco's copyrighted works.

* * * * *

Cisco furthermore incorporates by reference in its response to this interrogatory the operative complaint in this case (and all exhibits referenced therein); its Responses to

-20-

1  Interrogatory Nos. 2, 3, 16, and 18, which contain responsive information as well, as well as all of

2  the documents and exhibits cited therein.

3          To the extent additional information is provided regarding Arista's "fair use" defense,

4  Cisco may provide additional information in response to this interrogatory.  Moreover, Cisco's

5  investigation is ongoing.  Cisco will supplement its response to this interrogatory based on its

6  further investigation and based on expert discovery.

7                    **HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

8

9  **CORRECTED SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 21:**

10                    **HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY**

11          Subject to and without waiver of its general and specific objections, Cisco further responds

12  as follows:

13          Arista bears the burden to prove its fair use defense and has failed to do so.  In fact, Arista

14  has not shown that even one of the four fair use factors favors Arista—all four factors favor a

15  finding that there is no fair use here.

16          For example, Arista's response to Cisco's Interrogatory No. 21 is completely deficient and

17  fails to provide any legitimate basis for Arista's contention that its use of Cisco's IOS is

18  transformative.  Arista asserts that its use of Cisco's CLI is somehow transformative because

19  Arista's switches have a different operating system written in a different programming language, a

20  CLI that accesses that operating system, and are built using merchant silicon.  But that is all

21  irrelevant.  Arista still has not created anything new out of Cisco's IOS copyrighted works.  Arista

22  instead uses Cisco's IOS copyrighted works for an identical purpose and uses those works to

23  directly compete with Cisco for sales—according to Arista's CEO, Arista and Cisco are "fierce

24  competitors."  *See* CSI-CLl-00357842 at CSI-CLI-00357851.  Arista has not and is not creating a

25  new product or meeting new needs, but rather has been and is seizing Cisco's market for its

26  copyrighted works by copying Cisco which, as a matter of law, is not transformative use.

27  Furthermore, as explained in Cisco's response to Interrogatory No. 2 (which is incorporated here

28

by reference), there are many uncanny similarities between the Cisco IOS source code and the structure of Arista's EOS source code suggesting that it too was copied in some material respect (regardless of the fact that it was written in a different language).  In fact, Cisco has discovered that Arista copied hundreds of command descriptions from Cisco into its EOS source code, which completely undermines Arista's claim that it wrote its source code from "a clean sheet of paper." Thus, Arista's use by copying of Cisco's copyrighted works is not a "transformative" use.

Moreover, evidence of Arista's bad faith—a bar to "fair use"—is shown in Cisco's responses to Interrogatory Nos. 2, 3, and 4, where Cisco has detailed Arista's infringement as well as its willful and contributory infringement.  Those responses and the evidence cited therein are incorporated here by reference as evidence of Arista's bad faith, which forecloses Arista's fair use defense.  Additional evidence of bad faith can be found in Arista's CTO's blog postings denigrating Cisco for enforcing its intellectual property rights, proving that Arista's corporate leaders do not respect other company's intellectual property rights and, in fact, encourage the public to follow suit and encourage infringement of others' intellectual property rights.  *See, e.g.*, http://www.arista.com/blogs/?p=1301; http://www.arista.com/blogs/?p=1169; http://www.arista.com/blogs/?p=1096.

Cisco identifies at least the following documents and testimony as containing responsive information that further evidence that Arista's fair use defense is meritless:

- CSI-CLEO3838924
- CSI-CLI-00226710
- CSI-CLI-00358622
- CSI-CLI-00408381
- CSI-CLI-00248571
- CSI-CLI-00178252
- CSI-CLI-00357842
- ARISTANDCA1195413
- ANI-ITC-944_94 0962624
- CSI-ANI-00381280
- CSI-CLEO3838924
- CSI-CLI-00007473
- CSI-CLI-00007244
- CSI-CLI-00006858

- CSI-CLI-00007841
- CSI-CLI-00010517
- CSI-CLI-00008985
- CSI-CLI-00014141
- CSI-CLI-00011973
- CSI-CLI-00018146
- CSI-CLI-00000084
- CSI-CLI-00004616
- CSI-CLI-00020575
- CSI-CLI-00002332
- CSI-CLI-00016001
- ARISTANDCA1199299
- ANI-ITC-944_945-3473603
- CSI-CLI-00016001
- CSI-CLI00608716
- ANI-ITC-944 _ 945-0962624
- ARISTANDCA 10491957
- ARISTANDCA_SW_105998
- ARISTANDCA_SW_105998,
- ARISTANDCA SW_10599845.
- ANI-ITC-944_945-0152061
- ARISTANDCA1199691
- ARISTANDCA12426192.
- ARISTANDCA11417372.
- CSI-ANI-00356028
- CSI-ANI-00381280
- ARISTANDCA1195413.
- ANI-ITC-944_945-1365341
- ARISTANDCA11406349.
- ANI-ITC-944_945-3451012.
- ARISTANDCA1206055.
- ANI-ITC-944_945-3937682
- ARISTANDCA11411864
- ARISTANDCA1141720.
- ANI-ITC-944_945-3453648.
- ARISTANDCA 12060827.
- ARISTANDCA119969.
- ARISTANDCA10499890
- ARISTANDCA10499890;
- ARISTANDCA10499891
- ANI-ITC-944_945-3927203
- ARISTANDCA10526625.
- ARISTANDCA10525014.
- ARISTANDCA1199299.
- ANI-ITC-944_945-3473603.

- ARISTANDCA 10508650.
- ARISTANDCA 10537469
- ARISTANDCA1206372.
- ARISTANDCA104437.
- ARISTANDCA11996066.
- ARISTANDCA10446381.
- ARISTANDCA1194925.
- ANI-ITC-944_945-349442
- ARISTANDCA1200259
- ARISTANDCA1059782
- ARISTANDCA119495
- ANI-ITC-944_945-0006860.
- ARISTANDCA 10384101.
- ANI-ITC-944_945-0009544.
- ANI-ITC-944 945-1688838.
- ARISTANDCA1266331
- ARISTANDCA_SW_105998
- ANI-ITC-944_945-3452525.
- ANI-ITC-944_945-3452525
- CSI-CLI-00540078
- CSI-CLI-00357842
- ARISTANDCA 10430978.
- ARISTANDCA11406349.
- ARISTANDCA12244290.
- ARISTANDCA1224429
- ANI-ITC-944_945-3937682.
- ARISTANDCA1195413.
- CSI-CLI-00540078
- ARISTANDCA12244293
- CSI-ANI-00356028
- CSI-CLI-00356391 - CSI-CLI-00356394
- CSI-CLI-00356385 - CSI-CLI-00356388
- CSI-CLI-00356500 - CSI-CLI-00356501
- CSI-CLI-00356578 - CSI-CLI-00356581
- CSI-CLI-00356538 - CSI-CLI-00356541
- CSI-CLI-00356582 - CSI-CLI-00356587
- CSI-CLI-00356520 - CSI-CLI-00356523
- CSI-CLI-00356550 - CSI-CLI-00356555
- CSI-CLI-00356512 - CSI-CLI-00356515
- CSI-CLI-00356490 - CSI-CLI-00356495
- CSI-CLI-00356508 - CSI-CLI-00356511
- CSI-CLI-00356556 - CSI-CLI-00356561
- CSI-CLI-00356524 - CSI-CLI-00356527
- CSI-CLI-00356486 - CSI-CLI-00356489
- CSI-CLI-00356480 - CSI-CLI-00356483

CASE NO. 5:14-cv-05344-BLF
CISCO'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO ARISTA'S INTERROGATORY NOS. 21, 24 & 25

- CSI-CLI-00356502 - CSI-CLI-00356505
- CSI-CLI-00356528 - CSI-CLI-00356531
- CSI-CLI-00356657 - CSI-CLI-00356660
- CSI-CLI-00356665 - CSI-CLI-00356668
- CSI-CLI-00356661 - CSI-CLI-00356664
- CSI-CLI-00356689 - CSI-CLI-00356692
- CSI-CLI-00356634 - CSI-CLI-00356637
- CSI-CLI-00356685 - CSI-CLI-00356688
- CSI-CLI-00356681 - CSI-CLI-00356684
- CSI-CLI-00356626 - CSI-CLI-00356629
- CSI-CLI-00356693 - CSI-CLI-00356696
- CSI-CLI-00356610 - CSI-CLI-00356613
- CSI-CLI-00356646 - CSI-CLI-00356648
- CSI-CLI-00356599 - CSI-CLI-00356601
- CSI-CLI-00356596 - CSI-CLI-00356598
- CSI-CLI-00356593 - CSI-CLI-00356595
- CSI-CLI-00356395 - CSI-CLI-00356398
- CSI-CLI-00356588 - CSI-CLI-00356591
- CSI-CLI-00356562 - CSI-CLI-00356563
- CSI-CLI-00356496 - CSI-CLI-00356499
- CSI-CLI-00356446 - CSI-CLI-00356549
- CSI-CLI-00356576 - CSI-CLI-00356577
- CSI-CLI-00356516 - CSI-CLI-00356519
- CSI-CLI-00356484 - CSI-CLI-00356485
- CSI-CLI-00356572 - CSI-CLI-00356575
- CSI-CLI-00356506 - CSI-CLI-00356507
- CSI-CLI-00356506 - CSI-CLI-00356508
- CSI-CLI-00356536 - CSI-CLI-00356537
- CSI-CLI-00356542 - CSI-CLI-00356545
- CSI-CLI-00356705 - CSI-CLI-00356705
- CSI-CLI-00356564 - CSI-CLI-00356567
- CSI-CLI-00356532 - CSI-CLI-00356535
- CSI-CLI-00356697 - CSI-CLI-00356700
- CSI-CLI-00356653 - CSI-CLI-00356656
- CSI-CLI-00356618 - CSI-CLI-00356621
- CSI-CLI-00356701 - CSI-CLI-00356704
- CSI-CLI-00356642 - CSI-CLI-00356645
- CSI-CLI-00356638 - CSI-CLI-00356641
- CSI-CLI-00356614 - CSI-CLI-00356617
- CSI-CLI-00356649 - CSI-CLI-00356652
- CSI-CLI-00356602 - CSI-CLI-00356605
- CSI-CLI-00356606 - CSI-CLI-00356609
- CSI-CLI-00356630 - CSI-CLI-00356633
- CSI-CLI-00356622 - CSI-CLI-00356625
- CSI-CLI-00356677 - CSI-CLI-00356680

- CSI-CLI-00356673 - CSI-CLI-00356676
- CSI-CLI-00356669 - CSI-CLI-00356672
- Packet Pushers Clip (Audio File) (Duda Exh. 274).
- Arista's produced source code
- Cisco's produced source code
- Cisco IOS 15.4, Cisco IOS SNMP Support Command Reference at 83 (2013).
- Arista User Manual v. 4.14.3F (Rev. 2) at 1967-68 (Oct. 2, 2014).
- Cisco IOS Configuration Fundamentals Command Reference at CF-522 (Apr. 2010);
- Arista 4.13.6F Manual at 380 (Apr. 2014).
- Deposition Testimony of Jayshree Ullal (Arista President & CEO) at 68:14-69:4, 208:7-210:16, 217:11-21, 223:12-19; 253:14-254:7, 276:10-277:16, 304:12-307:24; 253:14-254:7.
- Deposition Testimony of Kenneth Duda (Arista CTO & SVP of Software Engineering) at 58:8-59:24, 70:4-17, 73:23-75:16, 93:20-95:2, 195:18-197:8, 323:22-324:19, 326:6-329:11; 143:2-145:3, 145:4-151:9, 159:15-23, 176:16-177:17, 350:7-351:6, 150:16-151:9, 176:16-177:16, 145:4-155:20, 176:16-177:17, 350:7-351:25
- Deposition Testimony of Anshul Sadana (Arista SVP of Customer Engineering) at 93:20-103:4, 281:12-20, 108:17-109:4, 242:17-247:19, 267:2-271:24, 272:24-273:5; 51:14-18, 70:24-74:8, 230:24-25;
- Deposition Testimony of Adam Sweeney (Arista VP of Software Engineering) at 257:12-17, 159:9-160:9, 161:8-16, 161:25-162:7, 163:12-164:2, 165:1-6; 223:17-224:12, 175:15-23, 217:12-218:8
- Deposition Testimony of Sweeney (Arista VP of Software Engineering) Tr. at 452:13-20, 452:21-453:5.
- Deposition Testimony of Adam Sweeney (Arista VP of Software Engineering)  at 156:12-19 (May 13, 2016)
- Deposition Testimony of Adam Sweeney (Arista VP of Software Engineering) at 175:15-23, 217:12-218:8 (Jan. 29, 2016).
- Deposition Testimony of Lincoln Dale (Arista Distinguished Engineer) at 272:20-274:24, 215:23-216:7, 216:14-217:4, 222:4-13; 231:5-17, 186:14-187:7, 193:1-25, 194:14-195:2, 195:7-196:2, 267:13-268:5, 271:18-25, 272:11-19
- Deposition Testimony of Hugh Holbrook (Arista VP of Software Engineering) at 84:13-17, 147:25-148:13, 248:8-12; 224:7-19, 241:4-22, 243:6-244:17
- Deposition Testimony of Mark Foxx (Arista SVP of Global Operations & Marketing) at 100:10-12, 100:23-101:2, 112:11-13
- Deposition Testimony of Berly Tr. at 140:25-141
- Deposition Testimony of Lorenz Redlefsen Tr. at 40:1-9
- Deposition Testimony of Hafeez Deposition Tr. at 79:23-80:7,67:8-11, 78:20-25
- Deposition Testimony of Kirk Lougheed Tr. at 338:24-339:9, 331:6-23, 337:17-20  (Apr. 4, 2016).
- Deposition Testimony of Kirk Lougheed Tr. at 128:10-129:19, 145:3-25, 168:21-169:16, 174:5-175:4, 185:13-186:5, 128:10-129:19 (Nov. 20, 2015).
- Roy Deposition Tr. at 24:12-25; 26:2-9; 45:6-20; 47:8-18.
- Patil Deposition Tr. at 161:19-162:1, 186:7-11, 187:1-9 (Feb. 21, 2016).
- Remaker Deposition Tr. at 98:22-99:12, 106:25-107:5, 107:7-12 (Mar. 30, 2016).
- Remaker Deposition Tr. at 114:2-15 (Mar. 31, 2016).

- Deposition Testimony of HP Corporate Representative Tr. at 110:24-112:7 (May 2, 2016).
- Deposition Testimony of Sweeney Deposition Tr. at 416:12-15, 452:3-12.
- Deposition Testimony of Giancarlo
- Deposition Testimony of Bechtolsheim Deposition Rough Tr. at pp. 47:14-50:1
- Deposition Testimony of Sadana Deposition, Exhibit 382
- http://www.cisco.com/c/en/us/products/collateral/ios-nx-os-software/nx-os-software/data_sheet_c78-652063.pdf
- https://www.arista.com/en/products/eos
- Cisco's Responses, supplements, and exhibits to Interrogatory Nos. 16, 19, and 21
- Arista, *EOS: An Extensible Operating System.*
- *See, e.g.*, Business Insider, "Cisco Just Fired Another Shot At Its Hated Rival, An Upstart Formed by Ex-Cisco Employees," Dec. 19, 2014, *available at* http://www.businessinsider.com/cisco-justfied-another-shot-at-arista-2014-12;
- New York Times, "Arista's Chief Executive Counters Cisco Lawsuit," Dec. 10, 2014, *available at* http://bits.blogs.nytimes.com/2014/12/10/aristas-chiefexecutive-counters-cisco-lawsuit/?_r=0.
- QuestNET Conference July 2013, slide 38.
- Arista's responses (and all supplements thereto) to Cisco's Interrogatory No. 10.

## HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY

Cisco's investigation of the subject matter of this interrogatory is ongoing. Cisco therefore reserves the right to supplement this response as additional information becomes available, including information that may be the subject of expert testimony and expert discovery.

## INTERROGATORY NO. 24:

For each CLI Command, mode, hierarchy, prompt, or command response that YOU contend Arista unlawfully copied, identify each and every asserted copyright-registered work in which such CLI Command, mode, hierarchy, prompt, or command response appears, including the registration number for the copyrighted work, the title of the registered computer code and the accompanying documentation, and the Bates number for the page of the filed deposit where the command appears in the copyright-registered work.

## RESPONSE TO INTERROGATORY NO. 24:

Cisco incorporates by reference its General Objections as though fully set forth herein.

Cisco further objects to this interrogatory to the extent that it is cumulative and duplicative of other discovery sought by Arista. Cisco also objects to this interrogatory as compound and unduly burdensome, as it calls for numerous pieces of information. Cisco further objects to this interrogatory as overbroad and unduly burdensome to the extent that it seeks information that is neither relevant to any claim or defense in this litigation nor reasonably likely to lead to the discoverability of admissible evidence. Cisco also objects to this interrogatory as undefined, vague, ambiguous, overbroad, and unduly burdensome in its use of the terms "appears" and "accompanying documentation." Cisco further objects to this interrogatory to the extent it seeks information that is protected by the attorney-client privilege, that constitutes attorney work product, or that is protected by any other applicable privilege, protection, or immunity.

Subject to and without waiver of the foregoing general and specific objections, Cisco responds as follows:

Cisco has already provided information responsive to this interrogatory to Arista in its responses to other interrogatories. Cisco incorporates by reference herein the operative complaint in this case and all documents cited therein. Cisco furthermore incorporates by reference herein its Responses to Interrogatory Nos. 2, 16, and 18.

Because the burden of locating the information sought by this interrogatory is the same for Arista as it is for Cisco, pursuant to Fed. R. Civ. P. 33(d), Cisco identifies the documents cited and referenced in Cisco's Responses to Interrogatory Nos. 2, 16, and 18, as well as the documents cited and referenced in Cisco's operative complaint and the exhibits thereto.

Cisco's investigation is ongoing. Cisco will supplement its response to this interrogatory based on its further investigation and based on expert discovery.

**CORRECTED SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 24:**

Subject to and without waiver of its general and specific objections, Cisco further responds as follows:

Cisco objects to the terms "modes, hierarchies, prompts, responses" as vague, ambiguous, and overbroad, and to the extent that these terms call for expert opinion or legal conclusions.

Because the burden of locating the information sought by this interrogatory is the same for Arista as it is for Cisco, pursuant to Fed. R. Civ. P. 33(d), Cisco identifies the documents cited and referenced in Cisco's Responses to Interrogatory Nos. 2, 6, 16, 18 and 19, as well as the documents cited and referenced in Cisco's operative complaint and the exhibits thereto. Cisco additionally identifies the following previously-produced business records from which this information can be derived:

| Registered Work | Registration No. | Related Documents |
|---|---|---|
| Cisco IOS 11.0 | TXu 1-036-057 | CSI-CLI-00356391 - CSI-CLI-00356394; CSI-CLI-00356395 - CSI-CLI-00356398; CSI-CLI-00403865; Source Code |
| Cisco IOS 11.1 | TX 5-531-435; TXu1-048-569 | CSI-CLI-00356385 - CSI-CLI-00356388; CSI-CLI-00356588 - CSI-CLI-00356591; CSI-CLI-00356500 - CSI-CLI-00356501; CSI-CLI-00356562 - CSI-CLI-00356563 CSI-CLI-00403866; Source Code |
| Cisco IOS 11.2 | TXu1-036-063 | CSI-CLI-00356578 - CSI-CLI-00356581; CSI-CLI-00356496 - CSI-CLI-00356499; CSI-CLI-00403867; Source Code |
| Cisco IOS 11.3 | TXu1-036-062; TXu1-057-804 | CSI-CLI-00356538 - CSI-CLI-00356541; CSI-CLI-00356446 - CSI-CLI-00356549; CSI-CLI-00356582 - CSI-CLI-00356587; CSI-CLI-00356576 - CSI-CLI-00356577; CSI-CLI-00403868; Source Code |

| Registered Work | Registration No. | Related Documents |
|---|---|---|
| Cisco IOS 12.0 | TXu1-036-064;<br>TXu1-057-805 | CSI-CLI-00356520 - CSI-CLI-00356523;<br>CSI-CLI-00356516 - CSI-CLI-00356519;<br>CSI-CLI-00356550 - CSI-CLI-00356555;<br>CSI-CLI-00356484 - CSI-CLI-00356485;<br>CSI-CLI-00403869; Source Code |
| Cisco IOS 12.1 | TXu1-036-066;<br>TXu1-057-807 | CSI-CLI-00356512 - CSI-CLI-00356515;<br>CSI-CLI-00356572 - CSI-CLI-00356575;<br>CSI-CLI-00356490 - CSI-CLI-00356495;<br>CSI-CLI-00356506 - CSI-CLI-00356507;<br>CSI-CLI-00403870; Source Code |
| Cisco IOS 12.2 | TXu1-036-065;<br>TXu1-057-806 | CSI-CLI-00356508 - CSI-CLI-00356511;<br>CSI-CLI-00356568 - CSI-CLI-00356571;<br>CSI-CLI-00356556 - CSI-CLI-00356561;<br>CSI-CLI-00356536 - CSI-CLI-00356537;<br>CSI-CLI-00403871; Source Code |
| Cisco IOS 12.3 | TXu1-188-975 | CSI-CLI-00356524 - CSI-CLI-00356527;<br>CSI-CLI-00356524 - CSI-CLI-00356527;<br>CSI-CLI-00403872; CSI-CLI-00403874; Source Code |
| Cisco IOS 12.4 | TXu1-259-162 | CSI-CLI-00356486 - CSI-CLI-00356489;<br>CSI-CLI-00356705 - CSI-CLI-00356708;<br>CSI-CLI-00403873; Source Code |
| Cisco IOS 15.0 | TX 7-938-524 | CSI-CLI-00356480 - CSI-CLI-00356483; CSI-CLI-00356564 - CSI-CLI-00356567;<br>CSI-CLI-00054598 - CSI-CLI-00351948; Source Code |

| Registered Work | Registration No. | Related Documents |
|---|---|---|
| Cisco IOS 15.1 | TX 7-938-525 | CSI-CLI-00356502 - CSI-CLI-00356505; CSI-CLI-00356532 - CSI-CLI-00356535; CSI-CLI-00034689 - CSI-CLI-00354832; Source Code |
| Cisco IOS 15.2 | TX 7-937-159 | CSI-CLI-00356528 - CSI-CLI-00356531; CSI-CLI-00356697 - CSI-CLI-00356700; CSI-CLI-00024968 - CSI-CLI-00294561; Source Code |
| Cisco IOS 15.4 | TX 7-938-341 | CSI-CLI-00356657 - CSI-CLI-00356660; CSI-CLI-00356653 - CSI-CLI-00356656; CSI-CLI-00074114 - CSI-CLI-00332892; Source Code |
| Cisco IOS XR 3.0 | TXu1-237-896 | CSI-CLI-00356665 - CSI-CLI-00356668; CSI-CLI-00356618 - CSI-CLI-00356621; CSI-CLI-00359263 - CSI-CLI-00362850; Source Code |
| Cisco IOS XR 3.2 | TXu1-270-592 | CSI-CLI-00356661 - CSI-CLI-00356664; CSI-CLI-00356701 - CSI-CLI-00356704; CSI-CLI-00362851 - CSI-CLI-00370474; Source Code |
| Cisco IOS XR 3.3 | TXu1-336-997 | CSI-CLI-00356689 - CSI-CLI-00356692; CSI-CLI-00356642 - CSI-CLI-00356645; CSI-CLI-00370475 - CSI-CLI-00380671; Source Code |

| Registered Work | Registration No. | Related Documents |
|---|---|---|
| Cisco IOS XR 3.4 | TXu1-344-750 | CSI-CLI-00356634 - CSI-CLI-00356637; CSI-CLI-00356638 - CSI-CLI-00356641; CSI-CLI-00380672 - CSI-CLI-00389726; Source Code |
| Cisco IOS XR 3.5 | TXu1-592-305 | CSI-CLI-00356685 - CSI-CLI-00356688; CSI-CLI-00356614 - CSI-CLI-00356617; CSI-CLI-00389728 - CSI-CLI-00403864; Source Code |
| Cisco IOS XR 4.3 | TX 7-933-364 | CSI-CLI-00356681 - CSI-CLI-00356684; CSI-CLI-00356649 - CSI-CLI-00356652; CSI-CLI-00099911 - CSI-CLI-00173412; Source Code |
| Cisco IOS XR 5.2 | TX 7-933-353 | CSI-CLI-00356626 - CSI-CLI-00356629; CSI-CLI-00356602 - CSI-CLI-00356605; CSI-CLI-00110638 - CSI-CLI-00191711; Source Code |
| Cisco IOS XE 2.1 | TX 7-937-240 | CSI-CLI-00356693 - CSI-CLI-00356696; CSI-CLI-00356606 - CSI-CLI-00356609; CSI-CLI-00229755 - CSI-CLI-00325496; Source Code |
| Cisco IOS XE 3.5 | TX 7-937-234 | CSI-CLI-00356610 - CSI-CLI-00356613; CSI-CLI-00356630 - CSI-CLI-00356633; CSI-CLI-00180764 - CSI-CLI-00313894; Source Code |
| Cisco NX-OS 4.0 | TX 7-940-713 | CSI-CLI-00356646 - CSI-CLI-00356648; CSI-CLI-00356622 - CSI-CLI-00356625; CSI-CLI-00054566 - CSI-CLI-00054597; |

| Registered Work | Registration No. | Related Documents |
|---|---|---|
| | | CSI-CLI-00191712 - CSI-CLI-00207082; Source Code |
| Cisco NX-OS 5.0 | TX 7-940-718 | CSI-CLI-00356599 - CSI-CLI-00356601; CSI-CLI-00356677 - CSI-CLI-00356680; CSI-CLI-00173413 - CSI-CLI-00216955; Source Code |
| Cisco NS-OX 5.2 | TX 7-940-727 | CSI-CLI-00356596 - CSI-CLI-00356598; CSI-CLI-00356673 - CSI-CLI-00356676; CSI-CLI-00176460 - CSI-CLI-00202928; Source Code |
| Cisco NS-OX 6.2 | TX 7-940-722 | CSI-CLI-00356593 - CSI-CLI-00356595; CSI-CLI-00356669 - CSI-CLI-00356672; CSI-CLI-00178218 - CSI-CLI-00216925; Source Code |

Cisco's investigation of the subject matter of this interrogatory is ongoing. Cisco therefore reserves the right to supplement this response as additional information becomes available, including information that may be the subject of expert testimony and expert discovery.

**INTERROGATORY NO. 25:**

For each copyright-registered work that Cisco alleges Arista unlawfully copied, identify the total number of commands, modes, hierarchies, prompts, responses, and lines of software code in the work.

1 **RESPONSE TO INTERROGATORY NO. 25:**

2    Cisco incorporates by reference its General Objections as though fully set forth herein.

3    Cisco further objects to this interrogatory to the extent that it is cumulative and duplicative

4  of other discovery sought by Arista.  Cisco also objects to this interrogatory as compound and

5  unduly burdensome, as it calls for numerous pieces of information.  Cisco further objects to this

6  interrogatory as overbroad and unduly burdensome to the extent that it seeks information that is

7  neither relevant to any claim or defense in this litigation nor reasonably likely to lead to the

8  discoverability of admissible evidence. Cisco further objects to this interrogatory to the extent it

9  seeks information that is protected by the attorney-client privilege, that constitutes attorney  work

10 product, or that is protected by any other applicable privilege, protection, or immunity.

11    Subject to and without waiver of the foregoing general and specific objections, Cisco

12 responds as follows:

13    Cisco has already provided information responsive to this interrogatory to Arista in its

14 complaint and in its responses to other interrogatories.  Cisco therefore incorporates by reference

15 herein the operative complaint in this case and all documents cited therein.  Cisco furthermore

16 incorporates by reference herein its Responses to Interrogatory Nos. 2, 16, and 18.

17    Because the burden of locating the information sought by this interrogatory is the same for

18 Arista as it is for Cisco, pursuant to Fed. R. Civ. P. 33(d), Cisco identifies the documents cited and

19 referenced in Cisco's Responses to Interrogatory Nos. 2, 16, and 18, as well as the documents

20 cited and referenced in Cisco's operative complaint and the exhibits thereto.

21    Cisco's investigation is ongoing.  Cisco will supplement its response to this interrogatory

22 based on its further investigation and based on expert discovery.

23

24 **CORRECTED SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 25:**

25    Subject to and without waiver of its general and specific objections, Cisco further responds

26 as follows:

27

28

Cisco objects to the terms "modes, hierarchies, prompts, responses" as vague, ambiguous, and overbroad, and to the extent that these terms call for expert opinion or legal conclusions.

Because the burden of locating the information sought by this interrogatory is the same for Arista as it is for Cisco, pursuant to Fed. R. Civ. P. 33(d), Cisco identifies the documents cited and referenced in Cisco's Responses to Interrogatory Nos. 2, 7, 16, 18, and 24, as well as the documents cited and referenced in Cisco's operative complaint and the exhibits thereto. Cisco additionally identifies the following previously-produced business records from which this information can be derived:

| Registered Work | Registration No. | Related Documents |
|---|---|---|
| Cisco IOS 11.0 | TXu 1-036-057 | CSI-CLI-00403865; Source Code |
| Cisco IOS 11.1 | TX 5-531-435; TXu1-048-569 | CSI-CLI-00403866; Source Code |
| Cisco IOS 11.2 | TXu1-036-063 | CSI-CLI-00403867; Source Code |
| Cisco IOS 11.3 | TXu1-036-062; TXu1-057-804 | CSI-CLI-00403868; Source Code |
| Cisco IOS 12.0 | TXu1-036-064; TXu1-057-805 | CSI-CLI-00403869; Source Code |
| Cisco IOS 12.1 | TXu1-036-066; TXu1-057-807 | CSI-CLI-00403870; Source Code |
| Cisco IOS 12.2 | TXu1-036-065; TXu1-057-806 | CSI-CLI-00403871; Source Code |
| Cisco IOS 12.3 | TXu1-188-975 | CSI-CLI-00403872; CSI-CLI-00403874; Source Code |
| Cisco IOS 12.4 | TXu1-259-162 | CSI-CLI-00403873; Source Code |
| Cisco IOS 15.0 | TX 7-938-524 | CSI-CLI-00054598 - CSI-CLI-00351948; Source Code |

| Registered Work | Registration No. | Related Documents |
|---|---|---|
| Cisco IOS 15.1 | TX 7-938-525 | CSI-CLI-00034689 - CSI-CLI-00354832; Source Code |
| Cisco IOS 15.2 | TX 7-937-159 | CSI-CLI-00024968 - CSI-CLI-00294561; Source Code |
| Cisco IOS 15.4 | TX 7-938-341 | CSI-CLI-00074114 - CSI-CLI-00332892; Source Code |
| Cisco IOS XR 3.0 | TXu1-237-896 | CSI-CLI-00359263 - CSI-CLI-00362850; Source Code |
| Cisco IOS XR 3.2 | TXu1-270-592 | CSI-CLI-00362851 - CSI-CLI-00370474; Source Code |
| Cisco IOS XR 3.3 | TXu1-336-997 | CSI-CLI-00370475 - CSI-CLI-00380671; Source Code |
| Cisco IOS XR 3.4 | TXu1-344-750 | CSI-CLI-00380672 - CSI-CLI-00389726; Source Code |
| Cisco IOS XR 3.5 | TXu1-592-305 | CSI-CLI-00389728 - CSI-CLI-00403864; Source Code |
| Cisco IOS XR 4.3 | TX 7-933-364 | CSI-CLI-00099911 - CSI-CLI-00173412; Source Code |
| Cisco IOS XR 5.2 | TX 7-933-353 | CSI-CLI-00110638 - CSI-CLI-00191711; Source Code |
| Cisco IOS XE 2.1 | TX 7-937-240 | CSI-CLI-00229755 - CSI-CLI-00325496; Source Code |
| Cisco IOS XE 3.5 | TX 7-937-234 | CSI-CLI-00180764 - CSI-CLI-00313894; Source Code |

| Registered Work | Registration No. | Related Documents |
|---|---|---|
| Cisco NX-OS 4.0 | TX 7-940-713 | CSI-CLI-00054566 - CSI-CLI-00054597; CSI-CLI-00191712 - CSI-CLI-00207082; Source Code |
| Cisco NX-OS 5.0 | TX 7-940-718 | CSI-CLI-00173413 - CSI-CLI-00216955; Source Code |
| Cisco NS-OX 5.2 | TX 7-940-727 | CSI-CLI-00176460 - CSI-CLI-00202928; Source Code |
| Cisco NS-OX 6.2 | TX 7-940-722 | CSI-CLI-00178218 - CSI-CLI-00216925; Source Code |

Cisco's investigation of the subject matter of this interrogatory is ongoing. Cisco therefore reserves the right to supplement this response as additional information becomes available, including information that may be the subject of expert testimony and expert discovery.

DATED:  June 3, 2016                    Respectfully submitted,


                                        /s/  Sean S. Pak

                                        Kathleen Sullivan (SBN 242261)
                                        kathleensullivan@quinnemanuel.com
                                        QUINN EMANUEL URQUHART &
                                        SULLIVAN LLP
                                        51 Madison Avenue, 22nd Floor
                                        New York, NY 10010
                                        Telephone: (212) 849-7000
                                        Facsimile: (212) 849-7100


                                        Sean S. Pak (SBN 219032)
                                        seanpak@quinnemanuel.com
                                        John M. Neukom (SBN 275887)
                                        johnneukom@quinnemanuel.com.
                                        QUINN EMANUEL URQUHART &
                                        SULLIVAN LLP
                                        50 California Street, 22nd Floor
                                        San Francisco, CA 94111

Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Mark Tung (SBN 245782)
marktung@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven Cherny (admitted *pro hac vice*)
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

**PROOF OF SERVICE**

I hereby certify that, at the date entered below, I caused a true and correct copy of the foregoing to be served by transmission via the email addresses below:

| | |
|---|---|
| Juanita R. Brooks | Brian L. Ferrall |
| brooks@fr.com | blf@kvn.com |
| Fish & Richardson P.C. | Michael S. Kwun |
| 12390 El Camino Real | mkwun@kvn.com |
| San Diego, CA 92130-2081 | David J. Silbert |
| | djs@kvn.com |
| Kelly C. Hunsaker | Robert Van Nest |
| hunsaker@fr.com | rvannest@kvn.com |
| Fish & Richardson PC | arista-kvn@kvn.com |
| 500 Arguello Street, Suite 500 | Keker & Van Nest LLP |
| Redwood City, CA 94063 | 633 Battery Street |
| | San Francisco, CA 94111-1809 |
| Ruffin B. Cordell | Susan Chreighton |
| cordell@fr.com | screighton@wsgr.com |
| Lauren A. Degnan | Scott Andrew Sher |
| degnan@fr.com | ssher@wsgr.com |
| Michael J. McKeon | Wilson Sonsini Goodrich Rosati |
| mckeon@fr.com | 1700 K Street |
| Fish & Richardson PC | |
| 1425 K Street NW | Washington, DC 20006 |
| 11th Floor | |
| Washington, DC 20005 | |

I declare under penalty of perjury that the foregoing is true and correct.  Executed on June 3, 2016, at San Francisco, California.

*/s/ Catherine R. Lacey*

Catherine R. Lacey