# EXHIBIT W

# EXHIBIT 13
# UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARISTA NETWORKS, INC., <br><br> Defendant. | Case No. 5:14-cv-05344-BLF (PSG) <br><br> **REBUTTAL EXPERT REPORT OF DOUGLAS W. CLARK REGARDING CONCEPTION AND REDUCTION TO PRACTICE OF U.S. PATENT NO. 7,047,526** |

**CONTAINS MATERIAL DESIGNATED HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY**

Executed on the 17th of June 2016 in in Philadelphia, PA.

*/s/ Douglas W. Clark*

Douglas W. Clark

**TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ..................................................................................................................1

II.  LEGAL STANDARDS ........................................................................................................2

III.  TECHNICAL BACKGROUND............................................................................................4

IV.  THE EVIDENCE DOES NOT SUPPORT DR. JEFFAY'S OPINION THAT THE '526 PATENT WAS CONCEIVED OF AND REDUCED TO PRACTICE NO LATER THAN NOVEMBER 17, 1999 ........................................................................4

    A.    The Cited Documents do not Show that Cisco Conceived or Reduced to Practice the Command Parser of the '526 Patent.......................................................5

    B.    The Cited Documents do not Show that Cisco Conceived or Reduced to Practice Many Other Limitations of the '526 Patent. ................................................8

V.  CONCLUSION......................................................................................................................8

i

**I.     INTRODUCTION**

1. I am the same Douglas W. Clark who was retained by counsel for Defendant Arista Networks Inc. ("Arista") in this case to analyze and opine on the validity of U.S. Patent No. 7,047,526 ("the '526 patent"), asserted in this matter by Plaintiff Cisco Systems, Inc. ("Cisco"), and who previously submitted an expert report on June 3, 2016, setting forth my opinions regarding the invalidity of the '526 patent (the "Clark Invalidity Report"). I incorporate herein by reference the description of my professional background, experience, and qualifications in the Clark Invalidity Report, as well as my curriculum vitae attached thereto.

2. I have reviewed and evaluated paragraphs 65 through 69 of the Opening Expert Report of Kevin Jeffay, Ph.D. Regarding Infringement of U.S. Patent No. 7,047,526 ("the Jeffay Report"), which was submitted on behalf of Cisco. This rebuttal report addresses Dr. Jeffay's opinion that the '526 patent was conceived of and reduced to practice no later than November 17, 1999.

3. I am being compensated for my work in this matter at my standard rate of $700 per hour and am being reimbursed for any expenses incurred in relation to my work on this matter. My compensation is not contingent upon the outcome of this matter or the substance of my testimony.

4. I expect to be called to provide expert testimony regarding opinions formed as a result of my analysis of the issues considered in this report if asked to do so by the Court or counsel for Arista.

5. In reaching the conclusions described herein, I have considered the documents and materials identified in Exhibit A. My opinions are also based upon my education, training, research, knowledge, and personal and professional experience.

6. I reserve the right to modify or supplement my opinions, as well as the basis for my opinions, in light of any documents, testimony, expert opinions, or other evidence or information that may emerge during the course of this litigation, including any depositions that have yet to be taken.

## II. LEGAL STANDARDS

7. I have been informed by counsel for Arista of the relevant legal standards that apply in evaluating conception and reduction to practice. I am not an attorney and am relying only on instructions from Arista's attorneys for these legal standards.

8. I understand that in order to prove conception of the claims of a patent, a party must show that every feature and limitation of the anticipated invention was conceived by the inventor. I further understand that proving conception requires corroborating evidence.

9. I understand that in order to establish that a patented invention was reduced to practice, a party must show that the inventor constructed an embodiment or performed a process that met all of the claim limitations. I further understand that proving reduction to practice requires showing that the inventor determined that the invention would work for its intended purpose.

10. In addition, I have read and considered the Court's Claim Construction Order, and have noted the Court's constructions below:

| Term | Court's Construction |
|---|---|
| "management programs" | "tools or agents configured to execute user-directed commands having their own respective command formats that provide management functions." <br><br> The Court's order also states that: "The Court shares Arista's concern that Cisco's construction may allow for an interpretation that covers situations that were never intended to be directed by a user in the first place. Markman Tr. at |

2

| Term | Court's Construction |
|---|---|
| | 63:25-64:10. In order to avoid those situations, the Court includes 'user-directed commands' in the construction of management programs. The inclusion of 'user-directed' does not exclude embodiments disclosing inputs by computers as those embodiments disclose computer inputs that were user-directed. The inclusion of 'user-directed' reflects that the purpose of the invention is to simplify user-directed commands." |
| "generic command" | "command that provides an abstraction of the tool-specific command formats and syntax, enabling a user to issue the command based on the relative functions, as opposed to the specific syntax for a corresponding tool" |
| "command parse tree" | "a hierarchical data structure." |
| "the validating step including identifying one of the elements as a best match relative to the generic command" | Plain and ordinary meaning (except for terms appearing within the phrase already construed by the Court). The Court's order also states that: "the plain and ordinary meaning of the term accurately conveys that the validating step is not limited to valid commands but also includes situations involving invalid commands." |
| "the command parse tree having elements each specifying at least one corresponding generic command component and a corresponding at least one command action value" | "command action value": "a value that identifies a prescribed command." the entire phrase: "the command parse tree having elements, such that each element specifies at least one command action value for each generic command component." |

3

| Term | Court's Construction |
|---|---|
| "means for validating a generic command received from a user, the validating means configured for specifying valid generic commands relative to a prescribed generic command format and having elements each specifying at least one corresponding generic command component and a corresponding at least one command action value, the validating means identifying one of the elements as a best match relative to the generic command" | Functions:<br><br>(1) validating a generic command received from a user<br><br>(2) specifying valid generic commands relative to a prescribed generic command format,<br><br>(3) having elements each specifying at least one corresponding generic component and a corresponding at least one command action value, and<br><br>(4) identifying one of the elements as a best match relative to the generic command.<br><br>Structure: Parser 14 in Figure 2, which includes the command word translation table 20 and the command parse tree 22, as described in 3:36- 61, and equivalents.  Figure 3 is an alternative embodiment. |

## III.   TECHNICAL BACKGROUND

11. I hereby incorporate by reference the technical background provided in paragraphs 44 through 58 of the Clark Invalidity Report, as well as the overview of the '526 Patent provided in paragraphs 59 through 64 of that Report.

## IV.   THE EVIDENCE DOES NOT SUPPORT DR. JEFFAY'S OPINION THAT THE '526 PATENT WAS CONCEIVED OF AND REDUCED TO PRACTICE NO LATER THAN NOVEMBER 17, 1999

12. Dr. Jeffay relies on three documents to support his opinion that the '526 patent was conceived and reduced to practice by November 17, 1999: (1) UM CLI For R4.1/ Internal Design ("UMCLI ID"), which was produced at CSI-CLI-00023639 and is attached hereto as Exhibit B; (2) the deposition transcript of inventor Jeffrey Wheeler; and (3) the deposition transcript of inventor Paul Mustoe.  In my opinion, these documents, whether considered