| | | |
|---|---|---|
| 1 | KEKER & VAN NEST LLP | SUSAN CREIGHTON, SBN 135528 |
| 2 | ROBERT A. VAN NEST - #84065<br>BRIAN L. FERRALL - #160847 | SCOTT A. SHER, SBN 190053<br>WILSON SONSINI GOODRICH & ROSATI |
| 3 | DAVID SILBERT - #173128<br>MICHAEL S. KWUN - #198945 | Professional Corporation<br>1700 K Street NW, Fifth Floor |
| 4 | 633 Battery Street<br>San Francisco, CA 94111-1809 | Washington, D.C., 20006-3817<br>Telephone:  (202) 973-8800 |
| 5 | Telephone:    (415) 391-5400<br>Email:  rvannest@kvn.com; | Email:  screighton@wsgr.com;<br>ssher@wsgr.com |
| 6 | bferrall@kvn.com; dsilbert@kvn.com;<br>mkwun@kvn.com | |

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>             Plaintiff,<br><br>       v.<br><br>ARISTA NETWORKS, INC.,<br><br>             Defendant. | Case No. 5:14-cv-05344-BLF (NC)<br><br>**ARISTA'S OPPOSITION TO CISCO'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE NON-INFRINGEMENT THEORY**<br><br>Judge:      Hon. Beth Labson Freeman<br><br>Date Filed:  December 5, 2014<br><br>Trial Date:  November 21, 2016 |

**REDACTED PUBLIC VERSION**

ARISTA'S OPPOSITION TO CISCO'S MOTION *IN LIMINE* NO. 4
TO EXCLUDE NON-INFRINGEMENT THEORY
Case No. 5:14-cv-05344-BLF (NC)

1117469

I.      INTRODUCTION

Cisco's Motion *in Limine* No. 4 may set a new bar for "chutzpah." It seeks to prevent the jury from learning that more than half of the "Arista CLI commands" that Cisco's expert Dr. Almeroth accuses of infringement are not actually Arista CLI commands at all—meaning that, if they were typed into an Arista switch, the switch would not accept them. Cisco thus hopes to obtain a verdict of *verbatim* copying based on lawyer-created adaptations of CLI commands that no real-life Arista switch would accept, designed to obscure the differences between the commands actually parsed by Arista switches and those used by Cisco.

No rule requires the judgment to rest on such a fictitious record, and basic principles of due process and fair play prohibit it. Cisco, of course, has known from the beginning that it altered the actual commands accepted by Arista switches to create its infringement contentions. And if Cisco somehow failed to appreciate this fact (which defies credulity), Arista informed Cisco of it *over a year ago* in *three* separate interrogatory responses, where Arista made plain that the differences between Arista's actual CLI commands and the asserted Cisco commands precluded a finding of infringement. *See, e.g.,* ECF 530-15 (Ex. 5 to the Jenkins Declaration) at 9:10–12 (stating as one of the factual bases for Arista's copyright defenses that "[t]he syntax of each accused CLI command and the parameters and functionality each command supports are also different between EOS and IOS."), 229:27–230:1 (identifying the same facts as support for Arista's fair use defense). For these reasons alone, Cisco's Motion *in Limine* No. 4 should be denied in its entirety.

And if that were not enough, Dr. Black must also be allowed to rebut the new assertion by Dr. Almeroth in his opening expert report that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Dr. Black properly responded to this newly disclosed and false assertion ▮▮▮▮▮▮▮▮▮▮ in Dr. Almeroth's Opening Report by showing, on a command-by-command basis, that the majority of Arista CLI commands are *not identical* to Cisco commands due to differences in command syntax that Cisco intentionally omitted from its listing of purported "Arista commands." This is precisely the type of opinion that a rebuttal expert report is supposed to contain. And the factual

1

ARISTA'S OPPOSITION TO CISCO'S MOTION *IN LIMINE* NO. 4
TO EXCLUDE NON-INFRINGEMENT THEORY
Case No. 5:14-cv-05344-BLF (NC)

1117469

1 basis for it was not only publicly available and known to Cisco before it even filed this action, but
2 disclosed by Arista in discovery multiple times. For these reasons, Cisco's Motion *in Limine* No.
3 4 to exclude Dr. Black from testifying about command-syntax differences should be denied.

## II. ARGUMENT

### A. Dr. Black's opinion on differences between the accused and asserted CLI commands was timely disclosed multiple times during fact discovery.

Cisco's Motion *in Limine* No. 4 seeks to prevent the jury from learning that most of the "Arista CLI commands" that Cisco's expert Dr. Almeroth has accused of infringement are not commands that any Arista switch would accept, because Cisco and Dr. Almeroth omitted words and parameters from those "commands." *See* Mot. at 2:23–26 (seeking exclusion of Paragraphs 95, 136, 138, 177, 178, footnote 31, and Appendix N of Dr. Black's Rebuttal Report). As Arista's expert Dr. Black explained in his Rebuttal Report, he identified, on a command-by-command basis, the differences between the "commands" discussed by Dr. Almeroth and Arista's actual commands to show that "the actual CLI commands supported by the Arista EOS CLI [are], for the vast majority of accused command abstractions, very different and far more complicated from what Prof. Almeroth lists out and accuses ***in his Exhibit Copying-2*** [attached to Dr. Almeroth's Opening Report]." *See* ECF 530-22 to 530-30 (Jenkins Decl. Ex. 11) ("Rebuttal Report") at ¶ 95 (emphasis added).

To demonstrate these differences, Dr. Black created Appendix N to his Rebuttal Report, which identifies each asserted Cisco command, the corresponding purported "Arista command," and the actual command that an Arista switch will accept (following the exact same approach that Dr. Almeroth used in creating "Exhibit Copying-2" to his Opening Report). *Id.* at Appx. N; *see also* Wong Decl. Ex. 23 (Exhibit-Copying 2 to Dr. Almeroth's Opening Report).[1] All of the Rebuttal Report paragraphs targeted by Cisco's Motion (95, 136, 138, 177, 178, and footnote 31) discuss the command-syntax differences shown in Appendix N, rebut specific opinions in Dr. Almeroth's Opening Report, and explain how the true facts support Arista's copyright defenses.

---

[1] *See* Declaration of Ryan Wong in Support of Arista Network's Oppositions to Cisco's Motions *in Limine* Nos. 1–5 ("Wong Decl.").

2

ARISTA'S OPPOSITION TO CISCO'S MOTION *IN LIMINE* NO. 4
TO EXCLUDE NON-INFRINGEMENT THEORY
Case No. 5:14-cv-05344-BLF (NC)

1117469

1      These facts were neither new nor unknown to Cisco.  Rather, Cisco has known since at

2 least mid-September 2015—over eight months before fact discovery closed—that Arista

3 contended the accused Arista CLI commands differ in syntax from the asserted Cisco CLI

4 commands, and that those differences preclude a finding of copyright infringement.  In fact, Cisco

5 served an infringement-related interrogatory on the specific question of verbatim copying, asking

6 Arista to "[i]dentify each command in EOS CLI that is identical to a command in Cisco IOS

7 CLI."  *See* Wong Decl. Ex. 24 (Cisco Interrog. No. 6).  In its second supplemental response to

8 this interrogatory served on September 18, 2015, Arista told Cisco that the accused Arista CLI

9 commands were *not* identical to the asserted Cisco commands because of syntax differences,

10 including different command prefixes and parameters:

> [T]he accused CLI commands supported by EOS *differ in syntax* from commands supported by Cisco IOS, and may use *different command prefixe*s (*e.g.*, EOS CLI command reference guides show "no" and "default" as separate command prefixes for many commands, while IOS CLI command reference guides may not) and/or use an entirely *different set of command parameters* (*e.g.*, compare "clear ip bgp [ACTION] [RESET_TYPE] [DATA_FLOW] [VRF_INSTANCE]" in EOS with "clear ip bgp {* | all | autonomous-system-number | neighbor-address | peer-group group-name} [in [prefix-filter] | out | slow | soft [in [prefix-filter] | out | slow]]" in IOS). These syntax differences between EOS and IOS commands are shown in the respective command reference manuals for EOS and IOS, and often reflect differences in functionality between vendor equipment (e.g., the "clear ip bpg" example above includes a "slow" parameter in the IOS command syntax which, per Cisco's command reference manual, "[c]lears slow-peer status forcefully and moves it to original update group"; the "clear ip bpg" EOS command syntax example does not have a parameter that triggers that function).

19 *Id*. Ex. 25 (Arista's 2nd Suppl. Resp. to Interrog. No. 6) (emphasis added).  As shown above,

20 Arista also provided specific and detailed examples of what it meant by "differ[ences] in syntax"

21 and noted that these differences for all asserted and accused commands "are shown in the

22 respective command reference manuals for EOS and IOS"—the very same publicly available

23 manuals that Cisco produced and cited for its infringement accusations.  *Id.*

24      Arista then *explicitly* tied these command-syntax differences to its copyright-infringement

25 defenses in the same set of supplemental discovery responses, making clear that the differences in

26 command syntax were part of the "factual bases" underlying Arista's defenses to Cisco's

27 copyright assertions.  Specifically, Cisco's Interrogatory No. 10 asked Arista to "[e]xplain in

28 detail all factual and legal bases for any contention by You that You have not infringed Cisco's

3

ARISTA'S OPPOSITION TO CISCO'S MOTION *IN LIMINE* NO. 4
TO EXCLUDE NON-INFRINGEMENT THEORY
Case No. 5:14-cv-05344-BLF (NC)

1117469

1  copyrights in Cisco IOS." *Id.* (Arista's 1st Suppl. Resp. to Interrog. No. 10).  In its September 18,
2  2015 supplemental response to that request, Arista informed Cisco that one of the factual bases
3  for non-infringement was that "[t]he ***syntax*** of each accused CLI command ***and the parameters***
4  and functionality each command supports ***are also different*** between EOS and IOS." *Id.*
5  (emphasis added).

6  Arista then disclosed this non-infringement theory based on differences in CLI command
7  syntax a ***third*** time in its November 10, 2015 supplemental response to Interrogatory No. 12,
8  which asked Arista to "[e]xplain in detail all factual and legal bases for Your contention that any
9  use Arista made of Cisco's copyrighted material was a fair use." *Id.* Ex. 26 (Arista's 1st Suppl.
10 Resp. to Interrog. No. 12).  Arista responded to that request by stating again that "[t]he syntax of
11 each accused CLI command and the parameters . . . are also different between EOS and IOS," and
12 that those differences supported Arista's fair use defense. *Id.*

13 Each of these disclosures was made by Arista long before the close of fact discovery.
14 Moreover, contrary to Cisco's Motion, Cisco was well aware of Arista's position on this issue—
15 indeed, it pursued additional discovery into the differences between the accused and asserted CLI
16 commands, asking Arista engineer Adam Sweeney about them at his January 2016 deposition.
17 *See* Wong Decl. Ex. 27 (Jan. 29, 2016 Sweeney Depo. Tr.) at 97:10 to 112:24.  Dr. Black then
18 addressed these differences in both his Opening Report[2]—which Cisco does not challenge—and
19 in his Rebuttal Report, to respond to the new opinions presented by Cisco's expert, Dr. Almeroth.
20 Cisco then specifically asked Dr. Black about these opinions, including Appendix N to his
21 Rebuttal Report, at his deposition.  *See id.* Ex. 28 (Black Depo. Tr.) at 276:1–283:12.  Therefore,
22 Cisco's assertion that it had "no chance to conduct" discovery into this issue is false.

23 In sum, there is no basis whatsoever for Cisco's argument that Arista failed to timely
24 disclose command-syntax differences as a basis for its copyright non-infringement positions,
25 including fair use.  Cisco motion *in limine* should be denied in its entirety.

---

[2] *See* Wong Decl. Ex. 29 (Dr. Black's Opening Report dated June 3, 2016) at ¶¶ 116, 491–92, and footnote 54 (noting that many accused Arista commands are "partial" commands "missing additional parameters"—a fact that "can be seen when comparing the list" of asserted commands "to the command reference user documentation pertaining to each such command.").

4
ARISTA'S OPPOSITION TO CISCO'S MOTION *IN LIMINE* NO. 4
TO EXCLUDE NON-INFRINGEMENT THEORY
Case No. 5:14-cv-05344-BLF (NC)

1117469

**B.  Dr. Black's challenged opinions are also admissible because they rebut new opinions first disclosed in Dr. Almeroth's Opening Expert Report.**

Dr. Black's challenged opinions in his Rebuttal Report are also independently admissible because they respond to Dr. Almeroth's false assertion—made for the first time in his Opening Expert Report served on June 3, 2016—that ███████████████████████████████████████████████████████████.

During fact discovery, Cisco served several versions of a spreadsheet titled "Exhibit F" that purported to list each of the asserted and accused CLI commands, the "authors" of each command, and other information.  That list of asserted and accused commands ***never*** included any statement or claim by Cisco that the accused commands were "identical" (as opposed to "similar") to any Cisco command.  *See, e.g.*, Wong Decl. Ex. 30 (attaching the final version of Cisco's "Exhibit F").  But in his Opening Report (served contemporaneously with Dr. Black's Opening Report), Cisco's expert ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.
*See id.* Ex. 23 (Exhibit Copying-2 to Dr. Almeroth's Opening Expert Report).

The challenged portions of Dr. Black's Rebuttal Report properly rebut these ████████████████████████████████████████████ that first appeared in Dr. Almeroth's Opening Report by providing command-by-command evidence that most of the accused and asserted commands are not, in fact, "identical."  *See* Rebuttal Report Appx. N.  Therefore, in addition to being timely disclosed by Arista during fact discovery, Dr. Black's challenged opinions on command-syntax differences should be allowed at trial as a proper rebuttal opinion.  *See* Fed. R. Civ. P. 26(a)(2)(D)(2) (experts may present opinions "to contradict or rebut evidence on the same subject matter" presented in another party's opening expert report).

### III.  CONCLUSION

Under no circumstances should Cisco be allowed to seek a judgment of verbatim or "identical" copying based on altered "Arista commands" that are not actually accepted by any Arista switch.  Cisco's Motion *in Limine* No. 4 should be denied.

5
ARISTA'S OPPOSITION TO CISCO'S MOTION *IN LIMINE* NO. 4
TO EXCLUDE NON-INFRINGEMENT THEORY
Case No. 5:14-cv-05344-BLF (NC)

1117469

Dated: October 7, 2016							KEKER & VAN NEST LLP

							By: *Robert A. Van Nest*
								ROBERT A. VAN NEST

								Attorney for Defendant
								ARISTA NETWORKS, INC.

6
ARISTA'S OPPOSITION TO CISCO'S MOTION *IN LIMINE* NO. 4
TO EXCLUDE NON-INFRINGEMENT THEORY
Case No. 5:14-cv-05344-BLF (NC)

1117469