| | |
|---|---|
| KEKER & VAN NEST LLP<br>ROBERT A. VAN NEST - # 84065<br>BRIAN L. FERRALL - # 160847<br>DAVID SILBERT - # 173128<br>MICHAEL S. KWUN - #198945<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:   (415) 391-5400<br>Email:  rvannest@kvn.com;<br>bferrall@kvn.com; dsilbert@kvn.com;<br>mkwun@kvn.com | SUSAN CREIGHTON, SBN 135528<br>SCOTT A. SHER, SBN 190053<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>1700 K Street NW, Fifth Floor<br>Washington, D.C., 20006-3817<br>Telephone:  (202) 973-8800<br>Email:  screighton@wsgr.com;<br>ssher@wsgr.com |

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant
ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>ARISTA NETWORKS, INC.,<br><br>            Defendant. | Case No. 5:14-cv-05344-BLF (NC)<br><br>**DEFENDANT ARISTA NETWORKS, INC.'S OPPOSITION TO CISCO's MOTION *IN LIMINE* NO. 5 TO EXCLUDE TESTIMONY FROM TERRY EGER**<br><br>Judge:       Hon. Beth Labson Freeman<br><br>Date Filed: December 5, 2014<br><br>Trial Date: November 21, 2016 |

**REDACTED PUBLIC VERSION**

DEFENDANT ARISTA NETWORKS, INC.'S OPPOSITION TO CISCO'S MOTION *IN LIMINE* NO. 5 TO
EXCLUDE TESTIMONY FROM TERRY EGER
Case No. 5:14-cv-05344-BLF (NC)

1117656

## I. INTRODUCTION

Cisco's attempt to exclude *in limine* the testimony of its own former head of sales during a critical period in Cisco's history should be rejected for what it is: an effort to keep from the jury testimony that confirms Cisco has long treated CLI commands as open for others to use and part of an overarching corporate goal of promoting interoperability. Cisco's justification boils down to two attacks: that Mr. Eger lacks personal knowledge because he was a salesman, not an engineer; and that Mr. Eger's experience dates to Cisco's formative period, making it, in Cisco's view, irrelevant. Neither attack withstands scrutiny.

## II. ARGUMENT

### A. As former head of Cisco Worldwide Sales, Mr. Eger has extensive personal knowledge concerning Cisco's customer- and competitor-facing conduct concerning the use of industry standard CLI elements.

Terry Eger served as Cisco's Vice President of Worldwide Sales from 1988–1992, when CLI commands in Cisco's router operating system were called "telenetting" or "configuration" commands. *See* Declaration of Ryan Wong in Support of Arista Network's Oppositions to Cisco's Motions In *Limine* Nos. 1-5 ("Wong Decl."), Ex. 31 (Eger Depo.) at 27:23–28:1; 92:6–92:25; 96:2–7. During that time, he sold and oversaw the marketing of Cisco's early router products. *Id.* at 104:17–105:5. At his deposition, Mr. Eger himself explained that the testimony he is ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉." *Id.* at 88:9–11.

Mr. Eger will testify at trial, as he did in his deposition, that during his tenure as head of sales and marketing, Cisco competed with other networking companies by telling customers that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *Id.* at 96:8–97:6.[1] Indeed, Mr. Eger testified that Cisco

---

[1] *See also id.* at 101:16–20 ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

1

DEFENDANT ARISTA NETWORKS, INC.'S OPPOSITION TO CISCO'S MOTION *IN LIMINE* NO. 5 TO EXCLUDE TESTIMONY FROM TERRY EGER
Case No. 5:14-cv-05344-BLF (NC)

1117656

1  and its competitors ███████████████████████████████████
2  ████████████████████████████████ *Id.* at 69:22–70:14;
3  73:11–19; 75:8–20 ██████████████████████████████
4  ████████████████████████████████████████████
5  ████████████████████████████████████████████
6  ████████████████████████████████████████████
7  ████████████████████████████████████████████
8  █████████████████████

    Cisco's personal-knowledge attack is meritless. "Testimony should not be excluded for lack of personal knowledge unless *no reasonable juror* could believe that the witness had the ability and opportunity to perceive the event that he testifies about." *United States v. Hickey*, 917 F.2d 901, 904 (6th Cir. 1990) (citing cases) (emphasis added).[2] As former head of Cisco worldwide sales, Mr. Eger can testify as to his personal experience selling and marketing Cisco's products.

### B. Mr. Eger's testimony is highly relevant to Arista's defenses and Cisco's claims of originality.

    Mr. Eger's testimony confirms Arista's fair use and other defenses, and undermines Cisco's claims of originality. For years, ████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████ It is only now, when Arista presents a competitive threat to Cisco, that it has changed its tune.

████████████████████████████████████████████

---

[2] *See also* Fed. R. Evid. 602, adv. cttee. notes to 1972 Proposed Rules ("[A] witness who testifies to a fact which can be perceived by the senses must have had an opportunity to observe, and must have actually observed the fact."); *Stuart v. UNUM Life Ins. Co. of Am.*, 217 F.3d 1145, 1155 (9th Cir. 2000) (reversing trial court's exclusion of testimony of Vice President of Corporate Services regarding personal knowledge of relevant transaction); *United States v. Thompson*, 559 F.2d 552, 553 (9th Cir. 1977) (affirming trial court's denial of motion to exclude restaurant manager's testimony concerning restaurant's procedures based on lack of personal knowledge).

1  The relevance of Mr. Eger's testimony is clear. With respect to originality, Mr. Eger
2  refutes Cisco's claim that it alone developed the CLI commands it asserts in this case. Cisco's
3  motion makes much of Mr. Eger's lack of familiarity with the specific commands at issue in this
4  case, complaining that he was not an engineer who worked on the development of the CLI. But
5  in his sales role, Mr. Eger had significant, relevant exposure to how Cisco billed its CLI to
6  customers and the industry at large. Indeed, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—Cisco's asserted
7  operating system. Wong Decl., Ex. 31 (Eger Depo.) at 97:12–25; 102:12–13 ▮▮▮▮▮▮
8  ▮▮▮▮  And Cisco claims that 58 of the roughly 500 asserted CLI commands—over 10%—
9  were first adopted in Cisco's software during or shortly before the years that Mr. Eger sold and
10 marketed Cisco's products that contained those same commands. Wong Decl., Ex. 30 (Cisco's
11 Eighth Supplemental Response Amended Ex. F) (highlighting relevant commands). Mr. Eger's
12 experience as head of Cisco sales during that period was that he and others at Cisco told
13 customers that Cisco's commands ▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Cisco may challenge Mr.
14 Eger's memory of particular commands on cross-examination if it chooses, but it cannot stop the
15 jury from hearing his highly relevant testimony.

16  Mr. Eger's testimony is central to fair use as well. The second statutory factor of fair
17 use—the nature of the copyrighted work—recognizes that "if a work is largely functional, it
18 receives only weak protection." *Sega Enters., Ltd. v. Accolade, Inc.*, 977 F.2d 1510, 1527 (9th
19 Cir. 1992) (citation omitted). Factor two supports fair use "[w]here the nature of the work is such
20 that purely functional elements exist in the work and it is necessary to copy the expressive
21 elements in order to perform those functions." *Oracle Am., Inc. v. Google Inc.*, 750 F.3d 1339,
22 1375 (Fed. Cir. 2014) (citing *Sega*, 977 F.2d at 1526). As Judge Alsup recently held in denying
23 Oracle's motion for a new trial in *Oracle v. Google*, even if the jury there found that Cisco's CLI
24 commands "were creative enough to qualify for copyright protection," they could also reasonably
25 have found that "functional considerations predominated in their design, and thus Factor Two was
26 not a strong factor in favor of Oracle." *Oracle Am., Inc. v. Google Inc.* ("*Oracle II*"), No. C 10-
27 03561-WHA, 2016 WL 3181206, at *10 (N.D. Cal. June 8, 2016). Mr. Eger's testimony about
28 how Cisco portrayed its CLI commands to customers and competitors—▮▮▮▮▮▮

3

DEFENDANT ARISTA NETWORKS, INC.'S OPPOSITION TO CISCO'S MOTION *IN LIMINE* NO. 5 TO EXCLUDE TESTIMONY FROM TERRY EGER
Case No. 5:14-cv-05344-BLF (NC)

1117656

1  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ is thus directly relevant to the question of the nature of the
2  copyrighted work.
3        The same testimony bears on the fourth statutory factor as well: "the effect of the use
4  upon the potential market for or value of the copyrighted work." 17 U.S.C. § 107(4). In
5  connection with factor four, the jury will consider whether there was "unrestricted and
6  widespread conduct of the sort engaged in by" Arista in the relevant market. *Campbell v. Acuff-*
7  *Rose Music, Inc.*, 510 U.S. 569, 590 (1994). In *Oracle v. Google*, the jury was entitled to find
8  that factor four weighed in favor of Google because the asserted APIs were "available as free and
9  open source," which "invited anyone to subset the API . . . . [The] jury could reasonably have
10 found that [Google's] impact on the market for the copyrighted works paralleled what [Oracle]
11 already expected." *Oracle II*, 2016 WL 3181206, at *10. Here, the jury can rely on Mr. Eger's
12 testimony concerning ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
13 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.
14       Finally, this Court has already recognized that fair use is "appropriate where a 'reasonable
15 copyright owner' would have consented to the use, *i.e.*, where the 'custom or public policy' at the
16 time would have defined the use as reasonable." Order Denying MSJs, ECF 482 at 8:21–22
17 (citing *Wall Data Inc. v. Los Angeles Cnty. Sheriff's Dept.*, 447 F.3d 769, 778 (9th Cir. 2006)).
18 The jury is entitled to rely on Mr. Eger's testimony that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
19 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
20 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

      **C.**    **Arista timely disclosed Mr. Eger as a witness, and Cisco had an opportunity to depose him.**

23       Cisco's motion admits that Arista disclosed Mr. Eger as a potential witness with relevant
24 knowledge in March 2016, even though it was Cisco that employed him. Though Arista's
25 counsel has never represented Mr. Eger, Arista was able to disclose that Mr. Eger's testimony
26 would be relevant to several of Arista's defenses, including fair use. Then, in May 2016, Cisco
27 deposed Mr. Eger, during which Cisco questioned him about the development of IOS and Cisco's
28 marketing and sales of its products during and after the time that Mr. Eger worked at Cisco—

4

1117656

testimony that Cisco discusses in its motion.

Yet, inexplicably, Cisco now claims that it suffered prejudice from Arista's addition of the phrases "Development of IOS" and "Cisco's marketing and sales of its products" to its witness list for Mr. Eger just after Mr. Eger's deposition took place. Cisco's motion does not explain how those additional phrases differ in any meaningful way from Arista's prior disclosure—indeed, they merely provide a subset of topics encompassed by Arista's prior disclosure, informed by Mr. Eger's own testimony in response to Cisco's questioning. Nor does Cisco explain how it could be prejudiced by the disclosure of topics that Cisco itself asked about at Mr. Eger's deposition. Not surprisingly, Cisco does not, and cannot, cite a single authority for the proposition that Cisco was entitled to question Mr. Eger about these topics in deposition, but Arista is prevented from doing the same at trial. Cisco's attempt to seek preclusion of Mr. Eger's testimony on this basis is meritless.

## III. CONCLUSION

Mr. Eger was Cisco's head of worldwide sales for four years during Cisco's formative years, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ It is not surprising that Cisco wants to keep that testimony out of the hearing of the jury, but it is clearly relevant, Mr. Eger himself experienced it and therefore has personal knowledge of it, and Cisco had a full seven hours to question him about it. There is no basis to grant Cisco's motion; the Court should deny it.

Dated: October 7, 2016                                        KEKER & VAN NEST LLP

                                                              By:  *s/ Robert A. Van Nest*
                                                                   ROBERT A. VAN NEST

                                                              Attorney for Defendant
                                                              ARISTA NETWORKS, INC.