KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
BRIAN L. FERRALL - # 160847
DAVID SILBERT - # 173128
MICHAEL S. KWUN - #198945
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    (415) 391-5400
Email:  rvannest@kvn.com;
bferrall@kvn.com; dsilbert@kvn.com;
mkwun@kvn.com

SUSAN CREIGHTON, SBN 135528
SCOTT A. SHER, SBN 190053
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C., 20006-3817
Telephone:  (202) 973-8800
Email:  screighton@wsgr.com;
ssher@wsgr.com

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>ARISTA NETWORKS, INC.,<br><br>        Defendant. | Case No. 5:14-cv-05344-BLF (NC)<br><br>**ARISTA'S OPPOSITION TO CISCO'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE ALLEGEDLY UNTIMELY DISCLOSED WITNESSES**<br><br>Date:       November 3, 2016<br>Time:       1:30 p.m.<br>Judge:      Hon. Beth Labson Freeman<br><br>Date Filed:  December 5, 2014<br><br>Trial Date:  November 21, 2016 |

**REDACTED PUBLIC VERSION**

ARISTA'S OPPOSITION TO CISCO'S MOTION IN LIMINE NO. 3
TO EXCLUDE UNTIMELY DISCLOSED WITNESSES
Case No. 5:14-cv-05344-BLF (NC)

1117335

**I.      INTRODUCTION**

Cisco moves *in limine* to preclude Arista from calling two categories of witnesses. First, Cisco moves to exclude evidence relied upon by Arista's damages expert Cate Elsten. In preparing her report, Ms. Elsten consulted with Arista employees knowledgeable about the customers whom Cisco contends it would have sold to but for Arista's alleged infringement. Although Arista began asking Cisco for the basis of its lost-profits claim in April 2015, Cisco failed to identify any customer to whom it allegedly lost sales until June 2016—***three days*** before the close of damages discovery (and it continued to change the list after the close of discovery). Arista then identified employees who served the customers that Cisco had identified just days earlier, and Ms. Elsten spoke to those employees to gather information about those accounts to respond to Cisco's allegations. Thus, Arista identified these witnesses as soon as possible after Cisco identified the customers to which it alleges it lost sales. The "delay" is not Arista's, but Cisco's, which waited for more than a year after receiving Arista's discovery requests—until the final hours of discovery—to identify the customers it would base its damages case on.

Second, Cisco moves to exclude testimony by Rhonda Andrew, a paralegal at Keker & Van Nest LLP (counsel for Arista) who—if necessary—will testify about two summary exhibits concerning (1) Cisco's copyright registrations for the asserted CLI commands; and (2) material Cisco deposited with the Copyright Office for those registrations.[1] Her testimony should not be necessary, because there should be no dispute about the nature or authenticity of the underlying materials. But if Cisco forces her to, she will testify in the manner of a document custodian about the provenance of those materials, which Arista needed to compile from public sources because Cisco did not provide all of them in discovery. There is no basis to exclude this testimony. Thus, Cisco's motion should be denied.

**II.     ARGUMENT**

   **A.     Arista disclosed witnesses knowledgeable about Cisco's alleged lost-profit accounts immediately after Cisco identified those accounts.**

Arista first asked Cisco to explain its basis for any lost-profits claim in April 2015. *See*

---
[1] Ms. Andrew may also testify about the existence of publicly available documents stamped with a Cisco confidentiality designation.

1

ARISTA'S OPPOSITION TO CISCO'S MOTION IN LIMINE NO. 3
TO EXCLUDE UNTIMELY DISCLOSED WITNESSES
Case No. 5:14-cv-05344-BLF (NC)

Declaration of Ryan Wong in Support of Arista Network's Oppositions to Cisco's Motion in *Limine* Nos. 1-5 ("Wong Decl."), Ex. 18 (Arista's First Set of Interrogatories) at Interrogatory 15. Thereafter, Cisco repeatedly refused to identify any specific customers, claiming that it was not required to do so. ECF 306 ¶¶ 4–6. Cisco waited until ***three days*** before the close of damages discovery to disclose the specific accounts to which it claims to have lost sales. As soon as Cisco identified those customer accounts, Arista identified, and Ms. Elsten interviewed, employees knowledgeable about seventeen of those accounts, and Arista then identified those employees to Cisco through Ms. Elsten's expert report served on July 13, 2016.[2] Arista had no obligation to supplement its Rule 26 disclosures until Cisco identified the thirty customers to which it alleges it lost sales. Fed. R. Civ. P. 26(e)(1)(A). Moreover, Arista could not have done so, even if it had wanted to. Arista has thousands of customers, and it could not have predicted the ones that Cisco (in the final hours of the discovery period) identified as "lost sales" customers, as they include many customers who unequivocally did *not* base their purchase decisions on the CLI.[3]

Thus, while Cisco contends that it was unable to depose these witnesses or request their custodial documents, Cisco itself foreclosed that possibility by identifying its "lost sales" customers just three days before the discovery cut-off. Moreover, Arista long ago offered Cisco an opportunity to "cure the prejudice" of which it now complains. *Lanard Toys, Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010). Through Ms. Elsten's report, Arista disclosed on June 13 the seventeen employees at issue in this motion. Then, on August 1, Arista supplemented its Rule 26(a) disclosures to add Ariff Premji and Chris Summers—the only two of the seventeen employees that Arista intends to call at trial, as they serve the two largest customers on Cisco's late-disclosed list. *See* Wong Decl., Ex. 20 (8/1/2016 McCloskey email re witnesses); *id.*, Ex. 21

---

[2] Cisco contends that Ms. Elsten also relied on Arista Chief Financial Officer Ita Brennan. But none of the cited pages of Ms. Elsten's Rebuttal Report references Ms. Brennan, and Arista does not intend to call her at trial.

[3] Cisco also cannot blame Arista for Cisco's late disclosure of alleged "lost sales" customers. ████████████████████████████████████████████████████████████████ Waiting until the final hours of discovery to identify those customers—more than a year after Arista requested that information—is exactly what Rule 26(e) seeks to avoid. *See, e.g., Calvert v. Ellis,* No. 2:13-CV-00464-APG, 2015 WL 631284, at *2 (D. Nev. Feb. 12, 2015).

2
ARISTA'S OPPOSITION TO CISCO'S MOTION IN LIMINE NO. 3
TO EXCLUDE UNTIMELY DISCLOSED WITNESSES
Case No. 5:14-cv-05344-BLF (NC)

1117335

(Arista's Sixth Suppl. Disclosures). Arista explained to Cisco that it had identified these witnesses after the close of discovery due to Cisco's belated identification of "lost sales" customers, but that it would make them available for deposition after the discovery cut-off. Cisco never responded to Arista's offer—yet it now contends that it would be prejudiced by Mr. Premji and Mr. Summers testifying at trial because it "had no opportunity to depose these witnesses." Mot. at 4.[4]

### B. Cisco's damages expert relied on evidence derived from a Cisco employee not disclosed on Cisco's Rule 26(a) disclosures.

Cisco's motion *in limine* also neglects to mention that its own damages expert Judith Chevalier relied on an interview with a Cisco employee who was not disclosed in Cisco's Rule 26(a) disclosures. *See* ECF 424-5 (Chevalier Surrebuttal Report) ¶¶ 10, 52).

Therefore, to the extent Dr. Chevalier is permitted to testify at trial about her conversation with ██████, so too should the Court allow evidence from Arista employees with knowledge of Cisco's "lost profits" accounts. Again, it was Cisco, not Arista, who delayed identifying its alleged "lost profits" customers, whom these witnesses are knowledgeable about.

### C. Cisco fails to identify any Rule 30(b)(6) testimony Arista has attempted to revise through Ms. Elsten's conversations with Arista employees.

Finally, Cisco argues that Arista cannot use evidence obtained from witnesses knowledgeable about its late-disclosed "lost profits" accounts to revise testimony of its Rule

---

[4] This situation is therefore not comparable to Cisco's late-disclosed witnesses, who are the subject of Arista's Motion *in Limine* No. 4. As explained in Arista's motion, Cisco belatedly designated those Cisco employees to testify on topics that Cisco knew were relevant from the beginning of the case. Arista, in contrast, waited until the final hours of discovery (and after) for Cisco to identify the thirty accounts to which it asserts lost sales, then identified the employees who served those accounts. In both cases it was Cisco who delayed, while Arista responded promptly.

[5] ███████

3
ARISTA'S OPPOSITION TO CISCO'S MOTION IN LIMINE NO. 3
TO EXCLUDE UNTIMELY DISCLOSED WITNESSES
Case No. 5:14-cv-05344-BLF (NC)

1117335

30(b)(6) witness on damages-related topics, Anshul Sadana.  Yet Cisco fails to point to ***any*** specific Rule 30(b)(6) testimony that Arista is attempting to revise.  Arista has not changed Mr. Sadana's testimony, and does not intend to—though Arista will point out how Cisco and its expert have mischaracterized that testimony and taken cherry-picked snippets out of context, while choosing to ignore Mr. Sadana's explanations and clarifications.

### D. Arista's disclosure of Rhonda Andrew on its Trial Witness List is Justified and Harmless.

Arista timely disclosed Ms. Andrew on its trial witness list so that she could testify, if necessary, about two of Arista's Fed. R. Evid. 1006 exhibits ("summary exhibits").  *See* ECF 539-1 at 3 ("Rhonda Andrew," "Publicly-found 'Cisco Confidential' documents.  Chart re copyright presumptions; certified copies of copyright office records.").  Ms. Andrew's possible trial testimony will be to explain to the jury how she created these summary exhibits—both of which, in Cisco's words, "relates to issues that have been a part of this case since its initial filing."  Mot. at 2.  The first exhibit identifies the 198 CLI commands that Cisco registered more than five years after the first publication date—a summary of Cisco's voluminous copyright filings, which Ms. Andrew (a Keker & Van Nest paralegal) was forced to order from the Copyright Office.  The second identifies the number of pages Cisco deposited with the Copyright Office for its software (IOS, IOS XE, IOS XR, NX-OS) and associated documents—again based on the certified files that Ms. Andrew ordered from the Copyright Office.  Ms. Andrew may also testify about certain documents on Arista's exhibit list labeled "Cisco Confidential," which Ms. Andrew will explain that she printed from publicly available websites.

The two exhibits can and should be the subject of stipulation, as they merely document historical facts about the copyright registrations that should not be the subject of dispute.  Thus, Ms. Andrews should not need to testify at all—and if she does, would testify only in the manner of a document custodian.  As to the documents labeled "Cisco Confidential," the jury should not have to hear Cisco's arguments about both parties' possession of documents labeled "confidential," but if the Court denies Arista's Motion *in limine* No. 5, Ms. Andrews' testimony will confirm that the documents marked "Cisco Confidential" on Arista's exhibit list were all

4

ARISTA'S OPPOSITION TO CISCO'S MOTION IN LIMINE NO. 3
TO EXCLUDE UNTIMELY DISCLOSED WITNESSES
Case No. 5:14-cv-05344-BLF (NC)

1117335

printed off the public Internet.

Cisco contends that Arista did not disclose Ms. Andrew "as a person with relevant knowledge" and thus it did not have the opportunity to depose Ms. Andrew or to review her custodial documents.  Mot. at 2.  But Ms. Andrew would testify only in the manner of a document custodian.  She has no relevant knowledge beyond these summary exhibits and documents she printed from publicly available websites, nor does she have other documents that Cisco could have collected and reviewed.  Cisco cannot claim prejudice or unfair surprise.  Indeed, the facts to which Ms. Andrew would testify are ones that Cisco ought to stipulate to with no witness testimony.  Accordingly, Arista's disclosure of Ms. Andrew on its witness list is harmless and Ms. Andrew should be permitted to testify at trial if Cisco forces her to do so.

### III.   CONCLUSION

For the foregoing reasons, the Court should deny Cisco's Motion *in Limine* No. 3 in its entirety.

Dated:  October 7, 2016                                  KEKER & VAN NEST LLP

                                                         By:   */s/ Robert A. Van Nest*
                                                                ROBERT A. VAN NEST

                                                               Attorney for Defendant
                                                               ARISTA NETWORKS, INC.

5
ARISTA'S OPPOSITION TO CISCO'S MOTION IN LIMINE NO. 3
TO EXCLUDE UNTIMELY DISCLOSED WITNESSES
Case No. 5:14-cv-05344-BLF (NC)

1117335