# EXHIBIT 26

KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
rvannest@kvn.com
BRIAN L. FERRALL - #160847
bferrall@kvn.com
DAVID SILBERT - #173128
dsilbert@kvn.com
MICHAEL S. KWUN - #198945
mkwun@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant
ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ARISTA NETWORKS, INC.,<br><br>　　　　Defendant. | Case No. 5:14-cv-05344-BLF (PSG)<br><br>**DEFENDANT ARISTA NETWORKS, INC.'S THIRD SUPPLEMENTAL RESPONSES TO PLAINTIFF CISCO SYSTEM INC.'S FIRST SET OF INTERROGATORIES (NOS. 10, 12 & 13)**<br><br>Judge:    Hon. Beth Labson Freeman<br><br>Date Filed: December 5, 2014 |

**CONTAINS CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER**

DEFENDANT ARISTA NETWORKS, INC.'S THIRD SUPPLEMENTAL RESPONSES TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES (NOS. 10, 12 & 13)
CASE NO. 5:14-CV-05344-BLF (PSG)

1002676

copyright in the command "show policy-map interface" and Cisco further alleges that Arista's purported use of the command "show interfaces flowcontrol" infringes Cisco's purported copyright in the command "show flowcontrol." Further differences between the asserted and accused copyrighted work(s) are set forth in Arista's responses to Cisco's Interrogatory No. 12. These differences also preclude infringement.

Fact discovery is ongoing and Arista is continuing to investigate and analyze the facts relating to this interrogatory. Additionally, Cisco has not yet provided full discovery into the creation, fixation, and authorship regarding its copyright assertions for each of the purportedly copyrighted commands, command hierarchies, command modes, and command responses. Arista reserves all rights to amend and supplement its response as discovery and Arista's investigation continues.

**INTERROGATORY NO. 12:**

Explain in detail all factual and legal bases for Your contention that any use Arista made of Cisco's copyrighted material was a fair use.

**RESPONSE TO INTERROGATORY NO. 12:**

Arista incorporates its General Objections above as though set forth in this response. Arista objects to this interrogatory to the extent it seeks information that is already in the possession, custody, or control of Cisco, or that is publicly available. Arista objects to this request to the extent it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, work product doctrine, or any other common law or statutory privilege or protection. Arista further objects to the request to "explain" factual bases as vague and ambiguous. In addition, Arista objects to this interrogatory to the extent it prematurely calls for expert opinion in advance of the disclosure required by Federal Rule of Civil Procedure 26(a)(2). Arista objects to this request to the extent it prematurely calls for a legal conclusion. Arista further objects to this request as premature given that discovery in this action has only recently begun, and Arista's investigation in this matter is ongoing.

Subject to and without waiving the foregoing general and specific objections, Arista responds as follows:

131
DEFENDANT ARISTA NETWORKS, INC.'S THIRD SUPPLEMENTAL RESPONSES TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES (NOS. 10, 12 & 13)
CASE NO. 5:14-CV-05344-BLF (PSG)

1002676

1  Any alleged use Arista made of Cisco's copyrighted material was a fair use that is not
2  actionable.  Until Cisco identifies which copyrighted works it is asserting in this action, and
3  discloses the basis for its infringement allegations, this interrogatory is premature.  After Cisco
4  discloses its allegations, Arista will provide its response in the appropriate form and at the
5  appropriate time.

6  Arista's investigation is ongoing.  Arista reserves the right to supplement and/or amend
7  this response with additional information.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:**

9  Arista incorporates its General Objections above as though set forth in this response.
10 Arista objects to this interrogatory to the extent it seeks information that is already in the
11 possession, custody, or control of Cisco, or that is publicly available.

12 Arista further objects to this interrogatory on grounds that it is premature and improper
13 because Cisco, despite its recent interrogatory supplementation, has still not identified with
14 sufficient clarity which copyrighted works it is asserting in this action with respect to which
15 features or aspects Arista allegedly infringes.  For example, Cisco has not identified every alleged
16 "command hierarchy" that it accuses Arista of copying, and the specific copyrighted work(s) that
17 purportedly extend copyright protection over each such "command hierarchy."  Rather, Cisco has
18 only provided one exemplary diagram of a so-called "command hierarchy," and did not identify
19 any copyrighted work(s) that purportedly extends protection over that "hierarchy."  Similarly,
20 Cisco has failed to identify any of the alleged authors for each of the 500+ IOS CLI commands
21 over which it asserts copyright protection in this litigation, and has similarly failed to identify the
22 date that each such CLI command was allegedly first fixed in a tangible form of expression.
23 Arista therefore objects to this interrogatory as improper given that Cisco, as the purported
24 copyright holder, has still not provided Arista with basic authorship and creation date information
25 for each CLI command, command hierarchy, command response, and command mode over which
26 it asserts copyright protection.

27 Arista further objects to this request to the extent it calls for, or may be construed as
28 calling for, information protected from discovery by the attorney-client privilege, work product

132
DEFENDANT ARISTA NETWORKS, INC.'S THIRD SUPPLEMENTAL RESPONSES TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES (NOS. 10, 12 & 13)
CASE NO. 5:14-CV-05344-BLF (PSG)

1002676

1  doctrine, or any other common law or statutory privilege or protection.  Arista also objects to this
2  interrogatory as vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated
3  to lead to the discovery of admissible evidence, and in particular, objects to the request to
4  "explain" factual bases as vague and ambiguous.  In addition, Arista objects to this interrogatory
5  to the extent it prematurely calls for expert opinion in advance of the disclosure required by
6  Federal Rule of Civil Procedure 26(a)(2), and to the extent it prematurely calls for a legal
7  conclusion.  Arista further objects to this interrogatory as premature given that Cisco only
8  recently supplemented its interrogatory responses with respect to its copyright claims (many of
9  which remain deficient), and Arista's investigation in this matter is ongoing.  In addition, Cisco
10 has refused to narrow its copyright assertions and continues to accuse over 500 different CLI
11 commands of copyright infringement.  If Cisco insists on accusing over 500 different CLI
12 commands in this litigation, it must provide a reasonable amount of time for Arista to investigate
13 and provide responses to discovery relating to those hundreds of commands.
14      Subject to and without waiving the foregoing general and specific objections, Arista
15 responds as follows:
16      ==Any alleged use Arista made of Cisco's copyrighted material was a fair use that is not
17 actionable.==  There are substantial differences between the accused Arista EOS and Cisco IOS
18 operating systems, including different features and functionality, different source code, different
19 programming languages, and different performance metrics.  The syntax of each accused CLI
20 command and the parameters and functionality each command supports are also different
21 between EOS and IOS.  Moreover, the copyrighted work(s) and/or asserted elements thereof
22 relating to CLI functionality are functional and factual, and not creative, and merely permit
23 customers to configure and use Arista networking equipment using industry standard, legacy, and
24 customary vocabulary.  Additionally, the disputed CLI commands comprise only a small fraction
25 of the copyrighted work(s) at issue in this litigation.  ==Arista also incorporates by reference its
26 responses to Interrogatory No. 10 as though fully set forth in this response.==
27      Fact discovery is ongoing and Arista is continuing to investigate and analyze the facts
28 relating to this interrogatory.  Additionally, Cisco has not yet provided creation, fixation, and

133
DEFENDANT ARISTA NETWORKS, INC.'S THIRD SUPPLEMENTAL RESPONSES TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES (NOS. 10, 12 & 13)
CASE NO. 5:14-CV-05344-BLF (PSG)

1002676

1  authorship information regarding its copyright assertions for each of the CLI commands,
2  command hierarchies, command modes, and command responses.  Arista will continue to amend
3  and supplement its response as appropriate.

4  **SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:**

5  Arista incorporates its General Objections above as though set forth in this response.
6  Arista also incorporates its specific objections set forth in prior supplemental responses to this
7  particular Interrogatory as though set forth in this response.  Arista also incorporates the
8  objections set forth in its Second Supplemental Response to Interrogatory No. 10 as through set
9  forth in this response.

10  Subject to and without waiving the foregoing general and specific objections, Arista
11  supplements its response as follows:

12  Arista incorporates the entirety of its Second Supplemental Response to Interrogatory No.
13  10 as through set forth in this response.

14  Fact discovery is ongoing and Arista is continuing to investigate and analyze the facts
15  relating to this interrogatory.  Additionally, Cisco has not yet provided full discovery into the
16  creation, fixation, and authorship regarding its copyright assertions for each of the purportedly
17  copyrighted commands, command hierarchies, command modes, and command responses.  Arista
18  reserves all rights to amend and supplement its response as discovery and Arista's investigation
19  continues.

20  **INTERROGATORY NO. 13:**

21  Explain in detail all factual and legal bases for Your contention that Cisco's claims are
22  barred in whole or in part by scenes a faire, the merger doctrine, and/or other limits on the scope
23  of protection available for the works at issue.

24  **RESPONSE TO INTERROGATORY NO. 13:**

25  Arista incorporates its General Objections above as though set forth in this response.
26  Arista objects to this interrogatory to the extent it seeks information that is already in the
27  possession, custody, or control of Cisco, or that is publicly available.  Arista objects to this
28  interrogatory to the extent it calls for, or may be construed as calling for, information protected from

134
DEFENDANT ARISTA NETWORKS, INC.'S THIRD SUPPLEMENTAL RESPONSES TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES (NOS. 10, 12 & 13)
CASE NO. 5:14-CV-05344-BLF (PSG)

1002676

PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest LLP, 633 Battery Street, San Francisco, CA 94111-1809.

On November 10, 2015, I served the following document(s):

**DEFENDANT ARISTA NETWORKS, INC.'S THIRD SUPPLEMENTAL RESPONSES TO PLAINTIFF CISCO SYSTEM INC.'S FIRST SET OF INTERROGATORIES (NOS. 10, 12 & 13)**

☑ by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

| | |
|---|---|
| Sean Sang-Chul Pak<br>John M. Neukom<br>Quinn Emanuel Urquhart & Sullivan LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Tel:   (415) 875-6320<br>Fax:   (415) 875-6700<br>seanpak@quinnemanuel.com<br>johnneukom@quinnemanuel.com<br>Cisco-Arista@quinnemanuel.com | Adam R. Alper<br>Kirkland & Ellis LLP<br>555 California Street<br>San Francisco, CA 94104<br>Tel:   (415) 439-1476<br>Fax:   (415) 439-1500<br>aalper@kirkland.com |
| Kathleen Marie Sullivan<br>Quinn Emanuel Urquhart & Sullivan LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10022<br>Tel:   (212)0 849-7000<br>kathleensullivan@quinnemanuel.com | Mark Yeh-Kai Tung<br>Quinn Emanuel Urquhart & Sullivan LLP<br>555 Twin Dolphin Drive, 5th floor<br>Redwood Shores, CA 94065<br>Tel:   (650) 801-5000<br>marktung@quinnemanuel.com |
| Michael W. De Vries<br>Kirkland & Ellis LLP<br>333 South Hope Street, 29th floor<br>Los Angeles, CA 90071<br>Tel:   (213) 680-8590<br>Fax:   (213) 680-8500<br>michael.devries@kirkland.com<br>Cisco-AristaCopyrightTeam@kirkland.com | Steven C. Cherny<br>Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>Tel:   (212) 446-4800<br>Fax:   (212) 446-6460<br>Steven.cherny@kirkland.com |

1

DEFENDANT ARISTA NETWORKS, INC.'S THIRD SUPPLEMENTAL RESPONSES TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES (NOS. 10, 12 & 13)
CASE NO. 5:14-CV-05344-BLF (PSG)

1  Executed on November 10, 2015, at San Francisco, California.

2  I declare under penalty of perjury under the laws of the State of California that the above is true
3  and correct.

4

5                           */s/Roseann Cirelli*
                          ROSEANN CIRELLI

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2
DEFENDANT ARISTA NETWORKS, INC.'S THIRD SUPPLEMENTAL RESPONSES TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES (NOS. 10, 12 & 13)
CASE NO. 5:14-CV-05344-BLF (PSG)

1002676