Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

David Nelson (*admitted pro hac vice*)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
500 W Madison St, Suite 2450
Chicago, IL 60661
Telephone: (312) 705-7465
Facsimile: (312) 705 7401

Steven Cherny *(admitted pro hac vice)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>ARISTA NETWORKS, INC.,<br><br>    Defendant. | CASE NO. 5:14-cv-5344-BLF (NC)<br><br>**DECLARATION OF SARA E. JENKINS IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL CONFIDENTIAL INFORMATION IN CISCO'S OPPOSITIONS TO ARISTA'S MOTIONS *IN LIMINE*** |

02099-00004/8437462.1

DECLARATION OF SARA E. JENKINS IN SUPPORT OF CISCO'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (NC)

**DECLARATION OF SARA E. JENKINS**

I, Sara E. Jenkins, declare as follows:

    **1.**    I am an attorney licensed to practice in the State of California and am admitted to practice before this Court.  I am an associate with the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Plaintiff Cisco Systems, Inc. ("Cisco").  I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

    **2.**    I make this declaration in support of Cisco's Motion to File Under Seal Confidential information filed in connection with Cisco's Oppositions to Arista's Motions *in Limine*.  I make this declaration in accordance with Civil Local Rule 79-5(d)(1)(A).

    **3.**    As oppositions to Motions i*n Limine*, Cisco's Oppositions are non-dispositive.  In this context, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c).  *Kamkana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003)).  In addition, Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" ( *i.e.*, that the document is "sealable").  Civil L.R. 79-5(b).  The sealing request must also "be narrowly tailored to seek sealing only of sealable material."  *Id*.

    **4.**    Pursuant to Civil L.R. 79-5(e), good cause exists to seal the documents identified in the Sealing Motion as containing Cisco's confidential information, also set forth below, because the information sought to be sealed reflects confidential information that "give[s] [Cisco] an opportunity to obtain an advantage over competitors who do not know or use it."  *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Restatement of Torts* § 757, cmt b):

| Document | Portions to Be Filed Under Seal | Party With Claim of Confidentiality |
|---|---|---|
| Cisco's Opposition to Arista's Motion *in Limine* No. 1 | Highlighted Portions | Arista |
| Cisco's Opposition to Arista's Motion *in Limine* No. 3 | Highlighted Portions | Arista |
| Cisco's Opposition to Arista's Motion *in Limine* No. 5 | Highlighted Portions | Arista |
| Exhibit 1 to the Declaration of John M. Neukom in Support of Cisco's Oppositions to Arista's Motions *in Limine* ("Neukom Declaration") | Entire | Arista |
| Exhibit 5 to the Neukom Declaration | Entire | Arista<br>Cisco |
| Exhibit 17 to the Neukom Declaration | Entire | Arista |
| Exhibit 18 to the Neukom Declaration | Entire | Cisco |
| Exhibit 19 to the Neukom Declaration | Entire | Cisco |
| Exhibit 20 to the Neukom Declaration | Entire | Cisco |
| Exhibit 21 to the Neukom Declaration | Entire | Cisco |
| Exhibit 22 to the Neukom Declaration | Entire | Cisco |

| Document | Portions to Be Filed Under Seal | Party With Claim of Confidentiality |
|---|---|---|
| Exhibit 23 to the Neukom Declaration | Entire | Cisco |
| Exhibit 24 to the Neukom Declaration | Entire | Cisco |
| Exhibit 28 to the Neukom Declaration | Entire | Arista |
| Exhibit 30 to the Neukom Declaration | Entire | Arista |
| Exhibit 31 to the Neukom Declaration | Entire | Arista |

**5.**     Exhibit 5 is an excerpt from the April 25, 2016 deposition transcript of Charles Giancarlo which was designated as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.  This exhibit contains confidential and sensitive business information regarding Cisco's competitive strategies and prior litigation.  Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may compete with Cisco and gather information regarding the same less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn of Cisco's strategies.  This would "harm [Cisco's] competitive standing."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

**6.**     Exhibit 18 is an excerpt from the December 18, 2015 deposition transcript of Abhay Roy which was designated as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.  This exhibit contains confidential and sensitive information about the development of Cisco's products.  As such, there are compelling reasons to seal this exhibit.  *See Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (documents containing "information about [a party's] business performance, structure, and

1  finances that could be used to gain unfair business advantage against them," are properly sealed);

2  *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug.

3  20, 2014) (compelling reasons exist to seal documents containing "highly sensitive information

4  regarding [a party's] product architecture and development.")

5  **7.**  Exhibit 19 is an internal Cisco email that was designated as "Highly Confidential –

6  Attorneys' Eyes Only" under the Protective Order.  This exhibit contains confidential information

7  about Cisco's product development and technology.  As such, there are compelling reasons to seal

8  this exhibit.  *See Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal.

9  Apr. 4, 2016) (documents containing "information about [a party's] business performance,

10 structure, and finances that could be used to gain unfair business advantage against them," are

11 properly sealed); *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2

12 (N.D. Cal. Aug. 20, 2014) (compelling reasons exist to seal documents containing "highly

13 sensitive information regarding [a party's] product architecture and development.")

14 **8.**  Exhibit 20 is an internal Cisco presentation that was designated as "Highly

15 Confidential – Attorneys' Eyes Only" under the Protective Order.  This exhibit contains

16 confidential information about Cisco's product and business development and technology.  As

17 such, there are compelling reasons to seal this exhibit.  *See Schwartz v. Cook*, No. 5:15-cv-03347-

18 BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (documents containing "information

19 about [a party's] business performance, structure, and finances that could be used to gain unfair

20 business advantage against them," are properly sealed); *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–

21 04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (compelling reasons exist to seal

22 documents containing "highly sensitive information regarding [a party's] product architecture and

23 development.")

24 **9.**  Exhibit 21 is an internal Cisco email that was designated as "Highly Confidential –

25 Attorneys' Eyes Only" under the Protective Order.  This exhibit contains confidential information

26 about Cisco's product and business development and technology.  As such, there are compelling

27  02099-00004/8437462.1                              4
28                                                    DECLARATION OF SARA E. JENKINS IN SUPPORT OF
                                                      CISCO'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
                                                      Case No. 5:14-cv-05344-BLF (NC)

reasons to seal this exhibit.  *See Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (documents containing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them," are properly sealed); *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (compelling reasons exist to seal documents containing "highly sensitive information regarding [a party's] product architecture and development.")

**10.**  Exhibit 22 is an internal Cisco email that was designated as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.  This exhibit contains confidential information about Cisco's product and business development and technology.  As such, there are compelling reasons to seal this exhibit.  *See Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (documents containing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them," are properly sealed); *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (compelling reasons exist to seal documents containing "highly sensitive information regarding [a party's] product architecture and development.")

**11.**  Exhibit 23 is an email that was designated as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.  This exhibit contains confidential information regarding a Cisco license. As such, there are compelling reasons to seal this exhibit.  *See Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (documents containing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them," are properly sealed); *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (compelling reasons exist to seal documents containing "highly sensitive information regarding [a party's] product architecture and development.")  Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may compete with Cisco and gather information regarding the same less optimally than Cisco.  *Elec. Arts*, 298

F. App'x at 569.  Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn of Cisco's strategies.  This would "harm [Cisco's] competitive standing."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

12. Exhibit 24 is a copy of a letter that was designated as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order.  This exhibit contains confidential information regarding a Cisco license and Cisco's competitive strategies. As such, there are compelling reasons to seal this exhibit.  *See Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (documents containing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them," are properly sealed); *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (compelling reasons exist to seal documents containing "highly sensitive information regarding [a party's] product architecture and development.") Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may compete with Cisco and gather information regarding the same less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn of Cisco's strategies.  This would "harm [Cisco's] competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

13. Cisco also files this motion to seal to provide Arista Networks, Inc. the opportunity to file a declaration pursuant to Civil Local Rule 79-5(e) regarding the confidentiality of the other documents identified in the chart above.

///

1    I declare under penalty of perjury under the laws of the State of California that the
2 foregoing is true and correct, and that this declaration was executed in Redwood Shores,
3 California, on October 7, 2016.

4

5                              */s/ Sara E. Jenkins*
                             Sara E. Jenkins

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

02099-00004/8437462.1                                   7

28             DECLARATION OF SARA E. JENKINS IN SUPPORT OF
            CISCO'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL

                                  Case No. 5:14-cv-05344-BLF (NC)

## SIGNATURE ATTESTATION

Pursuant to Civ. L.R. 5-1(i)(3), the undersigned hereby attests under penalty of perjury that concurrence in the filing of this document has been obtained from the signatory indicated by the "conformed" signature (/s/) of registered ECF User Sara E. Jenkins.

Dated: October 7, 2016         */s/ John M. Neukom*
                               John M. Neukom