Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

David Nelson (*admitted pro hac vice*)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
500 W Madison St, Suite 2450
Chicago, IL 60661
Telephone: (312) 705-7465
Facsimile: (312) 705 7401

Steven Cherny *(admitted pro hac vice)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ARISTA NETWORKS, INC.,<br><br>Defendant. | CASE NO. 5:14-cv-5344-BLF (NC)<br><br>**CISCO'S OPPOSITION TO ARISTA'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE REFERENCE TO ITC INVESTIGATIONS**<br><br>Date:  November 3, 2016<br>Time: TBD<br>Dept: Courtroom 3 - 5th Floor<br>Judge: Hon. Beth Labson Freeman |

Plaintiff Cisco Systems, Inc. ("Cisco") hereby respectfully opposes Defendant Arista Networks, Inc.'s ("Arista") Motion *in Limine* No. 1 to Exclude Reference to U.S. International Trade Commission ("ITC") Investigations (Dkt. 524, "Arista's MIL No. 1" or "MIL 1"). All referenced exhibits are attached to the Declaration of John M. Neukom in Support of Cisco's Oppositions to Arista's Motions *in Limine*, filed herewith.

## I.     INTRODUCTION

Arista seeks to exclude any reference to proceedings brought by Cisco against Arista in the ITC despite the fact that one of those proceedings has resulted in a final determination by the ITC that the same Arista products that Cisco accuses in this case infringe three Cisco patents and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Exh. 1 at 20. Arista concedes that relevant copying *evidence* from the ITC proceedings can be presented to the jury, "including any of the evidence [Cisco] submitted in the ITC proceedings," evidence "produced by the parties in an ITC proceeding," or "otherwise admissible deposition testimony that was provided as part of an ITC investigation." MIL 1 at 1 n.1 and 3. Arista mistakenly argues, however, that any reference to the *existence of* or *determinations* made in the ITC proceedings must be excluded. To the contrary, the ITC determinations are highly relevant and probative to rebut Arista's "unfair competition" and "fair use" arguments and also to help show Arista's willfulness.

## II.    PROCEDURAL BACKGROUND

When Cisco filed this lawsuit against Arista in December 2014, it also filed two investigations at the ITC of Arista's violations of 19 U.S.C. § 1337. *See* Dkt. 1; ITC Inv. No. 337-TA-944 ("the 944 case"); ITC Inv. No. 337-TA-945 ("the 945 case"). On February 2, 2016, the ITC issued an initial determination in the 944 case that Arista's switches running its EOS operating system (the same products at issue in this case) infringe three Cisco patents. Dkts. 396-12, 397-9. On June 23, 2016, the ITC issued is final determination in the 944 case confirming the initial determination and finding that Arista infringed three Cisco patents ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.* at 20. Cisco has since filed an enforcement action to enforce the ITC's final determination in the 944 case. 337-TA-944

(Enforcement). Cisco expects the initial determination in the 945 case to issue by November 2016.

## III.  ARGUMENT

### A.  The ITC's Determinations Are Relevant To Rebut Arista's Assertions That Cisco Has Engaged Unfair Competition By Filing "Baseless Litigation"

Arista has opened the door to the introduction of the ITC determinations by asserting that Cisco has engaged in a pattern of "baseless litigation" against Arista that is designed to stifle competition. As Arista's Answer in this case states:

> This litigation is not about protecting copyrightable expression in commonly used CLI commands. . . . Rather, this litigation is an effort to debilitate a company that is disrupting Cisco's long-standing dominant position in this market with better technology. Instead of competing with Arista in the market, Cisco hopes to damage it with costly, but baseless, litigation.

Dkt. 65 at 1. Arista's trial witness list confirms that Arista intends to make such "unfair competition" arguments to the jury. For example, Arista's witness list includes Cisco's Chairman of the Board, John Chambers, as a "will call" witness, on topics such as "[r]elevant market conditions," "Cisco competition with Arista," and "copyright misuse." Exh. 2.

Cisco is entitled to introduce the ITC determinations in order to rebut Arista's intended assertions at trial that Cisco has used "baseless litigation" as a substitute for competition. The ITC found that Arista infringes three of Cisco's patents and rejected Arista's invalidity defense. The ITC further found that Arista is a company built on a ███████████████████████. Dkts. 396-12, 397-9 at 20. The ITC specifically ███████████████████████████████:



1
2
3  Dkts. 396-12, 397-9 at 19-20 (emphases added).

4      Thus, Arista is mistaken in arguing (MIL 1 at 2-3) that the ITC determinations "have
5  nothing to do with the alleged CLI 'copying' at issue here." The ITC specifically considered and
6  relied on facts relevant to this case—                                            . Moreover, unlike
7  *Kramas v. Sec. Gas & Oil Inc.*, 672 F.2d 766, 772 (9th Cir. 1982) (cited in MIL 1 at 3), this case
8  involved a finding of wrongdoing that is factually intertwined with this case—this case and the
9  ITC actions both involve the same accused products (Arista switches running EOS with Sysdb),
10 the same operating system (Arista EOS), and the same private VLAN technology. Dkts. 396-12,
11 397-9 at 20 (                                                                    ).

12    **B.    The ITC Proceedings & Determinations Are Relevant To Rebut Fair Use**

13     The ITC proceedings and determinations also are relevant and probative to rebutting
14 Arista's fair use defense. *First*, Arista has opened the door to the ITC proceedings by asserting a
15 "transformative fair use" defense to Cisco's copyright claim that expressly suggests that Arista has
16 created new and original technologies. Because copying is transformative only if it "adds
17 something new, with a further purpose or different character," *Oracle Am., Inc. v. Google, Inc.*,
18 750 F.3d 1339, 1374 (Fed. Cir. 2014) (quotation omitted), Arista intends to argue that it copied
19 Cisco's CLI user interface and documentation into
20                                          ; *see id.* at                   (purporting
21 that Arista wrote EOS              ), 678; Dkt. 380 at 18-19 (Arista's SJ opposition). Even if
22 that were a legitimate "transformative use" argument as a matter of copyright law (it is not, *see*
23 Cisco MSJ at 14-17), Cisco is entitled to introduce the ITC determinations in rebuttal.
24 Specifically, the ITC found that Arista's switches running EOS infringe three Cisco patents, which
25 contradicts Arista's defense that it has made "transformative" use of Cisco's copyrighted works by
26 inserting them into                                                        and EOS that
27 Arista developed              Cisco is entitled to rebut the "transformative use" argument by
28 showing that the ITC found that Arista intentionally copied Cisco's hardware and software beyond

-3-

the CLI user interface.  *Second*, the ITC determinations are relevant to showing Arista's bad faith under the first fair use factor.  *See Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 562 (1985) (internal quotations omitted). "Fair use presupposes good faith and fair dealing," and the ITC determinations are probative of Arista's decision to compete with Cisco unfairly and in bad faith by cultivating practices of slavish copying.

### C.  The ITC Determinations Are Relevant To Arista's Willfulness

The ITC determinations also are relevant to Cisco's allegation that Arista's patent infringement was willful.  Dkt. 64 ¶ 80.  "The subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages, without regard to whether his infringement was objectively reckless." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016).  Here, the ITC determinations are relevant to and probative of Arista's subjective willfulness both before and after the filing of the complaint.  In this action, Cisco accuses functionality in Arista's EOS Sysdb central database of infringing the '526 patent. Dkt. 64 at §63.  Sysdb is the same software found to infringe one Cisco patent at the ITC.   Exh. 1 at 11.  The ITC made specific findings that key Arista personnel who ████████████████████████ ████████████ had been ████████████" to Arista's infringement of Sysdb technology. Dkts. 396-12, 397-9 at 18-19.  In addition, the ITC concluded that ████████ ████████████████████████████████████████████████████████████████ ████████ which ████████████████████████████████ *Id.* at 19-20.[1]  Finally, since receiving the ITC determinations, Arista has taken no steps to stop infringing the '526 patent Cisco asserts in this case, making the existence and timing of the determinations directly relevant to willfulness.

### D.  Arista Failed To Show Confusion Or Prejudice

The cases Arista cites (MIL 1 at 4-5) as examples where ITC decisions were excluded are inapposite here.  For instance, both *HTC Corp. v. Tech. Prop. Ltd*., 2013 WL 4782598, at *3 (N.D. Cal. Sept. 6, 2013), and *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc*., 2011 WL

---

[1] "Whether the infringer intentionally copied the ideas of another" is relevant to willfulness. *In re Hayes Microcomputer Products, Inc. Patent Litigation*, 982 F.2d 1527, 1543 (Fed. Cir. 1992); *Caluori v. One World Tech., Inc.*, 2012 WL 2004173, *2 (C.D. Cal. 2012) ("While evidence that defendant copied plaintiff's original device is prejudicial, it is not unfairly so.").

7036048, at *2 (E.D. Va. July 5, 2011) involved co-pending ITC investigations that had only reached initial determinations. In sharp contrast, the 944 case here has reached a final determination and is past the presidential review period. *See also ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, No. 2:10-CV-248, Dkt. 553 at 1 (E.D. Va. June 10, 2011) (stating that ongoing ITC investigation had reached only an initial determination). In *Mag Instrument, Inc. v. Dollar Tree Stores Inc.*, 2005 WL 5957825, at *2 (C.D. Cal. Apr. 14, 2005), the court excluded reference to ITC proceedings based on ***relevance***—not Rule 403, as Arista mistakenly argues—because certain invalidity and inequitable conduct defenses had been resolved at summary judgment. Here, no disputed issues were resolved at summary judgment, and Cisco has explained above how the ITC determinations are probative and relevant, unlike in *Mag Instrument*.

Further, as the Federal Circuit has held, a "district court can attribute whatever persuasive value to the prior ITC decision that it considers justified." *Texas Instruments v. Cypress Semi. Corp.*, 90 F.3d 1558, 1569 (Fed. Cir. 1996); *see Atmel Corp. v. Silicon Storage Tech., Inc.*, No. 96-0039, 2001 U.S. Dist. LEXIS 25640, at *8 (N.D. Cal. June 22, 2001) ("this Court may give the ITC's determination and the Federal Circuit's affirmance 'whatever persuasive value' it finds justified"). Finally, Arista's concern (MIL 1 at 1) that admitting evidence and argument about the ITC determinations will lead to multiple mini-trials within the trial is ill-founded. This Court can easily fashion limiting instructions to the jury that would remedy any possible prejudice by informing it that the ITC's findings are not preclusive and that Arista is appealing the ITC's determinations. The law presumes that juries will understand and follow such instructions. *See Richardson v. Marsh*, 481 U.S. 200, 211 (1987).

## IV. CONCLUSION

The ITC's findings that Arista infringed and copied Cisco's intellectual property, are relevant and probative to rebut Arista's claims of taking "nothing else" from Cisco and to prove its willfulness.. Accordingly, Cisco respectfully requests that the Court deny Arista's MIL No. 1.

Dated: October 7, 2016                              Respectfully submitted,

                                                    */s/ John M. Neukom*

                                                    Kathleen Sullivan (SBN 242261)

| | |
|---|---|
| 1 | kathleensullivan@quinnemanuel.com |
| 2 | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| 3 | 51 Madison Avenue, 22nd Floor<br>New York, NY 10010 |
| 4 | Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100 |

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART & SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

David Nelson (*admitted pro hac vice*)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
500 W Madison St, Suite 2450
Chicago, IL 60661
Telephone: (312) 705-7465
Facsimile: (312) 705 7401

Steven Cherny *admitted pro hac vice)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28