Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART & SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

David Nelson (*admitted pro hac vice*)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
500 W Madison St, Suite 2450
Chicago, IL 60661
Telephone: (312) 705-7465
Facsimile: (312) 705 7401

Steven Cherny *(admitted pro hac vice)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

CISCO SYSTEMS, INC.,

Plaintiff,

vs.

ARISTA NETWORKS, INC.,

Defendant.

CASE NO. 5:14-cv-5344-BLF (NC)

**CISCO'S OPPOSITION TO ARISTA'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING DOCUMENTS LABELED AS CONFIDENTIAL TO CISCO**

Date: November 3, 2016
Time: TBD
Dept: Courtroom 3 - 5th Floor
Judge: Hon. Beth Labson Freeman

Plaintiff Cisco Systems, Inc. ("Cisco") hereby respectfully opposes Defendant Arista Networks, Inc.'s ("Arista") Motion *in Limine* No. 5 (Dkt. 527, "Arista's MIL No. 5" or "MIL 5"). All referenced exhibits are attached to the Declaration of John M. Neukom in Support of Cisco's Opposition to Arista's Motions *in Limine*, filed herewith.

## I. INTRODUCTION

The Court should deny Arista's MIL No. 5, which seeks to prevent Cisco from presenting evidence or argument regarding Arista's possession of Cisco's confidential documents. During discovery, Arista produced a large number of such documents that Arista should not have had in its possession. These documents are clearly branded as "Cisco Confidential" or "Cisco Company Confidential" or have other similar and prominent marks proclaiming that the document contains confidential Cisco information. . Arista's possession of Cisco's confidential documents is directly relevant to and probative of Cisco's claim that Arista engaged in willful misconduct warranting enhanced damages for patent infringement. Arista cannot broadly exclude a swath of evidence by alleging generally that such documents "may have been obtained" through proper means. As discussed below, Arista may make individualized objections at trial to any exhibits that it believes were properly obtained rather than to call for a blanket exclusion of relevant evidence that directly relates to the issues at trial.

## II. FACTUAL BACKGROUND

Arista admits (MIL 5 at 2) that it is in possession of a large number of documents that are marked as being confidential to Cisco.

## III. ARGUMENT

### A. Arista's Possession Of Cisco's Confidential Information Is Relevant To Cisco's Claim Of Willfulness

A district court may increase damages for patent infringement up to three times following a finding of willful misconduct by the infringer. 35 U.S.C. §284; *Finjan, Inc. v. Blue Coat Sys*., 13-cv-03999-BLF, 2016 U.S. Dist. LEXIS 93267, at *46 (N.D. Cal. July 18, 2016). The Supreme Court has made clear that subjective willfulness and in particular "egregious misconduct" may warrant enhanced damages for patent infringement regardless of any objective reasonableness that may appear after the fact, holding that "culpability is generally measured against the knowledge of the actor at the time of the challenged conduct." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1933 (2016).

[REDACTED]

In determining whether an infringer engaged in "egregious misconduct" under *Halo*, this Court recently looked to the eight factors set out by the Federal Circuit in *Read Corp. v. Portec, Inc.*, 970 F. 2d 816 (Fed. Cir. 1992), as a guidepost.

> The *Read* factors include:(1) ***whether the infringer deliberately copied the ideas or design of another***; (2) whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed; (3) the infringer's behavior as a party to the litigation; (4) defendant's size and financial condition; (5) closeness of the case; (6) ***duration of defendant's misconduct***; (7) remedial action by the defendant; (8) ***defendant's motivation for harm.***

*See Finjan, Inc.*., 2016 U.S. Dist. LEXIS 93267, at *47-48 (emphasis added).

[REDACTED], is evidence that is relevant and probative with respect to at least *Read* factors 1, 6, and 8. Therefore, evidence and argument concerning Arista's possession of Cisco's confidential documents should not be excluded from trial.

**B. Arista Will Not Be Improperly Prejudiced By Evidence That [REDACTED] Had Possession Of Cisco's Confidential Documents**

Arista suggests (MIL 5 at 3-4) that it would be unduly burdened by having to explain through its witnesses and Cisco's witnesses that documents within its possession that are marked "Cisco Confidential***" might have been obtained*** from publicly available Internet sources or "given to Arista by customers under no obligation to keep them confidential." But Arista has not identified any specific documents marked as "Cisco Confidential" that are actually publicly available. Arista's claim of prejudice thus amounts to rank speculation that cannot justify a broad generic exclusion of such evidence. *See Weiss v. La Suisse, Societe D'Assurances Sur La Vie*, 293 F. Supp. 2d 397, 407-08 (S.D.N.Y. 2003) (motion to exclude "all evidence regarding other policy holders" lacked the requisite specificity where "[n]o particular documents or testimony have been

identified"). And since Cisco does not intend to question Arista about how it came into possession of documents that are part of the public domain, it would be more appropriate for Arista to make individualized objections at trial to any exhibits that it believes are part of the public domain rather than to call for a blanket exclusion of a set of as yet unidentified documents.

Arista's motion is likewise flawed in asserting (MIL 5 at 3) that Arista would be unfairly tarnished and prejudiced by evidence or argument that it had improper possession of Cisco's confidential documents. Two of the cases that Arista cites (MIL 5 at 3) hold that evidence of a ***prior and unrelated*** bad act may be unduly prejudicial. *See Old Chief v. United States*, 519 U.S. 172 (1997) (in a criminal case charging the defendant as a felon in possession of a firearm, it was prejudicial to provide details of the defendant's prior crime to prove he was a felon*); Coursen v. A.H. Robins Co*., 764 F.2d 1329, 1334-1335 (9th Cir. Or. 1985) (evidence that a birth control device manufacturer had previously lied about pregnancy rates was more prejudicial than probative in a case regarding the safety of those devices). The only other case cited by Arista found that, where a defendant was charged with smuggling aliens, evidence that two of the people being smuggled had suffered heat stroke was more prejudicial than probative because the evidence did not go to "an element of the charge." *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir.2005) (ultimately determining that the error was harmless).

In sharp contrast to those cases, Arista's acquisition and use of Cisco's confidential documents is not a prior and unrelated act, nor is it unrelated to Cisco's willfulness claim. Arista's possession of these documents, [redacted] [redacted] and therefore is properly admitted in connection with Cisco's of entitlement to enhanced damages for patent infringement.

## IV. CONCLUSION

For the foregoing reasons, Cisco respectfully requests that the Court deny Arista's MIL No. 5.

Dated: October 7, 2016

Respectfully submitted,

*/s/ John M. Neukom*

Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART & SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

David Nelson (*admitted pro hac vice*)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
500 W Madison St, Suite 2450
Chicago, IL 60661
Telephone: (312) 705-7465
Facsimile: (312) 705 7401

Steven Cherny *admitted pro hac vice)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071

Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*