| | |
|---|---|
| Kathleen Sullivan (SBN 242261)<br>kathleensullivan@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100<br><br>Sean S. Pak (SBN 219032)<br>seanpak@quinnemanuel.com<br>Amy H. Candido (SBN 237829)<br>amycandido@quinnemanuel.com<br>John M. Neukom (SBN 275887)<br>johnneukom@quinnemanuel.com.<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>David Nelson (*admitted pro hac vice*)<br>davenelson@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>500 W Madison St, Suite 2450<br>Chicago, IL 60661<br>Telephone: (312) 705-7465<br>Facsimile: (312) 705 7401 | Steven Cherny (*admitted pro hac vice*)<br>steven.cherny@kirkland.com<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br><br>Adam R. Alper (SBN 196834)<br>adam.alper@kirkland.com<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, California  94104<br>Telephone: (415) 439-1400<br>Facsimile: (415) 439-1500<br><br>Michael W. De Vries (SBN 211001)<br>michael.devries@kirkland.com<br>KIRKLAND & ELLIS LLP<br>333 South Hope Street<br>Los Angeles, California 90071<br>Telephone: (213) 680-8400<br>Facsimile: (213) 680-8500 |

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ARISTA NETWORKS, INC.,<br><br>　　　　　Defendant. | CASE NO. 5:14-cv-5344-BLF (NC)<br><br>**CISCO'S OPPOSITION TO ARISTA'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE REFERENCE TO NONASSERTED WORKS OR UNDISCLOSED CONTENTIONS**<br><br>Date:  November 3, 2016<br>Time: TBD<br>Dept: Courtroom 3 - 5th Floor<br>Judge: Hon. Beth Labson Freeman |

Plaintiff Cisco Systems, Inc. ("Cisco") hereby respectfully opposes Defendant Arista Networks, Inc.'s ("Arista") Motion *in Limine* No. 2 to Exclude Reference to Non-Asserted Works Or Undisclosed Contentions (Dkt. 525, "Arista's MIL No. 2" or "MIL 2").

## I. INTRODUCTION

Although it is difficult to determine what evidence Arista's MIL No. 2 actually seeks to exclude from trial, the Motion appears to make two general arguments, both of which should be rejected. *First*, Arista argues (MIL 2 at 1-3 and 5) that Cisco should be ordered broadly to comply with Federal Rule of Evidence 26 and not present "undisclosed" theories at trial. Arista, however, never identifies what evidence or theories it contends were undisclosed or what specifically should be excluded. Because the purpose of a motion *in limine* is to specifically identify evidence that should not be offered at trial, and Arista's MIL No. 2 fails in that respect by seeking only "broad[] relief" (MIL 2 at 5), Arista's MIL No. 2 should be denied. *Second*, Arista suggests (MIL 2 at 4) that certain copying theories supposedly offered for the first time in Cisco's copyright infringement expert report should be excluded. Arista, however, ignores that none of the additional citations presented in Cisco's copyright infringement report offered new theories of copying. Cisco's expert merely cited additional evidence of copying theories that had already been disclosed during discovery, and that Arista therefore had notice of and an opportunity to challenge. For this additional reason, Arista's MIL No. 2 should be denied.

## II. ARGUMENT

### A. Arista's Request For Vague, Broad Relief Should Be Denied

Arista's MIL No. 2 states that Arista "seeks broad[] relief: an order that only asserted and disclosed works and contentions may be presented at trial . . . ." MIL 2 at 5. Arista also argues that "Cisco should not be allowed to shift theories by presenting evidence or argument about 'works' or 'similarities' not disclosed during the discovery period." *Id.* at 1. But Arista never identifies what so-called "undisclosed" works or contentions it believes Cisco will present at trial. Neither does Arista specifically identify any evidence it believes should be excluded under MIL No. 2. Arista instead seeks a generic order that Cisco should comply with the rules. But such an order would be improperly vague, broad, and impossible to enforce at trial. Indeed, courts in this

district and others have rejected similar requests by parties to simply "re-affirm principles of law prior to trial which are already adequately set forth in the rules of evidence and/or civil procedure." *Foradori v. Captain D's, LLC*, No. 1:03-cv-669, 2005 WL 6736846, at *3 (N.D. Miss. Sept. 29, 2005); *see also Fujifilm Corp. v. Motorola Mobility LLC*, 2015 WL 12622055, at *5 (N.D. Cal. Mar. 19, 2015) ("To the extent this motion merely aims to remind Fujifilm that '[t]he Court will instruct the jurors on the principles of law governing the case,' it is denied as unnecessary and redundant.… To the extent the motion seeks something other than that, it is denied as vague and potentially overbroad.") (internal citation omitted); *Creative Dimensions in Mgmt., Inc. v. Thomas Grp., Inc.*, 1999 WL 225891, at *1 (E.D. Pa. Apr. 16, 1999) ("The purpose of a motion in limine is not to obtain a court order directing the parties to present their case in a manner consistent with the Federal Rules of Evidence and other well understood pertinent principles of law."); *United States v. Smith*, 452 F.3d 323, 330 (4th Cir. 2006) (holding that defendant did not preserve objection for appeal because its motion *in limine* asking that trial court "refrain from any actions which may be interpreted by the jury as favoring the government over the defense especially regarding the Court questioning or rehabilitating witnesses" lacked "the required specificity"); *CadleRock Joint Venture, L.P. v. Royal Indem. Co.*, 872 F. Supp. 2d 592, 602 (N.D. Ohio 2012) (denying motion *in limine* to exclude statements where movant failed to identify specific documents or testimony).

Further, an order granting Arista's MIL No. 2 would not exclude any testimony that is not already excluded. It would serve only to invite disputes at trial, leaving the possibility of abuse by Arista because the order would not be directed to any specific evidence or testimony. The Court should not arm Arista with such an order. Instead, both parties should be aware that they must comply with the applicable rules and the Court's standing orders. Allegedly improper testimony or evidence can and should be handled on a case-by-case basis. In sum, the Court should reject Arista's attempt to negate the purpose of the motion *in limine* process, which "is to admit or preclude **specific** documents," and deny Arista's MIL No. 2 in its entirety. *See M.H. v. Cty. of Alameda*, 2015 WL 894758, at *9 (N.D. Cal. Jan. 2, 2015) (denying overbroad motion *in limine* that effectively asked the court to "make evidentiary determinations in a vacuum") (quotation

omitted) (emphasis added).

Finally, contrary to Arista's contention (MIL 2 at 3), Cisco has repeatedly identified the asserted copyrighted works (*e.g.*, Dkt. 64 ¶ 25, Exhs. 3-28) and pursuant to this Court's request recently submitted a list of specific elements from Cisco's copyrighted works that Cisco contends are protectable (*see* Dkt. 552). And, as Cisco has repeatedly demonstrated (*see* Dkts. 456 at 3-4, 505 at 2-4), the fact that the asserted works are not the entire "registered" works is entirely permissible because a copyright holder may assert works that are a subset of the registered works. *Am. Geophysical Union v. Texaco Inc.*, 802 F. Supp. 1, 17 (S.D.N.Y. 1992), *aff'd*, 60 F.3d 913, 925–26 (2d Cir. 1994) (finding that a single registration filing can include numerous distinct "copyrighted works"); *Religious Tech. Ctr. v. Netcom On-Line Commc'n Servs., Inc.*, 1997 WL 34605244, at *6 (N.D. Cal. Jan. 6, 1997) (following *Texaco*).

### B. Cisco's Expert Did Not Disclose Any New Theories Of Documentation Copying

The only *specific* argument Arista appears to make is that, "*after* discovery closed, Cisco's expert disclosed a number of allegedly similar excerpts from technical manuals that Cisco failed to disclose in its responses to Interrogatory No. 2." MIL 2 at 3; *see id.* ("Dr. Almeroth's 'Exhibit-Copying 1,' disclosed after liability fact discovery closed, lists **142 new pages** of new contentions of purportedly copied text that Cisco did not disclose during discovery.") (emphasis in original). This argument is incorrect.

Cisco's response to Arista's Interrogatory No. 2 included a 221-page exhibit (called "Exhibit A," Dkt. 523-5) listing dozens of examples that show Arista's copying of Cisco's copyrighted technical documents. Exhibit A was timely disclosed during discovery, as Arista's MIL No. 2 does not dispute. On June 3, 2016, Cisco's copyright infringement expert, Dr. Kevin Almeroth, submitted his opening report on copying. Along with his opening report, Dr. Almeroth submitted an exhibit titled "Copying-1 – Evidence of Document Copying," which spans 363 pages. Dkt. 532-6. Although Dr. Almeroth's Copying-1 exhibit is longer than Cisco's Exhibit A, Copying-1 does not disclose any new theories of copyright infringement. The difference between Exhibit A and Copying-1 is that, after Dr. Almeroth went to great lengths to perform his own

independent copying analysis, he included additional pin cites to (i) Cisco documents from the asserted registered works that further evidence the *same copying* disclosed in Exhibit A, and (ii) Arista's user manuals also showing the *same copying*.  Dr. Almeroth also corrected typographical errors and pin cites as needed.  For example, the only specific example Arista objects to in its motion is an except from "Cisco IOS IP Routing Protocols Command Reference" on Page 92 of Copying-1.  But Arista fails to mention that Cisco disclosed that theory of copying at page 70 of Exhibit A (highlighted blue):



Dkt. 523-5 at 70.  During his investigation, Dr. Almeroth located an additional instance of this *same copying* and included that in Copying-1 (highlighted in yellow below) along with the copying excerpt that Cisco disclosed in Exhibit A (highlighted in blue below)[1]:

Dkt. 523-6 at 92.  Similarly, in addition to the exemplary Arista user manual cited in Exhibit A (highlighted in blue below), Dr. Almeroth provided pin cites to additional instances of this *same copying* in other Arista user manuals (highlighted in yellow below):

---

[1] Professor Almeroth also made a correction to the parenthetical in the pin cite from "November 21, 2012" to "2013."  The text outlined in red and the copyright registration from which Arista copied this particular text remained the same from Exhibit A to Copying-1—Cisco IOS 15.4 with an effective date of registration of November 26, 2014.

> maximum-paths (OSPFv2)
> The maximum-paths command controls the maximum number of parallel routes that OSPFv2 supports on the switch. The default maximum is 16 paths.
>
> Arista User Manual v. 4.14.3F (Rev. 2) (10/2/2014), at 1440.
>
> *See also* Arista User Manual v. 4.12.3 (7/17/13), at 1226; Arista User Manual, v. 4.11.1 (1/11/13), at 983; Arista User Manual v. 4.10.3 (10/22/12), at 813; Arista User Manual v. 4.9.3.2 (5/3/12), at 637; Arista User Manual v. 4.8.2 (11/18/11), at 472.

Dkt. 523-6 at 92. Thus, contrary to Arista's assertions (MIL 2 at 4-5), Dr. Almeroth did not disclose any new copying contention or theory. The fact that Dr. Almeroth's Copying-1 exhibit is longer than Exhibit A is a function of additional examples of the same copying disclosed in Exhibit A from registered copyrighted works asserted in the case and minor formatting changes.

Cisco was not obligated to list every possible manifestation of Arista's infringement in its discovery responses, just as a patentee is not required to chart screen shots of every possible manifestation of infringement in its infringement contentions. *See Orion IP, LLC v. Staples, Inc.*, 407 F.Supp.2d 815, 817 (E.D. Tex. 2006) ("[I]t would be unrealistic to expect plaintiffs to provide screen shots for every possible manifestation of the alleged infringement. Instead, plaintiffs should provide specific theories of infringement and representative examples of the alleged infringement so as to give defendants fair notice of infringement beyond that which is provided by the mere language of the patent claims themselves.").

Any additional citations for the same copying theories disclosed in Exhibit A are in any event "harmless" in light of Arista's own admissions. Fed. R. Civ. P. 37(c). Arista's CEO Jayshree Ullal already has admitted that Arista has copied Cisco's technical documents verbatim in multiple instances: "I own up to that. That's a mistake." Dkt. 348 at 10. Arista has thus known what Cisco's copying theories are and had every opportunity to challenge them during discovery. Arista also had a full opportunity to ask Dr. Almeroth about any differences between Exhibit A and Copying-1 at his deposition. Arista's motion should be denied.

### III.   CONCLUSION

For the foregoing reasons, Cisco respectfully requests that the Court deny Arista's MIL No. 2.

Dated:  October 7, 2016                    Respectfully submitted,

                                           /s/ John Neukom
                                           
                                           Kathleen Sullivan (SBN 242261)
                                           kathleensullivan@quinnemanuel.com
                                           QUINN EMANUEL URQUHART &
                                           SULLIVAN LLP
                                           51 Madison Avenue, 22nd Floor
                                           New York, NY 10010
                                           Telephone: (212) 849-7000
                                           Facsimile: (212) 849-7100

                                           Sean S. Pak (SBN 219032)
                                           seanpak@quinnemanuel.com
                                           Amy H. Candido (SBN 237829)
                                           amycandido@quinnemanuel.com
                                           John M. Neukom (SBN 275887)
                                           johnneukom@quinnemanuel.com.
                                           QUINN EMANUEL URQUHART &
                                           SULLIVAN LLP
                                           50 California Street, 22nd Floor
                                           San Francisco, CA 94111
                                           Telephone: (415) 875-6600
                                           Facsimile: (415) 875-6700

                                           David Nelson (*admitted pro hac vice*)
                                           davenelson@quinnemanuel.com
                                           QUINN EMANUEL URQUHART &
                                           SULLIVAN LLP
                                           500 W Madison St, Suite 2450
                                           Chicago, IL 60661
                                           Telephone: (312) 705-7465
                                           Facsimile: (312) 705 7401

                                           Steven Cherny *admitted pro hac vice)*
                                           steven.cherny@kirkland.com
                                           KIRKLAND & ELLIS LLP
                                           601 Lexington Avenue
                                           New York, New York 10022
                                           Telephone: (212) 446-4800
                                           Facsimile: (212) 446-4900

                                           Adam R. Alper (SBN 196834)
                                           adam.alper@kirkland.com
                                           KIRKLAND & ELLIS LLP
                                           555 California Street
                                           San Francisco, California  94104
                                           Telephone: (415) 439-1400
                                           Facsimile: (415) 439-1500

                                           Michael W. De Vries (SBN 211001)
                                           michael.devries@kirkland.com
                                           KIRKLAND & ELLIS LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*