| | | |
|---|---|---|
| 1 | Kathleen Sullivan (SBN 242261)<br>kathleensullivan@quinnemanuel.com | Steven Cherny *(admitted pro hac vice)*<br>steven.cherny@kirkland.com |
| 2 | QUINN EMANUEL URQUHART &<br>SULLIVAN LLP | KIRKLAND & ELLIS LLP<br>601 Lexington Avenue |
| 3 | 51 Madison Avenue, 22nd Floor<br>New York, NY 10010 | New York, New York 10022<br>Telephone: (212) 446-4800 |
| 4 | Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100 | Facsimile: (212) 446-4900 |
| 5 | | Adam R. Alper (SBN 196834)<br>adam.alper@kirkland.com |
| 6 | Sean S. Pak (SBN 219032)<br>seanpak@quinnemanuel.com | KIRKLAND & ELLIS LLP<br>555 California Street |
| 7 | Amy H. Candido (SBN 237829)<br>amycandido@quinnemanuel.com | San Francisco, California 94104<br>Telephone: (415) 439-1400 |
| 8 | John M. Neukom (SBN 275887)<br>johnneukom@quinnemanuel.com. | Facsimile: (415) 439-1500 |
| 9 | QUINN EMANUEL URQUHART &<br>SULLIVAN LLP | Michael W. De Vries (SBN 211001)<br>michael.devries@kirkland.com |
| 10 | 50 California Street, 22nd Floor<br>San Francisco, CA 94111 | KIRKLAND & ELLIS LLP<br>333 South Hope Street |
| 11 | Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700 | Los Angeles, California 90071<br>Telephone: (213) 680-8400 |
| 12 | David Nelson *(admitted pro hac vice)* | Facsimile: (213) 680-8500 |
| 13 | davenelson@quinnemanuel.com<br>QUINN EMANUEL URQUHART & | |
| 14 | SULLIVAN LLP<br>500 W Madison St, Suite 2450 | |
| 15 | Chicago, IL 60661<br>Telephone: (312) 705-7465 | |
| | Facsimile: (312) 705 7401 | |

*Attorneys for Plaintiff Cisco Systems, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>       Plaintiff,<br><br>vs.<br><br>ARISTA NETWORKS, INC.,<br><br>       Defendant. | CASE NO. 5:14-cv-5344-BLF (NC)<br><br>**CISCO'S OPPOSITION TO ARISTA'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE GIANCARLO DECLARATION AND RELATED TESTIMONY**<br><br>Date: November 3, 2016<br>Time: TBD<br>Dept: Courtroom 3 - 5th Floor<br>Judge: Hon. Beth Labson Freeman |

Plaintiff Cisco Systems, Inc. ("Cisco") hereby respectfully opposes Defendant Arista Networks, Inc.'s ("Arista") Motion *in Limine* No. 3 to Exclude Giancarlo Declaration and Related Testimony (Dkt. 526, MIL No. 3 or "MIL 3"). All referenced exhibits are attached to the Declaration of John M. Neukom in Support of Cisco's Oppositions to Arista's Motions *in Limine*, filed herewith.

## I. INTRODUCTION

The Court should reject Arista's effort to exclude the 2003 fact declaration of Charles Giancarlo—Cisco's former Chief Development Office and currently an Arista board member—because it is directly relevant to rebutting Arista's defenses in this case. Arista contends that Cisco cannot prevail on its copyright infringement claims if it has allowed its copyrighted CLI user interface and related documentation to become an "industry standard" that competitors can freely use without permission. For example, Arista has cited the deposition testimony of Andy Bechtolsheim—a former Cisco executive and now Arista's board chairman—to support Arista's argument that [redacted]. But Cisco's 2003 copyright action against Huawei for infringing Cisco's CLI user interface directly rebuts Arista's argument. And the 2003 fact declaration that Mr. Giancarlo submitted in the Huawei litigation shows that Mr. Giancarlo, when he was at Cisco, knew the proprietary value of Cisco's CLI user interface and played an instrumental role in Cisco's efforts to stop Huawei from copying that interface by suing Huawei for copyright infringement.

## II. FACTUAL BACKGROUND

Arista intends to argue at trial that Cisco may not assert copyright protection for its asserted works because Cisco allegedly has permitted others in the industry to copy them without consequence. *See, e.g.*, Dkt. 65 at p.1 ("Until December 2014, Cisco never suggested that it claimed copyright protection in the set of functional commands that most of the industry uses."). For example, Cisco's Interrogatory No. 10 asked Arista to "[e]xplain in detail all factual and legal bases for any contention by You that You have not infringed Cisco's copyrights[.]" In response, Arista has contended that it is not liable for copyright infringement because [redacted]

1  ██████████████████████████████████████████████████████████████████

2  ████████████████████████████████████████ Dkt. 530-15 at 8; *See also id.* at

3  138-39; 146; 190 ████████████████████████████████████████████████████

4  ████████████████) (emphasis added).  To support that argument, Arista has cited

5  testimony of Mr. Bechtolsheim—like Mr. Giancarlo, a former Cisco executive and current Arista

6  board member.  *Id.*

       Cisco's lawsuit against Huawei, and Mr. Giancarlo's declaration in that case while he was at Cisco, directly refute Arista's argument.  Cisco filed a lawsuit against Huawei in 2003 claiming, among other things, that Huawei infringed Cisco's copyrighted CLI user interface, including multi-word command expressions.  *See, e.g.*, Exh. 3 at ¶ 1 (alleging that Huawei "copied the copyrighted user interface for Cisco's routers"); ¶ 12 (alleging "systematic copying of Cisco's copyrighted Command Line Interface"); ¶ 15 (alleging that "[a] key component of the copyrighted IOS Software Programs is the 'Command Line Interface'"); ¶ 16 ("Cisco's CLI is a unique, expressive work that has been developed over many years of creative endeavor. Other manufacturers of network routers have their own command line interfaces that differ from Cisco's, both in terms of the particular commands and in the organization of those commands."); ¶ 17 (presenting a list of command expressions copied by Huawei to support Cisco's claim for copyright infringement).

       During the Huawei litigation, Mr. Giancarlo, then at Cisco, submitted a declaration under oath describing the importance of Cisco's copyrighted user interface to its business in terms that refute Arista's assertion that Cisco made that interface freely available to others in the industry.  *See id.* at ¶¶ 8 ("A key component of Cisco's copyrighted IOS programs is Cisco's copyrighted 'Command Line Interface' ('CLI')… It consists of an elaborate structure of textual commands[.]"), 11 ("Huawei has engaged in wholesale theft and copying of Cisco's intellectual property… According to Cisco's allegations, that theft includes… the copying of Cisco's CLI and the copying of Cisco's copyrighted user manuals."), 12 ("Cisco's proprietary IOS is one of the company's most valuable assets and a critical component of Cisco's business. The same holds true for the CLI user interface implemented by the IOS. This interface, which is unique to Cisco, has

1  been developed over many years through the expenditure by Cisco of hundreds of millions of
2  dollars.").
3        At Cisco's deposition in this case of Mr. Giancarlo, who is now an Arista board member,
4  Cisco's counsel questioned Mr. Giancarlo on the substance of his 2003 declaration but took care
5  not to elicit any privileged information concerning his attorney-client communications while at
6  Cisco.  *See, e.g.*, Exh. 5 at 50:17-51:12 & 51:24-52:17 (asking the witness at the outset to refrain
7  from disclosing anything based on prior communications with Cisco counsel).[1]  After that
8  deposition, Arista moved to compel production of certain privileged documents regarding the
9  Huawei litigation by arguing that Cisco had waived any attorney-client privilege regarding Mr.
10 Giancarlo's participation in the Huawei case and/or that Cisco was attempting improperly to use
11 privilege as a sword and shield.  Dkt. 404 at 1-3; *see also id.* at 3-5 (Cisco's response).  Magistrate
12 Judge Cousins **denied** that motion in its entirety, finding *inter alia* that Cisco had not waived any
13 privilege by virtue of asking Mr. Giancarlo questions about his 2003 fact declaration in the
14 Huawei case.  Dkt. 412 at 15-16.

15 **III.**    **ARGUMENT**

16     **A.**    **The Giancarlo Declaration Is Highly Relevant And Probative To Rebut Arista's Argument That Cisco Has Permitted Others To Copy Its CLI User Interface**

18       Arista intends to assert at trial, as a defense to Cisco's copyright claims, that Cisco
19 supposedly has not asserted copyright claims to stop others in the industry from using Cisco's CLI
20 and that Arista relied on Cisco's supposed failure to protect its intellectual property.  The
21 Giancarlo declaration from Cisco's Huawei litigation is clearly relevant and highly probative to
22 rebut those assertions.  Mr. Giancarlo's declaration attests that, while at Cisco, he was personally
23 aware of and instrumental in Cisco's efforts to assert copyright protection over the CLI user
24 interface, and swore under oath to the CLI user interface's enormous value and the irreparable
25 harm that would be inflicted on Cisco were it to be copied by a competitor.  Arista has admitted

---

[1] *See also id.* at 52:18-53:19; 53:22-54:21; 56:17-21; 65:21-66:3; 101:10-102:18; 113:11-114:10; 124:5-21; 155:11-156:15; 157:16-158:6; 161:14-20.

1  that such board member testimony is relevant by citing the deposition testimony of Mr.

2  Bechtolsheim (who like Mr. Giancarlo is a former Cisco executive and a current Arista board

3  member) to support Arista's arguments to the contrary.  Dkt. 530-15 at 191

### B. The Hearsay Rule Does Not Bar The Giancarlo Fact Declaration

Arista argues (MIL 3 at 3-4) that the hearsay rule bars admission of the Giancarlo declaration, even if it is relevant and probative. That is incorrect.  ***First***, the Giancarlo declaration is not hearsay because Cisco does not intend to use it to prove the truth of the matter asserted in it. Fed. R. Evid. 801(c)(2).  For example, Cisco will not use the Giancarlo declaration to prove that its CLI user interface is in fact proprietary and unique.  Instead, Cisco intends to use the Giancarlo declaration to show that a current Arista board member was aware of, and personally instrumental to, prior efforts by Cisco to protect its proprietary CLI user interface from copying.  *See Gonzalez v. Sec'y of Dep't of Homeland Sec.*, 678 F.3d 254, 262 (3d Cir. 2012) (declaration was admissible because where "the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay")  ***Second***, Mr. Giancarlo will testify at trial, and Cisco should be permitted to use his sworn declaration from 2003 to impeach any inconsistent testimony he provides at trial, and the declaration would not be considered hearsay in that context.  Fed. R. Evid. 801(d)(1)(A).  ***Third***, even if the Giancarlo declaration were hearsay, it is subject to an exception under Fed. R. Evid. 803(5) as pertaining to matters Mr. Giancarlo "once knew about but now cannot recall well enough to testify fully and accurately." ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  The declaration was also "made or adopted by the witness when the matter was fresh in the witness's memory," and appears "[a]ccurately [to] reflect[] the witness's knowledge" from the time of the declaration.  Fed. R. Evid. 803(5)(B)-(C).  Thus, at a minimum, it may be read into the record even if not admitted as a trial exhibit.

### C. Arista's Privilege & "Sword/Shield" Arguments Have Already Been Rejected

Arista argues (MIL3 at 4-5) that Cisco may not adduce the Giancarlo declaration as evidence in this case without waiving privilege for the Huawei litigation.  That is incorrect.  ***First***,

Arista already made this same argument to Magistrate Judge Cousins, and he rejected it.  Because Arista never objected to that ruling, it cannot now ask this Court for a different ruling.  FRCP 72(a).  **Second**, even if Magistrate Judge Cousins had not already rejected this argument, it has no merit. Mr. Giancarlo's declaration from 2003 was factual, based on his personal knowledge, and sworn under penalty of perjury.  Neither the factual declaration nor Cisco's intended use of it in this case implicates "advice of counsel" as in Arista's inapposite case law authorities. [2]

Indeed, the only evidence that Arista cites to support its argument that Cisco waived privilege by questioning Mr. Giancarlo about his declaration (MIL3 at 2-3, citing Giancarlo Depo. at 114:11-115:10) just shows that Cisco did not elicit any testimony on privileged matters, and was careful to confine Mr. Giancarlo's testimony to the factual subject matter of his 2003 declaration. *See* n.1, *ante* (providing citations).  Cisco seeks to use a fact declaration, from a fact witness, to rebut a set of factual arguments from Arista about what Arista was or was not aware of.  Nothing about that scenario implicates attorney-client privilege.

### IV.    CONCLUSION

For the foregoing reasons, Cisco respectfully requests that the Court deny Arista's MIL No. 3.

Dated:  October 7, 2016

Respectfully submitted,

*/s/ John M. Neukom*_____ ____

Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

---

[2] *See Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1196 (9th Cir. 2001) ("Feltner sought to rely on advice of counsel to demonstrate that his infringement was not willful."); *see also Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) (the party sought to avoid liability by arguing that it acted on "the advice of its lawyers" and "upon the advice of our tax counsel"); *see also United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999) (party's claim was premised on allegation that, prior to the alleged attorney disparagement, he "had a high opinion" of his counsel and "intended to hire him for… trial").

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

David Nelson (*admitted pro hac vice*)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
500 W Madison St, Suite 2450
Chicago, IL 60661
Telephone: (312) 705-7465
Facsimile: (312) 705 7401

Steven Cherny *admitted pro hac vice*)
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*