Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

David Nelson (*admitted pro hac vice*)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
500 W Madison St, Suite 2450
Chicago, IL 60661
Telephone: (312) 705-7465
Facsimile: (312) 705 7401

Steven Cherny *(admitted pro hac vice)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>           Plaintiff,<br><br>     vs.<br><br>ARISTA NETWORKS, INC.,<br><br>           Defendant. | CASE NO. 5:14-cv-5344-BLF (NC)<br><br>**CISCO'S OPPOSITION TO ARISTA'S MOTION IN LIMINE NO. 4 TO PRECLUDE TESTIMONY FROM WITNESSES**<br><br>Date:  November 3, 2016<br>Time: TBD<br>Dept: Courtroom 3 - 5th Floor<br>Judge: Hon. Beth Labson Freeman |

Plaintiff Cisco Systems, Inc. ("Cisco") hereby respectfully opposes Defendant Arista Networks, Inc.'s ("Arista") Motion *in Limine* No. 4 (Dkt. 531, "Arista's MIL No. 4" or "MIL 4"). All referenced exhibits are attached to the Declaration of John M. Neukom in Support of Cisco's Opposition to Arista's Motions *in Limine*, filed herewith.

## I. INTRODUCTION

Arista's motion to exclude or limit the testimony of six of Cisco's witnesses (Jeff Reed, David Ward, Mallun Yen, Christine Bakan, Dylan Cannon and Frank Palumbo) should be denied. Cisco timely disclosed these witnesses during the discovery period and further offered Arista the opportunity even beyond the discovery period to depose any witnesses that the parties would use at trial. Arista's failure to depose these witnesses because it prioritized others and its twice refusing Cisco's proposal to make trial witnesses available for deposition is a problem of Arista's own making, and is not related to the timeliness of Cisco's disclosures. Additionally, three of the Cisco witnesses at issue in this motion (Bakan, Cannon and Palumbo) were deposed by Arista as Cisco's 30(b)(6) designees, and Cisco hereby agrees to limit the trial testimony of these witnesses to the topics for which they were designated along with any other topics about which they testified during their depositions. With respect to these three witnesses, therefore, Arista's motion is moot. As to the remaining witnesses, Arista's motion should be denied.

## II. FACTUAL BACKGROUND

Cisco served the supplemental initial disclosures at issue here on May 3, 2016, ***more than three weeks before the close of fact discovery*** on May 27, 2016. Exh. 6. Cisco's supplemental initial disclosures included the names of 67 witnesses, 23 of whom Cisco believed to be under Arista's control. *Id*. Cisco initially disclosed 57 of these witnesses more than a year earlier, in March of 2015, and 28 of these witnesses had also previously been disclosed on Arista's witness list. *Id*. After Cisco served its supplemental initial disclosures, and while the parties were still determining which witnesses they would bring to trial, Cisco renewed a proposal that it had originally made two months earlier for the parties to agree to allow depositions of any witness who was going to appear at trial and who had not already been deposed. Exhs. 7-9. Arista did not

agree to this simple proposal which would have alleviated any concern about trial witnesses whom Arista had not selected to depose. Exh 10.

With respect to the disclosure of potential witnesses, Arista's motion fails to set out the full set of facts and relevant communications between the parties.

- Arista itself served no less than 5 supplemental initial disclosures between March 10, 2016 and May 26, 2016 (the day before the close of fact discovery). *See* Exhs. 11-16.

- In its first supplemental initial disclosures served March 10, 2016, Arista added the names of more than 180 new fact witnesses who Arista said it might "use to support its claims or defenses in this action." Exh. 11.

- Cisco informed Arista that its supplemental initial disclosures were overbroad and failed to put Cisco on notice of which witnesses Arista planned to call at trial. Exh. 7. Cisco further requested that Arista identify the witnesses it intended to call at trial so that Cisco could use its remaining depositions on those witnesses. *Id*.

- Arista refused to narrow its list or otherwise provide greater clarity to Cisco so it could make informed decisions about its final depositions, instead noting that it was "not aware of any authority requiring an exchange of trial witnesses at this stage in the case." Exh. 8.

- Arista supplemented its initial disclosures an additional five times after March 10, 2016. Exhs. 12-16.

- Arista added three witnesses to its supplemental initial disclosures on May 5, 2016, three days after Cisco disclosed witnesses that Arista now claims should be limited or excluded as untimely. *See* Exh. 12

- Arista added an additional witness to its supplemental initial disclosures on May 26, 2016, just one day before the close of discovery. Exh. 14 .

- Arista's final supplemental initial disclosures, served more than two months after the close of fact discovery, includes the names of ***231 potential witnesses***, and several broad categories of witnesses. Exh. 16.

### III. ARGUMENT

#### A. Cisco's Disclosure Of All Six Contested Witnesses Was Timely And Caused Arista No Prejudice

The Court should deny Arista's motion to exclude or limit testimony by six Cisco witnesses who were timely disclosed in supplemental initial disclosures served on May 3, 2016, three weeks prior to the close of discovery. Arista had ample time to depose those witnesses if it

chose to do so, and rejected Cisco's proposals that the parties agree to permit depositions of potential trial witnesses once those lists were generated. Nor did Arista use all of its twenty-five depositions before Cisco served its supplemental initial disclosures, as Arista incorrectly suggests (MIL 4 at 4); in fact, Arista had taken only twenty-one of its allotted twenty-five depositions by that date. *See* Neukom Decl. at ¶ 4. Arista thus could have deposed additional witnesses within the discovery period without extending the number of depositions per side or the time for discovery.

The supplementation of discovery here was clearly timely. Such supplementation is often found to be appropriate even where (unlike here) it is made ***after*** the relevant discovery cut-off deadline. *See Disorderly Kids, LLC v. Family Dollar Stores, Inc.*, No. CV 12-5073 FMO, 2015 U.S. Dist. LEXIS 179485, 3-5 (C.D. Cal. Dec. 17, 2015) (witness disclosed after the discovery cutoff was allowed to testify where plaintiff produced emails where witness was listed as a sender or recipient); *Galen v. Ave. of the Stars Assocs., LLC*, No. CV 09-4738 RSWL (SHx), 2011 U.S. Dist. LEXIS 28305 (C.D. Cal. Mar. 1, 2011) (witnesses disclosed after the discovery cutoff were allowed to testify at trial because they were disclosed two months before trial). Arista's cited cases (MIL 4 at 2) are inapposite because they excluded the testimony of witnesses who were disclosed ***on the last day of discovery***, *see Nortek Air Solutions, LLC v. Energy Lab Corp.*, No. 14-cv-02919-BLF, 2016 U.S. Dist. LEXIS 92468, *11–12 (N.D. Cal. July 15, 2016), or just ***four days before the end of discovery***, *see Finjan, Inc. Proofpoint, Inc.*, No. 3:13-cv-05808-HSG (HRL), 2015 WL 9900617, at *2 (N.D. Cal. Oct. 26, 2015)[1]. Cisco's disclosure bears no resemblance to such last-minute supplementation. Cisco disclosed the witnesses while Arista still had three weeks and four deposition slots remaining.

Nor can Arista fairly claim any prejudice from Cisco's May 3, 2016 disclosure in light of the fact that Arista's multiple supplemental initial disclosures placed Cisco at an equal or even greater disadvantage relative to Cisco's own 25-deposition allotment. Moreover, despite Cisco's

---

[1] Arista's reliance on *Vieste, LLC v. Hill Redwood Dev*. is also misplaced. No. 09-cv-04024-JSW (DMR), 2011 WL 2181200, *2 (N.D. Cal. June 3, 2011). In that case, the Court allowed the testimony from two witnesses who were disclosed two weeks before the discovery cut off. *Id*.

proposal to address this concern during the discovery period, Arista refused to tell Cisco which of the witnesses it might call at trial and twice refused Cisco's proposals to avoid exactly the concerns about which Arista now complains. Arista thus has no justifiable support for its MIL No. 4.

### B. Arista Was Aware of Jeff Reed, David Ward and Mallun Yen Prior to Cisco's Supplemental Initial Disclosures

In addition, Cisco's disclosure was not untimely because Arista had earlier knowledge of the witnesses through the discovery process. Supplementation of initial disclosures to add the name of a potential witness "is not mandatory 'if the additional or corrective information has [ ] been made known to the other parties during the discovery process or in writing ....'" *Nuance Commc'ns, Inc. v. ABBYY Software House*, No. C 08-02912 JSW MEJ, 2012 WL 2838431, at *1–2 (N.D. Cal. July 10, 2012); *see also Vieste,* 2011 WL 2181200, at *3 ("The information regarding [the witnesses] thus 'was made known to [Plaintiffs] during the discovery process,' per Rule 26(e)(1), which discharged Defendants' duty to supplement their disclosures with respect to these two individuals."); *Coleman v. Keebler Co.,* 997 F.Supp. 1102, 1107 (N.D.Ind. 1998) ("In fact, both the Advisory Committee and leading commentators indicate that the incidental discovery, particularly during a deposition, of information ordinarily subject to supplementation satisfies the Rule 26(e)(1) duty as sufficiently as a formal filing ....").

Arista was aware of David Ward since at least December 2015, as revealed by its questioning during its deposition of Abhay Roy, Cisco's Director of Software Development. Arista's attorneys questioned Mr. Roy about Mr. Ward's work history, including his employment at Juniper Networks and Cisco, as well as his involvement in authoring a standard that was published by IETF (Internet Engineering Task Force.) Exh 18 at 64:18-66:16. Arista's attorneys also questioned Mr. Roy at length about whether and how the standard authored by Mr. Ward relates to Cisco's CLI user interface. *Id*. at 64:18-72:4. This alone establishes that Arista was aware of Mr. Ward and his potential relevance to the case.

Arista has also been aware of Mr. Ward as well as Jeff Reed and Mallun Yen since at least July 21, 2015, through Cisco's production of documents relating to these witnesses. Specifically,

Cisco has produced 1,367 documents that reference Mr. Reed; 3,767 documents that reference Mr. Ward; and 67 documents that reference Ms. Yen. Neukom Decl. at ¶ 3. The documents referencing Mr. Reed and Mr. Ward, including emails and power point presentations, relate to the topics of trial testimony for which Mr. Reed and Mr. Ward have been disclosed, namely, Cisco's business strategy and the Cisco products at issue in this case. *See* examples at Exhs. 19-22. The documents referencing Ms. Yen include emails, letters and agreements that likewise all relate to the topics of testimony for which Ms. Yen has been disclosed, namely, the "license agreement between Stanford and Cisco." *See* examples at Exhs 23-24.

Therefore, even if Cisco's supplemental initial disclosures had not been timely, Arista had been made aware of these witnesses through discovery, and their trial testimony should not be excluded. *See, e.g.*, Fed. R. Civ. P. 26(e)(1) Advisory Committee Note (noting that there "no obligation to provide supplemental or corrective information that has already been otherwise made known to the parties in writing or during the discovery process").

### C.     Cisco Agrees to Limit the Scope of the Trial Testimony for Christine Bakan, Frank Palumbo, and Dylan Cannon

As to the remaining three witnesses, Arista moves (MIL 4 at 5) that Christine Bakan, Frank Palumbo and Dylan Cannon be limited at trial to the topics for which they were designated as 30(b)(6) witnesses. Cisco hereby agrees to so limit the testimony of these witnesses, mooting Arista's motion as to them. Cisco respectfully requests that these witnesses be allowed to testify regarding any topic for which they were designated as well as any other topic about which they were questioned and provided a response. For the sake of clarity, Ms. Bakan was designated for topics 94-97, Mr. Palumbo was designated for topics 54, 60-62, 106, 107, 109, 113-116, and 133, and Mr. Cannon was designated for topics 98-105. *See* Exhs. 25-27.

### IV.    CONCLUSION

For the foregoing reasons, Cisco respectfully requests that the Court deny Arista's MIL No. 4 with respect to Jeff Reed, David Ward and Mallun Yen and permit Christine Bakan, Frank Palumbo and Dylan Cannon to testify as to the topics for which they were designated as 30(b)(6) witnesses as well as any other topic about which they testified at deposition.

| | | |
|---|---|---|
| 1 | Dated: October 7, 2016 | Respectfully submitted, |
| 2 | | */s/ John M. Neukom*_____ |
| 3 | | Kathleen Sullivan (SBN 242261) |
| | | kathleensullivan@quinnemanuel.com |
| 4 | | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| 5 | | 51 Madison Avenue, 22nd Floor |
| | | New York, NY 10010 |
| 6 | | Telephone: (212) 849-7000 |
| | | Facsimile: (212) 849-7100 |
| 7 | | |
| 8 | | Sean S. Pak (SBN 219032) |
| | | seanpak@quinnemanuel.com |
| | | Amy H. Candido (SBN 237829) |
| 9 | | amycandido@quinnemanuel.com |
| | | John M. Neukom (SBN 275887) |
| 10 | | johnneukom@quinnemanuel.com. |
| | | QUINN EMANUEL URQUHART & |
| 11 | | SULLIVAN LLP |
| | | 50 California Street, 22nd Floor |
| 12 | | San Francisco, CA 94111 |
| | | Telephone: (415) 875-6600 |
| 13 | | Facsimile: (415) 875-6700 |
| 14 | | David Nelson (*admitted pro hac vice*) |
| | | davenelson@quinnemanuel.com |
| 15 | | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| 16 | | 500 W Madison St, Suite 2450 |
| | | Chicago, IL 60661 |
| 17 | | Telephone: (312) 705-7465 |
| | | Facsimile: (312) 705 7401 |
| 18 | | |
| 19 | | Steven Cherny *admitted pro hac vice)* |
| | | steven.cherny@kirkland.com |
| | | KIRKLAND & ELLIS LLP |
| 20 | | 601 Lexington Avenue |
| | | New York, New York 10022 |
| 21 | | Telephone: (212) 446-4800 |
| | | Facsimile: (212) 446-4900 |
| 22 | | |
| 23 | | Adam R. Alper (SBN 196834) |
| | | adam.alper@kirkland.com |
| | | KIRKLAND & ELLIS LLP |
| 24 | | 555 California Street |
| | | San Francisco, California  94104 |
| 25 | | Telephone: (415) 439-1400 |
| | | Facsimile: (415) 439-1500 |
| 26 | | |
| 27 | | Michael W. De Vries (SBN 211001) |
| | | michael.devries@kirkland.com |
| | | KIRKLAND & ELLIS LLP |
| 28 | | 333 South Hope Street |

Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*