# EXHIBIT 10

| | |
|---|---|
| **From:** | Brian Ferrall <BFerrall@KVN.com> |
| **Sent:** | Tuesday, May 24, 2016 5:02 PM |
| **To:** | Amy Candido; Cisco-Arista; 'Cisco-AristaCopyrightTeam@kirkland.com' (Cisco-AristaCopyrightTeam@kirkland.com) (Cisco-AristaCopyrightTeam@kirkland.com) |
| **Cc:** | ARISTA-KVN |
| **Subject:** | RE: Cisco's Supplemental Rule 26 disclosures |

Amy,

Thanks for your note. While I appreciate your effort to propose a resolution to the issue raised by Cisco's late disclosure at the very close of discovery of multiple persons within Cisco's control, we cannot agree to a blanket rule as you suggest. The discovery period is the time to take depositions of witnesses known to the parties with relevant information—not the eve of trial. Given Cisco's promises to the Court to ensure that discovery proceed smoothly, your proposal runs counter to both the rules and your promises.

While I thank you for clarifying that three witnesses will not be called at trial, by my count that still leaves four witnesses whom we will have no opportunity to depose during the discovery period, and another three for whom we'll be limited to 30b6 depositions. Of course, if these are not trial witnesses, then there's nothing more to discuss.

But if a party proposes a trial witness who has not been deposed, the threshhold question is whether that person should be available as a trial witness. Then we can discuss whether and how to structure a deposition plan outside of the discovery period.

Regards,

Brian

**From:** Amy Candido [mailto:amycandido@quinnemanuel.com]
**Sent:** Tuesday, May 24, 2016 4:34 PM
**To:** Brian Ferrall; Cisco-Arista; 'Cisco-AristaCopyrightTeam@kirkland.com' (Cisco-AristaCopyrightTeam@kirkland.com) (Cisco-AristaCopyrightTeam@kirkland.com)
**Cc:** ARISTA-KVN
**Subject:** RE: Cisco's Supplemental Rule 26 disclosures

Dear Brian,

As you know, Cisco proposed that the parties agree to the following: If either party identifies a witness on its trial witness list who has not previously been deposed in this case, the other party will get to depose the witness at that time. Does Arista agree?

In light of the impending close of discovery, we need an answer today.

Thanks,
Amy

**From:** Amy Candido
**Sent:** Sunday, May 22, 2016 8:31 PM
**To:** 'Brian Ferrall' <BFerrall@KVN.com>; Cisco-Arista <Cisco-Arista@quinnemanuel.com>; 'Cisco-

1

AristaCopyrightTeam@kirkland.com' (Cisco-AristaCopyrightTeam@kirkland.com) (Cisco-AristaCopyrightTeam@kirkland.com) <Cisco-AristaCopyrightTeam@kirkland.com>
**Cc:** ARISTA-KVN <ARISTA-KVN@kvn.com>
**Subject:** RE: Cisco's Supplemental Rule 26 disclosures

Dear Brian,

I write in response to your May 16, 2016 email regarding Cisco's First Supplemental Initial Disclosures ("Supplemental Disclosures").  As an initial matter, in characterizing Cisco's First Supplemental Disclosures as "belated," your email ignores a fundamental fact -- the additions to Cisco's Supplemental Disclosures have been known to Arista for months.  Cisco's Supplemental Disclosures primarily conform Cisco's Disclosures to the evidence as the additions are largely witnesses who already have been or will be deposed in this case, whether as individuals noticed by Cisco or Arista or as Rule 30(b)(6) witnesses.  There is no prejudice to Arista and no need for any additional discovery at this time.  See also Fed. R. Civ. P. 26(e)(1) Advisory Committee Note (noting that there "no obligation to provide supplemental or corrective information that has already been otherwise made known to the parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition").

At bottom, your letter seeks protection against Cisco bringing a witness to trial that Arista has not deposed.  We understand that – as you know, on March 30, 2016, in response to the addition of over 180 individual fact witnesses to Arista's First Supplemental Disclosures, Cisco wrote to Arista to ask for exactly the same thing.  Notably, unlike Arista who has used all of its 25 depositions, Cisco had and has several depositions remaining.  Accordingly, Cisco stated:  "We would like to depose any fact witnesses that Arista intends to call at trial that we have not already deposed."  See March 30, 2016 Amy Candido Letter to Eduardo Santacana.  Arista responded that it was "not aware of any authority requiring an exchange of trial witnesses at this stage of the case."  March 31, 2016 Eduardo Santacana Email to Amy Candido.  Now, Arista not only believes that Cisco should identify which of the witnesses that Arista has not deposed that it intends to bring to trial, but Arista should get additional depositions, additional custodial discovery, and an extension of the discovery and expert schedules.

Since your May 16 email, Cisco has designated Dylan Cannon and Frank Palumbo as Rule 30(b)(6) designees.  Cisco also intends to designate Christine Bakan as a Rule 30(b)(6) designee and is in the process of identifying a date for her deposition.  Cisco does not intend to call Praveen Jain, Ramana Mellacheruvu or Sukumar Subburayan as trial witnesses.  That should alleviate some of your concerns.

Otherwise, we propose that the parties agree to the following:  If either party identifies a witness on its trial witness list who has not previously been deposed in this case, the other party will get to depose the witness at that time.  Please let us know if that proposal is acceptable to Arista.

Regards,
Amy


**Amy Candido**
*Partner,*
Quinn Emanuel Urquhart & Sullivan, LLP

50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6309 Direct
415.875.6600 Main Office Number
415.875.6700 FAX
amycandido@quinnemanuel.com
www.quinnemanuel.com

2

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Brian Ferrall [mailto:BFerrall@KVN.com]
**Sent:** Monday, May 16, 2016 7:00 PM
**To:** Cisco-Arista <Cisco-Arista@quinnemanuel.com>; 'Cisco-AristaCopyrightTeam@kirkland.com' (Cisco-AristaCopyrightTeam@kirkland.com) (Cisco-AristaCopyrightTeam@kirkland.com) <Cisco-AristaCopyrightTeam@kirkland.com>
**Cc:** ARISTA-KVN <ARISTA-KVN@kvn.com>
**Subject:** Cisco's Supplemental Rule 26 disclosures

Counsel,

On May 3, 2015, Cisco amended its initial disclosures to add, among others, Christine Bakan, Dylan Cannon, Praveen Jain, Ramana Mellacheruvu, Frank Palumbo, Jeff Reed, Hilton Romanski, Sukumar Subburayan, David Ward, and Mallun Yen.  To my knowledge, none of these persons was ever mentioned before in discovery responses, nor are they scheduled for deposition.  It appears all of these persons are under Cisco's control, represented by Cisco's counsel, and, with the exception of Ms. Yen who was formerly in Cisco's legal department, are Cisco employees today.

There is no justification for Cisco waiting over a year and a half after filing suit to identify these internal Cisco witnesses.  By the time of this supplementation, Cisco had twice resisted Arista's request for additional depositions, never mentioning that these individuals also had relevant knowledge.  Instead, Cisco argued that Arista did not even need 25 depositions, all the while waiting until Arista had already taken and/or allocated all of its 25 depositions before disclosing these witnesses.

If Cisco will not call any of these persons as trial witnesses, Arista will not need to take any further action. However, if Cisco will not make that representation, Arista will need to take discovery related to these new witnesses.  Please let us know when you are available to confer regarding exchanging additional custodial document discovery, increasing the deposition limit and extending the discovery and expert report schedule to account for these belated disclosures.  Please advise if you will either represent that these witnesses will not be called at trial, or whether you will agree to an extension of discovery and expert report deadlines to allow for proper discovery.

**Brian Ferrall**
Attorney at Law

**KEKER & VAN NEST LLP**

415 676 2270 direct   |   vCard   |   bferrall@kvn.com
633 Battery Street, San Francisco, CA 94111-1809   |   415 391 5400 main   |   kvn.com