KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
BRIAN L. FERRALL - # 160847
DAVID SILBERT - # 173128
MICHAEL S. KWUN - #198945
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    (415) 391-5400
Email:  rvannest@kvn.com;
bferrall@kvn.com; dsilbert@kvn.com;
mkwun@kvn.com

SUSAN CREIGHTON, SBN 135528
SCOTT A. SHER, SBN 190053
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C., 20006-3817
Telephone:  (202) 973-8800
Email:  screighton@wsgr.com;
ssher@wsgr.com

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ARISTA NETWORKS, INC.,<br><br>Defendant. | Case No. 5:14-cv-05344-BLF (NC)<br><br>**DECLARATION OF ANDREA NILL SANCHEZ IN SUPPORT OF PLAINTIFF CISCO SYSTEMS, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CONFIDENTIAL INFORMATION IN CISCO'S OPPOSITIONS TO ARISTA'S MOTIONS *IN LIMINE* (ECF NO. 561)**<br><br>Judge:       Hon. Beth Labson Freeman<br><br>Date Filed:  December 5, 2014<br><br>Trial Date:  November 21, 2016 |

1118822

I, ANDREA NILL SANCHEZ, declare:

1.      I am an attorney licensed to practice law in the State of California and am an associate with the law firm of Keker & Van Nest LLP, located at 633 Battery Street, San Francisco, California 94111, counsel for Defendant Arista Networks, Inc. ("Arista") in the above-referenced action.  Unless otherwise stated, the facts I set forth in this declaration are based on my personal knowledge or knowledge I obtained through my review of corporate records or other investigation.  If called to testify as a witness, I could and would testify competently to such facts under oath.

2.      I submit this declaration in support of the Administrative Motion to File Under Seal Confidential Information in Cisco's Oppositions to Arista's Motions *In Limine* filed by Plaintiff Cisco Systems, Inc. ("Cisco") on October 7, 2016 (ECF 561).  I have reviewed Cisco's Motion to Seal and the Civil Local Rules of this Court governing such motions, and submit this supporting declaration under Civil L.R. 79-5(e).

3.      Cisco's Motion to Seal seeks to file under seal documents and information submitted in support of several motions *in limine* opposition briefs, which are non-dispositive motions.  Because Cisco's Motion to Seal relates to non-dispositive motions, the documents and information that the parties request to file under seal are ***not*** subject to a strong presumption of public access.  *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).  Rather, the "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure applies to the material that Cisco's Motion to Seal seeks to withhold from public view.  *Id.* at 1179.  Civil Local Rule 79-5 further requires that a party seeking to seal information and documents "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law."  Civil L.R. 79-5(b).  The sealing request must also "be narrowly tailored to seek sealing only of sealable material."  *Id*.  I submit this declaration to provide additional facts in support of Cisco's Motion to Seal, and to provide facts establishing that the "good cause" standard has been met for materials that Arista seeks to file under seal.

4. For purposes of a motion to seal, I understand that a "trade secret" is "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569–70 (9th Cir. 2008) (nonprecedential) (quoting Restatement (First) of Torts § 757 cmt. b (1939)) (applying the Restatement's definition of trade secret in the record-sealing context); *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (adopting the Restatement's definition of trade secret).

5. I further understand that good cause—indeed, compelling reasons—may exist to file materials under seal when, for example, court filings could be used for improper purposes, such as "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1178–79 (citation omitted). I further understand that good cause and compelling reasons may exist where court filings contain or discuss confidential source code, *see Apple, Inc. v. Samsung Electronics Co., Ltd.*, No. 11-cv-1846, D.I. 2190 at *3 (Dec. 10, 2012); internal and non-public procedures of financial institutions, *see Cowan v. GE Capital Retail Bank*, No. 13-cv-03935-BLF, 2015 WL 1324848, at *1-3 (N.D. Cal. Mar. 24, 2015); information about an entity's confidential "business performance, structure, and finances that could be used to gain unfair business advantage against them," *Schwartz v. Cook*, No. 15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016); "highly sensitive information regarding [an entity's confidential] product architecture and development," *Delphix Corp. v. Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014); emails containing confidential information about an entity's "business practices, recruitment efforts, and discussions regarding potential partnerships with other product manufacturers," *see Koninklijke Philips N.V. v. Elec-Tech International Co., Ltd.*, No. 14-cv-02737-BLF, 2015 WL 581574, at *1–2 (N.D. Cal. Deb. 10, 2015); and "information regarding non-public recruitment efforts and business practices" of a party. *See id.* at *2-3.

6. Cisco submitted a declaration in support of its Motion to Seal (ECF 561-1) that identified and attached highlighted copies of material that should be sealed. To the extent that those exhibits implicate Arista materials, I address those exhibits below. Per the instructions

2

1118822

1    provided on the Northern District of California's website, this declaration is drafted so that it does

2    not contain or reveal confidential information, and therefore does not need to be filed under seal.

3    *See* http://www.cand.uscourts.gov/ecf/underseal.

4             7.       Cisco's Opposition to Arista's Motion *in Limine* No. 1 (ECF 562):  Arista seeks to

5    file under seal the highlighted portions of Cisco's Opposition to Arista's Motion *in Limine* No. 1

6    in their entirety—*except* for those on page 3:20-23.  The remaining highlighted portions in

7    Cisco's opposition quote and purport to describe the highly confidential and competitive sensitive

8    CONFIDENTIAL VERSION of the International Trade Commission's Opinion ("ITC") in *In the*

9    *Matter of Certain Network Devices, Related Software, and Components Thereof (I)*, Investigation

10   No.337-TA-944. Good cause—indeed compelling reasons—support sealing those redactions for

11   the same reasons as discussed below in connection with Exhibit 1 to the Declaration of John M.

12   Neukom in Support of Cisco's Oppositions to Arista's Motions *in Limine* ("Neukom

13   Declaration").  Arista previously requested confidential treatment for certain portions of the

14   Commission Opinion and the public version of the Opinion does not include the information

15   redacted in Cisco's Opposition to Arista's Motion *in Limine*.  This Court granted Arista's request

16   to seal the ITC opinion in its entirety.  *See* ECF 487.

17            8.       Cisco's Opposition to Arista's Motion in Limine No. 3 (ECF 564):  Arista does

18   ***not*** seek to file under seal any of the material highlighted in this document.  Arista takes no

19   position to the extent other parties or non-parties may seek to file under seal any of the material

20   highlighted in this document.

21            9.       Cisco's Opposition to Arista's Motion in Limine No. 5 (ECF 566): Arista seeks to

22   file under seal the highlighted portions of Cisco's Opposition to Arista's Motion *in Limine* No. 5.

23   There is good cause to seal those portions of the document because they quote or purport to

24   summarize witness statements that discuss and disclose internal, non-public information

25   regarding competitive intelligence and Arista sales strategies. *See In re Elec. Arts, Inc.*, 298 F.

26   App'x at 569–70; *Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at

27   *1–2; *see also Schwartz*, 2016 WL 1301186, at *2 (discussing the harm that could result by the

28

                                                       3

1118822

dissemination of similar sensitive internal business information to competitors, who would find it valuable).

10.    Exhibit 1 to the Neukom Declaration (ECF 567-1):  Exhibit 1 to the Neukom Declaration is the entirety of the CONFIDENTIAL VERSION of the International Trade Commission's Opinion in *In the Matter of Certain Network Devices, Related Software, and Components Thereof (I)*, Investigation No. 337-TA-944.  Compelling reasons support the sealing of the entire confidential version of the Commission Opinion, issued June 23, 2016, because it is replete with competitively sensitive confidential business information related to, among other things, the operation of Arista's products that was provided to the U.S. International Trade Commission under an Administrative Protective Order.  The confidential version of the Commission Opinion contains information designated by Arista as confidential business information pursuant to Commission Rule 201.6, which defines confidential information as: "information which concerns or relates to the trade secrets, processes, operations, style of works, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, or amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, or other information of commercial value, the disclosure of which is likely to have the effect of either impairing the Commission's ability to obtain such information as is necessary to perform its statutory functions, or causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained, unless the Commission is required by law to disclose such information."  19 C.F.R. § 201.6(a)(1).  This Court has previously granted Arista's request to seal the ITC opinion in its entirety.  *See* ECF 487 at 26-27.

11.    Exhibit 5 to the Neukom Declaration (ECF 567-5):  This exhibit consists of excerpts from the April 25, 2016 deposition transcript of Charles Giancarlo.  This exhibit contains confidential Arista business information at page 154:3-25.  There is good cause to seal those portions of this exhibit because they discuss and disclose internal, non-public information regarding Arista business planning and sales operations.  *See In re Elec. Arts, Inc.*, 298 F. App'x at 569–70; *Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1–2; *see*

4
DECLARATION OF ANDREA NILL SANCHEZ IN SUPPORT OF CISCO'S ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (NC)

1118822

*also Schwartz*, 2016 WL 1301186, at \*2 (discussing the harm that could result by the dissemination of similar sensitive internal business information to competitors, who would find it valuable). Arista takes no position to the extent other parties or non-parties may seek to file under seal any of the material highlighted in this document.

12.    <u>Exhibit 17 to the Neukom Declaration</u> (ECF 567-17): This exhibit consists of excerpts from the February 12, 2016 deposition transcript of Kenneth Duda. There is good cause to seal those portions of Cisco's Motion because they discuss and disclose internal, non-public information regarding competitive intelligence and Arista sales strategies. *See In re Elec. Arts, Inc.*, 298 F. App'x at 569–70; *Delphix*, 2014 WL 4145520, at \*2; *Koninklijke Philips*, 2015 WL 581574, at \*1–2; *see also Schwartz*, 2016 WL 1301186, at \*2 (discussing the harm that could result by the dissemination of similar sensitive internal business information to competitors, who would find it valuable). Arista takes no position to the extent other parties or non-parties may seek to file under seal any of the material highlighted in this document.

13.    <u>Exhibit 28 to the Neukom Declaration</u> (ECF 567-28): Arista does ***not*** seek to file under seal any of the material highlighted in this document. Arista takes no position to the extent other parties or non-parties may seek to file under seal any of the material highlighted in this document.

14.    <u>Exhibit 30 to the Neukom Declaration</u> (ECF 567-30): Arista does ***not*** seek to file under seal any of the material highlighted in this document. Arista takes no position to the extent other parties or non-parties may seek to file under seal any of the material highlighted in this document.

15.    <u>Exhibit 31 to the Neukom Declaration</u> (ECF 567-31): This exhibit consists of excerpts from the March 17, 2016 deposition transcript of Anshul Sadana. There is good cause to seal those portions of Cisco's Motion because they discuss and disclose internal, non-public information regarding competitive intelligence and Arista sales strategies. *See In re Elec. Arts, Inc.*, 298 F. App'x at 569–70; *Delphix*, 2014 WL 4145520, at \*2; *Koninklijke Philips*, 2015 WL 581574, at \*1–2; *see also Schwartz*, 2016 WL 1301186, at \*2 (discussing the harm that could result by the dissemination of similar sensitive internal business information to competitors, who

1   would find it valuable).  Arista takes no position to the extent other parties or non-parties may

2   seek to file under seal any of the material highlighted in this document.

3          I declare under penalty of perjury under the laws of the State of California that the

4   foregoing is true and correct and that this declaration was executed on October 11, 2016, in

5   San Francisco, California.

6

7

8                                                        ANDREA NILL SANCHEZ

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF ANDREA NILL SANCHEZ IN SUPPORT OF CISCO'S ADMINISTRATIVE
MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (NC)

1118822