Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

David Nelson (admitted pro hac vice)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
500 W Madison St, Suite 2450
Chicago, IL 60661
Telephone: (312) 705-7465
Facsimile: (312) 705 7401

Steven Cherny (admitted pro hac vice)
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Attorneys for Plaintiff Cisco Systems, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ARISTA NETWORKS, INC., <br><br> Defendant. | CASE NO. 5:14-cv-5344-BLF (NC) <br><br> **DECLARATION OF SARA E. JENKINS IN SUPPORT OF ARISTA'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CONFIDENTIAL INFORMATION IN ARISTA'S OPPOSITIONS TO CISCO'S MOTIONS IN LIMINE (Dkt. 553)** |

02099-00004/8450648.1

## **DECLARATION OF SARA E. JENKINS**

I, Sara E. Jenkins, declare as follows:

**1.** I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate with the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Plaintiff Cisco Systems, Inc. ("Cisco"). I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

**2.** I make this declaration in in support of Arista Networks Inc.'s ("Arista") Administrative Motion to Under Seal Confidential Information in connection with Arista's Oppositions to Cisco's Motions *in Limine*. Dkt. 553. I make this declaration in accordance with Civil Local Rule 79-5(e)(1) on behalf of Cisco to confirm that the information contained in the documents referenced in the Sealing Motion should be sealed.

**3.** As oppositions to motions *in limine*, Arista's oppositions are non-dispositive. In this context, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamkana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co*., 331 F.3d 1122, 1138 (9th Cir. 2003)). In addition, Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" ( *i.e.*, that the document is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id*.

**4.** Pursuant to Civil L.R. 79-5(e), good cause exists to seal the portions of the documents set forth below, because the information sought to be sealed reflects confidential information that "give[s] [Cisco] an opportunity to obtain an advantage over competitors who do

1

not know or use it." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Restatement of Torts* § 757, cmt b).

5.    The highlighted portions of text on page 1 (lines 21-28), page 2 (lines 1-8 and 18-24), page 3 (lines 13 and 28), page 4 (lines 1, 12-13, and 18-20) and page 5 (lines 15-17) of Arista's Opposition to Cisco's Motion *in Limine* No. 5 contains or refers to information that was designated by Cisco as "Highly Confidential – Attorneys' Eyes Only" under the protective order in this matter.  These portions of Arista's brief contain Cisco's confidential business information regarding, *inter alia*, Cisco's product development and competition within the market. Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may compete with Cisco and gather information regarding the same less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Moreover, disclosing this information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn of Cisco's strategies.  This would "harm [Cisco's] competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

6.    Exhibit 4 to the Wong Declaration is an excerpt from an internal Cisco presentation that was produced in the ITC matters and is deemed to have been produced as "Highly Confidential Attorneys' Eyes Only" under the protective order in this matter.  This exhibit contains confidential information about Cisco's product development.  As such, there are compelling reasons to seal this document.  *See Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (documents containing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them," are properly sealed); *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (compelling reasons exist to seal documents containing "highly sensitive information regarding [a party's] product architecture and development.")

2
DECLARATION OF SARA E. JENKINS IN SUPPORT OF
ARISTA'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL

Case No. 5:14-cv-05344-BLF (NC)

7.     Exhibit 11 to the Wong Declaration is an excerpt from the March 31, 2016 deposition transcript of Phillip Remaker which was designated as "Highly Confidential Attorneys' Eyes Only" under the protective order in this matter.  This exhibit contains confidential information about Cisco's product development and architecture.   As such, there are compelling reasons to seal this document.  *See Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (documents containing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them," are properly sealed); *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (compelling reasons exist to seal documents containing "highly sensitive information regarding [a party's] product architecture and development.")

8.     Exhibit 22 is an excerpt from the July 26, 2016 deposition transcript of Judith Chevalier, which was designated as "Highly Confidential Attorneys' Eyes Only" under the protective order in this matter.  This excerpt contains confidential information about Cisco's customers, sales, and finances.  As such, there are compelling reasons to seal this exhibit.  See *Elec. Arts*, 298 F. App'x at 569; *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (documents containing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them," are properly sealed).

9.     Exhibit 31 is an excerpt from the deposition transcript of Terry Eger, which was designated as "Highly Confidential - Attorneys' Eyes Only" in this matter.  Cisco supports the sealing of 69:22-70:6 and 75:8-20.   These portions discuss Cisco's product development.  As such, there are compelling reasons to seal the specified portions of this document.  *See Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (documents containing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them," are properly sealed); *Delphix Corp. v.*

1     *Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014)

2     (compelling reasons exist to seal documents containing "highly sensitive information regarding [a

3     party's] product architecture and development.")

4         **10.**     Exhibit 34 is an internal Cisco document that was designated as "Highly

5     Confidential – Attorneys' Eyes Only" in this matter. This exhibit contains Cisco's confidential

6     business information regarding, *inter alia*, Cisco's competitive intelligence and related strategies.

7     Maintaining this information as confidential provides Cisco with an "opportunity to obtain an

8     advantage over competitors" who may compete with Cisco and gather information regarding the

9     same less optimally than Cisco. *Elec. Arts*, 298 F. App'x at 569. Moreover, disclosing this

10     information to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's

11     competitors to learn of Cisco's strategies. This would "harm [Cisco's] competitive standing."

12     *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

13         **11.**     Exhibit 36 is an internal Cisco document that was designated as "Highly

14     Confidential – Attorneys' Eyes Only" in this matter. This exhibit contains confidential

15     information about Cisco's product development and architecture. As such, there are compelling

16     reasons to seal this document. *See Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL

17     1301186, at *2 (N.D. Cal. Apr. 4, 2016) (documents containing "information about [a party's]

18     business performance, structure, and finances that could be used to gain unfair business advantage

19     against them," are properly sealed); *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014

20     WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (compelling reasons exist to seal documents

21     containing "highly sensitive information regarding [a party's] product architecture and

22     development.")

23         **12.**     Cisco does not seek to seal any portions of Arista's Oppositions to Cisco's Motions

24     *in Limine* 1-4 or Exhibits 10, 19, or 35 to the Declaration of Ryan Wong in support of Arista's

25     Oppositions to Cisco's Motions *in Limine*.

26

27

28

4

DECLARATION OF SARA E. JENKINS IN SUPPORT OF
ARISTA'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL

1      I declare under penalty of perjury under the laws of the State of California that the

2  foregoing is true and correct, and that this declaration was executed in Redwood Shores,

3  California, on October 11, 2016.

4

5                                          */s/ Sara E. Jenkins*
                                          Sara E. Jenkins

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF SARA E. JENKINS IN SUPPORT OF
ARISTA'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL

Case No. 5:14-cv-05344-BLF (NC)