Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

David Nelson (*admitted pro hac vice*)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
500 W Madison St, Suite 2450
Chicago, IL 60661
Telephone: (312) 705-7465
Facsimile: (312) 705 7401

[Additional counsel listed on signature page]

ATTORNEYS FOR PLAINTIFF CISCO
SYSTEMS, INC.

KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
BRIAN L. FERRALL - # 160847
bferrall@kvn.com
DAVID SILBERT - # 173128
dsilbert@kvn.com
MICHAEL S. KWUN - # 198945
mkwun@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

ATTORNEYS FOR DEFENDANT ARISTA
NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>            Plaintiff,<br><br>      v.<br><br>ARISTA NETWORKS, INC.,<br><br>            Defendant. | Case No. 5:14-cv-05344-BLF (NC)<br><br>**JOINT PRETRIAL STATEMENT AND PROPOSED ORDER**<br><br>Judge:      Hon. Beth Labson Freeman<br>Pretrial Conference: November 3, 2016<br>Date Filed:  December 5, 2014<br>Trial Date:  November 21, 2016 |

Pursuant to the Court's Standing Order re Final Pretrial Conference—Jury Trial, the parties submit the following Joint Pretrial Statement and Proposed Order.

# I.    THE ACTION

## A.    The Parties

The parties to this action are Cisco Systems, Inc. ("Cisco"), a California corporation with its principal place of business at 170 West Tasman Drive, San Jose, California 95134, and Arista Networks, Inc. ("Arista"), a Delaware corporation with its principal place of business at 5453 Great America Parkway, Santa Clara, California 95054.

## B.    Substance of the Action

### 1.    Cisco's Position

Cisco asserts claims against Arista for copyright infringement. Dkt. 64 at 25-26. In order to prevail on its claims of copyright infringement, Cisco must show that Cisco is the owner of a valid copyright and that Arista copied original expression from the copyrighted work. *See* Instruction No. 17.4, *Ninth Circuit Manual of Model Civil Jury Instructions* (2007). Specifically, Cisco asserts that Arista copied Cisco's copyrighted user interface ("user interface") and associated technical documents. Cisco has identified the protectable elements of its copyrighted works that it is asserting against Arista at Dkt. No. 552. Cisco also claims that Arista's copyright infringement is willful. Dkt. 64 at 25. In order to show willful copyright infringement, Cisco must show that Arista infringed one of Cisco's copyrighted works and that Arista either knew its acts infringed the copyright or Arista's actions were the result of reckless disregard for, or willful blindness to, Cisco's copyright. *See* Instruction No. 17.27, *Ninth Circuit Manual of Model Civil Jury Instructions* (2007).

Cisco denies Arista's defensive argument that Arista did not copy original protected expression from the copyrighted works. Cisco has identified the protectable elements of its copyrighted works that it is asserting against Arista at Dkt. No. 552. Cisco also denies that Arista's works do not infringe Cisco's copyrights because of the doctrines of scènes à faire, merger, and/or words and short phrases. Cisco further denies that Arista's copying of Cisco's

1  copyright-protected works qualifies as fair use under the law.  *See* Dkt. 348 at 14-25.  Cisco

2  further denies that its claims are barred by the defenses of equitable estoppel, misuse, waiver,

3  unclean hands or abandonment, and further notes that such defenses should be decided by the

4  Court, not the jury.

5      Cisco also asserts claims against Arista for patent infringement.  Dkt. 64 at 26-27.  In

6  order to prevail on its claims of direct patent infringement, Cisco must show that Arista makes,

7  uses, offers to sell, and/or sells an infringing product within the United States or imports into the

8  United States an infringing product during the term of Cisco's patent.  35 U.S.C. § 271.

9  Specifically, Cisco asserts that Arista infringes claims 1, 6, 10, 11, 13, 14, 15, 16, 19, and 23 of

10  U.S. Patent Number 7,047,526.  Cisco also asserts these claims against Arista for contributory

11  patent infringement and inducing patent infringement.  Dkt. 64 at 26-27.  Cisco also claims that

12  Arista's patent infringement is willful.  Dkt. 64 at 26-27.  In order to prove willful patent

13  infringement, Cisco must show that Arista had knowledge of the patent at issue and acted in bad

14  faith, wantonly, maliciously, deliberately, consciously wrongfully, flagrantly, or with reckless

15  disregard of any of the asserted claims of the patent.  *See* "*B.3.10,*" N.D. Cal. Model Patent Jury

16  Instructions, citing 35 U.S.C. § 284.  Cisco asserts that Arista infringes its patent directly as well

17  as under the doctrine of equivalents.  Dkt. 64 at 26.  To prevail in a claim for direct infringement,

18  Cisco must show that every requirement of an asserted claim is included in one of Arista's

19  accused products.  *See* "*B.3.3,*" N.D. Cal. Model Patent Jury Instructions.  To prevail in a claim

20  for infringement under the doctrine of equivalents, Cisco must show that the accused product

21  meets every requirement of a claim with either an identical or equivalent part or step to that

22  individual claim requirement.  "*B.3.4,*" N.D. Cal. Model Patent Jury Instructions.  Cisco asserts

23  that its patent is valid and denies that any prior art cited by Arista renders the patent invalid.

24      The products and services that are alleged to infringe are Arista switches, routers, and

25  associated products and services that incorporate EOS, EOS+, vEOS network operating systems,

26  including but not limited to Arista's 7010, 7048, 7050, 7050X, 7100, 7150, 7200, 7250X, 7280E,

27  7300, 7300X, 7500, 7500E Series products, including but not limited to 7504, 7508, 7316, 7308,

28

1   7304, 7280SE-72, 7280SE-68, 7280SE-64, 7150S-24, 7150S-52, 7150S-64, 7250QX-64,

2   7050QX-32, 7050QX-32S, 7050SX-64, 7050SX-72, 7050SX-96, 7050SX-128, 7050TX- 48,

3   7050TX-64, 7050TX-72, 7050TX-96, 7050TX-128, 7050S-52, 7050-64, 7050Q-16, 7050T-36,

4   7050T-52, 7050T-64, 7048T-A, 7010T, and 7500R.

5          Cisco denies Arista's defensive arguments that Cisco's claims for equitable relief,

6   including disgorgement, are barred by laches.  Cisco also denies that its claims for equitable relief

7   are barred by the doctrine of acquiescence.  Cisco further denies that it is not entitled to recover

8   damages for any acts of patent infringement that occurred before Cisco filed this suit.

9                        **2.      Arista's Position**

10         Arista contends that Cisco has failed to prove that Arista infringed the copyrights-in-suit.

11  *See* ECF 65 at XI(1-2).  Specifically, Arista contends that it did not copy original protected

12  expression from the copyrighted works, *Feist Publications v. Rural Telephone Service Co*., 499

13  U.S. 340, 361 (1991), and that Arista's accused works are not virtually identical to any of Cisco's

14  copyrighted works (nor are they substantially similar to Cisco's works, should the Court

15  determine that the substantial-similarity, rather than virtual-identity, standard applies).  *Mattel,*

16  *Inc. v. MGA Entm't, Inc*., 616 F.3d 904, 913–14 (9th Cir. 2010), *as amended on denial of reh'g*

17  (Oct. 21, 2010).   Arista also contends that its work does not infringe Cisco's copyright because

18  of the doctrines of scènes à faire, merger, and words and short phrases.  *See* ECF 65 at XI(10);

19  ABA Model Jury Instructions, Copyright, Trademark, and Trade Dress Litigation, Instruction

20  1.4.8;  *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1444 (9th Cir. 1994); *Ets-Hokin v.*

21  *Skyy Spirits, Inc.*, 225 F. 3d 1068, 1081–82, n.14 (9th Cir. 2000).  Arista contends that some or all

22  of the asserted elements do not satisfy the originality requirements of copyright, and a number or

23  all are not entitled to the presumption of validity.

24         Arista also contends that any use it made of elements of Cisco's copyrighted material was

25  a fair use under the law.  *See* ECF 65 at XI(4).  Arista bears the burden of proving fair use, which

26  requires consideration of: (1) "the purpose and character of the use, including whether such use is

27  of a commercial nature or is for nonprofit educational purposes;" (2) "the nature of the

28

1   copyrighted work;" (3) "the amount and substantiality of the portion used in relation to the

2   copyrighted work as a whole;" and (4) "the effect of the use upon the potential market for or

3   value of the copyrighted work." *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539,

4   588 (1985); 17 U.S.C. § 107; Instruction No. 17.21, *Ninth Circuit Manual of Model Civil Jury*

5   *Instructions* (2007); *Oracle Am., Inc. v. Google Inc.*, 750 F.3d 1339, 1377 (Fed. Cir. 2014);

6   *Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2016 WL 3181206, at *11 (N.D. Cal.

7   June 8, 2016).  In balancing these factors, the jury should "bear in mind that fair use is

8   appropriate where a 'reasonable copyright owner' would have consented to the use, i.e. where the

9   'custom or public policy' at the time would have defined the use as reasonable. *Wall Data Inc. v.*

10  *Los Angeles Cty. Sheriff's Dep't*, 447 F.3d 769, 778 (9th Cir. 2006) (internal citations omitted).

11      Arista contends that Cisco's claims are barred by estoppel. *See* ECF 65 at XI(5).  To

12  establish the defense of estoppel, Arista must prove the following four elements: "(1) The party to

13  be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so

14  act that the party asserting the estoppel has a right to believe that it is so intended; (3) the latter

15  must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury."

16  *Hampton v. Paramount Pictures Corp.*, 279 F.2d 100, 104 (9th Cir. 1960).

17      Arista contends that Cisco's claims are barred because it has misused its copyrights.  *See*

18  ECF 65 at XI(17). The defense of copyright misuse "forbids the use of the copyright to secure an

19  exclusive right or limited monopoly not granted by the Copyright Office." *Practice Management*

20  *Information Corp. v. American Medical Association*, 121 F.3d 516, 520 (9th Cir.1997), *amended*

21  *by* 133 F.3d 1140 (9th Cir.1998) (quoting *Lasercomb Am., Inc. v. Reynolds*, 911 F.2d 970, 977–

22  79 (4th Cir.1990)); *see also* Instruction No. 17.23, *Ninth Circuit Manual of Model Civil Jury*

23  *Instructions* (2007). The purpose of the defense is to prevent copyright holders "from leveraging

24  their limited monopoly to allow them control of areas outside the monopoly." *Apple Inc. v.*

25  *Psystar Corp.*, 658 F.3d 1150, 1157 (9th Cir.2011) (quoting *A&M Records v. Napster, Inc.*, 239

26  F.3d 1004, 1026 (9th Cir.2001)); *see also Practice Mgmt.*, 121 F.3d at 520-21.

27

28

1    Arista contends that Cisco's claims are barred by the doctrine of unclean hands.  *See* ECF

2   65 at XI(6).  To establish this defense, Arista must prove that Cisco's conduct was inequitable in

3   light of its claims and resulted in prejudice to Arista.  *See, e.g., Fuddruckers, Inc. v. Doc's B.R.*

4   *Others, Inc.*, 826 F.2d 837, 847 (9th Cir.1987); *Dream Games of Ariz., Inc. v. PC Onsite,* 561

5   F.3d 983, 990-91 (9th Cir. 2009) (quoting 4 Melville B. Nimmer & David Nimmer, Nimmer on

6   Copyright § 13.09[B] (2008)).

7    Arista contends that Cisco's claims are barred because its course of action and inaction,

8   over a number of years, constitutes an abandonment of its copyright. *See* ECF 65 at XI(12).  To

9   establish the defense of abandonment, Arista must produce evidence showing that (1) Cisco

10  intended to surrender rights in the asserted works and (2) an act by Cisco evidencing that intent.

11  *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1026 (9th Cir. 2001); *see also Abend v. MCA,*

12  *Inc.*, 863 F.2d 1465, 1482 n.21 (9th Cir.1988); Instruction No. 17.22, *Ninth Circuit Manual of*

13  *Model Civil Jury Instructions* (2007).  Arista also contends that Cisco waived its copyright in the

14  asserted works.  *See* ECF 65 at XI(5). "Waiver is the intentional relinquishment of a known right

15  with knowledge of its existence and the intent to relinquish it."  *A&M Records*, 239 F.3d at 1026

16  (internal citations and quotations omitted).

17   Arista contends that Cisco is barred from obtaining any equitable relief from Arista.  *See*

18  ECF 65 at XI(11).  To demonstrate that it is entitled to injunctive relief, Cisco must show: "(1)

19  that it has suffered an irreparable injury; (2) that remedies available at law are inadequate to

20  compensate for that injury; (3) that considering the balance of hardships between the plaintiff and

21  defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved

22  by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

23   Arista contends that U.S. Patent No. 7,047,526 ("'526 Patent") is invalid because it is

24  anticipated and/or rendered obvious by any of the following prior-art references: Cisco IOS 12,

25  Lucent Avaya Definity Audix System Release 4.0, Juniper Networks' JUNOS 4.0, and U.S.

26  Patent No. 6,523,172 to Martinez-Guerra.  *See* ECF 65 at XI(8).

27   Arista contends that none of the products and services identified by Cisco infringe any of

28

JOINT PRETRIAL STATEMENT AND PROPOSED ORDER
Case No. 5:14-cv-05344-BLF (NC)

the asserted claims of the '526 Patent. *See* ECF 65 at XI(3).  Further, should Cisco be allowed to assert a claim under the doctrine of equivalents, that claim would be foreclosed by prosecution history estoppel.  *See Festo Corp. v Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722 (2002).

Arista contends that Cisco's copyright claims for equitable relief, including disgorgement, are barred by laches. *See* ECF 65 at XI(5).  To establish the defense of laches, Arista must prove that: (1) Cisco delayed filing the lawsuit for an unreasonably long and inexcusable period of time, and (2) Arista has been or will be prejudiced in a significant way due to Cisco's delay in filing the lawsuit.  *Couveau v. Am. Airlines, Inc.*, 218 F.3d 1078, 1083 (9th Cir. 2000).  Arista also contends that Cisco's claims for equitable relief are barred by the doctrine of acquiescence.  *See* ECF 65 at XI(5); *Seller Agency Council, Inc. v. Kennedy Ctr. for Real Estate Educ., Inc.*, 621 F.3d 981, 988-89 (9th Cir. 2010).  "Estoppel by acquiescence includes the two elements of laches . . . and adds (3) affirmative conduct inducing the belief that [the plaintiff] has abandoned its claim against the alleged infringer, and (4) detrimental reliance by infringer." *AirWair Int'l Ltd. v. Schultz*, 84 F. Supp. 3d 943, 956-57 (N.D. Cal. 2015).

In addition, Arista contends that Cisco is not entitled to recover damages for any acts of patent infringement that occurred before Cisco filed its lawsuit because: (1) Cisco delayed filing the lawsuit for an unreasonably long and inexcusable period of time, and (2) Arista has been or will be prejudiced in a significant way due to Cisco's delay in filing the lawsuit.  *See* ECF 65 at XI(5); Federal Circuit Bar Association's Model Jury Instruction B.5 (Jan. 2016); *see also Gasser Chair Co. v. Infanti Chair Mfg. Corp.*, 60 F.3d 770, 773-74 (Fed. Cir. 1995); *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1039 (Fed. Cir. 1992) (en banc).

## C.   Relief Sought

### 1.   <u>Cisco</u>

For its claims of copyright infringement, Cisco seeks the following:

- a judgment that Arista is infringing Cisco's copyrights, and willfully so;

- an injunction to prevent Arista and those in privity with Arista from infringing

Cisco's copyrights;

- an award of its lost profits due to Arista's copyright infringement;

- disgorgement of Arista's profits from Arista's infringement of Cisco's copyrights;

- an award to Cisco of its reasonable attorneys' fees, expenses, and costs incurred in this action under 17 U.S.C. § 505;

- an accounting of Arista's infringing sales and revenues, along with prejudgment and post-judgment interest from the first date of infringement to the present; and

- any further relief that the Court may deem proper and just, including based on a finding of willfulness.

For its claims of patent infringement, Cisco seeks the following:

- a judgment that Arista is infringing Cisco's patent;

- a judgment that Cisco's patent is valid;

- an injunction to stop Arista and those in privity with Arista from infringing the Patent-in-Suit;

- an award of damages sufficient to compensate Cisco for Arista's infringement of the Patent-in-Suit, in an amount not less than a reasonable royalty;

- an award of damages, including trebling of all damages, sufficient to remedy Arista's willful infringement of the Patent-in-Suit in the time period after December 5, 2014, when Cisco filed its original complaint in this case

- a declaration that this case is "exceptional" under 35 U.S.C. § 285, and an award to Cisco of its reasonable attorneys' fees, expenses, and costs incurred in this action;

- an accounting of Arista's infringing sales and revenues, along with prejudgment and post-judgment interest from the first date of infringement to the present; and

- any further relief that the Court may deem proper and just.

### 2.    Arista

Arista seeks the following relief:

- Judgment that Arista has not infringed, either directly or indirectly, any of Cisco's

copyrighted works or any valid and enforceable claims of the patent-in-suit, including but not limited to because of the doctrines of scènes à faire, merger, and words and short phrases;

- Judgment that Cisco's claims are barred by the defense of fair use;
- Judgment that Cisco's claims and/or the relief it seeks are barred, in whole or in part, by the doctrines of estoppel, laches, acquiescence, waiver, copyright misuse, unclean hands, and/or abandonment;
- Judgment that the patent-in-suit is invalid;
- Judgment that Cisco is not entitled to any equitable relief from Arista;
- Judgment dismissing Cisco's claims against Arista with prejudice;
- Judgment that Arista is the prevailing party;
- Judgment that Arista is entitled to attorney's fees and costs; and
- Such other and further relief to Arista as the Court may deem just and proper.

### D.    Federal Jurisdiction and Venue

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).  Venue properly lies in this District under 28 U.S.C. §§ 1391 and 1400(b).  Jurisdiction and venue are not disputed.

## II.    FACTUAL BASIS OF THE ACTION

### A.    Undisputed Facts

#### 1.    Parties

1.      Cisco Systems, Inc. ("Cisco") is a California corporation with its principal place of business at 170 West Tasman Drive, San Jose, California 95134.

2.      Cisco was founded in 1984.

3.      Arista Networks, Inc. ("Arista") is a Delaware corporation with its principal place of business at 5453 Great America Parkway, Santa Clara, California 95054.

4.      Arista was founded in 2004.

## 2. The Asserted Patent

5. Cisco is the owner of U.S. Patent Number 7,047,526.

6. U.S. Patent Number 7,047,526 has a filing date of June 28, 2000.

7. U.S. Patent Number 7,047,526 issued on May 16, 2006.

8. Jeffrey Wheeler and Paul Mustoe are listed as inventors on the '526 Patent.

## B. Disputed Facts

The parties list, below, "disputed facts" proposed by either side. The parties do not necessarily agree (and each side reserves its right to dispute) that all such "disputes" are relevant to this case, have been preserved and/or that such disputes should be submitted to the jury.

1. Whether Cisco owns a valid copyright in any of the asserted works registered with the U.S. Copyright Office.

2. Whether Cisco's copyright-registered works are original (both independently created and creative).

3. Whether any, some or each of the asserted elements of Cisco's copyright-registered works, or any combination thereof, are original (both independently created and creative).

4. When Cisco first adopted each of the asserted elements of Cisco's copyright-registered works into its works.

5. The software and software versions in which the asserted elements of Cisco's copyright-registered works appear.

6. Whether Cisco registered within five years of first publication of the element the asserted elements of its copyright-registered works with the U.S. Copyright Office.

7. Whether and to what extent the asserted elements of Cisco's copyright-registered works, or any combination thereof, incorporate, in full or in part, unoriginal terminology, in which Cisco owns no rights.

8.      The extent to which Cisco's copyright-registered works incorporate third-party computer code and preexisting computer code, and if so, which elements or combination of elements do so.

9.      Whether and to what extent the asserted elements of Cisco's copyright-registered works, or any combination thereof, are scènes à faire, including but not limited to, industry standards, industry custom, industry practice, and other practical realities.

10.      Whether and to what extent the asserted elements of Cisco's copyright-registered works, or any combination thereof, are short phrases, functional in nature, or otherwise unprotectable because they do not meet the standard for creativity or the other standards set by relevant authorities.

11.      Whether the asserted elements of Cisco's copyright-registered works, or any combination thereof, merge with the ideas underlying the expression of those ideas because there are limited or few ways to express them.

12.      Whether and to what extent Cisco encouraged other industry participants to adopt any of the accused CLI elements, or any combination thereof.

13.      Whether and to what extent the asserted elements of Cisco's copyright-registered works, or any combination thereof, are and/or were in use by Arista and/or third-party competitors in the same industry, for how long, and whether such use was open and/or known to Cisco.

14.      Whether Arista copied protectable elements of Cisco's copyright-registered works.

15.      Whether Arista copied a substantial portion of protectable elements of Cisco's copyright-registered works.

16.      Whether the accused works are virtually identical (or substantially similar, depending on the outcome of the Court's analytic dissection) to Cisco's asserted copyright-registered works.

17.      Whether Arista's use of any of the asserted elements, or any combination thereof, was "fair."

18.     Whether Cisco attempted to use the existence of its copyrights to prevent Arista from using unprotected elements of the copyrighted work, or to prevent Arista from undertaking activity safeguarded by public policy, such as the policies supporting fair use.

19.     Whether Cisco delayed filing this lawsuit for an unreasonably long and inexcusable period of time, and if so, whether Arista has been or will be prejudiced in a significant way due to Cisco's delay in filing this lawsuit.

20.     Whether Arista's infringement of Cisco's registered copyrights is willful, if it is determined that Arista infringed Cisco's copyrights.

21.     If Arista is determined to infringe Cisco's copyrights, the amount of Arista's gross revenue that has a "causal nexus" to the alleged infringement, if any.

22.     If Arista is determined to infringe Cisco's copyrights, the amount of Arista's deductible expenses and the portion of its profit attributable to factors other than infringing the copyrighted work, if any.

23.     If Arista is determined to infringe Cisco's copyrights, the amount of lost profits to which Cisco is entitled, if any.

24.     If Arista is determined to infringe Cisco's copyrights, the amount of Arista's profits from its infringement to which Cisco is entitled, if any.

25.     Whether Arista infringes claims 1, 6, 10, 11, 13, 14, 15, 16, 19, or 23 of U.S. Patent Number 7,047,526, either literally or by the doctrine of equivalents.

26.     If it is determined that Arista infringes Cisco's patent, whether that infringement is willful.

27.     If Arista is determined to infringe Cisco's patent, the amount of damages to which Cisco is entitled, if any.

28.     Whether Cisco has established a priority date of November 17, 1999 for U.S. Patent No. 7,047,526.

29.     Whether U.S. Patent No. 7,047,526 is invalid as anticipated or obvious in view of the prior art.

## III.    DISPUTED LEGAL ISSUES

The parties list, below, "disputed legal issues" proposed by either side. The parties do not necessarily agree (and each side reserves its right to dispute) that all such "disputes" are relevant to this case and/or have been preserved.

1.    The extent to which Cisco's asserted copyrighted works, and the asserted elements therein, are protectable under the copyright law.  This disputed legal issue is being further addressed in the parties' briefing on analytic dissection per the Court's request.

2.    In determining copyright infringement, whether the jury is to compare the works as a whole for "substantial similarity" or "virtual identity," or some other standard, and whether copyright protection is "broad" or "thin."

3.    Whether Cisco is entitled to a presumption of validity and originality under 17 U.S.C. § 410(c) for any of its asserted CLI elements.  If Cisco is not entitled to a presumption of validity for any of its asserted CLI elements, a determination of the evidentiary weight the certificates of registration should be accorded.

4.    Whether Cisco has met its evidentiary burden of proving that the asserted elements of the disputed copyrighted works are original under 17 U.S.C. §§102(a) and 410(c).

5.    The proper scope of the copyright protection of the asserted works Cisco registered with the U.S. Copyright Office, and definition of the works to be compared in determining copyright infringement.

6.    Whether Cisco's copyright claims are barred in whole or in part by scènes à faire, the merger doctrine, words and short phrases doctrine, and/or any other limits on the scope of protection for the works at issue.

7.    Whether Cisco has met its evidentiary burden of proving that Arista infringed, either willfully or not willfully, any of the asserted copyrighted works under 17 U.S.C. §§ 101 *et seq*.

8.    Whether Arista's alleged use of the asserted elements of the disputed copyrighted works constitutes "fair use" under 17 U.S.C. § 107 and relevant case law.

9.      Whether Cisco has met its evidentiary burden of proving that Arista infringed, either willfully or not willfully, any of the asserted claims of U.S. Patent Number 7,047,526 under 35 U.S.C. §§ 271(a) and 284.

10.     Whether any of the asserted claims of U.S. Patent Number 7,047,526 are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112, and anticipated and/or rendered obvious by any of the following prior-art references:  Cisco IOS 12, Lucent Avaya Definity Audix System Release 4.0, Juniper Networks' JUNOS 4.0, and U.S. Patent No. 6,523,172 to Martinez-Guerra.

11.     Whether Cisco has a right to a jury trial on its disgorgement of profits claim relating to copyright infringement, whether disgorgement of profits is an equitable claim for the Court to decide, and whether the disgorgement of profits claim should be presented to the jury for any purpose, including factual/advisory findings.

12.     Whether any award of recoverable profits for copyright infringement has been properly apportioned under Ninth Circuit law.

13.     Whether Cisco has met its burden of proving a "causal nexus" between the profits it seeks and the alleged copyright infringement, regardless of whether the profits are direct or indirect.

14.     Whether Cisco is barred from recovering damages for any acts of patent infringement that occurred before Cisco filed its lawsuit.

15.     Whether Cisco is entitled to an award of enhanced damages under 35 U.S.C. § 284.

16.     Whether Cisco or Arista is entitled to an award of attorneys' fees, expenses, and costs incurred in this action under 17 U.S.C. § 505.

17.     Whether Cisco or Arista is entitled to a declaration that this case is "exceptional" under 35 U.S.C. § 285, and an award to Cisco of any attorneys' fees, expenses, and costs incurred in this action.

18.     Whether Cisco is entitled to injunctive relief under 17 U.S.C. § 502 for Arista's alleged copyright infringement.

19.     Whether Cisco is entitled to injunctive relief under 35 U.S.C. § 283 for Arista's alleged patent infringement.

20.     Whether Cisco is barred from obtaining any equitable relief from Arista.

21.     Whether Cisco's copyright infringement claims are barred by copyright misuse.

22.     Whether Cisco's infringement claims are barred by estoppel.

23.     Whether Cisco's claims are barred by the doctrine of unclean hands.

24.     Whether Cisco's infringement claims and claims for equitable relief, including disgorgement, are barred by laches (for the patent claims), acquiescence, and/or waiver.

25.     Whether Cisco's copyright claims are barred by the doctrine of abandonment.

26.     The parties incorporate the disputed legal issues raised in their respective motions *in limine* now pending before the Court.  *See* ECF 524–531 (Arista's Motions *in Limine* Nos. 1 to 5); ECF 532–536 (Cisco's Motions *in Limine* Nos. 1 to 5).

27.     The parties also incorporate the disputed facts listed in Section II(b) above to the extent that they involve disputed legal issues and/or mixed questions of law and fact.

## IV.     ESTIMATE OF TRIAL TIME

The Court has determined that trial time will be between 20-22 hours per side, lasting from November 28 to December 14, 2016.

## V.     TRIAL ALTERNATIVES AND OPTIONS

### A.     Settlement Discussions

**Cisco's Position:** The parties have had three mandatory settlement discussions in the context of ITC investigation(s) between Cisco and Arista. Those settlement discussions did not result in any resolution. There are no ongoing settlement discussions regarding this case. Regarding Arista's assertion below that Arista has made attempts at settlement communications that Cisco has not responded to, Cisco disputes that. Cisco has consistently been willing to engage in efforts to discuss a resolution with Arista that would include cessation of Arista's infringing activities, but Arista has been unwilling to proceed on such terms.

**Arista's Position:** Arista senior management has attempted to contact Cisco senior

management but calls have not been returned, and Cisco has not engaged in any settlement proposals or communications whatsoever.  Arista has always remained open to settlement discussions. (The discussions in the ITC proceedings concerned different actions and claims.)

### B.    Amendments or Dismissals

Neither Cisco nor Arista has any proposed amendments to its pleadings. Neither Cisco nor Arista is seeking to dismiss any claims.

### C.    Bifurcation or Separate Trial of Issues

As detailed in Cisco's Motion in Limine No. 1 (Dkt. 532), Cisco believes that any evidence that is relevant only to Arista's equitable defenses (including unclean hands, waiver, equitable estoppel or misuse), should be presented to the Court outside of the presence of the jury.

## VI.    ADDITIONAL ISSUES

### A.    Witnesses

The parties wish to confirm that witnesses who are called live will be allowed to complete all testimony in one sitting, including a scope of cross-examination (or redirect, as the case may be) that exceeds the scope of the initial examination.

The parties also wish to confirm that the parties will not use deposition testimony for witnesses who are called live at trial.

### B.    Exhibits

The parties wish to clarify certain amendments to the Court's Standing Order re Final Pretrial Conference—Jury Trial regarding trial exhibits.

First, the Court's Standing Order specifies that the exhibits should be pre-marked for identification with numbers by means of exhibit tags affixed to the back of the last page of each exhibit, and that the plaintiff's tags should be yellow and the defendant's tags shall be green.  If it is acceptable to the Court, the parties would like to pre-mark the exhibits with black-and-white tags affixed to the front of each exhibit.

Second, the Court's Standing Order specifies that the parties shall submit two complete copies of the original set of exhibits for use by the Judge and chambers staff.  The parties want to

confirm, as raised at the September 9, 2016 hearing, that they will submit to the Court digital versions of all exhibits, rather than hard copies. To the extent the parties intend to use any exhibit at trial, those exhibits will be provided in hard copy to the Court and to relevant witnesses.

Finally, the parties will lodge with their exhibit lists a key indicating the exhibits that both parties have placed on their lists. The parties hereby reserve all objections to exhibits, whether or not they appear as duplicates on the duplicate key.

### C.    Lodging of Certain Appendix Materials with the Court Electronically

Part C of the Court's Standing Order re Final Pretrial Conference—Jury Trial provides for the filing of certain materials as appendices to this Joint Pretrial Statement. Because of the considerable size of the following items, and the confidential nature of many of these documents, the parties will deliver a USB flash drive containing the following materials, with the Court's chambers copy of this Joint Pretrial Statement:

- Expert witness CVs and expert reports
- Deposition transcripts
- Discovery response excerpts

If the Court would prefer that these materials be filed in the public docket, or lodged with the Court in a different manner, the parties are happy to do so.

### D.    Cisco's Proposed Submission of the Issue of Copyright Willfulness to the Jury

#### 1.    Arista's Position

Arista objects to Cisco's proposed submission of the issue of copyright willfulness to the jury. Because Cisco has not elected to receive an award of statutory damages, and Arista will not seek a deduction for its income or excess profits taxes in any calculation of its infringement profits, there is no basis for the jury to make any findings regarding willfulness in this action.

Cisco argues that a finding of willful infringement is also relevant to whether Arista may deduct other expenses, including overhead. Cisco is wrong. "[A]n examination of the decisional law [in the Ninth Circuit] on this issue finds no authoritative support for altering the calculus of 'deductible expenses' where the infringement at issue was willful, except as to income and excess

profits taxes." *Oracle v. Google*, 131 F. Supp. 3rd 946, 951 (9th Cir. 2015).  As Judge Alsup recently explained in *Oracle v. Google*, "our court of appeals has not explicitly found that even federal income or excess profits taxes should be precluded as deductible expenses in calculating a willful copyright infringer's profits.  Nevertheless, this order finds that the most likely outcome in our circuit will be that such taxes will be disallowed for a 'deliberate plagiarist,' but all other categories of deductible expenses will be allowed, even for a 'deliberate plagiarist,' so long as it is proven they contributed to generating the infringement revenue." *Id*. at 952-53.  Judge Alsup specifically addressed and rejected all of the authority cited by Cisco in support of its argument that a finding of willful infringement is relevant to whether Arista may deduct expenses.[1] *Id*. at 951-53.  Indeed, as to the model jury instruction Cisco cites, Judge Alsup noted that model instructions "in no way represent the official view of our court of appeals" and "have no authoritative force whatsoever." *Id*. at 952.

Finally, Cisco argues that willfulness is also relevant to Arista's laches defense.  But as both Cisco and Arista agree, copyright laches is an equitable defense, tried by the Court and not the jury.  Accordingly, because willfulness is not relevant to any issue before the jury, Cisco should not be permitted to present willfulness evidence to the jury.

## 2.    Cisco's Response

First, Cisco notes that this "Additional Issue" identified by Arista in the parties' joint pretrial statement is untimely, and therefore inappropriate.  Arista could have (*e.g.*) made these arguments in a motion *in limine*.  Arista chose not to do so, and appears to be using the parties' joint pretrial statement as an opportunity to add a new motion *in limine*.

Second, it appears that Arista admits that willful copyright infringement is an issue that is relevant and may be put to the jury in the event that Cisco asks for statutory damages for its

---

[1] Cisco distorts the case law it cites to support an argument that willful infringement is relevant to whether Arista may deduct any expenses.  Cisco claims that *Three Boys Music Corp. v. Bolton* held that "***non-willful infringers*** [may be allowed to] deduct the income taxes ***and management fees*** that they paid relating to the infringing song."  In fact, *Three Boys Music* never states that a willful infringer cannot deduct management fees.  Instead, the Court states: "The district court followed the Second Circuit rule and allowed Bolton and Goldmark, as non-willful infringers, to deduct the income taxes and management fees that they paid relating to the infringing song."

1    copyright claims. Cisco does not currently intend to ask for statutory damages. But Cisco

2    reserves its right to do so. Cisco may exercise that right at any point, even during the jury trial, at

3    which point (even according to Arista's case law authority) willfulness would be relevant. *See,*

4    *e.g.*, *Oracle v. Google*, 131 F. Supp. 3rd 946, 951 (9th Cir. 2015) (holding that the provisions of

5    17 U.S. Code § 504(c)(1) prevent "the Court from compelling [the copyright owner] to elect its

6    measure of damages early on"); *see also* 17 U.S. Code § 504(c)(1) ("the copyright owner may

7    elect, at any time before final judgment is rendered, to recover, instead of actual damages and

8    profits, an award of statutory damages").

9        Third, even if this Court considers Arista's untimely motion *in limine* (in the form of a

10    joint pretrial statement insert), and even if Cisco does not in the future elect to seek statutory

11    damages for Arista's copyright infringement: Whether Arista's infringement of Cisco's

12    copyrights is willful is relevant even if Arista is not seeking any income tax or excess profits tax

13    deduction for its infringement profits. A finding of willful infringement is also relevant to

14    whether Arista may deduct any other expenses, including overhead expenses. *See* Instruction No.

15    17.36, Comment, *Ninth Circuit Manual of Model Civil Jury Instructions* (2007) ("Generally,

16    deductions of defendant's expenses are denied where the defendant's infringement is willful or

17    deliberate."); *see also Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 488 (9th Cir. 2000)

18    ("**non-willful infringers** [may be allowed to] deduct the income taxes **and management fees** that

19    they paid relating to the infringing song") (emphasis added); *Frank Music Corp. v. Metro-*

20    *Goldwyn-Mayer, Inc.*, 772 F.2d 505, 515 (9th Cir. 1985) ("A portion of an infringer's overhead

21    properly may be deducted from gross revenues to arrive at profits, at least where the infringement

22    was not willful, conscious, or deliberate.").

23        Further, whether Arista's infringement of Cisco's copyright is willful is also relevant to

24    Arista's fair use defense. "Because '[f]air use presupposes 'good faith' and 'fair dealing,' courts

25    may weigh 'the propriety of the defendant's conduct' in the equitable balance of a fair use

26    determination," *Fisher v. Dees*, 794 F.2d 432, 437 (9th Cir. 1986). A finding of willful copyright

27    infringement would therefore undercut Arista's fair use defense.

28

On a related note, Arista also claims that Cisco's copyright infringement claims are barred by laches. Although Cisco argues that laches cannot apply to its copyright claims under *Petrella*, to the extent Arista is arguing that laches is applicable, a laches defense is defeated where the infringer's acts are willful. *See Evergreen Safety Council v. RSA Network Inc.*, 697 F.3d 1221, 1228 (9th Cir. 2012) ("The doctrine of laches does not apply in cases of willful infringement."); *See also Fahmy v. Jay-Z*, 2013 WL 4500435, at *4 (C.D. Cal. Aug. 15, 2013) ("The defense of laches is inapplicable, however, if a defendant's infringement is willful.").

### E. Cisco's Doctrine of Equivalents Theory

#### 1. <u>Arista's Position</u>

Arista contends that Cisco should not be permitted to assert doctrine of equivalents theories at trial. Cisco introduced its doctrine of equivalents theories for the first time in its infringement expert report, where Dr. Kevin Jeffay opined that Arista may satisfy four claim elements under the doctrine of equivalents. For two of those claim elements—1.5 and 2.1—Cisco's infringement contentions provided only a boilerplate recitation of a theory of infringement under the doctrine of equivalents. Courts in this district have consistently excluded doctrine of equivalents theories where the plaintiff's infringement contentions contained only conclusory statements. *See, e.g., ASUS Computer Int'l v. Round Rock Research*, LLC, No. 12-CV-02099 JST (NC), 2014 WL 1463609, at *3 (N.D. Cal. Apr. 11, 2014); *Dynetix Design Sols., Inc. v. Synopsys, Inc.*, No. C 11-5973 PSG, 2013 WL 4537838, at *1–2 (N.D. Cal. Aug. 22, 2013). For the other two claim elements—1.2 and 23.1—Cisco's infringement contentions did not even provide a conclusory statement; there is no mention at all of the doctrine of equivalents.

As for Cisco's suggestion that this issue is untimely, Arista elected not to raise doctrine of equivalents in a Daubert Motion or a motion *in limine* out of respect for the Court's request to limit such motions to the disputes that were most likely to matter at trial and limits on the number of *in limine* motions. Given Cisco's plainly inadequate disclosures regarding the doctrine of equivalents, Arista did not expect that Cisco would pursue that theory of infringement at trial. But now that Cisco's pretrial statements indicate that it intends to present doctrine of equivalents

theories to the jury, the Court should make clear that Cisco is barred from presenting any claim of infringement under the doctrine of equivalents.

### 2.    Cisco's Response

First, Cisco notes that this "Additional Issue" identified by Arista in the parties' joint pretrial statement is untimely, and inappropriate in this filing. Arista could have (*e.g.*) made these arguments in a motion *in limine*.  Arista also could have brought a motion to strike portions of Dr. Jeffay's report on these bases (but did not do so) and/or could have asked for exclusion of this subject matter with its *Daubert* motion (but did not do so).  Instead, Arista appears to be using the parties' joint pretrial statement as an opportunity to add a new motion *in limine*, a new motion to strike and/or a new *Daubert* motion.

Second, Arista is wrong to represent that "Cisco introduced its doctrine of equivalents theories for the first time in the expert report of Dr. Kevin Jeffay."  Cisco has relied upon—and disclosed—doctrine of equivalents arguments and evidence for its infringement theories on the '526 patent starting with the first version of Cisco's infringement contentions and claim charts over 16 months ago (on June 4, 2015).  To whatever extent Arista is now arguing that Cisco deviated from such infringement contentions, with the expert report of Dr. Jeffay, Arista has not identified as much except with ipse dixit.

Regardless, Arista appears to admit that Cisco disclosed infringement contentions under the doctrine of equivalents for the '526 patent, but now (for the first time) complains that these disclosures are insufficient for certain limitations.  That complaint is unfounded and, in any event, premature.  The opinions authored by Dr. Jeffay in large part address the competing claim constructions proposed by the parties, and different permutations possible, before the Court issued its claim construction order.  Under this Court's recent *Daubert* ruling for Arista's expert, Dr. Clark, such opinions are properly disclosed to address these claim construction possibilities.

Third, Cisco notes that the standard that Arista is currently proposing—if applied in both directions—would largely eviscerate Arista's non-infringement arguments for the '526 patent. The substantive portion of Arista's response to Cisco's interrogatory requesting Arista to identify

and explain its non-infringement arguments is a single paragraph.  It lacks any disclosure of most of the non-infringement arguments and evidence later put forth by Arista's non-infringement expert, Dr. Chase.  If Arista wants this Court (in response to a joint pretrial statement) to rule that Cisco's infringement theories that rely on the "doctrine of equivalents" should be stricken or narrowed in any respect, then Cisco requests that the same treatment be provided to Arista's non-infringement theories, and thus that no witness from Arista (including expert witnesses) may address non-infringement arguments except to the extent that such arguments and supporting evidence were expressly disclosed and with specificity in Arista's relevant interrogatory response.

### F.    Scope of Trial

#### 1.    Arista's Position

On October 4, 2016—less than two months before the start of trial—Cisco filed with the Court a 130+ page submission identifying what it alleges to be individually itemized asserted protectable phrases and snippets.  ECF No. 552.  Although this Court has pointedly questioned Cisco as to what theory Cisco intends to advance at trial, Cisco still has not narrowed its case.  For example, at the summary judgment stage, Cisco was warned for "chang[ing] course" in the midst of briefing, and for pursuing a "dual track approach" of arguing for protection of litigation-created "building blocks" of the CLI as well as for the undefined "Cisco CLI" as a whole.  ECF 482 at 4:3 – 5:19.  But Cisco's current filing doubles down on its alternative theories.  In particular, Cisco continues to claim independent copyright protection in **each** command, **each** hierarchy, **each** response, **each** help string, etc. as well as combinations.  ECF 552.

Arista had expected that case developments and the proximity of trial would be sufficient motivation for Cisco finally to articulate a case theory that could fit within the law and the time allotted for trial, but that has not occurred.  Unfortunately that is not the case. The allegations contained in Cisco's recent filing are still so enormously unwieldy and ill-defined that an orderly trial will require far more time than is currently scheduled for trial, and Cisco's proposed verdict form is inadequate for the jury to resolve those claims.  Cisco's unprecedented claim asks the Court and jury to award it copyright protection to each of over 500 several-word commands and

over 400 several-word help strings, among other elements, as if they were discrete mini patent claims.  To Arista's knowledge, no Court or jury has been asked to do anything approaching what Cisco asks of this trial. Accordingly, unless the case is narrowed significantly either by the Court or by Cisco streamlining its case, the time the Court has currently allotted for trial will not be sufficient to present the necessary evidence on Cisco's assertions.

## 2.   Cisco's Response

Cisco is surprised to learn from Arista (on October 17, a few minutes before midnight) this new position that this case is not ready for trial and/or that a jury trial in federal court that is already planned to span three weeks is not sufficient time for the parties to present their evidence. Cisco presented the Court (and Arista) with a proposed filtration of the protectable elements of its copyrighted works starting with Cisco's complaint. Dkt. 1.  Cisco again filed a proposed list of protectable (and copied) elements of its copyrighted works at the Court's request, after the hearing on the parties' summary judgment motions. Dkt. 452.  Cisco again filed a proposed list of protectable elements of its copyrighted works for pretrial purposes, at the Court's direction. Dkt. No. 552.  Arista has known of Cisco's allegations including which aspects of Cisco's copyrighted works Cisco considered protectable for almost two years.  It is inappropriate for Arista at this point—48 hours before the parties' joint pretrial submission was due, and just over a month before trial—to raise this objection.  Cisco's position is that Arista has waived this objection; it is untimely; and it is contradicted by the docket record in this case.

As to Arista's suggestion that Cisco's proposed verdict form is not acceptable to Arista, Cisco looks forward to responding to any such concerns in the appropriate setting (such as argument before the Court, if and when the Court would like to hear argument on the issue of the parties' respective verdict form submissions).  In the meantime, Cisco notes that (i) Arista has not identified any particular aspect of Cisco's verdict form that it finds objectionable, and (ii) by suggesting (without specifics) that the verdict form for the jury should be made increasingly long and complex, Arista appears to be employing a well-trod tactic by defendants to make verdict forms as complicated and burdensome as possible.

1   Finally, as to Arista's suggestion that this case should be narrowed before being presented

2   to the jury, Cisco is amenable to that. For example, Cisco is willing to narrow its list of asserted

3   patent claims if Arista is willing to narrow its menu of asserted affirmative defenses.  But such

4   reasonable steps to narrow this case do not need to include a reduction in the quantity of evidence

5   regarding the hundreds and hundreds of original elements from Cisco's copyrighted works that

6   Arista has copied.  Indeed, that would not be a "narrowing" of the case; it would instead be a

7   reduction and weakening of the strength of Cisco's copyright liability claims.  It would also

8   substantially prejudice Cisco's ability to prove copyright infringement given that—it is not

9   disputed—one aspect of Cisco's copyright claim depends on the *extent* to which Arista copied

10  elements of Cisco's copyrighted works.

11      **G.    Cisco's Election of Patent Claims to Assert at Trial**

12          **1.    Arista's Position**

13  Arista contends that Cisco should elect no more than five claims from U.S. Patent No.

14  7,047,526 to assert at trial, as contemplated by the Federal Circuit Advisory Council's Model

15  Order—which both parties have voluntarily followed in this case.  Arista has already taken steps

16  to narrow the patent dispute by reducing the number of prior art references it will assert at for trial

17  to below the limit contemplated by the Federal Circuit's Model Order, and will consider reducing

18  those references further in response to a reduction of claims by Cisco.  Cisco's refusal to

19  correspondingly reduce its patent claims per the Model Order, and its conditioning its narrowing

20  of the patent case on Arista dropping its copyright defenses, are both unreasonable positions.

21          **2.    Cisco's Response**

22  Cisco notes that it has never agreed to follow the Federal Circuit Advisory Council's

23  Model Order in every respect. Earlier in the case, Cisco agreed to a ***preliminary*** narrowing of its

24  asserted patent claims consistent with the Federal Circuit's Model Order, which Cisco did, and

25  thus Cisco is (as of today) asserting only ten claims from the '526 patent.

26  As to further narrowing of its patent claims, Cisco is amenable to that—so long as the

27  parties' efforts at narrowing the range of disputed issues for the jury is mutual. Cisco is prepared

28

JOINT PRETRIAL STATEMENT AND PROPOSED ORDER
Case No. 5:14-cv-05344-BLF (NC)

to narrow its list of asserted patent claims to 5 or less, so long as Arista is willing to reduce substantially its list of affirmative defenses, including to Cisco's copyright claims. Arista cannot be heard to complain to this Court that Cisco should narrow its claims without also recognizing that it should narrow its defenses.

### H.    Cisco's Help Strings Contentions

#### 1.    <u>Arista's Position</u>

Cisco's late assertion of copyright infringement of over 400 strings of help strings (aka, "help text") prevented Arista from taking any fact discovery regarding those assertions.  Although the Court granted Arista the ability to propound one interrogatory and take one Rule 30(b)(6) deposition of Cisco on the topic (ECF 481 at 4–5), Cisco's responses to that discovery were grossly inadequate, failing to provide any evidence regarding the authorship of over 170 of the roughly 430 asserted text strings.  Cisco then designated Kirk Lougheed to testify as to the "authorship, originality, and creation" of Cisco's help strings, yet Mr. Lougheed repeatedly pleaded ignorance as to the creation of any particular strings. *See, e.g.*, Lougheed 9/16/16 Depo. Tr. at 497:6–498:15; 560:3–562:1 ("Q: Do you have a specific understanding as to any phrase in this document, how it was incorporated into Cisco's software? . . .  A: I'm here to talk about the general process.").

Moreover, Cisco refused to provide any information whatsoever regarding third-party usage of similar text, and Arista was not permitted to conduct third-party discovery on that usage.  (As the Court knows, Arista has taken extensive third party discovery that is crucial to its defenses about the usage of CLI commands by third parties such as HP and Dell).  Nor was Mr. Lougheed able to testify as to Cisco's knowledge of third party usage of help strings, even though he was designated to testify on that subject at the last minute. *Id.* at 439:23–441:10; 564:10–17; 568:12–568:24.

Judge Cousins presaged this precise threat of prejudice when he heard Arista's motion to strike Cisco's help strings contentions, which were disclosed for the first time on the last day of fact discovery.  See ECF 412 (Mot. to Strike Tr. at 49:21-50:5) ("No matter how I resolve this,

1  there's going to be left some very tricky issues at trial as to the admissibility of information . . .

2  . whether I grant this relief or not, there's going to be some challenging evidentiary issues at

3  trial as to how this is going to be managed and prepared at trial.").  Fairness requires that Cisco

4  not be permitted to take tactical advantage of its late disclosure of these assertions.  The Court

5  should prohibit Cisco from making any arguments or eliciting testimony challenging the extent of

6  evidence of third-party usage of these text strings or suggesting that the help text strings have

7  been treated by others in the networking industry any differently than other aspects of Cisco's

8  Command Line Interface.

9      Additionally, on October 14, 2016, 29 days after Cisco's discovery responses were due

10  and Arista completed the 30(b)(6) deposition of Cisco on this topic, Cisco attempted to amend its

11  discovery response with additional responsive information supporting its case, while still refusing

12  to provide any information about third-party usage.  Cisco's late disclosure added new

13  "authorship" information for at least 199 help strings, and, additionally, asserted five never-before-

14  asserted strings.  The Court should not permit Cisco to elicit evidence revealed for the first time

15  in these long-past-due responses.

16          **2.      Cisco's Position**

17      This is the first time that Cisco has heard a complaint from Arista regarding supplemental

18  discovery on Cisco's "help strings."  Arista's most recent objection is—at best—an attempt to re-

19  litigate a dispute that Arista has at this point repeatedly (i) raised before Magistrate Judge

20  Cousins, (ii) raised before this Court, and (iii) been denied on, rightly.  Cisco first identified its

21  "help desc" allegations in January 2016.  Dkt. 306-6 at pp. 17-18. Cisco supplemented those

22  allegations with additional evidence in May 2016.  *See* Dkt. Nos. 306-7, 306-8 and 306-9.  Cisco

23  then successfully defeated Arista's motion (before Magistrate Judge Cousins) to strike such

24  contentions.  Dkt. 408.  Cisco then successfully defeated Arista's attempt (before this Court) to

25  strike such contentions. Dkt. 481.

26      Cisco furthermore abided by this Court's recent order providing that Arista would be

27  permitted to serve one interrogatory, and to take on deposition pursuant to Fed. R. Civ. P.

28

30(b)(6), on the background of Cisco's "help desc" entries in its copyrighted works. Cisco timely served its interrogatory answer—145 pages long with hundreds of individual data points, the result of work product from a team of Cisco engineers and attorneys—to provide detail regarding the background of its "help desc" entries. Cisco furthermore prepared and presented for deposition a corporate representative on this topic, Kirk Lougheed (Cisco's third employee, the company's founding engineer, and the first originator of Cisco's user interface starting in the 1980s). To prepare for that deposition, Mr. Lougheed reviewed voluminous documentation and interviewed numerous other Cisco engineers. Plus, at the deposition in question (which Arista conducted for a full day, lasting from 9:45 in the morning until 6:45 at night), Mr. Lougheed provided ample information regarding the background and process by which Cisco's engineers created "help desc" entries. Mr. Lougheed's testimony regarding that process is sufficient to show Cisco's authorship of the materials in question. *See CDN Inc. v. Kapes*, 197 F.3d 1256, 1261 (9th Cir. 1999) ("It is simply not a process through which they discover a preexisting historical fact, but rather a process by which they create a price which, in their best judgment, represents the value of an item as closely as possible…This process imbues the prices listed with sufficient creativity and originality to make them copyrightable."); *see also* Dkt. 482 at 12-14.

### I.    Arista Request for Rebuttal on Fair Use and Disgorgement (if Disgorgement is Tried to the Jury)

#### 1.    Arista's Position

The parties disagree as to the appropriate order of proof with respect to trial issues for which Arista, not Cisco, bears the burden of proof. With respect to fair use, Cisco would have Arista present its entire fair use defense in its case-in-chief, Cisco would then respond (including, apparently, the ability to present new evidence and arguments), but Arista would have no opportunity to respond to any such new evidence or arguments. Likewise, with respect to disgorgement, Cisco would present *only* a gross revenue figure during its case-in-chief. Cisco apparently then intends to respond to Arista's disgorgement allocation and deductions opinions with new evidence or argument, but argues that Arista should have no opportunity to respond to any such new evidence or argument.

Cisco wants this procedure not because it is "customary" but because it is unfair. The purpose of rebuttal is to "counter 'new' evidence or theories raised during the defendant's case-in-chief," not to present new evidence or theories that the plaintiff held back during its own case-in-chief. Rutter Group Prac. Guide Fed. Civ. Trials & Ev. Ch. 9-H (quoting *Toth v. Grand Trunk R.R.*, 306 F3d 335, 345 (6th Cir. 2002)). Moreover, contrary to Cisco's assertions, in the case of affirmative defenses, where, as here, the defendant bears the burden of proof on a particular issue and there is the possibility that the plaintiff will present new evidence or argument during the rebuttal, courts allow defendants rebuttals to correct the potential for sandbagging. *See also Benna v. Reeder Flying Serv., Inc.*, 578 F.2d 269, 273 (9th Cir. 1978) (affirming admission of rebuttal evidence at trial to refute new evidence during rebuttal); *Moylan v. Meadow Club, Inc.*, 979 F.2d 1246, 1251 (7th Cir. 1992) (affirming reversal of order of closing arguments because defendant bore burden on affirmative defense at trial); *Montwood Corp. v. Hot Springs Theme Park Corp.*, 766 F.2d 359, 364 (8th Cir. 1985) (same). And fair use is no typical "affirmative defense." It is central to copyright law itself, and one of the most critical, and heavily contested, issues in this case. Should Cisco present new evidence or argument on matters on which Arista bears the burden of proof, fairness dictates that Arista be given an opportunity to respond. Alternatively, should Arista not be given that opportunity, then Cisco too should not have an opportunity to present a rebuttal case on matters on which it bears the burden of proof.

## 2.    Cisco's Position

Cisco opposes this unusual request for a "sur-rebuttal" portion of trial for the defendant. Fair use—the example provided above by Arista—is an affirmative defense for which Arista bears the burden of proof. After Arista presents its fair use defense, during its case, the parties are agreed that Cisco should be permitted a rebuttal opportunity. That is customary and should apply for fair use as an affirmative defense just as it would for other defenses or issues on which Arista bears the burden of proof. For example, it is customary in patent trials for the putative infringer to present its invalidity case and for the patentee thereafter to present rebuttal evidence.

What is not customary is that a defendant would then be provided a "sur-rebuttal"

opportunity after the plaintiff's rebuttal evidence. Cisco will rebut Arista's affirmative defenses during the rebuttal stage of this case—including on fair use and expenses (copyright) and also for patent validity.  That should be the end of it. If, instead, this Court accepts Arista's proposal for a sur-rebuttal case, then the same principle should be applied across all issues in this case. For example: Because Cisco bears the burden to show patent and copyright infringement during its case, and because Arista thereafter will challenge patent and copyright infringement in its case, Cisco should then (according to Arista's reasoning) be permitted a full rebuttal to re-address patent and copyright infringement in a subsequent portion of the trial.  That is not necessary, makes no sense, and if adopted would result in an unnecessarily long and complicated trial.  This Court should—like so many courts before it—permit each side to present evidence on issues for which it bears the burden of proof, then permit the opposing party to rebut that evidence, and that should be the end of it.

In any event, Arista should not be permitted a "sur-rebuttal" to provide cumulative evidence or to reiterate positions and evidence that were brought as part of its case in chief.  *See* Rutter Group Prac. Guide Fed. Civ. Trials & Ev. Ch. 9-H ("Proper rebuttal evidence is that offered to disprove evidence offered during the other party's case-in-chief, ***rather than merely reiterating matters previously covered in the party's own case-in-chief***. This is a matter as to which the trial court has broad discretion, but ***cumulative evidence is often excluded***.")  (emphasis added); s*ee also Mickey v. Ayers.* 606 F.3d 1223, 1247-48 (9th Cir. 2010) ("absence of marginal and cumulative evidence [on surrebuttal] is not prejudicial.")

### J.  Status of Analytic Dissection

The parties would like to discuss the status of analytic dissection.

### K.  Appendices to Pretrial Order

| Appendix A | Cisco's Witness List |
|------------|---------------------|
| Appendix B | Arista's Witness List |
| Appendix C | Cisco's Exhibit List |

| Appendix D | Arista's Exhibit List |
|---|---|
| Appendix E | Duplicates Exhibit List |
| Appendix F | Cisco's Deposition Designations |
| Appendix G | Arista's Deposition Designations |
| Appendix H | Cisco's List of Discovery Response Excerpts (Lodged Separately with the Court) |
| Appendix I | Arista's List of Discovery Response Excerpts (Lodged Separately with the Court) |

## VII.    BINDING EFFECT OF THE JOINT PRETRIAL STATEMENT AND ORDER

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this order shall supplement the pleadings and govern the course of trial of this action, unless modified to prevent manifest injustice

DATED: October 19, 2016                         Respectfully submitted,

                                                        /s/ John M. Neukom
                                                        _____

                                                        Kathleen Sullivan (SBN 242261)
                                                        kathleensullivan@quinnemanuel.com
                                                        QUINN EMANUEL URQUHART &
                                                        SULLIVAN LLP
                                                        51 Madison Avenue, 22nd Floor
                                                        New York, NY 10010
                                                        Telephone: (212) 849-7000
                                                        Facsimile: (212) 849-7100

                                                        Sean S. Pak (SBN 219032)
                                                        seanpak@quinnemanuel.com
                                                        John M. Neukom (SBN 275887)
                                                        johnneukom@quinnemanuel.com.
                                                        QUINN EMANUEL URQUHART &
                                                        SULLIVAN LLP
                                                        50 California Street, 22nd Floor
                                                        San Francisco, CA 94111
                                                        Telephone: (415) 875-6600

1                                                   Facsimile: (415) 875-6700

2                                                   David Nelson (*admitted pro hac vice*)
davenelson@quinnemanuel.com

3                                                   QUINN EMANUEL URQUHART &
SULLIVAN LLP

4                                                   500 W Madison St, Suite 2450
Chicago, IL 60661

5                                                   Telephone: (312) 705-7465
Facsimile: (312) 705 7401

6

7                                                   Steven Cherny (*admission pro hac vice pending*)
steven.cherny@kirkland.com

8                                                   KIRKLAND & ELLIS LLP
601 Lexington Avenue

9                                                   New York, New York 10022
Telephone: (212) 446-4800

10                                                   Facsimile: (212) 446-4900

11                                                   Adam R. Alper (SBN 196834)
adam.alper@kirkland.com

12                                                   KIRKLAND & ELLIS LLP
555 California Street

13                                                   San Francisco, California  94104
Telephone: (415) 439-1400

14                                                   Facsimile: (415) 439-1500

15                                                   Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com

16                                                   KIRKLAND & ELLIS LLP
333 South Hope Street

17                                                   Los Angeles, California 90071
Telephone: (213) 680-8400

18                                                   Facsimile: (213) 680-8500

19                                                   *Attorneys for Plaintiff Cisco Systems, Inc.*

20 DATED:  October 19, 2016                               Respectfully submitted,

21

22                                                   */s/ Robert A. Van Nest*

23                                                   KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065

24                                                   rvannest@kvn.com
BRIAN L. FERRALL - # 160847

25                                                   bferrall@kvn.com
DAVID J. SILBERT - # 173128

26                                                   dsilbert@kvn.com
MICHAEL S. KWUN - # 198945

27                                                   mkwun@kvn.com
633 Battery Street

28

San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

*Attorneys for Defendant Arista Networks, Inc.*

DATED:_____        _____
                             Hon. Beth Labson Freeman
                             United States District Judge

## ATTORNEY ATTESTATION

I hereby attest, pursuant to Local Rule 5-1(i)(3), that the concurrence in the filing of this document has been obtained from the signatory indicated by the "conformed" signature (/s/) of Robert A. Van Nest within this e-filed document.

*/s/ John M. Neukom*_____

JOINT PRETRIAL STATEMENT AND PROPOSED ORDER
Case No. 5:14-cv-05344-BLF (NC)