Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

David Nelson (*admitted pro hac vice*)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
500 W Madison St, Suite 2450
Chicago, IL 60661
Telephone: (312) 705-7465
Facsimile: (312) 705 7401

Steven Cherny (*admitted pro hac vice*)
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ARISTA NETWORKS, INC.,<br><br>Defendant. | CASE NO. 5:14-cv-5344-BLF (NC)<br><br>**DECLARATION OF SARA E. JENKINS IN SUPPORT OF ARISTA'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL IN CONNECTION WITH ARISTA'S RESPONSE TO CISCO'S SUBMISSION RE PROTECTABLE ELEMENTS (Dkt. 584)** |

02099-00004/8491933.1

DECLARATION OF SARA E. JENKINS IN SUPPORT OF ARISTA'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (NC)

## DECLARATION OF SARA E. JENKINS

I, Sara E. Jenkins, declare as follows:

**1.** I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate with the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Plaintiff Cisco Systems, Inc. ("Cisco"). I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

**2.** I make this declaration in in support of Arista Networks Inc.'s ("Arista") Administrative Motion to File Under Seal Confidential Information in connection with Arista's Response to Cisco's Submission re: Protectable Elements. Dkt. 584. I make this declaration in accordance with Civil Local Rule 79-5(e)(1) on behalf of Cisco to confirm that the information contained in the documents referenced in the Sealing Motion should be sealed.

**3.** Arista's responsive filing is non-dispositive. In this context, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamkana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003)). In addition, Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, that the document is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id*.

**4.** Pursuant to Civil L.R. 79-5(e), good cause exists to seal the portions of the documents set forth below, because the information sought to be sealed reflects confidential information that "give[s] [Cisco] an opportunity to obtain an advantage over competitors who do

1  not know or use it." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting

2  *Restatement of Torts* § 757, cmt b).

3      **5.** The highlighted portions of text on pages 5 and 7 of Arista's Response to Cisco's

4  Submission re: Protectable Elements contains and refers to information that was designated by

5  Cisco as "Highly Confidential – Attorneys' Eyes Only" under the protective order in this matter.

6  These portions of Arista's brief contain Cisco's confidential business information regarding, *inter*

7  *alia*, Cisco's product development.  Maintaining this information as confidential provides Cisco

8  with an "opportunity to obtain an advantage over competitors" who may compete with Cisco and

9  gather information regarding the same less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.

10  Accordingly, this information should be sealed.  *See Delphix Corp. v. Actifio, Inc.*, No. 13–cv–

11  04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (compelling reasons exist to seal

12  documents containing "highly sensitive information regarding [a party's] product architecture and

13  development.)

14      **6.** Exhibit 1 to the Black Declaration is Mr. Black's supplemental expert report which

15  was designated as "Highly Confidential Attorneys' Eyes Only" under the protective order in this

16  matter.  Cisco supports sealing paragraphs 13, 23, 35, 59, 76, 78, 80, 84, 85, 98, 99, 100 and

17  footnote 11.  These portions of the report contain confidential information about Cisco's product

18  development, business strategies, and source code.  As such, these portions should be sealed.  *See*

19  *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016)

20  (documents containing "information about [a party's] business performance, structure, and

21  finances that could be used to gain unfair business advantage against them," are properly sealed);

22  *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug.

23  20, 2014) (compelling reasons exist to seal documents containing "highly sensitive information

24  regarding [a party's] product architecture and development.)

25      **7.** Exhibit 11 to the Wong Declaration is an excerpt from the January 15, 2016

26  deposition transcript of Tong Lio which was designated as "Highly Confidential Attorneys' Eyes

27  02099-00004/8491933.1

28

1  Only" under the protective order in this matter.  Cisco supports sealing pages 167-172 of this
2  deposition excerpt.  These pages contain confidential information about Cisco's product
3  development and architecture.   As such, there are compelling reasons to seal this document.  *See*
4  *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016)
5  (documents containing "information about [a party's] business performance, structure, and
6  finances that could be used to gain unfair business advantage against them," are properly sealed);
7  *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug.
8  20, 2014) (compelling reasons exist to seal documents containing "highly sensitive information
9  regarding [a party's] product architecture and development.")

10  **8.**     Exhibit 12 to the Wong Declaration is an excerpt from the September 16, 2016
11  deposition transcript of Kirk Lougheed which was designated as "Highly Confidential Attorneys'
12  Eyes Only" under the protective order in this matter.  Cisco supports sealing pages 506, 583-584,
13  587-588, and 626 of this deposition excerpt.  These pages contain confidential information about
14  Cisco's product development and architecture.   As such, there are compelling reasons to seal this
15  document.  *See Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal.
16  Apr. 4, 2016) (documents containing "information about [a party's] business performance,
17  structure, and finances that could be used to gain unfair business advantage against them," are
18  properly sealed); *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2
19  (N.D. Cal. Aug. 20, 2014) (compelling reasons exist to seal documents containing "highly
20  sensitive information regarding [a party's] product architecture and development.")

23       ///

1   I declare under penalty of perjury under the laws of the State of California that the
2   foregoing is true and correct, and that this declaration was executed in Redwood Shores,
3   California, on October 24, 2016.

4

5                              */s/ Sara E. Jenkins*
                               Sara E. Jenkins