1

2

3                    UNITED STATES DISTRICT COURT

4                  NORTHERN DISTRICT OF CALIFORNIA

5                         SAN JOSE DIVISION

6

7    CISCO SYSTEMS INC,                    Case No.  14-cv-05344-BLF
                    Plaintiff,
8
            v.                             **ORDER RE SEALING MOTIONS**
9
     ARISTA NETWORKS, INC.,                [Re: ECF 584, 592]
10
                    Defendant.
11

12

13          This order addresses Arista Networks, Inc.'s administrative motions to file under seal

14   portions of its briefing and exhibits in support of its response to Cisco Systems Inc.'s Submission

15   re Protectable Elements.  ECF 584.  It also addresses the motion to file under seal Court's *Daubert*

16   Order.  ECF 592.  For the reasons stated below, the motions are GRANTED IN PART and

17   DENIED IN PART.

18   **I.     LEGAL STANDARD**

19          "Historically, courts have recognized a 'general right to inspect and copy public records

20   and documents, including judicial records and documents.'"  *Kamakana v. City and Cnty. of*

21   *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

22   U.S. 589, 597 & n.7 (1978)).  Consequently, access to motions and their attachments that are

23   "more than tangentially related to the merits of a case" may be sealed only upon a showing of

24   "compelling reasons" for sealing.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092,

25   1101-02 (9th Cir. 2016).  Filings that are only tangentially related to the merits may be sealed

26   upon a lesser showing of "good cause."  *Id*. at 1097.  In addition, sealing motions filed in this

27   district must be "narrowly tailored to seek sealing only of sealable material."  Civil L.R. 79-5(b).

28   A party moving to seal a document in whole or in part must file a declaration establishing that the

United States District Court
Northern District of California

identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id*.

## II.   DISCUSSION

The Court has reviewed Arista Networks, Inc.'s sealing motions and declarations in support thereof. The Court finds the parties have articulated compelling reasons to seal certain portions of most of the submitted documents. The proposed redactions are also narrowly tailored. The Court's rulings on the sealing requests are set forth in the tables below:

### A.   ECF 584

| Identification of Documents to be Sealed | Description of Documents | Court's Order |
|---|---|---|
| Arista's Response to Cisco's Submission re Protectable Elements | Highlighted portions on pages 5 and 7 contain Cisco's confidential product development information. Highlighted portions on pages 8 and 14 contain Juniper Networks, Inc.'s confidential information relating to its proprietary software and trade secrets. No parties seek to seal the other highlighted portions. | GRANTED as to the highlighted positions on pages 5, 7, 8, and 14; and DENIED as to remainder. |
| Exhibit 1 to the Declaration of John R. Black, Jr. ISO Arista's Response to Cisco's Submission re Protectable Elements | Paragraphs 13, 23, 35, 59, 76, 78, 80, 84, 85, 98, 99, 100 and footnote 11 contain Cisco's confidential information relating to Cisco's product development and source code. Cisco does not seek to seal other portions of this exhibit. | GRANTED as to Paragraphs 13, 23, 35, 59, 76, 78, 80, 84, 85, 98, 99, 100 and footnote 11; and DENIED as to remainder. |
| Exhibit 7 to the Declaration of Ryan Wong ISO Arista's Response to Cisco's Submission re Protectable Elements ("Wong Decl.") (Excerpts from Deposition of Philip Kasten (Juniper 30(b)(6))) | This exhibit contains Juniper Networks, Inc.'s confidential information relating to its proprietary software and trade secrets. | GRANTED. |
| Exhibit 8 to the Wong Decl. (Excerpts from Deposition of Gavin Cato (Dell 30(b)(6))) | Third-party Dell has not submitted a declaration in support of sealing this exhibit. | DENIED. |

| Exhibit 9 to the Wong Decl. (Excerpts from Deposition of Balaji Venkatraman (HP 30(b)(6))) | Third-party HP Enterprise has not submitted a declaration in support of sealing this exhibit. | DENIED. |
|---|---|---|
| Exhibit 11 to the Wong Decl. (Excerpts from Deposition of Tong Liu) | Pages 167-172 contain Cisco's confidential information relating to product development and architecture. Cisco does not seek to seal other portions of this exhibit. | GRANTED as to pages 167-172; and DENIED as to remainder. |
| Exhibit 12 to Wong Decl. (Excerpts from September 16, 2016 Deposition of Kirk Lougheed) | Pages 506, 583-584, 587-588, and 626 contain Cisco's confidential information relating to product development and architecture. Cisco does not seek to seal other portions of this exhibit. | GRANTED as to pages 506, 583-584, 587-588, and 626; and DENIED as to remainder. |

### B.     ECF 592

| Identification of Documents to be Sealed | Description of Documents | Court's Order |
|---|---|---|
| The Court's Order on *Daubert* Motions | Arista seeks to seal the following portions – page 18, line 21, beginning with the percentage figure, through page 19 line 1; page 19, line 6: the percentage figure; Page 19, line 10: the percentage figure; page 19, line 14: the percentage figure; page 19, line 27, beginning with the percentage figure, through page 19 line 28; page 20, line 2: the percentage figure; page 20, line 9: the percentage figure, which contain confidential information relating to Arista's finances and competitive intelligence. | GRANTED. |

## III.   ORDER

For the foregoing reasons, the Court GRANTS IN PART and DENIED IN PART the sealing motion at ECF 584, and the Court GRANTS the sealing motion at ECF 592.  Under Civil Local Rule 79-5(e)(2), for any request that has been denied because the party designating a

document as confidential or subject to a protective order has not provided sufficient reasons to seal, the submitting party must file the unredacted (or lesser redacted) documents into the public record no earlier than 4 days and no later than 10 days form the filing of this order.  With respect to the motion at ECF 592, Arista is ordered to file a redacted version of the Court's *Daubert* order within 10 days from the filing of this order.


       **IT IS SO ORDERED.**


Dated: October 27, 2016

BETH LABSON FREEMAN
United States District Judge

4