Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

David Nelson (*admitted pro hac vice*)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
500 W Madison St, Suite 2450
Chicago, IL 60661
Telephone: (312) 705-7465
Facsimile: (312) 705 7401

[Additional counsel listed on signature page]

ATTORNEYS FOR PLAINTIFF CISCO
SYSTEMS, INC.

KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
BRIAN L. FERRALL - # 160847
bferrall@kvn.com
DAVID SILBERT - # 173128
dsilbert@kvn.com
MICHAEL S. KWUN - # 198945
mkwun@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

ATTORNEYS FOR DEFENDANT ARISTA
NETWORKS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ARISTA NETWORKS, INC.,<br><br>Defendant. | CASE NO. 5:14-cv-5344-BLF<br><br>**JOINT SUBMISSION RE ANALYTIC DISSECTION CATEGORIES SUITABLE FOR DECISION WITHOUT EVIDENTIARY HEARING**<br><br>Judge:     Hon. Beth Labson Freeman<br><br>Date Filed: December 5, 2014<br><br>Trial Date: November 21, 2016 |

As the Court directed in chambers on September 9, 2016, Plaintiff Cisco Systems, Inc. ("Cisco") and Defendant Arista Networks, Inc. ("Arista") respectfully submit this listing of analytic dissection issues that the parties believe the Court can decide based on written submissions accompanied by declarations, without an evidentiary hearing. The parties have met and conferred on these issues as the Court directed. Section I below lists the issues that both parties agree the Court can decide without an evidentiary hearing. Section II lists additional issues identified by Arista. Section III lists additional issues identified by Cisco.

For ease of reference, this pleading refers to the issues identified in Arista's Response to Cisco's Submission Re Protectable Elements, ECF 585.

## I. ISSUES THAT THE PARTIES AGREE THE COURT CAN DECIDE WITHOUT AN EVIDENTIARY HEARING

The parties agree that the Court can decide the following issues without an evidentiary hearing:

1. Item III.A.1. in ECF 585—Pre-existing industry terminology.
2. Item III.A.3 in ECF 585—Unprotectable words and short phrases.
3. Item III.A.4 in ECF 585—Conventional command syntax that Cisco copied from other sources.
4. Item III.A.6 in ECF 585—Any purported selection or arrangement of commands that is not grounded in Cisco's actual works or that Cisco did not disclose in discovery.
5. Item III.B. in ECF 585—Unprotectable Aspects of the Asserted Hierarchies
6. Item III.C. in ECF 585—Unprotectable Aspects of the Asserted Modes and Prompts
7. Item III.D. in ECF 585—Unprotectable Aspects of the Asserted Command Responses (excluding "elements dictated by external constraints").
8. Item III.E. in ECF 585—Unprotectable Aspects of the Asserted Help Descriptions (excluding "elements dictated by external constraints").
9. Item III.F. in ECF 585—Unprotectable Aspects of the Asserted Manuals.

## II. ADDITIONAL ISSUES IDENTIFIED BY ARISTA

Arista believes that the Court can also decide the following two issues without an evidentiary hearing:

1. Item II in ECF 585—Identification of Cisco's Asserted Works.
2. Item IV in ECF 585—Scope of Copyright Protection

Arista has not seen the "declarations" Cisco intends to submit on these issues and the issues listed in the previous section. To the extent that the Court concludes that evidence submitted by declaration raises factual questions about any issue that cannot be resolved based upon documentary evidence, or that credibility of witnesses is relevant to resolve any of the issues, Arista submits that the Court should hear live testimony and cross-examination before resolving such issue(s).

## III. ADDITIONAL ISSUES IDENTIFIED BY CISCO

Cisco believes that the Court can also decide the following issues without an evidentiary hearing:

1. All issues in Item III.A – F in ECF585, including:
   a. Item III.A.2 in ECF 585—Elements dictated by external constraints.
   b. Item III.A.5 in ECF 585—"Commands" that are not accepted by any Cisco or Arista switch.[1]
   c. Item III.D. in ECF 585—Unprotectable Aspects of the Asserted Command Responses (including "elements dictated by external constraints").
   d. Item III.E. in ECF 585—Unprotectable Aspects of the Asserted Help Descriptions (including "elements dictated by external constraints").

Cisco believes that the following issues are not issues specific to analytic dissection, and

---

[1] Cisco's pending Motion *In Limine* No. 4: Cisco's Motion To Exclude Untimely Disclosed Non-Infringement Theory, ECF No. 535, seeks to exclude Arista's reliance on this theory of non-infringement. Should the Court grant Cisco's motion, Item III.A.5 in ECF 585 will be moot as excluded; to the extent Cisco's motion is denied in whole or in part, Cisco believes the Court can decide any remainder of Item III.A.5 without an evidentiary hearing.

1  thus are not appropriate for resolution on the parties' forthcoming submissions or at an evidentiary
2  hearing addressing analytic dissection.  However, because Arista raised these issues in its
3  Submission Re Protectable Elements, ECF 585, Cisco will address them in its forthcoming
4  submission:

5      1.    Item II in ECF 585—Identification of Cisco's Asserted Works.
6      2.    Item III.G in ECF 585—Additional Unprotectable Aspects of the Asserted Works
7      (to the extent it does not overlap with issues raised in Item III.A – F).
8      3.    Item IV in ECF 585—Scope of Copyright Protection.

| | |
|---|---|
| Dated: October 31, 2016 | Respectfully submitted, |
| | */s/* Sean S. Pak |
| | |
| | Kathleen Sullivan (SBN 242261) |
| | kathleensullivan@quinnemanuel.com |
| | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| | 51 Madison Avenue, 22nd Floor |
| | New York, NY 10010 |
| | Telephone: (212) 849-7000 |
| | Facsimile: (212) 849-7100 |
| | |
| | Sean S. Pak (SBN 219032) |
| | seanpak@quinnemanuel.com |
| | Amy H. Candido (SBN 237829) |
| | amycandido@quinnemanuel.com |
| | John M. Neukom (SBN 275887) |
| | johnneukom@quinnemanuel.com. |
| | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| | 50 California Street, 22nd Floor |
| | San Francisco, CA 94111 |
| | Telephone: (415) 875-6600 |
| | Facsimile: (415) 875-6700 |
| | |
| | Steven Cherny (*admitted pro hac vice*) |
| | steven.cherny@kirkland.com |
| | KIRKLAND & ELLIS LLP |
| | 601 Lexington Avenue |
| | New York, New York 10022 |
| | Telephone: (212) 446-4800 |
| | Facsimile: (212) 446-4900 |
| | |
| | Adam R. Alper (SBN 196834) |
| | adam.alper@kirkland.com |
| | KIRKLAND & ELLIS LLP |
| | 555 California Street |
| | San Francisco, California  94104 |
| | Telephone: (415) 439-1400 |
| | Facsimile: (415) 439-1500 |
| | |
| | Michael W. De Vries (SBN 211001) |
| | michael.devries@kirkland.com |
| | KIRKLAND & ELLIS LLP |
| | 333 South Hope Street |
| | Los Angeles, California 90071 |
| | Telephone: (213) 680-8400 |
| | Facsimile: (213) 680-8500 |
| | |
| | *Attorneys for Plaintiff Cisco Systems, Inc.* |

DATED: October 31, 2016  Respectfully submitted,

/s/ Brian L. Ferrall

KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
BRIAN L. FERRALL - # 160847
bferrall@kvn.com
DAVID J. SILBERT - # 173128
dsilbert@kvn.com
MICHAEL S. KWUN - # 198945
mkwun@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

*Attorneys for Defendant Arista Networks, Inc.*

### ATTORNEY ATTESTATION

I hereby attest, pursuant to Local Rule 5-1(i)(3), that the concurrence in the filing of this document has been obtained from the signatory indicated by the "conformed" signature (/s/) of Sean S. Pak within this e-filed document.

/s/    Brian L. Ferrall