# ATTACHMENT 1

KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
BRIAN L. FERRALL - # 160847
DAVID SILBERT - # 173128
MICHAEL S. KWUN - #198945
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   (415) 391-5400
Email:  rvannest@kvn.com;
bferrall@kvn.com; dsilbert@kvn.com;
mkwun@kvn.com

SUSAN CREIGHTON, SBN 135528
SCOTT A. SHER, SBN 190053
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C., 20006-3817
Telephone:  (202) 973-8800
Email:  screighton@wsgr.com;
ssher@wsgr.com

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>ARISTA NETWORKS, INC.,<br><br>          Defendant. | Case No. 5:14-cv-05344-BLF (NC)<br><br>**ARISTA'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING DOCUMENTS LABELED AS "CONFIDENTIAL" TO CISCO**<br><br>Date:         November 3, 2016<br>Time:         1:30 p.m.<br>Judge:        Hon. Beth Labson Freeman<br><br>Date Filed:  December 5, 2014<br><br>Trial Date:  November 21, 2016 |

**DOCUMENT SOUGHT TO BE SEALED**

DEFENDANT ARISTA NETWORKS INC.'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE
AND ARGUMENT REGARDING DOCUMENTS LABELED AS "CONFIDENTIAL" TO CISCO
CASE NO. 5:14-CV-05344-BLF (NC)

1114766

**MOTION AND RELIEF REQUESTED**

Under Federal Rules of Evidence 401, 402, and 403, as well as case law interpreting those rules, Defendant Arista Networks, Inc. ("Arista") moves the Court for an order excluding *in limine* all evidence and argument during the jury trial suggesting that Arista improperly obtained or possessed documents labeled "Cisco Confidential" (or with a similar designation), and to exclude any such documents unless relevant to some other issue to be decided at trial. This motion *in limine* is based on the following points and authorities, the accompanying Declaration of Ryan Wong ("Wong Decl."), any exhibits cited below, the entire record in this matter, and on evidence and arguments that may be presented at the hearing on this motion.

**ARGUMENT**

Cisco should not be permitted to unfairly prejudice the jury and waste the Court's and the jury's time by introducing irrelevant evidence and argument regarding documents produced by Arista in this litigation that are labeled "Cisco Confidential" (or with a similar designation). Cisco's inclusion of several such documents on its exhibit list suggests it hopes to argue to the jury that Arista improperly obtained or used Cisco trade secrets. In reality, documents labeled "Cisco Confidential" are often publicly available on websites or distributed broadly by Cisco to persons who are under no obligation to keep them confidential. More importantly, there are **no claims** of trade-secret misappropriation in this case, nor is there any allegation that the "copying" asserted as part of the copyright claim required access to confidential Cisco material. Therefore, there is no legitimate purpose for introducing this evidence or presenting it to the jury. And once introduced, Arista will be required to respond in kind by not only explaining the provenance of the documents, but also by proving that ████████████████████████████████ ████████████████████████████████ This irrelevant and prejudicial sideshow will consume precious trial time and distract the jury from deciding the actual claims in dispute.

Cisco included in its trial exhibit list a number of documents that Arista produced in discovery that bear "Cisco Confidential" or "Cisco Highly Confidential" labels, but whose contents are clearly not relevant to any of Cisco's patent and copyright infringement claims or Arista's defenses. These documents include:

1

- **TX00179** – Cisco presentation on Open Cloud Architecture
- **TX00325** – Cisco presentation on High Speed Ethernet (40GbE and 100GbE) standards
- **TX00656, TX04581** – Cisco presentation on Application Centric Infrastructure ("ACI")
- **TX03480** – "Jawbreaker" architecture article written by Kanekar, *et al*.
- **TX04542, TX04543** – Cisco Two Tier Nonexclusive Distributor Agreements
- **TX04544** – Cisco presentation on IP over DWDM
- **TX04548** – Cisco presentation on Virtual Networking and Security
- **TX04556, TX04577** – Cisco presentations on "LISP"
- **TX04560** – Cisco Systems Integrator Agreement
- **TX00324, TX03627, TX03741, TX04552, TX04571, TX04706** – Cisco presentations and documents regarding Arista competitive initiatives
- **TX04572** – Cisco presentation summarizing Cisco's patent and copyright allegations
- **TX04579** – Cisco presentation on HP Warranty Services
- **TX04686** – Cisco presentation on "Matterhorn" project
- **TX04698** – Cisco engineer Robert Ruszuk's presentation to the IETF
- **TX04743** – Cisco presentation regarding its Catalyst product line
- **TX00180, TX00218, TX00383, TX00542A, TX03112, TX03472, TX03478A, TX03481A, TX03482A, TX03486A, TX04550, TX04553, TX04555, TX04557, TX04558, TX04559, TX04564, TX04565, TX04574, TX04575, TX04576, TX04578, TX04580, TX 4744** – Cisco presentations regarding its Nexus product line[1]

*See* Wong Decl. Ex. A (Pages from Cisco Corrected Trial Exhibit List).  A small sampling of these trial exhibits are being submitted herewith for the Court's consideration.  *Id.* at Exs. V–X.[2]

There can be no dispute that insinuation and innuendo about possessing "Cisco Confidential" documents has no bearing on any claim or defense in this litigation.  There are ***no***

---

[1] Due to potential errors in character recognition and the ongoing process of reviewing Cisco's proposed exhibits, there may be additional exhibits produced by Arista that bear "Cisco Confidential" and "Cisco Highly Confidential" labeling that are not listed here.  Arista intends for those exhibits to be covered by this motion *in limine*, and to the extent Cisco attempts to introduce such an exhibit at trial, Arista reserves all rights to raise these objections at that time.

[2] At the Court's request, Arista can and will submit all of these exhibits for review.

allegations or claims in this litigation that Arista misappropriated any confidential or trade secret information from Cisco, whether from these particular documents or from any other source. Nor has any of these documents ever been disclosed or cited by Cisco as the source of its claimed copyright, as a source of "copying," as a basis for damage calculations, or as evidence of alleged patent infringement.

Cisco's only purpose in highlighting the Cisco confidential designation on any of the above-listed documents is an improper one—to tarnish Arista by suggesting to the jury that Arista employees obtained these "Cisco Confidential" documents through illicit means, and therefore should be found liable for the patent and copyright claims at issue because of that alleged misconduct. That is precisely the type of unfair prejudice that Rule 403 is designed to protect against. *See Coursen v. A.H. Robins Co.*, 764 F.2d 1329, 1335 (9th Cir. 1985) (upholding exclusion of prejudicial evidence under Rule 403 where "[t]he overwhelming thrust of th[e] evidence was to have the jury believe that because defendant lied about [a collateral matter], it lied about the safety of the [accused] device as well" and finding that "prejudice and confusion would be generated by innuendos of collateral misconduct"), *opinion corrected*, 773 F.2d 1049 (9th Cir. 1985); *see also Old Chief v. United States*, 519 U.S. 172, 180 (1997) (Rule 403 is meant to prevent "generalizing" a collateral "bad act into bad character and taking that as raising the odds" that the defendant is liable for the accused misconduct). For the same reasons underlying the Ninth Circuit's decision in *Coursen*, Cisco should be barred under Rules 401, 402, and 403 from using or referring to these documents to suggest any misconduct relating to Arista's possession of them. *See* FED. R. EVID. 401–403; *see also United States v. Gonzalez-Flores*, 418 F.3d 1093, 1098 (9th Cir. 2005) ("'Where the evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury.'") (citation omitted).

Furthermore, it would be confusing and an inefficient use of the Court's and the jury's time to inject this evidence and arguments into the case given the amount of trial time that Arista would have to devote to mitigate the prejudice upon the jury. *First*, Arista would have to explain through its witnesses and Cisco's witnesses that these types of documents are often obtained

1  through routine business channels (*e.g.*, obtained from the public Internet or given to Arista by
2  customers under no obligation to keep them confidential). *See, e.g.*, Wong Decl. Ex. Y (Drew
3  Pletcher Deposition Transcript) at 93:17–94:4 ███████████████████████████████████
4  ███████████████████████████████████████████████████████ *Second*, Cisco
5  will have opened the door to Arista presenting evidence that ████████████████████
6  ████████████████████████████████████████████████████████████████
7  ████████████████████████████████████████████████████████████████
8  ████████████████████████████████████████████████████████████████
9  ████████████████████████████████████████████████████████
10 ██████████████████████████s. *Id. at*. Ex. Z (Deepak Malik Deposition Transcript) at
11 192:5–194:1); *see also id.* at Ex. Y (Pletcher Dep. Tr.) at 93:15–95:6 ██████████████
12 ████████████████████████████████████████████████████████████
13         There is no place for such a sideshow in this trial, which is already complex enough.
14 Arista, however, will be forced to put on a substantial amount of additional evidence and
15 argument to try to mitigate the undue prejudice under Rule 403 if Cisco is permitted to argue to
16 the jury that Arista acquired any of the above-listed trial exhibits through improper channels. *See*
17 *Hodge v. Mayer Unified Sch. Dist. No. 43 Governing Bd.*, No. 05-15577, 2007 WL 1112954, at
18 *1 (9th Cir. Apr. 13, 2007) (affirming exclusion of alleged collateral misconduct under "Rule 403
19 due to the risks of inefficiency and confusion stemming from the potential need to conduct mini-
20 trials" on each collateral act).
21         While the Court need *not* determine now whether these documents may have some
22 relevance to other issues that are the proper subject of the jury trial, Arista does not believe they
23 contain any such relevant information, or to the extent they do contain arguably relevant
24 information, such information is certainly not uniquely found in these specific documents. As
25 noted, none are cited by Cisco as evidence in support of any of its contentions. Many of the
26 documents are Cisco promotional presentations that discuss Cisco's Nexus and Catalyst lines of
27 Ethernet switches, and do not contain any unique information about the accused CLI command
28 modes, prompts, hierarchies, commands, command outputs, help descriptions, or user

1  documentation underlying Cisco's copyright infringement claims.  Nor do they touch upon the
2  specific "generic command" and "parse tree" behavior underlying the asserted '526 patent claims,
3  or any other functionality of the parser.  Arista will object on relevance grounds (among others) to
4  the admission of these exhibits, but the Court can defer that ultimate decision until trial.

5        If the Court later determines that one of the above-listed documents are relevant to some
6  other issue to be decided at trial, the Court should not allow Cisco to argue that Arista acquired
7  the document through improper channels, as any purported relevance asserted by Cisco would be
8  far outweighed by the prejudice to Arista.  Moreover, before admitting any of these documents,
9  the Court should—at a minimum—require that any "Cisco Confidential" or "Cisco Highly
10 Confidential" label be redacted from the trial exhibit to avoid any taint of prejudice to Arista from
11 the jury seeing and drawing impermissible inferences from those labels.  The Court should also
12 bar Cisco from suggesting, or eliciting testimony suggesting, any misconduct relating to Arista's
13 possession or acquisition of such documents.  Arista would then correspondingly consent to
14 redacting "Arista Confidential" or "Arista Highly Confidential" labels from any document
15 produced from Cisco's files if those documents are used at trial, and avoid any suggestion of
16 misconduct related to Cisco's possession or acquisition of such documents.

## CONCLUSION

18       For the foregoing reasons, the Court should grant Arista's motion to exclude all evidence
19 and argument suggesting that Arista obtained documents labeled "Cisco Confidential" (or with a
20 similar designation) by improper means.  If any such documents are found (at the time Cisco
21 attempts to introduce them at trial) to be relevant to some other trial issue and admissible, the
22 Court should require that any "Cisco Confidential" or similar label be redacted completely from
23 those documents to avoid any undue prejudice to Arista.

Dated: September 16, 2016

KEKER & VAN NEST LLP

WILSON SONSINI GOODRICH & ROSATI

By: */s/ Robert A. Van Nest*
ROBERT A. VAN NEST

Attorneys for Defendant
ARISTA NETWORKS, INC.