# ATTACHMENT 5

KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
BRIAN L. FERRALL - # 160847
DAVID SILBERT - # 173128
MICHAEL S. KWUN - #198945
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   (415) 391-5400
Email:  rvannest@kvn.com;
bferrall@kvn.com; dsilbert@kvn.com;
mkwun@kvn.com

SUSAN CREIGHTON, SBN 135528
SCOTT A. SHER, SBN 190053
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C., 20006-3817
Telephone: (202) 973-8800
Email: screighton@wsgr.com;
ssher@wsgr.com

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>              Plaintiff,<br><br>       v.<br><br>ARISTA NETWORKS, INC.,<br><br>              Defendant. | Case No. 5:14-cv-05344-BLF (NC)<br><br>**ARISTA'S OPPOSITION TO CISCO'S MOTION IN LIMINE NO. 1**<br><br>Judge:       Hon. Beth Labson Freeman<br><br>Date Filed: December 5, 2014<br><br>Trial Date: November 21, 2016 |

## I. INTRODUCTION

Cisco's Motion *In Limine* No. 1 seeks to exclude "any evidence or argument before the jury related to Arista's equitable defenses that are to be decided by the Court" (ECF 532 at 1), but the evidence that Cisco targets (to the extent Cisco identifies it) is properly admissible because it is highly relevant and probative on jury issues such as Arista's fair use defense and damages. Cisco relies on sweeping generalizations characterizing all evidence that may bear on equitable defenses as related *solely* to equitable issues—ignoring the evidence's relevance to other core issues that the jury must decide. The Court should not exclude critical evidence from the jury trial based on Cisco's blinkered view of the case.

The remainder of Cisco's motion is too broad and ill-defined to offer any useful guidance. The motion should be denied, and the Court should address any remaining concerns about specific evidence (which Cisco has largely failed to identify) if and when they arise at trial.

## II. ARGUMENT

### A. The evidence Cisco targets as related to "equitable defenses" is admissible because it is directly relevant to key jury questions, including fair use.

The few categories of evidence that Cisco identifies as purportedly relevant only to equitable defenses are actually relevant to core jury issues, and should not be excluded. In particular, Cisco claims that the following evidence relates only to equitable defenses: (1) evidence about Cisco's "'unreasonable delay' in bringing suit" (ECF 532 at 3:15-16); (2) evidence about Cisco's own "use of other vendor's CLI commands in its network orchestration products" (*id.* at 3:16-17); and (3) "the creation of Cisco's original router product by Mr. Lougheed" (*id.* at 4:15). All of these facts are relevant to core jury questions, including fair use, damages, and witness credibility.

Fair use requires a careful "case-by-case determination whether a particular use is fair." *See* MSJ Order (ECF 482) at 8-9 (citing *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 549, 560 (1985); *Wall Data Inc. v. Los Angeles Cnty. Sheriff's Dept.*, 447 F.3d 769, 778 (9th Cir. 2006)). It demands a fact-intensive, flexible inquiry, and the statutory factors are expressly non-exclusive because fair use is ultimately an "equitable rule of reason" that allows

the jury to consider a range of evidence so long as it is relevant to the fairness of a particular use. *See Sega Enter. v. Accolade, Inc.*, 977 F.2d 1510, 1522 (9th Cir. 1991) (quoting *Harper & Row*, 471 U.S. at 560); MSJ Order at 8 (citing 17 U.S.C. § 107 re fair use). This flexibility helps ensure that the fair use exception serves the public policy goals of the Copyright Act—"stimulat[ing] artistic creativity for the general public good," *Sega*, 977 F.2d at 1527 (quotation omitted)—and can adapt to "accommodate new technological innovations." *Atari Games Corp. v. Nintendo of Am. Inc.*, 975 F.2d 832, 843 (Fed. Cir. 1992). For example, as the Court has already recognized on summary judgment, under Ninth Circuit law "fair use is appropriate where a 'reasonable copyright owner' would have consented to the use, i.e., where the 'custom or public policy' at the time would have defined the use as reasonable." *Wall Data,* 447 F.3d at 778 (quoting Subcomm. on Patents, Trademarks & Copyrights of the Sen. Comm. on the Judiciary, 86th Cong., 2d Sess.); MSJ Order (ECF 482) at 8:21–22.

The fact that for over a decade most networking companies openly used and promoted an "industry standard" or "Cisco-like" CLI, with hundreds or thousands of overlapping commands, and that Cisco knew this and, instead of protesting, itself repeatedly touted the CLI as "industry standard," is highly relevant to proving that a "reasonable copyright owner" would have consented to the use, and that the "'custom or public policy' at the time would have defined [it] as reasonable." *Id.* Those facts suggest that even Cisco thought that Arista's (and many others') use was fair, and keeping them from the jury would distort the record and severely prejudice Arista.

Cisco's prolonged acquiescence to widespread industry emulation of the "industry standard CLI" also undermines Cisco's damages claim, and its claim that Arista's use caused it market harm (the fourth statutory fair use factor). Cisco now wants to tell the jury that Cisco's losses and Arista's gains were caused by copying CLI commands, but Cisco's actions show otherwise. For years Cisco fretted about Arista's superior technology and how it caused Cisco to lose sales, while it not only tolerated but encouraged adherence to the "industry standard" CLI. A jury can and should consider those facts when assessing Cisco's damages causation argument.

Similarly, evidence of Cisco's own "use of other vendor's CLI commands in its network orchestration products" (ECF 532 at 3:16-17) is relevant to prove that Arista's use was fair, for all

2

the same reasons. The fact that Cisco used other vendors' CLI commands in its products helps prove that the networking industry understood that vendors' CLI commands were not proprietary and that it was reasonable and customary for others to use them. It also shows that CLI commands were not the heart of any vendor's work, and that the industry had a policy of accepting cross-vendor use of commands as a reasonable practice that did not cause market harm.

Finally, the circumstances of Kirk Lougheed's purported authoring of source code and CLI elements during his pre-Cisco employment at Stanford is plainly relevant. First, if Cisco intends to assert CLI commands, modes, hierarchies, and other features that date back to Mr. Lougheed's work at Stanford, plainly Arista must be able to fill in the context of his work there and subsequent joining of Cisco. Second, his use of others' engineering work at Stanford and his decision to take that Stanford-developed software to Cisco, without Stanford's permission, is independently relevant to fair use as it is probative of industry custom and practice concerning the treatment and the relative insignificance of the CLI elements. Mr. Lougheed's history of taking the Stanford code to Cisco is also relevant to his credibility and any claim he may make about his creativity, and to rebut any claim Cisco is likely to make about the respect it has for others' intellectual property.

**B.   Cisco's motion is incurably overbroad and vague, ignores the overlap of evidence on equitable and legal issues, and offers no useful guidance for trial.**

Cisco's motion seeks to exclude all evidence that relates to "equitable defenses," including "unclean hands, waiver, equitable estoppel or misuse." ECF 532 at 1. However, except for the few examples addressed above, Cisco offers no details of what evidence and argument it claims should be excluded.

Cisco claims that Arista is "intent on spending a large amount of its trial time" on matters solely for the court to decide (*id*. at 3), but bases this claim merely on the fact that Arista lists equitable defenses among the topics on which various witnesses and documents will be offered.[1] Cisco points to a number of references to equitable issues in Arista's witness and exhibit lists (*id*.

---

[1] The Court's use of time limits at trial will naturally limit any "sideshows" on irrelevant issues (*see* ECF 532 at 3)—especially given the huge complexity of Cisco's claims in this case.

3

ARISTA'S OPPOSITION TO CISCO'S MOTION IN LIMINE NO. 1
Case No. 5:14-cv-05344-BLF (NC)

1117710

at 1:20-26), claiming that numerous witnesses and documents list "the subject of testimony" or "the purpose" of documents as proving Arista's equitable defenses.  But Cisco fails to acknowledge that the witnesses cited are offered on multiple topics, including core jury issues such as fair use.  For example, while Cisco claims that witness Michael Volpi is designated "primarily" on equitable issues, in fact Mr. Volpi is designated on two major legal issues as well: fair use and damages.  *See* Cisco Decl. Ex. 1 (ECF 539-1) at 3.  Indeed, ***no*** witness on Arista's list is offered solely on equitable defenses.  *Id.* (witness list).  Cisco offers no legitimate basis to exclude any witness's testimony, or any specific portion of testimony, and Cisco's generalized motion is too broad to offer any useful guidance at trial.

The same is true for documents: Cisco does not challenge any specific documents as offered solely on equitable defenses, but simply points to the number of documents Arista has listed as relevant to equitable defenses.  *See* ECF 532 at 1-2.  Cisco makes no attempt to prove that the documents are relevant ***only*** to those defenses, however—and ignores Arista's designations of documents as relevant to fair use, damages, non-infringement, and so forth.  Cisco should not be permitted to exclude these documents *en masse* with no individual analysis, or to force the Court or Arista do its work for it by examining or justifying the possible admission at trial of a large volume of documents that Cisco has failed to address in any useful level of detail.

Cisco also claims in passing that evidence related to estoppel and copyright misuse should be excluded from trial because "Arista's pretrial disclosures do not provide Cisco notice of all the testimony and theories Arista seeks to introduce at trial."  *Id.* at 2:22-26.  But Cisco fails to explain what specific evidence should be excluded on this basis, and the only legal argument Cisco makes is that equitable issues should go to the court, not the jury.[2]  To the extent this claim about non-disclosure is intended as a separate substantive argument, it also fails.  In fact, Cisco's motion makes clear that Arista did disclose the challenged bases for its defenses.  Cisco seeks to exclude evidence that it claims was not adequately disclosed in Arista's discovery responses— which it defines as evidence "based on the contentions disclosed" in those same responses.  *Id.* at

---

[2] In fact, copyright misuse may go to the jury.  *See Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1160 (9th Cir. 2011) (discussing misuse jury verdict); 4 Patry on Copyright § 10A:1.

4
ARISTA'S OPPOSITION TO CISCO'S MOTION IN LIMINE NO. 1
Case No. 5:14-cv-05344-BLF (NC)

1117710

2. This argument is circular and self-defeating: any theory or evidence that was described in Arista's disclosures (which Cisco uses to define what it seeks to exclude) cannot possibly be barred for failure to disclose, because by definition Arista did disclose it.

Cisco's motion is also premature because neither the Court nor the parties can evaluate now the relevance of any possible testimony by one of dozens of potential witnesses or any particular document (out of the many potential exhibits) without the context that trial will provide. The Court should deny Cisco's motion and simply consider any specific objections Cisco may have to particular evidence as those objections arise in the course of trial, when the nature of the disputed evidence will be clear and the proper context will be available to evaluate it. *See, e.g., Prime Media Group, LLC v. Acer Am. Corp.*, No. 12-cv-05020-BLF, 2015 WL 452192, *6-7 (N.D. Cal. Jan. 22, 2015) (denying portion of MIL based on "preemptively speculating" about what evidence would be offered, which could be "more effectively addressed at trial").

### C. The evidence Cisco targets here should not be excluded under FRE 403 because it is strongly probative of Arista's fair use defense and other jury issues, and admitting it would not prejudice Cisco.

Cisco's argument that the undefined evidence targeted here should all be excluded under FRE 403 also fails because it depends on the false premise that the evidence is "relevant only to equitable defenses" and thus might "confuse the jury" or suggest a decision "on an improper basis." ECF 532 at 4. Because Arista has shown that evidence regarding Cisco's long period of acquiescence is relevant to other issues, Cisco's Rule 403 argument fails. And because Cisco has not even identified other specific evidence, it is impossible for the Court even to conduct a Rule 403 analysis.

## III. CONCLUSION

For the foregoing reasons, the Court should deny Cisco's Motion *in limine* No. 1 in its entirety.

|    |    |
|----|----|
| 1  | Respectfully submitted, |
| 2  |    |
| 3  | Dated: October 7, 2016   KEKER & VAN NEST LLP |

By: */s/ Robert A. Van Nest*
ROBERT A. VAN NEST

Attorney for Defendant
ARISTA NETWORKS, INC.