# ATTACHMENT 3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CISCO SYSTEMS, INC.,

Plaintiff,

vs. No. 5:14-cv-05344-BLF

ARISTA NETWORKS, INC., (PSG)

Defendant.

_____________________________________________

HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY

VIDEOTAPED DEPOSITION OF DELL INC. 30(b)(6)

CORPORATE REPRESENTATIVE - GAVIN CATO

Palo Alto, California

Friday, May 20, 2016

Volume I

REPORTED BY:

REBECCA L. ROMANO, RPR, CSR No. 12546

JOB NO. 2303539

PAGES 1 - 124

GAVIN CATO, 10:08:35
having been administered an oath, was examined and testified as follows:

EXAMINATION 10:08:35
BY MS. McCLOSKEY:
Q. Mr. Cato, we met briefly off the record, but my name is Elizabeth McCloskey, and I'll be asking you some questions today.
We represent the defendant, 10:08:41 Arista Networks, in this action.
A. Okay.
Q. Would you please state your name for the record.
A. Gavin Richard Cato. 10:08:47
Q. Where do you work?
A. Dell.
Q. And what is your title?
A. Vice president of development and engineering. 10:08:53
Q. Is this the same Dell that sells consumer desktop and laptop computers?
A. Yes.
Q. What other lines of business is Dell involved in? 10:09:04

Q. Okay. What do you mean by tribal knowledge? 10:53:17

A. Dell's networking teams are made up of a collection of folks with industry experience from a wide variety of places, and they come in looking at the solutions end to end and understanding how the -- the products need to -- to interoperate. 10:53:27

Q. So would you say -- say that Dell's networking teams rely on and use their industry experience in creating new CLI commands? 10:53:45

A. Yes.

Q. Do you know whether Dell engineers consult industry standards, such as those from the ITF or IEEE, when adding new CLI commands?

A. We do. 10:54:00

Q. Why?

A. But not --

Q. I'm sorry. Go ahead.

A. We do to make sure that we're consistent with industry; that is, defined hard industry standards, but we're also very knowledgeable about the fact that there are -- there are customer-driven expectations and standards that emerge through informal means. 10:54:06

Q. So would it be accurate to say that Dell 10:54:23

considers both industry standards and customer expectations in coming up with new CLI commands? 10:54:26

A. Yes.

Q. Is there anything I'm missing there? Anything else that you would say, generally, is considered or consulted in coming up with a new CLI command? 10:54:36

A. Consistency of the product solution sets, because of the fact that we OEM and we use third-party products in solutions. 10:54:51

Q. Okay. How does Dell -- you referred to customer expectations.

How does Dell ensure that its CLI commands meet customer expectations; for example, if Dell is going to add new functionality that will require the addition of new CLI commands, is there a process for ensuring that those commands meet customer expectations? 10:55:15

MR. HOLMES: Objection. Vague.

THE DEPONENT: The -- the -- the PLM team or the business product line marketing team, or manage- -- primary management team will, at Dell, interface with the sales engineers, interface with the customers, and make requirements or provide requirements to the engineering team. 10:55:25 10:55:47

I declare under penalty of perjury under the laws that the foregoing is true and correct.

Executed on _________________ , 20___, at _____________, ___________________________.

_____________________________

GAVIN CATO

I, Rebecca L. Romano, a Certified Shorthand Reporter of the State of California, do hereby certify:

That the foregoing proceedings were taken before me at the time and place herein set forth; that any witnesses in the foregoing proceedings, prior to testifying, were administered an oath; that a record of the proceedings was made by me using machine shorthand which was thereafter transcribed under my direction; that the foregoing transcript is true record of the testimony given.

Further, that if the foregoing pertains to the original transcript of a deposition in a Federal Case, before completion of the proceedings, review of the transcript [ ] was [X] was not requested.

I further certify I am neither financially interested in the action nor a relative or employee of any attorney or any party to this action.

IN WITNESS WHEREOF, I have this date subscribed my name.

Dated: May 26, 2016

Rebecca L. Romano, RPR,

CSR. No 12546