# EXHIBIT C

Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Mark Tung (SBN 245782)
marktung@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven Cherny *(admitted pro hac vice)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ARISTA NETWORKS, INC.,<br><br>Defendant. | CASE NO. 5:14-cv-5344-BLF (NC)<br><br>**CISCO'S MOTION IN LIMINE NO. 3 TO EXCLUDE UNTIMELY DISCLOSED WITNESSES**<br><br>**UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**<br><br>Judge:   Hon. Beth Labson Freeman |

## I. INTRODUCTION

Cisco respectfully moves *in limine* under Fed. R. Civ. P. 26(e) to preclude Arista from reliance at trial on witnesses who were not timely disclosed to Cisco. Despite ample opportunity throughout more than a year of discovery, Arista waited until weeks ***after the close of fact discovery*** to disclose new fact witnesses along with its damages expert's rebuttal report. Arista delayed even further, until just two weeks ago, before disclosing an additional fact witness. None of these witnesses had been identified in Arista's responses to Cisco's interrogatories. None of them had their documents collected, and none of them have been deposed. Arista's undue delay in disclosing new witnesses prejudices Cisco, because Cisco cannot properly prepare to cross-examine these fact witnesses from Arista at trial. Therefore, pursuant to Federal Rules of Civil Procedure 26(a) and 37(c), the Court should preclude these witnesses from testifying at trial, and should likewise preclude Arista's experts from relying on conversations with these witnesses.

## II. LEGAL STANDARD

Rule 26 of the Federal Rules of Civil Procedure requires that initial disclosures must include "the name . . . of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). Upon learning its initial disclosures are incomplete or incorrect, parties must supplement their disclosures "in a timely manner." Fed. R. Civ. P. 26(e)(1)(A). "If a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Absent a showing that the failure was substantially justified or harmless, "[t]he [Rule 37] sanction is ***automatic and mandatory***." *Clear-View Techs., Inc. v. Rasnick*, No. 13-CV-02744-BLF, 2015 WL 3509384, at *2 (N.D. Cal. June 3, 2015) (Freeman, J.) (emphasis in original); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ("Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed.").

### III. RHONDA ANDREW SHOULD NOT BE PERMITTED TO TESTIFY AT TRIAL

On September 1, 2016, Arista, for the first time, informed Cisco that it intended to call Rhonda Andrew as a witness at trial, by including her on their trial witness list. A week later, on September 8, 2016, Arista informed Cisco that the subject matter of her testimony would be: "Publicly-found 'Cisco Confidential' documents. Chart re copyright presumptions; certified copies of copyright office records." Jenkins Decl., Exh. 1. Ms. Andrew was never disclosed in Arista's initial disclosures. As such, Arista failed to comply with Rule 26(a) and (e), and Ms. Andrew's testimony should be excluded unless Arista can show that its failure "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Arista cannot do so here.

Arista has not provided any justification for its untimely disclosure of Ms. Andrew, and Cisco does not know of any. Ms. Andrew is within Arista's control. The purported subject matter of her testimony relates to issues that have been a part of this case since its initial filing. Nor can Arista's late disclosure of Ms. Andrew be said to be harmless. Cisco had not heard of Ms. Andrew as a potential witness until September 1, 2016. She had not been disclosed as a person with relevant knowledge in any of Arista's responses to Cisco's interrogatories or in any depositions. Cisco has not had the opportunity to depose her or to review her custodial documents. Therefore, she should not be permitted to testify. *See Nortek Air Solutions, LLC v. Energy Lab Corp.*, 2016 U.S. Dist. LEXIS 92468, 11-12 (N.D. Cal. July 15, 2016) (witnesses disclosed on the last day of discovery were excluded from testifying because the opposing party did not have the opportunity to depose them or subpoena their documents.)

### IV. ANY EVIDENCE DERIVED FROM WITNESSES WHO WERE UNTIMELY DISCLOSED IN MS. ELSTEN'S REBUTTAL REPORT SHOULD BE EXCLUDED

In her rebuttal report, Arista's damages expert, Cate Elsten, relied on conversations with eighteen Arista employees who had not been previously disclosed to Cisco. Her rebuttal report was served on July 13, 2016, more than six weeks after the close of regular fact discovery and more than four weeks after the close of damages fact discovery. Because the disclosure of these witnesses occurred after the close of discovery, Cisco was not given the opportunity to depose these witnesses or to request their custodial documents. Cisco would be prejudiced were Ms.

1  Elsten to rely on her conversations with any of these witnesses, or if these witnesses were
2  permitted to testify at trial.  *See Nortek Air Solutions, LLC v. Energy Lab Corp.*, 2016 U.S. Dist.
3  LEXIS 92468, 11-12 (N.D. Cal. July 15, 2016) (witnesses disclosed on the last day of discovery
4  were excluded from testifying because the opposing party did not have the opportunity to depose
5  them or subpoena their documents.); *see also Icon-IP Pty Ltd. v. Specialized Bicycle Components,
6  Inc.*, No. 12-cv-03844-JST, 2015 WL 1476399, at *10 (N.D. Cal. Mar. 31, 2015) (expert
7  precluded from relying on conversations with witnesses when information was not disclosed until
8  after depositions took place).
9       Moreover, during discovery Arista designated Anshul Sadana, its Senior Vice President of
10 Customer Engineering, as its 30(b)(6) witness for topics related to lost profits.  *See* Jenkins Decl.
11 Exhs. 12 and 13.  In particular, Mr. Sadana was Arista's corporate designee for topics related to
12 communications with Arista's customers about Cisco including sales pitches, Arista's strategies
13 for competing with Cisco, the relevant market and Arista's market share, Arista's marketing, sales
14 and revenues for its products, customer preferences, consumer demand, Arista's business plans
15 and projections.  At his deposition, Mr. Sadana stated that he was fully prepared to testify on these
16 topics based on his work experience and that he had only spoken with two employees from
17 Arista's "finance team" and Arista's CEO to prepare for the deposition.  Jenkins Decl. Exh. 14 at
18 9:11-10:23.  Thus, in preparation for his 30(b)(6) deposition, Mr. Sadana ***did not speak with*** any
19 of the eighteen sales engineers that Ms. Elsten spoke with and relied on to form her lost profits
20 opinions.  Mr. Sadana's 30(b)(6) testimony is binding on Arista, and Arista cannot be permitted to
21 revise or supplement that testimony by having its expert rely on hearsay, off-the-record
22 conversations with Arista employees who were never even disclosed to Cisco.  *See San Francisco
23 Bay Area Rapid Transit Dist. v. Spencer*, 2006 U.S. Dist. LEXIS 73135 (N.D. Cal. Sept. 25, 2006)
24 ("The answers given by the person designated by the corporation in a Rule 30(b)(6) deposition are
25 binding on the corporation.")
26
27
28

### A. Testimony or Reliance on Conversations with Ariff Premji or Chris Summers Should Be Excluded

Arista first disclosed witnesses Ariff Premji and Chris Summers to Cisco when they were cited as two of the eighteen newly-disclosed sources in Ms. Elsten's Rebuttal Report, served six weeks after the close of regular fact discovery. Jenkins Decl. Exh. 8 at 50 and Appendix D at 27. On August 1, 2016, two weeks after Ms. Elsten's rebuttal report, Arista served its Sixth Supplemental Initial Disclosures, and, for the first time, added the names of Ariff Premji and Chris Summers. Jenkins Decl., Exh. 6. Then, on its trial witness list served September 8, 2016, Arista again disclosed these two names as witnesses Arista "may call" at trial. Jenkins Decl. Ex 1. Arista has presented no reason that it could not have disclosed these witnesses to Cisco earlier. As Cisco had no opportunity to depose these witnesses, or to review their documents, Cisco would clearly be prejudiced if they were allowed to testify, or if Ms. Elsten is permitted to rely on her conversations with them. *See Nortek Air Solutions, LLC v. Energy Lab Corp.*, 2016 U.S. Dist. LEXIS 92468, 11-12 (N.D. Cal. July 15, 2016). Therefore, the Court should exclude any testimony from these two witnesses at trial and should strike the portions of pages 50, 76 and Appendix D of Ms. Elsten's Rebuttal report and not allow Ms. Elsten to rely on conversations with these witnesses.

### B. Ms. Elsten Should Be Precluded From Relying on the 16 Other Arista Employees Who Were Not Timely Disclosed

In addition to the two witnesses discussed above, Ms. Elsten relied on conversations with sixteen previously undisclosed witnesses in forming the opinions in her rebuttal report: John Peach, Scott Geba, Vipul Chib, Narayanan Suryanarayanan, Chris Kane, Michael Francini, Stuart Munro, Yajian (YJ) Huang, Nick Ciarleglio, Ashwin Kohli, Jia Chen, Edmund Roche-Kelly, Kulin Shah, Amanda Wheaton, Ita Brennan, and Liz Stine. Jenkins Decl., Exh. 7, 8. Ms. Elsten should not be permitted to rely on the conversations with these witnesses, because they were not disclosed to Cisco, and Cisco did not have an opportunity to depose them or determine whether they possess information that is relevant to this case. *See Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-cv-03844-JST, 2015 WL 1476399, at *10 (N.D. Cal. Mar. 31, 2015)

1  (expert precluded from relying on conversations with witnesses when information was not
2  disclosed until after depositions took place).  Therefore, the Court should strike the portions of
3  Ms. Elsten's report that rely on the conversations with these untimely disclosed witnesses on
4  pages 21, 50, 67-73, 75-77, 89-90, and Appendix D.  The Court should also preclude Ms. Elsten
5  from testifying as to any conversation with those witnesses.

## V.   CONCLUSION

For the foregoing reasons, Cisco respectfully requests that the Court exclude the untimely disclosed theories, opinions and witnesses as described in this Motion.

Dated:  September 16, 2016

Respectfully submitted,

*/s/ John M. Neukom*

Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Mark Tung (SBN 245782)
marktung@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven Cherny *admitted pro hac vice)*
steven.cherny@kirkland.com

KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*