# EXHIBIT E

| | |
|---|---|
| Kathleen Sullivan (SBN 242261)<br>kathleensullivan@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100 | Steven Cherny *(admitted pro hac vice)*<br>steven.cherny@kirkland.com<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900 |
| Sean S. Pak (SBN 219032)<br>seanpak@quinnemanuel.com<br>Amy H. Candido (SBN 237829)<br>amycandido@quinnemanuel.com<br>John M. Neukom (SBN 275887)<br>johnneukom@quinnemanuel.com.<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700 | Adam R. Alper (SBN 196834)<br>adam.alper@kirkland.com<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, California 94104<br>Telephone: (415) 439-1400<br>Facsimile: (415) 439-1500<br><br>Michael W. De Vries (SBN 211001)<br>michael.devries@kirkland.com<br>KIRKLAND & ELLIS LLP<br>333 South Hope Street<br>Los Angeles, California 90071<br>Telephone: (213) 680-8400<br>Facsimile: (213) 680-8500 |
| Mark Tung (SBN 245782)<br>marktung@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100 | |

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>        Plaintiff,<br><br>vs.<br><br>ARISTA NETWORKS, INC.,<br><br>        Defendant. | CASE NO. 5:14-cv-5344-BLF (NC)<br><br>**MOTION *IN LIMINE* NO. 5: CISCO'S MOTION TO EXCLUDE TESTIMONY FROM TERRY EGER**<br><br>**UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**<br><br>Judge:   Hon. Beth Labson Freeman |

## I. INTRODUCTION

Cisco respectfully moves *in limine* to exclude the testimony of Mr. Terry Eger, whom Arista has listed as a trial witness on the topics "Knowledge relevant to Arista's estoppel, laches, fair use and misuse defenses. Development of IOS. Cisco's marketing and sales of its products." Jenkins Decl., Exh. 1. From 1988-1992, Mr. Eger was Cisco's Vice President of Sales, but he ended his four-year employment with Cisco almost a quarter of a century ago. Mr. Eger has no personal knowledge of any relevant facts, as he did not help to develop Cisco's copyrighted CLI user interface at issue in this case, nor take any actions while at Cisco relevant to Cisco's protection of its intellectual property. And he has no knowledge of the Cisco products involved in this case from his long-ago employment at Cisco. At his deposition, he disavowed any knowledge of the development of Cisco's copyrighted user interface, and any knowledge of Arista's user interface. Testimony from Mr. Eger would be irrelevant and unfairly prejudicial to Cisco, and would pose the serious risk of misleading the jury, Fed. Rs. Evid. 401, 402 & 403. Further, this Court has an additional basis to preclude the proposed testimony of Mr. Eger on two topics ("Development of IOS" and "Cisco's marketing and sales of its products") that Arista did not disclose until it submitted its witness list one week ago—long after the close of discovery. Admitting such testimony would violate Fed. R. Civ. P. 26(a).

## II. FACTUAL BACKGROUND

Mr. Eger worked for Cisco for only four years and left his position at Cisco more than twenty-four years ago. During his deposition, Mr. Eger repeatedly denied that he had any first-hand knowledge of any facts that are relevant to the claims or defenses of this case. Specifically, Mr. Eger was employed by Cisco from 1988-1992, during a time before "command line interface" or "CLI" even had a name. Jenkins Decl., Exh. 2 at 27:23-28:1. He was involved in the sale of Cisco's routers, which pre-dated the switches that are the focus of this litigation. *Id*. at 104:17-105:1. As Vice President of Sales, he had a surface-level understanding of Cisco's products available at the time. *Id*. at 25:22-26:22. He knew enough to speak with customers and understand the features and capabilities that they wanted in a product, but he was not then, and is not now, an engineer, and he did not design or develop any of Cisco's products. *Id*.

Importantly, during his deposition, Mr. Eger testified that he was not involved in the creation of, and did not have any knowledge of, Cisco's CLI, or any other CLI.  ("Q. Have you ever designed any type of command-line interface technology?  A. No." *Id.* at 27:12-14) ("***I never looked at anybody's interfaces.  I don't have a clue***." *Id.* at 106:15-16) (emphasis added) ("Q. [W]hile you were employed at Cisco . . . ***you don't have any factual knowledge of the specific CLI commands that were developed, right?  A. That's correct***.  Q. Okay.  That wasn't your responsibility.  A. That wasn't my responsibility, nor would I have had any interest." *Id*. at 93:23-94:7) (emphasis added).  He further testified that he had no knowledge of the development of Cisco's CLI user interface after he left Cisco.  *Id*. at 93:7-13.  When he was presented with a list of the multi-word commands that Cisco is asserting in this case, he testified that he didn't know how they were created. ("Q. So you know nothing about what the commands that are specifically in Exhibit 1 are? A. No. I don't know who created them . . . or whether they were copied or whether they were whatever.  I don't know." *Id*. at 73:23-74:3.)  He further testified that he never investigated how Cisco's CLI was created, *id.* at 74:4-6, and that he had never even seen any Cisco confidential documents related to its CLI.  *Id*. at  74:7-9.

Likewise, Mr. Eger does not have knowledge of any relevant facts about Arista's accused CLI user interface.  Mr. Eger testified at his deposition that he had never worked for Arista, had never even seen an Arista product, and that he did not know if Arista copied Cisco's CLI commands or screen outputs.  *Id*. at 29:1-5; 70:22-71:14.  Additionally, Mr. Eger has no knowledge of any facts that relate to the patent-in-suit.  Prior to the day of his depositions he had not even been aware that a patent was being asserted in the case.  *Id*. at 31:22-32:3.

Despite not knowing anything about Cisco's CLI or the CLI Arista copied, during his deposition Mr. Eger expressed the generalized opinion that, between 1988 and 1992, Cisco and all of its competitors supposedly "used the same [CLI commands]."  *Id*. at 99:17-100:10.  Mr. Eger admitted that this opinion was not based on any comparison of any of Cisco's CLI commands to any of its competitor's CLI commands.  *Id*.  He further admitted that he had not spoken to anyone at Cisco or any of Cisco's competitors about how each company had developed its CLI commands.  *Id*. at 100:11-101:5.  He also admitted that he did not know if any of Cisco's competitors had tried to copyright its CLI commands.  *Id*. at 98:4-99:3.  And further he admitted

1  that he did not have any factual basis for his opinion that the CLI commands were the same. *Id*. at

2  102:3-7. ("Q. Sitting here today, do you know with certainty whether there were, in fact, different

3  commands that were used across these different product lines? A. No."). Nor did Mr. Eger know

4  whether the commands that Cisco used while he was employed there are still used in any of

5  Cisco's products. *Id*. at 102:8-19.

6  **III.    LEGAL STANDARD**

7        "Evidence which is not relevant is not admissible." Fed. R. Evid. 402. "Although relevant,

8  evidence may be excluded if its probative value is substantially outweighed by the danger of

9  unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue

10 delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. "A

11 witness may testify to a matter only if evidence is introduced sufficient to support a finding that

12 the witness has personal knowledge of the matter." Fed. R. Evid. 602.

13 **IV.    MR. EGER'S UNSUBSTANTIATED OPINIONS SHOULD BE EXCLUDED**

14       Because Mr. Eger had disavowed any personal knowledge of any relevant facts in this

15 case, including whether Cisco and its competitors used the same CLI commands from 1988-1992,

16 he should not be permitted to testify. Fed. R. Evid. 602. Even if Mr. Eger's ungrounded opinion

17 had any basis in personal knowledge, his opinion should still be excluded as irrelevant. Whether

18 Cisco and its competitors shared some CLI commands between 1988 and 1992, even if Mr. Eger

19 could credibly claim to have such knowledge, is irrelevant to whether the specific commands that

20 the Cisco is asserting in this case are protectable or infringed.

21       Moreover, Mr. Eger's testimony as disclosed by Arista is not relevant to this case. Here,

22 Cisco asserts that Arista infringes the copyright-protected CLI user interface of its operating

23 systems, IOS and NX-OS. Mr. Eger admitted that he did not know anything about the creation of

24 Cisco's CLI user interface. Jenkins Decl., Exh. 2 at 73:23-74:3. Any knowledge he may have

25 about the development of other aspects of Cisco's operating systems would be irrelevant to this

26 case. Likewise, any testimony that Mr. Eger could provide regarding "Cisco's marketing and

27 sales of its products" would not be relevant. Mr. Eger's knowledge of Cisco's sales and marketing

28 is necessarily limited to his experience, which ended more than twenty-four years ago. Mr. Eger's

experience as Cisco's Vice President of Sales involved completely different products and different markets than the ones at issue in this case, and Mr. Eger admitted that he did not even know which of Cisco's and Arista's product lines are relevant to this matter. *Id*. at 61:16-62:4.  Having not been associated with Cisco for more than twenty-four years, Mr. Eger is too far removed from Cisco to provide any relevant information about its sales and marketing practices in the relevant time periods for this case.

At the very least, any potential relevance of Mr. Eger's testimony about long-outdated information purportedly gained from his time at Cisco would be substantially outweighed by prejudice to Cisco and a likelihood that his testimony would confuse and mislead the jury.  In particular, Mr. Eger's generalized and speculative testimony that Cisco's "CLI commands" are the same as other competitors' has the potential to mislead the jury to think that there are similarities in the specific aspects of the CLI user interface being asserted in this case, even though Mr. Eger disavowed knowing anything about the asserted CLI commands or screen outputs.  Generalized statements denigrating Cisco's products as unoriginal have the obvious potential to prejudice Cisco, while adding nothing to the jury's understanding of the exact issues of substantial similarity, with respect to the precise technologies at issue in the case.

## V.     MR. EGER SHOULD NOT BE PERMITTED TO TESTIFY ABOUT TOPICS THAT WERE UNTIMELY DISCLOSED

As an additional reason to exclude Mr. Eger's testimony, Arista untimely disclosed him as a witness on two of the topics now disclosed on Arista's witness list.  Arista first named Mr. Eger as part of its Supplemental Initial Disclosures, served on March 10, 2016, claiming only that Mr. Eger may have knowledge of "Arista's estoppel, laches, fair use and misuse defenses."  Arista supplemented its initial disclosures an additional five times between March 10 and August 1, 2016, each time repeating verbatim the description of Mr. Eger's relevant knowledge.  *See* Jenkins Exh. 6.  Only on September 8, 2016, as part of Arista's witness list for trial, did Arista first disclose additional topics for Mr. Eger: "Development of IOS.  Cisco's marketing and sales of its products."  Jenkins Exh. 1.  Mr. Eger should be precluded from providing testimony related to these topics as untimely disclosed.

Rule 26(e) of the Federal Rules of Civil Procedure requires a party to identify, without awaiting a discovery request, each individual likely to have discoverable information including "the subjects of that information." Fed. R. Civ. P. 26(a). Rule 26(e)(1) provides that: "A party who has made a disclosure . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e). As a remedy for failure to comply with Rule 26's mandate, Rule 37(c) provides that, "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). Indeed, the Ninth Circuit has described Rule 37 as "a self-executing, automatic sanction to provide a strong inducement for disclosure of materials." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (citing Fed. R. Civ. P. 37 advisory committee's note (1993)) (internal quotations omitted); *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313, 321 (C.D. Cal. 2004) (noting that exclusion of evidence for failure to timely disclose under Rule 26(e)(2) is "automatic and mandatory unless the party can show the violation is either justified or harmless.") (internal quotations omitted). To overcome Rule 37(c)(1)'s automatic and mandatory exclusion of evidence, the nonmoving party bears the burden of establishing that its failure "to disclose the required information is substantially justified or harmless." *See Yeti by Molly, Ltd.*, 259 F.3d at 1107.

Here, Arista's counsel met with Mr. Eger three to four months before his May 25, 2016 deposition. Jenkins Decl., Exh. 2 at 85:3-8. They had every opportunity to interview him and disclose the subject matter of his testimony for trial at that time. Instead, Arista disclosed only a subset of the topics on which it wanted Mr. Eger to testify and waited until long after the close of discovery to disclose the full scope of his trial testimony. Allowing Mr. Eger to testify about these additional topics would prejudice Cisco, as Cisco was unable to depose Mr. Eger to determine what he knows about these additional topics. To the extent Cisco asked him about subject matter that could possibly relate to these topics, he repeatedly lacked any relevant knowledge, as explained above.

Dated: September 16, 2016                Respectfully submitted,

/s/ John M. Neukom

Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART & SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Mark Tung (SBN 245782)
marktung@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven Cherny *admitted pro hac vice)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP

|   |   |
|---|---|
| 1 | 333 South Hope Street |
| 2 | Los Angeles, California 90071<br>Telephone: (213) 680-8400 |
| 3 | Facsimile: (213) 680-8500 |
| 4 | *Attorneys for Plaintiff Cisco Systems, Inc.* |