# EXHIBIT G

# EXHIBIT 4
# UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
BRIAN L. FERRALL - # 160847
DAVID SILBERT - # 173128
MICHAEL S. KWUN - #198945
ASHOK RAMANI - # 200020
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Email:  rvannest@kvn.com;
bferrall@kvn.com; dsilbert@kvn.com;
mkwun@kvn.com, aramani@kvn.com

SUSAN CREIGHTON, SBN 135528
SCOTT A. SHER, SBN 190053
WILSON SONSINI GOODRICH &
ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C., 20006-3817
Telephone:  (202) 973-8800
Email:  screighton@wsgr.com;
ssher@wsgr.com

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>             Plaintiff,<br><br>     v.<br><br>ARISTA NETWORKS, INC.,<br><br>             Defendant. | Case No. 5:14-cv-05344-BLF (PSG)<br><br>**DEFENDANT ARISTA NETWORKS, INC.'S RESPONSES TO PLAINTIFF CISCO SYSTEMS, INC.'S FOURTH SET OF INTERROGATORIES**<br>**(NOS. 17-21)**<br><br>Judge:       Hon. Beth Labson Freeman<br><br>Date Filed:  December 5, 2014<br><br>Trial Date:  November 21, 2016 |

CONTAINS CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER

DEFENDANT ARISTA NETWORKS, INC.'S RESPONSES TO PLAINTIFF'S FOURTH
SET OF INTERROGATORIES (NOS. 17-21)
CASE NO. 5:14-CV-05344-BLF (PSG)

1049704

1     Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Arista
2 Networks, Inc. ("Arista") hereby objects and provides supplemental responses to Plaintiff Cisco
3 Systems, Inc.'s ("Cisco") Fourth Set of Interrogatories (Nos. 17-21).  Arista reserves the right to
4 further amend or supplement these objections and responses to the extent allowed by the Federal
5 Rules of Civil Procedure, the Local Civil Rules of the U.S. District Court for the Northern District
6 of California, or as otherwise permitted.

7                           **PRELIMINARY STATEMENT**

8     These supplemental responses and objections are made solely for the purpose of and in
9 relation to this matter.  Arista has not completed its investigation, discovery, analysis, legal
10 research, and preparation for trial in this matter.  The responses herein are based only upon the
11 information and documentation that is presently available and known to Arista and which has
12 been identified as containing potentially relevant information.  It is possible that further
13 investigation, discovery, analysis, legal research, and/or preparation may result in the
14 ascertainment of additional information or documentation, or provide additional meaning to
15 currently known factual conclusions and legal contentions, all of which may result in the
16 modification of these objections and responses.  Accordingly, Arista reserves the right to amend
17 and/or supplement its responses and objections at a later time and to make any additional
18 objections that may become apparent.

19                           **GENERAL OBJECTIONS**

20     The following General Objections form a part of and are specifically incorporated into
21 each of Arista's responses, even though they may not be specifically referred to in each and every
22 response.  Arista's specification of one or more objections in any given response is not intended
23 to preclude the applicability of any of the general objections.  Failure to refer specifically to any
24 of these General Objections in any specific response shall not be construed as a waiver of same.
25     1.     Arista objects to these interrogatories, instructions, and definitions to the extent
26 that they seek to impose requirements or obligations on Arista in addition to or different from
27 those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules for the United
28

1
DEFENDANT ARISTA NETWORKS, INC.'S RESPONSES TO PLAINTIFF'S FOURTH
SET OF INTERROGATORIES (NOS. 17–21)
Case No. 5:14-cv-05344-BLF (PSG)

1049704

1  States District Court for the Northern District of California, the governing case law, any
2  applicable orders of this Court, or any stipulation or agreement of the parties.
3      2.    Arista objects to these interrogatories to the extent that discovery is continuing in
4  this action, and Arista has not yet completed its factual investigation. The following responses
5  reflect the information reasonably available to Arista at this time. Arista reserves the right to
6  amend or supplement these responses as additional facts are discovered, revealed, recalled, or
7  otherwise ascertained, and as further analysis and research disclose additional facts, contentions,
8  or legal theories that might apply, or in the event of error, inadvertent mistake, or omission.
9      3.    Arista objects to these interrogatories to the extent that they seek information that
10  is protected by the attorney-client privilege, work-product doctrine, joint-defense privilege,
11  common-interest doctrine, settlement privilege, or other common law or statutory privilege or
12  protection, or seeks information that is otherwise immune from discovery. Arista will not provide
13  such privileged or protected information. Nothing contained in these responses is intended to be
14  nor should be considered a waiver of any attorney-client privilege, work-product privilege or
15  protection, or any other applicable privilege or doctrine, and to the extent any interrogatory may
16  be construed as calling for disclosure of information, documents, and/or things protected by such
17  privileges or doctrines, a continuing objection to each and every such interrogatory is hereby
18  asserted.
19      4.    Arista objects to these interrogatories to the extent that they seek information that
20  is unreasonably cumulative or duplicative of other discovery requests, or is obtainable from some
21  other source that is more convenient, less burdensome, or less expensive. Arista objects to these
22  interrogatories to the extent that they seek information already within Cisco's possession, custody
23  or control, or that is equally available to Cisco. Arista objects to the extent the response to any
24  interrogatory may be derived or ascertained from publicly available documents, documents and
25  things to be produced by the parties, or other, less burdensome means of discovery, where the
26  burden of deriving or ascertaining the responsive information from those documents is
27  substantially the same for Cisco as it is for Arista.
28

2
DEFENDANT ARISTA NETWORKS, INC.'S RESPONSES TO PLAINTIFF'S FOURTH
SET OF INTERROGATORIES (NOS. 17–21)
Case No. 5:14-cv-05344-BLF (PSG)

1049704

5. Arista objects to these interrogatories to the extent that they are overly broad, unduly burdensome, and/or not relevant to any claim or defense asserted in this action nor reasonably calculated to lead to the discovery of admissible evidence, including to the extent they are not limited to a reasonable time period, not limited to the claims asserted in this case, and not otherwise limited to the subject matter of this case.

6. Arista objects to these interrogatories to the extent that they are vague, ambiguous, confusing, or unintelligible by failing to describe the information sought with reasonable particularity.

7. Arista objects to these interrogatories to the extent they seek information not in Arista's possession, custody, or control.

8. Arista objects to these interrogatories to the extent they purport to require Arista to describe or identify "each," "any," or other similarly expansive, infinite, or all-inclusive terms to the extent that such interrogatories are overly broad or unduly burdensome.

9. Arista objects to these interrogatories to the extent they seek personal, confidential information protected by any state or federal right of privacy.

10. Arista objects to these interrogatories to the extent they seek to impose an obligation to identify or search for information or documents at any location other than where they would be expected to be stored in the ordinary course of business.

11. Arista objects to each interrogatory to the extent that it calls for confidential and/or proprietary information of any individual or entity other than Arista, which Arista is obligated to maintain as confidential. Such information includes, but is not limited to, documents that are within the scope of a confidentiality agreement, protective order or settlement agreement, or that otherwise require consent of any third-party prior to production. Arista will provide information about such documents only subject to the terms of the confidentiality agreement or other relevant agreement with the third party, with the approval of the third party, or as ordered by the Court.

12. Arista objects to these interrogatories to the extent that they seek confidential information, private information, or proprietary information, including trade secrets and competitively sensitive business information where any purported marginal benefits of the

3
DEFENDANT ARISTA NETWORKS, INC.'S RESPONSES TO PLAINTIFF'S FOURTH
SET OF INTERROGATORIES (NOS. 17–21)
Case No. 5:14-cv-05344-BLF (PSG)

1049704

1 production of the requested information are outweighed by the burden associated with producing
2 such highly sensitive information.  To the extent any such information warrants disclosure under
3 the Federal Rules of Civil Procedure and the Local Rules of the Court, Arista will provide such
4 information, subject to an appropriate confidentiality designation provided in a Protective Order
5 in this case.
6       13.    Arista objects to these interrogatories to the extent that they are compound and
7 contain multiple subparts that should count separately toward the total number of permitted
8 interrogatories, in accordance with Federal Rule of Civil Procedure 33(a)(1).
9       14.    Arista's responses to these interrogatories shall not be construed in any way as an
10 admission that any definition provided by Cisco is either factually correct or legally binding upon
11 Arista, or as a waiver of any of Arista's objections, including but not limited to objections
12 regarding discoverability of documents or other evidence.
13       15.    Arista objects to these interrogatories to the extent that they prematurely require
14 Arista to provide information that will be the subject of expert disclosures under Rule 26(a)(2) of
15 the Federal Rules of Civil Procedure.
16       16.    Arista's responses to these interrogatories are made without waiving any
17 objections as to the competence, relevance, materiality, authenticity, or admissibility as evidence
18 for any purpose of the information provided in these responses, or any documents produced, or
19 the subject matter thereof.  Arista reserves all rights to object on any ground to the use of such
20 responses, documents, or the subject matter thereof, in any aspect of this action, or in any other
21 court action, judicial proceeding, administrative proceeding, or investigation.
22       17.    Arista objects to Cisco's definitions of "Defendant," "Arista," "You," "Your," and
23 "Yours" to the extent they attempt to impose obligations on Arista beyond the requirements of the
24 Federal Rules of Civil Procedure or other applicable rules.  Arista will respond on behalf of itself
25 as a party to this action pursuant to its obligations under the Federal Rules of Civil Procedure.
26       18.    Arista reserves the right to assert additional objections to these interrogatories as
27 appropriate.
28

4
DEFENDANT ARISTA NETWORKS, INC.'S RESPONSES TO PLAINTIFF'S FOURTH
SET OF INTERROGATORIES (NOS. 17–21)
Case No. 5:14-cv-05344-BLF (PSG)

1049704

19. Arista expressly incorporates the above Preliminary Statement and General Objections as though set forth fully in each response, and to the extent they are not raised in any particular response, Arista does not waive those objections.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 17:**

Identify and explain in detail all factual and legal bases for Your contentions that Cisco's claims are barred by laches, acquiescence, estoppel, waiver, unclean hands, copyright misuse, and/or abandonment, and identify all Persons with knowledge Concerning and all Documents Concerning such factual bases.

**RESPONSE TO INTERROGATORY NO. 17:**

Arista incorporates its General Objections above as though set forth in this response. Arista objects to this interrogatory to the extent it calls for, or may be construed as calling for, information protected from discovery by the attorney-client privilege, work product doctrine, or any other common law or statutory privilege or protection. Arista further objects to this interrogatory as compound, overbroad, and unduly burdensome. In addition, Arista objects to this interrogatory to the extent it prematurely calls for expert opinion in advance of the disclosure required by Federal Rule of Civil Procedure 26(a)(2). Arista further objects to this interrogatory to the extent it prematurely calls for a legal conclusion.

Fact discovery is ongoing and Arista is continuing to pursue additional discovery from Cisco and third parties relating to Cisco's representations to the networking industry, including standards-setting bodies, competitors, third-party partners, and prospective customers, regarding the subject matter of this request. Arista reserves the right to amend or supplement its response to this interrogatory as it receives additional discovery from Cisco and third parties, and as it continues to review Cisco's many document productions.

Subject to and without waiving the foregoing general and specific objections, Arista responds as follows:

### Copyright Claims

Arista incorporates by reference into this response its original and supplemental responses

5
DEFENDANT ARISTA NETWORKS, INC.'S RESPONSES TO PLAINTIFF'S FOURTH
SET OF INTERROGATORIES (NOS. 17–21)
Case No. 5:14-cv-05344-BLF (PSG)

1049704

- Cisco-like or IOS-like CLIs) in their networking products;
- Cisco's failure to inform competitors, including but not limited to Procket Networks, Dell, Juniper, D-Link, Edge Core, Extreme Networks, Force10 Networks, Sun/Oracle, Redback Networks, Foundry Networks, Brocade Communications, Adtran, Alcatel-Lucent, and HP, that use of an "industry standard" CLI (or Cisco-like or IOS-like CLIs) violated Cisco's purported copyrights;
- Cisco's failure to take action against competitors, including but not limited to Procket Networks, Dell, Juniper, D-Link, Edge Core, Extreme Networks, Force10 Networks, Sun/Oracle, Redback Networks, Foundry Networks, Brocade Communications, Adtran, Alcatel-Lucent, and HP, regarding their use of an "industry standard" CLI (or Cisco-like or IOS-like CLIs);
- Cisco's awareness of Arista's use of an "industry standard" CLI as early as 2007 or 2008 via its competitive research into, and hands-on testing of, Arista's products;
- Cisco's failure to inform Arista for at least six years (*i.e.*, from 2008 through 2014) that Arista's use of an "industry standard" CLI violated Cisco's purported copyrights;
- Cisco's own commercial use of third-party CLI commands, hierarchies, modes, and prompts (including, for example, the Stanford EECF CLI, various third-party CLIs in Tail-f NSO CLI NEDs and CiscoWorks Network Compliance Manager NEDs, and the JUNOS CLI in the Tail-f NSO product and its predecessors) without seeking prior and/or any authorization from such third parties.
- Cisco's misuse of copyright law to attempt to secure or claim rights broader than those granted by the copyright itself and contrary to public policy embodied in the grant of copyright, including Cisco's attempt to use copyright law to obstruct competitive use of non-copyrightable ideas, concepts, processes, systems, and methods of operation.

In addition to the facts recited in Arista's response to Cisco's Interrogatory Nos. 10, 12, 13, 14, 15 and 16, Cisco's copyright claims are barred by Arista's asserted defenses to copyright infringement, including laches, acquiescence, estoppel, waiver, unclean hands, copyright misuse, and/or abandonment, for the following additional reasons:

7
DEFENDANT ARISTA NETWORKS, INC.'S RESPONSES TO PLAINTIFF'S FOURTH
SET OF INTERROGATORIES (NOS. 17–21)
Case No. 5:14-cv-05344-BLF (PSG)

1049704

- Cisco's unreasonable delay in bringing its copyright claims against Arista has prejudiced Arista. Arista's customers have invested in Arista's current CLI, including writing configuration scripts that rely on the current command set, which customer scripts will break if Arista's CLI is changed.

- Arista relied on Cisco's statements and conduct regarding the "industry standard" CLI, to Arista's detriment. Arista would have made different decisions regarding its CLI if Cisco had asserted copyright ownership over the "industry standard" CLI commands, hierarchies, modes, and prompts, and customers would not have invested in the CLI if they knew that Cisco asserted it was proprietary and could not be used by other vendors.

- Cisco's own unauthorized usage of third-party CLI commands, hierarchies, modes, and prompts bars its copyright claims against Arista. For example, Cisco's Network Service Orchestration ("NSO") product (formerly called the Tail-f Systems Network Control System, or NCS, product) and its predecessor product(s) support a Juniper JUNOS-style CLI, and present a JUNOS-style CLI to the end user. The JUNOS-style CLI copies the JUNOS CLI commands, hierarchies, modes, and prompts. *See, e.g.*, CSI-CLI-SC-00000960 to 1147; CSI-CLI-01752368; CSI-CLI-03837281; CSI-CLI-03838383; CSI-CLI-04615047; CSI-CLI-04624140; CSI-CLI-04633845; CSI-CLI-04659648; ARISTANDCA13365355.

- The NSO product also uses CLI Network Element Drivers ("NEDs") to issue third-party CLI commands to third-party network devices, including Arista and Juniper devices, for purposes of communicating with and configuring them. *See, e.g.*, CSI-CLI-SC-00000960 to 1147 (issuing CLI commands that are supported by the Arista EOS CLI and Juniper JUNOS CLI, but not the Cisco IOS CLI); CSI-CLI-03837281; CSI-CLI-03838383; CSI-CLI-04633845. Cisco has not produced any license agreements authorizing such commercial usage of third-party CLIs by the NSO product.

- Like the NSO product, the CiscoWorks Network Compliance Manager ("NCM") also

12

DEFENDANT ARISTA NETWORKS, INC.'S RESPONSES TO PLAINTIFF'S FOURTH
SET OF INTERROGATORIES (NOS. 17–21)
Case No. 5:14-cv-05344-BLF (PSG)

1049704

responds as follows:

Arista's use of the "industry standard" CLI is transformative for at least the following reasons:

- The Arista CLI is a method of operation to access functionality in Arista's multilayer network switches, which switches are different from Cisco's switches in several respects.
- All of Arista's multilayer network switches run its Extensible Operating System ("EOS"), which is a different operating system as compared to Cisco IOS, NX-OS, and IOS-XR, and superior to and more reliable than Cisco's operating systems in many respects, including scalability and ultra-low-latency performance. Arista's CLI serves the functional purpose of enabling customers to access Arista's EOS software.
- Arista's EOS was designed and developed by Arista engineers using millions of lines of original source code, written in a different programming language than the source code underlying Cisco IOS, IOS-XR, and NX-OS.
- All of Arista's multilayer network switches were and are currently built using merchant silicon instead of custom switching ASICs, which are used by Cisco switches.

Arista also incorporates herein by reference its response to Interrogatory No. 22.

Dated: May 9, 2016                          KEKER & VAN NEST LLP

                                                              By:     /s/ *Brian L. Ferrall*
                                                                ROBERT A. VAN NEST
                                                                BRIAN L. FERRALL
                                                                DAVID SILBERT
                                                                MICHAEL S. KWUN

                                                               Attorneys for Defendant ARISTA NETWORKS, INC.

20
DEFENDANT ARISTA NETWORKS, INC.'S RESPONSES TO PLAINTIFF'S FOURTH
SET OF INTERROGATORIES (NOS. 17–21)
Case No. 5:14-cv-05344-BLF (PSG)

1049704

|   |   |
|---|---|
| 1 | PROOF OF SERVICE |

2   I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Keker & Van Nest LLP, 633 Battery Street, San Francisco, CA 94111-1809.

3

4

5   On May 9, 2016, I served the following document(s):

6   **DEFENDANT ARISTA NETWORKS, INC.'S RESPONSES TO PLAINTIFF CISCO SYSTEMS, INC.'S FOURTH SET OF INTERROGATORIES (NOS. 17-21)**

7

8   ☒   by **E-MAIL VIA PDF FILE**, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

9

10

| Sean Sang-Chul Pak | Adam R. Alper |
| John M. Neukom | Kirkland & Ellis LLP |
| Quinn Emanuel Urquhart & Sullivan LLP | 555 California Street, Suite 2700 |
| 50 California Street, 22nd Floor | San Francisco, CA 94104 |
| San Francisco, CA 94111 | Tel:   (415) 439-1476 |
| Tel:   (415) 875-6320 | Fax:   (415) 439-1500 |
| Fax:   (415) 875-6700 | aalper@kirkland.com |
| seanpak@quinnemanuel.com | |
| johnneukom@quinnemanuel.com | |
| Cisco-Arista@quinnemanuel.com | |
| | |
| Kathleen Marie Sullivan | Mark Yeh-Kai Tung |
| Quinn Emanuel Urquhart & Sullivan LLP | Quinn Emanuel Urquhart & Sullivan LLP |
| 51 Madison Avenue, 22nd Floor | 555 Twin Dolphin Drive, 5th Floor |
| New York, NY 10022 | Redwood Shores, CA 94065 |
| Tel:   (212) 849-7000 | Tel:   (650) 801-5000 |
| Fax:   (212) 869-7100 | Fax:   (650) 801-5100 |
| kathleensullivan@quinnemanuel.com | marktung@quinnemanuel.com |
| | |
| Michael W. De Vries | Steven C. Cherny |
| Kirkland & Ellis LLP | Kirkland & Ellis LLP |
| 333 South Hope Street, 29th Floor | 601 Lexington Avenue |
| Los Angeles, CA 90071 | New York, NY 10022 |
| Tel:   (213) 680-8590 | Tel:   (212) 446-4800 |
| Fax:   (213) 680-8500 | Fax:   (212) 446-6460 |
| michael.devries@kirkland.com | Steven.cherny@kirkland.com |
| Cisco-AristaCopyrightTeam@kirkland.com | |

21
DEFENDANT ARISTA NETWORKS, INC.'S RESPONSES TO PLAINTIFF'S FOURTH
SET OF INTERROGATORIES (NOS. 17–21)
Case No. 5:14-cv-05344-BLF (PSG)

1049704

1  Executed on May 9, 2016, at San Francisco, California.

2  I declare under penalty of perjury under the laws of the State of California that the above is true
   and correct.
3

4
                                              /s/ *Elizabeth S. Myrddin*
5                                             Elizabeth S. Myrddin

22
DEFENDANT ARISTA NETWORKS, INC.'S RESPONSES TO PLAINTIFF'S FOURTH
SET OF INTERROGATORIES (NOS. 17–21)
Case No. 5:14-cv-05344-BLF (PSG)

1049704