# EXHIBIT 16

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1          UNITED STATES DISTRICT COURT

2         NORTHERN DISTRICT OF CALIFORNIA

3              SAN JOSE DIVISION

4

CISCO SYSTEMS, INC.      Case No.: 5:14-cv-05344-BLF(PSG)

5

            Plaintiff,

6

      v.

7

ARISTA NETWORKS, INC.

8

            Defendants.

9    _____

10

11

12

13     * HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY *

14

15     VIDEOTAPED DEPOSITION OF PHILLIP REMAKER

16        30(b)(6) FOR CISCO SYSTEMS, INC.

17          Palo Alto, California

18         Thursday, March 31, 2016

19             Volume 1

20

21   Reported by:

22   LESLIE JOHNSON

23   RPR, CSR No. 11451

24   Job No.: 2281749

25   PAGES 1 - 216

Page 1

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

---

**Page 2**

1    UNITED STATES DISTRICT COURT
2    FOR THE NORTHERN DISTRICT OF CALIFORNIA
3    SAN JOSE DIVISION
4
      CISCO SYSTEMS, INC    Case No : 5:14-cv-05344-BLF(PSG)
5
         Plaintiff,
6
7    v
      ARISTA NETWORKS, INC
8
         Defendants
9    _____
10
11
12
13
14    * HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY *
15
16
17    VIDEOTAPED DEPOSITION OF PHILLIP REMAKER, Volume 1,
18    taken on behalf of Defendant, at 601 California Avenue,
19    Palo Alto, California, beginning at 9:30 a m  and ending
20    at 4:14 p m , on Thursday, March 31, 2016, before
21    LESLIE JOHNSON, Certified Shorthand Reporter No  11451
22
23
24
25

---

**Page 3**

1  APPEARANCES:
2
3  FOR PLAINTIFF CISCO SYSTEMS, INC.:
4    QUINN EMANUEL URQUHART & SULLIVAN LLP
5    BY: JOHN (JAY) NEUKOM, ESQ.
6    50 California Street, 22nd Floor
7    San Francisco, California  94111
8    (415)875-6600
9    johnneukom@quinnemanuel.com
10 FOR DEFENDANT ARISTA NETWORKS, INC.:
11   KEKER & VAN NEST LLP
12   BY: RYAN WONG, ESQ.
13   633 Battery Street
14   San Francisco, California  94111
15   (415)391-5400
16   rwong@kvn.com
17 ALSO PRESENT:
18   SEAN GRANT, Videographer
19
20
21
22
23
24
25

---

**Page 4**

1                I N D E X
2
3  WITNESS                    EXAMINATION
4  PHILLIP REMAKER
     30(b)(6) for CISCO SYSTEMS
5  Volume 1
6    BY MR. WONG                 8
7    BY MR. NEUKOM              212
8
9            EXHIBITS
10   PHILLIP REMAKER, 30(b)(6)
11 NUMBER      DESCRIPTION         PAGE
12 Exhibit 429  Defendant Arista Network, Inc.'s    9
              Notice of 30(b)(6) Deposition of
13            Plaintiff Cisco Systems, Inc.;
              33 pages
14
      Exhibit 430  Amended Exhibit F Document Index;   11
15            40 pages
16 Exhibit 431  Amended Exhibit F; 44 pages      14
17 Exhibit 432  Binder labeled "Bates Does Cited   15
              in Cisco Rog Exhibit F," Volume 1
18            of 2
19 Exhibit 433  Binder labeled "Bates Does Cited   15
              in Cisco Rog Exhibit F," Volume 2
20            of 2
21 Exhibit 434  Binder labeled "Source Code Cited   15
              in Cisco Rog Exhibit F," Volume 1
22            of 2
23 Exhibit 435  Binder labeled "Source Code Cited   15
              in Cisco Rog Exhibit F," Volume 2
24            of 2
25

---

**Page 5**

1           EXHIBITS (Cont )
2      PHILLIP REMAKER, 30(b)(6)
3  NUMBER      DESCRIPTION         PAGE
4  Exhibit 436  E-mail dated 1/12/99 from Phillip   40
              Remaker to Carl Schaefer, et al ;
5            Bates stamped CSI-CLI-00794351 to 95
6  Exhibit 437  E-mail dated 6/7/2003 from Shaubin   80
              Xie; Bates stamped CSI-CLI-00783473
7            to 81
8  Exhibit 438  Parser-Police Manifesto, version 6;   82
              10 pages
9
      Exhibit 439  CLI Design and Review Guide; Bates   85
10            stamped CSI-CLI-0282465 I to 719
11 Exhibit 440  E-mail thread, top e-mail dated    87
              7/8/2005, from Jain Dhanendra; Bates
12            stamped CSI-CLI-00807444 to 68
13 Exhibit 441  Interrogatory No  2 First Supplemental   98
              Response - Exhibit C; 3 pages
14
      Exhibit 442  Document entitled "Show Inventory   104
15            Command"; Bates stamped CSI-CLI-610102
              to 610105
16
      Exhibit 443  E-mail dated 12/6/2002 from Eric   114
17            Osborne; Bates stamped CSI-CLI-777457
              to 459
18
      Exhibit 444  Interrogatory No  2 First Supplemental  122
19            Response - Exhibit B; 102 pages
20 Exhibit 445  E-mail dated 25 June 2002 from Ilse   151
              Van Hoeck; Bates stamped
21            CSI-CLI-00608702 to 703
22 Exhibit 446  E-mail dated 17 May 1999 from Liming   159
              Wei; Bates stamped CSI-CLI-60866
23
24
25

Veritext Legal Solutions
866 299-5127

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1         EXHIBITS (Cont.)
 2       PHILLIP REMAKER, 30(b)(6)
 3 NUMBER        DESCRIPTION         PAGE
 4 Exhibit 447  Plaintiff Cisco Systems, Inc.'s Seventh  164
                Supplemental Objections and Responses
 5              to Defendant Arista Network, Inc.'s
                Second Set of Interrogatories
 6              (No. 16); 50 pages
 7 Exhibit 448  Plaintiff Cisco System, Inc.'s Fourth   167
                Supplemental Objections and Responses
 8              to.Defendant Arista Network, Inc's
                First Set of Interrogatories (2 and 5);
 9              44 pages
10 Exhibit 449  Cisco's Response to Arista's            182
                Interrogatory No. 16 Amended Exhibit
11              D1 (IOS Release 11.0); 28 pages
12 Exhibit 450  Exhibit E Exemplary Copying of Command  201
                Responses; 27 pages
13
   Exhibit 451  Writing Command Line Interfaces (CLI)   204
14              and CLI Output; Bates stamped
                CSI-CLI-02607986 to 8010
15
                           * * *
16
17
18
19
20
21
22
23
24
25
```

Page 6

```
 1 Palo Alto, California, Thursday, March 31, 2016
 2              9:30 a.m.
 3
 4         THE VIDEOGRAPHER:  Good morning.  We're on
 5 the record.  The time is 9:30 a.m. and the date is
 6 March 31st, 2016.  This begins the videotaped
 7 deposition of Cisco Systems, Inc. pursuant to Rule
 8 30(b)(6).  My name is Sean Grant, here with our
 9 court reporter, Leslie Johnson.  We're here from
10 Veritext Legal Solutions at the request of counsel
11 for Defendant.  This deposition is being held at
12 Wilson Sonsini in Palo Alto, California.
13         The caption of this case is Cisco Systems
14 Inc. versus Arista Networks, Inc., Case No.
15 5:14-cv-05344-BLF.
16 Please note that audio and video recording
17 will take place unless all parties have agreed to go
18 off the record.  Microphones are sensitive and may
19 pick up whispers, private conversations or cellular
20 interference.
21         At this time, will counsel please identify
22 themselves and state whom they represent.
23         MR. WONG:  Ryan Wong from Keker & Van Nest
24 for Defendant Arista Networks.
25         MR. NEUKOM:  John Neukom for the
```

Page 7

```
 1 plaintiff.
 2         THE VIDEOGRAPHER:  Thank you.  Will the
 3 certified court reporter please swear in the
 4 witness.
 5
 6         PHILLIP REMAKER,
 7 having been first duly sworn, was examined
 8 and testified as follows:
 9
10         EXAMINATION
11 BY MR. WONG:
12 Q.  Good morning, Mr. Remaker.
13 A.  Good morning.
14 Q.  Do you understand that you are testifying
15 under oath?
16 A.  I understand.
17 Q.  Okay.  And I know we took your personal
18 deposition yesterday.  Do you understand that the
19 general rules for conducting a deposition are also
20 applicable today?
21 A.  Yes.
22 Q.  Do you understand that you have been
23 designated by Plaintiff Cisco to provide corporate
24 testimony under Rule 30(b)(6) today?
25 A.  Yes.
```

Page 8

```
 1         (Exhibit 429 marked for identification.)
 2         MR. WONG:  Let's mark this as the first
 3 deposition exhibit.  I believe we are on 429.
 4         THE REPORTER:  Correct.
 5 BY MR. WONG:
 6 Q.  The court reporter has marked Exhibit 429,
 7 a document that on its face says "Defendant Arista
 8 Network, Inc.'s Notice of Rule 30(b)(6) Deposition
 9 of Plaintiff Cisco Systems, Inc."
10         Mr. Remaker, do you recognize the document
11 marked as Exhibit 429?
12         MR. NEUKOM:  It might help you to turn to
13 page 23.
14         MR. WONG:  Thank you, Counsel.
15         MR. NEUKOM:  Start with paragraph 78.
16         THE WITNESS:  Yes, I recognize this
17 document.
18 BY MR. WONG:
19 Q.  Do you understand that you have been
20 designated by Cisco to provide corporate testimony
21 for topic No. 78 that appears on page 23 of
22 Exhibit 429?
23 A.  Yes.
24 Q.  Do you understand that you've been
25 designated by Cisco to provide corporate testimony
```

Page 9

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1  correct?
2      A.   For a subset of commands, it would seem
3  that was the case.
4      Q.   And when we're talking about a subset of
5  commands, which of the Cisco operating systems are
6  you referring to?
7          MR. NEUKOM:  Objection.  Vague.
8          THE WITNESS:  I don't know all of the
9  operating systems that were affected, but the one
10 alias that I know is discontinued was related to IOS
11 XR.
12 BY MR. WONG:
13     Q.   Was there a CLI reviewer alias for IOS?
14     A.   I don't know.
15     Q.   Was there a CLI review alias for NX-OS?
16     A.   I don't know.
17     Q.   What other flavors of IOS had a CLI
18 reviewer alias?
19     A.   I don't know.
20     Q.   Do you know for what period of time the
21 IOS XR CLI reviewer alias was being used?
22     A.   I don't know exactly.
23     Q.   Do you know one way or another whether a
24 CLI reviewer alias existed for Cisco IOS?
25     A.   I don't know for certain.

Page 27

Page 29

8 (Pages 26 - 29)

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Page 39

Page 41

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Page 45

12 (Pages 42 - 45)

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Page 53

Veritext Legal Solutions
866 299-5127

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Page 55

Page 57

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



17 (Pages 62 - 65)

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



18 (Pages 66 - 69)

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



Q.   Let me rephrase the question.
     Is it bad practice at Cisco to use code

paragraph that starts with 10.

25  this will be the only acceptable syntax for the ATM

Page 71

Page 73

19 (Pages 70 - 73)

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY



20     Q.   Thank you.  You can set that aside.
21          (Exhibit 439 marked for identification.)
22  BY MR. WONG:
23     Q.   The court reporter has marked as
24  Exhibit 439 documents -- document bearing control
25  numbers CSI-CLI-02824651 to CSI-CLI-02824719.

Page 85

22 (Pages 82 - 85)

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1      MR. NEUKOM: Objection. Calls for a legal
2  conclusion. And it is well beyond the scope of
3  topics for which this witness is here today.
4      THE WITNESS: I don't have an opinion
5  about that.
6  BY MR. WONG:
7      Q. Based upon your answer, I would ask you,
8  what was the selection and creation process for
9  whatever it is you would delineate, but if you don't
10  know, then I can't ask you what the selection and
11  creation process was behind the command mode.
12      Well, let me just ask you that.
13      Do you know what the selection or creation
14  process was behind the "user exec" command mode?
15      A. I don't know.
16      Q. Do you know what the selection or creation
17  process was behind the "privileged exec" command
18  mode?
19      A. I do not know.
20      Q. Do you know what the selection or creation
21  process was behind the "global configuration"
22  command mode?
23      A. I do not know.
24      Q. Do you know what the selection or creation
25  process was behind the "interface configuration"
Page 210

1  prompts are fixed within any of Cisco's copyrighted
2  works?
3      A. I would presume they are fixed in the
4  source code.
5      Q. And do you know where any of the command
6  modes are fixed in Cisco's copyrighted works?
7      A. I presume in the source code.
8      MR. NEUKOM: Objection. Beyond the scope
9  And I'll take a standing objection for beyond the
10  scope on the where are they fixed line of questions.
11  BY MR. WONG:
12      Q. Subject to questions by your counsel, I
13  have no further questions of you, Mr. Remaker.
14
15      EXAMINATION
16  BY MR. NEUKOM:
17      Q. Mr. Remaker, can you explain for us how
18  much time you spent preparing to testify as a
19  corporate representative today?
20      A. Including the response to the
21  interrogatory or just direct preparation?
22      Q. Just without -- without telling us what
23  you did in detail, why don't you just tell us how
24  much time you spent learning information about the
25  origination of Cisco command line expressions prior
Page 212

1  command mode?
2      A. I do not know.
3      Q. Just to cover our bases, do you know the
4  selection or creation process behind the "user exec"
5  command prompt?
6      A. I do not know.
7      Q. Do you know the selection or creation
8  process behind the "privileged exec" command prompt?
9      A. I do not know.
10      Q. Do you know the selection or creation
11  process behind the "global configuration"" command
12  prompt?
13      A. I do not know.
14      Q. And do you know the selection or creation
15  process behind the "interface creation" command
16  prompt?
17      A. I do not know.
18      Q. And you understand that by "you" in those
19  questions, I'm asking you as Cisco's corporate
20  representative, correct?
21      A. Yes.
22      Q. And your answers are the same with that
23  understanding, correct?
24      A. Yes.
25      Q. And do you know where any of these command
Page 211

1  to being a corporate representative today?
2      A. I spent three days preparing with counsel.
3  And prior to that spent dozens of hours in preparing
4  the responses to interrogatory No. 16 and
5  interrogatory No. 19 with the team of very senior
6  engineers.
7      Q. What documents did you review in
8  preparation to serve as a corporate representative
9  witness today, to talk about the historical
10  origination of Cisco command line expressions?
11      A. I reviewed Exhibits 431, 432, 433, 434 and
12  435. I reviewed --
13      Q. Let me interrupt you right there because
14  you just listed off a number of exhibits. I take it
15  those exhibits that you just referred to, each of
16  them is a binder?
17      A. Exhibit 431 is an index to the four
18  binders that are Exhibits 432 through 435.
19      Q. Okay. Given that when I asked you what
20  documents you looked at to prepare to testify today,
21  you identified exhibit numbers, I just want to make
22  sure the record is clear, because some of those
23  exhibits are compilations of numerous individual
24  documents.
25      Can you, to the best of your ability,
Page 213

54 (Pages 210 - 213)

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1 estimate for us the number of documents -- the
2 number of historical Cisco documents you reviewed to
3 prepare yourself to testify today as a corporate
4 representative?
5    A. Easily 60 to 100 documents.
6    Q. And can you describe by category what
7 sorts of documents you reviewed to prepare yourself
8 to come testify today about the historical
9 origination of Cisco command line expressions?
10    A. Individual command specifications written
11 by engineers, source code, some e-mails, some
12 internal web pages, and the deposition of Kirk
13 Lougheed.
14    Q. Do you believe there is anybody within
15 Cisco who knows more about the historical creation
16 of the 500-plus command line expressions identified
17 in Exhibit 431, other than you?
18    A. No.
19    MR. NEUKOM: Thanks very much.
20    MR. WONG: Thank you.
21    THE VIDEOGRAPHER: This concludes today's
22 videotaped deposition of Cisco Systems, Inc.
23 pursuant to Rule 30(b)(6).
24    We're off the record at 4:14 p.m.
25    (TIME NOTED: 4:14 p.m.)
Page 214

1         REPORTER'S CERTIFICATION
2
3    I, Leslie Johnson, a Certified Shorthand
4 Reporter of the State of California, do hereby certify:
5    That the foregoing proceedings were taken
6 before me at the time and place herein set forth; that
7 any witnesses in the foregoing proceedings, prior to
8 testifying, were administered an oath; that a record of
9 the proceedings was made by me using machine shorthand
10 which was thereafter transcribed under my direction;
11 that the foregoing transcript is a true record of the
12 testimony given.
      Further, that if the foregoing pertains to
13 the original transcript of a deposition in a Federal
14 Case, before completion of the proceedings, review
15 of the transcript [ ] was [ ] was not requested.
16 I further certify I am neither financially interested in
17 the action nor a relative or employee of any attorney or
18 any party to this action.
19    IN WITNESS WHEREOF, I have this date
   subscribed my name.
20 Dated: April 15, 2016
21
22
23    _Leslie Johnson_
24    LESLIE JOHNSON
25    CSR No. 11451, RPR, CCRR
Page 216

1    DECLARATION UNDER PENALTY OF PERJURY
2
3    I, PHILLIP REMAKER, the witness herein,
4 declare under penalty of perjury that I have read the
5 foregoing in its entirety; and that the testimony
6 contained therein, as corrected by me, is a true and
7 accurate transcription of my testimony elicited at said
8 time and place.
9
10    Executed this _____ day of _____ 2016, at
11 _____, _____.
12    (City)        (State)
13
14
15
16
17    _____
18    PHILLIP REMAKER
19
20
21
22
23
24
25
Page 215

55 (Pages 214 - 216)