| | |
|---|---|
| Kathleen Sullivan (SBN 242261)<br>kathleensullivan@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100<br><br>Sean S. Pak (SBN 219032)<br>seanpak@quinnemanuel.com<br>Amy H. Candido (SBN 237829)<br>amycandido@quinnemanuel.com<br>John M. Neukom (SBN 275887)<br>johnneukom@quinnemanuel.com.<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>David Nelson (*admitted pro hac vice*)<br>davenelson@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>500 W Madison St, Suite 2450<br>Chicago, IL 60661<br>Telephone: (312) 705-7465<br>Facsimile: (312) 705 7401 | Steven Cherny (*admitted pro hac vice*)<br>steven.cherny@kirkland.com<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br><br>Adam R. Alper (SBN 196834)<br>adam.alper@kirkland.com<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, California 94104<br>Telephone: (415) 439-1400<br>Facsimile: (415) 439-1500<br><br>Michael W. De Vries (SBN 211001)<br>michael.devries@kirkland.com<br>KIRKLAND & ELLIS LLP<br>333 South Hope Street<br>Los Angeles, California 90071<br>Telephone: (213) 680-8400<br>Facsimile: (213) 680-8500 |

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>    Plaintiff,<br><br>    vs.<br><br>ARISTA NETWORKS, INC.,<br><br>    Defendant. | CASE NO. 5:14-cv-5344-BLF (NC)<br><br>**DECLARATION OF SARA E. JENKINS IN SUPPORT OF CISCO'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CONFIDENTIAL INFORMATION IN CISCO'S TRIAL BRIEF RE: ANALYTIC DISSECTION AND FILTRATION** |

02099-00004/8543775.1

CORRECTED DECLARATION OF SARA E. JENKINS IN SUPPORT OF CISCO'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL
Case No. 5:14-cv-05344-BLF (NC)

**DECLARATION OF SARA E. JENKINS**

I, Sara E. Jenkins, declare as follows:

**1.**  I am an attorney licensed to practice in the State of California and am admitted to practice before this Court.  I am an associate with the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Plaintiff Cisco Systems, Inc. ("Cisco").  I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

**2.**  I make this declaration in support of Cisco's Motion to File Under Seal Confidential information filed connection with Cisco's Trial Brief re: Analytic Dissection and Filtration.  I make this declaration in accordance with Civil Local Rule 79-5(d)(1)(A).

**3.**  Cisco's Trial Brief is non-dispositive.  In this context, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c).  *Kamkana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003)).  In addition, Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, that the document is "sealable").  Civil L.R. 79-5(b).  The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id*.

**4.**  Pursuant to Civil L.R. 79-5(e), good cause exists to seal the documents identified in the Sealing Motion as containing Cisco's confidential information, also set forth below, because the information sought to be sealed reflects confidential information that "give[s] [Cisco] an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Restatement of Torts* § 757, cmt b):

| Document | Portions to Be Filed Under Seal | Party With Claim of Confidentiality |
|---|---|---|
| Cisco's Trial Brief Re: Analytic Dissection | Highlighted Portions | Arista |
| Exhibit A to the Declaration of Kevin C. Almeroth in Support of Cisco's Trial Brief Re: Analytic Dissection | Highlighted Portions<br><br>This document was previously filed and the Court has already granted the sealing of the highlighted portions of this document. Dkt. 487 at 5-10. | Cisco<br><br>Arista |
| Exhibit C to the Declaration of Kevin C. Almeroth in Support of Cisco's Trial Brief Re: Analytic Dissection | Highlighted Portions | Arista |
| Exhibit F to the Declaration of Kevin C. Almeroth in Support of Cisco's Trial Brief Re: Analytic Dissection | Highlighted Portions | Arista |
| Exhibit G to the Declaration of Kevin C. Almeroth in Support of Cisco's Trial Brief Re: Analytic Dissection | Entire | Cisco<br><br>Arista |
| Exhibit H to the Declaration of Kevin C. Almeroth in Support of Cisco's Trial Brief Re: Analytic Dissection | Highlighted Portions<br><br>This document was previously filed and the Court has already granted the sealing of the highlighted portions of this document. Dkt. 487 at 10-13. | Cisco<br><br>Arista |
| Exhibit 1 to the Declaration of Drew Holmes in Support of Cisco's Trial Brief Re: Analytic Dissection | Highlighted Portions<br><br>This document was previously filed and the Court has already granted the sealing of the highlighted portions of this document. Dkt. 487 at 14-15. | Cisco |

| Document | Portions to Be Filed Under Seal | Party With Claim of Confidentiality |
|---|---|---|
| Exhibit 2 to the Declaration of Drew Holmes in Support of Cisco's Trial Brief Re: Analytic Dissection | Highlighted Portions | Cisco |
| Exhibit 4 to the Declaration of Drew Holmes in Support of Cisco's Trial Brief Re: Analytic Dissection | Entire | Arista |
| Exhibit 11 to the Declaration of Drew Holmes in Support of Cisco's Trial Brief Re: Analytic Dissection | Entire | Arista |
| Exhibit 13 to the Declaration of Drew Holmes in Support of Cisco's Trial Brief Re: Analytic Dissection | Entire | Cisco |
| Exhibit 16 to the Declaration of Drew Holmes in Support of Cisco's Trial Brief Re: Analytic Dissection | Entire | Arista |
| Exhibit 17 to the Declaration of Drew Holmes in Support of Cisco's Trial Brief Re: Analytic Dissection | Entire | Arista |

**5.** Exhibit A to the Declaration of Kevin C. Almeroth is a copy of his Opening report dated June 3, 2016 which was designated as Highly Confidential Attorneys' Eyes Only under the Protective Order. The Court has already granted a prior motion to seal the highlighted portions of this exhibit. Dkt. 487 at 5-10. As Cisco did before, Cisco seeks to seal paragraphs Cisco supports the sealing of paragraphs 83-86 of this exhibit. Paragraphs 83-86 contain Cisco's confidential

1  source code. As such, there are compelling reasons to seal these paragraphs. *See Agency*

2  *Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011) (source

3  code is "undoubtedly a trade secret" within the sealing context.)

4       **6.**     Exhibit G to the Declaration of Kevin C. Almeroth is Exhibit 6 to Dr. Almeroth's

5  Opening report, which was designated as Highly Confidential Attorneys' Eyes Only under the

6  Protective Order. Cisco seeks to seal the entirety of this exhibit as it contains Cisco's confidential

7  source code. As such, there are compelling reasons to seal this exhibit. *See Agency*

8  *Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011) (source

9  code is "undoubtedly a trade secret" within the sealing context.)

10       **7.**     Exhibit H to the Declaration of Kevin C. Almeroth is a copy of his Rebuttal report

11  dated June 17, 2016 which was designated as Highly Confidential Attorneys' Eyes Only under the

12  Protective Order. The Court has already granted a prior motion to seal the highlighted portions of

13  this exhibit. Dkt. 487 at 10-13. As Cisco did before, Cisco seeks to seal paragraphs Cisco

14  supports the sealing of the highlighted portions of paragraphs 164-166. Paragraphs 164-166

15  contain confidential information about the technology and architecture of Cisco's products. As

16  such, there are compelling reasons to seal the highlighted portions of these paragraphs. *See*

17  *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug.

18  20, 2014) ("highly sensitive information regarding [a party's] product architecture and

19  development" are sealable under the heightened standard for dispositive motions.)

20       **8.**     Exhibit 1 to the Holmes Declaration is an excerpt of the opening expert report of

21  Arista's technical expert Dr. John Black, which was designated as Highly Confidential Attorneys'

22  Eyes Only under the Protective Order. The Court has already granted a prior motion to seal the

23  highlighted portions of this exhibit. Dkt. 487 at 14-15. As Cisco did before, Cisco seeks to seal

24  the highlighted portions of this exhibit which contain discussions of Cisco's confidential source

25  code and  discussions of related confidential third-party source code. As such, there are

26  compelling reasons to seal the highlighted portions of these paragraphs. *See Delphix Corp. v.*

27  02099-00004/8543775.1

28

4

DECLARATION OF SARA E. JENKINS IN SUPPORT OF
CISCO'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL

Case No. 5:14-cv-05344-BLF (NC)

1  *Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) ("highly

2  sensitive information regarding [a party's] product architecture and development" are sealable

3  under the heightened standard for dispositive motions.)

4      **9.**    Exhibit 2 to the Holmes Declaration is copy of Cisco's Supplemental Exhibit F to

5  Cisco's Supplemental Responses to Interrogatory Nos. 16 & 19, which was designated as Highly

6  Confidential Attorneys' Eyes Only under the Protective Order. The highlighted portions of

7  exhibit 2 contain Cisco's confidential source code. The Court has already granted a motion to seal

8  these portions. Compelling reasons exist to seal the highlighted portions of this exhibit. *See*

9  *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug.

10  20, 2014) ("highly sensitive information regarding [a party's] product architecture and

11  development" are sealable under the heightened standard for dispositive motions.)

12      **10.**    Exhibit 13 to the Holmes Declaration is an excerpt from the deposition of Phillip

13  Remaker which was designated as Highly Confidential Attorneys' Eyes Only under the Protective

14  Order. This excerpt contains confidential information about Cisco's product development. As

15  such, compelling reasons exist to seal the highlighted portions of this document. *See Delphix*

16  *Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014)

17  ("highly sensitive information regarding [a party's] product architecture and development" are

18  sealable under the heightened standard for dispositive motions.)

19      **11.**    Cisco also files this motion to seal to provide Arista Networks, Inc. the opportunity

20  to file a declaration pursuant to Civil Local Rule 79-5(e) regarding the confidentiality of the other

21  documents identified in the chart above.

1    I declare under penalty of perjury under the laws of the State of California that the
2 foregoing is true and correct, and that this declaration was executed in Redwood Shores,
3 California, on November 8, 2016.

4

5                                              */s/ Sara E. Jenkins*
                                               Sara E. Jenkins

## SIGNATURE ATTESTATION

Pursuant to Civ. L.R. 5-1(i)(3), the undersigned hereby attests under penalty of perjury that concurrence in the filing of this document has been obtained from the signatory indicated by the "conformed" signature (/s/) of registered ECF User Sara E. Jenkins.

Dated: November 8, 2016                    */s/ John M. Neukom*
                                           John M. Neukom