| | |
|---|---|
| Kathleen Sullivan (SBN 242261)<br>kathleensullivan@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100<br><br>Sean S. Pak (SBN 219032)<br>seanpak@quinnemanuel.com<br>Amy H. Candido (SBN 237829)<br>amycandido@quinnemanuel.com<br>John M. Neukom (SBN 275887)<br>johnneukom@quinnemanuel.com.<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>David Nelson (*admitted pro hac vice*)<br>davenelson@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>500 W Madison St, Suite 2450<br>Chicago, IL 60661<br>Telephone: (312) 705-7465<br>Facsimile: (312) 705 7401 | Steven Cherny *(admitted pro hac vice)*<br>steven.cherny@kirkland.com<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br><br>Adam R. Alper (SBN 196834)<br>adam.alper@kirkland.com<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, California 94104<br>Telephone: (415) 439-1400<br>Facsimile: (415) 439-1500<br><br>Michael W. De Vries (SBN 211001)<br>michael.devries@kirkland.com<br>KIRKLAND & ELLIS LLP<br>333 South Hope Street<br>Los Angeles, California 90071<br>Telephone: (213) 680-8400<br>Facsimile: (213) 680-8500 |

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>         Plaintiff,<br><br>   vs.<br><br>ARISTA NETWORKS, INC.,<br><br>         Defendant. | CASE NO. 5:14-cv-5344-BLF (NC)<br><br>**CISCO'S TRIAL BRIEF RE:<br>COPYRIGHTED WORK**<br><br>**REDACTED VERSION**<br><br>Date: November 21, 2016<br>Time: TBD<br>Dept: Courtroom 3 - 5th Floor<br>Judge: Hon. Beth Labson Freeman |

Pursuant to the Court's direction at the pretrial conference, plaintiff Cisco Systems, Inc. respectfully submits this Trial Brief identifying and further defining the copyrighted works at issue. Specifically, the copyrighted works in this case are: (1) the user interfaces of each of Cisco's four registered operating systems; and (2) the technical documentation of each such system.

### A. Cisco Has Consistently Identified Its User Interfaces And Technical Documentation As The Infringed Works

Cisco's longstanding position has been that Arista infringes both the *user interfaces* found in four Cisco operating systems (sometimes referred to as Cisco's "CLI") and associated technical documentation. *See* ECF 64 ¶ 40 ("Arista Blatantly And Extensively Copied Cisco's CLI"); *id.* ¶ 6 ("Arista also flagrantly copied Cisco's operating system documentation into Arista's documentation."); Cisco's Response to Interrogatory No. 1 (Jenkins Dec. Ex. 2) at 6 ("Arista specifically emphasizes the similarity between its infringing CLI and Cisco's patented and copyrighted CLI to promote sales of its infringing products."); Almeroth Rpt. (ECF 616-4) ¶¶ 48-52 (introducing and explaining Cisco's CLI). This has been Cisco's position since its initial complaint:

> [A] key component of Cisco IOS is the "Command-Line Interface" or CLI. ***The CLI is the <u>user interface</u> by which users of Cisco products communicate with the product in order to configure and manage the product***. Cisco's CLI includes an elaborate taxonomy of unique textual command expressions, authored by Cisco's employees, which a user learns in order to "talk" to the product. … Cisco's CLI also includes an original structure and hierarchy (and naming convention) of command modes and associated prompts …. (ECF 1 ¶ 27 (emphasis added)).

Arista and its experts understand what Cisco alleges was copied. *See* Arista 30(b)(6) Dep. Notice (Jenkins Dec. Ex. 1) ¶¶ 19-21 ("'Cisco IOS' means any Cisco operating system … 'Cisco CLI' means the command-line interface used with and supported by any version of Cisco IOS"); Black Rpt. (ECF 381-1) ¶ 8 (referring to "the aspects of the Cisco CLI over which Cisco asserts copyright protection"); Elsten Rpt. (ECF 382-1) at 13 ("I further understand that Cisco is not alleging that Arista has copied the totality of Cisco's IOS or NX-OS operating systems, or anything close to it."). Arista's efforts to define the works as "computer programs" (ECF 585 at 1) are at odds with this case's history.

### B. Cisco Implements Its User Interfaces In Its Four Operating System Programs

As Arista's expert explains, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1 ███████████████████████████████████████████; *accord* ECF 64 ¶ 6. These four programs provide, among other things, gigabit Ethernet switch functionality, and each is tailored to different product and customer needs. Almeroth Rpt. ¶¶ 66-68 (explaining respective uses). They also generate user interfaces suited to each Cisco networking product's capacity and purpose. The user interfaces include the five building blocks Cisco asserts: multiword command expressions, multiword command hierarchies, modes and prompts, command responses (or "screen outputs"), and help descriptions. Arista formed its EOS user interface ████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████ Accordingly, Arista's user interface infringes each of the user interfaces which implement Cisco CLI in the four operating systems.

The Court should treat a user interface generated by multiple updated versions of a particular operating system as one unified work. Almeroth Rpt. ¶ 97. *See Castle Rock Entm't, Inc. v. Carol Pub. Grp., Inc.*, 150 F.3d 132, 138 (2d Cir. 1998) (84 episodes of *Seinfeld* considered in aggregate); *Eng'g Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1339 (5th Cir. 1994) (similar as to user interface); *Sid & Marty Krofft Tele. Prods. v. McDonald's Corp.*, 1983 WL 1142, at *5 (C.D. Cal. Jan. 12, 1983). The same applies to Cisco's documentation. *Warner Bros. Entm't, Inc. v. RDR Books*, 575 F. Supp. 2d 513, 535 n.14 (S.D.N.Y. 2008) (related books treated as one work).

**C.    Cisco's User Interfaces And Technical Documentation Are Registered**

Contrary to Arista's suggestion (ECF 585 at 2), Cisco did not need to register its user interfaces separately to assert that Arista infringes them. Copyright protection in a computer program includes the protectable elements of "the program's sequence, structure, and organization, as well as the program's user interface." *Oracle Am., Inc. v. Google Inc.*, 750 F.3d 1339, 1355-56 (Fed. Cir. 2014). The Copyright Office advises that "[a] single registration may be made for a computer program and its screen displays" which "will extend to any copyrightable screens generated by the program." *Copyright Registration for Computer Programs*, U.S. Copyright Office Circular 61 (Dec. 2012).

Here, *every* protectable element Cisco has asserted (ECF 552-1) can be found in the registered operating systems' user interfaces. *See* Almeroth Rpt. Exs. 2-6 (detailing where each element can be found in each operating system); Cisco's Response to Interrogatory Nos. 24 & 25 (ECF 345-2)

1  (similar); Ex. F. to Cisco's Response to Interrogatory Nos. 16 & 19 (ECF 616-15) (listing first appearance of each asserted command); *id.* No. 31, Ex. I (ECF 616-17) (help descriptions).  Thus, the 26 registrations properly include Cisco's asserted protectable elements in its user interfaces.

### D. Cisco's User Interfaces May Be Asserted Separately From Its Operating Systems

Each of Cisco's copyright registrations for its operating systems necessarily includes an independent registration for the associated user interface.  Arista distorts Copyright Office policy by arguing that Cisco "cannot assert its user interfaces as separate works distinct from the computer programs of which they are a part."  ECF 585 at 3 (citing 53 Fed. Reg. 21817 (1988 Copyright Office Reg. Decision)).  In fact, the cited statement confirms that, "in the interest of a clear, consistent public record" and to "discourage piecemeal registration," a computer program registration "covers any copyrightable authorship in the screen displays, without any need for a separate registration."  53 Fed. Reg. at 21818.  Courts agree that the proper approach is to treat "the single registration of the computer program as accomplishing ***two interrelated yet distinct registrations***; one of the program itself and one of the screen displays or user interface of that program, to the extent that each contains copyrightable subject matter."  *Mfrs. Techs., Inc. v. Cams, Inc.*, 706 F. Supp. 984, 993 (D. Conn. 1989) (emphasis added); *see also, e.g.*, *Clarity Software, LLC v. Allianz Life Ins. Co. of N. Am.*, 2006 WL 2346292, at *7 (W.D. Pa. Aug. 11, 2006); *Jamison Bus. Sys., Inc. v. Unique Software Support Corp.*, 2005 WL 1262095, at *11 (E.D.N.Y. May 26, 2005); *Napoli v. Sears, Roebuck & Co.*, 874 F. Supp. 206, 211 (N.D. Ill. 1995).  Thus, courts assessing user interface infringement claims regularly treat user interfaces as the relevant works.[1]  This approach recognizes that user interfaces are protectable regardless of whether the underlying source code is copied.  *Napoli*, 874 F. Supp. at 211 ("[T]he reason copyright coverage extends to non-literal elements is that the same non-literal element (i.e., the screen display) can be produced by different source codes.").

---

[1] *See, e.g.*, *Apple Computer, Inc. v. Microsoft Corp.*, 799 F. Supp. 1006, 1026-41 (N.D. Cal. 1992), *aff'd*, 35 F.3d 1335, 1345 (9th Cir. 1994); *Computer Access Tech. Corp. v. Catalyst Enters., Inc.*, 2001 WL 34118030, at *15-17 (N.D. Cal. June 13, 2001); *Softel, Inc. v. Dragon Medical & Sci. Commc'ns*, 118 F.3d 955, 966 (2d Cir. 1997); *Eng'g Dynamics*, 26 F.3d at 1344 ; *Real View, LLC v. 20-20 Techs., Inc.*, 683 F. Supp. 2d 147, 154-58 (D. Mass. 2010); *Clarity Software*, 2006 WL 2346292, at *6-9.  Arista, in contrast, relies on cases not addressing protectability, but rather the third fair-use factor, none of which address the particular circumstances of a user interface.  *See* ECF 585 at 3.

| | |
|---|---|
| Dated: November 10, 2016 | Respectfully submitted, |
| | */s/ John M. Neukom*_____ |
| | Kathleen Sullivan (SBN 242261) |
| | kathleensullivan@quinnemanuel.com |
| | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| | 51 Madison Avenue, 22nd Floor |
| | New York, NY 10010 |
| | Telephone: (212) 849-7000 |
| | Facsimile: (212) 849-7100 |
| | |
| | Sean S. Pak (SBN 219032) |
| | seanpak@quinnemanuel.com |
| | Amy H. Candido (SBN 237829) |
| | amycandido@quinnemanuel.com |
| | John M. Neukom (SBN 275887) |
| | johnneukom@quinnemanuel.com. |
| | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| | 50 California Street, 22nd Floor |
| | San Francisco, CA 94111 |
| | Telephone: (415) 875-6600 |
| | Facsimile: (415) 875-6700 |
| | |
| | David Nelson (*admitted pro hac vice*) |
| | davenelson@quinnemanuel.com |
| | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| | 500 W Madison St, Suite 2450 |
| | Chicago, IL 60661 |
| | Telephone: (312) 705-7465 |
| | Facsimile: (312) 705 7401 |
| | |
| | Steven Cherny *admitted pro hac vice)* |
| | steven.cherny@kirkland.com |
| | KIRKLAND & ELLIS LLP |
| | 601 Lexington Avenue |
| | New York, New York 10022 |
| | Telephone: (212) 446-4800 |
| | Facsimile: (212) 446-4900 |
| | |
| | Adam R. Alper (SBN 196834) |
| | adam.alper@kirkland.com |
| | KIRKLAND & ELLIS LLP |
| | 555 California Street |
| | San Francisco, California 94104 |
| | Telephone: (415) 439-1400 |
| | Facsimile: (415) 439-1500 |
| | |
| | Michael W. De Vries (SBN 211001) |
| | michael.devries@kirkland.com |
| | KIRKLAND & ELLIS LLP |
| | 333 South Hope Street |

1 | Los Angeles, California 90071
Telephone: (213) 680-8400
2 | Facsimile: (213) 680-8500

3 | *Attorneys for Plaintiff Cisco Systems, Inc.*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28