1  Kathleen Sullivan (SBN 242261)
   kathleensullivan@quinnemanuel.com
2  QUINN EMANUEL URQUHART &
   SULLIVAN LLP
3  51 Madison Avenue, 22nd Floor
   New York, NY 10010
4  Telephone: (212) 849-7000
   Facsimile: (212) 849-7100
5
   Sean S. Pak (SBN 219032)
6  seanpak@quinnemanuel.com
   Amy H. Candido (SBN 237829)
7  amycandido@quinnemanuel.com
   John M. Neukom (SBN 275887)
8  johnneukom@quinnemanuel.com.
   QUINN EMANUEL URQUHART &
9  SULLIVAN LLP
   50 California Street, 22nd Floor
10 San Francisco, CA 94111
   Telephone: (415) 875-6600
11 Facsimile: (415) 875-6700

12 David Nelson (*admitted pro hac vice*)
   davenelson@quinnemanuel.com
13 QUINN EMANUEL URQUHART &
   SULLIVAN LLP
14 500 W Madison St, Suite 2450
   Chicago, IL 60661
15 Telephone: (312) 705-7465
   Facsimile: (312) 705 7401
16
   *Attorneys for Plaintiff Cisco Systems, Inc.*

   Steven Cherny *(admitted pro hac vice)*
   steven.cherny@kirkland.com
   KIRKLAND & ELLIS LLP
   601 Lexington Avenue
   New York, New York 10022
   Telephone: (212) 446-4800
   Facsimile: (212) 446-4900

   Adam R. Alper (SBN 196834)
   adam.alper@kirkland.com
   KIRKLAND & ELLIS LLP
   555 California Street
   San Francisco, California 94104
   Telephone: (415) 439-1400
   Facsimile: (415) 439-1500

   Michael W. De Vries (SBN 211001)
   michael.devries@kirkland.com
   KIRKLAND & ELLIS LLP
   333 South Hope Street
   Los Angeles, California 90071
   Telephone: (213) 680-8400
   Facsimile: (213) 680-8500

17

18                **UNITED STATES DISTRICT COURT**

19    **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

20

CISCO SYSTEMS, INC.,                    CASE NO. 5:14-cv-5344-BLF (NC)
21
              Plaintiff,                **CISCO'S TRIAL BRIEF RE:**
22                                       **COPYRIGHTED WORK**
       vs.
23                                       **REDACTED VERSION**
ARISTA NETWORKS, INC.,
24                                       Date:  November 21, 2016
              Defendant.                 Time: TBD
25                                       Dept: Courtroom 3 - 5th Floor
                                         Judge: Hon. Beth Labson Freeman
26

27

28

1    Pursuant to the Court's direction at the pretrial conference, plaintiff Cisco Systems, Inc.

2    respectfully submits this Trial Brief identifying and further defining the copyrighted works at issue.

3    Specifically, the copyrighted works in this case are: (1) the user interfaces of each of Cisco's four

4    registered operating systems; and (2) the technical documentation of each such system.

5    **A.    Cisco Has Consistently Identified Its User Interfaces And Technical Documentation As The Infringed Works**

6

7    Cisco's longstanding position has been that Arista infringes both the ***user interfaces*** found in

8    four Cisco operating systems (sometimes referred to as Cisco's "CLI") and associated technical

9    documentation.  *See* ECF 64 ¶ 40 ("Arista Blatantly And Extensively Copied Cisco's CLI"); *id.* ¶ 6

10   ("Arista also flagrantly copied Cisco's operating system documentation into Arista's

11   documentation."); Cisco's Response to Interrogatory No. 1 (Jenkins Dec. Ex. 2) at 6 ("Arista

12   specifically emphasizes the similarity between its infringing CLI and Cisco's patented and

13   copyrighted CLI to promote sales of its infringing products."); Almeroth Rpt. (ECF 616-4) ¶¶ 48-52

14   (introducing and explaining Cisco's CLI).  This has been Cisco's position since its initial complaint:

15   > [A] key component of Cisco IOS is the "Command-Line Interface" or CLI. ***The CLI is the <u>user interface</u> by which users of Cisco products communicate with the product in order to configure and manage the product***.  Cisco's CLI includes an elaborate taxonomy of unique textual command expressions, authored by Cisco's employees, which a user learns in order to "talk" to the product. … Cisco's CLI also includes an original structure and hierarchy (and naming convention) of command modes and associated prompts ….  (ECF 1 ¶ 27 (emphasis added)).

16

17

18

19   Arista and its experts understand what Cisco alleges was copied.  *See* Arista 30(b)(6) Dep.

20   Notice (Jenkins Dec. Ex. 1) ¶¶ 19-21 ("'Cisco IOS' means any Cisco operating system … 'Cisco CLI'

21   means the command-line interface used with and supported by any version of Cisco IOS");  Black

22   Rpt. (ECF 381-1) ¶ 8 (referring to "the aspects of the Cisco CLI over which Cisco asserts copyright

23   protection"); Elsten Rpt. (ECF 382-1) at 13 ("I further understand that Cisco is not alleging that Arista

24   has copied the totality of Cisco's IOS or NX-OS operating systems, or anything close to it.").  Arista's

25   efforts to define the works as "computer programs" (ECF 585 at 1) are at odds with this case's history.

26   **B.    Cisco Implements Its User Interfaces In Its Four Operating System Programs**

27   As Arista's expert explains,

28

CISCO'S TRIAL BRIEF RE: COPYRIGHTED WORK

1 ██████████████████████████████████████████████ ; *accord* ECF 64 ¶ 6.

2 These four programs provide, among other things, gigabit Ethernet switch functionality, and each is

3 tailored to different product and customer needs.  Almeroth Rpt. ¶¶ 66-68 (explaining respective uses).

4 They also generate user interfaces suited to each Cisco networking product's capacity and purpose.

5 The user interfaces include the five building blocks Cisco asserts: multiword command expressions,

6 multiword command hierarchies, modes and prompts, command responses (or "screen outputs"), and

7 help descriptions.  Arista formed its EOS user interface ████████████████████████

8 ██████████████████████████████████████████████

9 ████████████████████████████████  Accordingly, Arista's user interface

10 infringes each of the user interfaces which implement Cisco CLI in the four operating systems.

11         The Court should treat a user interface generated by multiple updated versions of a particular

12 operating system as one unified work.  Almeroth Rpt. ¶ 97.  *See Castle Rock Entm't, Inc. v. Carol*

13 *Pub. Grp., Inc.*, 150 F.3d 132, 138 (2d Cir. 1998) (84 episodes of *Seinfeld* considered in aggregate);

14 *Eng'g Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1339 (5th Cir. 1994) (similar as to

15 user interface); *Sid & Marty Krofft Tele. Prods. v. McDonald's Corp.*, 1983 WL 1142, at *5 (C.D.

16 Cal. Jan. 12, 1983).  The same applies to Cisco's documentation.  *Warner Bros. Entm't, Inc. v. RDR*

17 *Books*, 575 F. Supp. 2d 513, 535 n.14 (S.D.N.Y. 2008) (related books treated as one work).

18         **C.    Cisco's User Interfaces And Technical Documentation Are Registered**

19         Contrary to Arista's suggestion (ECF 585 at 2), Cisco did not need to register its user interfaces

20 separately to assert that Arista infringes them.  Copyright protection in a computer program includes

21 the protectable elements of "the program's sequence, structure, and organization, as well as the

22 program's user interface." *Oracle Am., Inc. v. Google Inc.*, 750 F.3d 1339, 1355-56 (Fed. Cir. 2014).

23 The Copyright Office advises that "[a] single registration may be made for a computer program and its

24 screen displays" which "will extend to any copyrightable screens generated by the program."

25 *Copyright Registration for Computer Programs*, U.S. Copyright Office Circular 61 (Dec. 2012).

26         Here, *every* protectable element Cisco has asserted (ECF 552-1) can be found in the registered

27 operating systems' user interfaces.  *See* Almeroth Rpt. Exs. 2-6 (detailing where each element can be

28 found in each operating system); Cisco's Response to Interrogatory Nos. 24 & 25 (ECF 345-2)

1    (similar); Ex. F. to Cisco's Response to Interrogatory Nos. 16 & 19 (ECF 616-15) (listing first

2    appearance of each asserted command); *id.* No. 31, Ex. I (ECF 616-17) (help descriptions).  Thus, the

3    26 registrations properly include Cisco's asserted protectable elements in its user interfaces.

4                     **D.      Cisco's User Interfaces May Be Asserted Separately From Its Operating Systems**

5                     Each of Cisco's copyright registrations for its operating systems necessarily includes an

6    independent registration for the associated user interface.  Arista distorts Copyright Office policy by

7    arguing that Cisco "cannot assert its user interfaces as separate works distinct from the computer

8    programs of which they are a part."  ECF 585 at 3 (citing 53 Fed. Reg. 21817 (1988 Copyright Office

9    Reg. Decision)).  In fact, the cited statement confirms that, "in the interest of a clear, consistent public

10   record" and to "discourage piecemeal registration," a computer program registration "covers any

11   copyrightable authorship in the screen displays, without any need for a separate registration."  53 Fed.

12   Reg. at 21818.  Courts agree that the proper approach is to treat "the single registration of the

13   computer program as accomplishing ***two interrelated yet distinct registrations***; one of the program

14   itself and one of the screen displays or user interface of that program, to the extent that each contains

15   copyrightable subject matter."  *Mfrs. Techs., Inc. v. Cams, Inc.*, 706 F. Supp. 984, 993 (D. Conn.

16   1989) (emphasis added); *see also, e.g.*, *Clarity Software, LLC v. Allianz Life Ins. Co. of N. Am.*, 2006

17   WL 2346292, at *7 (W.D. Pa. Aug. 11, 2006); *Jamison Bus. Sys., Inc. v. Unique Software Support*

18   *Corp.*, 2005 WL 1262095, at *11 (E.D.N.Y. May 26, 2005); *Napoli v. Sears, Roebuck & Co.*, 874 F.

19   Supp. 206, 211 (N.D. Ill. 1995).  Thus, courts assessing user interface infringement claims regularly

20   treat user interfaces as the relevant works.[1]  This approach recognizes that user interfaces are

21   protectable regardless of whether the underlying source code is copied.  *Napoli*, 874 F. Supp. at 211

22   ("[T]he reason copyright coverage extends to non-literal elements is that the same non-literal element

23   (i.e., the screen display) can be produced by different source codes.").

24   _____

25   [1]   *See, e.g.*, *Apple Computer, Inc. v. Microsoft Corp.*, 799 F. Supp. 1006, 1026-41 (N.D. Cal. 1992),
     *aff'd*, 35 F.3d 1335, 1345 (9th Cir. 1994); *Computer Access Tech. Corp. v. Catalyst Enters., Inc.*, 2001
26   WL 34118030, at *15-17 (N.D. Cal. June 13, 2001); *Softel, Inc. v. Dragon Medical & Sci. Commc'ns*,
     118 F.3d 955, 966 (2d Cir. 1997); *Eng'g Dynamics*, 26 F.3d at 1344 ; *Real View, LLC v. 20-20 Techs.,*
27   *Inc.*, 683 F. Supp. 2d 147, 154-58 (D. Mass. 2010); *Clarity Software*, 2006 WL 2346292, at *6-9.
     Arista, in contrast, relies on cases not addressing protectability, but rather the third fair-use factor,
28   none of which address the particular circumstances of a user interface.  *See* ECF 585 at 3.

                                            CISCO'S TRIAL BRIEF RE: COPYRIGHTED WORK

1   Dated:  November 10, 2016

Respectfully submitted,

2   */s/ John M. Neukom_____*

3   Kathleen Sullivan (SBN 242261)
    kathleensullivan@quinnemanuel.com
4   QUINN EMANUEL URQUHART &
    SULLIVAN LLP
5   51 Madison Avenue, 22nd Floor
    New York, NY 10010
6   Telephone: (212) 849-7000
    Facsimile: (212) 849-7100

7
    Sean S. Pak (SBN 219032)
8   seanpak@quinnemanuel.com
    Amy H. Candido (SBN 237829)
9   amycandido@quinnemanuel.com
    John M. Neukom (SBN 275887)
10  johnneukom@quinnemanuel.com.
    QUINN EMANUEL URQUHART &
11  SULLIVAN LLP
    50 California Street, 22nd Floor
12  San Francisco, CA 94111
    Telephone: (415) 875-6600
13  Facsimile: (415) 875-6700

14  David Nelson (*admitted pro hac vice*)
    davenelson@quinnemanuel.com
15  QUINN EMANUEL URQUHART &
    SULLIVAN LLP
16  500 W Madison St, Suite 2450
    Chicago, IL 60661
17  Telephone: (312) 705-7465
    Facsimile: (312) 705 7401

18
    Steven Cherny *admitted pro hac vice)*
19  steven.cherny@kirkland.com
    KIRKLAND & ELLIS LLP
20  601 Lexington Avenue
    New York, New York 10022
21  Telephone: (212) 446-4800
    Facsimile: (212) 446-4900

22
    Adam R. Alper (SBN 196834)
23  adam.alper@kirkland.com
    KIRKLAND & ELLIS LLP
24  555 California Street
    San Francisco, California 94104
25  Telephone: (415) 439-1400
    Facsimile: (415) 439-1500

26
    Michael W. De Vries (SBN 211001)
27  michael.devries@kirkland.com
    KIRKLAND & ELLIS LLP
28  333 South Hope Street

-4-                              Case No. 5:14-cv-5344-BLF

1

2

Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

3

*Attorneys for Plaintiff Cisco Systems, Inc.*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:14-cv-5344-BLF

CISCO'S TRIAL BRIEF RE: COPYRIGHTED WORK