Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Steven Cherny (admitted pro hac vice)
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Attorneys for Plaintiff Cisco Systems, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., | CASE NO. 5:14-cv-5344-BLF |
| Plaintiff, | **CISCO SYSTEMS, INC.'S TRIAL BRIEF REGARDING ITS RIGHT TO A JURY DETERMINATION OF WILLFUL COPYRIGHT INFRINGEMENT** |
| vs. | |
| ARISTA NETWORKS, INC., | Dep't:  Courtroom 3, 5th Floor |
| Defendant. | Judge:  Hon. Beth Labson Freeman |

## I.    THE DETERMINATION OF WILLFULNESS OF COPYRIGHT INFRINGEMENT IS TO BE MADE BY THE JURY

Plaintiff Cisco Systems, Inc. is entitled to a jury determination regarding the willfulness of Arista Networks, Inc.'s copyright infringement because willfulness is a question of fact for the jury.  *See Wall Mountain Co. v. Edwards,* 2009 WL 2524195, at \*4–5 (N.D. Cal. Aug. 17, 2009) ("The determination of willfulness is ordinarily a question of fact for the jury."); *Hearst Corp. v. Stark*, 639 F. Supp. 970, 980 (N.D. Cal. 1986) (same).  Willfulness is relevant to at least three independent issues in this case:  (1) Cisco's rebuttal of Arista's attempted laches defense; (2) the calculation of the infringer's profits; and (3) the calculation of statutory damages.  Thus, it is necessary for the jury to determine whether Arista's copyright infringement was willful.

## II.    ARISTA'S ATTEMPTED LACHES DEFENSE REQUIRES THAT WILLFULNESS BE DECIDED BY THE JURY

Arista claims that Cisco's copyright infringement claims are barred by laches, *see* ECF 593 at 7; ECF 65 at XI(5);[1] however, Arista's laches defense is inapplicable if its infringement was willful.  *Evergreen Safety Council v. RSA Network Inc.*, 697 F.3d 1221, 1228 (9th Cir. 2012); *Fahmy v. Jay-Z*, 2013 WL 4500435, at \*4 (C.D. Cal. Aug. 15, 2013).  Where the jury determines that the copyright infringement is willful, that is sufficient "to invoke the willfulness exception" and in those cases "Defendant's laches defense must fail."  *Anhing Corp. v. Thuan Phong Co. Ltd.*, 2015 WL 4517846, at \*8 (C.D. Cal. July 24, 2015) (citing *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 957-58 (9th Cir. 2001)).  Where, as here, "there are issues common to both the equitable and legal claims, 'the legal claims involved in the action must be determined prior to any final court determination of [the] equitable claims.'"  *Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 170 (9th Cir. 1989) (quoting *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 479 (1962)).  Accordingly, the jury should make a determination on willfulness before the equitable defense of laches is taken up by the Court.

---

[1]    Arista's laches defense also fails under *Petrella v. Metro-Goldwyn-Mayer, Inc*., 134 S. Ct. 1962, 1966 (2014), which held that "laches could not be invoked to preclude adjudication of a claim for damages" brought within the statute of limitations period.

## III.    THE JURY MUST DECIDE WILLFULNESS TO CALCULATE ARISTA'S PROFITS

Pursuant to prevailing case law, the Model Jury Instructions for the Ninth Circuit, and copyright law treatises, the defendant should not be permitted to deduct its overhead expenses from the infringer's profits where the copyright infringement is found to be willful.  "[D]eductions of defendant's expenses are denied where the defendant's infringement is willful or deliberate." Instruction No. 17.36, *Ninth Circuit Manual of Model Civil Jury Instructions* (2007) (comment). This Court has expressed a preference in following the model jury instructions in its Pretrial Standing Order and there is no reason to deviate from this practice here.

Although the Ninth Circuit has not ruled on which specific expenses are deductible where the infringement is found to be willful, Ninth Circuit case law suggests that it may limit the deduction of overhead expenses when the infringement is willful.  *See Frank Music Corp. v. MGM, Inc.*, 772 F.2d 505, 515 (9th Cir. 1985) ("[a] portion of an infringer's **overhead** properly may be deducted from gross revenues to arrive at profits, ***at least where the infringement was not willful***, conscious, or deliberate." (emphasis added) (decided under 1909 Act); *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 487-88 (9th Cir. 2000) (in allocating profits, "non-willful infringers" were entitled to deduct from damage assessment income taxes and management fees actually paid).

The leading copyright treatises also support denying the deduction of overhead expenses where the infringement is found to be willful.  Copyright expert William Patry recognizes the need to deny *willful* copyright infringers the deduction of overhead expenses as a disincentive against the taking of a "calculated risk" that the worst that happens if they are caught is they give back the profits, while still deducting the costs of the infringement:

> The lack of an adequate disincentive to infringe through mere disgorgement of profits is a more serious issue.  For nonwillful infringers, no such disincentive is presumably required since the infringement was not motivated by a desire to reap where one hasn't sown.  For willful infringers, though, some take a calculated risk that they will not be caught, but that if they are, the only penalty will be to pay back profits while still deducting the costs of the infringement: not much of a disincentive.  Under such circumstances, denying deductions is scant warning to others that the penalty for not negotiating is not worth the price, but even if a warning is possible, to be effective, the penalty would have to be commonly, if not uniformly, applied.

CISCO SYSTEMS, INC.'S SUBMISSION REGARDING ITS RIGHT TO A JURY DETERMINATION OF WILLFUL COPYRIGHT INFRINGEMENT

PATRY ON COPYRIGHT § 22:143; *see also* NIMMER ON COPYRIGHT § 14.03[C][2]-[3] ("some courts appear to deny a deduction of overhead"); *cf. Oracle Am., Inc. v. Google Inc*, 131 F. Supp. 3rd 946, 951 (N.D. Cal. 2015). Consistent with the case law, model jury instructions, and the Patry treatise, the Ninth Circuit is most likely to preclude at least some overhead expense deductions for infringer's profits where the infringement is willful. Thus, the jury should determine whether Arista's infringement was willful and the jury should be instructed consistent with the above regarding expenses.

## IV.    WILLFULNESS IS RELEVANT TO ANY CLAIM CISCO MAY MAKE FOR STATUTORY DAMAGES

Under the Copyright Act, if copyright infringement is found to be willful, any award of statutory damages can be increased. 17 U.S.C. § 504(c)(2). The Copyright Act provides Cisco with the right to elect either actual or statutory damages "at any time before final judgment is rendered." *Id.* Courts have interpreted this provision broadly, acknowledging that the plaintiff may exercise the right to elect statutory damages at any point, including even after the jury has rendered a verdict. *See, e.g.*, *Oracle*, 131 F. Supp. 3rd 946, 951 (N.D. Cal. 2015); *Feltner v. Columbia Pictures Television, Inc*., 523 U.S. 340, 347 n.5 (1998); *L.A. News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 995 n.8 (9th Cir. 1998). Accordingly, the jury must be charged to make a determination on willfulness should Cisco later opt to elect statutory damages.

## V.    IT IS EFFICIENT TO TRY WILLFULNESS TO THE JURY BECAUSE THE SAME EVIDENCE IS ALSO RELEVANT TO ARISTA'S FAIR USE DEFENSE

In order to rebut Arista's fair use defense, Cisco will be presenting evidence that Arista's copying was done in bad faith as "'the propriety of the defendant's conduct' is relevant to the character of the use at least to the extent that it may knowingly have exploited a purloined work for free that could have been obtained for a fee." *L.A. News Serv. v. KCAL-TV Channel 9*, 108 F.3d 1119, 1122 (9th Cir. 1997). "Fair use presupposes good faith and fair dealing." *Harper & Row Publ'rs v. Nation Enters.*, 471 U.S. 539, 562 (1985). Therefore, to defeat Arista's fair use defense, Cisco will be presenting the very same evidence that relates to Cisco's claim of willfulness so having the jury decide whether Arista's infringement is willful is the most efficient use of the resources of the parties and the Court.

Dated:  November 10, 2016                     Respectfully submitted,

                                              */s/  John M. Neukom*

                                              Kathleen Sullivan (SBN 242261)
                                              kathleensullivan@quinnemanuel.com
                                              QUINN EMANUEL URQUHART &
                                              SULLIVAN LLP
                                              51 Madison Avenue, 22nd Floor
                                              New York, NY 10010
                                              Telephone: (212) 849-7000
                                              Facsimile: (212) 849-7100

                                              Sean S. Pak (SBN 219032)
                                              seanpak@quinnemanuel.com
                                              Amy H. Candido (SBN 237829)
                                              amycandido@quinnemanuel.com
                                              John M. Neukom (SBN 275887)
                                              johnneukom@quinnemanuel.com.
                                              QUINN EMANUEL URQUHART &
                                              SULLIVAN LLP
                                              50 California Street, 22nd Floor
                                              San Francisco, CA 94111
                                              Telephone: (415) 875-6600
                                              Facsimile: (415) 875-6700

                                              Steven Cherny (*admitted pro hac vice*)
                                              steven.cherny@kirkland.com
                                              KIRKLAND & ELLIS LLP
                                              601 Lexington Avenue
                                              New York, New York 10022
                                              Telephone: (212) 446-4800
                                              Facsimile: (212) 446-4900

                                              Adam R. Alper (SBN 196834)
                                              adam.alper@kirkland.com
                                              KIRKLAND & ELLIS LLP
                                              555 California Street
                                              San Francisco, California  94104
                                              Telephone: (415) 439-1400
                                              Facsimile: (415) 439-1500

                                              Michael W. De Vries (SBN 211001)
                                              michael.devries@kirkland.com
                                              KIRKLAND & ELLIS LLP
                                              333 South Hope Street
                                              Los Angeles, California 90071
                                              Telephone: (213) 680-8400
                                              Facsimile: (213) 680-8500

                                              *Attorneys for Plaintiff Cisco Systems, Inc.*

CISCO SYSTEMS, INC.'S SUBMISSION REGARDING ITS RIGHT TO A JURY DETERMINATION OF
WILLFUL COPYRIGHT INFRINGEMENT