KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
BRIAN L. FERRALL - # 160847
DAVID SILBERT - # 173128
MICHAEL S. KWUN - #198945
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    (415) 391-5400
Email:  rvannest@kvn.com;
bferrall@kvn.com; dsilbert@kvn.com;
mkwun@kvn.com

SUSAN CREIGHTON, SBN 135528
SCOTT A. SHER, SBN 190053
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C., 20006-3817
Telephone:  (202) 973-8800
Email:  screighton@wsgr.com;
ssher@wsgr.com

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>            Plaintiff,<br><br>    v.<br><br>ARISTA NETWORKS, INC.,<br><br>            Defendant. | Case No. 5:14-cv-05344-BLF (NC)<br><br>**ARISTA'S BRIEF RE DEFINING CISCO'S COPYRIGHTED WORKS**<br><br>Dept.:      Courtroom 3 - 5th Floor<br>Judge:     Hon. Beth Labson Freeman<br><br>Date Filed:  December 5, 2014<br><br>Trial Date:  November 21, 2016 |

Cisco's copyrighted works at issue in this case are the 26 separate operating systems that Cisco registered with the Copyright Office and asserted in its complaint.  They are not 26 different "user interfaces" manifested by those 26 distinct computer programs, and certainly not a fictional single "user interface" consisting of the set of CLI elements Cisco's lawyers have cherry-picked from across the 26 operating systems to assert here. When given the chance during discovery to declare what "works" it asserted in this case, Cisco never disclosed anything but its registered operating systems. Moreover, Cisco's registration of its 26 operating systems did not create "user interface" copyrighted works separate from the operating systems. The interfaces are merely non-literal elements of Cisco's operating systems, and do not qualify as separate works because they have no independent value. The Court should define Cisco's works as the 26 operating systems it disclosed in discovery and bar Cisco from asserting any of its purported "user interface" works at trial.

**A.    Cisco can assert at trial only the copyrighted "works" it disclosed during discovery: its registered "operating systems," not any form of user interface.**

Cisco cannot now assert new works that it had never before disclosed in discovery.  MIL Order at 9 (re Arista MIL No. 2, ECF 525). Cisco never disclosed anything but its 26 registered operating systems as its asserted copyrighted "works." Cisco registered its works only as "Cisco IOS 11.0," etc., claiming copyright in "[n]ew and revised computer code and accompanying documentation." *E.g.*, SAC Ex. 3 (ECF 64-3). Cisco's Complaint alleged that Arista "copied Cisco's operating system software" (SAC ¶ 6) and described its works as "Cisco's Copyrighted Operating System." *Id.* at ¶ 7. Cisco alleged it owned "copyrights in Cisco's IOS" and labeled its 26 registrations for different versions of the IOS, IOS-XR, IOS-XE, and NX-OS operating systems as the "Copyrighted Works."[1] SAC ¶ 25.

In discovery, Cisco again identified its operating systems as the copyrighted works at issue, explaining that "'Cisco copyrighted works' and 'Cisco's copyrighted works' includes the

---

[1] Cisco makes similar allegations throughout.  *See* SAC ¶ 28 (alleging effort of "developing an operating system"—not the CLI or user interface); *id.* ¶ 42 (infringement was "copying Cisco's copyrighted operating system"); *id.* ¶ 44 (copying of "original and distinctive elements of the Cisco IOS"); *id.* ¶ 45 (copying of "significant portions of Cisco's copyrighted operating system"); *id.* ¶ 50 (Arista "infringed Cisco's copyrights in Cisco IOS (including the CLI)"); *id.* at 29 (Prayer) (Arista to be "enjoined from infringing Cisco's copyrights in Cisco IOS").

*copyrighted operating systems* and related documents." Ex. 1[2] (6/3/16 Rog. Responses) at 7 n.1 (Rog. 21 response; emphasis added); *id.* at 17:15-16 (referring to "[t]he copyrighted works at issue—Cisco's operating systems and accompanying documents").  When asked to identify the copyright-registered works in which allegedly copied material appeared, Cisco listed its "Registered Work[s]" as the 26 operating systems (*i.e.*, "Cisco IOS 11.0")—not a user interface of any kind. *Id.* at 27–33 (Rog. 24); *id.* at 33–37 (Rog. 25); Ex. 2 (5/27/16 Rog. 6 Response, mis-numbered as No. 5) at 38–40 (listing same registered works). Cisco never disclosed nor defined any "user interface" work.  And only two days ago did Cisco assert as the purported work "the elements of Cisco's user interface that support gigabit Ethernet switches."[3]  *See* Cisco Br. (ECF 619) at 3:10–11. Cisco cannot assert any of its new "works" at trial.  *See* MIL Order at 9:14–17.

**B.     Cisco's "user interface" could not be a separate copyright work (even if it had been properly disclosed) because it has no independent life or value.**

The "user interfaces" Cisco asserts now are simply variations on the artificial, litigation-driven "Cisco CLI" work that the Court rejected at summary judgment, with a new name. *See* MSJ Order (ECF 482) at 3–6. They fail for the same reasons their predecessor did. In fact, Cisco previously conceded that a "user interface" is a ***non-literal element*** of its computer programs, which are themselves registered as "literary works."  Cisco MSJ (ECF 348) at 5:1-10; MSJ Tr. (ECF 437) at 10:24-11:3; *see also Johnson Controls, Inc. v. Phoenix Control Sys., Inc.*, 886 F.2d 1173, 1175 (9th Cir. 1989), *overruled on other grounds as stated in Perfect 10 v. Google,* 653 F.3d 976 (2011).

Registration doesn't always define a work,[4] but Cisco can't simply ignore what it actually registered and claim a "work" defined however Cisco wants. The Ninth Circuit has held that for a

---

[2] All references to "Ex. __" are exhibits to the accompanying Declaration of Audrey Hadlock.

[3] Cisco also never disclosed as its asserted "works" **(1)** the "user interface" of its 26 operating systems, defined properly as all aspects of the operating system (including source code) that define or determine how a human user or an automated program interacts with the operating system, **(2)** the "user interface" of any of its 26 operating systems, newly defined by Cisco as "the way a (human) network engineer recognizes, interacts with, and 'talks' to Cisco's network devices" (ECF 619 at 3:14–15), or **(3)** any subset of elements of an operating system or user interface, including for example Cisco's definition as "only the subsections of those [registered] computer programs relevant to Cisco CLI" (which it failed to define) (ECF 456 at 3:6-7).

[4] For example, Cisco can assert each of its separate manuals—independent documents—as discrete "works" even though they were registered along with the operating systems.

work to be separately asserted, it must be truly independent—something that "'can live [its] own copyright life' and 'has an independent economic value and is, in itself, viable.'" *Monge v. Maya Magazines, Inc.*, 688 F.3d 1164, 1180 (9th Cir. 2012) (considering photographs as works; quoting *Columbia Pictures TV, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1193 (9th Cir. 2001) (considering TV show episodes as works)).  No authority permits an amorphous abstraction of a unitary registered work to be considered the "work as a whole" in an infringement analysis, as Cisco seeks to do here.  *See NXIVM Corp. v. Ross Inst.*, 364 F.3d 471, 480-81 (2d Cir. 2004) (rejecting effort to treat "modules" within a manual as separate works); *see also Sony Computer Entm't Am., Inc. v Bleem, LLC*, 214 F.3d 1022, 1028 (9th Cir. 2000) (video game screen shots dismissed as "an insignificant portion of the complex copyrighted work as a whole").[5]  And because Cisco never disclosed a "user interface" as the asserted work, it never provided a factual basis for proving that it has independent economic value, and Arista had no reason to take discovery on the question.

Contrary to Cisco's claims, the Copyright Office has ruled that a computer program's "computer program code and screen displays are integrally related and ordinarily form a *single work*," even though a single registration can protect both types of expression. Ex. 3 (June 3, 1988 Copyright Office Policy Decision) at 3 (emphasis added). Likewise, the Copyright Office's 2014 manual of registration practices explains that "as a general rule, a computer program and the screen displays generated by that program **are considered the same work**, because in most cases the screen displays are created by the program code." *See* Ex. 4 (Compendium of U.S. Copyright Office Practices (3rd Ed., Dec. 22, 2014)), § 721.10(A) (emphasis added). Cisco registered its works here as 26 operating systems, then pled those 26 operating systems as the works in its Complaint, and identified them as the works in discovery.  Those 26 operating systems are the works it must prove are infringed.

---

[5] Cisco's repeated claims that registering the operating systems also implicitly registered the "user interface" of each program as a separate work conflict with this Ninth Circuit law.  The main case Cisco has relied upon is an out-of-circuit Illinois decision that (1) has been vacated and (2) provides no persuasive analysis.  *See Napoli v. Sears, Roebuck & Co.*, 874 F. Supp. 206, 211 (N.D. Ill. 1995), vacated at 926 F. Supp. 780 (N.D. Ill. 1996).

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: November 10, 2016 | KEKER & VAN NEST LLP |
|  | By: */s/ Brian L. Ferrall*<br>BRIAN L. FERRALL |
|  | Attorneys for Defendant<br>ARISTA NETWORKS, INC. |