KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
BRIAN L. FERRALL - # 160847
DAVID SILBERT - # 173128
MICHAEL S. KWUN - #198945
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    (415) 391-5400
Email:  rvannest@kvn.com;
bferrall@kvn.com; dsilbert@kvn.com;
mkwun@kvn.com

SUSAN CREIGHTON, SBN 135528
SCOTT A. SHER, SBN 190053
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C., 20006-3817
Telephone:  (202) 973-8800
Email:  screighton@wsgr.com;
ssher@wsgr.com

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>   Plaintiff,<br><br>   v.<br><br>ARISTA NETWORKS, INC.,<br><br>   Defendant. | Case No. 5:14-cv-05344-BLF (NC)<br><br>**ARISTA'S SUPPLEMENTAL BRIEF REGARDING COPYRIGHT WILLFULNESS**<br><br>Dept.:     Courtroom 3 – 5th Floor<br>Judge:    Hon. Beth Labson Freeman<br><br>Date Filed:  December 5, 2014<br><br>Trial Date:  November 21, 2016 |

Arista respectfully submits this brief regarding whether the Court should give a jury instruction and include a verdict question on copyright willfulness.[1]

The recent *Oracle v. Google* case sets forth a comprehensive analysis of Ninth Circuit law on the circumstances in which copyright willfulness is relevant. 131 F. Supp. 3d 946, 948-56 (N.D. Cal. 2015). There, Oracle alleged that Google had willfully infringed Oracle's copyrights; Google claimed that its use of Oracle's copyrighted works was a fair use. As Cisco has in this case, Oracle's damages expert had put forth a multi-million-dollar damages theory. Before trial, Google argued against submitting willfulness to the jury unless Cisco elected to pursue statutory damages, since willfulness is relevant only as a potential enhancement to statutory damages under 17 U.S.C. § 504(c) and cannot be used to increase the amount of actual damages or disgorgement of profits under Section 504(b). In response, Oracle argued that a finding of willfulness is relevant to disgorgement.

Judge Alsup reviewed all Ninth Circuit authority (including all authority here cited by Cisco), as well as out of state authority, and found that, although the Ninth Circuit had not definitively ruled on the issue, "the most likely outcome in our circuit will be that [federal income and excess profit] taxes will be disallowed for a 'deliberate plagiarist,' but all other categories of deductible expenses will be allowed, even for a 'deliberate plagiarist,' so long as it is proven they contributed to generating the infringement revenue." *Oracle*, 131 F. Supp. 3d at 953. Accordingly, Judge Alsup held that, unless Google stipulated that it would not seek a deduction for its income or excess profit taxes, willfulness could go to the jury.[2] *Id.* at 955.

In this case, Cisco argues that willfulness must be submitted to the jury for four reasons, but none is persuasive. **First**, Cisco argues that although it does not "currently intend to ask for statutory damages," it wants to reserve its right to do so. ECF No. 593 at 18-19. **Second**, Cisco argues that willfulness is relevant to its claim for Arista's profits because a willful infringer cannot deduct certain expenses from its calculation of profits. *Id.* at 19. **Third**, Cisco contends that willfulness is relevant to Arista's fair use defense because fair use presupposes good faith.

---

[1] Arista does not seek to exclude evidence Cisco may wish to offer suggesting that Arista's alleged copyright infringement was intentional, to the extent otherwise relevant.

[2] Judge Alsup then decided that he would only allow damages and willfulness to be presented to the jury if it rejected Google's fair use defense. Because the jury found for Google, willfulness was never tried to the jury.

*Id.*  And *fourth*, Cisco claims that a finding of willful copyright infringement will defeat Arista's laches defense.  *Id.*  Arista addresses each of Cisco's arguments:

*Statutory Damages:* Cisco maintains that copyright willfulness must remain part of this case because, technically, Cisco can elect statutory damages at any time prior to final judgment, and a finding of willfulness would impact the calculation of statutory damages.  Cisco has no intention of discarding its multi-million-dollar damages theory in favor of statutory damages, which under the best of circumstances for Cisco would yield less than 1% of their damages claim (statutory damages range between $750 and $30,000 per work if the infringement is not willful, and between $750 and $150,000 per work if the infringement is willful).

In *Oracle*, Judge Alsup agreed that he could not compel Oracle to elect its measure of damages early on, but he then bifurcated liability and damages "to reduce the burden on the jury." *Oracle*, 131 F. Supp. 3d at 955.  Here, the Court has not bifurcated damages.  Instead, to reduce the burden on the jury, Arista agrees to stipulate that, if Cisco ever elects statutory damages, the Court may make a finding of copyright willfulness for the sole purpose of calculating statutory damages.  This stipulation obviates any need, with respect to the calculation of statutory damages, for the Court to include either a jury instruction or verdict question on copyright willfulness.

*Deduction of Expenses:* A finding of willful copyright infringement does not prevent Arista from deducting expenses (beyond income and excess profit taxes) for purposes of calculating disgorgement.  In arguing that Arista should be precluded from deducting certain expenses, Cisco here makes precisely the same argument that Judge Alsup rejected in *Oracle*.

There is no Ninth Circuit support for altering the calculation of deductible expenses where infringement is willful, *with the exception* of income and excess profit taxes.  131 F. Supp. 3d at 951 ("[A]n examination of the decisional law [in the Ninth Circuit] on this issue finds no authoritative support for altering the calculus of 'deductible expenses' where the infringement at issue was willful, except as to income and excess profits taxes."); *see also ZZ Top v. Chrysler Corp.*, 70 F. Supp. 2d 1167, 1168 (W.D. Wash. 1999) ("Although plaintiffs assert that the preclusion of overhead costs is an accepted practice where the defendant's infringement was willful, the Ninth Circuit has not yet adopted such a rule.").  While a number of cases support a

disallowance of a deduction of income taxes for a willful infringer, *see, e.g., Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 487 (9th Cir. 2000), any that reference a possible expansion of that disallowance are "unpersuasive." *Oracle*, 131 F. Supp. 3d at 954.  In *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 515 (9th Cir. 1985), which Cisco relies upon, there is one line of dictum referencing the issue: "[a] portion of an infringer's overhead properly may be deducted from gross revenues to arrive at profits, at least where the infringement was not willful, conscious, or deliberate."  The Court never holds that a defendant found to willfully infringe cannot deduct expenses, at least because the infringement there was not willful.

In this case, Arista has never elected to seek a deduction for its income or excess profit taxes, and as set forth in the pretrial conference statement, it will not do so.  ECF No. 593 at 17-18.  Accordingly, a finding of copyright willfulness has no impact on Arista's calculation of deductible expenses, and thus does not justify submission of willfulness to the jury.

*Fair Use:*  Cisco argues that a finding of willful copyright infringement is relevant to Arista's fair use defense.  Cisco is partially correct.  Fair use presupposes good faith.  Thus, Arista does not dispute that Cisco can present evidence relating to whether Arista's alleged copyright infringement was intentional.  Cisco may also (as it has already proposed) submit a fair use jury instruction that incorporates the issue of good faith.  *See* ECF No. 603 (Cisco's Proposed Jury Instructions) at 112.  But there is no precedent for taking a *separate verdict question* on willfulness apart from the fair use verdict question, just as there is no reason to break up the other elements of fair use.  *See* ECF No. 595 at 2 (Cisco's Proposed Verdict Form).  Thus, Arista's fair use defense does not open the door for Cisco to label Arista's conduct as "willful," nor can it justify submission of copyright willfulness to the jury.

*Laches:*  Finally, Cisco argues that willfulness is relevant to laches defense.  But as both Cisco and Arista agree, copyright laches is an equitable defense, tried by the Court and not the jury.  Accordingly, there is no reason or basis for the jury to make any findings regarding willfulness in connection with Arista's laches defense.

For the foregoing reasons, Arista respectfully requests that the Court preclude Cisco from submitting the issue of copyright willfulness to the jury.

| | | |
|---|---|---|
| Dated: November 10, 2016 | | KEKER & VAN NEST LLP |
| | | WILSON SONSINI GOODRICH & ROSATI |
| | By: | */s/ Robert A. Van Nest* <br> ROBERT A. VAN NEST |
| | | Attorneys for Defendant <br> ARISTA NETWORKS, INC. |