KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
BRIAN L. FERRALL - #160847
DAVID SILBERT - #173128
MICHAEL S. KWUN - #198945
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    (415) 391-5400
Email:  rvannest@kvn.com;
bferrall@kvn.com; dsilbert@kvn.com;
mkwun@kvn.com

SUSAN CREIGHTON, SBN 135528
SCOTT A. SHER, SBN 190053
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C., 20006-3817
Telephone:  (202) 973-8800
Email:  screighton@wsgr.com;
ssher@wsgr.com

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ARISTA NETWORKS, INC.,<br><br>Defendant. | Case No. 5:14-cv-05344-BLF (NC)<br><br>**DECLARATION OF RYAN K. WONG IN SUPPORT OF PLAINTIFF CISCO SYSTEMS, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CONFIDENTIAL INFORMATION IN CISCO'S TRIAL BRIEF RE: ANALYTIC DISSECTION AND FILTRATION (ECF 616)**<br><br>Judge:       Hon. Beth Labson Freeman<br>Date Filed:  December 5, 2014<br>Trial Date:  November 21, 2016 |

DECLARATION OF RYAN K. WONG IN SUPPORT OF CISCO'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL (ECF 616)
Case No. 5:14-cv-05344-BLF (NC)

1124609

1    I, RYAN K. WONG, declare:

2    1.    I am an attorney licensed to practice law in the State of California and am an associate with the law firm of Keker & Van Nest LLP, located at 633 Battery Street, San Francisco, California 94111, counsel for Defendant Arista Networks, Inc. ("Arista") in the above-referenced action. Unless otherwise stated, the facts I set forth in this declaration are based on my personal knowledge or knowledge I obtained through my review of corporate records or other investigation. If called to testify as a witness, I could and would testify competently to such facts under oath.

3    2.    I submit this declaration in support of the Administrative Motion to File Under Seal Confidential Information in Cisco's Trial Brief Re: Analytic Dissection and Filtration filed by Plaintiff Cisco Systems, Inc. ("Cisco") on November 8, 2016 (ECF 616). I have reviewed Cisco's Motion to Seal and the Civil Local Rules of this Court governing such motions, and submit this supporting declaration under Civil L.R. 79-5(e).

4    3.    Cisco's Motion to Seal seeks to file under seal documents and information submitted in connection with its trial brief on analytic dissection and filtration, which is a non-dispositive brief. Because Cisco's Motion to Seal relates to non-dispositive briefing, the documents and information that the parties request to file under seal are ***not*** subject to a strong presumption of public access. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Rather, the "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure applies to the material that Cisco's Motion to Seal seeks to withhold from public view. *Id.* at 1179. Civil Local Rule 79-5 further requires that a party seeking to seal information and documents "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id*. I submit this declaration to provide additional facts in support of Cisco's Motion to Seal, and to provide facts establishing that the "good cause" standard has been met for materials that Arista seeks to file under seal.

4. For purposes of a motion to seal, I understand that a "trade secret" is "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569–70 (9th Cir. 2008) (nonprecedential) (quoting Restatement (First) of Torts § 757 cmt. b (1939)) (applying the Restatement's definition of trade secret in the record-sealing context); *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (adopting the Restatement's definition of trade secret).

5. I further understand that good cause—indeed, compelling reasons—may exist to file materials under seal when, for example, court filings could be used for improper purposes, such as "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1178–79 (citation omitted). I further understand that good cause and compelling reasons may exist where court filings contain or discuss confidential source code, *see Apple, Inc. v. Samsung Electronics Co., Ltd.*, No. 11-cv-1846, D.I. 2190 at *3 (Dec. 10, 2012); internal and non-public procedures of financial institutions, *see Cowan v. GE Capital Retail Bank*, No. 13-cv-03935-BLF, 2015 WL 1324848, at *1-3 (N.D. Cal. Mar. 24, 2015); information about an entity's confidential "business performance, structure, and finances that could be used to gain unfair business advantage against them," *Schwartz v. Cook*, No. 15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016); "highly sensitive information regarding [an entity's confidential] product architecture and development," *Delphix Corp. v. Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014); emails containing confidential information about an entity's "business practices, recruitment efforts, and discussions regarding potential partnerships with other product manufacturers," *see Koninklijke Philips N.V. v. Elec-Tech International Co., Ltd.*, No. 14-cv-02737-BLF, 2015 WL 581574, at *1–2 (N.D. Cal. Deb. 10, 2015); and "information regarding non-public recruitment efforts and business practices" of a party. *See id.* at *2-3.

6. Cisco submitted a declaration in support of its Motion to Seal (ECF 616-1) that identified and attached highlighted copies of material that should be sealed. To the extent that those exhibits implicate Arista materials, I address those exhibits below in the order that they are

2

DECLARATION OF RYAN K. WONG IN SUPPORT OF CISCO'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL (ECF 616)
Case No. 5:14-cv-05344-BLF (NC)

1124609

1  listed in Cisco's Motion.  Per the instructions provided on the Northern District of California's
2  website, this declaration is drafted so that it does not reveal confidential information, and
3  therefore does not need to be filed under seal.  *See* http://www.cand.uscourts.gov/ecf/underseal.

4        7.    <u>Cisco's Trial Brief Re: Analytic Dissection (ECF 616-23)</u>:  Arista disputes Cisco's
5  characterization of its discovery responses and the underlying evidence in the highlighted
6  portions of this document, but Arista does ***not*** seek to file under seal any of the material
7  highlighted in this document.  Arista takes no position to the extent other parties or non-parties
8  may seek to file under seal any of the material highlighted in this document.

9        8.    <u>Exhibit A to the Declaration of Kevin C. Almeroth in Support of Cisco's Trial
10 Brief Re: Analytic Dissection (ECF 616-4)</u>:  This document is a copy of Dr. Almeroth's Opening
11 Expert Report.  On August 24, 2016, the Court found compelling reasons to seal the highlighted
12 portions of this document and granted Cisco's motion to seal the highlighted portions of this
13 document in connection with the parties' summary judgment briefing.  ECF 487 at 5–10 (the
14 Court's August 24, 2016 Order).  For the same reasons that the Court previously found
15 compelling reasons to seal the highlighted material, there is good cause to seal the Arista
16 confidential information in the highlighted portions of this document:

- Last two lines of page 29 and the first two lines of page 30 disclose the contents of an internal and confidential Arista design document that pertains to the development of its products.  There are compelling reasons to seal highly sensitive information regarding Arista's product architecture and development.  *See Delphix*, 2014 WL 4145520, at *2.
- The highlighted portions of Paragraph 78 on page 31 disclose the substance of, and quote directly from, confidential customer communications by Arista relating to product support and both product and documentation development.  There are compelling reasons to seal highly sensitive information regarding Arista's product architecture and development, as well as its confidential business practices regarding customer support and documentation.  *See Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1–2.

3
DECLARATION OF RYAN K. WONG IN SUPPORT OF CISCO'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL (ECF 616)
Case No. 5:14-cv-05344-BLF (NC)

1124609

- The highlighted portions of Paragraph 79 on pages 31and 32 disclose the substance of, and quote directly from, confidential internal communications by Arista relating to product support and documentation development.  There are compelling reasons to seal highly sensitive information about its confidential business practices regarding customer support and documentation.  *See Koninklijke Philips*, 2015 WL 581574, at *1–2.

- A portion of the reproduced testimony from the deposition of Arista employee Kenneth Duda on page 49 of this exhibit—specifically, the testimony from 150:24 through 151:8 of the cited deposition transcript—should be sealed because it discusses confidential information regarding networking equipment used by Arista's customers.  *See Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1–2.

- The highlighted portions of Paragraph 118 on page 56 disclose internal and confidential Arista communications regarding feature-specific product development decisions and customer support communications relating to Arista products.  There are compelling reasons to seal highly sensitive information about Arista's product development decisions and confidential business practices regarding customer support.  *See Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1–2.

- Paragraphs 138 and 142, including the excerpted deposition transcripts and images taken from highly confidential Arista documents that are a part of those paragraphs, should be sealed in their entirety because they discuss and reveal multiple details regarding Arista's non-public, internal competitive testing and analysis procedures underlying Arista's product design and development.  Such competitive intelligence and product development information is meets the compelling-reasons standard for sealing.  *See Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1–2.

4
DECLARATION OF RYAN K. WONG IN SUPPORT OF CISCO'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL (ECF 616)
Case No. 5:14-cv-05344-BLF (NC)

1124609

- The highlighted portions of Paragraphs 147 and 148, including each of the bullet points on pages 71 through 77 (which are part of Paragraph 148), should be sealed because they discuss the design and development of specific features of Arista's products, and Arista maintains that information about its specific design decisions as highly confidential. Paragraph 147 discusses testimony from Arista witnesses regarding details about Arista's internal and confidential product development process and strategies. Paragraph 148 and each of the bullet points within it are specifically directed at internal Arista emails and presentations regarding product architecture and development, and the bullet points discuss non-public development strategies for specific aspects of the Arista product. There are compelling reasons to seal sensitive feature-specific details regarding Arista's internal product design and development process. *See Delphix*, 2014 WL 4145520, at *2.

- Footnote 102 should be sealed because it quotes testimony from an Arista engineer regarding the design and development of a specifically identified feature of Arista's products. Similarly, Footnote 118 should be sealed because it quotes testimony from a highly confidential internal Arista communication that discusses the design and development of a specifically identified feature of Arista's products. Arista maintains such product-development information about its design decisions as highly confidential. There are compelling reasons to seal sensitive feature-specific details regarding Arista's internal product design and development process. *See Delphix*, 2014 WL 4145520, at *2.

- Paragraphs 149 through 151, including the excerpted graphics in Paragraphs 150 and 151, should be sealed because they discuss the results of a highly confidential product comparison analysis conducted by Arista. There are compelling reasons to seal this information because these paragraphs (and the excerpted images) reveal the detailed results of these internal tests, and Arista's competitive sales strategies regarding those results. That information is highly confidential to Arista

5

DECLARATION OF RYAN K. WONG IN SUPPORT OF CISCO'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL (ECF 616)
Case No. 5:14-cv-05344-BLF (NC)

1124609

as part of its product development and testing process, as well as its sales and marketing strategies.  This is the type of sensitive technical product information and competitive intelligence that would cause competitive harm to Arista if disclosed publicly.  *See Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1–2.

- Paragraph 152 and the excerpted images within it (which extend to the top of page 80) should be sealed because they reveal the results of a highly confidential competitive analysis performed by Arista regarding the preferences of its customers, and also discuss particular tracking documents that are part of Arista's internal development and design process.  That information is highly confidential to Arista, and is the type of sensitive product development information and competitive/customer intelligence that would cause competitive harm to Arista if disclosed publicly.  *See Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1–2.

- The images shown in Paragraphs 170 and 171 should be sealed because they reveal confidential information about the development of certain accused features of Arista's products (image in Paragraph 170, at the top of page 89), and about Arista's source code (image in Paragraph 171, at the top of page 90).  *See Delphix*, 2014 WL 4145520, at *2; *Apple*, No. 11-cv-1846, D.I. 2190 at *3.

- The excerpted deposition testimony of Adam Sweeney in Paragraph 195 and 196 (which extends from the bottom of page 103 to the top of page 104) should be sealed because it discusses the non-public details of a particular technical support request for an Arista product, and Arista's internal process for resolving the request. Such details regarding the internal business processes for responding to specific technical support requests should remain under seal.  *See Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1–2.

- The highlighted portion of Paragraph 203 should be sealed because it discusses highly confidential information and cites from an internal, non-public Arista

6
DECLARATION OF RYAN K. WONG IN SUPPORT OF CISCO'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL (ECF 616)
Case No. 5:14-cv-05344-BLF (NC)

1124609

    document regarding the development of a particular aspect of the Arista product. Such sensitive details regarding the development of Arista's products should remain under seal. *See Delphix*, 2014 WL 4145520, at *2.

- The highlighted portions of Paragraphs 219 and 220, and the excerpted images within Paragraph 219 (which extend from pages 113 to 115) should be sealed because they reveal (and excerpt) highly confidential sales materials created by Arista for a non-public presentation to a particular prospective customer, and therefore reveal Arista's internal competitive sales strategies. This information is highly confidential to Arista, and is the type of sensitive competitive materials that would cause competitive harm to Arista if disclosed publicly. *See Koninklijke Philips*, 2015 WL 581574, at *1–2.

- The following portions of Paragraph 237 should be sealed: (1) The excerpted deposition testimony of Arista employee Kenneth Duda from page 145, line 14 to page 146, line 20 of the transcript excerpt. That portion of the excerpted Duda deposition transcript discusses Arista's internal customer intelligence regarding customer preferences in particular market segments, and the benefits of certain development approaches taken by Arista vis-à-vis that intelligence. (2) The entire excerpted deposition testimony of Arista employee Anshul Sadana. The excerpted Sadana deposition transcript discusses Arista's internal customer intelligence regarding customer preferences, and the benefits of certain development approaches taken by Arista vis-à-vis that intelligence. Those portions of Paragraph 237 should be sealed. *See Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1–2.

- The following portions of Paragraph 238 should be sealed: The excerpted deposition testimony of Arista employee Kenneth Duda from page 176, line 14 to page 177, line 8 of the transcript should be sealed because it discusses confidential information regarding networking equipment used by Arista's customers. *See Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1–2.

7
DECLARATION OF RYAN K. WONG IN SUPPORT OF CISCO'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL (ECF 616)
Case No. 5:14-cv-05344-BLF (NC)

1124609

- The bullet points in Paragraph 240 should be sealed because they quote from highly confidential internal Arista development documents that discuss the strategic decisions underlying the development and architecture of Arista products. Such sensitive information should remain under seal. *See Delphix*, 2014 WL 4145520, at *2.

- Paragraph 241 should be sealed because it reveals internal and highly sensitive customer intelligence about the usage of particular features in Arista's products by its customers, which could be used by competitors for purposes of developing features on their own products. *See Koninklijke Philips*, 2015 WL 581574, at *1–2.

- The sentence in Paragraph 250 that starts with "For example, ...." should be sealed because it quotes from highly confidential internal Arista development document discussing the strategic decisions underlying the development and architecture of Arista products. Such sensitive information should remain under seal. *See Delphix*, 2014 WL 4145520, at *2.

9. <u>Exhibit C to the Declaration of Kevin C. Almeroth in Support of Cisco's Trial Brief Re: Analytic Dissection</u> (ECF 616-5): Arista seeks to file under seal the highlighted portions (the second to last column of the table outlined in red) of this document. There is good cause to seal those portions of the document because they reveal internal, non-public information regarding Arista's source code and the development timeline of features within Arista's products. Feature-specific details regarding Arista's internal product design and development process and timeline should remain under seal. *See Delphix*, 2014 WL 4145520, at *2.

10. <u>Exhibit F to the Declaration of Kevin C. Almeroth in Support of Cisco's Trial Brief Re: Analytic Dissection</u> (ECF 616-7): Arista seeks to file under seal the highlighted portions (the last column of the table outlined in red) of this document. There is good cause to seal those portions of the document because they reveal internal, non-public information regarding Arista's source code and the development timeline of features within Arista's products.

8
DECLARATION OF RYAN K. WONG IN SUPPORT OF CISCO'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL (ECF 616)
Case No. 5:14-cv-05344-BLF (NC)

1124609

Feature-specific details regarding Arista's internal product design and development process and timeline should remain under seal. *See Delphix*, 2014 WL 4145520, at *2.

11. <u>Exhibit G to the Declaration of Kevin C. Almeroth in Support of Cisco's Trial Brief Re: Analytic Dissection</u> (ECF 616-9): Line-specific and file-specific details about Arista's product source code are discussed throughout this two-hundred page document, and such information is interspersed with similarly detailed information about Cisco's source code. Arista maintains much of its product source code as highly confidential and non-public, and it would cause harm to Arista if information about its confidential product source code is made public. There is good cause to seal confidential source code information in non-dispositive court filings. *See Delphix*, 2014 WL 4145520, at *2; *Apple*, No. 11-cv-1846, D.I. 2190 at *3. Arista takes no position on whether Cisco's source code information should be sealed, but notes that Arista's source code information is intertwined with the Cisco source code discussed in this document, and therefore requests sealing the document in its entirety.

12. <u>Exhibit H to the Declaration of Kevin C. Almeroth in Support of Cisco's Trial Brief Re: Analytic Dissection</u> (ECF 616-11): This document is a copy of Dr. Almeroth's Rebuttal Expert Report. On August 24, 2016, the Court found compelling reasons to seal the highlighted portions of this document and granted Cisco's motion to seal the highlighted portions of this document in connection with the parties' summary judgment briefing. ECF 487 at 10–13 (the Court's August 24, 2016 Order). For the same reasons that the Court previously found compelling reasons to seal the highlighted material, there is good cause to seal the Arista confidential information in the highlighted portions of this document:

- Footnote 106 on Page 60, which reproduces testimony from the Rule 30(b)(6) deposition of Arista employee Anshul Sadana, should be sealed because it reveals non-public and highly confidential information about the impact of specific features in Arista's products on Arista's sales cycles. There are compelling reasons to seal this information as it relates both to internal product development as well as sensitive competitive information regarding customer preferences, what

9
DECLARATION OF RYAN K. WONG IN SUPPORT OF CISCO'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL (ECF 616)
Case No. 5:14-cv-05344-BLF (NC)

1124609

product features may or may not impact sales.  *See Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1–2.

- The highlighted text in Paragraph 138, sub-sections (a), (c), (d), (e), (g), (h), (i), (j) are excerpts from highly confidential internal Arista documents and communications that discuss internal design and development decisions and strategic reasons regarding specific aspects of Arista's products.  Given the sensitivity of Arista's confidential product design and development decision-making processes, those portions of Paragraph 138 should be sealed.  *See Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1–2.

- The quoted text pulls in Paragraph 143 are excerpts from highly confidential internal Arista documents and communications that discuss internal design and development decisions and strategic reasons regarding specific aspects of Arista's products.  Given the sensitivity of Arista's confidential product design and development decision-making processes, those portions of Paragraph 143 should be sealed.  *See Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1–2.

- Paragraph 144, including the excerpted image, should be sealed in its entirety because it discusses the results of a highly confidential product comparison analysis conducted by Arista.  There are compelling reasons to seal this information because these paragraphs (and the excerpted image) reveal the detailed results of these internal tests, and Arista's competitive sales strategies and conclusions regarding those results.  That information is highly confidential to Arista as part of its product development and testing process, as well as its sales and marketing strategies.  This is the type of sensitive technical product information and competitive intelligence that would cause competitive harm to Arista if disclosed publicly.  *See Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1–2.

- The quoted text pull in Paragraph 146 is an excerpt from a highly confidential internal Arista document that discusses internal design and development decisions and

10
DECLARATION OF RYAN K. WONG IN SUPPORT OF CISCO'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL (ECF 616)
Case No. 5:14-cv-05344-BLF (NC)

1124609

strategic reasons regarding specific aspects of Arista's products.  Given the sensitivity of Arista's confidential product design and development decision-making processes, that portion of Paragraph 146 should be sealed.  *See Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1–2.

- In Paragraph 147, the second sentence (starting with "In 2010 …") through to the sentence that starts with "Arista's CEO …" should be sealed because they discuss and excerpt material from internal Arista communications that reveal Arista's strategic decision-making regarding customer preferences/complaints and the development of user documentation.  Given the sensitivity of this internal information about Arista's customers and its documentation strategies, those portions of Paragraph 147 should be sealed.  *See Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1–2.

- The bullet points in Paragraph 149 should be sealed because they quote directly from internal Arista documents and communications that reveal customer intelligence regarding customer preferences, the benefits that customers receive from particular aspects of Arista's products, and Arista's sales and marketing strategies with respect to those preferences and benefits.  This type of internal strategic competitive information should be sealed.  *See Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1–2.

- Paragraph 154 and footnote 168 should be sealed in their entirety because they reveal highly confidential information regarding the development and features of future releases of Arista's products.  There are compelling reasons to seal sensitive information about unreleased Arista products.  *See Delphix*, 2014 WL 4145520, at *2.

- Paragraph 160 should be sealed in its entirety because it discusses the same highly confidential comparative study between Arista's products and competing products that is discussed in Paragraph 144 of this same exhibit (which Arista also seeks to seal), and Arista's conclusions and strategic use of that internal research.  It also discloses Arista's sensitive competitive sales strategies with respect to communications to

11

DECLARATION OF RYAN K. WONG IN SUPPORT OF CISCO'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL (ECF 616)
Case No. 5:14-cv-05344-BLF (NC)

1124609

prospective customers regarding product differentiation.  There are compelling reasons to seal this type of competitive intelligence, including Arista's business strategies.  *See Koninklijke Philips*, 2015 WL 581574, at *1–2.

13. <u>Exhibit 4 to the Declaration of Drew Holmes in Support of Cisco's Trial Brief Re: Analytic Dissection</u> (ECF 616-17):  Arista does ***not*** seek to file under seal any of the material highlighted in this document.  Arista takes no position to the extent other parties or non-parties may seek to file under seal any of the material highlighted in this document.

14. <u>Exhibit 11 to the Declaration of Drew Holmes in Support of Cisco's Trial Brief Re: Analytic Dissection</u> (ECF 616-18):  This exhibit consists of excerpts from the January 29, 2016 deposition transcript of Arista employee Adam Sweeney.  There is good cause to seal the following portions of this deposition transcript:

- Pages 174:3–175:3
- Page 176:7–25
- Pages 216:1–219:25

The foregoing portions of Mr. Sweeney's deposition transcript should be sealed because they discuss and disclose internal, non-public information regarding competitive intelligence, Arista sales strategies, and Arista's interactions with customers, and also reveal details regarding Arista's internal, highly confidential product development and design process.  There is good cause to seal this type of sensitive, internal information about product sales and development.  *See In re Elec. Arts, Inc.*, 298 F. App'x at 569–70; *Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015 WL 581574, at *1–2; *see also Schwartz*, 2016 WL 1301186, at *2 (discussing the harm that could result by the dissemination of similar sensitive internal business information to competitors, who would find it valuable).

15. <u>Exhibit 16 to the Declaration of Drew Holmes in Support of Cisco's Trial Brief Re: Analytic Dissection</u> (ECF 616-20):  This exhibit consists of Arista's supplemental discovery responses to Cisco's Interrogatory No. 9.  There is good cause to seal the following portions of this document:

- The table starting on Page 8, line 13, and ending on Page 9, line 28

12

DECLARATION OF RYAN K. WONG IN SUPPORT OF CISCO'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL (ECF 616)
Case No. 5:14-cv-05344-BLF (NC)

1124609

1     • The table starting on Page 10, line 6, and ending on Page 12, line 3

2     • The table starting on Page 12, line 13, and ending on Page 16, line 11

3     • The table starting on Page 16, line 20, and ending on Page 23, line 15

4     • The information on Page 23, lines 16 though 27

The foregoing portions of this document contain details of Arista's internal product design and development efforts that are non-public and highly confidential. There is good cause to keep such product design and development information under seal. *See Delphix*, 2014 WL 4145520, at *2; *Apple*, No. 11-cv-1846, D.I. 2190 at *3.

16. <u>Exhibit 17 to the Declaration of Drew Holmes in Support of Cisco's Trial Brief Re: Analytic Dissection</u> (ECF 616-21): This exhibit consists of Arista's supplemental discovery responses to Cisco's Interrogatory No. 26. There is good cause to seal the following portions of this document:

    • The table starting on Page 7, line 11, and ending on Page 18, line 13

The foregoing portions of this document contain details of Arista's internal product design and development efforts with respect to its product source code that are non-public and highly confidential. There is good cause to keep such product design and development information under seal. *See Delphix*, 2014 WL 4145520, at *2; *Apple*, No. 11-cv-1846, D.I. 2190 at *3.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on November 14, 2016, in San Francisco, California.

_____
RYAN K. WONG

13
DECLARATION OF RYAN K. WONG IN SUPPORT OF CISCO'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL (ECF 616)
Case No. 5:14-cv-05344-BLF (NC)

1124609