Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

David Nelson (*admitted pro hac vice*)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
500 W Madison St, Suite 2450
Chicago, IL 60661
Telephone: (312) 705-7465
Facsimile: (312) 705 7401

Steven Cherny (*admitted pro hac vice*)
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ARISTA NETWORKS, INC., <br><br> Defendant. | CASE NO. 5:14-cv-5344-BLF (NC) <br><br> **DECLARATION OF SARA E. JENKINS IN SUPPORT OF ARISTA'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL IN CONNECTION WITH ARISTA'S OPENING BRIEF ON ANALYTIC DISSECTION (Dkt. 612)** |

02099-00004/8563897.1

## DECLARATION OF SARA E. JENKINS

I, Sara E. Jenkins, declare as follows:

**1.** I am an attorney licensed to practice in the State of California and am admitted to practice before this Court. I am an associate with the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Plaintiff Cisco Systems, Inc. ("Cisco"). I have personal knowledge of the matters set forth in this Declaration, and if called as a witness I would testify competently to those matters.

**2.** I make this declaration in in support of Arista Networks Inc.'s ("Arista") Administrative Motion to File Under Seal Confidential Information in connection with Arista's Opening Brief on Analytic Dissection. Dkt. 612. I make this declaration in accordance with Civil Local Rule 79-5(e)(1) on behalf of Cisco to confirm that the information contained in the documents referenced in the Sealing Motion should be sealed.

**3.** Arista's brief is non-dispositive. In this context, materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamkana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003)). In addition, Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, that the document is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id*.

**4.** Pursuant to Civil L.R. 79-5(e), good cause exists to seal the portions of the documents set forth below, because the information sought to be sealed reflects confidential information that "give[s] [Cisco] an opportunity to obtain an advantage over competitors who do not know or use it." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting

*Restatement of Torts* § 757, cmt b).  In many cases, the Court has already found good cause and ordered these documents sealed.  Dkts. 487, 490, 604.

**5.** Exhibit 9 contains Cisco's confidential source code, which was designated as "Highly Confidential – Attorneys' Eyes Only" under the protective order in this matter and should be sealed in its entirety.  Good cause exists for sealing documents that describe or disclose confidential source code, because such materials can be filed under seal even under the more stringent test applied for dispositive motions, which requires "compelling" reasons. *See Apple, Inc. v. Samsung Electronics Co., Ltd.*, No. 11-cv-1846, D.I. 2190 at *3 (Dec. 10, 2012).

**6.** Exhibit 10 contains Cisco's confidential source code, which was designated as "Highly Confidential – Attorneys' Eyes Only" under the protective order in this matter and should be sealed in its entirety.  Good cause exists for sealing documents that describe or disclose confidential source code, because such materials can be filed under seal even under the more stringent test applied for dispositive motions, which requires "compelling" reasons. *See Apple, Inc. v. Samsung Electronics Co., Ltd.*, No. 11-cv-1846, D.I. 2190 at *3 (Dec. 10, 2012).

**7.** Exhibit 11 is a compilation of deposition transcripts, that was previously filed at Dkt 512-8.  Cisco previously supported sealing 9:21-23 of the Li excerpt and 8:11-19 of the Liu excerpt because those portions contain personal information related to the witnesses.  The Court granted Cisco's sealing request at Dkt. 487.  Cisco renews its request for this information to be sealed for the privacy of the witnesses.

**8.** Exhibit 13 is a confidential Cisco email that was designated as "Highly Confidential – Attorneys' Eyes Only" under the protective order in this matter.  Cisco previously sought to have this entire document sealed, and that request was granted at Dkt. 487.  Cisco renews its request to seal this document because it contain Cisco's confidential business information regarding, *inter alia*, Cisco's product development.  Maintaining this information as confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who may compete with Cisco and gather information regarding the same less optimally than Cisco.

1  *Elec. Arts*, 298 F. App'x at 569.  Accordingly, this information should be sealed.  *See Delphix*

2  *Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014)

3  (compelling reasons exist to seal documents containing "highly sensitive information regarding [a

4  party's] product architecture and development.)

5    **9.**  Exhibit 14 is a confidential Cisco document that was designated as "Highly

6  Confidential – Attorneys' Eyes Only" under the protective order in this matter.  Cisco previously

7  sought to have this entire document sealed, and that request was granted at Dkt. 487.  Cisco

8  renews its request to seal this document because it contain Cisco's confidential business

9  information regarding, *inter alia*, Cisco's product development.  Maintaining this information as

10  confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who

11  may compete with Cisco and gather information regarding the same less optimally than Cisco.

12  *Elec. Arts*, 298 F. App'x at 569.  Accordingly, this information should be sealed.  *See Delphix*

13  *Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014)

14  (compelling reasons exist to seal documents containing "highly sensitive information regarding [a

15  party's] product architecture and development.)

16    **10.**  Exhibit 15 is an excerpt from the deposition of Anthony Li, which was designated

17  as Highly Confidential – Attorneys' Eyes Only" under the protective order in this matter.  Cisco

18  previously sought to have portions of the transcript sealed, and that request was granted at Dkt.

19  487.  Cisco renews its request to seal 9:21-23; 152:8-20; 227:19- 22; 236:22-24 because they

20  contain personal information about the witness and confidential information about Cisco's product

21  development.  Maintaining this information as confidential provides Cisco with an "opportunity to

22  obtain an advantage over competitors" who may compete with Cisco and gather information

23  regarding the same less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Accordingly, this

24  information should be sealed.  *See Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014

25  WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (compelling reasons exist to seal documents

26

27  02099-00004/8563897.1

28

1  containing "highly sensitive information regarding [a party's] product architecture and
2  development.)

3  **11.**   Exhibit 16 is an excerpt from the deposition of Phillip Remaker, which was
4  designated as Highly Confidential – Attorneys' Eyes Only" under the protective order in this
5  matter.  Cisco previously sought to have portions of the transcript sealed, and that request was
6  granted at Dkt. 487.  Cisco renews its request to seal 27:1-29:25; 38:2-45:25; 50:2-57:25; 62:1-
7  73:24; 82:1-85:19 because they contain confidential information about Cisco's product
8  development.  Maintaining this information as confidential provides Cisco with an "opportunity to
9  obtain an advantage over competitors" who may compete with Cisco and gather information
10 regarding the same less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Accordingly, this
11 information should be sealed.  *See Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014
12 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (compelling reasons exist to seal documents
13 containing "highly sensitive information regarding [a party's] product architecture and
14 development.)

15 **12.**   Exhibit 17 is a confidential Cisco document that was designated as "Highly
16 Confidential – Attorneys' Eyes Only" under the protective order in this matter.  Cisco previously
17 sought to have this entire document sealed, and that request was granted at Dkt. 487.  Cisco
18 renews its request to seal this document because it contain Cisco's confidential business
19 information regarding, *inter alia*, Cisco's product development.  Maintaining this information as
20 confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who
21 may compete with Cisco and gather information regarding the same less optimally than Cisco.
22 *Elec. Arts*, 298 F. App'x at 569.  Accordingly, this information should be sealed.  *See Delphix*
23 *Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014)
24 (compelling reasons exist to seal documents containing "highly sensitive information regarding [a
25 party's] product architecture and development.)

**13.** Exhibit 20 is the Opening Expert Report of John Black, which contains information designated by Cisco as "Highly Confidential – Attorneys Eyes Only." Cisco previously sought to have portions of this document sealed, and that request was granted at Dkt. 487. Cisco renews its request to seal paragraphs 120, 123-125, 132, 161, 433, 438, 448-459, 461-471, 478-482, 498, 500-502, 504, 508, 510, 514, 515, 570, 580, 636, 689-691, 696, 700 and footnotes 32, 35, 40, and 128. These portions of this exhibit contain Cisco's confidential source code, discussions of related confidential third-party source code, as well as confidential information about Cisco's licenses, business development, and competitive intelligence. As such, there are compelling reasons to seal the specified portions of this document. *See Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011) (source code is "undoubtedly a trade secret" within the sealing context); *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (documents containing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them," are properly sealed); *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (compelling reasons exist to seal documents containing "highly sensitive information regarding [a party's] product architecture and development.")

**14.** Exhibit 22 is the Rebuttal Expert Report of John Black, which contains information designated by Cisco as "Highly Confidential – Attorneys Eyes Only." Cisco previously sought to have portions of this document sealed, and that request was granted at Dkt. 487. Cisco renews its request to seal paragraphs 50-51, 55, 148, 155, 156, 159, 160, 165, and 170.. These portions of this exhibit contain Cisco's confidential source code, discussions of related confidential third-party source code, as well as confidential information about Cisco's licenses, business development, and competitive intelligence. As such, there are compelling reasons to seal the specified portions of this document. *See Agency Solutions.Com, LLC v. TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011) (source code is "undoubtedly a trade secret" within the sealing context); *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal.

1  Apr. 4, 2016) (documents containing "information about [a party's] business performance,

2  structure, and finances that could be used to gain unfair business advantage against them," are

3  properly sealed); *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2

4  (N.D. Cal. Aug. 20, 2014) (compelling reasons exist to seal documents containing "highly

5  sensitive information regarding [a party's] product architecture and development.")

6      **15.**    Exhibit 30 is an excerpt from the deposition of Kirk Lougheed, which was

7  designated as Highly Confidential – Attorneys' Eyes Only" under the protective order in this

8  matter. Cisco previously sought to have portions of the transcript sealed, and that request was

9  granted at Dkt. 487. Cisco renews its request to seal 259:15-260:22; 261:18-22; 267:4-295:1;

10  296:23-298:16, 346:18-374:18; 379:2-25 because these portions contain confidential information

11  about Cisco's source code and product development. Maintaining this information as confidential

12  provides Cisco with an "opportunity to obtain an advantage over competitors" who may compete

13  with Cisco and gather information regarding the same less optimally than Cisco. *Elec. Arts*, 298

14  F. App'x at 569. Accordingly, this information should be sealed. *See Delphix Corp. v. Actifio,*

15  *Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (compelling

16  reasons exist to seal documents containing "highly sensitive information regarding [a party's]

17  product architecture and development.)

18      **16.**    Exhibit 36 is an excerpt from the deposition Tong Liu, which was designated as

19  Highly Confidential – Attorneys' Eyes Only" under the protective order in this matter. Cisco

20  previously sought to have portions of the transcript sealed, and that request was granted at Dkt.

21  604. Cisco renews its request to seal pages 167-172 because these portions contain confidential

22  information about Cisco's product development. Maintaining this information as confidential

23  provides Cisco with an "opportunity to obtain an advantage over competitors" who may compete

24  with Cisco and gather information regarding the same less optimally than Cisco. *Elec. Arts*, 298

25  F. App'x at 569. Accordingly, this information should be sealed. *See Delphix Corp. v. Actifio,*

26  *Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (compelling

27

28  DECLARATION OF SARA E. JENKINS IN SUPPORT OF
ARISTA'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL

Case No. 5:14-cv-05344-BLF (NC)

1  reasons exist to seal documents containing "highly sensitive information regarding [a party's]
2  product architecture and development.)

3  **17.**   Exhibit 38 is the Supplemental Expert Report of John Black, which contains
4  information designated by Cisco as "Highly Confidential – Attorneys Eyes Only."   Cisco
5  previously sought to have portions of this document sealed, and that request was granted at Dkt.
6  604.  Cisco renews its request to seal paragraphs 13, 23, 35, 59, 76, 78, 80, 84, 85, 98, 99, 100 and
7  footnote 11.  These portions of this exhibit contain Cisco's confidential source code, discussions
8  of related confidential third-party source code, as well as confidential information about Cisco's
9  licenses, business development, and competitive intelligence. As such, there are compelling
10 reasons to seal the specified portions of this document. *See Agency Solutions.Com, LLC v.*
11 *TriZetto Group, Inc.*, 819 F. Supp. 2d 1001, 1017 (E.D. Cal. 2011) (source code is "undoubtedly a
12 trade secret" within the sealing context); *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL
13 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (documents containing "information about [a party's]
14 business performance, structure, and finances that could be used to gain unfair business advantage
15 against them," are properly sealed); *Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014
16 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (compelling reasons exist to seal documents
17 containing "highly sensitive information regarding [a party's] product architecture and
18 development.")

19 **18.**   Exhibit 39 is an excerpt from the deposition of Kirk Lougheed, which was
20 designated as Highly Confidential – Attorneys' Eyes Only" under the protective order in this
21 matter.  Cisco previously sought to have portions of the transcript sealed, and that request was
22 granted at Dkt. 604.  Cisco renews its request to seal pages 506, 583-584, 587-588, and 626
23 because these portions contain confidential information about Cisco's source code and product
24 development.  Maintaining this information as confidential provides Cisco with an "opportunity to
25 obtain an advantage over competitors" who may compete with Cisco and gather information
26 regarding the same less optimally than Cisco. *Elec. Arts*, 298 F. App'x at 569.  Accordingly, this

27
28

1  information should be sealed.  *See Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014

2  WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (compelling reasons exist to seal documents

3  containing "highly sensitive information regarding [a party's] product architecture and

4  development.)

5     **19.**    Exhibit 42 is an excerpt from the deposition of Kirk Lougheed, which was

6  designated as Highly Confidential – Attorneys' Eyes Only" under the protective order in this

7  matter.  Cisco previously sought to have portions of the transcript sealed, and that request was

8  granted at Dkt. 604.  Cisco renews its request to seal 55:2-56:18, 95:9-99:14; and 178:11-13

9  because these portions contain confidential information about Cisco's source code and product

10 development.  Maintaining this information as confidential provides Cisco with an "opportunity to

11 obtain an advantage over competitors" who may compete with Cisco and gather information

12 regarding the same less optimally than Cisco.  *Elec. Arts*, 298 F. App'x at 569.  Accordingly, this

13 information should be sealed.  *See Delphix Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014

14 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (compelling reasons exist to seal documents

15 containing "highly sensitive information regarding [a party's] product architecture and

16 development.)

17    **20.**    Exhibit 44 is an excerpt of a deposition transcript of Phillip Remaker that was

18 designated as Highly Confidential – Attorneys' Eyes Only" under the protective order in this

19 matter.  Cisco previously supported sealing 8:17-18 because that portion contain personal

20 information related to the witness.  The Court granted Cisco's sealing request at Dkt. 487.  Cisco

21 renews its request for this information to be sealed for the privacy of the witnesses.

22    **21.**    Exhibit 45 is a confidential Cisco document that was designated as "Highly

23 Confidential – Attorneys' Eyes Only" under the protective order in this matter.  Cisco previously

24 sought to have this entire document sealed, and that request was granted at Dkt. 487.  Cisco

25 renews its request to seal this document because it contain Cisco's confidential business

26 information regarding, *inter alia*, Cisco's product development.  Maintaining this information as

02099-00004/8563897.1                                8
                          DECLARATION OF SARA E. JENKINS IN SUPPORT OF
                          ARISTA'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL
                          Case No. 5:14-cv-05344-BLF (NC)

1  confidential provides Cisco with an "opportunity to obtain an advantage over competitors" who
2  may compete with Cisco and gather information regarding the same less optimally than Cisco.
3  *Elec. Arts*, 298 F. App'x at 569.  Accordingly, this information should be sealed.  *See Delphix*
4  *Corp. v. Actifio, Inc.*, No. 13–cv–04613–BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014)
5  (compelling reasons exist to seal documents containing "highly sensitive information regarding [a
6  party's] product architecture and development.)

8  I declare under penalty of perjury under the laws of the State of California that the
9  foregoing is true and correct, and that this declaration was executed in Redwood Shores,
10 California, on November 14, 2016.

            /s/ Sara E. Jenkins
            Sara E. Jenkins