| | |
|---|---|
| KEKER & VAN NEST LLP<br>ROBERT A. VAN NEST - #84065<br>BRIAN L. FERRALL - #160847<br>DAVID SILBERT - #173128<br>MICHAEL S. KWUN - #198945<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone: (415) 391-5400<br>Email: rvannest@kvn.com;<br>bferrall@kvn.com; dsilbert@kvn.com;<br>mkwun@kvn.com | SUSAN CREIGHTON, SBN 135528<br>SCOTT A. SHER, SBN 190053<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>1700 K Street NW, Fifth Floor<br>Washington, D.C., 20006-3817<br>Telephone: (202) 973-8800<br>Email: screighton@wsgr.com;<br>ssher@wsgr.com |

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Email: jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ARISTA NETWORKS, INC.,<br><br>Defendant. | Case No. 5:14-cv-05344-BLF (NC)<br><br>**DECLARATION OF DAVID J. ROSEN IN SUPPORT OF PLAINTIFF CISCO SYSTEMS, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL CONFIDENTIAL INFORMATION IN CISCO'S TRIAL BRIEF RE: COPYRIGHTED WORK (ECF 631)**<br><br>Judge:      Hon. Beth Labson Freeman<br>Date Filed: December 5, 2014<br>Trial Date: November 21, 2016 |

DECLARATION OF DAVID J. ROSEN IN SUPPORT OF CISCO'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL (ECF 631)
Case No. 5:14-cv-05344-BLF (NC)

1124670

I, DAVID J. ROSEN, declare:

1. I am an attorney licensed to practice law in the State of California and am an associate with the law firm of Keker & Van Nest LLP, located at 633 Battery Street, San Francisco, California 94111, counsel for Defendant Arista Networks, Inc. ("Arista") in the above-referenced action. Unless otherwise stated, the facts I set forth in this declaration are based on my personal knowledge or knowledge I obtained through my review of corporate records or other investigation. If called to testify as a witness, I could and would testify competently to such facts under oath.

2. I submit this declaration in support of the Administrative Motion to File Under Seal Confidential Information in Cisco's Trial Brief Re: Copyrighted Work filed by Plaintiff Cisco Systems, Inc. ("Cisco") on November 10, 2016 (ECF 631). I have reviewed Cisco's Motion to Seal and the Civil Local Rules of this Court governing such motions, and submit this supporting declaration under Civil L.R. 79-5(e).

3. Cisco's Motion to Seal seeks to file under seal documents and information submitted in connection with its trial brief on copyrighted work, which is a non-dispositive brief. Because Cisco's Motion to Seal relates to non-dispositive briefing, the documents and information that the parties request to file under seal are *not* subject to a strong presumption of public access. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Rather, the "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure applies to the material that Cisco's Motion to Seal seeks to withhold from public view. *Id.* at 1179. Civil Local Rule 79-5 further requires that a party seeking to seal information and documents "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable material." *Id*. I submit this declaration to provide additional facts in support of Cisco's Motion to Seal, and to provide facts establishing that the "good cause" standard has been met for materials that Arista seeks to file under seal.

1
DECLARATION OF DAVID J. ROSEN IN SUPPORT OF CISCO'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL (ECF 631)
Case No. 5:14-cv-05344-BLF (NC)

1124670

4. For purposes of a motion to seal, I understand that a "trade secret" is "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569–70 (9th Cir. 2008) (nonprecedential) (quoting Restatement (First) of Torts § 757 cmt. b (1939)) (applying the Restatement's definition of trade secret in the record-sealing context); *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (adopting the Restatement's definition of trade secret).

5. I further understand that good cause—indeed, compelling reasons—may exist to file materials under seal when, for example, court filings could be used for improper purposes, such as "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1178–79 (citation omitted). I further understand that good cause and compelling reasons may exist where court filings contain or discuss confidential source code, *see Apple, Inc. v. Samsung Electronics Co., Ltd.*, No. 11-cv-1846, D.I. 2190 at *3 (Dec. 10, 2012); internal and non-public procedures of financial institutions, *see Cowan v. GE Capital Retail Bank*, No. 13-cv-03935-BLF, 2015 WL 1324848, at *1-3 (N.D. Cal. Mar. 24, 2015); information about an entity's confidential "business performance, structure, and finances that could be used to gain unfair business advantage against them," *Schwartz v. Cook*, No. 15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016); "highly sensitive information regarding [an entity's confidential] product architecture and development," *Delphix Corp. v. Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014); emails containing confidential information about an entity's "business practices, recruitment efforts, and discussions regarding potential partnerships with other product manufacturers," *see Koninklijke Philips N.V. v. Elec-Tech International Co., Ltd.*, No. 14-cv-02737-BLF, 2015 WL 581574, at *1–2 (N.D. Cal. Deb. 10, 2015); and "information regarding non-public recruitment efforts and business practices" of a party. *See id*. at *2-3.

6. Cisco submitted a declaration in support of its Motion to Seal (ECF 631-1) that specifies that highlighted portions of its brief were filed under seal. The highlighted portion of lines 7–9 on page 2 of Cisco's brief (ECF 631-3) discloses internal and confidential Arista

2
DECLARATION OF DAVID J. ROSEN IN SUPPORT OF CISCO'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL (ECF 631)
Case No. 5:14-cv-05344-BLF (NC)

1124670

1  communications regarding feature-specific product development decisions relating to Arista
2  products.  There are compelling reasons to seal highly sensitive information about Arista's
3  product development decisions.  *See Delphix*, 2014 WL 4145520, at *2; *Koninklijke Philips*, 2015
4  WL 581574, at *1–2.

5        7.     Arista does ***not*** seek to file under seal any other material highlighted in this
6  document.  Arista takes no position to the extent other parties or non-parties may seek to file
7  under seal any of the material highlighted in this document.

9       I declare under penalty of perjury under the laws of the State of California that the
10  foregoing is true and correct and that this declaration was executed on November 14, 2016, in San
11  Francisco, California.

*/s/ David Rosen/*

_____
DAVID J. ROSEN

---

3
DECLARATION OF DAVID J. ROSEN IN SUPPORT OF CISCO'S
ADMINISTRATIVE MOTION TO FILE UNDER SEAL (ECF 631)
Case No. 5:14-cv-05344-BLF (NC)

1124670