# EXHIBIT C

16-2539, 16-2563

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

CISCO SYSTEMS, INC.

*Appellant*,

v.

INTERNATIONAL TRADE COMMISSION,

*Appellee*

---

ARISTA NETWORKS, INC.

*Appellant*,

v.

INTERNATIONAL TRADE COMMISSION,

*Appellee*

---

Appeals from the United States International Trade Commission in Investigation No. 337-TA-944

---

**APPELLEE U.S. INTERNATIONAL TRADE COMMISSION'S RESPONSE TO CISCO SYSTEM INC.'S MOTION TO MAKE CERTAIN INFORMATION PUBLIC**

Appellee U.S. International Trade Commission ("the Commission") hereby responds to Cisco Systems Inc.'s Motion to Mark More than 15 Words Confidential and Make Certain Information Public. The first part of Cisco Systems, Inc.'s ("Cisco") motion requests that it be permitted to mark as confidential more than fifteen words in its Principal and Response Brief. The Commission does not object to that request. The second part of Cisco's motion requests that this Court declassify certain information in the Commission's confidential opinion, as well as the underlying evidence, for which Arista claims confidentiality. The Commission appreciates this Court's efforts, through its recent rules revisions, to limit the amount of sealed material in appeals. However, the Commission objects to Cisco's request, as discussed below, because the decision to declassify or not should be made by the Commission in accordance with section 337(n), 19 U.S.C. § 1337(n), and the regulations promulgated thereunder, including the definition of what constitutes confidential information. This is a matter of great institutional concern to the Commission. The Court should therefore remand Cisco's declassification request to the Commission for appropriate action. The Court's rules permit such a remand. Fed. Cir. R. 17(g).

1

I.      BACKGROUND

The Commission instituted this investigation on January 27, 2015, based on a complaint filed by Cisco. The complaint alleged violations of section 337 of the Tariff Act of 1930 (19 U.S.C. § 1337 or "section 337") based on infringement of certain claims of several U.S. patents. The Notice of Institution named Arista Networks, Inc. ("Arista") as the sole respondent.

The Administrative Law Judge issued an administrative protective order ("APO") at the beginning of the investigation. Ex. A (APO).[1] The APO defines confidential business information in accordance with Commission Rule 201.6(a)(1), 19 C.F.R. §201.6(a)(1), a rule issued pursuant to statute, section 337(n), 19 U.S.C. §1337(n). Ex. A at ¶ 1. Pursuant to this APO, the parties designated materials to be treated as confidential throughout the investigation.

On June 23, 2016, the Commission issued its confidential opinion, a limited exclusion order, and a cease and desist order. *See* Ex. B (Comm'n Op.). At that time, the Commission's counsel asked the parties to identify information to be redacted from the Commission opinion in order to prepare a public version. In response, Cisco did not designate any information as confidential and Arista provided its proposed redactions. The parties each

---

[1] Exhibits A and B referenced herein are attached to Cisco's motion.

2

also submitted letters regarding the extent of Arista's redactions. After receiving these letters, the Commission's counsel worked with Arista, and expressed her concern about some of Arista's redactions. As a result, Arista withdrew some of its originally proposed redactions. The public version of the Commission opinion then issued.

While Commission counsel attempted to foster agreement with Arista on the extent of the redactions at the time of the issuance of the Commission opinion, the Commission itself has not conducted (or been asked to conduct) any formal analysis as to whether each and every redaction in the Commission opinion meets the definition of confidential business information provided in Commission Rule 201.6(a)(1). As a matter of practice and limited administrative resources, the Commission ordinarily involves itself in such an analysis only when parties raise the issue to the Commission, as they may do under the Commission's rules. To this point—more than three months after the public version of the Commission opinion issued—Cisco has not requested that the Commission declassify any portion of the Commission's opinion, or any other material from the administrative record.

## II. ARGUMENT

The Commission's obligation to protect the confidentiality of information submitted to the Commission is imposed by statute. Section 337(n) provides:

> *Information* submitted to the Commission or exchanged among the parties in connection with proceedings under this section *which is properly designated as confidential pursuant to Commission rules* may not be disclosed (except under a protective order issued under regulations of the Commission which authorizes limited disclosure of such information) to any person (other than a person described in paragraph (2)) [*i.e.,* the Commission, USTR, and Customs employees directly involved in carrying out duties related to the investigation and any remedial orders] without the consent of the person submitting it.

19 U.S.C § 1337(n)(l) (emphasis supplied). Pursuant to this statutory authority, the Commission has promulgated rules defining what constitutes confidential information and concerning the submission and protection of confidential information. *See* 19 C.F.R. §§ 201.6, 210.5, 210.20, 210.34. The validity of these rules is not disputed in this appeal. Whether information is "properly designated as confidential pursuant to Commission rules" under section 337(n) should be decided by the Commission, which promulgated these rules. The Commission's rules define "confidential business information" as follows:

> [I]nformation which concerns or relates to the trade secrets, processes, operations, style of works, or apparatus, or to the

4

> production, sales, shipments, purchases, transfers, identification of customers, inventories, or amount or source of any income, profits, losses or expenditures of any person, firm, partnership, corporation, or other organization, or other information of commercial value, *the disclosure of which is likely to have the effect of either impairing the Commission's ability to obtain such information as is necessary to perform its statutory functions, or causing substantial harm to the competitive position of the person, firm, partnership, corporation, or other organization from which the information was obtained, unless the Commission is required by law to disclose such information.*

Commission Rule 201.6, 19 C.F.R. § 201.6(a)(1) (emphasis supplied). Of critical importance to this definition is the determination whether disclosure of the involved information "is likely to have the effect of … impairing the Commission's ability to obtain such information as is necessary to perform its statutory functions. . . ." This is uniquely a decision for the Commission to make. Underlying the Commission's framework for assuring the protection of confidential information is the important role that such information plays in the Commission's execution of its mandatory investigative duties. Because of the protections that the statute provides and the rules promulgated thereunder, the Commission is able to obtain confidential information essential for its section 337 investigations. The guarantee that confidential information will remain protected allows the Commission to develop a full administrative record and conduct effective investigations, and has enabled the Commission to fulfill its statutory

5

mission of completing its mandatory investigative duties in section 337 investigations "at the earliest practicable time." 19 U.S.C. § 1337(b)(1).

From a practical perspective, without knowledge that their confidential information will be protected by the Commission, in accordance with its rules, throughout Commission investigations and any subsequent appeals, parties and third parties may be reluctant to voluntarily provide confidential information to the Commission. The guarantee that confidential information will remain protected allows the Commission to develop a full administrative record and conduct effective investigations without parties (or subpoenaed non-parties) frustrating discovery because of ineffective protective orders or ineffective enforcement of breaches of protective orders. Due to the Commission's strict and consistent stance in safeguarding confidential information, in accordance with its rules, parties and non-parties alike generally cooperate in providing their confidential information to the Commission.

The passages of the Commission opinion designated as confidential by Arista are therefore treated as confidential under 19 U.S.C. § 1337 until the Commission decides that they are not pursuant to an appropriate request. In so stating, the Commission is not attempting to stand in the way of a fuller public record here, but instead requests that Cisco present those

arguments to the Commission. As noted earlier, Commission practice in the issuance of its opinions is not to determine the propriety of each and every confidential designation in a Commission opinion, but to ask the parties to offer their proposed redactions, and to have Commission counsel work with the parties to try to reach a reasonable agreement. Notwithstanding, the Commission, of course, retains the authority to decide itself whether any document it issues—*i.e.*, the opinion here—is properly redacted. 19 C.F.R. § 210.5(e)(2). To the extent Cisco seeks further declassification, it can move the Commission at any time. *See* 19 C.F.R. § 210.20. Such motions under Rule 210.20 would ordinarily be referred to an administrative law judge pursuant to the terms of that rule. The Commission can rule upon each of the proposed redactions sought by Arista and challenged by Cisco pursuant to the Commission's authority under 19 C.F.R. § 210.5(e)(2). The Commission's public opinion issued more than three months ago, and Cisco has not filed anything with the Commission seeking the relief that it instead pursues directly with the Court.

In considering whether the information Cisco seeks to declassify should be declassified, the Commission would determine whether the information is properly designated as confidential within the confines of 19 C.F.R. § 201.6. Cisco's motion ignores the definition of confidential

7

business information promulgated by that rule and set out in the APO in favor of a discussion of "the type of competitively sensitive information Arista has a legitimate interest in keeping confidential." Cisco Mot. at 10; *see also id.* at 13. While there is certainly an interest in making as much of the Commission's determination and the administrative record public as possible, *see id*. at 8-9, the Commission's governing statute and rules control.[2]

Since it is the Commission which should consider Cisco's arguments concerning the declassification of confidential matter under the Commission's APO, a remand of Cisco's request to the Commission is in order. This Court's local rule permits the Court to "remand the case to the

---

[2] Cisco cites to *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-99 (1978) to note that the public has a general right to inspect and copy public records and documents. Cisco Mot. at 8. In that case, however, the Supreme Court determined that it did not need to weigh the parties' arguments on the right of public access because the Presidential Recordings Act directed the Administrator of General Services to administer the material at issue. *Id.* at 603-06. This is a similar circumstance, where the Commission has a statutory obligation to protect properly designed confidential information and the question is whether the information Cisco seeks to declassify fits within the definition set forth in 19 C.F.R. § 201.6(a)(1).

8

agency" for this purpose.³ Fed Cir. Rule 17(g). On remand, the Commission would consider whether the information Cisco seeks to declassify is within the definition of confidential business information set forth in Commission Rule §201.6(a)(1).⁴ The Commission would consider Cisco's request with as much expedition as practicable.

## III. CONCLUSION

For the reasons set forth above, the Commission respectfully requests that the Court remand this issue to the Commission for a determination consistent with its statute and rules.

---

³ The remand, of course, would be limited to Cisco's request for declassification. Commission action on the remand would not affect the substance of the appeal.

⁴ Indeed, regardless whether the Commission or the Court were to review the confidentiality of the redactions from the Commission record, the definition of "confidential business information" under Commission Rule 201.6(a)(1), 19 C.F.R. § 201.6(a)(1), as set out in the protective order under which the confidential matter in this case was supplied to the Commission, would necessarily control.

9

Respectfully submitted,

/s/ Amanda P. Fisherow
DOMINIC L. BIANCHI
   General Counsel
Wayne W. Herrington
   Assistant General Counsel
AMANDA P. FISHEROW
   Attorney Advisor
Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW, Suite 707
Washington, DC 20436
tel. (202) 205-2737
fax (202) 205-3111
amanda.fisherow@usitc.gov

Date: November 10, 2016

# CERTIFICATE OF SERVICE

I, Amanda P. Fisherow, hereby certify on this 10th day of November 2016 that I served a copy of the attached **APPELLEE U.S. INTERNATIONAL TRADE COMMISSION'S RESPONSE TO CISCO SYSTEM INC.'S MOTION TO MAKE CERTAIN INFORMATION PUBLIC** on counsel of record by electronic means using the Court's CM/ECF system, which will send notice of the filing to all registered CM/ECF users.

/s/Amanda P. Fisherow
Amanda P. Fisherow
Attorney-Advisor
Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW
Washington, DC 20436
Tel: (202) 205-2737
Fax: (202) 205-3111
amanda.fisherow@usitc.gov