Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

David Nelson (*admitted pro hac vice*)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
500 W Madison St, Suite 2450
Chicago, IL 60661
Telephone: (312) 705-7465
Facsimile: (312) 705 7401

[Additional counsel listed on signature page]

ATTORNEYS FOR PLAINTIFF
CISCO SYSTEMS, INC.

Robert A. Van Nest (SBN 84065)
rvannest@kvn.com
Brian L. Ferrall (SBN 160847)
bferrall@kvn.com
David Silbert (SBN 173128)
dsilbert@kvn.com
MICHAEL S. KWUN (SBN 198945)
mkwun@kvn.com
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

ATTORNEYS FOR DEFENDANT
ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ARISTA NETWORKS, INC.,<br><br>　　　　Defendant. | Case No. 5:14-cv-05344-BLF (NC)<br><br>**PARTIES' AMENDED UNDISPUTED JURY INSTRUCTION NO. 68**<br><br>Dept.:　　Courtroom 3 – 5th Floor<br>Judge:　　Hon. Beth Labson Freeman<br><br>Date Filed: December 5, 2014<br><br>Trial Date: November 21, 2016 |

Plaintiff Cisco Systems, Inc. and Defendant Arista Networks, Inc. hereby provide the following amended undisputed Preliminary Jury Instruction No. 68:

**STIPULATED: Preliminary Instruction No. 68 re Patent—What A Patent Is And How One Is Obtained[1]**

This case also involves a dispute relating to a United States patent. Before summarizing the positions of the parties and the legal issues involved in the dispute, let me take a moment to explain what a patent is and how one is obtained.

Patents are granted by the United States Patent and Trademark Office (sometimes called "the PTO"). The process of obtaining a patent is called patent prosecution. A valid United States patent gives the patent owner the right to prevent others from making, using, offering to sell, or selling the patented invention within the United States, or from importing it into the United States, during the term of the patent without the patent holder's permission. A violation of the patent owner's rights is called infringement. The patent owner may try to enforce a patent against persons believed to be infringers by a lawsuit filed in federal court.

To obtain a patent one must file an application with the PTO. The PTO is an agency of the federal government and employs trained examiners who review applications for patents. The application includes what is called a "specification," which must contain a written description of the claimed invention telling what the invention is, how it works, how to make it and how to use it so others skilled in the field will know how to make or use it. The specification concludes with one or more numbered sentences. These are the patent "claims." When the patent is eventually granted by the PTO, the claims define the boundaries of its protection and give notice to the public of those boundaries.

After the applicant files the application, a PTO patent examiner reviews the patent application to determine whether the claims are patentable and whether the specification adequately describes the invention claimed. In examining a patent application, the patent examiner reviews records available to the PTO for what is referred to as "prior art." The

---

[1] N.D. Cal. Model Patent Jury Instruction A.1 (July 16, 2015); Federal Circuit Bar Association Model Patent Jury Instructions A.4 (July 2016).

examiner also will review prior art if it is submitted to the PTO by the applicant.  In general, prior art includes things that existed before the claimed invention, that were publicly known, or used in a publicly accessible way in this country, or that were patented or described in a publication in any country.  The examiner considers, among other things, whether each claim defines an invention that is new, useful, and not obvious in view of the prior art.  A patent lists the prior art that the examiner considered; this list is called the "cited references."

After the prior art search and examination of the application, the patent examiner then informs the applicant in writing what the examiner has found and whether any claim is patentable, and thus will be "allowed."  This writing from the patent examiner is called an "office action."  If the examiner rejects the claims, the applicant then responds and sometimes changes the claims or submits new claims.  This process, which takes place only between the examiner and the patent applicant, may go back and forth for some time until the examiner is satisfied that the application and claims meet the requirements for a patent.  The papers generated during this time of communicating back and forth between the patent examiner and the applicant make up what is called the "prosecution history." All of this material becomes available to the public no later than the date when the patent issues.

The fact that the PTO grants a patent does not necessarily mean that any invention claimed in the patent, in fact, deserves the protection of a patent.  For example, the PTO may not have had available to it all the information that will be presented to you.

In deciding the issues I just discussed, you will be asked to consider specific legal standards. I will give you an overview of those standards now and will review them in more detail before the case is submitted to you for your verdict. The one issue you will be asked to decide is whether Arista has infringed the claims of the '526 patent. Infringement is assessed on a claim-by-claim basis. Therefore, there may be infringement as to one claim but not infringement as to another. There are a few different ways that a patent may be infringed.  In general, however, Arista may infringe the '526 patent by making, using, selling, or offering for sale in the United States, or by importing into the United States, a product or by using a method meeting all the requirements of a claim of the '526 patent. Arista may also indirectly infringe the '526 patent by

1  contributing to infringement by another entity, or by inducing another person or entity to infringe.
2  I will provide you with more detailed instructions on the requirements for each of these types of
3  infringement at the conclusion of the case.

4  DATED:  November 17, 2016                    Respectfully submitted,

/s/ _John M. Neukom_
Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
Matthew D. Cannon (SBN 252666)
matthewcannon@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

David Nelson  (admitted pro hac vice)
davenelson@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
500 W. Madison St., Ste. 2450
Chicago, IL  60661
Telephone: (312) 705-7465
Facsimile: (312) 705-7401

Steven Cherny (admission pro hac vice pending)
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Attorneys for Plaintiff Cisco Systems, Inc.

Dated: November 17, 2016                KEKER & VAN NEST LLP


By:   */s/ Brian L. Ferrall*
      Robert A. Van Nest - # 84065
      rvannest@kvn.com
      Brian L. Ferrall - # 160847
      bferrall@kvn.com
      David Silbert - # 173128
      dsilbert@kvn.com
      Michael S. Kwun - # 198945
      mkwun@kvn.com
      Keker & Van Nest LLP
      633 Battery Street
      San Francisco, CA 94111-1809
      Telephone:    415 391 5400
      Facsimile:    415 397 7188

Attorneys for Defendant Arista Networks, Inc.


**ATTORNEY ATTESTATION**

I hereby attest, pursuant to Local Rule 5-1(i)(3), that the concurrence in the filing of this document has been obtained from the signatory indicated by the "conformed" signature (/s/) of John M. Neukom within this e-filed document.

*/s/ Brian L. Ferrall*
BRIAN L. FERRALL

4
PARTIES' AMENDED UNDISPUTED JURY INSTRUCTION NO. 68
Case No. 5:14-cv-05344-BLF (NC)

1126331.01