KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
BRIAN L. FERRALL - # 160847
DAVID SILBERT - # 173128
MICHAEL S. KWUN - #198945
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    (415) 391-5400
Email:  rvannest@kvn.com;
bferrall@kvn.com; dsilbert@kvn.com;
mkwun@kvn.com

SUSAN CREIGHTON, SBN 135528
SCOTT A. SHER, SBN 190053
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C., 20006-3817
Telephone:  (202) 973-8800
Email:  screighton@wsgr.com;
ssher@wsgr.com

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant
ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>                  Plaintiff,<br><br>     v.<br><br>ARISTA NETWORKS, INC.,<br><br>                  Defendant. | Case No. 5:14-cv-05344-BLF (NC)<br><br>**DEFENDANT ARISTA'S OBJECTIONS TO PLAINTIFF CISCO'S 11/28/16 TRIAL EXHIBITS AND DEMONSTRATIVES**<br><br>Dept.:     Courtroom 3 – 5th Floor<br>Judge:    Hon. Beth Labson Freeman<br><br>Date Filed: December 5, 2014<br><br>Trial Date: November 21, 2016 |

DEFENDANT ARISTA'S OBJECTIONS TO PLAINTIFF CISCO'S
11/28/16 TRIAL EXHIBITS AND DEMONSTRATIVES
Case No. 5:14-cv-05344-BLF (NC)

1126993.01

Arista objects to the following Nov. 28 trial exhibits and demonstratives.

**Scope of Testimony for Christine Bakan, including all exhibits disclosed:** With respect to Cisco witness Christine Bakan, the Court has previously ruled *in limine* that Ms. Bakan's testimony should be limited to the Rule 30(b)(6) topics on which she was designated.  Nov. 8, 2016 MIL Order at 11-12.  Based on Cisco's disclosure of exhibits that Ms. Bakan will sponsor, it appears that Cisco intends to elicit testimony that goes beyond the limitations that the Court imposed in its *in limine* ruling.  Accordingly, Arista objects to any testimony from Ms. Bakan and Cisco's use of any documents therewith inconsistent with the Court's Order.

Cisco designated Ms. Bakan to testify on Arista's Rule 30(b)(6) Topics 94-97.  *See* Ex. C attached hereto (relating to analyses commissioned by Cisco on modes, prompts, or hierarchies, and studies on the value of these CLI components).

The majority of exhibits Cisco has disclosed for Ms. Bakan relate to Cisco CCIE and CCNA certifications. *See* Exs. 743; 744; 745; 757; 771; 774; 972.  Ms. Bakan was not designated to testify on the certifications, and she *admitted* she didn't "know exactly all the details of the certification program, but she believe[s], just based on [her] knowledge, that the certification programs involve becoming experts in the CLI."  Ex. B (Bakan Depo. Tr.) at 44:2-15; *see generally* 40:13-45:1. Arista thus objects to Ms. Bakan giving any trial testimony about Cisco certifications.

**Cisco's Ex. 633:** Portions of Exhibit 633 are barred by this Court's Order re Motions *in Limine* and by FRE 402, 403 and 602.  Exhibit 633 contains explicit references to ITC investigation.  *See, e.g.,* Ex. 633 at 14, 29-31, 38, 42, 48, 131-132.  This Court granted Arista's motion to exclude references to the ITC investigations. *See* Nov. 8, 2016 MIL Order at 7-8. These portions should be redacted.  Likewise, Cisco should not introduce statements concerning other litigation by or against Arista. *See, e.g.* Ex. 533 at 5, 25, 29-35, 47, 50, 78, 85, 130-32. These portions of Exhibit 633 are also irrelevant to the limited scope of topics on which Ms. Bakan can testify, and are therefore unduly prejudicial and inadmissible. *See* FRE 402 and 403.

**Cisco's Ex. 611 and 3673:** Arista objects to Exs. 611 and 3673 because they are manuals Cisco never deposited with the Copyright Office and never registered.  The exhibits are examples

1

DEFENDANT ARISTA'S OBJECTIONS TO PLAINTIFF CISCO'S
11/28/16 TRIAL EXHIBITS AND DEMONSTRATIVES
Case No. 5:14-cv-05344-BLF (NC)

1126993.01

of un-asserted, unregistered works that Arista moved to exclude *in limine*.

**Cisco's Ex. 742:** Cisco's 10-K constitutes inadmissible hearsay and should also be excluded under FRE 402 and 603. The statements contained therein were made by the party offering the document and fall squarely within Rule 801's definition of hearsay. They have no apparent relevance under Rule 402 to the topics on which the witness has been designated to discuss. Nor does Ms. Bakan arguably have any personal knowledge of the matters contained therein, which relate to Cisco's disclosures to the S.E.C., justifying exclusion under Rule 602.

**Cisco's Exs. 757 and 771:** Stuart Biggs' blog entry (Ex. 757) and the Wendell Odom blog post (Ex. 771) are hearsay under FRE 801.

**Cisco's Exs. 3472, 4307, and 5152:** The Cisco PowerPoint presentations (Exs. 3472, 4307, and 5152) are hearsay under FRE 802. During meet and confer, Cisco claimed these presentations qualify as business records. They do not satisfy any of the requirements specified under FRE 803(6)(a), (b), and (c).

**Cisco's Ex. 4790:** Ex. 4790 is not admissible under FRE 1006 for four reasons. *First*, Cisco did not, as FRE 1006 requires, make the underlying exhibits available for inspection. The materials underlying a proper summary exhibit must be made available to the opposing party for examination at a reasonable time and place (without any request from the opposing party). *United States v. Bray*, 139 F.3d 1104, 1109 (6th Cir. 1998); Rutter Group Prac. Guide Fed. Civ. Trials & Ev. Ch. 8C-C. Failure to make the underlying materials available renders the summary inadmissible. *Conoco Inc. v. Department of Energy*, 99 F3d 387, 393 (Fed. Cir. 1996); *United States v. Miller*, 771 F2d 1219m 1238 (9th Cir. 1985). Here, Cisco has not produced the underlying exhibits to Arista. Cisco's response to Arista's Interrogatory No. 31 was prepared after fact discovery was closed, and Cisco made no production of the documents cited therein, such as the documents listed in the right-most column. Cisco's corporate representative confirmed that Cisco's production was insufficient, and Cisco's counsel stated on the record that Cisco would not supplement it. *See* Ex. A (Lougheed Depo. Tr.) at 501:17–504:1. Therefore, Cisco's summary exhibit based on those documents is inadmissible.

*Second*, Cisco cannot establish that the underlying documents are admissible; a litigation-

2

DEFENDANT ARISTA'S OBJECTIONS TO PLAINTIFF CISCO'S
11/28/16 TRIAL EXHIBITS AND DEMONSTRATIVES
Case No. 5:14-cv-05344-BLF (NC)

1126993.01

created document that compiles multitudes of e-mails and other hearsay material is not a proper summary exhibit.  *See, e.g.*, *Peat, Inc. v. Vanguard Research, Inc.*, 378 F.3d 1154, 1160 (11th Cir. 2004).  Even if any e-mails could be considered under the business records exception, the Court must, at a minimum, undertake a particularized analysis of the emails, which is impossible here.  *See generally Rogers v. Oregon Trail Elec. Consumers Co-op., Inc.*, No. 3:10-CV-1337-AC, 2012 WL 1635127, at *9 (D. Or. May 8, 2012).

*Third*, FRE 1006 requires that the preparer of the summary exhibit be subject to cross examination.  Mr. Lougheed did not prepare the summary exhibit at issue; he testified that he spoke to the two engineers who prepared the summaries—one for only 10 to 15 minutes, and the other for some unspecified period of time.  *See* Ex. A at 471:1-19; 519:9-22.  Because Arista is not being given the opportunity to cross examine those who prepared the summary, it must be excluded.  *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F2d 505, 515 n.9 (9th Cir. 1985); *United States v. Green*, 428 F.3d 1131, 1134-1135 (8th Cir. 2005).

Fourth, the exhibit is replete with assertions of who authored a particular helpdesc phrase even though there are no documents cited as support; these assertions are hearsay at best and are plainly prejudicial.  In addition, the column headings are prejudicial, as they purport to identify "authors" and "originators": conclusions only the jury can draw.  At a minimum those headings must be redacted.

**Cisco's Ex. 4789:** Exhibit 4789 suffers from the same deficiencies as Exhibit 4790.  The document has many incomplete entries.  For example, it claims the underlying document for the "area nssa translate type7 always" command is "Cisco IOS 12.2(15)T," which is not an underlying document.  The exhibit includes many e-mails, and Cisco cannot establish, on an individualized basis, whether those e-mails are business records under the hearsay exception; it is extremely unlikely that they can qualify for the exception at all.  And, regardless, exhibit 4789 is another litigation-created document, not a summary exhibit that would be kept in the ordinary course of business.  *See Rogers*, 2012 WL 1635127, at *9.  Exhibit 4789, like 4790, is an attempt to circumvent the hearsay rule en masse with an interrogatory response; it should not be admitted.

3
DEFENDANT ARISTA'S OBJECTIONS TO PLAINTIFF CISCO'S
11/28/16 TRIAL EXHIBITS AND DEMONSTRATIVES
Case No. 5:14-cv-05344-BLF (NC)

1126993.01

| | |
|---|---|
| Dated: November 25, 2016 | KEKER & VAN NEST LLP |
| | WILSON SONSINI GOODRICH & ROSATI |
| | By: */s/ Robert A. Van Nest* |
| | ROBERT A. VAN NEST |
| | Attorneys for Defendant ARISTA NETWORKS, INC. |

4
DEFENDANT ARISTA'S OBJECTIONS TO PLAINTIFF CISCO'S
11/28/16 TRIAL EXHIBITS AND DEMONSTRATIVES
Case No. 5:14-cv-05344-BLF (NC)

1126993.01