1  Kathleen Sullivan (SBN 242261)
   kathleensullivan@quinnemanuel.com
2  QUINN EMANUEL URQUHART &
   SULLIVAN LLP
3  51 Madison Avenue, 22nd Floor
   New York, NY 10010
4  Telephone: (212) 849-7000
   Facsimile: (212) 849-7100
5
   Sean S. Pak (SBN 219032)
6  seanpak@quinnemanuel.com
   John M. Neukom (SBN 275887)
7  johnneukom@quinnemanuel.com
   QUINN EMANUEL URQUHART &
8  SULLIVAN LLP
   50 California Street, 22nd Floor
9  San Francisco, CA 94111
   Telephone: (415) 875-6600
10 Facsimile: (415) 875-6700
11 David Nelson (admitted pro hac vice)
   davenelson@quinnemanuel.com
12 QUINN EMANUEL URQUHART &
   SULLIVAN LLP
13 500 W Madison St, Suite 2450
   Chicago, IL 60661
14 Telephone: (312) 705-7465
   Facsimile: (312) 705 7401
15
   [Additional counsel listed on signature page]
16
   ATTORNEYS FOR PLAINTIFF CISCO
17 SYSTEMS, INC.

KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
BRIAN L. FERRALL - # 160847
bferrall@kvn.com
DAVID SILBERT - # 173128
dsilbert@kvn.com
MICHAEL S. KWUN - # 198945
mkwun@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

ATTORNEYS FOR DEFENDANT ARISTA
NETWORKS, INC.

18
19                **UNITED STATES DISTRICT COURT**

20       **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

21 CISCO SYSTEMS, INC.,                    CASE NO. 5:14-cv-5344-BLF

22            Plaintiff,                   **PARTIES' STIPULATED PRELIMINARY**
                                           **INSTRUCTIONS**
23      vs.
                                           Judge:  Hon. Beth Labson Freeman
24 ARISTA NETWORKS, INC.,                  Dep't:  Courtroom 3, 5th Floor
                                           Trial Date:  November 21, 2016
25            Defendant.

26

27

28

1

### **STIPULATED: Preliminary Instruction No. 1 re Duty Of The Jury**

2    Members of the jury:  You are now the jury in this case.  It is my duty to instruct you on

3    the law.

4    At the end of the trial I will give you final instructions.  It is the final instructions that will

5    govern your duties.

6    It is your duty to find the facts from all the evidence in the case.  To those facts you will

7    apply the law as I give it to you.  You must follow the law as I give it to you whether you agree

8    with it or not.  And you must not be influenced by any personal likes or dislikes, opinions,

9    prejudices or sympathy.  That means that you must decide the case solely on the evidence before

10   you.  You will recall that you took an oath to do so.

11   Please do not read into these instructions or anything I may say or do that I have an

12   opinion regarding the evidence or what your verdict should be.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATED: Preliminary Instruction No. 2 re Claims And Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff in this case is Cisco Systems, Inc., which I will refer to as "Cisco," and the defendant is Arista Networks, Inc., which I will refer to as "Arista." This is a case involving claims of copyright and patent infringement. Cisco and Arista sell networking switches.

Cisco asserts that Arista infringed Cisco's copyrights by copying certain elements of Cisco's user interfaces and copying certain portions of Cisco's product manuals. Cisco has the burden of proving its claim of copyright infringement. Arista contends that it does not infringe any of Cisco's copyrights. Arista also asserts as affirmative defenses that any use of the accused elements is a "fair use" under the law, that the asserted elements of Cisco's works are not protected by copyright because of the merger and scènes à faire doctrines, and that Cisco has misused its copyrights and abandoned its copyrights. Arista has the burden of proof on these affirmative defenses.

Cisco also asserts that Arista has infringed United States Patent No. 7,047,526, which I and the parties will refer to as the "'526 Patent." Cisco also asserts that Arista infringed the '526 Patent willfully. Cisco has the burden of proving its claim of patent infringement and its claim of willfulness. Arista denies that it has infringed the '526 Patent.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **STIPULATED: Preliminary Instruction No. 3 re Outline Of Trial**

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff, Cisco, will then present evidence, and counsel for the defendant, Arista, may cross-examine.  Then Arista may present evidence, and counsel for Cisco may cross-examine.  Afterwards, one or both sides may then present rebuttal evidence to respond to the other party.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

1

**STIPULATED: Preliminary Instruction No. 4 re What Is Evidence**

2

The evidence you are to consider in deciding what the facts are consists of:

3

1.  The sworn testimony of any witness;

4

2.  The exhibits that are admitted into evidence;

5

3.  Any facts to which the lawyers have agreed; and

6

4.  Any facts that I may instruct you to accept as proved.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1127020.01

**STIPULATED: Preliminary Instruction No. 5 re What Is Not Evidence**

Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1.       Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.       Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

3.       Testimony or exhibits that are excluded or stricken, or that you are instructed to disregard, are not evidence and must not be considered.  In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.       Anything you may see or hear when the court is not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## STIPULATED: Preliminary Instruction No. 6 re Ruling On Objections

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

## STIPULATED: Preliminary Instruction No. 7 re Taking Notes

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

1

## **STIPULATED: Preliminary Instruction No. 8 re Conduct Of The Jury**

2    I will now say a few words about your conduct as jurors.

3    First, keep an open mind throughout the trial, and do not decide what the verdict should be

4 until you and your fellow jurors have completed your deliberations at the end of the case.

5    Second, because you must decide this case based only on the evidence received in the case

6 and on my instructions as to the law that applies, you must not be exposed to any other

7 information about the case or to the issues it involves during the course of your jury duty.  Thus,

8 until the end of the case or unless I tell you otherwise:

9    Do not communicate with anyone in any way and do not let anyone else communicate with

10    you in any way about the merits of the case or anything to do with it.  This includes

11    discussing the case in person, in writing, by phone or electronic means, via email, text

12    messaging, or any internet chat room, blog, website or application, including but not

13    limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms

14    of social media.  This applies to communicating with your fellow jurors until I give you the

15    case for deliberation, and it applies to communicating with everyone else including your

16    family members, your employer, the media or press, and the people involved in the trial,

17    although you may notify your family and your employer that you have been seated as a

18    juror in the case, and how long you expect the trial to last.  But, if you are asked or

19    approached in any way about your jury service or anything about this case, you must

20    respond that you have been ordered not to discuss the matter and report the contact to the

21    court.

22

23    Because you will receive all the evidence and legal instruction you properly may consider

24 to return a verdict:

25    Do not read, watch or listen to any news or media accounts or commentary about the case

26    or anything to do with it; do not do any research, such as consulting dictionaries, searching

27    the Internet, or using other reference materials; and do not make any investigation or in any

28

other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

1

**STIPULATED: Preliminary Instruction No. 9 re Publicity During Trial**

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

1

**STIPULATED: Preliminary Instruction No. 10 re No Transcript Available To Jury**

I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.

**<u>STIPULATED: Preliminary Instruction No. 11 re Bench Conferences</u>**

**<u>And Recesses</u>**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**STIPULATED: Preliminary Instruction No. 12 re Protected and Unprotected Matter**

During the trial, you must keep in mind that copyright protection does not extend to all the elements of a copyrighted work.  Elements to which copyright protection extends are called "protected matter," and other elements are "unprotected matter."  Unprotected matter is not entitled to copyright protection and therefore may be copied by another author.

In this case, Cisco does not assert the following as protected matter:

1. Single-word commands;

2. Isolated words in Cisco's multiword command expressions;

3. Ideas (as opposed to the particular expression of an idea), including: the idea of a hierarchy, the idea of making certain commands available only in certain modes; the idea of an interactive help system; the idea of using a text-based user interface rather than a graphical interface; the idea of using multiword commands to manage or configure a device; or the idea of having a minimum syntactic length;

4. Use of a question mark to call up help descriptions;

5. Tab completions;

6. Command prefixes that the user interface autocompletes;

7. Individual mode indicators and individual prompts; or

8. The function of any asserted feature (as opposed to Cisco's expression), or portions of multiword command expressions that you find were dictated by functional demands.

I will instruct you about the types of protected and unprotected matter in greater detail at the end of the trial.

1127020.01

1    **STIPULATED: Preliminary Instruction No. 16 re Direct And Circumstantial Evidence**

2         Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as

3    testimony by a witness about what that witness personally saw or heard or did.

4         Circumstantial evidence is proof of one or more facts from which you could find another

5    fact.  You should consider both kinds of evidence.  The law makes no distinction between the

6    weight to be given to either direct or circumstantial evidence.  It is for you to decide how much

7    weight to give to any evidence.

8         By way of example, if you wake up in the morning and see that the sidewalk is wet, you

9    may find from that fact that it rained during the night.  However, other evidence, such as a turned

10   on garden hose, may provide a different explanation for the presence of water on the sidewalk.

11   Therefore, before you decide that a fact has been proved by circumstantial evidence, you must

12   consider all the evidence in the light of reason, experience and common sense.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATED: Preliminary Instruction No. 17 re Stipulations Of Fact**

The parties have agreed to certain facts that will be read to you.  You must therefore treat these facts as having been proved.

## **STIPULATED: Preliminary Instruction No. 18 re Credibility Of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.   The opportunity and ability of the witness to see or hear or know the things testified to;

2.   The witness's memory;

3.   The witness's manner while testifying;

4.   The witness's interest in the outcome of the case, if any;

5.   The witness's bias or prejudice, if any;

6.   Whether other evidence contradicted the witness's testimony;

7.   The reasonableness of the witness's testimony in light of all the evidence; and

8.   Any other factors that bear on believability.


Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

1

**<u>STIPULATED: Preliminary Instruction No. 19 re Expert Opinion</u>**

2

Some witnesses, because of education or experience, are permitted to state opinions and

3

the reasons for those opinions.

4

Such opinion testimony should be judged like any other testimony.  You may accept it or

5

reject it, and give it as much weight as you think it deserves, considering the witness's education

6

and experience, the reasons given for the opinion, and all the other evidence in the case.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **STIPULATED: Preliminary Instruction No. 20 re Deposition In Lieu Of Live**

## **Testimony**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, and in certain other situations, the deposition of that person may be used at the trial. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

1127020.01

1

## **STIPULATED: Preliminary Instruction No. 23 re Burden Of Proof**

When a party has the burden of proof on any claim or affirmative defense by preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.  Preponderance of the evidence basically means "more likely than not."

You should base your decision on all of the evidence, regardless of which party presented it.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **STIPULATED: Preliminary Instruction No. 68 re Patent—What A Patent Is And How One**

2  **Is Obtained**

3    This case also involves a dispute relating to a United States patent.  Before summarizing

4  the positions of the parties and the legal issues involved in the dispute, let me take a moment to

5  explain what a patent is and how one is obtained.

6    Patents are granted by the United States Patent and Trademark Office (sometimes called

7  "the PTO").  The process of obtaining a patent is called patent prosecution.  A valid United States

8  patent gives the patent owner the right to prevent others from making, using, offering to sell, or

9  selling the patented invention within the United States, or from importing it into the United States,

10 during the term of the patent without the patent holder's permission.  A violation of the patent

11 owner's rights is called infringement.  The patent owner may try to enforce a patent against

12 persons believed to be infringers by a lawsuit filed in federal court.

13    To obtain a patent one must file an application with the PTO.  The PTO is an agency of the

14 federal government and employs trained examiners who review applications for patents.  The

15 application includes what is called a "specification," which must contain a written description of

16 the claimed invention telling what the invention is, how it works, how to make it and how to use it

17 so others skilled in the field will know how to make or use it.  The specification concludes with

18 one or more numbered sentences.  These are the patent "claims."  When the patent is eventually

19 granted by the PTO, the claims define the boundaries of its protection and give notice to the public

20 of those boundaries.

21    After the applicant files the application, a PTO patent examiner reviews the patent

22 application to determine whether the claims are patentable and whether the specification

23 adequately describes the invention claimed.  In examining a patent application, the patent

24 examiner reviews records available to the PTO for what is referred to as "prior art."  The examiner

25 also will review prior art if it is submitted to the PTO by the applicant.  In general, prior art

26 includes things that existed before the claimed invention, that were publicly known, or used in a

27 publicly accessible way in this country, or that were patented or described in a publication in any

28

country.  The examiner considers, among other things, whether each claim defines an invention that is new, useful, and not obvious in view of the prior art.  A patent lists the prior art that the examiner considered; this list is called the "cited references."

After the prior art search and examination of the application, the patent examiner then informs the applicant in writing what the examiner has found and whether any claim is patentable, and thus will be "allowed."  This writing from the patent examiner is called an "office action."  If the examiner rejects the claims, the applicant then responds and sometimes changes the claims or submits new claims.  This process, which takes place only between the examiner and the patent applicant, may go back and forth for some time until the examiner is satisfied that the application and claims meet the requirements for a patent.  The papers generated during this time of communicating back and forth between the patent examiner and the applicant make up what is called the "prosecution history." All of this material becomes available to the public no later than the date when the patent issues.

The fact that the PTO grants a patent does not necessarily mean that any invention claimed in the patent, in fact, deserves the protection of a patent.  For example, the PTO may not have had available to it all the information that will be presented to you.

1

**STIPULATED: Preliminary Instruction No. 69 re Patent—Summary Of Patent Claim**

2

**Contentions**

3   I will now instruct you on Cisco's patent claim.

4   I will first give you a summary of each side's contentions in this case for the patent claim.

5 I will then tell you what each side must prove to win on each of its contentions.   Cisco seeks

6 money damages from Arista for allegedly infringing the '526 patent by making, importing, using,

7 selling and/or offering for sale products and services that Cisco argues are covered by claims 1 and

8 14 of the '526 patent.  These are referred to as the Asserted Claims of the '526 patent.  Cisco also

9 argues that Arista has actively induced infringement of these claims of the '526 patent by others

10 and contributed to the infringement of these claims of the '526 patent by others.  The products and

11 services that are alleged to infringe are Arista switches and associated products and services, that

12 incorporate EOS, EOS+, vEOS network operating systems.

13   Arista denies that it has infringed the asserted claims of the patent.

14   Your job is to decide whether the asserted claims of the '526 patent have been infringed.  If

15 you decide that any claim of the patent has been infringed, you will then need to decide any

16 money damages to be awarded to Cisco to compensate it for the infringement.

17   You will also need to make a finding as to whether the infringement was willful.  If you

18 decide that any infringement was willful, that decision should not affect any damage award you

19 make.  I will take willfulness into account later.

20

21

22

23

24

25

26

27

28

PARTIES' STIPULATED PRELIMINARY INSTRUCTIONS

1127020.01

**STIPULATED: Preliminary Instruction No. 95 re Introduction to Copyright**

The plaintiff, Cisco, claims that Arista committed copyright infringement by copying Cisco's original works.   Arista denies infringing Cisco's copyrighted works and asserts defenses. To help you understand the evidence in this case, I will explain some of the legal terms you will hear during this trial.

Copyright is the exclusive right to copy.  This right to copy includes the exclusive rights to, or authorize others to:

1.  Reproduce the copyrighted work in copies;

2.  Recast or adapt the work—that is, prepare derivative works based upon the copyrighted work;

3.  Distribute copies of the copyrighted work to the public by sale or other transfer of ownership; and

4.  Display publicly a copyrighted work.

It is the owner of a copyright who may exercise these exclusive rights.  The term "owner" includes the author of the work.  An owner may enforce these rights to exclude others in an action for copyright infringement.

A copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, computer program, or user interface.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles, or discoveries cannot themselves be copyrighted.

The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

In this case Cisco contends that Arista has infringed Cisco's user interfaces and associated technical manuals.

Cisco has the burden of proving by a preponderance of the evidence that:

1127020.01

1    1.  Cisco is the owner of valid copyrights; and

2    2.  Arista copied original expression from the copyrighted works.

3    Cisco may prove that Arista copied Cisco's copyrighted works either through direct

4  evidence that Arista copied Cisco's works, or through circumstantial evidence that Arista had

5  access to Cisco's copyrighted works and that there is substantial similarity between the asserted

6  elements of Cisco's works and the accused elements of Arista's works.

7    Arista contends that it did not infringe Cisco's copyrights.

8    Arista also asserts affirmative defenses.  Arista must prove its affirmative defenses by a

9  preponderance of the evidence.  Arista asserts the affirmative defense of merger, which requires

10  Arista to prove that, at the time Cisco created the copyrighted work, there was only one or very

11  few ways to express the idea underlying the asserted elements.  Arista also asserts the affirmative

12  defense of scènes à faire, which requires Arista to prove that, at the time Cisco created the

13  copyrighted work, external factors other than Cisco's creativity dictated that Cisco select and

14  arrange its features in the manner it did.

15    Finally, Arista asserts the affirmative defense of fair use.  One who is not the owner of the

16  copyright may use the copyrighted work in a reasonable way under certain circumstances without

17  the consent of the copyright owner.  I will explain these circumstances to you further at the end of

18  the trial.  The owner of a copyright cannot prevent others from making a fair use of the owner's

19  copyrighted work.  In determining whether the use made of the work was fair, you may consider

20  the following factors:

21    1. The purpose and character of the use, including whether the use is of a commercial

22        nature or is for nonprofit educational purposes;

23    2. The nature of the copyrighted work;

24    3. The amount and substantiality of the portion used in relation to the copyrighted work as

25        a whole; and

26    4. The effect of the use upon the potential market for or value of the copyrighted work.

27    These factors are not exclusive.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  November 26, 2016

Respectfully submitted,

*/s/ John M. Neukom*

Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Steven Cherny (*admitted pro hac vice*)
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*
Respectfully submitted,

DATED:  November 26, 2016

/s/  Brian L. Ferrall

KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
rvannest@kvn.com
BRIAN L. FERRALL - # 160847
bferrall@kvn.com
DAVID J. SILBERT - # 173128
dsilbert@kvn.com
MICHAEL S. KWUN - # 198945
mkwun@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:      415 397 7188

*Attorneys for Defendant Arista Networks, Inc.*

## ATTORNEY ATTESTATION

I hereby attest, pursuant to Local Rule 5-1(i)(3), that the concurrence in the filing of this document has been obtained from the signatory indicated by the "conformed" signature (/s/) of John M. Neukom within this e-filed document.

/s/     *Brian L. Ferrall*