| | |
|---|---|
| KEKER & VAN NEST LLP<br>ROBERT A. VAN NEST - # 84065<br>BRIAN L. FERRALL - # 160847<br>DAVID SILBERT - # 173128<br>MICHAEL S. KWUN - #198945<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone: (415) 391-5400<br>Email: rvannest@kvn.com;<br>bferrall@kvn.com; dsilbert@kvn.com;<br>mkwun@kvn.com | SUSAN CREIGHTON, SBN 135528<br>SCOTT A. SHER, SBN 190053<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>1700 K Street NW, Fifth Floor<br>Washington, D.C., 20006-3817<br>Telephone: (202) 973-8800<br>Email: screighton@wsgr.com;<br>ssher@wsgr.com |

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone: (212) 999-5800
Email: jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant
ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>ARISTA NETWORKS, INC.,<br><br>    Defendant. | Case No. 5:14-cv-05344-BLF (NC)<br><br>**DEFENDANT ARISTA'S OBJECTIONS TO PLAINTIFF CISCO'S 11/29/16 TRIAL EXHIBITS AND DEMONSTRATIVES**<br><br>Dept.:     Courtroom 3 – 5th Floor<br>Judge:    Hon. Beth Labson Freeman<br><br>Date Filed: December 5, 2014<br><br>Trial Date: November 21, 2016 |

DEFENDANT ARISTA'S OBJECTIONS TO PLAINTIFF CISCO'S
11/29/16 TRIAL EXHIBITS AND DEMONSTRATIVES
Case No. 5:14-cv-05344-BLF (NC)

1127044.01

1     Arista objects to the following November 29 trial exhibits and demonstratives.

2     **TX No. 3605:**  Cisco's Exhibit 3605 purports to be a placeholder for all of the millions of
3 lines of source code that Cisco made available to Arista during the discovery period across all of
4 its different operating system versions.  Arista objects to Exhibit 3605 due to the proposed
5 witness's lack of foundation under Rule 602.  Mr. Slattery is not a Cisco employee; he merely
6 served as an occasional consultant to Cisco.  *See* Slattery Depo. Tr. at 10:21-11:14; 46:16-47:7,
7 Ex. 5056.  Besides his 18-month consulting project rewriting the parser source code in the early
8 1990s, Mr. Slattery's intermittent work for Cisco appears to have been limited to training
9 programs.  *See* Slattery Depo. Tr. at 71:8-12; 79:22-80:4.  Nor is Mr. Slattery an expert who can
10 interpret *all* of Cisco's source code, as opposed to whatever limited portions of source code he
11 may have authored in the early 1990s.  Cisco has failed to identify any portion of the source code
12 that Mr. Slattery has sufficient personal knowledge to testify on, and he inarguably lacks
13 foundation to authenticate Exhibit 3605 as a whole.

14     Further, even if Mr. Slattery could authenticate the entire exhibit (which he cannot), Arista
15 objects to the manner in which it was disclosed.  The parties previously agreed to put in
16 "placeholder" exhibits for their source code, with the understanding that the parties would later
17 identify discrete excerpts of code as needed for certain trial witnesses.  Neither side suggested
18 that these generic "placeholder" exhibits—which cover thousands of pages and millions of lines
19 of source code—would be disclosed in their entirety and then entered into evidence.  Further,
20 Cisco did not disclose Exhibit 3605 until the morning before its intended use; Cisco's provision
21 of 23 hours' notice to evaluate such a voluminous exhibit is highly prejudicial.

22     **TX No. 4799.**  As with Exhibit 4790 (an improper summary exhibit which Cisco has
23 indicated that it will withdraw due to its failure to comply with FRE 1006), Exhibit 4799 is
24 inadmissible. *See* FRE 1006.  Cisco did not, as FRE 1006 clearly requires, make the documents
25 underlying Exhibit 4799 available for inspection.  *United States v. Bray*, 139 F.3d 1104, 1109
26 (6th Cir. 1998); Rutter Group Prac. Guide Fed. Civ. Trials & Ev. Ch. 8C-C; *Conoco Inc. v.*
27 *Department of Energy*, 99 F3d 387, 393 (Fed. Cir. 1996); *United States v. Miller*, 771 F2d 1219m
28 1238 (9th Cir. 1985).  Further, Exhibit 4799 fails even to cite to the underlying documents, so it is

1
DEFENDANT ARISTA'S OBJECTIONS TO PLAINTIFF CISCO'S
11/29/16 TRIAL EXHIBITS AND DEMONSTRATIVES
Case No. 5:14-cv-05344-BLF (NC)

1127044.01

1  a complete mystery to Arista as to how it was prepared.

2  FRE 1006 requires that the preparer of the summary exhibit be subject to cross

3  examination.  There is no evidence suggesting that Mr. Slattery prepared Exhibit 4799.  Indeed,

4  Mr. Slattery testified at deposition that he had no experience on Arista equipment. Slattery Depo.

5  Tr. at 48:11-23. Because Arista is not being given the opportunity to cross examine those who

6  prepared the summary, it must be excluded.  *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*,

7  772 F2d 505, 515 n.9 (9th Cir. 1985); *United States v. Green*, 428 F.3d 1131, 1134-35 (8th Cir.

8  2005).

9  **TX Nos. 249, 251**:  Cisco is barred from introducing Exhibits 249 and 251 by this Court's

10 order restricting Cisco from eliciting any testimony from Mr. Giancarlo stating that he is a current

11 Arista board member.  Nov. 6, 2016 Order Re Motions *In Limine*.

12 **TX No. 250:** Arista objects to Exhibit 250 ("Declaration"), a declaration of former Cisco

13 executive Charles Giancarlo relating to Cisco's 2003 lawsuit against Huawei Technologies.

14 Arista's Motion *in Limine* No. 5 sought to exclude the Declaration, in part on the basis that it is

15 inadmissible hearsay.  At the hearing on that motion, Cisco conceded that the Declaration could

16 not be offered for the truth, but instead Cisco would use it to defend against the claim of fair use.

17 Cisco explained that the Declaration would show that Cisco had protected its CLI commands.

18 The Court thus found that the Declaration could serve as "proper evidence of Cisco's protection

19 of its CLI and [could] be used as Cisco's prior statement."  Nov. 6, 2016 Order re Motions *in*

20 *Limine*.

21 Importantly, however, the Declaration was filed under seal in the Huawei litigation, and

22 remained under seal until March 2016.  Accordingly, it is not—as Cisco has asserted—relevant

23 evidence that Cisco took steps to protect its CLI, because the Declaration was kept secret from

24 everyone except Cisco and Huawei until earlier this year, long after Cisco had filed suit against

25 Arista.  There is no basis that Arista or any other member of the industry were aware of the

26 Declaration or its contents.  On that basis, the Declaration should be excluded under FRE 403.  It

27 is prejudicial and contains little probative value.  It cannot be used to demonstrate knowledge of

28 Arista, and will serve only to confuse the jury.

2
DEFENDANT ARISTA'S OBJECTIONS TO PLAINTIFF CISCO'S
11/29/16 TRIAL EXHIBITS AND DEMONSTRATIVES
Case No. 5:14-cv-05344-BLF (NC)

1127044.01

1    Finally, if Cisco is allowed to use this document, Mr. Giancarlo should be allowed to testify fully about his state of mind as to the protectability of Cisco's CLI, even if it is based partly on privileged communications.

**TX No. 184.**  Exhibit 184 is an email from Nathan Schrenk—an Arista employee—in which Mr. Schrenk explains that he made requests for the GPL-licensed components of two versions of Cisco's NX-OS.  Arista objects under FRE 403 on the basis that the email is of marginal probative value and unduly prejudicial.  If the exhibit is admitted, Mr. Duda would have to explain that asking for "GPL-licensed components" is not an example of illicit copying or otherwise relevant to the case.  The exhibit serves no purpose but to confuse the jury.

**TX Nos. 161, 170, 179, 180, 203, 204, 242, 381, 382, and 383.**  Arista reserves the right to object to the above-listed exhibits under FRE 402 and 403, pending the purpose for which Cisco offers them at trial.  Each of these exhibits was produced by Arista in this litigation and is labeled "Cisco Confidential."  Arista argued in its Motion *In Limine* No. 5 that these and similar documents are irrelevant and prejudicial.  ECF No. 527.  In its ruling on that motion, the Court held that such documents are admissible for the limited purpose of proving willful patent infringement.  If Cisco cannot show that these documents are relevant to its willfulness theory—i.e., that the sale of EOS+ is an act of willful infringement—then the documents should be excluded under FRE 402 and 403.

**TX No. 4256.**   Jeffrey Wheeler's resume is hearsay under FRE 801.

Dated:  November 28, 2016                             KEKER & VAN NEST LLP

                                                                              WILSON SONSINI GOODRICH & ROSATI

                                                                    By:    */s/ Robert A. Van Nest*
                                                                              ROBERT A. VAN NEST

                                                                              Attorneys for Defendant
                                                                              ARISTA NETWORKS, INC.

3
DEFENDANT ARISTA'S OBJECTIONS TO PLAINTIFF CISCO'S
11/29/16 TRIAL EXHIBITS AND DEMONSTRATIVES
Case No. 5:14-cv-05344-BLF (NC)

1127044.01