| | |
|---|---|
| KEKER & VAN NEST LLP<br>ROBERT A. VAN NEST - # 84065<br>BRIAN L. FERRALL - # 160847<br>DAVID SILBERT - # 173128<br>MICHAEL S. KWUN - #198945<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:   (415) 391-5400<br>Email:  rvannest@kvn.com;<br>bferrall@kvn.com; dsilbert@kvn.com;<br>mkwun@kvn.com | SUSAN CREIGHTON, SBN 135528<br>SCOTT A. SHER, SBN 190053<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>1700 K Street NW, Fifth Floor<br>Washington, D.C., 20006-3817<br>Telephone:  (202) 973-8800<br>Email:  screighton@wsgr.com;<br>ssher@wsgr.com |

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant
ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ARISTA NETWORKS, INC.,<br><br>Defendant. | Case No. 5:14-cv-05344-BLF (NC)<br><br>**DEFENDANT ARISTA'S OBJECTIONS TO PLAINTIFF CISCO'S 11/30/16 TRIAL EXHIBITS AND DEMONSTRATIVES**<br><br>Dept.:     Courtroom 3 – 5th Floor<br>Judge:    Hon. Beth Labson Freeman<br><br>Date Filed: December 5, 2014<br><br>Trial Date: November 21, 2016 |

1  Arista objects as follows to November 30 trial exhibits, demonstratives, and witnesses.

2  **Prakash Bettadapur:** Arista objects to Cisco calling Prakash Bettadapur as a witness. If

3  the Court permits him to testify, he should be precluded from testifying on any copyright-related

4  issues (*e.g.,* TX 5458-60). During discovery, Cisco only identified Mr. Bettadapur as

5  knowledgeable about the '886 patent. Ex. A at 2 (Cisco's Init. Discl.). Arista had no reason to

6  investigate Mr. Bettadapur's personal knowledge on any other subject, and therefore did not do

7  so. With the '886 patent claim now dismissed, Mr. Bettadapur is not a proper trial witness.

8  On its trial witness list, Cisco identifies Mr. Bettadapur on two topics: (1) "[u]se of the

9  '526 patented technology in Cisco's products"; and (2) "the importance of the '526 patent

10  technology for creating extensible operating systems." ECF 593-1 at 2.

11  On the first topic, while Mr. Bettadapur was designated on this topic as a 30(b)(6) witness,

12  he disclaimed any "firsthand knowledge." Ex. B at 65. He therefore cannot testify to this topic at

13  trial. *VIIV Healthcare Co. v. Mylan Inc.*, 2014 WL 2195082, at *2 (D. Del. 2014) (barring

14  parties' 30(b)(6) testimony at trial, where they "failed to demonstrate that their witnesses'

15  deposition testimony relies on personal knowledge"). He did not know which Cisco products

16  practice the '526 patent, where particular requirements of the '526 patent could be found in

17  Cisco's products, or how the '526 technology ended up in Cisco products. *See* Ex. B at 65–70.

18  Thus, Cisco should be barred from testifying about how it practices the '526 patent.

19  On the second topic, Mr. Bettadapur was ***in no way*** disclosed on this issue during

20  discovery. Moreover, it is clear from the documents identified, and from Cisco's counsel, that

21  Cisco intends to elicit testimony on copyright-related issues. This is both completely undisclosed

22  testimony and, in any event, improper opinion testimony from a lay witness. *See* FRE 701.

23  **Almeroth Demonstratives**: Arista objects to slides 32 to 42, slides 44 to 51, slides 72 to

24  125, and slides 129 and 136 in Dr. Almeroth's demonstratives for lack of foundation and as

25  improper "expert" testimony. These slides offer no expert testimony at all, but rather an early

26  closing argument for Cisco, imputing subjective motives to Arista, bolstering testimony and

27  statements from Cisco witnesses regarding the "creativity" of command creation, and parroting

28  snippets from emails, documents, and depositions without applying any expertise as a computer

scientist. It is the province of the jury to determine whether those witnesses are credible and what lay conclusions to draw from a document —not an expert. Dr. Almeroth's associated commentary adds no technical expertise to their contents—he merely argues what the jury should conclude from them. The Court should not allow Dr. Almeroth to usurp the jury's role in this trial by rehashing record evidence without offering any technical expertise. *See United States v. Freeman*, 498 F.3d 893, 903–04 (9th Cir. 2007) (an expert may not be used as a party spokesperson to provide an "additional summation" of evidence); *United States v. Binder*, 769 F.2d 595, 602 (9th Cir. 1985) (no expert is permitted to vouch for or buttress the credibility of what another person has said in a deposition or document); *Oracle America v. Google*, No. 10-03561, D.I. 1803 (N.D. Cal. May 3, 2016) (Alsup, J.) ("[A]n expert should never purport to tell the jury which side's fact witnesses are credible or vouch for whose fact scenario is correct[.]").

**Almeroth Trial Exhibits**: Arista objects to trial exhibits 166, 171, 181, 183, 185, 189, 193 ,197, 203, 229, 278, 295, 369, 370, 374, 376, 379, 385, 390, 488, 509, 528, 545, 553, 565, 567, 851, 854, 982, 1502, 1661, 2095, 2556, 2870, 3195, 3241, 3623 for the same reasons as it objects to Dr. Almeroth's demonstrative slides above. Arista also objects to trial exhibits 376, 488, 509, 565, 567, 3195, 3241, and 3623 as hearsay. Arista also objects to trial exhibit 4789 as an improper summary exhibit, for the same reasons raised at the morning argument on Nov. 29. Finally, Arista objects to summary trial exhibits 4794, 4795, 4796, 4797, 4799, 4800, and 4803 as improper trial summary exhibits due to argumentative, misleading, and inaccurate content.

**TX 3605**: Cisco's Exhibit 3605 purports to be a placeholder for all of the millions of lines of source code that Cisco made available to Arista during the discovery period across all of its different operating system versions. Arista objects to Exhibit 3605 due to the proposed witness's lack of foundation under Rule 602. As a member of Cisco's legal department whose employment at the company only dates back to 2004, Mr. Lang lacks the necessary personal knowledge to testify on massive amounts of source code. *See* Ex. C (Lang Depo.) at 13:8-9; 20:4-23; 23:25-24:10; 54:3-23. Further, even if Mr. Lang could authenticate the entire exhibit (which he cannot), Arista objects to the manner in which it was disclosed. The parties previously agreed to put in "placeholder" exhibits for their source code, with the understanding that the parties would later

1  identify discrete excerpts of code as needed for certain trial witnesses.  Neither side suggested
2  that these generic exhibits would be disclosed in their entirety and then entered into evidence.
3  Further, Cisco failed to timely disclose Exhibit 3605 pursuant to the parties' agreement.

**TX No. 4803**:  Arista also objects to the introduction of Exhibit 4803 through Mr. Lang due to lack of foundation and prejudice to Arista. Exhibit 4803 consists of the entirety of Cisco's deposited copyright applications, source code, and documentation, totaling over 1,000 separate documents.  Mr. Lang's role at Cisco is mostly legal and he lacks the technical knowledge and familiarity to testify as to the contents of the exhibit as a whole. *See id*.  Cisco's failure to identify a specific portion of Exhibit 4803 it intends to use with Mr. Lang is highly prejudicial to Arista, given the limited time available to evaluate the extensive scope of the exhibit.  Arista does not object to Exhibit 4803 to the extent Cisco intends to have Mr. Lang testify that the documents were deposited with the copyright office and puts all of the deposited material into evidence.

**TX Nos. 494, 504, 4327, 4424, 4673, 4674, 159:** Arista objects to the aforementioned exhibits, which constitute inadmissible hearsay under Rule 801.

**TX Nos. 698, 700, 991, 4424, 4673, 4674, 159:**  Arista objects to these exhibits due to the proposed witness' lack of foundation under Rule 602.

Dated:  November 29, 2016              KEKER & VAN NEST LLP

                                       WILSON SONSINI GOODRICH & ROSATI


                                       By:   */s/ Robert A. Van Nest*
                                             ROBERT A. VAN NEST

                                             Attorneys for Defendant
                                             ARISTA NETWORKS, INC.