Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Steven Cherny *(admitted pro hac vice)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ARISTA NETWORKS, INC., <br><br> Defendant. | CASE NO. 5:14-cv-5344-BLF <br><br> **CISCO'S OBJECTIONS TO ARISTA'S 12/2/2016 TRIAL EXHIBITS AND DEMONSTRATIVES** <br><br> Dep't: Courtroom 3, 5th Floor <br> Judge: Hon. Beth Labson Freeman |

Cisco objects as follows to Arista's December 2 trial exhibits and demonstratives.

The sole witness Arista has disclosed for December 2 is Ken Duda, Arista's CTO. Arista proposes to use certain **demonstratives** in the course of its examination of Mr. Duda. These slides are largely repetitive of slides Arista presented in its opening argument. Cisco objects to slides 9, 11, 14, 18, and 20 as improperly argumentative and self-serving and also containing hearsay. Slide 10 is irrelevant to the case and more unfairly prejudicial than probative, particularly in light of Arista's repeated objections to even stray references to source code in the exhibits and testimony presented in Cisco's case-in-chief. *See, e.g.*, ECF 694 at 1.

Arista has also disclosed a number of proposed exhibits which are plainly inadmissible hearsay. Exhibits **5416** and **8199** are media publications. "It is axiomatic to state that newspaper articles are by their very nature hearsay evidence and are thus inadmissible if offered to prove the truth of the matter asserted." *AMFS LLC v. UPS*, 105 F. Supp. 3d 1061, 1070 (C.D. Cal. 2015). None of these exhibits fall within an exception to the hearsay rule; the fact of their publication has no bearing on this trial.[1] To the contrary, all of the press material collected in these exhibits purports to provide technological or financial analysis which, were the authors available, Cisco would thoroughly cross examine.

The rule against hearsay further excludes the large number of Arista-authored presentations, papers, and press releases which have been designated. Earlier in this case, Cisco sought to introduce a PowerPoint presentation through its author; Arista objected on hearsay grounds, the Court sustained the objection, and Cisco was not able to introduce the evidence. *See* ECF 687 at 273. Now Arista seeks to introduce a slew of "marketing puff piece[s]." *Id.* Exhibits **6423**, **7357**, and **7408** and are white papers Arista published for a wide audience; exhibits **7736**, **7740**, **7769**, **7890**, **7892**, and **7894** are presentations Arista used to promote its products and itself; exhibit **8206** is a self-serving Arista press release. All of these exhibits are "laudatory and self-congratulatory" marketing fluff of the kind the Court has already ruled is excluded under the

---

[1] Any suggestion that the fact of publication is relevant to estoppel, one of the topics purported to be amongst the substance of Mr. Duda's testimony, ECF 593-2 at 2, is of course precluded by the Court's determination that estoppel is an equitable defense not tried to the jury.

hearsay rule. *Id.*; *see, e.g.* Ex. 7357 at 947 ("EOS is a robust, programmable and innovative operating system"); Ex. 7892 at 655 ("True Leadership"); Ex. 7894 at 033 ("Why Arista switches for Hadoop?"); *see also* Ex. 7769 (describing efforts to write "a white paper describing features and benefits of Arastra EOS"). All were intended for external audiences and none was "relied upon by [Arista] in the performance of its functions," and thus none carries the assurance of accuracy that justifies the business records exception. *City of Long Beach v. Standard Oil Co. of Cal.*, 46 F.3d 929, 937 (9th Cir. 1995); *see also* Fed. R. Evid. 803(6).

The internal Arista emails that make up exhibits **536**, **6515**, **7744** (hearsay within hearsay), **7748** (same), **7769**, **7788** (again), **7812**, **7869**, **7873**, **7876**, and **9069** are all hearsay. There is no indication on the face of these documents that they were kept and approved pursuant to a formalized procedure; instead, they are informal back-and-forth communication which carry no indicia of reliability. "In the Ninth Circuit, emails are not automatically admissible under the business records exception to the hearsay rule." *Venture Corp. Ltd. v. Barrett*, 2015 WL 2088999, *2 (N.D. Cal. May 5, 2015). The most formal of the emails, Ex. 7788, is a record of a conference call and as such is hearsay within hearsay with no recourse to the business records exception.

Another set of documents inadmissible as hearsay are those that purport to instruct Arista employees in matters of conduct and ethics. Exhibits **7715**, **7836**, **7837**, **9067**, **9068**, and **9069** all appear to be materials Mr. Duda or an unknown Arista employee created to instruct other Arista employees in proper standards. Besides the fact that these documents are rife with self-serving statements that should not go to the jury through an out-of-court declarant, *see, e.g.*, Ex. 9067 ("Do the right thing"); 9068 ("Arista is a great place to work"), they are also precisely analogous to the PowerPoint Mr. Remaker authored for internal presentation to Cisco employees. The Court should exclude Arista's internal and aspirational employee guidance to the same extent it excluded Mr. Remaker's presentation.

Exhibits **6506**, **6515**, **7744**, **7812**, **7869**, **7873**, and **7876** all either consist of or contain advertising materials from Arista's competitors. For all of the reasons discussed above, such materials are, again, inadmissible hearsay to the extent they are offered for the truth of the matters asserted. Because Arista has not identified any alternative purposes for these exhibits or any

1  others, and because the topics Mr. Duda's testimony is purported to cover, *see* ECF 593-2 at 2
2  ("Founding of Arista; development of EOS; accused CLI elements; fair use; estoppel; copyright
3  misuse.  Documents on the exhibit list that were either authored or received by him."), do not
4  indicate such purposes, Cisco object to their admission.

5      Finally, the only description Arista provides of exhibits **5594** and **5595** is that they are
6  "physical prototypes."  Without access to these items, Cisco cannot evaluate whether they are
7  appropriate evidence.  Cisco reserves the right to inspect these exhibits and make additional
8  objections.

Dated:  December 1, 2016                      Respectfully submitted,

*/s/  John M. Neukom*

Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Steven Cherny (*admitted pro hac vice*)
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street

1  San Francisco, California  94104
   Telephone: (415) 439-1400
2  Facsimile: (415) 439-1500

3  Michael W. De Vries (SBN 211001)
   michael.devries@kirkland.com
4  KIRKLAND & ELLIS LLP
   333 South Hope Street
5  Los Angeles, California 90071
   Telephone: (213) 680-8400
6  Facsimile: (213) 680-8500

7  *Attorneys for Plaintiff Cisco Systems, Inc.*