Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Steven Cherny *(admitted pro hac vice)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ARISTA NETWORKS, INC., <br><br> Defendant. | CASE NO. 5:14-cv-5344-BLF <br><br> **CISCO'S OBJECTIONS TO ARISTA'S 12/5/2016 TRIAL EXHIBITS AND DEMONSTRATIVES** <br><br> Dep't:  Courtroom 3, 5th Floor <br> Judge:  Hon. Beth Labson Freeman |

Cisco objects as follows to Arista's December 5 trial exhibits and demonstratives.

Most of Arista's proposed exhibits are inadmissible hearsay for which no non-hearsay purpose has been offered. Many of the objections Cisco noted as to Arista's disclosures for December 2 (ECF 697) apply equally to this new set of exhibits. Although the parties have spoken, Arista has not communicated the basis of any disagreement with Cisco's objections.

The media publications in Exhibits **5416**, **6223**, **6505**, **7005**, **7731**, **7732** and **8199** "are by their very nature hearsay evidence and are thus inadmissible if offered to prove the truth of the matter asserted." *AMFS LLC v. UPS*, 105 F. Supp. 3d 1061, 1070 (C.D. Cal. 2015). The same is true of Exhibit **8206**, an Arista press release. Arista has not identified any potentially non-hearsay purposes for these materials. Should Arista identify a proper purpose, these exhibits should still be excluded as more unfairly prejudicial than probative. The disclosed articles purport to provide laudatory technical or financial analysis (Exs. 5416, 6223, 7005, 8199) or state conclusions about whether "Cisco's CLI has become a standard in the industry" (Exs. 6505, 7731, *see also* Ex. 7732). Such out-of-court statements of heavily contested facts and opinions should not go to the jury under the guise of, for example, demonstrating general awareness of Arista in the market.

No non-hearsay purpose has been offered for the litany of emails included in Arista's disclosures. Exhibits **4353**, **6155**,[1] **6450**, **6515**, **6554**, **6555**, **7744**, **7748**, **7757**, **7767**, **7787**, **7788**, **7812**, **7868**, **7873**, **7876**, **7878**, **7883** and **9069** are all emails sent and/or received by Arista employees. Although many of these emails appear to have been sent in the general course of business, the business record exception to hearsay requires more: the record must have been "kept in the course of a regularly conducted activity," and making the record must be "a regular practice of that activity." Fed. R. Evid. 803(6). There is no evidence that would support the idea that Arista so relied on every private email its employees ever sent one another that every Arista email carries an adequate guaranty of reliability to be admitted into evidence. *See Monotype Corp. v.*

---

[1] Exhibit 6155 purports to contain within it "the internal tribute Cisco wrote" to Ms. Ullal. That Fed. R. Evid. 801(d)(2) may arguably save this exhibit from being hearsay-within-hearsay does not remedy or satisfy any hearsay exception for the email itself.

1  *Int'l Typeface Corp.*, 43 F.3d 443, 450 (9th Cir. 1994); *Venture Corp. Ltd. v. Barrett*, 2015 WL
2  2088999, *2 (N.D. Cal. May 5, 2015).

3  At this juncture, these emails are not consistent prior statements admissible under Fed. R. Evid. 801(d)(1)(B). It is doubtful that they would be under any circumstance, as this Rule is not a general invitation to admit hearsay evidence of a witness's motives, but instead an avenue "to *rebut* an express or implied charge that the declarant *recently* fabricated [her testimony] or acted from a *recent* improper influence or motive in so testifying." *Id.* (emphasis added). "The Rule permits the introduction of a declarant's consistent out-of-court statements to rebut a charge of recent fabrication or improper influence or motive *only when those statements were made before the charged recent fabrication or improper influence or motive*." *Tome v. United States*, 513 U.S. 150, 167 (1995) (emphasis added).

Even more problematic is the suggestion that Exhibits **7777** and **7790**, emails Arista's CEO exchanged with a customer and a financial advisor, should be admitted into evidence. These effusively self-serving documents should be excluded under any analysis of Fed. R. Evid. 403 and 802, and particularly so where Arista has successfully excluded testimony about general lessons Cisco employees learned from customers (Trial Tr. 11/28/2016 (ECF 687) at 467) and even objected to a yes or no question about whether a witness has received customer feedback regarding the help descriptions in Cisco's CLI (Trial Tr. 11/29/2016 (ECF 691) at 737-38).

The Arista advertising materials disclosed for use with these witnesses should also be excluded as improper hearsay. Exhibits **267**, **6095**, **6450**, **6554**, **7734**, **7892**, **7893**, **7894**, and **7899** all appear to be presentations designed by Arista for outside audiences. There is thus greater reason to doubt the reliability of these documents than there was to doubt the reliability of the presentation, authored by a witness for Cisco's internal use, which Arista's counsel derided as "nothing but a marketing puff piece" and which the Court excluded as hearsay. Trial Tr. 11/28/2016 (ECF 687) at 273. Few of the presentations disclose their authors and Arista has not informed Cisco of any facts which would support admission of these presentations as business records. Were such facts to emerge, or were Arista to articulate a non-hearsay purpose for these

1  exhibits (which it has not yet attempted to do), Fed. R. Evid. 403 would still bar the admission of
2  many of these exhibits into evidence based on their self-serving and promotional nature.

3        Arista's public white papers, Exhibits **6284**, **6423**, **7357**, **7408**, **7411**, **7724**, and **7839**, also
4  serve promotional purposes and therefore do not qualify as business records.  These documents
5  contain self-serving descriptions of Arista's products and services.  In contrast to internal manuals,
6  such as Exhibit 6218, which appear to be the types of materials Arista may have actually relied
7  upon in the course of its business, Arista's statements to customers through white papers cannot be
8  relied upon for the truth of the matter asserted.  *See, e.g.*, Ex. 7357 at 956 (EOS "is the most
9  advanced, resilient and programmable operating system").  Because Arista has articulated no other
10 purpose for these exhibits, they should be excluded as improper hearsay.

11       Exhibits **7836**, **7839**, **8133**, **9067**, **9068** and **9069**, documents that purport to instruct Arista
12 employees in matters of conduct and ethics, are inadmissible hearsay to the extent they are offered
13 for the truth of the matters asserted.  Arista has not identified any alternative purpose for these
14 documents or any others since their initial disclosure of exhibits to be used with witnesses.  These
15 documents, which contain numerous self-serving statements made by unnamed authors, should not
16 go to the jury.

17       Many of the exhibits Arista has disclosed do not, on their face, indicate the basis of the
18 witness's personal knowledge of the document's contents.  Cisco reserves the right to object to
19 any attempt to introduce an exhibit without a proper foundation.

20       Finally, Cisco objects to slide 2 of the **demonstrative** disclosed for use with Mr. Holbrook
21 as hearsay; the slide incorporates part of Exhibit 6095 (discussed above), not Exhibit 168.

Dated:  December 2, 2016                    Respectfully submitted,

                                            */s/  John M. Neukom*

                                         Kathleen Sullivan (SBN 242261)
                                         kathleensullivan@quinnemanuel.com
                                         QUINN EMANUEL URQUHART &
                                         SULLIVAN LLP
                                         51 Madison Avenue, 22nd Floor
                                         New York, NY 10010
                                         Telephone: (212) 849-7000

1  Facsimile: (212) 849-7100

2  Sean S. Pak (SBN 219032)
   seanpak@quinnemanuel.com
3  Amy H. Candido (SBN 237829)
   amycandido@quinnemanuel.com
4  John M. Neukom (SBN 275887)
   johnneukom@quinnemanuel.com.
5  QUINN EMANUEL URQUHART &
   SULLIVAN LLP
6  50 California Street, 22nd Floor
   San Francisco, CA 94111
7  Telephone: (415) 875-6600
   Facsimile: (415) 875-6700

8
   Steven Cherny (*admitted pro hac vice*)
9  steven.cherny@kirkland.com
   KIRKLAND & ELLIS LLP
10 601 Lexington Avenue
   New York, New York 10022
11 Telephone: (212) 446-4800
   Facsimile: (212) 446-4900

12
   Adam R. Alper (SBN 196834)
13 adam.alper@kirkland.com
   KIRKLAND & ELLIS LLP
14 555 California Street
   San Francisco, California 94104
15 Telephone: (415) 439-1400
   Facsimile: (415) 439-1500

16
   Michael W. De Vries (SBN 211001)
17 michael.devries@kirkland.com
   KIRKLAND & ELLIS LLP
18 333 South Hope Street
   Los Angeles, California 90071
19 Telephone: (213) 680-8400
   Facsimile: (213) 680-8500

20
   *Attorneys for Plaintiff Cisco Systems, Inc.*
21

22

23

24

25

26

27

28