Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Steven Cherny *(admitted pro hac vice)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ARISTA NETWORKS, INC., <br><br> Defendant. | CASE NO. 5:14-cv-5344-BLF <br><br> **CISCO'S OBJECTIONS TO ARISTA'S 12/6/2016 TRIAL EXHIBITS AND DEMONSTRATIVES** <br><br> Dep't: Courtroom 3, 5th Floor <br> Judge: Hon. Beth Labson Freeman |

Cisco objects as follows to Arista's December 6 trial exhibits and demonstratives.

**Dr. John Black.**  Cisco objects to Arista's attempts to use Dr. Black to introduce into evidence a large set of third party documents[1] and summaries based on similar documents.[2]  These documents were not authored by either Cisco or Arista.  The were also not produced by a third party as a result of a subpoena; they are of unknown origins and Dr. Black cannot reasonably authenticate them or otherwise lay an adequate foundation for their admission into evidence. They are also hearsay.  Consistent with the Court's rulings about the proper requirements for evidence that is sought to be introduced through expert witnesses, this evidence should be excluded.

In preparation for this trial, the parties negotiated a Stipulation Regarding Exhibits.  ECF 659.  The parties stipulated that documents produced by third parties in response to subpoenas were authentic and admissible as business records.  ECF 658-1.  Four of the documents Arista has disclosed fall into this category, and Cisco does not object to their admission or use.

However, what limited information there is available to Cisco regarding the remaining third-party documents disclosed in connection with Dr. Black raises serious questions about their origin.  At his deposition, Dr. Black explained that, at least in some cases, he did not even collect these documents from the internet (or wherever else they came from) himself.  Instead, he testified that "Arista's lawyers would say here are some more to consider, and they would give me the manuals produced by those vendors."  Ex. A, Black Dep. Tr. 6/30/2016 196:22-24.  Cisco, and indeed Dr. Black, has no knowledge as to how and from where these documents were selected and collected.  Many of them apparently originated with third parties, such as Dell, that were subpoenaed in this litigation and produced some documents, but not these ones.  Whatever process brought these materials to Dr. Black's attention is inadequate to serve as the basis for authenticating documents of unknown authorship and origin and submitting them to the jury.

---

[1] The following Exhibits are third party documents to which Cisco objects: **5246**, **5247**, **5323**, **5324**, **5325**, **5326**, **5327**, **5328**, **6581**, **6582**, **6586**, **6669**, **6743**, **6801**, **6817**, **6968**, **7302**, **7310**, and **7315**.

[2] The following Exhibits are the summaries to which Cisco objects: **5626**-**5643**, **9041**, **9042**, **9047**, **9049**, **9052**, **9053**, **9056**, and **9061**.

These facts present a good faith challenge to the authenticity of these documents, which should be excluded.[3]  ECF 659 at 1.

These third-party documents are also hearsay: they are out of court statements offered for the truth of the matter asserted, because if not true they would provide no valid basis for Dr. Black's opinions.  No witness is available to testify as to how, by whom, and when these documents were created, whether their creation was a regular activity, how they were maintained, or whether they were relied upon in the course of business.  Fed. R. Evid. 803(6).  Dr. Black is not a proper custodian of these documents; indeed, he did not even collect these documents himself.  Arista's proposal, to have Dr. Black submit to the jury a number of documents authored by unknown parties and collected by its attorneys using unknown methods, does away with the dual protections of the authenticity and hearsay requirements in one instant.

The same inability to prove authenticity or survive a hearsay challenge applies to the summary exhibits disclosed for use with Dr. Black.  These exhibits are summaries which either compare Cisco CLI commands with other vendors' commands or list commands that "overlap" between Cisco and other vendors.  Dr. Black testified that he learned the commands available in other vendors' products "by examining user manuals."  Ex. A, Black Dep. 6/30/2016 213:18.  These appendices are thus deficient to the same extent, and for the same reason, that the underlying materials are deficient.  Fed. R. Evid. 1006  Moreover, many of the vendors compared and analyzed in these exhibits do not appear elsewhere in the case: the only information we have as to them comes from Dr. Black's analysis of materials presented to him by Arista's lawyers.

As the Court has recognized, the fact that an expert relied upon certain evidence in reaching an opinion does not render that evidence authentic or admissible.  Fed. R. Evid. 703.  Before Dr. Almeroth testified, Arista objected to Cisco's use of emails authored by Arista

---

[3]  One way that an exhibit's authenticity can be established is by an expert witness's "comparison with an authenticated specimen."  Fed. R. Evid. 901(b)(3).  The Notes of the Advisory Committee indicate that this method of authentication originated in the context of handwriting or signature comparisons.  The third-party documents at issue do not contain a similar quality that Dr. Black could objectively and expertly compare in order to authenticate one document on the strength of another.

1  employees. ECF 690 at 2. When the parties raised this issue before the Court, the Court stated
2  that "most of them were e-mails and I'm actually not used to experts introducing documents like
3  this." ECF 695, Trial Tr. 11/30/2016 846:18-20. Cisco heeded the Court's words and did not seek
4  to introduce these statements by Arista employees through Dr. Almeroth. The same result should
5  obtain here, particularly because the documents to which Cisco objects are from third parties and
6  thus are not admissible under Fed. R. Evid. 801(d)(2).

7  Cisco also objects to the summary exhibits discussed above on the basis that any use of
8  these appendices violates the Court's ruling regarding Cisco's proposed Exhibit 4796 and Arista's
9  agreement that the Court's ruling as to that exhibit would apply to the exhibits to be used with Dr.
10 Black. ECF 699, Trial Tr. 12/1/2016 1153-56. These exhibits are summaries which list "Disputed
11 Cisco Command[s]" against other vendors' "Command Syntax" or state that the commands used
12 by Cisco and another vendor overlap. Dr. Black testified that he generated these appendices "by
13 examining user manuals." Ex. A, Black Dep. 6/30/2016 213:18. That is to say, he performed the
14 same exercise Dr. Almeroth performed to generate the excluded Exhibit 4796.

15 Cisco also objects to the **demonstratives** disclosed for Dr. Black. Slides **12**, **13** and **30** of
16 his presentation exceed the scope of his report, slide **17** uses the argumentative word "common,"
17 slide **22** references a non-admitted exhibit to which Cisco has objected, and slides **28-30** state an
18 improper legal conclusion and use the argumentative term "substantiality." The demonstrative
19 chart contains commands no longer in the case, use the argumentative word "common," and
20 should be excluded in its entirety to the same extent as Dr. Black's summary exhibits.

21 **Jeffrey Chase.** Cisco objects to Exhibit **5988** on the basis that it is of no or limited
22 relevance to any matters before the jury. Fed. R. Evid. 402, 403. Because patent validity is not at
23 issue, this document has at best limited probative value and would be confusing to the jury.

24 **Michael Volpi.** Cisco objects to Exhibit **5622** on the basis that it is inadmissible hearsay.
25 Fed. R. Evid. 802. Cisco also objects to the remaining exhibits to the extent Mr. Volpi, who was
26 served with a subpoena for relevant documents but did not produce any and disclaimed having
27 any, *see* Ex. B (subpoena) & C (Volpi Dep.), is not able to adequately lay a foundation for his
28 knowledge of confidential internal Cisco documents.

Dated: December 5, 2016                           Respectfully submitted,

/s/ John M. Neukom

Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Steven Cherny (*admitted pro hac vice*)
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*