1  KEKER & VAN NEST LLP
   ROBERT A. VAN NEST - # 84065
2  BRIAN L. FERRALL - # 160847
   DAVID SILBERT - # 173128
3  MICHAEL S. KWUN - #198945
   633 Battery Street
4  San Francisco, CA 94111-1809
   Telephone:   (415) 391-5400
5  Email:  rvannest@kvn.com;
   bferrall@kvn.com; dsilbert@kvn.com;
6  mkwun@kvn.com

SUSAN CREIGHTON, SBN 135528
SCOTT A. SHER, SBN 190053
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C., 20006-3817
Telephone:  (202) 973-8800
Email:  screighton@wsgr.com;
ssher@wsgr.com

8  JONATHAN M. JACOBSON, NY SBN 1350495
   CHUL PAK (*pro hac vice*)
9  DAVID H. REICHENBERG (*pro hac vice*)
   WILSON SONSINI GOODRICH & ROSATI
10 Professional Corporation
   1301 Avenue Of The Americas, 40th Floor
11 New York, NY 10019-6022
   Telephone:  (212) 999-5800
12 Email:  jjacobson@wsgr.com; cpak@wsgr.com;
   dreichenberg@wsgr.com

13 Attorneys for Defendant
   ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ARISTA NETWORKS, INC.,<br><br>Defendant. | Case No. 5:14-cv-05344-BLF (NC)<br><br>**DEFENDANT ARISTA'S OBJECTIONS TO PLAINTIFF CISCO'S 12/07/16 TRIAL EXHIBITS AND DEMONSTRATIVES**<br><br>Dept.:   Courtroom 3 – 5th Floor<br>Judge:   Hon. Beth Labson Freeman<br><br>Date Filed: December 5, 2014<br><br>Trial Date: November 21, 2016 |

1    Arista objects to Exhibits **185**, **197**, **278**, **528** (Arista e-mails), **250** (Giancarlo Huawei
2    Declaration), **505** (Jayshree Ullal Interview Transcript), **3195** (Remaker "Show Inventory"
3    document), **3251** (Arista's Answer to Original Complaint), and **6095** (Arista PowerPoint
4    presentation), which Cisco seeks to introduce through Dr. Almeroth, for lack of foundation and
5    for eliciting improper "expert" testimony.  As Arista explained when Cisco last attempted to
6    introduce these kinds of exhibits through Dr. Almeroth, they are not intended to inform any
7    expert testimony at all, but rather an early closing argument for Cisco.  They impute subjective
8    motives to Arista and parrot snippets from emails and other documents without applying any
9    expertise as a computer scientist. It is the province of the jury to determine whether fact witnesses
10   who may have testified about documents are credible, and what lay conclusions to draw from
11   statements within a document.  The Court should not allow Dr. Almeroth to usurp the jury's role
12   in this trial by rehashing record evidence and instructing the jury on what it should conclude
13   without offering any technical expertise.  *See United States v. Freeman*, 498 F.3d 893, 903–04
14   (9th Cir. 2007) (an expert may not be used as a party spokesperson to provide an "additional
15   summation" of evidence); *United States v. Binder*, 769 F.2d 595, 602 (9th Cir. 1985) (no expert is
16   permitted to vouch for or buttress the credibility of what another person has said in a deposition
17   or document); *Oracle America v. Google*, No. 10-03561, D.I. 1803 (N.D. Cal. May 3, 2016)
18   (Alsup, J.) ("[A]n expert should never purport to tell the jury which side's fact witnesses are
19   credible or vouch for whose fact scenario is correct[.]").

20   Arista also objects to Exhibit **278** as hearsay because it includes and discusses a forwarded
21   message from a third party.

22   In its attempt to introduce Exhibit **3251**, Cisco is reneging on a stipulation entered into by
23   both parties with respect to Arista's Answer to the original Complaint—which Cisco previously
24   disclosed for use with Dr. Almeroth.  On December 1, 2016, Arista stated on the record that the
25   parties agreed to read a stipulation informing the jury that Arista admitted to using the commands
26   in Exhibit 1 and then subsequently denied doing so.  Trial Tr., Dec. 1, 2016 at 1120:12–21.  Cisco
27   read the stipulated language into the record just before Dr. Almeroth testified, and the Answer
28   was not admitted into evidence, though Exhibit 1 was admitted.  Tr. at 1201–02.

After Arista objected to Exhibit **4789** as an improper summary, Cisco amended it and introduced it through Mr. Lang, who works in the legal department at Cisco. It is unclear how Dr. Almeroth can testify as to Exhibit 4789, as he appears to lack foundation to testify about it.

The Court already ruled that Exhibit **4796** is an improper summary, and excluded it the last time Cisco attempted to use it with Dr. Almeroth. Tr. (Dec. 1, 2016) at 1156–57[1]

Cisco withdrew Exhibit **4797** from Dr. Almeroth's disclosure the last time Arista objected to it as an improper summary exhibit. It is unclear why Cisco now intends to use it during its rebuttal case, nor has Cisco explained why it should be allowed to use it in rebuttal when obviously Cisco initially intended to use it in its case and chief. Regardless, the titles and headings used summarize Cisco's infringement contentions—not merely the evidence. It purports to demonstrate the number and percentage of commands in Arista's software that Arista "copied from Cisco." *See Peat, Inc. v. Vanguard Research, Inc.*, 378 F.3d 1154, 1159–63 (11th Cir. 2004) ("[B]ecause summaries are elevated under Rule 1006 to the position of evidence, care must be taken to omit argumentative matter in their preparation lest the jury believe that such matter is itself evidence"; criticizing "conclusory statements and claims" and "suggestive headings" in summary exhibit) (internal quotation marks omitted); *United States v. Bray*, 139 F.3d 1104, 1110–11 (6th Cir. 1998) (summary exhibits may not be "embellished by or annotated with the conclusion of or inferences drawn by the proponent, whether in the form of labels, captions, highlighting techniques, or otherwise"). Apart from being argumentative, Exhibit 4797 is also legally irrelevant, because the relevant question when comparing works as a whole, and for substantiality under fair use, focuses on the portion taken from the copyright owner's work, not the accused infringer's work.

Dr. Almeroth also lacks the foundation to discuss the contents of Exhibit **4803**, which

---

[1] Cisco's recent modifications to the exhibit do not cure its prejudicial and misleading effect, as the last two columns suggest to the jury that each of the Cisco "command expressions"—which are not complete commands—is found in Arista's works and source code by juxtaposing them in a single document. Moreover, Cisco has already admitted Exhibit 1 to the Complaint (TX 4821), and Arista's interrogatory responses into evidence (which contain Arista's explanation that the accused "command expressions" are not commands at all) (TX 4822 and 4823). Cisco's modified Exhibit **4796** seeks to combine those prior exhibits, while removing Arista's explanation that its actual commands are different from Cisco's list of "command expressions."

1  consists of the entirety of Cisco's deposited copyright applications, source code, and
2  documentation, totaling over 1,000 separate documents.

3  As to Dr. Almeroth's demonstratives, Arista objects to slides 4, 6, 7, 8, 17, 20 to 39, and
4  40 as containing argumentative, misleading, and inaccurate content.  Slide 4 contains a quotation
5  from Mr. William M. Seifert—who is not testifying in this case. Slide 6 violates the stipulation
6  reached by the parties on Arista's Answer to Cisco's original complaint for the reasons explained
7  above.  Cisco already read stipulated language concerning Arista's Answer into the record.  Slide
8  6 is not the stipulated language, and it shows portions of paragraph 53 of the Answer that are
9  irrelevant and confusing, while leaving out Arista's Answer to the Second Amended Complaint.
10 Slide 6, in other words, is a closing argument slide, not the subject of expert testimony, and it
11 violates the parties' agreement, memorialized on the record.

12 Slides 7 and 8 are argumentative, conveying factual conclusions about the matters at issue
13 in the case.  *See United States v. Freeman*, 498 F.3d 893, 903–04 (9th Cir. 2007) (an expert may
14 not be used as a party spokesperson to provide an "additional summation" of evidence).  Slide 7
15 also reproduces the legally irrelevant column concerning the percentage of EOS commands that
16 Cisco claims were copied from IOS.  The relevant denominator for fair use and infringement is
17 IOS, not EOS.

18 On slide 17, the title "Vendors Supporting Commands" is inaccurate and misleading
19 because it implies that the numbers displayed are the total number of vendors, but those totals do
20 not include either Cisco or Arista.  A more accurate title would be "Other Vendors Supporting
21 Commands."  Slides 20 to 39 contain similar language and are improper for the same reasons as
22 slide 17.  Slide 40 is irrelevant—it summarizes information in interrogatory responses, while Dr.
23 Black conducted his own independent analysis.

24 Arista also reserves the right to object to any exhibits or slides that rely on exhibits that
25 were not disclosed in Dr. Almeroth's rebuttal report.

26 Finally, Arista objects to Cisco's Exhibit **166A**, which is a proposed transcription of a clip
27 played during the trial, because it is incomplete and prejudicial.

28

| | |
|---|---|
| Dated:  December 6, 2016 | KEKER & VAN NEST LLP |
| | By:  */s/ Robert A. Van Nest* <br> ROBERT A. VAN NEST <br><br> Attorney for Defendant <br> ARISTA NETWORKS, INC. |