Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com.
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Mark Tung (SBN 245782)
marktung@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven Cherny *(admitted pro hac vice)*
steven.cherny@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Adam R. Alper (SBN 196834)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (SBN 211001)
michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Plaintiff Cisco Systems, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>ARISTA NETWORKS, INC.,<br><br>Defendant. | CASE NO. 5:14-cv-5344-BLF (NC)<br><br>**CISCO'S OBJECTIONS TO ARISTA'S SUBMISSION OF JURY INSTRUCTIONS NOS. 33, 56A AND 66**<br><br>Judge:   Hon. Beth Labson Freeman |

## CISCO'S OBJECTIONS TO ARISTA'S SUBMISSION OF JURY INSTRUCTIONS NOS. 33, 56A AND 66

Cisco respectfully submits that Arista's submissions of final jury instructions No. 33 (Compilations), No. 56A (Fair Use: Balancing), and No. 66 (Damages: Infringers' Profits) do not reflect the Court's rulings at the November 22, 2016 conference.  In particular, Cisco's notes from that conference reflect the following discrepancies with Arista's submission:

- **No. 33 (Compilations):** Cisco's notes reflect that the Court did not indicate an intent to depart from the Model by presenting an element-by-element definition of any compilation in the jury instruction.  Rather, Cisco's notes reflect that the Court requested that Cisco identify further detail about compilation *to the Court*, but made no ruling that any elements need be identified and listed in the jury instructions above and beyond the results of the Court's analytic dissection and filtration.
- **No. 56A (Fair Use: Balancing):** Cisco's notes reflect that the Court instructed the parties to base its fair use balancing instruction on the last two paragraphs of ABA Model § 1.6.9 (at 68-69), but that the Court also ruled that the fair use instructions should not include the statements of policy Arista has included, which are not the province of the jury's fact-finding role.  Cisco's notes reflect that, in place of that policy language, the Court ruled that the following underline language be included: "In deciding whether to consider any other factors, you should be guided by <u>the evidence and circumstances presented to you in this case</u>."
- **No. 66 (Damages: Infringer's Profits):** Cisco's notes do not reflect that the Court ordered the deletion of the sentence Arista removed from this instruction, which appears in Model Instruction No. 17.33.

Cisco therefore objects to each of Arista's submissions on the above instructions.  In the following pages, Cisco presents these particular instructions as reflected in its own recordation of the outcome of the November 22 conference, with redlines reflecting Cisco's dispute of Arista's presentation of the outcome of these instructions.

1  **COURT-RESOLVED: Final Instruction No. 33 re Copyright—Compilations[1]**

2  An owner is entitled to copyright protection of a compilation. A compilation is a work

3 formed by the collection and assembling of preexisting materials or of data that are selected,

4 coordinated, or arranged in such a way that the resulting work as a whole constitutes an original

5 work of authorship.

6  The owner of a compilation may enforce the right to exclude others in an action for

7 copyright infringement.

8  ~~Cisco asserts the following compilations:~~

9  ~~1.~~

---

[1] Instruction No. 17.15, *Ninth Circuit Manual of Model Civil Jury Instructions* (2007).

**COURT-RESOLVED: Final Instruction No. 56A re Copyright—Affirmative Defense: Fair Use: Balancing[2]**

You must consider each of the factors I have just identified to determine whether or not Arista has carried its burden of proving that Arista's use of Cisco's copyrighted works is fair use. No one of these factors is determinative of the issue of fair use by itself. Some factors may weigh in favor of finding fair use and some may weigh against a finding of fair use. In addition, each factor is not always entitled to equal weight. This is not a counting exercise, where three factors in favor of fair use always outweigh one factor against fair use.

Moreover, these are not the only factors that you may consider. In deciding whether to consider any other factors, you should be guided by <ins>the evidence and circumstances presented to you in this case</ins><del>the policy underlying the fair use doctrine, which is to permit limited copying from copyrighted works in specific circumstances that authors reasonably expect and that allow productive use of the work without unfairly undermining the protection afforded by copyright law</del>.

---

[2] ABA Model Jury Instruction, 1.6.5 at 68-69.

**COURT-RESOLVED: Final Instruction No. 66 re Copyright—Infringer's Profits[3]**

In addition to actual damages, Cisco is entitled to any profits of Arista attributable to the infringement. You may not include in an award of profits any amount that you took into account in determining actual damages. You may make an award of Arista's profits only if you find that Cisco showed a causal relationship between the profits it seeks and the copyright infringement. In this case, because Cisco seeks only direct profits, Cisco may satisfy its burden by showing that the profits it seeks to recover derive directly from sales of the infringing products.[4] Arista's gross revenue is all of Arista's revenue directly from the sale of any products containing or using Cisco's copyrighted works. Cisco has the burden of proving Arista's gross revenue by a preponderance of the evidence.

If Cisco establishes a causal relationship between the profits it seeks and the infringement, the burden shifts to Arista to prove deductible expenses and the portion of its profit attributable to factors other than infringing the copyrighted work.[5]

Deductible expenses are the portion of Arista's operating costs, overhead costs, and production costs incurred by Arista in producing Arista's gross revenue from the infringing products. Arista has the burden of proving its expenses by a preponderance of the evidence.

---

[3] Instruction No. 17.33, *Ninth Circuit Manual of Model Civil Jury Instructions* (2007); *Synopsys, Inc. v. ATopTech, Inc.*, No. 13-cv-2965 (N.D. Cal.), ECF No. 688 at 18 (Final Instructions).

[4] Order on Daubert Motions at 16 ("Importantly, Arista also acknowledged to the Court that for establishing a royalty base, Cisco could satisfy its initial burden by showing that the direct profits are derived from the infringing products. … Assuming that Cisco is seeking only direct profits, Cisco must at least show that the profits it seeks to recover derive directly from the infringing products."); *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 708 (9th Cir. 2004); *Brocade Commc'ns Sys. v. A10 Networks, Inc.*, No. 10-cv-3428-PSG, 2013 WL 831528, at *6 (N.D. Cal. Jan. 10, 2013) (noting that, to recover disgorgement of direct profits, a plaintiff may satisfy the "causal link" requirement by showing the "gross revenues from the infringing product"); *see also, e.g., On Davis v. The Gap, Inc.*, 246 F.3d 152, 160 (2d Cir. 2001); *Taylor v. Meirick*, 712 F.2d 1112, 1122 (7th Cir. 1983) (finding a prima facie case made by a showing that the proffered gross revenue is from the sale of the infringing product).

[5] 17 U.S.C. § 504(b); *Cream Records, Inc. v. Jos. Schlitz Brewing Co.*, 754 F.2d 826, 829 (9th Cir. 1985); Polar Bear Prods. v. Timex Corp., 384 F.3d 700, 711 (9th Cir. 2004); Order on Daubert Motions at 14.

1      Unless you find that a portion of the profit from the sale of a product containing or using
2 Cisco's copyrighted works is attributable to factors other than the copyrighted works, all of the
3 profit is to be attributed to the infringement.
4      Arista's profits do not need to be calculated with mathematical or absolute exactness by
5 either Cisco or Arista.  The law requires only a reasonable approximation of an infringer's profits
6 as a basis for determining the proper amount of damages.

| | |
|---|---|
| Dated: December 6, 2016 | Respectfully submitted, |
| | */s/ John M. Neukom* |
| | Kathleen Sullivan (SBN 242261) |
| | kathleensullivan@quinnemanuel.com |
| | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| | 51 Madison Avenue, 22nd Floor |
| | New York, NY 10010 |
| | Telephone: (212) 849-7000 |
| | Facsimile: (212) 849-7100 |
| | |
| | Sean S. Pak (SBN 219032) |
| | seanpak@quinnemanuel.com |
| | Amy H. Candido (SBN 237829) |
| | amycandido@quinnemanuel.com |
| | John M. Neukom (SBN 275887) |
| | johnneukom@quinnemanuel.com. |
| | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| | 50 California Street, 22nd Floor |
| | San Francisco, CA 94111 |
| | Telephone: (415) 875-6600 |
| | Facsimile: (415) 875-6700 |
| | |
| | Mark Tung (SBN 245782) |
| | marktung@quinnemanuel.com |
| | QUINN EMANUEL URQUHART & SULLIVAN LLP |
| | 555 Twin Dolphin Drive, 5th Floor |
| | Redwood Shores, CA 94065 |
| | Telephone: (650) 801-5000 |
| | Facsimile: (650) 801-5100 |
| | |
| | Steven Cherny *admitted pro hac vice)* |
| | steven.cherny@kirkland.com |
| | KIRKLAND & ELLIS LLP |
| | 601 Lexington Avenue |
| | New York, New York 10022 |
| | Telephone: (212) 446-4800 |
| | Facsimile: (212) 446-4900 |
| | |
| | Adam R. Alper (SBN 196834) |
| | adam.alper@kirkland.com |
| | KIRKLAND & ELLIS LLP |
| | 555 California Street |
| | San Francisco, California 94104 |
| | Telephone: (415) 439-1400 |
| | Facsimile: (415) 439-1500 |
| | |
| | Michael W. De Vries (SBN 211001) |
| | michael.devries@kirkland.com |
| | KIRKLAND & ELLIS LLP |

1
2
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

3   *Attorneys for Plaintiff Cisco Systems, Inc.*

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28