KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
BRIAN L. FERRALL - # 160847
DAVID SILBERT - # 173128
MICHAEL S. KWUN - #198945
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   (415) 391-5400
Email:  rvannest@kvn.com;
bferrall@kvn.com; dsilbert@kvn.com;
mkwun@kvn.com

SUSAN CREIGHTON, SBN 135528
SCOTT A. SHER, SBN 190053
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C., 20006-3817
Telephone: (202) 973-8800
Email: screighton@wsgr.com;
ssher@wsgr.com

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>ARISTA NETWORKS, INC.,<br><br>      Defendant. | Case No. 5:14-cv-05344-BLF (NC)<br><br>**ARISTA'S BRIEF RE ARGUMENT AND EVIDENCE REGARDING SPECIFIC CISCO PRODUCTS**<br><br>Dept.:     Courtroom 3 - 5th Floor<br>Judge:    Hon. Beth Labson Freeman<br><br>Date Filed: December 5, 2014<br><br>Trial Date: November 21, 2016 |

1   Earlier today, Cisco's counsel cross-examined Arista's expert John Black on the subject of
2   the number of CLI commands in a particular Cisco product—the Nexus 7000. Cisco asked Dr.
3   Black about Pradeep Kathail's testimony that the manuals for a Nexus 7000 switch have 1500
4   CLI commands in them. It is now clear that Cisco intends to spin its objectionable questioning of
5   Mr. Kathail into a closing argument that Arista copied a substantial portion of the total CLI
6   commands that were present in the Nexus 7000, which Cisco will claim was a competing switch
7   to Arista's products. Arista objects that such argument and evidence is irrelevant and was not
8   disclosed in discovery.
9   Over Arista's objection, Mr. Kathail testified as to his purported count of the total number
10  of commands listed in manuals related to the Nexus 7000 switch. *See* Exhibit A (11/30/2016 Tr.)
11  at 1070. At sidebar, the Court overruled the objection based upon Cisco's counsel's
12  representation that the evidence is relevant "with respect to fair use" (*id.* at 1069) because it
13  shows that "qualitatively they [Arista] took the commands that correspond to the specific
14  products they sell." *Id.* at 1066:22-23. Because neither this contention nor this evidence was
15  disclosed during discovery, and because it is not relevant to any issue in this case given the
16  Court's and Cisco's definition of the works at issue, Cisco should be barred from making any
17  argument to the jury based on Mr. Kathail's evidence and from presenting any further evidence
18  about the number of commands (or other CLI elements) related to the Nexus 7000 or any other
19  specific models or types of products.
20  Cisco never disclosed any such contention or evidence in discovery, despite Arista's
21  interrogatory that directly asked for all facts supporting Cisco's contention that Arista's use was
22  not fair. Arista's Interrogatory No. 21 asked Cisco to "[i]dentify and describe in detail the factual
23  and legal bases . . . for your contention that Arista's alleged use of the asserted aspects of the
24  copyrighted works does not constitute a "fair use" under 17 U.S.C. § 107, including all facts you
25  contend are relevant to each of the following statutory factors," which were all listed in the
26  interrogatory. *See* Exhibit B (Cisco's 6/3/2016 Corrected Supp. Interrogatory Responses) at 5. In
27  response, specifically addressing the third element of the statutory inquiry ("the amount and
28  substantiality of the portion used in relation to the copyrighted work as a whole"), Cisco made no

mention of any argument premised on the significance of the portion used by reference to particular Cisco products such as the Nexus 7000. *Id.* at 15-17. Nor did Cisco even suggest that some fraction of all CLI commands that are recognized by any one of the asserted works should be the test for the third factor, much less identify that number. *Id.* Cisco failed to disclose the facts to which Mr. Kathail testified or anything similar, and it failed to identify any product-based arguments at all against fair use. Cisco cannot be permitted to make such an argument now, given its failure to disclose this information in discovery. FRCP 37(c).

Cisco's reliance now on contentions and evidence that were never disclosed is prejudicial to Arista (especially in light of the cross-examination of Dr. Black on this subject to the effect that he could not dispute Mr. Kathail's claim) because neither Arista nor Dr. Black have had an opportunity to investigate the claim that the Nexus 7000 contains only 1,500 CLI commands. Indeed, on the stand, Dr. Black was skeptical that the Nexus 7000 contains only that many commands, but since he had no opportunity to investigate the claim until Mr. Kathail—a lay witness—made the claim at trial, he was unable to respond in full.[1]

Furthermore, the question of how many commands are recognized by a Nexus 7000 is irrelevant because the Court has ruled that the relevant works in this case are the entire user interfaces for each of four Cisco operating systems—not any narrower subset of those interfaces limited to or defined by particular products or functions. Given this definition of the copyrighted works, evidence about the number of commands or other CLI elements associated with any particular product (or identified in a manual for such a product) is not relevant to any issue before the jury. FRE 401. There is no authority that suggests the jury should consider the allegedly copied material in relation to some non-copyrighted (and non-copyrightable) product as opposed to the "work" in question. Like infringement, the third factor of the fair use analysis also addresses of the substantiality of the use in relation to the "copyrighted work as a whole"—

---

[1] Cisco apparently knew it would one day make this argument, since its expert appears to have dropped a brief placeholder for the argument in his rebuttal expert report, served after any Cisco expert could have an opportunity to respond, and long after Arista could propound new interrogatories, take depositions on this subject, or issue new requests for documents. The cursory mention in the rebuttal report provided no detail and cannot be characterized as sufficient disclosure under Rules 26 and 37. Exhibit C (Almeroth Rebuttal Rpt.) ¶¶ 151-52 (claiming "[w]hat is relevant are the works related to Ethernet switches/routers.").

namely Cisco's entire interface, not a portion of it related to any product. 17 U.S.C. § 107(3); *Oracle America, Inc. v. Google, Inc.*, 750 F.3d 1339, 1374 (Fed. Cir. 2014) ("The third factor asks the court to examine 'the amount and substantiality of the portion used in relation to the copyrighted work as a whole.'").  Nor does this evidence fall within the "qualitative" assessment under the third fair use factor, since Mr. Kathail provided no evidence linking any of the allegedly copied commands to the 1500-command count he presented in court.  There is simply an untethered number in the evidence, which Cisco doubtless wants to argue somehow makes the 500 asserted commands seem more important.  But the law is clear that comparing the numerical count is legally improper since a Nexus 7000 switch is not a work.  And using the 1500-command count as a proxy for qualitative importance is not proper because neither Mr. Kathail nor any other witness linked the 1500 to the asserted commands.  For the same reasons, further evidence or argument on this topic raises a substantial risk of jury confusion about the proper analysis under fair use.  FRE 403.  Any argument based on such evidence, like the evidence itself, is improper and prejudicial because it risks decision on an improper basis (*i.e.* based on a false suggestion that the scope of the asserted work as a whole is much narrower than the actual asserted work).

Accordingly, Cisco should not be permitted to present any argument or further evidence to the jury about Mr. Kathail's testimony or about the number of commands or other CLI features that relate to an undisclosed subset of Cisco or Arista products.

Respectfully submitted,

Dated:  December 7, 2016         KEKER & VAN NEST LLP

By:   */s/ Brian L. Ferrall*
        BRIAN L. FERRALL

Attorneys for Defendant
ARISTA NETWORKS, INC.