KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
BRIAN L. FERRALL - # 160847
DAVID SILBERT - # 173128
MICHAEL S. KWUN - #198945
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    (415) 391-5400
Email:  rvannest@kvn.com;
bferrall@kvn.com; dsilbert@kvn.com;
mkwun@kvn.com

SUSAN CREIGHTON, SBN 135528
SCOTT A. SHER, SBN 190053
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C., 20006-3817
Telephone:  (202) 973-8800
Email:  screighton@wsgr.com;
ssher@wsgr.com

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant
ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>            Plaintiff,<br><br>       v.<br><br>ARISTA NETWORKS, INC.,<br><br>            Defendant. | Case No. 5:14-cv-05344-BLF (NC)<br><br>**DEFENDANT ARISTA'S OBJECTIONS TO PLAINTIFF CISCO'S 12/09/16 TRIAL EXHIBITS AND DEMONSTRATIVES**<br><br>Dept.:     Courtroom 3 – 5th Floor<br>Judge:     Hon. Beth Labson Freeman<br><br>Date Filed:  December 5, 2014<br><br>Trial Date:  November 21, 2016 |

**Improper Rebuttal:** Arista reserves the right to object to the presentation of improper rebuttal. Several of the exhibits and slides disclosed by Cisco suggest that Cisco may intend to present improper rebuttal. *See Goldfinger Hawaii, Inc. v. Polynesian Res., Inc.*, 869 F.2d 1497, *2 (9th Cir. 1989) ("Rebuttal evidence is evidence introduced by a plaintiff to meet new facts brought out in a defendant's case-in-chief."); *Marmo v. Tyson Fresh Meats, Inc*., 457 F.3d 748, 759 (8th Cir. 2006) ("[R]ebuttal evidence may be used to challenge the evidence or theory of an opponent—and not to establish a case-in-chief.") (collecting cases). As Cisco itself stated in the Joint Pre-Trial Statement, a party should not be permitted "to provide cumulative evidence or reiterate positions and evidence that were brought as part of its case in chief." ECF 593 at 29 (citing Rutter Group Prac. Guide Fed. Civ. Trials & Ev. Ch. 9-H ("Proper rebuttal evidence is that offered to disprove evidence offered during the other party's case-in-chief, rather than merely reiterating matters previously covered in the party's own case-in-chief. This is a matter as to which the trial court has broad discretion, but cumulative evidence is often excluded.")). Accordingly, Arista requests that the Court not allow Cisco to rehash its case-in-chief during rebuttal.

**Sweeney Rebuttal Deposition Designations**: Cisco's attempt to resurrect the portions of Mr. Sweeney's deposition that it previously designated for use in its case-in-chief is improper. There is no question that Cisco intended to present Mr. Sweeney's testimony during its case-in-chief; Cisco cited both Mr. Sweeney's deposition and a document used therein during its opening statement. *See* Trial Tr. 410:15-25. On November 29, Cisco disclosed portions of Mr. Sweeney's deposition, including the portions it now wants to play, but then later withdrew them "due to time constraints." In reliance on Cisco's withdrawal of Mr. Sweeney's deposition testimony, Arista did not call Mr. Sweeney in its case.

Mr. Sweeney's deposition designations are not proper rebuttal testimony. *See Goldfinger Hawaii, Inc*, 869 F.2d at *2. His testimony concerns the originality and creativity of the CLI commands, as well as whether Arista copied—both elements of Cisco's case in chief.

Further, Arista would be prejudiced by Cisco playing these deposition designations on the final day of trial. Cisco's resurrection of Mr. Sweeney's testimony at this late stage is not a

1  proper attempt to respond to Arista's case.  Arista requests that the Court prevent Cisco from
2  wasting both the jury's and the Court's time with improper rebuttal testimony.  *See* FRE 403,
3  611; Pre-Trial Tr., Nov. 3, 2016 113:25-114:1 (rebuttal should "not be cumulative" or "remind
4  the jury of everything that you did before").

**Dr. Chevalier**:

*First*, Cisco has disclosed numerous demonstrative slides for Dr. Chevalier that suggest the jury should disgorge all Arista profits that it earned from sales of accused switches, by apportioning 100% of the switch's value to the small number of allegedly infringing CLI components (which comprise a tiny portion of the switch), and no value to all other switch features. *See* Slides 22, 24, 25, 60, 61, 62, 65, 66, 69, 70, 71, 75, 76, 77, 78.  Although Arista bears the burden of proving apportionment and Dr. Chevalier may provide her critiques of Arista's apportionment method, Dr. Chevalier should not be allowed to suggest to the jury that no apportionment is appropriate in this case. *Cream Records, Inc. v. Jos. Schlitz Brewing Co*., 754 F.2d 826, 828-29 (9th Cir. 1985) ("Although the statute imposes upon the infringer the burden of showing the elements of profit attributable to factors other than the copyrighted work, 17 U.S.C. § 504(b), nonetheless where it is clear, as it is in this case, that not all of the profits are attributable to the infringing material, the copyright owner is not entitled to recover all of those profits merely because the infringer fails to establish with certainty the portion attributable to the non-infringing elements.").  The Court should not permit Dr. Chevalier to testify, or to present demonstratives, in support of an argument that 100% of Arista's profits from sales of accused switches should be disgorged.

*Second*, Cisco has disclosed numerous demonstrative slides for Dr. Chevalier that are argumentative (Slides 8, 9, 10, 11, 12, 13, 19, 20, 21, 47, 48). *See United States v. Freeman*, 498 F.3d 893, 903–04 (9th Cir. 2007) (an expert may not be used as a party spokesperson to provide an "additional summation" of evidence).

The parties are continuing to work to resolve Arista's objections to Dr. Chevalier's demonstrative slides (including Slides 11, 16, 19, 21, 25, 27, 55-79, 82-85).  To the extent the parties are unable to resolve Arista's objections, Arista will raise those disputes with the Court on

December 9.

**Dr. Almeroth**:

Once again, Cisco has disclosed multiple exhibits that impute subjective motives to Arista and parrot snippets from emails and other documents.  Exhibits 143, 166, 166A, 171, 182, 183, 229, 237, 278, 4803, and 4821 constitute improper expert testimony.  The Court should not allow Dr. Almeroth to usurp the jury's role in this trial by rehashing record evidence and instructing the jury on what it should conclude without offering any technical expertise.  *See United States v. Freeman*, 498 F.3d 893, 903–04 (9th Cir. 2007) (an expert may not be used as a party spokesperson to provide an "additional summation" of evidence).

Exhibits 565, 566, and 567 are blog posts or news articles written by third parties and are therefore inadmissible hearsay. Exhibits 4802, 4821, and 4796 should be excluded for lack of foundation.

Exhibit 4793 is a misleading "summary" of an Arista interrogatory response that misrepresents the contents of the discovery response and should be excluded as an improper summary exhibit.

Besides being an improper summary, *see* ECF 707, exhibit 4796 is also outside the scope of Dr. Almeroth's report. Exhibits 4803, 4821, and 6095 are similarly outside the scope of his expert report. In fact, exhibit 6095 is cited nowhere in Dr. Almeroth's opening or rebuttal reports. Exhibit 4821 is simply an inaccurate list of currently asserted commands.

Finally, Arista preserves its remaining objections to the exhibits disclosed for Mr. Almeroth for December 7, 2016.  *See* ECF 707.

Dated:  December 8, 2016                             KEKER & VAN NEST LLP

                                                By:  */s/ Robert A. Van Nest*
                                                     ROBERT A. VAN NEST

                                                     Attorney for Defendant
                                                     ARISTA NETWORKS, INC.