# ATTACHMENT 4

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS INC,<br>　　　　Plaintiff,<br>　　v.<br>ARISTA NETWORKS, INC.,<br>　　　　Defendant. | Case No. 14-cv-05344-BLF<br><br>**ORDER RE MOTIONS *IN LIMINE***<br>[Re: ECF 524, 525, 526, 527, 531, 532, 533, 534, 535, 536] |

Plaintiff Cisco Systems Inc. ("Cisco") and Defendant Arista Networks, Inc. ("Arista") are competitors who make and sell Ethernet switches, which connect multiple devices within a local area network and can direct traffic on the network. Cisco developed an "Internetwork Operating System" ("IOS") that allowed engineers to configure and manage Cisco servers, routers, and switches, and has multiple copyrights on its IOS. Arista also sells networking equipment using an "Extensible Operating System" ("EOS"). Cisco brings this lawsuit against Arista, alleging infringement of Cisco's copyrights and one of its patents – U.S. Patent No. 7,047,526 (the "'526 patent"). Compl., ECF 64. This Order addresses the parties' motions *in limine*. For the reasons explained below and on the record at the November 3, 2016 pretrial conference, the motions are decided as follows:

　　Cisco's Motion *in Limine* No. 1: DEFERRED.

　　Cisco's Motion *in Limine* No. 2: GRANTED IN PART and DENIED IN PART.

　　Cisco's Motion *in Limine* No. 3: DENIED.

　　Cisco's Motion *in Limine* No. 4: DENIED.

　　Cisco's Motion *in Limine* No. 5: DENIED.

　　Arista's Motion *in Limine* No. 1: GRANTED.

Arista's Motion *in Limine* No. 2: DEFERRED.

Arista's Motion *in Limine* No. 3: GRANTED IN PART and DENIED IN PART.

Arista's Motion *in Limine* No. 4: GRANTED.

Arista's Motion *in Limine* No. 5: DENIED.

## I.   CISCO'S MOTIONS *IN LIMINE*

### A.   Cisco's Motion *in Limine* No. 1 to exclude arguments and evidence in support of equitable defenses.  DEFERRED.

Cisco moves to exclude Arista's evidence and arguments before the jury related to unclean hands, waiver, equitable estoppel, or misuse. MIL No. 1 at 1, ECF 532. According to Cisco, such equitable issues are irrelevant to a jury. *Id*. at 1-3. Cisco claims, for example, that Arista plans to call Michael Volpi, who is expected to testify on: "[k]nowledge relevant to Arista's estoppel, laches, fair use and misuse defenses and damages." *Id*. at 1. Cisco contends that this and other witnesses and exhibits on equitable defenses are for the Court and not the jury. *Id.* at 1-2. Finally, Cisco argues that this "equitable" evidence should be excluded not only as irrelevant, but also under Fed. R. Evid. 403 because any probative value is greatly outweighed by the accompanying risk of jury confusion. *Id*. at 4-5.

Arista responds that the witnesses and evidence identified by Cisco are relevant to core jury issues such as fair use, damages, and witness credibility. Opp. No. 1 at 1, ECF 554. Arista counters that the evidence relating to Cisco's alleged acquiescence to wide-spread industry use and its own use of other vendor's CLI commands are important for the jury to assess the fair use defense and to apportion damages. *Id*. at 2-3.

The Court first notes that the evidence Cisco identified in this motion *in limine* is not uniquely relevant to equitable defenses to be tried by the Court. Regardless, the Court DEFERS ruling on this motion, because without knowing what the parties will present at trial, it is difficult to determine the purpose for which the evidence will be used and whether the probative value of the evidence outweighs prejudice or risk of jury confusion. Cisco may seek to exclude irrelevant

2

and highly prejudicial evidence at trial, should Arista offer such evidence solely related to equitable issues not within the province of the jury.

> **B. Cisco's Motion *in Limine* No. 2 to exclude testimony that Cisco's copyrighted user interface at some point in time became a "*de facto* industry standard." GRANTED IN PART DENIED IN PART.**

Cisco seeks to exclude any testimony or evidence relating to Cisco's copyrighted user interface being a "*de facto* industry standard" for the following reasons. MIL No. 2 at 1, ECF 533. First, Cisco argues that "industry standard" is not relevant to copyrightability. *Id*. at 2. Second, Cisco claims that it is not relevant to "fair use" because the issue of interoperability between machines is not present in this case. *Id.* at 3. Third, Cisco contends that even if "industry standard" is relevant to the equitable estoppel defense or market impact with respect to injunctive relief, those are issues for the Court, and not the jury. *Id.* at 4. Finally, Cisco points out that in distorting "industry standard" to mean "free to copy," Arista's argument is contrary to copyright law and is prejudicial. *Id.* at 5.

In response, Arista argues that industry custom and usage are relevant to the defense of fair use. Opp. No. 2 at 1-2, ECF 555 (citing *Wall Data Inc. v. Los Angeles Cty. Sheriff's Dep't*, 447 F.3d 769, 778 (9th Cir. 2006)). According to Arista, there is evidence that Cisco itself has described its CLI as the "standard." Opp. No. 2 at 2. Arista contends that such evidence goes to "public benefit," "interoperability," "market harm," and other considerations in determining fair use. *Id.* at 2-3 (citing *Sega Enterprises Ltd. v. Accolade, Inc.*, 977 F.2d 1510, 1523 (9th Cir. 1992)). Arista further argues that the fact that Cisco CLI is a "*de facto* industry standard" also bears on the misuse defense and damages. Opp. No. 2 at 4-5.

The Court GRANTS this motion *in limine* IN PART to exclude the use of "industry standard" and "*de facto* industry standard" through attorney argument, as well as in expert or lay opinions because such use is more prejudicial than probative. However, with respect to the underlying fact testimony or evidence relating to Cisco's alleged copyrighted user interface being used in the industry, the Court DENIES this motion *in limine* in PART because such evidence is probative and could be relevant to the issue of fair use. This ruling is intended to be consistent with the Court's *Daubert* ruling regarding testimony by Dr. Black and Mr. Seifert. The proffered

3

evidence showing that Cisco itself has described its CLI as a standard is also admissible under party admission. Fed. R. Evid. 801(d)(2).

### C. Cisco's Motion *in Limine* No. 3 to exclude testimony from witnesses who were not timely disclosed. DENIED.

Cisco moves to exclude testimony of Rhonda Andrew and witnesses disclosed as sources in Ms. Cate M. Elsten's expert rebuttal report, including Ariff Premji and Chris Summers, because they were not timely disclosed under Fed. R. Civ. P. 26. MIL No. 3 at 1-2, ECF 534. Cisco also faults Arista for relying on these late-disclosed witnesses to revise or supplement its 30(b)(6) testimony on the topic of "lost profits." *Id.* at 3. In opposing this motion, Arista argues that Ms. Andrew would only testify as a document custodian in the event that Cisco does not stipulate to the summary exhibits Ms. Andrew prepared. Opp. No. 3 at 4, ECF 556. Arista asserts that Ms. Andrew, as counsel's paralegal, prepared those exhibits in relation to the documents she procured from the Copyright Office and from publicly available websites. *Id.* According to Arista, Ms. Andrew may also testify as to whether certain exhibits are publicly available based on her internet research. *Id.* at 5. Arista thus contends that Ms. Andrew's testimony is substantially justified and harmless. *Id.* at 4-5. As to the witnesses named in Ms. Elsten report, Arista claims that those witnesses were identified late only because Cisco did not disclose its accounts supporting its lost profits claim until three days before the close of damages discovery. *Id.* at 2. Arista also made the witnesses available for deposition after the discovery cut-off but Cisco never responded. *Id.* at 3.

At the pretrial conference, the parties informed the Court that they are likely to stipulate to the exhibits summarizing the copyright registrations. Further, Cisco would not object to Ms. Andrew's testimony if it is restricted to how she located the documents in the public domain. In light of these representations, the Court DENIES Cisco's motion *in limine* as to Ms. Andrew. Cisco may renew its objection if Ms. Andrew's testimony goes beyond what is stated in Arista's opposition.

As to the witnesses disclosed in Ms. Elsten's expert rebuttal report, the Court finds the late disclosure substantially justified. Fed. R. Civ. P 37(c)(1). Cisco does not dispute that it only disclosed the thirty customer accounts in support of its lost profits claim just three days before the

4

damages discovery cut-off. Arista then identified and interviewed witnesses knowledgeable about those accounts and also made them available for deposition after the cut-off, to which Cisco never responded. Cisco's own late disclosure prevented Arista from adequately marshalling a defense before the discovery cut-off and the Court does not condone such practice. As such, the Court finds that Arista had substantial justification for its late-disclosed witnesses and DENIES Cisco's motion to exclude witness interviews relied upon in Ms. Elsten's rebuttal report. The Court also DENIES the motion to exclude Ariff Premji and Chris Summers from testifying but would allow a one hour of deposition per witness to be arranged by the parties.

The Court now turns to Cisco's concern that Arista is seeking to alter or supplement its 30(b)(6) testimony on the topic of "lost profits" based on the late-disclosed witnesses in Ms. Elsten's report. MIL No. 3 at 3. At the hearing, both parties agreed that the trial testimony of Arista's 30(b)(6) witness, Anshul Sadana, will be restricted to his deposition testimony. Accordingly, this issue is moot but Cisco may renew its objection at trial should Mr. Sadana testify beyond the scope of his deposition testimony.

### D. Cisco's Motion *in Limine* No. 4 to exclude a non-infringement theory in Dr. John Black's rebuttal report. DENIED.

Cisco seeks to exclude a non-infringement theory set forth in Dr. John Black's rebuttal report relating to multi-word commands. MIL No. 4 at 2, ECF 535. Cisco argues that Arista failed to disclose this theory in its interrogatory responses, and the theory only appeared in Dr. Black's rebuttal report three weeks after the close of fact discovery. *Id*. In response, Arista asserts that Cisco has known this theory since September 2015 as Arista disclosed the theory in its interrogatory responses stating that the "accused CLI commands supported by EOS differ in syntax from commands supported by Cisco IOS." Opp. No. 4 at 3, ECF 557. Arista contends that this interrogatory response relates to the theory in Dr. Black's rebuttal report, which is important in rebutting Cisco's false assertion that the commands are "identical" despite the syntax differences. *Id.* at 5. Arista concludes that Cisco is essentially seeking to prevent the jury from learning that Cisco's expert omitted words and parameters from those "commands," and that Arista's switches would not accept most of the "Arista CLI commands" that Cisco's expert has

5

1  accused of infringement. *Id.* at 2.

2  The Court finds that Arista has timely disclosed its non-infringement theory in Dr. Black's
3  rebuttal report that Cisco is challenging. The theory relating to syntax differences was at least
4  disclosed in Arista's interrogatory response. *Id.* at 3 (quoting Arista's interrogatory response that
5  "the accused CLI commands supported by EOS differ in syntax from commands supported by
6  Cisco IOS, and may use different command prefixes"). Moreover, Dr. Black's non-infringement
7  opinion is proper rebuttal to Cisco's expert, Dr. Almeroth's report, which characterizes Arista CLI
8  commands as "identical" or "similar" to Cisco's. Accordingly, the Court DENIES this motion *in
9  limine* No. 4.

### E.  Cisco's Motion *in Limine* No. 5 to exclude testimony of Terry Eger.  DENIED.

Cisco moves to preclude testimony of Terry Eger, whom Arista listed as a witness on the following topics: estoppel, laches, fair use and misuse defenses; development of IOS; and Cisco's marketing and sales of its products. MIL No. 5 at 1, ECF 536. Cisco argues that since Mr. Eger possesses no personal knowledge of relevant facts, his opinion should be excluded. *Id.* at 3. Cisco further contends that Mr. Eger's experience on Cisco's sales and marketing ended more than twenty-four years ago and thus is outdated. *Id.* at 3-4. At the very least, Cisco seeks to preclude Mr. Eger from testifying on the topics of development of IOS and Cisco's marketing and sales of its products because those topics were not timely disclosed. *Id.* at 4. In response, Arista asserts that Mr. Eger's experience as the head of sales and marketing during Cisco's early years is important to Arista's defenses. Opp. No. 5 at 1-2, ECF 558. Even if Mr. Eger did not develop Cisco's CLI himself, Arista claims that his knowledge relating to sales and customers remains relevant. *Id.* at 3. As to the topics that were supposedly untimely disclosed, Arista asserts that Cisco had deposed Mr. Eger on those topics in May 2016 and the topics were merely subtopics of previously-disclosed topics. *Id.* at 4-5.

The Court finds Mr. Eger's testimony relevant to Arista's defenses and that his topics were not untimely disclosed under Fed. R. Civ. P. 26. Specifically, the development of IOS and Cisco's marketing and sales of its products are topics encompassed by previously-disclosed topics, on which Cisco had also deposed Mr. Eger. As to Cisco's criticism that Mr. Eger lacks the relevant

6

knowledge, this issue is more suited for cross-examination than a motion *in limine*. Although there remains some concern of the prejudicial nature of Mr. Eger's lay opinion given his supposed lack of knowledge, the requirement of a proper foundation for a lay opinion should act as adequate safeguard. The Court thus DENIES Cisco's motion *in limine* No. 5.

## II. ARISTA'S MOTIONS *IN LIMINE*

### A. Arista's Motion *in Limine* No. 1 to exclude evidence and arguments referencing ITC proceedings. GRANTED.

Arista moves to exclude arguments and evidence referencing ITC investigation Nos. 337-TA-944 and 337-TA-945, Cisco's recently filed enforcement action, and Cisco's allegations and the ITC's determinations in those proceedings. MIL No. 1 at 1, ECF 524. According to Arista, the ITC proceedings are irrelevant as the patent asserted here was not asserted there, and the ITC determinations are not binding on this Court, either. *Id.* at 2-3. Arista also claims that no copyright infringement claim was ever before the ITC. *Id.* at 3. In particular, Arista seeks to

█████████████████████████████████████████████████████████████████████████████

As such, Arista contends that presenting such or other irrelevant evidence would pose substantial risk of prejudice and confusion. MIL No. 1 at 4.

Cisco responds that it needs to present the ITC determinations to rebut Arista's allegations that Cisco is filing "baseless litigation" against Arista as a substitute for competition. Opp. No. 1 at 2. Cisco further argues that the ITC determinations also rebut Arista's "transformative use defense," relevant to the defense of fair use. *Id.* at 3-4. In addition, Cisco claims that the ITC made findings related to the CLIs of Cisco and Arista so its determination would also be relevant to the present case. *Id.* at 2-3. According to Cisco, the ITC determinations are also relevant to Arista's willfulness with respect to patent infringement. *Id.* at 4. Lastly, Cisco asserts that a limiting instruction to the jury should cure any prejudice that the ITC findings are preclusive. *Id.* at 5.

The Court finds little probative value in presenting evidence that the ITC found Arista

█████████████████████████████████████████████████████████████████████████████

7

evidence does not prove copying in violation of Cisco's copyrights. However, the prejudicial ▋ distracting to the jury. Additionally, such evidence would inevitably detour the trial into relitigating ITC issues. Thus, the Court GRANTS this motion *in limine*. If evidence relevant to this trial is the same as that previously presented in the ITC investigations, the parties are still allowed to present that underlying evidence. However, the parties are precluded from referencing the ITC investigation or the ITC findings. Based on the parties' argument at the hearing, the Court is mindful that the door might be opened for Cisco to mention the ITC investigations if Arista were to allege that Cisco had filed baseless ITC suits. Given that Arista has represented to the Court that it will not make such argument, the Court is not concerned at this time. For the foregoing reason, the Court GRANTS Arista's motion *in limine* No. 1.

> **B.     Arista's Motion *in Limine* No. 2 to exclude reference to non-asserted works for undisclosed contentions.  DEFERRED.**

Arista moves to exclude Cisco from asserting infringement claims based on any copyrighted work other than the twenty-six registrations attached to the Second Amended Complaint as well as the specific version of the Cisco software corresponding to the registrations. MIL No. 2 at 1-2, ECF 525. Arista argues that it is improper for Cisco to proffer a portion of the CLI as the relevant "work" that has yet to be specified in the complaint or in the interrogatory responses. *Id.* at 3-4. For the same reason, Arista also seeks to exclude contentions of copied text and manuals in Dr. Kevin Almeroth's expert report that were not disclosed until after discovery closed. *Id.* at 4 n.5.

In response, Cisco argues that Arista seeks broad relief without identifying any of the "so-called 'undisclosed' works or contentions" to be excluded. Opp. No. 2 at 1-2, ECF 563. Since both parties are already aware of the applicable rules and standing order, Cisco contends that granting this motion would only invite disputes at trial. *Id*. at 2. Regardless of Arista's arguments, Cisco asserts that it has already identified the asserted copyrighted works. *Id.* at 3. As to the disclosure in Dr. Almeroth's report, Cisco contends that the theory of infringement has already been disclosed in its interrogatory responses and the allegedly new information consists

8

merely of additional evidence of "the *same* copying" consistent with the theory. *Id*. at 3-4 (emphasis in original). Cisco further argues that a plaintiff is not required to provide every manifestation of Arista's infringement. *Id.* at 5 (citing *Orion IP, LLC v. Staples, Inc.*, 407 F.Supp.2d 815, 817 (E.D. Tex. 2006). Lastly, Cisco claims that the additional evidence is nevertheless harmless. Opp. No. 2 at 5.

At the hearing, the parties at least agreed that copyright registrations would be restricted to those set forth in Cisco's amended complaint. Further, Arista has made clear in its comments on the record, that the purpose of this motion is to limit the definition of the relevant work to the various registered versions of Cisco's IOS and to preclude Cisco from basing its claims only on its user interface which it has labeled "Cisco CLI." The Court is not deciding the scope of the claimed work in this ruling.

The Court thus DEFERS ruling on this motion *in limine*, because it is unclear at this time what work or protectable elements will be presented at trial. However, the following guidance is provided. Arista may renew this motion at trial to object to any asserted work or the specific protectable elements that were not adequately disclosed under Rule 26 disclosure or in an infringement contention. In response to such an objection, Cisco bears the burden to demonstrate to the Court that the asserted work in dispute has been adequately disclosed. In light of this ruling, the Court does not reach the other issues raised by Arista's motion.

### C. Arista's Motion *in Limine* No. 3 to exclude a declaration by Charles Giancarlo. GRANTED IN PART and DENIED IN PART.

Arista moves to exclude a declaration by Charles Giancarlo because it is irrelevant hearsay used to impute Mr. Giancarlo's knowledge to Arista. MIL No. 3 at 1-2, ECF 526. According to Arista, the declaration relates to Cisco's 2003 suit against Huawei and Cisco's belief that its CLI was copyrightable. *Id.* Arista contends that this declaration is unnecessary because Cisco has other evidence and means to demonstrate its own beliefs about the protectability and value of its CLI. *Id.* at 3. Arista thus concludes that the declaration is prejudicial and contains little probative value. *Id.* Moreover, Arista argues that it was prevented from deposing Mr. Giancarlo on the subject matter of this declaration because Cisco asserted privilege. *Id*. at 2-3, 4. According to

9

Arista, Mr. Giancarlo testified during his deposition that his understanding of the protectability of Cisco's CLI is inextricably intertwined with privileged conversations he was not allowed to reveal.  MIL No. 3, Ex. I (Giancarlo Dep. Tr.) at 114:24–15:10.

Cisco counters that the declaration is important to refute Arista's allegation that Cisco made its user interface freely available to others in the industry.  Opp. No. 3 at 2, ECF 564. Specifically, Cisco claims that Arista will elicit testimony supporting this allegation from Mr. Andy Bechtolsheim, who is a former Cisco executive and a current Arista board member, like Mr. Giancarlo.  *Id.* at 1-2.  Cisco further argues that the declaration is to demonstrate knowledge of Arista and not for the truth of the matter asserted, can be used to impeach Mr. Giancarlo who will testify at trial, and may be used to refresh Mr. Giancarlo's recollection.  *Id.* at 4; Fed. R. Evid. 801(c)(2).  As to Arista's alleged inadequate discovery into Mr. Giancarlo's knowledge because of Cisco's asserted privilege, Cisco disagrees that the declaration implicates "advice of counsel" and asserts that Magistrate Judge Cousins had already rejected Arista's argument.  *Id.*

Cisco represented to the Court at the hearing that the declaration will not be offered for the truth but is to defend against the claim of fair use.  Based on the parties' arguments at the hearing, the Court finds that the declaration is proper evidence of Cisco's protection of its CLI and can be used as Cisco's prior statement.  The Court thus DENIES the motion to the extent that the declaration is used to rebut the fair use defense.  The Court will also permit a limiting instruction prohibiting the jury from relying on the declaration for the truth of the matter asserted.

However, Cisco is precluded from imputing Mr. Giancarlo's declaration to Arista. Because the declaration was filed under seal and only unsealed recently in this litigation, there is no evidence that Arista had any knowledge of the content of the declaration.  Moreover, despite the fact that Mr. Giancarlo is a current Arista board member, he made the declaration about 13 years ago as a Cisco executive.  Due to the length of time and the absence of any other evidence proffered by Cisco to demonstrate that Mr. Giancarlo communicated the substance of this confidential declaration to Arista, the Court would not allow the use of this declaration to impute knowledge to Arista.  Consistent with this ruling, Cisco also cannot elicit testimony from Mr. Giancarlo stating that he is a current Arista board member, unless that fact is relevant to his

10

testimony. Similarly, a limiting instruction will be permitted to prevent the jury from imputing the declaration to Arista. For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART this motion *in limine* No. 3.

### D. Arista's Motion *in Limine* No. 4 to preclude testimony from late-disclosed witnesses. GRANTED.

Arista moves to preclude testimony of Jeff Reed, Mallun Yen, and David Ward in any capacity, and testimony of Dylan Cannon, Frank Palumbo, and Christine Bakan on topics beyond those of their 30(b)(6) depositions. MIL No. 4 at 1, ECF 531. According to Arista, Cisco improperly disclosed ten current and former Cisco employees as witnesses twenty-four days before the close of fact discovery but only allowed Arista to depose three (Cannon, Palumbo, and Bakan) as Rule 30(b)(6) designees. *Id.* at 2-3 (citing *Vieste, LLC v. Hill Redwood Dev.*, No. 09-04024, 2011 WL 2181200, *2 (N.D. Cal. June 3, 2011)). In response, Cisco first raises the issue that Arista similarly added additional witnesses toward the end of fact discovery. Opp. No. 4 at 2, ECF 565. Cisco also highlights the fact that Arista had rejected its prior proposal to mutually allow depositions of potential trial witnesses who had not been deposed, which could have alleviated the issues faced by both parties with respect to late-disclosed witnesses. *Id.* at 1, 3. Further, Cisco claims that when these witnesses were disclosed, Arista still had three weeks and four deposition slots remaining. *Id.* at 3. According to Cisco, Arista also knew of Reed, Yen, and Ward from produced documents and the deposition of another witness. *Id.* at 4-5. As to Cannon, Palumbo, and Bakan, Cisco agrees to limit their testimony to topics for which they were designated. *Id*. at 5.

At the hearing, Cisco reiterated that it will limit the testimony of Cannon, Palumbo, and Bakan to topics for which they were designated. Accordingly, the Court GRANTS the motion *in limine* as to these witnesses. As to Jeff Reed, Mallun Yen, and David Ward, the Court does not find persuasive Cisco's argument that these witnesses were adequately disclosed because they were mentioned in depositions or referenced in produced documents. Such needles in a haystack do not an adequate disclosure make. *See, e.g.*, *Franco-Gonzalez v. Holder*, No. 10-2211, 2013 WL 8116823, at *4 (C.D. Cal. May 3, 2013) (noting that rules governing document production

11

aim to prevent attempts to hide a needle in a haystack by mingling responsive documents with large numbers of nonresponsive documents). Because Cisco failed to timely disclose Reed, Yen, and Ward and provides no substantial justification for the late disclosure, the Court also GRANTS this motion *in limine* No. 4 with respect to these witnesses.

### E. Arista's Motion *in Limine* No. 5 to exclude evidence and arguments regarding documents labeled as "Confidential" to Cisco. DENIED.

Arista seeks to exclude evidence and argument regarding documents produced by Arista that are labeled "Cisco Confidential" or with a similar designation. MIL No. 4 at 1, ECF 527. Arista claims that these documents are publicly available on websites or distributed broadly by Cisco to persons under no obligation to keep them confidential. *Id.* As such, Arista argues that presenting such testimony or evidence at trial would only unfairly prejudice the jury and waste time. *Id.* Arista further asserts that the documents bearing the confidential label that Cisco plans to introduce at trial are also not relevant to the claims in this case. *Id.* at 1-2. Even if the documents contain relevant information, Arista claims that such information is not uniquely present in these documents. *Id.* at 4-5. Alternatively, Arista seeks to exclude arguments that Arista acquired the document through improper channels in the event that any document is deemed relevant. *Id.* at 5.

Cisco disputes Arista's assertions and argues that the documents are not only relevant but they also should not have been in Arista's possession. Opp. No. 5 at 1, ECF 566. Cisco contends that, for example, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.* at 1-2. Cisco argues that more importantly, Arista's possession of Cisco's confidential information is relevant to the claim of willful infringement. *Id.* at 2. Cisco further contends that Arista fails to identify any document that is actually publicly available and individualized objections at trial would be more appropriate than a blanket prohibition. *Id.* at 4.

It is not disputed that willful patent infringement goes to the jury. *Richardson v. Suzuki Motor Co.*, 868 F.2d 1226, 1250 (Fed. Cir. 1989) (noting that "[w]illfulness of behavior is a classical jury question of intent"). Even though Arista argues that the documents are not relevant

12

1  to the claims in this case, such as the document listing hardware specifications, the documents
2  remain relevant to the intent and willfulness of Arista.  The Court finds that an instruction to the
3  jury limiting the use of these documents to proof of willful patent infringement should mitigate
4  Arista's concern and invites the parties to submit such curative instruction.  Accordingly, Arista's
5  motion *in limine* No. 5 is DENIED.

**IT IS SO ORDERED.**

Dated: November 8, 2016

_____
BETH LABSON FREEMAN
United States District Judge