KEKER & VAN NEST LLP
ROBERT A. VAN NEST - #84065
BRIAN L. FERRALL - #160847
DAVID SILBERT - #173128
MICHAEL S. KWUN - #198945
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   (415) 391-5400
Email:  rvannest@kvn.com;
bferrall@kvn.com; dsilbert@kvn.com;
mkwun@kvn.com

SUSAN CREIGHTON, SBN 135528
SCOTT A. SHER, SBN 190053
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C., 20006-3817
Telephone:  (202) 973-8800
Email:  screighton@wsgr.com;
ssher@wsgr.com

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant
ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>           Plaintiff,<br><br>     v.<br><br>ARISTA NETWORKS, INC.,<br><br>           Defendant. | Case No. 5:14-cv-05344-BLF (NC)<br><br>**DECLARATION OF ELIZABETH K. MCCLOSKEY IN SUPPORT OF ARISTA NETWORKS, INC.'S AMENDED BILL OF COSTS**<br><br>Dept.:     Courtroom 3 – 5th Floor<br>Judge:    Hon. Beth Labson Freeman<br><br>Date Filed: December 5, 2014<br><br>Trial Date: November 21, 2016 |

I, Elizabeth K. McCloskey, declare as follows:

1. I am an attorney licensed to practice law in the State of California, and am an associate at the law firm of Keker & Van Nest LLP, counsel for Arista Networks, Inc. ("Arista") in the above-captioned matter. I submit this declaration in support of Arista's Bill of Costs. I have knowledge of the facts set forth herein, and if called to testify as a witness thereto could do so competently under oath.

2. On December 19, 2016, the Court entered Final Judgment in this matter. Dkt. 750. As reflected in the Final Judgment, Arista prevailed on a substantial part of the litigation. Plaintiff Cisco Systems, Inc. ("Cisco") recovered none of the relief it sought in this litigation. Accordingly, Arista is the prevailing party and is entitled to recover costs pursuant to Fed. R. Civ. P. 54(d) and 17 U.S.C. § 505.

3. In defending against Cisco's claims and in ultimately prevailing, Arista necessarily incurred the costs set forth in the Amended Bill of Costs, itemized in Exhibit A. The costs included are correctly stated and were necessarily incurred in this action, including those costs incurred in order to comply with the parties' Stipulation regarding Electronic Discovery and Document Production Format [Dkt. 48] and the services for which fees have been charged were actually and necessarily performed. Further, the items in Arista's Amended Bill of Costs are fairly attributable to the claims asserted by Cisco in this litigation and are recoverable by Arista under 28 U.S.C. § 1920, Civil Local Rule 54-3, and relevant case law. *Parrish v. Manatt, Phelps & Phillips, LLP*, No. C 10-03200 WHA, 2011 WL 1362112, at *2 (N.D. Cal. April 11, 2011) (Alsup, J.) ("The reproduction costs defendants incurred in collecting, reviewing, and preparing client documents for production were necessary expenditures made for the purpose of advancing the investigation and discovery phases of the action. As such, they are properly taxable."); *Service Emp. Int'l Union v. Rosselli*, No. C 09-00404 WHA, 2010 WL 4502176, at *3 (N.D. Cal., Nov. 1, 2010) (J. Alsup) (rejecting plaintiffs' argument that "the cost of trial exhibits and electronic discovery production should not be recoverable," and overruling plaintiffs' objections to deposition-related costs such as "'rough disk' fees, 'expedited' services charges, parking reimbursements, charges for court reporter 'waiting time,' charges for court reporter 'before/after

1  hours,' delivery costs, appearance and travel fees, 'video digitizing to DVD[s],' and 'video
2  synchronizing'"); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 928 (9th Cir. 2015)
3  ("To the extent a party is obligated to produce (or obligated to accept) electronic documents in a
4  particular format with particular characteristics intact (such as metadata, color, motion, or
5  manipulability), the costs to make duplicates in such a format or with such characteristics
6  preserved are recoverable as 'the costs of making copies . . . necessarily obtained for use in this
7  case.' 28 U.S.C. § 1920(4).") (quoting *CBT Flint Partners, LLC v. Return Path, Inc.*, 757 F.3d
8  1320, 1328 (Fed. Cir. 2013)); *Fitbug Ltd. v. Fitbit, Inc.*, No. 13-1418 SC, 2015 WL 2251257, at
9  *3 (N.D. Cal. May 13, 2015) (noting that "electronic document processing costs" are recoverable
10 where "the costs incurred were necessary for compliance with [an ESI] agreement"); *Petroliam
11 Nasional Berhad v. GoDaddy.com, Inc.*, No. C 09–5939 PJH, 2012 WL 1610979, at *4 (N.D.
12 Cal., May 8, 2012) (allowing recovery of costs that were "necessary to convert computer data into
13 a readable format," because such costs were "an essential component of '[t]he cost of reproducing
14 disclosure or formal discovery documents' used in the case, as permitted under Civil Local Rule
15 54–3(d)(2)."); *In re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d 1361, 1365 (Fed. Cir. 2011) ("Thus,
16 the costs of producing a document electronically can be recoverable under section 1920(4).").

17     4. True and correct copies of the invoices supporting Arista's Amended Bill of Costs
18 are attached as Exhibits B-H to the Amended Bill of Costs.

19     5. Attached as Exhibit B hereto are true and correct copies of invoices for costs
20 associated with depositions taken in this action, and costs of hearing and trial transcripts in this
21 case. NDCA L-R 54-3(b)-(c).

22     6. Attached as Exhibit C hereto are true and correct copies of invoices for costs of
23 electronic conversion of documents collected and produced as part of discovery in this case.
24 NDCA L-R 54-3(d). Arista's Amended Bill of Costs seeks only the costs associated with the
25 electronic preparation and duplication of documents for use in this case, not the intellectual effort
26 involved in their production, such as searching or an analyzing documents.

27     7. Attached as Exhibit D hereto are true and correct copies of invoices for cost
28 associated with service of process. NDCA L-R 54-3(a)(2).

1141010

8. Attached as Exhibit E hereto are true and correct copies of invoices for costs associated with preparing charts, diagrams, videotapes and other visual aids which were reasonably necessary to assist the jury or the Court in understanding the issues at trial. NDCA L-R 54-3(d)(5).

9. Attached as Exhibit F hereto are true and correct copies of invoices for costs associated with witness expenses. NDCA L-R 54-3(e).

10. Attached as Exhibit G hereto are true and correct copies of invoices for costs associated with exemplifying government records. NDCA L-R 54-3(d)(1).

11. Attaches as Exhibit H hereto are true and correct copies of invoices for costs associated with printing trial exhibits for use in the courtroom. These copies include copies of witness binders, courtesy copies for opposing counsel, and copies for the Court. NDCA L-R 54-3(d)(4).

12. Arista collected over 1.573 terabytes of records from fifteen custodians in this case for electronic processing and review. Pursuant to Arista's obligations under the parties' Stipulation regarding Electronic Discovery and Document Production Format [Dkt. 48], Arista's document vendor filtered custodial documents for production by running agreed-upon key-term searches, and converted the majority of documents to TIFF images for production. Arista also provided extracted text and optical character recognition ("OCR") for the documents it produced. Over the course of this litigation, Cisco served over 440 requests for production of documents, and Arista electronically produced over 800,000 documents in response to Cisco's requests. Over sixty witnesses were deposed in this case, and several witnesses were deposed more than once.

13. Arista continues to collect all trial invoices that include costs properly taxable under 28 U.S.C. § 1920. Accordingly, Arista reserves all rights to supplement and/or further amend its Bill of Costs to include those invoices as soon as possible.

////
////
////
////

1  I declare under penalty of perjury that the foregoing is true and correct and that this
2  declaration was executed at San Francisco, California on January 13, 2017.

_____
ELIZABETH K. MCCLOSKEY