UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS INC,<br><br>Plaintiff,<br><br>v.<br><br>ARISTA NETWORKS, INC.,<br><br>Defendant. | Case No.  14-cv-05344-BLF<br><br>**ORDER GRANTING MOTION TO SEAL**<br><br>[Re: ECF 756] |

Before the Court is Defendant Arista Networks, Inc. ("Arista")'s administrative motion to file under seal documents in support of its amended bill of costs.  ECF 756, 757.  For the reasons stated below, the motion is GRANTED.

I.   **LEGAL STANDARD**

There is a "strong presumption in favor of access" to judicial records.  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  A party seeking to seal judicial records bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure."  *Id.* at 1178-79.  Compelling reasons for sealing court files generally exist when such "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."  *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."  *Kamakana*, 447 F.3d at 1179.  Ultimately, "[w]hat constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'"  *Ctr. for Auto Safety v. Chrslyer Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

"Despite this strong preference for public access, [the Ninth Circuit has] carved out an exception," *id*. at 1097, for judicial records attached to motions that are "tangentially related to the merits of a case," *id*. at 1101. Parties moving to seal such records need only make a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1138).

In this District, parties seeking to seal judicial records must furthermore follow Civil Local Rule 79-5, which requires, *inter alia*, that a sealing request be "*narrowly tailored* to seek sealing *only* of sealable material." Civil L.R. 79-5(b) (emphasis added). Where the submitting party seeks to file under seal a document designated confidential by another party, the burden of articulating compelling reasons for sealing is placed on the designating party. *Id.* 79-5(e).

## II.   DISCUSSION

The Court has reviewed Arista's sealing motion and declaration of Eduardo Santacana in support thereof. According to the declaration, all the requested documents should be sealed because they contain confidential information, such as billing information, account numbers, personal identifying information of witnesses, as well as strategic pricing and corporate discounts of companies. ECF 756-1 ¶ 4.

The Court finds that the "good cause" standard applies as Arista's amended bill of costs is "tangentially related to the merits of a case." Because the documents contain confidential personal information as well as pricing information that could be used to the companies' competitive advantage, they are appropriately sealable under the "good cause" standard. *See Apple Inc. v. Samsung Elecs. Co. Ltd.*, 727 F.3d 1214, 1226 (Fed. Cir. 2013).

## III.   ORDER

For the foregoing reasons, the sealing motion at ECF 756 is GRANTED.

Dated: January 31, 2017

BETH LABSON FREEMAN
United States District Judge

2