KEKER & VAN NEST LLP
ROBERT A. VAN NEST - # 84065
BRIAN L. FERRALL - # 160847
DAVID SILBERT - # 173128
MICHAEL S. KWUN - #198945
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   (415) 391-5400
Email:  rvannest@kvn.com;
bferrall@kvn.com; dsilbert@kvn.com;
mkwun@kvn.com

SUSAN CREIGHTON, SBN 135528
SCOTT A. SHER, SBN 190053
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1700 K Street NW, Fifth Floor
Washington, D.C., 20006-3817
Telephone:  (202) 973-8800
Email:  screighton@wsgr.com;
ssher@wsgr.com

JONATHAN M. JACOBSON, NY SBN 1350495
CHUL PAK (*pro hac vice*)
DAVID H. REICHENBERG (*pro hac vice*)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800
Email:  jjacobson@wsgr.com; cpak@wsgr.com;
dreichenberg@wsgr.com

Attorneys for Defendant
ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARISTA NETWORKS, INC., <br><br> Defendant. | Case No. 5:14-cv-05344-BLF (NC) <br><br> **ARISTA'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT AS A MATTER OF LAW AND CONDITIONAL MOTION FOR NEW TRIAL (FED.R.CIV.P. 50(B) AND 59)** <br><br> Dept.:      Courtroom 3 – 5th Floor <br> Judge:     Hon. Beth Labson Freeman <br><br> Date Filed: December 5, 2014 <br><br> Trial Date: November 21, 2016 |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................................1

II. ARGUMENT..........................................................................................................................1

    A. Cisco fails to identify any substantial evidence of copying of a protectable portion of its asserted compilations. ...........................................................................1

    B. Cisco lacks either direct or indirect evidence of copying needed to sustain the infringement verdict.................................................................................................3

    C. Cisco fails to identify substantial evidence in the record reflecting its complete works or to excuse its lack of such evidence. ...........................................6

    D. Cisco's remaining arguments are equally meritless................................................8

    E. The partial re-trial Cisco urges would be improper. ..............................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Adams v. Yale-New Haven Hosp.*
No. 3:06CV1166 HBF, 2011 WL 219831 (D. Conn. Jan. 20, 2011) ...................................... 12

*Antonick v. Elec. Arts, Inc.*
841 F.3d 1062 (9th Cir. 2016) ............................................................................................... 7

*Apple Computer, Inc. v. Microsoft Corp.*
35 F.3d 1435 (9th Cir. 1994) ................................................................................................. 3

*Brown Bag Software v. Symantec Corp.*
960 F.2d 1465 (9th Cir. 1992) ............................................................................................... 3

*CDN Inc. v. Kapes*
197 F.3d 1256 (9th Cir. 1999) ............................................................................................... 2

*Data East USA, Inc. v. Epyx, Inc.*
862 F.3d 204 (9th Cir. 1988) ................................................................................................. 7

*Feist Publications, Inc. v. Rural Telephone Service Co.*
499 U.S. 340 (1991)............................................................................................................ 2, 5

*Garrett v. Blanton*
No. CIV. A. 89-4367, 1993 WL 17697 (E.D. La. Jan. 20, 1993)........................................... 12

*Goldsmith v. Diamond Shamrock Corp.*
767 F.2d 411 (8th Cir. 1985) ................................................................................................. 12

*Hutchins v. Zoll Med. Corp.*
492 F.3d 1377 (Fed. Cir. 2007)............................................................................................... 6

*Jackson v. Town of Hempstead*
No. 98–CV–5635, 2002 WL 199834 (E.D.N.Y. Feb. 4, 2002) .............................................. 12

*Jackson v. Wilson Trucking Corp.*
243 F.2d 212 (D.C. Cir. 1957)................................................................................................ 12

*Key Publications, Inc. v. Chinatown Today Pub. Enterprises, Inc.*
945 F.2d 509 (2d Cir. 1991).................................................................................................... 5

*Mattel, Inc. v. MGA Entertainment, Inc.*
616 F.3d 904 (9th Cir. 2010) .................................................................................................. 3

*Newtown v. Shell Oil Co.*
No. 3:97 CV 0167, 2000 WL 49357 (D.Conn. Jan. 18, 2000) ............................................... 12

*Oracle Am. Inc. v. Google Inc.*
10-cv-3561, ECF 1981 (N.D. Cal. May 26, 2016) at 11......................................................... 11

*Satava v. Lowry*
323 F.3d 805 (9th Cir. 2003) .................................................................................................. 1

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Unitherm v. Swift-Eckrich*
　546 U.S. 394 (2006) .................................................................................................................. 11

*Zella v. E.W. Scripps Co.*
　529 F. Supp. 2d 1124 (C.D. Cal. 2007) ..................................................................................... 8

**Federal Rules**

Fed. R. Civ. P. 50 ............................................................................................................... 8, 11, 12

Fed. R. Civ. P. 59 ....................................................................................................................... 12

I.   **INTRODUCTION**

Cisco's opposition misstates key points of law and fails to identify substantial evidence supporting the challenged portions of the jury's verdict. Cisco relies extensively on evidence that cannot support the findings Arista contests. To prove that its asserted compilations were creative, it relies on evidence about command "hierarchies"—but Cisco *disclaimed* protection in these hierarchies before trial, making this evidence irrelevant. Likewise, Cisco relies on evidence purporting to show creativity in individual commands—but it cannot point to substantial evidence that any protectable *compilation* was creative or infringed.

Cisco also fails to identify substantial evidence (or any evidence) in the record that would permit the jury to compare Cisco's and Arista's disputed works, as Ninth Circuit law requires. That critical omission—which Cisco made despite repeated reminders before and during the trial that it must place those works into evidence—by itself mandates judgment for Arista as a matter of law. Indeed, if anything, Cisco's contrary arguments merely highlight how small a portion of the disputed works it accuses Arista of copying, and thus how strongly the evidence supported Arista's defenses.

For these reasons, and more discussed below, the Court should grant Arista's motion and enter judgment as a matter of law for Arista on the grounds set forth therein, in addition to the jury's *scenes a faire* verdict.

II.  **ARGUMENT**

   A.   **Cisco fails to identify any substantial evidence of copying of a protectable portion of its asserted compilations.**

Under Ninth Circuit law, "it is not true that any combination of unprotectable elements automatically qualifies for copyright protection." *Satava v. Lowry*, 323 F.3d 805, 811–12 (9th Cir. 2003). Rather, "a combination of unprotectable elements is eligible for copyright protection only if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship." *Id.*

To defend the infringement verdict, Cisco's opposition relies primarily on compilation evidence focused on the so-called command hierarchies that Cisco identified before trial as one

basis for its claim of copyright protection.  *See* Opp. at 5-6.  Those hierarchies were the only selections or arrangements of commands that Cisco had ever claimed to have any independent expressive value.  However, Cisco disclaimed any argument of separately protectable expression in its command "hierarchies." *See* Tr. at 235:21-240:21. Cisco identifies no substantial evidence supporting creativity or the originality of any other aspect of its overall compilations of commands or other categories of CLI elements at issue here.

Instead of specific evidence about the selection and arrangement of its commands or other CLI elements, Cisco relies on *CDN Inc. v. Kapes*, 197 F.3d 1256 (9th Cir. 1999) to justify its infringement verdict based on what it calls the "extremely low" bar required for copyrightable creative expression.  Opp. at 3.  Cisco claims that its supposed creative "process" in putting together its CLI adequately supports copyright protection here, but neither the trial record nor the law supports Cisco's position.  Cisco lacks substantial evidence that any such process actually existed for any of the compilations asserted here, as explained in Arista's Motion.  *See* Mtn. at 12-13.  Cisco fails to respond to Arista's cited admissions from Cisco's own witnesses that they did not know about the process for even the subsets of commands and other CLI elements asserted in the case, let alone the entire compilations of commands or other CLI elements for any particular work.  And all of the compilations are disputed.[1]

*CDN* cannot justify a finding of copyright protection simply based on the effort involved in preparing a compilation, which would conflict with the Supreme Court's rule in *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 348–349 (1991).  *See* Mtn. at 13. Cisco does not explain how the compilations here involved anything more than such unprotectable effort or the unprotectable idea of implementing a given set of networking features. *See* Opp. at 3-4.  Cisco presented no specific evidence at trial about any particular selection and arrangement of its commands or other elements.  To the limited extent Cisco cites any evidence of creative expression in any of its compilations, it is so insubstantial that no reasonable jury could rely upon it to find infringement of any protectable expression here.

---

[1] Although Cisco claims that Arista does not challenge its compilation of modes as unoriginal, in fact there is nothing protectable about Cisco's asserted compilation of modes, for the reasons explained in Arista's Motion.  *See* Opp. at 3.

2
ARISTA'S REPLY ISO JMOL AND CONDITIONAL MOTION FOR NEW TRIAL
Case No. 5:14-cv-05344-BLF (NC)

1144358.04

### B. Cisco lacks either direct or indirect evidence of copying needed to sustain the infringement verdict.

Cisco claims that the record contains substantial evidence of copying of protected material that amounts to infringement, based on either direct or indirect evidence. Neither claim has merit. Cisco fails to account for the distinction between copying of unprotected material (individual commands, help strings, etc., or unprotected sets of features) and actionable copying of protected material (namely substantial copying of a protectable selection and arrangement of features).

Cisco first claims to have direct evidence of copying of protectable elements (see Opp. at 9-10) but points primarily to evidence of copying of Cisco's *individual* commands and other elements, and the hierarchies it disclaimed, not the overall compilations ultimately at issue at trial. Given Cisco's repeated admissions at trial that Arista did not in fact copy all—or anything close to all—of any of the asserted compilations, as discussed below and explained in Arista's Motion, the jury did not have before it substantial direct evidence of copying of any compilation that could amount to infringement.

Cisco's argument that the jury had substantial indirect evidence of copying also fails. Rather than attempting to identify any such evidence for any of the specific compilations that were the only potentially protectable elements before the jury, Cisco points instead to its works' "overall 'concept and feel'" (Opp. at 11:4). The law does not permit infringement findings based on such nebulous concepts however, and in this instance requires careful consideration of the specific protected elements of the complete works. Indeed, that is the whole purpose of the dissection process the Ninth Circuit requires and the Court has conducted: a copyright plaintiff must show not only subjective similarity, but also objective similarity based on specific protected elements of a work, in this case specified compilations of individually unprotected elements. *See Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1443 (9th Cir. 1994); *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1475-76 (9th Cir. 1992); *Mattel, Inc. v. MGA Entertainment, Inc.*, 616 F.3d 904, 913 (9th Cir. 2010) (explaining Ninth Circuit's two-part extrinsic/intrinsic test).

Cisco's claim that the infringement analysis requires comparison of only the copied portions of the works claimed to be protected—not the protected portions of the works as a

3
ARISTA'S REPLY ISO JMOL AND CONDITIONAL MOTION FOR NEW TRIAL
Case No. 5:14-cv-05344-BLF (NC)

1144358.04

1  whole—also misstates the infringement test.  *See* Opp. at 10.  Cisco relies on a misleading excerpt
2  of the jury instructions, taken out of context, but the complete jury instructions make clear that
3  the jury had to consider the "original protected elements of Cisco's copyrighted works" overall,
4  not merely the asserted portions of the works.  Tr. 2672:25-2673:3.  The instruction defines the
5  "elements of Cisco's works" that the jury must compare for virtual identity as five broad
6  compilations of CLI features, not the much smaller sets of features that Cisco asserted were
7  copied here.  Tr. 2673:4-15. This is confirmed by the final of the five enumerated compilations,
8  which is the combination of the first four and defined as "Cisco's user interfaces *as a whole* as
9  compilations of Elements 1 through 4." Tr. 2673:14-15 (emphasis added). In order for the fifth
10 compilation to amount to "Cisco's user interfaces as a whole," the "Elements 1 through 4" that
11 comprise that fifth compilation logically must include *all* of the CLI features from the works as a
12 whole in each of "Elements 1 through 4." Moreover, Cisco is mistaken in its claim that Arista
13 "does not dispute that Cisco showed virtual identity on an element-by-element basis."  Opp. at
14 10:26-27.  Arista does dispute this, as its Motion made clear.  And as explained above, Cisco
15 relies on evidence comparing only *individual* commands and other elements, which cannot
16 support a verdict of infringement of Cisco's selection and arrangement of its overall *compilations*
17 of those elements.
18     In fact, as Arista explained in its Motion as well as its opposition to Cisco's JMOL, Cisco
19 has not cited, and could not cite, a shred of evidence that Cisco's selection and arrangement of its
20 compilation of, for example, many thousands of commands was virtually identical to Arista's
21 arrangement of commands.  *See* Mtn. at 12; Arista JMOL Opp. at 7;  Tr. (Black) at 2190:19-24
22 (over "14k" Cisco IOS commands); TX 7532 (same); Tr. (Almeroth) at 2557:22-2559:9 (Arista's
23 count of total EOS CLI commands is between "10 to 15,000 commands"); Tr. (Black) at 2089:15-
24 22 ("Arista used a small portion of Cisco's command line interface . . . Arista added thousands
25 more commands.") Tr. 2262:21-2263:6 ("Arista has a whole bunch of features that they've added
26 to their product that require new CLI commands, thousands of those. They don't look like
27 anything I've seen in Cisco."). The vast majority of the commands are unquestionably different,
28 meaning that the only protectable aspects of the overall compilations—their selection and

arrangement—within Cisco's and Arista's works are not virtually identical. The trial record cannot support any finding of infringement based on either direct or indirect evidence.

Moreover, Cisco cannot support an infringement verdict in the face of the undisputed fact that Cisco claims copying of only a small fraction of any of the asserted compilations (Cisco's commands, Cisco's help strings, etc. for each asserted operating system), which cannot amount to infringement as a matter of law. Cisco makes no attempt to deny the limited scope of the protected material at issue here (the 506 accused commands, for example, only a portion of which are found in any given asserted work) or to dispute the vastly larger scope of each of the asserted compilations (at least 14,000 commands in IOS alone). *See* Mtn. at 3. For the reasons explained in Arista's motion, such limited copying from a compilation cannot sustain a finding of infringement. *Id.* at 16-18. On the contrary, even extensive copying of elements from a compilation cannot be infringement unless at least a substantial portion of the ***selection and arrangement itself***—the only expression potentially protected here—is also copied.

In *Key Publications, Inc. v. Chinatown Today Pub. Enterprises, Inc.*, 945 F.2d 509 (2d Cir. 1991), for example, the Second Circuit found no infringement as a matter of law where a defendant had copied 1500 out of more than 9000 listings (~17%, far more than was copied here) from a specialized phone directory of Chinese businesses (which was a protectable compilation because the selections reflected the author's selective/creative judgment). *Id.* at 515–16. Because the copied listings did "not come primarily from any particular portion" of the directory, and no "substantial categories and their listings ha[d] been taken wholesale," there was no infringement. *Id.* at 516. The court contrasted this result with a case that had found infringement where a defendant copied 5000 out of 18,000 baseball cards listed in a guide—but the 5000 copied were the same set specifically designated as "premium" cards in the copyrighted work. *Id.* "Because the principles of selection determining the listings in the two directories in [*Key Publications*] [we]re quite different, a finding of infringement would essentially be granting [plaintiff] a copyright monopoly on the use of each name and address"—unprotectable elements—"in the [copyrighted] directory." *Id.* The same rule bars Cisco's infringement claims here as a matter of law, for every asserted compilation. *Id.*; *see also Feist*, 499 U.S. at 348–349 ("The copyright in a

factual compilation is thin. Notwithstanding a valid copyright, a subsequent compiler remains free to use the facts contained in another's publication to aid in preparing a competing work, so long as the competing work does not feature the same selection and arrangement."); *Hutchins v. Zoll Med. Corp.*, 492 F.3d 1377, 1385 (Fed. Cir. 2007) ("Although the compilation of public information may be subject to copyright in the form in which it is presented, the copyright does not bar use by others of the information in the compilation.") (citing *Feist*).

In addition, although Cisco's opposition fails to identify substantial evidence supporting the infringement verdict, its arguments supporting that verdict confirm that the *scenes a faire* defense verdict must be sustained. In defending the infringement finding and identifying its purported substantial evidence, Cisco relies heavily on the low bar for sustaining a verdict against a motion for judgment as a matter of law. That same standard, of course, applies to Cisco's own motion for judgment as a matter of law, and Cisco's arguments in favor of the favorable portions of the verdict here apply equally to sustain the jury's defense verdict on *scenes a faire*. In particular, because the verdict does not specify what aspects of Cisco's works the jury found to be infringed, Cisco's argument that the infringement verdict must be sustained as long as a rational jury could have found infringement of any sufficient, protectable portion of a single asserted compilation is correct—although it is not sufficient to save the infringement verdict here. But Cisco's arguments only confirm that the *scenes a faire* defense verdict must also be upheld so long as any rational jury could find that *scenes a faire* applied to the smallest portion of a compilation from Cisco's asserted works that the jury might have found to be original and infringed.[2]  *See* Arista JMOL Opp. (ECF 763) at 7.

### C. Cisco fails to identify substantial evidence in the record reflecting its complete works or to excuse its lack of such evidence.

Cisco points to its manuals and source code excerpts submitted to the Copyright Office with its copyright registrations as evidence of its asserted works, but Cisco fails to address the deficiencies of this evidence raised in Arista's motion. Opp. at 14. Cisco's evidence remains

---

[2] As just one example, the jury may have only concluded that a portion of the compilation of CLI commands was both non-trivial and infringed. Therefore, to sustain the defense verdict, the Court need only find substantial evidence supporting *scenes a faire* for any hypothetical portion of the asserted compilation of commands.

1  inadequate to prove the infringement claims before the jury, which were based on Cisco's overall
2  compilations of CLI elements in its interfaces (*i.e.* all commands in an operating system, or all
3  help descriptions)—not individual elements or a nebulous look and feel that, as explained in
4  Arista's Motion and unrebutted by Cisco, was modeled in many ways on pre-existing operating
5  systems. *See* Opp. at 15.  Instead of identifying any substantial evidence that the complete works
6  were in fact in the record here, Cisco relies largely on legal argument that Ninth Circuit law does
7  not require putting the whole works in evidence for comparison.  Thus, Cisco implicitly concedes
8  that in fact it has failed to introduce such evidence and that Cisco's claims fail if Cisco's limited
9  view of the evidence required under Ninth Circuit law is incorrect. *See* Opp. at 15-16.

Cisco claims that the Ninth Circuit's recent *Antonick* decision means only that a copyright claim fails if *no* evidence of the works is included in the record. *Antonick v. Elec. Arts, Inc.*, 841 F.3d 1062, 1066 (9th Cir. 2016).  But *Antonick* simply followed and applied longstanding Ninth Circuit law requiring that a copyright claimant must present the disputed works for the jury to compare: "There can be no proof of 'substantial similarity' and thus of copyright infringement unless [plaintiff's] works are juxtaposed with [defendant's] and their contents compared." *Id.* (quoting *Seiler v. Lucasfilm, Ltd.*, 808 F.2d 1316, 1319 (9th Cir. 1987)). *See* Mtn. at 18-19 (discussing additional authorities).

Cisco cites no contrary Ninth Circuit precedent on this point, and the district court decisions Cisco cites (*see* Opp. at 16 n.14) do not support its argument.  First, Cisco contends that its evidence is sufficient based on *Data East USA, Inc. v. Epyx, Inc.*, 862 F.3d 204 (9th Cir. 1988). *See* Opp. at 15. However, *Data East* actually found that the record included images of "all images and all moves" in the disputed game sequences, unlike the record here which does not include any complete record of the commands, help strings, command outputs, or modes contained in any one of Cisco's asserted works. *Data East,* 862 F. 3d at 207.  Also, the *Data East* court reviewed the district court's conclusion that the disputed works were sufficiently in evidence only for "clear error," making it of even more limited value here. *Id.*

Likewise, Cisco's only cited district court decision from within the Ninth Circuit simply expresses the common-sense idea that a court may *reject* a copyright claim without reviewing the

7
ARISTA'S REPLY ISO JMOL AND CONDITIONAL MOTION FOR NEW TRIAL
Case No. 5:14-cv-05344-BLF (NC)

1144358.04

1  entire contents of a work where the court finds no protectable substantial similarities in the
2  portions of the works that a plaintiff puts forward to support its claims. *Zella v. E.W. Scripps Co.*,
3  529 F. Supp. 2d 1124, 1131 (C.D. Cal. 2007) (granting motion to dismiss).  But the fact that a
4  claim may *fail* based on a partial review of only a plaintiff's selected material, where even that
5  material reveals no similarity of protected matter, does not logically support Cisco's argument
6  that the claimant may *prevail* based on such a limited review, especially in the face of Ninth
7  Circuit law requiring the fact-finder to consider the similarities of protected matter in the works as
8  a whole.  (Cisco also cites an out-of-circuit district court decision that missed this logical
9  distinction, misapplied *Zella*, and offers no persuasive analysis, let alone a basis for ignoring
10 Ninth Circuit law.  *See* Opp. at 16 n.14.)

11 Even in its Opposition, Cisco still has not identified the exhibits that constitute Cisco's
12 works. *See* Opp. at 16 & n.15. In fact, Cisco admitted at trial that the manuals it now points to do
13 not reflect the complete interfaces: Cisco's counsel explained that "most"—not all—"of the
14 commands are described in the manuals, but the help descriptions are part of the source code, so
15 when you run the source code, it generates the help descriptions." Tr. at 1125. Later, counsel
16 again explained that it had been "clear throughout the case" that "what appears in the manuals" is
17 "not necessarily what's implemented in the product. And it's certainly not the totality of what's
18 implemented to [sic] the product." Tr. at 1899 (objecting to third party manuals on this basis).
19 And Cisco cites no authority for its assertion that because its Copyright Office registration
20 materials were sufficient to register the works, they also contain the complete works.  There is
21 also no logical basis for this position, because the Copyright Office itself accepts only excerpts of
22 source code (not complete code). Although Cisco argues that Arista did not challenge Cisco's
23 offering of its Copyright Office registration materials as evidence of its complete asserted works
24 (*see* Opp. at 3), Arista timely raised this issue in its Rule 50(a) motion. Neither Arista nor the
25 Court was required to assist Cisco at trial by correcting errors or omissions in Cisco's
26 presentation of its case at trial.

27 **D.     Cisco's remaining arguments are equally meritless.**
28 To the extent not addressed above, Cisco's remaining arguments in support of the

8
ARISTA'S REPLY ISO JMOL AND CONDITIONAL MOTION FOR NEW TRIAL
Case No. 5:14-cv-05344-BLF (NC)

1144358.04

infringement verdict are equally meritless. For example, Cisco responds to Arista's argument that Cisco failed to prove original expression in its compilations by asserting the presumption of ownership and validity based on its registrations, and claiming that Arista's evidence cannot rebut that presumption because it related only to individual elements. Opp. at 3. But in fact, as Arista's Motion made clear, Arista's challenges to Cisco's proof of originality and copyrightability involved the evidence supporting Cisco's compilations (which are dictated by functions, and which Cisco failed to prove) not just individual elements, defeating any presumption. Moreover, Cisco's only in-circuit authority for claiming the presumption can help it here is an unpublished (and thus unciteable) Ninth Circuit decision (*Lanard Toys*) that simply addressed the validity of a copyright (not its precise scope, which is the relevant question here), and a district court order that applied the presumption in the very different context of denying a TRO (*Brocade Communications*).[3] *See* Opp. at 3 n. 3.

Likewise, Cisco also claims that the Court determined in its dissection order that its asserted compilations were all "protectable," and so instructed the jury. Opp. at 2:9-13. This misstates the Court's ruling and would have amounted to a directed verdict on questions that the jury instructions clearly submitted to the jury. The Court ruled that Cisco's compilations were *potentially* protectable—unlike its individual CLI elements that the Court held were not protected—if the jury found that they contained original protectable expression. Accordingly, the Court instructed the jury on the infringement analysis as follows: "In making this comparison, you *may* find any of the following elements of Cisco's works protected as a compilation *if you find they are original*." *See* Tr. at 2673:4-15 (emphasis added); *see also* ECF 719 (Prelim. Dissection Order) at 11:23 ("*at most* this building block [of Cisco commands] is protectable as a compilation") (emphasis added).

Cisco also repeatedly contends that Arista cannot raise legal challenges now and must assert them on appeal instead—but fails to identify any substantial evidence that would support the verdict under Arista's interpretation of the disputed legal issues. Thus, Cisco essentially

---

[3] Cisco also cites an out-of-circuit district court decision that simply applies the presumption without persuasive analysis.

9

ARISTA'S REPLY ISO JMOL AND CONDITIONAL MOTION FOR NEW TRIAL
Case No. 5:14-cv-05344-BLF (NC)

concedes that under Arista's legal interpretation, Cisco has no substantial evidence to support the verdict in several respects. For example, Cisco offers no substantial evidence that its CLI has any separate value from Cisco's products, pointing instead to evidence that (at most) shows that the CLI has some value as *part* of those products. *See* Opp. at 13; *see also, e.g.*, Opp. at 8-9 (addressing "thin" copyright protection and the words and short phrases doctrine); Opp. at 14 (same re lack of fixed expression absent source code). Cisco also offers no substantial evidence that its arrangement of modes was more than an unprotectable idea. *See* Opp. at 8 n.9.

Cisco's arguments regarding Arista's affirmative defenses also lack merit. Arista's motion as to its affirmative defenses is not limited to evidence involving individual commands, as Cisco claims, but applies to all of the compilations at issue—just like Arista's motion on infringement. *See* Opp. at 17; Arista Mtn. at 20-25. Likewise, on JMOL, the Court can only presume that the jury found infringement of any of the asserted compilations to the extent that substantial evidence in the record supports such a finding, under the controlling law. *See* Opp. at 17. Here, any such evidence is extremely limited, and Arista's defenses need only apply to the small portion (if any) of any compilation that the jury could reasonably have found infringed in the first place.

As for the rest of Cisco's arguments in support of the jury's verdict on Arista's non-*scenes a faire* defenses, the record supports Arista's positions for the reasons explained in Arista's motion. However, if the evidence were adequate to support any of the jury findings for Cisco on those defenses, despite the minimal evidence Cisco is able to collect to defend those findings and the strong contrary evidence Arista has presented, then the evidence must be equally able to sustain the jury's verdict for Arista on *scenes a faire*.

### E. The partial re-trial Cisco urges would be improper.

The Court need not and should not order a new trial, because there are no grounds to overturn the judgment favoring Arista. If for some reason the Court does so, however, a new trial must be conducted on all issues, including infringement and all of Arista's defenses. As Arista explained in its opposition to Cisco's JMOL motion, to order a partial new trial would not only be impractical, but would violate Arista's right to a fair trial.

The Court should therefore reject Cisco's suggestion that a new trial in this matter could

be limited to one or more of Arista's affirmative defenses, with the jury simply to be given "an instruction that infringement has already been found." Opp. at 25:11. The fundamental problem with a partial retrial is that (thanks to Cisco's own proposed verdict form) no one knows precisely *what* infringement has been found—*i.e.* what part of which of several compilations within one or more Cisco works was infringed. And since proof of any defense need only apply to the portion of the asserted works that the jury found infringed, this lack of information about the infringement verdict is fatal to a partial re-trial. Cisco's own comparison to the *Oracle v. Google* case (Opp. at 25:11-16) reveals the problem with Cisco's approach: the jury in *Oracle* could only find infringement of the specific arrangement of 37 API packages that had been copied, and the associated declaring code. *Oracle Am. Inc. v. Google Inc.*, 10-cv-3561, ECF 1981 (N.D. Cal. May 26, 2016) at 11. This is very different from allowing Cisco to parlay the general verdict rendered here into an instruction to the jury that **all** five CLI compilations for **all** of the four works have been infringed, and Arista must prove its defense for the entirety for Arista to prevail. No partial re-trial is proper under these circumstances.

In addition, Arista does not seek a new trial that would displace the current Judgment. Rather, Arista's conditional new trial motion seeks to preserve Arista's right to claim a new trial as an alternative remedy on appeal if necessary, based on the insufficient evidence supporting the adverse portions of the jury's findings. *See Unitherm v. Swift-Eckrich*, 546 U.S. 394, 404–05 (2006). Cisco's opposition offers no substantive response to Arista's conditional new trial motion except a recitation of the governing legal standard and a conclusory assertion that the standard is not met. However, the trial evidence recounted in Arista's motion, and the Court's own experience of that evidence at trial, provide ample support for a ruling that the jury's findings of infringement and rejection of Arista's defenses other than *scenes a faire* are indeed against the "great weight" of the evidence at trial.

Finally, Cisco incorrectly suggests in its Opposition to Arista's Motion that the Court could also choose to grant a new trial as alternative relief on Cisco's Rule 50(b) JMOL motion, even though Cisco admits it did not timely request any such relief. Opp. at 25 n. 20. No such relief is available to Cisco now. Even without a timely new trial motion, the Court could have

1   granted a new trial *sua sponte* within 28 days of the judgment, but it cannot do so now (weeks
2   after that deadline) to grant relief that Cisco did not timely request.  *See* Fed. R. Civ. P. 59(d)
3   ("No later than 28 days after entry of judgment, the court, on its own, may order a new trial for
4   any reason that would justify granting one on a party's motion.").  Thus, no relief under Rule 59
5   is available, and Cisco may obtain a new trial only to the extent one is available as alternative
6   relief under Rule 50.

7   Absent a motion under Rule 59, however, the Court cannot order a new trial based on
8   Cisco's JMOL motion unless Cisco would otherwise be entitled to judgment as a matter of law
9   (which it is not, as explained in Arista's opposition to Cisco's JMOL).  *See Goldsmith v.*
10  *Diamond Shamrock Corp.*, 767 F.2d 411, 414 (8th Cir. 1985) (holding under prior version of rule
11  that court may "order a new trial absent a motion therefor only where the moving party otherwise
12  would have been entitled to judgment notwithstanding the verdict"); *Jackson v. Wilson Trucking*
13  *Corp.*, 243 F.2d 212, 214–15 (D.C. Cir. 1957) (court may grant a new trial without a new trial
14  motion "only when the record is such that the entry of judgment n.o.v. would be warranted").
15  Although a court has discretion to award a new trial as lesser alternative relief under Rule 50(b),
16  "a new trial may only be granted if the moving party would be entitled to judgment as a matter of
17  law."  *Adams v. Yale-New Haven Hosp.*, No. 3:06CV1166 HBF, 2011 WL 219831, at *7 (D.
18  Conn. Jan. 20, 2011). Numerous district courts across the country have applied this rule, and it
19  bars Cisco's belated conditional request for a new trial here.[4]

---

[4] *See, e.g.*, *Jackson v. Town of Hempstead*, No. 98–CV–5635, 2002 WL 199834, at *2 (E.D.N.Y. Feb. 4, 2002) ("The Court may only grant a new trial under Rule 50(b) if the movant satisfies the stricter standard for judgment as a matter of law...."); *Newtown v. Shell Oil Co.*, No. 3:97 CV 0167, 2000 WL 49357, at *2 (D.Conn. Jan. 18, 2000) (new trial under Rule 50(b) is "restricted to those cases in which the standard for granting ... judgment as a matter of law has been met"); *Garrett v. Blanton*, No. CIV. A. 89-4367, 1993 WL 17697, at *2 (E.D. La. Jan. 20, 1993) ("The circuit courts have held that a district court cannot grant a new trial under Rule 59 to a party on the basis of that party's Rule 50 motion for judgment as a matter of law, when that motion is denied.").

|  |  |
|---|---|
| | Respectfully submitted, |
| Dated: February 7, 2017 | KEKER & VAN NEST LLP |
| | By: */s/ Robert A. Van Nest* |
| | ROBERT A. VAN NEST |
| | Attorney for Defendant |
| | ARISTA NETWORKS, INC. |