| | |
|---|---|
| Kathleen Sullivan (SBN 242261)<br>kathleensullivan@quinnemanuel.com<br>Todd Anten (*admitted pro hac vice*)<br>toddanten@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100<br><br>Sean S. Pak (SBN 219032)<br>seanpak@quinnemanuel.com<br>Amy H. Candido (SBN 237829)<br>amycandido@quinnemanuel.com<br>John M. Neukom (SBN 275887)<br>johnneukom@quinnemanuel.com.<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>David Nelson (*admitted pro hac vice*)<br>davenelson@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>500 W Madison St, Suite 2450<br>Chicago, IL 60661<br>Telephone: (312) 705-7465<br>Facsimile: (312) 705 7401 | Steven Cherny (*admitted pro hac vice*)<br>steven.cherny@kirkland.com<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br><br>Adam R. Alper (SBN 196834)<br>adam.alper@kirkland.com<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, California 94104<br>Telephone: (415) 439-1400<br>Facsimile: (415) 439-1500<br><br>Michael W. De Vries (SBN 211001)<br>michael.devries@kirkland.com<br>KIRKLAND & ELLIS LLP<br>333 South Hope Street<br>Los Angeles, California 90071<br>Telephone: (213) 680-8400<br>Facsimile: (213) 680-8500 |

*Attorneys for Plaintiff Cisco Systems, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ARISTA NETWORKS, INC.,<br><br>　　　　　Defendant. | CASE NO. 5:14-cv-5344-BLF (NC)<br><br>**CISCO'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF THE TRIAL TRANSCRIPT (ECF NOS. 699, 705, 711, 722, 734)**<br><br>Dept: Courtroom 3 - 5th Floor<br>Judge: Hon. Beth Labson Freeman |

Pursuant to Civil Local Rules 7-11 and 79-5 and General Order 59, Cisco Systems, Inc. ("Cisco") hereby brings this administrative motion for an order to seal certain portions of the trial transcript.

## I. LEGAL STANDARDS

Courts recognize a "'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Parties seeking to seal judicial records that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178-79. Compelling reasons for sealing court records generally exist when the "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon*, 435 U.S. at 598). In this District, parties seeking to seal judicial records must also follow Civil L.R. 79–5, which requires that a sealing request be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79–5(b).

Examples of materials that have been sealed under the "compelling reasons" standard include the following:

- Documents that disclose the terms of confidential licensing agreements, *Tessera, Inc. v. Toshiba Corp.*, No. 15-CV-02543-BLF, 2016 WL 6778687, at *2 (N.D. Cal. Nov. 16, 2016)(J. Freeman);

- Documents containing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them," *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (J. Freeman);

- Documents in the form of "emails containing information about [a party's] business

practices, recruitment efforts, and discussions regarding potential partnerships with other product manufacturers," *Koninklijke Philips N.V. v. Elec-Tech Int'l Co., Ltd.*, No. 14-cv-02737-BLF, 2015 WL 581574, at *1-2 (N.D. Cal. Dec. 10, 2015) (J. Freeman); and

- Documents containing "information regarding non-public recruitment efforts and business practices" of a party, *id.* at *2-3.

## II. THE COURT SHOULD SEAL NARROW PORTIONS OF THE TRIAL TRANSCRIPT RELATED TO THE TERMS OF A CONFIDENTIAL AGREEMENT

At trial, a confidential agreement between Cisco and Huawei was admitted into evidence. Trial Ex. 4672. This agreement was admitted into evidence on a confidential basis and treated as being admitted under seal. *See* Trial Tr. at 1187:6-25. For example, the agreement was shown to the jury, but was not shown to the public audience in the gallery. *Id*. The gallery monitors were turned off when the agreement was on the screen and the attorneys at the counsels' tables were instructed to turn off their monitors so that the agreement could not be viewed by the public. *Id*.

Although the existence of the agreement has been publically acknowledged by both Huawei and Cisco and covered by the press, the specific terms of the agreement that Cisco is seeking to seal are confidential and have not been publicly disclosed. Cisco designated this document as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order when it was produced in this matter. Jenkins Decl. at ¶ 3. By this Motion, Cisco only seeks to seal testimony that reveals specific terms of the agreement that have not previously been made public. *See* Exh. A to the Jenkins Decl.

The facts here fit squarely under the reasoning of *Tessera*, where this Court sealed specific, non-public terms of a licensing agreement under the "compelling reasons" standard. 2016 WL 6778687, at *2. Here, as in *Tessera*, the agreement in question requires that the parties maintain the confidentiality of the terms of the agreement. *See id.*; Trial Ex. 4672 at 27. Likewise here, disclosing the specific, non-public terms of this agreement to Cisco's competitors would harm Cisco's business by, *inter alia*, allowing Cisco's competitors to learn of Cisco's confidential litigation strategies. This would "harm [Cisco's] competitive standing." *Nixon*, 435 U.S. at 598. Accordingly, there are "compelling reasons" to redact the limited portions of the transcript requested here.

### III. CONCLUSION

For the foregoing reasons, Cisco respectfully requests that the Court order that the following narrowly tailored portions of the trial transcript be redacted[1]:

- 1187:2-5
- 1188:4-1190:16
- 1191:6-1192:3
- 1199:18-21
- 1720:9-14
- 1765:23-25
- 1771:11-17
- 2130:4-7
- 2130:16-8
- 2264:15-20
- 2760:8-10
- 2789:1-5

Dated: February 17, 2017

Respectfully submitted,

*/s/ Kathleen Sullivan*
Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
Todd Anten *(admitted pro hac vice)*
toddanten@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
John M. Neukom (SBN 275887)

---

[1] For the Court's convenience, Cisco has filed a highlighted version of the transcript under seal indicating the portions Cisco seeks to seal as Exhibit A to the Declaration of Sara E. Jenkins filed herewith.

|   |   |
|---|---|
| 1 | johneukom@quinnemanuel.com. |
|   | QUINN EMANUEL URQUHART & |
| 2 | SULLIVAN LLP |
|   | 50 California Street, 22nd Floor |
| 3 | San Francisco, CA 94111 |
|   | Telephone: (415) 875-6600 |
| 4 | Facsimile: (415) 875-6700 |
|   |   |
| 5 | David Nelson (*admitted pro hac vice*) |
|   | davenelson@quinnemanuel.com |
| 6 | QUINN EMANUEL URQUHART & |
|   | SULLIVAN LLP |
| 7 | 500 W Madison St, Suite 2450 |
|   | Chicago, IL 60661 |
| 8 | Telephone: (312) 705-7465 |
|   | Facsimile: (312) 705 7401 |
| 9 |   |
|   | Steven Cherny *admitted pro hac vice)* |
| 10 | steven.cherny@kirkland.com |
|   | KIRKLAND & ELLIS LLP |
| 11 | 601 Lexington Avenue |
|   | New York, New York 10022 |
| 12 | Telephone: (212) 446-4800 |
|   | Facsimile: (212) 446-4900 |
| 13 |   |
|   | Adam R. Alper (SBN 196834) |
| 14 | adam.alper@kirkland.com |
|   | KIRKLAND & ELLIS LLP |
| 15 | 555 California Street |
|   | San Francisco, California  94104 |
| 16 | Telephone: (415) 439-1400 |
|   | Facsimile: (415) 439-1500 |
| 17 |   |
|   | Michael W. De Vries (SBN 211001) |
| 18 | michael.devries@kirkland.com |
|   | KIRKLAND & ELLIS LLP |
| 19 | 333 South Hope Street |
|   | Los Angeles, California 90071 |
| 20 | Telephone: (213) 680-8400 |
|   | Facsimile: (213) 680-8500 |
| 21 |   |
|   | *Attorneys for Plaintiff Cisco Systems, Inc.* |
| 22 |   |