UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., <br><br>  Plaintiff, <br><br> v. <br><br> ARISTA NETWORKS, INC., <br><br>  Defendant. | Case No.  14-cv-05344-BLF <br><br> **ORDER GRANTING MOTION TO SEAL** <br><br> [Re: ECF 768, 771] |

Before the Court is Plaintiff Cisco Systems, Inc. ("Cisco")'s administrative motion to file under seal certain portions of the trial transcripts. ECF 768. Arista Networks, Inc. ("Arista") Arista filed an opposition, to which Cisco seeks leave to file a reply in further support of the motion. ECF 769, 771. For the reasons stated below, the motion is GRANTED and Cisco's motion for leave to file a reply is TERMINATED as moot.

**I.  LEGAL STANDARD**

There is a "strong presumption in favor of access" to judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal judicial records bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79. Compelling reasons for sealing court files generally exist when such "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment,

incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. Ultimately, "[w]hat constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Ctr. for Auto Safety v. Chrslyer Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

In this District, parties seeking to seal transcripts of proceedings must furthermore follow Civil Local Rule 79-5 and General Order No. 59, which require, *inter alia*, that a sealing request be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). Where the submitting party seeks to file under seal a document designated confidential by another party, the burden of articulating compelling reasons for sealing is placed on the designating party. *Id.* 79-5(e). General Order No. 59 sets forth the time frame in which a transcript of a proceeding will be made public and the procedure by which a party may request redactions.

## II.   DISCUSSION

Cisco argues that the motion should be granted because it is seeking to redact narrow portions of the trial transcripts relating to terms of a confidential agreement and Cisco's confidential business and litigation strategies. Mot. 2, ECF 768; Jenkins Decl. 1, ECF 768-1. Arista opposes the motion because Cisco did not follow the procedures to redact court transcripts as required by General Order No. 59. According to Arista, Cisco did not file a "Notice of Intent to Request Redaction" for at least one of the transcript days and waited over two months after the filing of its "Notice of Intent to Request Redaction" before filing the instant motion. Opp'n 1-2, ECF 769.

Although Cisco may or may not have complied with the procedures required by General Order No. 59, the Court nonetheless will consider the motion and need not determine whether this motion is timely. The timeliness requirement of General Order No. 59 is not jurisdictional. *See, e.g.*, *U.S., ex rel. Meyer v. Horizon Health Corp.*, No. 00-1303 SBA, 2007 WL 518607, at *3 (N.D. Cal. Feb. 13, 2007) (holding that "timeliness requirement of Rule 54(d)(1) is not jurisdictional"). Moreover, the transcripts relevant to this motion still remain locked and unavailable to the public to date. Accordingly, the Court will exercise its discretion to consider this motion.

2

The Court has reviewed Cisco's sealing motion and declaration of Sara Jenkins in support thereof. According to the declaration, the portions of the transcripts should be sealed because they contain confidential information based on a non-public agreement that reveals Cisco's litigation strategies. ECF 768-1 ¶ 3. The Court finds that Cisco has articulated compelling reasons to seal certain portions of the transcripts. The proposed redactions are also narrowly tailored.

### III. ORDER

For the foregoing reasons, the sealing motion at ECF 768 is GRANTED and the following narrowly tailored portions of the trial transcript are to be sealed:

- 1187:2-5
- 1188:4-1190:16
- 1191:6-1192:3
- 1199:18-21
- 1720:9-14
- 1765:23-25
- 1771:11-17
- 2130:4-7
- 2130:16-8
- 2264:15-20
- 2760:8-10
- 2789:1-5

Dated: February 24, 2017

BETH LABSON FREEMAN
United States District Judge