| | |
|---|---|
| 1 | MATTHEW D. POWERS (Bar No. 104795) |
| | matthew.powers@tensegritylawgroup.com |
| 2 | WILLIAM NELSON (Bar No. 196091) |
| | william.nelson@tensegritylawgroup.com |
| 3 | ROBERT GERRITY (Bar No. 268084) |
| | robert.gerrity@tensegritylawgroup.com |
| 4 | NATASHA SAPUTO (Bar No. 291151) |
| | natasha.saputo@tensegritylawgroup.com |
| 5 | SAMANTHA JAMESON (Bar No. 296411) |
| | samantha.jameson@tensegritylawgroup.com |
| 6 | JENNIFER ROBINSON (Bar No. 270954) |
| | jen.robinson@tensegritylawgroup.com |
| 7 | WANLI CHEN (Bar No. 300254) |
| | wanli.chen@tensegritylawgroup.com |
| 8 | TENSEGRITY LAW GROUP, LLP |
| | 555 Twin Dolphin Drive, Suite 650 |
| | Redwood Shores, CA 94065 |
| | Telephone: (650) 802-6000 |
| | Fax: (650) 802-6001 |

Attorneys for Plaintiff
ARISTA NETWORKS, INC.

[*Additional Counsel Listed in Signature Block*]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ARISTA NETWORKS, INC., | Case No. 5:16-cv-00923-BLF |
| Plaintiff, | **PLAINTIFF ARISTA NETWORKS, INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE UNDER SEAL ARISTA'S OPPOSITION TO CISCO'S *DAUBERT* MOTION TO EXCLUDE, IN PART, THE EXPERT OPINION OF FIONA SCOTT MORTON, PH.D., ARISTA'S RESPONSE TO CISCO'S *DAUBERT* MOTION TO EXCLUDE THE EXPERT OPINION OF JOHN R. BLACK, JR., AND ARISTA'S OPPOSITION TO CISCO'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| CISCO SYSTEMS, INC. | |
| Defendant. | |
| | **DEMAND FOR JURY TRIAL** |

Pursuant to Civil Local Rules 7-11 and 79-5(d)-(e) Plaintiff Arista Networks, Inc. ("Arista") respectfully files this administrative motion for permission to file under seal portions of Arista's Response to Cisco Systems, Inc.'s *Daubert* Motion to Exclude the Expert Opinion of John R. Black, Jr. ("Response to Black *Daubert* "), Arista's Opposition to Cisco Systems, Inc.'s *Daubert* Motion to Exclude, In Part, the Expert Opinion of Fiona Scott Morton, Ph.D. ("Opposition to Scott Morton *Daubert* "), Arista's Opposition to Cisco's Motion for Summary Judgment ("Opposition to Motion for Summary Judgment"), and the entirety of certain exhibits thereto as referenced in the below table.

This motion is further supported by the Declaration of William Nelson in Support of Arista's Administration Motion to File Under Seal portions of Arista's Response to Black *Daubert*, Opposition to Scott Morton *Daubert*, Arista's Opposition to Motion for Summary Judgment, and exhibits thereto.

Arista respectfully moves for an order sealing the documents and/or portions of the documents identified in the table below:

| Document | Portion Under Seal | Party with Claim of Confidentiality |
|---|---|---|
| Plaintiff Arista Networks, Inc.'s Response to Black *Daubert* | Highlighted portions on p. 1 | Cisco |
| Plaintiff Arista Networks, Inc.'s Opposition to Scott Morton *Daubert* | Highlighted portions on pp. 6-8, 10 | Arista Cisco |
| Plaintiff Arista Networks, Inc.'s Opposition to Cisco's Motion for Summary Judgment | Highlighted portions on pp. 2-5, 15, 16, 18, 19, 21, 23, 24 | Arista Cisco |
| Exhibits 27, 28 to Declaration of William P. Nelson in Support of Arista's Opposition to Cisco's *Daubert* Motion to Exclude, in Part, the Expert Opinion of Fiona Scott Morton, Ph.D., Arista's Response to Cisco's *Daubert* Motion to Exclude the Expert Opinion of John R. Black, Jr., and Arista's Opposition to Cisco's Motion for Summary Judgement. | Entire Document | Arista |
| Exhibit 1 to Declaration of William P. Nelson in Support | Entire Document | Arista Cisco |

| Document | Portion Under Seal | Party with Claim of Confidentiality |
|---|---|---|
| of Arista's Opposition to Cisco's *Daubert* Motion to Exclude, in Part, the Expert Opinion of Fiona Scott Morton, Ph.D., Arista's Response to Cisco's *Daubert* Motion to Exclude the Expert Opinion of John R. Black, Jr., and Arista's Opposition to Cisco's Motion for Summary Judgement. | | |
| Exhibits 3, 5, 8-14, 16, 18-23, 31, 32, 33 to Declaration of William P. Nelson in Support of Arista's Opposition to Cisco's *Daubert* Motion to Exclude, in Part, the Expert Opinion of Fiona Scott Morton, Ph.D., Arista's Response to Cisco's *Daubert* Motion to Exclude the Expert Opinion of John R. Black, Jr., and Arista's Opposition to Cisco's Motion for Summary Judgement. | Entire Document | Cisco |

This Court has previously explained the standards for filing under seal materials in connection with a dispositive motion, such as Arista's Opposition to Cisco's Motion for Summary Judgment. "Unless a particular court record is one 'traditionally kept secret,'" a "strong presumption in favor of access" to judicial records "is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal judicial records relating to a dispositive motion therefore bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178–79. Compelling reasons for sealing court files generally exist when such "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). However, "[t]he mere fact that the production of

records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.

Furthermore, in this District, parties seeking to seal judicial records must also follow Civil L.R. 79–5, which requires, inter alia, that a sealing request be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79–5(b). Where the submitting party seeks to file under seal a document designated confidential by another party (the "designating party"), the burden of articulating compelling reasons for sealing is placed on the designating party. Civil L.R. 79–5(e); *Cowan v. GE Capital Retail Bank*, No. 13–cv–03935–BLF, 2015 WL 1324848, at *1 (N.D. Cal. Mar. 24, 2015) (J. Freeman).

Examples of materials that have been sealed under this standard include :

- Documents relating to the "internal procedures for addressing cardholder fraud notifications" of a bank, *id.* at *2-3;
- Documents containing "information about [a party's] business performance, structure, and finances that could be used to gain unfair business advantage against them," *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (J. Freeman);
- Documents containing "highly sensitive information regarding [a party's] product architecture and development," *Delphix Corp. v. Actifio, Inc.*, No. 13-cv-04613-BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (J. Freeman);
- Documents in the form of "emails containing information about [a party's] business practices, recruitment efforts, and discussions regarding potential partnerships with other product manufacturers," *Koninklijke Philips N.V. v. Elec-Tech Int'l Co., Ltd.*, No. 14-cv-02737-BLF, 2015 WL 581574, at *1-2 (N.D. Cal. Dec. 10, 2015) (J. Freeman); and
- Documents containing "information regarding non-public recruitment efforts and business practices" of a party, *id.* at *2-3.

Arista's Response to Black *Daubert* and Arista's Opposition to Scott Morton *Daubert* are non-dispositive motions. In the context of non-dispositive motions, the materials may be sealed so long as the party seeking sealing makes a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1138). In addition, Civil Local Rule 79-5 requires that a party seeking sealing "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (i.e., that the document is "sealable"). Civil L.R. 79-5(b). The sealing request must also "be narrowly tailored to seek sealing only of sealable

material." *Id.*

The highlighted portions on page 1 of Arista's Response to Black *Daubert*, pages 6-8, 10 of Arista's Opposition to Scott Morton *Daubert*, and pages 2-5, 15, 16, 18, 21, and 24 of Arista's Opposition to Motion for Summary Judgment, and the entirety of Exhibits 1, 3, 5, 8-14, 16, 18-23, 31, 32, 33 contain information Cisco has designated "Confidential" or "Highly Confidential" under the parties' prior Stipulated Protective Order. For that reason, Arista seeks leave to file these documents under seal. Arista expects that, pursuant to L.R. 79-5(d), Cisco will file a declaration with the Court consenting to the public filing of these documents or explaining why any remaining portions are sealable. Arista will also publicly file a redacted version of Arista's Response to Black *Daubert*, Arista's Opposition to Scott Morton *Daubert* Motion, and Arista's Opposition to Motion for Summary Judgment.

The highlighted portions on pages 7 of Arista's Opposition to Scott Morton *Daubert*, and pages 5, 18, 19, and 23 of Arista's Opposition to Motion for Summary Judgment, and the entirety of Exhibits 1, 27, and 28 contain highly sensitive information regarding Arista's products, customers, and financial data, including the names of Arista customers, sales and communications between Arista and its customers, and Arista's revenues and gross margins. This information is maintained as confidential by Arista and if revealed could result in competitive harm to Arista. Specifically, if Arista's competitors were to learn the highly sensitive information regarding Arista's products, customers, and financials, including the names of current Arista customers, sales and communications between Arista and its customers, and revenues and gross margins, Arista's competitors could use this information to the competitive disadvantage of Arista in the sales cycle. Thus, good cause and compelling reasons exist to seal these documents.

Dated: March 28, 2018                    Respectfully submitted,

                                            */s/ Matthew D. Powers*
                                       MATTHEW D. POWERS (SBN 104795)
                                       WILLIAM NELSON (SBN 196091)
                                       ROBERT GERRITY (SBN 268084)
                                       NATASHA SAPUTO (SBN 291151)
                                       SAMANTHA JAMESON (Bar No. 296411)

| | |
|---|---|
| 1 | JENNIFER ROBINSON (Bar No. 270954) |
| 2 | WANLI CHEN (Bar No. 300254) |

JENNIFER ROBINSON (Bar No. 270954)
WANLI CHEN (Bar No. 300254)
TENSEGRITY LAW GROUP, LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065
Telephone:   (650) 802-6000
Facsimile:    (650) 802-6001
Email:
matthew.powers@tensegritylawgroup.com
william.nelson@tensegritylawgroup.com
robert.gerrity@tensegritylawgroup.com
natasha.saputo@tensegritylawgroup.com
samantha.jameson@tensegritylawgroup.com
jen.robinson@tensegritylawgroup.com
wanli.chen@tensegritylawgroup.com

DAVID H. REICHENBERG (*Pro Hac Vice*)
COZEN O'CONNOR
277 Park Avenue, 19th Floor
New York, NY 10172
Telephone:  (212) 883-4900
Fax:  (646) 461-2091
Email:
dreichenberg@cozen.com

JONATHAN M. JACOBSON (NY SBN 1350495)
CHUL PAK (*Pro Hac Vice*)
WILSON SONSINI GOODRICH & ROSATI
1301 Avenue Of The Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email:
jjacobson@wsgr.com
cpak@wsgr.com

SUSAN CREIGHTON (SBN 135528)
SCOTT A. SHER (SBN 190053)
BRADLEY T. TENNIS (SBN 281206)
WILSON SONSINI GOODRICH & ROSATI
1700 K Street NW, Fifth Floor
Washington, D.C., 20006
Telephone: (202) 973-8800
Facsimile: (202) 973-8899
Email:
screighton@wsgr.com
ssher@wsgr.com
btennis@wsgr.com

ROBERT A. VAN NEST (SBN 84065)
BRIAN L. FERRALL (SBN 160847)
MICHAEL S. KWUN (SBN 198945)
DAVID J. SILBERT (SBN 173128)
NICHOLAS DAVID MARAIS
KEKER & VAN NEST LLP
633 Battery Street

San Francisco, CA 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
Email:
rvannest@keker.com
bferrall@keker.com
mkwun@keker.com
dsilbert@keker.com
nmarais@keker.com

Attorneys for Plaintiff
ARISTA NETWORKS, INC.