MATTHEW D. POWERS (Bar No. 104795)
matthew.powers@tensegritylawgroup.com
WILLIAM NELSON (Bar No. 196091)
william.nelson@tensegritylawgroup.com
ROBERT GERRITY (Bar No. 268084)
robert.gerrity@tensegritylawgroup.com
NATASHA SAPUTO (Bar No. 291151)
natasha.saputo@tensegritylawgroup.com
SAMANTHA JAMESON (Bar No. 296411)
samantha.jameson@tensegritylawgroup.com
JENNIFER ROBINSON (Bar No. 270954)
jen.robinson@tensegritylawgroup.com
WANLI CHEN (Bar No. 300254)
wanli.chen@tensegritylawgroup.com
TENSEGRITY LAW GROUP, LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065
Telephone: (650) 802-6000
Fax: (650) 802-6001

Attorneys for Plaintiff
ARISTA NETWORKS, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ARISTA NETWORKS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CISCO SYSTEMS, INC. <br><br> Defendant. | Case No. 5:16-cv-00923-BLF <br><br> **DECLARATION OF WILLIAM P. NELSON IN SUPPORT OF ARISTA NETWORKS INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE UNDER SEAL** <br><br> **DEMAND FOR JURY TRIAL** |

I, William P. Nelson, declare as follows:

1. I am an attorney at the law firm of Tensegrity Law Group LLP, counsel of record for Plaintiff Arista Networks Inc. in the above-captioned matter. I am an attorney in good standing licensed to practice in the State of California and admitted to practice before this Court. I submit this declaration in support of Plaintiff Arista Networks, Inc.'s ("Arista") Administrative Motion for Leave to File Documents Under Seal. I am personally familiar with the facts stated herein, and, if called as a witness, could testify competently thereto.

2. As required under Civ. Local Rules 79-5(d)(1)(A) and 79-5(e), the basis for asserting confidentiality and the grounds for filing under seal the listed documents are described below.

3. Arista seeks to file under seal portions of Plaintiff Arista Networks, Inc.'s Response to Cisco's *Daubert* Motion to Exclude the Expert Opinion of John R. Black, Jr. ("Response to Black *Daubert*"), Arista's Opposition to Cisco's *Daubert* Motion to Exclude, In Part, the Expert Opinion of Fiona Scott Morton Motion, Ph.D. ("Opposition to Scott Morton *Daubert*"), Arista's Opposition to Cisco's Motion for Summary Judgment ("Opposition to Motion for Summary Judgment"), and the entirety of Exhibits 1, 3, 5, 8-14, 16, 18-23, 27, 28, 31, 32, and 33 thereto. The highlighted portions on page 1 of Arista's Response to Black *Daubert*, pages 6-8, 10 of Arista's Opposition to Scott Morton *Daubert*, and pages 2-5, 15, 16, 18, 21, and 24 of Arista's Opposition to Motion for Summary Judgment, and the entirety of Exhibits 1, 3, 5, 8-14, 16, 18-23, 31, 32, 33 contain information Cisco has designated "Confidential" or "Highly Confidential" under the parties' prior Stipulated Protective Order. For that reason, Arista seeks leave to file these documents under seal. Arista expects that, pursuant to L.R. 79-5(d), Cisco will file a declaration with the Court consenting to the public filing of this document or explaining why any remaining portions are sealable. Arista will also publicly file a redacted version of Arista's Response to Black *Daubert*, Arista's Opposition to Scott Morton *Daubert*, and Arista's Opposition to Motion for Summary Judgment.

4. Arista seeks to file under seal the highlighted portions on pages 7 of Arista's Opposition to Scott Morton *Daubert*, and pages 5, 18, 19, and 23 of Arista's Opposition to

Motion for Summary Judgment, and the entirety of Exhibits 1, 27, and 28. The highlighted portions on pages 7 of Arista's Opposition to Scott Morton *Daubert*, and pages 5, 18, 19, and 23 of Arista's Opposition to Motion for Summary Judgment, and the entirety of Exhibits 1, 27, and 28 contain highly sensitive information regarding Arista's products, customers, and financials, including the names of Arista customers, sales and communications between Arista and its customers, and Arista's revenues and gross margins. This information is maintained as confidential by Arista and if revealed could result in competitive harm to Arista. Specifically, if Arista's competitors were to learn the highly sensitive information regarding Arista's products, customers, and financials, including the names of current Arista customers, sales and communications between Arista and its customers, and revenues and gross margins, Arista's competitors could use this information to the competitive disadvantage of Arista in the sales cycle. Thus, good cause and compelling reasons exist to seal these documents.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 28, 2018, in Redwood Shores, CA.

                                        */s/ William P. Nelson*
                                           William P. Nelson