| | |
|---|---|
| Kathleen Sullivan (SBN 242261)<br>kathleensullivan@quinnemanuel.com<br>Todd Anten (pro hac vice)<br>toddanten@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100<br><br>Sean S. Pak (SBN 219032)<br>seanpak@quinnemanuel.com<br>Amy H. Candido (SBN 237829)<br>amycandido@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>David Nelson (pro hac vice)<br>davidnelson@quinnemanuel.com<br>QUINN EMANUEL URQUHART &<br>SULLIVAN LLP<br>500 W. Madison St., Suite 2450<br>Chicago, IL 60661<br>Telephone: (312) 705-7465<br>Facsimile: (312) 705-7401<br><br>*Attorneys for Plaintiff Cisco Systems, Inc.* | KEKER & VAN NEST LLP<br>ROBERT A. VAN NEST- # 84065<br>rvannest@kvn.com<br>BRIAN L. FERRALL - # 160847<br>bferrall@kvn.com<br>DAVID SILBERT - # 173128<br>dsilbert@kvn.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:  (415) 391-5400<br>Facsimile:  (415) 397-7188<br><br>WILSON SONSINI GOODRICH & ROSATI<br>Professional corporation<br>JONATHAN M. JACOBSON, NY # 1350495<br>jjacobson@wsgr.com<br>CHUL PACK (pro hac vice)<br>cpak@wsgr.com<br>DAVID H. REICHENBERG (pro hac vice)<br>dreichenberg@wsgr.com<br>1301 Avenue of the Americas, 40th Floor<br>New York, NY 10019-6022<br>Telephone:  (212) 999-5800<br><br>*Attorneys for Defendant Arista Networks, Inc.* |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>        Plaintiff,<br><br>        vs.<br><br>ARISTA NETWORKS, INC.,<br><br>        Defendant. | CASE NO. 5:14-cv-5344-BLF (NC)<br><br>**JOINT MOTION FOR AN INDICATIVE RULING TO VACATE JUDGMENT PURSUANT TO FED. R. CIV. P. 62.1**<br><br>Dept: Courtroom 3 - 5th Floor<br>Judge: Hon. Beth Labson Freeman |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that plaintiff Cisco Systems, Inc. ("Cisco") and defendant Arista Networks, Inc. ("Arista") shall and hereby do jointly move the Court to issue an indicative ruling pursuant to Fed. R. Civ. P. 62.1 stating that the Court would grant a motion to vacate the judgment entered in this action on December 19, 2016 (ECF 750) (the "Judgment") if the Court of Appeals for the Federal Circuit remands the action back to the Court for that purpose. This joint motion is based on this notice of motion and memorandum, the record of this action, and such other argument as was presented and may be presented before this motion is taken under submission by the Court.

## RELIEF REQUESTED

The parties jointly and respectfully request, pursuant to Rule 62.1, that the Court issue an indicative ruling stating that the Court would grant a motion to vacate the Judgment if the Federal Circuit remands the action back to the Court for that purpose.

## MEMORANDUM OF POINTS AND AUTHORITIES

As the Court knows from its recent order granting stipulated dismissal of Arista's antitrust suit against Cisco, *see Arista Networks, Inc. v. Cisco Systems, Inc.*, No. 5:16-cv-00923, ECF 422 (N.D. Cal. Aug. 27, 2018), the parties in that action, who are the same parties as in this action, have reached a settlement of their multiple pending disputes in all fora. That agreement is evidenced by the binding term sheet the parties executed. *See* Term Sheet attached hereto as Exhibit A ("Term Sheet").[1] As part of that binding agreement, the parties agreed to jointly approach the Court with legal grounds for vacatur to attempt to persuade the Court to vacate the Judgment in this action. Term Sheet at 11-12. Because the instant action is currently pending on appeal before the Federal Circuit (No. 17-2145), this Court does not currently have jurisdiction of this matter, but Rule 62.1 provides an appropriate mechanism to allow the Court to consider the parties' joint motion to vacate the Judgment.

---

[1] The parties agree that the Term Sheet attached hereto as Exhibit A to this Joint Motion is a true and accurate redacted copy of the Term Sheet executed by the parties. Arista has requested the redactions presented in Exhibit A; Cisco does not agree that any redactions are necessary, but for the purpose of expediting consideration of the instant motion, Cisco does not challenge the redactions requested by Arista for the purpose of this joint motion only, and reserves all rights to challenge any redactions to the Term Sheet in any future submissions.

-1- Case No. 5:14-cv-5344-BLF (NC)
JOINT MOTION FOR AN INDICATIVE RULING TO VACATE JUDGMENT PURSUANT TO RULE 62.1

Rule 62.1(a)(3) states that, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may … state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." At that point, the parties must promptly advise the court of appeals of the indicative ruling (Rule 62.1(b)), after which "[t]he district court may decide the motion if the court of appeals remands for that purpose" (Rule 62.1(c)). "This new rule adopts for any motion that the district court cannot grant because of a pending appeal the practice that most courts follow when a party makes a Rule 60(b) motion to vacate a judgment that is pending on appeal."). Committee Notes on Rule 62.1—2009. The court of appeals then has the authority to remand the case for further proceedings. *See* Fed. R. App. P. 12.1(b) ("[I]f the district court states that it would grant the motion or that the motion raises a substantial issue, the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal.").

The parties jointly request that such a mechanism be applied here. Upon the Court's grant of this motion, the parties will jointly seek limited remand from the Federal Circuit pursuant to Rule 12.1, and assuming that such remand is granted, the parties will jointly file a motion to vacate the Judgment pursuant to Fed. R. Civ. P. 60(b). That Rule authorizes the court to "relieve a party … from a final judgment, order, or proceeding" in a number of enumerated circumstances and for "any other reason that justifies relief." Rule 60(b) "provides the basis for a district court['s] vacation of judgments when the equities so demand, but it does not establish what substantive standards should be employed." *Am. Games, Inc. v. Trade Prods., Inc.*, 142 F.3d 1164, 1168 (9th Cir. 1998). District courts in this Circuit apply an "equitable balancing test" to determine whether a judgment should be vacated under Rule 60(b). *Id.* "Under that equitable balancing test, the district court should consider 'the consequences and attendant hardships of dismissal or refusal to dismiss' and 'the competing values of finality of judgment and right to relitigation of unreviewed disputes.'" *In re: TFT-LCD (Flat Panel) Antitrust Litig.*, 2012 WL 12369590, at *4 (N.D. Cal. Oct. 15, 2012) (quoting *Am. Games*, 142 F.3d at 1168) (quoting in turn *Ringsby Truck Lines, Inc. v. W. Conf. of Teamsters*, 686 F.2d 720, 722 (9th Cir. 1982)). This standard applies to Rule 60(b) motions for vacatur whether a judgment is mooted "by happenstance" or "by settlement," *Am. Games*, 142 F.3d at 1169, including

when the judgment at issue was the result of a jury verdict after trial, *see, e.g.*, *In re Apollo Grp. Inc. Secs. Litig.*, 2012 WL 1378677, at *10 (D. Ariz. Apr. 20, 2012) (applying *American Games* and vacating judgment after jury verdict); *In re TFT-LCD*, 2012 WL 12369590, at *4 (same).

Applying these standards to the facts of this case, the balance of equities supports vacatur of the Judgment and thus an indicative ruling that the Court would grant a Rule 60(b) motion to vacate the Judgment were the Federal Circuit to remand for that purpose.

*First*, the "consequences and attendant hardships of dismissal or refusal to dismiss" favor vacatur. The parties have been engaged in a lengthy set of disputes conducted in multiple tribunals on a number of intellectual property and related issues. The settlement agreement envisions resolution of all of these cases, which spares the parties and the judicial system the burden of any further litigation of these matters, including resolution of the pending appeal in the instant action and any remand proceedings that may result therefrom. *See* Term Sheet at 2 (dismissals), *id.* at 2-3 (mutual releases), *id.* at 11-12 (instant action). This settlement thus promotes the public interest in judicial economy and in the negotiated resolution of pending disputes. Accordingly, vacatur of the Judgment here would have only beneficial consequences, would alleviate hardships by resolving the parties' disputes, and would create no countervailing burdens on any party, favoring relief. In contrast, refusal to dismiss would create the hardship of limiting the effect of the parties' settlement agreement, and leaving in place a judgment that the parties agree is no longer warranted.

*Second*, vacatur of the Judgment would serve the "value of finality" in this litigation. Cisco's and Arista's settlement agreement provides detailed mechanisms to address the CLI copyright claims. *See* Term Sheet at 9-11. Nor would leaving the judgment in place serve any interest in reducing future litigation, as the highly fact-specific nature of the dispute over the particular CLI asserted here means would make it difficult for other parties to use the Judgment preclusively. *See, e.g.*, *Syverson v. Int'l Bus. Machs. Corp.*, 472 F.3d 1072, 1078 (9th Cir. 2007) (nonmutual issue preclusion applies only where, *inter alia*, "the identical issue … was actually litigated … [and] was decided in a final judgment"). Moreover, the parties here do not seek to vacate a judgment for their own benefit and to third parties' detriment. *Contra Protegrity USA, Inc. v. Netskope, Inc.*, 2016 WL 4761093, at *2 (N.D. Cal. Sept. 13, 2016) (denying request to vacate a determination that asserted

patent claims were invalid where "plaintiffs [sought] vacatur so that they may assert the 707 Patent again against others"). Rather, vacatur of the Judgment would equitably assist Cisco and Arista only.

*Third*, it is in the overall public interest for the Court to support parties in negotiating and reaching settlement, including where vacatur is contemplated as part of a settlement, and especially where such vacatur is part of a global settlement that will resolve multiple pending disputes. *See In re Apollo Grp.*, 2012 WL 1378677, at *10 (quoting *Click Entm't, Inc. v. JYP Entm't Co.*, 2009 WL 3030212, at *2 (D. Haw. Sept. 22, 2009) (discussing public interest in supporting settlement)). Indeed, the public interest in encouraging settlement is so strong that courts of appeals have found district courts to have abused their discretion in declining to vacate a judgment as part of a global settlement. *See, e.g.*, *Mattel, Inc. v. Goldberger Doll Mfg. Co.*, No. 04-6432 (2d Cir. Nov. 20, 2006) (reversing denial of vacatur of judgment that had been sought in order to facilitate a global settlement entered into during the pendency of an appeal where "no significant public interests are affected by the proposed vacatur").

*Fourth*, the indicative ruling requested is likely to provide the parties with the ultimate relief they seek, as the Federal Circuit has granted joint motions for limited remand under Rule 12.1 to effectuate a requested motion for vacatur of a judgment in similar circumstances. *See, e.g.*, *Ohio Willow Wood Co. v. Thermo-Ply, Inc.*, 629 F.3d 1374, 1375 (Fed. Cir. 2011) (granting motion to "remand for the limited purpose of the district court's consideration of the parties' motion for vacatur"); *see also, e.g.*, *Tempur-Pedic Mgmt., Inc. v. FKA Distrib. Co.*, 481 F. App'x 615, 615 (Fed. Cir. 2012) (same, citing *Ohio Willow Wood*); *Duncan Kitchen Grips, Inc. v. Boston Warehouse Trading Corp.*, 428 F. App'x 996, 996–97 (Fed. Cir. 2011) (same); *Miller v. Altadis U.S.A. Inc.*, 424 F. App'x 955, 955 (Fed. Cir. 2011) (same); *Dicam, Inc. v. Cellco P'ship*, 416 F. App'x 899, 899 (Fed. Cir. 2011) (similar). Thus, an indicative ruling from this Court stating that it would grant a joint motion to vacate the Judgment would assist the Federal Circuit in considering the parties' request.

In sum, as part of a global settlement of myriad pending legal claims in this Court and others, Cisco and Arista seek to vacate a judgment that will alleviate litigation burdens on the parties without prejudicing any other member of the public.  The equities favor vacatur.

## **CONCLUSION**

For the foregoing reasons, the Court should issue an indicative ruling pursuant to Rule 62.1 stating that the Court would grant a motion to vacate the Judgment pursuant to Rule 60(b) if the Federal Circuit remands the action pursuant to Fed. R. App. P. 12.1 for that purpose.

Dated:  September 4, 2018

Respectfully submitted,

/s/ Kathleen Sullivan
Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
Todd Anten (pro hac vice)
toddanten@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

David Nelson (pro hac vice)
davidnelson@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
500 W. Madison St., Suite 2450
Chicago, IL 60661
Telephone: (312) 705-7465
Facsimile: (312) 705-7401

*Attorneys for Plaintiff Cisco Systems, Inc.*

/s/ Robert A. Van Nest
KEKER & VAN NEST LLP
ROBERT A. VAN NEST- # 84065
rvannest@kvn.com
BRIAN L. FERRALL - # 160847
bferrall@kvn.com
DAVID SILBERT - # 173128
dsilbert@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

WILSON SONSINI GOODRICH & ROSATI
Professional corporation
JONATHAN M. JACOBSON, NY # 1350495
jjacobson@wsgr.com
CHUL PACK (pro hac vice)
cpak@wsgr.com
DAVID H. REICHENBERG (pro hac vice)
dreichenberg@wsgr.com
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800

*Attorneys for Defendant Arista Networks, Inc.*

**ATTORNEY ATTESTATION**

I hereby attest, pursuant to Local Rule 5-1(i)(3), that the concurrence in the filing of this document has been obtained from the signatory indicated by the "conformed" signature (/s/) of Robert A. Van Nest within this e-filed document.

/s/ Kathleen Sullivan