<a>
</a>

Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
Todd Anten (pro hac vice)
toddanten@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

David Nelson (pro hac vice)
davidnelson@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN LLP
500 W. Madison St., Suite 2450
Chicago, IL 60661
Telephone: (312) 705-7465
Facsimile: (312) 705-7401

*Attorneys for Plaintiff Cisco Systems, Inc.*

KEKER & VAN NEST LLP
ROBERT A. VAN NEST- # 84065
rvannest@kvn.com
BRIAN L. FERRALL - # 160847
bferrall@kvn.com
DAVID SILBERT - # 173128
dsilbert@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

WILSON SONSINI GOODRICH & ROSATI
Professional corporation
JONATHAN M. JACOBSON, NY # 1350495
jjacobson@wsgr.com
CHUL PACK (pro hac vice)
cpak@wsgr.com
DAVID H. REICHENBERG (pro hac vice)
dreichenberg@wsgr.com
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800

*Attorneys for Defendant Arista Networks, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC.,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ARISTA NETWORKS, INC.,<br><br>　　　　Defendant. | CASE NO. 5:14-cv-5344-BLF (NC)<br><br>**JOINT MOTION TO VACATE JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)**<br><br>Dept: Courtroom 3 - 5th Floor<br>Judge: Hon. Beth Labson Freeman |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that plaintiff Cisco Systems, Inc. ("Cisco") and defendant Arista Networks, Inc. ("Arista") shall and hereby do jointly move the Court pursuant to Fed. R. Civ. P. 60(b) to vacate the judgment entered in this action on December 19, 2016 (ECF 750) (the "Judgment"). This joint motion is based on this notice of motion and memorandum, the record of this action, and such other argument as was presented and may be presented before this motion is taken under submission by the Court.

**RELIEF REQUESTED**

The parties jointly and respectfully request, pursuant to Rule 60(b), that the Court vacate the Judgment entered in this action on December 19, 2016.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Jurisdiction over this case has returned to this Court on limited remand from the Federal Circuit under Fed. R. App. P. 12.1(b). That Rule provides a court of appeals may remand "for further proceedings" while an appeal remains pending if the district court states that it would grant a motion to vacate a judgment pursuant to Fed. R. Civ. P. 60(b). On September 5, 2018, this Court so stated, issuing an order granting the parties' joint motion for an indicative ruling pursuant to Fed. R. Civ. P. 62.1 and "expressly stat[ing] that it would grant a motion under Fed. R. Civ. P. 60(b) to vacate the Judgment if the Court of Appeals for the Federal Circuit remands the action back to the Court for that purpose." Dkt. 796. On September 10, 2018, the Federal Circuit granted the parties' joint motion pursuant to Fed. R. App. P. 12.1 based on this Court's Rule 62.1 order, returning the case to this Court for the purpose of considering a joint motion to vacate the Judgment under Fed. R. Civ. P. 60(b). *See* No. 17-2145, Dkt. 109 (Fed. Cir. Sept. 10, 2018). The parties now jointly so move, and respectfully request that the Court enter an order vacating the Judgment in this case under Rule 60(b), which authorizes the court to "relieve a party … from a final judgment, order, or proceeding" in a number of enumerated circumstances and for "any other reason that justifies relief."

**I.  PROCEDURAL BACKGROUND**

On December 19, 2016, following a jury verdict finding copyright infringement but finding that it was excused under the scènes à faire doctrine, this Court entered judgment in this case. Dkt.

750 ("Judgment").  On June 6, 2017, following denial of its post-trial motions, Cisco filed a timely notice of appeal.  After completion of appellate briefing, oral argument was held before the Federal Circuit on June 6, 2018 before a panel (Prost, C.J., Dyk and Taranto, JJ.), after which the case was submitted.  No. 17-2145 (Fed. Cir.), Dkt. 106.  The Federal Circuit has not yet issued a decision.

On August 6, 2018, the parties entered into a settlement agreement that resolved pending litigation between them in several fora, including this litigation.  That agreement is evidenced by the binding term sheet the parties executed.  *See* Term Sheet attached hereto as Exhibit A ("Term Sheet").[1]  As part of that binding agreement, the parties agreed to jointly approach this Court with legal grounds for vacatur to attempt to persuade the Court to vacate the Judgment in this action.  Term Sheet at 11-12.

On September 4, 2018, pursuant to the settlement agreement, the parties jointly moved this Court to issue an indicative ruling pursuant to Fed. R. Civ. P. 62.1 stating that the Court would grant a motion to vacate the Judgment if the Federal Circuit remanded the action back to it for that limited purpose.  Dkt. 795.  This Court granted the motion.  Dkt. 796 ("Having considered the arguments of the parties and the papers submitted, and finding good cause therefor, the Court hereby GRANTS the parties' joint motion for an indicative ruling pursuant to Fed. R. Civ. P. 62.1 and expressly states that it would grant a motion under Fed. R. Civ. P. 60(b) to vacate the Judgment if the Court of Appeals for the Federal Circuit remands the action back to the Court for that purpose.").

The parties then filed a joint motion in the Federal Circuit pursuant to Fed. R. App. P. 12.1, seeking remand for the limited purpose of allowing this Court to grant a joint motion to vacate the Judgment in light of the parties' settlement of the pending litigation between them.  Fed. R. App. P. 12.1(a) provides that, where a timely motion is made in the district court that cannot be granted because an appeal has been docketed and is pending, "the movant must promptly notify the circuit clerk if the district court states … that it would grant the motion."  On September 10, 2018, the

---

[1] The parties agree that the Term Sheet attached hereto as Exhibit A to this Joint Motion is a true and accurate redacted copy of the Term Sheet executed by the parties.  Arista has requested the redactions presented in Exhibit A; Cisco does not agree that any redactions are necessary, but for the purpose of expediting consideration of the instant motion, Cisco does not challenge the redactions requested by Arista for the purpose of this joint motion only, and reserves all rights to challenge any redactions to the Term Sheet in any future submissions.

Federal Circuit granted that motion.  *See* No. 17-2145, Dkt. 109 (Fed. Cir. Sept. 10, 2018). Jurisdiction has thus returned to this Court for the limited purpose of granting the parties' present joint motion for vacatur of the Judgment pursuant to Rule 60(b).

## II.  ARGUMENT

Rule 60(b) "provides the basis for a district court['s] vacation of judgments when the equities so demand, but it does not establish what substantive standards should be employed." *Am. Games, Inc. v. Trade Prods., Inc.*, 142 F.3d 1164, 1168 (9th Cir. 1998).  District courts in this Circuit apply an "equitable balancing test" to determine whether a judgment should be vacated under Rule 60(b). *Id.*  "Under that equitable balancing test, the district court should consider 'the consequences and attendant hardships of dismissal or refusal to dismiss' and 'the competing values of finality of judgment and right to relitigation of unreviewed disputes.'" *In re: TFT-LCD (Flat Panel) Antitrust Litig.*, 2012 WL 12369590, at *4 (N.D. Cal. Oct. 15, 2012) (quoting *Am. Games*, 142 F.3d at 1168) (quoting in turn *Ringsby Truck Lines, Inc. v. W. Conf. of Teamsters*, 686 F.2d 720, 722 (9th Cir. 1982)).  This standard applies to Rule 60(b) motions for vacatur whether a judgment is mooted "by happenstance" or "by settlement," *Am. Games*, 142 F.3d at 1169, including when the judgment at issue was the result of a jury verdict after trial, *see, e.g.*, *In re Apollo Grp. Inc. Secs. Litig.*, 2012 WL 1378677, at *10 (D. Ariz. Apr. 20, 2012) (applying *American Games* and vacating judgment after jury verdict); *In re TFT-LCD*, 2012 WL 12369590, at *4 (same).

Applying these standards to the facts of this case, the balance of equities supports vacatur of the Judgment.  *First*, the "consequences and attendant hardships of dismissal or refusal to dismiss" favor vacatur.  The parties have been engaged in a lengthy set of disputes conducted in multiple tribunals on a number of intellectual property and related issues.  The settlement agreement envisions resolution of all of these cases, which spares the parties and the judicial system the burden of any further litigation of these matters, including resolution of the pending appeal in the instant action and any remand proceedings that may result therefrom.  *See* Term Sheet at 2 (dismissals), *id.* at 2-3 (mutual releases), *id.* at 11-12 (instant action).  This settlement thus promotes the public interest in judicial economy and in the negotiated resolution of pending disputes.  Accordingly, vacatur of the Judgment here would have only beneficial consequences, would alleviate hardships by resolving the

parties' disputes, and would create no countervailing burdens on any party, favoring relief.  In contrast, refusal to dismiss would create the hardship of limiting the effect of the parties' settlement agreement, and leaving in place a judgment that the parties agree is no longer warranted.

*Second*, vacatur of the Judgment would serve the "value of finality" in this litigation.  Cisco's and Arista's settlement agreement provides detailed mechanisms to address the CLI copyright claims.  *See* Term Sheet at 9-11.  Nor would leaving the Judgment in place serve any interest in reducing future litigation, as the highly fact-specific nature of the dispute over the particular CLI asserted here means it would make it difficult for other parties to use the Judgment preclusively.  *See, e.g.*, *Syverson v. Int'l Bus. Machs. Corp.*, 472 F.3d 1072, 1078 (9th Cir. 2007) (nonmutual issue preclusion applies only where, *inter alia*, "the identical issue … was actually litigated … [and] was decided in a final judgment").  Moreover, the parties here do not seek to vacate a judgment for their own benefit and to third parties' detriment.  *Contra Protegrity USA, Inc. v. Netskope, Inc.*, 2016 WL 4761093, at *2 (N.D. Cal. Sept. 13, 2016) (denying request to vacate a determination that asserted patent claims were invalid where "plaintiffs [sought] vacatur so that they may assert the 707 Patent again against others").  Rather, vacatur of the Judgment would equitably assist Cisco and Arista only.

*Third*, it is in the overall public interest for the Court to support parties in negotiating and reaching settlement, including where vacatur is contemplated as part of a settlement, and especially where such vacatur is part of a settlement that will resolve multiple pending disputes.  *See In re Apollo Grp.*, 2012 WL 1378677, at *10 (quoting *Click Entm't, Inc. v. JYP Entm't Co.*, 2009 WL 3030212, at *2 (D. Haw. Sept. 22, 2009) (discussing public interest in supporting settlement)).  Indeed, the public interest in encouraging settlement is so strong that courts of appeals have found district courts to have abused their discretion in declining to vacate a judgment where vacatur is contemplated as part of a settlement.  *See, e.g.*, *Mattel, Inc. v. Goldberger Doll Mfg. Co.*, No. 04-6432 (2d Cir. Nov. 20, 2006) (reversing denial of vacatur of judgment that had been sought in order to facilitate a settlement entered into during the pendency of an appeal where "no significant public interests are affected by the proposed vacatur").

In sum, as part of a settlement of myriad pending legal claims in this Court and others, Cisco and Arista seek to vacate a judgment that will alleviate litigation burdens on the parties without prejudicing any other member of the public.  The equities favor vacatur.

## CONCLUSION

For the foregoing reasons, the Court should grant the instant joint motion to vacate the Judgment pursuant to Rule 60(b).

Dated:  September 26, 2018

Respectfully submitted,

/s/ Kathleen Sullivan
Kathleen Sullivan (SBN 242261)
kathleensullivan@quinnemanuel.com
Todd Anten (pro hac vice)
toddanten@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Sean S. Pak (SBN 219032)
seanpak@quinnemanuel.com
Amy H. Candido (SBN 237829)
amycandido@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

David Nelson (pro hac vice)
davidnelson@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN LLP
500 W. Madison St., Suite 2450
Chicago, IL 60661
Telephone: (312) 705-7465
Facsimile: (312) 705-7401

*Attorneys for Plaintiff Cisco Systems, Inc.*

/s/ Robert A. Van Nest
KEKER & VAN NEST LLP
ROBERT A. VAN NEST- # 84065
rvannest@kvn.com
BRIAN L. FERRALL - # 160847
bferrall@kvn.com
DAVID SILBERT - # 173128
dsilbert@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  (415) 391-5400
Facsimile:  (415) 397-7188

WILSON SONSINI GOODRICH & ROSATI
Professional corporation
JONATHAN M. JACOBSON, NY # 1350495
jjacobson@wsgr.com
CHUL PACK (pro hac vice)
cpak@wsgr.com
DAVID H. REICHENBERG (pro hac vice)
dreichenberg@wsgr.com
1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
Telephone:  (212) 999-5800

*Attorneys for Defendant Arista Networks, Inc.*

**ATTORNEY ATTESTATION**

I hereby attest, pursuant to Local Rule 5-1(i)(3), that the concurrence in the filing of this document has been obtained from the signatory indicated by the "conformed" signature (/s/) of Robert A. Van Nest within this e-filed document.

/s/ Kathleen Sullivan