UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CISCO SYSTEMS INC, <br> Plaintiff, <br> v. <br> ARISTA NETWORKS, INC., <br> Defendant. | Case No. 14-cv-05344-BLF <br><br> **ORDER VACATING JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)** <br><br> [Re: ECF 798] |

Before the Court is Cisco Systems, Inc. ("Cisco") and Arista Networks, Inc.'s ("Arista") joint motion pursuant to Fed. R. Civ. P. 60(b) to vacate judgment entered in this action on December 19, 2016 (ECF 750) (the "Judgment"). ECF 798. For the reasons stated below, the joint motion to vacate judgment is GRANTED.

**I.      BACKGROUND**

On December 19, 2016, following a jury verdict finding copyright infringement but finding that it was excused under the scènes à faire doctrine, this Court entered judgment in this case. ECF 750. After completion of appellate briefing, oral argument was held before the Federal Circuit. The Federal Circuit has not yet issued a decision. On August 6, 2018, the parties entered into a settlement agreement that resolved pending litigation between them in several fora, including this litigation. That agreement is evidenced by a binding term sheet the parties executed. *See* Exhibit A – Term Sheet ("Term Sheet"), ECF 798-1. As part of that binding agreement, the parties agreed to jointly approach this Court with legal grounds for vacatur to attempt to persuade the Court to vacate the Judgment in this action. Term Sheet at 11–12.

Now, jurisdiction over this case has returned to this Court on limited remand from the Federal Circuit under Fed. R. App. P. 12.1(b). That Rule provides a court of appeals may remand

"for further proceedings" while an appeal remains pending if the district court states that it would grant a motion to vacate a judgment pursuant to Fed. R. Civ. P. 60(b). On September 5, 2018, this Court issued an order granting the parties' joint motion for an indicative ruling pursuant to Fed. R. Civ. P. 62.1 and "expressly stat[ing] that it would grant a motion under Fed. R. Civ. P. 60(b) to vacate the Judgment if the Court of Appeals for the Federal Circuit remands the action back to the Court for that purpose." ECF 796. On September 10, 2018, the Federal Circuit granted the parties' joint motion pursuant to Fed. R. App. P. 12.1 based on this Court's Rule 62.1 order, returning the case to this Court for the purpose of considering a joint motion to vacate the Judgment under Fed. R. Civ. P. 60(b). *See* No. 17-2145, Dkt. 109 (Fed. Cir. Sept. 10, 2018) (available at ECF 797).

## II.   LEGAL STANDARD

Under Rule 60(b), a court may relieve a party from a final judgment for any of six reasons upon a showing of "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991); *see also* Fed. R. Civ. P. 60(b). Where a judgment is mooted "by happenstance" or "by settlement," the district court employs an "equitable balancing test" standard to determine whether vacatur is warranted under Rule 60(b). *Am. Games, Inc. v. Trade Prods., Inc.*, 142 F.3d 1164, 1168 (9th Cir. 1998). "Under that equitable balancing test, the district court should consider 'the consequences and attendant hardships of dismissal or refusal to dismiss' and 'the competing values of finality of judgment and right to relitigation of unreviewed disputes.'" *In re: TFT-LCD (Flat Panel) Antitrust Litig.*, 2012 WL 12369590, at *4 (N.D. Cal. Oct. 15, 2012) (quoting *Am. Games*, 142 F.3d at 1168) (quoting in turn *Ringsby Truck Lines, Inc. v. W. Conf. of Teamsters*, 686 F.2d 720, 722 (9th Cir. 1982)).

## III.   DISCUSSION

As an initial matter, the Court notes that the parties jointly bring this motion pursuant to a negotiated and binding term sheet, thus obviating concerns that vacatur would "benefit [only] the unsuccessful litigant." *See Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F. 2d 1338, 1341

1  (9th Cir. 1981) (denying defendant relief under Rule 60(b) from judgment entered against

2  him); *see also Beckway v. DeShong*, 2012 WL 1355744, at *2 (N.D. Cal. 2012).  Here, unlike in

3  *Dunnahoo*, both parties—including the party for which judgment was entered—seek vacatur.  *See*

4  Joint Motion to Vacate Judgment ("Joint Motion") at 1, ECF 798.

5  Turning to the "equitable balancing" factors, the Court finds that the balance of equites

6  supports vacatur of the Judgment.  First, the "consequences and attendant hardships of dismissal

7  or refusal to dismiss" favor vacatur. *Am. Games*, 142 F.3d at 1168.  The parties have engaged in "a

8  lengthy set of disputes conducted in multiple tribunals on a number of intellectual property and

9  related issues," *see* Joint Motion at 3, and the parties' settlement agreement envisions resolution of

10 all of these cases, *see* Term Sheet at 1–4.  Thus, resolution of the instant matter by vacatur would

11 spare the parties and the judicial system the burden of further litigation, including resolution of the

12 pending appeal and any remand proceedings that may result therefrom.

13 Second, vacatur of the Judgment would serve the "value of finality" in this litigation and

14 would not upset the "right to relitigation of unreviewed disputes." *Am. Games*, 142 F.3d at 1168.

15 The parties' settlement agreement provides a mechanism to address the copyright infringement

16 claims underlying this action.  *See* Term Sheet at 9–11.  In addition, leaving the Judgment in place

17 would serve minimal interest in reducing future litigation, as the highly fact-specific nature of the

18 dispute over the particular command line interface asserted here would make it difficult for other

19 parties to use the Judgment preclusively.  *See, e.g.*, *Syverson v. Int'l Bus. Machs. Corp.*, 472 F.3d

20 1072, 1078 (9th Cir. 2007) (nonmutual issue preclusion applies only where, inter alia, "the

21 identical issue . . . was actually litigated . . . [and] was decided in a final judgment").

## IV. CONCLUSION

For the foregoing reasons, the parties joint motion to vacate judgment is GRANTED.
Accordingly, the Judgment at ECF 750 is hereby VACATED.

**IT IS SO ORDERED.**

Dated: October 1, 2018

_____
BETH LABSON FREEMAN
United States District Judge

3